LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620*
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
edellapiana@lccrsf.org
zshroff@lccrsf.org

*application pro hac vice pending

Attorneys for Plaintiffs

Additional Counsel below

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>                 Plaintiffs.<br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Healthy Streets Operation Center (HSOC),<br><br>               Defendants. | CASE NO. 3:22-cv-05502<br><br>**EXHIBITS—PART 3 OF 3 SMALL CLAIMS JUDGMENTS (EXHIBITS 41 TO 50) IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

1
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
2
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
3
39 Drumm Street
San Francisco, CA 94111
4
Telephone: (415) 293-6333
5
jdo@aclunc.org
bgreene@aclunc.org
6

7
LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
8
Wesley Tiu, SBN 336580
505 Montgomery Street, Ste 2000
9
San Francisco, CA 94111
Telephone: (415) 391-0600
10
al.pfeiffer@lw.com
wesley.tiu@lw.com
11

12
LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
13
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
14
Telephone: (714) 540-1235
joseph.lee@lw.com
15

16
LATHAM & WATKINS LLP
Regina Wang, SBN 326262
17
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
18
Telephone: (424) 653-5500
regina.wang@lw.com
19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# Exhibit 41

| Name and Address of Court: | SC-130 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
Small Claims Division
400 McAllister Street, Room 103
San Francisco, California  94102

SMALL CLAIMS CASE NO:  **CSM-21-864062**

| **NOTICE TO ALL PLAINTIFFS AND DEFENDANTS:** | ***AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:*** |
|---|---|
| **Your small claims case has been decided.  If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court.  Read the back of this sheet for important information about your rights.** | **Su caso ha sido resuelto por la corte para reclarnos judiciales menores.  Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte.  Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.** |

PLAINTIFF/DEMANDANTE  (Name, street address, and telephone number of each:)

EDWARD RICHARDSON
181 PUTNAM STREET
SAN FRANCISCO, CA  94110

Telephone No.:

DEFENDANT/DEMANDADO     (Name, street address, and telephone number of each:)

SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SU. 1600
SAN FRANCISCO, CA  94103

Telephone No.:  **(628) 271-3160**

Telephone No.:

Telephone No.:

---

**NOTICE OF ENTRY OF JUDGMENT**

Judgment was entered as below on:  Sep-02-2021

Defendant          SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff RICHARDSON, EDWARD
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.
**SEE ATTACHED STATEMENT OF DECISION**

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

**NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952**

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal.  You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up.  Exhibits will not be mailed.  Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.

CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action.  This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above.  The mailing and this certification occurred at the place and on the date shown below.

Place of mailing:  **San Francisco, California**

Date of mailing:  **Sep-02-2021**          Clerk, by     **WTRUPEK**                              , Deputy

| **-- The county provides small claims advisor services free of charge.  Read the information sheet on the reverse. --** |
|---|

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SC-130 [Rev. July 1, 2007] | **NOTICE OF ENTRY OF JUDGMENT**<br>**(Small Claims)** | Code of Civil Procedure, 116.610<br>www.courtinfo.ca.gov |
|---|---|---|

# Exhibit 42

| | SC-130 |
|---|---|

Name and Address of Court:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
Small Claims Division
400 McAllister Street, Room 103
San Francisco, California 94102

SMALL CLAIMS CASE NO: **CSM-21-864063**

| **NOTICE TO ALL PLAINTIFFS AND DEFENDANTS:** | ***AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:*** |
|---|---|
| **Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.** | **Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.** |

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each:)

**HENRICK DELAMORA**
**1750 LA SALLE AVENUE**
**SAN FRANCISCO, CA 94124**

Telephone No.:

Telephone No.:

DEFENDANT/DEMANDADO (Name, street address, and telephone number of each:)

**SAN FRANCISCO PUBLIC WORKS**
**49 SOUTH VAN NESS AVE.**
**SUITE 1600**
**SAN FRANCISCO, CA 94103**

Telephone No.: **(628) 271-3160**

Telephone No.:

### NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as below on: Sep-02-2021

Defendant        SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff DELAMORA, HENRICK
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.
**\*\*SEE ATTCHED STATEMENT OF DECISION\*\***

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

### NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal. You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up. Exhibits will not be mailed. Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.

CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action. This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: **San Francisco, California**

Date of mailing: **Sep-02-2021**                Clerk, by   **WTRUPEK**                , Deputy

| **-- The county provides small claims advisor services free of charge. Read the information sheet on the reverse. --** |
|---|

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

# Exhibit 43

Name and Address of Court:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
Small Claims Division
400 McAllister Street, Room 103
San Francisco, California 94102

**SC-130**

SMALL CLAIMS CASE NO: **CSM-21-864066**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: |
|---|---|
| Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |

PLAINTIFF/DEMANDANTE  (Name, street address, and telephone number of each:)

JAYSON HILL
C/O VICTORIA LARSON, ESQ
131 STUEART ST. SUITE 400
SAN FRANCISCO, CA  94105

Telephone No.:  (415) 559-7110

DEFENDANT/DEMANDADO     (Name, street address, and telephone number of each:)

SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SUITE 1600
SAN FRANCISCO, CA  94103

Telephone No.:  (628) 271-3160

Telephone No.:

Telephone No.:

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as below on:  Aug-25-2021

Defendant          SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff HILL, JAYSON
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.
**SEE ATTACHED STATEMENT OF DECISION**

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

### NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal.  You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up.  Exhibits will not be mailed.  Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.



CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action.  This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing:  San Francisco, California

Date of mailing:  Aug-25-2021                    Clerk, by _____WTRUPEK_____ , Deputy

**-- The county provides small claims advisor services free of charge.  Read the information sheet on the reverse. --**

Page 1 of 2

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

**Statement of Decision**

**Jayson Hill, Nichelle Solis v. SF Public Works**
**Case number: CSM 21-864066; CSM 21-864081**

The Defendant shall pay Plaintiff Hill $10,000.00 plus costs.
The Defendant shall pay Plaintiff Solis $10,000.00 plus costs.

## Plaintiff Jayson Hill and Nichelle Solis

The Plaintiffs are partners and lived in the Jerrold and Rankin area encampment for about 1.5 years. Plaintiffs stated they did not receive any notice the site was coming down. Without prior notice, on January 8, 2020, the police instructed them to vacate the premises and they were not given an opportunity to retrieve their belongings and left their tents with just the items on their backs. Within an hour of being told to vacate, bulldozers arrived and demolished their items. Plaintiffs did not receive notices of any sort about this clean up or how they could claim their personal property.

## Defendant's case

The Court heard from three Defense witnesses in CSM 21-864066. The evidence is applicable to CSM 21-864081. Their evidence is summarized as follows:

## Nichelle Flintroy – CCSF City Claims Adjuster

Ms. Flintroy represented the Defendant, SFDPW. She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020. Resolution is the term used to mean clean and clear an encampment. Outreach attempts were made beginning November 13, 2019. The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

## Larry Stringer – Retired Deputy Director of Operations with DPW

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center. In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019. It was pushed to January 8, 2020 because the PUC needed the area. Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical. Cleanup began at 10:00am and the bulldozer arrived between 11am to noon. Mr. Stringer left around 11:00am and returned around 1:00pm. Mr. Stinger said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day. Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar Chavez Street and can be reclaimed. He said it would be unusual and not protocol for residents

1

to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

**Brenda Meskin – Encampment Resolution Team Lead**

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.

Date: August 18, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor.** The person (or business) who lost the case and who owes the money is called the **judgment debtor.** Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is **FINAL.** You may not appeal your own claim.

2 . If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
   The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
   If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were not properly *served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

   If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

   b. **VOLUNTARY PAYMENT**
   Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

   c. **STATEMENT OF ASSETS**
   If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

   d. **ORDER OF EXAMINATION**
   You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

   e. **WRIT OF EXECUTION**
   After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

   f. **ABSTRACT OF JUDGMENT**
   The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment.*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.:

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date: _____

▶

_____        _____
(TYPE OR PRINT NAME)                              (SIGNATURE)

SC-130 [Rev. July 1, 2010]        **NOTICE OF ENTRY OF JUDGMENT**        Page 2 of 2
                                  (Small Claims)

# Exhibit 44

Name and Address of Court:

**SC-130**

Small Claims Division
400 McAllister Street, Room 103
San Francisco, California 94102

SMALL CLAIMS CASE NO: **CSM-21-864075**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | *AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:* |
|---|---|
| **Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.** | **Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.** |

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each:)
AARON JUSTIN
C/O VICTORIA LARSON, ESQ
131 STEUART ST. SUITE 400
SAN FRANCISCO, CA 94105

Telephone No.:

DEFENDANT/DEMANDADO (Name, street address, and telephone number of each:)
SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SUITE 1600
SAN FRANCISCO, CA 94103

Telephone No.: (628) 271-3160

Telephone No.:

Telephone No.:

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as below on: Sep-02-2021

Defendant        SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff JUSTIN, AARON
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

### NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal. You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up. Exhibits will not be mailed. Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.



RECEIVED
SEP 09 2021
BY:

CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action. This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Francisco, California

Date of mailing: Sep-02-2021          Clerk, by ___WTRUPEK___, Deputy

**-- The county provides small claims advisor services free of charge. Read the information sheet on the reverse. --**

Page 1 of 2

**NOTICE OF ENTRY OF JUDGMENT
(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

**Statement of Decision**

**Aaron Justin v. SF Public Works**
**Case number: CSM 21-864075**

The Defendant shall pay Plaintiff $10,000.00 plus costs.

### Plaintiff Justin

The Plaintiff returned from Safeway on January 8, 2020 to discover he had to vacate his premises without prior notice. He was not given any information to bag and tag his items to pick them up as he had experienced previously in another situation when he had to vacate his tent. Plaintiff lived in the area for 10 months and did not receive notices of any sort about this clean up or how they could claim their personal property.

### Defendant's case

The Court heard from three Defense ~~witnesses. mr~~ Their evidence is summarized as follows:

### Nichelle Flintroy – CCSF City Claims Adjuster

Ms. Flintroy represented the Defendant, SFDPW. She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020. Resolution is the term used to mean clean and clear an encampment. Outreach attempts were made beginning November 13, 2019. The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

### Larry Stringer – Retired Deputy Director of Operations with DPW

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center. In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019. It was pushed to January 8, 2020 because the PUC needed the area. Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical. Cleanup began at 10:00am and the bulldozer arrived between 11am to noon. Mr. Stringer left around 11:00am and returned around 1:00pm. Mr. Stinger said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day. Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar Chavez Street and can be reclaimed. He said it would be unusual and not protocol for residents to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

1

**<u>Brenda Meskin – Encampment Resolution Team Lead</u>**

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.

Date: August 18, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**. Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is **FINAL.** You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

 a. **PAY THE JUDGMENT**
 The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

 b. **APPEAL**
 If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

 c. **VACATE OR CANCEL THE JUDGMENT**
 If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

 If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

 a. **COLLECTING FEES AND INTEREST**
 Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

 b. **VOLUNTARY PAYMENT**
 Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

 c. **STATEMENT OF ASSETS**
 If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

 d. **ORDER OF EXAMINATION**
 You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

 e. **WRIT OF EXECUTION**
 After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

 f. **ABSTRACT OF JUDGMENT**
 The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment.*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.: _____

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**
I am the [ ] judgment creditor     [ ] assignee of record.
I agree that the judgment in this action has been paid in full or otherwise satisfied.
Date: _____

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

MAIL TO THE JUDGMENT CREDITOR
DO NOT FILE WITH THE COURT

SC-133

...DGMENT CREDITOR (the person or business who won the case)  *(name):*

...DGMENT DEBTOR (the person or business who lost the case and owes money) *(name):*

SMALL CLAIMS CASE NO.:

| | |
|---|---|
| ...OTICE TO JUDGMENT DEBTOR:  You *must* (1) pay the ...dgment or (2) appeal or (3) file a motion to vacate.  If you ...l to pay or take one of the other two actions, you must ...mplete and mail this form to the judgment creditor.  If you do ...t, you may have to go to court to answer questions and may ...ve penalties imposed on you by the court. | AVISO AL DEUDOR POR FALLO JUDICIAL: Usted debe (1) pagar el monto del fallo judicial, o (2) presentar un recurso de apelación o (3) presentar un recurso de nulidad. Si usted no paga el fallo o presenta uno de estos dos recursos, deberá llenar y enviar por correo este formulario a su acreedor por fallo judicial. Si no lo hace, es posible que deba presentarse ante la corte para contestar preguntas y pagar las multas que la corte le pueda imponer. |

## INSTRUCTIONS

...mall claims court has ruled that you owe money to the judgment creditor.

...You may appeal a judgment against you only on the other party's claim.  You may *not* appeal a judgment against you on *your* ...claim.

   a. If you appeared at the trial and you want to appeal, you must file a *Notice of Appeal* (form SC-140) within 30 days after the date the *Notice of Entry of Judgment* (form SC-130 or SC-200) was mailed or handed to you by the clerk.

   b. If you did not appear at the trial, before you can appeal, you must first file a *Notice of Motion to Vacate Judgment and Declaration* (form SC-135) and pay the required fee within 30 days after the date the *Notice of Entry of Judgment* was mailed or handed to you. The judgment cannot be collected until the motion is decided.  If your motion is denied, you then have 10 days after the date the notice of denial was mailed to file your appeal.

Unless you pay the judgment or appeal or file a motion to vacate, you must fill out this form and mail it to the person who won the case within 30 days after the *Notice of Entry of Judgment* was mailed or handed to you by the clerk. Mailing this completed form does not stay enforcement of the judgment.

If you lose your appeal or motion to vacate, you must pay the judgment, including postjudgment costs and interest.  As soon as the small claims court denies your motion to vacate and the denial is not appealed, or receives the dismissal of your appeal or judgment from the superior court after appeal, the judgment is no longer suspended and may be immediately enforced against you by the judgment creditor.

Unless you have paid the judgment, complete and mail this form to the judgment creditor within 30 days after the date the clerk mails or delivers to you (a) the denial of your motion to vacate, or (b) the dismissal of your appeal, or (c) the judgment against you on your appeal.

| | |
|---|---|
| ...f were sued as an individual, skip this box and begin with item 1 below. Otherwise, check the applicable box, attach the docu- ...s indicated, and complete item 15 on the reverse. | |
| ☐ *(Corporation or partnership)* Attached to this form is a statement describing the nature, value, and exact location of all assets of the corporation or the partners, and a statement showing that the person signing this form is authorized to submit this form on behalf of the corporation or partnership. | |
| ☐ *(Governmental agency)* Attached to this form is the statement of an authorized representative of the agency stating when the agency will pay the judgment and any reasons for its failure to do so. | |

## JUDGMENT DEBTOR'S STATEMENT OF ASSETS

...YMENT

...at are your sources of income and occupation? *(Provide job title and name of division or office in which you work.)*

...Name and address of your business or employer *(include address of your payroll or human resources department, if different)*:

...If not employed, names and addresses of all sources of income *(specify)*:

...w often are you paid?

☐ daily     ☐ every two weeks     ☐ monthly
☐ weekly     ☐ twice a month     ☐ other *(explain)*:

...at is your gross pay each pay period?  $

...at is your take-home pay each pay period?  $

...ur spouse earns any income, give the name and address of the business or employer, job title, and ...sion or office *(specify)*:

Page 1 of 2

...d for Mandatory Use
...ouncil of California
...January 1, 2011]

JUDGMENT DEBTOR'S STATEMENT OF ASSETS
(Small Claims)

Code of Civil Procedure,
§§ 116.620(g), 116.830
www.courts.ca.gov

CASH, BANK DEPOSITS

7. How much money do you have in cash? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
8. How much other money do you have in banks, savings and loans, credit unions, and other financial institutions either in your own name or jointly *(list)*:

| Name and address of financial institution | Account number | Individual or joint? | Balance |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |

PROPERTY

9. List all automobiles, other vehicles, and boats owned in your name or jointly:

| Make and year | License and vehicle identification (VIN) numbers | Value | Legal owner if different from registered owner | Amount owed |
|---|---|---|---|---|
| a. | | $ | | $ |
| b. | | $ | | $ |
| c. | | $ | | $ |
| d. | | $ | | $ |

10. List all real estate owned in your name or jointly:

| Address of real estate | Fair market value | Amount owed |
|---|---|---|
| a. | $ | $ |
| b. | $ | $ |

OTHER PERSONAL PROPERTY *(Do not list household furniture and furnishings, appliances, or clothing.)*

11. List anything of value not listed above owned in your name or jointly *(continue on attached sheet if necessary)*:

| Description | Value | Address where property is located |
|---|---|---|
| a. | $ | |
| b. | $ | |
| c. | $ | |

12. Is anyone holding assets for you? ☐ Yes. ☐ No. If yes, describe the assets and give the name and address of the person or entity holding each asset *(specify)*:

13. Have you disposed of or transferred any asset within the last 60 days? ☐ Yes. ☐ No. If yes, give the name and address of each person or entity who received any asset and describe each asset *(specify)*:

14. If you are not able to pay the judgment in one lump sum, you may be able to make payment arrangements with the person or business who won the case (the judgment creditor). State the amount that you can pay each month: $ , beginning on *(date)*: . If you are unable to agree, you may also ask the court for permission to make installment payments by filing a *Request to Make Payments* (form SC-220).

15. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME)　　　　　　　　(SIGNATURE)

*Mail or deliver this completed form to the judgment creditor at the address shown on the Notice of Entry of Judgment form.*

**JUDGMENT DEBTOR'S STATEMENT OF ASSETS**
(Small Claims)

# Exhibit 45

Name and Address of Court:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
**Small Claims Division**
**400 McAllister Street, Room 103**
**San Francisco, California  94102**

**SC-130**

SMALL CLAIMS CASE NO:   **CSM-21-864076**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: |
|---|---|
| **Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.** | *Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.* |

PLAINTIFF/DEMANDANTE  (Name, street address, and telephone number of each:)
THOMAS BLUE
C/O VICTORIA LARSON, ESQ
131 STUEART ST. SUITE 400
SAN FRANCISCO, CA   94105

Telephone No.:  (415) 336-6488

DEFENDANT/DEMANDADO      (Name, street address, and telephone number of each:)
SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SUITE 1600
SAN FRANCISCO, CA   94103

Telephone No.:  (628) 271-3160

Telephone No.:

Telephone No.:

**NOTICE OF ENTRY OF JUDGMENT**

Judgment was entered as below on:   Sep-02-2021

Defendant           SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff BLUE, THOMAS
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.
*SEE ATTACHED STATEMENT OF DECISION*

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until
the appeal is decided.

**NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952**

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that
the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after
the mailing of the notice of entry of judgment or the final determination of an appeal.  You may
personally pick up your exhibits at the Small Claims Division or send someone with written
authorization to pick them up.  Exhibits will not be mailed.  Upon written request, the court may
preserve exhibits not to exceed one (1) year from the date of this notice.



CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action. This Notice of Entry of Judgment and Notice of
Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The
mailing and this certification occurred at the place and on the date shown below.

Place of mailing:  San Francisco, California

Date of mailing:   Sep-02-2021                          Clerk, by    WTRUPEK                        , Deputy

**-- The county provides small claims advisor services free of charge.  Read the information sheet on the reverse. --**

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

**Statement of Decision**

**Thomas Blue v. SF Public Works**
**Case number: CSM 21-864076**

The Defendant shall pay Plaintiff $10,000.00 plus costs.

**Plaintiff Blue**

The Plaintiff returned to his site on January 8, 2020 to discover everything in the area was in a pile. He had a wheelchair, clothes and other personal items that went missing. Plaintiff called DPW and asked Officer Green about his belongings and they had no information to provide to him about where his things were. Plaintiff lived in the area for six months and did not receive notices of any sort about this clean up or how they could claim their personal property.

**Defendant's case**

The Court heard from three Defense. witnesses · DPW Their evidence is summarized as follows:

**Nichelle Flintroy – CCSF City Claims Adjuster**

Ms. Flintroy represented the Defendant, SFDPW. She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020. Resolution is the term used to mean clean and clear an encampment. Outreach attempts were made beginning November 13, 2019. The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

**Larry Stringer – Retired Deputy Director of Operations with DPW**

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center. In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019. It was pushed to January 8, 2020 because the PUC needed the area. Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical. Cleanup began at 10:00am and the bulldozer arrived between 11am to noon. Mr. Stringer left around 11:00am and returned around 1:00pm. Mr. Stringer said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day. Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar Chavez Street and can be reclaimed. He said it would be unusual and not protocol for residents to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

1

**<u>Brenda Meskin – Encampment Resolution Team Lead</u>**

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.

Date: August 19, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**. Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is **FINAL**. You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
   The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
   If you disagree with the court's decision, you may appeal the decision *on the other party's claim*. You may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 days after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

   If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs*.

   b. **VOLUNTARY PAYMENT**
   Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

   c. **STATEMENT OF ASSETS**
   If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

   d. **ORDER OF EXAMINATION**
   You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

   e. **WRIT OF EXECUTION**
   After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* form EJ-130) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

   f. **ABSTRACT OF JUDGMENT**
   The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment*.

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.:

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor   ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date: _____

_____   ▶   _____
(TYPE OR PRINT NAME)                        (SIGNATURE)

# Exhibit 46

Name and Address of Court:

**Small Claims Division**
**400 McAllister Street, Room 103**
**San Francisco, California 94102**

**SC-130**

SMALL CLAIMS CASE NO:  **CSM-21-864077**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: |
|---|---|
| Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |

PLAINTIFF/DEMANDANTE  (Name, street address, and telephone number of each:)
NATHANIEL VAUGHN
C/O VICTORIA LARSON
131 STEUART ST, SUITE 400
SAN FRANCISCO, CA  94105

Telephone No.:  **(415) 724-2191**

DEFENDANT/DEMANDADO  (Name, street address, and telephone number of each:)
SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SUITE 1600
SAN FRANCISCO, CA  94103

Telephone No.:  **(628) 271-3160**

Telephone No.:

Telephone No.:

**NOTICE OF ENTRY OF JUDGMENT**

Judgment was entered as below on:  Sep-02-2021

Defendant        SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff VAUGHN, NATHANIEL
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.
**SEE ATTACHED STATEMENT OF DECISION**

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

**NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952**

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal.  You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up.  Exhibits will not be mailed.  Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.



CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action.  This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing:  San Francisco, California

Date of mailing:  Sep-02-2021                    Clerk, by ____WTRUPEK_____ , Deputy

**-- The county provides small claims advisor services free of charge.  Read the information sheet on the reverse. --**

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

**Statement of Decision**

**Vaughn v. SF Public Works**
**Case number: CSM 21-864077**

The Defendant shall pay Plaintiff $10,000.00 plus costs.

## Plaintiff Vaughn

The Plaintiff was away from her site when the cleanup started on January 8, 2020. He was there the day before and when he returned, all his personal property was gone. He had lived in this area for a couple of months and he did not receive any notices of any sort about this clean up or how he could claim his personal property.

## Defendant's case

The Court heard from three Defense witnesses in CSM 21-864062; CSM 21-864066; CSM 21-864075; and CSM 21-864076. The evidence is applicable to this case CSM 21-864077. Their evidence is summarized as follows:

## Nichelle Flintroy – CCSF City Claims Adjuster

Ms. Flintroy represented the Defendant, SFDPW. She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020. Resolution is the term used to mean clean and clear an encampment. Outreach attempts were made beginning November 13, 2019. The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

## Larry Stringer – Retired Deputy Director of Operations with DPW

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center. In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019. It was pushed to January 8, 2020 because the PUC needed the area. Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical. Cleanup began at 10:00am and the bulldozer arrived between 11am to noon. Mr. Stringer left around 11:00am and returned around 1:00pm. Mr. Stinger said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day. Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar Chavez Street and can be reclaimed. He said it would be unusual and not protocol for residents to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

1

**<u>Brenda Meskin – Encampment Resolution Team Lead</u>**

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.


Date: August 19, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**. Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is FINAL. You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
   The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
   If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

   If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original claim. To claim these fees, ask the clerk for a *Memorandum of Costs.*

   b. **VOLUNTARY PAYMENT**
   Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

   c. **STATEMENT OF ASSETS**
   If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

   d. **ORDER OF EXAMINATION**
   You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

   e. **WRIT OF EXECUTION**
   After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

   f. **ABSTRACT OF JUDGMENT**
   The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment.*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.:

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor   ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date: _____

▶

_____ (TYPE OR PRINT NAME)        _____ (SIGNATURE)

SC-130 [Rev. July 1, 2010]        **NOTICE OF ENTRY OF JUDGMENT**        Page 2 of 2
(Small Claims)

# Exhibit 47

| Name and Address of Court: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | SC-130 |
|---|---|---|
| | **Small Claims Division** | |
| | 400 McAllister Street, Room 103 | |
| | San Francisco, California  94102 | |

SMALL CLAIMS CASE NO:  **CSM-21-864078**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | *AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:* |
|---|---|
| **Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.** | **Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.** |

| PLAINTIFF/DEMANDANTE  (Name, street address, and telephone number of each:) | DEFENDANT/DEMANDADO       (Name, street address, and telephone number of each:) |
|---|---|
| CHARLOTTE PULLING | SAN FRANCISCO PUBLIC WORKS |
| C/O VICTORIA LARSON, ESQ | 49 SOUTH VAN NESS AVENUE |
| 131 STEUART ST. SUITE 400 | SUITE 1600 |
| SAN FRANCISCO, CA  94105 | SAN FRANCISCO, CA  94103 |
| Telephone No.:  (415) 722-8959 | Telephone No.:  (628) 271-3160 |
| Telephone No.: | Telephone No.: |

NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as below on:  Sep-02-2021

Defendant        SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff PULLING, CHARLOTTE
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.
*SEE ATTACHED STATEMENT OF DECISION**

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until
the appeal is decided.

NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that
the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after
the mailing of the notice of entry of judgment or the final determination of an appeal.  You may
personally pick up your exhibits at the Small Claims Division or send someone with written
authorization to pick them up.  Exhibits will not be mailed.  Upon written request, the court may
preserve exhibits not to exceed one (1) year from the date of this notice.



CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action. This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing:  San Francisco, California

Date of mailing:  Sep-02-2021                           Clerk, by ____WTRUPEK____ , Deputy

**-- The county provides small claims advisor services free of charge.  Read the information sheet on the reverse. --**

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California SC-130 [Rev. July 1, 2007] | **NOTICE OF ENTRY OF JUDGMENT** (Small Claims) | Code of Civil Procedure, 116.610 www.courtinfo.ca.gov |
|---|---|---|

**Statement of Decision**

**Pulling v. SF Public Works**
**Case number: CSM 21-864078**

The Defendant shall pay Plaintiff $10,000.00 plus costs.

### Plaintiff Pulling

The Plaintiff was away from her site when the cleanup started on January 8, 2020. She was at her site the day before on January 7, 2020 and returned around 1:00pm the next day to everything in a big pile and things were mangled. Plaintiff did not receive notices of any sort about this clean up or how she could claim her personal property.

### Defendant's case

The Court heard from three Defense witnesses in CSM 21-864062; CSM 21-864066; CSM 21-864075; and CSM 21-864076. The evidence is applicable to this case CSM 21-864078. Their evidence is summarized as follows:

### Nichelle Flintroy – CCSF City Claims Adjuster

Ms. Flintroy represented the Defendant, SFDPW. She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020. Resolution is the term used to mean clean and clear an encampment. Outreach attempts were made beginning November 13, 2019. The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

### Larry Stringer – Retired Deputy Director of Operations with DPW

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center. In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019. It was pushed to January 8, 2020 because the PUC needed the area. Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical. Cleanup began at 10:00am and the bulldozer arrived between 11am to noon. Mr. Stringer left around 11:00am and returned around 1:00pm. Mr. Stinger said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day. Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar Chavez Street and can be reclaimed. He said it would be unusual and not protocol for residents to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

1

**<u>Brenda Meskin – Encampment Resolution Team Lead</u>**

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.

Date: August 19, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor.** Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is **FINAL.** You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
      The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
      If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
      If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

   If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
      Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

   b. **VOLUNTARY PAYMENT**
      Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

   c. **STATEMENT OF ASSETS**
      If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

   d. **ORDER OF EXAMINATION**
      You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

   e. **WRIT OF EXECUTION**
      After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution*  form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

   f. **ABSTRACT OF JUDGMENT**
      The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment*  (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment.*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.:

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**
I am the ☐ judgment creditor    ☐ assignee of record.
I agree that the judgment in this action has been paid in full or otherwise satisfied.
Date: _____

▶

_____ (TYPE OR PRINT NAME)                                    _____ (SIGNATURE)

SC-130 [Rev. July 1, 2010]                **NOTICE OF ENTRY OF JUDGMENT**                Page 2 of 2
                                                        **(Small Claims)**

# Exhibit 48

Name and Address of Court:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

Small Claims Division
400 McAllister Street, Room 103
San Francisco, California 94102

SC-130

SMALL CLAIMS CASE NO: **CSM-21-864081**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: |
|---|---|
| Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |

PLAINTIFF/DEMANDANTE  (Name, street address, and telephone number of each:)

NICHELLE SOLIS
C/O VICTORIA LARSON, ESQ
131 STEUART ST. SUITE 400
SAN FRANCISCO, CA  94105

Telephone No.:  (415) 240-9816

DEFENDANT/DEMANDADO      (Name, street address, and telephone number of each:)

SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SUITE 1600
SAN FRANCISCO, CA  94103

Telephone No.:  (628) 271-3160

Telephone No.:

Telephone No.:

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as below on:  Sep-02-2021

Defendant        SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff SOLIS, NICHELLE
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

## NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal.  You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up.  Exhibits will not be mailed.  Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.



CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action. This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing:  San Francisco, California

Date of mailing:  Sep-02-2021                    Clerk, by ____WTRUPEK_____, Deputy

-- The county provides small claims advisor services free of charge.  Read the information sheet on the reverse. --

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

Statement of Decision

**Jayson Hill, Nichelle Solis v. SF Public Works**
**Case number: CSM 21-864066; CSM 21-864081**

The Defendant shall pay Plaintiff Hill $10,000.00 plus costs.
The Defendant shall pay Plaintiff Solis $10,000.00 plus costs.

## Plaintiff Jayson Hill and Nichelle Solis

The Plaintiffs are partners and lived in the Jerrold and Rankin area encampment for about 1.5 years. Plaintiffs stated they did not receive any notice the site was coming down. Without prior notice, on January 8, 2020, the police instructed them to vacate the premises and they were not given an opportunity to retrieve their belongings and left their tents with just the items on their backs. Within an hour of being told to vacate, bulldozers arrived and demolished their items. Plaintiffs did not receive notices of any sort about this clean up or how they could claim their personal property.

## Defendant's case

The Court heard from three Defense witnesses in CSM 21-864066. The evidence is applicable to CSM 21-864081. Their evidence is summarized as follows:

## Nichelle Flintroy – CCSF City Claims Adjuster

Ms. Flintroy represented the Defendant, SFDPW. She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020. Resolution is the term used to mean clean and clear an encampment. Outreach attempts were made beginning November 13, 2019. The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

## Larry Stringer – Retired Deputy Director of Operations with DPW

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center. In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019. It was pushed to January 8, 2020 because the PUC needed the area. Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical. Cleanup began at 10:00am and the bulldozer arrived between 11am to noon. Mr. Stringer left around 11:00am and returned around 1:00pm. Mr. Stinger said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day. Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar Chavez Street and can be reclaimed. He said it would be unusual and not protocol for residents

1

to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

**Brenda Meskin – Encampment Resolution Team Lead**

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.

Date: August 18, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**.

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is **FINAL.** You may not appeal your own claim.

2 . If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
     The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to  the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
     If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days*  after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
     If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days*  if you were *not properly served* with the claim. The 180-day period begins on the date you found out or  should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

   If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
     Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

   b. **VOLUNTARY PAYMENT**
     Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

   c. **STATEMENT OF ASSETS**
     If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell  you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails  to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for  Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

   d. **ORDER OF EXAMINATION**
     You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

   e. **WRIT OF EXECUTION**
     After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution*  form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

   f. **ABSTRACT OF JUDGMENT**
     The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment*  (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment.*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has*  been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.:

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor   ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date: _____

_____
          (TYPE OR PRINT NAME)

▶

_____
          (SIGNATURE)

SC-130 [Rev. July 1, 2010]
**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Page 2 of 2

# Exhibit 49

Name and Address of Court:

**Small Claims Division**
**400 McAllister Street, Room 103**
**San Francisco, California 94102**

**SC-130**

SMALL CLAIMS CASE NO:  **CSM-21-864085**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: |
|---|---|
| **Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.** | **Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.** |

PLAINTIFF/DEMANDANTE  (Name, street address, and telephone number of each:)
ROBERT HARRISON
C/O VICTORIA LARSON, ESQ
131 STEUART STREET SUITE 400
SAN FRANCISCO, CA  94105

Telephone No.:

DEFENDANT/DEMANDADO      (Name, street address, and telephone number of each:)
SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SUITE 1600
SAN FRANCISCO, CA  94103

Telephone No.:  **(628) 271-3160**

Telephone No.:

Telephone No.:

---

NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as below on:  Sep-02-2021

Defendant        SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff HARRISON, ROBERT
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal.  You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up.  Exhibits will not be mailed.  Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.



CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action. This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing:  **San Francisco, California**

Date of mailing:  **Sep-02-2021**                Clerk, by ____**WTRUPEK**_____, Deputy

**-- The county provides small claims advisor services free of charge. Read the information sheet on the reverse. --**

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

**Statement of Decision**

**Harrison v. SF Public Works**
**Case number: CSM 21-864085**

The Defendant shall pay Plaintiff $10,000.00 plus costs.

## Plaintiff Harrison

The Plaintiff found out the morning of January 8, 2020 about the clearing.  He saw police and thought they were looking for someone.  Officer Green was rude to him and told him to clean up his things and was threatened with jail.  Plaintiff was unable to grab anything and left many things behind.  He saw the bulldozer and recalls it arriving earlier than what Defendant witness Stringer said.  Plaintiff felt this was more of a raid.  He had lived in this area for about four to five weeks and he did not receive any notices of any sort about this clean up or how he could claim his personal property.

## Defendant's case

The Court heard from three Defense witnesses in CSM 21-864062; CSM 21-864066; CSM 21-864075; and CSM 21-864076.  The evidence is applicable to this case CSM 21-864085.  Their evidence is summarized as follows:

## Nichelle Flintroy – CCSF City Claims Adjuster

Ms. Flintroy represented the Defendant, SFDPW.  She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020.  Resolution is the term used to mean clean and clear an encampment.  Outreach attempts were made beginning November 13, 2019.  The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

## Larry Stringer – Retired Deputy Director of Operations with DPW

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center.  In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019.  It was pushed to January 8, 2020 because the PUC needed the area.  Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical.  Cleanup began at 10:00am and the bulldozer arrived between 11am to noon.  Mr. Stringer left around 11:00am and returned around 1:00pm.  Mr. Stinger said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day.  Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar Chavez Street and can be reclaimed.  He said it would be unusual and not protocol for residents

1

to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

## Brenda Meskin – Encampment Resolution Team Lead

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.

Date: August 19, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor.** The person (or business) who lost the case and who owes the money is called the **judgment debtor.**

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is **FINAL.** You may not appeal your own claim.

2 . If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
   The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
   If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

   If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

   b. **VOLUNTARY PAYMENT**
   Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

   c. **STATEMENT OF ASSETS**
   If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

   d. **ORDER OF EXAMINATION**
   You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

   e. **WRIT OF EXECUTION**
   After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property,** or **rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

   f. **ABSTRACT OF JUDGMENT**
   The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment.*

---

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.:

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor    ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date: _____

        (TYPE OR PRINT NAME)    ▶    (SIGNATURE)

# Exhibit 50

Name and Address of Court:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
**Small Claims Division**
**400 McAllister Street, Room 103**
**San Francisco, California 94102**

SC-130

SMALL CLAIMS CASE NO: **CSM-21-864086**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: |
|---|---|
| Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | Su caso ha sido resuelto por la corte para reclarnos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |

PLAINTIFF/DEMANDANTE (Name, street address, and telephone number of each:)

MICHELLE DIPRISCO
C/O VICTORIA LARSON, ESQ
131 STUART ST, SUITE 400
SAN FRANCISCO, CA 94105

Telephone No.: (415) 724-7066

DEFENDANT/DEMANDADO (Name, street address, and telephone number of each:)

SAN FRANCISCO PUBLIC WORKS
49 SOUTH VAN NESS AVENUE
SUITE 1600
SAN FRANCISCO, CA 94103

Telephone No.: (628) 271-3160

Telephone No.:

Telephone No.:

---

NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as below on: Sep-02-2021

Defendant        SAN FRANCISCO PUBLIC WORKS
shall pay plaintiff DIPRISCO, MICHELLE
$10,000.00 principal, $.00 costs, and $.00 interest on plaintiff's claim.
**SEE ATTACHED STATEMENT OF DECISION**

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

NOTICE OF DESTRUCTION OF EXHIBITS PURSUANT TO CCP 1952

Pursuant to Section 1952 of the Code of Civil Procedure of California, notice is hereby given that the exhibits introduced in the above-entitled proceedings shall be destroyed sixty (60) days after the mailing of the notice of entry of judgment or the final determination of an appeal. You may personally pick up your exhibits at the Small Claims Division or send someone with written authorization to pick them up. Exhibits will not be mailed. Upon written request, the court may preserve exhibits not to exceed one (1) year from the date of this notice.



CLERK'S CERTIFICATE OF MAILING -- I certify that I am not a party to this action. This Notice of Entry of Judgment and Notice of Destruction of Exhibits was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Francisco, California

Date of mailing: Sep-02-2021              Clerk, by ____WTRUPEK_____, Deputy

-- The county provides small claims advisor services free of charge. Read the information sheet on the reverse. --

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

Code of Civil Procedure, 116.610
www.courtinfo.ca.gov

**Statement of Decision**

**Diprisco v. SF Public Works**
**Case number: CSM 21-864086**

The Defendant shall pay Plaintiff $10,000.00 plus costs.

### Plaintiff Vaughn .

The Plaintiff was living between Thomas Blue and Charlotte Pulling, other plaintiffs in similar cases against the Defendant.  Plaintiff left her site around 7am the morning of January 8, 2020.  She returned around 12:30pm to a demolished scene – everything was gone from her site, including her medication.  She saw piles of rubbish.  Plaintiff asked DPW where the slip to claim her things was, but they did not have a slip for her.  She has known and heard for years that residents have been given a bag and tag piece of paper saying where to get stuff.  Plaintiff had lived in this area for a couple of weeks, and she did not receive any notices of any sort about this clean up or how she could claim her personal property.

### Defendant's case

The Court heard from three Defense witnesses in CSM 21-864062; CSM 21-864066; CSM 21-864075; and CSM 21-864076.  The evidence is applicable to this case CSM 21-864086.  Their evidence is summarized as follows:

### Nichelle Flintroy – CCSF City Claims Adjuster

Ms. Flintroy represented the Defendant, SFDPW.  She stated the plaintiffs were given notice of the resolution to occur at or near the Jerrold and Rankin area on January 8, 2020.  Resolution is the term used to mean clean and clear an encampment.  Outreach attempts were made beginning November 13, 2019.  The HOT (Homeless Outreach Team) and the ERT (Encampment Resolution Team) reached out to the residents of this area 2-3 times per week starting in November 2019, the day before and the day of resolution to offer services to residents.

### Larry Stringer – Retired Deputy Director of Operations with DPW

Mr. Stringer stated on the day of the January 8, 2020 cleanup, he was the acting interim manager of Healthy Streets Operations Center.  In November 2019, the Jerrold and Rankin encampment resolution was discussed with a target date of December 2019.  It was pushed to January 8, 2020 because the PUC needed the area.  Mr. Stringer was present on January 8, 2020 around 8:00 am and the HOT team arrived prior to cleanup, which is typical.  Cleanup began at 10:00am and the bulldozer arrived between 11am to noon.  Mr. Stringer left around 11:00am and returned around 1:00pm.  Mr. Stinger said the usual protocol when a resolution occurs is that residents are allowed to take everything of value with them or they can return to retrieve the rest of their items within a reasonable amount of time – meaning within the course of the day.  Items that residents express an interest in or seem to be of value are "bagged and tagged" and stored at 2323 Cesar

1

Chavez Street and can be reclaimed.  He said it would be unusual and not protocol for residents to not be allowed an opportunity to retrieve their items and he was unaware of that ever happening in a resolution.

**Brenda Meskin – Encampment Resolution Team Lead**

Ms. Meskin stated a Resolution Flyer notifying residents of the date and time of clean up was provided to Plaintiffs three weeks prior to January 8, 2020.  She did not have a copy of that flyer and she did not personally participate in handing out the notifications.

Copies of the actual notice of resolution distributed by the HOT team or DPW notices for bagging and tagging or of planned and actual removal were not provided to the Court by any of the Defense witnesses.  Resolution procedures and protocols also were not provided to the Court by any of the Defense witnesses.

Date: August 19, 2021

Judge Michelle Tong
SF Superior Court

2

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**.

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is FINAL. You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
   The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
   If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

   If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

b. **VOLUNTARY PAYMENT**
Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

c. **STATEMENT OF ASSETS**
If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

d. **ORDER OF EXAMINATION**
You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtor's financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

e. **WRIT OF EXECUTION**
After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

f. **ABSTRACT OF JUDGMENT**
The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment.*

---

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment has* been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.:

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**
*(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date: _____

► 

_____      _____
(TYPE OR PRINT NAME)          (SIGNATURE)

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**