DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4628 (Emery)
              (415) 554-3857 (Wang)
Facsimile:    (415) 554-4699
E-mail:       jim.emery@sfcityatty.org
              edmund.wang@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Healthy Streets Operation Center (HSOC),<br><br>  Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**ADMINISTRATIVE MOTION FOR EXTENDED BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND FOR ADDITIONAL TIME TO RESPOND TO COMPLAINT**<br><br>Hearing Date:  N/A<br>Time:          N/A<br>Place:         Hon. Donna M. Ryu<br><br>Trial Date:    None set. |

## INTRODUCTION

San Francisco[1] brings this motion to enlarge time pursuant to Local Civil Rules 6-3 and 7-11. San Francisco requests an additional four weeks to respond to plaintiffs' preliminary injunction motion, until November 15, 2022; and an additional two weeks to respond to the complaint, until November 3, 2022.

In this action, plaintiffs challenge San Francisco's interagency response to encampments of unhoused people that obstruct the public right of way and create public health hazards. The breadth of the allegations, involving five city agencies, and the scope and significance of the relief requested justify the additional time. Plaintiffs spent three years building their case before seeking judicial relief. They cannot now credibly argue that sudden urgency requires the Court to deprive San Francisco of reasonable time to analyze and evaluate the preliminary injunction motion, marshal the evidence needed to respond, and to prepare its opposition.

For these reasons, set forth more fully below, the Court should grant San Francisco's motion to enlarge time.

## BACKGROUND

Plaintiffs served this action September 29, 2022. Dkt #20. Plaintiffs' motion for preliminary injunction accompanied the complaint. Dkt #9. Both parties consented to magistrate judge jurisdiction. Dkt ##19, 21. This Court's scheduling order requires San Francisco to file its opposition to plaintiffs' preliminary injunction motion October 18, 2022; plaintiffs' reply is due October 25, 2022; and the Court set the motion hearing for November 18, 2022, at noon. Dkt #22.

On Tuesday October 4, counsel for San Francisco asked plaintiffs for additional time to respond to the complaint and to file its opposition to the preliminary injunction motion. Emery Decl., filed herewith, Exh. A. Plaintiffs attached conditions to their consent that are unworkable for San Francisco, namely, that San Francisco suspend all enforcement activity against encampments, and San Francisco participate in a premature Rule 26(f) conference. *Id.* Suspending all enforcement would, in effect, be consenting to a temporary restraining order that plaintiffs never sought or obtained. The

---

[1] This motion refers to defendants collectively as "San Francisco."

premature 26(f) conference would subject San Francisco to written discovery and depositions at the same time it must focus on its opposition to the preliminary injunction motion. San Francisco has offered to adhere to its written policies, which are fully consistent with governing Ninth Circuit case law and the Fourth Amendment. *Id.*

## ARGUMENT

The breadth of the allegations in this case and the scope and significance of the relief requested constitute good cause for the additional time. The complaint is 100 pages long, comprising 331 paragraphs of factual allegations, and asserts thirteen causes of action. Dkt #1. Plaintiffs have named five separate city departments: the police, public works, homelessness and supportive housing, fire, and emergency management. Plaintiffs have also named the Mayor, and the Director of San Francisco's Healthy Streets Operation Center. *Id.* The preliminary injunction motion and supporting papers are 970 pages long. Dkt ##9 to 9-10. Plaintiffs have submitted 32 percipient witness declarations, an expert declaration with 106 paragraphs, and 46 documentary exhibits. Dkt ##9-1 to 9-9.

Plaintiffs "dedicated the last three years" to building their case and assembling the evidence supporting their preliminary injunction motion. Dkt #9, at 1. Jennifer Friedenbach, the Executive Director of plaintiff Coalition on Homelessness, describes plaintiffs' extensive preparations for this action. In 2018, plaintiff dedicated one half of a full-time equivalent employee (FTE) to the task of documenting San Francisco's activities responding to encampments. In 2019 plaintiffs increased their efforts to 0.75 FTE; 1.33 FTEs in 2020; and 2.3 FTEs in 2021. Friedenbach Decl. ¶¶ 17-20 (Dkt #9-3 at 1-5 to 1-6). Ms. Friedenbach did not disclose the amount of staff time plaintiffs have dedicated to this case in 2022. In addition to staff, plaintiffs have dedicated "about ten volunteers" to build this case. *Id.* ¶ 21.

Since plaintiffs spent three years and over 10,000 person-hours building their case, it is unreasonable to expect San Francisco to respond to the preliminary injunction motion, the 33 witness declarations and 46 documentary exhibits in just two weeks. San Francisco must evaluate plaintiffs' evidence, gather relevant information and test plaintiffs' factual allegations across the operations of at least five city departments, involving dozens of city employees. Plaintiffs' decision to spend three

years developing their case before seeking judicial relief belies any argument that sudden urgency requires this Court to deny San Francisco an adequate opportunity to respond.

Two deputy city attorneys are responsible for defending this action.  Lead counsel for San Francisco in this case has preexisting commitments that make it further impractical to file San Francisco's opposition to preliminary injunction by October 18, or to respond to the complaint by October 20.  Counsel has purchased air tickets to attend family obligations in the East Coast October 16-25, and November 11-18.  Emery Decl., ¶ 3.  At noon Pacific time on November 18, the time now set for the hearing on plaintiffs' motion, counsel will be en route to Boston for a flight home that evening.  Co-counsel likewise has purchs3ed air tickets to attend family obligations in the East Coast October 10-17.  *Id.* ¶ 4.

Moreover, lead counsel is responsible to prepare and file an appellate brief by November 3, 2022 in *Lacy v. CCSF*, Cal. Ct. App. Case No. A165899.  *Lacy* is a constitutional challenge to San Francisco's program allowing non-citizens to vote in local school board elections.  Because *Lacy* is an elections case and the Court of Appeal granted San Francisco's petition for writ of supersedeas to allow the upcoming election to proceed, the Court has cautioned that "[n]o extensions of time will be granted absent a showing of exceptional good cause."  Emery Decl., ¶ 5 & Exh. B.

## CONCLUSION

For these reasons, San Francisco asks this Court to extend its time to respond to the preliminary injunction motion to November 15, 2022, and to extend its time to respond to the complaint to November 3, 2022.

Dated: October 7, 2022

                DAVID CHIU
                City Attorney
                YVONNE R. MERÉ
                WAYNE SNODGRASS
                MEREDITH B. OSBORN
                JAMES M. EMERY
                EDMUND T. WANG
                Deputy City Attorneys

By:    /s/*James M. Emery*
       JAMES M. EMERY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; MAYOR LONDON BREED; SAM DODGE