LATHAM & WATKINS LLP
Alfred C. Pfeiffer, SBN 120965
Wesley Tiu, SBN 336580
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Regina Wang, SBN 326262
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
regina.wang@lw.com

*Attorneys for Plaintiffs*

*Additional Counsel Appear on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs. <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR EXTENDED BRIEFING SCHEDULE** <br><br> Hon. Judge Donna M. Ryu <br><br> Date Action Filed: September 27, 2022 |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLFS.' OPP. TO DEFS.' MOT.
FOR EXT. BRIEF. SCH.
CASE NO. 4:22-CV-05502-DMR

## I. INTRODUCTION

Plaintiffs filed this action to enjoin Defendants from summarily destroying the personal property of unhoused residents and from conducting criminal enforcement against unhoused residents who have not been provided sufficient and adequate shelter by the City. Although Plaintiffs also filed a Motion for Preliminary Injunction ("PI Motion") in light of the extent of Defendants' unconstitutional conduct, Defendants have continued their unlawful practices even after the PI Motion was filed.

Defendants—who abruptly cut off ongoing conversations last week between the parties aimed at achieving an appropriate briefing schedule for the PI Motion—now grouse to this Court that the current briefing schedule conflicts with personal vacations and deadlines in other cases. But Defendants fail to identify any "substantial harm or prejudice" that would justify the *lengthy* extension of time they seek to respond to the PI Motion, during which time Defendants will continue to subject San Francisco's unhoused population to serious trauma and ongoing constitutional harms on a daily basis. Defendants also partially premise their request on the basis that they need more time to supposedly gather factual information on Plaintiffs' claims, but have stonewalled Plaintiffs' repeated attempts to hold a Rule 26(f) conference. For these reasons, Plaintiffs respectfully request that Defendants' Administrative Motion be denied.

## II. RELEVANT BACKGROUND

Although Defendants' opposition to the PI Motion was initially due October 11, 2022, the Court extended that deadline to October 18, 2022 and set a hearing for November 18, 2022. Dkt. No. 22. The Court did not extend the time for Defendants to respond to the Complaint.[1] On October 4, 2022, Defendants' counsel proposed to extend Defendants' opposition to the PI Motion by an *additional four weeks*. Dkt. No. 28-1 at 4 (to November 15, 2022). Defendants vaguely asserted that "preexisting commitments" were a basis for the extension without providing further information. *Id.* As part of their extension request, Defendants stated that they might be willing to engage in settlement discussions. *See id.* Because of Plaintiffs' urgent need for relief, Plaintiffs

---

[1] Plaintiff do not oppose Defendants' request for an extension to respond to the Complaint.

offered to consent to the proposal if Defendants engaged in meaningful settlement talks, temporarily ceased their ongoing property destruction and criminal enforcement practices during the extended briefing period, and conducted a prompt Rule 26(f) conference. *Id.*[2] Defendants refused these conditions and instead simply offered the sleeves off their vest, stating that they would "agree to adhere to [their] written policies." *Id.* at 2. Before even allowing Plaintiffs a chance to respond with an alternate scheduling proposal, Defendants filed their Administrative Motion less than a day later. Shroff Decl. ¶¶ 7-8, Ex. A.

## III. ARGUMENT

To justify changing a briefing schedule in this District, a party must identify "substantial harm or prejudice that would occur if the Court did not change the time." Civil L. R. 6-3(a)(3). Defendants have not presented the risk of *any* harm or prejudice to Defendants if their motion is denied—much less the *substantial* harm or prejudice required to support a motion to enlarge time. Despite Defendants' arguments to the contrary, the mere desire for more time or conflicts with personal travel schedules and other court deadlines fail to constitute the required prejudice as a matter of law. Meanwhile, granting Defendants' extension request would subject Plaintiffs to immediate future constitutional deprivations that constitute both substantial and irreparable harm.

### A. Purported Need for More Time Is Not "Substantial Harm or Prejudice."

Defendants apparently contend that because the PI Motion is well-supported, Defendants will suffer substantial harm if they cannot have more time to respond. But the mere desire for additional time to respond to a detailed motion—without more—cannot constitute substantial harm or prejudice. *See Burrell v. County of Santa Clara*, No. 11–CV–04569–LHK, 2013 WL 2156374, at *1 n. 4 (N.D. Cal. May 17, 2013) ("the volume of work involved" is not a sufficient reason to extend a briefing schedule); *In re Cisco Sys. Sec. Litig.*, No. C 11-1568 SBA, 2013 1636384, at *1

---

[2] This was the third time Plaintiffs' counsel requested that Defendants provide dates for a 26(f) conference. Plaintiffs first made this request on September 26, 2022 when courtesy copies of the Complaint and PI motion were sent to Defendants. Shroff Decl. ¶ 3. A second request to schedule a 26(f) conference was made on September 28, 2022. *Id.* ¶ 4. Plaintiffs have reminded Defendants that the parties are obligated to confer "as soon as practicable." *See* Fed. R. Civ. P. 26(f); *see also Highlander Holdings v. Fellner*, No. 3:18-cv-1506-AHG, 2020 WL 3498174, at *6 (S.D. Cal. Jun. 29, 2020).

(N.D. Cal. Apr. 16, 2013) ("need [for] additional time" to prepare a response was not "substantial harm or prejudice").

Defendants argue that they need additional time to "evaluate [the] evidence, gather relevant information and test [the] factual allegations" of the PI Motion, but fail to identify what specific information they purportedly need to prepare their response. Indeed, Defendants ignore that the bulk of the evidence submitted in support of Plaintiffs' claims comes from Defendants' own reports, communications, and public statements. *See, e.g.* Dkt. No. 9-8 (attaching as exhibits documents provided by Defendants in response to public records requests). Defendants cannot credibly claim they are unfamiliar with their own data and documents. Defendants' assertion that they wish to "test [the] factual allegations" of the PI Motion is further belied by the fact that Defendants have not yet sought discovery with respect to the PI Motion—and have actively refused to even schedule the Rule 26(f) conference Plaintiffs requested. *See, e.g.*, *Wilson v. Frito-Lay North America, Inc.*, No. 12–1586 SC, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015) (no response deadline extension where party has "not demonstrated that they diligently pursued the discovery at issue").[3]

### B. Conflicts With Vacations and Other Case Deadlines Are Not Sufficient.

Defendants also argue that the Court should extend their time to respond to the PI Motion due to the personal vacation schedules of two attorneys and a preexisting deadline in a state court matter that impacts one attorney. Dkt. No. 27 at 4. These are no doubt important matters. But Defendants fail to explain why these short-term commitments should result in an entire *month's* delay in when Plaintiffs' emergency motion can be heard. For example, Defendants offer no reason why any other lawyers in the City Attorney's Office—including any of the *three other experienced attorneys* listed on the the Administrative Motion—are unable to help prepare Defendants' response brief during co-counsel's brief absences.[4] In short, the convenience of Defendants'

---

[3] To the extent that Defendants introduce new evidence as part of their response to the PI Motion, Plaintiffs should be given time to review it and the opportunity to seek related discovery. But that issue is for another day.

[4] Defendants also state that Mr. Emery—one of the City attorneys "responsible for defending this action"—is unable to attend the November 18, 2022 hearing. But the Court has scheduled the

3    PLAINTIFFS' OPP. TO DEFS.' ADMIN
MOT.TO EXT. BRIEF. SCH
CASE NO. 4:22-CV-05502-DMR

counsel should not be prioritized over Plaintiffs' vindication of fundamental constitutional rights.[5]

### C. Immediate and Irreparable Harm Is Likely to Occur if Extension Is Granted

As detailed in the Complaint and PI Motion (Dkt. Nos. 1, 9), Defendants regularly violate constitutional protections guaranteed to the City's unhoused residents. Defendants violate the Fourth Amendment when they seize and destroy personal property of unhoused residents on an ongoing and daily basis. Furthermore, Defendants violate the Eighth Amendment by conducting criminal enforcement against unhoused residents who do not have adequate access to shelter in the City. This conduct is pervasive, ongoing, and traumatizing—and impacts hundreds of unhoused San Franciscans. *See* Dkt. No. 9 at 23. These actions result in permanent physical, emotional, and mental health consequences and threaten the very survival of unsheltered individuals. *See* Dkt. No. 9-1 ¶¶ 90–105.

Defendants' request prioritizes the convenience of opposing counsel over the immediate relief necessary for Plaintiffs. Left unsaid in the Administrative Motion is the fact that Defendants' request will require the Court to postpone the November 18, 2022 hearing. Defendants' proposed opposition date of November 15, 2022 would not leave Plaintiffs a reasonable opportunity to file a reply, nor allow the Court adequate opportunity to review the briefing in advance of the presently scheduled hearing. Given the upcoming Thanksgiving holiday, Plaintiffs might not be heard by the Court until December 2022 or later. Such a significant delay would be highly prejudicial to Plaintiffs and the City's unhoused residents, especially as we head into rapidly dropping temperatures in the City during the winter, which will only exacerbate the harms the City inflicts on unhoused individuals when it destroys their survival belongings.

Defendants dismissively argue that no urgency exists because Defendants were willing to

---

hearing to be heard remotely, and a small scheduling adjustment to accommodate a double-booking should not entitle Defendants to a one-month extension.

[5] Moreover, Mr. Emery's commitments in the *Lacy* case do not prevent Defendants from meeting the deadlines in this case. Under the current briefing schedule, Mr. Emery and his colleagues will have two additional weeks to prepare and file the appellate brief in *Lacy*. Defendants offer no explanation why mid-October deadlines in this case prevent Defendants from meeting subsequent deadlines in *Lacy*. *See* Mot. at 4. Inexplicably, Defendants have requested that the Court extend the time to respond to the Complaint to November 3, 2022 (*see id.*)—the same day that Mr. Emery's appellate brief is in due in *Lacy*.

simply "agree to adhere to [their] written policies." Dkt. No. 28-1 at 2. But, that promise rings hollow. A central crux of the PI Motion is that Defendants have not followed their own policies for years. *See* Dkt. No. 9 at 12-13. Indeed, since Plaintiffs filed the PI Motion—and even after Defendants' counsel purported that Defendants would agree to follow their own policies—Defendants continued to destroy unhoused people's survival belongings and threatened to arrest and cite unhoused individuals without first offering shelter. *See* Shroff Decl. ¶¶ 9-14; Rochelle Decl. ¶¶ 3-7. Plaintiffs continue to suffer immediate harms that have dire consequences for their lives until the PI Motion is granted.[6]

### D. Defendants Acted Preemptively and Failed to Meaningfully Meet-and-Confer.

Defendants failed to adequately meet and confer with Plaintiffs prior to filing the instant motion. *See* Civil L. R. 6-3(a)(2). Plaintiffs had no details about Defense counsel's prior commitments, but were diligently working to propose a resolution with Defendants at the very moment Defendants were filing their motion. Shroff Decl. ¶ 8, Ex. A. Had Defendants continued to engage in good-faith discussions with Plaintiffs, it is possible that these issues could have been resolved. Plaintiffs do not oppose a reasonable extension to the PI briefing schedule so long as it is accompanied by meaningful protections against further abuses by the City, and so long as Defendants cannot obstruct the discovery process by refusing to participate in a 26(f) conference.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' request for an extension to respond to the PI Motion. Alternatively, if the briefing schedule is significantly extended, Plaintiffs respectfully request that the Court impose certain notice and reporting requirements to help protect Plaintiffs against the harms they continue to suffer and request that the Court order Defendants to participate in a prompt Rule 26(f) conference.[7]

---

[6] Defendants' insinuation that this litigation might somehow prevent the City from responding to street conditions that "obstruct the public right of way and create public health hazards" is misleading. Mot. at 2. This litigation is exclusively about Defendants' targeting of unhoused people and their property due to their homelessness, and does not in any way seek to limit Defendants' ability to take lawful, appropriate action to address genuine road and safety hazards.

[7] Plaintiffs enclose a proposed order herewith suggesting the interim relief the Court should order to protect Plaintiffs from imminent harm in the event the Court grants Defendants' four week extension.

Dated: October 11, 2022

Respectfully,

By: /s/ Alfred C. Pfeiffer Jr.

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Al.Pfeiffer@lw.com
Wesley.Tiu@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Joseph.Lee@lw.com

LATHAM & WATKINS LLP
Regina Wang, SBN 326262
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Regina.Wang@lw.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*