CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

JAMES M. EMERY
Deputy City Attorney

Direct Dial: (415) 554-4628
Email: jim.emery@sfcityatty.org

October 17, 2022

Magistrate Judge Donna M. Ryu
United States District Court, Northern District
Oakland Courthouse
Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

Re: *Coalition on Homelessness, et al. v. City and County of San Francisco, et al.*
United States District Court Case No. 4:22-cv-05502-DMR

Dear Judge Ryu:

Pursuant to this Court's direction, *see* Dkt. No. 31, the parties met and conferred and now submit this joint letter regarding Plaintiffs' proposed conditions in Dkt. No. 30-4 at 3. For the Court's convenience, the parties have organized this letter according to the same numbered paragraphs as found in Dkt. No. 30-4. The parties have attached as Exhibits A & B to this letter competing proposed orders to resolve these matters based on the information provided below.

1. **Briefing Schedule**

The parties agree that Defendants' opposition to Plaintiffs' preliminary injunction motion shall be due November 15, 2022. The parties also have agreed the deadline for Plaintiffs' reply should be set two weeks before the date the Court sets for the hearing on Plaintiffs' Motion for Preliminary Injunction (the "PI Motion"). The parties agreed that the deadline for Defendants to respond to the complaint shall be November 3, 2022.

**Plaintiff's Additional Statement**: Plaintiffs propose a hearing date of December 15th, or a date as soon as possible thereafter that is suitable for the Court. However, one of Defendants' counsel, Mr. James Emery, represented that he would not be in San Francisco on Plaintiffs' proposed date and instead proposed scheduling the hearing the following week. While Plaintiffs do not oppose Defendants' hearing dates in principle, they are mindful that setting the hearing late in December may present difficulties for the Court given the proximity to the holidays and the end of the year. Plaintiffs are also available the week December 12th should the Court wish to set an earlier hearing date.

**Defendants' Additional Statement**: Plaintiffs do not oppose a hearing date of any date beginning December 20 that is convenient for the Court; and provide no compelling reason to set the hearing on a date that San Francisco's counsel is unavailable.

2. **26(f) Conference and Discovery**

**Plaintiffs' Position**: Plaintiffs request that the Court order that a Rule 26(f) conference take place within the next 7 days. The Federal Rules themselves and the weight of authority make clear that the parties are obligated to meet and confer "as soon as practicable" and independent of any scheduling order—unless Defendants' have an appropriate, cognizable legal basis to formally

seek a stay of discovery. *See* Dkt. No. 30 at 2 n. 2.[1] Defendants' refusal to meet and confer amounts to a *de facto* stay of discovery without properly seeking leave from this Court. *See Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) ("if either prong of the [*Lowery*] test is not established, discovery proceeds"). Given the urgency of the issues raised by Plaintiffs' complaint, it is inappropriate to delay resolution of this case.

Furthermore, while the evidence submitted with the PI Motion is sufficient support, Defendants' position precludes Plaintiffs from the opportunity to seek discovery regarding the extensive records in Defendants' sole possession that Defendants may rely on in their opposition. Plaintiffs should have a right to seek discovery as to the claims in the PI Motion and Defendants' opposition thereto to correct that asymmetry. *See id.* at 352 (stay to be rejected "if a stay of discovery could preclude either party from fully preparing"). Accordingly, if the Court is inclined to grant an extension, any such extension should be coupled with an order directing Defendants to promptly meet and confer pursuant to Rule 26(f) so that Plaintiffs are not prejudiced by the delay.[2]

**San Francisco's position:** A 26(f) conference is premature until the Court has ruled on the pending PI Motion, or at least until San Francisco has served its opposition to preliminary injunction. San Francisco will participate in a timely 26(f) conference after the preliminary injunction briefing is completed and at least 21 days before the Court's first scheduling conference.

With their opening motion papers, plaintiffs have submitted the evidence they deemed sufficient to support their motion, which they collected over their three-year investigation, including "extensive public records requests to various San Francisco city agencies." Della-Piana Decl. ¶ 29; see also *id.* Exhs. 17, 26-40 (Dkt #9-2). An early 26(f) conference is therefore unnecessary to bolster the pending motion. Indeed, substantial new evidence on reply would jeopardize timely resolution of the motion, since San Francisco would seek a continuance to address the new reply evidence. And plaintiffs do not need discovery to reply to San Francisco's opposition to the PI Motion; exhibits will be provided with the opposition.

An early 26(f) conference is also infeasible and inequitable. A 26(f) conference would immediately trigger San Francisco's initial disclosure obligations, which are substantial in this wide-ranging case. See FRCP 26(a)(1)(C). Further, plaintiffs have made plain their intention to serve written discovery and deposition notices at their first opportunity. San Francisco cannot afford to divert its finite resources to active discovery while it responds to the 970-page preliminary injunction motion with its 34 declarations and 46 documentary exhibits.

To support their insistence on an early 26(f) conference, plaintiffs rely on the "as soon as

---

[1] See also *Highlander Holdings v. Fellner*, No. 3:18-cv-1506-AHG, 2020 WL 3498174 (S.D. Cal. Jun. 29, 2020); *Escareno ex rel. A.E. v. Lundbeck, LLC*, Case No. 3:14-cv-257-B, 2014 WL 1976867, at *2-4 (N.D. Tex. May 15, 2014); *S.R. v. Kenton Cty. Sheriff's Office*, Case No. 15-143-WOB-JGW, 2015 WL 12977103, at *1-3 (E.D. Ky. Nov. 3, 2015); Fed. R. Civ. P. 26(f), NOTES OF ADVISORY COMMITTEE ON RULES, 1993 AMENDMENT.

[2] Defendants' assertion that San Francisco "cannot afford to divert its finite resources to active discovery" rings hollow in light of the immense disparity between the resources of Defendants versus Plaintiffs. For example, the City Attorney's office reports San Francisco has "300+ lawyers, paralegals, investigators, and other legal professionals" and a legal budget of approximately $100 million per year. *See* https://www.sfcityattorney.org/wp-content/uploads/2022/02/Public-Budget-Presentation-BY2023-and-BY2024.pdf at 1, 8. Nevertheless, Plaintiffs are willing to meet and confer with Defendants regarding the timing of initial disclosures pursuant to FRCP 26(a)(1)(E) and to take into account the time Defendants may need to investigate. Plaintiffs are also amenable to further limiting instructions permitting discovery and disclosures only on the PI Motion claims.

practicable" language in Rule 26(f)(1), the advisory committee notes, and *Highlander Holdings v. Fellner*, No. 3:18-cv-1506-AHG, 2020 WL 3498174 (S.D. Cal. Jun. 29, 2020). However, given the circumstances of this case, as explained above, it is not yet "practicable" to conduct a 26(f) conference. San Francisco is not attempting to delay the 26(f) conference until it has answered the complaint, so the advisory committee notes do not apply. In *Highlander*, the court denied the plaintiff's request for relief from the discovery cutoff because the plaintiff had waited months to schedule a 26(f) conference. Having opposed an early 26(f) conference in this case, San Francisco will not later argue plaintiffs were dilatory in commencing discovery. *Highlander*, therefore, does not apply.

**3. Conditions Until PI Motion is Decided**

    **a. <u>72-hour notice of encampment resolutions:</u>** The parties agree that San Francisco will abide by this condition. The parties contemplate notice to Plaintiffs' counsel by email, and updated notice if the City's schedule changes within the 72-hour notice period.

    **b. <u>Reporting from SFPD:</u>** San Francisco has offered to provide certain SFPD records on a weekly basis to Plaintiffs' counsel. However, plaintiffs contend that the offer insufficiently covers the information requested in Dkt. No. 30-4. Plaintiffs proposed specific search terms used in past public records requests to collect the desired information. Defendants have not had sufficient time to evaluate the feasibility of responding to Plaintiffs' requests on a weekly basis, and find those requests overinclusive. Plaintiffs believe their search terms are critical for SFPD to identify the relevant information based on past experience, and that Defendants' counterproposal is massively underinclusive. The parties' respective views are identified in their proposed orders.

    **c. <u>Reporting from Public Works:</u>** The parties agree that San Francisco will abide by this condition.

    **d. <u>Reporting from Homelessness and Supportive Housing:</u>**

    **Plaintiffs' Position**: The City's shelter bed availability records are directly related to the constitutionality of the City's actions during the pendency of the PI Motion and Plaintiffs' counsel requested that Defendants provide it as part of this Agreement during the meet-and-confer. Defendants agreed that they could provide daily shelter allocation data on a weekly basis, as shown in Exhibits 37 and 38 of the PI Motion. Dkt. No. 9-8. The only dispute is whether the Court's order should explicitly include this requirement. Plaintiffs request that it be included as it is directly related to the activities subject to notice and reporting under Plaintiffs proposed conditions. Defendants refused because they do not want to be held in contempt of court if they do not comply. But, unless Defendants intend to go back on their word, including this request in the Court's order should impose no additional hardship on Defendants, as they have already agreed to provide the information requested.

    **San Francisco's position:** On Friday, October 14, plaintiffs presented for the first time a new proposed condition that plaintiffs did not include in their proposed order, Dkt # 30-4. Plaintiffs' new proposed condition is improper, prejudicial, and beyond the scope of this Court's direction to "meet and confer on Plaintiffs' proposed conditions (see Docket No. 30-4 at ECF p. 3)" Dkt # 31. As its "best compromise," San Francisco proposed that it treat plaintiffs' request for weekly HSH reporting as a continuing public records request. San Francisco never agreed to provide this information as a condition to the extension of time to respond to the PI motion. And there is no need to include it as a condition. Plaintiffs have obtained the information at issue through public records requests and can continue doing so. In the event of a dispute in the future, plaintiffs' remedies would be under the public records act, not through this Court.

Respectfully Submitted,

By: */s/ Edmund T. Wang*
    James M. Emery
    Edmund T. Wang

    Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO; et al.

    DAVID CHIU
    City Attorney
    JAMES M. EMERY
    EDMUND T. WANG
    Deputy City Attorneys

By: */s/ Alfred C. Pfeiffer, Jr.*
    Alfred C. Pfeiffer, Jr.

    Attorneys for Plaintiffs
    COALITION ON HOMELESSNESS, et al.

    ZAL K. SHROFF
    ELISA DELLA-PIANA
    Lawyers' Committee for Civil Rights of the San Francisco Bay Area

    JOHN THOMAS H. DO
    BRANDON L. GREENE
    ACLU Foundation Of Northern California

    ALFRED C. PFEIFFER, JR.
    WESLEY TIU
    JOSEPH H. LEE
    REGINA WANG
    Latham & Watkins LLP

## **ATTESTATION**

I, Edmund T. Wang, am the ECF user whose ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: October 17, 2022 */s/ Edmund T. Wang*
 Edmund T. Wang