Exhibit A

1   LATHAM & WATKINS LLP
    Alfred C. Pfeiffer, SBN 120965
2   Wesley Tiu, SBN 336580
3   505 Montgomery Street, Ste 2000
    San Francisco, CA 94111
4   Telephone: (415) 391-0600
    al.pfeiffer@lw.com
5   wesley.tiu@lw.com

6   LATHAM & WATKINS LLP
7   Joseph H. Lee, SBN 248046
    650 Town Center Drive, 20th Floor
8   Costa Mesa, CA 92626
    Telephone: (714) 540-1235
9   joseph.lee@lw.com

10  LATHAM & WATKINS LLP
11  Regina Wang, SBN 326262
    10250 Constellation Blvd., Suite 1100
12  Los Angeles, CA 90067
    Telephone: (424) 653-5500
13  regina.wang@lw.com

14  *Attorneys for Plaintiffs*

15  *Additional Counsel Below*

16

17              **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                      **OAKLAND DIVISION**

20  COALITION ON HOMELESSNESS, et al.        CASE NO. 4:22-cv-05502-DMR

21                          Plaintiffs.       **PLAINTIFFS' [PROPOSED ORDER]**
                                              **REGARDING DEFENDANTS'**
22          v.                                **ADMINISTRATIVE MOTION FOR**
                                              **EXTENDED BRIEFING SCHEDULE**
23  CITY AND COUNTY OF SAN FRANCISCO,         **AND RELATED ORDERS**
24  et al.,

25                          Defendants.       Hon. Judge Donna M. Ryu

26                                            Date Action Filed: September 27, 2022

27

28

**[PROPOSED] ORDER**

This matter comes before the Court on Defendants' Administrative Motion for an Extended Briefing Schedule. Having carefully considered the motion and the papers submitted, and for good cause shown, it is hereby **ORDERED** as follows:

1.     Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction shall be due on November 15, 2022. Plaintiffs' reply shall be due December __, 2022. The Court shall conduct a hearing on Plaintiffs' Motion on December __, 2022.

2.     Defendants must promptly meet and confer with Plaintiffs pursuant to Rule 26(f) as soon as practicable, and in any event no later than seven days from the date of this order.

3.     During the extended briefing schedule and until the Court rules on Plaintiffs' motion, Defendants shall:

a.     Provide notice of the date, time, and cross street location of any planned homeless encampment resolution scheduled by or involving the Healthy Streets Operation Center, Department of Public Works ("DPW"), San Francisco Police Department ("SFPD"), or any other City agency to Plaintiffs' counsel in writing 72 hours before any planned homeless encampment resolution; updated notice shall be provided if the City's schedule changes within the 72-hour notice period.

b.     Disclose, on a weekly basis to Plaintiffs' counsel, all SFPD incident reports and dispatches from that week regarding SFPD's interactions with unhoused residents, by identifying any records responsive to the following targeted searches:

i.     Incident reports and dispatches connected to arrests or citations for the following state and municipal offenses:  Cal. Penal Code § 647(e) (no lodging without permission); S.F. Police Code §§ 97(b), 168-169 (anti-camping and "sit/lie" ordinances, prohibition on living in passenger vehicles); S.F. Park Code §§ 3.12-3.13; S.F. Port Code §§ 2.9-2.10 (no lodging or sleeping);  Cal. Penal Code §§ 370, 372; S.F. Health Code §§ 581, 596 (public nuisance, including obstructing streets or sidewalks); and Cal. Penal Code § 148(a) (willfully resisting city staff discharging their duties).

LATHAM&WATKINS LLP  US-DOCS\136639125.2
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' PROPOSED ORDER ON
DEFS.' ADMIN. MOT.TO EXT. BRIEF. SCH
CASE NO. 4:22-CV-05502-DMR

ii.    SFPD complaints, incident reports, incident tickets, or dispatch logs responsive to the following electronic search terms: "homeless" AND "encampment"; or "homeless" AND "tent," as well as incident and dispatch reports that are searchable by the following two incident codes: 915—homeless related calls; 919—person sitting/lying on sidewalk.[1]

c.    Disclose, on a weekly basis to Plaintiffs' counsel, all logs maintained by DPW from that week regarding interactions with unhoused individuals, including any bag and tag logs of unhoused individuals' personal property; and

d.    Disclose, on a weekly basis to Plaintiffs' counsel, the daily shelter bed availability records maintained by the San Francisco Department of Homelessness and Supportive Housing.

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants request that the Court *only* provide incident reports and dispatch records related to incident code 915—"homeless related calls." 915 call logs alone are plainly insufficient when 919 call logs directly address SFPD enforcement of sit/lie laws, which Defendants are enforcing against unhoused individuals as identified in the PI Motion. Similarly, this data would not necessarily include any records that directly address whether Defendants are enforcing anti-lodging and sit/lie laws against unhoused individuals. Incident reports related to criminal enforcement should be searched out specifically, as identified above. Finally, electronic searches of incident reports that include the words "encampment" or "tent" and also the word "homeless" will result in responsive records regarding SFPD interactions with unhoused individuals that would not otherwise be captured by any other search. These are simple electronic searches that should not be burdensome for SFPD to complete. They were designed by Plaintiffs' counsel after successfully retrieving related information from SFPD in prior Public Records Act requests.

LATHAM&WATKINS^LLP  US-DOCS\136639125.2
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' PROPOSED ORDER ON
DEFS.' ADMIN. MOT.TO EXT. BRIEF. SCH
CASE NO. 4:22-CV-05502-DMR