LATHAM & WATKINS LLP
Alfred C. Pfeiffer, SBN 120965
Wesley Tiu, SBN 336580
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Regina Wang, SBN 326262
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
regina.wang@lw.com

*Attorneys for Plaintiffs*

*Additional Counsel Below*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.<br><br>Plaintiffs.<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' [~~PROPOSED~~ ORDER] REGARDING DEFENDANTS' ADMINISTRATIVE MOTION FOR EXTENDED BRIEFING SCHEDULE AND RELATED ORDERS \*\*\*AS MODIFIED\*\*\***<br><br>Hon. Judge Donna M. Ryu<br><br>Date Action Filed: September 27, 2022 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' PROPOSED ORDER ON
DEFS.' ADMIN. MOT.TO EXT. BRIEF. SCH
CASE NO. 4:22-CV-05502-DMR

**[PROPOSED] ORDER**

This matter comes before the Court on Defendants' Administrative Motion for an Extended Briefing Schedule. Having carefully considered the motion and the papers submitted, and for good cause shown, it is hereby **ORDERED** as follows:

1. Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction shall be due on November 15, 2022. Plaintiffs' reply shall be due December 1, 2022. The Court shall conduct a hearing on Plaintiffs' Motion on December 22, 2022 at 1:00 p.m.

2. ~~Defendants must promptly meet and confer with Plaintiffs pursuant to Rule 26(f) as soon as practicable, and in any event no later than seven days from the date of this order~~. The deadline for the parties' Rule 26(f) conference was set forth in the Order Setting Initial Case Management conference and ADR Deadline. [*See* Docket No. 14.] The Rule 26(f) conference shall go forward pursuant to that Order. However, the parties shall meet and confer to determine whether any discovery is necessary to complete the briefing on Plaintiffs' motion for a preliminary injunction. By no later than October 21, 2022, the parties shall file a joint letter that does not exceed two pages setting forth any agreements about such discovery. If disputes remain after meeting and conferring, the parties' two-page letter shall set forth each side's position on what specific discovery is necessary for the preliminary injunction motion and why, along with the other side's response thereto.

3. During the extended briefing schedule and until the Court rules on Plaintiffs' motion, Defendants shall:

   a. Provide notice of the date, time, and cross street location of any planned homeless encampment resolution scheduled by or involving the Healthy Streets Operation Center, Department of Public Works ("DPW"), San Francisco Police Department ("SFPD"), or any other City agency to Plaintiffs' counsel in writing 72 hours before any planned homeless encampment resolution; updated notice shall be provided if the City's schedule changes within the 72-hour notice period.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

US-DOCS\136639125.2

2

PLAINTIFFS' PROPOSED ORDER ON DEFS.' ADMIN. MOT.TO EXT. BRIEF. SCH
CASE NO. 4:22-CV-05502-DMR

     b.    ~~Disclose, on a weekly basis to Plaintiffs' counsel, all SFPD incident reports and dispatches from that week regarding SFPD's interactions with unhoused residents, by identifying any records responsive to the following targeted searches:~~

         ~~i.    Incident reports and dispatches connected to arrests or citations for the following state and municipal offenses: Cal. Penal Code § 647(e) (no lodging without permission); S.F. Police Code §§ 97(b), 168-169 (anti-camping and "sit/lie" ordinances, prohibition on living in passenger vehicles); S.F. Park Code §§ 3.12-3.13; S.F. Port Code §§ 2.9-2.10 (no lodging or sleeping); Cal. Penal Code §§ 370, 372; S.F. Health Code §§ 581, 596 (public nuisance, including obstructing streets or sidewalks); and Cal. Penal Code § 148(a) (willfully resisting city staff discharging their duties).~~

         ~~ii.    SFPD complaints, incident reports, incident tickets, or dispatch logs responsive to the following electronic search terms: "homeless" AND "encampment"; or "homeless" AND "tent," as well as incident and dispatch reports that are searchable by the following two incident codes: 915 – homeless related calls; 919 – person sitting/lying on sidewalk.[1]~~ <u>The parties shall immediately meet and confer to determine whether they can reach agreement on search terms with respect to Plaintiffs' request for production of SFPD incident reports and dispatches on a weekly basis. By no later than October 21, 2022, the parties shall file a joint letter that does not exceed two pages setting forth any agreement about such search</u>

---

[1] ~~Defendants request that the Court *only* provide incident reports and dispatch records related to incident code 915 – "homeless related calls." 915 call logs alone are plainly insufficient when 919 call logs directly address SFPD enforcement of sit/lie laws, which Defendants are enforcing against unhoused individuals as identified in the PI Motion. Similarly, this data would not necessarily include any records that directly address whether Defendants are enforcing anti-lodging and sit/lie laws against unhoused individuals. Incident reports related to criminal enforcement should be searched out specifically, as identified above. Finally, electronic searches of incident reports that include the words "encampment" or "tent" and also the word "homeless" will result in responsive records regarding SFPD interactions with unhoused individuals that would not otherwise be captured by any other search. These are simple electronic searches that should not be burdensome for SFPD to complete. They were designed by Plaintiffs' counsel after successfully retrieving related information from SFPD in prior Public Records Act requests.~~

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

US-DOCS\136639125.2

3

PLAINTIFFS' PROPOSED ORDER ON
DEFS.' ADMIN. MOT. TO EXT. BRIEF. SCH
CASE NO. 4:22-CV-05502-DMR

<u>terms. If the parties are unable to reach an agreement, the parties' two-page joint letter shall set forth Plaintiffs' proposed search terms and an explanation as to why they are necessary, along with Defendants' position on why the use of such terms is too burdensome and/or not feasible.</u>

c.  Disclose, on a weekly basis to Plaintiffs' counsel, all logs maintained by DPW from that week regarding interactions with unhoused individuals, including any bag and tag logs of unhoused individuals' personal property.<u>.</u> <s>; and</s>

d.  <s>Disclose, on a weekly basis to Plaintiffs' counsel, the daily shelter bed availability records maintained by the San Francisco Department of Homelessness and Supportive Housing.</s>

<u>Pursuant to Civil Local Rule 5-1(d)(7) and the court's Standing Order, Plaintiffs shall submit chambers copies of their Motion for a Preliminary Injunction to be delivered to the Oakland courthouse by no later than October 21, 2022. All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing stamp (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two inches thick, the chambers copy shall be placed in a binder.</u>

**IT IS SO ORDERED.**

Dated: October 18, 2022

_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

*IT IS SO ORDERED* [signature: Donna M. Ryu]

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

US-DOCS\136639125.2

4

PLAINTIFFS' PROPOSED ORDER ON
DEFS.' ADMIN. MOT. TO EXT. BRIEF. SCH
CASE NO. 4:22-CV-05502-DMR