

CITY AND COUNTY OF SAN FRANCISCO                          OFFICE OF THE CITY ATTORNEY

DAVID CHIU
City Attorney

EDMUND T. WANG
Deputy City Attorney

Direct Dial:  (415) 554-3857
Email:  edmund.wang@sfcityatty.org

October 21, 2022

Magistrate Judge Donna M. Ryu
United States District Court, Northern District
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

Dear Judge Ryu:

Pursuant to this Court's direction, the parties met and conferred regarding discovery for Plaintiffs' preliminary injunction motion ("PI Motion") and "any agreements about such discovery." Dkt. No. 34. Unfortunately, the parties have been unable to make any such agreements. We therefore submit this joint letter concerning "each side's position on what specific discovery is necessary for the preliminary injunction motion and why, along with the other side's response thereto." *Id.* The parties have attached as Exhibits A & B to this letter competing proposed orders.

**Plaintiffs' Position:** Plaintiffs have presented significant aggregated evidence with the PI Motion that more than sufficiently supports the motion. However, discovery is necessary to the extent that Defendants seek to undermine Plaintiffs' aggregate data by relying on information about specific sweep operations within Defendants' sole custody and control and to which there is no public access. Defendants have an incentive to only include records that suit their argument and to exclude those that do not. Plaintiffs therefore request that if Defendants use database records within their control which Plaintiffs cannot access, Defendants should be compelled to produce *all* such relevant records at the time their opposition is filed.

During the meet and confer, Plaintiffs identified several document categories Defendants may put at issue in opposition, and Defendants reserved the right to do so. Plaintiffs specifically inquired about records Defendants may selectively rely on in their opposition: (1) the underlying SFPD database of individual citation/arrest and incident reports; (2) underlying HSH records Defendants may use to suggest that HSH has offered shelter to specific individuals; and (3) underlying HSOC records regarding interactions with specific unhoused individuals/encampments. *None* of these episode-specific records were available to Plaintiffs under the Public Records Act.

Plaintiffs discussed three potential resolutions with Defendants: (1) consent to discovery as to the relevant document categories; (2) agree to provide all non-privileged documents Defendants will draw from for their opposition; or (3) agree not to use or rely on publicly unavailable information such as SFPD records or HSH reports related to specific individuals or specific encampments for purposes of the PI Motion. *See* Exhibit C (attorney correspondence following meet and confer). Defendants rejected these proposals and encouraged Plaintiffs to wait and see their opposition. But waiting to seek discovery until after Defendants' opposition will prejudice Plaintiffs' ability to timely respond and will further delay the full hearing of Plaintiffs' emergency motion. Defendants have already received a four-week extension on the hearing date while refusing to agree to a Fed. R. Civ. P. 26(f) conference to allow discovery to take place. Defendants should not be permitted to further stall discovery at Plaintiffs' expense.

Plaintiffs only seek a narrow set of documents to which Defendants have sole access. Defendants intend to put these same records at issue by relying on them in their opposition. And

Magistrate Judge Donna M. Ryu
October 21, 2022
Page 2

time is of the essence as Defendants continue to violate the constitutional rights of unhoused individuals even after Plaintiffs filed their case (Dkt. No. 30-3). Thus, Plaintiffs' request for expedited discovery is appropriately tailored, not overly burdensome, and supported by good cause. *See Kremen v. Cohen*, No. 5:11–cv–05411–LHK, 2011 WL 6113198, at *10 (N.D. Cal. Dec. 7, 2011) ("Plaintiff's expedited discovery requests are all related to his motion for a preliminary injunction and are narrowly tailored to discover evidence necessary to prove the probability of prevailing on the merits of his case"); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002).

**San Francisco's position:** "The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012) (citation omitted). Plaintiffs fail to meet their burden. The factors considered are: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* "[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction"—it must be necessary for and narrowly tailored to the motion. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *Rovio Ent. Ltd.*, 907 F. Supp. 2d at 1099-1100 (no "good cause" for "expedited discovery" where plaintiff "has not clearly shown that the information it seeks is needed on an expedited basis to obtain a preliminary injunction.").

Plaintiffs have not shown any need for expedited discovery for their pending motion. Plaintiffs "dedicated the last three years," and over 10,000 person-hours to building their case and assembling evidence. Pls. Mot., at 1 (Dkt. #9); Friedenbach Decl. ¶¶ 17-20 (Dkt. #9-3). This "preparation" included "extensive public records requests to various San Francisco city agencies." Della-Piana Decl. ¶¶ 29, 32-34, 37-38, 41, 43 (Dkt. # 9-2); Pls. Exs. 28-30, 33-34, 37, 39 (Dkt. #9-8, at 19-31, 240-46, 396-98, 447-49). And plaintiffs have submitted the evidence they deemed sufficient to support their motion, which they have collected through the foregoing public records requests. And San Francisco has agreed to provide certain information during the pendency of their motion. *See* Dkt. #34. Accordingly, there is no good cause here. *See Freelancer Int'l Pty Ltd. v. Upwork Glob., Inc.*, No. 20-CV-06132-SI, 2020 WL 6929088, at *3 (N.D. Cal. Sept. 9, 2020) ("Given that plaintiffs contend the Court could issue a TRO and a preliminary injunction based on public information already available to plaintiffs, these expansive discovery requests are overbroad and unduly burdensome."); *Rovio Ent. Ltd.*, 907 F. Supp. 2d at 1100 ("the Court is unwilling to burden Defendants with expedited discovery that may be nothing more than superfluous evidence in establishing the elements necessary to obtain a preliminary injunction.")

The only reason for expedited discovery articulated by Plaintiffs during meet-and-confers was their desire to know what San Francisco's counsel was considering using in opposing the pending motion. Such discovery is improper. Counsels' evaluation of what evidence it may rely upon is work product. *Cf. Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 661 (D. Nev. 2013) (finding "documents collected by the client at the request of and for use by" counsel "in connection with and in furtherance of ongoing litigation" was opinion work product because they "represent[] the selection and compilation of the documents by [counsel]"). Should Plaintiffs still contend they need discovery after an opposition is filed, any specific requests can be addressed at that time. Any such request is premature now, where the opposition is not due until November 15 and strategy will evolve and coalesce between now and then. Plaintiffs' "offer" that San Francisco hamstring its own ability to defend itself against Plaintiffs'970 pages of briefing and exhibits, including 32 witness declarations, a 106-paragraph expert declaration, and 46 documentary exhibits is a nonstarter. Plaintiffs offer nothing in exchange—they cannot meet their burden to show good cause for expedited discovery. Plaintiffs' contention that their requests—for all documents related to every incident underlying the "aggregate data" from multiple departments—are "narrow" is not well taken. Plaintiffs' "aggregated" SFPD data alone includes over 3,000 incidents. Pls. Ex. 36 (Dkt. #9-8 at 250-395). To the extent Plaintiffs submit substantial new evidence on reply, San Francisco would seek a continuance to address the new reply evidence.

Magistrate Judge Donna M. Ryu
October 21, 2022
Page 3

Respectfully Submitted,


DAVID CHIU
City Attorney
JAMES M. EMERY
EDMUND T. WANG
Deputy City Attorneys


By:  /s/ Edmund T. Wang
Edmund T. Wang

Attorneys for Defendant CITY AND COUNTY OF
SAN FRANCISCO; et al.

By:  /s/ Alfred C. Pfeiffer, Jr.
Alfred C. Pfeiffer, Jr.

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS, et al.

ZAL K. SHROFF
ELISA DELLA-PIANA
Lawyers' Committee for Civil Rights of the San
Francisco Bay Area

JOHN THOMAS H. DO
BRANDON L. GREENE
ACLU Foundation Of Northern California

ALFRED C. PFEIFFER, JR.
WESLEY TIU
JOSEPH H. LEE
KEVIN WU
Latham & Watkins LLP

Magistrate Judge Donna M. Ryu
October 21, 2022
Page 4

## ATTESTATION

I, Edmund T. Wang, am the ECF user whose ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: October 21, 2022                          */s/ Edmund T. Wang*
                                                 Edmund T. Wang