# Exhibit C

# Exhibit C

| | |
|---|---|
| **From:** | Zal Shroff <zshroff@lccrsf.org> |
| **Sent:** | Friday, October 21, 2022 8:49 AM |
| **To:** | Wang, Edmund (CAT); Emery, Jim (CAT); Wang, Regina (CC); Snodgrass, Wayne (CAT) |
| **Cc:** | Tiu, Wesley (Bay Area); John Do; Hadley Rood; Pfeiffer, Al (Bay Area); Gurer, Tulin (Bay Area); Neda Shahram; Lee, Joseph (OC); Brandon Greene; Mitchell, Rachel (SD); Kira Setren; Elisa Della-Piana; #SF PRO BONO - UNHOUSED PERSONS LITIGATION |
| **Subject:** | Re: New Litigation: Coalition on Homelessness et al. v. CCSF et al. |

Ed:

Once again, Plaintiffs do not seek to preclude Defendants from any line of argument or factual line of defense. To suggest otherwise is simply false. We are seeking discovery regarding documents you may choose to put at issue at the preliminary injunction hearing. Consistent with the meet and confer order, we identified examples of such documents and potential compromises to forgo discovery. You declined to confirm whether or not Defendants would be using any such documents and refused to provide them. We will therefore seek access to those underlying records so Plaintiffs are equipped to address them in conjunction with the motion. That request is reasonable and appropriately tailored to the issues in the motion. As agreed, we will await your portions of the dpw joint letters at 12PM today.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Thursday, October 20, 2022 at 6:40 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Regina Wang (CC)" <Regina.Wang@lw.com>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>
**Cc:** Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: New Litigation: Coalition on Homelessness et al. v. CCSF et al.

As we discussed today, we are conferring with HSH about when weekly daily allocation summaries can be provided. Apologies if I was unclear about that. I merely want to be clear that the request for HSH daily allocation summaries are being treated as continuing PRA requests as we proposed. Plaintiffs never "determined it was unnecessary to incorporate these disclosures into the Court Order." Plaintiffs rejected our proposal and argued for its inclusion in the joint letter. We will keep you updated on when the HSH responses can be made on the same days as DPW information.

Plaintiffs appear to contend that in opposing Plaintiffs' preliminary injunction motion, Defendants should be precluded from relying on a document unless it has been the subject of expedited discovery. If that is Plaintiffs' position, I am merely asking whether Plaintiffs would be willing to provide any authority they have to support that point before we receive your portion of the joint letter tomorrow afternoon. Thanks.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Thursday, October 20, 2022 5:55 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Regina Wang (CC) <Regina.Wang@lw.com>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>
**Cc:** Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: New Litigation: Coalition on Homelessness et al. v. CCSF et al.

Hi Ed:

You represented the following to the Court in our joint letter: "San Francisco proposed that it treat plaintiffs' request for weekly HSH reporting as a continuing public records request […] And there is no need to include it as a condition." *See* Dkt No. 33. Plaintiffs relied on your representations as did the Court when it determined it was unnecessary to incorporate these disclosures into the Court order. Please clarify whether you will abide by the representations. If not, we will raise this again with the Court.

We do not understand your request for authority. We are not hamstringing any arguments you may wish to make. We have simply identified that we will need discovery related to document databases that you may rely on in Defendants' opposition and to which Plaintiffs do not have access. You are refusing to provide us with those records but admit you may well selectively use them in your opposition. We will therefore be seeking these records from the Court in discovery as identified in the Court's most recent order. Dkt. No. 34.

In the interest of compromise, however, we have flagged in our previous email that there are other options: (1) as you yourself suggested, the City can simply agree to give us all relevant records from each database you will draw from in your opposition; or (2) if you aren't going to use the records we don't have access to, you can simply stipulate to that fact. If neither of these approaches are amenable to you, you have our position on the specific discovery we will be seeking from the Court in our joint letter tomorrow.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Thursday, October 20, 2022 at 4:08 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Regina Wang (CC)" <Regina.Wang@lw.com>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>
**Cc:** Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: New Litigation: Coalition on Homelessness et al. v. CCSF et al.

I write to clarify that we never agreed to provide weekly PRA disclosures of daily allocation summaries. In the spirit of cooperation, we will confer with HSH about treating Plaintiffs' request as a continuing public records request and what the timeline for responding to such a continuing public records request might look like. I note that we proposed this compromise during our prior meet and confer and plaintiffs rejected it. As a result, HSH's daily allocation summaries are not a part of the Court's order. That said, we will see what will be practical for HSH during the pendency of Plaintiffs' preliminary injunction motion.

In addition, to facilitate our meet and confer, if you have any authority that supports your contention that the universe of evidence available to Defendants to oppose a preliminary injunction can or should be restricted and/or limited under some circumstances, please provide it. I am not aware of any. Defendants will not agree to hamstring its own defense against Plaintiffs' motion. Thanks.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Thursday, October 20, 2022 2:15 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Regina Wang (CC) <Regina.Wang@lw.com>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>

**Cc:** Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: New Litigation: Coalition on Homelessness et al. v. CCSF et al.

Hi Ed:

Thank you for speaking with us today. We are following up regarding the parties' discussion and next steps.

1. **Weekly Court Ordered & Agreed PRA Disclosures.** The City Attorney's Office will follow up with Defendants to confirm when we will begin to receive the 72-hour notices required by the Court's most recent order (Dkt. No. 34). We have heard reports of sweeps this week but have not yet received the required notices. Please confirm with your clients that we will start receiving the required 72-hour notices by the end of this week.

    You have agreed to follow up with DPW to confirm when we will get our first disclosures next week, and to confirm whether Monday or Tuesday can be an agreed upon day for our weekly disclosures. You have also agreed to have the same conversation with HSH regarding their weekly PRA disclosures of daily shelter availability, which we would appreciate receiving on the same day of the week as the DPW disclosures. Please provide us an update at your earliest convenience.

2. **SFPD Search Terms.** To accommodate any concern about the burden of culling relevant incident reports based on statutory offense or 311 response code, we are willing to compromise by having SFPD run the following electronic search terms in its incident report/dispatch database on a weekly basis: "homeless" AND "tent"; "homeless" AND "encampment." While by no means exhaustive, these search terms are easy to run and SFPD has used them before to provide us quick responses to public records act requests. I am attaching a response letter from SFPD where they identify using these search terms in response to a PRA request. I am also attaching the summary output spreadsheet we received. For clarity, this is the compromise we would seek to have included in the Court's order:

    > Disclose, on a weekly basis to Plaintiffs' counsel, all SFPD citation and arrest records, incident reports, complaints, incident tickets, and dispatch logs from that week regarding SFPD's interactions with unhoused residents, by identifying any records responsive to the following electronic record search terms: "homeless" AND "encampment"; or "homeless" AND "tent."

3. **Topics of Discovery for the Preliminary Injunction Hearing.** Defendants have indicated that they are unwilling or not yet prepared to say what sets of documents may be relied upon in opposition to Plaintiffs' motion. However, to the extent that opposition will come from specific records and databases in Defendants' sole custody and control, and to which Plaintiffs have had no access via Public Records Act requests, Plaintiffs will require access to the full set of those records so that they can properly respond to Defendants' opposition. These are the particular sets of documents we discussed today:

    a. Underlying SFPD incident reports related to the thousands of citations and arrests that are the subject of Plaintiffs' preliminary injunction motion.
    b. Underlying HSH shelter records related to whether HSH has in fact offered shelter to the thousands of individuals the City has subjected to citation and arrest.
    c. Underlying HSOC records regarding interactions with specific unhoused individuals or encampments.
    d. City agency correspondence regarding homeless encampments that the City will use to suggest that it does comply with legal requirements.

    If Defendants are reserving the right to use this kind of specific factual evidence in opposition to Plaintiffs' motion—and to which Plaintiffs have had no fair access—then Plaintiffs find these to be critical areas for written discovery for our reply. It seems from today's conversation that Defendants are reserving the right to use all of these records

in opposition to Plaintiffs' motion. Therefore, we will seek relevant discovery as to at least these issues. We understand that Defendants will oppose that request.

There are two alternative proposals for the parties to consider. As you raised, if Defendants will agree to disclosing the full universe of documents/databases it will draw from in its opposition—before the time that Defendants' opposition is due—Plaintiffs would be amenable to that compromise. (E.g. If Defendants rely on select SFPD incident reports, *all* incident reports will be shared with Plaintiffs' counsel; the same for HSH records, etc.).

Separately, Defendants can simply stipulate to close the universe of factual dispute for the purposes of the preliminary injunction motion. For example, Defendants could agree as follows: Defendants will not rely on underlying SFPD incident reports or underlying HSH records related to specific unhoused individuals or specific encampments in responding to Plaintiffs' preliminary injunction motion.

4. **Follow-Up Regarding Previous PRA Requests.** You have asked us to share more information about the PRA requests we submitted to various City agencies regarding these issues in the past. As discussed, we refer you to the filings in support of our preliminary injunction motion that contain this detailed information. *See* Della-Piana Decl. ¶¶ 29-44 (Dkt. #9-2); id. Exh. 17 (Dkt. #9-7); id. Exhs. 26-40 (Dkt. #9-8).

5. **Logistics for Preparing our Joint Letters.** You have agreed to send us Defendants' portions of the joint letters by 12PM tomorrow. We will then respond with our sections so that the parties can file the joint letters by COB tomorrow.

We appreciate your attention to these matters.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Wednesday, October 19, 2022 at 10:04 AM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Regina Wang (CC)" <Regina.Wang@lw.com>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>
**Cc:** Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: New Litigation: Coalition on Homelessness et al. v. CCSF et al.

Thursday, 9:00 a.m.-10:00 a.m., will work best.  Thanks.

Ed

**Edmund T. Wang** (he/him)

Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Tuesday, October 18, 2022 7:58 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Regina Wang (CC) <Regina.Wang@lw.com>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>
**Cc:** Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; 'SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com' <SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com>
**Subject:** Re: New Litigation: Coalition on Homelessness et al. v. CCSF et al.

Hi Jim and Ed:

We are available to meet and confer pursuant to the Court's most recent order on Thursday 9AM-10AM or 12:30PM-2PM. Please advise your availability.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org