

| CITY AND COUNTY OF SAN FRANCISCO | OFFICE OF THE CITY ATTORNEY |
|---|---|
| DAVID CHIU<br>City Attorney | EDMUND T. WANG<br>Deputy City Attorney |
| | Direct Dial: (415) 554-3857<br>Email: edmund.wang@sfcityatty.org |

October 21, 2022

Magistrate Judge Donna M. Ryu
United States District Court, Northern District
Oakland Courthouse
Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re:   *Coalition on Homelessness, et al. v. City and County of San Francisco, et al.*
             United States District Court Case No. 4:22-cv-05502-DMR

Dear Judge Ryu:

      Pursuant to Court order, *see* Dkt. 34, the parties have met and conferred, and submit this joint letter regarding the proposed weekly disclosure of certain San Francisco Police Department ("SFPD") information during the pendency of Plaintiffs' preliminary injunction motion. The parties have attached as Exhibits A & B to this letter competing proposed orders.

      **Plaintiffs' position:** Plaintiffs proposed specific search terms successfully used in past public records requests for SFPD to consider in advance of the parties' last joint letter. *See* Dkts. 33, 33-1. Defendants have asserted that those previously successful search terms are overly burdensome to conduct on a weekly basis because they will require accessing paper records. Defendants have also raised concerns that the records sought will be over-inclusive. During the parties' meet-and-confer, Plaintiffs proposed a compromise to address both of these issues raised by Defendants:

> *Disclose, on a weekly basis to Plaintiffs' counsel, all SFPD citation and arrest records, incident reports, complaints, incident tickets, and dispatch logs from that week regarding SFPD's interactions with unhoused residents, by identifying any records responsive to the following <u>electronic record search terms</u>: "homeless" AND "encampment"; or "homeless" AND "tent."*

      Plaintiffs' proposed solution clarifies that SFPD need not search through paper records, and can provide only documents that are electronically searchable. Furthermore, rather than continuing to request documents by citation/arrest/dispatch code category—which SFPD claimed could be overinclusive and burdensome—Plaintiffs' proposed solution is to run electronic search terms narrowly targeted to Plaintiffs' claims. SFPD itself previously proposed using similar terms in response to prior Public Records Act Requests. *See* Dkt. 9-8 at 248.

      Defendants contend that this request would be burdensome for SFPD to meet on a weekly basis because SFPD cannot produce this information rapidly enough. But it took SFPD only three weeks to search out *a full year's worth* of summary data in response to a recent public records

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Magistrate Judge Donna M. Ryu
October 21, 2022
Page 2

request from Plaintiffs to SFPD on September 13, 2022. *See* Exhibit C. SFPD has refused to explain how the far more limited electronic search Plaintiffs now request is impossible to run efficiently.

Critically, SFPD's counterproposal is no less burdensome than the one proposed by Plaintiffs. But SFPD's proposal would result in broadly withholding critical documents regarding SFPD's law enforcement interactions with unhoused San Franciscans. For example, SFPD's proposed search terms explicitly exclude electronic records from 919 call logs that directly address SFPD enforcement of sit/lie laws. SFPD's proposed terms also exclude incident reports in the electronic database related to Cal. Penal Code § 148(a), which SFPD has unquestionably enforced against thousands of unhoused individuals in recent years.

Plaintiffs' proposed search terms across the whole electronic database is therefore a reasonable compromise that both ensures production of the necessary documents and creates no undue burden. Similar search terms were originally crafted by SFPD, and would be narrowly applied to electronic records only, for just a week of records at a time.

**San Francisco's position:**  San Francisco offered to provide on a weekly basis a report of incidents where misdemeanor citations were issued for Cal. Penal Code § 647(e) (lodging without permission) and Cal. Penal Code §§ 370, 372 (public nuisance); and a report of dispatches with incident code 915 (homeless calls for service).

During the parties' meet-and-confer, Plaintiffs referred San Francisco to a document previously produced by SFPD in response to a public records request, which response and document were attached as exhibits to Plaintiffs' preliminary injunction motion. *See* Pls. Ex. 35, 36 (Dkt. #9-8 at 247-395). Plaintiffs indicated that said document (Pls. Ex. 36 (Dkt. #9-8 at 250-395) was the information they are looking for now on a weekly basis. The prior public records request response included the information that San Francisco is now offering; it also included, however, additional information that is less practical for SFPD to produce on a weekly basis during the pendency of Plaintiffs' preliminary injunction motion (*e.g.*, incidents where citations were issued for infractions under local ordinances, many of which are issued in paper form, and overinclusive reports of citations for Cal. Penal Code § 148(a) (resisting, delaying, or obstructing peace officer duties), many of which incidents do not involve unhoused individuals).

That SFPD has produced such information in response to a public records request is not evidence that a weekly disclosure would be feasible. Rather, Plaintiffs' exhibits show the opposite. Plaintiffs first submitted their request on September 9, 2021. *See* Pls. Ex. 33 (Dkt. #9-8 at 241-42). And extensions of time to respond were requested in order to compile the information from multiple sources. Plaintiff's exhibits show that the response to the relevant portion of Plaintiffs' request was not completed until November 4, 2021. *See* Pls. Exs. 35, 36 (Dkt. #9-8 at 247-395). And Plaintiffs' Exhibit C here shows a three-and-a half week period to respond. Plaintiffs' demand for the same information on a weekly basis would be burdensome, requiring SFPD redeploy finite staff resources to a task of limited relevance to the pending motion. San Francisco has offered its best compromise (citations for lodging without permission and public nuisance, and dispatches for homeless calls for service) to directly address the information sought by Plaintiffs, "SFPD's interactions with unhoused residents" (Dkt. #30-4 ¶ 3(b)).

C<small>ITY AND</small> C<small>OUNTY OF</small> S<small>AN</small> F<small>RANCISCO</small>   O<small>FFICE OF THE</small> C<small>ITY</small> A<small>TTORNEY</small>

Magistrate Judge Donna M. Ryu
October 21, 2022
Page 3

        Respectfully Submitted,

        DAVID CHIU
        City Attorney
        JAMES M. EMERY
        EDMUND T. WANG
        Deputy City Attorneys

By: */s/ Edmund T. Wang*
        Edmund T. Wang

        Attorneys for Defendant CITY AND COUNTY OF
        SAN FRANCISCO; et al.

        ZAL K. SHROFF
        ELISA DELLA-PIANA
        Lawyers' Committee for Civil Rights of the San
        Francisco Bay Area

        JOHN THOMAS H. DO
        BRANDON L. GREENE
        ACLU Foundation Of Northern California

        ALFRED C. PFEIFFER, JR.
        WESLEY TIU
        JOSEPH H. LEE
        KEVIN WU
        Latham & Watkins LLP

By: */s/ Zal K. Shroff*
        Zal K. Shroff

        Attorneys for Plaintiffs
        COALITION ON HOMELESSNESS, et al.

Magistrate Judge Donna M. Ryu
October 21, 2022
Page 4

## ATTESTATION

I, Edmund T. Wang, am the ECF user whose ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: October 21, 2022					/s/ Edmund T. Wang
							Edmund T. Wang