1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  JAMES M. EMERY, State Bar #153630
   EDMUND T. WANG, State Bar #278755
6  Deputy City Attorneys
   City Hall, Room 234
7  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
8  Telephone:    (415) 554-4628 (Emery)
                 (415) 554-3857 (Wang)
9  Facsimile:    (415) 554-4699
   E-mail:       jim.emery@sfcityatty.org
10               edmund.wang@sfcityatty.org

11 Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO, et al.

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 COALITION ON HOMELESSNESS; TORO          Case No. 4:22-cv-05502-DMR
   CASTAÑO; SARAH CRONK; JOSHUA
16 DONOHOE; MOLIQUE FRANK; DAVID            **DEFENDANTS' NOTICE OF MOTION AND
   MARTINEZ; TERESA SANDOVAL;               MOTION TO DISMISS; MEMORANDUM OF
17 NATHANIEL VAUGHN,                        POINTS AND AUTHORITIES IN SUPPORT
                                            OF MOTION TO DISMISS**
18         Plaintiffs,

19         vs.                              Hearing Date:   January 12, 2023
                                            Time:           1:00 p.m.
20 CITY AND COUNTY OF SAN                   Before:         Hon. Donna M. Ryu
   FRANCISCO; SAN FRANCISCO POLICE          Place:          Courtroom 4 – 3rd floor
21 DEPARTMENT; SAN FRANCISCO                                1301 Clay Street
   DEPARTMENT OF PUBLIC WORKS; SAN                          Oakland CA 94612
22 FRANCISCO DEPARTMENT OF
   HOMELESSNESS AND SUPPORTIVE              Trial Date:     None set.
23 HOUSING; SAN FRANCISCO FIRE
   DEPARTMENT; SAN FRANCISCO
24 DEPARTMENT OF EMERGENCY
   MANAGEMENT; LONDON BREED, in her
25 official capacity as Mayor; and SAM DODGE,
   in his official capacity as Director of the
26 Healthy Streets Operation Center (HSOC),

27         Defendants.

28

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS ....................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

INTRODUCTION AND BACKGROUND ........................................................................... 2

SUMMARY OF ARGUMENT .............................................................................................. 2

ARGUMENT ............................................................................................................................ 3

    I.      The Departmental Defendants Should be Dismissed Because They Lack
           Capacity to Sue and be Sued ................................................................................ 4

    II.     The Individual Defendants, Sued Solely in Their Official Capacities, Should be
           Dismissed Because They Are Superfluous. ........................................................ 8

    III.    The Thirteenth Cause of Action for Conspiracy Should be Dismissed Because
           Conspiracy Requires Multiple Actors. ............................................................... 8

CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Advsr, LLC v. Magisto Ltd.*
    No. 19-cv-02670-JCS, 2020 WL 978610 (N.D. Cal. Feb. 28, 2020) ...................................7

*Armstrong v. Reynolds*
    22 F.4th 1058 (9th Cir. 2022) ...........................................................................................3, 9

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)...........................................................................................................3, 4

*Avalos v. Baca*
    517 F. Supp. 2d 1156 (C.D. Cal. 2007) ...............................................................................10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)................................................................................................................4

*Benningfield v. City of Houston*
    157 F.3d 369 (5th Cir. 1998) .................................................................................................9

*Blunt v. Cnty. of Sacramento*
    No. 04-1743, 2006 WL 509539 (E.D. Cal. Mar. 2, 2006)...................................................11

*Brever v. Rockwell Int'l Corp.*
    40 F.3d 1119 (10th Cir. 1994) ...............................................................................................9

*Brown v. Alexander*
    No. 13-cv-01451-RS, 2013 WL 6578774 (N.D. Cal. Dec. 13, 2013) ...................................11

*Bueno v. Chang*
    No. CV1603450PHXDGCJZB, 2017 WL 11629023 (D. Ariz. Oct. 6, 2017) .....................10

*Buschi v. Kirven*
    775 F.2d 1240 (4th Cir. 1985) ...............................................................................................9

*Clayton v. Farrell*
    No. CV 12-7210 GAF, 2013 WL 12129383 (C.D. Cal. Nov. 15, 2013)...............................11

*Dasovich v. Contra Costa Cnty. Sheriff Dept.*
    No. 14-CV-00258-MEJ, 2014 WL 3368038 (N.D. Cal. July 8, 2014)...................................8

*Dickerson v. Alachua Cnty. Comm'n*
    200 F.3d 761 (11th Cir. 2000) ...............................................................................................9

*Donahoe v. Arpaio*
    869 F. Supp. 2d 1020 (D. Ariz. 2012) .................................................................................10

*Elowson v. Jea Senior Living*
    No. 2:14–CV–02559–JAM–KJN, 2015 WL 2455695 (E.D. Cal. May 22, 2015) ...................11

*Erickson v. Pardus*
   551 U.S. 89 (2007)...................................................................................................3

*Galbraith v. Cnty. of Santa Clara*
   307 F.3d 1119 (9th Cir. 2002) ................................................................................4

*Gibson v. Off. of Att'y Gen. of California*
   No. CV0700838FMCJCX, 2007 WL 9718549 (C.D. Cal. Feb. 28, 2007) ............10

*Hartline v. Gallo*
   546 F.3d 95 (2d Cir. 2008) ....................................................................................9

*Hasbrouck v. Yavapai Cnty.*
   No. CV-20-08112-PCT-DWL, 2021 WL 321894 (D. Ariz. Feb. 1, 2021) ...............9

*Hoefur v. Fluor Daniel, Inc.*
   92 F. Supp. 2d 1055 (C.D. Cal. 2000) ..............................................................3, 11

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*
   926 F.2d 505 (6th Cir. 1991) .................................................................................9

*Hunt v. City of Portland*
   No. CV 08-802-AC, 2008 WL 11389551 (D. Or. Nov. 19, 2008)..........................10

*Hurry v. Fin. Indus. Regul. Auth. Inc.*
   No. CV-14-02490-PHX-ROS, 2015 WL 11118114 (D. Ariz. Aug. 5, 2015),
   *aff'd*, 782 F. App'x 600 (9th Cir. 2019)...............................................................10

*Ibarra v. City of Watsonville*
   No. 5:12–CV–02271–EJD, 2013 WL 623045 (N.D. Cal. Feb. 15, 2013)..............11

*In re Seagate Tech. LLC*
   326 F.R.D. 223 (N.D. Cal. 2018)............................................................................7

*In re Watts*
   298 F.3d 1077 (9th Cir. 2002) ...............................................................................7

*Jefferson v. City of Fremont*
   73 F. Supp. 3d 1133 (N.D. Cal. 2014) ...................................................................8

*Johari v. City of Tempe*
   No. CV-17-00095-PHX-ROS, 2019 WL 4451348 (D. Ariz. Sept. 17, 2019).........10

*Karim-Panahi v. Los Angeles Police Dep't*
   839 F.2d 621 (9th Cir. 1988) ......................................................................2, 5, 6, 8

*Kentucky v. Graham*
   473 U.S. 159 (1985)................................................................................................8

*Lee v. City of L.A.*
   250 F.3d 668 (9th Cir. 2001) ..................................................................................4

*Leon v. Hayward Building Dep't*
No. 17-cv-02720-LB, 2017 WL 3232486 (N.D. Cal. July 31, 2017)............................5

*Luke v. Abbott*
954 F. Supp. 202 (C.D. Cal. 1997) ........................................................................8

*Meyers v. Starke*
420 F.3d 738 (8th Cir. 2005) ................................................................................9

*Milke v. City of Phoenix*
No. CV-15-00462-PHX-ROS, 2016 WL 5339693 (D. Ariz. Jan. 8, 2016).............10

*Mir v. State Farm Mut. Auto. Ins. Co.*
No. 2:19-CV-03960-SVW-SK, 2019 WL 8355841 (C.D. Cal. Sept. 19, 2019) ........9

*Monell v. Dept. of Soc. Services of City of New York*
436 U.S. 658 (1978)............................................................................................8

*Mory v. City of Chula Vista*
No. 07CV0462, 2008 WL 360449 (S.D. Cal. Feb. 11, 2008) ...............................10

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) ................................................................................3

*Norton v. Arpaio*
No. CV-15-00087-PHX-SPL, 2015 WL 13759956 (D. Ariz. Nov. 20, 2015).....................3, 10

*Novotny v. Great Am. Fed. Sav. & Loan Ass'n*
584 F.2d 1235 (3d Cir. 1978),
vacated on other grounds, 442 U.S. 366 (1979) ...................................................9

*O.H. v. Oakland Unified School Dist.*
No. C-99-5123 JCS, 2000 WL 33376299 (N.D. Cal. Apr. 17, 2000) ....................11

*Owen ex rel. Owen v. United States*
713 F.2d 1461 (9th Cir. 1983) ..............................................................................7

*Papasan v. Allain*
478 U.S. 265 (1986)............................................................................................4

*Parks Sch. of Bus., Inc. v. Symington*
51 F.3d 1480 (9th Cir. 1995) ................................................................................3

*Payne v. County of Calaveras*
No. 1:17-cv-00906-DAD-SKO, 2018 WL 6593347 (E.D. Cal. Dec. 14, 2018) ........5

*Perrin v. Goodrich*
2012 WL 12878757 (C.D. Cal. March 6, 2012)...................................................11

*Portman v. Cnty. of Santa Clara*
995 F.2d 898 (9th Cir. 1993) ................................................................................9

*Poublon v. C.H. Robinson Co.*
  846 F.3d 1251 (2017) ........................................................................................7

*Rabkin v. Dean*
  856 F. Supp. 543 (N.D. Cal. 1994) ...................................................................11

*Rashdan v. Geissberger*, No. C-10-00634 SBA, 2011 WL 197957 (N.D. Cal. Jan. 14, 2011).....11

*Rebel Van Lines v. City of Compton,* 663 F. Supp. 786 (C.D.Cal.1987) .......................................11

*Schmitz v. Mars, Inc.*
  261 F. Supp.2d 1226 (D. Or. 2003) ...................................................................11

*Shaw v. California Dep't of Alcoholic Bev. Control*
  788 F.2d 600 (9th Cir.1986) ........................................................2, 5, 6, 7, 8

*Shroyer v. New Cingular Wireless Servs., Inc.*
  622 F.3d 1035 (9th Cir. 2010) ..........................................................................3

*Singleton v. County of Riverside*
  Case No. EDCV 21-2164 AB (PVC), 2022 WL 1266656
  (C.D. Cal. April 28, 2022) .........................................................................2, 5, 8

*Stapley v. Pestalozzi*
  733 F.3d 804 (9th Cir. 2013) ..........................................................................10

*Stathos v. Bowden*
  728 F.2d 15 (1st Cir. 1984) .............................................................................9

*Streit v. Los Angeles*
  236 F.3d 552 (9th Cir. 2001) .....................................................................2, 5, 6

*Stuart v. City of Scottsdale*
  No. CV-17-01848-PHX-DJH, 2021 WL 977166 (D. Ariz. Mar. 16, 2021),
  aff'd in part, rev'd in part on other grounds, No. 21-15504, 2022 WL 1769783
  (9th Cir. June 1, 2022) .................................................................................3, 9

*Vance v. Cnty. of Santa Clara*
  928 F. Supp. 993 (N.D. Cal. 1996) ................................................................3, 8

*Washington v. Duty Free Shoppers*
  696 F. Supp. 1323 (N.D.Cal.1988) ................................................................11

*Watkins v. City of Oakland*
  No. 17-cv-06002-JCS, 2018 WL 574906 (N.D. Cal. Jan. 26, 2018)..........................7

*Webb v. Cnty. of El Dorado*
  No. 215CV01189KJMEFB, 2016 WL 4001922 (E.D. Cal. July 25, 2016) ...............11

*Welsh v. City and Cnty. of San Francisco*
  No. 93-3722, 1995 WL 415127 (N.D. Cal. June 30, 1995)....................................11

*West v. Am Tel. & Tel. Co.*
    311 U.S. 223 (1940)..................................................................................................7

*Williams v. Conkle*
    No. CV 17-4884-JAK (PLA), 2018 WL 6016123 (C.D. Cal. Sept. 20, 2018).........................11

*Wolde-Giorgis v. Dillard*
    No. CV 06-0289-PHX-MHM, 2006 WL 8440400 (D. Ariz. Sept. 29, 2006)..........................10

*Wright v. Ill. Dep't of Children & Family Servs.*
    40 F.3d 1492 (7th Cir. 1994) ....................................................................................9

*Ziglar v. Abbasi*
    137 S. Ct. 1843 (2017) ............................................................................................9

**State Cases**
*Hagman v. Meher Mount Corp.*
    215 Cal. App. 4th 82 (2013) ..................................................................................6, 7

*Laidlaw Env't Servs., Inc., Loc. Assessment Com. v. Cnty. of Kern*
    44 Cal. App. 4th 346 (1996) ..................................................................................6, 7

*Lawson v. Superior Ct.*
    180 Cal. App. 4th 1372 (2010) ..............................................................................6, 7

*Lejins v. City of Long Beach*
    72 Cal. App. 5th 303 (2021) ..................................................................................6, 7

*Peterson v. City of Long Beach*
    24 Cal.3d 238 (1979) ...........................................................................................6, 7

*Yolo Cnty. Dep't of Soc. Servs. v. Municipal Ct.*
    107 Cal. App. 3d 842 (1980) ....................................................................................6

**Federal Statutes**
42 U.S.C.
    § 1983 .................................................................................................................5
    § 1985 .........................................................................................................9, 10, 11
    § 1985(3) .....................................................................................................9, 10, 11
    § 1986 .................................................................................................................9
    § 1988 .................................................................................................................9

**State Statutes & Codes**
Cal. Evid. Code
    § 200 ..................................................................................................................6
    § 669 ..................................................................................................................7
    § 669.1 ...............................................................................................................7

Cal. Gov. Code
    § 810 ..................................................................................................................7
    § 811.2 ........................................................................................................2, 4, 6, 7

§ 811.9 ....................................................................................................................7
§ 945 ..................................................................................................................2, 4, 6
§ 998.3 ....................................................................................................................7

**San Francisco Statutes, Codes & Ordinances**
S.F. Charter
§ 4.100 ....................................................................................................................4
§ 4.127 ....................................................................................................................4
§ 4.128 ....................................................................................................................4
§ 4.140 ....................................................................................................................4

**Rules**
Fed. R. Civ. P.
Rule 12(b)(6)........................................................................................................1, 3
Rule 17(b) ..........................................................................................................2, 4, 6

**Other References**
Cal. Law Revision Comm. Com., 32 West's Ann. Gov. Code (1995 ed.) § 811.2 .............2, 4, 6, 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND TO THIS COURT:

Please take notice that at 1:00 p.m. on Thursday, January 12, 2023, or as soon thereafter as the matter may be heard, before the Honorable Donna Ryu, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Courtroom 4, 3rd Floor, Oakland, California 94612, Defendants CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED; and SAM DODGE, will move, and hereby do move, to dismiss all claims against the departmental defendants and the individual defendants and the Thirteenth Cause of Action against all defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because the departmental defendants lack capacity to sue or be sued, because the claims against the individual defendants in their official capacity are redundant of the claims against San Francisco, and because no cognizable conspiracy can exist within a single entity.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such other and further matters as may be considered by the Court at the hearing on this Motion.

Dated:  November 3, 2022

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
JAMES M. EMERY
EDMUND T. WANG
Deputy City Attorneys

By:   s/James M. Emery
JAMES M. EMERY
Attorneys for Defendants

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND BACKGROUND

3

4

5

6

7

8

9

Plaintiffs allege San Francisco's customs and practices violate the constitutional rights of unhoused people.  Complaint ¶ 2.  The complaint's thirteen causes of action allege violations of state and federal constitutional protections against excessive punishment, unreasonable search and seizure, and plaintiffs' rights to procedural and substantive due process; violations of federal and state disability access laws; and conspiracy to violate civil rights.  *Id.* ¶¶ 259-334.  In addition to suing the City and County of San Francisco, plaintiffs have named as defendants five city departments and two city officials in their official capacities.  *Id.* ¶¶ 40-55.

10

11

12

13

14

The departmental defendants and the individual defendants are redundant and should be dismissed.  Further, plaintiffs' thirteenth cause of action for conspiracy is deficient because all alleged conspirators – the City and County, five of its municipal departments, and two city officials acting in their official capacity – collectively constitute a single legal entity, and conspiracy requires an agreement between two or more separate people.

15

16

17

For these reasons, set forth more fully below, the Court should dismiss all claims against the departmental defendants and the individual defendants, and should dismiss the thirteenth cause of action for conspiracy against all defendants.

18

## SUMMARY OF ARGUMENT

19

20

21

22

23

24

State law governs a defendant's capacity to be sued in federal court.  Fed. R. Civ. Proc. Rule 17(b).  California's Government Code specifies that public entities "may sue and be sued."  Cal. Gov. Code § 945.  The Government Code's definition of "public entity" is limited to "independent" agencies.  *Id.* § 811.2 & Law Revision Committee comment.  Because the departmental defendants are not independent agencies but constituent elements of San Francisco's executive branch, they lack capacity to be sued under California law and should be dismissed.[1]

25

26

27

28

---

[1]  The Ninth Circuit's contrary interpretation of state law is not controlling, and in any event is limited to police and sheriff's departments.  See *Streit v. Los Angeles*, 236 F.3d 552, 565-56 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 fn. 2 (9th Cir. 1988); *Shaw v. California Dep't of Alcoholic Bev. Control*, 788 F.2d 600, 604-05 (9th Cir.1986); *Singleton v. County of Riverside*, Case No. EDCV 21-2164 AB (PVC), 2022 WL 1266656, at *5 & fn. 3 (C.D. Cal. April 28, 2022).

Where individuals are sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed.  E.g., *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).  Since plaintiffs have sued Mayor Breed and Mr. Dodge in their official capacities, the claims against these individual defendants are duplicative of plaintiffs' claims against San Francisco, and these individual defendants should therefore be dismissed.

Finally, the intracorporate conspiracy doctrine prohibits conspiracy allegations based on an agreement between or among agents of a single legal entity, when the agents act in their official capacities.  The Ninth Circuit has reserved the question whether individual members of a single government entity can form a conspiracy to violate civil rights.  *Armstrong v. Reynolds*, 22 F.4th 1058, 1085 fn. 8 (9th Cir. 2022).  The majority rule among the Circuits that have decided the question, and among district courts within the Ninth Circuit, applies the intracorporate conspiracy doctrine to alleged conspiracies to violate civil rights.  E.g., *Stuart v. City of Scottsdale*, No. CV-17-01848-PHX-DJH, 2021 WL 977166, at *6 (D. Ariz. Mar. 16, 2021), aff'd in part, rev'd in part on other grounds, No. 21-15504, 2022 WL 1769783 (9th Cir. June 1, 2022); *Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2015 WL 13759956, at *5 (D. Ariz. Nov. 20, 2015); *Hoefur v. Fluor Daniel, Inc.*, 92 F. Supp. 2d 1055, 1057 (C.D. Cal. 2000).  This Court should apply the intracorporate conspiracy doctrine to this case and dismiss the thirteenth cause of action against all defendants.

## ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  See *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); see *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## I.    The Departmental Defendants Should be Dismissed Because They Lack Capacity to Sue and be Sued.

Plaintiffs name as defendants five municipal departments of the City and County of San Francisco: the San Francisco Police Department, Public Works, the Department of Homelessness and Supportive Housing, the Fire Department, and the Department of Emergency Management. Complaint, ¶¶ 42-51.

State law determines whether municipal departments have the capacity to sue and be sued. Fed. R. Civ. Proc. Rule 17(b).  The California Government Code provides "[a] public entity may sue and be sued."  Cal. Gov. Code § 945.  The Government Code, in turn, defines a "public entity" to "include[ ] the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." *Id.* § 811.2.  The Law Revision Commission comments to Section 811.2 explain "[t]his definition is intended to include every kind of **independent** political or governmental entity in the State."  *Id.* Law Rev. Comm. Comment (emphasis supplied).

This motion presents the question whether the departmental defendants qualify as "public entities" within the meaning of the Government Code.  The departmental defendants reside within the Executive Branch of the City and County of San Francisco, and they operate under the authority of the Mayor.  "In addition to the office of the Mayor, the executive branch of the City and County shall be composed of departments, appointive boards, commissions and other units of government."  S.F. Charter § 4.100; see also *id.* §§ 4.127 (Police Department); 4.128 (Fire Department); 4.140 (Public Works).  As constituent elements of San Francisco's executive branch, the departmental defendants

1  are not "independent political or governmental entit[ies]."  They therefore do not qualify as "public

2  entities" within the meaning of the Government Code, and consequently lack capacity to sue or be

3  sued.  They must be dismissed.

4         To support the opposite conclusion, plaintiffs rely on *Streit v. Los Angeles*, 236 F.3d 552 (9th

5  Cir. 2001) and *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621 (9th Cir. 1988).  In *Streit*, the

6  Ninth Circuit held the Los Angeles Sheriff's Department was a public entity with the capacity to be

7  sued.  *Streit*, 236 F.3d at 565-66.  In *Karim-Panahi*, the Ninth Circuit held the Los Angeles Police

8  Department was a public entity with the capacity to be sued.  *Karim-Panahi*, 839 F.2d at 624 fn.2.

9  Both *Streit* and *Karim-Panahi* relied on *Shaw v. California Dep't of Alcoholic Bev. Control*, 788 F.2d

10  600 (9th Cir.1986).  *Shaw* held the San Jose Police Department was a public entity with capacity to be

11  sued.  *Shaw*, 788 F.2d at 604-05.

12         Federal district courts have distinguished *Streit*, *Karim-Panahi* and *Shaw*, limiting their

13  holdings to county sheriff's departments and municipal police departments.  In *Singleton v. County of*

14  *Riverside*, Case No. EDCV 21-2164 AB (PVC), 2022 WL 1266656 (C.D. Cal. April 28, 2022) the

15  court held Riverside's Department of Public Social Services was not a proper defendant.

16  "… Riverside County D.P.S.S., as a department of Riverside County, is an improper Defendant in this

17  matter." *Id.* at *5.  The court explained *Streit* and *Karim-Panahi* "recognized an exception to the

18  general rule that agencies or departments of local governments are improper defendants in § 1983

19  actions.  The Ninth Circuit has found that municipal police departments and county sheriff's

20  departments are 'public entities' under California law, and as such, are 'separately suable' …" *Id.* at

21  *5 fn. 3.[2]  Likewise, in *Payne v. County of Calaveras*, No. 1:17-cv-00906-DAD-SKO, 2018 WL

22  6593347 (E.D. Cal. Dec. 14, 2018), the court held "the Calaveras County Sheriff's Office—but not the

23  Calaveras County Jail—is subject to suit." *Id.* at *4.  Furthermore, the court recognized "plaintiff's

24  inclusion of the Sheriff's office as a separate defendant in this action would appear to be of no import

25  and have no practical effect on any aspect of this litigation." *Id.* at *4 fn.4.

26

27  ───────────────

28         [2] But see *Leon v. Hayward Building Dep't*, No. 17-cv-02720-LB, 2017 WL 3232486, at *3
(N.D. Cal. July 31, 2017) (holding Hayward's municipal building department is a proper defendant).

California courts have not followed *Streit* or *Karim-Panahi* or *Shaw* regarding municipal departments' capacity to be sued.  To the contrary, California authority, which controls this issue, see Fed. R. Civ. Proc. Rule 17(b), directly contradicts these Ninth Circuit cases.  In *Laidlaw Env't Servs., Inc., Loc. Assessment Com. v. Cnty. of Kern*, 44 Cal. App. 4th 346 (1996), the California Court of Appeal held the local assessment committee appointed by the Kern County Board of Supervisors "is not a public entity [with capacity to sue] because … it is not independent." *Id.* at 353 fn. 3.  To inform its construction of Government Code section 811.2, the Court of Appeal in *Laidlaw* relied on section 811.2's Law Revision Committee comment, which *Streit*, *Karim-Panahi*, and *Shaw* all ignored.  In *Lawson v. Superior Ct.*, 180 Cal. App. 4th 1372 (2010), the Court of Appeal, again relying on the Law Revision Commission comment, held a "public entity" under Government Code section 811.2 must by "an independent political or governmental entity." *Id.* at 1396-97.  In *Hagman v. Meher Mount Corp.*, 215 Cal. App. 4th 82 (2013), the Court of Appeal recognized "entities listed as public entities [throughout the California Codes] have one thing in common: Each is vested with some degree of sovereignty." *Id.* at 88.  Most recently, the Court of Appeal recognized the Long Beach Water Department, created by the Long Beach City Charter, "is not a legal entity separate from the City." *Lejins v. City of Long Beach*, 72 Cal. App. 5th 303, 309 (2021).[3]

The Ninth Circuit's expansive interpretation of California's Government Code sections 811.2 and 945 in *Streit*, *Karim-Panahi*, and *Shaw* is further flawed because, instead of applying section 811.2's Law Revision comments, these cases imported into the Government Code the separate definition of "public entity" in Evidence Code section 200.  See *Shaw*, 788 F.2d at 604.  The Ninth Circuit reached out to the Evidence Code in the absence of any guidance at that time from California courts "determin[ing] whether a police department is a public entity under section 811.2." *Id.*

In *Peterson v. City of Long Beach*, 24 Cal.3d 238 (1979), on which *Shaw* relies, the California Supreme Court held the Long Beach police department was a "public entity" for purposes of Evidence Code section 200.  Accordingly, use of force regulations promulgated by the Long Beach police

---

[3]  In *Yolo Cnty. Dep't of Soc. Servs. v. Municipal Ct.*, 107 Cal. App. 3d 842 (1980), the Court of Appeal held the trial court had not abused its discretion in refusing to dismiss the county department of social services, because misjoinder could be cured by substituting Yolo County as the proper defendant.  *Id.* at 848-49.

1  department qualified as a "statute, ordinance, or regulation of a public entity" under Evidence Code

2  section 669 defining the standard of care for negligence per se.  *Peterson*, 24 Cal.3d at 244.  The Court

3  determined an expansive interpretation of "public entity" within the Evidence Code comported with

4  the Legislature's purpose and public policy.  *Id.* at 244-46.[4]  When the Ninth Circuit in *Shaw* applied

5  *Peterson*'s construction of Evidence Code section 200 to Government Code section 811.2, it ignored

6  section 811.2's Law Revision Committee comments, and it failed to recognize the distinct purposes

7  and policies of the Evidence Code and the Government Code.  Government Code section 810

8  specifically provides: "Unless the provision or context otherwise requires, the definitions contained in

9  this part [i.e., Gov. Code Title 1, Div. 3.6, Part 1, §§ 810-811.9] govern the construction of this

10  division [i.e., Gov. Code Title 1, Div. 3.6, §§ 810-998.3]."  Cal. Gov. Code § 810.

11       Both the Law Revision Committee comments to section 811.2, and *Laidlaw*, *Lawson*, *Hagman*,

12  and *Lejins*, all of which post-date *Shaw*, repudiate *Shaw*'s conclusion "that the courts of California

13  would hold that the Police Department is a public entity under section 811.2."  *Shaw*, 788 F.2d at 605.

14  Because state courts have spoken since *Shaw*, this Court should follow their guidance on this state law

15  matter, rather than the conflicting Ninth Circuit cases – *Shaw* and its progeny – that lacked the benefit

16  of this state court guidance.  A district court "is not bound by Ninth Circuit interpretations of state law

17  that have since been contradicted by state appellate courts."  *Advsr, LLC v. Magisto Ltd.*, No. 19-cv-

18  02670-JCS, 2020 WL 978610, at *8 (N.D. Cal. Feb. 28, 2020) (citing *In re Watts*, 298 F.3d 1077,

19  1082 (9th Cir. 2002); *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983);

20  *Watkins v. City of Oakland*, No. 17-cv-06002-JCS, 2018 WL 574906, at *12 (N.D. Cal. Jan. 26, 2018);

21  *In re Seagate Tech. LLC*, 326 F.R.D. 223, 240 (N.D. Cal. 2018).  The Ninth Circuit has explained it

22  should follow state law rather than its own conflicting prior opinion on a state law issue.  "Now that

23  we have available data establishing 'what the state law is' regarding a closely similar confidentiality

24  provision, we are bound to apply it, even though 'the state rule may have departed from prior decisions

25  of the federal courts.'"  *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1267 (2017) (quoting *West v.*

26  *Am Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

27

28      [4]  Subsequently, *Peterson* was legislatively overruled by Cal. Evidence Code section 669.1.
See *Hagman*, 215 Cal. App. 4th at 88.

1  Since state law governs defendants' capacity to be sued, this Court should dismiss all claims

2  against the departmental defendants.[5]

3  **II.     The Individual Defendants, Sued Solely in Their Official Capacities, Should be Dismissed
           Because They Are Superfluous.**

4

5  Plaintiffs name as defendants, in their official capacity, San Francisco's Mayor London Breed,

6  and Sam Dodge, Director of San Francisco's Healthy Streets Operation Center.  Complaint ¶¶ 52-55.

7  Plaintiffs' claims against City officials in their official capacities are redundant and unnecessary.

8  Official capacity suits are generally another way of pleading an action against an entity of

9  which the individual official is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v.*

10  *Dept. of Soc. Services of City of New York*, 436 U.S. 658, 691 n.55 (1978).  Therefore, where, as here,

11  "individuals are being sued in their official capacity as municipal officials and the municipal entity

12  itself is also being sued, then the claims against the individuals are duplicative and should be

13  dismissed."  *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *see also Jefferson*

14  *v. City of Fremont*, 73 F. Supp. 3d 1133, 1148 (N.D. Cal. 2014) (holding claims against individual

15  sued in official capacity are duplicative of claims against the City); *Dasovich v. Contra Costa Cnty.*

16  *Sheriff Dept.*, 14-CV-00258-MEJ, 2014 WL 3368038, at 6 (N.D. Cal. July 8, 2014) (dismissing claim

17  against person sued in official capacity without leave to amend); *Luke v. Abbott*, 954 F. Supp. 202, 203

18  (C.D. Cal. 1997) ("For this reason, when both an officer and the local government entity are named in

19  a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and

20  may be dismissed.").

21  For these reasons, the Court should dismiss all claims against Mayor Breed and Mr. Dodge.

22  **III.    The Thirteenth Cause of Action for Conspiracy Should be Dismissed Because Conspiracy
            Requires Multiple Actors.**

23  The intracorporate conspiracy doctrine precludes plaintiffs' thirteenth cause of action for

24  conspiracy to violate plaintiffs' civil rights.

25              Under … the intracorporate-conspiracy doctrine – an agreement between or
               among agents of the same legal entity, when the agents act in their official

26

27  _____

     [5]  In the alternative, if the Court determines *Shaw* and *Karim-Panahi* still control, then the
28  Court should dismiss Public Works, the Department of Homeless and Supportive Housing, the Fire
     Department, and the Department of Emergency Management.  See *Singleton* 2022 WL 1266656, at *5
     & fn.3.

1

2

3

4

> capacities, is not an unlawful conspiracy.  The rule is derived from the nature of
> the conspiracy prohibition.  Conspiracy requires an agreement – and in
> particular an agreement to do an unlawful act – between or among two or more
> separate persons.  When two agents of the same legal entity make an agreement
> in the course of their official duties, however, as a practical and legal matter
> their acts are attributed to their principal.  And it then follows that there has not
> been an agreement between two or more separate people.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017).  The Ninth Circuit "has expressly reserved the question 'whether individual members of a single government entity can form a 'conspiracy' within the meaning of section 1985.'"  *Armstrong v. Reynolds*, 22 F.4th 1058, 1085 fn. 8 (9th Cir. 2022) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993))  The majority of circuits that have considered the issue hold the intracorporate conspiracy doctrine **does** apply to civil rights cases.  *Hartline v. Gallo*, 546 F.3d 95, 99 fn.3 (2d Cir. 2008); *Meyers v. Starke*, 420 F.3d 738, 742 (8th Cir. 2005); *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767-68 (11th Cir. 2000); *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991); *Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985); but see *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1127 (10th Cir. 1994); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 584 F.2d 1235, 1257–58 (3d Cir. 1978) (en banc), vacated on other grounds, 442 U.S. 366 (1979); see also *Stathos v. Bowden*, 728 F.2d 15, 20-21 (1st Cir. 1984) (expressing "doubt" that the intracorporate conspiracy doctrine extends to conspiracy under § 1985(3)).

19

20

21

22

23

24

25

26

27

28

District courts within the Ninth Circuit have followed the majority rule and applied the intracorporate conspiracy doctrine to dismiss civil rights conspiracy claims.  E.g., *Stuart v. City of Scottsdale*, No. CV-17-01848-PHX-DJH, 2021 WL 977166, at *6 (D. Ariz. Mar. 16, 2021) ("Because Plaintiff is essentially alleging that Scottsdale conspired with itself, and because such a claim cannot stand, Count Five is dismissed."), aff'd in part, rev'd in part on other grounds., No. 21-15504, 2022 WL 1769783 (9th Cir. June 1, 2022); *Hasbrouck v. Yavapai Cnty.*, No. CV-20-08112-PCT-DWL, 2021 WL 321894, at *15 (D. Ariz. Feb. 1, 2021) ("Because all defendants over which this Court has jurisdiction are Yavapai County or Yavapai County employees, the conspiracy claims are dismissed.); *Mir v. State Farm Mut. Auto. Ins. Co.*, No. 2:19-CV-03960-SVW-SK, 2019 WL 8355841, at *2 (C.D. Cal. Sept. 19, 2019) ("Plaintiff's claims under 42 U.S.C. §§ 1985, 1986, 1988 fail as a matter of law

because Plaintiff acknowledges in his Complaint that the alleged conspirators are employees of Defendant as a corporation."); *Johari v. City of Tempe,* No. CV-17-00095-PHX-ROS, 2019 WL 4451348, at *11 (D. Ariz. Sept. 17, 2019) (The intracorporate conspiracy doctrine forecloses plaintiff's theory "that the City conspired with its own police officers to arrest [him]."); *Milke v. City of Phoenix*, No. CV-15-00462-PHX-ROS, 2016 WL 5339693, at *13 (D. Ariz. Jan. 8, 2016) (applying intracorporate conspiracy doctrine to dismiss conspiracy claims against City of Phoenix and Maricopa County defendants); *Bueno v. Chang*, No. CV1603450PHXDGCJZB, 2017 WL 11629023, at *3 (D. Ariz. Oct. 6, 2017) ("Here, Plaintiff asserts conspiracy claims against the City of Phoenix and its Officers.  Accordingly, the intracorporate conspiracy doctrine bars the Plaintiff's claim."); *Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2015 WL 13759956, at *5 (D. Ariz. Nov. 20, 2015) ("Here, all Defendants are Maricopa County or County employees and the County cannot conspire with its own employees."); *Hurry v. Fin. Indus. Regul. Auth. Inc.*, No. CV-14-02490-PHX-ROS, 2015 WL 11118114, at *9 (D. Ariz. Aug. 5, 2015) ("As Plaintiffs' allegation is that FINRA conspired with Andersen, its employee, the intracorporate conspiracy doctrine bars this claim.), *aff'd*, 782 F. App'x 600 (9th Cir. 2019); *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1074 (D. Ariz. 2012) ("… Plaintiffs' conspiracy claims are appropriately dismissed under the intracorporate conspiracy doctrine, which bars a claim for conspiracy where the allegation is that an entity conspired with its employees to violate an individual's constitutional rights") , *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013); *Avalos v. Baca*, 517 F.Supp.2d 1156, 1170 (C.D. Cal.2007) ("[S]ince a municipal entity cannot conspire with itself, plaintiff's claim against defendants in their official capacity fails."); *Mory v. City of Chula Vista*, No. 07CV0462, 2008 WL 360449, at *6 (S.D. Cal. Feb. 11, 2008) (the intracorporate conspiracy doctrine bars plaintiff's 1985 and 1986 claims); *Hunt v. City of Portland*, No. CV 08-802-AC, 2008 WL 11389551, at *9 (D. Or. Nov. 19, 2008) ("the intracorporate conspiracy doctrine applies to actions brought under § 1985"); *Gibson v. Off. of Att'y Gen. of California*, No. CV0700838FMCJCX, 2007 WL 9718549, at *5 fn. 7 (C.D. Cal. Feb. 28, 2007) (the intracorporate conspiracy doctrine "serves as an additional bar to Plaintiffs' [1985(3)] claims as currently alleged"); *Wolde-Giorgis v. Dillard*, No. CV 06-0289-PHX-MHM, 2006 WL 8440400, at *5 (D. Ariz. Sept. 29, 2006) ("Plaintiffs … cannot state a claim for conspiracy under § 1985 based on the conduct of

Dillard's employees acting in the scope of their employment."); *Blunt v. Cnty. of Sacramento*, No. 04-1743, 2006 WL 509539, at *12 (E.D. Cal. Mar. 2, 2006) (finding "fact that the majority of circuit courts have held that the intra-corporate conspiracy doctrine should indeed apply to § 1985 actions" to be persuasive); *Schmitz v. Mars, Inc.*, 261 F.Supp.2d 1226, 1235 (D. Or. 2003) (agreeing with the majority of circuit courts that the intracorporate conspiracy doctrine applies to § 1985 actions); *Hoefur v. Fluor Daniel, Inc.*, 92 F.Supp.2d 1055, 1057 (C.D. Cal. 2000) ("the intracorporate conspiracy doctrine applies to 42 U.S.C. § 1985 conspiracy claims"); *Welsh v. City and Cnty. of San Francisco*, No. 93-3722, 1995 WL 415127, at *3 (N.D. Cal. June 30, 1995) (applying intracorporate conspiracy doctrine to § 1985 claim based on alleged sex discrimination where other remedies for alleged conduct available); *Rabkin v. Dean*, 856 F. Supp. 543, 546 (N.D. Cal. 1994) (intracorporate conspiracy doctrine foreclosed plaintiff's conspiracy claim under § 1985(3) that city council members did not approve raises to her salary").[6]

To preserve their thirteenth cause of action for conspiracy, plaintiffs rely particularly on *O.H. v. Oakland Unified School Dist.*, No. C-99-5123 JCS, 2000 WL 33376299, at *8 (N.D. Cal. Apr. 17, 2000). But in that case, the court declined to apply the intracorporate conspiracy doctrine because the individual defendants were sued in their individual capacity, and because the governmental entity employing the individual defendants was not named as a defendant. *Id.* at *8. Neither circumstance is present in this case. Moreover, the court in *O.H.* dismissed the conspiracy claims on other grounds. *Id.* at *8-*9.

---

[6] But see *Williams v. Conkle*, No. CV 17-4884-JAK (PLA), 2018 WL 6016123, at *6 (C.D. Cal. Sept. 20, 2018); *Webb v. Cnty. of El Dorado*, No. 215CV01189KJMEFB, 2016 WL 4001922, at *8 (E.D. Cal. July 25, 2016); *Elowson v. Jea Senior Living*, No. 2:14–CV–02559–JAM–KJN, 2015 WL 2455695 at 4 (E.D. Cal. May 22, 2015); *Brown v. Alexander*, 2013 WL 6578774, at *14 (N.D. Cal. Dec. 13, 2013); *Clayton v. Farrell*, No. CV 12-7210 GAF, 2013 WL 12129383, at *7 (C.D. Cal. Nov. 15, 2013); *Ibarra v. City of Watsonville*, No. 5:12–CV–02271–EJD, 2013 WL 623045 at *8 (N.D. Cal. Feb. 15, 2013); *Perrin v. Goodrich*, 2012 WL 12878757, at *7 (C.D. Cal. March 6, 2012); *Rashdan v. Geissberger*, 2011 WL 197957, at *7 (N.D. Cal. Jan. 14, 2011); *O.H. v. Oakland Unified Sch. Dist.*, No. C-99-5123 JCS, 2000 WL 33376299, at *8 (N.D. Cal. Apr 17, 2000); *Washington v. Duty Free Shoppers* (N.D.Cal.1988) 696 F. Supp. 1323, 1326; *Rebel Van Lines v. City of Compton*, 663 F. Supp. 786, 792-793 (C.D.Cal.1987).

1  In the absence of direct guidance from the Ninth Circuit, defendants urge this Court to follow

2  the majority rule among the circuits and within the Ninth Circuit and to apply the intracorporate

3  conspiracy doctrine to dismiss plaintiffs' thirteenth cause of action.

4  **CONCLUSION**

5  For the foregoing reasons, this Court should dismiss all claims against the departmental

6  defendants and against the individual defendants.  In addition, the Court should dismiss the thirteenth

7  cause of action for conspiracy against all defendants.  Plaintiffs' first through twelfth causes of action

8  will proceed against the municipal defendant, City and County of San Francisco.

9  Dated:  November 3, 2022

10
11
12
13
14

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
JAMES M. EMERY
EDMUND T. WANG
Deputy City Attorneys

15
16

By:  s/James M. Emery
JAMES M. EMERY

17
18
19
20
21
22

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT; MAYOR LONDON BREED; SAM
DODGE

23
24
25
26
27
28