DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4628 (Emery)
               (415) 554-3857 (Wang)
Facsimile:     (415) 554-4699
E-mail:        jim.emery@sfcityatty.org
               edmund.wang@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Healthy Streets Operation Center (HSOC),<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DECLARATION OF SAM CHRIST IN SUPPORT OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:  December 22, 2022<br>Time:          1:00 p.m.<br>Place:         Courtroom 4 – 3rd Floor<br><br>Trial Date:    None set. |

I, Sam Christ, declare:

1.  I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2.  I am a Lieutenant in the San Francisco Police Department ("SFPD"). I have worked at SFPD for 27 years. When San Francisco's Healthy Streets Operations Center ("HSOC") was created in January 2018, I was appointed the SFPD liaison to HSOC. I have held that position continuously from January 2018 to the present. Currently I supervise one sergeant and eight SFPD officers providing support to HSOC. Police staffing for HSOC has fluctuated since January 2018 and through Covid.

3.  I receive notification when HSOC plans an encampment resolution. I assign police support to the encampment resolution to provide safety and security for city employees, for the individuals at the encampment, and for any bystanders. At HSOC encampment resolutions, SFPD officers respond to questions from the public, deescalate any conflicts that may arise, and enforce the law consistent with SFPD Bulletin 19-080, when requested to do so. SFPD Bulletin 19-080 governs police officers' conduct addressing lodging on public property and illegal encampments. The officers who are assigned to support HSOC and who report to me are familiar with the requirements of SFPD Bulletin 19-080. A true and correct copy of SFPD Bulletin 19-080 is attached as Exhibit 27 to the declaration of Elisa Della-Piana, filed September 27, 2022 in this action.

4.  In my role as police liaison to HSOC, I also serve as a resource for SFPD officers department-wide who engage with individuals who are sleeping, sitting, or lying in public areas. I conduct regular trainings and classes for SFPD officers on the applicable rules and how to apply those rules. My training of SFPD officers covers all aspects of SFPD Bulletin 19-080. Information that I emphasize to officers at their trainings and in conversations with individual officers includes:

   a.  San Francisco's "Sit/Lie" law, S.F. Municipal Police Code § 168, may be enforced only between 0700 hours and 2300 hours. The "Sit/Lie" law may not be enforced after 2300 hours or before 0700 hours.

   b.  S.F. Penal Code § 647(e) prohibits individuals from erecting encampments in public areas. Section 647(e) applies "only when the individual to be cited has

erected a tent, tarp or other structure or shelter." Further, "Officers must secure appropriate shelter before taking enforcement action under Penal Code Section 647(e)." Before enforcing Section 647(e), "Officers shall notify [HSOC] and secure shelter or a navigation center bed. [¶] If there is no shelter or navigation center bed available, officers may not issue a citation or seize the encampment/tent."

c. "If the person accepts shelter, officers must request that the person pack up their belongings. Officers may need [DPW] assistance with the cleanup and to bag and tag property at the person's request."

d. "If shelter is secured and offered to the person but the person refuses to go, officers may issue a citation and seize the tent as evidence. Officers should use their best efforts to convince the person to accept the offer of shelter. Officers must activate Body Worn Camera and prepare an incident report."

e. "[O]fficers may cite an individual for violating Penal Code § 148(a) [prohibiting obstruction of public officers in the discharge of their duties], where the City has complied with the requirements of enforcing Prop Q [ ] and the individual refused to vacate an encampment so that DPW may remove it." Proposition Q, in turn requires city agencies to "offer to provide residents of the encampment certain services and shelter prior to demanding that they vacate, and must provide at least 24-hour written notice to vacate."

5. I instruct officers who encounter encampments to offer the following services:

a. Determine if anyone occupying the encampment is in need of medical attention.

b. Between 0600 and 1530 hours telephone HSOC to obtain information as to shelter availability and where individuals may be transported.

c. Provide information regarding shelter and other homeless resources.

d. Offer the Homeward Bound Program.

6. Officers have my phone number and regularly call me for advice, assistance, or support. Officers call me to identify available shelter beds they may offer to a person experiencing

homelessness.  Officers also call me when necessary to arrange support from San Francisco Public Works to bag and tag a person's belongings.  Through regular and daily communication with officers by telephone and police radio, I confirm that officers engage with the public consistent with the policies described in SFPD Bulletin 19-080.

7. San Francisco's police officers are well-trained professionals, aware of the acute and complex issues presented by persons experiencing homelessness in the city.  San Francisco's police officers are dedicated to public safety and equitable enforcement of the laws.  They are trained to adhere to SFPD policies, and specifically Department Bulletin 19-080.  Consistent with Department Bulletin 19-080, officers activate their bodycams when they issue a citation for an unlawful encampment.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on November 7, 2022, at San Francisco, California.

                    /s/ Samuel Christ
                    Samuel Christ