1   LATHAM & WATKINS LLP
    Alfred C. Pfeiffer, Jr., SBN 120965
2   505 Montgomery Street, Ste 2000
    San Francisco, CA 94111
3   Telephone: (415) 391-0600
    al.pfeiffer@lw.com
4
    LAWYERS' COMMITTEE FOR CIVIL
5   RIGHTS OF THE SAN FRANCISCO BAY AREA
    Zal K. Shroff, MJP 804620, *pro hac vice*
6   131 Steuart Street, Ste. 400
    San Francisco, CA 94105
7   Telephone: (415) 543-9444
    zshroff@lccrsf.org
8
    ACLU FOUNDATION OF NORTHERN
9   CALIFORNIA
    John Thomas H. Do, SBN 285075
10  39 Drumm Street
    San Francisco, CA 94111
11  Telephone: (415) 293-6333
    jdo@aclunc.org
12
    *Attorneys for Plaintiffs*
13
    *Additional Counsel Appear on Signature Page*
14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17                          **OAKLAND DIVISION**

18  COALITION ON HOMELESSNESS, et al.,          CASE NO. 4:22-cv-05502-DMR

19                  Plaintiffs,                   **PLAINTIFFS' OPPOSITION TO
                                                  DEFENDANTS' MOTION TO DISMISS**
20          v.

21  CITY AND COUNTY OF SAN FRANCISCO,            **Judge:**      The Hon. Donna M. Ryu
22  et al.,
                                                 **Hearing Date:** January 12, 2023
23                  Defendants.                  **Time:**        1:00 p.m.
                                                 **Place:**       Courtroom 4 – 3rd Floor
24                                                                1301 Clay Street
                                                                  Oakland, CA 94612
25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF RELEVANT ALLEGATIONS.............................................1

    A.   The Departmental Defendants Coordinate Across Discrete Areas of
         Responsibility. ...........................................................................................1

    B.   Mayor Breed and HSOC Director Dodge's Personal Involvement. .......................3

III. LEGAL STANDARD............................................................................................3

IV.  ARGUMENT ........................................................................................................4

    A.   The Departmental Defendants Can Be Sued in Federal Court .................4

        1.   The Ninth Circuit conclusively decided that municipal agencies are
            "public entities" capable of being sued separately from the
            municipality itself. ..........................................................................5

        2.   No more recent California law contradicts the Ninth Circuit, and
            California precedents also establish that the Departmental
            Defendants are "public entities" capable of suit. ...........................6

        3.   The statutory definition of "public entities" under California law
            plainly encompasses the Departmental Defendants...............................9

    B.   The Intracorporate Conspiracy Doctrine Does Not Apply to Plaintiffs'
         Conspiracy Cause of Action ...................................................................10

V.   REQUEST FOR LEAVE TO AMEND THE COMPLAINT AS TO MAYOR
    BREED AND HSOC DIRECTOR DODGE ......................................................13

VI.  CONCLUSION....................................................................................................15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

5
*Armstrong v. Reynolds,*
   22 F.4th 1058 (9th Cir. 2022) ................................................................................11

6
*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).................................................................................................4
7

8
*Avalos v. Baca,*
   517 F. Supp. 2d 1156 (C.D. Cal. 2007) ................................................................11

9
*Barker v. Riverside Cty. Office of Educ.,*
   584 F.3d 821 (9th Cir. 2009) ...................................................................................4
10

11
*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007).................................................................................................4
12

13
*Bey v. Oakland,*
   No. 14-cv-01626, 2015 WL 8752762 (N.D. Cal. Dec. 15, 2015)..........................11

14

15
*Bowles v. Reade,*
   198 F.3d 752 (9th Cir. 1999) .................................................................................14

16
*Brever v. Rockwell Int'l Corp.,*
   40 F.3d 1119 (10th Cir. 1994) ...............................................................................11
17

18
*Brown v. Alexander,*
   No. 13-cv-01451, 2013 WL 6578774 (N.D. Cal. Dec. 13, 2013)..........................11

19
*Buschi v. Kirven,*
   775 F.2d 1240 (4th Cir. 1985) ...............................................................................12
20

21
*Canales v. Sheahan,*
   No. 12-cv-00693, 2016 WL 489896 (W.D.N.Y. Feb. 9, 2016)..............................14
22

23
*Cantu v. Kings County,*
   No. 20-cv-00538, 2021 WL 859428 (E.D. Cal. Mar. 8, 2021)..........................5, 10

24
*Dickerson v. Alachua Cnty. Comm'n,*
   200 F.3d 761 (11th Cir. 2000) ..........................................................................12, 13
25

26
*Donahoe v. Arpaio,*
   869 F. Supp. 2d 1020 (D. Ariz. 2012) ...................................................................11

27
*Erickson v. Pardus,*
   551 U.S. 89 (2007)...................................................................................................4
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

*Hagman v. Meher Mount Corp.*,
   215 Cal. App. 4th 82 (2013) ...................................................................................7

*Harris v. Goins*,
   156 F. Supp. 3d 857 (E.D. Ky. 2015) ....................................................................10

*Hartman v. Board of Trustees*,
   4 F.3d 465 (7th Cir. 1993) ...............................................................................12, 13

*Hill v. Shelander*,
   924 F.2d 1370 (7th Cir. 1991) ...............................................................................14

*Hurth v. Cty. of Los Angeles*,
   No. 09-cv-05423, 2009 WL 10696491 (C.D. Cal. Oct. 28, 2009) ...........................5

*Jones–Hamilton v. Beazer Materials & Servs.*,
   973 F.2d 688 (9th Cir.1992) ................................................................................4, 7

*Karim-Panahi v. Los Angeles Police Dep't*,
   839 F.2d 621 (9th Cir. 1998) ...............................................................................4, 5

*Kei Wei Lei v. City of Oakland*,
   No. 18-cv-03061, 2018 WL 7247172 (N.D. Cal. Nov. 5, 2018) ...........................5, 9

*Lacey v. Maricopa Cty.*,
   693 F.3d 896 (9th. Cir. 2012) ..................................................................................4

*Laidlaw Environmental Services., Inc. Local Assessment Committee v. County of Kern*,
   44 Cal. App. 4th 346 (1996) ................................................................................7, 8

*Lawson v. Superior Court*,
   180 Cal. App. 4th 1372 (2010) ................................................................................7

*Lejins v. City of Long Beach*,
   72 Cal. App. 5th 303 (2021 ......................................................................................7

*Leon v. Hayward Building Department*,
   No. 17-cv-02720, 2017 WL 3232486 (N.D. Cal. July 31, 2017) .............................5

*Lilly v. Cnty. of Humboldt*,
   No. 19-cv-07941, 2021 WL 2750623 (N.D. Cal. June 14, 2021) .............................6

*Linder v. City of Emeryville*,
   No. 13-cv-01934, 2013 WL 4033910 (N.D. Cal. Aug. 6, 2013) ...............................9

*Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*,
   361 F.3d 898 (6th Cir. 2004) ................................................................................10

*Monell v. Dep't of Soc. Servs. of N.Y.*,
   436 U.S. 658 (1978).............................................................................................10

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

iii

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

*O.H. v. Oakland Unified Sch. Dist.*,
    No. 99-cv-05123, 2000 WL 33376299 (N.D. Cal. April 17, 2000).........................................11

*Estate of Osuna v. Cty. of Stanislaus*,
    392 F. Supp.3d 1162 (E.D. Cal. June 25, 2019) .................................................................5

*Owen ex rel. Owen v. United States*,
    713 F.2d 1461 (9th Cir. 1983) ............................................................................................4, 6

*Payne v. County of Calaveras*,
    No. 17-cv-00906, 2018 WL 6593347 (E.D. Cal. Dec. 14, 2018).......................................6

*Portman v. Cnty. of Santa Clara*,
    995 F.2d 898 (9th Cir. 1993) ...............................................................................................11

*Proctor v. Van Horn*,
    No. 12-cv-00328, 2014 WL 794217 (D. Nev. Feb. 26, 2014)...........................................14

*Rabkin v. Dean*,
    856 F. Supp. 543 (N.D. Cal. 1994) .....................................................................................10

*Rashdan v. Geissberger*,
    No. 10-cv-00634, 2011 WL 197957 (N.D. Cal. Jan. 14, 2011).........................................11

*Rebel Van Lines v. Compton*,
    663 F. Supp. 786 (C.D. Cal. 1987) .....................................................................................12

*Rivers v. Marin*,
    No. 09-cv-01614, 2010 WL 145094 (N.D. Cal. Jan. 8, 2010)...........................................11

*Satterfield v. Franklin Cty. Sheriff*,
    No. 08-cv-00387, 2009 WL 3031180 (S.D. Ohio Sept. 17, 2009) .....................................14

*Shaw v. California Dep't of Alcoholic Beverage Control*,
    788 F.2d 600 (9th Cir. 1986) ..................................................................................5, 8, 9, 10

*Singleton v. County of Riverside*,
    No. 21-cv-02164, 2022 WL 1266656 (C.D. Cal. Apr. 28, 2022).......................................6

*Stathos v. Bowden*,
    728 F.2d 15 (1st Cir. 1984).............................................................................................11, 12

*Streit v. Los Angeles*,
    236 F.3d 552 (9th Cir. 2001) .......................................................................................4, 5, 6

*Tennyson v. Cty. of Sacramento*,
    No. 19-cv-00429, 2020 WL 4059568 (E.D. Cal. July 20, 2020)........................................5

*Thompson v. New York*,
    487 F. Supp. 212 (N.D.N.Y. 1979).....................................................................................10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

*Vance v. Cnty. of Santa Clara*,
 928 F. Supp. 994 (N.D. Cal. 1996) .................................................................................6

*Washington v. Duty Free Shoppers*,
 696 F. Supp. 1323 (N.D. Cal. 1988) ............................................................................12

*In re Watts*,
 298 F.3d 1077 (9th Cir. 2002) .......................................................................................4

*Webb v. Cnty. of El Dorado*,
 No. 15-cv-01189, 2016 WL 4001922 (E.D. Cal. July 25, 2016)..................................12

*Williams v. Conkle*,
 No. 17-cv-04884, 2018 WL 6016123 (C.D. Cal. Sept. 20, 2018) ................................11

*Wilson v. City of San Jose*,
 111 F.3d 688 ................................................................................................................13

## STATUTES

Cal. Gov. Code
 § 811.2..................................................................................................................5, 9, 10
 § 945...............................................................................................................................9
 § 53050...........................................................................................................................9

Evid. Code § 200....................................................................................................................10

## RULES

Fed. R. Civ. P.
 15(a)(2)..........................................................................................................................4
 17(b)...............................................................................................................................5
 41(a).............................................................................................................................13
 41(a)(1).........................................................................................................................13

## CONSTITUTIONAL PROVISIONS

San Francisco Charter
 § 4.100............................................................................................................................8
 § 4.126............................................................................................................................8
 § 4.127............................................................................................................................8
 § 4.128............................................................................................................................8
 § 4.140............................................................................................................................8

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

# I.   INTRODUCTION

Plaintiffs' Complaint details an extensive interagency conspiracy to violate Plaintiffs' constitutional rights and the constitutional rights of hundreds of unhoused San Franciscans—whom Defendants subject to criminal enforcement and property destruction for the mere status of being homeless.  In their motion to dismiss, Defendants do not challenge a single substantive cause of action in the Complaint or challenge Plaintiffs' right to relief on any of those substantive claims.  Nor do Defendants challenge the sufficiency of the factual allegations in the Complaint demonstrating Defendants' conspiracy to violate Plaintiffs' civil rights.

Instead, Defendants' limited motion contends that San Francisco's various public agencies are incapable of being sued and, therefore, are not capable of conspiracy as a matter of law.  Defendants are wrong.  Binding Ninth Circuit precedent and governing California law establish that municipal agencies like the Defendants here are separately suable entities because they exercise decision-making authority over particular aspects of municipal sovereignty.  Meanwhile, Defendants provide no authority to challenge the straightforward notion that separate government agencies can conspire with one another—fundamentally misconstruing the intracorporate conspiracy doctrine—which simply does not apply to the allegations in Plaintiffs' Complaint.  Government agencies that can be sued can and should be held individually accountable for conspiracies to commit civil rights violations.  For these reasons, Plaintiffs respectfully request that Defendants' motion to dismiss be denied.

# II.   STATEMENT OF RELEVANT ALLEGATIONS

## A.   The Departmental Defendants Coordinate Across Discrete Areas of Responsibility.

The Complaint alleges at least five different San Francisco public agencies have coordinated to commit civil rights violations against Plaintiffs and other unhoused residents of San Francisco.  These public agencies include: (1) the San Francisco Police Department ("SFPD"); (2) the San Francisco Department of Public Works ("DPW"); (3) the San Francisco Department of Homelessness and Supportive Housing ("HSH"); (4) the San Francisco Fire Department ("SFFD"); and (5) the San Francisco Department of Emergency Management ("DEM").  Compl.,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1   Dkt. No. 1, ¶¶ 42-51.  Defendants do not contest this coordination.

2           Each of these five public agencies—SFPD, DPW, HSH, SFFD, and DEM (together, the

3   "Departmental Defendants")—possesses its own discrete responsibilities, with separate

4   department heads who act as each agency's final decisionmaker.  The Complaint explicitly alleges

5   the discrete and distinct roles of each public agency.

6           SFPD handles criminal enforcement:  it both threatens to and does cite, fine, and arrest

7   unhoused people who shelter in public even though the City has not provided sufficient or adequate

8   shelter to accommodate them.  *See*, *e.g.*, Compl. ¶ 122.  These duties also include dispatching

9   officers to respond to complaints from housed residents and business owners to force unhoused

10  individuals to move from public spaces without even purporting to offer shelter.  *Id.* ¶¶ 148-50.

11          DPW, meanwhile, is in charge of "street cleaning," which consists of work crews seizing

12  and destroying the survival belongings and personal property of unhoused people without

13  providing adequate warning or opportunity to safeguard or collect those belongings.  *Id*. ¶¶ 116-

14  21, 140-46.  DPW also conducts informal sweeps of unhoused people and their personal property

15  at random and without notice, when DPW dispatches crews to different neighborhoods throughout

16  the day for street cleaning activities.  *Id.* ¶ 151.

17          HSH—along with its Homeless Outreach Team (HOT)—is the sole San Francisco agency

18  tasked with managing shelters and shelter bed availability, and HSH is the only public department

19  able to make shelter offers.  *Id*. ¶¶ 124-29.

20          SFFD's EMS-6 team leads on-the-ground, formal homeless encampment removal

21  operations through the Healthy Streets Operation Center (HSOC).  *Id.* ¶ 112.

22          Finally, DEM coordinates operations, including identifying various homeless

23  encampments across the City and planning their targeted removal.  *See id.* ¶¶ 50, 221.

24          The Complaint specifically alleges that each of the Departmental Defendants is led by a

25  different department head who acts as the final decisionmaker for each respective public agency—

26  particularly with respect to each agency's homelessness response.  *See*, *e.g.*, *id*. at ¶ 43 (identifying

27  Chief of Police William Scott as SFPD's final decisionmaker); *id.* at ¶ 45 (identifying Carla Short,

28  DPW's Director, as the final decisionmaker for DPW); *id.* at ¶ 47 (identifying Outreach Manager

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1    Mark Mazza as the final decisionmaker for HSH); *id.* at ¶ 51 (identifying Mary Ellen Carol,

2    DEM's director, as the final decisionmaker for DEM).

3         Plaintiffs' Complaint is replete with instances of these discrete public agencies expressly

4    coordinating, planning for, and agreeing with one another to violate Plaintiffs' civil rights and the

5    rights of San Francisco's unhoused residents.  Every day, the Departmental Defendants host

6    meetings where they each discuss and plan for sweep operations they will carry out in the coming

7    days—despite their knowledge that HSH does not have adequate shelter to offer thousands of

8    unhoused residents. *Id.* ¶ 111, 137.  A litany of emails between department heads shows that the

9    Departmental Defendants work together to plan these unconstitutional sweeps and to strategize

10   around a law enforcement-first approach to homelessness. *See id.* ¶¶ 226, 229, 232-34, 237.  On

11   the ground, the Departmental Defendants coordinate during these sweeps, with SFPD officers

12   threatening individuals with arrest if they do not pack up quickly enough under DPW's street

13   cleaning orders; SFFD staffers throwing belongings into DPW trucks; and HOT workers making

14   insufficient shelter offers before knowing what shelter is actually available so that DPW can clear

15   property and SFPD can move to criminal enforcement. *See id.* ¶¶ 113, 121.

16        **B.    Mayor Breed and HSOC Director Dodge's Personal Involvement.**

17        The Complaint alleges that Mayor London Breed and HSOC Director Samuel Dodge have

18   directly and personally participated in the deprivation of Plaintiffs' civil rights.  Director Dodge

19   knowingly orders sweep operations to take place across San Francisco despite being fully aware

20   that HSH does not have enough shelter beds for unhoused residents. *See id.* ¶¶ 54, 55 133 n.118,

21   222.  Mayor Breed has also personally used City resources to call for unhoused individuals to be

22   removed from public property when it suited her and in the absence of constitutionally required

23   notice or appropriate offers of shelter, including one incident where Mayor Breed asked that an

24   unhoused individual be removed from a bench near where she was having lunch, and another

25   incident where the Mayor's gala schedule resulted in the forced displacement of dozens of

26   unhoused people without sufficient shelter. *Id.* ¶ 53 & nn.22-23.

27   **III.    LEGAL STANDARD**

28        On a motion to dismiss, the Court takes all allegations of material fact in the complaint as

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Further, all reasonable inferences from the facts alleged are drawn in the Plaintiffs' favor. *See Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th. Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. Unless it would be futile, leave to amend should also be freely granted. Fed. R. Civ. P. 15(a)(2).

## IV.   ARGUMENT

Nowhere in Defendants' motion do they challenge the sufficiency of Plaintiffs' detailed allegations regarding the separate role each Departmental Defendant plays in San Francisco's unlawful response to homelessness—nor do Defendants challenge the obvious coordination and collusion between and among the Departmental Defendants and the heads of each respective agency. Instead, Defendants' motion rests on the mistaken assertion that the Departmental Defendants can never be separately sued and therefore can never conspire with one another. *See* Mot., Dkt. No. 41, at 4, 8. Defendants' arguments are precluded by binding Ninth Circuit precedent and the governing law in California.

### A.   The Departmental Defendants Can Be Sued in Federal Court

The Ninth Circuit has determined that municipal agencies are separately suable in California because they are discrete public entities. *See, e.g., Streit v. Los Angeles*, 236 F.3d 552, 565-66 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1998). This precedent is binding "in the absence of any *subsequent* indication from the California courts that [its] interpretation was incorrect." *Streit*, 236 F.3d at 566 (citing *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983); *Jones–Hamilton v. Beazer Materials & Servs.*, 973 F.2d 688, 696 n. 4 (9th Cir.1992); *see also In re Watts*, 298 F.3d 1077, 1082-83 (9th Cir. 2002). Because Defendants present no more recent California case that contradicts the Ninth Circuit's holdings, this Court is bound to allow suit to continue against the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1   Departmental Defendants.

2              1.     <u>The Ninth Circuit conclusively decided that municipal agencies are "public</u>

                    <u>entities" capable of being sued separately from the municipality itself.</u>

3

4          Defendants admit that the Ninth Circuit has conclusively decided this question. Mot., at 2

5   n.1, 8 n.5.  Most recently, in *Streit v. County of Los Angeles*, the Ninth Circuit held that "municipal

6   police departments are 'public entities' under California law, and hence, can be sued in federal

7   court for alleged civil rights violations."  236 F.3d at 565 (citation omitted).  The Ninth Circuit

8   had already reached the same conclusion on two other occasions.  *See Karim-Panahi*, 839 F.2d at

9   624 n.2 ("Municipal police departments are 'public entities' under California law and, hence, can

10   be sued in federal court for alleged civil rights violations"); *Shaw v. California Dep't of Alcoholic*

11   *Beverage Control*, 788 F.2d 600, 605 (9th Cir. 1986) ("[W]e conclude that the courts of California

12   would hold that the Police Department is a public entity under section 811.2.  Thus, under Fed. R.

13   Civ. P. 17(b) the Police Department may be sued in Federal court.").

14          Federal courts both in the Northern District and across California have applied the Ninth

15   Circuit's clear holdings to permit suits against both a municipality and its constituent public

16   agencies simultaneously.  *See, e.g.*, *Kei Wei Lei v. City of Oakland*, No. 18-cv-03061, 2018 WL

17   7247172, at *2 (N.D. Cal. Nov. 5, 2018); *Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp.3d

18   1162, 1170-71 (E.D. Cal. June 25, 2019); *Cantu v. Kings County*, No. 20-cv-00538, 2021 WL

19   859428, at *9-10 (E.D. Cal. Mar. 8, 2021); *Tennyson v. Cty. of Sacramento*, No. 19-cv-00429,

20   2020 WL 4059568, at *6 (E.D. Cal. July 20, 2020); *Hurth v. Cty. of Los Angeles*, No. 09-cv-05423,

21   2009 WL 10696491, at *2-4 (C.D. Cal. Oct. 28, 2009).

22          The Northern District of California has also expressly found that the Ninth Circuit's

23   holdings are not limited to police departments—but rather extend to other discrete public agencies

24   operating within a municipality as well.  In *Leon v. Hayward Building Department*, for example,

25   the Court held that it was "bound" by *Streit* to conclude that the Hayward Building Department

26   was a "public entity" under California law that could be sued under Section 1983.  No. 17-cv-

27   02720, 2017 WL 3232486, at *3 (N.D. Cal. July 31, 2017).  Defendants readily admit to this

28   authority.  Mot. at 5 n.2.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1    In response, Defendants cite two out-of-district cases to suggest that *Streit*'s holding should

2    be limited—without further explanation.  *See id.* at 5:12-25.  But neither case is applicable to the

3    facts at hand.  *Payne v. County of Calaveras* stands for the unremarkable position that jail facilities

4    themselves are not suable entities, and that the proper agency for suit is "the governmental agency

5    that runs the jail."  *See* No. 17-cv-00906, 2018 WL 6593347, at *2 (E.D. Cal. Dec. 14, 2018)

6    (citation omitted).  Meanwhile, *Singleton v. County of Riverside* summarily decided that Riverside

7    County's Department of Public Social Services was not a separately suable entity based on one

8    district court case that predated the Ninth Circuit's holdings in *Streit* and *Karim-Panahi*.  *See* No.

9    21-cv-02164, 2022 WL 1266656, at *5 (C.D. Cal. Apr. 28, 2022) (quoting *Vance v. Cnty. of Santa*

10   *Clara*, 928 F. Supp. 994, 996 (N.D. Cal. 1996)).[1]  Neither case offers any analysis suggesting that

11   the Ninth Circuit's clear holdings—that discrete public entities can be sued under California law

12   alongside their overarching municipalities—should be limited just to police departments.

13              2.    <u>No more recent California law contradicts the Ninth Circuit, and California</u>
                      <u>precedents also establish that the Departmental Defendants are "public</u>
14                    <u>entities" capable of suit.</u>

15   The Ninth Circuit has made clear that its binding rulings on California law may not be

16   disturbed unless there has been a change in the California law *after* the Ninth Circuit's decisions.

17   *Streit*, 236 F.3d at 566 ("in the absence of any *subsequent* indication from the California courts

18   that [its] interpretation was incorrect" (emphasis in original) (quoting *Owen*, 713 F.2d at 1464)).

19   Indeed, in *Streit* the Ninth Circuit conclusively rejected defendants' attempts to relitigate the

20   definition of "public entity" based on California authorities that predated the Ninth Circuit's

21   binding decisions.  236 F.3d at 566 ("LASD also argues that *Shaw* was subsequently undermined

22   by a change in the California Evidence Code . . . .  However, our decision in *Karim–Panahi*, a

23   progeny of *Shaw*, was rendered after the Evidence Code section to which the LASD points . . . .

24   Therefore, even if the LASD's argument were availing, *Karim–Panahi* would nevertheless control

25   our decision").

26

27   ---

[1] Indeed, courts in the Northern District have recognized that the prior holding in *Vance* was
28   overruled by *Streit*. *See, e.g.*, *Lilly v. Cnty. of Humboldt*, No. 19-cv-07941, 2021 WL 2750623, at
     *4-5 (N.D. Cal. June 14, 2021) (citing *Streit*, rejecting the finding in *Vance* that municipal
     departments are not amenable to suit).

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1    Here, Defendants attempt the same.  They cite California statutes and case law from prior

2    to 2001—but these authorities *predate* the Ninth Circuit's decision in *Streit* and therefore cannot

3    challenge the Ninth Circuit's later holding.  *See* Mot. at 6:1-8, 6:17-28, 7:1-10.  Defendants cite

4    only three more recent California authorities that purportedly address the "public entities" question

5    in a new light.  *Id.* at 6:8-16.  But none of these cases even discusses the issue of whether municipal

6    agencies can be considered public entities.

7    *Lawson* and *Hagman* merely conclude that private corporations are not "public" entities at

8    all but private actors without government sovereignty.  *Lawson v. Superior Court*, 180 Cal. App.

9    4th 1372, 1397 (2010) (contractor working with governmental is "not a 'public entity' and thus is

10   not entitled to claim [] immunity[.]"); *Hagman v. Meher Mount Corp.*, 215 Cal. App. 4th 82, 88

11   (2013) (a "public benefit corporation" cannot be considered a "public entity" because it "lack[s]

12   any element of sovereignty.").  Defendants offer no explanation why these cases regarding private

13   entities have any bearing on whether municipal government agencies are public entities capable

14   of suit.

15   Defendants also find little support in *Lejins v. City of Long Beach*, which does not consider

16   whatsoever the definition of a "public entity" and merely states, without any analysis or

17   explanation, that the Long Beach Water Department is "not a legal entity separate from the City."

18   72 Cal. App. 5th 303, 309 (2021).  *Lejins* provides no guidance on the scope of the term "public

19   entity," cites no supporting authority whatsoever, and on this basis cannot be understood to

20   undermine or contradict *Streit*.  Because there has been no "subsequent indication from the

21   California courts that [its] interpretation was incorrect," the Ninth precedent reaffirmed in *Streit* is

22   still binding.  *See Jones–Hamilton*, 973 F.2d at 696 n. 4 (citation omitted).

23   Regardless, the key pre-*Streit* California precedent Defendants rely on demonstrates

24   precisely why the Departmental Defendants are appropriate public entities to sue based on the

25   allegations in Plaintiffs' Complaint.  *See* Mot. at 6:3-6.  In *Laidlaw Environmental Services., Inc.*

26   *Local Assessment Committee v. County of Kern*, the California Court of Appeal articulated a test

27   for whether a municipal agency is "independent" and therefore a "public entity" capable of suit.

28   44 Cal. App. 4th 346, 352-53, 353 n.3 (1996).  The Court in *Laidlaw* determined that there are two

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1   "essential characteristics of an independent public office": (1) the office must "not be transient,

2   occasional, or incidental, but is in itself an entity in which incumbents succeed one another" and

3   (2) the office must have the "authority to exercise some portion of the sovereign function of

4   government, whether legislative, executive, or judicial." *Id.* at 352. The Court found that a

5   temporary local assessment committee was not an independent "public entity" because it had no

6   decision-making powers, its function and duties were purely advisory, and it lacked "permanence

7   and continuity" as an *ad hoc* committee that was set to expire. *Id.* at 353.

8          As alleged in Plaintiffs' Complaint, the Departmental Defendants satisfy the factors

9   articulated in *Laidlaw*. Each of the Departmental Defendants possesses some sovereign powers to

10  carry out executive functions under the leadership of an independent agency head—including

11  independent zones of authority over criminal and police enforcement, management of the public

12  works and maintenance of public streets, and management of shelters. *See* Statement of Relevant

13  Allegations, *supra*; *see also*, *e.g.*, Compl. ¶¶ 43, 45, 47, 51 (identifying separate agency final

14  decisionmakers presiding over independent agency zones of responsibility); San Francisco Charter

15  § 4.126 ("The administration and management of each department within the executive branch

16  shall be the *responsibility of the department head*." (emphasis added)). [2] Similarly, the

17  Departmental Defendants are permanent City agencies that are not merely "transient" or

18  "incidental." *Laidlaw*, 44 Cal. App. 4th at 353. Thus, to whatever extent *Laidlaw* speaks to this

19  case, it weighs *in favor* of holding that the Departmental Defendants are independent public entities

20  that can be sued.[3]

21  _____

22  [2] Defendants' invocation of other provisions in the San Francisco Charter likewise undermines
    their position—as those authorities specifically identify discrete zones of responsibility delegated

23  to various agency departments separate and apart from the Mayor's Office. *See* Mot. at 4:23-4:28;
    *see also* S.F. Charter §§ 4.100; 4.127 (Police Department); 4.128 (Fire Department); 4.140 (Public

24  Works).

    [3] Even though the Departmental Defendants meet *Laidlaw*'s "independence" test, independence is

25  not a prerequisite for a municipal agency to be sued. For instance, the Ninth Circuit has recognized
    that a police department is a public entity simply because it "traditionally has been regarded as an

26  'agency' of the city and is obviously 'public.'" Shaw, 788 F.2d at 604 (citation omitted). And the
    Ninth Circuit has rejected arguments that a city charter's corporate structure and reporting chains

27  are determinative of the question. *See id.* ("the terms of the charter are irrelevant"). Indeed, the
    "corporate structure" of a municipality and its departments or agencies has no bearing on whether

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1

2
          3.     The statutory definition of "public entities" under California law plainly
encompasses the Departmental Defendants

3
       Even if the Court were disinclined to apply Ninth Circuit or California Court of Appeal

4 precedent, the statutory text of California Government Code § 811.2 unambiguously establishes

5 on its face that the Departmental Defendants are "public entities" that may be sued in federal court.

6 *See* Cal. Gov. Code § 945.  The Government Code defines a "public entity" to include "a county,

7 city, district public authority, public agency, and any other political subdivision or public

8 corporation in the State."  Cal. Gov. Code § 811.2.[4]  The Departmental Defendants are also all

9 "public agencies" under the Government Code, which include  "a district, public authority, public

10 agency, and *any other political subdivision* . . . in the state."  Cal. Gov. Code § 53050 (emphasis

11 added).  Thus, the plain language of the California Government Code demonstrates that

12 Defendants' motion to dismiss the Departmental Defendants should be denied.

13
       Defendants do not address the plain language of these California statutes.  In fact, the

14 California Law Revision Commission's comment to Section 811.2 that Defendants rely on

15 expressly identifies that a public entity is meant to include "*every kind* of independent political or

16 governmental entity in the State" (emphasis added).  *See* Mot. at 4:17-21.  Defendants' narrow

17 interpretation of the relevant statutes would entirely eliminate a plaintiff's ability to bring suit

18 against any municipal agencies across California.  That interpretation would undermine the stated

19 purpose of these statutes, which is to "eliminate any doubt that might otherwise exist as to whether

20 a tort action might be defeated on the technical ground that a particular local public entity is not

21 subject to suit."  *See* Cal. Gov. Code § 945, Law Rev. Comm. Comment.  Thus, the governing

22 statutes themselves do not provide a basis to dismiss the Departmental Defendants.[5]

23
municipal departments can be sued. *Kei Wei Lei*, 2018 WL 7247172, at *2 (rejecting the argument

24 that the "Police Department is a department within the corporate structure of the City and has no
legal identity separate and apart from the City itself"); *see also Linder v. City of Emeryville*, No.

25 13-cv-01934, 2013 WL 4033910, at *3 (N.D. Cal. Aug. 6, 2013) (same).

[4] The definition of a "public entity" in Section 811.2 also includes both a "city" and a "public

26 agency," indicating that both the City and the Departmental Defendants may be sued under
California law—consistent with the Ninth Circuit case law.  *See supra*.

27
[5] Defendants argue that the Ninth Circuit's interpretation of Section 811.2 is flawed because it

28 imported the definition of "public entity" from Evidence Code Section 200.  But the Ninth Circuit

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

**B.     The Intracorporate Conspiracy Doctrine Does Not Apply to Plaintiffs' Conspiracy Cause of Action**

Defendants do not challenge the basic notion that all separately suable public agencies are capable of conspiring with one another under Section 1983. *See* Mot. at 9-11; *see also, e.g.*, *Thompson v. New York*, 487 F. Supp. 212, 228 (N.D.N.Y. 1979) ("Municipalities, their agencies, and employees" are all persons capable of conspiracy for purpose of federal civil rights statutes); *Harris v. Goins*, 156 F. Supp. 3d 857, 867 (E.D. Ky. 2015) ("entities can participate in civil conspiracies under § 1983, and [] this type of conspiracy claim does not rely on a *respondeat superior* theory" (citing *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004)); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) ("Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies").

Here, Plaintiffs clearly allege that the Departmental Defendants operate as discrete public entities and have continuously conspired with one another to violate Plaintiffs' constitutional rights. Therefore, the Departmental Defendants can be held liable for civil rights conspiracy. *See supra*, Statement of Relevant Allegations; *cf. Rabkin v. Dean*, 856 F. Supp. 543, 552 (N.D. Cal. 1994) (conspiracy does not apply to "a single act by a single governmental body acting exclusively through its own officers"), cited in Mot. at 11:10-12. Again, Defendants do not challenge that separately suable entities can conspire—and therefore their motion must fail. *See* Mot. at 9-11.[6]

But even if the Departmental Defendants were not separately suable entities and were viewed as just one single legal entity, the intracorporate conspiracy doctrine should *still* not apply to this case. First, the Ninth Circuit has reserved the question of whether the intracorporate

addressed this distinction and still held there was no meaningful difference between the two provisions. *See Shaw*, 788 F.2d at 604 ("The wording of the two sections is nearly identical, except for the inclusion in section 200 of foreign entities, and the California courts have treated the two sections as including the same domestic entities" (internal quotations and citations omitted)). At any rate, the Ninth Circuit has decided the matter.

[6] Courts have permitted claims to proceed against both the municipality and its subordinate entity even where the allegations against each are similar and the ultimate relief the Court will grant may be co-extensive across the defendants. *See, e.g., Cantu*, 2021 WL 859428, at *9-10 (rejecting the argument that "[s]ince the same claims are alleged against both entities, Defendants assert there is no practical reason for both entities to remain as separate defendants").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

conspiracy doctrine even applies to civil rights cases in the first place. *See Armstrong v. Reynolds*, 22 F.4th 1058, 1085 n.8 (9th Cir. 2022) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993)).  Meanwhile, several other circuits have declined to apply the doctrine in the civil rights context. *See, e.g.*, *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1127 (10th Cir. 1994); *Stathos v. Bowden*, 728 F.2d 15, 20-21 (1st Cir. 1984).  Defendants admit to this authority.  Mot. at 9:5-8, 9:14-18.

Indeed, Defendants themselves cite more California federal court cases that *disapprove* of applying the intracorporate conspiracy doctrine in civil rights cases than approve of it.  *Compare* Mot. at 11 n.6 (citing eleven California cases that have rejected application of the intracorporate conspiracy doctrine in civil rights cases), *with* Mot. at 9:19-11:12 (citing eight California cases that purportedly apply the intracorporate conspiracy doctrine).[7]

The Northern District of California, meanwhile, has repeatedly taken the view that the doctrine should not apply in civil rights conspiracies.  *See Bey v. Oakland*, No. 14-cv-01626, 2015 WL 8752762, at *14 (N.D. Cal. Dec. 15, 2015) ("The Court . . . concludes that a [federal civil rights] claim is not necessarily barred by the intracorporate conspiracy doctrine"); *Brown v. Alexander*, No. 13-cv-01451, 2013 WL 6578774, at *14 (N.D. Cal. Dec. 13, 2013) (declining to extend the intracorporate conspiracy doctrine); *Rashdan v. Geissberger*, No. 10-cv-00634, 2011 WL 197957, at *7 (N.D. Cal. Jan. 14, 2011) ("[R]egardless of whether the defendants were acting as individuals or in the course and scope of their employment, their agreement to deprive another of his or her equal protection rights" is subject to a conspiracy claim.); *Rivers v. Marin*, No. 09-cv-01614, 2010 WL 145094, at *9 (N.D. Cal. Jan. 8, 2010) (holding intracorporate conspiracy doctrine does not bar liability in discrimination claims); *O.H. v. Oakland Unified Sch. Dist.*, No. 99-cv-05123, 2000 WL 33376299, at *8 (N.D. Cal. April 17, 2000) ("[T]he intra-corporate conspiracy doctrine . . . was developed in response to the specific policy goals underlying the

---

[7] More recent California authorities also explicitly reject Defendants' District of Arizona and earlier California authorities. *See, e.g.*, *Williams v. Conkle*, No. 17-cv-04884, 2018 WL 6016123, at *6 (C.D. Cal. Sept. 20, 2018) ("district court cases cited by defendants, however, also are inapposite") (citing with disapproval cases on which Defendants rely, including *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1074-75 (D. Ariz. 2012) and *Avalos v. Baca*, 517 F. Supp. 2d 1156, 1170 (C.D. Cal. 2007)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

federal anti-trust laws . . . [that] do not exist in the civil rights context."); *Washington v. Duty Free Shoppers*, 696 F. Supp. 1323, 1327 (N.D. Cal. 1988) ("[A]greements to discriminate between a business and its employees threaten exactly the group danger at which conspiracy liability is aimed by the enactment of §§ 1985(3) and 1986.  Thus, the view of a business as a single legal actor becomes a fiction without a purpose."); *Rebel Van Lines v. Compton*, 663 F. Supp. 786, 792 (C.D. Cal. 1987) (finding that the intracorporate conspiracy doctrine "cannot apply to conspiracies within governmental entities such as those in this case").

Furthermore, courts that have applied the intracorporate conspiracy doctrine to civil rights cases have recognized exceptions that allow for conspiracy claims where, as here, the defendants' coordinated conduct includes persistent, repeated unlawful action over a significant period of time. *See, e.g.*, *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 768-70 (11th Cir. 2000) (noting that some courts apply an exception to intracorporate conspiracy doctrine where defendants "engage in a series of discriminatory acts as opposed to a single action"); *Hartman v. Board of Trustees*, 4 F.3d 465, 469-71 (7th Cir. 1993) (noting that numerous acts undertaken by several corporate agents" or "some broader discriminatory pattern" that "permeated the ranks of the organization's employees" is sufficient to overcome the intracorporate conspiracy doctrine); *Stathos*, 728 F.2d at 20-21 (declining to apply the intracorporate conspiracy doctrine to a federal civil rights claim in which defendants' conduct "involved a series of acts over time going well beyond simple ratification of a managerial decision by directors"); *Buschi v. Kirven*, 775 F.2d 1240, 1252 (4th Cir. 1985) (in the context of a federal civil rights claim, explaining exceptions to the intracorporate conspiracy doctrine where corporate agents' actions are motivated by "an independent personal stake in achieving the corporation's illegal objective" or are unauthorized).  California courts have also applied these exceptions when government defendants engage in a series of unlawful actions. *See, e.g.*, *Webb v. Cnty. of El Dorado*, No. 15-cv-01189, 2016 WL 4001922, at *6-8 (E.D. Cal. July 25, 2016).

Here, Plaintiffs' Complaint plainly alleges that the Departmental Defendants are engaged in a daily, concerted effort to target unhoused people for unconstitutional criminal enforcement and property destruction—which has been ongoing for years. *See, e.g.*, Compl. ¶¶ 41, 42, 50, 111,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

137, 332-333 (alleging daily collusion across city agencies). The conspiracy "permeates the ranks of the organization's employees"—as exhibited by detailed allegations regarding coordination between the Departmental Defendants and their employees. *Hartman*, 4 F.3d at 471; *see also* Compl. ¶¶ 225-241 (alleging in detail ongoing and repeated communications from high-level agency heads and line staff regarding constitutional violations and their coordination). As such, this is far from the "single action" that might be protected by the intracorporate conspiracy doctrine. *Dickerson*, 200 F.3d at 770.

Because Defendants effectively concede that separately suable entities can conspire with one another, and the Departmental Defendants are indeed separately suable public entities—the conspiracy cause of action cannot be dismissed. Regardless, the intracorporate conspiracy doctrine should not apply at all in civil rights cases. Even if it does apply, the allegations against the Departmental Defendants establish exceptions to the doctrine. Therefore, Defendants' motion to dismiss Plaintiffs' thirteenth cause of action for conspiracy should be denied.

## V.   REQUEST FOR LEAVE TO AMEND THE COMPLAINT AS TO MAYOR BREED AND HSOC DIRECTOR DODGE

To the extent the Court agrees that the City and individual official capacity defendants may be duplicative, Plaintiffs request leave to amend the Complaint to select which of these Defendants is appropriate to keep in the litigation. Plaintiffs are prepared to elect to voluntarily dismiss as duplicative either: 1) the City and County of San Francisco; or (2) San Francisco's Mayor London Breed and Sam Dodge, Director of San Francisco's Healthy Streets Operation Center, in their official capacities. *Wilson v. City of San Jose*, 111 F.3d 688, 692 ("plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice"); Fed. R. Civ. P. 41(a).

However, Plaintiffs' Complaint alleges that both Mayor London Breed and HSOC Director Samuel Dodge were also *personally* involved in violating Plaintiffs' civil rights—including specifically directing and coordinating with subordinate staff to conduct sweep operations, remove unhoused people, and destroy their property—either for personal convenience or in a manner that they understood to be unlawful. *See supra* Statement of Relevant Allegations; *see also* Compl. ¶¶

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

133 n.118, 53 n.22.  Plaintiffs therefore seek leave to amend the Complaint to determine whether to name Mayor London Breed and HSOC Director Dodge as defendants in their individual and/or supervisory capacities, to name them as individual co-conspirators, and to add corresponding claims against them.

Courts routinely grant leave to amend a complaint to change the capacity of a defendant— and have found no cognizable prejudice in doing so even years after a complaint has been filed. *See, e.g.*, *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (noting that it was an abuse of discretion to deny leave to amend regarding a mere change to correct the capacity in which a party was being sued); *Hill v. Shelander*, 924 F.2d 1370, 1378 (7th Cir. 1991) (finding that a complaint could be amended to replace official capacity claims with individual capacity claims even after the statute of limitations period had run, because the defendant had already been sued in some capacity and therefore experienced no prejudice); *Canales v. Sheahan*, No. 12-cv-00693, 2016 WL 489896, at *2 (W.D.N.Y. Feb. 9, 2016) ("[C]ircumstances would warrant granting plaintiff leave to amend. The proposed second amended complaint is substantially similar to the prior complaints; the only notable changes are . . . the labeling of all defendants as having acted in an individual capacity" despite years since the complaint was filed.); *Proctor v. Van Horn*, No. 12-cv-00328, 2014 WL 794217, at *1 (D. Nev. Feb. 26, 2014) (authorizing leave to amend "to change [the] suit against Dr. Gedney from her official capacity only to her individual capacity"); *Satterfield v. Franklin Cty. Sheriff*, No. 08-cv-00387, 2009 WL 3031180, at *2 (S.D. Ohio Sept. 17, 2009) (granting leave to amend to bring a claim against the Sheriff in his individual rather than official capacity because "[t]he addition of Sheriff Karnes in his individual capacity will not require the Defendant to expend significantly more resources in his defense, nor will granting leave to amend the complaint significantly delay the resolution of the dispute").

Plaintiffs thus request leave to amend the Complaint to consider adding Mayor London Breed and HSOC Director Sam Dodge as individual capacity defendants for their personal and supervisory actions.  Any decision on voluntary dismissal of duplicative official capacity defendants can be resolved at the same time, to determine how and in what capacity these defendants should remain in the litigation.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1

## VI.    CONCLUSION

2          For the foregoing reasons, Plaintiffs respectfully request that Defendants' motion to

3    dismiss the Departmental Defendants and the Thirteenth Cause of Action for Conspiracy be

4    denied.   Plaintiffs also request leave to amend the Complaint as to Mayor London Breed and

5    HSOC Director Sam Dodge, whom Plaintiffs may wish to sue in their individual and supervisory

6    capacities, with corresponding adjustments to the Complaint.

7

8    Dated:  November 17, 2022                    Respectfully submitted,

9

10                                               By: */s/ Alfred C. Pfeiffer, Jr.*

11                                               LATHAM & WATKINS LLP
                                                 Alfred C. Pfeiffer, Jr., SBN 120965
12                                               Wesley Tiu, SBN 336580
                                                 Kevin Wu, SBN 337101
13                                               Tulin Gurer, SBN 303077
                                                 505 Montgomery Street, Ste 2000
14                                               San Francisco, CA 94111
                                                 Telephone: (415) 391-0600
15                                               al.pfeiffer@lw.com
                                                 wesley.tiu@lw.com
16                                               kevin.wu@lw.com
                                                 tulin.gurer@lw.com
17

18                                               LATHAM & WATKINS LLP
19                                               Joseph H. Lee, SBN 248046
                                                 650 Town Center Drive, 20th Floor
20                                               Costa Mesa, CA 92626
                                                 Telephone: (714) 540-1235
21                                               joseph.lee@lw.com

22                                               LATHAM & WATKINS LLP
23                                               Rachel Mitchell, SBN 344204
                                                 12670 High Bluff Drive
24                                               San Diego, CA 92130
                                                 Telephone: (858) 523-5400
25                                               rachel.mitchell@lw.com

26                                               LAWYERS' COMMITTEE FOR CIVIL
27                                               RIGHTS OF THE SAN FRANCISCO BAY
                                                 AREA
28                                               Zal K. Shroff, MJP 804620, *pro hac vice*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR

1
2
3
4

Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

5
6
7
8
9
10

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

11
12
13

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah*
*Cronk, Joshua Donohoe, Molique Frank, David*
*Martinez, Teresa Sandoval, Nathaniel Vaughn*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
CASE NO. 4:22-CV-05502-DMR