# EXHIBIT 18

| | |
|---|---|
| **From:** | Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org> |
| **Sent:** | Tuesday, November 29, 2022 11:45 AM |
| **To:** | 'Zal Shroff'; Tiu, Wesley (Bay Area); John Do; Hadley Rood; Pfeiffer, Al (Bay Area); Gurer, Tulin (Bay Area); Neda Shahram; Lee, Joseph (OC); Brandon Greene; Mitchell, Rachel (SD); Kira Setren; Elisa Della-Piana; #SF PRO BONO - UNHOUSED PERSONS LITIGATION; Wu, Kevin (Bay Area) |
| **Cc:** | Emery, Jim (CAT); Garcia, Sophia (CAT) |
| **Subject:** | RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters |

Zal,

I write to follow up on the issues we discussed on November 23, as well as my email of November 24.

**72-Hour Notice**. We disagree with your contention that the parties' agreement regarding 72-hour notice of planned homeless encampment resolutions, memorialized in the Court's order, contemplates, as you now contend below, "advance notice" of every "operation" by SFPD or DPW that may result in the "displacement" of an individual. Given Plaintiffs' three years of public records requests and preparation for this lawsuit, we did not expect any confusion about the term, "planned homeless encampment resolution." To clarify, a "planned homeless encampment resolution" refers to an operation that is pre-planned with the specified intention of clearing an area. A "planned homeless encampment resolution" does not include situations encountered during routine maintenance, responses to service requests, or patrols where someone ultimately must be moved from a particular location due to a health or safety, accessibility, or private trespass issue arising at that particular location. Responding to a service request—regardless of how much, if any, preparation is needed or made for the response, even where the nature of the request suggests that the response may result in the relocation of an individual (due to a health or safety, accessibility, or private trespass issue)—is not a planned encampment resolution. The specified intention of such responses is not the clearing of an area.

I did not agree that the notice posted at or around 240 Clayton on November 4, 2022 signified a "planned homeless encampment resolution" on November 8, 2022. As we discussed, DPW responded to a report of abandoned property at that location, and posted the notice rather than immediately discard the abandoned property. There was never any intention to move any individual or any individual's property from that location. And as we discussed, by November 5, there was no intention of returning to the location to follow up on the November 4 response at all. DPW did not "cancel" a "planned encampment resolution." The removal of abandoned property is not an encampment resolution. And by November 5, there was no plan to do even that. And again, while I understand Plaintiffs' allegations concerning November 6 at 240 Clayton, we have seen no evidence of any DPW or SFPD interactions with any unhoused individuals at that location on November 6. As discussed during our call, we would welcome any additional information you have regarding the November 6 activity at 240 Clayton.

With respect to 16th Street and Pond Street, while I agreed to look into the issue further in the spirit of cooperation, I made clear that regardless of what the records may show about the timing of SFPD's response to that location, the response was not a "planned homeless encampment resolution" within the meaning of the Court's order. (*See* above for the definition of "planned homeless encampment resolution"). I will provide further information regarding the relevant dispatch records when I have that information.

I hope this clarifies the points I was trying to make during our lengthy discussion on Wednesday, November 23, 2022.

**SFPD Reports**. Plaintiffs have provided us with two successive examples of the information Plaintiffs wanted included in weekly SFPD reporting. Plaintiffs appear to agree that all such information has been and is being provided to Plaintiffs.

Plaintiffs now want to move the goalposts again. During the parties' original meet-and-confer process over SFPD weekly reporting, Plaintiffs provided a pre-litigation PRA response from SFPD as an example of the information they sought on a weekly basis during the pendency of Plaintiffs' preliminary injunction motion. Relying on Plaintiffs' representation that the sample PRA response was the information Plaintiffs were seeking, Defendants agreed and offered to provide that same information for incidents where misdemeanor citations were issued for Cal. Penal Code § 647(e) (lodging without permission) and Cal. Penal Code §§ 370, 372 (public nuisance), and dispatches with incident code 915 (homeless calls for service). Defendants' proposal was put before the Court in a joint letter filed on October 21, 2022. *See* ECF No. 37 at 2. And the Court adopted Defendants' proposal. *See* ECF No. 38 at 2. Defendants then provided a weekly report containing the information that was contained in the sample PRA response. Plaintiffs argued that this report was insufficient and provided a second sample PRA response that contained additional information absent from the first sample plaintiffs had provided . Plaintiffs represented that this second PRA response reflected the information they were seeking through weekly SFPD reporting, rather than the first PRA response on which Defendants' proposal and the Court's order was based. In the spirit of cooperation, Defendants agreed to provide the additional information, even though such additional information was not contemplated by the Court's order. Plaintiffs now contend the Court's order requires even more information than what was contained in the second PRA response. We disagree.

**HSOC Spreadsheets**. I apologize if my November 24, 2022 email was unclear. We cannot agree provide Plaintiffs the names (neither first nor last), initials (neither first nor last), or dates of birth (neither month, day, nor year) of its clients in native format or otherwise. It would impose a significant burden on San Francisco to modify the weekly HSOC reports in the way Plaintiffs suggest. We disagree that Plaintiffs have articulated any need for such information. Defendants explain in their opposition to plaintiffs' preliminary injunction motion that San Francisco's policies ensure a person experiencing homelessness is offered shelter before being asked to leave an encampment. Plaintiffs appear to contend that they need names and dates of birth to confirm the number individuals who accepted offers of shelter. But the number of individuals who accepted an offer of shelter is not at issue. It is unclear what "claim" Plaintiffs contend they cannot "assess" without the names and dates of birth of third parties. In addition, I did not make any representation about "duplicate entries." Rather, I explained that the Client Log includes individuals who have been engaged at multiple resolutions. These are not "duplicate entries." Each entry shows a separate engagement of the individual at a different resolution. During the parties' November 23 call, Plaintiffs provided no explanation for what relevance the personal information of third parties has to the preliminary injunction motion.



**26(f) conference.** We will await Plaintiffs availability from 12/6 to 12/9 for the conference. Please let me know if we have missed an email from Plaintiffs with proposed times.

Thank you.

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, November 28, 2022 11:52 AM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com

**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Ed:

Your email does not address our proposal—which is that you immediately disclose to us: (1) native file format versions of the document spreadsheets you disclosed; and (2) that you provide in those spreadsheets solely first name, first initial of last name, and month and date of birth—but not year. Will San Francisco be producing these records as requested and with these safeguards in place? As we reiterated, we will treat the documents as under protective order.

If you cannot commit to producing these records by 12PM on Tuesday, it will be impossible for us to assess the City's claim that it has assisted hundreds of individuals in entering shelter over the past year. Indeed, you yourself represented on our call that the spreadsheets you provided to us do contain duplicate shelter entries for many unhoused individuals. At the very least, the native file format spreadsheets should be produced with all columns with identifying information stricken.

Please advise as soon as possible so that we can determine if it will be necessary for Plaintiffs to take further action in light of our reply deadline. We also await your responses as to the pressing concerns regarding Defendants' improper 72-hour notices and deficient SFPD disclosures.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Thursday, November 24, 2022 at 8:44 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

We will respond to the other issues (72-Hour Notice; and SFPD Weekly Reports) raised in your email after the holiday weekend, but with regard to the HSOC spreadsheet issues: the City cannot agree to provide Plaintiffs' the names or dates of birth of its clients. The information is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. §1320d et seq., and Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §56, et seq. *See also, e.g.*, *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, No. CIV. 12-00565 ACK, 2014 WL 1234506, at *3 (D. Haw. Mar. 24, 2014) (citations omitted) ("Stratose also seeks the

Court's permission to redact patients' names and social security numbers, as required under the Health Insurance Portability and Accountability Act. The Court finds that Stratose has articulated compelling reasons to permit redacting … personal patient information. …. [T]he need to protect medical privacy qualifies as a 'compelling reason.'"). Even outside of the HIPAA-context, courts regularly order that identifying information, including names, of third parties be redacted to protect their privacy. *See, e.g., Beckway v. Deshong*, No. C07-05072-TEH (EDL), 2011 WL 13183222, at *4 (N.D. Cal. Sept. 19, 2011) ("To the extent that the privacy interests of third parties are implicated by any of these documents, the County shall take care to redact all identifying information of third parties from the documents and the documents will be governed by a protective order."); *In re Rocket Fuel Inc. Sec. Litig*., No. 14-CV-03998-PJH, 2017 WL 344983, at *7 (N.D. Cal. Jan. 24, 2017) ("the court will grant the parties leave to redact: (1) specific third-party customer names; (2) the names of Rocket Fuel employees who are not officers, directors, or named defendants in this matter"). Plaintiffs have not articulated a need for knowing the identities of every third party client engaged by the City during encampment resolutions in 2022.

Happy Thanksgiving.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Wednesday, November 23, 2022 11:43 AM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Ed,

Thank you for your responsiveness during our meet-and-confer yesterday. I write to memorialize our conversations as well as note a few follow-up items coming out of our call. As we noted on our call, we stand prepared to work collaboratively to resolve these issues whenever possible—including receiving prompt responses from the City Attorney 's Office when Plaintiffs raise these serious and ongoing constitutional harms. We have a duty to protect our clients from these harms both under the Court's reporting order and before a ruling on Plaintiffs' preliminary injunction—as Defendants have not halted sweep operations (destroying individuals' property and ordering their removal from public property).

**Failure to Provide 72-Hour Notice:** We understand from your representations that Defendants are defining a "planned encampment resolution" as an operation where any Defendant has determined in advance that it will tell individuals that they have to leave the encampment. We further understand that Defendants do not consider a situation where an agency is responding to a call for service or dispatch regarding unhoused people as a planned event, regardless of the duration

4

between the call and the response and regardless of the nature of the response. We also understand that you are not considering "planned encampment resolutions" to include situations where City employees require homeless individuals to vacate —as long as that was not specifically decided in advance, and even if such a response could be reasonably anticipated in advance. You therefore represented to us that in practice, only HSOC performs "planned encampment resolutions." And we note, you have declined to provide advance notice of a single SFPD or DPW operation displacing unhoused people despite the fact that your own disclosures reveal these operations to be an almost daily occurrence. Your read is an unwarrantedly narrow view of a planned encampment resolution, for which notice is required. For example, regardless of whether the impetus for an encampment resolution may be a call—if the response is coordinated or planned in advance—that would qualify as a planned encampment resolution. As another example, if an agency plans to visit a location of a suspected encampment, if the agency's plans for an encampment may include the forced displacement of people or their property depending on the situation at the encampment site, that would also qualify as a planned encampment resolution.

In other words, we do not believe that San Francisco is complying with the Court's reporting obligations—particularly as it pertains to SFPD and DPW resolutions. Most troubling, we have not received a single notice of a DPW sweep operation when we understand that "Planned Removal of Property" notices are posted across the City on an almost daily basis.

As you agreed, the DPW sweep initially planned for November 8 at 240 Clayton Street would be an example of a planned encampment resolution that the Court's order requires notice to Plaintiffs of in advance. Yet you had no notice of that sweep and could not even find record of it until we provided the relevant DPW notice to you as proof of the planned sweep operation. Now you purport that the sweep operation was cancelled, when we know that concerned housed neighbors near Clayton Street called the Coalition on Homelessness on November 6 to report that their unhoused neighbors were engaged by DPW and SFPD despite the notice clearly indicating that the sweep was not to occur until November 8. As a result, 4 tents were forcibly removed and the unhoused people staying there displaced—apparently without any HOT team staff there to make a shelter offer—days earlier than the notice stated. This is not acceptable, and appears to be a routine practice of failing to notify Plaintiffs of DPW's noticed "Planned Removal of Property" operations.

Likewise, you committed to examining the circumstances of SFPD's 6:00AM dispatch of several officers to displace unhoused residents on Pond Street staying near the Harvey Milk Library, and to share any information regarding the dispatch records to determine whether or not this sweep operation was in fact planned in advance. As we noted, the Library was closed and would not open for another four hours when SFPD was purportedly called to urgently remove unhoused people for "blocking the entrance." That does not appear to make sense. The unhoused people onsite were also forced to leave the area entirely, again without even the guise of shelter being offered and without notice.

We appreciate your probing these issues with us on our call, and offering your understanding of the City's reporting obligations under the Court's order. While we ascribe nothing but the best of intentions to the City Attorney's Office, we are not confident that Defendant agencies are appropriately reporting sweep operations to you. Please follow up at your earliest convenience with any additional information regarding the above-mentioned sweep operations.  We will reserve the right to approach the Court to seek appropriate relief, particularly if we hear of any additional sweep operations that have not been appropriately reported to us.

**SFPD Reports:** While we recognize that Defendants have provided location information in connection with SFPD arrest and citation data, we reiterate that the SFPD 915 Call Logs should also be produced with location information in order to correspond this data with SFPD's daily interactions with unhoused individuals beyond HSOC operations. We do not have an exact spreadsheet previously produced to us containing this location information for SFPD call logs. However, we understand that such information exists in SFPD's database as either a street address or intersection. Just as you supplemented the SPFD call logs to re-insert time stamp data, we request you supplement the data spreadsheet to include the street address and intersection information regularly kept by SFPD. We look forward to hearing from you after you have had an opportunity to look into whether Defendants are willing to produce that information. Please advise by next Tuesday 11/29, whether you will supplement these disclosures for the reporting period to date.

**HSOC Spreadsheets:** Thank you for agreeing to look into whether or not Defendants would be amenable to providing full names and dates of births of the individuals referenced in certain HSOC records (CCSF_COH_PI_HSOC_000001-000052). We do not believe there is a basis for Defendants to withhold this information. As we explained, this information is relevant to this case and the preliminary injunction motion. As one example, this information is necessary for us to be

able to properly assess Defendants' representations in your opposition regarding the number of individuals HSOC has provided shelter to. We agree to treat the City's productions as confidential in accordance with the Northern District of California's standard protective order until the entry of an appropriate protective order in this case. As a compromise, and without prejudice to Plaintiffs seeking additional information later, Plaintiffs are willing to agree to accept full first name, first initial of last name, and month and day (but not year) of birth, which should alleviate any potential privacy concerns. Please let us know, if possible by Wednesday, 11/23, but no later than Friday, 11/25, whether Defendants will agree to produce full names and dates of births or at least the more limited name and birthdate information. We may seek relief from the Court to ensure that we can properly analyze this evidence the Court ordered disclosure of precisely so that Plaintiffs could assess its contents in evaluating Defendants' opposition to the motion.

**26(f) Conference**: Thank you for informing us that Defendants are available between 12/6 – 12/9 to hold our 26(f) conference. We will consult internally and suggest a few proposed times within that window.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Tuesday, November 22, 2022 at 12:52 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Zal,

In preparation for our call, please see the below.

**72-Hour Notice.** We have provided you notice of homeless encampment resolutions that were planned in advance. The incidents you have identified were not planned homeless encampment resolutions. We have come across no record of SFPD or DPW interactions at 240 Clayton on 11/6. Notwithstanding the notice posted on 11/4, by 11/5, DPW had decided not follow up on notice.

**SFPD Reports.** We re-produced the reports with the requested additional information on 11/15. These reports included the additional information that you have requested. Our weekly report of incidents where misdemeanor citations were issued for Cal. Penal Code § 647(e) (lodging without permission) and Cal. Penal Code §§ 370, 372 (public nuisance) includes the same information that was contained in the sample PRA

response you sent us. Our weekly report of dispatches with incident code 915 (homeless calls for service) also contain the same information that was contained in the sample PRA response you sent us.

**HSOC Spreadsheets.** We agree that the parties should enter into a protective order. We do not agree that Plaintiffs are entitled to identifying information or health information of third parties. Courts regularly order that identifying information be redacted, even from documents produced subject to a protective orders, in order to protect the privacy concerns of third parties.  We are open to hearing your articulation of Plaintiffs' compelling need for third parties' private information. We are also happy to discuss how to produce a native version of the spreadsheet that allows for redactions of identifying information and health information.

**26(f) Conference.** Jim has been back east for his mother's 97th birthday. We are available 12/6 through 12/9. We can discuss specific times during our call. If 12/5 is truly the only date that works for you that week, we may be able to make that work.

Thanks.  Talk to you soon.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Friday, November 18, 2022 4:29 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Jim and Ed:

We write to express our concern regarding several critical outstanding issues in this matter—many of which we have now attempted to address with Defendants several times. Please respond with times that Defendants will be available to meet and confer on these issues on Monday or Tuesday morning, so that we can immediately determine whether we will need to seek the Court's intervention.

1.          Failure to Properly Provide 72-Hour Notice. You have not responded to our repeated requests for information regarding the criteria Defendants are using to determine which sweep operations will be reported to Plaintiffs pursuant to the Court's Order. We have identified obvious gaps in your reporting to us—with Plaintiffs receiving reports of planned SFPD and DPW sweep operations for which we received no notice. In fact, Defendants have not informed Plaintiffs of a *single* DPW or SFPD sweep operation since the Court's Order was entered—instead providing only information about HSOC encampment resolutions. This is in direct violation of the Court's Order—which requires disclosure of *all* planned encampment resolutions. *See* Dkt. 34 ("any planned homeless encampment resolution scheduled by or involving the

7

Healthy Streets Operation Center, Department of Public Works ("DPW"), San Francisco Police Department ("SFPD"), or any other City agency." SFPD and DPW have clearly continued to conduct their own sweep operations across San Francisco—as Defendants' own weekly disclosures patently demonstrate. Your failure to provide proper notice of these planned sweep operations is exposing our Plaintiffs to exactly the irreparable harms the Court's reporting and disclosure requirements were designed to prevent. We wrote to you urgently on November 7 regarding this matter, again on November 9—and yet again on November 14. You have failed to respond or to adequately address any of these notice issues.

2.      <u>Insufficient SFPD Reports</u>. We have already reported our concerns with SFPD's weekly reports regarding citations, arrests, and dispatches—which have failed to include date, time, and location of SFPD's interactions with unhoused people. Your latest production at least included time stamps, but failed to include locations. As it is obvious that SFPD is conducting regular sweep operations outside of HSOC encampment resolutions, and Defendants have refused to notify us in advance of these operations, it is critical that SFPD's reports include the appropriate date, time, and location information for each interaction. You informed us that you were looking into this but then did not respond. Please confirm that by Tuesday morning, we can expect a supplemental disclosure of all prior reports with the required information necessary to satisfy the Court's mandated disclosure obligations. *See* Dkt. No. 38.

3.      <u>Unredacted & Native Format Discovery Production</u>. Your expedited discovery production includes solely HSOC schedules, reports, call logs, and client logs. It therefore appears that you have declined to rely on any SFPD or HSH database records in Defendants' preliminary injunction opposition. With respect to the HSOC records provided, however, it is imperative that those records be provided in unredacted format. You have made representations in your opposition regarding the number of individuals HSOC has provided shelter to, but those assertions are impossible to assess based on the records provided—which are redacted to obscure the names and dates of birth of the individuals supposedly assisted. The Defendants have no basis to redact relevant documents that they are required to produce. We will require a supplemental production of these records that properly discloses first name, last name, and dates of birth. We are comfortable, however, with you keeping the redaction of partial SSN information for now. Of course, we are happy for the parties to agree to and execute a protective order if necessary. To address any potential confidentiality concerns, until a case-specific protective order is entered in this case, we are willing to treat any productions designated as confidential in accordance with the Northern District of California's standard protective order. *See* <u>Model Protective Orders | United States District Court, Northern District of California (uscourts.gov)</u>.

We also note issues with certain documents that appear to be spreadsheets (and so presumably in Excel or similar format) but that were produced in PDF. It is not practical to review such documents in PDF format, especially given the limited time available for Plaintiffs to prepare their reply. Accordingly, we request that you promptly re-produce the documents in native file format. Please inform us whether you will provide these supplemental discovery disclosures.

4.      <u>Refusing to Schedule the 26(f) Conference</u>. Defendants stated that they would be prepared to meet and confer pursuant to Rule 26(f) once Defendants' opposition to the preliminary injunction was filed. Again, ***despite approximately ten separate inquiries*** and Defendants having filed their opposition, Defendants have simply refused to provide us with dates for our meet and confer. Plaintiffs are prepared to conduct our 26(f) conference on December 5, 2022—as we stated in our last email on November 14. Once again, you have declined to report your availability.

Please provide Defendants' availability for a meet and confer on either Monday or Tuesday to address these pressing matters. If they cannot be resolved, Plaintiffs will expect to seek appropriate relief.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, November 15, 2022 at 9:33 AM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Thank you, Zal, for the additional information and the photo regarding 240 Clayton. That's very helpful, and we will investigate further.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, November 14, 2022 12:15 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Jim:

The Court's order requires "notice of the date, time, and cross street location of any planned homeless encampment resolution scheduled by **or** involving the Healthy Streets Operation Center, Department of Public Works ('DPW'), San Francisco Police Department ('SFPD'), **or** any other City agency." Your response does not provide any explanation of what criteria the City is using in determining what encampment resolutions it is choosing to provide notice of under the Court's order. Given that your response explicitly acknowledges that at least some encampment resolutions, such as the one that the SFPD conducted on Pond Street, are deliberately not being reported to us, please explain the basis for the City not providing the Court ordered notice for any SFPD and DPW encampment resolutions.

Regarding the DPW resolution at 240 Clayton Street, it is unclear what you mean when you say your inquiries came up empty. Are you saying that DPW has no record of this incident occurring? Regardless, the sweep was indeed planned, noticed, and then carried out with complete disregard for that notice days earlier than promised—all with no notice to us. This is exactly the kind of forced displacement that the Court's order was meant to address during the pendency of Plaintiffs' preliminary injunction motion. We attach the DPW notice here, and express our concern that your clients did not provide you with this information. We expect that going forward Defendants will provide notice of all such formal resolutions to us 72 hours in advance of the scheduled sweep or property removal operation. This includes all such noticed property removal operations by DPW.

With respect to the SFPD sweep operation on Pond Street, we are admittedly puzzled. The Harvey Milk Public Library does not open until 10AM on Mondays, and yet you represent that at some time before 6:30AM on Monday morning, there was a call to complain that tents were obstructing access to a library that was not set to open for another 4 hours. Please provide the dispatch records to confirm. If this early morning sweep operation was in fact planned in advance by SFPD—and was not in response to a call for an immediate dispatch—then Defendants should have notified us of the sweep operation and the planned removal of unhoused individuals.

Finally, we note that your articulation of the Court's order—that the City will only provide notice of encampment resolutions if planned at least 72 hours in advance, would render the Court's order illusory. Whenever a sweep is planned in advance (i.e. there is no ongoing "emergency"), it must be scheduled at least 72 hours in advance so that Plaintiffs' counsel have the adequate notice required by the Court's order. Indeed, the Court's order also specifically contemplates that you must re-notice us in the event of any changes to planned sweep operations within the 72-hour notice period. *See* Dkt. No. 34. The 72-hour advance scheduling/notice is hardly burdensome, as it is in fact a requirement of the City's own policies regarding encampment resolutions. *See* DPW's Bag and Tag Policy, Section 3(a) ("the City will provide 72 hours advance written notice, so long as the site does not present any imminent health or safety hazards requiring immediate removal"). Instead of complying with these clear requirements, you are now suggesting that you have not informed us of non-emergency sweep operations Defendants are aware of and planned across San Francisco, but that were conceived of, planned, and carried out in less than 72-hours. This is fundamentally contrary to the Court's order.

Please clarify your position at your earliest convenience, and confirm that you will be providing 72-hour advance notice before all planned DPW and SFPD encampment resolutions, among all other planned encampment resolutions. We will also request that the parties discuss these issues at a meet and confer tomorrow to confirm Defendants' understanding of the Court's order. Please advise your availability.

Additionally, despite asking Defendants for weeks to provide availability for the Rule 26(f) conference, which the parties need to complete by December 14, 2022, we have yet to receive any response. While we understand Defendants object to any such meeting taking place before Defendants' opposition to the Motion for a Preliminary Injunction is due tomorrow, that should not prevent Defendants from providing availability after that date. Plaintiffs are prepared to conduct our 26(f) conference on December 5, 2022. Please provide Defendants' availability on that date or propose an alternative date and time.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Friday, November 11, 2022 at 1:01 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com"

<sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Zal,

I've looked into the events you inquired about in your email below.  On Pond Street, the police responded to a complaint that tents were blocking the sidewalk and obstructing access to the Harvey Milk Public Library.  The engagement was not planned in advance.  My inquiries came up empty about any DPW action on Nov 6 at 240 Clayton.  And you are correct, there was no HSOC resolution planned for that location on Nov 6 or Nov 8.  If you have any further information about 240 Clayton street, perhaps a photograph of the notice you describe below, please send it to me and I may be able to find out more.



I read the Court's order to require 72-hours notice of encampment resolutions that are planned at least 72 hours in advance.  The Pond Street engagement on Nov 7 was neither an "encampment resolution," nor was it planned 72 hours in advance.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Wednesday, November 9, 2022 1:17 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Jim,

Thank you for your email. We look forward to hearing from you as soon as you know more. When you do, please let us know what criteria the city is using to determine what does and does not qualify as a "planned homeless encampment resolution" for which notice is required under the Court's order, and to the extent the Defendants contend that any of the sweep operations identified in my earlier email do not qualify as a "planned homeless encampment resolution," please provide the basis for that contention. Please provide a response no later than COB Thursday, November 10th.

Best regards,

**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, November 8, 2022 at 9:56 AM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Zal,



Thank you for the heads-up.  We're looking into your concern.  At this point, we do not believe the operations you describe on Nov 6 or Nov 7 were "planned homeless encampment resolution[s]" within the meaning of the court's discovery order.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, November 7, 2022 4:25 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Jim and Ed:

We write to express our concern that Defendants are not complying with the Court's order to provide us with 72-hour notice of "any planned homeless encampment resolution scheduled by or involving the Healthy Streets Operation Center, Department of Public Works ("DPW"), San Francisco Police Department ("SFPD"), or any other City agency." *See* Dkt. No. 34.

On Sunday, November 6, DPW conducted a sweep operation at 240 Clayton Street where several unhoused individuals were ordered to move by DPW and SFPD. Furthermore, a posted notice onsite indicated that the sweep was pre-planned and set to occur on November 8—not November 6. We were never given *any* notice of this sweep operation—either 72 hours before the scheduled time listed on the DPW notice or 72 hours before the time the sweep operation actually took place.

Today, on Monday, November 7, SFPD officers started arriving at approximately 6:35AM at 16th Street and Pond Street and ordered unhoused individuals to clear the area. Officer Fernandez was one of the officers present. We were never

given 72-hour notice of this sweep operation. Instead, you provided 72-hour written notice of sweep operations for today that were occurring in an entirely different part of the City.

Please advise as soon as possible why we were not informed of these two planned sweep operations 72 hours before they occurred. We are concerned that Defendants are not appropriately informing the City Attorney's Office of dozens of agency operations occurring across the City in violation of the Court's order. In your response, please clarify how Defendants—and specifically DPW and SFPD—are informing you about each agency's homeless sweep/property seizure operations. Additionally, how are Defendants defining a planned encampment resolution subject to 72-hour notice requirements under the Court's order—and what conduct are Defendants specifically declining to report to us, if any?

We hope that the parties can promptly address any significant gaps in the mandatory reporting ordered by the Court. Additionally, we will expect to see specific DPW and SFPD records that address the two specific sweep operations described above in Defendants' weekly document disclosures. *See* Dkt Nos. 34, 38.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Wednesday, November 2, 2022 at 3:37 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Zal,



We appreciate your patience with the notices. We believe we have worked out the logistical issues associated with ramping up the process for the notifications. We expect the notifications will be timely going forward. Thanks.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Friday, October 28, 2022 3:45 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Ed:

We are concerned that we had to flag the lack of timely notice for Monday's sweeps and want to be sure Defendants are prepared to provide those notices in compliance with the Court's order without prompting in the future. For example, the sweep identified for Monday morning at 7AM on October 31, 2022 is one for which Plaintiffs clearly did not receive the required 72-hour notice identified in the Court's order. Please advise whether you nonetheless intend to proceed with that sweep operation.

As to the SFPD records, given your unwillingness to make any disclosures at this time, we will await the Court's order and then will request that SFPD provide the required documents for the entire reporting time period as appropriate and consistent with Defendants' other disclosures.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org


**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Friday, October 28, 2022 at 2:18 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Good afternoon Zal,

We will provide the SFPD disclosures once the scope of the disclosures has been confirmed by the Court. Please let us know if Plaintiffs have decided to accept San Francisco's proposal and will be withdrawing their demand for more from SFPD.

Please note that I removed Regina Wang (Latham), and added Kevin Wu (Latham), to this email chain pursuant to the substitution of counsel from last week. Thanks.

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. The information is confidential and may be protected by the attorney-client and/or work product privileges. If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Friday, October 28, 2022 10:48 AM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Regina Wang (CC) <Regina.Wang@lw.com>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Thank you, Ed. We will look forward to receiving the updated production from DPW and from HSH later today.

Additionally, we note that the parties have not yet heard back from the Court regarding the joint letters submitted late last week. In the meantime, will Defendants commit to start producing at least those SFPD documents that Defendants agreed to provide and proposed to the Court in their proposed order?

Finally, under the Court's initial scheduling order, the parties are obligated to meet and confer on or before December 14, 2022. *See* Fed. R. Civ. P 26(f) ("at least 21 days before a scheduling conference"). You indicated that you would be prepared to conduct such a conference after Defendants' opposition to the preliminary injunction motion is filed on November 15, 2022. Please provide us with dates and times that you will be available to conduct our meet and confer.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Wednesday, October 26, 2022 at 5:07 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, "Regina Wang (CC)" <Regina.Wang@lw.com>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Zal,

Please expect a production of DPW reports shortly.  We were unable to include 10/20 and 10/21 in this batch.  We expect to include 10/20 and 10/21 in the reports to be provided on Friday.

We also expect to provide HSH reports Friday evenings as well.  Thanks.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Wednesday, October 26, 2022 10:57 AM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Regina Wang (CC) <Regina.Wang@lw.com>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Thank you, Ed. We note that we did not receive the DPW reports for 10/17-10/21 yesterday. Can we expect to see those records today? Please also advise as to the schedule for HSH disclosures following your discussions yesterday.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Monday, October 24, 2022 at 9:08 AM
**To:** "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Zal Shroff <zshroff@lccrsf.org>, "Regina Wang (CC)" <Regina.Wang@lw.com>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

We expect the DPW records pursuant to the Order Regarding Defendants' Administrative Motion for Extended Briefing Schedule (ECF No. 34) to be provided on the following schedule:

- On Tuesday, 10/25, we expect to provide the records for 10/17-10/21/2022
- On Friday, 10/28, we expect to provide the records for 10/22-10/26/2022
- From thereafter, we expect to provide records every Friday (e.g., 11/4), covering the time period of the preceding Thursday through Wednesday (e.g., 10/27-11/2/2022)



We will update you about the schedule for HSH daily allocation summaries later today, as we finalize some of the logistics.  Thanks.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Wang, Edmund (CAT)
**Sent:** Friday, October 21, 2022 2:29 PM
**To:** Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; 'zshroff@lccrsf.org' <zshroff@lccrsf.org>; 'Regina.Wang@lw.com' <Regina.Wang@lw.com>; 'Wesley.Tiu@lw.com' <Wesley.Tiu@lw.com>; 'jdo@aclunc.org'

<jdo@aclunc.org>; 'hrood@lccrsf.org' <hrood@lccrsf.org>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Tulin.Gurer@lw.com' <Tulin.Gurer@lw.com>; 'nshahram@lccrsf.org' <nshahram@lccrsf.org>; 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'bgreene@aclunc.org' <bgreene@aclunc.org>; 'Rachel.Mitchell@lw.com' <Rachel.Mitchell@lw.com>; 'ksetren@lccrsf.org' <ksetren@lccrsf.org>; 'edellapiana@lccrsf.org' <edellapiana@lccrsf.org>; 'sf.probono.unhoused.persons.litigation@lw.com' <sf.probono.unhoused.persons.litigation@lw.com>
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Going forward, the parties can expect these notifications to be sent in the morning. There was a little delay today as we worked to set up the process for providing this notice.

I expect to have updates on the timeline for DPW and HSH information later today. Thanks.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>
**Sent:** Friday, October 21, 2022 2:19 PM
**To:** 'zshroff@lccrsf.org' <zshroff@lccrsf.org>; 'Regina.Wang@lw.com' <Regina.Wang@lw.com>; 'Wesley.Tiu@lw.com' <Wesley.Tiu@lw.com>; 'jdo@aclunc.org' <jdo@aclunc.org>; 'hrood@lccrsf.org' <hrood@lccrsf.org>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Tulin.Gurer@lw.com' <Tulin.Gurer@lw.com>; 'nshahram@lccrsf.org' <nshahram@lccrsf.org>; 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'bgreene@aclunc.org' <bgreene@aclunc.org>; 'Rachel.Mitchell@lw.com' <Rachel.Mitchell@lw.com>; 'ksetren@lccrsf.org' <ksetren@lccrsf.org>; 'edellapiana@lccrsf.org' <edellapiana@lccrsf.org>; 'sf.probono.unhoused.persons.litigation@lw.com' <sf.probono.unhoused.persons.litigation@lw.com>
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Subject:** Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Pursuant to the Order Regarding Defendants' Administrative Motion for Extended Briefing Schedule (ECF No. 34), please take notice of the following planned encampment resolutions:

| Date | Time | Cross Street Location |
|---|---|---|
| 10/24/2022 | 7:00 a.m. | Cesar Chavez St. & Valencia St., and the surrounding areas |
| 10/24/2022 | 1:00 p.m. | Around 1515 South Van Ness Ave. ( Cesar Chavez St., Shotwell St., 26th St., and SVN block both sides of street) |



Thank you,
Sophia

**Sophia Garcia**
Legal Assistant
Office of City Attorney David Chiu
(415) 554-3877 Direct
www.sfcityattorney.org
Find us on: Facebook Twitter Instagram

**CONFIDENTIALITY NOTICE:** This communication and its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). If you are not the intended recipient, please contact the sender and destroy all copies of the communication.