LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

COALITION ON HOMELESSNESS, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

CASE NO. 4:22-cv-05502-DMR

**PLAINTIFFS' RESPONSE TO DEFENDANTS' UNTIMELY OBJECTIONS TO EVIDENCE (DKT. NO. 51)**

**Judge:** The Hon. Donna M. Ryu

**Hearing Date:** December 22, 2022
**Time:** 1:00 p.m.
**Place:** Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

## I. INTRODUCTION

The Court should reject Defendants' Objections, pursuant to Local Rule 7-3(d)(1), for being five days too late and including improper argument.[1] Those objections and arguments are without merit in any event. Plaintiffs submitted evidence with their initial Motion that is plainly sufficient to support a preliminary injunction on its own. Solely to respond specifically to arguments Defendants made in their Opposition, Plaintiffs entered additional, corroborative evidence in Reply, including updated analyses based on recent information provided by Defendants under the Court's expedited discovery order and to which Plaintiffs had no prior access. Defendants had their chance on Opposition to rebut Plaintiffs' evidence, but decidedly declined to do so. They cannot now use the reply evidence Plaintiffs properly submitted to address their Opposition as an excuse to introduce new arguments or continue the hearing now that briefing has closed. Time remains of the essence as Plaintiffs continue to suffer irreparable harms—as Defendants well know. Defendants' untimely and improper objections should not lead to further delay of the preliminary injunction hearing.

## II. DEFENDANTS' OBJECTIONS ARE UNTIMELY

Without even seeking leave from this Court, Defendants filed their Objections five days too late. They had to raise any objections to reply evidence no later than December 8, 2022—7 days after Plaintiffs filed their Reply. L.R 7-3(d). That means the Court should not consider Defendants' objections at all. *See Elliot v. Spherion Pac. Work, LLC*, 368 Fed. App'x 761, 763 (9th Cir. 2010) ("The court did not abuse its discretion in following the local rules and refusing to consider the evidentiary objections that" were filed thirteen days late.); *Everflow Tech. Corp. v. Millenium Elecs., Inc.*, No. 07-cv-05795, 2009 WL 2581273, at *2 (N.D. Cal. Aug. 19, 2009) (striking evidentiary objections filed six days after the filing of the reply brief in violation of N.D.

---

[1] As noted in this Response, Defendants' untimely Objections include improper arguments (that Defendants submitted without leave to file a surreply). Defendants also seek alternative relief, beyond the scope of evidentiary objections, to allow them to file a surreply and to continue the preliminary injunction hearing. To the extent the Court chooses to consider Defendants' untimely submission beyond the scope of Local Rule 7-3(d), Plaintiffs submit this Response to note our opposition to Defendants' improperly filed arguments and to Defendants' alternative requested relief.

Cal. local rules).

## III. PLAINTIFFS' EVIDENCE IS WITHIN THE PROPER SCOPE OF REPLY

Even if the Court were to consider Defendants' objections, they provide no proper basis to exclude Plaintiffs' evidence. Courts may consider new evidence submitted on reply if that evidence is within the scope of responding to arguments in an opposition brief. *See, e.g.*, *Markson v. CRST Int'l, Inc.*, No. 17-cv-01261, 2022 WL 790960, at *1 n.1 (C.D. Cal. Feb. 24, 2022) ("The arguments and evidence in Plaintiffs' reply to which Defendants object were directly responsive to Defendants' arguments, and therefore neither improper nor a basis for allowing leave to file a surreply."); *E.W. Bank v. Shanker*, No. 20-cv-07364, 2021 WL 3112452, at *7 (N.D. Cal. Jul. 22, 2021) (overruling evidentiary objections to preliminary injunction reply evidence because "where evidence is submitted in direct response to proof adduced in opposition to a motion it is not new") (internal citations and quotations omitted); *Applied Materials, Inc. v. Demaray LLC*, No. 20-cv-05676, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief."). Here, the additional information Plaintiffs submitted on Reply directly address the arguments and evidence in Defendant's Opposition, the very purpose of a Reply.

Plaintiffs' initial motion provided overwhelming evidence to support granting injunctive relief. On Opposition, Defendants largely decided not to respond to this detailed evidence. *See* Dkt. No. 48, at 1:19-4:28. Instead, Defendants' basic approach was to argue that Plaintiffs' evidence was stale. Dkt. No. 45 at 15-16. Thus, on Reply, Plaintiffs merely provided more recent corroborative evidence, in direct response to those arguments:

1. <u>Dkt. No. 49: Herring Supplemental Expert Declaration</u>. In response to Defendants' assertion of staleness, Dr. Herring analyzed HSOC data from 2022 that was only disclosed to Plaintiffs as a result of the Court's expedited discovery order during the pendency of the preliminary injunction motion. Dkt. No. 49 ¶ 3; Dkt. No. 50-17. Defendants had a full and fair opportunity to argue about this evidence and decided not to, even though they disclosed the data to Plaintiffs with the understanding that it could be considered on the preliminary injunction motion, pursuant to the Court's order. Notably, the updated expert analysis had no surprises; it

showed the exact same trends as the 2021 data in the initial motion.

2. Dkt. Nos. 50-1 to 50-8: Fact Declarations Regarding Post-Filing Sweeps. Plaintiffs' initial motion provided ample evidence from 2022. Dkt. No. 48 at 6:1-2, 6:1 n.4. However, in response to Defendants' staleness argument, these supplemental declarations provide information regarding sweeps the City conducted *after the case was filed*—showing the same pattern of behavior as demonstrated before the Motion was filed. They respond directly to Defendants' arguments but are not necessary to decide the Motion.

3. Dkt. Nos. 50-9 and 50-10: Corroborating the Ex-Employee Declaration. Defendants argued that former City employee Damon Bennett's declaration was untrustworthy because he was a disgruntled former employee. Dkt. No. 45 at 15 n.5. Plaintiffs therefore identified two additional corroborating witnesses and former city employees to rebut Defendants' suggestion that Mr. Bennett's testimony was untrustworthy or inaccurate. *See* Dkt. No. 48 at 7:15-17. Contrary to Defendants' suggestion, these individuals came forward as corroborating witnesses after the preliminary injunction motion was filed. *See* Dkt. No. 50 ¶ 3.

## IV. DEFENDANTS' OBJECTIONS INCLUDE IMPROPER ARGUMENT

The Local Rules plainly forbid using evidentiary objections as a vehicle to introduce any arguments. *See* L.R 7-3(d)(1). But that is exactly what Defendants have done. Defendants now contend that they could have presented evidence—never previously relied upon—that at some individual HSOC resolutions available shelter inventory exceeded demand. Defendants had their chance to introduce that evidence in their Opposition and they failed to do so.[2] Further, Defendants

[2] These HSOC records are the same records Defendants disclosed to Plaintiffs under the Court's expedited discovery order and in conjunction with their Opposition. *See* Dkt. No. 50 ¶¶ 22-23. As these are Defendants' own documents, they had the opportunity to rely on them in their Opposition. Dkt. No. 36 at 2 (Defendants asserting work-product protection over which records Defendants were considering using in Opposition). Yet Defendants chose not to introduce or argue about them. Regardless, Defendants' attempt to challenge the facts of a *single* interaction with Ms. Evans in their Objections (Dkt. No. 51 at 1:27-2:13) does nothing to counter Dr. Herring's initial conclusion and Defendants' admission that on many days, Defendants do not have enough shelter to offer everyone at a given location. *See* Dkt. No. 45 at 17:6-7 ("HSOC has learned that 40% of clients at an encampment resolution accept offers of shelter, and has made the rational decision to proceed accordingly"); *see also* Dkt. No. 48 at 8:12-16.

argue (again, for the first time) that San Francisco changed its policies in 2022, which is notably absent from Defendants' Opposition and is plainly incorrect.[3] Although Defendants have already argued the point, they try to insert further argument that hearsay should be inadmissible on a preliminary injunction, despite precisely contrary binding authority. The rules do not allow Defendants to raise any of these arguments in their evidentiary objections. L.R 7-3(d)(1) (objections "may not include further argument on the motion").

## V. DEFENDANTS' REQUEST FOR FURTHER DELAY SHOULD BE REJECTED

Defendants are not entitled to a surreply when reply evidence is limited to addressing defendants' arguments in response to the motion. *See, e.g.*, *Markson*, 2022 WL 790960, at *1 n.1. In fact, the only relevant case to which Defendants cite permitted the defendants in that case to introduce the additional declarations submitted with their objections to plaintiffs' reply—but did not exclude plaintiffs' reply evidence or permit any further delay in the proceedings. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006). Nor should the Court accommodate Defendants' alternative request to continue the hearing, as Defendants should have at least filed their Objections in the time permitted if they felt the challenged evidence justified an extension. The hearing has already been delayed to accommodate Defendants' schedule, and the Court should not reward Defendants' noncompliance and lack of diligence at Plaintiffs' expense. Traumatizing sweeps continue to occur daily in the midst of a cold winter, all of which underscores the urgent nature of the relief requested. *See* Dkt. Nos. 50-1 to 50-8.

## VI. CONCLUSION

For the foregoing reasons, the Court should not exclude Plaintiffs' reply evidence submitted in support of the Motion for Preliminary Injunction. Regardless, the Court should not permit Defendants to file a surreply or to further continue the hearing of this matter.

---

[3] Defendants do not contest that the relevant DPW and SFPD policies that were published well before 2022 and cited by Plaintiffs are indeed relevant policies at issue in this case. *See* Dkt. No. 45 at 7:19-23 (citing the relevant DPW policy from 2016). Defendants' vague assertion for the first time in their Objections that an April 2022 *external* analyst report reflects a change in Defendants' policies is nonsense. Regardless, the relevant report was addressed by *both* parties in the initial Motion and the Opposition, and Defendants cannot introduce new argument regarding it. *See* Dkt. No. 9 at 10:4-6; Dkt. No. 45 at 7 n.3. Defendants untimely policy arguments also still fail to address their continued unconstitutional *conduct*. See Dkt. No. 48 at 1.

Dated: December 14, 2022

Respectfully submitted,

By: */s/ Alfred C. Pfeiffer, Jr.*

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

By: */s/ Zal K. Shroff*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

**ATTESTATION**

I, Alfred C. Pfeiffer, Jr., am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: December 14, 2022 *_/s/ Alfred C. Pfeiffer, Jr._*