DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4628 (Emery)
               (415) 554-3857 (Wang)
Facsimile:     (415) 554-4699
E-mail:        jim.emery@sfcityatty.org
               edmund.wang@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Healthy Streets Operation Center (HSOC),<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DECLARATION OF JAMES M. EMERY IN SUPPORT OF ADMINISTRATIVE MOTION FOR CLARIFICATION OF PRELIMINARY INJUNCTION ORDER, AND IN THE ALTERNATIVE FOR EXPEDITED BRIEFING**<br><br>Hearing Date:   N/A<br>Time:           N/A<br>Place:          Hon. Donna M. Ryu<br><br>Trial Date:     None set.<br><br>Attachments: Exhibits A and B |

EMERY DECL.
CASE NO. 4:22-cv-05502-DMR                    1                    n:\govlit\li2022\230239\01647545.docx

I, James M. Emery, hereby declare:

1. I am a member of the bar of the state of California and counsel of record for defendants in this action (collectively, "San Francisco "). I submit this declaration to support San Francisco's Administrative Motion for Clarification of Preliminary Injunction Order, and in the Alternative for Expedited Briefing. If called as a witness, I could and would testify competently to the matters set forth herein.

2. At a December 29, 2022 telephonic meet and confer session, Plaintiffs' counsel confirmed their interpretation that the Order prohibits all enforcement of sit/lie/sleep laws until San Francisco's available shelter beds exceed the number of unsheltered homeless. San Francisco's counsel explained Ninth Circuit precedent does not support Plaintiffs' interpretation, and Plaintiffs' interpretation would conflict with San Francisco's obligations under the injunction entered June 30, 2020, in *Hastings College of the Law v. City & County of San Francisco*, N.D. Cal. Case No. 4:20-cv-03033-JST, Dkt #71. Plaintiffs' counsel stated they would oppose San Francisco's motion for clarification.

3. Also at the December 29, 2022 telephonic meet and confer session, the parties discussed whether to submit San Francisco's request for clarification through an administrative motion, a noticed motion with expedited briefing and reduced page limits, or through some other procedure. Specifically, San Francisco suggested that on January 3, 2023, it file an administrative motion for clarification or a noticed motion accompanied by a stipulated administrative motion for expedited briefing with page limits. San Francisco suggested Plaintiffs file their opposition to a noticed motion on January 6 or January 9, and that San Francisco file its reply within two court days after Plaintiffs' opposition. San Francisco's counsel proposed page limits of 5, 7, or 10 pages. Counsel for Plaintiffs did not agree that clarification should be presented through an administrative motion, and did not agree to any expedited briefing schedule or specific page limits. Instead, Plaintiffs' counsel proposed the parties submit San Francisco's clarification question through a joint submission. The joint submission proposal was not acceptable to San Francisco, because the submission date would then depend on when Plaintiffs completed their portion of the joint submission,

injecting unpredictable delay to San Francisco's need for prompt resolution of the clarification question.

4. Attached hereto as **Exhibit A** is a true and correct copy of the stipulated federal injunction entered June 30, 2020, in *Hastings College of the Law v. City & County of San Francisco*, N.D. Cal. Case No. 4:20-cv-03033-JST, Dkt #71.

5. Attached hereto as **Exhibit B** is a true and correct copy of the A Place For All Report, dated December 30, 2022, published by San Francisco's Department of Homelessness and Supportive Housing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 3, 2023 in San Francisco, California.

                                           /s/ *James M. Emery*
                                             JAMES M. EMERY