[Counsel Identified on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>**Judge:**   The Hon. Donna M. Ryu<br><br>**Date:**   January 12, 2023<br>**Time:**   1:00 p.m.<br>**Place:**   Courtroom 4 – 3rd Floor<br>   1301 Clay Street<br>   Oakland, CA 94612 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
CASE NO. 4:22-CV-05502-DMR

Pursuant to Local Rules 16-9 and 16-10, and in compliance with Federal Rule of Civil Procedure 26(f) and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Plaintiffs and Defendants submit this Joint Case Management Conference Statement and Rule 26(f) Report.

## 1.  JURISDICTION AND SERVICE

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 42 U.S.C. § 12132, and 42 U.S.C. § 1983 because Plaintiffs' claims arise under the laws and Constitution of the United States.  This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.  All parties have been served.

## 2.  FACTS

A.  <u>Plaintiffs' Statement</u>:  San Francisco and its municipal departments have engaged in an unconstitutional operation to clear homeless encampments without providing sufficient and voluntary access to appropriate shelter within the City.  More than 4,000 San Franciscans have no access to shelter or housing in San Francisco.  Nonetheless, Defendants enforce laws that prevent unhoused residents from sheltering in public places when there is no meaningful alternative, in violation of the constitutional rights of unhoused people.  Specifically, the City threatens and issues citations, fines, and arrests to force unsheltered individuals to vacate public spaces even though the City knows these residents have nowhere else to go.  When City workers clear encampments, the City does not have enough appropriate shelter to offer all the individuals forced to move, nor does the City wait for shelter offers to be made before forcing individuals to vacate.  These acts violate the Eighth Amendment and the California Constitution's prohibition on Cruel and Unusual Punishment.  In addition to forced relocation, City workers seize and destroy valuable personal property and survival belongings of unhoused people without providing adequate prior notice or opportunity to recover the property, in violation of the City's own "bag-and-tag" policies.  These practices are in violation of the Fourth and Fourteenth Amendments and the corollary protections in the California Constitution.  By removing unhoused people from public spaces and destroying

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
CASE NO. 4:22-CV-05502-DMR

1    their personal property, the City further exposes its unhoused residents to harms in violation of the

2    Fourteenth Amendment and protections in the California Constitution against state-created

3    dangers.  San Francisco and its municipal agencies have openly conspired with one another such

4    that their conduct amounts to a civil rights conspiracy under Section 1983.  Defendants also

5    administer each of their government programs related to the elimination of homeless encampments

6    without providing adequate accommodation for unhoused individuals with disabilities, including

7    by failing to provide those individuals time to gather and safeguard their belongings, and by

8    offering shelter to unhoused people that is functionally inaccessible to them because of their

9    disabilities—in violation of the Americans with Disabilities Act and corollary California statutory

10   protections.  Not only are these practices unlawful, but they further entrench poverty, divert funds

11   away from supporting housing opportunities, and inflict untold trauma on vulnerable residents.

12   Defendants' conduct has continued despite the Court's issuance of a preliminary injunction order

13   to halt enforcement and threats of enforcement of sit/lie/sleep laws against the involuntarily

14   homeless and compel compliance with Defendants' own bag-and-tag policy.

15          B.      Defendants' Statement: San Francisco conducts outreach to people experiencing

16   homelessness, to offer them services and shelter.  The outreach occurs through scheduled HSOC

17   encampment resolutions, smaller scale SFHOT outreach activity, through HSH's coordinated

18   entry program, and in other ways.  In addition to maintaining over 11,000 households in supportive

19   housing, San Francisco operates more than 3,500 shelter beds.  Additional shelter capacity and

20   permanent supportive housing is in the pipeline.  At each HSOC resolution, San Francisco offers

21   shelter to each encampment resident, and matches residents who accept shelter offers to

22   appropriate shelter beds.  In conducting this outreach, San Francisco does not threaten enforcement

23   of sit/lie/sleep laws against the involuntarily homeless.

24          As discussed at the December 22 preliminary injunction hearing, San Francisco has

25   recently rolled out version 3 of its bag-tag policy, and San Francisco is now following that policy,

26   including its provisions for bulky items.

27          San Francisco's shelter system includes a range of accommodations that makes the system,

28   viewed in its entirety, readily accessible to and usable by, persons with disabilities.  ADA

1    compliance in San Francisco's shelter system was the subject of prior litigation with plaintiff

2    Coalition on Homelessness, which the parties settled.  *Western Regional Advocacy Project v.*

3    *Newsom*, N.D. Cal. Case No. CV 08-4087 MMC.

4    **3.    LEGAL ISSUES**

5         A.    <u>Plaintiffs' Statement</u>:  The principal disputed legal issues are:  (a) whether

6    Defendants have violated the Eighth Amendment rights of the unhoused, as articulated by the

7    Ninth Circuit in *Martin v. Boise* and its progeny like *Johnson v. Grants Pass*; (b) whether

8    Defendants have violated the Fourth and Fourteenth Amendment rights of the unhoused by

9    summarily seizing and destroying their personal property, without storing that property, without

10   sorting out valuable belongings from abandoned items, trash, and property creating a safety issue,

11   and without prior notice or opportunity to be heard; (c) whether Defendants have violated the

12   Fourteenth Amendment rights of unhoused individuals to be free from state-created dangers that

13   expose them to serious health and safety hazards; (d) whether Defendants discriminated against

14   unhoused individuals with disabilities, in violation of the Americans with Disabilities Act, 42

15   U.S.C. § 12131 *et seq*., by demanding unhoused people remove themselves and their belongings

16   from public spaces without proper assistance or support, and without providing shelter that is

17   appropriate for these individuals based on their disabilities; (e) whether Defendants violated

18   corollary California constitutional and statutory law; (f) whether Defendants have demonstrated a

19   custom and practice of criminalizing homelessness in the absence of available shelter and

20   destroying property of the unhoused notwithstanding City policies that preclude these practices;

21   and (g) whether Defendants coordination and collaboration in destroying the property of unhoused

22   individuals and criminalizing involuntary homelessness gives rise to civil rights conspiracy under

23   Section 1983.

24        B.    <u>Defendants' Statement</u>: Plaintiffs' Eighth Amendment claims raise several legal

25   issues.  Does a numerical imbalance between the number of available shelter beds and the

26   unhoused homeless population prohibit a municipality from enforcing sit/lie/sleep laws against an

27   individual, even after the individual has declined an offer of shelter?  What are the necessary

28   components of a shelter offer that make an individual who declines the offer no longer

1    "involuntarily homeless" within the meaning of *Boise* and *Grants Pass*?  Does the Eighth

2    Amendment constrain a municipality from prohibiting "sleeping outside at particular times or in

3    particular locations"?  See *Boise*, 920 F.3d at 617 fn.8.  Does the Eighth Amendment constrain a

4    municipality from prohibiting camping on public property with more than "rudimentary bedding

5    supplies"?   See *Grants Pass*, 50 F.4th at 806.   Does the Eighth Amendment constrain a

6    municipality from prohibiting tents or other structures on public property.  See *Grants Pass*, 50

7    F.4th at 812 fn.34; *Boise*, 920 F.3d at 617 fn.8.  Does the Eighth Amendment constrain a

8    municipality from prohibiting obstruction of public rights of way?  See *Boise*, 920 F.3d at 617

9    fn.8.

10    It appears there are no disputed legal issues regarding San Francisco's bag/tag policy.  All

11    parties agree San Francisco's current bag/tag policy complies with the 4th and 14th Amendments.

12    San Francisco agrees it has a duty under the ADA and corresponding state law to make its

13    shelter program, when viewed in its entirety, readily accessible to and usable by individuals with

14    disabilities.

15   **4.    MOTIONS**

16    Plaintiffs filed a motion for preliminary injunction on September 27, 2022; Defendants

17    opposed the motion on November 15, 2022; argument on the motion was heard on December 22,

18    2022; and the Court ruled on the motion on December 23, 2022.  Defendants filed a motion to

19    dismiss one cause of action and several defendants from Plaintiffs' Complaint on November 3,

20    2022; Plaintiffs opposed the motion on November 17, 2022; and the motion is scheduled for

21    argument on January 12, 2023.  On January 3, 2013, San Francisco filed an administrative motion

22    for clarification of the December 23 injunction order, and in the alternative for an expedited

23    briefing schedule.  Plaintiffs may raise concerns regarding Defendants' compliance with the

24    preliminary injunction and the need for ongoing disclosures.  The parties anticipate filing other

25    pre-trial motions, including one or more motions for summary judgment.

26   **5.    AMENDMENT OF PLEADINGS**

27    Plaintiffs have requested leave to amend the Complaint to consider adding additional

28    claims against Mayor Breed and Sam Dodge—both in their individual capacities and otherwise—

1   arising out of the common set of operative facts as the original Complaint, and to thereafter

2   voluntarily dismiss any duplicative official capacity defendants, if necessary.

3   **6.      EVIDENCE PRESERVATION**

4   The parties certify that they have reviewed the Court's ESI Guidelines and confirm that

5   they have discussed and taken steps to preserve ESI and will continue to do so.

6   **7.      DISCLOSURES**

7   As required by FRCP Rule 26(a)(1) and Rule 26(f), Plaintiffs served initial disclosures on

8   December 28, 2022, and Defendants have agreed to serve initial disclosures on January 5, 2023,

9   pursuant to the Court's initial scheduling order.  *See* Dkt. No. 14.  The parties reserve the right to

10  supplement their disclosures.  The parties agree that no changes need to be made in the timing,

11  form, or requirements with respect to such disclosures.

12  **8.      DISCOVERY – RULE 26(f) REPORT**

13  Counsel for the parties held a telephonic conference pursuant to Federal Rule of Civil

14  Procedure 26(f) on December 7, 2022.  Plaintiffs served a first set of requests for production on

15  December 21, 2022; no other discovery has been served or taken as of the date of this filing, other

16  than the expedited discovery and disclosures ordered by the Court in conjunction with Plaintiffs'

17  motion for preliminary injunction.

18  A.      Rule 26(f)(3)(A)—Initial Disclosures:  *See supra*, ¶ 7.

19  B.      Rule 26(f)(3)(B)—Scope of Anticipated Discovery.

20  1.      Plaintiffs' Statement:  Without limitation, Plaintiffs believe discovery on at

21  least the following issues will be necessary:  for the time period of January 1, 2018-present (a) the

22  availability of shelter beds in San Francisco for the homeless population; (b) how the homeless in

23  San Francisco can access shelter beds, including shelter eligibility and accessibility restrictions;

24  (c) Defendants' policies and procedures regarding engagement with the homeless and clearing

25  homeless encampments, including criminal enforcement of removal and property seizure and

26  destruction; (d) Defendants' compliance with their policies and procedures regarding engagement

27  with the homeless, particularly as it relates to the removal of property and the enforcement of

28  criminal and civil ordinances against unhoused individuals for sleeping or lodging in public; (e)

Defendants' actual practices regarding engagement with the homeless and clearing homeless encampments, including criminal enforcement of removal and property seizure and destruction, and specifically including all records in Defendants' custody and control identifying arrest and citation information, encampment resolution schedules and reports, and bag and tag logs; and (f) harm to unhoused individuals as a result of the misconduct alleged in the complaint.  Plaintiffs also maintain that the similar disclosures ordered by the Court in conjunction with the preliminary injunction motion continue to be necessary and should be provided by Defendants at least during the pendency of this litigation.

        2.   <u>Defendants' Statement</u>:  San Francisco will seek discovery to establish plaintiffs' experiences with shelter offers, shelter placements, police enforcement, and disposition of their property at HSOC encampment resolutions and other homeless outreach conducted by San Francisco.  San Francisco objects to the continuation of weekly productions and disclosures for the rest of this case as unduly burdensome and unnecessary, since discovery is now open and all ordinary discovery tools are available to plaintiffs.

     C.   <u>Rule 26(f)(C) and (D)—ESI Discovery Order and Privilege Issues</u>:  The parties are meeting and conferring regarding a stipulated eDiscovery order and will present a proposed order for the Court's consideration.

     The parties agree that a protective order will be necessary and are currently negotiating.  The parties expect the protective order will also address the treatment of inadvertently produced privileged information.

     D.   <u>Rule 26(f)—Proposed Discovery Plan</u>:  The parties' proposed case schedules are set forth in Exhibit A.  Plaintiffs anticipate fact discovery will require 6 months and expect that discovery can occur in parallel with any settlement discussions without any issues, as is commonly the case.  San Francisco proposes an additional 10 weeks to allow the parties to direct their full attention to the upcoming settlement process, which may require more than a single session with Judge Cisneros, and to ensure sufficient time to collect and process documents responsive to plaintiffs' voluminous requests.  Certain categories of responsive documents, such as police bodycam footage, require time-consuming review and redactions.

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
CASE NO. 4:22-CV-05502-DMR

1        E.       <u>Rule 26(f)(3)(E)—Limits on Discovery</u>:  The parties agree to fourteen depositions

2  per side for witness depositions, as set forth under Fed. R. of Civ. Proc. 30 and 31, not including

3  expert depositions.  The parties agree that each deposition shall not exceed seven hours.  The

4  parties agree that Plaintiffs shall be entitled to take the Rule 30(b)(6) depositions of each of the

5  following municipal agencies of the City and County of San Francisco: San Francisco Police

6  Department, San Francisco Department of Public Works, San Francisco Department of

7  Homelessness and Supportive Housing, San Francisco Fire Department, and San Francisco

8  Department of Emergency Management.  A deposition of a witness taken in both their personal

9  capacity and as a Rule 30(b)(6) representative shall count as a single deposition for purposes of

10  the fourteen deposition limit in this subsection unless and until it exceeds seven hours.  The parties

11  further agree to 50 interrogatories per side.

12  **9.**       **CLASS ACTIONS**

13        This is not a class action.

14  **10.**     **RELATED CASES**

15        There are no related cases or proceedings pending.

16  **11.**     **RELIEF**

17        Plaintiffs request (1) that the Court declare that Defendants' enforcement of statutes against

18  unhoused people for lodging on public property and seizure and destruction of personal property

19  belonging to the unhoused violates the U.S. and California Constitutions, 42 U.S.C. § 12131, Cal.

20  Gov. Code § 11135, and 42 U.S.C. § 1983; (2) a preliminary[1] and permanent injunction precluding

21  such enforcement; (3) that the Court issue an order compelling Defendants to adequately train staff

22  to comply with the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution; Article

23  I, §§ 7(a), 13, and 17 of the California Constitution; (4) that the Court issue an order requiring

24  Defendants to reasonably modify their programs to avoid continued discrimination against

25  unhoused people on the basis of disability, pursuant to 42 U.S.C. § 12131 and Cal. Gov. Code §

26  11135; (5) that the Court issue an order requiring Defendants to submit to regular monitoring and

27

28      [1] The Court entered an order on Plaintiffs' Preliminary Injunction Motion on December 23, 2022.

1   compliance checks by the Court at Defendants' expense; (6) attorneys' fees and costs; and (7)

2   other and further relief as the Court deems just and proper.

3   **12.     SETTLEMENT AND ADR**

4          The parties have met and conferred regarding ADR.  The parties attempted to resolve the

5   preliminary injunction motion in early October, shortly after it was filed, and have agreed to a

6   prompt settlement conference before Judge Cisneros.  Judge Cisneros has directed the parties to

7   make themselves available for a settlement conference on January 25.

8          A.     <u>Plaintiffs' Statement</u>:  Defendants introduced the possibility of a stipulated

9   injunction at the outset of this case via email to Plaintiffs' counsel.  Plaintiffs at that time indicated

10  a willingness to exchange prompt settlement proposals, which Defendants declined.  In addition

11  to participating in settlement discussions mediated by Judge Cisneros, Plaintiffs indicated at the

12  26(f) conference that they are prepared to issue a good faith settlement proposal if Defendants will

13  agree to review and provide a counterproposal.  However, Plaintiffs acknowledged that such an

14  exchange would likely be more productive after the Court's decision on Plaintiff's preliminary

15  injunction motion.  Defendants have not provided a response regarding Plaintiffs' proposed

16  settlement exchange.

17         B.     <u>Defendants' Statement</u>: At the January 3, 2023 pre-settlement telephone

18  conference, the parties agreed, and Judge Cisneros directed them to exchange settlement proposals

19  in advance of the January 25, 2023 settlement conference.  San Francisco is optimistic that parties

20  will be able to resolve this dispute.

21  **13.     OTHER REFERENCES**

22         This case is not suitable for reference to binding arbitration, a special master,[2] or the

23  Judicial Panel on Multidistrict Litigation.

24  **14.     NARROWING OF ISSUES**

25         The parties agreed San Francisco's current bag/tag policy satisfies San Francisco's

26  obligations under the Fourth and Fourteenth Amendments for purposes of the Preliminary

27  _____

[2] Plaintiffs' position is that a special master is appropriate for monitoring compliance of and

28  enforcing any injunctive relief, whether preliminary or permanent, entered by the Court.

1   Injunction Motion and Order, but the parties disagree that San Francisco follows this policy and

2   disagree that any permanent injunction is limited to enforcement of San Francisco's current bag/tag

3   policy.  The parties are not presently aware of additional issues that can be narrowed by agreement,

4   but will continue to explore opportunities.  The parties will continue to meet and confer and assess

5   issues that may be narrowed.  The parties do not currently request that any issues, claims, or

6   defenses be bifurcated.

7   **15.   EXPEDITED TRIAL PROCEDURE**

8          The parties do not believe that this is the type of case that can be handled on an expedited

9   basis with streamlined procedures.

10  **16.   SCHEDULING**

11         The parties propose the deadlines set for in Exhibit A.

12  **17.   TRIAL**

13         In the event trial is necessary, the case will be tried to the Court.  The parties estimate 5-7

14  full trial days.

15  **18.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

16         Plaintiffs filed L.R. 3-15 and Fed. R. of Civ. Proc. 7.1 Disclosures Statements on

17  September 27, 2022.

18  **19.   PROFESSIONAL CONDUCT**

19         All attorneys of record for the parties have reviewed the Guidelines for Professional

20  Conduct for the Northern District of California.

21  **20.   OTHER MATTERS**

22         The parties will continue to work together to facilitate the just, speedy, and inexpensive

23  disposition of the matter.

24

25  Dated:  January 5, 2023                    Respectfully submitted,

26

27                                             By: */s/ Alfred C. Pfeiffer, Jr.*

28                                             LATHAM & WATKINS LLP

9

1    Alfred C. Pfeiffer, Jr., SBN 120965
     Wesley Tiu, SBN 336580
2    Kevin Wu, SBN 337101
     Tulin Gurer, SBN 303077
3    505 Montgomery Street, Ste 2000
     San Francisco, CA 94111
4    Telephone: (415) 391-0600
     al.pfeiffer@lw.com
5    wesley.tiu@lw.com
     kevin.wu@lw.com
6    tulin.gurer@lw.com
7
8    LATHAM & WATKINS LLP
     Joseph H. Lee, SBN 248046
9    650 Town Center Drive, 20th Floor
     Costa Mesa, CA 92626
10   Telephone: (714) 540-1235
     joseph.lee@lw.com
11
12   LATHAM & WATKINS LLP
     Rachel Mitchell, SBN 344204
13   12670 High Bluff Drive
     San Diego, CA 92130
14   Telephone: (858) 523-5400
     rachel.mitchell@lw.com
15
16
     By: */s/ Zal K. Shroff*
17
18   LAWYERS' COMMITTEE FOR CIVIL
     RIGHTS OF THE SAN FRANCISCO BAY
19   AREA
     Zal K. Shroff, MJP 804620, *pro hac vice*
20   Elisa Della-Piana, SBN 226462
     131 Steuart Street, Ste. 400
21   San Francisco, CA 94105
     Telephone: (415) 543-9444
22   zshroff@lccrsf.org
     edellapiana@lccrsf.org
23
24
     By: */s/ John Thomas H. Do*
25
26   ACLU FOUNDATION OF NORTHERN
     CALIFORNIA
27   John Thomas H. Do, SBN 285075
     Brandon L. Greene, SBN 293783
28   39 Drumm Street

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
CASE NO. 4:22-CV-05502-DMR

1

2

3
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

4

5

6
*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah*
*Cronk, Joshua Donohoe, Molique Frank, David*
*Martinez, Teresa Sandoval, Nathaniel Vaughn*

7
Dated:  January 5, 2023                          By: */s/ James M. Emery*_____

8

9

10

11

12
DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
JAMES M. EMERY
EDMUND T. WANG
Deputy City Attorneys

13

14

15

16

17

18
*Attorneys for Defendants*
*City and County of San Francisco; San Francisco*
*Police Department; San Francisco Department of*
*Public Works; San Francisco Department of*
*Homelessness and Supportive Housing; San*
*Francisco Fire Department; San Francisco*
*Department of Emergency Management; Mayor*
*London Breed; Sam Dodge*

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
CASE NO. 4:22-CV-05502-DMR

1

## **Exhibit A**

2

3

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| **Last Day to Amend Pleadings** | February 3, 2023. | February 3, 2023 |
| **Fact Discovery Cutoff** | June 30, 2023.  The parties shall have substantially complied with all discovery requests, including the service of privilege logs, no later than 21 days after the close of fact discovery. | September 8, 2023 |
| **Opening Expert Disclosure** | July 28, 2023. | October 6, 2023 |
| **Rebuttal Expert Disclosure** | August 25, 2023. | November 3, 2023 |
| **Reply Expert Disclosure** | September 8, 2023. | November 17, 2023 |
| **Expert Discovery Cutoff** | September 22, 2023. | December 1, 2023 |
| **Dispositive Motion(s) Deadline** | October 23, 2023. | January 8, 2024 (11 weeks) |
| **Opposition to Dispositive Motion(s)** | November 22, 2023. | February 7, 2024 |
| **Replies in Support of Dispositive Motion(s)** | December 13, 2023. | February 28, 2024 |
| **Pretrial Conference** | January 31, 2024. | April 17, 2024 |
| **Trial** | February 14, 2024. | May 1, 2024 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
CASE NO. 4:22-CV-05502-DMR

1

## **ATTESTATION**

2          I, Alfred C. Pfeiffer, Jr., am the ECF user whose user ID and password authorized the

3     filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document

4     have concurred in this filing.

5

6     Dated:  January 5, 2023                              */s/ Alfred C. Pfeiffer, Jr.*
                                                           Alfred C. Pfeiffer, Jr.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
CASE NO. 4:22-CV-05502-DMR