LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs*

*Additional Counsel Below*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs. <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br> Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br> **SECOND SUPPLEMENTAL DECLARATION OF CHRISTIN EVANS** <br><br> **Judge:** The Hon. Donna M. Ryu <br><br> **Hearing Date:** January 12, 2023 <br> **Time:** 1:00 p.m. <br> **Place:** Courtroom 4 – 3rd Floor <br> 1301 Clay Street <br> Oakland, CA 94612 |

| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Wesley Tiu, SBN 336580<br>Kevin Wu, SBN 337101 |
| 3 | Tulin Gurer, SBN 303077<br>505 Montgomery Street, Ste 2000 |
| 4 | San Francisco, CA 94111<br>Telephone: (415) 391-0600 |
| 5 | wesley.tiu@lw.com<br>kevin.wu@lw.com |
| 6 | tulin.gurer@lw.com |
| 7 | |
| 8 | LATHAM & WATKINS LLP<br>Joseph H. Lee, SBN 248046 |
| 9 | 650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626 |
| 10 | Telephone: (714) 540-1235<br>joseph.lee@lw.com |
| 11 | |
| 12 | LATHAM & WATKINS LLP<br>Rachel Mitchell, SBN 344204 |
| 13 | 12670 High Bluff Drive<br>San Diego, CA 92130 |
| 14 | Telephone: (858) 523-5400<br>rachel.mitchell@lw.com |
| 15 | |
| 16 | LAWYERS' COMMITTEE FOR CIVIL<br>RIGHTS OF THE SAN FRANCISCO BAY AREA |
| 17 | Elisa Della-Piana, SBN 226462<br>131 Steuart Street, Ste. 400 |
| 18 | San Francisco, CA 94105<br>Telephone: (415) 543-9444 |
| 19 | edellapiana@lccrsf.org |
| 20 | ACLU FOUNDATION OF NORTHERN CALIFORNIA |
| 21 | Brandon L. Greene, SBN 293783<br>39 Drumm Street |
| 22 | San Francisco, CA 94111<br>Telephone: (415) 293-6333 |
| 23 | bgreene@aclunc.org |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# SECOND SUPPLEMENTAL DECLARATION OF CHRISTIN EVANS

I, Christin Evans, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am a volunteer with the Coalition on Homelessness ("COH" or "the Coalition").

2. As part of my volunteer work with the Coalition, I regularly monitor San Francisco's Healthy Streets Operation Center ("HSOC") encampment resolutions and have personally witnessed over 50 encampment resolutions.

3. I have previously submitted two declarations regarding my observations of the City's HSOC encampment resolutions, Dkt. Nos. 9-3 [1-21 – 1-29] and 50-1. I submit this further supplemental declaration regarding my observations at the HSOC encampment resolution that took place on January 3, 2023.

4. All facts set forth in this declaration are based upon my personal knowledge, and, if called upon to testify as to the truth of these facts, I could and would competently do so.

**Observations at HSOC Encampment Resolution January 3, 2023: Embarcadero from Washington to Don Chee Way**

5. On January 3, 2023, I observed an encampment resolution scheduled to take place by the Ferry Building on the Embarcadero from Washington to Don Chee Way at 7 AM. I arrived to the location at approximately 7 AM.

6. SFMTA arrived first. HOT arrived at approximately 7:12 AM, as well as a Park Ranger from SF Parks & Rec. Soon after, two SFPD officers arrived in an SFPD vehicle with its lights on. Two additional SFPD officers arrived later. DPW did not arrive until after 8 AM. The SFFD incident commander was present as well.

7. *Enforcement without shelter availability:* When they arrived, first the Park Ranger and then the two SFPD officers joined the HOT team in contacting the individuals present at the site. Attached as **Exhibit A** is a photograph of the Park Ranger, two SFPD officers, and members of the HOT team congregated around one individual's tent.

8. I spoke with one couple right after they had been contacted by City workers at the beginning of the sweep. They had just spoken with HOT workers and expressed that they were very interested in shelter. HOT had informed them that the HOT team would not know actual

1

shelter availability until 8:30 AM. Nonetheless, the HOT team informed one member of the couple that they should "start packing up."

9. I had difficulty locating any notices on site, but did locate one set which is photographed and attached as **Exhibit B**. The notice states: "Once the encampment has been resolved, please do not return to this area." The Spanish notice says "no regrese a esta área" which a Google translation translates as "do not return to this area." To the best of my knowledge, these are the same notices the City purportedly provided prior to the Preliminary Injunction. There was no indication that individuals could remain at the site or would only need to move temporarily. I spoke with one individual who was packing up proactively before he had even been approached by the City, based on his understanding that an encampment resolution meant permanent removal, as indicated by the notice.

10. *Issues with unabandoned property:* I understand that one individual, Gary, reached out to alert us to the sweep. He indicated that he had an orange tent with a gray tarp over it. I spoke with other people at the site who confirmed that that was Gary's tent and that he would be back for his belongings. The tent appeared to be in good usable condition. However, Gary was momentarily absent from his tent during the sweep. Despite this, I heard the incident commander and the Park Ranger declare that the tent was abandoned, and it seemed to me that they were preparing to dispose of the tent and the surrounding property. This was particularly troubling to me given the extensive rain the City would be receiving.

11. I spoke with a representative from the City, named Chris, who eventually told City workers that the tent was not abandoned. After that, a couple staying near Gary offered to pack up his tent and keep it for him until he returned. I believe that without COH's intervention, Gary's tent and belongings would have been disposed of.

/ / /

/ / /

/ / /

/ / /

/ / /

1  I declare under penalty of perjury that the contents of this declaration are true and correct to the
2  best of my knowledge, and that I executed this declaration on January 5, 2023 in San Francisco,
3  California.

_____
Christin Evans