# EXHIBIT 5

| | |
|---|---|
| **From:** | Wang, Edmund (CAT) |
| **To:** | "Zal Shroff"; Wesley Tiu; John Do; Hadley Rood; Al Pfeiffer; Tulin Gurer; Neda Shahram; Joseph Lee; Brandon Greene; Rachel Mitchell (SD); Kira Setren; Elisa Della-Piana; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com |
| **Cc:** | Emery, Jim (CAT); Garcia, Sophia (CAT) |
| **Subject:** | RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters |
| **Date:** | Tuesday, December 20, 2022 11:31:38 PM |
| **Attachments:** | image005.png |
| | image008.png |
| | image009.png |
| | image013.png |
| | image017.png |
| | image020.png |
| | image023.png |
| | image026.png |
| | image029.png |
| | image033.png |
| | image035.png |
| | image038.png |

Zal, et al.,

**72-Hour Notice**. The City has been providing you notice of all "planned homeless encampment resolutions" within the meaning of the Court's order, which definition was clarified in my previous email. To the extent you believe there have been "planned homeless encampment resolutions" of which you have not received notice, we would be happy to look into any such alleged instance. As set forth in our previous emails, the two instances that you have identified (240 Clayton Street on 11/6, and 16th St. & Pond St. on 11/7) were not "planned homeless encampment resolutions." You contend that DPW daily posts written notices at various locations across the City but you have not provided any specifics (other than as it relates to 240 Clayton Street) to allow us to look into the issue. The mere posting of a written notice, without more, does not indicate a "planned homeless encampment resolution," see, for example, the situation at 240 Clayton Street. DPW responded to the area on 11/4 to address abandoned (not merely unattended) property. Rather than immediately discard the abandoned property, a notice was posted. As set forth in DPW's policy, of which you have a copy, DPW staff evaluate the facts and circumstances surrounding the item to determine whether it is abandoned or unattended. Abandoned items are unaccompanied by objective indications of ownership, for example, an empty or broken tent. In addition, DPW staff are not required to sort through belongings that are co-mingled or littered with needles, human waste, or other health risks. You have not provided any information about the property left at 240 Clayton Street on 11/4 to suggest the property was unattended rather than abandoned. Removing abandoned property does not constitute an encampment resolution. And in any event, the property was not discarded on 11/4. We have not identified any record of any operation at 240 Clayton St. on 11/6. As we have expressed previously, if you have additional information about the alleged events on 11/6, it would help us further investigate (e.g., time of day, number of personnel, any names of personnel, any vehicle numbers, etc.). But in any event, even if there were any operations at 240 Clayton St. on 11/6, it was unrelated to the notice posted on 11/4 and was not a "planned homeless encampment resolution." With respect to 16th St. & Pond St. on 11/7, it is not a surprise that we are

receiving divergent reports. No Court order requires early disclosure of the material you now demand. We will respond to any discovery requests in the course of discovery.

**SFPD Reports**. You misunderstand the City's position on the SFPD reports. As set forth in our prior responses, the Court ordered certain information be produced during the pendency of Plaintiff's motion for preliminary injunction. The Court order adopted the City's proposal which was based on the parties' meet and confer and your representations therein. We have provided that information to you.  Plaintiffs can seek additional information in the course of discovery and the City will respond to any such requests in the course of discovery.

Thanks.


Ed


**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, December 12, 2022 6:33 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Ed:

As you are aware, the reason for the Court's order mandating that you provide us notice of all planned encampment resolutions is that we are not and could not possibly be aware of all sweep operations conducted by the City and its departments on any given day, nor could you be—for that, we are relying exclusively on information from your clients. However, based upon your representations in your November 29 email, as well as during our phone conference on December 7, it now seems clear that Defendants are not only violating the Court's notice order but also admitting

to the very same unlawful enforcement actions against unhoused residents that form the basis of this suit. Please confirm your responses to the below at your earliest convenience.

**72-Hour Notice of DPW Removal Operations.** DPW regularly posts a "72-Hour Notice of Planned Removal of Property" at various locations across the City to signify that a planned encampment resolution is set to occur. Yet you have not provided us with notice of a *single* such instance. The planned removal of unhoused individuals' personal property is, unquestionably, an encampment resolution under the Court's order—as you yourself concede. *See* Nov. 29, 2022 email ("a 'planned homeless encampment resolution' refers to an operation that is pre-planned with the specified intention of clearing an area"). Please confirm your express agreement that DPW's planned resolution notices must be disclosed to us, and that you will appropriately educate your clients regarding their obligations under the Court's order with respect to these planned operations. Again, these planned operations happen across the City on a daily basis without any notice to Plaintiffs. This is extremely concerning.

**Sweep at 240 Clayton on November 6, 2022.** The shifting rationales for DPW's conduct at this site are dizzying. First, you purported that there was no record anywhere of any DPW activity at the location. Then we provided you DPW's own notice at the site, only to have you suggest that a sweep operation was to be carried out but was then cancelled—hence the lack of notice to us. You maintained that DPW's conduct at this location on November 6, if any, was entirely separate from the November 8 DPW sweep that was planned and supposedly cancelled. And now, you purport that the property at the site was "abandoned" and that, if any sweep did occur, DPW was entitled to remove and dispose of the property onsite without further notice—and with no notice to Plaintiffs' counsel. Respectfully, you are admitting to a violation of DPW's own policy. *See* DPW Bag and Tag Policy ("Unattended property is not abandoned if it is accompanied by signs of ownership – for example, an unattended tent that is filled with personal belongings or items that are being stored in an orderly manner"). If DPW is admitting that it considers all property that is not immediately attended by its owner to be abandoned, we need to be aware of this. As we have already reported to you, there were 4 tents with unhoused individuals residing in them at the site—as identified by a housed neighbor in the area. DPW forcibly displaced the unhoused people present at the site— apparently without any HOT team staff there to make a shelter offer—days earlier than the DPW notice stated, and with no notice to us.  Please clarify your position on purportedly "abandoned" property, and identify whether DPW's position is that no notice is required before summarily seizing and disposing of tents merely because they are momentarily unattended. That would certainly explain Defendants' failure to properly notice us regarding *any* DPW encampment resolutions under the Court's order.

**Pond & 16th Street on November 7, 2022.** After reporting that SFPD was dispatched to the Harvey Milk Library in response to a complaint that individuals were obstructing the entrance to the library —at 6AM on a day when the library was obviously closed until 10AM, it appears your client has now backtracked after being pressed for the underlying dispatch logs. Your client's newest explanation for the displacement of the unhoused individuals onsite is that Officer Fernandez was on routine patrol when he identified Toro Castaño as "obstructing" the library entrance. But this explanation is inconsistent with the reports we received from several sources indicating that there were multiple unhoused individuals present at the time, and that Officer Fernandez walked through the encampment and told everyone present that they must immediately pack up their belongings and vacate the area—without any offers of shelter to anyone onsite. Please provide the incident report generated by this interaction, as well as any bodycam footage of the incident, if Officer Fernandez's bodycam was activated.

These incidents and what they say about Defendants' pattern of conduct toward unhoused individuals even after the filing of this case are gravely concerning. The Coalition on Homelessness has already diverted precious resources to identifying and monitoring the City's sweep operations,

and yet it is clear that there have been many more—with your clients failing to appropriately inform both your office and Plaintiffs. This makes it impossible for us or for the Court to have an accurate sense of the City's operations and directly violates the Court's order.

**SFPD Reports:** Your position appears to be that Plaintiffs are only entitled to information that was available to Plaintiffs via public records act request prior to this litigation being filed, notwithstanding the clear terms of the Court's order regarding the required reports from SFPD. Indeed, nothing in the Court's order is tethered to Plaintiffs' former PRA requests. As already established, the relevant prior reports from SFPD *do* include time and location data for citations and arrests. It also flies in the face of common sense that SFPD would choose to disclose a dispatch log that merely indicates—with no information whatsoever—the number of dispatches on a given day. The mere number of dispatches a day could be summarized in a one-sentence email, and is certainly not a "report" sufficient to communicate any information at all regarding SFPD's dispatches in response to homelessness. Again, at a minimum, we expect that you provide at least date, time, and location for each SFPD dispatch. We also reject your assertion that any "goalposts" have changed. You have not ever provided the information required by the Court's order, and we have continued to raise those defects with you since your very first production.

Thank you for your attention to these matters. We will await your responses and determine our next steps accordingly—including, if necessary—raising these issues with the Court.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Tuesday, December 6, 2022 at 1:27 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited

discovery matters

All,

Tomorrow at 3:00 p.m. works best for us for the 26(f) conference.  With respect to my further inquiries into the events at 16th & Pond on 11/7, I did not agree to provide documentation. I have, however, looked into the matter further, as we discussed, and can share the additional information that we have tomorrow during our 26(f) conference. We'll speak with everyone tomorrow.  Thanks.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Tuesday, December 6, 2022 12:10 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Ed:

We have not received a response to our email. Please advise whether Defendants will be available for our 26(f) conference tomorrow during the times we indicated. Please also provide the follow-up documentation we discussed regarding the incidents described below.

Best regards,

> **Zal K. Shroff** (he/him)
> Senior Staff Attorney
> Lawyers' Committee for Civil Rights of the San Francisco Bay Area
> 131 Steuart Street, Suite 400
> San Francisco, CA 94105



Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Date:** Friday, December 2, 2022 at 11:31 AM
**To:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Ed:

Your explanations for the City's conduct with respect to the 72-hour notice and SFPD disclosures required under the Court's orders are not satisfactory. We are discussing internally, but in the meantime will await the follow-up documentation you have agreed to provide. As to our 26(f) conference, Plaintiffs' counsel will be available any time from 2PM-4:30PM on Wednesday, December 7.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Tuesday, November 29, 2022 at 11:45 AM
**To:** Zal Shroff <zshroff@lccrsf.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Zal,

I write to follow up on the issues we discussed on November 23, as well as my email of November 24.

**72-Hour Notice**. We disagree with your contention that the parties' agreement regarding 72-hour notice of planned homeless encampment resolutions, memorialized in the Court's order, contemplates, as you now contend below, "advance notice" of every "operation" by SFPD or DPW that may result in the "displacement" of an individual.  Given Plaintiffs' three years of public records requests and preparation for this lawsuit, we did not expect any confusion about the term, "planned homeless encampment resolution." To clarify, a "planned homeless encampment resolution" refers to an operation that is pre-planned with the specified intention of clearing an area. A "planned homeless encampment resolution" does not include situations encountered during routine maintenance, responses to service requests, or patrols where someone ultimately must be moved from a particular location due to a health or safety, accessibility, or private trespass issue arising at that particular location. Responding to a service request—regardless of how much, if any, preparation is needed or made for the response, even where the nature of the request suggests that the response may result in the relocation of an individual (due to a health or safety, accessibility, or private trespass issue)—is not a planned encampment resolution. The specified intention of such responses is not the clearing of an area.

I did not agree that the notice posted at or around 240 Clayton on November 4, 2022 signified a "planned homeless encampment resolution" on November 8, 2022. As we discussed, DPW responded to a report of abandoned property at that location, and posted the notice rather than immediately discard the abandoned property. There was never any intention to move any individual or any individual's property from that location. And as we discussed, by November 5, there was no intention of returning to the location to follow up on the November 4 response at all. DPW did not "cancel" a "planned encampment resolution." The removal of abandoned property is not an encampment resolution. And by November 5, there was no plan to do even that. And again, while I understand Plaintiffs' allegations concerning November 6 at 240 Clayton, we have seen no evidence

of any DPW or SFPD interactions with any unhoused individuals at that location on November 6. As discussed during our call, we would welcome any additional information you have regarding the November 6 activity at 240 Clayton.

With respect to 16th Street and Pond Street, while I agreed to look into the issue further in the spirit of cooperation, I made clear that regardless of what the records may show about the timing of SFPD's response to that location, the response was not a "planned homeless encampment resolution" within the meaning of the Court's order. (*See* above for the definition of "planned homeless encampment resolution"). I will provide further information regarding the relevant dispatch records when I have that information.

I hope this clarifies the points I was trying to make during our lengthy discussion on Wednesday, November 23, 2022.

**SFPD Reports**. Plaintiffs have provided us with two successive examples of the information Plaintiffs wanted included in weekly SFPD reporting. Plaintiffs appear to agree that all such information has been and is being provided to Plaintiffs. Plaintiffs now want to move the goalposts again. During the parties' original meet-and-confer process over SFPD weekly reporting, Plaintiffs provided a pre-litigation PRA response from SFPD as an example of the information they sought on a weekly basis during the pendency of Plaintiffs' preliminary injunction motion. Relying on Plaintiffs' representation that the sample PRA response was the information Plaintiffs were seeking, Defendants agreed and offered to provide that same information for incidents where misdemeanor citations were issued for Cal. Penal Code § 647(e) (lodging without permission) and Cal. Penal Code §§ 370, 372 (public nuisance), and dispatches with incident code 915 (homeless calls for service). Defendants' proposal was put before the Court in a joint letter filed on October 21, 2022. *See* ECF No. 37 at 2. And the Court adopted Defendants' proposal. *See* ECF No. 38 at 2. Defendants then provided a weekly report containing the information that was contained in the sample PRA response. Plaintiffs argued that this report was insufficient and provided a second sample PRA response that contained additional information absent from the first sample plaintiffs had provided . Plaintiffs represented that this second PRA response reflected the information they were seeking through weekly SFPD reporting, rather than the first PRA response on which Defendants' proposal and the Court's order was based. In the spirit of cooperation, Defendants agreed to provide the additional information, even though such additional information was not contemplated by the Court's order. Plaintiffs now contend the Court's order requires even more information than what was contained in the second PRA response. We disagree.

**HSOC Spreadsheets**. I apologize if my November 24, 2022 email was unclear. We cannot agree provide Plaintiffs the names (neither first nor last), initials (neither first nor last), or dates of birth (neither month, day, nor year) of its clients in native format or otherwise. It would impose a significant burden on San Francisco to modify the weekly HSOC reports in the way Plaintiffs suggest. We disagree that Plaintiffs have articulated any need for such information. Defendants explain in their opposition to plaintiffs' preliminary injunction motion that San Francisco's policies ensure a person experiencing homelessness is offered shelter before being asked to leave an encampment. Plaintiffs appear to contend that they need names and dates of birth to confirm the number individuals who accepted offers of shelter. But the number of individuals who accepted an offer of

shelter is not at issue. It is unclear what "claim" Plaintiffs contend they cannot "assess" without the names and dates of birth of third parties. In addition, I did not make any representation about "duplicate entries." Rather, I explained that the Client Log includes individuals who have been engaged at multiple resolutions. These are not "duplicate entries." Each entry shows a separate engagement of the individual at a different resolution. During the parties' November 23 call, Plaintiffs provided no explanation for what relevance the personal information of third parties has to the preliminary injunction motion.

**26(f) conference.** We will await Plaintiffs availability from 12/6 to 12/9 for the conference. Please let me know if we have missed an email from Plaintiffs with proposed times.

Thank you.

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, November 28, 2022 11:52 AM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Ed:

Your email does not address our proposal—which is that you immediately disclose to us: (1) native file format versions of the document spreadsheets you disclosed; and (2) that you provide in those spreadsheets solely first name, first initial of last name, and month and date of birth—but not year. Will San Francisco be producing these records as requested and with these safeguards in place? As we reiterated, we will treat the documents as under protective order.

If you cannot commit to producing these records by 12PM on Tuesday, it will be impossible for us to assess the City's claim that it has assisted hundreds of individuals in entering shelter over the past year. Indeed, you yourself represented on our call that the spreadsheets you provided to us do contain duplicate shelter entries for many unhoused individuals. At the very least, the native file format spreadsheets should be produced with all columns with identifying information stricken.

Please advise as soon as possible so that we can determine if it will be necessary for Plaintiffs to take further action in light of our reply deadline. We also await your responses as to the pressing concerns regarding Defendants' improper 72-hour notices and deficient SFPD disclosures.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Thursday, November 24, 2022 at 8:44 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

We will respond to the other issues (72-Hour Notice; and SFPD Weekly Reports) raised in your email after the holiday weekend, but with regard to the HSOC spreadsheet issues: the City cannot agree to provide Plaintiffs' the names or dates of birth of its clients. The information is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. §1320d et seq., and Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §56, et seq. *See also, e.g., Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.,* No. CIV. 12-

00565 ACK, 2014 WL 1234506, at *3 (D. Haw. Mar. 24, 2014) (citations omitted) ("Stratose also seeks the Court's permission to redact patients' names and social security numbers, as required under the Health Insurance Portability and Accountability Act. The Court finds that Stratose has articulated compelling reasons to permit redacting … personal patient information. …. [T]he need to protect medical privacy qualifies as a 'compelling reason.'"). Even outside of the HIPAA-context, courts regularly order that identifying information, including names, of third parties be redacted to protect their privacy. *See, e.g., Beckway v. Deshong*, No. C07-05072-TEH (EDL), 2011 WL 13183222, at *4 (N.D. Cal. Sept. 19, 2011) ("To the extent that the privacy interests of third parties are implicated by any of these documents, the County shall take care to redact all identifying information of third parties from the documents and the documents will be governed by a protective order."); *In re Rocket Fuel Inc. Sec. Litig.*, No. 14-CV-03998-PJH, 2017 WL 344983, at *7 (N.D. Cal. Jan. 24, 2017) ("the court will grant the parties leave to redact: (1) specific third-party customer names; (2) the names of Rocket Fuel employees who are not officers, directors, or named defendants in this matter"). Plaintiffs have not articulated a need for knowing the identities of every third party client engaged by the City during encampment resolutions in 2022.

Happy Thanksgiving.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Wednesday, November 23, 2022 11:43 AM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Ed,

Thank you for your responsiveness during our meet-and-confer yesterday. I write to memorialize our conversations as well as note a few follow-up items coming out of our call. As we noted on our call, we stand prepared to work collaboratively to resolve these issues whenever possible—including receiving prompt responses from the City Attorney 's Office when Plaintiffs raise these serious and ongoing constitutional harms. We have a duty to protect our clients from these harms both under the Court's reporting order and before a ruling on Plaintiffs' preliminary injunction—as Defendants have not halted sweep operations (destroying individuals' property and ordering their removal from public property).

**Failure to Provide 72-Hour Notice:** We understand from your representations that Defendants are defining a "planned encampment resolution" as an operation where any Defendant has determined in advance that it will tell individuals that they have to leave the encampment. We further understand that Defendants do not consider a situation where an agency is responding to a call for service or dispatch regarding unhoused people as a planned event, regardless of the duration between the call and the response and regardless of the nature of the response. We also understand that you are not considering "planned encampment resolutions" to include situations where City employees require homeless individuals to vacate —as long as that was not specifically decided in advance, and even if such a response could be reasonably anticipated in advance. You therefore represented to us that in practice, only HSOC performs "planned encampment resolutions." And we note, you have declined to provide advance notice of a single SFPD or DPW operation displacing unhoused people despite the fact that your own disclosures reveal these operations to be an almost daily occurrence. Your read is an unwarrantedly narrow view of a planned encampment resolution, for which notice is required. For example, regardless of whether the impetus for an encampment resolution may be a call—if the response is coordinated or planned in advance—that would qualify as a planned encampment resolution. As another example, if an agency plans to visit a location of a suspected encampment, if the agency's plans for an encampment may include the forced displacement of people or their property depending on the situation at the encampment site, that would also qualify as a planned encampment resolution.

In other words, we do not believe that San Francisco is complying with the Court's reporting obligations—particularly as it pertains to SFPD and DPW resolutions. Most troubling, we have not received a single notice of a DPW sweep operation when we understand that "Planned Removal of Property" notices are posted across the City on an almost daily basis.

As you agreed, the DPW sweep initially planned for November 8 at 240 Clayton Street would be an example of a planned encampment resolution that the Court's order requires notice to Plaintiffs of in advance. Yet you had no notice of that sweep and could not even find record of it until we provided the relevant DPW notice to you as proof of the planned sweep operation. Now you purport that the sweep operation was cancelled, when we know that concerned housed neighbors near Clayton Street called the Coalition on Homelessness on November 6 to report that their unhoused neighbors were engaged by DPW and SFPD despite the notice clearly indicating that the sweep was not to occur until November 8. As a result, 4 tents were forcibly removed and the unhoused people staying there displaced—apparently without any HOT team staff there to make a shelter offer—days earlier than the notice stated. This is not acceptable, and appears to be a routine practice of failing to notify Plaintiffs of DPW's noticed "Planned Removal of Property" operations.

Likewise, you committed to examining the circumstances of SFPD's 6:00AM dispatch of several officers to displace unhoused residents on Pond Street staying near the Harvey Milk Library, and to share any information regarding the dispatch records to determine whether or not this sweep operation was in fact planned in advance. As we noted, the Library was closed and would not open

for another four hours when SFPD was purportedly called to urgently remove unhoused people for "blocking the entrance." That does not appear to make sense. The unhoused people onsite were also forced to leave the area entirely, again without even the guise of shelter being offered and without notice.

We appreciate your probing these issues with us on our call, and offering your understanding of the City's reporting obligations under the Court's order. While we ascribe nothing but the best of intentions to the City Attorney's Office, we are not confident that Defendant agencies are appropriately reporting sweep operations to you. Please follow up at your earliest convenience with any additional information regarding the above-mentioned sweep operations.  We will reserve the right to approach the Court to seek appropriate relief, particularly if we hear of any additional sweep operations that have not been appropriately reported to us.

**SFPD Reports:** While we recognize that Defendants have provided location information in connection with SFPD arrest and citation data, we reiterate that the SFPD 915 Call Logs should also be produced with location information in order to correspond this data with SFPD's daily interactions with unhoused individuals beyond HSOC operations. We do not have an exact spreadsheet previously produced to us containing this location information for SFPD call logs. However, we understand that such information exists in SFPD's database as either a street address or intersection. Just as you supplemented the SPFD call logs to re-insert time stamp data, we request you supplement the data spreadsheet to include the street address and intersection information regularly kept by SFPD. We look forward to hearing from you after you have had an opportunity to look into whether Defendants are willing to produce that information. Please advise by next Tuesday 11/29, whether you will supplement these disclosures for the reporting period to date.

**HSOC Spreadsheets:** Thank you for agreeing to look into whether or not Defendants would be amenable to providing full names and dates of births of the individuals referenced in certain HSOC records (CCSF_COH_PI_HSOC_000001-000052). We do not believe there is a basis for Defendants to withhold this information. As we explained, this information is relevant to this case and the preliminary injunction motion. As one example, this information is necessary for us to be able to properly assess Defendants' representations in your opposition regarding the number of individuals HSOC has provided shelter to. We agree to treat the City's productions as confidential in accordance with the Northern District of California's standard protective order until the entry of an appropriate protective order in this case. As a compromise, and without prejudice to Plaintiffs seeking additional information later, Plaintiffs are willing to agree to accept full first name, first initial of last name, and month and day (but not year) of birth, which should alleviate any potential privacy concerns. Please let us know, if possible by Wednesday, 11/23, but no later than Friday, 11/25, whether Defendants will agree to produce full names and dates of births or at least the more limited name and birthdate information. We may seek relief from the Court to ensure that we can properly analyze this evidence the Court ordered disclosure of precisely so that Plaintiffs could assess its contents in evaluating Defendants' opposition to the motion.

**26(f) Conference**: Thank you for informing us that Defendants are available between 12/6 – 12/9 to hold our 26(f) conference. We will consult internally and suggest a few proposed times within that window.

Best regards,

**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400



San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Tuesday, November 22, 2022 at 12:52 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Cc:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Zal,

In preparation for our call, please see the below.

**72-Hour Notice.** We have provided you notice of homeless encampment resolutions that were planned in advance. The incidents you have identified were not planned homeless encampment resolutions. We have come across no record of SFPD or DPW interactions at 240 Clayton on 11/6. Notwithstanding the notice posted on 11/4, by 11/5, DPW had decided not follow up on notice.

**SFPD Reports.** We re-produced the reports with the requested additional information on 11/15. These reports included the additional information that you have requested. Our weekly report of incidents where misdemeanor citations were issued for Cal. Penal Code § 647(e) (lodging without permission) and Cal. Penal Code §§ 370, 372 (public nuisance) includes the same information that was contained in the sample PRA response you sent us. Our weekly report of dispatches with incident code 915 (homeless calls for service) also contain the same information that was contained in the sample PRA response you sent us.

**HSOC Spreadsheets.** We agree that the parties should enter into a protective order. We do not agree that Plaintiffs are entitled to identifying information or health information of third parties. Courts regularly order that identifying information be redacted, even from documents produced subject to a protective orders, in order to protect the privacy concerns of third parties.  We are open to hearing your articulation of Plaintiffs' compelling need for third parties' private information. We are also happy to discuss how to produce a native version of the spreadsheet that allows for redactions of identifying information and health information.

**26(f) Conference.** Jim has been back east for his mother's 97th birthday. We are available 12/6 through 12/9. We can discuss specific times during our call. If 12/5 is truly the only date that works for you that week, we may be able to make that work.

Thanks.  Talk to you soon.

Ed

**Edmund T. Wang** (he/him)
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3857 Direct
www.sfcityattorney.org

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer.  The information is confidential and may be protected by the attorney-client and/or work product privileges.  If you have received this message in error, please notify the sender immediately and delete all copies of the message.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Friday, November 18, 2022 4:29 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice and expedited discovery matters

Jim and Ed:

We write to express our concern regarding several critical outstanding issues in this matter—many of which we have now attempted to address with Defendants several times. Please respond with times that Defendants will be available to meet and confer on these issues on Monday or Tuesday morning, so that we can immediately determine whether we will need to seek the Court's

intervention.

1.        <u>Failure to Properly Provide 72-Hour Notice</u>. You have not responded to our repeated requests for information regarding the criteria Defendants are using to determine which sweep operations will be reported to Plaintiffs pursuant to the Court's Order. We have identified obvious gaps in your reporting to us—with Plaintiffs receiving reports of planned SFPD and DPW sweep operations for which we received no notice. In fact, Defendants have not informed Plaintiffs of a *single* DPW or SFPD sweep operation since the Court's Order was entered—instead providing only information about HSOC encampment resolutions. This is in direct violation of the Court's Order—which requires disclosure of *all* planned encampment resolutions. *See* Dkt. 34 ("any planned homeless encampment resolution scheduled by or involving the Healthy Streets Operation Center, Department of Public Works ("DPW"), San Francisco Police Department ("SFPD"), or any other City agency." SFPD and DPW have clearly continued to conduct their own sweep operations across San Francisco—as Defendants' own weekly disclosures patently demonstrate. Your failure to provide proper notice of these planned sweep operations is exposing our Plaintiffs to exactly the irreparable harms the Court's reporting and disclosure requirements were designed to prevent. We wrote to you urgently on November 7 regarding this matter, again on November 9—and yet again on November 14. You have failed to respond or to adequately address any of these notice issues.

2.        <u>Insufficient SFPD Reports</u>. We have already reported our concerns with SFPD's weekly reports regarding citations, arrests, and dispatches—which have failed to include date, time, and location of SFPD's interactions with unhoused people. Your latest production at least included time stamps, but failed to include locations. As it is obvious that SFPD is conducting regular sweep operations outside of HSOC encampment resolutions, and Defendants have refused to notify us in advance of these operations, it is critical that SFPD's reports include the appropriate date, time, and location information for each interaction. You informed us that you were looking into this but then did not respond. Please confirm that by Tuesday morning, we can expect a supplemental disclosure of all prior reports with the required information necessary to satisfy the Court's mandated disclosure obligations. *See* Dkt. No. 38.

3.        <u>Unredacted & Native Format Discovery Production</u>. Your expedited discovery production includes solely HSOC schedules, reports, call logs, and client logs. It therefore appears that you have declined to rely on any SFPD or HSH database records in Defendants' preliminary injunction opposition. With respect to the HSOC records provided, however, it is imperative that those records be provided in unredacted format. You have made representations in your opposition regarding the number of individuals HSOC has provided shelter to, but those assertions are impossible to assess based on the records provided—which are redacted to obscure the names and dates of birth of the individuals supposedly assisted. The Defendants have no basis to redact relevant documents that they are required to produce. We will require a supplemental production of these records that properly discloses first name, last name, and dates of birth. We are comfortable, however, with you keeping the redaction of partial SSN information for now. Of course, we are happy for the parties to agree to and execute a protective order if necessary. To address any potential confidentiality concerns, until a case-specific protective order is entered in this case, we are willing to treat any productions designated as confidential in accordance with the Northern District of California's standard protective order. *See* <u>Model Protective Orders | United States District Court, Northern District of California (uscourts.gov)</u>.

We also note issues with certain documents that appear to be spreadsheets (and so presumably in Excel or similar format) but that were produced in PDF. It is not practical to review such documents in PDF format, especially given the limited time available for Plaintiffs to prepare their reply. Accordingly, we request that you promptly re-produce the documents in native file format. Please inform us whether you will provide these supplemental discovery disclosures.

4.        <u>Refusing to Schedule the 26(f) Conference</u>. Defendants stated that they would be prepared to meet and confer pursuant to Rule 26(f) once Defendants' opposition to the preliminary injunction was filed. Again, ***despite approximately ten separate inquiries*** and Defendants having filed their opposition, Defendants have simply refused to provide us with dates for our meet and confer. Plaintiffs are prepared to conduct our 26(f) conference on December 5, 2022—as we stated in our last email on November 14. Once again, you have declined to report your availability.

Please provide Defendants' availability for a meet and confer on either Monday or Tuesday to address these pressing matters. If they cannot be resolved, Plaintiffs will expect to seek appropriate relief.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, November 15, 2022 at 9:33 AM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Thank you, Zal, for the additional information and the photo regarding 240 Clayton.  That's very helpful, and we will investigate further.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, November 14, 2022 12:15 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT)
<Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu
<Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer
<Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>;
Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD)
<Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana
<edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Jim:

The Court's order requires "notice of the date, time, and cross street location of any planned
homeless encampment resolution scheduled by **or** involving the Healthy Streets Operation Center,
Department of Public Works ('DPW'), San Francisco Police Department ('SFPD'), **or** any other
City agency." Your response does not provide any explanation of what criteria the City is using in
determining what encampment resolutions it is choosing to provide notice of under the Court's
order.  Given that your response explicitly acknowledges that at least some encampment resolutions,
such as the one that the SFPD conducted on Pond Street, are deliberately not being reported to us,
please explain the basis for the City not providing the Court ordered notice for any SFPD and
DPW encampment resolutions.

Regarding the DPW resolution at 240 Clayton Street, it is unclear what you mean when you say your
inquiries came up empty. Are you saying that DPW has no record of this incident occurring?
Regardless, the sweep was indeed planned, noticed, and then carried out with complete disregard for
that notice days earlier than promised—all with no notice to us. This is exactly the kind of forced
displacement that the Court's order was meant to address during the pendency of Plaintiffs'
preliminary injunction motion. We attach the DPW notice here, and express our concern that your
clients did not provide you with this information. We expect that going forward Defendants will
provide notice of all such formal resolutions to us 72 hours in advance of the scheduled sweep or
property removal operation. This includes all such noticed property removal operations by DPW.

With respect to the SFPD sweep operation on Pond Street, we are admittedly puzzled. The Harvey
Milk Public Library does not open until 10AM on Mondays, and yet you represent that at some time
before 6:30AM on Monday morning, there was a call to complain that tents were obstructing access
to a library that was not set to open for another 4 hours. Please provide the dispatch records to
confirm. If this early morning sweep operation was in fact planned in advance by SFPD—and was
not in response to a call for an immediate dispatch—then Defendants should have notified us of the
sweep operation and the planned removal of unhoused individuals.

Finally, we note that your articulation of the Court's order—that the City will only provide notice of
encampment resolutions if planned at least 72 hours in advance, would render the Court's order
illusory. Whenever a sweep is planned in advance (i.e. there is no ongoing "emergency"), it must be
scheduled at least 72 hours in advance so that Plaintiffs' counsel have the adequate notice required
by the Court's order. Indeed, the Court's order also specifically contemplates that you must re-notice
us in the event of any changes to planned sweep operations within the 72-hour notice
period. *See* Dkt. No. 34. The 72-hour advance scheduling/notice is hardly burdensome, as it is in fact
a requirement of the City's own policies regarding encampment resolutions. *See* DPW's Bag and
Tag Policy, Section 3(a) ("the City will provide 72 hours advance written notice, so long as the site
does not present any imminent health or safety hazards requiring immediate removal"). Instead of

complying with these clear requirements, you are now suggesting that you have not informed us of non-emergency sweep operations Defendants are aware of and planned across San Francisco, but that were conceived of, planned, and carried out in less than 72-hours. This is fundamentally contrary to the Court's order.

Please clarify your position at your earliest convenience, and confirm that you will be providing 72-hour advance notice before all planned DPW and SFPD encampment resolutions, among all other planned encampment resolutions. We will also request that the parties discuss these issues at a meet and confer tomorrow to confirm Defendants' understanding of the Court's order. Please advise your availability.

Additionally, despite asking Defendants for weeks to provide availability for the Rule 26(f) conference, which the parties need to complete by December 14, 2022, we have yet to receive any response. While we understand Defendants object to any such meeting taking place before Defendants' opposition to the Motion for a Preliminary Injunction is due tomorrow, that should not prevent Defendants from providing availability after that date. Plaintiffs are prepared to conduct our 26(f) conference on December 5, 2022. Please provide Defendants' availability on that date or propose an alternative date and time.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Friday, November 11, 2022 at 1:01 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Zal,

I've looked into the events you inquired about in your email below.  On Pond Street, the police responded to a complaint that tents were blocking the sidewalk and obstructing access to the Harvey Milk Public Library.  The engagement was not planned in advance.  My inquiries came up empty about any DPW action on Nov 6 at 240 Clayton.  And you are correct, there was no HSOC resolution planned for that location on Nov 6 or Nov 8.  If you have any further information about 240 Clayton street, perhaps a photograph of the notice you describe below, please send it to me and I may be able to find out more.

I read the Court's order to require 72-hours notice of encampment resolutions that are planned at least 72 hours in advance.  The Pond Street engagement on Nov 7 was neither an "encampment resolution," nor was it planned 72 hours in advance.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Wednesday, November 9, 2022 1:17 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT)
<Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu
<Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer
<Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>;
Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD)
<Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana
<edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Jim,

Thank you for your email. We look forward to hearing from you as soon as you know more. When you do, please let us know what criteria the city is using to determine what does and does not qualify as a "planned homeless encampment resolution" for which notice is required under the Court's order, and to the extent the Defendants contend that any of the sweep operations identified in my earlier email do not qualify as a "planned homeless encampment resolution," please provide the basis for that contention. Please provide a response no later than COB Thursday, November 10th.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, November 8, 2022 at 9:56 AM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren <ksetren@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>
**Subject:** RE: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Zal,

Thank you for the heads-up.  We're looking into your concern.  At this point, we do not believe the operations you describe on Nov 6 or Nov 7 were "planned homeless encampment resolution[s]" within the meaning of the court's discovery order.


**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, November 7, 2022 4:25 PM
**To:** Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Wesley Tiu <Wesley.Tiu@lw.com>; John Do <jdo@aclunc.org>; Hadley Rood <hrood@lccrsf.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Neda Shahram <nshahram@lccrsf.org>; Joseph Lee <Joseph.Lee@lw.com>; Brandon Greene <bgreene@aclunc.org>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; Kira Setren <ksetren@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com; kevin.wu@lw.com
**Cc:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Subject:** Re: Coalition on Homelessness et al. v. CCSF et al – 72-hour notice

Hi Jim and Ed:

We write to express our concern that Defendants are not complying with the Court's order to provide us with 72-hour notice of "any planned homeless encampment resolution scheduled by or involving

the Healthy Streets Operation Center, Department of Public Works ("DPW"), San Francisco Police Department ("SFPD"), or any other City agency." *See* Dkt. No. 34.

On Sunday, November 6, DPW conducted a sweep operation at 240 Clayton Street where several unhoused individuals were ordered to move by DPW and SFPD. Furthermore, a posted notice onsite indicated that the sweep was pre-planned and set to occur on November 8—not November 6. We were never given *any* notice of this sweep operation—either 72 hours before the scheduled time listed on the DPW notice or 72 hours before the time the sweep operation actually took place.

Today, on Monday, November 7, SFPD officers started arriving at approximately 6:35AM at 16th Street and Pond Street and ordered unhoused individuals to clear the area. Officer Fernandez was one of the officers present. We were never given 72-hour notice of this sweep operation. Instead, you provided 72-hour written notice of sweep operations for today that were occurring in an entirely different part of the City.

Please advise as soon as possible why we were not informed of these two planned sweep operations 72 hours before they occurred. We are concerned that Defendants are not appropriately informing the City Attorney's Office of dozens of agency operations occurring across the City in violation of the Court's order. In your response, please clarify how Defendants—and specifically DPW and SFPD—are informing you about each agency's homeless sweep/property seizure operations. Additionally, how are Defendants defining a planned encampment resolution subject to 72-hour notice requirements under the Court's order—and what conduct are Defendants specifically declining to report to us, if any?

We hope that the parties can promptly address any significant gaps in the mandatory reporting ordered by the Court. Additionally, we will expect to see specific DPW and SFPD records that address the two specific sweep operations described above in Defendants' weekly document disclosures. *See* Dkt Nos. 34, 38.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Date:** Wednesday, November 2, 2022 at 3:37 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Garcia, Sophia (CAT)" <Sophia.Garcia@sfcityatty.org>, Wesley Tiu <Wesley.Tiu@lw.com>, John Do <jdo@aclunc.org>, Hadley Rood <hrood@lccrsf.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Neda Shahram <nshahram@lccrsf.org>, Joseph Lee <Joseph.Lee@lw.com>, Brandon Greene <bgreene@aclunc.org>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Kira Setren