1  LATHAM & WATKINS LLP
   Alfred C. Pfeiffer, Jr., SBN 120965
2  505 Montgomery Street, Ste 2000
   San Francisco, CA 94111
3  Telephone: (415) 391-0600
   al.pfeiffer@lw.com
4
   LAWYERS' COMMITTEE FOR CIVIL
5  RIGHTS OF THE SAN FRANCISCO BAY AREA
   Zal K. Shroff, MJP 804620, *pro hac vice*
6  131 Steuart Street, Ste. 400
   San Francisco, CA 94105
7  Telephone: (415) 543-9444
   zshroff@lccrsf.org
8
   ACLU FOUNDATION OF NORTHERN
9  CALIFORNIA
   John Thomas H. Do, SBN 285075
10 39 Drumm Street
   San Francisco, CA 94111
11 Telephone: (415) 293-6333
   jdo@aclunc.org
12
   *Attorneys for Plaintiffs Coalition on Homelessness,*
13 *Toro Castaño, Sarah Cronk, Joshua Donohoe,*
   *Molique Frank, David Martinez, Teresa Sandoval,*
14 *Nathaniel Vaughn*

15 *Additional Counsel Appear on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF PRELIMINARY INJUNCTION ORDER, AND IN THE ALTERNATIVE FOR EXPEDITED BRIEFING**<br><br>**Judge:**   The Hon. Donna M. Ryu |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLFS.' OPP. TO DEFS.' ADMIN.
MOT. FOR CLARIFICATION
CASE NO. 4:22-CV-05502-DMR

## I. INTRODUCTION

The Court's Preliminary Injunction Order needs no clarification. It unambiguously determined that homeless individuals in San Francisco are involuntarily homeless because the shelter system is short thousands of beds, essentially full, and effectively closed. These individuals have no practical access to appropriate shelter, and accordingly, the injunction protects them from enforcement and threats of enforcement for sitting, lying, and sleeping in public.

Defendants' "administrative" motion for clarification (Dkt. No. 70) is just an improper motion for reconsideration of the merits. But Defendants cannot show any new or materially different facts or law since the Court's decision. They were aware of the *Hastings* injunction at the time of the Preliminary Injunction briefing but chose not to raise any alleged conflict.

In any event, the stipulated injunction in *Hastings* presents no conflict with the Court's Order. It only requires the City to "make all reasonable efforts" towards a "goal" of "reducing the number of tents" in the Tenderloin. Aspirational "reasonable efforts" do not include violating the Constitution or a Court order. The *Hastings* stipulation only suggests that the City pursue enforcement measures against individuals who refuse COVID-19 specific shelter "if necessary to comply with this stipulated injunction," without requiring enforcement of the specific laws that this Court has prohibited. Nor can the City show that doing so would be "necessary" to fulfill the stipulated injunction. For instance, under the Court's Order, the City may still enforce health and safety laws and provide services to promote street access.

Defendants also concede that they already "briefed and argued a narrower interpretation of *Martin* and *Johnson*" on which their motion relies. Mot. at 5. That is dispositive. The Court heard and rejected Defendants' position. The Court found that homeless San Franciscans do not have practical access to appropriate shelter other than through enforcement—and often not even then. Nothing has changed that fact as Defendants have not taken steps to provide voluntary access to the City's shelters and have continued their sweep operations notwithstanding the preliminary injunction. *See* Dkt. No. 76. Their motion should be denied.

## II. ARGUMENT

### A. Defendants' Motion Is An Improper Motion For Reconsideration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLFS.' OPP. TO DEFS.' ADMIN.
MOT. FOR CLARIFICATION
CASE NO. 4:22-CV-05502-DMR

The Court should deny Defendants' request for clarification or expedited briefing, as both are procedurally defective and wrong on the merits. As a threshold matter, because the motion seeks "substantive, rather than administrative, relief" it is not a proper motion under Civil L. R. 7-11. *See Affonso v. Metropolitan Life Ins. Co.*, 2011 WL 4101264, at *1 (N.D. Cal. Sept. 8, 2011).

More fundamentally, the Court's Order needs no clarification. It clearly prohibits Defendants "from enforcing or threatening to enforce [the enumerated] laws and ordinances to prohibit involuntarily homeless individuals from sitting, lying, or sleeping on public property." Dkt. No. 65 at 50. The only qualification is that this prohibition is in effect "as long as there are more homeless individuals in San Francisco than there are shelter beds available." *Id*. There are otherwise no exceptions. Indeed, Defendants acknowledged that they would comply with this reading of the Court's injunction unless the Court provides otherwise. Lee Decl. ¶ 3.

Given the clarity of the Court's Order, Defendants' motion can only be seen as a request for reconsideration. But they have not sought leave to do so, nor can they establish the required new, material difference in fact or law that would justify reconsideration. *See* L.R. 7-9. There is no question Defendants knew of the *Hastings* injunction—cited on the very first page of their opposition to the preliminary injunction—and cannot now justify reconsideration based on it. Dkt. No. 45 at 1. Nor do Defendants point to any new controlling law; they concede that they already argued for a "narrower interpretation of *Martin* and *Johnson*" in their opposition.[1] Mot. at 5. They also concede that the Court specifically considered their arguments and still entered its Order.

---

[1] Defendants again point to the order in *Fund for Empowerment v. City of Phoenix*, No. 22-cv-02041 (D. Ariz. Dec. 16, 2022), but the Court already rejected Defendants' attempt to rely on it. Dkt. No. 65 at 41. Regardless, that order undermines Defendants' position as it similarly enjoins enforcement of the enumerated laws "as long as there are more unsheltered individuals in Phoenix than there are shelter beds available" because "there is not enough shelter space for every unsheltered person to choose whether to sleep or camp outside." Dkt. No. 57-1 at 15, 19. This decision and the Court's Order are consistent with other courts. *See, e.g*, *Warren v. City of Chico*, 2021 WL 2894648, at *2 (E.D. Cal. July 8, 2021) ("This Circuit has previously held that ordinances such as this are not enforceable, unless there is enough practically available shelter within the City for all unhoused individuals."); *Blake v. City of Grants Pass*, 2020 WL 4209227, at *7 (D. Or. July 22, 2020) (municipalities cannot punish protecting oneself "from the elements" where it "has far more homeless people than 'practically available' shelter beds"), *aff'd in part, vacated in part, remanded sub nom. Johnson v. City of Grants Pass*, 50 F.4th 787, 797 (9th Cir. 2022) (affirming in relevant part the district court's injunction).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLFS.' OPP. TO DEFS.' ADMIN.
MOT. FOR CLARIFICATION
CASE NO. 4:22-CV-05502-DMR

1  Mot. at 5; Dkt. No. 65 at 41-42.  In sum, Defendants offer no basis for a motion for reconsideration.

2        **B.**      **No Conflict Exists With The *Hastings* Stipulated Injunction.**

3        Defendants' request for "clarification" is procedurally defective and unnecessary, and the inquiry should end there.  But Defendants' motion also fails on its merits.  There is no need to clarify the Court's Order to reconcile it with the *Hastings* stipulation, as no conflict between the two "make[s] compliance with both an impossibility."  *See Nat'l Union Fire. Ins. Co. of Pittsburgh, PA. v. Payless Shoesource, Inc.*, 2012 WL 3277222, at *9 n.4 (N.D. Cal. Aug. 9, 2012).

8        Under the *Hastings* stipulation, "[d]uring the COVID-19 emergency, the City will reduce the number of tents and other encamping materials . . . in the Tenderloin."  Dkt. No. 70-2 at 2.  Additionally, "the City will make all *reasonable* efforts to achieve the shared goal of *permanently reducing* the number of tents."  *Id.* at 3 (emphasis added).  First, it is unclear whether the cited *Hastings* provisions are still in effect, because the "COVID-19 emergency" has abated.  The City appears to have ended COVID-19 hotel and alternative sleeping site programs which are predicates to enforcement under *Hastings*.  Dkt. No. 45 at 4.  Second, Defendants' sweeps do not result in a permanent reduction in tents as unhoused individuals are simply displaced, not provided permanent shelter.  Finally, there are myriad ways to reduce tents in the Tenderloin that do not involve violating the Constitution or this Court's Order (which would not be "reasonable efforts").  In fact, consistent with this Court's Order, the *Hastings* stipulation mandates that "[a]ll parties shall respect the legal rights of the unhoused of the Tenderloin in all manners, including in relation to relocating and removing the unhoused."  Dkt. No. 70-2 at 3.

21        The *Hastings* stipulation also requires the City to offer unhoused people relocation to hotel rooms, safe sleeping placements, and certain off-street sites, but does not mandate enforcement against homeless individuals with nowhere else to go.  *Id.* at 2.  The *Hastings* stipulation only states that "*if necessary to comply with this stipulated injunction* the City will employ enforcement measures for those who do not accept an offer of shelter or safe sleeping sites to prevent re-encampment."  *Id.* at 3 (emphasis added).  Defendants do not explain how "enforcement" or violating this Court's Order is necessary to comply with the *Hastings* stipulation.  This Court's Order only enjoins enforcement of five specific statutes and ordinances: California Penal Code

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLFS.' OPP. TO DEFS.' ADMIN.
MOT. FOR CLARIFICATION
CASE NO. 4:22-CV-05502-DMR

1  sections 647(e), 370, and 372; and San Francisco Police Code sections 168 and 169.  The Order
2  does not mandate that Defendants refrain from enforcing other laws.  Nor does the *Hastings*
3  stipulation specifically require the City to enforce the particular ordinances the Court has enjoined
4  here.  It strains credulity to think that—without briefing on *Martin*—the *Hastings* court would have
5  entered an injunction that so limited law enforcement's discretion.  Under any interpretation of
6  this Court's Order, the City is not required to violate the stipulated injunction in *Hastings*.[2]

       **C.**     **Defendants Purposefully Misinterpret the Order to Justify Their Conduct.**

8        Defendants' real goal is clear:  To get this Court to revisit the scope of its Order to allow
9  Defendants to continue their unconstitutional practices.[3]  In other words, Defendants wish to
10 continue the enforcement-first approach that was the very subject of Plaintiffs' preliminary
11 injunction motion.  Dkt. No. 9 at 18-20.  Defendants try to justify this by arguing that the definition
12 of an "involuntarily homeless individual" in the Court's Order should exclude any individuals that
13 have access to adequate temporary shelter and "choose not to use it."  Dkt. No. 70 at 4-5.  But this
14 is entirely incompatible with the Court's Order and reality of this case.  As the Court thoroughly
15 discussed, **unhoused** San Franciscans have no practically available access to appropriate shelter
16 anywhere in the City, so they are involuntarily homeless.  Perversely, the only real way an
17 unhoused person can even hope to receive a shelter bed is *after* Defendants begin to
18 unconstitutionally displace them.  *See* Dkt. No. 65 at 41 ("[i]t is beyond dispute that homeless San
19 Franciscans have no voluntary 'option of sleeping indoors,' and as a practical matter 'cannot obtain
20 shelter'"); *id.* at 42 ("at this time, a homeless San Franciscan who wants a shelter bed has no avenue
21 to ask for one, much less get one"); 12/22/2022 Mot. Hr'g Tr. at 43:23-44:10 ("there's no way for

---

[2] Given that the Court's Order bars unconstitutional conduct, conflict could only arise between the Court's Order and the *Hastings* stipulation if the latter were unconstitutional, and the Court is under no obligation to permit the City to continue unconstitutional conduct merely because of a prior injunction.  *See Doe v. Kelly*, 878 F.3d 710, 718 (9th Cir. 2017) ("the government suffers no harm from an injunction that merely ends unconstitutional practices and/or ensures that constitutional standards are implemented.").

[3] During meet and confer, Defendants indicated that even if no conflict existed between the *Hastings* stipulation and the Court's Order, they would still request the broad relief sought in this motion.  Lee Decl. ¶ 4.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLFS.' OPP. TO DEFS.' ADMIN.
MOT. FOR CLARIFICATION
CASE NO. 4:22-CV-05502-DMR

a person to voluntarily try to access a bed at this point in San Francisco").[4] Indeed, there is no evidence that unhoused individuals turn down firm offers for shelter—the real issue is that offers, even in the context of enforcement, are inadequate or not followed through on. *See* Dkt. No. 65 at 15, 17-20, 22-23, 28.

It is for precisely this reason that it is immaterial whose interpretation of *Martin* is correct. Dkt. No. 65 at 37-42 ("The Court need not decide whether Defendants' reading of *Martin* and *Johnson* is correct, because their position lacks factual support.").[5] The Court made clear that no homeless San Franciscan has voluntary, practical access to shelter prior to a sweep or displacement operation. *Id.* As such, Defendants' operations categorically violate the Court's Order.

The Court's Order does not leave Defendants without options. The *Hastings* stipulation provides some: ensure tents do not block traffic or doorways or make streets impassable. Dkt. No. 70-2 at 4. The City could also fill empty housing or hotel opportunities and open the shelter system to ensure people have meaningful access to it. Contrary to the myth that unhoused people do not want services, there are already more than a thousand people on a waitlist and people who have waited in line daily for a bed. Dkt. No. 65 at 5. But Defendants refuse to open the shelter system to voluntary access likely because it will lay bare just how many unhoused individuals in San Francisco want and need shelter but are having their access barred—effectively leading to the result that this Court has already reached: Defendants' punishment scheme is unconstitutional.

## III.   CONCLUSION

The Court should deny Defendants' request to clarify its Order and for additional briefing.

---

[4] At the preliminary injunction hearing, the Court explicitly rejected Defendants' attempts to argue that belated offers of shelter incident to enforcement—when individuals had no genuine access to shelter anywhere before being subject to an encampment closure—could be constitutional. *Id.* at 32:13-33:13 ("I think the City concedes this and, in fact, relied on this; that at this point . . . there's no voluntary avenue to accessing a bed, that the only way to access a bed is if there's an enforcement process where one is offered, if available.").

[5] Defendants argue that *Johnson* supports their position because it allows for a "determin[ation] at the enforcement stage that a homeless individual has access to shelter," but they are wrong. At most, *Johnson* simply notes that police should verify the status of an individual before enforcement. *Johnson*, 50 F. 4th at 805 n.23. It does not mean that the government is free to try and manufacture a change in an individual's involuntary status under threat of enforcement. Regardless, there is ample evidence that shelter offers are illusory and never actually materialize even after sweep operations. Dkt. No. 65 at 38-40.

| | | |
|---|---|---|
| 1 | Dated:  January 9, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ *Alfred C. Pfeiffer, Jr.* |
| 4 | | LATHAM & WATKINS LLP |
| 5 | | Alfred C. Pfeiffer, Jr., SBN 120965<br>Wesley Tiu, SBN 336580 |
| 6 | | Kevin Wu, SBN 337101<br>Tulin Gurer, SBN 303077 |
| 7 | | 505 Montgomery Street, Ste 2000<br>San Francisco, CA 94111 |
| 8 | | Telephone: (415) 391-0600<br>al.pfeiffer@lw.com |
| 9 | | wesley.tiu@lw.com<br>kevin.wu@lw.com |
| 10 | | tulin.gurer@lw.com |
| 11 | | |
| 12 | | LATHAM & WATKINS LLP<br>Joseph H. Lee, SBN 248046 |
| 13 | | 650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626 |
| 14 | | Telephone: (714) 540-1235<br>joseph.lee@lw.com |
| 15 | | |
| 16 | | LATHAM & WATKINS LLP<br>Rachel Mitchell, SBN 344204 |
| 17 | | 12670 High Bluff Drive<br>San Diego, CA 92130 |
| 18 | | Telephone: (858) 523-5400<br>rachel.mitchell@lw.com |
| 19 | | |
| 20 | | LAWYERS' COMMITTEE FOR CIVIL<br>RIGHTS OF THE SAN FRANCISCO BAY |
| 21 | | AREA<br>Zal K. Shroff, MJP 804620, *pro hac vice* |
| 22 | | Elisa Della-Piana, SBN 226462<br>131 Steuart Street, Ste. 400 |
| 23 | | San Francisco, CA 94105<br>Telephone: (415) 543-9444 |
| 24 | | zshroff@lccrsf.org<br>edellapiana@lccrsf.org |
| 25 | | |
| 26 | | ACLU FOUNDATION OF NORTHERN<br>CALIFORNIA |
| 27 | | John Thomas H. Do, SBN 285075<br>Brandon L. Greene, SBN 293783 |
| 28 | | 39 Drumm Street |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLFS.' OPP. TO DEFS.' ADMIN.
MOT. FOR CLARIFICATION
CASE NO. 4:22-CV-05502-DMR

San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLFS.' OPP. TO DEFS.' ADMIN.
MOT. FOR CLARIFICATION
CASE NO. 4:22-CV-05502-DMR