# EXHIBIT 1

|  |  |
|---|---|
| **From:** | Emery, Jim (CAT) <Jim.Emery@sfcityatty.org> |
| **Sent:** | Friday, December 30, 2022 6:47 AM |
| **To:** | 'John Do'; Wang, Edmund (CAT) |
| **Cc:** | Lee, Joseph (OC); Pfeiffer, Al (Bay Area); Zal Shroff |
| **Subject:** | RE: COH v SF: m/c on ongoing productions and a motion for clarification |

Hi John,



Thank you for your email.  I wanted to promptly clarify the City's situation regarding scheduling the settlement conference.  What I meant to convey yesterday is that I have confirmation from all 4 City depts (DEM, SFPD, DPW, and HSH) that a representative can be available to participate in the settlement conf on Jan 25.  I have not confirmed availability on the other dates, but if necessary I can try to make the other dates work.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Thursday, December 29, 2022 5:37 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Joseph.Lee@lw.com; Al.Pfeiffer@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Hi Jim,

Thank you for the meet-and-confer today. We write to memorialize our discussions and identify any follow-up.

- **Settlement**: We understand that Defendants are available on any of the dates offered by Judge Cisneros, but would prefer January 25. As we discussed on the call, we will discuss with our clients and get back to you regarding availability. We understand that Defendants intend to have representatives from DEM, DPW, SFPD, and HSH present at the settlement conference. While Plaintiffs expect to have a Coalition representative at the settlement conference, we may not have all individual plaintiffs present, but we will be prepared to negotiate on their behalf, to which we understand Defendants have no objections.

- **Scope of Preliminary Injunction**: We understand that Defendants intend to treat the preliminary injunction as prohibiting enforcing or threatening to enforce the laws identified in the Court's preliminary injunction order against any unhoused individual regardless of whether that individual has a firm and adequate offer of shelter, unless and until contrary guidance is provided by the Court. We further understand that Defendants contend that the preliminary injunction is susceptible to different interpretations regarding whether the prohibitions on enforcement and threat of enforcement apply to such individuals, and that it intends to seek clarification from the Court regarding the scope of the preliminary injunction. You further stated that under Defendants' current treatment of the preliminary injunction, Defendants contend there is a potential conflict between the Defendants' obligations under it and the City's obligations under the stipulated injunction in *Hastings College of the Law v. City & County of San Francisco*, Case No. 3:20-cv-03033-JST (N.D. Cal., filed May 4, 2020). But we understand that Defendants do not believe their concerns regarding the scope of the preliminary injunction would be resolved by addressing them in a limited fashion (e.g., by limiting any

modification of the preliminary injunction to the Tenderloin neighborhood that is the subject of the Hastings settlement). We further understand that Defendants expect to file an administrative motion regarding clarification by early next week. As discussed, Plaintiffs have followed up separately regarding our position on Defendants' motion.

- **Current Operations:** We understand that Defendants maintain that they are complying with the preliminary injunction by not currently enforcing sit/lie/sleep laws against unhoused individuals because the number of unhoused individuals living in San Francisco exceeds the number of shelter beds. To the extent you have provided us with additional information regarding Defendants' current operations, we have summarized it below. However, to a large extent, we understand Defendants' stated position regarding its operations amounts to a restatement of the preliminary injunction order and does not explain what, if any, changes have been made to Defendants' current operations to ensure compliance with the preliminary injunction or how Defendants are interpreting the preliminary injunction. We understand that at least part of the lack of additional information is due to your lack of knowledge regarding what specific instructions and guidance has been provided to the individuals carrying out Defendants' policies. Accordingly, as discussed on the call, we request that you investigate and provide more information as outlined below.

  - Training: You explained that SFPD police officers have been instructed as to the scope of the preliminary injunction, but that you were not aware of what the format was and whether there has been an official police bulletin. We ask that you follow up with the individuals responsible for providing instructions and training regarding the scope of the preliminary injunction and provide us with copies of any guidelines provided to them, including any police bulletins. We ask for the same for HOT and DPW.
  - Requests to Move: You explained that as of this moment, only HOT employees were requesting individuals to move from encampment resolutions, and that SFPD police officers were not making the same asks. At the same time, you indicated SFPD being present or making the same requests would not be threatened enforcement in your view. You also explained that you did not know whether any indication was given that requests to move were temporary or voluntary since you did not know specifically what was communicated to unhoused individuals. It is your belief that the unhoused people understood the requests to be temporary. You also explained to us that any requests to move continued to occur prior to the actual confirmation of whether the City had shelter beds available. What guidance, if any, has been provided to Defendants' employees regarding what they can and cannot ask individuals to do (e.g., are employees required to explain that any request is only temporary and need not be complied with)? In addition, what guidance has been provided to employees regarding what constitutes an actual firm offer of appropriate shelter?
  - Nuisance: You explained that the recent operations were aimed at abating a nuisance. You indicated that the 9/27 locations had been determined to be a nuisance but could not say how and when that determination was made. You could not confirm whether such nuisance determinations occur for all HSOC operations or not.

More generally, we requested certain disclosures to aid in monitoring compliance. You requested we send you a list via email, so that was sent separately along with our position on the motion for reconsideration. If you have any questions regarding our requests or the follow-up identified above, we would be happy to discuss.

Regards,



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM