**EXHIBIT A**

**TO**

**DECLARATION OF JAMES M. EMERY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR STATUS CONFERENCE ON PRELIMINARY INJUNCTION NONCOMPLIANCE AND NEED FOR MONITORING**

| | |
|---|---|
| **From:** | Emery, Jim (CAT) |
| **To:** | "John Do"; Wang, Edmund (CAT) |
| **Cc:** | Zal Shroff; Joseph.Lee@lw.com; Al.Pfeiffer@lw.com; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com |
| **Bcc:** | Mere, Yvonne (CAT); Steeley, Tara (CAT) |
| **Subject:** | RE: Activity in Case 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San Francisco et al Order on Motion for Preliminary Injunction |
| **Date:** | Wednesday, December 28, 2022 3:20:20 PM |
| **Attachments:** | image010.png<br>image008.png |

Hi John,

I have inquired regarding your concerns about yesterday's HSOC activity. I am confident San Francisco is in full compliance with the Court's injunction.

- The advice I give my clients is privileged, and ultimately irrelevant to the question whether HSOC personnel are complying with the Court's injunction order.
- In light of SF's "operational questions," SF is proceeding cautiously and conservatively, without any enforcement threat of sit/lie/sleep laws against any individual, even after the individual has declined a specific and appropriate shelter bed. Through HSOC yesterday, 10 individuals accepted shelter offers and escaped the weather.
- Several people at the encampment acknowledged they had seen the notices that SFHOT had posted the previous Saturday.
- HSOC outreach workers requested people move temporarily and remove their belongs to allow the City to abate an unhealthy nuisance condition of accumulated trash, needles, feces, and other debris. The mere presence of police officers does not constitute a threat of enforcement of any specific laws.
- It is apparent the individuals at the encampment understood they were not required to vacate the area. Those who declined shelter beds simply relocated around the corner while SF cleaned the street to abate the unhealthy nuisance condition.
- Sam Dodge personally inspected the tent in the photo you attach. The tent had uncapped syringe litter and was waterlogged inside having a soaked rug and some discarded food on the floor. The tent was vacant all morning. At the end of the morning outreach operation, Mr. Dodge entered the vacant tent and collected items for bag-and-tag (a suit case, a computer, a bag of clothing, some toiletries, some electronics, and a battery).
- The scooter was towed, not discarded. If the owner has proof of ownership and the license plate info, they could request to have it returned, and if they are unhoused, they can go thru Problem solving, and get it returned without fees.
- Three separate individuals at the encampment confirmed the bicycle frame was abandoned before a fourth person approached DPW to claim it. DPW then gave the bike frame to the person who wanted it.
- If you have any other specific concerns regarding bag-and-tag compliance yesterday, please share them with me.

I believe I've responded to all the points in your email below about yesterday's HSOC outreach.

Since the Court has rescheduled the case management conference, and the parties' joint 26(f) statement is now due on Jan 5, I see no need for us to meet this afternoon and then again tomorrow

morning.  So I suggest we plan to talk tomorrow at 10. Will you circulated call-in info or a video link?

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** John Do <JDo@aclunc.org>
**Sent:** Wednesday, December 28, 2022 10:34 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Joseph.Lee@lw.com; Al.Pfeiffer@lw.com; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com
**Subject:** RE: Activity in Case 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San Francisco et al Order on Motion for Preliminary Injunction

Jim,

Thank you for your attention to these urgent matters.  We are all confirmed for a 12/29 10am meet and confer regarding compliance with the preliminary injunction, ongoing disclosures, and settlement dates.  The joint case management statement (which touches upon these issues), however, presents an opportunity for an omnibus meet and confer this afternoon.  We wait for you to confirm your availability.

**December 28, 2022 Sweeps**

In advance of our meet and confer, we remain alarmed by the City's response to the Court Order.  We detailed likely noncompliance with the 7 am operation, so we are troubled the City elected to continue with the 1pm operation. You recently noted that the City has "operational questions" on the Court Order, and we would expect that the City would pause any operations until those questions have been resolved. The City's continued sweep operations are all the more concerning We now have additional troubling reports from the 1pm operation, continuing the unlawful trend Plaintiffs established in the PI briefing.

At both operations, City staff with SFPD present instructed people to depart and warned that their belongings would be taken.  This was before actual offers of appropriate shelters were available and made.  Coalition monitors found no indication that the City's commands were without the threat of enforcement or that any move of persons and belongings was temporary.

The City also appears to still summarily confiscate or destroy people's unabandoned belongings in violation of the City's policies. For example, the depicted (photo attached) tent and tarp (with clothes, a chair, and bedding) were trashed in the midst of a rainstorm at the 7am operation.  At the 1pm operation, a bike frame and scooter were placed in a DPW truck instead of being bagged and tagged.  DPW workers initially refused to return them and only relented after prolonged advocacy

from the owners.

**Compliance with the Preliminary Injunction**

Although you have represented the City takes its duty to comply with the Court Order seriously, we ask *for the third time* that you identify how Defendants do so. If the City's practices remain unchanged, please explain how they are compliant with the preliminary injunction. If the City has undertaken changes or provided different instructions to its employees, please identify those and their basis.

Quoting and applying *Martin* and *Johnson*, the preliminary injunction enjoins enforcement of the specific ordinances against homeless people "as long as there are more homeless individuals in San Francisco than there are shelter beds available." And to be clear, the Court has expressly found that San Francisco's unhoused population has no real voluntary access to shelter prior to enforcement—both at our hearing and in the Court's robust order directly addressing these issues. *See e.g.,* Dkt. No. 65 at 4:8-9 ("It is undisputed that San Francisco does not have enough available shelter beds for all homeless San Franciscans"); *Id* at 25:15-16 ("At the hearing, they conceded that since April 2020, homeless individuals have not been able to access shelter"); *Id.* at 41:26-27 ("As previously noted, Defendants conceded at the hearing that '[v]oluntary access to shelter has been functionally inaccessible to unhoused people in San Francisco since the onset of the pandemic in April 2020'"). Already essentially full and without enough capacity, San Francisco shelters are closed to self-referrals of any kind, and San Francisco has left 1000 people waiting on the shelter waitlist despite the fact that they have expressed their desire for immediate shelter. This precludes the forced displacement of unhoused people, whether individuals are offered shelter incident to enforcement or not. Until at least an appropriate shelter system is open and available to all—all displacement operations are precluded under the Court's order.

You say "there was no threat of enforcement of sit/lie/sleep laws, or of any other laws."
We also question the City's assertion that there has been no threat of enforcement. In the City's view, how is telling people to depart not done under a threat of enforcement? Are you suggesting that City staff and SFPD are only making voluntary asks? What indicators would unhoused people have to know such requests are voluntary?

You purport that individuals were "offered" shelter yesterday. At the hearing, you represented that an initial question to an unhoused person at the beginning of an operation (hours before the City actually knows what shelter is available) is an offer of shelter. Does the City maintain that position, and is this what you are referring to as "offers" of shelter?

You note that any move was "temporary." What do you consider being asked to move "temporarily"? How is an unhoused person to understand the temporary nature of the removal? What is communicated by the City, verbally or by notice? Who is scheduling HSOC sweeps and on what basis are they being conducted if not the mere existence of unhoused people outside and no laws are to be enforced at the operations?

Please confirm that Defendants will no longer be asking unhoused individuals to "move along" at

HSOC operations and during SFPD dispatches, will not seek to remove unhoused individuals from the area on the basis that they are in public, and will not seek to enforce any of the ordinances prescribed by the Court's preliminary injunction order.

**Ongoing Productions and Disclosures**

This pattern of "business as usual" is why ongoing notice and productions are so crucial. They promote transparency, are not overly onerous, better safeguard the constitutional rights of unhoused people, and help to mitigate a traumatic experience. At our meet and confer, we'd like to discuss ongoing 72-hour notices, SFPD and DPW dispatch documents, incident reports, shelter availability reports, bag and tags, among others. But in light of the above observations will you provide the related documents, such as notices, bag and tag logs, and shelter availability, from yesterday's operations?

Again, we appreciate your prompt attention to this matter and will speak with you later today.

Regards,
John



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Tuesday, December 27, 2022 2:10 PM
**To:** John Do <JDo@aclunc.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Joseph.Lee@lw.com; Al.Pfeiffer@lw.com; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com
**Subject:** RE: Activity in Case 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San Francisco et al Order on Motion for Preliminary Injunction

Hi John,

Thank you for your email this morning and for giving me the opportunity to respond. After I received your email, I consulted with my clients who were on the ground at this morning's resolution. I have learned that everyone present at the encampment was offered shelter and services. They were asked to move temporarily by the encampment resolution team (not SFPD), so that DPW could clean the area, but there was no threat of enforcement of sit/lie/sleep laws, or of any other laws. Indeed, those who did not accept shelter remained in the immediate vicinity. Throughout the morning's activity, your client Jennifer Friedenbach consulted repeatedly with David Nakanishi. Ms. Friedenbach did not express to David the concerns you've included in your email. If you have more specific information about alleged noncompliance with the Court's injunction, please

share it with me so I can look into this further.  San Francisco takes very seriously its obligation to comply with the Court order.  Based on the information we have now, San Francisco intends to proceed with the planned resolutions.

It is my goal to circulate the 26(f) statement before close of business today.  If circumstances continue to interrupt my work on the 26(f) statement, I may not get it to you until tomorrow morning.

I suggest we meet and confer about all these topics on 12/29 at 10am.  With the additional day, I'm more likely to have coordinated calendars with folks who should attend the settlement conference.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Tuesday, December 27, 2022 11:30 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Cheeseborough, Pamela (CAT) <Pamela.Cheeseborough@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Joseph.Lee@lw.com; Al.Pfeiffer@lw.com; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com
**Subject:** RE: Activity in Case 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San Francisco et al Order on Motion for Preliminary Injunction

Jim:

We will need to meet and confer with you urgently as it appears that Defendants have already violated the Court's preliminary injunction order. We will make ourselves available for a meet and confer on at the following times: 12/28: 9-12PM; 12/29: 9-11AM.

Today, Defendants proceeded with an HSOC sweep operation at Hampshire and 17th Street. Police were among the first to arrive from 7-7:30am. DPW pick-up trucks arrived before 8am. As the Court has already found, the individuals onsite were all homeless because San Francisco shelters are essentially full, do not have enough capacity, and are effectively closed. Nonetheless, SFPD and HOT walked around to inform every unhoused individual that they would need to leave the area. When asked what shelter was available, Defendants told unhoused individuals that HSOC did not know yet what shelter they would have. All individuals were made to pack up their belongings well before any report from city staff regarding shelter availability. In short, there has been absolutely no change to Defendants' practice of forced displacement at HSOC operations under threat of citation and arrest and absent voluntary access to appropriate shelter. <u>In light of this information, we expect that Defendants will immediately stop this afternoon's HSOC sweep and the remaining HSOC sweep operations scheduled for this week. Please confirm.</u>

Indeed, it is unclear how a standard HSOC encampment resolution can possibly be carried out in compliance with the Court's preliminary injunction order, given that such encampment resolutions are conducted under enforcement and threat of enforcement of the laws and ordinances set forth in the Court's order. If Defendants maintain that its existing encampment resolution practices comply with the Court's preliminary injunction order, please explain the basis for that position prior to the meet and confer so Plaintiffs can consider it. If, on the other hand, Defendants purport to have modified their practices and believe those modifications are in compliance with the Court's order, please identify those changes (which were not evident to any observers) and provide the basis for Defendants' belief prior to the meet and confer. Without any information regarding Defendants' proposed steps to achieve compliance at each of these individual agencies, Plaintiffs have no way to begin identifying changes to Defendants' past noncompliance—which has persisted for years and has continued even during the pendency of the PI Motion. *See* Dkt. No. 48 at 5:1-10.

Please respond as soon as possible to address these critical points regarding compliance with the Court's preliminary injunction order. These issues are particularly urgent given the cold and rain. These circumstances do necessitate ongoing productions from Defendants, which we will expect to discuss at our meet and confer. We can also address the proposed dates for the Court-ordered settlement conference when we meet.

Thank you for confirming your consent to electronic service. You may effect service by copying all email addresses included on this email (jdo@aclunc.org; zshroff@lccrsf.org; Joseph.Lee@lw.com; Al.Pfeiffer@lw.com). In particular, please be sure to include sf.probono.unhoused.persons.litigation@lw.com on all correspondence.

Finally, please provide us Defendants' portion of the Rule 26(f) statement by close of business today. As you know, it is due tomorrow, and Plaintiffs will need time to consider any edits Defendants propose.

Best regards,



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Monday, December 26, 2022 7:15 PM
**To:** John Do <JDo@aclunc.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Joseph.Lee@lw.com; Al.Pfeiffer@lw.com; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Cheeseborough, Pamela (CAT) <Pamela.Cheeseborough@sfcityatty.org>
**Subject:** RE: Activity in Case 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County

of San Francisco et al Order on Motion for Preliminary Injunction

Hi John,

The City Attorney's Office has advised all affected departments of the terms of the Court's preliminary injunction.  Tomorrow's HSOC resolutions will proceed, in compliance with the Court's order.

With the issuance of the injunction on Friday, the Court's orders requiring 72-hour notice and weekly updated document productions has expired.  We are happy to meet and confer on the issue if plaintiffs perceive a continuing need for the information.

Yes, San Francisco will accept electronic service, if you include Sophia Garcia and Pamela Cheeseborough, copied here, on the distribution list.  I want to avoid a situation where San Francisco does not timely learn of an e-mail service.  Please let me know who on your team should receive electronic service.

Ed and I will provide you feedback tomorrow on plaintiffs' draft 26(f) statement.  And we are planning to serve San Francisco's initial disclosure on Wednesday.

I believe this covers the points in your email below.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Monday, December 26, 2022 11:42 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Joseph.Lee@lw.com; Al.Pfeiffer@lw.com
**Subject:** RE: Activity in Case 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San Francisco et al Order on Motion for Preliminary Injunction

Jim and Ed:

Please advise what immediate steps Defendants have taken to comply with the Court's preliminary injunction. Specifically, please confirm whether HSOC plans to continue carrying out its daily sweep operations, and what instruction has been given to SFPD and DPW staff regarding their enforcement/cleaning operations and interactions with unhoused individuals. Further, please confirm whether Defendants will continue to provide the prior 72-hour notices and DPW/SFPD productions.

Most immediately, we received notice of HSOC sweep operations that are set to take place

tomorrow. Please advise whether those sweep operations are going forward.

Attached is an updated draft Rule 26(f) report. Our report is due on Wednesday, and so we would appreciate receiving your edits by Tuesday afternoon so that the parties can finalize.

You have not advised whether you accept electronic service for the purposes of discovery, a first round of which was served on Defendants last week by both email and mail. Please advise. Plaintiffs consent to electronic service for the duration of this case if Defendants make the same agreement.

Finally, we remind Defendants that the parties are to exchange initial disclosures by Wednesday.

Best regards,



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Friday, December 23, 2022 6:36 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San Francisco et al Order on Motion for Preliminary Injunction

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

California Northern District

## Notice of Electronic Filing

The following transaction was entered on 12/23/2022 at 6:36 PM PST and filed on 12/23/2022

**Case Name:**       Coalition on Homelessness et al v. City and County of San Francisco et al
**Case Number:**     4:22-cv-05502-DMR
**Filer:**
**Document Number:** 65

**Docket Text:**

**Order by Magistrate Judge Donna M. Ryu granting in part and denying in part [9] Plaintiffs' Motion for Preliminary Injunction. Signed on 12/23/2022.(dmrlc1, COURT STAFF) (Filed on 12/23/2022)**

**4:22-cv-05502-DMR Notice has been electronically mailed to:**

Alfred Carroll Pfeiffer , Jr     Al.Pfeiffer@lw.com, #sflitigationservices@lw.com, al-pfeiffer-0552@ecf.pacerpro.com, Linda.Tam@lw.com

Brandon Lashawn Greene     bgreene@aclunc.org, aalas@aclunc.org, tcoughlin@aclunc.org

Edmund T. Wang     edmund.wang@sfcityatty.org, anita.murdock@sfcityatty.org, celena.sepulveda@sfcityatty.org, sophia.garcia@sfcityatty.org, winnie.fong@sfcityatty.org

Elisa Marie Della-Piana     edellapiana@lccr.com

James Moxon Emery     jim.emery@sfgov.org, lauren.skellen@sfcityatty.org, martina.hassett@sfcityatty.org, pamela.cheeseborough@sfcityatty.org

John Thomas H. Do     jdo@aclunc.org, aalas@aclunc.org

Joseph Hyuk Lee     joseph.lee@lw.com, #ocecf@lw.com, joseph-lee-8312@ecf.pacerpro.com

Kevin Wu     kevin.wu@lw.com

Meredith Blagden Osborn     meredith.osborn@sfcityatty.org, anita.murdock@sfcityatty.org, winnie.fong@sfcityatty.org

Rachel Mitchell     rachel.mitchell@lw.com

Tulin Gurer     tulin.gurer@lw.com

Wayne Kessler Snodgrass     wayne.snodgrass@sfcityatty.org, ecf-3c567f10a367@ecf.pacerpro.com, holly.chin@sfcityatty.org

Wesley Tiu     wesley.tiu@lw.com, #sflitigationservices@lw.com, wesley-tiu-1374@ecf.pacerpro.com

Yvonne Rosil Mere     yvonne.mere@sfcityatty.org, martina.hassett@sfcityatty.org

Zal Kotval Shroff     zshroff@lccrsf.org

**4:22-cv-05502-DMR Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** C:\fakepath\22-cv-05502-dmr-filed_prelim_inj_122322.638062058215984499.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=12/23/2022] [FileNumber=19843413-0] [5419e76e1a3dae93d166baf8ec3cd53717fc3ca2f9b3a6be4b982d7c613ce304cd88846cc7e05689b1a94048b2c38be6a86a53925f74292e40d4f978d151c226]]