DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
RYAN C. STEVENS, State Bar #306409
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-4628 (Emery)
              (415) 554-3857 (Wang)
              (415) 554-3975 (Stevens)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              jim.emery@sfcityatty.org
              edmund.wang@sfcityatty.org
              ryan.stevens@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF CHARLES "PATRICK" HARDIMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR STATUS CONFERENCE ON PRELIMINARY INJUNCTION NONCOMPLIANCE AND NEED FOR MONITORING**<br><br>Trial Date:       None set. |

I, Charles Hardiman, declare:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I am currently employed within the Community Paramedicine division of the San Francisco Fire Department ("SFFD") and serve as the Healthy Streets Operations Center ("HSOC") Incident Commander. I have held the role of HSOC Incident Commander since January 2022. I have been a firefighter and paramedic since 1995. I have worked for the San Francisco Fire Department ("SFFD") since 2000. The SFFD Community Paramedicine division provides proactive, compassionate, and respectful care that connects people to appropriate resources for their medical, mental health, and social needs. The SFFD's Community Paramedicine programs help navigate an often-confusing array of services for those not experienced in obtaining care, including connecting people to housing, primary and mental health care, detox services, and pre-hospital treatment plans.

3. The primary role of the Incident Commander is to coordinate between the various agencies that staff an HSOC encampment resolution to facilitate the resolution, and monitor field operations for safety and triaging 911-resource activations within designated operational areas. The Incident Commander acts as a single point of contact between the various agencies, as well as between the HSOC field team and HSOC leadership, during an HSOC encampment resolution.

4. For example, the Incident Commander facilitates communication between the Encampment Resolution Team (ERT) and the San Francisco Department of Public Works (DPW) about the status of the individuals in the encampment, including who is accepting shelter, who has left the encampment, who requested which items left behind be bag and tagged, which tents are occupied and by whom, and who needs more time to pack up their belongings. As the Incident Commander, I help ensure that we conduct outreach before any cleaning operations in the encampment, that we place as many people in shelter as we can, and that no ones' property is improperly discarded inadvertently.

5. As the Incident Commander, I was physically present at two of the resolutions at issue in Plaintiff's administrative motion: (1) Embarcadero at Washington Street and Don Chee Way; and (2) Erie Street.

6. I did not observe any unsheltered persons being arrested or cited for any offenses during either of these resolutions. Nor did I observe any threats to arrest or cite any unsheltered persons during these resolutions.

7. I have not personally threatened to run warrant checks on any unsheltered persons during these encampment resolutions. Nor do I have the ability as a firefighter or paramedic to run warrant checks. I did not request that SFPD run warrant checks, nor did I observe any other members of the ERT team threaten to run warrant checks on any unsheltered persons during these resolutions.

8. As a trained paramedic, part of my function is to offer medical services to those in need during encampment resolutions. Those services range from applying proper bandaging to wounds, to arranging transport to the emergency room. I carry Narcan with me at all times and am able to provide lifesaving services to those suffering from a drug overdose. I have on multiple occasions entered the tent of an unresponsive person and found the occupant of the tent to be deceased.

9. I have reviewed the Declaration of Shanna Couper Orono describing the resolution that took place at Erie Street on January 4, 2023. I was physically present at the resolution and recall interacting with a Spanish speaking client. Sam Dodge was present with me during the conversation with that client. We were initially unable to get a response from the occupant of the tent and after several attempts we unzipped the tent to determine if there was an individual inside and if that individual was safe and healthy. The individual in the tent had been asleep and only spoke Spanish. Mr. Dodge speaks Spanish and was able to converse with that client. I never told the client that I did not "speak Mexican." I immediately summoned the assistance of HOT team member Jorge Morales who is a fluent Spanish speaker. Ms. Orono's description does not accurately describe my or the ERT's interactions with that client. I witnessed Mr. Morales have a conversation with that client in Spanish. I am unable to recall specifically what offers of service were made to this individual, but I understood that he declined any offers of service. There were other Spanish speakers present at that resolution and Mr. Morales assisted another Spanish speaking individual named "Miguel" and was able to secure placement for Miguel in a navigation center.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed January 10, 2023 in San Francisco, California.

*s/ Charles Hardiman*
CHARLES PATRICK HARDIMAN
