1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  JAMES M. EMERY, State Bar #153630
   EDMUND T. WANG, State Bar #278755
6  RYAN C. STEVENS, State Bar #306409
   Deputy City Attorneys
7  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
8  San Francisco, California 94102-4682
   Telephone:    (415) 554-4675 (Snodgrass)
9                (415) 554-4628 (Emery)
                 (415) 554-3857 (Wang)
10               (415) 554-3975 (Stevens)
   Facsimile:    (415) 554-4699
11 E-mail:       wayne.snodgrass@sfcityatty.org
                 jim.emery@sfcityatty.org
12               edmund.wang@sfcityatty.org
                 ryan.stevens@sfcityatty.org
13
   Attorneys for Defendants
14 CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF DENNIS HOANG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR STATUS CONFERENCE ON PRELIMINARY INJUNCTION NONCOMPLIANCE AND NEED FOR MONITORING**<br><br>Trial Date:          None set. |

I, DENNIS HOANG, declare:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I am a Sergeant in the San Francisco Police Department ("SFPD"). I have worked at SFPD for 9 years. When San Francisco's Healthy Streets Operations Center ("HSOC") I applied to and was appointed to be assigned to HSOC. I have been assigned to HSOC since December 2022 to the present. Currently I supervise seven SFPD officers providing support to HSOC, and I report to Lt. Samuel Christ. Police staffing for HSOC has fluctuated since January 2018 and through Covid.

3. The primary role of SFPD during HSOC encampment resolutions is to provide security and support to the City workers who are on site. City workers have been threatened with violence during past resolutions and SFPD officers are present for the safety of those workers. The officers who report to me are trained not to interact with the HSOC clients unless it becomes necessary to preserve the physical safety of those present at the resolution. We also assist in protecting outreach workers from oncoming vehicle traffic and close down traffic lanes or alleyways as necessary to assist the outreach teams. When controlling traffic, as a necessary safety measure, officers use the lights on their vehicles. The SFPD officers who assist in encampment resolutions are all assigned full time to HSOC and through that assignment have amassed a great deal of experience dealing with San Francisco's homeless population.

4. I have provided training to the officers under my supervision regarding the issuance of the Court's order enjoining the enforcement of the following statutes: California Penal Code section 647(e)/ illegal lodging; California Penal Code section 148(a)/resisting or delaying duties of PO; California Penal Code section 370/public nuisance; California Penal Code section 372/ public nuisance; San Francisco Police Code section 168/ sit/lie, or San Francisco Police Code section 169/ clear and safe sidewalks. The officers assigned to HSOC have been trained that we are barred from enforcing these statutes or from threatening to enforce them. I have not observed any behavior from SFPD Officers I understand to be a threat to enforce any of the enjoined statutes. Nor have any HSOC officers arrested or cited any unsheltered persons for violations of the above-mentioned statutes since

the issuance of the injunction. Nor have they issued any citations or made any arrested of unsheltered persons for any offenses, whether enjoined or not, since the issuance of the court's injunction.

5. In addition, I have provided training to the officers under my supervision that we are present at the resolutions to provide supervision and protection to outreach workers and that we should not be engaged in interacting directly with HSOC clients to the extent practically possible, unless PD intervention is specifically requested by outreach workers or is necessary to prevent physical violence. I have trained my staff that we should allow the outreach workers as much space as possible under the circumstances to engage with while still being able to provide for their safety should circumstances evolve.

6. I understand that Plaintiffs have raised issue with the following encampment resolutions: 17th Street at Hampshire/Mariposa; Taylor & Eddy; Embarcadero & Washington/Don Chee Way; Erie Street. Based on my review of staffing assignment records, SFPD had four officers in addition to myself on duty and assigned to HSOC on 12/27/2022. There were six officers on duty and assigned to HSOC on January 3, 2023. On January 4, 2023 all seven SFPD Officers assigned to HSOC were on duty. I was also personally on duty on January 4, 2023 and assigned to HSOC. Not all of the officers on duty are present during the resolutions or are present for the entirety of the resolution.

7. I reviewed the computer history and determined that SFPD did not run warrant checks on unsheltered individuals who were physically present during the resolutions mentioned in paragraph 6 of this declaration. Other departments assigned to HSOC are not able to run warrant checks.

8. The SFPD officers assigned to HSOC currently have 5 police vehicles assigned to them for use during resolutions. I am aware that Declarant Shanna Orona claims there were 8 SFPD vehicles present at the Erie alley resolution on January 4, 2023  This claim is not accurate. HSOC simply does not have that many police vehicles assigned. Furthermore, SFPD's practice is to assign the smallest number of officers to a given resolution that we believe can appropriately support the safety of the ERT. There were 4 police vehicles present during the Erie alley resolution.

9. SFPD officers assigned to HSOC are trained only to activate their Body Worn Camera (BWC) footage if they take any enforcement action.  Because no enforcement action was taken at any of these four resolutions, no SFPD officers activated their cameras and we do not have any BWC footage.

10. While I was physically present at the Eddy and Taylor resolution, I watched the observer from the Coalition on Homelessness needing to step into the street multiple times because the right of way was completely obstructed with tents, sleeping bags, and debris from the unhoused residents of that location.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.  Executed January 10, 2023 in San Francisco, California.

                          *s/ Dennis Hoang*
                          Sgt. Dennis Hoang