1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  JAMES M. EMERY, State Bar #153630
   EDMUND T. WANG, State Bar #278755
6  RYAN C. STEVENS, State Bar #306409
   Deputy City Attorneys
7  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
8  San Francisco, California 94102-4682
   Telephone:    (415) 554-4675 (Snodgrass)
9                (415) 554-4628 (Emery)
                 (415) 554-3857 (Wang)
10               (415) 554-3975 (Stevens)
   Facsimile:    (415) 554-4699
11 E-mail:       wayne.snodgrass@sfcityatty.org
                 jim.emery@sfcityatty.org
12               edmund.wang@sfcityatty.org
                 ryan.stevens@sfcityatty.org
13
   Attorneys for Defendants
14 CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF DANIEL NAZZARETA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR STATUS CONFERENCE ON PRELIMINARY INJUNCTION NONCOMPLIANCE AND NEED FOR MONITORING**<br><br>Trial Date:    None set. |

DECL. NAZZARETA ISO OPP. MOT. STATUS CONF.      1                    n:\govlit\li2022\230239\01648637.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

I, DANIEL NAZZARETA, declare:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I am currently employed within the Community Paramedicine division of the San Francisco Fire Department ("SFFD") and have served as the Healthy Streets Operations Center ("HSOC") Incident Commander.  I am not presently fully assigned to HSOC, but serve as an HSOC Incident Commander on an as needed basis. The SFFD Community Paramedicine division provides proactive, compassionate, and respectful care that connects people to appropriate resources for their medical, mental health, and social needs. The SFFD's Community Paramedicine programs help navigate an often-confusing array of services for those not experienced in obtaining care, including connecting people to housing, primary and mental health care, detox services, and pre-hospital treatment plans.  I am a trained paramedic and have been employed by the SFFD since 2012.

3. The primary role of the Incident Commander is to coordinate between the various agencies that staff an HSOC encampment resolution to facilitate the resolution, and monitor field operations for safety and triaging 911-resource activations within designated operational areas. The Incident Commander acts as a single point of contact between the various agencies, as well as between the HSOC field team and HSOC leadership, during an HSOC encampment resolution.

4. As a trained paramedic, part of my function is to offer medical services to those in need during encampment resolutions.  Those services range from applying proper bandaging to wounds, to arranging transport to the emergency room.  I carry Narcan with me at all times and am able to provide lifesaving services to those suffering from a drug overdose.

5. As the Incident Commander, I was physically present at the following resolutions at issue in Plaintiff's administrative motion: 17th Street at Hampshire/Mariposa and Taylor & Eddy.

6. I did not observe any unsheltered persons being arrested or cited for any offenses during these resolutions. Nor did I observe any threats to arrest or cite any unsheltered persons during these resolutions.

7. I have not personally threatened to run warrant checks on any unsheltered persons during these encampment resolutions. Nor do I have the ability as a firefighter or paramedic to run warrant checks. I did not request that SFPD run warrant checks, nor did I observe any other members of the ERT team threaten to run warrant checks on any unsheltered persons during these resolutions.

8. I have reviewed the Declaration of Ian James describing the resolution that took place on December 27, 2022 at Taylor and Eddy Streets. I was physically present at the resolution and spoke directly with Mr. James. Mr. James asked me if HSOC was going to require people to move tents and I informed him we would not be and that our sole purpose was to make offers of shelters and offers of service, as well as offer debris disposal. We did not ask anyone who did not accept our offer of shelter to remove their tents from that location. When the resolution concluded, there were several tents that remained at the same location. The only property that DPW collected as trash were items we were specifically told by the clients was garbage and could be thrown away.

9. I have reviewed the Declaration of Jennifer Friedenbach describing the resolution that took place on December 27, 2022 at 17th Street and Hampshire Street. I was physically present and the resolution and spoke directly with Ms. Friedenbach. I did not witness any City employees make any threats of enforcement against any unsheltered persons at that location. The only property that DPW collected as trash were items we were specifically told by the clients was garbage and could be thrown away, as well as a few piles of debris. There were several clients who refused our offers of service and moved their tents approximately 20 feet away from their initial location and around the corner on 17th street. We did not ask or require them to move their tents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed January 9, 2023 in San Francisco, California.

*s/ Daniel Nazzareta*
DANIEL NAZZARETA

DECL. NAZZARETA ISO OPP. MOT. STATUS CONF.   3
CASE NO. 4:22-cv-05502-DMR (LJC)

n:\govlit\li2022\230239\01648637.docx