1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  JAMES M. EMERY, State Bar #153630
   EDMUND T. WANG, State Bar #278755
6  RYAN C. STEVENS, State Bar #306409
   Deputy City Attorneys
7  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
8  San Francisco, California 94102-4682
   Telephone:    (415) 554-4675 (Snodgrass)
9                (415) 554-4628 (Emery)
                 (415) 554-3857 (Wang)
10               (415) 554-3975 (Stevens)
   Facsimile:    (415) 554-4699
11 E-mail:       wayne.snodgrass@sfcityatty.org
                 jim.emery@sfcityatty.org
12               edmund.wang@sfcityatty.org
                 ryan.stevens@sfcityatty.org
13
   Attorneys for Defendants
14 CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF MICHAEL PERALTA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR STATUS CONFERENCE ON PRELIMINARY INJUNCTION NONCOMPLIANCE AND NEED FOR MONITORING**<br><br>Trial Date:     None set. |

I, Michael Peralta, declare:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I am an Officer in the San Francisco Police Department ("SFPD"). I have worked at SFPD for 14.5 years. When San Francisco's Healthy Streets Operations Center ("HSOC") started back up, I was asked to join the unit and was reassigned to HSOC. I have been assigned to HSOC since August of 2022 to the present.

3. The primary role of SFPD during HSOC encampment resolutions is to provide security and support to the City workers who are on site. City workers have been threatened with violence during past resolutions and SFPD officers are present for the safety of those workers. We also assist in protecting outreach workers from oncoming vehicle traffic and close down traffic lanes or alleyways as necessary to assist the outreach teams. When controlling traffic, as a necessary safety measure, officers use the lights on their vehicles.

4. I have been provided training regarding the issuance of the Court's order enjoining the enforcement of the following statutes: California Penal Code section 647(e)/ illegal lodging; California Penal Code section 148(a)(1)/resisting or delaying duties of PO; California Penal Code section 370/public nuisance; California Penal Code section 372/ public nuisance; San Francisco Police Code section 168/ sit/lie, or San Francisco Police Code section 169/ clear and safe sidewalks. I have been trained that we are barred from enforcing these statutes or from threatening to enforce them. I have not observed any behavior from SFPD Officers I understand to be a threat to enforce any of the enjoined statutes.

5. In addition, I have been provided training that SFPD is not to interact with the HSOC clients to the extent practical unless it becomes necessary to preserve the physical safety of those present at the resolution.

6. I understand that Plaintiffs have raised issue with the following encampment resolutions: 17th Street at Hampshire/Mariposa; Taylor & Eddy; Embarcadero & Washington/Don Chee Way; Erie Street. I was physically present at all four of these resolutions.

DECL. PERALTA ISO OPP. MOT. STATUS CONF.      2
CASE NO. 4:22-cv-05502-DMR (LJC)

7. No unsheltered persons were cited or arrested for any offenses during any of the resolutions mentioned in paragraph 4 of this declaration. Nor did I observe any threats to arrest or cite any unsheltered persons during the periods of time I was present at these resolutions.

8. I did not observe any SFPD officers running warrant checks on individuals present at the resolutions or threatening to run warrant checks. Other departments assigned to HSOC are not able to run warrant checks.

9. I am aware that Declarant Shanna Orona claims there were 8 SFPD vehicles present at the Erie alley resolution on January 4, 2023. This claim is not accurate. HSOC simply does not have that many police vehicles assigned. I was present at this resolution. There were four SFPD vehicles present.

10. SFPD officers assigned to HSOC are trained only to activate their Body Worn Camera (BWC) footage if they take any enforcement action. Because no enforcement action was taken at any of these four resolutions, no SFPD officers activated their cameras and we do not have any BWC footage. I did not observe any SFPD officers take any enforcement actions at any of these resolutions.

11. I have reviewed the declaration of Christin Evans regarding the encampment resolution that took place at the Embarcadero. Ms. Evans describes Exhibit A to her declaration as "a photograph of the Park Ranger, two SFPD officers, and members of the HOT team congregated around one individual's tent." I am one of the SFPD Officers pictured in that photograph. The SFHOT outreach worker engaged the individual in the tent. In the photograph I am with Officer Huerta and am greeting the Incident Commander, Lieutenant Hardiman. We were not congregated around an individual's tent. I do not recall having any interactions with HSOC clients at that site, but I have at times handed out cigarettes to HSOC clients while attempting to de-escalate situations.

1  
2     I declare under penalty of perjury under the laws of the United States and the State of
3  California that the foregoing is true and correct.  Executed January 10, 2023 in San Francisco,
4  California.
5  
                            _____*/s/ Michael Peralta*_____
6                              Ofc. Michael Peralta

DECL. PERALTA ISO OPP. MOT. STATUS CONF.          4
CASE NO. 4:22-cv-05502-DMR (LJC)