UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CIVIL LAW & MOTION AND CONFERENCE MINUTE ORDER

| Date: 1/12/2023 | Time: 1:23-2:15 | Judge: DONNA M. RYU |
|---|---|---|
| Case No.: 4:22-cv-05502-DMR | Case Name: Coalition on Homelessness, et al v. City and County of San Francisco, et al | |

**For Plaintiffs:**
Hadley Rood
Rachel Mitchell
Zal Shroff
Kevin Wu
John Do
Joseph Lee

**For Defendants:**
James Emery
Edmund Wang
Wayne Snodgrass
Ryan Stevens

**Deputy Clerk:** Ivy Lerma Garcia     **Recorded in Zoom:** 1:23-2:15

### PROCEEDINGS HELD BY ZOOM VIDEOCONFERENCE

1. Defendants' Motion to Dismiss [Docket No. 41]

2. Defendants' Administrative Motion for Clarification of the Preliminary Injunction Order, [Docket No. 70]

3. Plaintiffs' Administrative Motion for a Status Conference on Preliminary Injunction Noncompliance and Need for Monitoring [Docket No. 75]

**Defendants' Motion to Dismiss, Docket No. 41:** granted in part and denied in part, as follows.  Defendants move to dismiss Plaintiffs' claims against Breed and Dodge in their official capacities as duplicative of the claims against the City and County of San Francisco ("San Francisco").  Plaintiffs concede that the claims are duplicative; the motion to dismiss is therefore granted on this issue.  Plaintiffs are granted leave to amend the complaint to voluntarily dismiss either San Francisco or Breed/Dodge in their official capacities and may add claims against Breed and/or Dodge in their individual capacities.  Plaintiffs shall promptly provide a draft of their amended complaint to Defendants and the parties shall meet and confer regarding the sufficiency of the amendments to attempt to avoid the need for motion practice.  Plaintiffs' amended complaint is due by 2/28/2023.

Defendants next move to dismiss SFPD, DPW, HSH, DEM, and SFFD (the "Departmental Defendants") from the lawsuit. As stated on the record, the court is bound to follow *Streit v. County of Los Angeles*, 236 F.3d 552, 565-66 (9th Cir. 2001), in which the Ninth Circuit reaffirmed its previous determination that a police department may be sued in federal court as a "public entity" under Rule 17(b) and California Government Code section 811.2. Defendants did not offer any argument or authority that the court should treat SFPD differently from the remaining Departmental Defendant, and the court finds that the complaint contains plausible allegations that the Departmental Defendants are independent public entities. Accordingly, this portion of the motion to dismiss is denied.

Finally, Defendants move to dismiss claim 13, a 42 U.S.C. § 1983 claim for conspiracy against all Defendants pursuant to the intracorporate conspiracy doctrine. The Ninth Circuit has not decided whether this doctrine applies to government entities in the context of the civil rights statutes. For the reasons stated on the record, the court finds persuasive the reasoning of *O.H. v. Oakland Unified Sch. Dist.*, No. C-99-5123 JCS, 2000 WL 33376299, at *5-8 (N.D. Cal. Apr. 17, 2000) (citing *Washington v. Duty Free Shoppers*, 696 F. Supp. 1323, 1326 (N.D. Cal. 1988)), and other cases from courts in this district and holds that the doctrine does not apply to Plaintiffs' civil rights claims. Accordingly, the motion to dismiss claim 13 is denied.

**Defendants' Administrative Motion for Clarification of the Preliminary Injunction Order, Docket No. 70:** denied on the ground that the motion is procedurally improper as it seeks substantive relief beyond the scope of a motion for administrative relief. As discussed on the record, if Defendants seek a ruling on any potential conflict between the December 23, 2022 Order and the June 30, 2020 Stipulated Injunction entered by Judge Tigar in *Hastings College of the Law v. City & County of San Francisco*, No. 20-cv-3033 JST, and/or clarification of the December 23, 2022 Order, they shall file a duly-noticed motion pursuant to Civil Local Rule 7-2. Any such motion must clearly explain the purported conflict between the two orders and brief the legal standard applicable to resolution of conflicting court orders. To the extent Defendants seek reconsideration of any portion of the December 23, 2022 Order, their motion must address the standard applicable to motions for leave to file motions for reconsideration. *See* Civ. L.R. 7-9.

**Plaintiffs' Administrative Motion for a Status Conference on Preliminary Injunction Noncompliance and Need for Monitoring, Docket No. 75:** denied on the ground that the motion is procedurally improper as it seeks substantive relief beyond the scope of a motion for administrative relief. As discussed on the record, if Plaintiffs contend that Defendants are in contempt of the December 23, 2022 Order and/or that appointment of a special master is appropriate, they must file a duly-noticed motion supported by evidence pursuant to Civil Local Rule 7-2.

4. Initial Case Management Conference held

[X] Deadline to seek leave to amend the pleadings to add new parties, claims or defenses is **2/28/2023.**

Each side may only file one Rule 56 motion without leave of court.

**REFERRALS:**

[X]   This case has already been referred to Magistrate Judge Lisa J. Cisneros to conduct a Settlement Conference.

**COURT SET THE FOLLOWING DATES:**

Further Case Management Conference:  **4/5/2023** at 1:30 p.m. by Zoom Videoconference
Updated Joint Case Management Conference Statement due by:  **3/29/2023**
Dispositive motion filing deadline:  **11/22/2023**
Opposition deadline:  **12/21/2023**
Reply deadline:  **1/11/2024**
Last day to hear dispositive motions:  **1/25/2024** at 1:00 p.m.
Pretrial Conference:  **4/3/2024** at 3:00 p.m
Bench Trial:  **4/15/2024** at 9:00 a.m. (estimated length:  8 days)

(PLEASE SEE COURT'S SEPARATE CASE MANAGEMENT AND PRETRIAL ORDER FOR ALL OTHER DATES SET BY THE COURT).

**CASE MANAGEMENT AND PRETRIAL ORDER TO BE PREPARED BY:**
[ ] **Plaintiff**     [ ] **Defendant**     [X] **Court**

cc:   Chambers; CAND MagRef/CAND/09/USCOURTS