DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
RYAN C. STEVENS, State Bar #306409
KAITLYN MURPHY, State Bar # 293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-4628 (Emery)
              (415) 554-3857 (Wang)
              (415) 554-3975 (Stevens)
              (415) 554-6762 (Murphy)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              jim.emery@sfcityatty.org
              edmund.wang@sfcityatty.org
              ryan.stevens@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>            Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' UNOPPOSED MOTION TO SHORTEN TIME**<br><br>Trial Date:         April 15, 2024 |

Pursuant to Civil Local Rule 6-3 and this Court's standing orders, Defendants move to shorten the briefing schedule and advance the hearing date for the Court to hear Defendants' Motion to Stay a Portion of the Court's Order Pending Appeal ("Motion to Stay") to February 23, 2023. The motion is unopposed.

The underlying Motion to Stay addresses whether it is appropriate for the district court to stay the portion of its Preliminary Injunction Order concerning the Eighth Amendment pending resolution of Defendants' appeal to the Ninth Circuit. Defendants argue Plaintiffs' interpretation of the Preliminary Injunction Order, which would prohibit Defendants from enforcing their sit/sleep/lie laws against any homeless individual until San Francisco has sufficient shelter to house every homeless San Franciscans exceeds the boundaries of Ninth Circuit precedent and the Eighth Amendment. Plaintiffs' opposition has not yet been filed and therefore Defendants are unable to summarize Plaintiffs' position on the underlying motion here. (Murphy Decl. ¶ 4.)

The requested modification would advance the hearing date for Defendants' Motion to Stay from April 13, 2023 to February 23, 2023, and waive Defendants' opportunity to file a reply brief, so that the briefing would be complete on February 16, 2023, the last day for Plaintiffs' to file an opposition to the motion. (Murphy Decl. ¶ 5.)

The Motion to Stay was originally noticed for hearing on March 9, 2023 (ECF No. 97), but the hearing date was vacated because it was set improperly during a period when the Court was unavailable. (ECF No. 98.)  On Friday February 3, 2023, Defendants informed Plaintiffs of their intention to request the Court reset this matter for hearing on February 23, 2023 and proposed an alternative briefing schedule. (Murphy Decl. ¶ 2, Ex. A.) Plaintiffs requested additional information and stated they could not agree to a briefing schedule that would compress Plaintiffs' time to oppose the motion. (*Id*.) Accordingly, on Monday February 6, 2023, Defendants provided Plaintiffs the requested information and proposed a modified briefing schedule that would not impact Plaintiffs' deadline to oppose, but would still permit the matter to be heard on February 23, 2023 by waiving Defendants' opportunity to file a reply. (*Id*.) While waiting for Plaintiffs to respond, Defendants re-noticed the Motion to Stay to April 13, 2023 out of an abundance of caution. (ECF No. 100.) The next day Plaintiffs stated that while they would not stipulate to the proposed schedule, they agreed not

oppose Defendants' motion, provided Defendants included the following statement from Plaintiffs' with the motion: "Although Plaintiffs do not agree that an order to shorten time is justified by any substantial prejudice or harm (*see* Local Rule 6-3(a)(3)), Plaintiffs do not oppose a February 23 hearing date and waiver of any reply by Defendants but note such briefing schedule contravenes the Court's standing order on the timing of hearings." (Murphy Decl. ¶¶ 2-3, Ex. A.)

The requested briefing schedule avoids substantial harm or prejudice to Defendants who otherwise face the choice of either enforcing the injunction in a way that exceeds Ninth Circuit precedent or risking accusations from the Plaintiffs of contempt. (Murphy Decl. ¶ 8.) Plaintiffs have taken an extremely broad reading of the Court's preliminary injunction order, which would prevent Defendants from enforcing its sit/sleep/lie laws against a person even after San Francisco made that individual an offer of adequate temporary shelter so long as the total number of homeless residents in San Francisco exceeded the total number of shelter beds. (ECF No. 81 at 1:2-4 ("The Court's Preliminary Injunction Order needs no clarification. It unambiguously determined that homeless individuals in San Francisco are involuntarily homeless because the shelter system is short thousands of beds, essentially fully, and effectively closed.").) Given the uncertainty surrounding the scope of the preliminary injunction, and to avoid violating the order if the Court intended it to be read as broadly as Plaintiffs claim, Defendants modified the San Francisco Police Department Bulletin regarding enforcement of sit/sleep/lie laws on January 25, 2023. (ECF No. 97-2.) The policy now states that "Department members may 'NOT use, enforce, or threaten to enforce' the following laws and ordinances to prohibit homeless individuals from sitting, lying, or sleeping on public property," including the five penal code and police code sections referenced in the Court's preliminary injunction. (*Id.*) Thus, Defendants face substantial harm or prejudice from the delay in hearing their Motion to Stay because the status quo unnecessarily restricts San Francisco's ability to enforce validly enacted laws while the Motion to Stay is pending. Courts have found the threat of substantial harm or prejudice from less. *See e.g., Centillium Commc'ns, Inc. v. Atl. Mut. Ins. Co.*, No. C 06-07824 SBA, 2008 WL 728639, at *5 (N.D. Cal. Mar. 17, 2008) (finding substantial harm to justify extending briefing schedule where party needed additional time to review documents to adequately prepare a response).

The requested modification would not impact any other deadline in the case. (Murphy Decl. ¶ 5.) The Court previously extended the deadline for Defendants to oppose Plaintiffs' Motion for a Preliminary Injunction (ECF No. 34; Murphy Decl. ¶ 6.)

Defendants' underlying Motion to Stay is not a discovery dispute that would require compliance with Civil Local Rule 37-1(a). (Murphy Decl. ¶ 7.)

Accordingly, Defendants respectfully request the Court grant the unopposed motion to shorten time and advance the hearing date on Defendants' Motion to Stay to February 23, 2023.

Dated: February 8, 2023

                              DAVID CHIU
                              City Attorney
                              YVONNE R. MERÉ
                              WAYNE SNODGRASS
                              MEREDITH B. OSBORN
                              JAMES M. EMERY
                              EDMUND T. WANG
                              RYAN C. STEVENS
                              KAITLYN MURPHY
                              Deputy City Attorneys

                      By:  /s/*Kaitlyn Murphy*
                              KAITLYN MURPHY

                              Attorneys for Defendants
                              CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; MAYOR LONDON BREED; SAM DODGE