DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
RYAN C. STEVENS, State Bar #306409
KAITLYN MURPHY, State Bar # 293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4675 (Snodgrass)
               (415) 554-4628 (Emery)
               (415) 554-3857 (Wang)
               (415) 554-3975 (Stevens)
               (415) 554-6762 (Murphy)
Facsimile:     (415) 554-4699
E-mail:        wayne.snodgrass@sfcityatty.org
               jim.emery@sfcityatty.org
               edmund.wang@sfcityatty.org
               ryan.stevens@sfcityatty.org
               kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF KAITLYN MURPHY IN SUPPORT OF ADMINISTRATIVE MOTION TO SHORTEN BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO STAY (ECF NO. 97)**<br><br>Trial Date:           April 15, 2024 |

I, Kaitlyn Murphy, hereby declare:

1. I am a member of the bar of the state of California and counsel of record for defendants in this action (collectively, "San Francisco"). I submit this declaration to support San Francisco's Administrative Motion to Shorten Briefing Schedule On Defendants' Motion to Stay. If called as a witness, I could and would testify competently to the matters set forth herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of an email string between me and plaintiffs' counsel Zal Shroff.

3. In **Exhibit A**, Plaintiffs' counsel states they will not oppose Defendants' motion provided that we include the parties' correspondence with the motion in addition to the following statement: "Although Plaintiffs do not agree that an order to shorten time is justified by any substantial prejudice or harm (see Local Rule 6-3(a)(3)), Plaintiffs do not oppose a February 23 hearing date and waiver of any reply by Defendants but note such briefing schedule contravenes the Court's standing order on the timing of hearings."

4. The underlying Motion to Stay addresses whether it is appropriate for the district court to stay the portion of its Preliminary Injunction Order concerning the Eighth Amendment pending resolution of Defendants' appeal to the Ninth Circuit. Defendants argue Plaintiffs' interpretation of the Preliminary Injunction Order, which would prohibit Defendants from enforcing their sit/sleep/lie laws against any homeless individual until San Francisco has sufficient shelter to house all currently homeless San Franciscans, exceeds the boundaries of Ninth Circuit precedent and the Eighth Amendment. Plaintiffs' opposition has not yet been filed and therefore Defendants are unable to summarize Plaintiffs' position on the underlying motion here.

5. The requested modification would advance the hearing date for Defendants' Motion to Stay from April 13, 2023 to February 23, 2023, and waive Defendants' opportunity to file a reply brief, so that the briefing would be complete on February 16, 2023, the last day for Plaintiffs' to file an opposition to the motion. It would not impact any other deadline in this action.

6. The Court previously extended the deadline for Defendants to oppose Plaintiffs' Motion for a Preliminary Injunction (ECF No. 34). This is the only prior schedule modification in the case.

7. Defendants' underlying Motion to Stay a Portion of the Court's Order Pending Appeal is not a discovery dispute that would require compliance with Civil Local Rule 37-1(a).

8. The requested briefing schedule avoids substantial harm or prejudice to Defendants who otherwise face the choice of either enforcing the injunction in a way that exceeds Ninth Circuit precedent or risking accusations from the Plaintiffs of contempt.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed February 8, 2023 in San Francisco, California.

By: /s/*Kaitlyn Murphy*
     KAITLYN MURPHY