# EXHIBIT A to

**Declaration of Kaitlyn Murphy in Support of Administrative Motion To Shorten Briefing Schedule on Defendants' Motion to Stay (ECF No. 97)**

## Murphy, Kaitlyn (CAT)

| | |
|---|---|
| **From:** | Zal Shroff <zshroff@lccrsf.org> |
| **Sent:** | Tuesday, February 7, 2023 9:22 AM |
| **To:** | Murphy, Kaitlyn (CAT); Stevens, Ryan (CAT); Emery, Jim (CAT); John Do; Joseph Lee; Al Pfeiffer |
| **Cc:** | Snodgrass, Wayne (CAT); Hadley Rood; sf.probono.unhoused.persons.litigation@lw.com |
| **Subject:** | Re: COH v SF: m/c on ongoing productions |

Kaitlyn:

Thank you for your email. It appears that San Francisco does not have an appropriate reason to request an expedited briefing schedule in this matter in light of the fact that appeal was not promptly taken in the month since the preliminary injunction order was issued, the motion for stay was not filed until almost two weeks after the notice of appeal, and the request for expedited briefing comes yet after the belated stay motion. These circumstances belie any supposed "substantial harm or prejudice that would occur if the Court did not change the time" for the stay request to be heard. *See* Local Rule 6-3(a)(3). The Court's preliminary injunction has already been in force for 6 weeks. Defendants fail to explain why a hearing on March 30, 2022—the next available civil motion hearing date for which the Court is available after an ordinary briefing schedule, would be unworkable given Defendants' decision to delay for weeks on their stay request. We further disagree with the pressing need described in your stay motion, particularly given the Defendants' alternative tools as the Court itself described in issuing the preliminary injunction. These delays make San Francisco's request for an expedited briefing schedule simply inappropriate. Your proposed briefing schedule also goes against Judge Ryu's standing order regarding the appropriate, sufficient timing needed for motion hearings.

However, we will not oppose your February 23 hearing date and waiver of any reply, provided that Defendants' motion complies with N.D. Cal. Local Rule 6-3, and that Defendants include this email and the following statement from Plaintiffs in their unopposed motion: "Although Plaintiffs do not agree that an order to shorten time is justified by any substantial prejudice or harm (see Local Rule 6-3(a)(3)), Plaintiffs do not oppose a February 23 hearing date and waiver of any reply by Defendants but note such briefing schedule contravenes the Court's standing order on the timing of hearings."

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Murphy, Kaitlyn (CAT)" <Kaitlyn.Murphy@sfcityatty.org>
**Date:** Monday, February 6, 2023 at 1:29 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>
**Cc:** "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, Hadley Rood <hrood@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

Thank you for your email. The basis for San Francisco's request to expedite the schedule is the same as the statement of injury/harm presented in the brief itself. I hear your position that Plaintiffs' are unwilling to consider a briefing schedule that would expedite their response deadline. With that in mind, we're willing to amend our proposal to have Plaintiffs' opposition due on February 16, with a waiver of reply from Defendants, to have the matter set for hearing on February 23, 2023. Please us know whether Plaintiffs would stipulate to that proposal.

Thank you,
Kaitlyn Murphy

**Kaitlyn Murphy**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-6762 Direct
www.sfcityattorney.org

*Please note the new telephone number.

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Friday, February 3, 2023 2:56 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>
**Cc:** Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Hadley Rood <hrood@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Ryan:

Your email did not provide any particular justification for us to consider. Can you explain what sudden urgency would motivate Defendants' request for a stay—and now for expedited briefing—at this time? As it stands, the stay motion comes over a month and a half after the preliminary injunction was entered—and almost two weeks after Defendants filed their notice of appeal. If there is such a reason and we are simply not aware of it, we might consider an adjusted motion date that will work for Judge Ryu's schedule and that does not in any way condense Plaintiffs' time to respond to the motion. But we note that Judge Ryu's Standing Order states that briefing schedules that "do not leave at least two weeks between the filing of the last brief and the scheduled hearing date are routinely denied." Please clarify at your convenience.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

**From:** "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>
**Date:** Friday, February 3, 2023 at 9:01 AM
**To:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, Zal Shroff <zshroff@lccrsf.org>, John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>
**Cc:** "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)" <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Counsel-

We plan to request the Court expedite the briefing schedule for the pending motion to stay, with a goal of having the matter ready for hearing on the Court's February 23 calendar. To that end we propose:
- Opposition Due: February 9
- Reply Due: February 14

Please let us know whether you will stipulate to the proposed schedule.

Regards,
Ryan

**Ryan C. Stevens**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3975 Direct
www.sfcityattorney.org

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Thursday, February 2, 2023 8:46 PM
**To:** 'Zal Shroff' <zshroff@lccrsf.org>
**Cc:** 'John Do' <jdo@aclunc.org>; 'Joseph Lee' <Joseph.Lee@lw.com>; 'Al Pfeiffer' <Al.Pfeiffer@lw.com>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Dear Zal,

I've attached a track-changes version of the draft stipulation you circulated on Monday afternoon, including my suggested edits. My edits are intended to track more closely to the agreement I thought we reached on our Friday telephone call last week.

Regarding police dispatch data, all dispatch information is publicly available online. The dispatch data includes location information and is searchable. I provided a link to that website in my January 27, 2023 letter to John. For this reason, I've deleted the dispatch data from the proposed stipulation.

I've also attached SFPD's Coding Manual. Each incident report is assigned at least one and up to three title codes. For example, if a bank robbery results in a homicide, the incident report will bear both title codes. I have learned that Boolean searches of incident reports are clunky and unreliable.

I therefore propose that Plaintiffs select incident reports by title code. Plaintiffs could identify as many title codes as they want, and the random selection of incident reports would come from the universe

3