1

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965

2

505 Montgomery Street, Ste 2000
San Francisco, CA 94111

3

Telephone: (415) 391-0600
al.pfeiffer@lw.com

4

5

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*

6

131 Steuart Street, Ste. 400
San Francisco, CA 94105

7

Telephone: (415) 543-9444
zshroff@lccrsf.org

8

9

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075

10

39 Drumm Street
San Francisco, CA 94111

11

Telephone: (415) 293-6333
jdo@aclunc.org

12

13

*Attorneys for Plaintiffs Coalition on Homelessness,*
*Toro Castaño, Sarah Cronk, Joshua Donohoe,*

14

*Molique Frank, David Martinez, Teresa Sandoval,*
*Nathaniel Vaughn*

15

*Additional Counsel Appear on Signature Page*

16

17

## UNITED STATES DISTRICT COURT

18

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

19

20

COALITION ON HOMELESSNESS, et al.,

Plaintiffs,

21

v.

22

CITY AND COUNTY OF SAN FRANCISCO,
et al.,

23

Defendants.

24

25

26

27

28

CASE NO. 4:22-cv-05502-DMR

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
PORTION OF COURT ORDER (ECF No.
65) PENDING APPEAL**

**Judge:**      The Hon. Donna M. Ryu

Hearing Date:   April 13, 2023
Time:           1:00 p.m.
Place:          Courtroom 4 – 3rd floor
                1301 Clay Street Oakland,
                CA 94612

Trial Date:     April 15, 2024

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................1

II.  PROCEDURAL HISTORY.....................................................................................2

III. LEGAL STANDARD..............................................................................................3

IV.  ARGUMENT ...........................................................................................................3

    A.   Defendants are Unlikely to Succeed on the Merits of their Appeal. ........................3

        1.   Defendants Mischaracterize the Court's Tailored Order as Overbroad. ........................................................................................3

        2.   The Factual Record Established that San Francisco's Unsheltered Population is Involuntarily Homeless. .........................................................7

        3.   Defendants' Arguments are Waived. ..........................................................9

    B.   Defendants Offer No Evidence of a Legally Cognizable, Irreparable Injury or that the Public Interest Favors a Stay. .................................................10

    C.   Defendants' Past Conduct Confirms that Unhoused San Franciscans will be Subjected to Harmful Sweeps and Attendant Constitutional Violations. .........13

V.   CONCLUSION.......................................................................................................14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## CASES

4

*A-1 Ambulance Serv., Inc. v. Monterey*,
5
90 F.3d 333 (9th Cir. 1996) ...............................................................................................10

6
*Al Otro Lado v. Wolf*,
952 F.3d 999 (9th Cir. 2020) .............................................................................................11
7

*Arizona Dream Act Coalition v. Brewer*,
8
757 F.3d 1053 (9th Cir. 2014) ...........................................................................................12

9
*Barrientos v. 1801-1825 Morton LLC*,
583 F.3d 1197 (9th Cir. 2009) .............................................................................................9
10

11
*Burford v. Sun Oil Co.*,
319 U.S. 315 (1943)............................................................................................................13
12

*Doe # 1 v. Trump*,
13
957 F.3d 1050 (9th Cir. 2020) ...........................................................................................11

14
*In re E.R. Fegert, Inc.*,
887 F.2d 955 (9th Cir. 1989) .............................................................................................10
15

16
*East Bay Sanctuary Covenant v. Trump*,
932 F.3d 742 (9th Cir. 2018) .............................................................................................12
17

*Fund for Empowerment v. City of Phoenix*,
18
No. 22-cv-02041, 2022 WL 18213522 (D. Ariz. Dec. 16, 2022)..................................4, 5, 6

19
*Golden Gate Restaurant Association v. San Francisco*,
512 F.3d 1112 (9th Cir. 2008) ...........................................................................................13
20

21
*Hilton v. Braunskill*,
481 U.S. 770 (1987)..............................................................................................................3
22

*Johnson v. City of Grants Pass*,
23
50 F.4th 787 (9th Cir. 2022) ..........................................................................................4, 5, 6

24
*Jones v. City of Los Angeles*,
444 F.3d 1118 (9th Cir. 2006) .............................................................................................4
25

26
*Lavan v. City of Los Angeles*,
693 F.3d 1022 (9th Cir. 2012) ...........................................................................................11
27

*Lazar v. Kroncke*,
28
862 F.3d 1186 (9th Cir. 2017) .............................................................................................9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

*Le Van Hung v. Schaaf*,
    No. 19-cv-01436, 2019 WL 1779584 (N.D. Cal. Apr. 23, 2019)..........................................12

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) ...............................................................................................10

*Lo v. Cnty. of Siskiyou*,
    558 F. Supp. 3d 850 (E.D. Cal. 2021)..................................................................................11

*Martin v. City of Boise*,
    920 F.3d 584 (9th Cir. 2019) .................................................................................................4

*Melendres v. Arpaio*,
    784 F.3d 1254 (9th Cir. 2015) ..........................................................................................3, 13

*Miralle v. Oakland*,
    No. 18-cv-06823, 2018 WL 6199929 (N.D. Cal. Nov. 28, 2018) .........................................13

*Nader v. Brewer*,
    386 F.3d 1168 (9th Cir. 2004) ...................................................................................3, 6, 7, 9

*Nken v. Holder*,
    556 U.S. 418 (2009).................................................................................................................3

*Norsworthy v. Beard*,
    No. 14-cv-00695, 2015 WL 1907518 (N.D. Cal. Apr. 27, 2015).........................................13

*Oakland v. Holder*,
    961 F. Supp. 2d 1005 (N.D. Cal. 2013) ...............................................................................13

*Sharp v. Weston*,
    233 F.3d 1166 (9th Cir. 2000) .................................................................................................3

*Sierra Club v. Trump*,
    929 F.3d 670 (9th Cir. 2019) ...............................................................................................12

*United Nurses Associations of California v. National Labor Relations Board*,
    871 F.3d 767 (9th Cir. 2017) ...............................................................................................10

*Warren v. City of Chico*,
    No. 21-cv-00640, 2021 WL 2894648 (E.D. Cal. July 8, 2021)..............................................4

*Washington v. Trump*,
    847 F.3d 1151 (9th Cir. 2017) ...............................................................................................12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1  I.      INTRODUCTION

2      Defendants' request for a stay is simply an improper attempt to relitigate the merits of the

3  preliminary injunction motion, and the Court should deny it. The Court's injunction is narrowly

4  tailored to the Ninth Circuit's articulation of the Eighth Amendment doctrine in *Johnson v. City of*

5  *Grants Pass* and *Martin v. Boise*, and it is based on a detailed and largely uncontested record

6  demonstrating that hundreds of San Francisco residents are involuntarily homeless when San

7  Francisco criminalizes and punishes them for sleeping and existing in public. The law is well-

8  established in this Circuit and the Court's factual findings are entitled to the highest deference on

9  appeal. The Court should not put any part of its order on hold. Further, Defendants waived their

10  opportunity to argue about the scope of the Court's injunction. As a result, Defendants are unlikely

11  to succeed on appeal as they will be unable to show that the Court abused its discretion in issuing

12  the preliminary injunction.

13      Defendants simply have not demonstrated any circumstances that would warrant a stay.

14  Defendants' motion comes six weeks after the Court's injunction took effect, and almost two

15  weeks after Defendants pursued their appeal in the Ninth Circuit. Defendants' unexplained delay

16  in seeking relief undermines any claimed irreparable harm. Furthermore, Defendants introduced

17  *nothing* in the record regarding their purported need to criminally punish homelessness in the

18  absence of shelter. By contrast, Plaintiffs presented uncontroverted evidence that Defendants'

19  conduct at sweep operations undermines public health and safety and irreparably harms hundreds

20  of unhoused San Franciscans. There is no cognizable basis for a stay under these circumstances.

21      Defendants' real goal is to revise the Court's unambiguous preliminary injunction to allow

22  Defendants to continue their unconstitutional enforcement practices. Specifically, Defendants seek

23  the Court's authorization of the enforcement-first approach that was the primary target of

24  Plaintiffs' preliminary injunction motion. Defendants should have presented the arguments they

25  now claim justify a stay in their opposition to the preliminary injunction motion. Defendants then

26  took another bite at the apple via an improper administrative motion that the Court denied, and

27  subsequently refused the Court's invitation to attempt to file an appropriate motion for

28  reconsideration. Their motion to stay confirms that on appeal, yet again, they plan to raise

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1  arguments they failed to preserve, to evade this Court's detailed factual findings and its narrowly

2  tailored order. For these reasons, the Court should deny Defendants' stay request.

3  **II.     PROCEDURAL HISTORY**

4       On December 23, 2022, the Court granted Plaintiffs' motion for preliminary injunction. Dkt.

5  No. 65. On January 3, 2023, Defendants filed an administrative motion asking the Court to permit

6  Defendants' encampment displacement operations to continue, despite the fact that these

7  unconstitutional operations were central to Plaintiffs' preliminary injunction motion that the Court

8  granted. *Compare* Dkt. No. 70, *with* Dkt. No. 9 at 18-22; Dkt No. 81. On January 6, 2023,

9  Plaintiffs' counsel filed declarations containing detailed reports of Defendants' likely non-

10  compliance with the Court's order. *See* Dkt. Nos. 76-79.

11       On January 12, 2023, the Court held a status conference denying Defendants' administrative

12  motion and suggesting that Defendants needed to file an appropriate motion if they wished to seek

13  clarification of the Court's order. The Court also noted that the relief requested by Defendants—

14  to authorize their encampment resolutions—might actually require a motion for reconsideration.

15  Dkt. No. 91, Jan. 12, 2023 Hr'g Tr. at 24:20-23. The Court then noted a series of "questions and

16  concerns" regarding Defendants' compliance with the Court's order. *Id.* at 25:21-25. Specifically,

17  Defendants had not identified "what the police or any of the involved departments are being told

18  about the preliminary injunction order." *Id.* at 32:7-10. The Court also inquired whether

19  Defendants were appropriately training or instructing staff that threatening displacement of

20  unhoused individuals at encampment resolutions violates the Court's preliminary injunction. *Id.*

21  at 29:22-25 ("[T]here is really questions in my mind about what is -- what the intent – what the

22  training or instruction is versus what actually is happening"); *id.* at 30:1-8 ("There is some

23  unrebutted evidence that the same notice that's being used now as was used before the preliminary

24  injunction order . . . . That's completely contrary to the order."); *id.* at 30:15-17, 31:14-15 ("My

25  other big concern has to do with the police presence. So, do individuals understand that moving is

26  voluntary[?] . . . Your declarations raised some concerns that there is a real miscommunication, a

27  real gap, in understanding especially with the police presence that was described in those

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1  declarations."). The Court instructed the parties to meet and confer regarding sufficient disclosures
2  and information Plaintiffs needed to verify compliance with the Court's Order. *Id.* at 35:24-36:21.

3      Defendants never filed a motion for reconsideration, but proceeded to file a notice of appeal
4  of the Court's preliminary injunction on January 23, 2023. Dkt. No. 88. On January 25, 2023,
5  Defendants issued their first guidance to law enforcement addressing the Court's preliminary
6  injunction—more than a month after the injunction was entered, after moving to appeal that order.
7  Dkt. No. 97-2. Defendants then waited still longer, until February 2, 2023, to move for a stay of
8  the Court's preliminary injunction. Dkt. No. 97. Meanwhile, Plaintiffs' counsel have attempted to
9  reach a compromise on ongoing document disclosures critical to assessing Defendants'
10 compliance with the injunction, but no agreement has been reached. Do Decl. Ex. 1.

11 **III.    LEGAL STANDARD**

12      A stay is an "intrusion into the ordinary processes of administration and judicial review,"
13 and accordingly "is not a matter of right, even if irreparable injury might otherwise result to the
14 appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009). Courts consider four factors to decide
15 whether to stay an injunction pending appeal: (1) "the stay applicant has made a *strong showing*
16 that he is likely to succeed on the merits"; (2) "the applicant will be irreparably injured absent a
17 stay"; (3) "issuance of the stay will [not] substantially injure the other parties interested in the
18 proceeding"; and (4) the "public interest" favors a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776
19 (1987) (emphasis added). A strong showing on the merits is an especially onerous burden in the
20 preliminary injunction context as such orders are reviewed on appeal only for abuse of discretion,
21 which "occurs only if the district court based its decision on either an erroneous legal standard or
22 clearly erroneous factual findings." *Nader v. Brewer*, 386 F.3d 1168, 1169 (9th Cir. 2004).

23 **IV.    ARGUMENT**

24      **A.    Defendants are Unlikely to Succeed on the Merits of their Appeal.**

25          1.   Defendants Mischaracterize the Court's Tailored Order as Overbroad.

26      The Court has "broad discretion in fashioning a remedy." *Melendres v. Arpaio*, 784 F.3d
27 1254, 1265 (9th Cir. 2015) (citing *Sharp v. Weston*, 233 F.3d 1166, 1173 (9th Cir. 2000)). But
28 here, the relief was actually narrowly drawn, in context. The preliminary injunction *only* precludes

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

San Francisco from enforcing specific anti-homelessness laws against the "involuntarily homeless" (Dkt. No. 65 at 50), those who have no "practically available" shelter prior to enforcement. *See Martin v. City of Boise*, 920 F.3d 584, 618 (9th Cir. 2019) (enforcement is impermissible whenever shelter is not "practically available"). As such, the Court's order resembles the preliminary injunction in the District of Arizona that Defendants cite approvingly, which precludes all enforcement actions against "individuals who practically cannot obtain shelter." *Fund for Empowerment v. City of Phoenix*, No. 22-cv-02041, 2022 WL 18213522 (D. Ariz. Dec. 16, 2022); *see* Mot. at 5:23-6:10.

Although the Court is free to provide "relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation," *Melendres*, 784 at 1254, the Court's preliminary injunction is actually *less* expansive than other injunctions applying *Martin*'s holding. These injunctions preclude all enforcement of certain ordinances when a jurisdiction lacks sufficient shelter for the entire unhoused community, regardless of whether any individuals have voluntary access to shelter. *See, e.g, Warren v. City of Chico*, No. 21-cv-00640, 2021 WL 2894648, at *2 (E.D. Cal. July 8, 2021) ("this Circuit has previously held that ordinances such as this are not enforceable, *unless there is enough practically available shelter within the City for all unhoused individuals*," issuing a preliminary injunction against all enforcement (emphasis added)). Indeed, in *Johnson*, the Ninth Circuit expressly adopted this approach. *Johnson v. City of Grants Pass,* 50 F.4th 787, 795 (9th Cir. 2022) ("The formula established in *Martin* is that the government cannot prosecute homeless people for sleeping in public if there is a greater number of homeless individuals in [a jurisdiction] than the number of available shelter spaces" (internal quotations omitted)); *see id.* at 796 (granting injunction where "[t]he record is undisputed that Grants Pass has far more homeless individuals than it has practically available shelter beds"). As with *Johnson*, the Ninth Circuit has consistently held that the primary evidence of "involuntary homelessness" warranting injunction is an inaccessible shelter system due to that shelter system being at functional capacity. *Martin*, 920 F.3d at 604, 617 (citing *Jones v. City of Los Angeles*, 444 F.3d 1118, 1132, 1138 (9th Cir. 2006)).

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1    There is no basis to argue the Court's preliminary injunction is an abuse of discretion, in

2    light of the controlling law. The injunction permits Defendants to enforce their anti-homelessness

3    ordinances despite a massive shelter shortage, if an unhoused individual is not "involuntarily

4    homeless" because that person has voluntary, practical access to adequate housing or shelter before

5    enforcement. *See* Dkt. No. 65 at 50. This is fully consistent with *Martin* and *Johnson*. In fact, the

6    injunction is precisely and narrowly tailored to the exact language most recently endorsed by the

7    Ninth Circuit in *Johnson*. *See* 50 F.4th at 813 (noting the injunction only precludes enforcement

8    operations against those who are involuntarily homeless); *see id.* at 792 n.2 ("Persons are

9    involuntarily homeless if they do not have access to adequate temporary shelter, whether because

10   they have [no] means to pay for it or because it is [not] realistically available to them for free")

11   (internal quotations and citations omitted). Thus, Defendants' assertions that the preliminary

12   injunction is overbroad are baseless. *See* Mot. at 5:1-5.

13   Defendants try to mischaracterize the Court's preliminary injunction as generally

14   overbroad in light of the Ninth Circuit's partial remand in *Johnson*. *See* Mot. at 6:11-14. But the

15   Ninth Circuit only remanded the injunction in *Johnson* because the order sought to preclude

16   additional ordinances that "may be enforced against Plaintiffs who engage in prohibited activity

17   *unrelated to their status as homeless persons*." *See* 50 F.4th at 812 n.36 (emphasis added). By

18   contrast, the preliminary injunction here only bars enforcement of ordinances used to punish the

19   very status of being homeless. Dkt. No. 65 at 48 n.19.

20   Defendants' argument also relies on nonexistent limitations to the scope of the Eighth

21   Amendment. To that end, Defendants reargue positions they first raised at the hearing on

22   preliminary injunction—that the Eighth Amendment is an individual, not a collective, right. Mot.

23   at 5:15-6:2. They argue that the definition of "involuntarily homeless" must be evaluated on an

24   individualized, person-by-person basis. *See also* Dkt. No. 70 at 4-5. Defendants' attempt to rely

25   on *Fund for Empowerment* to support this argument is misguided. Mot. at 5:23-6:2. The district

26   court in that case rejected as inadequate the "individualized assessments" the City of Phoenix

27   claimed to perform prior to enforcing against a specific individual—the same procedure

28   Defendants advocate for here. *See Fund for Empowerment*, 2022 WL 18213522, at *3. The District

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

of Arizona relied on an aggregate shelter bed shortage as evidence that any unsheltered individual within such a jurisdiction is involuntarily homeless because they have no "practical recourse to housing." *Id.* at *7 ("[T]here is not enough shelter space for every unsheltered person to choose whether to sleep or camp outside. ***Thus***, any enforcement of the Camping and Sleeping Bans against individuals who practically cannot obtain shelter effectively criminalizes homelessness" (emphasis added)); *see also Johnson*, 50 F.4th at 792 ("[T]he number of homeless persons outnumber the available shelter beds. ***In other words***, homeless persons have nowhere to shelter and sleep in the City other than on the streets or in parks." (emphasis added)).

Regardless, the preliminary injunction here recognizes that enforcement would be permissible against individuals that are in fact voluntarily homeless, considered on an individual basis, but that as a factual matter unsheltered San Franciscans clearly lack that access because San Francisco's shelter system is fully at capacity and closed for all self-referral. Dkt. No. 65 at 41:25-42:9 ("The court need not decide whether Defendants' reading of *Martin* and *Johnson* is correct, because their position lacks factual support."); *see also infra* Subsection A(2). Because Defendants' request for individualized analysis did not alter the Court's conclusions under the Eighth Amendment, the question is irrelevant on appeal. *See Nader*, 386 F.3d at 1169 ("abuse of discretion . . . only if the district court based its decision on . . . an erroneous legal standard").

Defendants continue to reargue this position because they continue to engage in the type of displacement operations that the Court found unconstitutional in the preliminary injunction, and Defendants' compliance with the injunction is, at best, very much in question. *See*, *e.g.*, Dkt. Nos. 75-80. Defendants effectively ask the Court to excuse their ongoing violations of the Constitution so long as Defendants provide a last-minute shelter offer, in conjunction with an enforcement action, to individuals who otherwise have no voluntary access to shelter. But Plaintiffs' preliminary injunction motion already confronted this argument and explained that this enforcement-first approach defies *Martin* and the Eighth Amendment doctrine prohibiting punishment for involuntary status. *See* Dkt. No. 9 at 19:13-20:4 ("withholding of shelter beds for the purposes of criminal enforcement actually perpetuates the criminalization of involuntary homelessness—because no unhoused person has any genuine option to obtain shelter until they

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

are first subject to law enforcement consequences"). The Court's preliminary injunction also directly addressed this point. *See* Dkt. No. 65 at 25:17-26:3; *see also infra* Section A(2). Despite the Court's clear directive, it still took Defendants more than a *month* after the Court's order to issue a new SFPD bulletin telling law enforcement to cease their unconstitutional enforcement actions. Dkt. No. 92-7. Defendants' reluctance and refusal to comply with the clear terms of the injunction is no basis to grant a stay.

> ### 2. The Factual Record Established that San Francisco's Unsheltered Population is Involuntarily Homeless.

Defendants real dispute on appeal is a factual question that has already been definitively answered, not a legal one. Dkt. No. 65 at 41:25-42:9 ("The court need not decide whether Defendants' reading of *Martin* and *Johnson* is correct, because their position lacks factual support."). Defendants claim that their enforcement and displacement operations—including orders to "move along" under threat of citation and arrest—are only made against unhoused individuals who have been given a real, voluntary offer of appropriate shelter such that they are not "involuntarily homeless." *See* Mot. at 6:5. But the Court has already determined that there was little to no factual basis for this assertion, and an appellate court is unlikely to disturb this conclusion. *See Nader*, 386 F.3d at 1169. The Court's factual findings are entitled to the highest degree of deference on appeal of its preliminary injunction.

The Court's preliminary injunction is replete with factual findings that establish that unsheltered San Franciscans have no practically available or voluntary access to appropriate shelter in the City. They are therefore "involuntarily homeless," as demonstrated by a massive and largely uncontested record that the shelter system in San Francisco is both functionally at capacity and totally closed to voluntary access. *See*, *e.g.*, Dkt. No. 65 at 41:25-42:9 ("the parties agree that at this time, a homeless San Franciscan who wants a shelter bed has no avenue to ask for one, much less get one"); *id.* at 41:26-28 ("[i]t is beyond dispute that homeless San Franciscans have no voluntary 'option of sleeping indoors,' and as a practical matter 'cannot obtain shelter'"); *id* at 25:9-16 ("'[v]oluntary access to shelter has been functionally inaccessible to unhoused people in San Francisco since the onset of the pandemic in April 2020 and has long been systematically

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

inadequate for a large portion of the population.' . . . Defendants do not dispute any of the data or analysis underlying this opinion"); *see also id.* at 5:8-6:9 (recounting the complete closure of the shelter system to voluntary access since April 2020, noting that 1000 people were on a waitlist for shelter at the time and that the shelter system is essentially always at full capacity); Dkt. No. 68, Dec. 22, 2022 Hr'g Tr. at 43:23-44:10 ("there's no way for a person to voluntarily try to access a bed at this point in San Francisco"); Dkt. No. 9 at 4 (noting lack of functioning phone or in-person reservation system). Defendants understand, however, that opening the shelter system to voluntary access would completely expose how many unhoused individuals in San Francisco need shelter but are barred from accessing it, leading back to the conclusion this Court has already reached: Defendants' enforcement scheme is unconstitutional under these circumstances.

So instead, Defendants ignore the Court's factual findings and seek to perpetuate the enforcement-first approach that was the core subject of Plaintiffs' preliminary injunction motion. Dkt. No. 9 at 18-20. In particular, Defendants argue that their belated offers of shelter incident to enforcement—when individuals had no access to shelter anywhere before being subject to an encampment closure—are genuine offers of available shelter that render individuals voluntarily homeless prior to enforcement. *See* Mot. at 6:5. But this is yet another disguised (and procedurally improper) motion for reconsideration. The Court's factual findings regarding Defendants' "encampment resolutions" are well-supported and directly contrary to Defendants' assertions here. *See, e.g.*, Dkt. No. 65 at 37:21-40:28 ("Defendants do not meaningfully rebut evidence that San Francisco initiates encampment closures without actually knowing whether any shelter beds will be available to encampment residents, and that the closure proceeds anyway. . . . Plaintiffs submit ample evidence that encampment closures have been carried out even when [city] representatives said there was no available bed space."); *id.* at 39:19-24 ("Plaintiffs also offer evidence that closures took place without offers of bed space," recounting declarations describing SFPD sweeps conducted without even pretending to offer shelter); *id.* at 24:17-21 (same); *id.* at 40:5-6 ("the fact that three people once received offers of shelter does little to cut into the large body of evidence demonstrating that shelter offers are often not made"); *id.* at 17:20-21 (recounting evidence of "threats of citation or arrest by SFPD officers even when the individual was not offered shelter").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1    The Court also found that the only way an unhoused person can hope to receive a shelter

2    bed is *after* Defendants have already unconstitutionally enforced against them at an encampment

3    displacement operation. *Id.* at 25:17-26:3 (crediting Dr. Herring's finding that "the only clear way

4    to access shelter is via an encampment resolution while under threat from law enforcement," which

5    "means that individuals are being threatened with criminal punishment when they genuinely had

6    no voluntary means to access shelter on their own"); Dec. 22, 2022 Hr'g Tr. at 32:13-33:13 ("the

7    City concedes this and, in fact, relied on this; that at this point . . . there's no voluntary avenue to

8    accessing a bed, that the only way to access a bed is if there's an enforcement process where one

9    is offered, if available"). These findings establish that enforcement-first shelter offers in the course

10   of Defendants' encampment resolution operations are a charade to justify enforcement; they do

11   not and cannot magically provide San Francisco's involuntarily homeless individuals with

12   genuine, practically accessible shelter before being forcibly displaced under threat of citation and

13   arrest. *See* Dkt. No. 65 at 37:21 ("Defendants' position is wholly unconvincing"). The Court's

14   factual determinations are amply supported by the record, rendering Defendants' appeal unlikely

15   to succeed. *See Nader*, 386 F.3d at 1168.

16                          3.    Defendants' Arguments are Waived.

17       Defendants have also waived any challenge to the scope of the Court's injunction smuggled

18   into their motion for a stay. *See* Dkt. No. 65 at 48:1-2 ("In their opposition brief, Defendants wholly

19   fail to object to or even address the substance or scope of the proposed preliminary injunction,

20   thereby conceding these issues"); Dec. 22, 2022 Hr'g Tr. at 28:23-29:3 ("the City has waived its

21   right to say how the Court should exercise its discretion if I decide that plaintiffs are entitled to

22   preliminary injunctive relief"). Defendants cannot now raise this issue on appeal. *See Barrientos

23   v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1216 (9th Cir. 2009) ("We agree with [appellees] that

24   [appellant] waived the objection to the scope of relief by failing to raise it before the district

25   court."); *Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017) ("Here, by contrast, the district

26   court expressly found [appellant] Lazar's Commerce Clause claim to have been waived.").[1]

27   _____

28   [1] Defendants baselessly assert that Plaintiffs would have consented to the Court's injunction being
     limited to compliance with SFPD's own enforcement bulletin. Mot. at 6:7-10. Plaintiffs in fact

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1    Defendants had ample opportunity to address these arguments in their opposition and have

2    thus waived those arguments on appeal. A belated, brief exchange during the preliminary

3    injunction hearing is not enough to develop the record for appeal, especially when Defendants

4    offered no explanation as to why "none of this [was] in the opposition brief" when, "certainly,

5    *Martin* and *Johnson* were on the books when the brief was submitted." *See* Dec. 22, 2022 Hr'g Tr.

6    at 30:10-12; *see also United Nurses Associations of California v. National Labor Relations Board*,

7    871 F.3d 767, 780 (9th Cir. 2017) ("This perfunctory argument is inadequately briefed and

8    therefore waived"). The Court also expressly rejected Defendants' enforcement-first approach at

9    the hearing. Dec. 22, 2022 Hr'g Tr. at 30:14-33:1. The Court then found, as a factual matter, that

10   even after Defendants' enforcement operations unhoused individuals are unlikely to actually

11   receive shelter, rendering the argument moot. Dkt. No. 65 at 42:7-9.

12   Since Defendants waived these legal arguments, and whether enforcement is actually

13   preceded by firm shelter offers is clearly a factual question on which the Court is entitled to

14   deference, Defendants will be unable to raise these non-meritorious arguments on appeal. *See In*

15   *re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989) (issue must be "raised sufficiently for the

16   trial court to rule on it" for it to be preserved); *A-1 Ambulance Serv., Inc. v. Monterey*, 90 F.3d

17   333, 338 (9th Cir. 1996) (review of waived arguments on appeal is *only* permitted if the question

18   raised is "purely one of law" and "does not depend on the factual record developed below").

19   **B.    Defendants Offer No Evidence of a Legally Cognizable, Irreparable Injury or**

20   **that the Public Interest Favors a Stay.**

21   Defendants offer no evidence, not even a declaration, to support their claim of injury, let

22   alone an irreparable one. *Leiva-Perez v. Holde*r, 640 F.3d 962, 965 (9th Cir. 2011) ("[S]tays must

23   be denied to all [] who did not meet the applicable irreparable harm threshold, regardless of their

24

25   made clear that voluntary access to shelter is a necessary predicate to any enforcement, consistent
     with this Court's order and the Ninth Circuit's remand orders to the district court in *Johnson. See*

26   *also* 12/22/2022 Mot. Hr'g Tr. at 31:22-32:1 (Plaintiffs' Counsel: "So I think when we talk about
     the SFPD policy being lawful, it is lawful to the extent that there is an open shelter system where

27   anyone can access it and it is practically accessible to someone prior to being enforced against.
     That's just not the reality in San Francisco"); *id.* at 10:11-12 ("Your Honor, the policy, as written,

28   would be constitutional if San Francisco's shelter system was open, which it is not").

showing on the other stay factors."); *see also Doe # 1 v. Trump*, 957 F.3d 1050, 1059-60 (9th Cir. 2020) ("The government cannot meet this burden by submitting conclusory factual assertions and speculative arguments that are unsupported in the record"). The preliminary injunction was issued six weeks before they filed this motion. "Rather than submitting evidence of actual burdens and delays it has experienced since the injunction issued" two months ago, "the government has made a weak showing that it will suffer harm over the requisite interim period." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). The only factual representations Defendants have submitted in the interim shows that they have still been able to "clean" and "provide services" at homeless encampments since the injunction. Jan. 12, 2023 Hr'g Tr. at 26:16-27:1. Defendants implausibly claim they will suffer irreparable injury without a stay yet waited six weeks after the Court's injunction to seek relief. In fact, since the preliminary injunction motion, Defendants promulgated new police policies (*see* Dkt. No. 104) that put the Court's injunction into practice and have submitted no evidence in the record of actual burdens or harms.

Defendants also contend that enforcement policies that criminalize homelessness are needed to protect "public health and safety," without explaining how the preliminary injunction prevents them from serving those interests. Mot. at 6. Services and shelter can be offered. Street cleanings (if not done to harass) are still appropriate and encouraged. Nor does the injunction prevent Defendants from ensuring access to the streets. The Court recognized as much in its order. Dkt. No. 65 at 47; *see also Lo v. Cnty. of Siskiyou*, 558 F. Supp. 3d 850, 871-72 (E.D. Cal. 2021) (granting preliminary injunction when municipality has other tools to mitigate impacts on public health and safety); *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1033 (9th Cir. 2012) (noting that constitutional protections for unhoused people did not actually "constrain municipal governments from addressing . . . homelessness or . . . maintain[ing] public health and safety"). Indeed, Defendants' police bulletin lists numerous ways law enforcement can assure appropriate pedestrian passage. Dkt. No. 104-2 at 2-3.

Defendants also argue they have made "difficult [policy] decisions" and the Court "should not lightly upend San Francisco's balanced policy determinations" out of respect for "federalism" Mot. at 7. That argument rings hollow—policies, whether local or national, need to comply with

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1    constitutional protections. Nor is such an "institutional injury" even legally cognizable as

2    irreparable harm on a stay motion. *See*, *e.g.*, *East Bay Sanctuary Covenant v. Trump*, 932 F.3d

3    742, 778 (9th Cir. 2018) (rejecting federalism and separation of power arguments in denying stay

4    because government can "pursue and vindicate its interests in the full course of this litigation");

5    *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017) ("[I]t is the resolution of the case on

6    the merits, not whether the injunction is stayed pending appeal, that will affect those principles")

7    (internal quotations and citations omitted).[2]

8          While Defendants demonstrate no cognizable harms from having to comply with the

9    Court's injunction—irreparable or otherwise—Defendants do not even attempt to argue the public

10   interest stay factor because they maintain that the government's request for a stay is always

11   consistent with the public interest. Mot. at 6-7. That is simply incorrect. *Sierra Club v. Trump*, 929

12   F.3d 670, 705-06 (9th Cir. 2019) (even when the government is a party, "[p]ublic interest is a

13   concept to be considered broadly" including  "the respective impacts" on "Plaintiffs, and others

14   interested in the proceedings, and the general public"). This Court also noted, "homeless residents

15   of the City are members of the community, and their interests, too, must be included in assessing

16   the public interest." Dkt. No. 65 at 46 (citing *Le Van Hung v. Schaaf*, No. 19-cv-01436, 2019 WL

17   1779584, at *7 (N.D. Cal. Apr. 23, 2019)). Regardless, it is always in the public interest for the

18   government to abide by the Constitution. *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053,

19   1069 (9th Cir. 2014) ("it would not be equitable or in the public's interest to allow the state . . . to

20   violate the requirements of federal law"). Defendants' cannot justify policy choices that violate

21   the Constitution by claiming some group prefers those choices. And where Defendants' policies

22   are constitutional, the Court's injunction ensures that Defendants' day-to-day practices are aligned

23

24

---

25   [2] Defendants' assertion of a right to determine their own public health and safety regulations relies
26   on *Hispanic Taco Vendors of Washington v. City of Pasco*, 994 F.2d 676, 680 (9th Cir. 1993),
     which only discusses whether a challenged ordinance, absent proof of discriminatory intent, is
27   rationally related to a legitimate governmental interest in the context of a Fourteenth Amendment
     claim. Mot. at 6. This rational basis review standard has no application in the context of irreparable
28   injury analysis for a stay.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

with those policies and the Constitution. *Melendres*, 784 F.3d at 1254.[3]

### C.  Defendants' Past Conduct Confirms that Unhoused San Franciscans will be Subjected to Harmful Sweeps and Attendant Constitutional Violations.

A stay would undoubtedly cause Plaintiffs and unhoused San Franciscans to suffer irreparable harm. *See Norsworthy v. Beard*, No. 14-cv-00695, 2015 WL 1907518, at *4 (N.D. Cal. Apr. 27, 2015) (rejecting stay where "the Court's order granting an injunction was explicitly based on the finding that [plaintiff] is likely to succeed on the merits and that she is suffering from . . . deprivation of her Eighth Amendment rights."). The Court's conclusions in granting the preliminary injunction show that a stay would authorize unrelenting sweeps and criminalization of unhoused people that are both deeply traumatizing and do nothing to solve homelessness. Dkt. No. 65 at 45 (citing Herring Decl. ¶¶ 90-105, Castaño Decl. ¶ 20, and Frank Decl. ¶ 15). At the same time, Plaintiff Coalition on Homelessness would have to divert even more resources to monitor Defendants' misconduct if the injunction is stayed. Dkt. No. 9-3, Friedenbach Decl. ¶¶ 11-22; James Decl. ¶ 4. Thus, the balance of injuries strongly favors denying the stay.

Defendants' argument that Plaintiffs suffer no harm rests on a gross misstatement: "There can be no constitutional injury from the requested stay because Plaintiffs agree the Enforcement Bulletin complies with the Eight Amendment." Mot. at 8. That is false. *See infra* n.1. Further, Defendants have not proven they can be trusted to follow their own policies given their prior widespread violations of the Constitution that led to this lawsuit. There is a dearth of evidence, for example, that SFPD officers "secure appropriate shelter before taking enforcement action" under

---

[3] Defendants' cases regarding a supposed public interest in protecting the choices of local governments are also totally inapposite. Mot. at 7. *Oakland v. Holder* examined whether a municipality could challenge the federal government's civil forfeiture action, which was a truly novel legal question that gave rise to significant public interest. 961 F. Supp. 2d 1005, 1015 (N.D. Cal. 2013). In *Golden Gate Restaurant Association v. San Francisco*, the Court specifically stated that an ordinance would be found contrary to the public interest "if it were obvious that the Ordinance was unconstitutional," as is the case here. 512 F.3d 1112, 1126 (9th Cir. 2008). In *Miralle v. Oakland*, the court found that the public interest might favor unhoused plaintiffs even where the government's conduct *was* likely to be constitutional. No. 18-cv-06823, 2018 WL 6199929, at *4 (N.D. Cal. Nov. 28, 2018). Finally, *Burford v. Sun Oil Co.* is an eighty year old opinion cautioning federal courts to exercise their discretion to avoid friction with certain state oil and gas regulatory policies, which in no way suggests that a federal court should abstain from vindicating constitutional rights. 319 U.S. 315, 318 (1943).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

the prior SFPD Bulletin 19-080. Dkt. No. 9 at 9-12, 14-15; Dkt. No. 48 at 10-12 (cataloging failures); Dkt. No. 65 at 37-39 (rejecting Defendants' "wholly unconvincing" rebuttal to Plaintiffs' account); Dkt. No. 50-10, Marshal Decl. at 3-7; Dkt. No. 9-1, Herring Decl. ¶¶ 58-79. The Court also granted the preliminary injunction due to Defendants' routine failure to follow their own bag and tag policy. Dkt. No. 65 at 44 ("Defendants do not rebut Plaintiffs' evidence of widespread seizure and destruction of homeless individuals' unabandoned personal property."). Lest there be any doubt, even Defendants' current compliance with the preliminary injunction is in serious question; Plaintiffs continue to gather evidence in that regard. *See* Dkt. Nos. 75-80. Because Plaintiffs' concerns regarding noncompliance remain, Plaintiffs will continue to monitor noncompliance, seek discovery, and assess whether to file an appropriate motion for redress.[4] Defendants have given every indication of refusal to comply with the law. And regardless of the unconstitutionality of Defendants' sweeps, they are undisputedly harmful.

## V.    CONCLUSION

For the reasons above, the Court should deny Defendants' motion to stay a portion of the preliminary injunction order.

Dated:  February 16, 2023

Respectfully submitted,

By: */s/ Zal K. Shroff*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
Elisa Della-Piana, SBN 226462
Hadley Rood, SBN 348168
131 Steuart Street, Ste. 400

---

[4] Defendants themselves insinuate their likely non-compliance with the requirements of the Court's preliminary injunction in their recent request for expedited briefing regarding their request for stay, where they continue to maintain the order is somehow shrouded in "uncertainty." *See* Dkt. No. 104 at 3 ("Defendants . . . face the choice of either enforcing the injunction in a way that exceeds Ninth Circuit precedent or risking accusations from the Plaintiffs of contempt").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1   San Francisco, CA 94105
    Telephone: (415) 543-9444
2   zshroff@lccrsf.org
    edellapiana@lccrsf.org
3   hrood@lccrsf.org

4
    By: */s/ John Thomas H. Do*
5

6   AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA
7   John Thomas H. Do, SBN 285075
    Brandon L. Greene, SBN 293783
8   39 Drumm Street
    San Francisco, CA 94111
9   Telephone: (415) 293-6333
    jdo@aclunc.org
10  bgreene@aclunc.org

11
    By: */s/ Alfred C. Pfeiffer, Jr.*
12

13  LATHAM & WATKINS LLP
    Alfred C. Pfeiffer, Jr., SBN 120965
14  Wesley Tiu, SBN 336580
    Kevin Wu, SBN 337101
15  Tulin Gurer, SBN 303077
    505 Montgomery Street, Ste 2000
16  San Francisco, CA 94111
    Telephone: (415) 391-0600
17  al.pfeiffer@lw.com
    wesley.tiu@lw.com
18  kevin.wu@lw.com
    tulin.gurer@lw.com
19

20  LATHAM & WATKINS LLP
    Joseph H. Lee, SBN 248046
21  650 Town Center Drive, 20th Floor
    Costa Mesa, CA 92626
22  Telephone: (714) 540-1235
    joseph.lee@lw.com
23

24  LATHAM & WATKINS LLP
    Rachel Mitchell, SBN 344204
25  12670 High Bluff Drive
    San Diego, CA 92130
26  Telephone: (858) 523-5400
    rachel.mitchell@lw.com
27

28  *Attorneys for Plaintiffs*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR

1

## __ATTESTATION__

2      I, Alfred C. Pfeiffer, Jr., am the ECF user whose user ID and password authorized the

3   filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document

4   have concurred in this filing.

5

6   Dated:  February 16, 2023               */s/ Alfred C. Pfeiffer, Jr.*

7                                                       Alfred C. Pfeiffer, Jr.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

PLAINTIFFS' OPP. TO DEFS.'
MOT. FOR STAY PENDING APPEAL
CASE NO. 4:22-CV-05502-DMR