DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
RYAN C. STEVENS, State Bar #306409
KAITLYN MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:       (415) 554-4675 (Snodgrass)
                 (415) 554-4628 (Emery)
                 (415) 554-3857 (Wang)
                 (415) 554-3975 (Stevens)
                 (415) 554-6762 (Murphy)
                 (415) 554-3870 (Gradilla)
Facsimile:       (415) 554-4699
E-mail:          wayne.snodgrass@sfcityatty.org
                 jim.emery@sfcityatty.org
                 edmund.wang@sfcityatty.org
                 ryan.stevens@sfcityatty.org
                 kaitlyn.murphy@sfcityatty.org
                 miguel.gradilla@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:   April 27, 2023<br>Time:           1:00 p.m.<br>Before:         Hon. Donna M. Ryu<br>Place:          Courtroom 4 – 3rd floor<br>                1301 Clay Street<br>                Oakland CA 94612<br>Trial Date:     April 15, 2024 |

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION AND MOTION TO DISMISS ................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 3

INTRODUCTION AND BACKGROUND ....................................................................... 3

LEGAL STANDARDS ...................................................................................................... 3

ARGUMENT ..................................................................................................................... 4

    I.      The Individual Plaintiffs Lack Standing .......................................................... 4

          A.      Plaintiffs Nathaniel Vaughn, Toro Castaño, and Molique Frank lack standing because they are not homeless and any threat they will be harmed again is conjectural. ........................................................................ 6

          B.      Plaintiffs Teresa Sandoval, David Martinez, Sarah Cronk, and Joshua Donohoe lack standing to pursue their First or Second Causes of Action, because they fail to allege they have been cited, arrested, or prosecuted for being involuntarily homeless. ......................................................... 8

    II.     The First Amended Complaint Violates the Court's Order Granting Limited Leave to Amend for a Specific Purpose, and the Unauthorized Amendments are Redundant, Immaterial, Impertinent, and Scandalous. ........................................ 9

CONCLUSION ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Allen v. Wright*
    468 U.S. 737 (1984)....................................................................................................5

*Ass'n of Am. Med. Colls. v. U.S.*
    217 F.3d 770 (9th Cir. 2000...................................................................................4

*Barnes v. Kris Henry, Inc.*
    No. 20-17141, 2022 WL 501582 (9th Cir. Feb. 18, 2022) ......................................10

*Barnes v. Sea Hawai'i Rafting, LLC*
    493 F. Supp. 3d 972 (D. Haw. 2020),
    *aff'd sub nom. Barnes v. Kris Henry, Inc.*, No. 20-17141,
    2022 WL 501582 (9th Cir. Feb. 18, 2022). ..............................................................10

*Barnum Timber Co. v. U.S. E.P.A.*
    633 F.3d 894 (9th Cir. 2011) ....................................................................................5

*Benton v. Baker Hughes*
    No. CV 12-07735 MMM MRWX, 2013 WL 3353636 (C.D. Cal. June 30, 2013),
    *aff'd sub nom. Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015).......................10

*Benton v. Hughes*
    623 F. App'x 888 (9th Cir. 2015) ...........................................................................10

*Bland v. Fessler*
    88 F.3d 729 (9th Cir.1996) .......................................................................................3

*Cetacean Cmty. v. Bush*
    386 F.3d 1169 (9th Cir. 2004) ..................................................................................4

*City of Los Angeles v. Lyons*
    461 U.S. 95 (1983),
    *aff'd sub nom. Taub v. City & Cnty. of San Francisco*, 696 F. App'x 181
    (9th Cir. 2017)................................................................................................5, 6, 8, 9

*Crane v. Yarborough*, No. CV 05–8534 DSF(JC)
    2012 WL 1067965 (C.D. Cal. Feb.6, 2012) ........................................................4, 10

*DaimlerChrysler Corp. v. Cuno*
    547 U.S. 332 (2006)...................................................................................................3

*DeLeon v. Wells Fargo Bank, N.A.*
    No. 10–CV–01390–LHK, 2010 WL 4285006 (N.D. Cal. Oct.22, 2010)..................10

*Fantasy, Inc. v. Fogerty*
    984 F.2d 1524 (9th Cir. 1993),
    *rev'd on other grounds*, 510 U.S. 517 (1994)........................................................11

*Gallegos v. Roman Cath. Archbishop of San Francisco*
 No. 16-CV-01588-LB, 2016 WL 3162203 (N.D. Cal. June 7, 2016) ......................................11

*Gilbert v. Eli Lilly Co., Inc.*
 56 F.R.D. 116 (D.P.R. 1972) ...............................................................................................4, 10

*Hightower v. City & Cnty. of San Francisco*
 77 F. Supp. 3d 867 (N.D. Cal. 2014) ...................................................................................5, 7

*Kennedy v. Full Tilt Poker*
 No. CV 09–07964 MMM (AGRx) 2010 WL 3984749 (C.D. Cal. Oct.12, 2010) ...................10

*Kokkonen v. Guardian Life Ins. Co. of Am.*
 511 U.S. 375 (1994) .................................................................................................................4

*Leite v. Crane Co.*
 749 F.3d 1117 (9th Cir. 2014) .................................................................................................4

*Lujan v. Defenders of Wildlife*
 504 U.S. 555 (1992) .................................................................................................................5

*McKenzie v. Wells Fargo Bank, N.A.*
 931 F. Supp. 2d 1028 (N.D. Cal. 2013) .................................................................................10

*Monell v. Department of Soc. Svcs.*
 436 U.S. 658 (1978) ...............................................................................................................11

*Muller v. Morgan*
 No. 12 C 1815, 2013 WL 2422737 (N.D. Ill. June 3, 2013) ...................................................11

*O'Shea v. Littleton*
 414 U.S. 488 (1974)..................................................................................................5, 6, 7, 8, 9

*PB Farradyne, Inc. v. Peterson*
 No. C 05-3447 SI. 2006 WL 2578273 (N.D. Cal. Sep.6, 2006)...............................................10

*Raines v. Byrd*
 521 U.S. 811 (1997)..................................................................................................................3

*Raiser v. City of Los Angeles*
 No. CV 13-2925 RGK RZ, 2014 WL 794786 (C.D. Cal. Feb. 26, 2014) ................................10

*Rivers v. Cnty. of Marin*
 No. C 05-4251, 2006 WL 581096 (N.D. Cal. March 7, 2006) ..................................................4

*Safe Air for Everyone v. Meyer*
 373 F.3d 1035 (9th Cir. 2004) .................................................................................................4

*Serpa v. SBC Telecommunications, Inc.*
 No. C 03–4223 MHP, 2004 WL 2002444 (N.D. Cal. Sept. 7, 2004)......................................10

*Taub v. City & Cnty. of San Francisco*
    696 F. App'x 181 (9th Cir. 2017) ............................................................................5

*U.S., ex rel. Modglin v. DJO Glob. Inc.*
    114 F. Supp. 3d 993 (C.D. Cal. 2015),
    *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) ...............10

*United States v. DJO Glob., Inc.*
    678 F. App'x 594 (9th Cir. 2017) ...........................................................................10

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) ...............................................................................4

*Wilkerson v. Butler*
    229 F.R.D. 166 (E.D. Cal. 2005) .......................................................................4, 10

**Constitutional Provisions**
U.S. Const., Article III .........................................................................................3, 4

**Rules**
Fed. R. Civ. P.
    Rule 12(b)(1) ................................................................................................1, 3, 4
    Rule 12(b)(6) ....................................................................................................4
    Rule 12(f) ............................................................................................1, 4, 10, 11
    Rule 15 ...........................................................................................................10

**Other References**
HUD.gov, *CoC and ESG Homeless Eligibility - At Risk of Homelessness,* (last visited March 13, 2023), available at https://www.hudexchange.info/homelessness-assistance/coc-esg-virtual-binders/coc-esg-homeless-eligibility/four-categories/at-risk-of-homelessness/ .........................7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND TO THIS COURT:

Please take notice that at 1:00 p.m. on Thursday, April 27, 2023, or as soon thereafter as the matter may be heard, before the Honorable Donna Ryu, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Courtroom 4, 3rd Floor, Oakland, California 94612, Defendants CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT, will move, and hereby do move, to dismiss the First Amended Complaint and portions thereof, pursuant to Rules 12(b)(1) and 12(f) of the Federal Rules of Civil Procedure.

Defendants bring this motion pursuant to Rules 12(b)(1) and 12(f) because the First Amended Complaint violates the Court's order granting leave to amend, because the new factual allegations are "redundant, immaterial, impertinent, [and] scandalous," and because individual Plaintiffs lack standing to sue.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such other and further matters as may be considered by the Court at the hearing on this Motion.

/ / /

/ / /

/ / /

/ /

1

Dated:  March 14, 2023                DAVID CHIU
                                          City Attorney

2                                        YVONNE R. MERÉ
                                          WAYNE SNODGRASS

3                                        MEREDITH B. OSBORN
                                          JAMES M. EMERY

4                                        EDMUND T. WANG
                                          RYAN C. STEVENS

5                                        KAITLYN MURPHY
                                          MIGUEL A. GRADILLA

6                                        Deputy City Attorneys

7

8                                 By:  s/James M. Emery
                                          JAMES M. EMERY

9
                                          Attorneys for Defendants

10                                       CITY AND COUNTY OF SAN FRANCISCO; SAN
                                          FRANCISCO POLICE DEPARTMENT; SAN

11                                       FRANCISCO DEPARTMENT OF PUBLIC WORKS;
                                          SAN FRANCISCO DEPARTMENT OF

12                                       HOMELESSNESS AND SUPPORTIVE HOUSING;
                                          SAN FRANCISCO FIRE DEPARTMENT; SAN

13                                       FRANCISCO DEPARTMENT OF EMERGENCY
                                          MANAGEMENT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND BACKGROUND

Plaintiffs allege San Francisco's[1] customs and practices violate the constitutional rights of people experiencing homelessness. First Amended Complaint ("FAC") ¶ 2. The FAC's causes of action allege violations of state and federal constitutional protections against excessive punishment, unreasonable search and seizure, and Plaintiffs' rights to procedural and substantive due process; violations of federal and state disability access laws; and conspiracy to violate civil rights. *Id.* ¶¶ 263-338. Plaintiffs allege that San Francisco criminalizes the involuntary condition or status of homelessness. But three of six individual Plaintiffs are not homeless. And of the Plaintiffs who do allege they are homeless, none of them allege they have ever been the subject of any criminal enforcement. Accordingly, those Plaintiffs lack standing to pursue claims based on a purported criminalization of the status of homelessness.

For these reasons, set forth more fully below, the Court should dismiss all claims by the three housed Plaintiffs, and the Court should dismiss the First and Second Causes of Action by the Plaintiffs who allege homelessness but allege no criminal enforcement against them. Further, because the FAC violates the terms of the Court's order granting leave to amend, the Court should dismiss the FAC. And because certain individual Plaintiffs lack standing, the Court lacks jurisdiction over their claims and the Court should dismiss these Plaintiffs.

## LEGAL STANDARDS

A defendant may move for dismissal on the grounds that the court lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). Because standing pertains to a federal court's subject-matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Bland v. Fessler*, 88 F.3d 729, 732 n.4 (9th Cir.1996). Federal district courts are courts of limited jurisdiction, and "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). It is the plaintiff's burden to establish

---

[1]  This brief refers to defendants collectively as "San Francisco."

subject matter jurisdiction. *See Ass'n of Am. Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, at 1038. In resolving such an attack, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citation omitted). Moreover, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted).

Courts may strike "any redundant, immaterial, impertinent, or scandalous matter" from a complaint under Rule 12(f). In the Rule 12(f) context a "'redundant' matter consists of allegations that constitute a needless repetition of other averments" or are foreign to the issue to be decided. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (citing *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120 n.4 (D.P.R. 1972)). "A matter is deemed 'scandalous' when it improperly casts a derogatory light on someone, usually a party to the action." *Gilbert*, 56 F.R.D. at 120 n.7. Courts grant motions to strike when prejudice is shown. *See, e.g.*, *Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *5 (N.D. Cal. March 7, 2006) (granting motion to strike where defendant "raised the possibility of prejudice, including the evasion of discovery limitations and confusion on the part of the jury").

## ARGUMENT

### I.    The Individual Plaintiffs Lack Standing

"A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To establish Article III standing, a plaintiff must demonstrate: (1) injury-in-fact in the form of "concrete and particularized" and "actual or imminent" harm to a legally protected interest; (2) a causal connection between the injury and the conduct

complained of; and (3) a likelihood that a favorable decision would redress the injury-in-fact. *Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 897 (9th Cir. 2011) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

For the purposes of requesting injunctive relief, a party does not have standing unless it is able to show a "real or immediate threat that [it] will be wronged again." *Hightower v. City & Cnty. of San Francisco*, 77 F. Supp. 3d 867, 886 (N.D. Cal. 2014) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, (1983)), *aff'd sub nom. Taub v. City & Cnty. of San Francisco*, 696 F. App'x 181 (9th Cir. 2017). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . ." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564, (1992) (citing *Lyons* 461 U.S. at 102, quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974)).

In *Hightower*, plaintiffs challenged a San Francisco ordinance prohibiting public nudity. Plaintiffs alleged they engaged in political protests while nude as an expression of First Amendment protected speech and observed other protesters being arrested for public nudity during those protests. *Hightower*, 77 F. Supp. 3d at 873. The court found that because plaintiffs had not sufficiently alleged a likelihood "that their expressive nude conduct will be restrained again," they lacked standing to seek injunctive relief regarding the enforcement of the ordinance prohibiting public nudity. *Id.* at 886. The court in *Hightower* relied on the Supreme Court's analysis in *O'Shea*, 414 U.S. at 497, which cautioned that to support standing for injunctive relief there must be "sufficient immediacy and reality to [the parties'] allegations of future injury." *Id.*

In *O'Shea*, plaintiffs brought claims against a magistrate and circuit court judge alleging a pattern and practice of illegal bond-setting, sentencing, and jury-fee practices in criminal cases, which assertedly deprived plaintiffs and members of their class of their rights under the Constitution. *O'Shea*, 414 U.S. at 488. Plaintiffs alleged that defendants "engaged in and continue to engage in, a pattern and practice of conduct . . . all of which has deprived and continues to deprive plaintiffs . . . their constitutional rights and, again, that [Defendants] have denied and continue to deny to plaintiffs and members of their class their constitutional rights by illegal bond-setting, sentencing, and jury-fee practices*." Id.* at 495. Reversing the Court of Appeal, the Supreme Court held Plaintiffs had not established standing. *Id.* The Court held, "[i]t must be alleged that the plaintiff has sustained or is

immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Id*. at 494. The Court noted that "[n]one of the named plaintiffs is identified as himself having suffered any injury in the manner specified." *Id*. at 495. The Court explained that the relevant test of future injury rested "on the likelihood that [plaintiffs] will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners." *Id*. at 497.

In *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983), the Supreme Court relied on *O'Shea* when it once again determined the plaintiff lacked standing to seek injunctive relief. In *Lyons*, plaintiff sued the City of Los Angeles and four police officers after he was placed in a chokehold during a routine traffic stop. *Id.* at 97-98. Plaintiff sought injunctive relief barring the use of similar chokeholds and argued that the chokehold use was unconstitutional. *Id.* at 98. The Supreme Court reversed the Ninth Circuit, holding that even though plaintiff had been subject to the unlawful use of the chokehold in the past, his claim that he may be subject to future unconstitutional force during future traffic stops was too speculative to support standing. *Id.* at 105. The Supreme Court explained that the allegation that plaintiff had previously been a victim of police misconduct "does nothing to establish a real and immediate threat that he would again" be victim to the same conduct. *Id.* at 105. Nor was it sufficient that plaintiff had alleged "that the Police in Los Angeles routinely apply the chokehold" in situations that amount to alleged misconduct.  *Id.* Finally, the Supreme Court specifically rejected the theory that an allegation of "odds" of future unconstitutional conduct were not sufficient to support a claim for equitable relief. *Id* at 108.

### A. Plaintiffs Nathaniel Vaughn, Toro Castaño, and Molique Frank lack standing because they are not homeless and any threat they will be harmed again is conjectural.

Plaintiffs Nathaniel Vaughn, Toro Castaño, and Molique Frank all admit they do not live on the street. Plaintiff Nathaniel Vaughn admits that he is housed in "an affordable SRO." FAC ¶ 25. Vaughn alleges that he "fears if he is evicted, he will become unsheltered again . . ." FAC ¶ 25. The

FAC does not allege Vaughn meets the Department of Housing and Urban Development ("HUD") definition for "being at risk of homelessness."[2]

Plaintiff Toro Castaño is also not unhoused. He admits that he has housing. FAC ¶ 27. Castaño claims he "fears" he may become unsheltered again because he is "one paycheck away from becoming homeless again." FAC ¶ 27. The FAC alleges Castaño meets the HUD definition of "being at risk of homelessness." FAC ¶ 27.

Plaintiff Molique Frank also does not live on the street. Although Plaintiffs claim Frank meets the "HUD definition of homelessness," they admit he has been residing in shelter since being placed in a Shelter-in-Place ("SIP") hotel at an unspecified point in time during the COVID-19 pandemic. FAC ¶ 29. Frank admits that following the closure of the SIP hotels he was transferred to another shelter placement where he has resided since August of 2022. FAC ¶¶ 30, 31. Although the complaint does not specify exactly when Frank was placed into a SIP hotel, it appears clear from its face he does not currently live on the street and has not lived on the street for well over a year.

Because Plaintiffs Vaughn, Castaño, and Frank are not unhoused, it is pure conjecture that they are immediately at risk of unconstitutional conduct against people experiencing homelessness. The whole basis of the complaint is that people on the street are subject to "sweeps" that violate the Eighth Amendment and have their property on the street unlawfully disposed of by San Francisco employees in violation of the Fourth Amendment. But these three Plaintiffs do not live on the street so they are not *imminently* at risk of being exposed to illegal conduct because they have shelter and there is no reason they would be at risk of being swept or having their property unlawfully disposed of by San Francisco employees. This is precisely the sort of attenuated risk that the Northern District rejected in *Hightower* and the Supreme Court disallowed in *O'Shea* and *Lyons*. Because Plaintiffs Vaughn, Castaño, and Frank cannot establish standing, this Court does not have jurisdiction over their claims.

/ / /

/ / /

---

[2] The HUD definition for "at risk of homelessness" is a broad definition and publicly available at: https://www.hudexchange.info/homelessness-assistance/coc-esg-virtual-binders/coc-esg-homeless-eligibility/four-categories/at-risk-of-homelessness/

**B.**  **Plaintiffs Teresa Sandoval, David Martinez, Sarah Cronk, and Joshua Donohoe lack standing to pursue their First or Second Causes of Action, because they fail to allege they have been cited, arrested, or prosecuted for being involuntarily homeless.**

Plaintiffs Teresa Sandoval, David Martinez, Sarah Cronk, and Joshua Donohoe (collectively "unhoused Plaintiffs") fail to allege they have ever been cited, arrested, or prosecuted for being unhoused.[3] Plaintiff Teresa Sandoval alleges she is currently unsheltered. She alleges she has been "repeatedly harassed by the city – including by SFPD and DPW," and that she "has been threatened with detention by SFPD if she did not move quickly enough during a sweep." FAC ¶¶ 32-33. Plaintiff David Martinez alleges he has experienced homelessness in San Francisco for over a decade, but does not allege a single instance of citation, fine, arrest, or prosecution. FAC ¶ 35. Plaintiff Sarah Cronk alleges she has been unhoused for four months. FAC ¶ 37. She alleges she faces "regular harassment by the City, including SFPD" but does not allege she has ever been even threatened with citation or even asked to move along by SFPD. Plaintiff Joshua Donohoe lives with Cronk and makes similar allegations of experiencing homelessness for a period of four months. FAC ¶ 39. Donohoe claims he "has faced regular harassment" and that SFPD and DPW have "disturbed Donohoe early in the morning . . ." FAC ¶ 39. Neither Donohoe nor Cronk allege they have ever been unlawfully cited, arrested, or prosecuted for any offenses.

The claims of individual unhoused Plaintiffs are similar to the claims the Supreme Court found insufficient in *O'Shea* and *Lyons*. Plaintiffs' claims that they have generally been disturbed by SFPD or that they have had property taken unlawfully do not establish a likelihood that they are at immediate risk of being subjected to unconstitutional criminal enforcement. Like the plaintiffs in *O'Shea*, the unhoused Plaintiffs do not allege they have ever been subjected to the unconstitutional criminal enforcement that is the basis of their First or Second Causes of Action for injunctive relief. Plaintiff Martinez has been unhoused in San Francisco for a decade, but does not allege ever being arrested, cited or prosecuted. It is not reasonable to assume that after 10 years Martinez is now at imminent risk for unlawful citation or arrest for the first time. Plaintiff Donohoe alleges he has been "disturbed early

---

[3] The only Plaintiff who ever alleges such a citation is Castaño, who claims he was cited by SFPD for illegal camping in August of 2020. FAC ¶ 26. Because Castaño is now housed, he lacks standing for the reasons expressed in Section I.A.

in the morning," but this vague allegation of being "disturbed" does not establish a likelihood that he, or his partner Cronk, are at risk of imminent unlawful criminal enforcement. Likewise, Plaintiff Sandoval alleges she was "disturbed" and once "threatened" with detention, but she does not allege she was ever cited or arrested. A history of enforcement is not enough to establish a likelihood of future enforcement, but these Plaintiffs fail to allege even a history of unlawful enforcement against them. *See Lyons*, 461 U.S. at 105 (explaining that speculative claims of potential future enforcement cannot establish plaintiff's standing to sue); *O'Shea*, 414 U.S. at 494 (holding that "[i]t must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct.") (quotation marks and citations omitted). The unhoused Plaintiffs' allegations fall well short of the standing requirements the Supreme Court articulated in *O'Shea* and *Lyons*.

## II. The First Amended Complaint Violates the Court's Order Granting Limited Leave to Amend for a Specific Purpose, and the Unauthorized Amendments are Redundant, Immaterial, Impertinent, and Scandalous.

On January 12, 2023, the Court granted in part and denied in part San Francisco's motion to dismiss Plaintiffs' complaint. The January 12 Order dismissed Plaintiffs' claims against Mayor London Breed and HSOC Director Sam Dodge in their official capacities, and granted Plaintiffs leave to amend for a specific purpose—to plead additional facts to support new causes of action against these individual Defendants in their personal capacities. The Court gave Plaintiffs more time than they requested (47 days) to file their First Amended Complaint, and directed Plaintiffs to circulate a draft FAC "promptly" to San Francisco so the parties could meet and confer over the sufficiency of allegations, to avoid further motion practice.

> Plaintiffs are granted leave to amend the complaint to voluntarily dismiss either San Francisco or Breed/Dodge in their official capacities and may add claims against Breed and/or Dodge in their individual capacities. Plaintiffs shall promptly provide a draft of their amended complaint to Defendants and the parties shall meet and confer regarding the sufficiency of the amendments to attempt to avoid the need for motion practice. Plaintiffs' amended complaint is due by 2/28/2023.

Dkt. No. 84.

Plaintiffs did not provide San Francisco a draft of their FAC until February 27, the day before it was due, providing no opportunity to meet and confer. The FAC does not include any cause of

action against Mayor Breed or Mr. Dodge in their personal capacities, which was the sole authorized purpose for any amendment. But the FAC adds new factual allegations. See Dkt. No. 111-1 at ¶¶ 10, 43-46, 241, 243-244.  Since the new factual allegations are not in support of a claim against Mayor Breed or Mr. Dodge in their personal capacities, the amended paragraphs are beyond the scope of the Court's order granting leave to amend. The FAC thus violates the Court's order, and it violates Federal Rule of Civil Procedure 15.  Fed. R. Civ. P. 15.

"Generally speaking, amended pleadings may not exceed the scope of leave granted by the district court. When leave is granted to amend certain claims against specific parties, the Court may dismiss and strike any portions of the amended pleading not expressly permitted. The rule applies even if the court did not expressly bar amendments other than the one(s) it did allow." *Barnes v. Sea Hawai'i Rafting, LLC*, 493 F. Supp. 3d 972, 978–79 (D. Haw. 2020) (citations and internal quotations omitted), *aff'd sub nom. Barnes v. Kris Henry, Inc.*, No. 20-17141, 2022 WL 501582 (9th Cir. Feb. 18, 2022). Accord, *e.g.*, *U.S., ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1013–14 (C.D. Cal. 2015), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017); *Raiser v. City of Los Angeles*, No. CV 13-2925 RGK RZ, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014); *McKenzie v. Wells Fargo Bank, N.A.*, 931 F. Supp. 2d 1028, 1042 (N.D. Cal. 2013); *Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), *aff'd sub nom. Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015); *Crane v. Yarborough*, No. CV 05–8534 DSF(JC), 2012 WL 1067965, *13 n.14 (C.D. Cal. Feb.6, 2012); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10–CV–01390–LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct.22, 2010); *Kennedy v. Full Tilt Poker*, No. CV 09–07964 MMM (AGRx), 2010 WL 3984749, * 1 (C.D. Cal. Oct.12, 2010); *PB Farradyne, Inc. v. Peterson*, No. C 05-3447 SI. 2006 WL 2578273, *3 (N.D. Cal. Sep.6, 2006); *Serpa v. SBC Telecommunications, Inc.*, No. C 03–4223 MHP, 2004 WL 2002444, *3 (N.D. Cal. Sept. 7, 2004).

Furthermore, these new unauthorized amendments are redundant, immaterial, and impertinent. In the Rule 12(f) context a "'redundant' matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (citing *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120 n.4 (D.P.R.

1972)). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quotation omitted). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. These unauthorized amendments serve no legitimate pleading purpose, since Plaintiffs have now dismissed all claims against these individuals, in their official or personal capacity, and these paragraphs are needlessly repetitive.

These unauthorized amendments are also "scandalous" within the meaning of Rule 12(f). "'Scandalous' under Rule 12(f) generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. 'Scandalous' has also been said to encompass allegations that improperly cast a derogatory light on someone." *Gallegos v. Roman Cath. Archbishop of San Francisco*, No. 16-CV-01588-LB, 2016 WL 3162203, at *2 (N.D. Cal. June 7, 2016) (internal quotations and citations omitted). These unauthorized amendments are "scandalous," because they impute to city officials an animus and lack of compassion, without alleging relevant facts that would support any essential element of Plaintiffs' *Monell* claims. Plaintiffs' claims require them to establish a citywide policy or practice of disregarding individuals' constitutional rights, in contravention of SFPD's and DPW's official policies. The Mayor's direction of City resources to a particular location at a particular time in no way suggests she ordered city employees to violate department policies. Accordingly, these unauthorized allegations fail to support Plaintiffs' *Monell* claims. *See also Muller v. Morgan*, No. 12 C 1815, 2013 WL 2422737, at *6 (N.D. Ill. June 3, 2013) (striking scandalous paragraphs from a complaint because they were "more appropriate for an argumentative brief than a pleading.").

Because the amendments to Plaintiffs' FAC exceed the scope of the Court's leave to amend, and because the unauthorized amendments are prejudicial, the Court should dismiss the noncompliant FAC and direct Plaintiffs to file a Second Amended Complaint that complies with the terms of the Court's January 12 Order.

1

## CONCLUSION

2          For the foregoing reasons, this Court should dismiss the First Amended Complaint, with leave

3   to file a Second Amended Complaint in compliance with this Court's January 12, 2023 Order, and

4   leave to plead additional facts to establish the individual Plaintiffs' standing.

5   Dated:  March 14, 2023                    DAVID CHIU
                                             City Attorney
6                                            YVONNE R. MERÉ
                                             WAYNE SNODGRASS
7                                            MEREDITH B. OSBORN
                                             JAMES M. EMERY
8                                            EDMUND T. WANG
                                             RYAN C. STEVENS
9                                            KAITLYN MURPHY
                                             MIGUEL A. GRADILLA
10                                           Deputy City Attorneys

11

12                                      By:  s/James M. Emery
                                             JAMES M. EMERY
13
                                             Attorneys for Defendants
14                                           CITY AND COUNTY OF SAN FRANCISCO; SAN
                                             FRANCISCO POLICE DEPARTMENT; SAN
15                                           FRANCISCO DEPARTMENT OF PUBLIC WORKS;
                                             SAN FRANCISCO DEPARTMENT OF
16                                           HOMELESSNESS AND SUPPORTIVE HOUSING;
                                             SAN FRANCISCO FIRE DEPARTMENT; SAN
17                                           FRANCISCO DEPARTMENT OF EMERGENCY
                                             MANAGEMENT
18

19

20

21

22

23

24

25

26

27

28