**LATHAM&WATKINS**LLP

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

March 20, 2023

**VIA ECF**

Hon. Donna M. Ryu, United States Magistrate Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

> Re:    *Coalition on Homelessness, et. al. v. City and County of San Francisco, et. al.*,
> No. 4:22-cv-05502-DMR (N.D. Cal.)

Dear Judge Ryu,

Plaintiffs submit this letter regarding a discovery dispute concerning Plaintiffs' request for recurring disclosures of certain records to assess Defendants' compliance with the Preliminary Injunction. Since the preliminary injunction, counsel met and conferred multiple times over months, most recently on February 17, 2023 and February 27, 2023. While the parties have reached agreement on the vast majority of issues, despite months of discussions, the parties are unable to resolve certain remaining disputes that are outlined in this letter. With respect to the specific issues outlined in this letter, the parties have been at an impasse for months. Plaintiffs provided Defendants with Plaintiffs' portions of a joint letter on March 1, 2023, and repeatedly asked Defendants (at least 6 times) to provide their portion of the letter as to the issues discussed below. Defendants refused to do so, raising numerous unfounded technocratic objections. As a result, Plaintiffs are forced to unilaterally submit this letter. We do not take this decision lightly. However, we felt compelled to file this dispute letter to protect our clients' rights after 3 months without the ability to assess the full extent of Defendants' likely non-compliance with the Court's injunction. This is due to Defendants' obstreperous conduct during this meet and confer process. Plaintiffs attach a proposed order identifying the few areas of disagreement and Plaintiffs' proposed redlines to the otherwise agreed-to discovery order. *See* Ex. A, Proposed Order.

**I.    NOTICE OF PLANNED OPERATIONS.**

Plaintiffs seek advance notice of any planned sweep operation conducted by Defendants to allow Plaintiffs to investigate compliance with the preliminary injunction. While Defendants agreed to provide Plaintiffs with advance notice of certain "planned homeless encampment resolutions," they have rejected any meaningful definition for that term. Plaintiffs' final compromise is that planned encampment resolutions should be defined as any pre-planned sweep operations that involve two or more participating HSOC agencies. Defendants wish the definition to be limited only to formal HSOC and Tenderloin Joint Field Operation ("JFO") sweeps. But such a definition would be unduly narrow, since Plaintiffs know there are many other planned encampment resolutions involving other City agencies across San Francisco and for which Defendants have not been providing notice, even though Plaintiffs have provided evidence to Defendants regarding those operations. Plaintiffs can provide supporting documents to the Court if desired.[1] Indeed, Defendants only disclosed to Plaintiffs, after repeated questioning and months of meet-and-confer efforts, the existence and occurrence of JFO operations—which Plaintiffs still have never received notice of and Defendants claim are not part of HSOC. In fact, the Court's pre-

---

[1] Plaintiffs are cognizant of the Court's Standing Order limiting the exhibits permitted in a discovery dispute letter, and therefore have not filed this supporting material along with this letter. Plaintiffs stand ready to do so with the Court's permission and to the extent necessary.

LATHAM & WATKINS LLP

preliminary injunction discovery order required Defendants to disclose "any planned homeless encampment resolution scheduled by or involving HSOC, DPW, SFPD, or any other City agency." *See* Dkt. No. 34. Defendants did not fulfill these notice obligations under the Court's prior order and planned resolutions occurred without notice to Plaintiffs—because they purported, for example, that resolutions coordinated only by SFPD and DPW were not "formal HSOC resolutions" as they conveniently defined them. *See, e.g.*, Dkt. No. 50-18 at 13-14 (discussing pre-planned sweep operations by DPW and SFPD where Plaintiffs were not provided notice).

This information is crucial to Plaintiffs' monitoring efforts since the preliminary injunction applies to Defendants' conduct at encampments generally, regardless of the label. Formal HSOC operations only comprise a limited subset of Defendants' enjoined activities. *See* Dkt. No. 9 at 8-9. Permitting Defendants to make this arbitrary distinction—allowing them to conduct planned sweep operations coordinated between City agencies beyond the formal "HSOC" banner—circumvents any advance notice obligation. Again, Plaintiffs' final compromise is that planned encampment resolutions should be defined as any pre-planned sweep operations that involve two or more participating HSOC agencies—or the language of the Court's prior discovery order.

Plaintiffs also propose that the Court's order explicitly require prior notice of DPW's property removal operations whenever the City's own bag and tag policy requires notice. Ex. A, ¶ 1. Defendants' iteration of the proposed order would exclude this language—suggesting that Defendants will provide notice less often than actually required under Defendants' own bag and tag policy. Plaintiffs have reason to believe that without language expressly connected to the requirements of the bag and tag policy, Defendants will not properly fulfill their notice obligations. *See, e.g.*, Dkt. No. 50-18, at 13-14 (identifying DPW sweeps that were not properly noticed).[2]

## II.      DISCLOSURES FOR PERIOD SINCE ISSUANCE OF THE INJUNCTION.

The parties agree that Defendants will provide the required disclosures every 3 weeks. But Defendants refuse to commit to providing the requested disclosures retrospectively as part of the preliminary injunction compliance disclosure process outlined by the proposed order—preventing Plaintiffs from assessing Defendants' past non-compliance in a timely fashion. See Dkt. Nos 76-79. Under Defendants' proposal, Plaintiffs will be unable to fully examine Defendants' potential violations to date. A small fraction of these disclosures have been provided in ordinary discovery—but by no means have the required compliance disclosures been even close to fully produced for the past three month period. Seeking these disclosures through ordinary discovery is hampered by extensive and ongoing disputes as to ordinary merits discovery that may persist for months. These delays defeat the very purpose of the injunction and disclosures thereunder: acting to identify and protect San Francisco's unhoused community from daily and ongoing irreparable harms. Plaintiffs' last compromise is that Defendants must produce or identify all preliminary injunction document disclosures for each 3-week time period from the issuance of the preliminary injunction to date within 30 days of the Court's entry of the proposed order—unless all disclosures have already been produced through ordinary discovery.

---

[2] Plaintiffs insist on a similar definitional correction with respect to the information to be included in Defendants' dispatch data. *See* Ex. A, ¶ 8. This clarification is necessary because Defendants previously provided dispatch data that did not include the information needed to assess it. Plaintiffs can provide examples to the Court of such deficiencies upon request. Without this information, the CAD data is useless to any meaningful evaluation of Defendants' compliance.

LATHAM & WATKINS LLP

Respectfully submitted,

By: _/s/ Joseph H. Lee_____

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
Elisa Della-Piana, SBN 226462
Hadley Rood, SBN 348168
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org
hrood@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783

LATHAM&WATKINS LLP

39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs Coalition on
Homelessness, Toro Castaño, Sarah Cronk,
Joshua Donohoe, Molique Frank, David
Martinez, Teresa Sandoval, Nathaniel Vaughn*