# EXHIBIT A

LATHAM&WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

March 29, 2023

**VIA ECF**

Hon. Donna M. Ryu, United States Magistrate Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

> Re:   *Coalition on Homelessness, et. al. v. City and County of San Francisco, et. al.*,
> No. 4:22-cv-05502-DMR (N.D. Cal.)

Dear Judge Ryu,

Plaintiffs submit this letter regarding a discovery dispute concerning Plaintiffs' request for recurring disclosures of certain records to assess Defendants' compliance with the Preliminary Injunction. Over the past three months since the preliminary injunction, counsel met and conferred multiple times, most recently on February 17, 2023 and February 27, 2023. While the parties have reached agreement on the vast majority of issues, despite months of discussions, the parties are unable to resolve certain remaining disputes that are outlined in this letter. The parties attach a proposed order identifying the few areas of disagreement and each side's proposed redlines to the otherwise agreed-to discovery order. *See* Ex. A. Upcoming case management deadlines are the case management conference (May 17, 2023), close of fact and expert discovery (July 28, 2023 and October 6, 2023, respectively), final day to hear dispositive motions (January 25, 2024), pretrial conference (April 3, 2024), and start of trial (April 15, 2024).

**Plaintiffs' separate statement**: San Francisco has continued to intentionally delay Plaintiffs' ability to review its non-compliance with the Court's injunction. Each time Plaintiffs have prepared a joint letter after stonewalling by San Francisco, the City has made a minor concession on a discrete issue and then purported that the entire meet and confer process must begin again anew. This is intentionally obstructionist behavior. It is also simply false that the City has suggested Magistrate Judge Cisneros' assistance with the final issues presented here in this letter—indeed, the City has made clear they do not intend further settlement negotiations whatsoever at this juncture. Appellate Docket, No. 25, at 2 ("San Francisco believes the parties' fundamental disagreements over the propriety and scope of the preliminary injunction require guidance from the Ninth Circuit before further settlement progress is possible"). This letter presents very straightforward issues that the City attempts to complicate. At bottom, the City refuses to provide all agreed-to disclosures for the time period since the preliminary injunction was entered. And the City refuses to inform Plaintiffs about all future planned displacement operations against unhoused people. The City has refused to budge from its position on these issues for months. Further delay will only prejudice Plaintiffs' urgent need to assess Defendants' compliance with this Court's injunction. This is the City's very goal: to delay this process as long as possible while hoping they succeed in challenging this Court's injunction.

**San Francisco's separate statement**:

I.   **NOTICE OF PLANNED HOMELESS ENGAGEMENTS**

**Plaintiffs' Position:** Plaintiffs seek advance notice of any planned sweep operation conducted by Defendants to allow Plaintiffs to investigate compliance with the order. While Defendants agreed to provide Plaintiffs with advance notice of certain "planned homeless

March 29, 2023
Page 2

**LATHAM&WATKINS**LLP

encampment operations," they have now rejected any meaningful definition for that term. Plaintiffs' final compromise is that planned encampment operations should be defined as any pre-planned encampment operations that involve two or more participating HSOC agencies, a definition they previously agreed to. Defendants wish the definition to be limited only to formal HSOC and Tenderloin Joint Field Operation ("JFO") operations. But such a definition would be unduly narrow, since Plaintiffs know there are many other planned operations across San Francisco for which Defendants have not been providing notice, even though Plaintiffs have provided evidence to Defendants regarding those operations and the unlawful conduct that has taken place there (usually by DPW and SFPD coordinating unlawful operations without the presence of other agencies). Plaintiffs can provide supporting documents to the Court if desired.[1] Indeed, Defendants only disclosed to Plaintiffs the existence of JFO operations after months of meet-and-confer efforts, —which Defendants now claim are part of HSOC. The Court's pre- preliminary injunction discovery order was drafted to solve this problem. It required Defendants to disclose "any planned homeless encampment resolution scheduled by or involving HSOC, DPW, SFPD, or any other City agency." *See* Dkt. No. 34. But Defendants did not fulfill these obligations and planned operations occurred without notice—because the City purported, for example, that operations coordinated only by SFPD and DPW were not "formal HSOC operations" as they conveniently defined them. *See, e.g.*, Dkt. No. 50-18 at 13-14 (discussing pre- planned sweep operations by DPW and SFPD where Plaintiffs were not provided notice).

This information is crucial to Plaintiffs' monitoring efforts since the preliminary injunction applies to Defendants' conduct at encampments generally, regardless of the label applied to such conduct. Formal HSOC operations only comprise a limited subset of Defendants' enjoined activities. *See* Dkt. No. 9 at 8-9. Permitting Defendants to make this arbitrary distinction—allowing them to conduct planned encampment operations coordinated between City agencies beyond the formal "HSOC" banner—allows them to circumvent any advance notice obligation. Again, Plaintiffs' final compromise is that planned encampment operations should be defined as any pre- planned encampment operation that involves two or more participating City agencies—or the language of the Court's prior discovery order, which was more inclusive. Plaintiffs also dispute the City's claim that only 10% of operations are monitored, but that is irrelevant to the need to know the full scope of planned operations.

Plaintiffs agree with Defendants that the term "operation," rather than "sweep" or "resolution," is the appropriately clear term for the Court to apply in its order, rendering Defendants' discussion of these terms irrelevant. The sole import is that notice is actually provided prior to all operations. Contrary to Defendants' assertions, that Plaintiffs are using their limited monitoring resources to ascertain non-compliance at a *subset* of the City's operations should not permit Defendants to obscure their obviously planned operations conducted in the shadow of the City's formal HSOC operations.

Plaintiffs also propose that the Court's order explicitly require prior notice of DPW's property removal operations whenever the City's own bag and tag policy requires notice. Ex. A, 1. Defendants' iteration of the proposed order would exclude this language—suggesting that

---

[1] Plaintiffs are cognizant of the Court's Standing Order limiting the exhibits permitted in a discovery dispute letter, and therefore have not filed this supporting material along with this letter. Plaintiffs stand ready to do so with the Court's permission and to the extent necessary.

LATHAM&WATKINS LLP

Defendants' will provide notice less often than actually required under Defendants' own bag and tag policy. Plaintiffs have reason to believe that without language expressly connected to the requirements of the bag and tag policy, Defendants will not properly fulfill their notice obligations. *See*, *e.g.*, Dkt. No. 50-18, at 13-14 (identifying DPW sweeps that were not properly noticed).

**San Francisco's Position:**

## II. DISCLOSURES FOR PERIOD SINCE ISSUANCE OF THE PRELIMINARY INJUNCTION

**Plaintiffs' Position:** The parties agree that Defendants will provide the required disclosures every 3 weeks. But Defendants refuse to commit to providing the requested disclosures retrospectively on an expedited basis as part of the preliminary injunction compliance disclosure process outlined by the proposed order—preventing Plaintiffs from assessing Defendants' past non-compliance in a timely fashion. *See* Dkt. Nos 76-79. Under Defendants' proposal, Plaintiffs will be unable fully to examine Defendants' potential violations to date. A small fraction of the disclosures have been provided in ordinary discovery—but by no means have the required compliance disclosures been even close to fully produced. In fact, Defendants have intentionally failed to produce the list of SFPD incident reports responsive to homeless encampment search terms, and have failed to produce any random sampling of these SFPD incident reports for the past three months. Instead, Defendants have provided a sanitized disclosure of 4 SFPD incident reports for the entire period since the injunction was entered—obscuring the very data that will show the true extent of the City's non-compliance with the Court's order regarding "move alongs" and threats of enforcement. That is why Defendants oppose these disclosures here. Seeking these disclosures through ordinary discovery is hampered by extensive and ongoing disputes as to ordinary merits discovery that may persist for months. These delays defeat the very purpose of the injunction and disclosures thereunder: acting to identify and protect San Francisco's unhoused community from daily and ongoing irreparable harms. Plaintiffs' last compromise is that Defendants must produce or identify all preliminary injunction document disclosures for each 3-week time period from the issuance of the preliminary injunction to date within 30 days of the Court's entry of the proposed order—unless all disclosures have already been produced through ordinary discovery. The current proposed order reflects Plaintiffs' original position, which is that these disclosures should be provided within 21 days—along with Defendants' first agreed-to periodic production.

**San Francisco's Position:**

## III. DETAILED DISPATCH INFORMATION

**Plaintiffs' Position:** Plaintiffs insist on a definitional correction with respect to the information to be included in Defendants' dispatch data. *See* Ex. A, ¶ 8. This clarification is necessary because Defendants previously provided dispatch data that did not include the information needed to assess it. Plaintiffs can provide examples to the Court of such deficiencies upon request. Without the date, time, location, and description information requested—if and when available— the dispatch data is useless to any meaningful evaluation of Defendants' compliance. Furthermore, culling the relevant underlying information pertaining to just 10 dispatch records every 3 weeks belies any suggestion of burden—and Plaintiffs' proposed language merely requests that this information be produced by Defendants if it is actually available to them.

**San Francisco's Position:**

LATHAM&WATKINS LLP

Respectfully submitted,

By: /s/ Alfred C. Pfeiffer, Jr.

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
Elisa Della-Piana, SBN 226462
Hadley Rood, SBN 348168
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org
hrood@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075

4

LATHAM&WATKINS LLP

>Brandon L. Greene, SBN 293783
>39 Drumm Street
>San Francisco, CA 94111
>Telephone: (415) 293-6333
>jdo@aclunc.org
>bgreene@aclunc.org
>
>*Attorneys for Plaintiffs Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*