# EXHIBIT B

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs*

*Additional Counsel Below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>    Plaintiffs.<br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**[PROPOSED] ORDER REGARDING ONGOING DISCOVERY TO ASSESS COMPLIANCE WITH THE COURT'S PRELIMINARY INJUNCTION**<br><br>**Judge:**        The Hon. Donna M. Ryu |

LATHAM & WATKINS LLP
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Elisa Della-Piana, SBN 226462
Hadley Rood, SBN 348168
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
edellapiana@lccrsf.org
hrood@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
bgreene@aclunc.org

**[PROPOSED] ORDER**

WHEREAS the Parties have met and conferred regarding the ongoing disclosures Plaintiffs seek to assess Defendants' compliance with the Court's Preliminary Injunction Order (Dkt. 65);

WHEREAS the Parties have agreed and stipulated to the following disclosures for this purpose to continue until the close of fact discovery,

WHEREAS this agreement is made without prejudice to Plaintiffs' seeking addition discovery in the future,

THEREFORE, it is **ORDERED** as follows:

<u>NOTICE OF ONGOING OPERATIONS</u>

1. Defendants shall provide to Plaintiffs' counsel 72-hour advance notice of the date, time, and cross street location of:

> [<u>**Plaintiff's Position:** any pre-planned homeless encampment operation involving two or more HSOC-participating agencies (including the San Francisco Police Department (SFPD), San Francisco Fire Department (SFFD), Department of Public Works (DPW), Department of Emergency Management (DEM), and Department of Homelessness and Supportive Housing (HSH)), and whenever Public Works posts a notice of planned removal of property or is required to do so as described in Section 4 of Public Works' current Bag and Tag policy.</u>]

> [**<u>Defendants' Position:</u>** ]

2. Defendants shall provide to Plaintiffs' counsel 24-hour advance notice of the date, time, and cross street location of any regular encampment cleanings conducted by Hot Spot crews, as described in Section 4 of Public Works' current Bag and Tag policy.

3. Updated notice shall be provided if the City's schedule changes within the designated notice period.

<u>ONGOING PERIODIC DOCUMENT DISCLOSURES</u>

4. **SFPD Data:** On a periodic basis, Defendants shall produce summary citation and arrest data and individual incident reports pertaining to enforcement of Cal. Penal Code § 148(a),

1

Cal. Penal Code§ 647(e), Cal. Penal Code§ 370, Cal. Penal Code§ 372, San Francisco Police Code §168, and San Francisco Police Code § 169 against unhoused individuals.

5. In addition, Defendants will also produce a summary list of SFPD incident report data, including the date, time, and location of each incident report, for incident descriptions that meet the following Boolean search terms for the immediately prior period: "homeless" AND "encampment", "homeless" AND "tent", or "homeless" AND "complaint."

6. Defendants will also provide a random sampling of 40 individual incident reports sampled from the SFPD Incident Report Titles selected by Plaintiffs for the relevant period, or sampled from the summary list of SPFD incident report data described above. The Parties will meet and confer and agree to adjust the randomization protocol if necessary. This stipulation expressly does not prohibit Plaintiffs from requesting incident reports for additional incidents beyond the random sampling set forth in this paragraph through ordinary fact discovery.

7. Defendants shall produce for each set of incident reports, upon request from Plaintiffs, bodycam footage related to 5 incidents, collectively totaling not more than 5 hours in length for each set. The Parties will meet and confer regarding Plaintiffs' request for bodycam footage as necessary to facilitate the request or if the total footage is longer than 5 hours in length. Defendants will make their best efforts to provide the requested footage as soon as practicable, but in any event no later than 14 days after the request. This stipulation expressly does not prohibit Plaintiffs from requesting additional bodycam footage for additional incidents or additional duration beyond the specific bodycam footage requests set forth in this paragraph through ordinary fact discovery.

8. On the same periodic basis, Defendants shall produce a random sampling of 10 individual DEM CAD reports, [**Plaintiff's Position:** including date, time, location, and underlying circumstances, description, or information available] [**Defendants' Position:** ], responsive to the following dispatch codes: Code 915 (homeless complaints), Code 919 (person sitting/lying on a sidewalk). The Parties will meet and confer and agree to adjust the randomization protocol if necessary. This stipulation expressly does not prohibit Plaintiffs from

2

requesting dispatch reports for additional dispatches beyond the random sampling set forth in this paragraph through ordinary fact discovery.

9. **DPW Data:** On a periodic basis, Defendants shall produce bag and tag logs of unhoused individuals' personal property.

10. **HSH Data:** On a periodic basis, Defendants shall produce daily shelter bed availability records maintained by HSH.

11. **HSOC Data:** On a periodic basis, Defendants shall produce HSOC post-encampment resolution reports, and pre-encampment resolution schedules.

12. **Compliance/Training Documents:** Defendants shall produce promptly after they are issued any department bulletins, training materials, or similar documents or memoranda regarding compliance with the Court's Preliminary Injunction (Dkt. 65).

13. Unless otherwise provided for, all above document disclosures from the three prior weeks shall be provided by Defendants to Plaintiffs every three weeks, until the close of fact discovery. These periodic productions will be suspended if the injunction is stayed or overturned. [**Plaintiffs' Position:** Additionally, Defendants shall provide all the above document disclosures from the date of entry of the Preliminary Injunction order to the present on an expedited basis and no later than Defendants' first periodic production pursuant to this Order.] [**Defendants' Position:** ]

**IT IS SO ORDERED.**

Dated: _____     _____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE