LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

April 4, 2023

**VIA ECF**

Hon. Donna M. Ryu, United States Magistrate Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re:    *Coalition on Homelessness, et. al. v. City and County of San Francisco, et. al.*,
              No. 4:22-cv-05502-DMR (N.D. Cal.)

Dear Judge Ryu,

    Plaintiffs submit this letter to address certain inaccuracies in Defendants' March 31, 2023 letter to the Court. Dkt. No. 118. Defendants incorrectly claim that Plaintiffs altered the substance of Plaintiffs' final compromise position after receiving Defendants' position by switching the terms "resolutions" and "sweeps" for "operations." But the substance of Plaintiffs' final compromise position remained unchanged before and after Defendants belatedly provided their portion of the discovery letter. As Plaintiffs previously explained to Defendants, the specific term used does not substantively change what disclosures Plaintiffs seek. In fact, Defendants had previously proposed the use of "encampment resolution" language. On March 3, 2023, Defendants' counsel proposed the following language regarding notice of planned homeless engagements:

> Defendants shall provide to Plaintiffs' counsel 72-hours advance notice of the date, time, and location of any *pre-planned homeless encampment resolution* involving two or more City departments. Specifically, the City will provide advance notice of HSOC and JFO pre-planned operations, *which are the only operations that the City understands to meet this definition*.

March 3, 2023 Email from R. Stevens (emphasis added).[1] Thus, Defendants' prior proposals demonstrate that Defendants themselves have equated the term "operation" with "resolution." Plaintiffs' non-substantive change to the specific language in their position in response to Defendants' position, first disclosed in their portion of the discovery letter on the day the joint letter was due, that any "operations" would not be subject to advance notice requirements if the term "resolution" is used instead, does not negate that the parties remain at an impasse regarding the extent to which Defendants should be required to provide notice of operations/resolutions. The issue is not whether "operations" or "resolutions" is the proper term, but whether Defendants should be required to provide notice of all such operations/resolutions or only ones officially run by HSOC or JFO (as unilaterally defined by Defendants), for which the parties are at an impasse.

Defendants also assert that they did not receive Plaintiffs' portion of the submitted joint letter until March 27th. That is factually incorrect. Plaintiffs first provided the portions of the joint letter to which Defendants finally responded on March 16th. The "revisions" Defendants point to are to a separate issue that Plaintiffs ultimately did not raise with the Court, but no changes were made to portions addressing the issues currently before the Court between March 16th and March 29th,

---

[1] Plaintiffs stand ready to submit a copy of the email in question should the Court request it, but wish to respect the Court's standing order against the filing of unauthorized exhibits.

after Plaintiffs first received Defendants' portion of the joint letter. *See* Dkt. No. 113 (unilateral letter explaining these same exact issues of dispute as of March 20, 2023).

Finally, Defendants' submission does not appear to have any changes from the version sent to Plaintiffs; thus, there was no reason Defendants could not have confirmed Plaintiffs could file the joint letter with Defendants' portion prior to the Court-ordered deadline for doing so, and Defendants' submission is accordingly untimely.[2]

> Respectfully submitted,
>
> By: */s/ Joseph H. Lee*
>
> LATHAM & WATKINS LLP
> Joseph H. Lee, SBN 248046
> 650 Town Center Drive, 20th Floor
> Costa Mesa, CA 92626
> Telephone: (714) 540-1235
> joseph.lee@lw.com
> LATHAM & WATKINS LLP
> Alfred C. Pfeiffer, Jr., SBN 120965
> Wesley Tiu, SBN 336580
> Kevin Wu, SBN 337101
> Tulin Gurer, SBN 303077
> 505 Montgomery Street, Ste. 2000
> San Francisco, CA 94111
> Telephone: (415) 391-0600
> al.pfeiffer@lw.com
> wesley.tiu@lw.com
> kevin.wu@lw.com
> tulin.gurer@lw.com
>
> LATHAM & WATKINS LLP
> Rachel Mitchell, SBN 344204
> 12670 High Bluff Drive
> San Diego, CA 92130
> Telephone: (858) 523-5400
> rachel.mitchell@lw.com
>
> LAWYERS' COMMITTEE FOR CIVIL
> RIGHTS OF THE SAN FRANCISCO BAY
> AREA

---

[2] Plaintiffs further object to Defendants filling a letter as part of their March 31, 2023 submission that included a redlined draft of Plaintiffs' portion. Plaintiffs did not give Defendants permission to do so. In contrast, Plaintiffs waited until almost midnight to see if Defendants would give their permission to file the joint letter with Defendants' positions, and when that permission did not come, did not include any portion of Defendants' position that Plaintiffs did not have authorization to file.

2

LATHAM&WATKINS LLP

        Zal K. Shroff, MJP 804620, *pro hac vice*
        Elisa Della-Piana, SBN 226462
        Hadley Rood, SBN 348168
        131 Steuart Street, Ste. 400
        San Francisco, CA 94105
        Telephone: (415) 543-9444
        zshroff@lccrsf.org
        edellapiana@lccrsf.org
        hrood@lccrsf.org

        ACLU FOUNDATION OF NORTHERN
        CALIFORNIA
        John Thomas H. Do, SBN 285075
        Brandon L. Greene, SBN 293783
        39 Drumm Street
        San Francisco, CA 94111
        Telephone: (415) 293-6333
        jdo@aclunc.org
        bgreene@aclunc.org

        *Attorneys for Plaintiffs Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*