[Counsel Identified on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., | CASE NO. 4:22-cv-05502-DMR |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT REPORT** |
| v. | **Judge:** The Hon. Donna M. Ryu |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | **Date:** May 25, 2023 |
| Defendants. | **Time:** 1:00 PM |
| | **Place:** Courtroom 4 – 3rd Floor 1301 Clay Street Oakland, CA 94612 |

Pursuant to Local Rules 16-9 and 16-10 and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Plaintiffs and Defendants submit this Joint Case Management Conference Statement.

## 1.      JURISDICTION AND SERVICE

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 42 U.S.C. § 12132, and 42 U.S.C. § 1983 because Plaintiffs' claims arise under the laws and Constitution of the United States.  This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.  All parties have been served.  San Francisco has challenged certain Plaintiffs' Article III standing.

## 2.      FACTS

A.      <u>Plaintiffs' Statement</u>:  San Francisco and its municipal departments have engaged in an unconstitutional operation to clear homeless encampments without providing sufficient and voluntary access to appropriate shelter within the City.  More than 4,000 San Franciscans have no access to shelter or housing in San Francisco.  Nonetheless, Defendants enforce laws that prevent unhoused residents from sheltering in public places when there is no meaningful alternative, in violation of the constitutional rights of unhoused people.  Specifically, the City threatens and issues citations, fines, and arrests to force unsheltered individuals to vacate public spaces even though the City knows these residents have nowhere else to go.  When City workers clear encampments, the City does not have enough appropriate shelter to offer all the individuals forced to move, nor does the City wait for shelter offers to be made before forcing individuals to vacate.  These acts violate the Eighth Amendment and the California Constitution's prohibition on Cruel and Unusual Punishment.  In addition to forced relocation, City workers seize and destroy valuable personal property and survival belongings of unhoused people without providing adequate prior notice or opportunity to recover the property, in violation of the City's own "bag-and-tag" policies.  These practices are in violation of the Fourth and Fourteenth Amendments and the corollary protections in the California Constitution.  By removing unhoused people from public spaces and destroying their personal property, the City further exposes its unhoused residents to harms in violation of the

1  Fourteenth Amendment and protections in the California Constitution against state-created
2  dangers.  San Francisco and its municipal agencies have openly conspired with one another such
3  that their conduct amounts to a civil rights conspiracy under Section 1983.  Defendants also
4  administer each of their government programs related to the elimination of homeless encampments
5  without providing adequate accommodation for unhoused individuals with disabilities, including
6  by failing to provide those individuals time to gather and safeguard their belongings, and by
7  offering shelter to unhoused people that is functionally inaccessible to them because of their
8  disabilities—in violation of the Americans with Disabilities Act and corollary California statutory
9  protections.  Not only are these practices unlawful, but they further entrench poverty, divert funds
10  away from supporting housing opportunities, and inflict untold trauma on vulnerable residents.
11  Defendants' conduct has continued despite the Court's issuance of a preliminary injunction order
12  to halt enforcement and threats of enforcement of sit/lie/sleep laws against the involuntarily
13  homeless and compel compliance with Defendants' own bag-and-tag policy.

14      B.    San Francisco's Statement: San Francisco is a national leader in providing services
15  and shelter to those suffering from homelessness. Plaintiffs' allegations regarding the Eighth
16  Amendment directly contravene San Francisco's homelessness policies, which ensure a person
17  experiencing homelessness is asked to leave an encampment only after the person has received an
18  offer of shelter and declined it, and data show a significant number of individuals at an
19  encampment decline offers of shelter. San Francisco's "bag and tag" policies specify that San
20  Francisco disposes of an item only upon determining it is trash, garbage, debris, broken furniture,
21  a discarded appliance, or presents an immediate health or safety risk such as hazardous sharps,
22  chemicals, items soiled by infectious or hazardous materials, and items infested by rodents or
23  insects, or is intermingled with refuse. Other items are bagged and tagged and stored 90 days at a
24  central warehouse with the exception of bulky items which are stored for 14 days. San Francisco
25  trains its employees on these policies, and through effective oversight ensures these policies are
26  followed. San Francisco's policies and practices surrounding homelessness are robust,
27  compassionate, and comply with applicable legal requirements.

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

**3.     LEGAL ISSUES**

The principal disputed legal issues are:

(a) whether Plaintiffs have met their burden to show San Francisco's customs, patterns, and/or practices violate the Eighth Amendment rights of the unhoused, as articulated by the Ninth Circuit in *Martin v. Boise* and its progeny like *Johnson v. Grants Pass*;

(b) whether Plaintiffs have met their burden to show San Francisco's customs, patterns, and/or practices violate the Fourth and Fourteenth Amendment rights of the unhoused by summarily seizing and/or destroying their personal property, without prior notice or opportunity to be heard;

(c) whether Plaintiffs have met their burden to show San Francisco's customs, patterns, and/or practices violate the Fourteenth Amendment rights of unhoused individuals to be free from state-created dangers;

(d) whether Plaintiffs have met their burden to show San Francisco's customs, patterns, and/or practices discriminate against unhoused individuals with disabilities, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*., by demanding unhoused people remove themselves and their belongings from public spaces without proper assistance or support, and without providing shelter that is appropriate for these individuals based on their disabilities;

(e) whether Plaintiffs have met their burden to show San Francisco's customs, patterns, and/or practices violate corollary California constitutional and statutory law;

(f) whether Plaintiffs have met their burden to show San Francisco's custom, pattern, and/or practice is to criminalize homelessness in the absence of available shelter and to destroy property of the unhoused notwithstanding several official City policies that preclude these practices;

(g) whether Plaintiffs have met their burden to show San Francisco's coordination and collaboration among City departments gives rise to civil rights conspiracy under Section 1983; and

(h) whether San Francisco is complying with the Court's preliminary injunction and whether the injunction is proper going forward.

**4.     MOTIONS**

    A.     **Prior Motions**

    <u>Plaintiffs' Motion for Preliminary Injunction:</u> Plaintiffs filed a motion for preliminary

injunction on September 27, 2022 (Dkt. 9). San Francisco opposed the motion on November 15, 2022 (Dkt. 45); and Plaintiffs filed a reply in support of the motion on December 1, 2022 (Dkt. 48). The Court heard argument on the motion on December 22, 2022 and issued a preliminary injunction on December 23, 2022 (Dkt. 65).

San Francisco's First Motion to Dismiss: San Francisco filed a motion to dismiss one cause of action and several defendants from Plaintiffs' Complaint on November 3, 2022 (Dkt. 41). Plaintiffs opposed the motion on November 17, 2022 (Dkt. 46), and San Francisco filed a reply in support of the motion on November 28, 2022 (Dkt. 47). The Court heard arguments on the motion to dismiss on January 12, 2023, and denied-in-part and granted-in-part the motion to dismiss. The Court gave Plaintiffs leave to file an amended complaint, which was filed on February 28, 2023.

San Francisco's Administrative Motion For Clarification of Preliminary Injunction Order; And In the Alternative For Expedited Briefing: San Francisco filed an administrative motion on January 3, 2023, seeking clarification of the Court's injunction, or in the alternative an expedited briefing schedule on the clarification motion (Dkt. 70), which Plaintiffs opposed on January 9, 2023 (Dkt. 81). The Court denied the motion at the January 12, 2023 hearing.

Plaintiff's Administrative Motion for Status Conference On Preliminary Injunction Noncompliance and Need for Monitoring: Plaintiffs filed a motion seeking a status conference on San Francisco's alleged noncompliance with the Court's injunction on January 6, 2023 (Dkt. 75), which San Francisco opposed on January 10, 2023 (Dkt. 82). The Court also denied the motion at the January 12, 2023 hearing.

San Francisco's Motion To Stay A Portion Of the Court's Order Pending Appeal: San Francisco filed a motion to stay a portion of the Court's injunction pending appeal to the Ninth Circuit on February 2, 2023 (Dkt. 97). Plaintiffs opposed the motion on February 16, 2023 (Dkt. 105), and San Francisco filed a reply in support of the motion on February 23, 2023 (Dkt. 109). On April 4, 2023, the Court denied the motion in full (Dkt. 119).

## B.   **Pending Motions**

San Francisco's Second Motion to Dismiss: San Francisco filed a second motion to dismiss Plaintiffs' Amended Complaint on March 14, 2023 (Dkt. 112). Plaintiffs opposed the motion on

1   March 28, 2023 (Dkt. 116), and San Francisco filed a reply brief in support of their motion on

2   April 20, 2023 (Dkt. 120).  San Francisco's second motion to dismiss is fully briefed and set to be

3   heard on May 25, 2023 at 1:00 p.m. along with the scheduled Further Case Management

4   Conference.

5           Parties' Joint Discovery Letter Brief: On April 18, 2023, the parties filed a joint discovery

6   letter brief to address the sole remaining dispute regarding the parties' stipulation for recurring

7   disclosures of certain records from San Francisco, specifically, to what extent San Francisco will

8   provide certain call and dispatch records on a periodic basis (Dkt. 123).  The Court is set to hear

9   arguments on the discovery dispute on May 25, 2023 at 1:00 p.m. along with the scheduled Further

10  Case Management Conference.

11          C.      **Anticipated Motions**

12          The parties anticipate filing other pre-trial motions, including one or more motions for

13  summary judgment. Plaintiffs have already raised with the Court previously their concerns

14  regarding potential non-compliance with the Court's preliminary injunction. Plaintiffs remain

15  concerned with compliance and may file an appropriate motion as needed.

16  **5.      AMENDMENT OF PLEADINGS**

17           On February 28, 2023, Plaintiffs filed an Amended Complaint removing the claims against

18  Mayor Breed and Sam Dodge in their official capacity. A motion to dismiss the amended complaint

19  is pending. The parties anticipate the deadline to amend the complaint, should any amendment be

20  necessary, will be informed by the Court's ruling on the pending motion.

21          A.      Plaintiffs' Statement: The Court's order on San Francisco's first motion to dismiss

22  permitted Plaintiffs to add claims against Mayor Breed or Sam Dodge in their individual capacity.

23  Although Plaintiffs raised new facts about Mayor Breed's personal role in directing homelessness

24  sweeps at the hearing on January 12, 2023, *see* Trans. Jan. 12, 2023, 7:1-8, Plaintiffs have still

25  been unable to fully assess the extent of any wrongdoing because Defendants' discovery

26  productions in response to Plaintiffs' Requests for Production and Interrogatories to date have been

27  deficient, as discussed *infra*, in Section 8.  Defendants' deficient discovery productions, thus far,

28

have compelled Plaintiffs to defer bringing claims against Mayor Breed in her personal capacity at this time.

**6.      EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Court's ESI Guidelines and confirm that they have discussed and taken steps to preserve ESI and will continue to do so.

**7.      DISCLOSURES**

As required by FRCP Rule 26(a)(1) and Rule 26(f), Plaintiffs served initial disclosures on December 28, 2022.  San Francisco served initial disclosures on January 5, 2023, pursuant to the Court's initial scheduling order.  *See* Dkt. No. 14.  The parties reserve the right to supplement their disclosures.

**8.      DISCOVERY**

The parties have served requests for productions and interrogatories, and have responded to such requests.  The parties have filed a proposed stipulated protective order for approval by the Court.  (Dkt. 125).  The parties have stipulated to 50 interrogatories per side.

<u>Plaintiffs' Statement</u>: Plaintiffs have served Defendants with both requests for production and requests for responses to interrogatories, but Defendants' responses to date have been deficient.

A.      **Document Productions**: Defendants' productions to date have largely failed to substantially respond to Plaintiffs' requests for production.  Defendants have not yet produced large swaths of responsive data that Plaintiffs have requested, and their production—despite nominally including thousands of pages—is largely tangential to the central enforcement, dispatch, and operational practice data on which Plaintiffs sought discovery. For example, although Plaintiffs have requested that Defendants produce responsive San Francisco Police Department ("SFPD") incident reports and SFPD computer aided dispatch ("CAD") reports, a set of documents that would number into the thousands, in the five months since Defendants' responses to Plaintiffs' discovery requests were due, Defendants have produced less than a hundred documents for each of these categories. Defendants have also yet to produce a significant number of their documents recording their relevant interactions with unhoused people in terms of property destruction/storage,

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

criminalization and enforcement, or provision of shelter—except for boilerplate policy documents that were largely already publicly available to Plaintiffs.  In addition, Defendants have not yet produced any email or text communications from Defendants' custodians.  Plaintiffs renewed their concerns about Defendants' inadequate productions by formal letter on February 10, 2023 and then thereafter by repeated email correspondence over months.  Plaintiffs and Defendants finally did meet-and-confer over the course of the last two and a half months to agree on which search terms should be used to collect responsive communications and which custodians should be included, and Defendants have committed to producing a first production of such documents by May 23, 2023.  Plaintiffs are now hopeful that the parties can make progress on these discovery issues based on recent productive discussions, but to date significant deficiencies remain. Plaintiffs' counsel have not filed public records requests with any public agency regarding this matter since January 1, 2023—and are relying on the discovery process as the appropriate mechanism to seek out information relevant to this matter.

      B.    **Interrogatories**: Defendants' responses to Plaintiffs' first set of requests for responses to interrogatories were also deficient.  Defendants objected to every interrogatory and refused to provide responses to the bulk of the interrogatories posed, claiming boilerplate objections. Among other issues, Defendants improperly refused to answer nearly a quarter of Plaintiffs' interrogatories on the unsubstantiated grounds that Plaintiffs had exceeded the number of agreed-upon interrogatories. As a result, Plaintiffs have not yet received substantive and satisfactory responses to their interrogatory requests.

      <u>San Francisco's Statement</u>:  Both Plaintiffs and San Francisco are engaging in rolling productions in response to document requests. San Francisco has produced more than 22,000 pages and anticipates a further production prior to the conference. These productions are in addition to voluminous Public Records Act requests plaintiffs and their counsel have continued to serve on the City.  The discovery issues Plaintiffs raised in their portion of this statement are not the subject of a pending discovery letter to the Court and it is inappropriate for Plaintiffs to short circuit the meet and confer process by raising them through the Case Management Statement. The parties are continuing to meet and confer regarding their mutual discovery obligations. Their last meet and

confer was on May 15 and the parties are scheduling a next conference for the first week of June after Plaintiffs have the opportunity to review Defendants' upcoming production. San Francisco disputes Plaintiffs' characterization of the discovery process, but because these issues are still being addressed through the meet and confer process, Defendants will wait to address Plaintiffs' assertions point-by-point until the parties reach an impasse.

**9.     CLASS ACTIONS**

This is not a class action.

**10.     RELATED CASES**

There are currently two related proceedings pending before the Ninth Circuit.

<u>San Francisco's Ninth Circuit Appeal of the Court's Preliminary Injunction Order:</u> On January 23, 2023, San Francisco filed a notice of appeal of the Court's preliminary injunction order in the Ninth Circuit. San Francisco filed its opening brief on February 21, 2023. Plaintiffs filed an answering brief on April 4, 2023, and San Francisco submitted a reply on April 25, 2023. The appeal is fully briefed, although no hearing date has been set. The Ninth Circuit has indicated it will likely hear arguments sometime between August and October 2023.

<u>San Francisco's Ninth Circuit Motion to Modify the Preliminary Injunction Order Pending Appeal</u>: On April 14, 2023, San Francisco filed a motion in the Ninth Circuit to modify the Court's preliminary injunction order pending San Francisco's appeal. Plaintiffs opposed the motion on April 24, 2023, and San Francisco filed a reply in support of the motion on May 1, 2023. The motion is fully briefed, although the Ninth Circuit has not set a hearing date.

**11.     RELIEF**

Plaintiffs request (1) that the Court declare that San Francisco's enforcement of statutes against unhoused people for lodging on public property and seizure and destruction of personal property belonging to the unhoused violates the U.S. and California Constitutions, 42 U.S.C. § 12131, Cal. Gov. Code § 11135, and 42 U.S.C. § 1983; (2) a permanent injunction precluding such enforcement; (3) that the Court issue an order compelling San Francisco to adequately train staff to comply with the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution; Article I, §§ 7(a), 13, and 17 of the California Constitution; (4) that the Court issue an order requiring San

Francisco to reasonably modify its programs to avoid discrimination against unhoused people on the basis of disability, pursuant to 42 U.S.C. § 12131 and Cal. Gov. Code § 11135; (5) that the Court issue an order requiring San Francisco to submit to regular monitoring and compliance checks by the Court or other body with appropriate enforcement powers at San Francisco's expense; (6) attorneys' fees and costs; and (7) other and further relief as the Court deems just and proper. San Francisco denies that Plaintiffs are entitled to relief.

## 12.   SETTLEMENT AND ADR

The parties have met and conferred regarding ADR.  The parties attempted to resolve the preliminary injunction motion in early October, shortly after it was filed, and had agreed to a prompt settlement conference before Judge Cisneros. On October 15, 2022, the Court referred the parties to Magistrate Judge Lisa J. Cisneros for a settlement conference (Dkt. 54). The parties met with Judge Cisneros for settlement conference proceedings on January 25, 2023. Each party subsequently met with Judge Cisneros independently several times after the settlement conference to explore the possibility of settlement. To date, the parties have not been able to reach a settlement agreement. The parties remain open to further settlement discussions, particularly after the Ninth Circuit issues an order on appeal.

## 13.   OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master,[1] or the Judicial Panel on Multidistrict Litigation.

## 14.   NARROWING OF ISSUES

The parties are not presently aware of additional issues that can be narrowed by agreement, but will continue to explore opportunities.  The parties will continue to meet and confer and assess issues that may be narrowed. The parties do not currently request that any issues, claims, or defenses be bifurcated.

---

[1] Plaintiffs' position is that a special master is appropriate for monitoring compliance of and enforcing any injunctive relief, whether preliminary or permanent, entered by the Court—due to the sheer number of interactions Defendants have with unhoused individuals and the complexity of monitoring those interactions.

**15.    EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**16.    SCHEDULING**

The Court's Case Management and Pretrial Order for Court Trial (Dkt. 85) set the following deadlines:

- All non-expert discovery shall be completed by July 28, 2023.
- Exports shall be disclosed and reported provided by August 25, 2023.
- Rebuttal experts shall be disclosed and reports provided by September 22, 2023.
- All discovery from experts shall be completed by October 6, 2023.
- The last day for hearing dispositive motions shall be January 25, 2024 at 1:00 p.m.

The parties have discussed and believe that an extension to the schedule will be necessary to allow sufficient time for ongoing fact discovery.  However, given that the parties are still meeting and conferring regarding threshold issues related to fact discovery and relating to the scope of document productions, the parties believe it is premature to propose a specific schedule to the Court.  Instead, the parties intend to return to the Court with a proposed updated schedule once the parties have a better sense of how much additional time will be needed to conduct fact discovery, so as to avoid potentially seeking multiple serial extensions to the schedule.

**17.    TRIAL**

Trial is currently set to begin on April 15, 2024 at 9:00 a.m. before the Court. The Court has set the length of the trial to be not more than 8 full trial days. (Dkt. 85).

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff Coalition on Homelessness its Certificate of Interested Entities or Persons, pursuant to L.R. 3-15 and on September 27, 2022. (Dkt. 4). Plaintiff Coalition on Homelessness has no update to its disclosures. San Francisco is not required to file a Certificate of Interested Entities or Persons because it is a governmental party. L.R. 3-15(a).

**19.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional

1    Conduct for the Northern District of California.

2    **20.    OTHER MATTERS**

3         The parties will continue to work together to facilitate the just, speedy, and inexpensive

4    disposition of the matter.

5

6    Dated: May 18, 2023                    Respectfully submitted,

7

8                        By: */s/ Alfred C. Pfeiffer, Jr.*

9                        LATHAM & WATKINS LLP
                         Alfred C. Pfeiffer, Jr., SBN 120965

10                       Wesley Tiu, SBN 336580
                         Kevin Wu, SBN 337101

11                       Tulin Gurer, SBN 303077
                         505 Montgomery Street, Ste 2000

12                       San Francisco, CA 94111
                         Telephone: (415) 391-0600

13                       al.pfeiffer@lw.com
                         wesley.tiu@lw.com

14                       kevin.wu@lw.com

15                       tulin.gurer@lw.com

16                       LATHAM & WATKINS LLP

17                       Joseph H. Lee, SBN 248046
                         650 Town Center Drive, 20th Floor

18                       Costa Mesa, CA 92626
                         Telephone: (714) 540-1235

19                       joseph.lee@lw.com

20                       LATHAM & WATKINS LLP

21                       Rachel Mitchell, SBN 344204
                         12670 High Bluff Drive

22                       San Diego, CA 92130
                         Telephone: (858) 523-5400

23                       rachel.mitchell@lw.com

24

25                       By: */s/ Zal K. Shroff*

26                       LAWYERS' COMMITTEE FOR CIVIL

27                       RIGHTS OF THE SAN FRANCISCO BAY
                         AREA

28                       Zal K. Shroff, MJP 804620, *pro hac vice*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org


By: */s/ John T. Do*

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah*
*Cronk, Joshua Donohoe, Molique Frank, David*
*Martinez, Teresa Sandoval, Nathaniel Vaughn*

Dated:  May 18, 2023          By: */s/ James M. Emery*

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
JAMES M. EMERY
EDMUND T. WANG
Deputy City Attorneys

*Attorneys for Defendants*
*City and County of San Francisco; San Francisco*
*Police Department; San Francisco Department of*
*Public Works; San Francisco Department of*
*Homelessness and Supportive Housing; San*
*Francisco Fire Department; San Francisco*
*Department of Emergency Management; Mayor*
*London Breed; Sam Dodge*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

12

1

**ATTESTATION**

2

      I, Alfred C. Pfeiffer, Jr., am the ECF user whose user ID and password authorized the

3

filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document

4

have concurred in this filing.

5

6

Dated:  May 18, 2023                         */s/ Alfred C. Pfeiffer, Jr.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR