UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 22-cv-05502-DMR<br><br>**ORDER ON MOTION TO DISMISS AND TO STRIKE**<br><br>Re: Dkt. No. 112 |

Defendants City and County of San Francisco ("San Francisco" or "the City"); San Francisco Police Department ("SFPD"); San Francisco Department of Public Works ("DPW"); San Francisco Department of Homelessness and Supportive Housing ("HSH"); San Francisco Fire Department ("SFFD"); and San Francisco Department of Emergency Management ("DEM"), move pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(f) to dismiss certain Plaintiffs from this action and to strike portions of the first amended complaint ("FAC"). [Docket No. 112.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted in part and denied in part.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Individual Plaintiffs Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn are current or formerly homeless residents of San Francisco. Along with Plaintiff Coalition on Homelessness, a non-profit advocacy organization, they filed a civil rights action under 42 U.S.C. § 1983 and state law against San Francisco, five San Francisco agencies, and San Francisco Mayor London Breed and Sam Dodge, Director of San Francisco Healthy Streets Operation Center ("HSOC"), in their official capacities. The lawsuit challenges the City's alleged "custom and practice of violating the constitutional

rights of unhoused people" in San Francisco. [Docket No. 111 (FAC) ¶ 2).] The alleged conduct includes Defendants' "enforce[ment of] a series of laws that prevent unhoused residents from sheltering in the City's open spaces when there is no other shelter available" and "campaign to seize and destroy the property of unhoused people with the express purpose of removing visible signs of homelessness from San Francisco's streets." *Id*. Specifically, Plaintiffs challenge San Francisco's alleged "custom and practice of citing, fining, and arresting—as well as threatening to cite, fine, and arrest—unsheltered persons to force them to 'move along' from public sidewalks and parks" even though it lacks adequate shelter to offer these individuals, thus "punishing residents who have nowhere to go." *Id*. at ¶¶ 5, 6. They also challenge San Francisco's alleged summary seizure and destruction of homeless individuals' personal property and survival belongings without adequate prior notice or opportunities to recover their property. *Id*. at ¶ 8.

Plaintiffs filed the complaint on September 27, 2022 asserting thirteen claims for relief. Shortly thereafter, Plaintiffs moved for a preliminary injunction on their Eighth and Fourth Amendment claims, which the court granted in part and denied in part on December 23, 2022. *Coalition on Homelessness v. City & Cnty. of San Francisco*, No. 22-CV-05502-DMR, ---F. Supp. 3d---, 2022 WL 17905114, at *28 (N.D. Cal. Dec. 23, 2022). Defendants moved pursuant to Rule 12(b)(6) to dismiss all claims against SFPD, DPW, HSH, DEM, and SSFD (the "Departmental Defendants"); Breed and Dodge in their official capacities; and the thirteenth claim for conspiracy. On January 12, 2023, the court granted the motion in part. Specifically, it dismissed Plaintiffs' claims against Breed and Dodge in their official capacities as duplicative and granted Plaintiffs leave to amend to add claims against Breed and/or Dodge in their individual capacities. [Docket No. 84 (Jan. 12, 2023 Order).] The court ordered Plaintiffs to "promptly provide a draft of their amended complaint to Defendants" so that the parties could meet and confer regarding the sufficiency of the amendments "to avoid the need for motion practice." *Id*. It ordered Plaintiffs to file an amended complaint by February 28, 2023. *Id*. Plaintiffs timely filed the FAC. [Docket No. 111.] The FAC drops Breed and Dodge as Defendants but adds factual allegations about their involvement in the challenged conduct.

Defendants now move pursuant to Rule 12(b)(1) to dismiss the individual Plaintiffs on the

1  ground that they lack Article III standing. They also move to dismiss and/or strike the purportedly
2  new factual allegations about Breed and Dodge under Rule 12(f).

3  **II.    LEGAL STANDARDS**

4      **A.    Rule 12(b)(1)**

5  A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject
6  matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of
7  subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by
8  prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve
9  a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation
10 and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a
11 facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242
12 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are
13 insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d
14 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that,
15 by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge
16 permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the
17 plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed
18 material facts "will not preclude the trial court from evaluating for itself the merits of
19 jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations
20 omitted).

21     **B.    Rule 12(f)**

22 Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an
23 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is
24 "immaterial" when it "has no essential or important relationship to the claim for relief or the
25 defenses being pleaded, while '[i]mpertinent' matter consists of statements that do not pertain, and
26 are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th
27 Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function
28 of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from

litigating spurious issues by dispensing of those issues before trial, and such a motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527-28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy*, 984 F.2d at 1528). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014) (citations omitted).

### III.  DISCUSSION

#### A.  Motion to Dismiss Individual Plaintiffs

Defendants move to dismiss certain claims brought by the individual Plaintiffs because they lack Article III standing to pursue injunctive relief. They ask the court to dismiss all claims brought by Plaintiffs Vaughn, Castaño, and Frank, and to dismiss a subset of claims brought by Plaintiffs Sandoval, Martinez, Cronk, and Donohoe.

Article III standing requires three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A plaintiff must demonstrate constitutional standing separately for each form of relief sought." *Davidson v. Kimberly Clark*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000)). A plaintiff seeking injunctive relief must demonstrate a "real or immediate threat that they will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1982) (quotation omitted). "[T]he injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* at 102 (citations omitted). "A plaintiff threatened with

4

future injury has standing to sue 'if the threatened injury is certainly impending, or there is a substantial risk the harm will occur.'" *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018) (quotation marks omitted) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013))).

Defendants argue that Plaintiffs Sandoval, Martinez, Cronk, and Donohoe lack Article III standing to pursue claims for violation of the Eighth Amendment to the United States Constitution and Article I, § 17 of the California Constitution (claims one and two) because they do not allege that they have been cited, arrested, or prosecuted for being involuntarily homeless. Mot. 8. Defendants do not challenge this subset of Plaintiffs' standing to assert any other claims. Defendants also argue that Plaintiffs Vaughn, Castaño, and Frank lack Article III standing to bring any claims because they are not currently homeless and therefore are not at imminent risk of being exposed to any illegal conduct, although they do not analyze any specific claims for relief on behalf of this group of Plaintiffs. *Id.* at 6-7. Defendants do not challenge the Coalition on Homelessness's standing to bring any of the claims in this action.

"The general rule applicable to federal court suits with multiple plaintiffs is that once the court determines that one of the plaintiffs has standing, it need not decide the standing of the others." *Leonard v. Clark*, 12 F.3d 885, 888 (9th Cir. 1993) (citing *Carey v. Population Services Int'l,* 431 U.S. 678, 682 (1977)); *accord Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 523 (9th Cir. 2009) ("As a general rule, in an injunctive case this court need not address standing of each plaintiff if it concludes that one plaintiff has standing.").

Here, Plaintiffs seek declaratory relief, injunctive relief, mandate relief, and attorneys' fees and costs. FAC 98-101, Prayer for Relief. The Coalition on Homelessness unquestionably has standing to pursue all forms of relief sought through this lawsuit. Under these circumstances, Ninth Circuit law dictates that the court need not address Defendants' standing arguments as to the individual plaintiffs. *See, e.g., Ctr. for Env't Health v. Perdue*, No. 18-CV-01763-RS, 2018 WL 9662437, at *4 (N.D. Cal. Aug. 21, 2018) (declining to reach standing arguments where organizational plaintiff had standing to bring claims on behalf of its members); *Animal Legal Def. Fund v. HVFG LLC*, 939 F. Supp. 2d 992, 999 (N.D. Cal. 2013) (concluding that one plaintiff had

1  Article III standing and stating "[i]t is not now necessary to consider whether [remaining plaintiff]
2  has Article III standing"; denying motion to dismiss for lack of standing).  Accordingly,
3  Defendants' motion to dismiss the individual Plaintiffs for lack of Article III standing is denied.

### B. Motion to Strike New Factual Allegations

Defendants next argue that the FAC adds new factual allegations that go beyond the scope of the court's order granting Plaintiffs leave to amend.  They ask the court to dismiss paragraphs 10, 43-43-46, 241, and 243-244.  In the alternative, they ask the court to strike the same paragraphs as redundant, immaterial, and impertinent.  Mot. 9-10.

Defendants assert that the court granted Plaintiffs leave to amend to add claims against "Breed and/or Dodge in their individual capacities."  *See* Jan. 12, 2023 Order 1.  The FAC dropped Breed and Dodge as Defendants in their official capacities and did not add claims against them in their individual capacities.  Defendants contend that the FAC adds new factual allegations about Breed and Dodge that "are not in support of a claim against Mayor Breed or Mr. Dodge in their personal capacities."  Mot. 10.  Accordingly, Defendants argue, the amended paragraphs (10, 43-46, 241, 243-44) are beyond the scope of the court's order and violate Rule 15.  *Id.*

The court has examined the challenged paragraphs.  Many of the new paragraphs contain allegations that are similar or identical to allegations that originally appeared in the complaint.  *Compare* Compl. ¶¶ 43, 44, 46 *with* FAC ¶¶ 52-54.  Other paragraphs (10, 45, 241, 243, 244) contain some new allegations about Breed (and to a lesser extent Dodge) and her involvement in allegedly "unconstitutional sweeps," direction of San Francisco officials to take actions with respect to particular homeless individuals she has observed, and alleged motivations for such actions.  Plaintiffs assert that these allegations "provide additional color and context of allegations that already existed in the original complaint" or are otherwise substantiated in the factual record for the motion for preliminary injunction.  Opp'n 17.

The court granted Plaintiffs leave to add claims against Breed and Dodge in their individual capacities.  The FAC does not assert claims against Breed and Dodge in any capacity.  Accordingly, the court concludes that the portions of the challenged paragraphs in the FAC that did not appear in the original complaint go beyond the scope of the court's order granting leave to

amend. Plaintiffs argue that they did not add claims against Breed in her individual capacity because they have been unable to assess the extent of any wrongdoing by her Breed in her personal capacity in discovery to date. Opp'n 16. Plaintiffs may seek leave to add claims against Breed or Dodge based on information learned in discovery upon a showing of good cause to modify the court's scheduling order under Rule 16(b)(4) and if they can satisfy Rule 15(a).

Within seven days of this order, Plaintiffs shall provide Defendants with a proposed second amended complaint that is consistent with this order. The parties shall then immediately meet and confer regarding the proposed deletions to attempt to avoid the need for motion practice. Plaintiffs' second amended complaint is due within 14 days of the date of this order.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the FAC is granted in part and denied in part. Plaintiffs' second amended complaint is due within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: May 23, 2023



Donna M. Ryu
Chief Magistrate Judge