1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  JAMES M. EMERY, State Bar #153630
   EDMUND T. WANG, State Bar #278755
6  RYAN C. STEVENS, State Bar #306409
   KAITLYN MURPHY, State Bar #293309
7  MIGUEL A. GRADILLA, State Bar #304125
   Deputy City Attorneys
8  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
9  San Francisco, California 94102-4682
   Telephone:     (415) 554-4675 (Snodgrass)
10                 (415) 554-4628 (Emery)
                   (415) 554-3857 (Wang)
11                 (415) 554-3975 (Stevens)
                   (415) 554-6762 (Murphy)
12                 (415) 554-3870 (Gradilla)
   Facsimile:     (415) 554-4699
13 E-mail:        wayne.snodgrass@sfcityatty.org
                  jim.emery@sfcityatty.org
14                edmund.wang@sfcityatty.org
                  ryan.stevens@sfcityatty.org
15                kaitlyn.murphy@sfcityatty.org
                  miguel.gradilla@sfcityatty.org
16
   Attorneys for Defendants
17 CITY AND COUNTY OF SAN FRANCISCO, et al.

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20

21 COALITION ON HOMELESSNESS; TORO        Case No. 4:22-cv-05502-DMR (LJC)
   CASTAÑO; SARAH CRONK; JOSHUA
22 DONOHOE; MOLIQUE FRANK; DAVID          **DEFENDANTS' ANSWER TO SECOND
   MARTINEZ; TERESA SANDOVAL;             AMENDED COMPLAINT FOR
23 NATHANIEL VAUGHN,                       DECLARATORY AND INJUNCTIVE RELIEF
                                          (ECF NO. 135)**
24        Plaintiffs,

25        vs.                             Trial Date:       April 15, 2024

26 CITY AND COUNTY OF SAN
   FRANCISCO, et al.,
27
          Defendants.
28

Defendants City and County of San Francisco, et al. (collectively "San Francisco" or "Defendants") hereby respond to the Second Amended Complaint ("Complaint") filed on June 6, 2023, by Plaintiffs Coalition On Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn, as follows:

**INTRODUCTION**

1. Responding to paragraph 1 of the Complaint, denied.

2. Responding to paragraph 2 of the Complaint, denied.

3. Responding to paragraph 3 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

4. Responding to paragraph 4 of the Complaint, San Francisco admits it established an interagency task force called the Healthy Streets Operation Center ("HSOC"), that agencies including SFPD, DPW, DEM and HSH have participated in HOSC, and that Mayor Breed has celebrated the HSOC program, praised its success, and sought additional funding for it. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

5. Responding to paragraph 5 of the Complaint, denied.

6. Responding to paragraph 6 of the Complaint, San Francisco denies it is punishing residents who have nowhere to go. The remaining allegations of this paragraph state legal conclusions to which no response is required.

7. Responding to paragraph 7 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers

that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

8. Responding to paragraph 8 of the Complaint, denied.

9. Responding to paragraph 9 of the Complaint, denied.

10. Responding to paragraph 10 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

11. Responding to paragraph 11 of the Complaint, denied.

12. Responding to paragraph 12 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

13. Responding to paragraph 13 of the Complaint, San Francisco admits the identity of the eight plaintiffs in this action. San Francisco denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

14. Responding to paragraph 14 of the Complaint, admitted.

15. Responding to paragraph 15 of the Complaint, San Francisco denies Plaintiffs are entitled to the relief they seek.

16. Responding to paragraph 16 of the Complaint, San Francisco denies the Court has jurisdiction over this case because Plaintiffs lack Article III standing.

17.     Responding to paragraph 17 of the Complaint, San Francisco states that to the extent Plaintiffs have standing and cognizable claims, venue is proper in this district.

18.     Responding to paragraph 18 of the Complaint, San Francisco admits that the conduct about which Plaintiffs complain occurred in the City and County of San Francisco. The remaining allegations in this paragraph contain legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the remaining allegations in this paragraph.

**PARTIES**

19.     Responding to paragraph 19 of the Complaint, San Francisco admits the existence of Plaintiff Coalition on Homelessness. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

20.     Responding to paragraph 20 of the Complaint, San Francisco admits Mayor Breed opposed this measure. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

21.     Responding to paragraph 21 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

22.     Responding to paragraph 22 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

23.     Responding to paragraph 23 of the Complaint, San Francisco admits the existence of Plaintiff Nathaniel Vaughn, but lacks sufficient information as to the remaining allegations in the first three sentences of this paragraph, and on that basis, denies the allegations. San Francisco denies either the SFPD or DPW harassed Plaintiff. San Francisco admits it settled a small claims action with Plaintiff Vaughn while his action was on appeal. The settlement on appeal of his claim vacated the small claims court judgment in his favor and any factual findings of the small claims court. San Francisco denies it participated in any unlawful conduct.

24.     Responding to paragraph 24 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

25.     Responding to paragraph 25 of the Complaint, San Francisco admits the existence of Plaintiff Toro Castaño, but lacks sufficient information as to the remaining allegations in the first three sentences of this paragraph, and on that basis, denies the allegations. San Francisco admits Mr. Castaño was cited in August of 2020 after he rejected multiple offers of shelter and became verbally and physically combative with San Francisco employees. San Francisco further admits it settled a property claim with Mr. Castaño, including signing a release of all claims, both known and unknown, against the City. San Francisco admits it settled a small claims action with Plaintiff Castaño while his action was on appeal. The settlement on appeal of his claim vacated the small claims court judgment in his favor and any factual findings of the small claims court. San Francisco denies either the SFPD or DPW harassed Plaintiff or unlawfully destroyed his property. San Francisco denies they participated in any unlawful conduct.

26.     Responding to paragraph 26 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

27.     Responding to paragraph 27 of the Complaint, San Francisco admits the existence of Plaintiff Molique Frank, but lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

28.     Responding to paragraph 28 of the Complaint, San Francisco denies any San Francisco employee ever harassed or assaulted Plaintiff Frank. San Francisco admits it settled a small claims action with Plaintiff Frank without an admission of liability. San Francisco denies it participated in any unlawful conduct.

29.     Responding to paragraph 29 of the Complaint, San Francisco admits that it provided Plaintiff Frank housing during COVID-19 and that the City has sunsetted some of its COVID-19 specific policies now that the state of emergency has lifted. San Francisco denies that it evicted Mr. Frank or any other resident in his building; when the Good Cohort Winter Shelter program closed in October 2022, all qualified residents, including Mr. Frank, were offered transfers to an alternative site. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

30.     Responding to paragraph 30 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

31.     Responding to paragraph 31 of the Complaint, San Francisco admits the existence of Plaintiff Teresa Sandoval and denies that any City and County of San Francisco employee harassed Plaintiff Sandoval or took their property in violation of the City's bag and tag policy. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

32.     Responding to paragraph 32 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

33.     Responding to paragraph 33 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

34.     Responding to paragraph 34 of the Complaint, San Francisco denies that any employee of the City and County of San Francisco harassed Plaintiff Martinez or that any City employee

unlawfully threatened him. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

35.     Responding to paragraph 35 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

36.     Responding to paragraph 36 of the Complaint, San Francisco admits the existence of Plaintiff Sarah Cronk and Plaintiff Joshua Donahoe and denies that any City and County of San Francisco employee harassed or unlawfully disturbed them or took their property in violation of the City's bag and tag policy. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

37.     Responding to paragraph 37 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

38.     Responding to paragraph 38 of the Complaint, San Francisco admits the existence of Plaintiff Joshua Donohoe and denies that any City and County of San Francisco employee harassed, threatened, or unlawfully disturbed Plaintiff Donohoe or took his property in violation of the City's bag and tag policy. San Francisco denies that Mr. Donohoe is homeless and lives in a tent; since February 2023, Mr. Donohoe has had a place at the Ellis Semi-Congregate Shelter. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

39.     Responding to paragraph 39 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

40.     Responding to paragraph 40 of the Complaint, San Francisco admits that the City and County of San Francisco is a municipal corporation organized under the laws of the State of California and denies the remaining allegations in this paragraph.

41.     Responding to paragraph 41 of the Complaint, San Francisco admits it established an interagency task force called the Healthy Streets Operation Center ("HSOC"). San Francisco denies the remaining allegations in this paragraph.

42.     Responding to paragraph 42 of the Complaint, admitted.

43.     Responding to paragraph 43 of the Complaint, San Francisco admits that Mayor Breed has celebrated the City's practices, that she has invested, sought additional funding for, and praised HSOC. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

44.     Responding to paragraph 44 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

45.     Responding to paragraph 45 of the Complaint, San Francisco admits Mr. Sam Dodge is the director of HSOC and denies the remaining allegations in this paragraph.

46.     Responding to paragraph 46 of the Complaint, San Francisco admits the San Francisco Police Department ("SFPD") is an agency of the City and County of San Francisco. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

47.     Responding to paragraph 47 of the Complaint, San Francisco admits that Mr. William Scott is the Chief of Police. To the extent Plaintiffs allege Chief Scott is the final decision maker for the SFPD, this paragraph contains mere characterizations of the Complaint, which do not require a response. San Francisco denies the remaining allegations in this paragraph.

48.     Responding to paragraph 48 of the Complaint, San Francisco admits that the San Francisco Department of Public Works ("DPW") is an agency of the City and County of San Francisco and denies the remaining allegations in this paragraph.

49.     Responding to paragraph 49 of the Complaint, San Francisco admits that Ms. Carla Short is the Interim Director of DPW. To the extent Plaintiffs allege Ms. Short is the final decision maker for DPW, this paragraph contains mere characterizations of the Complaint, which do not require a response. San Francisco denies the remaining allegations in this paragraph.

50.     Responding to paragraph 50 of the Complaint, San Francisco admits that the San Francisco Department of Homelessness and Supportive Housing ("HSH") is an agency of the City and County of San Francisco and that the Homeless Outreach Team ("HOT") assists other City agencies. San Francisco denies the remaining allegations in this paragraph.

51.     Responding to paragraph 51 of the Complaint, denied.

52.     Responding to paragraph 52 of the Complaint, San Francisco admits that the San Francisco Fire Department ("SFFD") is an agency of the City and County of San Francisco that participates in HSOC resolutions and denies the remaining allegations in this paragraph.

53.     Responding to paragraph 53 of the Complaint, San Francisco admits SFFD participates in HSOC resolutions and denies the remaining allegations in this paragraph.

54.     Responding to paragraph 54 of the Complaint, San Francisco admits that the San Francisco Department of Emergency Management ("DEM") is an agency of the City and County of San Francisco, which houses HSOC and employs its director, and hosts meetings regarding HSOC resolutions. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

55.     Responding to paragraph 55 of the Complaint, San Francisco admits that Mary Ellen Carol is the Director of DEM, that Director Carol has spoken publicly about HSOC resolutions, and

that she supervises HSOC. To the extent Plaintiffs allege Director Carol is the final decision maker for DEM, this paragraph contains mere characterizations of the Complaint, which do not require a response. San Francisco denies the remaining allegations in this paragraph.

HISTORICAL AND FACTUAL BACKGROUND

56.     Responding to paragraph 56 of the Complaint, San Francisco admits San Francisco is experiencing the national homelessness crisis and that there are persons experiencing homelessness in San Francisco. The City and County of San Francisco admits that like many social ills the homelessness crisis disproportionately impacts residents of color. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

57.     Responding to paragraph 57 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

58.     Responding to paragraph 58 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

59.     Responding to paragraph 59 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily

adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

60.     Responding to paragraph 60 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

61.     Responding to paragraph 61 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

62.     Responding to paragraph 62 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

63.     Responding to paragraph 63 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

64.     Responding to paragraph 64 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

65.     Responding to paragraph 65 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

66.     Responding to paragraph 66 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

67.     Responding to paragraph 67 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

68.     Responding to paragraph 68 of the Complaint, San Francisco admits that the Police and Port Code sections cited in this paragraph are validly enacted laws. The remaining allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not

necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

69.     Responding to paragraph 69 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations. San Francisco admits that like most cities, Black and Brown communities are overrepresented in San Francisco's homeless population. San Francisco denies the remaining allegations in this paragraph.

70.     Responding to paragraph 70 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

71.     Responding to paragraph 71 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

72.     Responding to paragraph 72 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent

that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

73.     Responding to paragraph 73 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

74.     Responding to paragraph 74 of the Complaint, San Francisco states that the allegations regarding a "prudent investment" is Plaintiffs' opinion, to which no response is required. The remaining allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

75.     Responding to paragraph 75 of the Complaint, denied.

76.     Responding to paragraph 76 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

77.     Responding to paragraph 77 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

78.     Responding to paragraph 78 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

## FACTUAL ALLEGATIONS

79.     Responding to paragraph 79 of the Complaint, San Francisco admits it lacks sufficient shelter to accommodate all persons experiencing homelessness in the City. San Francisco denies it conducts "sweeps."  San Francisco conducts regular homeless outreach operations across the City.

80.     Responding to paragraph 80 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

81.     Responding to paragraph 81 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

82.     Responding to paragraph 82 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

83.     Responding to paragraph 83 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

84.     Responding to paragraph 84 of the Complaint, San Francisco admits that since March 2020, on-demand access to shelter has been limited, and San Francisco admits its 311 waitlist was discontinued after March 2020. San Francisco denies the remaining allegations in this paragraph.

85.     Responding to paragraph 85 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

86.     Responding to paragraph 86 of the Complaint, San Francisco admits that prior to March 2020, at times, not all persons in line for one-night shelter stays were accommodated. San Francisco lacks information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

87.     Responding to paragraph 87 of the Complaint, San Francisco admits it closed the 311 waitlist after the start of the COVID-19 pandemic, and as of the date of this answer the 311 waitlist remains closed. San Francisco admits that since April 2020, opportunities for self-referral to shelter remain limited; self-referral to shelter is available through San Francisco's inclement weather responses, the interfaith winter shelter program, and at sites that accept self-referral (e.g., Dolores Adult Shelter, BVHM, Hamilton Pregnant Person Pilot, and Oasis Family Shelter Program). Shelter self-referrals have also been available through the Tenderloin Linkage Center and through SFHOT outreach activities. San Francisco denies the remaining allegations in this paragraph.

88. Responding to paragraph 88 of the Complaint, San Francisco admits on-demand access to shelter is generally not available to all who seek it. Shelter is available to those who request it through SFHOT outreach activities. Family shelter is available through Family Access Points, and beds are regularly available in family congregate shelter. San Francisco denies the remaining allegations in this paragraph.

89. Responding to paragraph 89 of the Complaint, denied.

90. Responding to paragraph 90 of the Complaint, denied.

91. Responding to paragraph 91 of the Complaint, San Francisco admits that SF Police Code Section 168 was enacted in 2010, and that SF Park Code Section 3.13 was also enacted. These codes are the best source of their contents. San Francisco denies the remaining allegations in this paragraph.

92. Responding to paragraph 92 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

93. Responding to paragraph 93 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

94. Responding to paragraph 94 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

95.     Responding to paragraph 95 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

96.     Responding to paragraph 96 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

97.     Responding to paragraph 97 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

98.     Responding to paragraph 98 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

99.     Responding to paragraph 99 of the Complaint, San Francisco admits it maintains written policies consistent with applicable federal, state, and local standards. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

100.     Responding to paragraph 100 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

101.     Responding to paragraph 101 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic

1   documents are the best source of their full content and context. San Francisco does not necessarily

2   adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent

3   that the allegations do not reflect the extrinsic documents' full content and context, San Francisco

4   denies the allegations.

5          102.    Responding to paragraph 102 of the Complaint, the allegations in this paragraph of the

6   Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic

7   documents are the best source of their full content and context. San Francisco does not necessarily

8   adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent

9   that the allegations do not reflect the extrinsic documents' full content and context, San Francisco

10  denies the allegations.

11         103.    Responding to paragraph 103 of the Complaint, admitted. To the extent the allegations

12  in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco

13  avers that the extrinsic document is the best source of its full content and context. San Francisco does

14  not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document.

15  To the extent that the allegations do not reflect the extrinsic document's full content and context, San

16  Francisco denies the allegations.

17         104.    Responding to paragraph 104 of the Complaint, San Francisco admits that the HSOC

18  Director is a city employee and directs HSOC's daily operations. To the extent the allegations in this

19  paragraph of the Complaint purport to describe or quote an extrinsic document, the extrinsic document

20  is the best source of its full content and context. San Francisco does not necessarily adopt the truth of

21  the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations

22  do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

23         105.    Responding to paragraph 105 of the Complaint, San Francisco denies that HSOC

24  conducts "sweeps."  HSOC conducts homeless outreach operations. San Francisco admits HSOC at

25  times coordinates with other City departments on various projects. To the extent the allegations in this

26  paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers

27  that the extrinsic document is the best source of its full content and context. San Francisco does not

28  necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To

the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

106.    Responding to paragraph 106 of the Complaint, San Francisco states that HSOC is a compassionate, service-based response to homelessness. The remaining allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

107.    Responding to paragraph 107 of the Complaint, denied. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

108.    Responding to paragraph 108 of the Complaint, San Francisco admits HSOC focuses on connecting unhoused people with services. San Francisco admits a significant number of individuals who receive shelter offers at HSOC outreach operations decline those shelter offers. There are many reasons an individual might decline a shelter offer. San Francisco maintains approximately 11,000 supportive housing units. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

109.    Responding to paragraph 109 of the Complaint, this paragraph comprises argument to which no response is required. To the extent any allegation in this paragraph requires a response, San

Francisco denies it. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

110.     Responding to paragraph 110 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

111.     Responding to paragraph 111 of the Complaint, San Francisco admits that an HSOC homeless outreach operation typically extends for two hours or more. San Francisco admits the City identifies the location for an HSOC outreach operation in advance. San Francisco admits that its participating agencies typically coordinate daily. San Francisco denies the remaining allegations in this paragraph.

112.     Responding to paragraph 112 of the Complaint, San Francisco admits that some encampment resolutions occur in the morning. San Francisco admits that DPW provides individuals at an encampment resolution with time to pack and move their belongings when moving is necessary. San Francisco denies the remaining allegations in this paragraph.

113.     Responding to paragraph 113 of the Complaint, San Francisco admits that SFHOT members extend shelter offers to unhoused individuals at HSOC outreach operations. HOT members are first on scene to lead with services, offering shelter and CE Assessments.

114.     Responding to paragraph 114 of the Complaint, denied.

115.     Responding to paragraph 115 of the Complaint, San Francisco admits that SFHOT outreach workers offer shelter and services to unhoused individuals at an encampment. San Francisco denies the remaining allegations in this paragraph.

116.     Responding to paragraph 116 of the Complaint, San Francisco admits that DPW workers clean in and around encampment resolutions and in some instances that may involve power washing the street and/or sidewalk. San Francisco denies the remaining allegations in this paragraph.

117.     Responding to paragraph 117 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution, that DPW discards items from encampment resolutions consistent with its bag and tag policy, and that to do so DPW may bring specialized vehicles to the resolution. San Francisco denies the remaining allegations in this paragraph.

118.     Responding to paragraph 118 of the Complaint, denied.

119.     Responding to paragraph 119 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

120.     Responding to paragraph 120 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

121.     Responding to paragraph 121 of the Complaint, San Francisco admits that DPW differentiates between trash an unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies that DPW consistently finishes its operations around 9:30 a.m. San Francisco denies the remaining allegations in this paragraph.

1    122.    Responding to paragraph 122 of the Complaint, the allegations in this paragraph of the

2    Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic

3    document is the best source of its full content and context. San Francisco does not necessarily adopt

4    the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the

5    allegations do not reflect the extrinsic document's full content and context, San Francisco denies the

6    allegations. San Francisco denies that it engages in "sweeps" or that SFPD routinely threaten unhoused

7    individuals. San Francisco denies the remaining allegations in this paragraph.

8    123.    Responding to paragraph 123 of the Complaint, denied.

9    124.    Responding to paragraph 124 of the Complaint, denied.

10    125.    Responding to paragraph 125 of the Complaint, San Francisco admits that SFHOT

11    members offer shelter to all unhoused persons at an HSOC outreach operation. San Francisco denies

12    the remaining allegations in this paragraph.

13    126.    Responding to paragraph 126 of the Complaint, San Francisco admits there are

14    occasions when the available shelter beds do not align with an individual's needs, for example, when

15    the individual is not able to manage activities of daily living ("ADLs"), is incontinent, or if only top

16    bunks are available. San Francisco denies the remaining allegations in this paragraph.

17    127.    Responding to paragraph 127 of the Complaint, denied.

18    128.    Responding to paragraph 128 of the Complaint, denied.

19    129.    Responding to paragraph 129 of the Complaint, denied.

20    130.    Responding to paragraph 130 of the Complaint, this paragraph comprises legal

21    conclusions and argument to which no response is required. To the extent any allegation in this

22    paragraph requires a response, San Francisco denies it.

23    131.    Responding to paragraph 131 of the Complaint, San Francisco denies there are no

24    opportunities for individuals to request access to shelter. San Francisco admits that since April 2020,

25    opportunities for self-referral to shelter remain limited; self-referral to shelter is available through San

26    Francisco's inclement weather responses, the interfaith winter shelter program, and at sites that accept

27    self-referral (e.g., Dolores Adult Shelter, BVHM, Hamilton Pregnant Person Pilot, and Oasis Family

28    Shelter Program). Shelter self-referrals have also been available through the Tenderloin Linkage

Center and through SFHOT outreach activities. San Francisco declines to respond to the legal conclusions and argument in this paragraph. San Francisco denies the remaining allegations in this paragraph.

132. Responding to paragraph 132 of the Complaint, denied.

133. Responding to paragraph 133 of the Complaint, San Francisco admits it allocates sufficient shelter beds to HSOC to accommodate the number of homeless individuals the City reasonably expects to accept a shelter offer. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

134. Responding to paragraph 134 of the Complaint, denied.

135. Responding to paragraph 135 of the Complaint, San Francisco admits its policy requires an offer of shelter or housing prior to ordering the permeant removal of a tent or encampment. San Francisco denies the remaining allegations in this paragraph.

136. Responding to paragraph 136 of the Complaint, San Francisco admits its HSOC homeless outreach operations occur more often than bi-weekly, offering shelter and services to hundreds of unhoused people each year.  San Francisco denies the remaining allegations in this paragraph.

137. Responding to paragraph 137 of the Complaint, San Francisco admits that HSOC's participating agencies generally coordinate daily, review past homeless outreach operations, and discuss future operations. San Francisco denies the remaining allegations in this paragraph.

138. Responding to paragraph 138 of the Complaint, San Francisco states that its written Bag and Tag Policies speak for themselves (See Dkt No. 62-1). To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To

the extent that the allegations do not reflect the extrinsic document's full content and context, San

Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

139.    Responding to paragraph 139 of the Complaint, San Francisco admits its policies

provide for 72-hour notice of HSOC homeless outreach operations. San Francisco states that the notes

of an HSOC meeting speak for themselves. To the extent the allegations in this paragraph of the

Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic

document is the best source of its full content and context. San Francisco does not necessarily adopt

the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the

allegations do not reflect the extrinsic document's full content and context, San Francisco denies the

allegations. San Francisco denies the remaining allegations in this paragraph.

140.    Responding to paragraph 140 of the Complaint, San Francisco admits that DPW

differentiates between trash and unattended property at an encampment resolution, that DPW discards

items from encampment resolutions consistent with its bag and tag policy, and that to do so DPW may

bring specialized vehicles to the resolution. San Francisco denies the remaining allegations in this

paragraph.

141.    Responding to paragraph 141 of the Complaint, denied. DPW discards items from

encampment resolutions consistent with its bag and tag policy.

142.    Responding to paragraph 142 of the Complaint, denied. DPW discards items from

encampment resolutions consistent with its bag and tag policy.

143.    Responding to paragraph 143 of the Complaint, denied. DPW discards items from

encampment resolutions consistent with its bag and tag policy.

144.    Responding to paragraph 144 of the Complaint, this paragraph contains legal

contentions or conclusions, which do not require a response. To the extent a response is required, San

Francisco denies the allegations in this paragraph.

145.    Responding to paragraph 145 of the Complaint, San Francisco states that DPW does

maintain a "bag and tag" policy and that DPW employees do bag and tag property consistent with that

policy. San Francisco denies the remaining allegations in this paragraph.

146.    Responding to paragraph 146 of the Complaint, denied.

147.     Responding to paragraph 147 of the Complaint, San Francisco denies that it conducts any "sweeps."  San Francisco admits that it conducts homeless outreach outside of its HSOC operations. San Francisco denies the remaining allegations in this paragraph.

148.     Responding to paragraph 148 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco admits that it receives calls for service regarding homeless individuals on a daily basis and denies that it threatens unhoused or homeless individuals to arrest or cite them for being homeless when no services are offered or available. Many calls for service entail unhoused persons occupying private property, which does not always implicate SFPD Bulletin No. 10-080. San Francisco denies the remaining allegations in this paragraph.

149.     Responding to paragraph 149 of the Complaint, San Francisco admits that SFPD enforces lawful statutes, ordinances, and codes across the City at all hours, but denies the remaining allegations in this paragraph.

150.     Responding to paragraph 150 of the Complaint, denied. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

151.     Responding to paragraph 151 of the Complaint, San Francisco admits DPW performs street cleaning in different neighborhoods across San Francisco on a daily basis and that this work brings them into contact with tourists and residents, including persons experiencing homelessness. San Francisco denies the remaining allegations in this paragraph.

152.    Responding to paragraph 152 of the Complaint, this paragraph states a mere characterization of the facts to which no response is required. To the extent a response is required, San Francisco denies the allegations.

153.    Responding to paragraph 153 of the Complaint, San Francisco denies that they do not keep "appropriate records" of their activity. The remaining allegations in paragraph state a mere characterization of the facts to which no response is required. To the extent a response is required, San Francisco denies the allegations.

154.    Responding to paragraph 154 of the Complaint, denied.

155.    Responding to paragraph 155 of the Complaint, denied.

156.    Responding to paragraph 156 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

157.    Responding to paragraph 157 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

158.    Responding to paragraph 158 of the Complaint, San Francisco denies that either SFPD or DWP engage in unlawful "sweep operations."

159.    Responding to paragraph 159 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the

allegations. San Francisco denies that SFPD engages in widespread enforcement of quality of life offenses or criminalizes homelessness.

160.    Responding to paragraph 160 of the Complaint, denied. Additionally, for the dispatches that did occur during the referenced time period, the majority are logged as either Gone or Arrival or Unable to Locate, indicating contact with an individual likely did not occur.

161.    Responding to paragraph 161 of the Complaint, San Francisco admits that SFPD cited or arrested an individual under California Penal Code section 647(e) at least 360 times during the referenced period, but denies that each of those individuals was unhoused.

162.    Responding to paragraph 162 of the Complaint, San Francisco cited or arrested fewer than 2,652 individuals for a violation of California Penal Code section 148(a) during the referenced time period. Additionally, San Francisco denies that all of those individuals were unhoused.

163.    Responding to paragraph 163 of the Complaint, San Francisco admits that the previous paragraphs do not contain citations for a violation of San Francisco Park Code or Penal Code sections 370 or 372, but deny Plaintiffs' description of those statutes as quality of life offenses targeting unhoused individuals.

164.    Responding to paragraph 164 of the Complaint, denied.

165.    Responding to paragraph 165 of the Complaint, denied.

166.    Responding to paragraph 166 of the Complaint, San Francisco admits that DPW crew use bag and tag logs when property is collected and stored pursuant to department policy. San Francisco denies the remaining allegations in this paragraph.

167.    Responding to paragraph 167 of the Complaint, San Francisco admits the amount of property logged by DPW during the time at issue, but denies that it ever removed individuals during an encampment resolution.

168.    Responding to paragraph 168 of the Complaint, denied.

169.    Responding to paragraph 169 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the

allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

170.     Responding to paragraph 170 of the Complaint, San Francisco admits that the City Attorney's Office receives government claim forms, including claim forms for individual alleging the City destroyed their property. San Francisco admits that the City has settled some of these claims and that the collective amount of those settlements exceeds $100,000. San Francisco denies liability for the claims alleged in these actions. San Francisco denies the remaining allegations in this paragraph.

171.     Responding to paragraph 171 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco further states that after the small claims actions to which Plaintiffs refer were appealed and then settled, the underlying small claims court judgments were rendered void. San Francisco disputes the allegations Plaintiffs made in these claims.

172.     Responding to paragraph 172 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

173.     Responding to paragraph 173 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

174.     Responding to paragraph 174 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

175.     Responding to paragraph 175 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

176.     Responding to paragraph 176 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

177.     Responding to paragraph 177 of the Complaint, San Francisco denies that HSOC resolutions displace individuals in large numbers on a daily basis. San Francisco lacks sufficient information to determine the truth of the remaining allegations in this paragraph and deny them on that basis.

178.     Responding to paragraph 178 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

179.     Responding to paragraph 179 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

180.     Responding to paragraph 180 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

181.     Responding to paragraph 181 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

182.     Responding to paragraph 182 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

183.     Responding to paragraph 183 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

184.     Responding to paragraph 184 of the Complaint, San Francisco recognizes the existence of Plaintiff Coalition on Homelessness. San Francisco lacks sufficient information to determine the truth of the remaining allegations in this paragraph and deny them on that basis.

185.     Responding to paragraph 185 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

186.     Responding to paragraph 186 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies it participated in any unlawful conduct.

187.     Responding to paragraph 187 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

188.     Responding to paragraph 188 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

189.     Responding to paragraph 189 of the Complaint, San Francisco denies it engaged in any unlawful conduct during the encampment resolutions identified in this paragraph.

190.     Responding to paragraph 190 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

191.     Responding to paragraph 191 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

192.     Responding to paragraph 192 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

193.     Responding to paragraph 193 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

194.     Responding to paragraph 194 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

195.     Responding to paragraph 195 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

196.     Responding to paragraph 196 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

197.     Responding to paragraph 197 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

198.     Responding to paragraph 198 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

199.     Responding to paragraph 199 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

200.     Responding to paragraph 200 of the Complaint, San Francisco admits that there are some unhoused individuals in San Francisco living with a disability. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks sufficient information to determine the truth of the remaining allegations in this paragraph and deny them on that basis.

201.     Responding to paragraph 201 of the Complaint, San Francisco denies it fails to provide reasonable accommodations as required by state or federal disability law. San Francisco denies they participated in any unlawful conduct.

202.     Responding to paragraph 202 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

203.     Responding to paragraph 203 of the Complaint, San Francisco admits DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

204.     Responding to paragraph 204 of the Complaint, San Francisco lacks sufficient information to determine what Coalition on Homelessness volunteers observed. San Francisco denies it participated in any unlawful conduct. San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment

resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

205.     Responding to paragraph 205 of the Complaint, denied.

206.     Responding to paragraph 206 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

207.     Responding to paragraph 207 of the Complaint, denied.

208.     Responding to paragraph 208 of the Complaint, San Francisco lacks sufficient information to determine how unhoused individuals use their property. San Francisco denies the any remaining allegations in this paragraph.

209.     Responding to paragraph 209 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

210.     Responding to paragraph 210 of the Complaint, San Francisco admits that it discards certain items in public spaces consistent with DPW policies. San Francisco denies it participated in any unlawful conduct. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

211.     Responding to paragraph 211 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

212.     Responding to paragraph 212 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

213.     Responding to paragraph 213 of the Complaint, San Francisco denies that encampment resolutions expose individuals to violent crime. The remaining allegations in this paragraph purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

214.     Responding to paragraph 214 of the Complaint, denied.

215.     Responding to paragraph 215 of the Complaint, San Francisco denies it has a custom and practice of criminalizing homelessness, or of exposing individuals to serious dangers that impact their health, or that it carries out its activities without appropriately addressing the needs of unhoused individuals who are disabled. The remaining allegations in this paragraph contain legal contentions or

conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

216.    Responding to paragraph 216 of the Complaint, San Francisco admits that SFPD, DPW, HSH, DEM, and SFFD participate in HSOC resolutions. San Francisco denies the remaining allegations in this paragraph.

217.    Responding to paragraph 217 of the Complaint, denied. San Francisco denies it participated in any unlawful conduct.

218.    Responding to paragraph 218 of the Complaint, denied. San Francisco denies it participated in any unlawful conduct.

219.    Responding to paragraph 219 of the Complaint, San Francisco admits its HOT team members make shelter offers to homeless individuals. San Francisco denies the remaining allegations in this paragraph.

220.    Responding to paragraph 220 of the Complaint, San Francisco admits that DPW, SFPD. and SFFD participate in HSOC resolutions. San Francisco denies the remaining allegations in this paragraph.

221.    Responding to paragraph 221 of the Complaint, San Francisco admits that the Department of Emergency Management ("DEM") coordinates multi-agency operations to perform outreach and offer housing and other services to the unhoused population. San Francisco further admits that DEM hosts daily and weekly HSOC meetings with, inter alia, the listed departments to plan future HSOC operations. San Francisco denies this paragraph's remaining allegations.

222.    Responding to paragraph 222 of the Complaint, San Francisco admits that Samuel Dodge takes an active role in coordinating HSOC operations. San Francisco denies this paragraph's remaining allegations.

223.    Responding to paragraph 223 of the Complaint, San Francisco admits that Mayor Breed has expressly called for law enforcement to remove unhoused individuals from public property and that Mayor Breed has made public statements that the City does not have enough affordable housing or shelter to meet its needs. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best

source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

224.    Responding to paragraph 224 of the Complaint, denied. San Francisco denies they participated in any unlawful conduct.

225.    Responding to paragraph 225 of the Complaint, San Francisco denies it has engaged in any unconstitutional conduct and admit that the City and County of San Francisco regularly engaged with advocates to collaborate on modifications to City policy.

226.    Responding to paragraph 226 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotations attributed to City employees and therefore denies them. San Francisco denies the remaining allegations in this paragraph.

227.    Responding to paragraph 227 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies it participated in any unlawful conduct.

228.    Responding to paragraph 228 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotations attributed to City employees and therefore denies them. San Francisco denies the remaining allegations in this paragraph.

229.    Responding to paragraph 229 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotation attributed to a former City employee and therefore denies the remaining allegations in this paragraph.

230.    Responding to paragraph 230 of the Complaint, San Francisco denies a "categorical failure" of the bag and tag policy. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the

facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

231.     Responding to paragraph 231 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotation attributed to a former City employee and therefore denies it. San Francisco denies the remaining allegations in this paragraph.

232.     Responding to paragraph 232 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

233.     Responding to paragraph 233 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotation attributed to a former City employee and therefore denies it. San Francisco denies the remaining allegations in this paragraph

234.     Responding to paragraph 234 of the Complaint, San Francisco responds that the referenced document speaks for itself. San Francisco denies the remaining allegations in this paragraph.

235.     Responding to paragraph 235 of the Complaint, San Francisco responds that the referenced documents speak for themselves. San Francisco denies the remaining allegations in this paragraph.

236.     Responding to paragraph 236 of the Complaint, San Francisco responds that the referenced document speaks for itself. San Francisco denies the remaining allegations in this paragraph.

237.     Responding to paragraph 237 of the Complaint, to the extent the allegations in this paragraph purport to describe or quote extrinsic documents, San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent

that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

238.     Responding to paragraph 238 of the Complaint, San Francisco admits that initial daily HSOC shelter allocations are typically assigned at approximately 8:30 each morning, and those initial allocations are adjusted as necessary to accommodate any unanticipated need. San Francisco denies the remaining allegations in this paragraph.

239.     Responding to paragraph 239 of the Complaint, the referenced documents speak for themselves. San Francisco denies HSOC received no shelter allocation on October 30, 2020. San Francisco denies the remaining allegations in this paragraph.

240.     Responding to paragraph 240 of the Complaint, San Francisco denies that it enforces its sit/lie/sleep laws against an individual without offering them shelter. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

241.     Responding to paragraph 241 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the allegations in this paragraph.

242.     Responding to paragraph 242 of the Complaint, San Francisco denies that DPW's bag and tag policy has not been updated since prior to 2021 or that DPW has not performed training on the current bag and tag policy. San Francisco admits that DPW enforces its bag and tag policy. San Francisco also denies that it had "repeated property destruction practices." San Francisco admits it has entered into settlement agreements to resolve certain small claims action regarding property. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic

document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

243.     Responding to paragraph 243 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

244.     Responding to paragraph 244 of the Complaint, San Francisco denies that it unlawfully destroyed Plaintiff Vaughn's property and admit the City settled a small claims action with Plaintiff Vaughn while the action was on appeal. The settlement on appeal of his claim vacated the small claims court judgment in his favor and any factual findings of the small claims court. San Francisco denies it participated in any unlawful conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

245.     Responding to paragraph 245 of the Complaint, San Francisco denies it threatened Plaintiff Vaughn and lack information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

246.     Responding to paragraph 246 of the Complaint, San Francisco admits that it enforces the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff Castaño's property. San Francisco denies the remaining allegations in this paragraph.

247.     Responding to paragraph 247 of the Complaint, San Francisco admits the settled a small claims action with Plaintiff Castaño while is action was on appeal. The settlement on appeal of his claim vacated the small claims court judgment in his favor and any factual findings of the small claims court. San Francisco denies it participated in any unlawful conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

248.     Responding to paragraph 248 of the Complaint, San Francisco admits that it enforces the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff

1  Frank's property. San Francisco also denies its employees assaulted Plaintiff Frank. San Francisco

2  denies the remaining allegations in this paragraph.

3      249.    Responding to paragraph 249 of the Complaint, San Francisco admits it settled a small

4  claims action with Plaintiff Frank. San Francisco denies it participated in any unlawful conduct. San

5  Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that

6  basis, denies the allegations.

7      250.    Responding to paragraph 250 of the Complaint, San Francisco admits that it enforces

8  the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff

9  Sandoval's property. San Francisco lacks information and belief as to the remaining allegations in this

10  paragraph, and on that basis, denies the allegations.

11      251.    Responding to paragraph 251 of the Complaint, San Francisco denies that it has

12  engaged in any unlawful conduct. San Francisco lacks information and belief as to the remaining

13  allegations in this paragraph, and on that basis, denies the allegations.

14      252.    Responding to paragraph 252 of the Complaint, San Francisco admits that it enforces

15  the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff

16  Martinez's property. San Francisco lacks information and belief as to the remaining allegations in this

17  paragraph, and on that basis, denies the allegations.

18      253.    Responding to paragraph 253 of the Complaint, San Francisco denies that its employees

19  unlawfully engaged with Mr. Martinez. San Francisco lacks sufficient information to admit or deny

20  the remaining allegations in this paragraph, and on that basis denies them.

21      254.    Responding to paragraph 254 of the Complaint, San Francisco denies that its employees

22  unlawfully engaged with Ms. Cronk or Mr. Donohoe on the dates alleged. San Francisco lacks

23  sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis

24  denies them.

25      255.    Responding to paragraph 255 of the Complaint, San Francisco lacks information and

26  belief as to the allegations in this paragraph, and on that basis, denies the allegations.

27      256.    Responding to paragraph 256 of the Complaint, denied. San Francisco denies they

28  participated in any unlawful conduct.

257.   Responding to paragraph 257 of the Complaint, denied. San Francisco denies they participated in any unlawful conduct.

258.   Responding to paragraph 258 of the Complaint, denied. San Francisco denies they participated in any unlawful conduct.

259.   Responding to paragraph 259 of the Complaint, San Francisco denies they participated in any unlawful conduct. This paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

**First Cause of Action**

**Violation of Prohibition Against Cruel and Unusual Punishment
Under the Eighth Amendment to the U.S. Constitution
Pursuant to 42 U.S.C. § 1983**

260.   Responding to paragraph 260 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

261.   Responding to paragraph 261 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

262.   Responding to paragraph 262 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

263.   Responding to paragraph 263 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

264.   Responding to paragraph 264 of the Complaint, San Francisco admits it lacks sufficient shelter to accommodate all persons experiencing homelessness in the City. San Francisco conducts regular homeless outreach operations in the City. San Francisco denies the remaining allegations in this paragraph.

265.    Responding to paragraph 265 of the Complaint, San Francisco denies that it enforces the referenced code sections without an offer of shelter. San Francisco denies that it has unlawfully enforced any of the code sections referenced in this paragraph that were also the subject of the Court's injunction.

266.    Responding to paragraph 266 of the Complaint, denied.

267.    Responding to paragraph 267 of the Complaint, San Francisco denies that either their practices or policy regarding bagging and tagging property is unlawful.

268.    Responding to paragraph 268 of the Complaint, San Francisco admits there are occasions when the available shelter beds do not align with an individual's needs, for example, when the individual is not able to manage Activities of Daily Living ("ADLs"), is incontinent, or if only top bunks are available. San Francisco denies the remaining allegations in this paragraph.

269.    Responding to paragraph 269 of the Complaint, San Francisco denies that it has taken any unlawful action on the basis of an individual's status as a person experiencing homelessness. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations. San Francisco denies they participated in any unlawful conduct.

270.    Responding to paragraph 270 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

### Second Cause of Action

**Violation of Prohibition Against Cruel and Unusual Punishment
Under Article I, § 17 of the California Constitution**

271.    Responding to paragraph 271 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

272.    Responding to paragraph 272 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

273.     Responding to paragraph 273 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

274.     Responding to paragraph 274 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

275.     Responding to paragraph 275 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

**Third Cause of Action**

**No Probable Cause: Unreasonable Search and Seizure**
**Under the Fourth Amendment to the U.S. Constitution**
**Pursuant to 42 U.S.C. § 1983**

276.     Responding to paragraph 276 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

277.     Responding to paragraph 277 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

278.     Responding to paragraph 278 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

279.     Responding to paragraph 279 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

280.     Responding to paragraph 280 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

281.     Responding to paragraph 281 of the Complaint, denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

282. Responding to paragraph 282 of the Complaint, denied.

**Fourth Cause of Action**

**No Probable Cause: Unreasonable Search and Seizure
Under Article I, § 13 of the California Constitution**

283. Responding to paragraph 283 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

284. Responding to paragraph 284 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

285. Responding to paragraph 285 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

**Fifth Cause of Action**

**Property Destruction: Unreasonable Search and Seizure
Under the Fourth Amendment to the U.S. Constitution
Pursuant to 42 U.S.C. § 1983**

286. Responding to paragraph 286 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

287. Responding to paragraph 287 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

288. Responding to paragraph 288 of the Complaint, denied.

289. Responding to paragraph 289 of the Complaint, denied.

290. Responding to paragraph 290 of the Complaint, denied.

291. Responding to paragraph 291 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

### Sixth Cause of Action

### Property Destruction: Unreasonable Search and Seizure
### Under Article I, § 13 of the California Constitution

292.     Responding to paragraph 292 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

293.     Responding to paragraph 293 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

294.     Responding to paragraph 294 of the Complaint, denied.

295.     Responding to paragraph 295 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

### Seventh Cause of Action

### Violation of Procedural Due Process
### Under the Fourteenth Amendment to the U.S. Constitution
### Pursuant to 42 U.S.C. § 1983

296.     Responding to paragraph 296 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

297.     Responding to paragraph 297 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

298.     Responding to paragraph 298 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

299.     Responding to paragraph 299 of the Complaint, denied.

300.     Responding to paragraph 300 of the Complaint, denied.

301.     Responding to paragraph 301 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

**Eighth Cause of Action**

**Violation of Procedural Due Process**
**Under Article I, §§ 7(a), 15 of the California Constitution**

302.    Responding to paragraph 302 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

303.    Responding to paragraph 303 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

304.    Responding to paragraph 304 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

305.    Responding to paragraph 305 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

**Ninth Cause of Action**

**Exposure to a State-Created Danger**
**Under the Fourteenth Amendment to the U.S. Constitution**
**Pursuant to 42 U.S.C. § 1983**

306.    Responding to paragraph 306 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

307.    Responding to paragraph 307 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

308.    Responding to paragraph 308 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

309.    Responding to paragraph 309 of the Complaint, denied.

310.    Responding to paragraph 310 of the Complaint, denied.

311.    Responding to paragraph 311 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

312.    Responding to paragraph 312 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

313.    Responding to paragraph 313 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

**Tenth Cause of Action**

**Exposure to a State-Created Danger**
**Under Article I, § 7(a) of the California Constitution**

314.    Responding to paragraph 314 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

315.    Responding to paragraph 315 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

316.    Responding to paragraph 316 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

317.    Responding to paragraph 317 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

**Eleventh Cause of Action**

**Discrimination Against Persons With Disabilities**
**Under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.***

318.    Responding to paragraph 318 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

319.    Responding to paragraph 319 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

320.    Responding to paragraph 320 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

321.    Responding to paragraph 321 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

322.    Responding to paragraph 322 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

323.    Responding to paragraph 323 of the Complaint, denied.

324.    Responding to paragraph 324 of the Complaint, denied.

325.    Responding to paragraph 325 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

326.    Responding to paragraph 326 of the Complaint, San Francisco lacks sufficient information to determine whether Ms. Sandoval and "a significant number of unhoused individuals served by Plaintiff Coalition on Homelessness" have physical or mental disabilities. The remainder of this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

### Twelfth Cause of Action

**Discrimination Against Persons With Disabilities**
**Under Cal. Gov. Code § 11135**

327.    Responding to paragraph 327 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

328.    Responding to paragraph 328 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

329.    Responding to paragraph 329 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

330.    Responding to paragraph 330 of the Complaint, San Francisco lacks sufficient information to determine whether Ms. Sandoval and "a significant number of unhoused individuals served by Plaintiff Coalition on Homelessness" have physical or mental disabilities. The remainder of this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

### Thirteenth Cause of Action

### Conspiracy to Deprive Plaintiffs of Their Constitutional Rights
### Pursuant to 42 U.S.C. § 1983

331.    Responding to paragraph 331 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

332.    Responding to paragraph 332 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

333.    Responding to paragraph 333 of the Complaint, denied.

334.    Responding to paragraph 334 of the Complaint, denied.

335.    Responding to paragraph 335 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

### ANSWER TO PRAYER

San Francisco denies each and every legal conclusion and factual assertion in Plaintiffs' prayer for relief, and further deny that Plaintiffs are entitled to any of the relief sought.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SEPARATE AFFIRMATIVE DEFENSES

San Francisco alleges on information and belief the following affirmative defenses. By setting forth these affirmative defenses, San Francisco does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs with Plaintiffs. Moreover, nothing stated in any of these affirmative defenses is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations.

San Francisco presently has insufficient knowledge or information on which to form a belief as to whether i may have additional, as yet unstated, defenses available. San Francisco reserves the right to assert additional defenses in the event that discovery indicates that it would be appropriate.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Complaint should be denied, in whole or in part, because Plaintiffs failed to state facts sufficient to constitute a cause of action under applicable law.

### SECOND AFFIRMATIVE DEFENSE

#### (Standing)

The Complaint, and all claims asserted therein, are barred in whole or in part to the extent that Plaintiffs lack standing to assert the claims and/or seek the requested relief.

### THIRD AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

San Francisco alleges that Plaintiffs had full knowledge of the risks involved in the activity in which they were engaged at the time of the incident set forth in the complaint herein; that Plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the them was caused by said risks that were accepted and voluntarily assumed by them.

### FOURTH AFFIRMATIVE DEFENSE

#### (Not A Proximate Cause)

San Francisco states that any act or omission on the part of the answering defendants, their agents or employees, was not the proximate cause of plaintiffs' injury.

1

**FIFTH AFFIRMATIVE DEFENSE**

2

(Estoppel)

3

By reason of Plaintiffs' own acts and omissions Plaintiffs are estopped from seeking any

4

recovery from San Francisco by reason of the allegations set forth in the complaint.

5

**SIXTH AFFIRMATIVE DEFENSE**

6

(Good Faith)

7

San Francisco alleges that the employees, officials and agents of defendants were at all times

8

material hereto acting with both subjective and objective good faith, such that any claim for relief that

9

plaintiffs may have is barred by law.

10

**SEVENTH AFFIRMATIVE DEFENSE**

11

(Unclean Hands)

12

As a separate and affirmative defense to the complaint and to each and every allegation set

13

forth therein, San Francisco alleges that the complaint and each cause of action therein are barred by

14

the doctrine of unclean hands.

15

**EIGHTH AFFIRMATIVE DEFENSE**

16

(Waiver)

17

The Complaint, and all claims asserted therein, are barred in whole or in part to the extent

18

Plaintiffs waived such claims.

19

**NINTH AFFIRMATIVE DEFENSE**

20

(Statute of Limitations)

21

San Francisco alleges that the complaint is barred by the statute of limitations.

22

**TENTH AFFIRMATIVE DEFENSE**

23

(Res Judicata)

24

To the extent any of the allegations in the Complaint have been previously litigated, those

25

allegations and/or the Complaint, and each cause of action therein, are barred by the doctrine of *res*

26

*judicata* and collateral estoppel.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Acts of Third Parties)

San Francisco states that Plaintiffs' injuries were caused by the negligence or other act or omission of third parties, and San Francisco is entitled to equitable and statutory indemnity from such third parties.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Separation of Powers)

The Complaint, and all claims asserted therein, are barred to the extent the relief Plaintiffs seek would vest the judiciary with the power, right, or ability to expend public funds and/or deprive San Francisco's legislative branch of the right to exercise its discretion to expend public funds.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Improper Allocation of Funds)

This court lacks jurisdiction over the subject matter of this action, which is to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (State Law Provides Remedy)

The Complaint is barred because state law provides a remedy for the destruction of personal property by a government employee. *See Hudson v. Palmer*, 468 U.S. 517 (1984).

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Defendants Not Proper Parties)

Defendants are not separate and distinct legal entities and thus not proper parties to this litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Moot)

Plaintiffs' Complaint is moot.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Proper Enforcement of Law)

California Government Code Section 820.4 provides that a public employee is not liable for injuries inflicted by his or her acts or omissions committed "in the execution or enforcement of any law" while exercising due care.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Fundamental Alteration)

Plaintiffs' Complaint is barred in that the relief sought would require San Francisco to alter fundamentally San Francisco's services and programs.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Unreasonable Modification)

Plaintiffs' Complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on San Francisco and would require unreasonable modifications to the programs and services.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Not Entities)

The Complaint is barred because Plaintiffs seek relief under the Americans with Disabilities Act allegedly because of acts or omissions of City employees who are not entities within the meaning of the Act.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Comprehensive System or Plan)

San Francisco have a comprehensive system or plan which is effectively providing appropriate services, programs, and facilities to Plaintiffs and any purported class.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Entitlement)

To the extent that Plaintiffs' Complaint alleges entitlement to services or programs that are not being provided, some or all plaintiffs or their representatives have themselves failed to demonstrate eligibility or entitlement to such services or programs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Request)

Plaintiffs' Complaint is barred because plaintiffs have failed to request either reasonable accommodation or auxiliary aid(s) as contemplated by all applicable law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Historic Structures)

Plaintiffs' Complaint is barred because San Francisco is not required to make the requested modifications to historic structures.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Structural Impracticability)

Plaintiffs' Complaint is barred because San Francisco is not required to make modifications that are structurally impracticable.

**PRAYER**

WHEREFORE, San Francisco prays for judgment as follows:

1.      The Plaintiffs take nothing from San Francisco by way of this action;

2.      The Complaint be dismissed with prejudice and judgment entered in favor of the San Francisco;

3.      San Francisco be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper.

Dated:  June 20, 2023

1

2                                          DAVID CHIU
                                           City Attorney
3                                          YVONNE R. MERÉ
                                           WAYNE SNODGRASS
                                           MEREDITH B. OSBORN
4                                          JAMES M. EMERY
                                           EDMUND T. WANG
5                                          RYAN C. STEVENS
                                           KAITLYN MURPHY
6                                          MIGUEL A. GRADILLA
                                           Deputy City Attorneys

7

8                              By:    /s/Kaitlyn Murphy
                                           KAITLYN MURPHY
9                                          Attorneys for Defendants
                                           CITY AND COUNTY OF SAN FRANCISCO; SAN
10                                         FRANCISCO POLICE DEPARTMENT; SAN
                                           FRANCISCO DEPARTMENT OF PUBLIC WORKS;
11                                         SAN FRANCISCO DEPARTMENT OF
                                           HOMELESSNESS AND SUPPORTIVE HOUSING;
12                                         SAN FRANCISCO FIRE DEPARTMENT; SAN
                                           FRANCISCO DEPARTMENT OF EMERGENCY
13                                         MANAGEMENT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28