DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
RYAN C. STEVENS, State Bar #306409
KAITLYN MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:      (415) 554-4675 (Snodgrass)
                (415) 554-4628 (Emery)
                (415) 554-3857 (Wang)
                (415) 554-3975 (Stevens)
                (415) 554-6762 (Murphy)
                (415) 554-3870 (Gradilla)
Facsimile:      (415) 554-4699
E-mail:         wayne.snodgrass@sfcityatty.org
                jim.emery@sfcityatty.org
                edmund.wang@sfcityatty.org
                ryan.stevens@sfcityatty.org
                kaitlyn.murphy@sfcityatty.org
                miguel.gradilla@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, ET AL.'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Trial Date:          April 15, 2024 |

1    Pursuant to Civil Local Rules 79-5 and 7-11, Defendants City and County of San Francisco;

2    San Francisco Police Department; San Francisco Department of Public Works; San Francisco

3    Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco

4    Department of Emergency Management (collectively, "San Francisco") move to file under seal

5    portions of the following documents submitted with Defendants' Opposition to Plaintiffs' Motion to

6    Enforce The Preliminary Injunction (Dkt. 130): San Francisco's Opposition to Plaintiffs' Motion to

7    Enforce the Preliminary Injunction; the Declaration of Arielle Pistaunovich and associated exhibits;

8    the Declaration of Jorge Morales, the Declaration of Pete Rincon and the Declaration of Sarah Locher.

9    Specifically, San Francisco seeks to seal the following page and line numbers:

10    • San Francisco's Opposition: 2:17, 2:18, 14:23, 15:3, 15:7, 15:9, 15:11-12, 16:4, 16:24-

11       26;

12    • Declaration of Arielle Pistaunovich: 2:24, 2:25, 2:27, 3:16, 3:18, 5:24, 5:25-26, 6:1,

13       6:2-3, 8:14-16, 13:6, 13:7, 16:15, 16:17, 16:22, 16:24, 16:28, 17:1, 17:5, 17:88, 17:11,

14       17:13, 17:15, 17:17, 17:18, 17:19;

15    • Exhibits to the Declaration of Arielle Pistaunovich: A, B, E, H, O, P, and T;

16    • Declaration of Jorge Morales: 6:4, 6:5, 6:6, 6:7, 6:11, 6:13;

17    • Declaration of Pete Rincon: 3:6, 3:7, 3:11, 3:12, 3:13, 3:26, 3:27, 4:1, 4:3, 4:7, 4:9, 5:4-

18       5, 5:6, 5:7, 5:11, 5:12-13; and

19    • Declaration of Sarah Locher: 2:11-6:25.

20    To avoid improper disclosure of confidential information, San Francisco will file the above-

21    referenced materials conditionally under seal pending the Court's ruling on the administrative motion.

22    Local Rule 79-5 authorizes a document to be filed under seal when it is established that the

23    document is privileged or otherwise entitled to protection under the law. In the Ninth Circuit,

24    "documents attached to dispositive motions must meet the high threshold of showing that 'compelling

25    reasons' support secrecy," while documents attached to non-dispositive motions such as this need only

26    show "good cause" to support sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-

27    1180 (9th Cir. 2006). "The 'good cause' language comes from Rule 26(c)(1), which governs the

28    issuance of protective orders in the discovery process," and permits protective orders "to protect a

1   party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Ctr. for*

2   *Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016). Courts in this circuit have

3   found that protecting confidential health information satisfies both the good cause and compelling

4   interest standards. *See e.g., Doe v. Equipo Acad.*, No. 220CV01490KJDDJA, 2021 WL 1615552, at *3

5   (D. Nev. Apr. 26, 2021).

6          The sealed portions of these documents contain confidential information about offers of shelter

7   San Francisco made to Plaintiffs and third parties, including third parties who submitted declarations

8   in support of Plaintiffs' Motion To Enforce The Settlement. San Francisco takes no position whether

9   sealing these materials is appropriate, but files these documents under seal conditionally because they

10  contain information about third parties that San Francisco has a statutory obligation to keep

11  confidential absent a court order. *See* Cal. Welf. & Inst. Code § 10850 ("all applications and records

12  concerning any individual made or kept by a public officer or agency in connection with the

13  administrative of this code relating to any form of public social services . . . for which grants-in-aid are

14  received by this state from the United States government shall be confidential" and "a person shall not

15  publish or disclose or permit or cause to be published or disclosed a list of persons receiving public

16  social services").

17         San Francisco's request is narrowly tailored as it seeks to seal only the portion of its filing that

18  discloses statutorily protected information and not the filings in their entirety. Confidential information

19  of third parties that is irrelevant to this motion has also been redacted even from the under seal version

20  of the filings.  Additionally, the confidential information of third parties bears little public interest.

21         San Francisco has identified good cause for the documents over which it attempts to retain

22  confidentiality to be filed, and respectfully request the Court grant this motion to file the unredacted

23  filings under seal.

24         / / /

25         / / /

26          / / /

27

28

1

2

3      Dated:  July 6, 2023

4                                                    DAVID CHIU
                                                     City Attorney
5                                                    YVONNE R. MERÉ
                                                     WAYNE SNODGRASS
6                                                    MEREDITH B. OSBORN
                                                     JAMES M. EMERY
7                                                    EDMUND T. WANG
                                                     RYAN C. STEVENS
8                                                    KAITLYN MURPHY
                                                     MIGUEL A. GRADILLA
9                                                    Deputy City Attorneys

10

11                                           By: _/s/ *Kaitlyn Murphy_____
                                                     KAITLYN MURPHY
12

13                                           Attorneys for Defendants
                                             CITY AND COUNTY OF SAN FRANCISCO; SAN
14                                           FRANCISCO POLICE DEPARTMENT; SAN
                                             FRANCISCO DEPARTMENT OF PUBLIC WORKS;
15                                           SAN FRANCISCO DEPARTMENT OF
                                             HOMELESSNESS AND SUPPORTIVE HOUSING;
16                                           SAN FRANCISCO FIRE DEPARTMENT; SAN
                                             FRANCISCO DEPARTMENT OF EMERGENCY
17                                           MANAGEMENT

18                                           *Pursuant to L.R. 5-1(h)(3), the electronic signatory
                                             attests that each of the other Signatories have concurred
19                                           in the filing of this document.

20

21

22

23

24

25

26

27

28