**EXHIBIT A**

**TO**

**DECLARATION OF JAMES EMERY IN SUPPORT OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**

| From: | Emery, Jim (CAT) |
|---|---|
| To: | "John Do"; "Zal Shroff"; Stevens, Ryan (CAT); Snodgrass, Wayne (CAT); Murphy, Kaitlyn (CAT); Gradilla, Miguel (CAT) |
| Cc: | Al Pfeiffer; sf.probono.unhoused.persons.litigation@lw.com; Hadley Rood; Joseph Lee (OC) |
| Subject: | RE: COH v SF: m/c on ongoing productions |
| Date: | Monday, April 17, 2023 4:44:07 PM |
| Attachments: | image025.png |
| | image030.png |
| | image035.png |
| | image064.png |
| | image066.png |
| | image069.png |
| | image071.png |
| | image072.png |
| | image002.png |
| | image003.png |

Yes.  Thank you John.  San Francisco's final compromise proposal is 10 CAD reports for each period, in addition to the multiple other categories of documents and types of notice.

The extent to which plaintiffs have taken advantage of the 72-hour notice San Francisco has voluntarily provided since Dec 23 remains relevant to San Francisco's justification for adhering to the parties' prior agreement that San Francisco would provide 10 CAD Reports every three weeks.  In their March 30 unilateral discovery letter, plaintiffs advised the Court they "dispute" San Francisco's observation that plaintiffs have attended fewer than 10% of the noticed HSOC operations since Dec 23.  Do plaintiffs continue to dispute the number of HSOC operations they have attended since Dec 23?  If so, do plaintiffs continue to refuse to provide me with the actual number, so I can understand the extent and nature of the dispute?  On Friday, you told me plaintiffs would provide this information only through formal discovery.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Monday, April 17, 2023 3:01 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; 'Zal Shroff' <zshroff@lccrsf.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Hadley Rood <hrood@lccrsf.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Jim,

Thank you for the call where we were able to confirm our singular impasse on CADs.  This email confirms that Plaintiffs' final compromise position is 100 CADs and Defendants' position is 10 CADs.

If I am mistaken, please let me know.  We both will now work on our respective parts of a joint letter.  If you need to respond after your argument tomorrow with your portion, you will let us know.   Thank you.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** John Do
**Sent:** Monday, April 17, 2023 1:32 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; 'Zal Shroff' <zshroff@lccrsf.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Hadley Rood <hrood@lccrsf.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Jim,

Zal and I will give you a call at your direct line at 2:30. We will have a response to your email then. Thanks.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Monday, April 17, 2023 1:00 PM
**To:** 'Zal Shroff' <zshroff@lccrsf.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass,

Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <JDo@aclunc.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
sf.probono.unhoused.persons.litigation@lw.com; Hadley Rood <hrood@lccrsf.org>; Joseph Lee (OC)
<Joseph.Lee@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

I have attached proposed redlines from the proposed order that plaintiffs circulated on
Friday.  My edits to the notice paragraph are intended not to reduce San Francisco's
substantive obligations, but to enhance clarity.

Although we discussed Friday morning the idea of enhancing the periodic production of CAD
reports, I subsequently learned, as I explained in my Friday afternoon email, that it is not
practical to do so.  Accordingly, I have restored to this draft order the obligation to produce 10
CAD Reports every three weeks.  The assumptions you made in your email yesterday about
CAD Report production are not accurate, and your sample size of 2 is not representative.  I
conveyed to you on Friday accurate information about the burden involved in producing CAD
reports, and the consequences of requiring production of more CAD reports than current
staffing levels permit.

I acknowledge that with my edits, there is no specific provision in this order regarding notice
for preplanned interagency encampment operations that are planned less than 24 hours in
advance.  I believe the police reports and CAD reports and ordinary discovery provide
reasonable and adequate means for plaintiffs to monitor compliance for those hypothetical
interagency operations.  Also, if any notice deficiency becomes apparent, we could meet and
confer to amend this order to solve any particular problem that appears.

I have learned since we met on Friday morning that San Francisco has not yet produced all
post-injunction documents pursuant to our agreement.  Namely, San Francisco has not
produced the 10 CAD reports per 3-week period since December 23.  Defendants can
accomplish that production within three weeks after a stipulated order is entered.  I edited
the proposed order to reflect this reality.

What are the logistics for our 2:30 phone call?  I will be the only person on our end of the call.

Thank you,

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct

[www.sfcityattorney.org](www.sfcityattorney.org)

**From:** Zal Shroff <[zshroff@lccrsf.org](zshroff@lccrsf.org)>
**Sent:** Sunday, April 16, 2023 6:15 PM
**To:** Emery, Jim (CAT) <[Jim.Emery@sfcityatty.org](Jim.Emery@sfcityatty.org)>; Stevens, Ryan (CAT)
<[Ryan.Stevens@sfcityatty.org](Ryan.Stevens@sfcityatty.org)>; Snodgrass, Wayne (CAT) <[Wayne.Snodgrass@sfcityatty.org](Wayne.Snodgrass@sfcityatty.org)>;
Murphy, Kaitlyn (CAT) <[Kaitlyn.Murphy@sfcityatty.org](Kaitlyn.Murphy@sfcityatty.org)>; Gradilla, Miguel (CAT)
<[Miguel.Gradilla@sfcityatty.org](Miguel.Gradilla@sfcityatty.org)>
**Cc:** John Do <[jdo@aclunc.org](jdo@aclunc.org)>; Al Pfeiffer <[Al.Pfeiffer@lw.com](Al.Pfeiffer@lw.com)>;
[sf.probono.unhoused.persons.litigation@lw.com](sf.probono.unhoused.persons.litigation@lw.com); Hadley Rood <[hrood@lccrsf.org](hrood@lccrsf.org)>; Joseph Lee (OC)
<[Joseph.Lee@lw.com](Joseph.Lee@lw.com)>
**Subject:** Re: COH v SF: m/c on ongoing productions

Hi Jim:

We are glad that it sounds like we're on the same page generally about the proposed order edits.

Thank you as well for this additional information regarding the CAD data. We noticed that the two random sample CAD reports you pulled for us were pulled on 4/13/2023 almost exactly one minute apart. This seems to suggest that the CAD reports can be pulled quicker than three minutes at a time. As we discussed on Friday, these additional CAD disclosures are intended as a compromise given the burden and timing concerns Defendants raised with respect to providing advance notice for same-day operations. We would be willing to limit the periodic disclosures to 100 randomized CAD reports for each period. At a minute each, this would appear to take a total of 1 hour and 40 minutes for one person to accomplish each 3-week period, or about 33 minutes per week at most (and even at three minutes each, would only take about 1-1.5 hours). Furthermore, there appears to be no reason why that person needs to be a dispatcher. Based on your email, I think you had contemplated 30 minutes of CAD work for each period (or 10 minutes a week). We view this modest increase as an appropriate compromise to give us at least some representative sense of same-day dispatch operations that occur during the pendency of the injunction.

Please let us know if this is agreeable to Defendants. Although we remain available at 1:30PM, we also welcome meeting and conferring earlier in the day on Monday to the extent you are available and it may be more efficient to reach a resolution that way. If we can't agree on this one point, it sounds like this would be the only potential dispute for our joint letter based on the agreements reached during our in-person meet and confer. Thank you again for the productive discussion last week.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
[www.lccrsf.org](www.lccrsf.org)

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Friday, April 14, 2023 at 6:35 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>,
"Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)"
<Kaitlyn.Murphy@sfcityatty.org>, "Gradilla, Miguel (CAT)" <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>,
"sf.probono.unhoused.persons.litigation@lw.com"
<sf.probono.unhoused.persons.litigation@lw.com>, Hadley Rood <hrood@lccrsf.org>, "Joseph
Lee (OC)" <Joseph.Lee@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Joe, Zal, and John,

I have additional information to share about the process of generating DEM CAD reports.  It
took longer than I anticipated this afternoon to collect this information.  Thank you for your
patience.

The bottom line is that generating each individual CAD report requires about 3 minutes of an
operator's time.  There is no efficiency gain with volume.  There is no mechanism to generate
automatically a large volume of reports that satisfy certain criteria (e.g., 915 or 919 call codes
within a certain date range).   Current staffing levels at DEM will allow the City reliably to
generate only the 10 CAD reports every 3 weeks that the City has already undertaken to
provide.  Any obligation to provide more than 10 CAD reports during each 3-week period
would require reallocation of DEM's existing resources.  The reassigned personnel would
come from 911 public safety dispatchers.  Reassigning 911 public safety dispatchers would
cause the City's 911 response time to deteriorate.  The extent of that deterioration will be
directly proportional to the volume of CAD reports that DEM is required to provide.  I look
forward to discussing with you on Monday how best to balance plaintiffs' request for
additional CAD reports with the burden of those additional reports.

The notice section of the proposed order that Zal circulated this afternoon will require some
minor word-smithing, but I agree we have reached an agreement in principle.  I will circulate
alternative language in advance of our phone call on Monday.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Zal Shroff <zshroff@lccrsf.org>

**Sent:** Friday, April 14, 2023 11:59 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT)
<Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>;
Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
sf.probono.unhoused.persons.litigation@lw.com; Hadley Rood <hrood@lccrsf.org>; Joseph Lee (OC)
<Joseph.Lee@lw.com>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Attached please find a proposed order with the changes we discussed today—and with one flag for the information
you learn from DEM today. Thank you again for a very productive meet and confer. Despite our past history, we do
view this as a fundamental re-set to the relationship between counsel. We also look forward to collaborating going
forward wherever possible—and to communicating around our disagreements with one another to efficiently resolve
issues that will come up during the course of discovery. We will look forward to speaking with you briefly on
Monday afternoon at 2:30PM to the extent it remains necessary based on our email exchanges regarding this version
of the proposed order. Have a great weekend.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Thursday, April 13, 2023 at 1:22 PM
**To:** Zal Shroff <zshroff@lccrsf.org>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>,
"Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)"
<Kaitlyn.Murphy@sfcityatty.org>, "Gradilla, Miguel (CAT)" <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>,
"sf.probono.unhoused.persons.litigation@lw.com"
<sf.probono.unhoused.persons.litigation@lw.com>, Hadley Rood <hrood@lccrsf.org>, "Joseph
Lee (OC)" <Joseph.Lee@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

Thank you for your email on Tuesday regarding our upcoming in-person meet-and-confer

session tomorrow at the Oakland Courthouse.  I will participate on behalf of San Francisco.  I will be prepared to discuss the issues raised by the expedited interim discovery issue, on which I have personally engaged since plaintiffs first raised the issue in December.  Because the parties' meet and confer over San Francisco's written discovery responses is on a different track, involves different attorneys, and is proceeding productively, I will not be prepared on Friday to discuss those separate and distinct issues.  I believe the Court expects the parties to focus the Friday session on the remaining expedited interim discovery issues that are the subject of the Court's recent order.

I am informed the parties have been making good progress on the discovery issues related to plaintiffs' Requests for Production. It is my understanding that at a previous meet and confer session, our respective colleagues agreed that it made the most sense to prioritize meet and confer efforts on search terms, custodians, and date ranges, which may assist the smaller issues to fall into place.

And contrary to your assertion that "Defendants have seen fit to produce effectively no documents to date," San Francisco has produced thousands of pages of documents in two rolling productions responsive to plaintiffs' first set of document requests, in addition to the thousands of pages San Francisco produced before issuance of the preliminary injunction.  These productions are in addition to the many thousands of documents San Francisco has already provided plaintiffs through public records requests over the three years plaintiffs prepared this lawsuit.

**Notice of Operations**.  San Francisco appreciates plaintiffs' recognition that the terms "resolution" and "sweep" should not be used to define San Francisco's notice obligations.  San Francisco adheres to the position it articulated during the most recent exchange of discovery letters.  To avoid unnecessary future disputes over San Francisco's compliance with its notice obligations, the operations subject to the notice obligation should be specifically enumerated: HSOC engagements, JFO engagements, and the DPW activities identified in Section 4 of DPW's bag/tag policy.  San Francisco's proposal is more expansive, not narrower, than the notice required under the bag/tag policy.

The phrase "pre-planned homeless encampment operations involving two or more City departments" remains vague and subject to alternative interpretations.  For example, if DPW requests police support to respond to a 311 call, would that action become a "pre-planned homeless encampment operation involving two or more City departments," triggering San Francisco's notice obligation?

This hypothetical DPW/SFPD engagement might occur within an hour of DPW's request for support.  The logistical difficulties of ensuring the City Attorney's office receives reliable and timely notice of such events are formidable.  Would plaintiffs require such an event be

delayed until the City Attorney's Office can provide plaintiffs 24-hour or 72-hour advance notice?  Such a requirement becomes an onerous burden on San Francisco's day-to-day operations.

Yet this burden on operations would not advance plaintiffs' interest in having the opportunity to observe homeless encampment operations.  It has been San Francisco's observation since the injunction issued that plaintiffs have attended fewer than 10% of HSOC operations. Plaintiffs have told the Court they "dispute" this observation, but plaintiffs have ignored my repeated inquiries for plaintiffs' tally of the HSOC operations they have attended.  I renew that request now.  How many HSOC engagements have plaintiffs sent an observer to since December 23, 2022?  Moreover, Mr. Mazza has been voluntarily providing to Tracey Mixon at the Coalition the monthly schedule of JFO operations, yet plaintiffs have only attended about 5 of the JFO operations since the injunction issued.  If plaintiffs dispute this estimate too, please tell me how many JFO operations plaintiffs have sent an observer to since December 23, 2022.  Given plaintiffs' limited utilization of the advance notice they have already received from San Francisco voluntarily since December 23, 2022, inserting a burdensome, vague, and unworkable additional notice requirement on San Francisco is unjustified.  The contours of the notice obligations that San Francisco proposes fully satisfy the legitimate purposes of the periodic expedited discovery.

**CAD Dispatch Data**.  The CAD reports San Francisco has agreed to produce include date, time, and location of calls, and a description of the circumstances of the call.  Please share with me any examples of 915 or 919 CAD reports lacking this information.  In addition to the CAD reports themselves, to identify, collect and process any additional "underlying information and notes" on an expedited periodic basis increases the burden on DEM and the City Attorney's office, with no evident benefit to plaintiffs.  The demand for "underlying information and notes" is vague.  It is unclear whether plaintiffs intend to include CAD audio within the category of "underlying information and notes," which would expand exponentially the burden of expedited production.

**Disclosures Since Injunction**. You are correct that San Francisco's primary concern over the burden of expedited production of retrospective information involved processing an unknown quantity of bodycam footage under a tight deadline.  I am informed San Francisco's document production on Tuesday included all police incident reports since December 23, 2022, that satisfy the agreed criteria of the parties' proposed order regarding ongoing discovery.  I suggest plaintiffs review those police reports and identify the bodycam footage they want. Once plaintiffs do that, San Francisco will be able to assess the actual burden of expedited production of the requested bodycam footage.  Further, I am informed San Francisco's Tuesday production completed the retrospective production of all other categories of documents San Francisco was providing to plaintiffs before the injunction.  I am optimistic the parties will be able to resolve this dispute, and I will be able to evaluate that after plaintiffs

have identified the police reports for which they want associated bodycam footage.

I look forward to receiving plaintiffs' specific request for retrospective production of bodycam footage.  I share your optimism the parties may resolve all remaining issues over expedited interim discovery, obviating the need to submit a joint letter brief next week to the Court.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Tuesday, April 11, 2023 1:07 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Hadley Rood <hrood@lccrsf.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>
**Subject:** Re: COH v SF: m/c on ongoing productions

Counsel:

We note that lead counsel for the parties have been ordered to meet and confer in-person this Friday at 9AM at the federal courthouse in Oakland. Per Judge Ryu's order, we have cleared our schedules to be available for the entire day, including myself as lead counsel for Plaintiffs for purposes of this dispute as well as at least John Do. We believe this extended meet and confer will be particularly helpful not only for any outstanding preliminary injunction discovery disputes but also as to our disputes regarding Defendants' written discovery responses. Please confirm who will be attending the meet and confer, including as lead counsel for Defendants.

In advance, we will note that given Defendants' joint letter portions, we are unclear what outstanding dispute Defendants have with Plaintiffs' proposals as to the proposed periodic disclosure order.

1. **Notice of Operations.** At this juncture we all agree with the terminology of "operations" as capturing the conduct for which notice is required. At this point, the only question is whether Defendants will agree to provide notice of all planned encampment operations that involve two or more HSOC agencies—as Defendants already initially agreed to by email on March 3, 2023: "Defendants shall provide to Plaintiffs' counsel 72-hours advance notice of the date, time, and location of any pre-planned homeless encampment [operations] involving two or more City departments." If Defendants are in agreement with this definition and the language in the proposed order, please let us know.

2. **CAD Dispatch Data.** The CAD Guide from DEM contemplates that there is underlying information and notes associated with each agency's processing of and response to a particular intake and dispatch report. By requesting this underlying date, time, location, and narrative information "if available," we seek to capture the limited data we understand exists.

If it does not exist for a particular record, it does not need to be produced. It seems the parties can likely agree on this minor point.

3. **Disclosures Since Injunction.** Your joint letter suggests that the main reason why Defendants do not want to produce disclosures retroactively is related to the burden of producing bodycam footage. The parties then seem to agree that Defendants can produce all other disclosures retroactively. That is helpful. Additionally, the bodycam disclosures will be due 2 weeks after all other disclosures under the terms of the order, and will merely include 15 video segments chosen by Plaintiffs on a one-time basis—all of which are quite likely to be short in length and over which the parties will meet and confer regarding what is reasonable. Please let us know if Defendants can agree to the retroactive disclosures on these terms.

To the extent Defendants do agree as to each of the above, we are willing to inform the Court that the parties have reached a resolution on these matters to obviate the need for us to appear in person on Friday or to file a joint letter next week. We also trust that we can continue to work collaboratively in the coming weeks regarding the parties' respective needs for ordinary discovery.

If we are not at agreement, however, we will expect to spend the full day in meet and confer on Friday resolving these issues and hammering out the litany of other issues presented by Defendants' responses to Plaintiffs' written discovery requests—including why Defendants have seen fit to produce effectively no documents to date and never responded to Plaintiffs' deficiency letter detailing each and every document category Defendants have failed to meaningfully respond to— before even addressing the ongoing issue of search terms for relevant communications.

We look forward to a productive discovery process going forward and thank you for your attention to these matters.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Date:** Wednesday, March 29, 2023 at 9:38 PM
**To:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>, "Joseph Lee (OC)" <Joseph.Lee@lw.com>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)" <Kaitlyn.Murphy@sfcityatty.org>, "Gradilla, Miguel (CAT)" <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, "sf.probono.unhoused.persons.litigation@lw.com"

<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim, Wayne, Ryan, Kaitlyn, and Miguel,

Please advise on the status of Defendants' portions of the joint letter. If Defendants do not send Plaintiffs the final portion in one hour, Plaintiffs will go ahead and file our portion unilaterally to best comply with the Court's order and inform the Court that Defendants did not timely provide their portion.

Sincerely,
Hadley

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Date:** Wednesday, March 29, 2023 at 5:25 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>, Joseph Lee (OC) <Joseph.Lee@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Plaintiffs have not made any substantive changes to their position. Plaintiffs' requested definition for notice remains the same, regardless of whether the term "sweep," "resolution," or "operation" is used. Similarly, Plaintiffs have not changed their position regarding retrospective disclosures: Plaintiffs request all retrospective disclosures within the time laid out in the letter.

Unless Defendants agree with what Plaintiffs have asked, the Parties must submit the joint letter pursuant to the Court's order. Defendants' opportunity to explore what they can offer has passed, especially as past attempts have not led to a change in position.

Please provide an updated version of the letter with Defendants' positions that complies with the page limits laid out in the Standing Order.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>

**Date:** Wednesday, March 29, 2023 at 4:55 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Joseph Lee (OC) <Joseph.Lee@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>,
sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

Plaintiffs' redline reflects a substantive change in plaintiffs' position regarding advance notice of homeless engagements.  Plaintiffs now agree with San Francisco's long-stated concern that "resolution" and "sweep" are imprecise terms that should not define San Francisco's advance notice obligations.  I am optimistic that this step today from plaintiffs can lead to a resolution of this issue.

Plaintiffs' redline also suggests some daylight on the issue of retrospective production. Plaintiffs complain in their redline they haven't received a sufficient sampling of police incident reports, but they do not rebut San Francisco's assertion that expedited production of retrospective bodycam footage is unreasonably burdensome.  If San Francisco agrees to frontload production of certain categories of incident reports, and if plaintiffs agree to drop their demand for expedited production of retrospective bodycam footage, then there may be an opportunity for the parties to resolve the issue of expedited production of retrospective information as well.

I will explore internally what San Francisco can offer with respect to incident reports. I will also develop a response to plaintiffs' newly articulated position as to advance notice of homeless engagements.  Please confirm plaintiffs' position on expedited production of retrospective bodycam footage. Finally, in their redlined joint letter, plaintiffs dispute San Francisco's estimate that plaintiffs have observed fewer than 14 HSOC operations since Dec 26 (10% of 140).  How many HSOC operations since Dec 26 have plaintiffs sent observers to?

Would you like me to send a short letter to Judge Ryu explaining the parties will not be submitting a joint discovery letter because they have renewed the meet-and-confer process? I'm confident the news will please the Court.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Wednesday, March 29, 2023 3:37 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

We have taken the time to recreate a Word version of the letter.  Attached back are Plaintiffs' finalized portions of the letter. Plaintiffs have included some slight revisions to address arguments raised by Defendants and to conform the proposed order with the letter . As a note, the letter is now 26 lines over the 5-page limit. Plaintiffs' portion (including its share of the joint portions) is within 2.5 pages. Defendants' portion exceeds 2.5 pages and Defendants have used 27 more lines than Plaintiffs. In looking over the letter, we believe a change in formatting (namely, eliminating or adjusting the bullet points and numbering from Defendants' portions) could bring the letter within the page limit, but we would leave it to you to adjust Defendants' portions as you see fit.

Though this discovery dispute was initiated by Plaintiffs and it would therefore be most proper for Plaintiffs to file the letter, Plaintiffs are amenable to Defendants filing the letter. Please circulate a finalized version of the letter (as well as a redlined Word version if Defendants make any more edits, such as for space) for Plaintiffs' approval prior to filing. Please make any further edits in the clean version of the letter.

Sincerely,
Hadley

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Wednesday, March 29, 2023 at 10:55 AM
**To:** Joseph Lee (OC) <Joseph.Lee@lw.com>, Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Joe,

The only changes to the non-Defendant-specific portions of the joint letter are the date and the 2 subject headings, which are indicated in red-line.  All the portions designated "San Francisco's separate statement" or "San Francisco's position" are new material.


**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Joseph.Lee@lw.com <Joseph.Lee@lw.com>
**Sent:** Wednesday, March 29, 2023 10:23 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; hrood@lccrsf.org; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** jdo@aclunc.org; Al.Pfeiffer@lw.com; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com; zshroff@lccrsf.org
**Subject:** RE: COH v SF: m/c on ongoing productions

Jim, please send redlines with Defendants' edits to at least the non-Defendant-specific portions of the joint letter so we may see all the changes Defendants have made. Thank you.

Joe

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Wednesday, March 29, 2023 9:41 AM
**To:** 'Hadley Rood' <hrood@lccrsf.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Lee, Joseph (OC) <Joseph.Lee@lw.com>; Pfeiffer, Al (Bay Area) <Al.Pfeiffer@lw.com>; #SF PRO BONO - UNHOUSED PERSONS LITIGATION <SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com>; Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hadley,

I've attached completed drafts of the joint discovery letter and the proposed order.  Please let me know when plaintiffs authorize San Francisco to submit these documents to the Court.  I have altered two of the subject headings to present a neutral description of the issues presented. I will be away from my computer in meetings  from now until early afternoon.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu

(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Tuesday, March 28, 2023 5:40 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT)
<Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>;
Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Al Pfeiffer
<Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff
<zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

There is no mistake. Plaintiffs' position is that retrospective production should occur within 21 days
and the proposed order has been drafted accordingly. However, as indicated in the letter, Plaintiffs'
last best compromise is that production occur within 30 days. Defendants can state their position in
the joint letter and the proposed order, and the Court will make a decision.

Thank you for continuing to work on Defendants' portions of the letter. As we have previously
stated, Plaintiffs expect Defendants will provide their portion of the joint letter in accordance with
the Court's orders requiring adequate time for Plaintiffs to address any arguments raised in
Defendants' portion of the letter. As we have previously stated, we expect that Defendants' portion
will not raise any new arguments not previously raised, but Plaintiffs need adequate time to review,
evaluate, and, if necessary, respond accordingly.

Sincerely,
Hadley

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, March 28, 2023 at 4:25 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>,
Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee (OC) <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hadley,

I've been working on the joint discovery letter, and I've come upon yet another inconsistency between plaintiffs' portion of the joint letter and plaintiffs' proposed order.  The joint letter demands retrospective production within 30 days.  The proposed order demands retrospective production within 21 days.  Please reconcile the documents and clarify plaintiffs' actual position, and I will resume my work finalizing San Francisco's portions of the documents.

While you're at it, please proof the documents before you circulate again, because I cannot guarantee I'm catching all of plaintiffs' mistakes.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Emery, Jim (CAT)
**Sent:** Monday, March 27, 2023 1:32 PM
**To:** 'Hadley Rood' <hrood@lccrsf.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hadley,

Thank you for belatedly updating the joint letter to reflect the parties' March 17 agreement on bodycam footage.  I understand from the parties' correspondence that plaintiffs continue to persist in their stated positions, notwithstanding San Francisco's explanation that plaintiffs' stated positions are inaccurate and misrepresent San Francisco's proposals to resolve this dispute.

With plaintiffs' update, and the clarification that plaintiffs will not substantively change their current stated positions, San Francisco will prepare and circulate its portion of the joint discovery letter you provided this morning.  I'm out of the office today, but will circulate San Francisco's response to plaintiffs' new joint letter in time for Wednesday's filing.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Monday, March 27, 2023 10:43 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>;

Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Al Pfeiffer
<Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff
<zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Thank you for confirming your agreement regarding the bodycam timing. We have deleted the
language around that issue from the joint letter and have updated the proposed order to reflect that
agreement. Regardless of this deletion, taking issue with one small portion of the letter does not
excuse Defendants from providing a response to the rest of the letter.

Plaintiffs have otherwise not changed the letter in any way. It is unreasonable for Defendants to
continue to refuse to provide their portion of the letter, especially as they clearly have no difficulty
articulating their issues with the letter in email correspondence.

We understand from your email correspondence that Defendants continue to refuse to provide their
portion of the joint letter to Plaintiffs despite a Court order requiring them to do so. It would also be
a violation of the Court's orders if Defendants delayed providing their portion of the letter until the
last minute to prevent Plaintiffs from having "adequate time to address the arguments" prior to
filing. We urge Defendants to reconsider. Otherwise, Plaintiffs will have no choice but to inform the
Court accordingly.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Friday, March 24, 2023 at 3:12 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>,
Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee (OC) <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hadley:

In addition to the inaccuracies I've explained in prior correspondence, plaintiffs' portions of the joint
letter fail to reflect the agreement the parties reached on March 17 regarding the timing for delivery
of body-worn camera footage.  Namely, on March 17 I told you that San Francisco agreed with

"Plaintiffs' last compromise," which plaintiffs repeat in the current version of the joint letter (though I urge you once again to consider my suggestion that plaintiffs have an inadvertent error in the letter, and that plaintiffs intend "no later than" rather than "no less than" – which San Francisco also consents to).  Do plaintiffs refuse to update their statement of position to reflect the parties' March 17 agreement?  Further, plaintiffs' proposed order, in addition to its failure to reflect the parties' March 17 agreement, is inconsistent with plaintiffs' own position set forth in the letter.  Do plaintiffs refuse to correct their proposed order to make it internally consistent with plaintiffs' own statements of position?

It is impossible to respond to the inaccurate and internally inconsistent documents the plaintiffs continue to circulate.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Friday, March 24, 2023 1:06 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

In your response, Defendants don't appear to dispute that the process Plaintiffs have outlined is consistent with the Court's orders and the Parties' prior conduct. To clarify, Plaintiffs do not foresee a need to significantly revise their arguments because we do not expect Defendants to add any new information to their portions of the letter. However, if Defendants shift positions, Plaintiffs would of course need an opportunity to address any new information.

It is unclear whether Defendants will comply with the Court's order and provide Plaintiffs with their portions of this joint letter in a timely manner. However, we expect Defendants will do so. If Defendants do not provide their portions of the letter with sufficient time for Plaintiffs to review and for the process to play out, Plaintiffs will need to notify the Court.

Defendants have—and have had—our portions of the joint letter since March 16. Please confirm that Defendants will provide their portions of the letter by COB today.

Sincerely,

Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Thursday, March 23, 2023 at 6:44 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee (OC) <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hadley,

Plaintiffs' resistance to the procedure I suggested on Tuesday is unreasonable.  Plaintiffs now insist on the opportunity to rewrite their portions of a joint discovery letter after reviewing San Francisco's responses.  And plaintiffs' demand to receive San Francisco's responses five days before the joint letter is due indicates that plaintiffs anticipate making significant revisions.

The procedure I suggested is functionally indistinguishable from the path plaintiffs themselves chose on Monday, when they submitted their unilateral letter brief to the Court.  Dkt No. 113.  On Monday, plaintiffs willingly dispensed with any opportunity to revise their arguments after receiving San Francisco's responses.

As movants, plaintiffs have all the information they need to advocate their discovery position, and to present it fully.  The parties have been meeting and conferring for many weeks, as you have noted.  It is plaintiffs' view that all meet-and-confer opportunities are now exhausted.  I have explained to you in detail San Francisco's objections to plaintiffs' position, and why San Francisco believes plaintiffs have mischaracterized San Francisco's position.  That is why I suggested plaintiffs take one last opportunity to revise their portions of the joint letter brief and present their best arguments before San Francisco undertakes to prepare its responses.  To be clear, I am not "forcing" plaintiffs to further revise their March 16 letter; I simply suggested it would be in plaintiffs' interest to do so.  I will prepare a response to plaintiffs' March 16 letter, or an updated letter, at plaintiffs' election.   I am not willing, though, to spend public resources responding to plaintiffs' March 16 arguments, only to have plaintiffs rewrite those arguments after seeing San Francisco's responses, requiring further revisions from San Francisco, etc.  Preparing a joint discovery letter is not the time to kick off a new round of meeting and conferring.

Plaintiffs profess to seek finality. This is their opportunity to achieve it. I urge you once again to provide San Francisco with plaintiffs' definitive arguments supporting plaintiffs' discovery positions (or confirm plaintiffs' March 16 letter reflects plaintiffs' definitive arguments). San Francisco will respond, and will submit a joint letter to the Court in compliance with the Court's direction.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Wednesday, March 22, 2023 3:36 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim,

Your email is neither accurate nor productive.

As the Court's Standing Order regarding the discovery dispute resolution process points out, "**Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments**." Standing Order for Magistrate Judge Donna M. Ryu, ¶ 14 (emphasis in original). Your proposal, which provides no opportunity for Plaintiffs to address Defendants' arguments in its portion of the joint letter, is directly contrary to the Court's express requirements. Indeed, the parties have previously prepared joint letters to the Court on multiple occasions, and in each and every instance, worked cooperatively to provide each other both with their portions of the letter and with an opportunity to revise their portion in response to the other side's portion. We have done this for the discovery letter prior to the PI and in our joint case management statement. Asking Defendants to provide their portion of the joint letter by this Friday is well within both the letter and spirit of the Court's orders, especially since Defendants have had some version of Plaintiffs' portion for weeks at this point. This will also allow the parties time to continue to exchange their portions as needed to ensure both sides have had an opportunity to address the arguments presented.

Separately, while I understand Defendants may disagree with the substance or even accuracy of Plaintiffs' portion of the joint letter (of course Plaintiffs disagree there are any such inaccuracies), Defendants cannot force Plaintiffs to edit their portion of the joint letter or continue to refuse to participate in the joint letter preparation process because of this disagreement. As pointed out

above, the discovery dispute process allows a party the opportunity to respond to any disagreements or alleged inaccuracies in their portion of the joint letter—here, Defendants are more than welcome to point out anything it believes to be inaccurate in their portion. But there is nothing in the Court's order that requires a party to edit their letter because the other side disputes its accuracy, and Plaintiffs decline to do so in this instance.

To be clear, Defendants do not have permission to file a letter without an opportunity for Plaintiffs to review and respond to Defendants' portion of it. As the party seeking relief, we expect to file the joint letter, but will of course give Defendants an opportunity to review the final joint letter before filing. Please confirm that Defendants will provide their portion of the joint letter to Defendants by this Friday, March 24th. If Defendants persist in refusing to abide by the Court's orders and will not provide their portion of the letter in accordance with the Court's orders, then Plaintiffs will need to explain to the Court exactly why a joint letter could not be submitted despite the Court's order to do so.

Regards,

Hadley

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, March 21, 2023 at 5:34 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee (OC) <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hadley,

I urge you to update the March 16 letter so that it accurately reflects the parties' current positions. Please provide your updated letter by Friday March 24.  San Francisco will insert its sections and submit the joint letter directly to the Court on March 29.  You don't get a reply.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Tuesday, March 21, 2023 5:08 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>;

Murphy, Kaitlin (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Al Pfeiffer
<Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff
<zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Pursuant to the Court's order (Dkt. # 115), please provide Defendants' portions of the joint discovery
letter sent on March 16 (reattached here) by Friday, March 24, so that the Parties may finalize and
file the letter by March 29.

Thank you,
Hadley

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Date:** Friday, March 17, 2023 at 4:54 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>, Stevens, Ryan (CAT)
<Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>,
Murphy, Kaitlin (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee (OC) <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Plaintiffs have more than met the requirements of the Court's discovery dispute resolution process,
including any meet and confer or letter requirements.  We have discussed these issues since
December 27, 2022 when we provided evidence of Defendants' noncompliance.  Since then, we
have repeated our concerns about the pacing of discussions and Defendants' requested delays in
meeting and conferring, regressive negotiation, and the lack of advance preparation or authority to
negotiate in good faith.

With respect to the remaining disputed issues Plaintiffs intend to raise with the Court specifically,
Plaintiffs presented their position that the definition of operations for which Plaintiffs should receive
notice be operations involving two or more agencies, as well as notices required under the DPW
policy, as far back as January 30, 2023, over six weeks ago, and we first met and conferred on this
issue on January 27, 2023. Plaintiffs have consistently maintained that position, reiterating it through
edits to the proposed stipulation on February 3, 2023; in the proposed order to be attached to the
joint letter, sent on February 22, 2023; during the parties' additional meet and confer on February

27, 2023; in the proposed order to be attached to the joint letter sent on March 1, 2023 (and re-sent on March 13); in Plaintiffs' edits to the proposed stipulation sent on March 9, 2023; in the courtesy copy of a letter Plaintiffs' intended to file given Defendants refusal to provide their portion of the joint letter, which attached a proposed order, sent on March 14, 2023; and most recently in Plaintiffs' portion of the final joint letter and proposed order draft circulated on March 16, 2023. To the extent any party has been inconsistent, it is Defendants, as Defendants expressed agreement to Plaintiffs' definition via email on March 3, 2023, but then walked their agreement back in the draft stipulation circulated by Defendants on March 8, 2023.

The language in the letters Plaintiffs have circulated continue to represent their understanding of Defendants' counter-proposal on notices.  Defendants are welcome to state their own understanding of their position, including pointing out any alleged misstatements by Plaintiffs, in Defendants' portion of a joint letter. But Plaintiffs' position remains that its proposed definition is objective and is necessary to ensure notice of all pre-planned encampment operations are given. Plaintiffs are troubled the Defendants insist on only providing notice on what they unilaterally deem to be an "HSOC" operation, especially since Defendants' initial position, maintained for months, that the only operations that would qualify under Plaintiffs' definition are HSOC operations is now admittedly false.  In particular, it has now come to light that Defendants have not been providing notice of JFO operations that include multiple HSOC agencies.  Defendants' most recent email continues to evidence lack of good-faith, as Defendants had previously agreed that notice for both "HSOC" and "JFO" operations would be appropriate, but now appear to be taking the position that none of these operations are "resolutions."  In any case, it is irrelevant how they are labelled, as the purpose of these notices is to ensure compliance with the court order, regardless of what the operation is called.  If anything, Defendants' position highlights the need for an objective definition.

On the other issue remaining, Defendants have similarly been long on notice of Plaintiffs' position. As an acknowledgement that this dispute has lasted for months, Plaintiffs raised the issue of retrospective disclosures beginning on February 14, 2023. Specifically, Plaintiffs requested that, by the time of the first production, Defendants disclose all documents under these categories from the time of the entry of the Preliminary Injunction order to the present. This was included in the proposed order sent on February 22, 2023. The parties discussed this issue during our meet and confer on February 27, 2023. The issue was also included in the proposed order attached to the joint letter on March 1, 2023 (and re-sent on March 13). Virtually the same suggested language has been included in every proposed order and stipulation the parties have exchanged, including most recently the proposed order circulated on March 14 and March 16, 2023.

We have engaged in multiple meet and confers in which Plaintiffs set forth these positions and explained the reasoning behind them, including most recently on February 27, 2023. There is no basis for Defendants to assert that they are not certain of Plaintiffs' position on these issues, as they have not meaningfully changed and Defendants have been aware of them for weeks.  Defendants have consistently refused to agree to Plaintiffs' position on either of these issues, which has kept the parties at an impasse since February 17, 2023 (memorialized via email). We have repeatedly delayed sending a discovery letter to the Court in the hope that the parties could resolve these issues without Court intervention.  But even when there has appeared to be forward progress (like with the definition of operations for which to provide notice), Defendants have walked that progress back.

The parties were required to submit a joint letter on Monday, March 6, 2023, five business days after our last meet and confer on February 27, 2023, pursuant to the Court's standing order for discovery disputes. Plaintiffs provided their portions of this letter on March 1, 2023; our positions remain unchanged since that time. Instead of timely providing their portions of the letter, as required by the standing order, Defendants first refused to admit that there was an impasse, refused to acknowledge that we have met and conferred multiple times by phone, and have refused to provide their portions of the joint letter because they were unhappy with Plaintiffs' portions.

Refusing to participate in the Court's process is improper. The proper remedy if Defendants believe there is an issue with Plaintiffs' portion of the letter is to point that out in Defendants portion, not to refuse to give their portion of the letter to Plaintiffs. Indeed, Defendants clearly have no problem with laying out what they feel are the inaccuracies, since Defendants have repeatedly said they will submit just such a letter to the Court in response to Plaintiffs' letter. All Plaintiffs have been asking is to provide that write-up to Plaintiffs so that Plaintiffs can include it in the joint letter. Defendants' refusal to do so is the definition of obstructionist. In contrast, Plaintiffs have given Defendants multiple opportunities and extensions of time to provide their portion of the letter, despite the requirement it be submitted to the Court within five days of the last meet and confer on the issue. Even though Plaintiffs had no obligation to do so, Plaintiffs have made multiple revisions to their portion of the letter to address Defendants' complaints. But the time for delay is over. Given that it is clear that Defendants will continue to mischaracterize the record and delay giving us their portion of the letter, Plaintiffs will proceed with filing a unilateral letter, in accordance with the Court's rules, regarding the issues on which the parties have been at impasse for weeks.

Lastly, we would be remiss not to point out Defendants' misrepresentation regarding Defendants' actions since entry of the Preliminary Injunction. Defendants have indeed been conducting formal and informal encampment resolutions, sweeps, and move-alongs since the time the order was entered into. Plaintiffs raised their concerns with the Court on January 6, 2023 and the Court expressed concern with Defendants' compliance during the hearing on January 12, 2023. Plaintiffs again noticed Defendants of our observations of noncompliance via declarations sent on February 22, 2023. Indeed, Plaintiffs have been receiving reports and gathering evidence of widespread noncompliance over the past few months; Defendants are obstructing Plaintiffs from reviewing the data that would more clearly exhibit how widespread this noncompliance in fact is.  And while Defendants maintain no "resolutions" are occurring, differences in terminology cannot excuse noncompliance with the Court's order.

As expressed previously, Plaintiffs do not take the decision to file a unilateral letter with the Court lightly. However, it is imperative that these disputes be raised for and resolved by the Court, especially with Plaintiffs' growing concern over noncompliance with the order.  Given Defendants refusal to provide their portion of a joint discovery letter within the deadline set by the Court, Plaintiffs have no choice but to proceed unilaterally.

Sincerely,
Hadley

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Friday, March 17, 2023 at 11:14 AM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

 Hi Hadley,

Your recent and continuing accusations of "obstruct[ion]" and "intransigence" are inaccurate and unproductive.

The problem here that has prolonged resolution of plaintiffs' demand for expedited interim discovery is plaintiffs' chronic inability to draft a letter that: (1) complies with Judge Ryu's standing order, and (2) refrains from misrepresenting the parties' negotiating positions.  It really shouldn't be this hard.

The letter you circulated yesterday presents a brand new (and welcome) position from plaintiffs. But new meet-and-confer positions are supposed to be exchanged during the meet-and-confer process, not in the parties' joint letter. The meet-and-confer process is supposed to exhaust the opportunity for compromise.  Here, plaintiffs' proposed letter from yesterday demonstrates that opportunity for compromise has not been exhausted.  San Francisco agrees with plaintiffs' new proposal that San Francisco will "make [its] best efforts to provide the requested footage as soon as practicable, but in any event no less than 14 days after the request."

Although San Francisco agrees with that language, I don't think it is exactly what you intended.  San Francisco would also accept: "San Francisco will make its best efforts to provide the requested footage as soon as practicable, but in any event no **later** than 14 days after the request." Please confirm which version plaintiffs prefer.  I believe the parties have resolved the issue of timing of production of BWC footage.

The letter you circulated yesterday continues to misrepresent San Francisco's position regarding advance notice of operations, even though I pointed out to you this error on Wednesday.  Please look again at the redlined proposed order I circulated on March 8.  San Francisco has proposed to provide 72-hour notice of pre-planned operations by (1) HSOC, (2) JFO, and (3) whenever DPW posts its  72-hour notice of planned removal of property.  In addition, San Francisco has proposed to provide 24-hour notice of encampment cleaning described in Section 4 of the bag/tag policy. The letter you circulated yesterday fails accurately to describe San Francisco's proposal. Instead, plaintiffs' draft letter criticizes a phantom proposal that is less forthcoming than San Francisco's actual position.

By precisely delineating the operations that trigger San Francisco's notice obligations, San Francisco is attempting to avoid future disputes whether any future operation falls within the scope of the notice obligation.  San Francisco does not conduct any "resolutions" and San Francisco never conducted any "sweeps."  Since December 23, San Francisco has not required campers to leave the area of an encampment, even when they already have alternative housing but choose to pitch a tent on the public sidewalk anyway.  That circumstance, in fact, is an element of the injunction's overbreadth that San Francisco seek to correct on appeal.  Since there is no requirement that campers leave the area of an encampment, by definition there is no "resolution" of the encampment.  HSOC operations since December 23 involve outreach and cleaning, not resolution.

Please try again to prepare an accurate and compliant joint letter.  If plaintiffs instead elect to submit the letter you shared with me yesterday, then San Francisco will respond with its own letter, explaining that plaintiffs frustrated San Francisco's good-faith efforts to collaborate on a joint letter.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Thursday, March 16, 2023 10:51 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

In the spirit of cooperation on discovery disputes, and as a final attempt to avoid the need to file this dispute unilaterally, attached please find a slightly revised version of Plaintiffs' portions of a joint discovery dispute letter—and a proposed order identifying the few areas of disagreement between the parties. Although we disagree that our letter was not in compliance with Judge Ryu's order, we hope that the added language clarifies Plaintiffs' final proposed compromises.

Additionally, Defendants misunderstand Plaintiffs' position regarding retrospective disclosures. We have added some language on that issue in the hopes of clarifying our position.

With these final adjustments, we trust that Defendants will have no issue submitting their portions of the letter. Please provide Defendants' positions by 11 AM on Friday, March 17. If Defendants still refuse to provide their portions of the letter, Plaintiffs will have to file unilaterally. This is far from our preferred way of handling the matter, but we will be left with no choice if Defendants continue

to obstruct the process.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Wednesday, March 15, 2023 at 3:54 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>,
Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Dear Hadley,

The accusations in your email below are inaccurate.  There is certainly room for different
views which side has been intransigent since the parties began meeting and conferring on
these issues in late December.  Comparing yesterday's 4:16 pm version of plaintiffs' discovery
letter with the previous version from Monday at 1:42 pm, plaintiffs' substantive demands
continue to shift.  It is very difficult to prepare a response to plaintiffs' constantly shifting
demands.

The bottom line, though, is that San Francisco is not comfortable participating in a joint letter
that does not comply with the Court's requirements and that affirmatively misrepresents San
Francisco's position on the precise discovery issues that are the subject matter of plaintiffs'
motion.  I have explained twice already that plaintiffs' statement that "Defendants … refuse to
provide the requested disclosures retrospectively" is inaccurate, yet that false statement persists in
plaintiffs' current letter.  Yesterday's latest letter also misrepresents San Francisco's most recent
proposal regarding prior notifications, as reflected in the redlined proposed order I provided on
March 8.

Finally, I alert you that the letter you circulated yesterday violates the Court's standing order
in at least two respects.  It still fails to set forth plaintiffs' "final proposed compromise," and it
exceeds the Court's two-page limit for a unilateral letter.

If plaintiffs submit to the Court the letter you circulated yesterday, including its
misrepresentations of San Francisco's meet-and-confer positions, San Francisco will submit a
separate letter to the Court, in which San Francisco will explain "why a joint letter was not
possible."  If you circulate plaintiffs' portions of a revised joint letter that complies with the
Court's requirements and refrains from misrepresenting San Francisco's positions, San

Francisco will timely provide its portions of the revised joint letter.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Tuesday, March 14, 2023 4:16 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim,

Defendants are free to point out anything they feel is a misrepresentation or a failure to comply in their portion of the joint discovery letter. But none of the purported shortcomings you raise justify Defendants' refusal to engage in the Court's discovery dispute resolution process by providing their portion of the letter. As Defendants will not provide their portion of a joint discovery letter, Plaintiffs have no choice but to file their own letter as allowed under the Court's process. As a courtesy, we have provided you a draft copy of the letter and proposed order we intend to file to give the Defendants one last opportunity to engage. If you would like to provide Defendants' portions of a joint letter by COB tomorrow, the Parties may file jointly. But to be clear, Plaintiffs have no obligation to wait for a response before filing, given Defendants' intransigence to this point, and Plaintiffs intend to file this letter unilaterally after COB tomorrow absent Defendants agreeing to Plaintiffs' position or providing Defendants' portion of a joint letter.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, March 14, 2023 at 1:58 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Dear Hadley,

I repeat my request that plaintiffs update their portion of the joint discovery letter.  As it stands, plaintiffs' portion affirmatively misrepresents San Francisco's position.  For example, in Item 4, plaintiffs assert "Defendants … refuse to provide the requested disclosures retrospectively." To the contrary, as I explained in my March 10 email below, San Francisco has already produced most of the categories of retrospective information that is the subject of this meet and confer – indeed all the categories of information plaintiffs deemed necessary to monitor compliance while the PI motion was pending.

Furthermore, I am still unclear which issues plaintiffs intend to present to the Court.  Plaintiffs' positions, set forth in our email traffic, do not align perfectly with Items 2 and 4.

For those two reasons at least, plaintiffs must update their portion of the joint letter.  Finally, I remind you again the March 1 version of plaintiffs' portion of the joint letter does not comply with Judge Ryu's standing order, because it does not set forth plaintiffs' "final proposed compromise" in the body of the letter.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Monday, March 13, 2023 1:42 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

I am re-attaching our portions of the draft letter originally sent on March 1. I will note that Plaintiffs do not currently intend to raise items 1 and 3 in the letter and will delete those two items from the letter sent to the Court. Items 2 and 4 are still live issues, and our position has not changed on them since we sent this letter at the beginning of the month. We have therefore already provided you with our portions of the letter to be submitted to the Court, which contain our final position and proposed compromise as to these issues. While we may make revisions to our portions based on Defendants' portions of the letter, these are our final positions at this time.  Additionally, the two issues still in dispute are relatively minor and straightforward and the parties are at an impasse regarding them, which is why they should be promptly raised with the Court for their resolution.

We have also gone well beyond what the Court's discovery dispute resolution process requires and have had several meet-and-confers by phone, including a final one on February 27, at Defendants' request. This, like past meet-and-confers on this topic, only caused further delay in an already months'-long process. With that said, we would be willing to meet and confer once more after receiving and reviewing Defendants' portions of the joint letter, if you wish to do so. This meet and confer should not be used to further delay the submission of the letter and, absent agreement during the meet and confer, the Parties should be prepared to file the joint letter immediately.

Please provide Defendants' portions of the joint letter by noon tomorrow and, if you would like to meet and confer, your availability to do so. Absent receiving Defendants' portions of the letter by tomorrow at noon, we will file unilaterally as to Items 2 and 4 so that the issues can be raised for the Court and finally resolved.

Sincerely,
Hadley

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Monday, March 13, 2023 at 11:59 AM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

I am disappointed to hear from you that, notwithstanding the progress the parties have made, Plaintiffs intend to submit this discovery issue to the Court. To do so, the next step is for Plaintiffs to update their portion of the joint letter, to reflect the parties' current positions. I remind you that Judge Ryu's standing order requires the parties' final meet-and-confer session to be in person, on the telephone, or by videoconference; and the standing order requires Plaintiffs to include their "final proposed compromise" in the body of the letter.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Hadley Rood <hrood@lccrsf.org>

**Sent:** Friday, March 10, 2023 2:30 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT)
<Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>;
Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Regarding Paragraph 1, as we noted in our joint letter, if Defendants are coordinating on
encampment resolutions, Plaintiffs need to know about them, regardless of the terminology used.
The disagreement on this point is particularly troubling because the language in our edits to the
proposed stipulation was language Defendants had previously suggested and were agreeable to.
Your position that none of these engagements are "resolutions" further justifies the need for prior
clear and objective definition.

Regarding Paragraph 7, having a 7-day aspirational date instead of an enforceable 10-day deadline is
a concession, not a backtrack. We previously expressed an openness to a rolling production, but it
appears the City rejected that.

Regarding Paragraph 13, you acknowledge that the documents Defendants have produced so far in
discovery are not coextensive with the specific requests for disclosure contained in the proposed
stipulation, and your delay in these negotiations should not prejudice Plaintiffs from seeking these
disclosures for the past 3 months.

As noted in our email yesterday, our points of clarification to the stipulation were final and, since
Defendants are not in agreement with those, we are at an impasse. Please provide Defendants'
portions of the joint discovery dispute letter that was first sent on February 22, 2022 and again on
March 1, 2023 by 10 AM on Monday, March 13. We have previously requested you provide your
portions of a joint discovery dispute letter on February 22, March 1, March 6, and March 9. If we do
not receive Defendants' portions of the letter by 10 AM on Monday, we will have to file unilaterally.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Friday, March 10, 2023 at 12:17 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>,
Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer

<Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

Regarding paragraph 1 of the draft stipulated order, given the specific, limited purpose of the 72-hour notice, and
the history of dispute over the scope of San Francisco's advance notice obligation, San Francisco requires a clear
statement of the operations subject to notice requirement.  If there are any other specific categories of operations
for which plaintiffs desire advance notice, in addition to HSOC, JFO, or DPW Section 4 clean-ups, please identify
them.   The formulation of "resolutions involving two or more City departments" is too vague and invites future
disputes.  For example, San Francisco does not consider **any** of its ongoing operations to be "resolutions," since San
Francisco is not requiring anyone to leave the area.

Regarding paragraph 7 of the draft stipulated order, plaintiffs have still not explained their justification for
backtracking from 10 days to 7 days.  Plaintiffs don't seem to appreciate the burden of processing the requested
bodycam footage.

Regarding paragraph 8 of the draft stipulated order, San Francisco cannot promise to provide more information
than the existing DEM CAD reports contain.

Regarding paragraph 13 of the draft stipulated order, your assertion below that "Plaintiffs have not received any
data under these categories since the issuance of the Preliminary Injunction in December," is simply wrong.  San
Francisco's production last Friday included the following categories of information and documents from mid-
December to the present:

- Spreadsheet of Weekly Lodging Without Permission; Maintaining a Public Nuisance; Public Nuisance,
  Maintaining After Notification; Public Nuisance, Committing report of incidents, from SFPD
- Spreadsheet of Weekly report of 915 - Homeless-related Computer Aided Dispatch Calls, from SFPD
- Daily Allocation Summaries from HSH
- Bag & Tag Intake Forms from DPW
- Bag & Tag Spreadsheets from DPW

Any gaps in last Friday's production of these categories has been or will be promptly cured.  Retrospective
production of bodycam footage on the schedule anticipated in the draft stipulated order would be particularly
burdensome, and is not directed to the specific limited purpose of these expedited periodic disclosures.

Both parties have further compromised over the course of the last week.  We are now closer than ever.  Please let
me know how Plaintiffs intend to proceed.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Thursday, March 9, 2023 10:28 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT)
<Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>;
Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)

<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim,

Thank you for circulating this stipulation. There are two sticking points we wished to clarify with you, outlined below:

1. Defendants previously agreed to the following language regarding which operations they would provide notice for: "Defendants shall provide to Plaintiffs' counsel 72-hours advance notice of the date, time, and location of any pre-planned homeless encampment resolution involving two or more City departments." This definition is not in the draft of the Stipulation you circulated, so we have added it back in the attached. As previously stated, if, as Defendants certify, HSOC and JFO operations are the only ones that currently meet this definition, then the limitation to these operations is not necessary. If there are other operations that meet this definition, however, Plaintiffs require notice of these as well. That Plaintiffs may not be observing all noticed operations is not justification for withholding notice of additional operations; as we've told Defendants and the Court, Plaintiffs' resources are limited, but they are entitled to use those resources as it sees fit, including deciding which operations to attend. But they cannot do so without full knowledge of the operations taking place, hence the need for notice.

2. Due to the delay in receiving documents because of the ongoing nature of this dispute, Plaintiffs have not received any data under these categories since the issuance of the Preliminary Injunction in December. As stated in our previous email, we would be open to language in the stipulation confirming that Defendants will agree to expedite production of discovery that corresponds to these categories, such that Plaintiffs are able to accurately review compliance with the injunction since the beginning of these meet and confer efforts.

Absent agreement on these, we will still consider the Parties at an impasse and will need to file a letter with the Court, which we are prepared to do unilaterally as Defendants have never returned their portions of the letter. We have attached back the stipulation with our minor edits. Please let us know by 9 AM tomorrow whether you are in agreement with these points.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Wednesday, March 8, 2023 at 4:27 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer

<Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Dear Hadley,

I created the attached proposed stipulated order from the version I circulated on February 17, which was the most recent draft I could identify that the parties exchanged.  I cleaned it up by accepting all changes and deleting the comments.  Then, in track changes, I have proposed new compromise language, and in the comment bubbles, I've explained why San Francisco cannot accept the language in plaintiffs' proposed order you circulated last Wednesday.

I have enhanced the scope of San Francisco's advance notice obligations.  I have included plaintiffs' proposed language regarding incident reports for enforcement of the enjoined laws against unhoused individuals.  I've added a "reasonable efforts" obligation to turn around bodycam footage within 10 days.  I'm optimistic these further compromises will avoid the need to bring this issue to the Court.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Monday, March 6, 2023 4:42 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT)
<Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Ryan,

Thank you for the information, but we continue to insist that you provide Defendants' portion for the joint dispute letter as previously requested. Nonetheless, please find our counterproposals and clarifications to the points raised in your email from Friday:

1. Plaintiffs would be agreeable to this definition but would ask that the second sentence specifying HSOC and JFO operations be struck. Although Plaintiffs agree that it appears both HSOC resolutions and JFO operations meet the definition, we would request that Defendants provide Plaintiffs with **all** notices of sweeps that meet the definition of involving two or more City departments, should they arise.  If the only sweeps that meet this definition are, as

Defendants represent, the HSOC and JFO operations, then Defendants' clarification is unnecessary; conversely, if there are additional sweeps that meet the definition, then Defendants should provide notice of them, not just HSOC and JFO operations.

2. Plaintiffs previously included requiring Defendants to provide the DPW 72-hour notices of property removal, which are evidence of single-department pre-planned sweep operations set to occur 72 hours after notice has been posted. Defendants removed this language in a prior revision but, as we have seen examples of these notices being used, Plaintiffs maintain that it would be appropriate for Defendants to provide them, as well as the other DPW-specific notices already listed in the proposed stipulation. We previously raised examples of this, but attached is a recent notice.

3. Thank you for confirming that Defendants will provide all incident reports for the enjoined ordinances. To clarify the issue with the dispatch data, the publicly available data does not provide details around the underlying reasons for the dispatch and the City's account of what happened, which is why Plaintiffs are seeking the dispatch records at issue.

4. Although Defendants have not provided a specific proposal, Plaintiffs remain agreeable to some compromise language in which Defendants agree to expedite production of documents Plaintiffs identify as responsive to these disclosures in the course of responding to Plaintiffs' requests for production.

We note you did not address all of our proposals, such as timing on body cam footage. In further attempt to reach an agreeable compromise, we are willing to delay submitting the joint discovery dispute letter until Wednesday to give Defendants even more time to respond to our counter-proposals and feedback. Please provide Defendants' response by 5pm tomorrow so that we can determine whether these issues can be resolved or if we are still at an impasse such that submitting a discovery dispute letter on Wednesday will be necessary.

Sincerely,
Hadley

---

**From:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Date:** Friday, March 3, 2023 at 1:00 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Counsel-

Thank you for your email. Although we continue to disagree that the parties are at an impasse and therefore that a discovery letter is appropriate, we take Plaintiffs at their word that they intend to

file a discovery letter on Monday regardless of whether the parties are able to continue meeting and conferring about these issues. We will provide our portions of a joint letter on Monday. As discussed at the meet and confer, the primary attorney conferring on these issue for Defendants is out of the office until Monday. When Defendants asked as a matter of professional courtesy for an extension until Tuesday so that attorney could meaningfully participate in our statement, Plaintiffs refused, stating that Defendants would have the opportunity for counsel to participate because Plaintiffs did not intend to file their discovery letter until Monday, the day he returned. Accordingly, Plaintiffs new request that Defendants provide their portion of the statement by mid-day Friday would upend Plaintiffs' position at the meet and confer.

Regarding the specific areas we have disputes, please see the below for a clarified positions from Defendants.

**1)      Definition over what operations the City will give Plaintiffs advance notice.**
Defendants propose the following language: "Defendants shall provide to Plaintiffs' counsel 72-hours advance notice of the date, time, and location of any pre-planned homeless encampment resolution involving two or more City departments.  Specifically, the City will provide advance notice of HSOC and JFO pre planned operations, which are the only operations the City understands to meet this definition."
Note: Although we do not view the work performed by JFO as an encampment resolution per se, they do provide offers of shelter and ask people to move tents to enable them to clean.  Accordingly, we are willing to provide advance notice of their operations. JFO operates only in the Tenderloin and was created as part of the City's COVID emergency response.

**2)      Clarification over DPW advance notice**
During the meet and confer call, Defendants asked Plaintiffs what DPW advance notices they believe are not already covered by the draft stipulation. Plaintiffs could not identify any instances and it appeared Plaintiffs agreed that DPW's operations would fall outside the "pre-planned" limitation in the proposed stipulation. Accordingly, we do not see a difference of opinion on this point. If Plaintiffs believe there is additional DPW activity that should be included in the proposed stipulation, please let us know so we can investigate it and consider whether it would be appropriate to add.

**3)      SFPD Incident Report Data**
Can Plaintiffs clarify what is at issue here? Based on the joint letter Plaintiffs seem to be seeking a detailed dispatch report our client does not think exists.  We are also not sure why Plaintiffs seek a randomized sample of dispatch data.  As previously explained—all dispatch information is publicly available online. The dispatch data includes location information and is searchable. We provided that link on January 27, 2023 in a letter from Jim Emery.

As to incident reports regarding citations for any of the enjoined statutes, we agree to provide those reports to the extent they exist and those citations were against people experiencing homelessness. I note that our production includes data reflecting the date those citations were last issued and there does not appear to be any such citations since the injunction was entered.

**4)      Discovery over materials dating back to the entry of the injunction**

Plaintiffs will receive much of this information in Defendants initial production.  We are willing to discuss what other information Plaintiffs still need to satisfy this request after Plaintiffs have reviewed the initial production.  Defendants continue to believe this information is properly considered part of the normal discovery process, not the accelerated discovery process, but we are willing to have further conversations about how to satisfy this request so that we can avoid unnecessary motion practice.


**Ryan C. Stevens**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3975 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Wednesday, March 1, 2023 3:38 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Ryan,

As discussed during our meet and confer on Monday, please find attached an updated joint letter and proposed order reflecting the parties' ongoing disputes surrounding continuing disclosures. It is largely the same as the letter we provided last week. Please provide your additions by mid-Friday.  While we are still open to pursuing resolution of these matters based on any additional information Defendants can provide, the importance of raising this months'-long dispute for the Court means that we will plan to file this letter on March 6, 2023, pursuant to Judge Ryu's standing order, absent agreement on the disputed issues.

Sincerely,
Hadley

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Date:** Saturday, February 25, 2023 at 12:31 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer

<[Al.Pfeiffer@lw.com](mailto:Al.Pfeiffer@lw.com)>, [sf.probono.unhoused.persons.litigation@lw.com](mailto:sf.probono.unhoused.persons.litigation@lw.com)
<[sf.probono.unhoused.persons.litigation@lw.com](mailto:sf.probono.unhoused.persons.litigation@lw.com)>, Zal Shroff <[zshroff@lccrsf.org](mailto:zshroff@lccrsf.org)>
**Subject:** Re: COH v SF: m/c on ongoing productions

Ryan,

We are available to meet and confer at 2:30 PM on Monday. We will circulate a dial-in in advance of the call.

On the call, we would ask that the City be prepared with its final compromise position as to the disclosures.

Thank you,
Hadley

---

**From:** Stevens, Ryan (CAT) <[Ryan.Stevens@sfcityatty.org](mailto:Ryan.Stevens@sfcityatty.org)>
**Date:** Saturday, February 25, 2023 at 8:00 AM
**To:** Hadley Rood <[hrood@lccrsf.org](mailto:hrood@lccrsf.org)>, Emery, Jim (CAT) <[Jim.Emery@sfcityatty.org](mailto:Jim.Emery@sfcityatty.org)>,
Snodgrass, Wayne (CAT) <[Wayne.Snodgrass@sfcityatty.org](mailto:Wayne.Snodgrass@sfcityatty.org)>, Murphy, Kaitlyn (CAT)
<[Kaitlyn.Murphy@sfcityatty.org](mailto:Kaitlyn.Murphy@sfcityatty.org)>, Gradilla, Miguel (CAT) <[Miguel.Gradilla@sfcityatty.org](mailto:Miguel.Gradilla@sfcityatty.org)>
**Cc:** John Do <[jdo@aclunc.org](mailto:jdo@aclunc.org)>, Joseph Lee <[Joseph.Lee@lw.com](mailto:Joseph.Lee@lw.com)>, Al Pfeiffer
<[Al.Pfeiffer@lw.com](mailto:Al.Pfeiffer@lw.com)>, [sf.probono.unhoused.persons.litigation@lw.com](mailto:sf.probono.unhoused.persons.litigation@lw.com)
<[sf.probono.unhoused.persons.litigation@lw.com](mailto:sf.probono.unhoused.persons.litigation@lw.com)>, Zal Shroff <[zshroff@lccrsf.org](mailto:zshroff@lccrsf.org)>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

We are available for a meet and confer at your convenience on Monday between 11:30AM and 4PM. Can you please circulate a dial-in?

While Defendants disagree with the factual summary in your email and the conclusions you draw from it, I don't think it would be productive to rehash each of those disagreements here. Instead Defendants request that the parties add to the meet and confer agenda the concerns Jim raised with respect to Plaintiffs' proposed letter brief on February 23, to which Plaintiffs did not respond.

Regards,
Ryan

**Ryan C. Stevens**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3975 Direct
[www.sfcityattorney.org](http://www.sfcityattorney.org)

---

**From:** Hadley Rood <[hrood@lccrsf.org](mailto:hrood@lccrsf.org)>

**Sent:** Friday, February 24, 2023 2:10 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT)
<Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>;
Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT)
<Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim, Wayne, Ryan, Kaitlyn, and Miguel,

We have met and conferred on this issue repeatedly for close to two months. We first met and
conferred as to ongoing disclosures on December 29, 2022 and again on January 18 and January 27,
2023 by phone, as well as continuously by email, most recently in our exchange between January 30
and February 17 regarding the proposed stipulation. We have repeatedly expressed our concerns
about compliance and Defendants' delay in having informed discussions. Though Defendants began
producing notices of scheduled HSOC encampment resolutions, the Parties have not been able to
reach agreement as to the definition of a "planned homeless encampment resolution." Because
Defendants refused to provide any other disclosures, on January 12, 2023, we asked for your
availability to meet and confer on January 13. You stated that you needed more time and were
unavailable. We finally met and conferred on January 18, 2023, at which time we were unable to
reach agreement on most issues and you asked for more time to speak with your clients.

Given the time-sensitive nature of our requests, we repeatedly reminded the City that we would
need to avail ourselves of the dispute process if the parties could not come to agreement quickly.
Accordingly, on January 13, immediately after our case management hearing, we asked the City to
be prepared to submit a joint dispute letter to seek resolution from the Court. We again attempted
to initiate the discovery dispute resolution process on January 24, 2023 by sending you a joint letter.
On January 25, you asked for an additional meet and confer on January 26, which we promptly
accepted. You then postponed that meet and confer to the next day. Based on representations the
City made on that call, we agreed to defer raising the issue with the Court to work out a stipulation
regarding the disclosures.

We then worked diligently over several more weeks to try to reach agreement, exchanging
numerous emails and drafts of a proposed stipulation, but we were still unable to agree on a
number of vital issues. The proposed stipulation we sent on February 14, 2023 was final, and we
again noted that we would need to begin the discovery dispute resolution process if you were not in
agreement. Your response on February 17 confirmed that we failed to reach agreement and were at
an impasse, and we informed you that same day that we would be proceeding with the dispute
resolution process.

Your insistence that we continue to delay seeking relief from the Court is an abuse of the discovery
dispute resolution process. Plaintiffs have no way to meaningfully assess Defendants' compliance
with the Preliminary Injunction without these disclosures, as we continue to receive reports of
ongoing harms caused by Defendants. Evidence of noncompliance is not necessary to justify

Plaintiffs' requested disclosures, but it certainly supports these asks and is why we cannot indulge in further delay.

In any event, we can make ourselves available for a final meet and confer today—February 24—or Monday, February 27. Defendants have plenty of other attorneys on this case (including six line deputy city attorneys) who can handle this matter.

If the City is unwilling to meet on either of these days, we will need to file a unilateral letter on Monday as provided by the Court's standing order. This will ensure the matter is briefed as soon as Judge Ryu is available. We are still open to discussing the issue in the interim, and if the parties are able to resolve the matter, we can withdraw the dispute. But we cannot continue this already months-long process with no assurance that the parties can come to agreement.

Finally, we reserve our right to file an appropriate motion regarding concerns we have about Defendants' noncompliance with the Preliminary Injunction when we see fit. (Dkt. #105, 14:8-10.)

Again, please let us know by the end of the day today your availability to meet and confer either today or Monday.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Thursday, February 23, 2023 at 6:46 PM
**To:** Hadley Rood <hrood@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

It is premature to submit a joint discovery letter to the Court. The letter you circulated last night violates Judge Ryu's standing order in several respects. First, Judge Ryu requires the parties' final meet-and-confer session to be in person, on the telephone, or by videoconference. The parties' last phone call on this topic was January 27. The emails we've exchanged over the last four weeks do not satisfy Judge Ryu's requirement for meeting and conferring in person. Second, Plaintiffs did not include their "final proposed compromise" in the body of the letter. Third, Plaintiffs failed "to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments." Rather, Plaintiffs

unilaterally declared negotiations at an impasse as of last Friday, and then provided their portions of a joint letter at 6:40pm on Wednesday, and expected San Francisco to submit its portions of the joint letter in less than 24 hours.  Fourth, the declarations Plaintiffs intend to submit with the joint letter directly contravene Judge Ryu's standing order, which expressly forbids exhibits accompanying a joint discovery letter.

The proposed joint letter further defies Judge Ryu's directions to Plaintiffs at the January 12 status conference.  Any accusations of noncompliance with the preliminary injunction should be presented through a noticed motion, properly supported with admissible evidence, not through an administrative motion and not through a joint discovery letter.  "If Plaintiffs believe that there is grounds to move for contempt, for violation or noncompliance with the preliminary injunction order or for appointment of monitor, **Plaintiffs need to pursue those issues as a regularly noticed motion with a full record**. And we will see how it goes; okay."  (Tr. Jan 12, 2023, at 25, emphasis supplied.)

Furthermore, there is no advantage to anyone in submitting the joint letter to the Court by next Monday, which is the date you propose below (five business days from last Friday). Judge Ryu has posted she is unavailable from February 28 through March 17.

With all that in mind, I suggest we continue to work to resolve the remaining issues, and perhaps avail ourselves of Judge Cisneros's offer to facilitate.  We can schedule a telephonic meet and confer session when I'm back in the office during the week of March 6.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Wednesday, February 22, 2023 6:40 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Attached please find Plaintiffs' portion of the joint letter on the issue of periodic productions. Thank you for notifying us as to when you will be out of the office, and I hope that you have a nice time with your family.

Because of the protracted nature of this dispute, the months'-long delay in receiving disclosures and the ongoing harms, Plaintiffs cannot agree to wait until the week of March 6 to submit this issue to the court. Indeed, the Court's standing order provides this letter is due five business days from Friday.  If the letter is not finalized by the time you leave, we expect the rest of Defendants' extensive legal team will be available to make any final adjustments.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Wednesday, February 22, 2023 at 10:19 AM
**To:** Hadley Rood <hrood@lccrsf.org>, Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

I've been expecting to receive plaintiffs' portion of a joint letter on the issue of periodic productions.  I will be out of the office beginning Friday this week, and for the entire following week.  I'm visiting my daughter and my 97-year old mom on the East Coast.  We may need to wait to submit this issue to the Court until my return, during the week of March 6.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Friday, February 17, 2023 5:08 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

We have received your response and reviewed your comments and edits. Having taken those under consideration, it appears we have reached an impasse on a number of issues. As a result, we will proceed with the Court's discovery dispute resolution process, and you can expect to receive our portion of a draft joint letter in the coming week.

Sincerely,
Hadley Rood

**Hadley Rood (she/her)**
UC Berkeley Public Interest Fellow
Lawyers' Committee for Civil Rights of the
San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.221
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Friday, February 17, 2023 at 12:48 PM
**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>, Hadley Rood <hrood@lccrsf.org>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

I've attached my responses, in the comment bubbles and track changes.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>

**Sent:** Tuesday, February 14, 2023 12:18 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT)
<Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>;
Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Hadley Rood <hrood@lccrsf.org>;
sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

We have provided further comments in the attached redline. In general, however, it seems we are at
an impasse regarding certain critical parts of the information needed to assess preliminary injunction
compliance—particularly as to prior notice that the City's own policies require, the definition of a
planned encampment resolution for which notice should be provided, and an agreement that the City
will disclose in its initial disclosures records for the 2-3 reporting periods since the preliminary
injunction order was entered and for which Plaintiffs have no present information.

If you cannot agree to the changes we have identified here with our clear explanations as to why, we
will need to prepare separate proposed orders for the Court and will need to proceed with the dispute
resolution process. Please advise whether that will be necessary. If it is, given the now months-long
negotiation process here, we will expect the parties to agree to file a joint letter and competing
proposed orders explaining the points of disagreement by Friday.

We will also note that we are awaiting a response to our meet and confer process regarding
Defendants' failure to produce more than a *single* document in written discovery for discovery
responses due weeks ago, without explaining what diligent search has been conducted to meet
Defendants' discovery obligations. We will expect to meet and confer on this matter before Friday as
outlined in our letter and await your written response. Please provide your availability as soon as
possible.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Saturday, February 11, 2023 at 3:27 PM
**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass,

Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)"
<Kaitlyn.Murphy@sfcityatty.org>, "Gradilla, Miguel (CAT)" <Miguel.Gradilla@sfcityatty.org>,
Hadley Rood <hrood@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com"
<sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

Thank you for your patience.  I've provided further edits and responded to your comment bubbles.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Tuesday, February 7, 2023 7:03 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT)
<Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Hadley
Rood <hrood@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Hi Jim:

Thank you for these further edits. You will see our additional redlines and comments in the attached.
Please advise once you have had a chance to review. We are hopeful that the parties can prepare to
file the final stipulated order by the end of this week.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Monday, February 6, 2023 at 7:54 PM

**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)" <Kaitlyn.Murphy@sfcityatty.org>, Hadley Rood <hrood@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

I've put my redlines on top of yours, and responded to your comment bubbles within the document. Ryan will get back to you separately about the proposed protective order.


**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Friday, February 3, 2023 3:01 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Hadley Rood <hrood@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Hi Jim:

Thank you for these edits. We agree we are fairly close here. You will see our additional comments in response to your thoughts below in the attached. We can agree to using the SFPD codes you recommend for the random sampling—with the particulars of randomization worked out between us.  We do however want a Boolean search to run across the SFPD database, even if an imperfect one, and are firm in our request for 50 incident reports as a tiny fraction of the responsive material—with the expectation that a robust protective order will adequately address any concerns regarding redaction burden. As promised, we also attach a draft protective order for that purpose here. Please advise once you have reviewed.

Best regards,

> **Zal K. Shroff** (he/him)
> Senior Staff Attorney
> Lawyers' Committee for Civil Rights of the San Francisco Bay Area
> 131 Steuart Street, Suite 400
> San Francisco, CA 94105



Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Thursday, February 2, 2023 at 8:46 PM
**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass,
Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)"
<Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Dear Zal,

I've attached a track-changes version of the draft stipulation you circulated on Monday
afternoon, including my suggested edits.  My edits are intended to track more closely
to the agreement I thought we reached on our Friday telephone call last week.

Regarding police dispatch data, all dispatch information is publicly available online.
The dispatch data includes location information and is searchable.  I provided a link to
that website in my January 27, 2023 letter to John.  For this reason, I've deleted the
dispatch data from the proposed stipulation.

I've also attached SFPD's Coding Manual.  Each incident report is assigned at least one
and up to three title codes.  For example, if a bank robbery results in a homicide, the
incident report will bear both title codes.  I have learned that Boolean searches of
incident reports are clunky and unreliable.

I therefore propose that Plaintiffs select incident reports by title code.  Plaintiffs could
identify as many title codes as they want, and the random selection of incident reports
would come from the universe of incident reports bearing the selected title codes.  I've
been advised that the "civil sidewalk" codes are most likely to correlate to relevant
incidents.  Other potentially fruitful title codes are "Lodging in Park," "Obstruction on
Streets, Sidewalks," and "Obstructing Public Thoroughfare." By contrast, your
proposed Boolean searches would capture incident reports where a witness is

described as homeless, or a drug dealing arrest occurring in the vicinity of a homeless camp.  I'm happy to discuss further how to select responsive incident reports, and how to randomize them.

Because of the burdens of collecting, processing, and redacting this information, I urge plaintiffs to accept my proposed scaling of the incident reports to 30, rather than 50, every three weeks, and the volume of bodycam footage to 5 hours, and the turnaround time for producing bodycam footage at 14 days.

I'd like us to consider deleting item 2 from the Notices of Ongoing Operations, because DPW has confirmed there are no responsive operations.  I know there was one incidence in which someone from DPW posted a 72-hour notice before removing property.  That was done because the employee misunderstood what was required under the bag-and-tag policy.  If we do not delete this item, I expect there will be no responsive notices.

Finally, I think it makes sense for the disclosures pursuant to this agreement to continue until the close of fact discovery, at which time we can consider the need to extend it.

Happy to discuss further.  I think we're close.



**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, January 30, 2023 5:03 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; John Do <jdo@aclunc.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>
**Subject:** Re: COH v SF: m/c on ongoing productions

Hi Jim:

Thanks again for speaking with us on Friday. As discussed, we have attached a proposed stipulated order for your review. We have also left space for Defendants to explain their recommendation on an

initial randomization protocol for the SFPD incident reports. We are hoping that the parties can work to finalize our agreement and the stipulated order by Wednesday. We will also plan to circulate a draft protective order in the coming days.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Thursday, January 26, 2023 at 7:21 PM
**To:** John Do <jdo@aclunc.org>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Cc:** Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Thanks, John. I can be available to talk at noon tomorrow. I expect to circulate a letter in the morning. Once you see my letter, let me know whether you'd prefer to have more time to review it before we talk. You may wish to revise plaintiffs' portion of the joint discovery letter.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Thursday, January 26, 2023 2:50 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal

Shroff' <<u>zshroff@lccrsf.org</u>>
**Subject:** RE: COH v SF: m/c on ongoing productions

Correction: We are available at 9am or 12pm tomorrow, Friday.  You are still welcome to send an email response in advance.  Thank you.



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | <u>JDO@ACLUNC.ORG</u> | <u>HE/HIM</u>

---

**From:** John Do
**Sent:** Thursday, January 26, 2023 2:34 PM
**To:** Emery, Jim (CAT) <<u>Jim.Emery@sfcityatty.org</u>>; Stevens, Ryan (CAT) <<u>Ryan.Stevens@sfcityatty.org</u>>; Snodgrass, Wayne (CAT) <<u>Wayne.Snodgrass@sfcityatty.org</u>>; Wang, Edmund (CAT) <<u>Edmund.Wang@sfcityatty.org</u>>
**Cc:** 'Joseph.Lee@lw.com' <<u>Joseph.Lee@lw.com</u>>; 'Al.Pfeiffer@lw.com' <<u>Al.Pfeiffer@lw.com</u>>; 'Zal Shroff' <<u>zshroff@lccrsf.org</u>>
**Subject:** RE: COH v SF: m/c on ongoing productions

Jim,

We understood that you  wanted to meet and confer by phone about this dispute today. Given that we previously raised our concerns on the pacing of these conversations, we agreed so long as we would file the joint letter five days from today.  Rather than provide a written response to our joint letter or have that requested call, you have suggested you would respond by email instead and discuss at a later unknown time.

We are still at an impasse.  We have met and conferred on these issues since before the preliminary injunction and on December 29, 2022, January 3, 2023, and January 18, 2023.  The dispute was also briefed in a prior administrative motion.  We have spent numerous hours, including a two-hour phone call just last week, meeting and conferring.

Therefore, please provide your response to the joint letter by Wednesday morning.  Due to our documented concerns that Defendants are violating the preliminary injunction on a daily basis, we will, otherwise, be prepared to submit a separate letter to the Court as provided for in the Court's standing order.

In the meantime, we are available to discuss this tomorrow at 10am or 12pm.  Please confirm.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Wednesday, January 25, 2023 6:22 PM
**To:** John Do <JDo@aclunc.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Thanks, John.

I think it would be most productive for me to provide a written response to what you sent last night, and then to talk.  I'll get you my response tomorrow, but I can't be exactly sure when.  As you can appreciate.  I was occupied today.  It will be my first priority in the morning.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Wednesday, January 25, 2023 6:07 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Per your request, we are available to discuss this discovery dispute tomorrow. We are available at 9 am or 2pm.  Thank you.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** John Do
**Sent:** Tuesday, January 24, 2023 5:26 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Jim, Wayne, Ed, and Ryan,

As discussed, please see the attached joint discovery dispute letter and provide your additions.  We are using this dispute process due to our urgent concerns regarding Defendants' compliance with the PI, but we are not foreclosing discussing these issues tomorrow during the settlement conference.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.