**EXHIBIT B**

**TO**

**DECLARATION OF DARRYL DILWORTH IN SUPPORT OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**

| | |
|---|---|
| **From:** | John Do |
| **To:** | Stevens, Ryan (CAT); Emery, Jim (CAT); Snodgrass, Wayne (CAT); Wang, Edmund (CAT) |
| **Cc:** | "Joseph.Lee@lw.com"; "Al.Pfeiffer@lw.com"; "Zal Shroff" |
| **Subject:** | RE: COH v SF: m/c on ongoing productions and a motion for clarification |
| **Date:** | Friday, January 20, 2023 10:22:48 AM |
| **Attachments:** | image003.png |
| | image007.png |
| | image011.png |
| | image015.png |

Jim, Wayne, Ed, and Ryan,

Thank you for the recent meet-and-confer, but we were not able to reach agreement on most issues. We write to memorialize our discussions and identify any follow-up.

- **Changes to HSOC Operations:** We asked whether Defendants were making any changes to HSOC's operations in light of our and the Court's concerns expressed at the most recent hearing. We understand that Defendants' position is that the City's actions, as described in response to our administrative motion for status conference, are compliant with the preliminary injunction and that there is no need for those operations to cease or be modified. Separate from that position, we understand that Defendants are in the process of revising the notices that HSOC posts on site as well as preparing a police department bulletin to address SFPD's role at HSOC operations. Defendants have agreed to provide these documents to Plaintiffs once they are finalized, and we understand that you hope to do so by the end of the week. We understand, however, that the bulletin will not change SFPD's role as described at the most recent hearing. Therefore a police presence will remain at HSOC operations. Other than the revised notice and bulletin, we understand that Defendants do not intend to make any changes to their current practices. In addition, when we asked whether Defendants were taking any additional or new steps to comply with the bag and tag policy, you stated that Defendants were "continuing to refine and improve" but did not have any specific refinements or improvements in mind that Defendants would be willing to share.

- **Disclosure of Relevant Documents:** Plaintiffs laid out a number of requests for disclosures of relevant documents critical to assessing Defendants' compliance with the Preliminary Injunction in an email dated December 29. During the call, we walked through each of these requests. Defendants did not contest Plaintiffs' right to such information through discovery, but rather, at times, contested whether such information should be provided in a priority, periodic basis. While we were able to reach agreement on some issues, it appears that we are at an impasse on multiple requests—as detailed below.

    - *72-Hour Notice of Planned Sweep Operations*: We understand that Defendants have agreed—and are currently providing us—with 72-hour notice of the planned *HSOC* operations that have been taking place at 7:00 am and 1:00 pm, but that they are not currently willing to agree to provide advance notice of other planned operations. As we explained, our prior request—and the scope of the Court's prior orders on this issue— encompassed notice of pre-planned DPW cleaning operations involving encampments (not limited to the City's narrow definition of five or more individuals), homeless individuals, or removal of abandoned property. The parties disagreed as to whether this was encompassed within the scope of Plaintiffs' December 29th request, but

regardless, Plaintiffs explained that it is included in the disclosures Plaintiffs are currently seeking. You asked Plaintiffs to memorialize its request in writing with the understanding that Defendants will promptly respond regarding what they are willing to provide regarding prior notice. The parties reiterated their prior positions on whether SFPD engages in planned sweep operations.

- *HSOC Resolution Data*: While we understand that Defendants do not oppose providing pre-resolution schedules and post-encampment reports, such as those submitted to the court as Ex. 6 & 7 of my declaration to the administrative motion for status conference on a periodic basis, Defendants opposed doing so more often than once every three or four weeks because of burden due to the alleged need to apply redactions to protect the privacy of individuals. The parties disagreed on whether any such privacy concerns could be adequately addressed through a protective order, and the parties have reached an impasse with regard to this request.

- *SFPD Data*: We discussed a production of SFPD data, including citation and arrest data as well as dispatch logs for incidents related to 915, 917, 919, 920, and 800cr codes. We understand that Defendants are able to provide that information on a periodic basis, but are not willing to provide individual incident reports, responses to search terms, and bodycam footage on an ongoing or priority basis. We specially discussed whether Defendants would be willing to provide body cam footage limited to specific incidents on a routine basis but could not reach agreement. As explained below, the parties have reached an impasse on the timing of any periodic disclosures with respect to this data.

- *DPW Data*: We discussed a variety of issues related to DPW data, including incident reports, bag and tag logs (individual and summary), photographs, notice of property removal, and timing for production. We understand Defendants' position is that DPW does not create incident reports and that it would only have photos of disputed property that have been taken in the normal course of its operations. You committed to inquiring further on what information DPW creates.  Defendants rejected our request that photographs be taken of any disputed property but suggest that could be considered during settlement.  We understand that Defendants are agreeable to provide bag and tag logs (individual and summary) on an ongoing or priority basis. However, as explained below, the parties have reached an impasse on the timing of any periodic disclosures with respect to this data.

- *HSH Data*: We discussed whether Defendants would be able to provide HSH daily shelter availability disclosures, outreach, and shelter placement reports from the HOT team regarding specific and individualized shelter offers and acceptances. Defendants refused to produce such information on an ongoing or priority basis because Defendants contend such information is not relevant to ensuring compliance with the PI order and imposes an unreasonable burden on Defendants. Plaintiffs disagree and have demonstrated good cause that such information is necessary to timely corroborate Defendants' position that continued HSOC operations are for the provision of services.  Nevertheless, the parties have reached an impasse on this issue, as well as the timing of any such disclosures.

- *Guidance on PI Compliance*: As stated above, Defendants will promptly provide any new published guidance on compliance with the Preliminary Injunction.  To date, no such published guidance or instruction exists, but Defendants anticipate a SFPD bulletin will be issued by week's end, as mentioned above.   We reiterated our request that Defendants provide nonprivileged instructions given by Defendants on complying with the Court order.  You again declined to do so. The parties have reached an impasse on this issue.

  - *Timing:* Our position is that each of the above productions should take place once a week given the urgency of ensuring compliance with the Court's order.  However, you stated that was infeasible for both your client and the City Attorney's office and offered to provide rolling productions of photographs and notices of property removal, as well as the SFPD citation and arrest and dispatch data every three weeks or once a month, but refused to agree to a comprise proposal of bi-weekly for some information. Three weeks or a month is far too infrequent to allow Plaintiffs to ensure compliance with the preliminary injunction.  Indeed, we would expect Defendants to supplement their discovery responses in a more timeline manner.  As such, Plaintiffs understand the parties have reached an impasse regarding timing regarding the above disclosures.

- **Other Commitments:** As reference in Plaintiffs' recent administrative motion, certifications or compliance reports can assist in ensuring compliance with court orders.  We specifically asked whether Defendants would certify their compliance with the preliminary injunction following HSOC operations.  Defendants declined to do.

As discussed, we can avail ourselves of the discovery dispute resolution process given the urgent concerns about the ongoing HSOC operations. If we do, we remain open to continuing to meet and confer with the benefit of Judge Cisneros' mediation.  But as we noted, we are concerned with the pacing of our meet and confers.  Although Defendants believe one of our requests was new, Defendants did not seem prepared to respond to some specific, written requests we made.  Still, we are pleased we could answer your questions and appreciate your commitment to following up on certain items with your clients.  As such, we believe future meet and confers will prove more productive.

Regards,
John



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

**From:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Sent:** Tuesday, January 17, 2023 2:21 PM
**To:** John Do <JDo@aclunc.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne

(CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

John-

Thanks for your patience.  We are available at 3pm tomorrow.

Best,
Ryan

**Ryan C. Stevens**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3975 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Tuesday, January 17, 2023 11:14 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Jim, Wayne, Ed, and Ryan,

Although you refused to meet and confer on Friday and today, we remain available tomorrow, as Jim previously proposed.  We have still not heard back from you on times.  We are available at 10am or 3pm tomorrow.  Please advise.

Regards,
John



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** John Do
**Sent:** Friday, January 13, 2023 3:07 PM

**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Jim,

When reminded of the ongoing risk of injury to the Coalition and unhoused people, the Court also reaffirmed that we should treat this as a discovery dispute. Again, HSOC operations continue unabated and the Court has already raised grave concerns regarding their lawfulness. So unless the City will pause their operations or immediately modify them (e.g., new notices, new instructions, no law enforcement), we cannot wait until the 25th to further address an issue that has already been extensively discussed between the parties.

As said before, we have met and conferred on this multiple times already despite the City's delay in doing so. Given that the meet and confer requirements have been satisfied and the urgency of the requested relief, the parties should be prepared to file a joint discovery letter next week. But Plaintiffs are always interested in resolving any issues without involving the Court, and invoking the Court's discovery dispute resolution procedures does not preclude the parties from continuing to discuss, including with Judge Cisneros if needed. The City has assigned a half a dozen deputy city attorneys to this case, yet you've refused to meet today and on Tuesday. We can still meet Wednesday, but we expect the City to have definitive positions on the disclosures/monitoring, discovery, and modifications to HSOC operations. Please provide times for Wednesday. Thank you.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Friday, January 13, 2023 9:03 AM
**To:** John Do <JDo@aclunc.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Hi John,

Judge Ryu yesterday encouraged the parties to address these issues with Judge Cisneros.  Let's tee this up before the settlement conference.  I'll be out of the office until Wednesday.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Thursday, January 12, 2023 8:25 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Jim,

We have been meeting and conferring about these disclosures for weeks.  Many categories cover the same disclosures we discussed last year.  Given that there are grave concerns that Defendants are violating the preliminary injunction and the Constitution daily, we ask for your final position on disclosures/monitoring by Tuesday.  If we cannot reach an agreement, we will have to engage in motion practice.  We remain available tomorrow to discuss this and possible modification to HSOC operations.

Regards,
John



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Thursday, January 12, 2023 6:32 PM
**To:** John Do <JDo@aclunc.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang,

Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Hi John,

We can't be available tomorrow for a meaningful meet-and-confer.  We need more time to discuss the judge's questions with our clients.  Can I suggest Wednesday next week?

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Thursday, January 12, 2023 3:28 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Jim,

We'd like to continue our meet and confer on the disclosures below and our prior discovery requests.  Because the City continues with HSOC operations, please let us know your availability tomorrow to address these urgent issues.  And if you have any information on changes to the City's approach to HSOC operations in light of the Court's concerns today, please also let us know.  Thank you.

Regards,
John



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>

**Sent:** Tuesday, January 3, 2023 8:27 PM
**To:** John Do <JDo@aclunc.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>
**Subject:** RE: COH v SF: m/c on ongoing productions and a motion for clarification

Hi John,

You asked me to respond today to the request you transmitted last Thursday for weekly reporting of information relating to San Francisco's compliance with the preliminary injunction.

In October, the Court resolved plaintiffs' asserted need for interim disclosures.  What you requested on Thursday in your email below is significantly more extensive and more burdensome than what plaintiffs sought in October and what the Court at that time deemed relevant and appropriate while the PI motion was pending.  Now that the Court has decided the PI motion and discovery has opened, plaintiffs have less need for ongoing disclosures, not more.   The reasons you have offered for the six broad categories of information plaintiffs seek are generic, and do not explain why the particular information requested is necessary on an ongoing weekly basis, rather than through normal discovery.

1. San Francisco will agree to provide 72-hour notice of "planned homeless encampment resolution[s]," as the Court directed in its October 18 Order (Dkt #34).  San Francisco adheres to its understanding of the scope of this notice requirement, as explained in the parties' extensive meet-and-confer efforts on the topic.
2. It's not clear what plaintiffs mean by "weekly HSOC encampment reports" or "dispatch/progress logs."  I believe "encampment resolution schedules" are covered by item 1, above.  To generate additional reports on plaintiffs' proposed weekly schedule is burdensome on its face.  Plaintiffs should avail themselves of ordinary discovery tools to obtain the additional information they seek from HSOC.
3. Plaintiffs' expanded request for ongoing disclosure of SFPD data is significantly broader than the request the Court rejected in October (Dkt #38).  As San Francisco already explained (Dkt #37), searches of individualized records and the proposed key-word searches are impractical on a weekly basis.  Plaintiffs now in addition seek bodycam footage and photographs on a weekly basis.  Public disclosure of bodycam footage requires individualized review and redactions, and is not practical on an ongoing basis.  Plaintiffs should avail themselves of ordinary discovery tools to obtain the information they seek from SFPD.  The Court specifically contemplated plaintiffs could "seek[ ] production of different categories of records from SFPD once discovery is open."  (Dkt #38, at 2).
4. Plaintiffs' expanded request for ongoing disclosure of DPW documents and photos exceeds the scope of what plaintiffs requested and what the Court authorized while the PI motion was pending.  Collecting, processing, and producing the disparate records plaintiffs now seek from DPW on a weekly basis would be unduly burdensome and disruptive to staff.  The proposed 72-hour notice of planned encampment resolutions will provide ample opportunity for plaintiffs to verify DPW's adherence to its bag-tag policies.  Plaintiffs should avail themselves

of ordinary discovery tools to obtain the information they seek from DPW.
5. The Court did not require weekly reporting of HSH data.  (Dkt #34 para 3.d).  Plaintiffs have not justified weekly reporting of that data now, which imposes an ongoing burden both on HSH and the City Attorney's office.  The information plaintiffs seek now from HSH is even broader than what it sought in October.  Because plaintiffs have not alleged any threat of criminal enforcement in connection with SFHOT outreach, the request for weekly reporting of SFHOT outreach data is entirely unjustified.  Plaintiffs should avail themselves of ordinary discovery tools to obtain the information they seek from HSH.
6. San Francisco proposes to provide promptly upon publication non-privileged departmental policy bulletins and directives addressing (1) enforcement of sit/lie/sleep laws against people experiencing homelessness; or (2) bag-and-tag.  Any additional documentation regarding compliance are available through ordinary discovery tools.

I expect to continue to receive from client departments more detailed descriptions of the burden arising from plaintiffs' request for ongoing weekly productions.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Thursday, December 29, 2022 4:25 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Joseph.Lee@lw.com; Al.Pfeiffer@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** COH v SF: m/c on ongoing productions and a motion for clarification

Hi Jim:

As requested, this email covers our position on (1) ongoing productions to ensure compliance and (2) a motion for clarification you are considering in light of "operational questions" with the settlement in *Hastings College of the Law v. City & County of San Francisco,* Case No. 3:20-cv-03033-JST (N.D. Cal., filed May 4, 2020).

As described today, it is clear that Defendants are taking a position on "involuntary homelessness" that is fundamentally incompatible with the Court's order—which establishes that San Francisco's massive shelter/housing shortage, combined with the shelter system's closure, the 1000 people languishing on a shelter waitlist with no access to it, and the closure of same-day lines and all self-referral into shelter, precludes all enforcement/displacement operations of unhoused people—even where the City purports to provide some shelter incident to its enforcement/resolution process. *See e.g.,* Dkt. No. 65 at 4:8-9 ("It is undisputed that San Francisco does not have enough available shelter beds for all homeless San Franciscans"); Id  at 25:15-16 ("At the hearing, they conceded

that since April 2020, homeless individuals have not been able to access shelter"); Id. at 41:26-27 ("As previously noted, Defendants conceded at the hearing that '[v]oluntary access to shelter has been functionally inaccessible to unhoused people in San Francisco since the onset of the pandemic in April 2020'"). Indeed, you acknowledged that Defendants would treat the Court's order as precluding all enforcement/displacement operations. Moreover, you recognize the Court's order could be read consistent with that understanding.

Therefore, we would oppose a motion for clarification. The Court's order is clear. We similarly do not read a conflict between the settlement in the UC Hastings lawsuit and the preliminary injunction.

We also discussed that Plaintiffs have no way of assessing or ensuring Defendants' compliance without ongoing notice and disclosure of relevant documents during the pendency of the preliminary injunction, and at suitable intervals such that Plaintiffs can ensure that unhoused individuals are not suffering constitutional injuries on an ongoing basis. These disclosures are informed in part based on what the Court has ordered previously, but all such documents are critical to assessing Defendants' compliance. As you yourself noted today, you would not be able to guarantee compliance and could not represent that there would be no errant behavior of different City officials in complying with the injunction. That is the very basis for these requests, which are as follows:

1. **Ongoing 72-Hour Notice.** We ask that Defendants agree to the same type of notice of any planned sweep operations (e.g., an operation where unhoused people are asked to move) as required by the Court's previous orders. *See* Dkt. No. 34.

    Reason: So that Plaintiffs have an opportunity to monitor ongoing sweep operations for compliance with the Court's order. This request did not prove burdensome. Per City practice/policy, such notices are already posted in advance and such operations are planned a week in advance. As raised on the call, we would also be willing to accept earlier notice, for example at the time Defendants decide where and when to conduct such operations, which Defendants have previously represented are determined the Wednesday before.

2. **HSOC Resolution Data.** All weekly HSOC encampment reports, encampment resolution schedules, and dispatch/progress logs.

    Reason: So that Plaintiffs have an opportunity to plan how to monitor ongoing sweep operations for compliance with the Court's order, and to identify Defendants' representations regarding shelter offers, arrests, and displacement operations across the City.

3. **SFPD Data.** All underlying SFPD dispatch logs and incident reports—both in summary report form and individualized records—pertaining to interactions, including all incident reports:
- related to 915 (homeless complaints), 917 (suspicious person), 919 (person sitting/lying on a sidewalk), 920 (aggressive solicitor), and 800cr (mentally disturbed person) dispatches; and
- responsive to the following search terms: "homeless" AND "encampment"; or "homeless" AND "tent"; or "homeless" AND "complaint"

SFPD should also produce all bodycam or photographs related to any of the incident reports described above.

Reason: This data regarding SFPD's interactions with unhoused people is critical to assessing whether law enforcement is in fact honoring the prohibition on enforcement. SFPD is dispatched to respond to homelessness complaints thousands of times every month beyond HSOC operations and without the presence of the HOT team. Without data on these interactions, the vast majority of potential non-compliance with the Court's order will remain without scrutiny.

4. **DPW Data.** All incident reports or logs identifying DPW cleaning or removal operations regarding unhoused individuals, any associated incident reports, property logs, or bag and tags, including photographs of disputed property (e.g. property not bagged and tagged) and copies of any notices posted prior to any property removal.

Reason: DPW is conducting daily cleaning and property removal operations beyond HSOC that all involve unhoused individuals. Without the DPW-specific data regarding time, place, location, factual circumstances, and removal data, Plaintiffs will be unable to monitor DPW's overall compliance with the preliminary injunction order.

5. **HSH Data**. HSH daily shelter availability disclosures, outreach, and shelter placement reports from the HOT team regarding specific and individualized shelter offers and acceptances across San Francisco.

Reason: HSH's shelter bed availability, ways to access the shelter system, and the timing of shelter offers is critical to assessing if and when enforcement of anti-homeless ordinances are ever appropriate.

6. **Information regarding PI Compliance**. All non-privileged information communicated by Defendants to staff regarding how to comply with the preliminary injunction order.

Reason: Plaintiffs have no insight into Defendants' conduct without understanding any trainings or guidance given to Defendants' staff regarding their understanding of

how to comply with the Court's order. Plaintiffs must have that information to confirm that Defendants' staff are being appropriately advised regarding the Court's order.

Save for #1 72-Hour Notices, Plaintiffs request that all such document disclosures should continue on a weekly basis, or on a bi-weekly basis on a demonstration of a legitimate burden, to ensure ongoing compliance with the Court's order while safeguarding the rights of unhoused individuals through swift intervention in light of obvious non-compliance. We note in this regard that Defendants have not yet provided information regarding any alleged burden by which Plaintiffs or the Court could fairly evaluate Defendants purported concerns.

We will await your response regarding whether Defendants will stipulate to an order requiring the disclosures described above. Given that the City continues with some sort of sweep operations, we appreciate your prompt attention to these urgent matters and ask that you please respond by Tuesday.

You have identified that it is Defendants' preference to address these issues with the Court as soon as possible. We certainly agree. We believe that the appropriate and most efficient mechanism to do so is via the parties' joint CMC statement and 26(f) report—which is due on Thursday, 1/5.

However, you have communicated a desire to instead file some request for relief on Tuesday, 1/3 in the form of an administrative motion. We note that it appears to be the judge's distinct preference that the parties seek to resolve any issues by the submission of joint statements. As such, Plaintiffs propose that the parties file a joint letter brief to the Court regarding the areas in dispute and requesting that the Court provide guidance to the parties either before or at the CMC on 1/12. Please advise if Defendants can agree to a joint submission, and we are happy to agree to a mutual restriction on page limits.

Regards and Happy New Year,
John



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM