**EXHIBIT A**

**TO**

**DECLARATION OF MIGUEL GRADILLA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION**

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs*

*Additional Counsel Below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br>　　　　　　Plaintiffs. <br>　　v. <br><br>CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br>　　　　　　Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

LATHAM & WATKINS LLP
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
edellapiana@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
bgreene@aclunc.org

PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.

RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

SET NO: One

Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiffs COALITION ON HOMELESSNESS, TORO CASTAÑO, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, TERESA SANDOVAL, and NATHANIEL VAUGHN (collectively "Plaintiffs"), hereby respond to Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") First Set of Requests for Production of Documents (the "Requests") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' responses to the following Requests for Production are made to the best of their present knowledge, information, and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Plaintiffs' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation. Therefore, the following responses and objections are given without prejudice to Plaintiffs' right to rely on subsequently discovered or recalled information and evidence. Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Requests for Production discovered or recalled subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

**GENERAL OBJECTIONS**

1

**1.** Plaintiffs object to the Requests to the extent that they: (a) seek documents or information that are not relevant to any party's claims or defenses in the action; (b) impose a burden disproportionate to the needs of the case; (c) seek documents or information beyond the scope of permissible discovery; (d) are unreasonably cumulative or duplicative; or (e) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

**2.** Plaintiffs object to the Requests to the extent that they are vague, ambiguous, overbroad, and/or fail to state with reasonable particularity the type of information sought therein, and are not reasonably calculated to lead to the discovery of admissible evidence.

**3.** Plaintiffs object to the Requests to the extent that they seek disclosure of information that is publicly available, already in Defendants' possession, custody, or control, or otherwise available from sources to which Defendants have access.

**4.** Plaintiffs object to the Requests to the extent that they purport to impose on Plaintiffs a duty to disclose information that it does not actually have in its possession, custody, or control. Subject to the objections herein, in responding to the Requests, Plaintiffs will search only for information in its possession, custody, or control as of the date of this response. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control.

**5.** Plaintiffs object to the Requests to the extent they prematurely seek expert opinion or reports at a time when no experts have been designated.

**6.** Plaintiffs object to the Requests to the extent the information is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

**7.** Plaintiffs object to the Requests to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Requests in accordance with the requirements of

1  the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

8. Plaintiffs object to the Requests to the extent that they purport to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to a Request on the basis of any applicable privilege.

9. Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Plaintiffs' right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to demand that the parties in this action return or destroy any inadvertently disclosed information. Plaintiffs has not previously waived any applicable privilege and specifically states that it does not intend to do so through the disclosure of any information in response to the Requests. In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Plaintiffs and will be precluded from disclosing or relying upon such information or documents in any way.

10. Plaintiffs' General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below, including Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and Instruction. The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically herein.

11. Plaintiffs' amendment of its Responses shall not be construed as a waiver of any Objections asserted by Plaintiffs. Nor does Plaintiffs' amendment of its Responses constitute a concession that its initial Responses were deficient under the applicable rules.

seeks documents obtained through Public Records Act requests, this Request is duplicative with Request No. 1.

Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs will produce documents or articles that are cited or quoted in Plaintiffs' First Amended Complaint that are in Plaintiffs' possession, custody, or control that are not already in the possession of or immediately accessible to one or more Defendants.

**REQUEST NO. 3:**

ALL DOCUMENTS or other written statements signed or adopted by or reflecting the statements of any HOMELESS PERSON pertaining to the issues in YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs incorporate by reference their General Objections and Objections to the Definitions and Instructions. Plaintiffs further object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. In particular, work product privilege protects all documents "adopted by" or "reflecting the statements of" HOMELESS PERSONS that were gathered in anticipation of litigation—and Plaintiffs will not interpret this request to include a request for such privileged information. Plaintiffs further object to this Request as overbroad, unduly burdensome, not proportional, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks documents not in the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Request to the extent that all other documents sought by this Request have already been filed in this case and are therefore part of the public record. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n*, 369 F. Supp. at 995; *see also Krause*, 425 F. Supp. 2d at 375; *L&L Franchise, Inc.*, 2008 WL 11337594, at *2; *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12cv2079–GPC (KSC), 2014 WL 2919518, at *7 (S.D. Cal. June 27, 2014) (sustaining defendants' objections to production of discovery where documents requested were "from court records that are equally available to all parties").

==Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs are willing to meet and confer with Defendants regarding the appropriate scope of this request, and to clarify what it is that Defendants are seeking beyond work-product privileged material created in anticipation of litigation or documents already publicly filed in the action as identified above.==

**REQUEST NO. 4:**

ALL DOCUMENTS or other written statements signed or adopted by or reflecting the statements of any Coalition on Homelessness volunteer pertaining to the issues in YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs incorporate by reference their General Objections and Objections to the Definitions and Instructions. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. In particular, the work product privilege protects all documents "adopted by" or "reflecting the statements of" HOMELESS PERSONS that were gathered in anticipation of litigation—and Plaintiffs will not interpret this request to include a request for such privileged information. Plaintiffs further object to this Request that it is overbroad, unduly burdensome, not proportional, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks documents outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Request to the extent it seeks publicly available documents, or documents that are otherwise available to Defendants. *See Valvoline Instant Oil Change Franchising*, 2014 WL 2919518, at *7 (sustaining defendants' objections to production of discovery where documents requested were "from court records that are equally available to all parties").

Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs are willing to meet and confer with Defendants regarding the appropriate scope of this request, and to clarify what it is that Defendants are seeking beyond work-product privileged material

possession, custody, and control of one or more Defendants or already contained in the public filings for this case.

Dated: April 12, 2023

By: */s/ Joseph H. Lee*

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620*
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

**admitted pro hac vice*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

bgreene@aclunc.org

*Attorneys for Plaintiffs*