DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
RYAN C. STEVENS, State Bar #306409
KAITLYN MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-4628 (Emery)
              (415) 554-3857 (Wang)
              (415) 554-3975 (Stevens)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              jim.emery@sfcityatty.org
              edmund.wang@sfcityatty.org
              ryan.stevens@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DECLARATION OF MARK MAZZA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Date:    August 10, 2023<br>Time:    1:00 PM<br>Judge:   Hon. Donna M. Ryu<br>Place:   Courtroom 4 – 3rd Floor<br>         1301 Clay Street<br>         Oakland, CA 94612<br><br>Trial Date:        April 15, 2024<br>Attachments: Exhibits A - D |

I, Mark Mazza, declare:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I was the Outreach Manager of the San Francisco Department of Homelessness and Supportive Housing ("HSH") from August 2020 until October 2022, and was previously in the interim role since January 2020. As the Outreach Manager of the HSH, a portion of my role was to manage the work of the San Francisco Homeless Outreach Team ("SFHOT"). Additionally, I worked in various capacities for HSH since May 2016. Before that I worked for San Francisco's Department of Public Health from March 2013 until May of 2016. Before joining the City in 2013, I worked twelve years as a counselor, therapist and behavioral health specialist at nonprofits and schools. I received a Master's Degree in social work in 2006 from Virginia Commonwealth University.

3. I currently serve as the Tenderloin Street Operations Manager of the Department of Emergency Management ("DEM"). My job duties include managing the Tenderloin Joint Field Operation ("JFO"). JFO is an interagency effort that operates seven days per week in set geographic zones in the Tenderloin (the JFO divides the Tenderloin neighborhood of San Francisco into four quadrants) to offer wellness checks, referrals to substance use programs and medical and mental health care resources to unhoused individuals, as well as perform street cleaning. Each JFO operation is staffed with a community paramedic from the San Francisco Fire Department ("SFFD") to serve as a field incident commander; two SFHOT outreach workers and one Felton Engagement Specialist Team ("FEST") engagement specialists, to provide outreach and service linkage to resources for addressing any combination of substance use, mental health, and physical health needs; one to two San Francisco Police Department ("SFPD") officers to protect the safety of the City's outreach workers; two San Francisco Municipal Transportation Agency ("SFMTA") parking control officer to control traffic for the safety of the unhoused, City personnel, and bystanders during JFO operations; and two to ten San Francisco Department of Public Works ("DPW") personnel to perform street cleaning.

4. Every morning, JFO personnel meet at the designated meeting point for the quadrant scheduled for that day. JFO does not cover the entire quadrant. From the meeting point, JFO will address two to three locations within the scheduled quadrant to offer wellness checks, referrals to

substance use programs and medical and mental health care resources to unhoused individuals, and perform street cleaning. These locations are selected based on either my own or the SFFD incident commander's observations of locations in the quadrant with open air drug use (and thus possibly in need of wellness checks and referrals to substance use, medical, or mental health resources) and blocked sidewalks and building entrances.

5. Since February 2023, I have been sending an email to Plaintiff Coalition on Homelessness to provide notice of JFO's schedule for the next month. I provide notice of the geographic zone of the Tenderloin that JFO will address on each day of the month, including where JFO will meet and begin operations each day.

    a. A true and correct copy of my email to the Coalition on Homelessness attaching and including the JFO schedule for the month of March 2023 is attached hereto as **Exhibit A**.

    b. A true and correct copy of my email to the Coalition on Homelessness attaching and including the JFO schedule for the month of April 2023 is attached hereto as **Exhibit B**.

    c. A true and correct copy of my email to the Coalition on Homelessness attaching and including the JFO schedule for the month of May 2023 is attached hereto as **Exhibit C**.

6. The presence of the Coalition on Homelessness or other third-party observers does not change how JFO operates. JFO does not force anyone to move permanently. JFO does not cite, arrest, or threaten to cite or arrest anyone for the following laws and ordinances to prohibit them from sitting, lying, or sleeping on public property: California Penal Code § 647(e), California Penal Code § 370, California Penal Code § 372, San Francisco Police Code § 168, or San Francisco Police Code § 169. JFO only asks individuals to move temporarily for cleaning, and to move their belonging to allow a 4-foot path of travel in the public right of way. JFO only collects and discards items that individuals identify is trash, garbage, debris, or abandoned, and items that present an immediate health or safety risk, such as items soiled by human waste or body fluids. Individuals approached by JFO are permitted to keep their belongings, including in the public right of way, as long as they do not present an immediate health or safety risk and are not blocking the path of travel. This is how JFO operates whether or not the Coalition on Homelessness or other third-party observers are present.

7. I understand that Plaintiffs' declarants take issue with certain interactions with City personnel within the Tenderloin. The following events that Plaintiffs' declarants take issue with were JFO operations: January 23, 2023 at or near Leavenworth Street and Ellis Street; January 27, 2023 at or near Leavenworth Street and Ellis Street; February 2, 2023 at or near Mission Street between 8th Street and 9th Street; and March 3, 2023 at or near Mission Street and 7th Street.

8. I was present at the **January 23, 2023 JFO operation at or near Leavenworth Street and Ellis Street**. JFO did not cite, arrest, or threaten to cite or arrest anyone for the following laws and ordinances to prohibit them from sitting, lying, or sleeping on public property: California Penal Code § 647(e), California Penal Code § 370, California Penal Code § 372, San Francisco Police Code § 168, or San Francisco Police Code § 169. JFO only asked individuals to move temporarily for cleaning, and to move their belongings to allow a 4-foot path of travel in the public right of way. JFO only collected and discarded items that individuals identified was trash, garbage, debris, or abandoned, and items that presented an immediate health or safety risk, such as items soiled by human waste or body fluids. Individuals approached by JFO were permitted to keep their belongings that did not present an immediate health or safety risk, including in the public right of way, as long as they were not blocking the path of travel. A private third party had placed a porta-potty at the location of this JFO operation. The porta-potty was blocking the path of travel on the sidewalk. JFO moved the porta-potty to the curbside of the sidewalk, which is the same side of the sidewalk where tents were re-erected following street cleaning. I did not see the porta-potty leak anything onto anyone's tent or belongings.

9. Attached hereto as **Exhibit D** is a screenshot of a January 23, 2023, 11:58 a.m. post on twitter.com, https://twitter.com/war24182236/status/1617612775257436161 (last accessed on June 13, 2023), that I captured on June 13, 2023. The image accurately represents the area at or near Leavenworth Street and Ellis Street on January 23, 2023 following the JFO. As can be seen in the image, tents and property were permitted to remain on the sidewalk outside of the 4-foot path of travel.

10. I was present at the **January 27, 2023 JFO operation at or near Leavenworth Street and Ellis Street**. JFO did not cite, arrest, or threaten to cite or arrest anyone for the following laws and ordinances to prohibit them from sitting, lying, or sleeping on public property: California Penal Code § 647(e), California Penal Code § 370, California Penal Code § 372, San Francisco Police Code § 168,

1 | or San Francisco Police Code § 169. JFO only asked individuals to move temporarily for cleaning, and
2 | to move their belongings to allow a 4-foot path of travel in the public right of way. JFO only collected
3 | and discarded items that individuals identified was trash, garbage, debris, or abandoned, and items that
4 | presented an immediate health or safety risk, such as items soiled by human waste or body fluids.
5 | Individuals approached by JFO were permitted to keep their belongings that did not present an
6 | immediate health or safety risk, including in the public right of way, as long as they were not blocking
7 | the path of travel.

11. I do not recall whether I was present for the February 2, 2023 JFO operation at or near Mission Street between 8th Street and 9th Street, or the March 3, 2023 JFO operation at or near Mission Street and 7th Street. I try to stop by JFO operations most days, for at least part of the operation. I am typically in real-time communication with the incident commander and the other departmental supervisors during JFO operations. I have no reason to think JFO operated differently on February 2, 2023 or March 3, 2023 than how we typically operate as I set forth above in Paragraph 6.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed 07/06 2023 in San Francisco, California.

_____
MARK MAZZA

DECL. MAZZA ISO OPP. TO MOT. ENFORCE PI        4        n:\govlit\li2023\230239\01687359.docx
CASE NO. 4:22-cv-05502-DMR