1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  EDMUND T. WANG, State Bar #278755
   KAITLYN M. MURPHY, State Bar #293309
6  MIGUEL A. GRADILLA, State Bar #304125
   JOHN H. GEORGE, State Bar #292332
7  ZUZANA S. IKELS, State Bar #208671
   Deputy City Attorneys
8  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
9  San Francisco, California 94102-4682
   Telephone:      (415) 554-4675 (Snodgrass)
10                  (415) 554-3857 (Wang)
                    (415) 554-6762 (Murphy)
11                  (415) 554-3870 (Gradilla)
                    (415) 554-4223 (George)
12                  (415) 355-3307 (Ikels)
   Facsimile:      (415) 554-4699
13 E-mail:         wayne.snodgrass@sfcityatty.org
                   edmund.wang@sfcityatty.org
14                 kaitlyn.murphy@sfcityatty.org
                   miguel.gradilla@sfcityatty.org
15                 john.george@sfcityatty.org
                   zuzana.ikels@sfcityatty.org
16
   Attorneys for Defendants
17 CITY AND COUNTY OF SAN FRANCISCO, et al.

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20
   COALITION ON HOMELESSNESS; TORO          Case No. 4:22-cv-05502-DMR
21 CASTAÑO; SARAH CRONK; JOSHUA
   DONOHOE; MOLIQUE FRANK; DAVID            **DEFENDANTS' OBJECTIONS TO EVIDENCE**
22 MARTINEZ; TERESA SANDOVAL;               **SUPPORTING PLAINTIFFS' REPLY TO**
   NATHANIEL VAUGHN,                        **MOTION FOR ENFORCEMENT OF**
23                                          **PRELIMINARY INJUNCTION**
            Plaintiffs,
24                                          Date:      August 24, 2023
       vs.                                  Time:      1:00 PM
25                                          Judge:     Hon. Donna M. Ryu
   CITY AND COUNTY OF SAN                   Place:     Courtroom 4 – 3rd Floor
26 FRANCISCO, et al.,                                  1301 Clay Street
                                                       Oakland, CA 94612
27          Defendants.
                                            Trial Date:      April 15, 2024
28

DEFTS.' OBJECTION TO EVIDENCE                                 n:\govlit\li2022\230239\01693937.docx
CASE NO. 4:22-cv-05502-DMR

PLEASE TAKE NOTICE that Defendants City and County of San Francisco, et al. ("San Francisco"), pursuant to Local Rule 7-3(d)(1), hereby object to the evidence presented by Plaintiffs, in connection with their Reply in Support of Plaintiffs' Motion to Enforce Preliminary Injunction.

Plaintiffs filed five new declarations with their reply in violation of the "well accepted" rule "that raising of new issues and submission of new facts in [a] reply brief is improper." *Roe v. Doe*, No. C 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (cleaned up). Courts in this District regularly strike or disregard declarations—like those filed by Plaintiffs—that raise evidence for the first time on reply. *See, e.g.*; *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking new evidence in reply declaration); *Willis v. Koning & Assocs.*, No. 21-CV-00819-BLF, 2023 WL 2541327, at *2 (N.D. Cal. Mar. 15, 2023) (striking reply declaration); *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1176 n.4 (N.D. Cal. 2013) (same); *Rodgers v. Chevys Restaurants, LLC*, No. C13-03923 HRL, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) (striking supplemental declaration); *Roe*, 2009 WL 1883752 at *5 (disregarding new facts in reply). This Court should do the same. Or, alternatively, allow Defendants leave to file a sur-reply responding to the declarations. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond").

Tracey Luz's declaration, which only makes allegations about an unspecified April 2023 HSOC resolution, is both improper new evidence that does not reply to evidence raised in Defendants' opposition and was available to Plaintiffs *before* they filed their motion. ECF No. 157-2. It should be excluded. *Willis*, 2023 WL 2541327 at *2 ("Plaintiff has not provided a good reason why the declaration was not submitted with his opening brief. The Court SUSTAINS this objection and will STRIKE the declaration."). Although no showing of prejudice is required, the prejudice is obvious. Defendants were unable to investigate and respond to Luz's allegations in their opposition.

Abimbola Myers' supplemental declaration contains all new allegations exclusively concerning a July 6, 2023 cleaning. ECF No. 157-4. Myers' declaration, which does not rebut or reply to specific evidence Defendants introduced in their opposition, is entirely improper new evidence and should be struck. *Rodgers*, 2015 WL 909763 at *5 (striking plaintiff's "supplemental declaration" as an improper attempt to "submit new facts" that left defendants "unable to respond to this new evidence").

Like Myers' declaration, Dylan Verner-Crist's supplemental declaration primarily raises new allegations about HSOC and JFO operations in July 2023. ECF No. 157-5, ¶¶3-20. His statements about what allegedly occurred at these operations are new evidence that does not rebut or respond to evidence Defendants have submitted and, with respect to his claims about notice of JFO operations, was available to Plaintiffs before they filed their motion. The Court should not consider these sections of his declaration (*Id.*, ¶¶3-20).[1] *Contratto*, 227 F.R.D. at 308 n.5 (striking declaration "[t]o the extent that [it] introduces new evidence not presented in either the motion or opposition").

Toro Castaño's supplemental declaration similarly raises improper new evidence that does not rebut Defendants' opposition evidence. ECF No. 157-3, ¶¶4-6, 13-20. A substantial portion of Castaño's declaration is dedicated to his grievances against SFPD and his disagreement that sidewalks must be ADA accessible. *Id.*, ¶¶14-20. This, as well his accusations about shelter staff during his prior stays (*Id.*, ¶¶4-6), is wholly improper new evidence that does not even attempt to contradict Defendants' evidence. This improper new evidence should be struck. *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d at 1176 n.4 (striking reply declaration); *Contratto*, 227 F.R.D. at 308 n.5.

Zal Schroff's supplemental declaration fares no better than the others. ECF No. 157-1. Schroff's declaration, which reads more like a motion to compel, exclusively recounts his interpretation of what Defendants were required to produce and his allegations of deficiencies in the productions. *Id.*, ¶¶3-12. These assertions are improper new evidence and do not rebut evidence Defendants have submitted with their opposition. The Court should refuse to entertain this improper evidence that is no more than a one-sided retelling of discovery "disputes," none of which Plaintiffs have properly raised with the Court.

//

//

//

//

---

[1] Verner-Crist's claims ECF No. 157-5, ¶¶21-22) about inaccuracies in a declaration Defendants filed, which Defendants do not move to strike, is a rare example of proper rebuttal evidence and highlights the impropriety of the remainder of his declaration and the other declarants' statements.

Plaintiffs' declarations, in addition to being improper new evidence, are also inadmissible for the following reasons:

| Paragraph | Objection |
|---|---|
| **Supplemental Shroff Decl. (Dkt. No. 157-1)** ||
| ¶¶4, 7, 8, 9, 10 | Federal Rules of Evidence (FRE) 402 – Defendants' productions are irrelevant to whether they have complied with the injunction |
| ¶5 | FRE 402 – Defendants' alleged failure to give notice of JFO operations is irrelevant to whether Defendants have complied with the injunction |
| ¶6 | FRE 402 – Defendants' alleged failure to give notice of cleanings is irrelevant to whether Defendants have complied with the injunction |
| ¶9 | FRE 402 – Plaintiffs' "anticipat[ion of] receiving" 240 incident reports is irrelevant to whether Defendants have complied with the injunction |
| ¶12 | FRE 402 – Plaintiffs' questions and Defendants' attorneys' responses are irrelevant to whether Defendants' have complied with the injunction |
| Exs. A & B | FRE 402 – Defendants' attorneys' emails are irrelevant to whether Defendants have complied with the injunction |
| **Luz Decl. (Dkt. No. 157-2)** ||
| ¶2 | FRE 602, 703 – "I am currently involuntarily homeless" is an improper legal conclusion |
| ¶¶ 7, 13 | FRE 802 – Unidentified SFPD officers' alleged statements are out of court statements offered for their truth. ¶7 ("The officers said that . . . They told me that . . ."); ¶13 ("[T]he SFPD officers told me . . . They told me . . . .") |
| ¶10 | FRE 802 – The pharmacy workers' alleged statements are out of court statements offered for their truth |
| ¶11 | FRE 402 – Claims about whether HOT staff offered shelter are irrelevant to Luz's allegations because there was no enforcement or threatened enforcement of the enjoined provisions |
| **Supplemental Castaño Decl. (Dkt. No. 157-3)** ||
| ¶4 | FRE 602, 703 – "I am involuntarily homeless" is an improper legal conclusion |
| ¶6 | FRE 402, 602, 701, 703 – Speculation that roommate "was struggling with dementia and an unaddressed lice problem" and statements regarding the shelter staff's alleged response are irrelevant, unsupported, and lack foundation |
| ¶7 | FRE 802 – Alleged statements by unidentified SFPD officers are out of court statements offered for their truth<br><br>FRE 602, 701 – Assertion that he has "often been told" and speculation about why shelter is allegedly not available for him are unsupported and lack foundation |
| ¶8 | FRE 802 – Alleged statements by unidentified speaker about tours are out of court statements offered for their truth ("I was told that . . . .") |
| ¶9 | FRE 602, 701 – Speculation that HOT staff's alleged statements meant "the remainder of my belongings would be lost or destroyed" is unsupported and lacks foundation |
| ¶10 | FRE 602, 701 – Speculation that "I would have had to surrender my belonging to get shelter" is unsupported and lacks foundation<br><br>FRE 402 – Statements that "I know that this case is not about money and does not include damages. It is instead about shelter and property." are irrelevant |

| | FRE 802, 602, 701 – Alleged statement from unidentified speaker is an out of court statement offered for its truth and is unsupported and lacks foundation ("the City was asking me to abandon my belongings")<br><br>FRE 802, 602, 701 – Unidentified HOT workers' alleged refusal to provide shelter to five other individuals is an out of court statement offered for its truth and is unsupported and lacks foundation |
|---|---|
| ¶11 | FRE 802 – Unidentified HOT workers' alleged statements are out of court statements offered for their truth |
| ¶12 | FRE 802, 602, 701 – Claim that he is "being threatened with enforcement" is an out of court statement by an unknown speaker offered for its truth and is unsupported and lacks foundation<br><br>FRE 402, 701 – Argument about what his time in shelter "demonstrate[s]" is improper and irrelevant argument and opinion |
| ¶13 | FRE 402 – Alleged position on a waitlist and failure to attend an open house is irrelevant |
| ¶¶14-20 | FRE 402 – Allegations about Officer Oropeza, complaints about other SFPD officers, and other statements are irrelevant |
| ¶14 | FRE 602, 701 – Claim that SFPD "pressure me to make a decision immediately under the threat of labeling me as service resistant" is unsupported and lacks foundation<br><br>FRE 602, 701 – Claim that "The City's harassment is a barrier for me to secure shelter and housing" is unsupported and lacks foundation |
| ¶15 | FRE 802 – Alleged statements by unidentified "unhoused person" about what Officer Oropeza allegedly said are out of court statements offered for their truth |
| ¶16 | FRE 602, 701 – Claim that Officer Oropeza was "not willing to assist" is unsupported and lacks foundation |
| ¶19 | FRE 602, 701 – Opinion that most City sidewalks are narrower than 48 inches is unsupported, lacks foundation, and is improper |
| ¶20 | FRE 602, 701 – Claim about "poor treatment" and "daily SFPD harassment" and his opinion that it has prevented from accepting housing is unsupported, lacks foundation, and is an improper opinion |
| **Supplemental Myers Decl. (Dkt. No 157-4)** | |
| ¶¶1-5 | FRE 402 – Entire declaration is irrelevant because it describes no enforcement or threat of enforcement of the enjoined provisions or violations of DPW bag and tag policy |
| ¶2 | FRE 602, 703 – "I am currently involuntarily homeless" is an improper legal conclusion |
| ¶3 | FRE 602, 701 – Claim that Myers "understood the direction to be an order and to be permanent" is unsupported and lacks foundation |
| ¶4 | FRE 802 – unidentified city workers' alleged statements are out of court statements offered for their truth |
| ¶5 | FRE 802 – Alleged SFFD captain's statements are out of court statements offered for their truth |
| **Supplemental Verner-Crist Decl. (Dkt. No 157-5)** | |
| ¶¶3-20; Exs. A-C | FRE 402 – Description of July 6 and 11 HSOC resolutions and JFO operations are irrelevant to Plaintiffs' claim that Defendants are violating the injunction |
| ¶¶5, 6 | FRE 802 – Unidentified SFFD officer's alleged statements are out of court statements offered for their truth |
| ¶¶7-10 | FRE 802 – Alleged statements by unidentified woman and unidentified HOT staff are out of court statements offered for their truth |

| ¶15 | FRE 602, 701 – Claim that "the City had posted" the sign seen on a fence is unsupported and lacks foundation |
| ¶16 | FRE 802 – Alleged statements by unidentified SFFD Officer are out of court statements offered for their truth |
| ¶17 | FRE 602, 701 – Claim that area is "72 acres in size" is unsupported, lacks foundation, and is an improper opinion |

For the foregoing reasons, the Court should strike the declarations of Schroff, Luz, and Myers in their entirety, strike paragraphs 4-6 and 14-20 of the Castaño declaration, strike paragraphs 3-20 of the Verner-Crist declaration, and sustain the above objections.

Dated:  August 1, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
ZUZANA S. IKELS
Deputy City Attorneys

By:  s/John H. George
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT