1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  EDMUND T. WANG, State Bar #278755
   KAITLYN M. MURPHY, State Bar #293309
6  MIGUEL A. GRADILLA, State Bar #304125
   JOHN H. GEORGE, State Bar #292332
7  ZUZANA S. IKELS, State Bar #208671
   Deputy City Attorneys
8  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
9  San Francisco, California 94102-4682
   Telephone:    (415) 554-4675 (Snodgrass)
10               (415) 554-3857 (Wang)
                 (415) 554-6762 (Murphy)
11               (415) 554-3870 (Gradilla)
                 (415) 554-4223 (George)
12               (415) 355-3307 (Ikels)
   Facsimile:    (415) 554-4699
13 E-mail:       wayne.snodgrass@sfcityatty.org
                 edmund.wang@sfcityatty.org
14               kaitlyn.murphy@sfcityatty.org
                 miguel.gradilla@sfcityatty.org
15               john.george@sfcityatty.org
                 zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY PROTECTIVE ORDER (ECF NO. 127)**<br><br>Trial Date:    April 15, 2024 |

Jt. Admin Mtn re Modify Protective Order
CASE NO. 4:22-cv-05502-DMR

n:\govlit\li2022\230239\01692376.docx

Pursuant to Rule 7-11 of the Civil Local Rules of the Northern District of California, the parties jointly seek an Order from the Court modifying the Protective Order (ECF No. 127) as described below to permit the transfer and production of Criminal Offender Record Information ("CORI") in connection with this litigation.

Discovery in this litigation will require production of materials, including Body Worn Camera ("BWC") footage, that contains CORI, which City departments are prohibited from disclosing by statute. Defendants represent that the time necessary to redact CORI from otherwise responsive materials, including BWC footage, has presented a significant barrier to Defendants ability to comply with its discovery obligations given the volume of BWC footage requested in this case.

Therefore, the parties jointly request the Court modify the Protective Order to include the following language.

To facilitate Defendants' review and production of documents, pursuant to Cal. Code Regs. tit. 11, § 703(b) and 5 U.S.C. § 552a(b)(11), the departments of the City and County of San Francisco—including, without limitation the San Francisco Police Department and San Francisco Sheriff's Office—are directed to provide the San Francisco City Attorney's Office and its designated agents, access to: (1) materials containing Criminal Offender Record Information; and (2) adult and juvenile criminal records maintained by the San Francisco Police Department or San Francisco Sheriff's Office.

As used in this order, "Criminal Offender Record Information," means records or data compiled by criminal justice agencies for purposes of identifying adult and juvenile criminal offenders and of maintaining as to each such offender a summary of arrests, criminal pretrial proceedings, and/or the nature and disposition of charges, sentencing, incarceration, rehabilitation, and release in adult and juvenile criminal cases. Included in this definition are images of any screen, device, or other display, and any sound or other aural perception, that reflects such information.

None of the parties' objections and responses to objections with respect to production of materials containing Criminal Offender Record Information are waived.

Should either party agree to produce documents containing Criminal Offender Record Information, or should the Court order either party to do so at a later time, such disclosure to the Court

1  and the parties is authorized pursuant to the Court's authority under the Federal Rules of Civil

2  Procedure, Cal. Code Regs. tit. 11, § 703(b), California Penal Code §§ 13300(c)(7), and 5 U.S.C. §

3  552a(b)(11).

4      Any documents containing Criminal Offender Record Information that are produced in this

5  litigation shall be subject to the protections afforded to HIGHLY CONFIDENTIAL – ATTORNEYS'

6  EYES ONLY information under the Court's protective order and shall be designated as such.

9  Dated:  August 3, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
ZUZANA S. IKELS
Deputy City Attorneys


By: s/John H. George
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

Dated: August 3, 2023

        ALFRED C. PFEIFFER, JR.
        WESLEY TIU
        JOSEPH H. LEE
        KEVIN WU
        TULIN GURER
        RACHEL MITCHELL
        Latham & Watkins LLP

By: s/Wesley Tiu
     WESLEY TIU

ZAL K. SHROFF
Lawyers' Committee for Civil Rights of the San Francisco Bay Area

JOHN THOMAS H. DO
BRANDON L. GREENE
ACLU Foundation Of Northern California

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, John H. George, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated: August 3, 2023

>　　　　　　　　　　　　　DAVID CHIU
>　　　　　　　　　　　　　City Attorney
>　　　　　　　　　　　　　YVONNE R. MERÉ
>　　　　　　　　　　　　　WAYNE SNODGRASS
>　　　　　　　　　　　　　MEREDITH B. OSBORN
>　　　　　　　　　　　　　EDMUND T. WANG
>　　　　　　　　　　　　　KAITLYN MURPHY
>　　　　　　　　　　　　　MIGUEL A. GRADILLA
>　　　　　　　　　　　　　JOHN H. GEORGE
>　　　　　　　　　　　　　ZUZANA S. IKELS
>　　　　　　　　　　　　　Deputy City Attorneys
>
>　　　　　　　　　　　By: s/John H. George
>　　　　　　　　　　　　　JOHN H. GEORGE
>
>　　　　　　　　　　　Attorneys for Defendants
>　　　　　　　　　　　CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

# [PROPOSED] ORDER

Pursuant to the stipulation of the parties and for good cause shown,

To facilitate Defendants' review and production of documents, pursuant to Cal. Code Regs. tit. 11, § 703(b) and 5 U.S.C. § 552a(b)(11), the departments of the City and County of San Francisco—including, without limitation the San Francisco Police Department and San Francisco Sheriff's Office—are directed to provide the San Francisco City Attorney's Office and its designated agents, access to: (1) materials containing Criminal Offender Record Information; and (2) adult and juvenile criminal records maintains by the San Francisco Police Department or San Francisco Sheriff's Office.

As used in this order, "Criminal Offender Record Information," means records or data compiled by criminal justice agencies for purposes of identifying adult and juvenile criminal offenders and of maintaining as to each such offender a summary of arrests, criminal pretrial proceedings, and/or the nature and disposition of charges, sentencing, incarceration, rehabilitation, and release in adult and juvenile criminal cases. Included in this definition are images of any screen, device, or other display, and any sound or other aural perception, that reflects such information.

None of the parties' objections and responses to objections with respect to production of materials containing Criminal Offender Record Information are waived.

Should either party agree to produce documents containing Criminal Offender Record Information, or should the Court order either party to do so at a later time, such disclosure to the Court and the parties is authorized pursuant to the Court's authority under the Federal Rules of Civil Procedure, Cal. Code Regs. tit. 11, § 703(b), California Penal Code §§ 13300(c)(7), and 5 U.S.C. § 552a(b)(11).

Any documents containing Criminal Offender Record Information that are produced in this litigation shall be subject to the protections afforded to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information under the Court's protective order (ECF No. 127) and shall be designated as such.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE