DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
ZUZANA S. IKELS, State Bar #208671
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4675 (Snodgrass)
               (415) 554-3857 (Wang)
               (415) 554-6762 (Murphy)
               (415) 554-3870 (Gradilla)
               (415) 554-4223 (George)
               (415) 355-3307 (Ikels)
Facsimile:     (415) 554-4699
E-mail:        wayne.snodgrass@sfcityatty.org
               edmund.wang@sfcityatty.org
               kaitlyn.murphy@sfcityatty.org
               miguel.gradilla@sfcityatty.org
               john.george@sfcityatty.org
               zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY PROTECTIVE ORDER (ECF NO. 127)**<br><br>Trial Date:          April 15, 2024 |

Pursuant to Rule 7-11 of the Civil Local Rules of the Northern District of California, the parties jointly seek an Order from the Court modifying the Protective Order (ECF No. 127) as described below to permit the transfer and production of Criminal Offender Record Information ("CORI") in connection with this litigation.

Discovery in this litigation will require production of materials, including Body Worn Camera ("BWC") footage, that contains CORI, which City departments are prohibited from disclosing by statute. Defendants represent that the time necessary to redact CORI from otherwise responsive materials, including BWC footage, has presented a significant barrier to Defendants ability to comply with its discovery obligations given the volume of BWC footage requested in this case.

Therefore, the parties jointly request the Court modify the Protective Order to include the following language.

To facilitate Defendants' review and production of documents, pursuant to Cal. Code Regs. tit. 11, § 703(b) and 5 U.S.C. § 552a(b)(11), the departments of the City and County of San Francisco—including, without limitation the San Francisco Police Department and San Francisco Sheriff's Office—are directed to provide the San Francisco City Attorney's Office and its designated agents, access to: (1) materials containing Criminal Offender Record Information; and (2) adult and juvenile criminal records maintained by the San Francisco Police Department or San Francisco Sheriff's Office.

As used in this order, "Criminal Offender Record Information," means records or data compiled by criminal justice agencies for purposes of identifying adult and juvenile criminal offenders and of maintaining as to each such offender a summary of arrests, criminal pretrial proceedings, and/or the nature and disposition of charges, sentencing, incarceration, rehabilitation, and release in adult and juvenile criminal cases. Included in this definition are images of any screen, device, or other display, and any sound or other aural perception, that reflects such information.

None of the parties' objections and responses to objections with respect to production of materials containing Criminal Offender Record Information are waived.

Should either party agree to produce documents containing Criminal Offender Record Information, or should the Court order either party to do so at a later time, such disclosure to the Court

and the parties is authorized pursuant to the Court's authority under the Federal Rules of Civil Procedure, Cal. Code Regs. tit. 11, § 703(b), California Penal Code §§ 13300(c)(7), and 5 U.S.C. § 552a(b)(11).

Any documents containing Criminal Offender Record Information that are produced in this litigation shall be subject to the protections afforded to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information under the Court's protective order and shall be designated as such.

Dated: August 3, 2023

                              DAVID CHIU
                              City Attorney
                              YVONNE R. MERÉ
                              WAYNE SNODGRASS
                              MEREDITH B. OSBORN
                              EDMUND T. WANG
                              KAITLYN MURPHY
                              MIGUEL A. GRADILLA
                              JOHN H. GEORGE
                              ZUZANA S. IKELS
                              Deputy City Attorneys

                              By: s/John H. George
                              JOHN H. GEORGE

                              Attorneys for Defendants
                              CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

Dated: August 3, 2023

ALFRED C. PFEIFFER, JR.
WESLEY TIU
JOSEPH H. LEE
KEVIN WU
TULIN GURER
RACHEL MITCHELL
Latham & Watkins LLP

By: s/Wesley Tiu
    WESLEY TIU

ZAL K. SHROFF
Lawyers' Committee for Civil Rights of the San Francisco Bay Area

JOHN THOMAS H. DO
BRANDON L. GREENE
ACLU Foundation Of Northern California

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, John H. George, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated: August 3, 2023

        DAVID CHIU
        City Attorney
        YVONNE R. MERÉ
        WAYNE SNODGRASS
        MEREDITH B. OSBORN
        EDMUND T. WANG
        KAITLYN MURPHY
        MIGUEL A. GRADILLA
        JOHN H. GEORGE
        ZUZANA S. IKELS
        Deputy City Attorneys

By: s/John H. George
        JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

# [~~PROPOSED~~] ORDER

Pursuant to the stipulation of the parties and for good cause shown,

To facilitate Defendants' review and production of documents, pursuant to Cal. Code Regs. tit. 11, § 703(b) and 5 U.S.C. § 552a(b)(11), the departments of the City and County of San Francisco—including, without limitation the San Francisco Police Department and San Francisco Sheriff's Office—are directed to provide the San Francisco City Attorney's Office and its designated agents, access to: (1) materials containing Criminal Offender Record Information; and (2) adult and juvenile criminal records maintains by the San Francisco Police Department or San Francisco Sheriff's Office.

As used in this order, "Criminal Offender Record Information," means records or data compiled by criminal justice agencies for purposes of identifying adult and juvenile criminal offenders and of maintaining as to each such offender a summary of arrests, criminal pretrial proceedings, and/or the nature and disposition of charges, sentencing, incarceration, rehabilitation, and release in adult and juvenile criminal cases. Included in this definition are images of any screen, device, or other display, and any sound or other aural perception, that reflects such information.

None of the parties' objections and responses to objections with respect to production of materials containing Criminal Offender Record Information are waived.

Should either party agree to produce documents containing Criminal Offender Record Information, or should the Court order either party to do so at a later time, such disclosure to the Court and the parties is authorized pursuant to the Court's authority under the Federal Rules of Civil Procedure, Cal. Code Regs. tit. 11, § 703(b), California Penal Code §§ 13300(c)(7), and 5 U.S.C. § 552a(b)(11).

Any documents containing Criminal Offender Record Information that are produced in this litigation shall be subject to the protections afforded to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information under the Court's protective order (ECF No. 127) and shall be designated as such.

1  IT IS SO ORDERED.

3
4  Dated: _____



HONORABLE DONNA M. RYU
CHIEF MAGISTRATE JUDGE