```
LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
```

*Attorneys for Plaintiffs*

*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUPPPORTING PLAINTIFFS' REPLY TO MOTION FOR ENFORCEMENT OF PRELIMINARY INJUNCTION** <br><br> **Judge:** The Hon. Donna M. Ryu <br><br> **Date:** August 24, 2023 <br> **Time:** 1:00 PM <br> **Place:** Courtroom 4 – 3rd Floor <br> 1301 Clay Street <br> Oakland, CA 94612 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' RESPONSE TO
OBJECTIONS TO EVIDENCE
CASE NO. 4:22-CV-05502-DMR

The Court should reject Defendants' Objections to Evidence submitted by Plaintiffs in support of their Motion to Enforce Preliminary Injunction ("Obj.", ECF No. 161), specifically the Supplemental Declarations of Zal Shroff, Abimbola Myers, Dylan Verner-Crist, and Toro Castano (ECF Nos. 157-1, 157-4, 157-5, and 157-3) and the Declaration of Tracey Luz (ECF No. 157-2). As a general matter, these declarations contain material that does not raise "new issues" but, instead, properly responds to arguments raised in Defendants' opposition brief. In addition, each of Defendants' specific objections (Obj. at 3-5) repeats objections previously presented in opposition to Plaintiffs' motion for preliminary injunction, which were considered and rejected by the Court in issuing the injunction. *See* ECF No. 65 at 3 n.3. And finally, Defendants again improperly include argument akin to a surreply in violation of N.D. Cal. Civ. L.R. 7-3(d).

I.  **PLAINTIFFS' EVIDENCE IS WITHIN THE PROPER SCOPE OF REPLY**

Defendants misstate the appropriate legal standard when they argue that "submission of new facts in [a] reply brief is improper." Obj. at 3:5 (citation omitted). In fact, the Local Rules for this District explicitly state "[a]ny reply to an opposition may include affidavits or declarations …." N. D. Cal. Civ. L.R. 7-3(c). As Plaintiffs have previously argued, courts may consider new evidence submitted in reply if that evidence is responding to *arguments* in the opposition. *See generally*, Plaintiffs' Response to Defendants' Untimely Objections to Evidence, ECF No. 52, at 2:3-16, and cases cited therein. Defendants repeatedly complain that Plaintiffs' evidence is objectionable because it does not "rebut or reply to specific *evidence* Defendants introduced in their opposition" (e.g., Obj. at 1:25-26; emphasis added), but this is the wrong standard. Because Plaintiffs' new evidence responds to *arguments* raised by Defendants, it is properly submitted and may be considered by the Court.

Supplemental Myers Declaration (ECF No. 157-4). In response to Plaintiffs' Motion to Enforce, Defendants have argued that when the City cleans in and around encampments, "residents are not told they cannot return." ECF No. at 19:9. This particular declarant responds to, and disproves, this argument by reaffirming that he understood that the order he was given to leave was "permanent" and that officers erected barriers where he had been camped; and by supporting his statements with photographs. ECF No. 157-4 at ¶¶ 4-5 and Ex. A.


Supplemental Castano Declaration (ECF No. 157-3). Defendants have argued that the City is making "extensive offers of and placements in shelters for those who want them," including to one specific declarant. ECF No. 143 at 1:26-27 and 2:17-20. The declarant responds to, and disproves, these arguments by setting forth, in great detail, his desire for shelter and housing, the City's confusing and contradictory statements and conduct with respect to its alleged offer of shelter in late June, 2023, and the taunts and harassment of City agents that reasonably led him to mistrust them in the persistent absence of available shelter. ECF No. 157-3 at ¶¶ 7-20.

Luz Declaration (ECF No. 157-2). Defendants have argued that the City "is complying with the injunction… conducting resolutions with notice, and with extensive offers of and placements in shelters for those who want them … [and] by removing garbage that Plaintiffs' declarants say they want removed—while following its bag and tag policy." ECF No. 143 at 1:23-28. This particular declarant responds to, and disproves, these arguments, by stating that they were ordered to move on short notice and without any discussion of, or offer of, shelter; and that their tent was summarily destroyed even though it was new and unsoiled, and contained invaluable personal possessions including medications. ECF No. 157-2 at ¶¶ 4-9, 11, 13. The Luz declaration was not acquired until July 11, 2023, contrary to the City's suggestion that it should have been included with Plaintiffs' motion. ECF No. 157-2 at ¶ 13.

Supplemental Verner-Crist Declaration (ECF No. 157-5). Defendants have argued that when the City cleans in and around encampments, "residents are not told they cannot return." ECF No. at 19:9. This declaration responds to, and disproves, this argument by providing a first-hand account, with photos, of a "street cleaning" clearance at which City agents informed residents that barricades would be set up following the cleaning, and barricades were indeed erected. ECF No. 157-5 at ¶¶ 5, 11 and Ex. A. The declarant also disproves the City's arguments concerning "extensive offers of and placements in shelters" (ECF No. 143 at 1:26) by providing facts concerning July 2023 encounters at which such offers were never made. ECF No. 157-5 at ¶¶ 6-10. The declarant disproves the City's argument that "[i]t is conducting resolutions with notice" (ECF No. 143 at 1:25-26) by providing a detailed eyewitness account of a massive July 2023 operation conducted without notice, and setting forth admissions of City agents that they felt "the

1  City did not have to post notice … as it was not required." ECF No. 157-5 at ¶¶ 16-20.[1] Lastly,
2  the declarant responds to the City's argument that its current disclosures are sufficient to monitor
3  compliance by highlighting that the City intentionally shields its purported assessment of unhoused
4  people from scrutiny by disallowing observers. ECF No. 157-5 ¶¶ 7-10.

5  <u>Supplemental Shroff Declaration (ECF No. 157-1).</u> In their Opposition to Plaintiffs'
6  Motion to Enforce Injunction, Defendants have argued that Plaintiffs have "mischaracterized"
7  Defendants' conduct during the discovery process. ECF No. 143 at 3:6-4:5. The Supplemental
8  Shroff Declaration disproves this argument by reciting, in detail, an updated account of
9  Defendants' continued failure to disclose even the limited information required by the Court's
10  May 25, 2023 Order Regarding Injunction Compliance Discovery (ECF No. 129) in the two
11  months since that Order was entered. ECF No. 157-1 at ¶¶ 6-10. Defendants' complaint that this
12  is "improper new evidence" (ECF No. 161 at 2:18-19) is overcome by the fact that this evidence
13  is directly responsive to Defendants' arguments about their discovery conduct and was not
14  available to Plaintiffs at the time they filed their moving papers.

## II.   DEFENDANTS' OTHER OBJECTIONS SHOULD BE OVERRULED

Defendants repeat the argument from their Opposition that "traditional rules of evidence apply to a Rule 53 motion to appoint a special master" (ECF 143 at 5:5; ECF No. 143 at 5:5-6); once again, this is improper argument in violation of the local rules. N.D. Cal. Civ. L.R. 7-3(d) (objections "may not include further argument on the motion"); *see also* ECF No. 65 at 3 n.4 (rejecting the City's prior objections because "the filing improperly includes expanded argument supporting the objections to evidence Defendants initially raised in their opposition"). In any event, the argument is unsupported by law. The only case Defendants cite for this proposition, *Mardiros v. City of Hope,* 2020 WL 6106820 (C. D. Cal. July 9, 2020) does not support it. Although the court observed that the plaintiff's argument in opposition to appointment of a master was supported

---

[1] Defendants' argument that the evidence of lack of notice should be disregarded because it "was available to Plaintiffs before they filed their motion" (ECF 161 at 2:5-7) is ironic. If anything, evidence of operations conducted without notice even *after* Plaintiffs filed their motion to enforce is the most compelling evidence of the need for the Court to enforce the injunction, since it demonstrates Defendants' continuing disregard of the injunction's requirements.

by nothing more than *counsel's* conclusory statements and hearsay, it did not announce a rule that admissible evidence was required.[2] As the Advisory Committee Notes on the 2003 amendments to Rule 53 state, "[r]eliance on a master is appropriate when a complex decree requires complex policing, particularly when a party has proved resistant or intransigent." *See also, Local 28 Sheet Metal Workers Internat. Assn. v. EEOC,* 478 U.S. 421, 481-82 (1986). Furthermore, Plaintiffs' evidence includes direct statements of agents of a party-opponent and are thus not hearsay. Fed. R. Evid. 801(d). A substantial portion of Defendants' line-by-line hearsay objections are therefore inappropriate even if the Rules of Evidence are to be strictly applied to Plaintiffs' motion. *See*, *e.g.*, ECF No. 161 at 3:13-14.

Masquerading as an objection to reply evidence, the City asks the Court to set aside each of these declarations as irrelevant to the motion to enforce. *See, e.g.*, ECF 161 at 3 (citing Fed. R. Evid. 402). This "objection" should be rejected because any evidence of a violation of any court order, law, or rule, or evidence of continued intransigence in the litigation, or further evidence of a need for close supervision, is directly relevant to and justifies Plaintiffs' requested relief. ECF 130 at 15. These objections are also superfluous at this pre-trial stage of the proceedings. The Court will evaluate relevance when considering whether any submitted evidence is material to the disposition of this motion. Similarly, Defendants' conclusory and boilerplate Fed. R. Evid. 602, 701, and 703 objections should be overruled as it is clear that Plaintiffs will be able to present these matters in admissible form at trial. *Clark v. Amtrust N. Am.*, No. 16-cv-05561-MEJ, 2018 WL 839148, at *7 (C.D. Cal. Feb. 13, 2018) (finding evidentiary objections in summary judgment context were superfluous).

### III. CONCLUSION

For the foregoing reason, the Court should overrule Defendants' evidentiary objections.

---

[2] Defendants also cite *Ceslik v. Miller Ford, Inc.,* 2006 WL 1582215 (D. Conn. June 5, 2006), but that case dealt with a motion for contempt, which implicates due process concerns not present in a motion to enforce. *See* Plaintiffs' Reply in support of Motion to Enforce Preliminary Injunction, ECF No. 157, at 9:18-10:26.

Dated:  August 8, 2023

Respectfully submitted,

By: /s/ Zal K. Shroff

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org


By: /s/ Joseph H. Lee

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org
wfreeman@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

## **ATTESTATION**

I, Joseph H. Lee, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: August 8, 2023                           */s/ Joseph H. Lee*