DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN GEORGE, State Bar # 292332
ZUZANA S. IKELS, State Bar # 208671
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 335-3307 (Ikels)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS SUBMITTED IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF TO DISREGARD NEW EVIDENCE IN PLAINITFFS' REPLY BRIEF OR, IN THE ALTERNATIVE, TO GRANT DEFENDANTS LEAVE TO FILE A SURREPLY**<br><br>Trial Date:       April 15, 2024 |

Pursuant to Civil Local Rules 79-5 and 7-11, Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management (collectively, "San Francisco") move to file under seal portions of the following documents submitted herewith in support of Defendants' Motion for Administrative Relief to Disregard New Evidence in Plaintiffs' Reply Brief or, in the Alternative, to Grant Defendants Leave to File a Surreply Exhibit A, Defendants' Surreply to New Evidence in Plaintiffs' Reply Brief In Support Of Motion To Enforce; Declaration of Arielle Pistaunovich and associated exhibit; Declaration of Lucky Jordan. Specifically, San Francisco seeks to seal the following page and line numbers:

- Declaration of Arielle Piastunovich: 1:10, 1:12-16;
- Exhibit A to Declaration of Arielle Piastnovich
- Declaration of Lucky Jordan: 1:9-12, 15, 17, 18, 22, 24-27; 2:8-9.

To avoid improper disclosure of confidential information, San Francisco will file the above-referenced materials conditionally under seal pending the Court's ruling on the administrative motion.

Local Rule 79-5 authorizes a document to be filed under seal when it is established that the document is privileged or otherwise entitled to protection under the law. In the Ninth Circuit, "documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy," while documents attached to non-dispositive motions such as this need only show "good cause" to support sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process," and permits protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Courts in this circuit have found that protecting confidential or private information satisfies both the good cause and compelling interest standards. *See e.g., Shinedling v. Sunbeam Prod. Inc.*, No. EDCV12438CJCSPX, 2014 WL 12600964, at *4 (C.D. Cal. Mar. 4, 2014) (Section 10850 confidentiality interests outweighed discovery); *Doe v. City of San Diego*, No. 12-CV-689-MMA-

DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10–cv–02258–SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011).

The sealed portions of these documents contain information about offers of shelter made to the individual plaintiffs and/or declarants, which were rejected. San Francisco takes no position whether sealing the materials is appropriate, as Plaintiffs and declarants have consented to the filings, waived any privacy interest, and put the matters at issue in the case. San Francisco files these documents under seal conditionally because they contain information that San Francisco has a statutory obligation to keep confidential absent a court order. *See* Cal. Welf. & Inst. Code § 10850(a), (b) ("all applications and records concerning any individual made or kept by a public officer or agency in connection with the administration of this code relating to any form of public social services . . . for which grants-in-aid are received by this state from the United States government shall be confidential" and "a person shall not publish or disclose or permit or cause to be published or disclosed a list of persons receiving public social services").

San Francisco's request is narrowly tailored as it seeks to seal only the portion of its filing that discloses statutorily protected information and not the filings in their entirety. Although it is Plaintiffs'

///

///

burden to show good cause, San Francisco sets forth the provisional basis for a finding of good cause, and respectfully requests the Court grant this motion to file the unredacted filings under seal.

Dated: August 11, 2023

>
> DAVID CHIU
> City Attorney
> YVONNE R. MERÉ
> WAYNE SNODGRASS
> EDMUND T. WANG
> KAITLYN MURPHY
> MIGUEL A. GRADILLA
> Deputy City Attorneys
>
> By: */s/ Miguel A. Gradilla*
> MIGUEL A. GRADILLA
>
> Attorneys for Defendants
> CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT