# EXHIBIT A

DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
EDMUND T. WANG, State Bar #278755
KAITLYN MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN GEORGE, State Bar # 292332
ZUZANA S. IKELS, State Bar # 208671
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3307 (Ikels)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DEFENDANTS' SURREPLY TO NEW EVIDENCE IN PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**<br><br>Date:        August 24, 2023<br>Time:        1:00 PM<br>Judge:       Hon. Donna M. Ryu<br>Place:       Courtroom 4 – 3rd Floor<br>             1301 Clay Street<br>             Oakland, CA 94612<br><br>Trial Date:  April 15, 2024 |

In their July 27, 2023 reply brief ("Reply"), Plaintiffs attempt to supplement their opening brief by improperly presenting new evidence in five additional declarations. Defendants previously objected to Plaintiffs' improper new evidence pursuant to Local Rule 7-3(d)(1). Dkt. 161. Should the Court be inclined to consider these declarations, it should also consider the attached declarations addressing some of the allegations therein. Moreover, the Court should not sanction Plaintiffs' tactics that keep constantly moving the goal posts by seeking to expand the preliminary injunction and seek to continually litigate new factual issues. This style of litigation is unorthodox, inefficient, burdensome on the Court and parties, and unnecessary. Had the Plaintiffs sought to meet and confer as potential issues arose, the parties could have addressed them. Instead, Plaintiffs chose to file this Motion without seeking to meet and confer, and without engaging with Defendants in good faith efforts to resolve any disputes.

To date, Defendants have been able to investigate some of Plaintiffs' new allegations and submit eight declarations in response from the following individuals: Mark Mazza, Arielle Piastunovich, Alfredo Oropeza, Jorge Morales, Pete Rincon, Michael Lunardelli, Carl Berger, and Lucky Jordan. In addition, the City has filed a Request for Judicial Notice of self-authenticating articles containing admissions by Plaintiff Toro Castaño that contradict statements in his declarations. Putting aside that Plaintiffs' new declarations contain inadmissible hearsay, they lack sufficient information about the alleged events for San Francisco to investigate and respond, concern conduct that is untethered to the Court's injunction, are misleading or untrue, at least one declaration concerns previously undisclosed alleged conduct predating Plaintiffs' filing of the instant Motion that should have been raised earlier, and other declarations include new information that postdates any conduct alleged in the Motion or Opposition and is therefore improper reply evidence. For example:

Dylan Verner-Crist and Abimbola Myers complain about barricades placed on Taylor Street near the intersection with Ellis Street following a HSOC operation on July 6, 2023. Dkt. 157-4 ¶ 5; Dkt. 157-5 ¶ 11. These barricades were efforts to address the repeated obstruction of the sidewalk by the encampment for access to a senior community and health center. Mazza Decl. ¶¶ 5-7, Exs. A, B. The injunction does not enjoin San Francisco from maintaining a 4-foot path of travel on the public sidewalk. The City responded to repeated complaints from the senior community and health center

about, among other things, the inaccessibility to the wheelchair-bound and disabled senior residents and clients. Mazza Decl. ¶¶ 5-7, Exs. A, B. Verner-Crist and Myers' declarations also fail to explain that the individuals in the encampment returned to the location after the HSOC operation despite the barricades—belying Plaintiffs' contention that anyone understood requests to move for cleaning as coercive or required permanent displacement. *See* Mazza Decl. ¶¶ 5-7, Exs. A, B.

Verner-Crist also recounts trying to listen in on SFHOT workers' confidential discussions with an unnamed "elderly woman in a wheelchair." Dkt. 157-5 ¶¶ 7-10. Verner-Crist is not a lawyer and Plaintiffs' counsel do not suggest that they are counsel of record for said individual. Federal and state laws require written authorization from an individual as it pertains to protected personal information, including medical conditions, which explains social workers' reticence to allow a third party to eavesdrop. Morales Decl. ¶ 6; Rincon Decl. ¶ 6. Verner-Crist omits that SFHOT members were able to obtain a wheelchair for the elderly woman, shelters require their residents to be able to self-transfer from their wheelchair to a bed, and that she was directed to available social services. Morales Decl. ¶ 5; Rincon Decl. ¶ 5. Verner-Crist also recounts an elderly couple at the July 6, 2023 HSOC operation. Dkt. 157-5 ¶ 6. The elderly woman and her partner were in fact offered shelter where they could both stay together. Morales Decl. ¶ 4; Rincon Decl. ¶ 4.

Toro Castaño's supplemental declaration, signed on July 23, 2023, is inconsistent with his admissions to the press both before and after his declaration was filed. RJN, p. 3, Exh. A, C. Castaño neglects to mention that he was again offered a Gough Tiny Home on July 11, 2023, which offer was confirmed in writing by email at Castaño's request. Piastunovich Decl. ¶ 4, Ex. A. And Castaño in fact toured the Gough Tiny Home on July 11, 2023 and declined to live there. Jordan Decl. ¶7-8. Plaintiffs' suggestion that Castaño has never rejected an offer of shelter is false. Jordan Decl. ¶7-8. Castaño's contentions are also belied by his public admissions to the press, including his camping in front of Castro businesses and partially blocking a bus stop and that he was "assured" by the police he did not need to move and felt "safest" in the Castro, which undermine his account of Officer Oropeza, specifically, since he admits police officers have told him they will not ask him to move. [1] *See*

---

[1] https://abc7news.com/san-francisco-castro-district-unhoused-people-homeless-encampment-sf-merchants-protest/13526166/ (showing Castro merchants protesting, Mr. Castaño's encampment blocking a bus stop, and Mr. Castaño admitting he has previously accepted shelter). (*See* RJN, Exh.

Oropeza Decl. ¶ 4 and RJN Exh. C. The record shows that Castaño's statements are at best inconsistent and raises a strong inference that Castaño is refusing shelter because of this injunction.

Tracey Luz complains about events at Larkin Street and Eddy Street on an unspecified day "on or around April 2023." Dkt. 157-2 ¶ 4. San Francisco was able to determine that JFO was at the alleged location on April 25, 2023—a month before Plaintiffs filed their motion, and three months before Plaintiffs filed their reply. Mazza Decl. ¶ 4. But given the passage of time, the DPW laborer who cleaned the area that day can no longer recall whether there was any unattended or abandoned tent on that day at that location, which is not a location that typically has tents. Lunardelli Decl. ¶ 9. His practice—which is JFO's practice (Dkt. 143-4 ¶¶ 36-41; Dkt. 143-60 ¶ 6; Dkt. 143-67 ¶ 10; Dkt. 143-93 ¶¶ 7-13)—is to leave unattended tents unless they present a health and safety hazard. Lunardelli Decl. ¶ 9.

Finally, in the Reply, Plaintiffs now appear to be seeking to expand the preliminary injunction, arguing the City should not comply with the laws to ensure public areas are accessible to the elderly and disabled, that Plaintiffs may monitor all law enforcement activities, and that the health and safety codes should be ignored. Assuming these are serious arguments, Plaintiffs' reply brief is not the proper mechanism to raise them. The arguments made in Zal Shroff's declaration are further evidence of the impropriety of Plaintiffs' reply—his declaration relates to discovery issues (which in any event have been addressed by the parties, *see, e.g.*, Dkt. 162), and not the City's compliance with the injunction.

In sum, Plaintiffs' Reply is riddled with generic, irrelevant, and new narratives that are inconsistent and, as for Plaintiff Castaño untrue, that continue to distort the enormous efforts by City staff to offer services and shelter to persons experiencing homelessness. The City has not taken a single deposition, and the record does not support the Motion. There is no evidence that anyone was permanently displaced, arrested or cited for a violation of the five relevant code provisions. Plaintiffs cannot use a reply brief to expand the scope of the case or ask for a special master to monitor all of the

/ / /

/ / /

---

B.) Screenshots of Mr. Castaño's encampment and his later admissions to the San Francisco Chronicle are attached to RJN, Exh. A and C.

1  City's law enforcement efforts. The Motion is not tenable and the requested relief is unjust and should
2  be denied.

3  Dated:  August 11, 2023

|  |  |
|---|---|
|  | DAVID CHIU<br>City Attorney<br>YVONNE R. MERÉ<br>WAYNE SNODGRASS<br>MEREDITH B. OSBORN<br>JAMES M. EMERY<br>EDMUND T. WANG<br>RYAN C. STEVENS<br>KAITLYN MURPHY<br>MIGUEL A. GRADILLA<br>Deputy City Attorneys |
| By: | /s/Miguel A. Gradilla<br>MIGUEL A. GRADILLA |
|  | Attorneys for Defendants<br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT |