**REDACTED VERSION**

1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  MEREDITH B. OSBORN, State Bar # 250467
   Chief Trial Deputy
5  EDMUND T. WANG, State Bar #278755
   KAITLYN MURPHY, State Bar #293309
6  MIGUEL A. GRADILLA, State Bar #304125
   JOHN GEORGE, State Bar #292332
7  ZUZANA IKELS, State Bar #208671
   Deputy City Attorneys
8  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
9  San Francisco, California 94102-4682
   Telephone:    (415) 554-4675 (Snodgrass)
10               (415) 554-3857 (Wang)
                 (415) 554-6762 (Murphy)
11               (415) 554-3870 (Gradilla)
                 (415) 554-4223 (George)
12               (415) 355-3307 (Ikels)
   Facsimile:    (415) 554-4699
13 E-mail:       wayne.snodgrass@sfcityatty.org
                 edmund.wang@sfcityatty.org
14               kaitlyn.murphy@sfcityatty.org
                 miguel.gradilla@sfcityatty.org
15               john.george@sfcityatty.org
                 zuzana.ikels@sfcityatty.org
16
   Attorneys for Defendants
17 CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DECLARATION OF LUCKY JORDAN IN SUPPORT OF DEFENDANTS' SURREPLY TO NEW EVIDENCE IN PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**<br><br>Date:    August 24, 2023<br>Time:    1:00 PM<br>Judge:  Hon. Donna M. Ryu<br>Place:  Courtroom 4 – 3rd Floor<br>         1301 Clay Street Oakland, CA 94612<br><br>Trial Date: April 15, 2024 |

I, Lucky Jordan, declare as follows:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I am an Outreach Specialist Level 2 with the San Francisco Homeless Outreach Team ("SFHOT"). I have worked for the SFHOT since April 2022. I currently provide outreach to clients in the Castro neighborhood of San Francisco on Tuesdays and Fridays.

3. On July 11, 2023, I received a call from Brenda Meskan, who I understand is a clinical supervisor, saying that Arielle Piastunovich, who I understand helps coordinate services offered to people experiencing homelessness, had just talked to ▇ and she offered to have ▇ tour the tiny cabins on Gough Street, between Market and Mission Streets. Ms. Meskan asked me and my colleague, Sara Bunio, to give ▇ a tour of the tiny cabins. After the call, I went to look for ▇ at the location on Market Street in the Castro where his tent is set up and asked him if he wanted to look at the tiny cabins.

4. He let me know that he felt the tour was being pushed on him, but he agreed to go look at them. I arranged for a taxi cab to take ▇ to the tiny cabins on Gough Street. My colleague Ms. Bunio and I drove ourselves separately. When we arrived at the tiny cabins, I got out of the car because we could not find parking and met ▇ in front of the entrance to the tiny cabins.

5. At the tiny cabins, ▇ and I encountered someone who identified himself as the director of the tiny cabins who was associated with Urban Alchemy ("Director"). I do not remember his name. The Director told us that they do not give tours of the tiny cabins. I then asked him if anyone had contacted him about us coming down to view the facilities, and he said no. I let him know that my supervisor asked me to bring ▇ to view the tiny cabins and asked the Director if he would let us look at them briefly. The Director agreed to show us an empty unit.

6. While viewing the empty unit, ▇ mentioned that he felt the tiny cabin felt like a jail. ▇ also asked whether he would be placed near people he knew.

7. At some point while viewing the tiny cabins, I asked ▇ if he would like to stay there. He answered no. I then asked him for his reason for not wanting to stay there. ▇

DECL. JORDAN ISO SURREPLY TO MOT. ENFORCE PI  
CASE NO. 4:22-cv-05502-DMR

1

n:\govlit\li2022\230239\01631534.docx

explained that he did not want to leave the strong community he felt he has built in the Castro. He also explained that he believed he was very close to being placed in permanent supportive housing and that he received General Assistance. He explained that he believed that going to a tiny cabin would complicate his ability to receive a higher amount of money through General Assistance were he to move twice in a short amount of time—first to the tiny cabins and then again to a permanent supportive housing placement—because it was his understanding that the General Assistance office could only update his address once a month.

8. After he declined to accept a tiny cabin placement, I arranged for a cab to take ▮▮ back to the Castro. I then left the area.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this tenth day of August, 2023, at San Francisco, California.

s/ _____
Lucky Jordan

DECL. JORDAN ISO SURREPLY TO MOT. ENFORCE PI
CASE NO. 4:22-cv-05502-DMR
2
n:\govlit\li2022\230239\01631534.docx