DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
EDMUND T. WANG, State Bar #278755
KAITLYN MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN GEORGE, State Bar #292332
ZUZANA S. IKELS, State Bar # 208671
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 554-3307 (Ikels)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>       Plaintiffs,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>       Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SURREPLY TO NEW EVIDENCE IN PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**<br><br>Date:    August 24, 2023<br>Time:    1:00 PM<br>Judge:   Hon. Donna M. Ryu<br>Place:   Courtroom 4 – 3rd Floor<br>         1301 Clay Street<br>         Oakland, CA 94612<br><br>Trial Date:    April 15, 2024 |

1    Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management (collectively, "Defendants"), hereby respectfully request, pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of the following material in support of the Defendants' Motion for Administrative Relief to Disregard New Evidence In Plaintiff's Reply Brief or, in the Alternative, Grant Defendants Leave to File a Surreply.

Under the Federal Rules of Evidence, the Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

Exhibits A-C are true and correct copies of press articles, including screenshots of the video-taped recordings reflecting admissions by Plaintiff Toro Castaño to the press:

1.    Attached hereto as **Exhibit A** is a true and correct copy of the ABC 7News Report article and broadcast reporting, entitled *SF Castro District Merchants Protest in Frustration of Unhoused Encampment*, published on July 20, 2023 and at: https://abc7news.com/san-francisco-castro-district-unhoused-people-homeless-encampment-sf-merchants-protest/13526166/.

2.    Attached hereto as **Exhibit B** is a true and correct copy of still shot photographs from the broadcast video media report, referenced in Exhibit A, which capture Plaintiff Castaño's encampment partially blocking a bus stop and in front of businesses in the Castro, contrary to the statements made in his declarations.

3.    Attached hereto as **Exhibit C** is a true and correct copy of the San Francisco Chronicle article entitled *S.F. Can't Sweep Homeless Encampments. Business Owners in this Neighborhood Blame One Man,* and dated August 8, 2023.

In accordance with Evidence Code Section 201, the Court may not take judicial notice of disputed facts stated in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Newspaper articles are self-authenticating. *See* Fed. R. Evid. 902(6). Judicial notice is authorized by Evid. Code §201 in that the media publications, by the San Francisco Chronicle and ABC News, are

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See, e.g., Isuzu Motors Ltd. v. Consumers Union of United States,* 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998) (taking judicial notice of facts "which concern publication of various television programs and newspapers in California and in this district.").

Although ordinarily "newspaper articles have been held inadmissible hearsay as to their content, "a statement made to the press is not hearsay if it is the party's own statement in either an individual or a representative capacity." Fed. R. Evid. 801(d)(2); *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1050 (N.D. Cal. 2006) (holding judicial notice of media articles reflecting admissions by a party opponent was proper). Here, Defendants seek judicial notice of the admissions by a party opponent, namely Toro Castaño.

Likewise, the photographs, set forth in Exhibit B, are still shots taken by the media of Mr. Castaño's encampment. They fall under the exception of present sense impression of the hearsay rule. *See* Fed. R. Evid. 803(1).

Moreover, the court can take judicial notice of the conflicting statements by a party opponent, here, Mr. Castaño, that undermine the credibility and veracity of all of his statements. Statements that are internally conflicting and not trustworthy are appropriate for judicial notice, as well as being proper to take as material that is in the public realm. *See Roca v. Wells Fargo Bank, N.A.*, No. 15-CV-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

In the Castaño Supplemental Declaration, at paragraphs 13, it states: "However, when I was supposed to leave, an Urban Alchemy team came to tell me and the people I was residing near to move our belongings or the police would come later to make us. This interaction took so long that I missed the open house." However, on August 8, 2023, Mr. Castaño changed his story: "In recent months, he agreed that a tiny home on Gough Street, which he was offered in June, may be the best place for him to go. He said he asked for a tour from a representative of Urban Alchemy, which runs the village and other homeless outreach services, and set a time, but when he got there no one showed up. He said he was later told Urban Alchemy doesn't do tours of the tiny home village."

At paragraph 16-17, the Supplemental Castano Declaration states: "I am afraid of Officer Oropeza with his history of taunts. I feel that I cannot get fair treatment from my local beat officer, with whom I am forced to interact every day in the Castro neighborhood …. I have also been getting mixed messages from different SFPD officers regarding where I am allowed to reside… A couple days later, a different SFPD Captain from Mission Station told me I could not stay in the same exact location." However, the August 8, 2023 Mr. Castaño stated the opposite: "Police have assured [Castano] they won't remove him from his spot, as they have from other places he's pitched his tent, usually because he's blocking access to city or private property….It's safest here.'" (Emphasis added.)

At paragraph 19, the Castano Declaration he states: "I try hard to make sure there is plenty of space for pedestrians to pass by on the sidewalks where I reside. I try to find wide sidewalks away from homes and businesses…" But Mr. Castano's encampment, as photographed on July 20 and again on August 8, 2020, is located in front of Castro businesses, not away from them, and partially blocking a city transit stop, rather than providing clearance for pedestrians and residents to have access to city services. (RJN, Exhs. A and B.)

Dated:  August 11, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN GEORGE
ZUZANA S. IKELS
Deputy City Attorneys


By:   s/Zuzana S. Ikels
ZUZANA S. IKELS
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT