DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
ZUZANA S. IKELS, State Bar #208671
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:      (415) 554-4675 (Snodgrass)
                (415) 554-3857 (Wang)
                (415) 554-6762 (Murphy)
                (415) 554-3870 (Gradilla)
                (415) 554-4223 (George)
                (415) 355-3307 (Ikels)
Facsimile:      (415) 554-4699
E-mail:         wayne.snodgrass@sfcityatty.org
                edmund.wang@sfcityatty.org
                kaitlyn.murphy@sfcityatty.org
                miguel.gradilla@sfcityatty.org
                john.george@sfcityatty.org
                zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR THE COURT EITHER TO:  ORDER THE AUGUST 24, 2023 HEARING REGARDING PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION SHALL BE PUBLIC;  THE UNDERLYING BRIEFING AND SUPPORTING PAPERS ARE NOT CONFIDENTIAL; OR, ALTERNATIVELY, ISSUE A PROTECTIVE ORDER SEALING THE COURTROOM FOR THE HEARING ON AUGUST 24, 2023** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants[1] respectfully request an order that the Courtroom and proceedings of the August 24, 2023 hearing at 1:00 p.m. regarding Plaintiffs' Motion to Enforce the Preliminary Injunction ("Motion to Enforce") shall not be sealed because Plaintiffs and individual declarants do not assert and/or have waived any confidentiality or privacy interests through Plaintiffs' public disclosures in declarations and briefing. Defendants further request that the Court order that, when Plaintiffs file individual declarations publicly in the first instance, that individual's privacy and confidentiality interests have been relinquished, waived and put at issue and, accordingly, Defendants are exempted under California Welfare and Institutions Code Section 10850 sub-part (a) to conditionally seal their responsive papers. Alternatively, to the extent the Court determines that California Welfare and Institutions Code Section 10850 requires sealing the material set forth in Defendants' Motion to Conditionally File Under Seal, Defendants request that the Court seal the Courtroom and proceedings on August 24, 2023 to enable both sides to reference and discuss the underlying briefing and supporting documents without restriction during oral argument.

I.   **Procedural Facts**

The Court entered a protective order which contemplated use of documents without loss of their confidentiality. (Dkt. 127.) The Protective Order provides that where a party intends to use confidential documents as exhibits and contends that the documents should be sealed, the party must file a motion for an order sealing the documents consistent with applicable law and the provisions of Local Rule of Civil Procedure 79-5. On May 25, 2023, Plaintiffs filed a Motion to Enforce the Preliminary Injunction with 29 declarations, which disclosed individual plaintiffs and third parties' housing, financial, non-employment and/or health status and recounted alleged interactions with City agencies. (Dkt. 130). Plaintiffs filed the declarations publicly, did not designate any of the individual declarations as confidential under the Protective Order, or seek to redact or seal the contents. Defendants filed their Opposition and declarations responding to the individuals' assertions, rebutting their factual narrative and demonstrating the growing number of individuals refusing shelter since the

---

[1] Defendants or "San Francisco" are the City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management.

preliminary injunction was issued. In an abundance of caution, on July 6, 2023, the City filed a motion

to conditionally seal the redacted names, pursuant to California Welfare & Institutions Code Section

10850. (Dkt. 142.) Plaintiffs' deadline to join or respond was four days later (N.D. Cal. L. R. 7-11(b)),

but they neither moved to seal nor asserted any privacy rights or interests. Instead, Plaintiffs filed a

reply brief with five new unredacted declarations that even disclosed medical conditions. *See* T. Luz

Decl. (Dkt. 157-2) Despite the public waiver, Defendants filed a motion to conditionally seal portions

of their Surreply and supporting evidence. (Dkt. 167.) We respectfully ask the Court to rule that

California Welfare and Institutions Code Section 10850(a) exempts Defendants from the burden of

seeking to seal information that responds to and rebuts representations as to individual declarants that

Plaintiffs publicly disclosed or put at issue.[2]

II.    **Argument**

A.    **The First Amendment Protects a Public Right of Access to Judicial Proceedings**

The First Amendment to the United States Constitution provides the public with a right of

access to judicial proceedings where (i) "the place and process have historically been open to the press

and general public" and (ii) "public access plays a significant positive role in the functioning of the

particular process in question." *Press–Enterprise Co. v. Super. Ct. of Cal*. ("Press–Enterprise II"), 478

U.S. 1, 8 (1986). The right of access extends to pre- and post-trial documents and proceedings. *See,

e.g., Press–Enterprise II*, 478 U.S. at 10–13 (First Amendment right of access to adversarial pre-trial

preliminary hearings); *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510-11 (1984)

("*Press–Enterprise I")* (right to access voir dire proceedings).

The constitutional presumption of access by the public to judicial proceedings can be rebutted

"by an overriding interest based on findings that closure is essential to preserve higher values and is

narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510. "[B]road, conclusory

---

[2] San Francisco initiated a meet and confer with Plaintiffs. Plaintiffs agreed the hearing should be public, but declined our proposed remedy. Plaintiffs, instead, suggested that each individual declarant be referenced with a "neutral identifier," but did not explain how that could occur given there are more than 35 declarants and in light of the fact that Plaintiffs filed each declaration publicly. Plaintiffs did not agree to stipulate that to alleviate the strange procedural posture – Plaintiffs' public disclosures of the individual declarants' personal information contrasted by the precautions taken by Defendants – they would stipulate that Plaintiffs waived any privacy interests, rendering the responsive filings exempt under sub-section (a) of Section 10850. (Ikels Decl., ¶ 2-3.)

allegations of potential harm' will not suffice; a party must demonstrate a recognized right to confidentiality or privacy and a "specific harm or prejudice" would result from a public disclosure. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation omitted). To close hearings on dispositive motions, a party must meet the rigorous standard of "compelling reasons". *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) The strong presumption in favor of access does not apply with equal force to non-dispositive motions, which may be only 'tangentially related" to the underlying cause of action. *PQ Labs, Inc. v. Qi*, No. C 12-450 CW, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (citation omitted) (non-dispositive motions require a "particularized showing" of "good cause," under F.R.C.P. Rule 26(c), and a "specific prejudice or harm" from disclosure); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984) (protective orders for discovery materials). Here, it is unclear whether Plaintiffs' motion is a discovery motion (non-dispositive) or intended to expand the scope of the preliminary injunction (arguably dispositive).

Defendants seek the Court's guidance before the hearing to ensure counsel are able to argue the facts without restriction during the proceedings. *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 10537440, at *6 (N.D. Cal. Aug. 6, 2014) (parties must "request closure of the courtroom" before hearing).[3]

### B.    Plaintiffs Do Not Assert the Motion to Enforce Should Be Sealed or Redacted

"It is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" *Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (citation omitted(. Under Civil Local Rule 79–5, a document (or hearing) may be sealed where the moving

---

[3] *Phillips v. C.R. Bard, Inc.*, No. 3:12-cv-00344-RCJ-WGC, 2015 WL 3485039, at *2 (D. Nev. June 1, 2015) (finding waiver where Bard "made no motion to seal the exhibits or testimony at the public trial"); *Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2013 WL 1290418, at *4 (D. Idaho Mar. 27, 2013) ("matters were discussed on the record during the public trial, and no attempt was made ... at that time to seal the proceedings or otherwise protect the information from disclosure"); *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, No. 08-1331 (DMC), 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) (emphasis in original) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record*."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("however confidential [the information] may have been beforehand, subsequent to publication it was confidential no longer").

party establishes the applicable legal standard, the legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that is serious. Plaintiffs have filed numerous declarations of individuals disclosing their unhoused status, including unemployment, health and refusal to accept shelter. Although this information may have been properly sealed, Plaintiffs filed the material publicly. Putting aside whether the Motion to Enforce is non-dispositive (it appears to be a discovery motion), Plaintiffs do not assert a privacy interest, consented to the disclosure, did not file a motion to seal, and continue to file declarations publicly, even after Defendants' Motion to File Certain Documents Conditionally Under Seal. As a result, the two *Kamakana* standards do not apply.

Social services records, such as San Francisco's records of services for the homeless, are statutorily confidential and not discoverable under California Welfare and Institutions Code Section 10850 to protect an individual's privacy. *See Shinedling v. Sunbeam Prod. Inc.*, No. ED CV 12-438-CJC (SPx), 2014 WL 12600964, at *4 (C.D. Cal. Mar. 4, 2014) (striking subpoena seeking county's social services records because defendant did not overcome the Section 10850 statutory privilege).

The Court should find Defendants have no obligation to seal material under Welf.\are & Institutions Code § 10850 for several reasons. *First*, the statute "establishes the confidentiality of certain social service agency records and bars their release except upon specified conditions." *In re Elijah S.*, 125 Cal. App. 4th 1532, 1554 (2005). One of the specified exceptions permits disclosure of information that relates to a particular individual that is "directly connected with the administration of [a social service] program, or any . . . *civil proceeding* conducted in connection with the administration of that program." Cal. Welf. & Inst. Code § 10850(a) (emphasis added). *Second,* under Section 10850(a), where a governmental agency receives information while performing official duties in connection with the administration of a covered program, it may use the information to defend itself and is not subject to the statutory privilege. *Cnty. of Nev. v. Kinicki*, 106 Cal. App. 3d 357, 361(1980); *Rivera v. Los Angeles Cnty. Civ. Serv. Comm'n,* 87 Cal. App. 3d 1001, 1005 (1979); *In re Jeannie Q.*, 32 Cal. App. 3d 288, 305 (1973). *Third*, under *Haskins v. San Diego County Department of Public Welfare*, 100 Cal. App. 3d 961, 970-71 (1980), there is no Section 10850 confidentiality interest as to fraud or for impeachment. *Fourth*, a welfare worker's observations are not confidential under Section

10850, although the records remain protected. *Jonon v. Super. Ct.*, 93 Cal. App. 3d 683, 693 (1979). Defendants' opposition papers correct the factual narrative based on observations, including that individuals, such as a named plaintiff, have refused shelter.

Finally, where individuals specifically disclose their unhoused status and interactions with City agencies providing social services, any privacy or confidentiality interest under Section 10850 are intentionally relinquished and deemed a litigation waiver. *See In re Elijah S.,* 125 Cal. App. 4th at 1555 (holding once the information is disclosed through "another source," it is no longer confidential or protected under Section 10850); *Lorenza P. v. Super. Ct.,* 197 Cal.App.3d 607, 612 (1988) (waiver by recipient); *A.C. by & through Park v. Cortez*, 34 F.4th 783, 788 (9th Cir. 2022) ("litigation waiver" immunized county to access records and individual plaintiffs waived their rights to privacy by putting plaintiff's records at issue in the lawsuit); *Welle v. Provident Life & Accident Ins. Co*., No. 3:12-cv-3016 EMC (KAW), 2013 WL 5954731, at *3 (N.D. Cal. Oct. 30, 2013) (citation omitted) (a state privacy right does not apply where there is an intentional relinquishment or the gravamen of the lawsuit is so inconsistent with its continued assertion); *Bertram v. Sizelove*, No. 1:10-cv-00583-AWI-GBC (PC), 2012 WL 273083, at *3 (E.D. Cal. Jan. 30, 2012) (*citing Seaton v. Mayberg*, 610 F.3d 530, 537 (9th Cir. 2010) (the Supreme Court has not established a constitutional right to privacy in medical records but, plaintiff "waiv[ed] his privacy interest in the records" because of his lawsuit); *Thomas v. Carrasco*, No. 1:04-cv-05793-MJS (PC), 2010 WL 4024930 at *3–4 (E.D. Cal. Oct.13, 2010) (right of privacy of medical records is waived when the plaintiff's medical condition is "at issue"); *Hash v. Rallos*, No. 2:20-cv-1272 TLN AC P, 2021 WL 4476829, at *2 (E.D. Cal. Sept. 30, 2021) (compiling cases re: waiver of privacy rights that are put at issue in litigation).

III.    **CONCLUSION**

Defendants therefore request the Court order that when Plaintiffs disclose the unhoused status and/or interactions of individuals involving social services and make no corresponding effort to maintain their privacy, Defendants are exempt, under California Welfare Institutions Code Section 10850(a), from the requirement to seal filings that respond thereto, and that both sides may discuss, without restrictions, the facts as to each of the individual declarants in the upcoming August 24, 2023 hearing.

Dated:  August 16, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
ZUZANA S. IKELS
Deputy City Attorneys


By: _s/Zuzana S. Ikels_____
ZUZANA S. IKELS
Attorneys for Defendants CITY AND COUNTY OF
SAN FRANCISCO, et al.