DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
ZUZANA S. IKELS, State Bar #208671
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3307 (Ikels)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              zuzana.ikels@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DECLARATION OF ZUZANA S. IKELS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR THE COURT EITHER TO: ORDER THE AUGUST 24, 2023 HEARING REGARDING PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION SHALL BE PUBLIC; THE UNDERLYING BRIEFING AND SUPPORTING PAPERS ARE NOT CONFIDENTIAL; OR, ALTERNATIVELY, ISSUE A PROTECTIVE ORDER SEALING THE COURTROOM FOR THE HEARING ON AUGUST 24, 2023** |
|---|---|

I, Zuzana S. Ikels, hereby declare:

1. I am a member of the bar of the state of California and counsel of record for Defendants in this action. I submit this declaration to support Defendants' Administrative Motion For The Court Either To: (1) Order The August 24, 2023 Hearing Regarding Plaintiffs' Motion To Enforce The Preliminary Injunction Shall Be Public; (2) The Underlying Briefing And Supporting Papers Are Not Confidential; Or, Alternatively, (1) Issue A Protective Order Sealing The Courtroom For The Hearing On August 24, 2023, pursuant to Civil Local Rule 7-11(a). If called as a witness, I could and would testify competently to the matters set forth herein.

2. On August 15, 2023, I contacted counsel for Plaintiffs asking them to stipulate that the upcoming hearing, on August 24, 2023, should be public (not sealed), that the briefing and documents filed in support and opposition should not be sealed; and that pursuant to sub-section (a) of Section 10850, and the relevant jurisprudence construing the statute, that where a plaintiff discloses publicly an individual's unhoused status and/or receipt of social services, the privacy interests of said individual(s), if any, have been waived and put at issue, and accordingly Defendants need not seek to seal documents responding and rebutting to Plaintiffs' representations, as Plaintiffs consented to the disclosure and waived any corresponding privacy interest by filing the information publicly. Alternatively, we wrote to ask that Plaintiffs stipulate that the hearing should be sealed to ensure that both sides, through their counsel of record, may freely reference and discuss the underlying documents filed by both sides.

3. On August 16, 2023, Plaintiffs' counsel, Joseph Lee, responded. He agreed that the hearing should be public, but proposed that each side should reference a declarant by a "neutral identifier." He did not explain how this could work practically to ensure a clear record or ensure that both sides would be able to identify the particular document referenced, given there are more than 35 individual declarants. It also ignores that Plaintiffs filed each declaration publicly, rather than under seal. Plaintiffs were unwilling to agree that they had waived the issue, in the first instance, when they filed declarations publicly or agree to seal declarations going forward, or seal the declarations previously filed, ex post facto. Given time is of the essence, we have filed this motion to obtain clarity from the Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed August 16, 2023 in San Francisco, California.

        /s/ Zuzana S. Ikels
        Zuzana S. Ikels