LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs*
*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>    Plaintiffs,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR THE COURT EITHER TO: ORDER THE AUGUST 24, 2023 HEARING REGARDING PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION SHALL BE PUBLIC; THE UNDERLYING BRIEFING AND SUPPORTING PAPERS ARE NOT CONFIDENTIAL, OR ALTERNATIVELY, ISSUE A PROTECTIVE ORDER SEALING THE COURTROOM FOR THE HEARING ON AUGUST 24, 2023**<br><br>**Judge:**    The Hon. Donna M. Ryu |

Plaintiffs agree transparency and open government are important, and that the Court's August 24, 2023 hearing can be open to the public while protecting individual rights to private information. Plaintiffs disagree, however, that the City is authorized to dispense with statutory protections and to openly discuss sensitive information about specific unhoused individuals at the Court's upcoming hearing. For this reason, Plaintiffs request that the Court require the use of initials or docket numbers at the hearing as a way to protect particular unhoused individuals from undue disclosure of information.

The City's Motion is incorrect on the law. The Motion ignores the straightforward fact that *San Francisco*, not *Plaintiffs*, is statutorily obligated to maintain the confidentiality of social service records pursuant to California's Welfare and Institutions Code ("WIC") section 10850(a). *First*, individuals need not assert any privacy interests for WIC § 10850(a) to apply—that statutory provision imposes obligations on San Francisco, without any preliminary requirements. *Second*, the statute does not provide that San Francisco's obligations cease because Plaintiffs or their witnesses have waived their privacy interests at a point in the past. Regardless, Plaintiffs and their witnesses have not waived their privacy interests. Plaintiffs have volunteered their housing status and their experiences attempting to seek shelter in the City. That does not authorize the City to publicly disclose all nature of sensitive and confidential information obtained or recorded by the City pertaining to someone's access to social services within the City in violation of California law. The consequences of such a decision would have serious implications for (1) further and more detailed confidential information documented about particular unhoused individuals during the course of this litigation and (2) for the unhoused persons themselves who are in precarious living conditions.

Plaintiffs also note their concern that the City apparently intends to devote substantial time during the Court's hearing to discuss potentially sensitive information about a few specific unhoused individuals rather than the central question of Plaintiffs' motion to enforce, which asks whether the Defendants' *thousands* of interactions with unhoused people are evading Plaintiffs' and this Court's review. Dkt. No. 157 at 2:10-15, 16:5-6, 13-19. To the extent the City wishes to discuss particular unhoused individuals and their statutorily-protected information in detail,

Plaintiffs ask that the Court preclude the parties from identifying individuals by name at the August 24, 2023 hearing to eliminate the risk of increased disclosure of sensitive information. As provided in the meet and confer correspondence, Plaintiffs are open to further coordination to ensure consistent, equitable treatment of such information by all parties.[1]

### A. The City Bears The Burden To Maintain The Confidentiality of Social Service Records.

The City concedes that it bears the burden to maintain the confidentiality of social service records under WIC § 10850(a).[2] Mot. at 3, *see also* Dkt. 142 (moving to seal documents "because they contain information about third parties that San Francisco has a statutory obligation to keep confidential absent a court order"). On that reason alone, the Court should deny the Motion to ensure that the City complies with its statutory obligations at the August 24, 2023 hearing. The City argues that this is a "strange procedural posture" (Mot. at 2) given Plaintiffs did not file their declarations supporting the Motion to Enforce the Preliminary Injunction under seal. But this posture is not strange. Governments are often under statutory obligations that do not apply to private individuals, and WIC § 10850(a) is no different.

The City cites a variety of reasons for why WIC § 10850(a) should not apply—none of which are grounded in statute or case law. *First,* San Francisco argues that WIC § 10850 allows for the disclosure of information in connection with a "civil proceeding conducted in connection

---

[1] Plaintiffs have already proposed to meet and confer with the City to develop a protocol regarding statutorily protected information for the remainder of the litigation, including a protocol regarding what information should be filed under seal and how that material is to be addressed at court appearances. *See* Declaration of Zal K. Shroff ("Shroff Decl."), Exhibit A.

[2] WIC § 10850(a) states in full: "Except as otherwise provided in this section, *all applications and records concerning any individual made or kept by a public officer or agency* in connection with the administration of this code relating to any form of public social services, including protective services provided through public social services agencies, for which grants-in-aid are received by this state from the United States government *shall be confidential*, and shall not be open to examination for any purpose not directly connected with the administration of that program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of that program. The disclosure of information that identifies, by name or address, an applicant for, or recipient of, these grants-in-aid to any committee or legislative body is prohibited, except as provided in subdivision (b)." (emphasis added).

with the administration of that program." Mot. at 4. In actuality, WIC § 10850(a) only provides that such information may be "open to examination" in connection with a connected civil proceeding. But the statute does not relieve San Francisco of its obligation to keep information confidential. And indeed, this language expresses no guidance whether such information may be publicly discussed or disclosed during a public hearing.

*Second*, the City cites a number of cases for the proposition that it can use confidential social service records to defend itself in litigation, and as a result, is not subject to the statutory privilege. But the cases that the City cites are inapposite. *Cnty. of Nevada v. Kiniciki* merely holds that social service records protected by WIC § 10850(a) may be subpoenaed by a defendant—not that the San Francisco may use them for its own purposes to defend itself in litigation. 106 Cal. App. 3d 357, 361 (1980). *Rivera v. Los Angeles Cnty. Civ. Serv. Comm'n* did allow social service records to be considered for a limited purpose during a California Service Commission proceeding, but it expressed no opinion on whether the information in those records could be publicly disclosed. 87 Cal. App. 3d 1001, 1005 (1979). Plaintiffs brook no disagreement that social services records are relevant for the Court to review in this action. Plaintiffs take issue with the public disclosure of potentially sensitive and statutorily protected information. Likewise, *In re Jeannie Q* concerned the use of social service records in *confidential* juvenile proceedings that were not generally open to the public. 32 Cal. App. 3d 288, 305 (1973).[3]

**B.    Plaintiffs And Individual Declarants Cannot Waive Their Privacy Interests As a Matter of Law, and Did Not As a Matter of Fact.**

The City also argues that all individuals necessarily waive the protections of Section 10850 when they "disclose their unhoused status and interactions" with the City (Mot. at 5). The City cites a litany of cases, none of which remotely support this proposition. As an initial matter, five of the seven cases that the City cites do not even discuss WIC § 10850(a), and have no applicability

---

[3] The City also cites *Haskin v. San Diego Cnty. Dept. of Public Welfare* for the proposition that there is no Section 10850(a) interest as to fraud and for impeachment—but *Haskin* discusses no such exception. In fact, the case does not mention impeachment at all. Rather, in *Haskin,* the court merely noted that the plaintiff could not state a claim for a purported breach of WIC § 10850 in part because there was no "disclosure to the public." *See* 100 Cal. App. 3d 961, 970-71 (1980).

to the issues here. The two cases the City cites that relates to WIC § 10850(a) (*In re Elijah S.* and *Lorenza P. v. Super Ct.*) do not support the City's position that waiver obviates the City's statutory obligations. In *In re Elijah S.*, the court held that WIC § 10850(a) did not protect the mere *fact* of a minor's status as an aid status recipient because that information had been made public through other sources and the individual was deceased. 125 Cal. App. 4th 1532, 1554 (2005). Likewise, *Lorenza P. v. Sup. Ct.* is unhelpful because it merely concerned an individual seeking to obtain her own files protected by WIC § 10850, and the court held that "she could consent in writing to waive the protection of the statute and subpoena [those] files." 197 Cal. App. 3d 607, 612 (1988). Whether or not an individual is entitled to seek a copy of his or her own records protected by WIC § 10850(a) is not at issue here.

By contrast, the City's declarations filed under seal contain specific information about particular unhoused San Francisco residents that has never been publicly disclosed and that include information far beyond the scope of Plaintiffs' declarations and their housing status alone. *Compare*, *e.g.*, Dkt. No. 130-24 (Supplemental Declaration of Ken Adams), *with* Dkt. No. 142-4 (Declaration of Sarah Lochner). Indeed, the City redacted information pursuant to WIC § 10850(a) precisely because the City was disclosing shelter records and other confidential information that had not been publicly disclosed or consented to—including where individuals had been previously sheltered or whether they are in a queue for housing. *See, e.g.* Dkt. Nos. 142-4, 142-5, 142-6, and 142-13. As such, no waiver argument is available to the City as a matter of law or fact.

The implications of this decision on confidentiality cannot be overstated. Individual declarants identifying potential violations of the Court's preliminary injunction does not give the City *carte blanche* to publicly disclose all manner of statutorily protected and confidential social services records pertaining to each of those individuals. This issue remains all the more important as the parties begin to address detailed questions of shelter access, disability access, the propriety of particular shelter placements for particular individuals, and the sensitive information City officials may choose to document or file at subsequent stages of this litigation.

### C. The Parties Should Refrain From Identifying Individuals By Name While Discussing Their Sensitive Information At the August 24, 2023 Hearing.

Plaintiffs recognize that there may be significant public interest in the Court's August 24, 2023 hearing such that the First Amendment strongly favors the hearing remain open to the public. *Press–Enterprise Co. v. Super. Ct. of Cal.*, 478 U.S. 1, 8 (1986). It is for this reason that Plaintiffs do not favor a sealed hearing for any matters that will be addressed during the course of this important civil rights litigation.  However, in considering unhoused people's privacy rights and the City's statutory obligations under WIC § 10850(a), Plaintiffs request that the Court require the parties not to identify individuals by name at the August 24, 2023 hearing, and to use initials or docket numbers in a way that will protect from disclosure any sensitive information set forth in the redacted portions of San Francisco's Opposition to Motion to Seal. Plaintiffs re-affirm their commitment to work with the City to develop a protocol regarding confidential information for all future filings and hearings in the litigation. See Shroff Decl., Ex. A..

### D. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny San Francisco's administrative motion, and instead order that the parties to refrain from identifying particular individuals by name while discussing that individuals' sensitive information at the August 24, 2023. A proposed order to that effect is enclosed along with this filing.

Dated:  August 21, 2023                          Respectfully submitted,


By: /s/ Alfred C. Pfeiffer, Jr.

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com

kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

By: */s/ Zal K. Shroff*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org
wfreeman@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

**ATTESTATION**

I, Alfred C. Pfeiffer, Jr., am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: August 21, 2023                                       /s/ Alfred C. Pfeiffer, Jr.