LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs*

*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY REQUEST FOR LEAVE TO CONTINUE THE AUGUST 24, 2023 HEARING REGARDING PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION TO A DATE AFTER THE NINTH CIRCUIT ISSUES ITS OPINION** <br><br> **Judge:** The Hon. Donna M. Ryu |

## I. THERE IS NO CAUSE TO DELAY THE HEARING

There is no cause to delay the hearing on the Motion to Enforce currently scheduled for August 24, 2023. Plaintiffs disagree that Judge Koh invited the parties to seek a continuance. Rather, Judge Koh simply inquired whether the Defendants had done so; there was no suggestion that the parties do so now. *See* The Oral Argument at the Ninth Circuit Hearing at 8:52.[1]

Nor is a continuance appropriate on the eve of the hearing. The hearing before the Ninth Circuit today did not change the fact that the preliminary injunction is in effect and that there are serious questions regarding whether the City is complying with the injunction. The issues involved with the motion to enforce are separate and independent from the issues on appeal. Specifically, Plaintiffs' Motion seeks to address the City's post-injunction enforcement in the obvious absence of shelter in violation of their own current policies and prior Enforcement Bulletin—not to mention a persistent failure to demonstrate compliance with the City's bag and tag policy. *See* Coalition on Homelessness, et al., v. City and County of San Francisco, et al., No. 4:22-cv-05502-DMR (N.D. Cal.), N.D. Cal. Dkt. No. 130, at 8:11-9:8, 11:6-22, & 4:23-5:24.

Furthermore, Plaintiffs disagree with Defendants' characterization of the argument as constituting "concessions" by Plaintiffs as to the scope of the injunction. Plaintiffs' position has been consistent throughout this litigation. Plaintiffs have always maintained, like the Court, that "involuntarily homeless " include people who do not have practical, realistic access to shelter. N.D. Cal. Dkt. No. 130 at 2:7-9; N.D. Cal. Dkt. No. 65 at 36:11-23. Indeed, Judge Desai

---

[1] Plaintiffs disagree that Plaintiff's counsel "appeared not to hear Judge Koh's remarks." Dkt. 174-1 at 4. Defendants asserted in their email to Plaintiffs that Judge Koh invited Defendants to request a continuance. Plaintiffs pointed out that was an inaccurate characterization. Defendants apparently agreed, as they edited their motion from the draft provided to Plaintiffs to no longer state that Judge Koh invited Defendants to file a motion for continuance. Plaintiffs also disagree that Judge Koh "appeared" to invite a request for continuance, but agree that the video of the hearing speaks for itself. The video is available at: https://www.youtube.com/live/mhfZw15ENdI?si=_owr1vDZcdxTJn4b&t=532 at 8:52.

characterized the Defendants' dispute with the preliminary injunction as "manufactured."[2]

As to the Appellate Court's discussion regarding threats of enforcement, the Court simply observed that case law recounted in the Plaintiff's Answering brief involved situations where a written or verbal threat of enforcement was made. At the argument, Plaintiffs directed the Court's attention to the amicus brief by the National Police Accountability Project (NPAP), which contains an analysis of significant case law to support the proposition that threats to enforce are, and must be, viewed under the totality of the circumstances, including considering whether the mere presence of police officers could constitute a threat. *See* Coalition on Homelessness, et al. v. City and County of San Francisco, et al., case no. 23-15087 (9th Cir.), at Dkt. No. 43-2; *see also* N.D. Cal. Dkt. No. 157 at 14 (discussing totality of circumstances test and SFPD's Bulletin on threats of enforcement)[3] In any event, the Appellate Court's observations are not an indication of how it will ultimately decide that issue, if it even reaches it, and does not mean that this Court should continue the hearing on the Motion to Enforce. N.D. Cal. Dkt. No. 130 at 14 (courts can enforce orders on appeal). Certainly the irreparable harm caused by violations of the preliminary injunction counsel against delaying resolution of Plaintiffs' motion.

While Plaintiffs remain open to discussing a stipulation that may resolve any issues before the Ninth Circuit and welcome the opportunity to meet and confer with Defendants, this does not impact the current motion to enforce.

**II.    CONCLUSION**

For the reasons above, Plaintiffs respectfully ask the Court to deny Defendants' Emergency

---

[2] Available at: https://www.youtube.com/live/mhfZw15ENdI?si=zZlHZapw3YoGfGK5&t=3444 at 57:20.

[3] Plaintiffs have also provided authority supporting its position regarding threat enforcement in the appeal. *See* 9th Cir. Dkt. No. at 42-43

2

Motion for Leave to Continue the August 24, 2023 Hearing on Plaintiffs' Motion to Enforce the Preliminary Injunction.

Dated: August 23, 2023                                    Respectfully submitted,

                                  By: */s/ Alfred C. Pfeiffer, Jr.*

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

By: */s/ Zal K. Shroff*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org
wfreeman@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

## **ATTESTATION**

I, Alfred C. Pfeiffer, Jr., am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated:  August 23, 2023                                                        */s/ Alfred C. Pfeiffer, Jr.*