| | |
|---|---|
| LATHAM & WATKINS LLP<br>Alfred C. Pfeiffer, Jr., SBN 120965<br>505 Montgomery Street, Ste 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600<br>al.pfeiffer@lw.com<br><br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA<br>Zal K. Shroff, MJP 804620, *pro hac vice*<br>131 Steuart Street, Ste. 400<br>San Francisco, CA 94105<br>Telephone: (415) 543-9444<br>zshroff@lccrsf.org<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA<br>John Thomas H. Do, SBN 285075<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 293-6333<br>jdo@aclunc.org<br><br>*Attorneys for Plaintiffs Coalition on Homelessness,*<br>*Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*<br><br>*Additional Counsel Appear on Signature Page* | DAVID CHIU, SBN 189542<br>City Attorney<br>YVONNE R. MERÉ, SBN 173594<br>Chief Deputy City Attorney<br>WAYNE SNODGRASS, SBN 148137<br>Deputy City Attorney<br>EDMUND T. WANG, SBN 278755<br>KAITLYN M. MURPHY, SBN 293309<br>MIGUEL A. GRADILLA, SBN 304125<br>JOHN H. GEORGE, SBN 292332<br>ZUZANA S. IKELS, SBN 208671<br>Deputy City Attorneys<br>City Hall, Room 234<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, California 94102-4682<br>Telephone:  (415) 554-4675 (Snodgrass)<br>          (415) 554-3857 (Wang)<br>          (415) 554-6762 (Murphy)<br>          (415) 554-3870 (Gradilla)<br>          (415) 554-4223 (George)<br>          (415) 355-3307 (Ikels)<br>E-mail:<br>   wayne.snodgrass@sfcityatty.org<br>   edmund.wang@sfcityatty.org<br>   kaitlyn.murphy@sfcityatty.org<br>   miguel.gradilla@sfcityatty.org<br>   john.george@sfcityatty.org<br>   zuzana.ikels@sfcityatty.org<br><br>*Attorneys for Defendants*<br>*City and County of San Francisco, et. al.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>          Plaintiffs,<br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND CASE SCHEDULE**<br><br>**Trial Date:**     April 15, 2024 |

Plaintiffs and Defendants by and through their undersigned counsel, hereby stipulate as follows:

1. On July 25, 2023, the parties filed a joint stipulation proposing an extension to the discovery schedule in order to permit the parties to reach agreement on a proposed comprehensive extension to the case schedule. Dkt. 156.

2. On July 27, 2023, the Court issued an order extending the discovery deadlines. The Court stated that it would consider extending these deadlines further if the parties filed a joint proposed comprehensive schedule that demonstrated good cause by August 28, 2023. Dkt. 160.

3. The parties have further met and conferred and agree that an extension to the schedule will be necessary to allow sufficient time for ongoing fact discovery;

4. The parties have met and conferred and have agreed to the following revisions to the case schedule:

| Event | Current Case Schedule | Proposed Case Schedule |
|---|---|---|
| Deadline to substantially complete document productions[1] | - | 6/28/2024 |
| Non-expert discovery completed | 8/28/2023 | 8/30/2024 |
| Experts disclosed and reports provided | 9/25/2023 | 10/9/2024 |
| Rebuttal experts disclosed and reports provided | 10/23/2023 | 11/8/2024 |
| Deadline to complete all expert discovery | 11/6/2023 | 12/5/2024 |
| Last day for hearing dispositive motions | 1/25/2024 | 2/20/2025 |
| Pre-trial meet and confer | 3/5/2024 | 2/24/2025 |
| Deadline to file a joint pre-trial statement | 3/15/2024 | 3/10/2025 |
| Deadline to file evidentiary motions or motions in limine | 3/25/2024 | 3/24/2025 |

---

[1] Notwithstanding the substantial completion deadline, documents and video footage produced pursuant to the ongoing discovery order (Dkt. No. 129) and documents or other information created on or after 30 days before the substantial completion deadline may continue to be produced after the substantial completion deadline.

| Pre-trial conference | 4/3/2024 | 4/7/2025 |
| --- | --- | --- |
| Trial | 4/15/2024 | 4/21/2025 |

5. Good cause exists on the basis that Defendants have asserted and represented to Plaintiffs that[2]:

- The parties' proposed schedule is based, in substantial part, on Defendants' estimate of the time needed to complete discovery, including the need to review more than 133,000 unique custodial documents and thousands more non-custodial documents. Defendants have been diligently producing information pursuant to the Court's May 25, 2023 ongoing discovery order (ECF No. 129) and Plaintiffs' requests, but need the time agreed by the parties to complete discovery.

- The parties' search terms have been run on the custodial files of 22 custodians and returned nearly 133,000 unique documents that need review, unless Plaintiffs stipulate or the Court orders a reduction in the ESI. Defendants, who do not have dedicated document review attorneys, estimate review will take at least a year and even then, would be very burdensome (four attorneys dedicating half of each working day reviewing custodial documents at about 2 minutes per document will take 47 weeks). Defendants have proposed changing the term connector "and" to "w/10" and limiting the custodians to seven to ten, which would reduce the ESI by one-third to half, but Plaintiffs have thus far declined to narrow the scope of ESI. Given this matter involves face-to-face interactions, Defendants believe the ESI's relevance is remote. The parties have committed to continue to meet and confer in good faith to discuss potential further limits to the ESI volume. Defendants provide this information to be transparent with the Court that even the proposed schedule may be insufficient to accommodate the current scope of ESI.

- Defendants are also collecting, reviewing, and producing many non-custodial documents. These voluminous documents are time-consuming to collect due to technological, confidentiality, and human-resource limitations. For example, Plaintiffs have requested all 915

---

[2] While Plaintiffs agree that good cause exists for an extension to the schedule based on Defendants' representations, Plaintiffs otherwise disagree with Defendants' positions on these issues but intend to continue to negotiate in good faith on the scope of ESI.

2

and 919 Department of Emergency Management CADs, which must be manually retrieved and printed, a laborious and time-consuming process for DEM and one that must be completed alongside document requests for other cases. Defendants are working on solutions to speed this process, and have already implemented others (e.g., the amended protective order that allows unredacted body-worn camera footage), but continue to face limits on how quickly production can occur.

This stipulation will alter the date of events or deadlines already fixed by Court order. IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD TO PLAINTIFFS AND THE DEFENDANTS.

Date: August 28, 2023                     */s/ Joseph H. Lee*

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077

505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400

3

San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
William S. Freeman, SBN 82002
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
wfreeman@aclunc.org
bgreene@aclunc.org

*Attorney for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, Nathaniel Vaughn*

Date:  August 28, 2023           */s/ John H. George*

David Chiu, SBN 189542
Yvonne R. Mere, SBN 173594
Wayne Snodgrass, SBN 148137
Zuzana S. Ikels, SBN 208671
Edmund T. Wang, SBN 278755
John H. George, SBN 292332
Kaitlyn Murphy, SBN 293309
Miguel A. Gradilla, SBN 304125
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
Telephone:  (415) 554-4223
*john.george@sfcityatty.org*

*Attorney for Defendants*

4

## **ATTESTATION**

I, Joseph H. Lee, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated:  August 28, 2023              */s/ Joseph H. Lee*

Joseph H. Lee, SBN 248046
Attorney for Plaintiffs Coalition on Homelessness, Toro Castaño, Sarah Cronk, Josh Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn

**[PROPOSED ORDER]**

Pursuant to stipulation and for good cause shown, the following case deadlines are ordered:

| Event | Proposed Case Schedule |
|---|---|
| Deadline to substantially complete document productions[3] | 6/28/2024 |
| Non-expert discovery completed | 8/30/2024 |
| Experts disclosed and reports provided | 10/9/2024 |
| Rebuttal experts disclosed and reports provided | 11/8/2024 |
| Deadline to complete all expert discovery | 12/5/2024 |
| Last day for hearing dispositive motions | 2/20/2015 |
| Pre-trial meet and confer | 2/24/2025 |
| Deadline to file a joint pre-trial statement | 3/10/2025 |
| Deadline to file evidentiary motions or motions in limine | 3/24/2025 |
| Pre-trial conference | 4/7/2025 |
| Trial | 4/21/2025 |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

---

[3] Notwithstanding the substantial completion deadline, documents and video footage produced pursuant to the ongoing discovery order (Dkt. No. 129) and documents or other information created on or after 30 days before the substantial completion deadline may continue to be produced after the substantial completion deadline.