1    [Counsel Identified on Signature Page]

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., | CASE NO. 4:22-cv-05502-DMR |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT REPORT** |
| v. | **Judge:**    The Hon. Donna M. Ryu |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | **Date:**    September 20, 2023 |
| Defendants. | **Time:**    1:30 P.M. |
| | **Place:**    Courtroom 4 – 3rd Floor 1301 Clay Street Oakland, CA 94612 |

1    Pursuant to the Court's May 25, 2023 Order (Dkt. 131), Local Rules 16-9 and 16-10, and

2  the Standing Order for All Judges of the Northern District of California – Contents of Joint Case

3  Management Statement, Plaintiffs and Defendants submit this Joint Case Management Conference

4  Statement, reporting changes since the last Case Management Statement dated May 18, 2023 (Dkt.

5  126).

6  **4.     MOTIONS**

7       A.    **Motions Since Last CMC Statement**

8       Plaintiffs' Motion To Enforce Preliminary Injunction: Plaintiffs filed a Motion to Enforce

9  Preliminary Injunction on May 25, 2023. (Dkt. 130). San Francisco opposed the motion on July 6,

10  2023 (Dkt. 143), and Plaintiffs filed a reply brief in support of their motion on July 25, 2023. (Dkt.

11  157). The Court heard arguments on the motion to enforce on August 24, 2023. The Court denied

12  without prejudice the portions of the motion directed to compliance with the preliminary injunction

13  as it pertained to Plaintiffs' Eighth Amendment claim.  With regard to the Fourth Amendment

14  claim, the Court ordered Defendants to submit, by September 22, 2023, declarations (1)

15  "describing how many DPW employees interact with homeless individuals with respect to

16  cleaning; the context in which they interact with homeless individuals with respect to cleaning;

17  and the training they receive on the bag and tag policy, including the frequency, length and format

18  of the training and details of any training materials"; and (2) "specifying the number of SFPD

19  officers who have interacted with homeless individuals in response to 919 and 915 calls for service

20  since the issuance of the preliminary injunction, including specifying how many of those officers

21  are not part of the group of SFPD officers providing support to HSOC or JFO." (Dkt. 180). The

22  Court permitted Plaintiffs to file by October 6, 2023, "a brief not exceeding five pages responding

23  solely to Defendants' supplemental evidence about training of DPW employees on the bag and tag

24  policy." The Court also asked the City whether it would voluntarily consider "simple, uniform and

25  clear communications to be used by SFPD officers in their interactions with homeless individuals

26  about their rights in the context of requests to relocate" and directed Judge Cisneros to determine

27  the timing and format for discussing such communications with Defendants.

28       Motions Related to Plaintiffs' Motion to Enforce: The parties filed several motions and

associated filings in relation to Plaintiffs' Motion to Enforce, including:

On June 2, 2023, the parties filed a joint Scheduling Stipulation and Proposed Order re Plaintiffs' Motion to Enforce the Preliminary Injunction.  Dkt. 132.  The Court granted the proposed order on June 5, 2023.  Dkt. 133.

On June 29, 2023, Defendants filed an unopposed administrative motion to exceed the page limit for the opposition to Plaintiffs' Motion to Enforce.  Dkt. 140.  The Court granted the motion to exceed page limits on June 30, 2023.  Dkt. 141.

On July 6, 2023, Defendants filed an Administrative Motion to Seal Documents Submitted in Opposition to Plaintiffs' Motion to Enforce the Preliminary Injunction.  Dkt. 142.  Defendants took no position as to whether sealing was appropriate.  Plaintiffs did not file a response.  The Court has not yet ruled on this motion.

On July 19, 2023, Plaintiffs filed an unopposed administrative motion to exceed the page limit for the reply in support of their Motion to Enforce.  Dkt. 154.  The Court granted the motion to exceed page limits on July 20, 2023.  Dkt. 155.

On August 1, 2023, Defendants filed Objections to Evidence Supporting Plaintiffs' Reply to Motion for Enforcement of the Preliminary Injunction.  Dkt. 161.  On August 8, 2023, Plaintiffs filed a response to Defendants' objections.  Dkt. No. 164.  On August 9, 2023, Defendants wrote to the Court to request the Court disregard Plaintiffs' response as a violation of Civil Local Rule 7-3(d).  Dkt. 165.  The Court has not yet ruled on Defendants' objections.

On August 11, 2023, Defendants filed a Motion for Administrative Relief to Disregard New Evidence in Plaintiffs' Reply Brief or, In the Alternative, to Grant Defendants Leave to File a Surreply.  Dkt. 168.  Plaintiffs filed a response on August 15, 2023.  Dkt. 170.  The Court has not yet ruled on Defendants' motion.

On August 11, 2023, Defendants filed an administrative motion to seal certain documents submitted in support of its surreply motion.  Dkt. 167.  Defendants took no position as to whether sealing was appropriate.  Plaintiffs did not file a response.  The Court has not yet ruled on this motion.

On August 16, 2023, Defendants filed an administrative motion for the Court to either order

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

the August 24, 2023 Motion to Enforce hearing to be public, order that the underlying briefs and supporting papers are not confidential, or alternatively, issue a protective order sealing the courtroom for the hearing. Dkt. 171. Plaintiffs filed a response on August 21, 2023. Dkt. 173. At the beginning of the August 24, 2023 hearing, the Court requested that "if somebody wants to raise those details [subject to a motion to seal] that they flag it before they say it, so that I can address it." August 24, 2023 Hrg. Tr. at 5:14-15. The Court has not yet ruled on this motion.

On August 23, 2023, Defendants filed an Emergency Request for Leave to Continue the August 24, 2023 Hearing Regarding Plaintiffs' Motion to Enforce the Preliminary Injunction to a Date After the Ninth Circuit Issues Its Opinion. Dkt. 174. On August 23, 2023, Plaintiffs filed a response. Dkt. 176. On August 24, 2023, the Court denied Defendants' motion. Dkt. 177.

Stipulation to Extend Deadline to Respond: On July 10, 2023, the parties filed a Stipulation and Order to Extend Deadline to Respond to Defendants' Answer to Second Amended Complaint that requested an extension of the deadline until August 10, 2023. Dkt. 147. The Court granted the proposed order on July 11, 2023. Dkt. 148.

Stipulation Regarding Case Deadlines: On June 25, 2023, the parties filed a Stipulation and [Proposed] Order to Extend Discovery Deadlines that sought an extension of the fact discovery cutoff until the September 20, 2023 Case Management Conference, with subsequent deadlines extended an equal amount. Dkt. 156. The Court granted in part and denied in part the parties' request, extended the fact discovery deadline until August 28, 2023, and ordered the parties to file a comprehensive schedule that demonstrates good cause by August 28, 2023. Dkt. 160.

Stipulation Amending Protective Order: On August 3, 2023, the parties filed a Stipulation and [Proposed] Order to Modify the Protective Order to allow production of certain Criminal Offender Record Information. Dkt. 162. The Court granted the proposed order on August 7, 2023. Dkt. 163.

Stipulation to Amend Answer: On August 10, 2023, the parties filed a Stipulation and [Proposed] Order to Allow Defendants to File Amended Answer to Second Amended Complaint by September 25, 2023, with a draft to be sent to Plaintiffs by September 18, 2023 and any response due by October 9, 2023. Dkt. 166. The Court granted the proposed order on August 14, 2023.

1   Dkt. 169.

2       Defendants' Request for Judicial Notice: On August 24, 2023, Defendants filed a request

3   for judicial notice or lodging of the transcript of the August 23, 2023 hearing of oral argument

4   before the Ninth Circuit (Dkt. 178). Plaintiffs do not oppose the official transcript being judicially

5   noticed once it is available, but do not believe it would be appropriate to judicially notice an

6   unofficial transcript to which no certifying declaration has been attached. Plaintiffs also would not

7   oppose judicial notice of the official audio or video of the oral argument. Defendants appreciate

8   Plaintiffs' statement of non-opposition, but disagree that this Statement is the appropriate filing in

9   which to state a party's position that was not made at the appropriate time.  The Court has not yet

10  ruled on this request.

11      Stipulation To Extend Case Schedule: On August 28, 2023, the parties filed a stipulation

12  and proposed order to extend the case schedule, as described *infra*, section 16. (Dkt. 182). The

13  Court has not yet ruled on the parties' proposed joint schedule.

14      B.    **Anticipated Motions**

15      As discovery progresses, the parties anticipate resolving disputes in accordance with the

16  Court's discovery dispute resolution process. The parties also anticipate filing other pre-trial

17  motions, including one or more motions for summary judgment. Consistent with the Court's

18  comments during the hearing on Plaintiffs' Motion to Enforce the Preliminary Injunction and its

19  denial without prejudice, Plaintiffs may renew their motion as it pertains to the Eighth

20  Amendment.

21  **5.    AMENDMENT OF PLEADINGS**

22      On May 23, 2023, the Court granted in part Defendants' motion to dismiss the First

23  Amended Complaint and ordered Plaintiffs to file any amended complaint within 14 days.  Dkt.

24  128.  In accordance with the Court's May 23, 2023 order regarding the First Amended Complaint,

25  on June 6, 2023, Plaintiffs filed a Second Amended Complaint. (Dkt. 135).

26      On June 20, 2023, Defendants filed an answer to the Second Amended Complaint. (Dkt.

27  138). Pursuant to the parties' stipulation, which was approved by the Court on August 14, 2023,

28  Defendants will provide of a draft of an amended answer to Plaintiffs by September 18, 2023 and

1    will amend their answer on or before September 25, 2023. (Dkt. 169).

2    **8.    DISCOVERY**

3        The parties have served requests for productions and interrogatories, and have responded

4    to such requests.  The Court approved a stipulated protective order on May 22, 2023, which was

5    amended by stipulation on August 7, 2023.  (Dkts. 127, 163).  The parties have stipulated to 50

6    interrogatories per side.

7        Plaintiffs' Statement: Plaintiffs have served Defendants with both requests for production

8    and requests for responses to interrogatories, but, as noted in the last CMC Statement,  Defendants'

9    responses to date have been deficient. The following statements provide the current state of

10   discovery issues.

11       A.    **Document Productions**: Defendants' productions to date have still largely failed

12   to substantially respond to Plaintiffs' requests for production.  For example, Defendants have not

13   produced any substantial number of responsive San Francisco Police Department ("SFPD")

14   incident reports, SFPD computer aided dispatch ("CAD") reports, and Department of Public

15   Works logs that predate the preliminary injunction, a set of documents that would number into the

16   thousands, in the eight months since Defendants' responses to Plaintiffs' discovery requests were

17   due. Defendants claim *infra* that they have produced "130 Incident Reports," but Plaintiffs

18   understand that is but a small fraction of the Incident Reports responsive to Plaintiffs' Requests.

19   The parties are meeting and conferring regarding these issues, and will seek to resolve them

20   without resort to the Court's discovery resolution process, if possible.

21       B.    **Interrogatories**: Defendants' responses to Plaintiffs' first set of interrogatories

22   remain deficient for the same reasons stated in the May 18, 2023 joint case management conference

23   statement.  The parties will meet and confer regarding these issues, and will seek to resolve them

24   without resort to the Court's discovery resolution process, if possible.

25       C.    **Ongoing Discovery To Assess Compliance with The Court's Preliminary**

26   **Injunction:** On May 25, 2023, the Court issued an order regarding ongoing discovery to assess

27   compliance with the Court's preliminary injunction (Dkt. 129). To date, San Francisco has made

28   several productions pursuant to the Court's order. Plaintiffs have identified certain deficiencies in

San Francisco's production, including that they have failed to include the required incident report summaries and meaningful incident report sampling required by the Court's order. The parties are meeting and conferring regarding these identified deficiencies, and will raise them through the Court's discovery resolution process, as necessary.

**Defendants' Statement:**    Defendants disagree with Plaintiffs' assertions regarding supposed deficiencies and other issues with Defendants' productions, as well as their use of this Statement, and the prior Case Management Statement (to the extent incorporated), to raise them. Defendants have produced, as of the date of this Statement, more than 7000 documents totaling nearly 30,000 pages, including, among other documents: records of more than 1400 CADs; over 130 SFPD incident reports identified through search terms Plaintiffs agreed to and through searches for the enjoined provisions, including the identified incident reports from 2022 and 2023 (through July) reflecting citations or arrests for violations of Penal Codes sections 647(e), 370, and 372[1]; hundreds of photographs of resolutions and street conditions; and hundreds of pages of DPW bag and tag logs, including nearly 50 spreadsheets with detailed bag and tag information.  In compliance with the Ongoing Discovery Order, Defendants have produced and continue to produce on a three-week schedule the documents Plaintiffs sought to monitor Defendants' compliance with the Preliminary Injunction.  Defendants are also reviewing and producing the hundreds of thousands of pages of custodial and non-custodial documents collected in response to Plaintiffs' numerous and broad requests.  These productions are in addition to the numerous documents and extensive data Plaintiffs and their counsel have received through Public Records Act requests and through San Francisco's public data sources.

Defendants have proposed specific modifications to the search term connectors and custodians to reduce Defendants' burden without sacrificing the production of relevant information, but Plaintiffs have rejected these proposals.  Defendants, as they have done, will

---

[1] Defendants have located a single incident report from 2022 reflecting a citation and arrest for violation of S.F. Police Code section 168 and will be producing it soon.  Defendants have not located any 2022 or 2023 incident reports reflecting citations or arrests for violation of S.F. Police Code section 169.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

1   continue to meet and confer with Plaintiffs to resolve any discovery disputes and, if the parties

2   reach an impasse, will address Plaintiffs' assertions point-by-point in the proper filing.  If the

3   parties reach an impasse regarding the volume and scope of ESI, Defendants reserve the right to

4   request relief pursuant to Federal Rule of Civil Procedure 26(b)(2), including shifting the cost of

5   production.

6   **10.    RELATED CASES**

7          There are currently two related proceedings pending before the Ninth Circuit.

8          <u>San Francisco's Ninth Circuit Appeal of the Court's Preliminary Injunction Order:</u> The

9   Ninth Circuit heard oral argument on August 23, 2023. A video recording of the oral argument  is

10  available at https://www.ca9.uscourts.gov/media/video/?20230823/23-15087/.

11         <u>San Francisco's Ninth Circuit Motion to Modify the Preliminary Injunction Order Pending</u>

12  <u>Appeal</u>: Oral argument took place on August 23, 2023. The panel asked whether the parties could

13  enter into a stipulation that might obviate the need for a ruling on the motion, and on August 29,

14  2023, the panel issued an order requiring the parties to file an update on their efforts to enter into

15  a stipulation. The parties were unable to reach agreement, and so notified the panel by letter

16  submissions dated August 28, 2023 and a joint filing dated September 1, 2023. The panel issued

17  the follow ruling on September 5, 2023: "The City's motion to modify the preliminary injunction

18  raises the sole issue of the definition of 'involuntarily homeless.' Because the parties agree that a

19  person is not involuntarily homeless if they have declined a specific offer of available shelter or

20  otherwise have access to such shelter or the means to obtain it, and because the district court has

21  denied the plaintiffs' motion to enforce the injunction, the City's motion to modify the preliminary

22  injunction is DENIED WITHOUT PREJUDICE."

23  **12.    SETTLEMENT AND ADR**

24         The parties continue to meet with Magistrate Judge Cisneros to explore the possibility of

25  settlement. Both parties remain open to further settlement discussions.

26  **13.    OTHER REFERENCES**

27         **<u>Plaintiffs' Statement:</u>** Plaintiffs continue to believe that a special master is appropriate for

28  monitoring compliance of and enforcing any injunctive relief, whether preliminary or permanent,

1    entered by the Court—due to the sheer number of interactions Defendants have with unhoused

2    individuals and the complexity of monitoring those interactions. The court has denied Plaintiffs'

3    motions for appointment of a special master without prejudice.

4        **Defendants' Statement:** This Statement is an inappropriate place for Plaintiffs to renew

5    their call for a special master or monitor to oversee every interaction between or among unhoused

6    persons and City personnel – a request that the Court has denied several times.  See Dkts. 65, 84.

7    Defendants strongly disagree with Plaintiffs' purported basis to appoint a monitor and note that

8    they have regularly provided the discovery required by the Ongoing Discovery Order (Dkt. 129),

9    which allows Plaintiffs to monitor compliance with the Preliminary Injunction.  If and when

10   Plaintiffs properly raise their request for a monitor or special master, Defendants will respond in

11   full.

12   **14.    NARROWING OF ISSUES**

13       The parties are committed to determining whether certain issues can be narrowed by

14   agreement.

15   **15.    EXPEDITED TRIAL PROCEDURE**

16       The parties do not believe that this is the type of case that can be handled on an expedited

17   basis with streamlined procedures.

18   **16.    SCHEDULING**

19       On August 28, 2023, the parties filed a joint stipulation (Dkt. 182) and proposed order to

20   extend the case schedule as follows:

| Event | Current Case Schedule | Proposed Case Schedule |
|---|---|---|
| Deadline to substantially complete document production | - | 6/28/2024 |
| Non-expert discovery completed | 8/28/2023 | 8/30/2024 |
| Experts disclosed and reports provided | 9/25/2023 | 10/9/2024 |
| Rebuttal experts disclosed and reports provided | 10/23/2023 | 11/8/2024 |
| Deadline to complete all expert discovery | 11/6/2023 | 12/5/2024 |
| Last day for hearing dispositive motions | 1/25/2024 | 2/20/2025 |

| | | |
|---|---|---|
| Pre-trial meet and confer | 3/5/2024 | 2/24/2025 |
| Deadline to file a joint pre-trial statement | 3/15/2024 | 3/10/2025 |
| Deadline to file evidentiary motions or motions in limine | 3/25/2024 | 3/24/2025 |
| Pre-trial conference | 4/3/2024 | 4/7/2025 |
| Trial | 4/15/2024 | 4/21/2025 |

The parties refer to their joint stipulation and the supporting declarations for a full explanation of the joint request to modify the schedule.  Dkts. 182-1, 182-2.

**17.    TRIAL**

Trial is currently scheduled to begin on April 15, 2024 before the Court, although the parties have submitted a stipulated proposed schedule that would set trial for April 21, 2025. The Court has set the length of the trial to be not more than 8 full trial days. (Dkt. 85).

**20.    OTHER MATTERS**

The parties will continue to work together to facilitate the just, speedy, and inexpensive disposition of the matter.


Dated:  September 13, 2023                    Respectfully submitted,


By: */s/ Alfred C. Pfeiffer, Jr.*

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

By: */s/ Zal K. Shroff*

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
Andrew Ntim, SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
antim@lccsrf.org

By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah*
*Cronk, Joshua Donohoe, Molique Frank, David*
*Martinez, Teresa Sandoval, Nathaniel Vaughn*

Dated:  September 13, 2023        By: */s/ John H. George*

David Chiu, SBN 189542
Yvonne R. Mere, SBN 173594

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wayne Snodgrass, SBN 148137
Zuzana S. Ikels, SBN 208671
Edmund T. Wang, SBN 278755
John H. George, SBN 292332
Kaitlyn Murphy, SBN 293309
Miguel A. Gradilla, SBN 304125
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
Telephone: (415) 554-4223
*john.george@sfcityatty.rog*

*Attorneys for Defendants*
*City and County of San Francisco; San Francisco*
*Police Department; San Francisco Department of*
*Public Works; San Francisco Department of*
*Homelessness and Supportive Housing; San*
*Francisco Fire Department; San Francisco*
*Department of Emergency Management; Mayor*
*London Breed; Sam Dodge*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

1

## **ATTESTATION**

2        I, Alfred C. Pfeiffer, Jr., am the ECF user whose user ID and password authorized the

3    filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document

4    have concurred in this filing.

5

6    Dated:  September 13, 2023                    */s/ Alfred C. Pfeiffer, Jr.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR