LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, pro hac vice
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Counsel for Plaintiffs in Case No. in 4:22-cv-05502-DMR*
*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COLLEGE OF THE LAW, SAN FRANCISCO, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br>Plaintiffs,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br>Defendants. | Case No. 4:20-cv-03033-JST<br><br>**OPPOSITION OF PLAINTIFFS IN CASE NO. 4:22-CV-05502 TO SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED** |

Plaintiffs in *Coalition on Homelessness et al. v. City and County of San Francisco et al*, Case No. 4:22-cv-05502-DMR ("*COH*"), submit that that the untimely motion by San Francisco (the "City") to relate *COH* to the instant case ("*UC Law*") should be denied. The City is seeking, yet again, to avoid rulings in *COH* that are unfavorable to it. Relating these cases now would waste judicial resources, encourage "judge shopping," and prejudice the *COH* plaintiffs, who have been litigating that case extensively before Chief Magistrate Judge Ryu for over a year.[1]

**I.    THE CITY'S MOTION IS UNTIMELY**

N. D. Cal. Civ. L. R. ("Local Rule") 3-12(b) requires a party to file a related case motion "promptly" upon learning of an action that is or may be related. The City has violated this rule by waiting over one year to file this motion, and offers no excuse for its delay. *COH* was filed on September 27, 2022 and assigned to Chief Magistrate Judge Ryu. All parties consented to Judge Ryu (*COH* Dkt. Nos. 19, 21), and the case has been litigated extensively, generating 196 docket entries. Last December, based on an extensive factual record, Judge Ryu issued a scathing 50-page preliminary injunction order, finding that the City's position on Plaintiffs' Eighth Amendment claims was "wholly unconvincing" and that Plaintiffs' had established a likelihood of success on both their Eighth Amendment and Fourth Amendment claims. *COH* Dkt. No. 65 at 37:21, 42:10-17, 45:7-10. The City unsuccessfully sought a "clarification" of this order (*COH* Dkt. No. 70), and then appealed it to the Ninth Circuit.

At this late stage of the litigation, the City now argues that the cases should be related because they concern "substantially the same parties" and the same events. Mot. at 1:16-18. But the City cannot deny that all of these purported similarities have been apparent and knowable since the day the *COH* complaint was filed. Worse, the City does not devote *a single word* to explaining why it waited *over a year* to file this motion.

These facts alone are sufficient reason to deny the motion. *Rezner v. Bayerische Hyper-Und Vereinsbank AG*, No. 06-cv-02064, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) (denying motion to relate cases, citing "unjustified lapse of nearly a year" before motion brought).

---

[1] The *COH* plaintiffs do not object to Magistrate Cisneros conducting settlement discussions in both cases (even though, as discussed below, it is questionable whether any "settlement discussions" in *UC Law* are amenable to judicial involvement under the stipulated injunction).

## II. THE CASES SHOULD NOT BE RELATED UNDER LOCAL RULE 3-12, AND THE CITY IS NOT SUBJECTED TO "CONFLICTING RULINGS"

The City argues that the two cases have now become "ripe for relation" because Magistrate Judge Cisneros has been assigned to conduct settlement discussions in both. Mot. at 5:22-23. But that assignment does not change the fact that while there is some overlap of parties and issues, the cases involve different individual and organizational plaintiffs, intervenors, defendants, geographic and temporal scope, and substantive claims. *Compare UC Law* Dkt. No. 1 ¶¶ 60-123 (substantive due process, nuisance, takings, and negligence claims arising out of street conditions in the Tenderloin), *with COH* Dkt. No. 1 ¶¶ 259-334 (Fourth, Eighth, and Fourteenth Amendment claims, state law claims, and disability claims arising out of illegal property destruction and criminalization of homelessness without access to shelter, city-wide). "While there may be some overlap in issues, that is not the test for relating cases; indeed, implicit in Civil Local Rule 3-12(a) is the principle that single judges of this Court do not become responsible for all cases arising in one area of law, even when some of the same parties are involved." *Allen v. City of Oakland*, No. 00-cv-04599, 2011 U.S. Dist. LEXIS 135556, at *6 (N.D. Cal. Nov. 23, 2011).

The City's argument that it faces "inconsistent claims" and "conflicting rulings" (Mot. at 5:13-16) is also meritless. The *UC Law* injunction, to which the City agreed, plainly states that "all parties shall respect the legal rights of the unhoused of the Tenderloin in all manners, including in relation to relocating and removing the unhoused . . . ." Dkt. No. 71 at 3:26-27. The preliminary injunction in *COH* merely spells out, in greater detail, *what those "legal rights" are*, and what the City must do to "respect" them: it may not enforce or threaten enforcement of certain laws, and it must adhere to its own "bag and tag" policy. *COH* Dkt. No. 65 at 50. There is no conflict here.

The City unsuccessfully raised the "conflicting rulings" argument *nine months ago* before Judge Ryu. *See* Admin. Motion for Clarification of PI Order, *COH* Dkt. No. 70, at 4:12-13 ("[T]he *UC Law* Injunction and the [*COH* preliminary injunction] Order impose conflicting obligations on San Francisco"). Judge Ryu denied the motion as procedurally improper, but also noted that she saw no conflict. Transcript of Hearing, *COH* Dkt. No. 91 at 24:9-14 ("And when I read Judge

Tigar's order, I didn't understand what the conflict was."). Judge Ryu invited the City to file a noticed motion to reconsider. Order, *COH* Dkt. No. 84 at 2. The City never did so.

The *UC Law* plaintiffs *agree* that there is no conflict, and so argued over three pages of briefing as *amicus curiae* in the City's Ninth Circuit Appeal. *See* UC College of Law, Amicus Br., Ninth Cir. No. 23-15087, Dkt. No. 17-2 at 10-12 ("As a threshold matter, Judge Ryu's Order does not conflict with the Stipulated Injunction"). *see also COH* Dkt. No. 81, at 3:2-4:6 (Plaintiffs in the *COH* case noting the same in detail).

## III. RELATION WOULD WASTE JUDICIAL RESOURCES

The *UC Law* case was never substantively litigated in this Court. It was filed on May 4, 2020 and resolved by agreement barely one month later. Dkt. Nos. 1, 51. The plaintiffs—institutions and individuals that did not include unhoused persons—alleged injury resulting from San Francisco's failure to "ensure safe and secure living conditions in the Tenderloin." *Id.* at 35, ¶ 61. Several organizations representing unhoused persons sought to intervene 36 days later—a lapse of time that the City ironically claimed rendered the motion "untimely"—but the motion to intervene was not granted until June 30, 2020, the day the settlement was approved by the Court and the stipulated injunction was entered. Dkt. No. 63 at 2-3; Dkt. Nos. 69, 71. No discovery took place, and no substantive motions were heard or decided.

Following approval of the stipulated injunction by the City's Board of Supervisors, the case was dismissed and closed on October 7, 2020 (Dkt. Nos. 98, 99), and has remained closed for over three years. The City does not argue that this Court has greater familiarity with the underlying facts and circumstances than Judge Ryu; the opposite is the case. In addition to the preliminary injunction, Judge Ryu has denied two motions to dismiss and a motion for stay pending appeal (*COH* Dkt. Nos. 119, 128, 169), and has ruled on numerous discovery issues (*e.g., COH* Dkt. Nos. 44, 113, 122, 127, 129, 163). A motion for enforcement of the preliminary injunction remains pending. *COH* Dkt. No. 180. On September 20, 2023, Judge Ryu set the trial date for October 1, 2024, over the City's objection. *COH* Dkt. No. 190. Reassignment of *COH* at this time would disrupt ongoing proceedings and potentially interfere with the trial date.

In *Rezner*, the court found that where discovery in the later-filed case was well under way

and the judge there had already issued a lengthy substantive order, judicial economy was "better served" by declining to relate the cases. 2009 WL 3458704 at *2. Judge Ryu's depth of experience with *COH* is far greater. Relating these cases would be inefficient because it would substitute a judicial officer who would have to get up to speed on the complex details of the existing factual and procedural record for one who is immersed in that record. None of the cases cited by the City involved facts remotely similar to those presented here, where the City litigated the *COH* case aggressively for over a year, and then, after a series of adverse rulings, filed a belated motion for consolidation based on facts and circumstances it had been aware of all along.

**IV.     THE SUPPOSED BASIS FOR THE MOTION IS DUBIOUS**

A close examination of the stipulated injunction in *UC Law* (Dkt. No. 71) casts serious doubt whether there is even any basis for continued judicial involvement in *UC Law* at this time. The only enforceable, specific mandates in the *UC Law* injunction are set forth in Sections II-V, which provide that "[d]uring the COVID-19 emergency"—described as the time until "the Mayor lifts the San Francisco emergency order"— the City will take certain actions to remove unhoused residents from the Tenderloin. *Id.* at 3-4 and n.1. As the City concedes (Mot. at 2 n.1), the Mayor has declared the COVID-19 emergency over, and therefore the key provisions of the stipulated injunction are no longer in effect. The *only* portion of the stipulated injunction that may survive is the vague promise in Section VII that "[a]fter the COVID-19 emergency … [t]he parties agree to work together to improve living conditions in the Tenderloin for the long term." *Id.* at 5:1-5. This general statement of intent does not entitle the *UC Law* plaintiffs to relief from this Court.

The *UC Law* plaintiffs' joinder in this motion does not contradict any of these facts. All the *UC Law* plaintiffs say is that at "[o]ver the past three years" they have met with the City about its compliance with "reasonable efforts" language contained in Section II of their injunction—a section that is effective only "[d]uring the Covid-19 emergency." They do not say when they met with the City, or how often. Most significantly, they do not even attempt to explain why those provisions of the injunction have any force or effect now that the emergency is over.[2] The *UC Law*

---

[2] The Court should disregard the *Hastings* Plaintiffs' double-hearsay accusations that they heard, through discussions with the City, that the Coalition on Homelessness, by providing tents to unhoused persons, was seeking to "undermine compliance with the injunction" or "instructing

plaintiffs' "concerns" after the expiration of the COVID-19 emergency do not provide a basis to move *COH* from the court where it has been litigated for the past year.

## V.     THE MOTION APPEARS TO BE AN ATTEMPT AT "JUDGE SHOPPING"

The City is clearly frustrated by Judge Ryu's rulings in *COH*, including the preliminary injunction; the denial of its motions to dismiss and its "administrative motion" for "clarification;" the denial of its motion for a stay of the preliminary injunction pending appeal; and the recent order accelerating the trial date. It has complained loudly and often about these rulings. To name but one example, in a recent *amicus curiae* brief to the U.S. Supreme Court, the City complained that "the U.S. District Court for the Northern District of California has adopted rulings … [that] have "severely constrained San Francisco's ability to enforce its laws," and that "judicial intervention has led to painful results." Brief of *Amicus Curiae* on Petition for Writ of Certiorari, *City of Grants Pass v. Oregon,* No. 23-175, at 4. It is not surprising that the City might wish to have *COH* transferred away from Judge Ryu, which would be the normal result of an order relating the cases. *See* Local Rule 3-12(f).[3] But even the *appearance* of judge-shopping weighs against relating cases. *Rezner,* 2009 WL 3458704, at *2 ("[Movant's] attempt to transfer its case so soon after receiving an adverse ruling from Judge Conti has at least the appearance of judge shopping, which also weighs heavily against relating the cases.").

## VI.     CONCLUSION

The City's motion to relate *UC Law* and *COH* is the latest in a long line of attempts by the City to avoid the full consequences of the preliminary injunction issued by Judge Ryu—an order that was firmly based on the detailed factual record of the City's misconduct. For all of the foregoing reasons, the motion should be denied.

Dated:  October 10, 2023                                          Respectfully submitted,

By: */s/ Alfred C. Pfeiffer, Jr.*

---

people … to refuse the City's offers of shelter." Dkt. No. 118 at 7:6-8, 14. The City has not made these assertions in its own filing.

[3] The *COH* Plaintiffs would not oppose an order that the cases be related under Chief Magistrate Ryu, given Judge Ryu's extensive involvement in *COH*, and the fact that Judge Ryu is already familiar with the *Hastings* matter because the City has addressed it in filings before her.

|   |   |
|---|---|
| 1 | LATHAM & WATKINS LLP |
|   | Alfred C. Pfeiffer, Jr., SBN 120965 |
| 2 | Wesley Tiu, SBN 336580 |
|   | Kevin Wu, SBN 337101 |
| 3 | Tulin Gurer, SBN 303077 |
|   | 505 Montgomery Street, Ste 2000 |
| 4 | San Francisco, CA 94111 |
|   | Telephone: (415) 391-0600 |
| 5 | al.pfeiffer@lw.com |
|   | wesley.tiu@lw.com |
| 6 | kevin.wu@lw.com |
|   | tulin.gurer@lw.com |

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

By: */s/ Zal K. Schroff*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

By: */s/ John T. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

*Counsel for Plaintiffs in Case No. in 4:22-cv-05502-DMR*

**ATTESTATION**

I, Alfred C. Pfeiffer, Jr., am the ECF user whose use ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in the filing.

Dated:  October 10, 2023                           */s/ Alfred C. Pfeiffer, Jr.*

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, pro hac vice
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Counsel for Plaintiffs in Case No. in 4:22-cv-05502-DMR*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COLLEGE OF THE LAW, SAN FRANCISCO, a public trust and institution of higher education duly organized under the laws and the Constitution of the State of California; FALLON VICTORIA, an individual; RENE DENIS, an individual; TENDERLOIN MERCHANTS AND PROPERTY ASSOCIATION, a business association; RANDY HUGHES, an individual; and KRISTEN VILLALOBOS, an individual,<br>                            Plaintiffs,<br>       v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal entity,<br>                            Defendants. | Case No. 4:20-cv-03033-JST<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE CASES** |

**[PROPOSED] ORDER**

This matter comes before the Court on Defendants' Administrative Motion to Relate Cases. Having carefully considered the motion and the papers submitted, the Court finds the cases are not related. Defendants' Administrative Motion to Relate Cases is hereby DENIED.

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE JON S. TIGAR
UNITED STATES DISTRICT COURT JUDGE