[Counsel Identified on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., | CASE NO. 4:22-cv-05502-DMR |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT REPORT** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | **Judge:** The Hon. Donna M. Ryu |
| Defendants. | **Date:** January 17, 2024<br>**Time:** 1:30 P.M.<br>**Place:** Courtroom 4 – 3rd Floor<br>1301 Clay Street<br>Oakland, CA 94612 |

Pursuant to N. D. Cal. Civ. L. R. 16-10(d), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Court's Order dated September 20, 2023 (Dkt. 190), Plaintiffs and Defendants submit this Joint Case Management Conference Statement, reporting changes since the last Case Management Statement dated September 13, 2023 (Dkt. 188).

## 1. JURISDICTION AND SERVICE

Plaintiffs' Statement

Plaintiffs have sufficiently alleged standing for all claims, including the Fourth Amendment. (*See e.g.,* Dkt. 135 at ¶¶ 243-255, 291.) Defendants have long been aware of a basis for associational standing, (*see e.g.,* Dkt. 1 at Sec. A and J; Dkt. 9-3 at ¶¶ 6-10; Dkt. 116 at 1), but Defendants did not move to dismiss the Coalition on Homelessness for lack of standing, despite moving to dismiss the individual plaintiffs for lack of standing. (Dkt. 112.) Defendants' statement is the first instance in which they have raised these contentions regarding standing, and Defendants appear to conflate issues applicable to the Coalition on Homelessness with issues applicable to the individual plaintiffs.

Because Defendants have not sought to confer with Plaintiffs about these contentions, it is premature and inappropriate to raise them here. Plaintiffs remain available to confer regarding Defendants' contentions to avoid unnecessary motion practice.

Defendants' Statement

Defendants, in the course of conferring with Plaintiffs' regarding their refusal to produce documents identifying members of the Coalition on Homelessness, have recently learned that Plaintiffs are relying on associational standing for each claim.  Plaintiffs lack standing, in any form, to assert their claims and seek the relief sought.  Standing must be demonstrated for each claim and form of relief sought. This includes invasion into a legally protected interest. The Court has only found that Plaintiff Coalition on Homelessness broadly has organizational standing. However, Coalition on Homeless has no cognizable Fourth Amendment interest at stake in this case.  In addition, Fourth Amendment rights are personal rights that cannot be asserted vicariously.

## 4. MOTIONS

### A. Motions Since Last CMC Statement and Order

Plaintiffs' Motion To Enforce Preliminary Injunction: Plaintiffs filed a Motion to Enforce Preliminary Injunction on May 25, 2023. (Dkt. 130). San Francisco opposed the motion on July 6, 2023 (Dkt. 143), and Plaintiffs filed a reply brief in support of their motion on July 25, 2023. (Dkt. 157). The Court heard arguments on the motion to enforce on August 24, 2023. The Court denied without prejudice the portions of the motion directed to compliance with the preliminary injunction as it pertained to Plaintiffs' Eighth Amendment claim. The Court ordered Defendants to submit, by September 22, 2023, declarations (1) "describing how many DPW employees interact with homeless individuals with respect to cleaning; the context in which they interact with homeless individuals with respect to cleaning; and the training they receive on the bag and tag policy, including the frequency, length and format of the training and details of any training materials"; and (2) "specifying the number of SFPD officers who have interacted with homeless individuals in response to 919 and 915 calls for service since the issuance of the preliminary injunction, including specifying how many of those officers are not part of the group of SFPD officers providing support to HSOC or JFO." (Dkt. 180). Defendants filed the declarations ordered by the Court as exhibits to their response on September 22, 2023. (Dkt. 193). Plaintiffs filed their reply brief on October 6, 2023. (Dkt. 196). The Court has not yet ruled on the Motion to Enforce Preliminary Injunction with respect to the Fourth Amendment claims.

Defendants' Motion to Relate Cases: On October 3, 2023, Defendants filed a motion in *College of the Law, San Francisco et al. v. City and County of San Francisco*, Case No. 4:20-CV-03033 seeking to relate the instant case. Plaintiffs opposed the motion (Dkt. 197) and Judge Tigar denied the motion on October 11, 2023. (Dkt. 198).

### B. Anticipated Motions

Plaintiffs' Statement

The parties may file pre-trial motions, including motions for summary judgment.

Plaintiffs seek to resolve issues regarding alleged noncompliance with the Preliminary Injunction without resorting to motion practice. Plaintiffs have raised the following concerns

regarding noncompliance issues with Defendants, and may file motions in the future if these issues cannot be resolved.

- The adequacy and effectiveness of Defendants' efforts to develop SFPD training materials regarding the Preliminary Injunction;

- The adequacy and effectiveness of Defendants' efforts to operationalize the requirement of the Preliminary Injunction to make specific offers of available shelter prior to enforcement or threatened enforcement;

- Defendants' conduct in connection with the widespread displacement of unhoused individuals during the recent Asia-Pacific Economic Cooperation conference;

- The adequacy and effectiveness of Defendants' training of DPW workers related to the Preliminary Injunction, in light of repeated instances of apparent noncompliance with the City's bag and tag policy.

In January 2023, the parties agreed to fourteen witness depositions per side, as a compromise of the limit under Rule 30. Defendants agreed to this number after many of the factual declarations in support of Plaintiffs' motions were filed and Rule 26 initial disclosures. On December 13, 2023, Plaintiffs received Defendants' proposed stipulation for additional depositions. Plaintiffs made a counter-proposal on December 20, 2023. Plaintiffs have yet to receive a further response. Plaintiffs will continue to negotiate in good faith with Defendants.

<u>Defendants' Statement</u>

Defendants are and have been in compliance with the Court's Preliminary Injunction and any motion to enforce is an unnecessary waste of this Court's and the parties' time. As with their previous motion to enforce, Plaintiffs invent requirements that the Preliminary Injunction does not contain – *e.g.*, particular unspecified trainings and operations – and then lobs allegations of non-compliance without evidence of unlawful *citations* or *arrests* of involuntarily homeless persons for sitting, sleeping, or lying in violation of the enjoined laws. Defendants noted the significant time and resources spent on responding to Plaintiffs' first motion to enforce at the September 20, 2023 Case Management Conference. Any motion to "enforce" the illusory requirements Plaintiffs

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

conjure will only serve to draw money, time, and resources away from the dedicated civil servants providing services to the City's homeless population.

Defendants, in the event they are unable to reach agreement with Plaintiffs, anticipate moving to increase the number of depositions, which is presently limited to 14 per side (ECF No. 74), in order to depose some or all of the more than 60 fact witnesses who have submitted declarations in support of Plaintiffs' motions already on file.  Defendants proposed depositions of declarants limited to 3-hours to allow for adequate discovery before trial, but so far Plaintiffs have refused.  Defendants will continue to negotiate in good faith with Plaintiffs in an attempt to avoid motion practice.

**5.  AMENDMENT OF PLEADINGS**

Defendants filed an Amended Answer to the Second Amended Complaint on September 22, 2023. (Dkt. 189).

**8.  DISCOVERY**

The parties have served requests for productions and interrogatories, and have responded to such requests. The parties are working diligently to resolve a number of disputes regarding the parties' document productions and will present any unresolved disputes to the Court as necessary.

**10. RELATED CASES**

San Francisco's Appeal of the Court's Preliminary Injunction Order: The Ninth Circuit heard oral argument on August 23, 2023. The matter has been submitted and a decision is pending.

**12. SETTLEMENT AND ADR**

The parties continue to explore opportunities for settlement under the guidance of Magistrate Judge Cisneros.

**19. OTHER MATTERS**

Plaintiffs' Statement

SFPD scripts: By order dated September 20, 2023, the Court communicated its "expectation" that Defendants would work with Judge Cisneros "efficiently and without delay" to develop "simple, uniform and clear communications to be used by SFPD officers in their interactions with homeless individuals…." (Dkt. 190). On November 15, having received no

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

1   update from Defendants on the development of scripts, Plaintiffs prepared and delivered to

2   Defendants a proposed set of SFPD scripts. To date, Defendants have not responded to Plaintiffs'

3   drafts, prepared any scripts of their own, or informed the Court or Plaintiffs about any

4   forthcoming scripts; and Plaintiffs are not aware of any scripts being used by SFPD officers in

5   their interactions with homeless individuals.

6          <u>Defendants' Statement</u>

7          During the August 24, 2023 hearing on Plaintiffs' motion to enforce, the Court asked if

8   Defendants would be "willing to consider" making prepared statements to homeless people to

9   "help people understand their rights" and Defendants responded that they would be willing to

10  consider this and would work with Judge Cisneros.  Aug. 24, 2023 Hrg. Tr. at 30:1-20.  The

11  Court stated in its August 24, 2023 Order that "Defendants indicated their willingness to work

12  with Judge Cisneros on developing" such statements "consistent with the guidance in SFPD

13  Bulletin 23-007" and that "Judge Cisneros shall determine the timing and format."  ECF No.

14  185.  Defendants, as they stated at the previous Case Management Conference, have engaged

15  with Judge Cisneros consistent with the Court's Order.  Plaintiffs have not been a party to that

16  engagement and have cited no law or rule that permits them to dictate to the City what the City

17  must affirmatively state to every homeless person who interacts with an SFPD officer or other

18  City employee.

19

20

21  Dated:  January 10, 2024                    Respectfully submitted,

22

23                                              By: <u>/s/ Nisha Kashyap</u>

24                                              LAWYERS' COMMITTEE FOR CIVIL
                                                RIGHTS OF THE SAN FRANCISCO BAY
25                                              AREA
                                                Nisha Kashyap SBN 301934
26                                              131 Steuart Street, Ste. 400
                                                San Francisco, CA 94105
27                                              Telephone: (415) 543-9444
                                                nkashyap@lccrsf.org
28

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah*
*Cronk, Joshua Donohoe, Molique Frank, David*
*Martinez, Teresa Sandoval, Nathaniel Vaughn*

Dated:  January 10, 2024                          By: */s/ John H. George*_____

David Chiu, SBN 189542
Yvonne R. Mere, SBN 173594
Wayne Snodgrass, SBN 148137
Zuzana S. Ikels, SBN 208671
Edmund T. Wang, SBN 278755
John H. George, SBN 292332
Kaitlyn Murphy, SBN 293309
Miguel A. Gradilla, SBN 304125
Steven A. Mills, SBN 328016
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
Telephone: (415) 554-4223
john.george@sfcityatty.org

*Attorneys for Defendants*
*City and County of San Francisco; San Francisco*
*Police Department; San Francisco Department of*
*Public Works; San Francisco Department of*
*Homelessness and Supportive Housing; San*
*Francisco Fire Department; San Francisco*
*Department of Emergency Management*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR

1

## **ATTESTATION**

2

I, Nisha Kashyap, am the ECF user whose user ID and password authorized the

3

filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document

4

have concurred in this filing.

5

6

Dated:  January 10, 2024                    */s/ Nisha Kashyap*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:22-CV-05502-DMR