**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COALITION ON HOMELESSNESS; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; et al., <br><br> Defendants-Appellants. | No.   23-15087 <br><br> D.C. No. 4:22-cv-05502-DMR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted August 23, 2023
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.
Concurrence by Judge BUMATAY.

Appellant City and County of San Francisco ("the City") appeals the grant of a preliminary injunction in this action brought by the Coalition on Homelessness and seven current or formerly homeless residents of San Francisco ("Plaintiffs").

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We affirm in part and remand in part.[1]

1.  Under this court's decisions in *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), and *Johnson v. City of Grants Pass*, 72 F.4th 878 (9th Cir. 2023), a person who has refused a specific offer of available shelter is not involuntarily homeless. *See Martin*, 920 F.3d at 615–17, 617 n.8; *Johnson*, 72 F.4th at 888 n.24. We remand for the district court to clarify that the preliminary injunction applies only to the City's enforcement of the enjoined laws as to the involuntarily homeless. On remand, the district court should also consider whether enjoining enforcement of San Francisco Police Code § 169 was appropriate given that § 169, by its own terms, cannot be enforced without an offer of available shelter. *See* S.F. Police Code § 169(d). To prevent harm to Plaintiffs, the current preliminary injunction remains intact while the district court reconsiders its scope and makes any necessary clarifications. *See Nat'l Org. for Reform of Marijuana L. v. Mullen*, 796 F.2d 276, 276 (9th Cir. 1986).

2.  The City also contends that the preliminary injunction's prohibition on "threatening to enforce" the listed laws is impermissibly vague. As Plaintiffs

---

[1] In a concurrently filed opinion, we address the City's argument that the limited geographic scope of the encampment resolutions at issue in this case and the time-limited nature of some of the enjoined ordinances distinguish this case from *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), and *Johnson v. City of Grants Pass*, 72 F.4th 878 (9th Cir. 2023).

note, the injunction does not prevent nebulous "threats" or threatening behavior; it prohibits the City from "threatening to enforce" a specific set of ordinances against involuntarily homeless individuals for sitting, lying, or sleeping on public property. Therefore, action beyond "mere police presence" is required to constitute a "threat to enforce" within the meaning of the preliminary injunction.  Because there appears to be some confusion on this point, the district court should specify on remand that the preliminary injunction prohibits verbal or written threats to enforce.

       3.     The City also contends that the injunction is unworkable because it remains in effect "as long as there are more homeless individuals in San Francisco than there are shelter beds available."  Like any preliminary injunction, however, the preliminary injunction remains in effect only while litigation in this case is ongoing.  Should the number of shelter beds surpass the number of homeless individuals before entry of final injunction, the preliminary injunction provides an escape hatch.  As noted above, the City may still take enforcement action against individuals who are not involuntarily homeless while the preliminary injunction remains in effect.

       4.     The district court did not abuse its discretion by requiring the City to comply with its "bag and tag" policy as written.  The City has not challenged the propriety of preliminary injunctive relief on Plaintiffs' Fourth Amendment claims

and has not shown that the district court abused its "considerable discretion" in fashioning a remedy. *See Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). The City invokes caselaw on "obey the law" injunctions, which are disfavored because they may run afoul of the requirement that "those enjoined receive explicit notice of precisely what conduct is outlawed." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam); *see* Fed. R. Civ. P. 65(d). Requiring the City to comply with its own detailed policy document does not raise these concerns.

5. Finally, we decline to address the challenges about the propriety of the preliminary injunction raised by amici California League of Cities et al. Although the City adopted these arguments in its reply brief to this court, the City did not raise these objections in its opening brief or to the district court, so these arguments are "not properly before the panel." *Kaffaga v. Estate of Steinbeck*, 938 F.3d 1006, 1018 n.8 (9th Cir. 2019). We further decline to exercise our discretion to consider these doubly forfeited arguments because we disagree with the City that they present pure questions of law. *Armstrong v. Brown*, 768 F.3d 975, 981–82 (9th Cir.2014) (internal quotation marks omitted) (explaining that we may exercise our discretion to consider a waived issue that "is purely one of law").

\* \* \*

We **AFFIRM** in part and **VACATE** and **REMAND** in part.[2] The preliminary injunction shall remain in place to allow the district court to conduct further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

---

[2] We grant the City's motion for judicial notice, Dkt. 13, and Plaintiffs' motion for judicial notice, Dkt. 35.

FILED

JAN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Coalition on Homelessness v. City and County of San Francisco*, No. 23-15087
BUMATAY, Circuit Judge, concurring:

As explained in my dissent to the concurrently filed published opinion, I would have vacated the injunction as it relates to the Eighth Amendment in its entirety. The district court inappropriately expanded our precedents to enjoin enforcement of San Fransisco's ordinances under the Cruel and Unusual Punishments Clause. But because the panel narrows the injunction and remands to the district court for further consideration, I concur in this memorandum disposition.