DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
ZUZANA S. IKELS, State Bar #208671
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4675 (Snodgrass)
              (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3307 (Ikels)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       wayne.snodgrass@sfcityatty.org
              edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              zuzana.ikels@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF JOHN H. GEORGE IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *GRANTS PASS V JOHNSON***<br><br>Hearing Date:　February 21, 2024<br>Time:　　　　10:00 a.m.<br>Place:　　　　Courtroom 4 – 3rd floor<br>　　　　　　　1301 Clay Street<br>　　　　　　　Oakland, CA 94612<br><br>Trial Date:　　October 1, 2024<br><br>Attachments:　Exhibits A - G |

I, John H. George, hereby declare:

1. I am a member of the bar of the state of California and counsel of record for Defendants in this action. I submit this declaration to support Defendants' Motion to Stay Proceedings Pending Outcome of Petition for Writ of Certiorari. If called as a witness, I could and would testify competently to the matters set forth herein.

2. Attached as **Exhibit A** is a true and correct copy of the Petition for a Writ of Certiorari filed with the United States Supreme Court in *City of Grants Pass v. Johnson et al.* On January 12, 2024, the United States Supreme Court agreed to hear a challenge to the Ninth Circuit's decision in *Johnson*. Following the Supreme Court's grant of certiorari, a member of the San Francisco City Attorney's Office contacted counsel for Grants Pass and based on that communication I understand that the Supreme Court will hear *Grants Pass* during the current term. Based on the Supreme Court's typical calendar, I understand that it is very likely to issue a decision in the case by June 2024.

3. Attached as **Exhibit B** is a true and correct copy of an article from the San Francisco Chronicle, titled "S.F. Is Working To Reduce Homeless Tent Encampments. New Data Shows How It's Going," which quotes Plaintiffs' counsel John Do.

4. Attached as **Exhibit C** is a true and correct copy of an article from the San Francisco Chronicle, titled "S.F. Still Restricted In Sweeps Of Homeless Encampments, Court Rules," which quotes Plaintiffs' counsel John Do.

5. Attached as **Exhibit D** is a true and correct copy of an article from the San Francisco Chronicle, titled "With Homelessness Case, SCOTUS Could Make Broader Changes To 'Cruel And Unusual' Standard," which quotes Plaintiffs' counsel John Do.

6. Attached as **Exhibit E** is a true and correct copy of Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents to San Francisco. San Francisco's Request for Production No. 31 asked Plaintiffs to produce "Documents sufficient to show your list of members, housed and unhoused, for each month." Plaintiffs objected to this request "on the grounds that membership lists are generally protected from disclosure under the First Amendment absent a heightened showing of necessity" and agreed "to meet and confer with Defendants regarding the appropriate scope of this request and will provide document sufficient to show that Plaintiff Coalition

on Homelessness has active members including individuals who are unhoused." However, despite meet and confers on this issue, Plaintiffs have maintained this objection to producing membership records.

7. Attached as **Exhibit F** is a true and correct copy of Plaintiffs' First Set of Interrogatories to San Francisco.

8. Attached as **Exhibit G** is a true and correct copy of Plaintiffs' Initial Disclosures, which identify over 50 witnesses as having information relevant to "property destruction and criminalization of involuntary homelessness."

9. Defendants are in the process of reviewing tens of thousands of documents, both custodial (*e.g.*, emails, calendar entries, etc.) and non-custodial (*e.g.*, documents stored on shared drives).

10. San Francisco has served subpoenas for the production of documents to the following 13 non-parties between December 20, 2023 and January 12, 2024: Larry Ackerman, Markus Alexander Harris, Javier Bremond, Todd Bryant, Kelley Cutler, Christin Evans, Flo Kelly, Emily Laroche, Jeremy Long, Katie O'Neil, Laketha Pierce, Julia Vermeulen, and Savannah Waltier. Each of these individuals either submitted a declaration in support of Plaintiffs' filings or was listed on Plaintiffs' initial disclosures.

11. The parties have not yet noticed any depositions.

12. The last day to hear dispositive motions under the Court's schedule is July 11, 2024. Thirty-five days prior to that deadline is Thursday June 6, 2024.

13. San Francisco intends to request that the Ninth Circuit stay the mandate on appeal and extend the timeline to file a petition for rehearing en banc until after the Supreme Court decides *Grants Pass*. During a meet and confer on January 17, 2024, Plaintiffs' counsel stated that they would oppose such a request.

14. I understand from Sarah Locher, who is the Manager of Data & Performance for the San Francisco Department of Homelessness and Supportive Housing ("HSH"), that five of the seven individual Plaintiffs are currently housed.

15. At the 1:30 p.m. Case Management Conference on Wednesday January 17, 2024, the Court ordered the parties to meet and confer to see if there were any areas where they could agree or stipulate. The parties held a meet and confer the same day at 3:30 p.m. During the meet and confer, Plaintiffs indicated they would oppose and would not stipulate to a stay of any case or claim, including Plaintiffs' Eighth Amendment claims. Instead, Plaintiffs' proposed the parties agree to extend the deadlines in the case scheduling order by 90 days, but would not agree to stay discovery during that period. Plaintiffs counsel stated that it made no sense to file dispositive motions before the Supreme Court issues its decision in *Grants Pass*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed January 17, 2024 in San Francisco, California.

                                                                   */s/ John George*
                                                                     John George