**EXHIBIT D**

**TO**

**DECLARATION OF JOHN H. GEORGE IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *GRANTS PASS V JOHNSON***

Subscribe      Sign in

POLITICS

# With homelessness case, SCOTUS could make broader changes to 'cruel and unusual' standard

By **Bob Egelko**

Jan 14, 2024

  



The Supreme Court agreed on Friday to hear a case involving whether ticketing homeless people constitutes cruel and unusual punishment under the Eighth Amendment.
Mariam Zuhaib/Associated Press

In 1962 the Supreme Court ruled that California could not jail someone for being a drug addict because the Eighth Amendment, which forbids cruel and unusual punishment, prohibits prosecution based on a person's "status."

"It is unlikely that any State at this moment in history would attempt to make it a criminal offense for a person to be mentally ill, or a leper, or to be afflicted with a venereal disease," Justice Potter Stewart wrote in California v. Robinson. "Even one day in prison would be a cruel and unusual punishment for the 'crime' of having a common cold."

It's the same Eighth Amendment that is at issue in the homeless encampment case the court has now agreed to decide, and advocates for the homeless fear the justices

may be ready to turn the clock back. The case, from Grants Pass, Ore., weighs local governments' authority to regulate their streets in order to maintain public safety against the rights of unhoused residents to shelter themselves in public when they lack other options.

**ADVERTISEMENT**
Article continues below this ad

"One of the potential questions the Supreme Court will be reconsidering is whether or not the Eighth Amendment has substantive limitations on what can be criminalized," attorney John Do of the American Civil Liberties Union of Northern California said Friday.

He spoke after the court agreed to review, and potentially overturn, a ruling by the 9th U.S. Circuit Court of Appeals in San Francisco limiting cities' authority to prosecute homeless people for refusing to leave street camps when no other shelter is available.

Also potentially vulnerable, Do said, is the Supreme Court's 1958 ruling in Trop v. Dulles, which said the ban on cruel and unusual punishment must be interpreted according to "evolving standards of decency." That ruling, which overturned a deportation order, has been cited since then to prohibit executions of minors, the mentally ill and those convicted of crimes other than murder — punishments the court had once upheld.

The idea of an evolving Constitution is "antithetical to the core of the Supreme Court's conservative group," whose doctrine is "originalism," said David Levine, a law professor at UC College of the Law in San Francisco, who was not a participant in the case.

He said the court, with a 6-3 conservative majority, seemed likely to uphold the encampment removals but could do so in a relatively narrow ruling, declaring that moving homeless people out of encampments did not amount to punishment.

**ADVERTISEMENT**
Article continues below this ad

But a more sweeping decision is also possible, Levine said, like the June 2022 ruling overturning New York's restrictions on carrying concealed firearms in public, similar to a law in California. Justice Clarence Thomas, writing for a 6-3 majority, said government restrictions on guns would be found constitutional only

if they were "consistent with this nation's historical tradition of firearms regulation," dating to colonial times.

Eric Tars, lawyer for the National Homelessness Law Center, noted that this is the same Supreme Court that also ruled in 2022 that the Constitution does not protect the right to abortion, overturning the 1973 decision in Roe v. Wade.

The justices may "take the opportunity, as they have with other cases … to go into what most of us assumed was settled precedent and say the Eighth Amendment does not protect status," Tars said.

On the other hand, said Jeff Selbin, a UC Berkeley law professor, lawyers for the city of Grants Pass did not ask the Supreme Court to overturn its 1962 ruling in California v. Robinson, and argued instead that the ruling supported their claim that people could be punished for the illegal act of sleeping in prohibited places.

"While the Supreme Court could decide to upend more than half a decade of its own Eighth Amendment jurisprudence in deciding this case, it doesn't need to touch earlier cases in order to strike down the lower-court holdings at issue here that extend constitutional protections to homeless people on the basis of their status," Selbin told the Chronicle.

But one opposing legal advocate in the homelessness case said it's time for the court to impose some limits on the amendment's definition of unconstitutional punishment.

Kent Scheidegger, legal director of the Criminal Justice Legal Foundation, said the Eighth Amendment was meant to apply to convicted criminals, not to people camping on public land. "The catastrophic damage inflicted on communities

within the 9th Circuit will certainly spread to the other circuits if the Supreme Court fails to address the unlawful expansion of the Eighth Amendment" by the appeals court, Scheidegger said.

Reach Bob Egelko: begelko@sfchronicle.com; Twitter: @BobEgelko

Jan 14, 2024

 By **Bob Egelko**  

Bob Egelko has been a reporter since June 1970. He spent 30 years with the Associated Press, covering news, politics and occasionally sports in Los Angeles, San Diego and Sacramento, and legal affairs in San Francisco from 1984 onward. He worked for the San Francisco Examiner for five months in 2000, then joined The Chronicle in November 2000.

His beat includes state and federal courts in California, the Supreme Court and the State Bar. He has a law degree from McGeorge School of Law in Sacramento and is a member of the bar. Coverage has included the passage of Proposition 13 in 1978, the appointment of Rose Bird to the state Supreme Court and her removal by the voters, the death penalty in California and the battles over gay rights and same-sex marriage.

He can be reached at begelko@sfchronicle.com.

## About Our Newsroom

Our politics team covers **California government** from Sacramento and **national politics** from the Bay Area and Washington, D.C. The guiding principle in choosing which stories to cover is: **How does political and government news affect the Bay Area and California?**

Read more about how The Chronicle covers politics and what we do to ensure fairness in our reporting

### Top Of The News



**OPINION**

# She was viciously attacked by a dog at an S.F. beach. Why the city couldn't do anything about it

S.F. and federal officials had an informal agreement on how to handle dangerous dog cases that occurred on federal land in the city. That agreement fell apart in 2019, and a stalemate persists.

**RESTAURANTS**

## The 25 best restaurants in the Bay Area — updated for winter 2024

**REAL ESTATE**

## Exclusive: Historic S.F. office tower could become housing and a 'poster child' for conversions

**BERKELEY**

## What UC Berkeley housing in People's Park would look like

SCOTT OSTLER

# Why should 49ers fans worry about the Packers? Let us count the ways

Top

About

Contact

Services

Account

© 2024 Hearst Communications, Inc. | Terms of Use | Privacy Notice | CA Notice at Collection |

Your CA Privacy Rights (Shine the Light) | DAA Industry Opt Out | Your Privacy Choices (Opt Out of Sale/Targeted Ads)