**EXHIBIT E**

**TO**

**DECLARATION OF JOHN H. GEORGE IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *GRANTS PASS V JOHNSON***

1   LATHAM & WATKINS LLP
    Alfred C. Pfeiffer, Jr., SBN 120965
2   505 Montgomery Street, Ste 2000
3   San Francisco, CA 94111
    Telephone: (415) 391-0600
4   al.pfeiffer@lw.com

5   LAWYERS' COMMITTEE FOR CIVIL
    RIGHTS OF THE SAN FRANCISCO BAY AREA
6   Zal K. Shroff, MJP 804620, *pro hac vice*
7   131 Steuart Street, Ste. 400
    San Francisco, CA 94105
8   Telephone: (415) 543-9444
    zshroff@lccrsf.org
9
    ACLU FOUNDATION OF NORTHERN CALIFORNIA
10  John Thomas H. Do, SBN 285075
11  39 Drumm Street
    San Francisco, CA 94111
12  Telephone: (415) 293-6333
    jdo@aclunc.org
13
14  *Attorneys for Plaintiffs*

15  *Additional Counsel on Signature Page*

16

17              **UNITED STATES DISTRICT COURT**

18             **NORTHERN DISTRICT OF CALIFORNIA**

19                    **OAKLAND DIVISION**

20  COALITION ON HOMELESSNESS, et al.,        Case No. 4:22-cv-05502-DMR

21                    Plaintiffs.              **PLAINTIFFS' FIRST SET OF
                                               REQUESTS FOR PRODUCTION TO
22         v.                                  DEFENDANTS CITY AND COUNTY OF
                                               SAN FRANCISCO, SAN FRANCISCO
23  CITY AND COUNTY OF SAN FRANCISCO,          POLICE DEPARTMENT, SAN
    et al.,                                    FRANCISCO DEPARTMENT OF
24                                             PUBLIC WORKS, SAN FRANCISCO
                      Defendants.              DEPARTMENT OF HOMELESSNESS
25                                             AND SUPPORTIVE HOUSING, SAN
                                               FRANCISCO FIRE DEPARTMENT,
26                                             AND SAN FRANCISCO DEPARTMENT
                                               OF EMERGENCY MANAGEMENT**
27
28                                             Hon. Judge Donna M. Ryu

1    **PLEASE TAKE NOTICE THAT,** pursuant to Rules 26 and 34 of the Federal Rules of

2    Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for

3    the Northern District of California (the "Local Rules"), Plaintiffs Coalition on Homelessness

4    ("Coalition"), Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez,

5    Teresa Sandoval, and Nathaniel Vaughn (collectively, "Plaintiffs"), by and through undersigned

6    counsel, request that Defendants City and County of San Francisco; San Francisco Police

7    Department; San Francisco Department of Public Works; San Francisco Department of

8    Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco

9    Department of Emergency Management, respond to the following Requests for Production

10    ("Request" or the "Requests"). Documents, electronically stored information, and tangible things

11    specified herein shall be produced to the offices of Latham & Watkins LLP c/o Alfred C. Pfeiffer,

12    Jr., at 505 Montgomery Street, Suite 2000, San Francisco, California 94025, or otherwise agreed

13    upon by the parties in writing, and within thirty (30) days from the date of service of these

14    Requests, or such time as the parties may agree. Such productions shall be made in accordance

15    with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

16                                **DEFINITIONS**

17         The following definitions (applicable whether the terms in question are capitalized or not)

18    apply to this document as a whole and as to each of the following requests for production and shall

19    be deemed incorporated therein:

20         1.    "Communication" means any instance in which any Person has had contact with

21    any other Person including by any oral or written utterance, question, comment, inquiry, notation,

22    or statement of any nature whatsoever, by and to whomever made, including, but not limited to,

23    any conversation, correspondence, agreement, note, e-mail, voicemail, messages, or other transfer

24    of information, whether written, oral, electronic, or by any other means, and including any

25    Document or other medium which abstracts, digests, records, incorporates, summarizes, describes,

26    or transcribes any such Communication, or any subsequent review or discussion of such

27    Communication, whether occurring at meetings or otherwise.

28         2.    "Document" has the meaning prescribed in the Federal Rules of Civil Procedure,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

including Rules 26 and 34. The term "Document" shall be interpreted in the broadest sense possible and includes Documents in any form, including by way of example and without limitation, originals and copies of letters, memoranda, notes, records, minutes, reports, notebooks, messages, emails, telegrams, ledgers, legal instruments, legal opinions to the extent that they are not protected by the attorney client privilege or attorney work product doctrines, agreements, manuals, procedures, graphs, rough drafts, secretarial notes, work pads, films or videos, photographs, computer disks and other electronic media, books, publications, advertisements, literature, brochures, announcements, press releases, and includes without limitation all tangible things which come within the meaning of the terms "writings and records" used in Federal Rule of Evidence 1001 and all electronically stored information, and includes data and data files, and underlying data or data files, whether in row or processed form. A draft or non-identical copy is a separate document within the meaning of this term. The term "Document" also includes the term "Thing" construed under the broadest possible construction under the Federal Rules of Civil Procedure.

3.      "Homeless Person," refers to persons who are both "unhoused," without a fixed residence, and "unsheltered," both unhoused and without physical shelter.

4.      "Homeless Encampment" refers to one or more Homeless Persons and/or their property present on public property.

5.      "Move-Along" refers to any action taken by any Defendant to require a Homeless Person and their property to move off of public property to another location under threat of the issuance of a citation or arrest.

6.      "Person" includes both natural persons and entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business, or governmental entity. The acts "of" a Person are defined to include the acts of directors, officers, members, employees, agents, or attorneys acting on the Person's behalf.

7.       "Thing" has the meaning prescribed in the Federal Rules of Civil procedure, including Rules 26 and 34. The term "Thing" specifically includes, by way of example but not limitation, any disc, tape, or other electronic media storage device.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

8.      To "Identify" or provide the "Identity" or "Identification" of a Person who is a natural Person means to state for that Person: the Person's full name, present or last known address(es), present or last known telephone number(s), present or last known employer and that employer's address, present or last known job title, and whether the Person is represented by counsel in connection with this litigation. To "Identify" or provide the "Identity" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address for its principal place of business, present or last known telephone number, type (e.g. corporation, partnership, trust), date and place of formation, registered agent, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

9.      "Sweep Operation" means any action taken by any Defendant to move Homeless Persons and their property off of public property to another location. The definition shall be interpreted in the broadest way possible, and include, but not be limited to, removals of unhoused individuals or their property for the reason that they are sleeping or lodging on public property, to make room for street cleaning, or in response to any police dispatches or patrols regarding unhoused individuals or where unhoused individuals are approached by law enforcement.

10.      "HSOC Encampment Resolution" means any Sweep Operation conducted by the Healthy Street Operations Center ("HSOC") to resolve, clear, or remove a Homeless Encampment.

11.      "You" or "Your" means the City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management, London Breed, in her official capacity as Mayor; and Sam Dodge, in his official capacity as Director of the Healthy Streets Operation Center, both separately and together, and without limitation, their agents, employees, representatives, consultants, attorneys, or any other Person acting or purporting to act on their behalf.

## **INSTRUCTIONS**

1.      Each Request shall be answered pursuant to Federal Rules of Civil Procedure 26 and 32, and supplemented as required by Federal Rule of Civil Procedure 26(e). Rule 26(e)

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1   requires Defendants to correct or supplement Defendants' response when necessary to reflect
2   events occurring and information becoming available subsequent to the serving of Your initial
3   response.

4        2.      All DOCUMENTS and COMMUNICATIONS produced in response to these
5   Requests shall be identified with the specific request number to which the DOCUMENTS and
6   COMMUNICATIONS correspond.

7        3.      These requests shall apply to all DOCUMENTS and COMMUNICATIONS in
8   Your possession, custody, or control, wherever located at the present time, or coming into
9   Defendants' possession, custody, or control prior to the date of the production.  If Defendants
10  know of the existence, past or present, of any DOCUMENTS or COMMUNICATIONS requested
11  below, but are unable to produce such DOCUMENTS or COMMUNICATIONS because they are
12  not presently in Defendants' possession, custody, or control, Defendants shall so state and shall
13  Identify such DOCUMENTS or COMMUNICATIONS, and the Person who has possession,
14  custody, or control of the DOCUMENTS or COMMUNICATIONS.

15       4.      If no DOCUMENTS or COMMUNICATIONS are response to a particular request,
16  Defendants are to state in the response that no responsive DOCUMENTS or
17  COMMUNICATIONS exist.

18       5.      For purposes of these Requests, so as to provide the broadest possible construction
19  of the Requests: the singular shall be read to include the plural and vice versa, the present tense
20  shall be read to include the past tense and vice versa, the term "any" shall be ready to include the
21  term "all" and vice versa, and the term "and" shall be ready to include the term "or" and vice versa.

22       6.      If any part of a DOCUMENT or COMMUNICATION is responsive to any Request
23  herein, produce the entire DOCUMENT OR COMMUNICATION.

24       7.      Where a privilege objection is asserted to any Request or part thereof and
25  information is not provided on the basis of such assertion, the following information should be
26  provided in a privilege log served with the objection, if known or reasonably available: (a) the type
27  of Document for which the privilege is claimed; (b) the date of the Document; (c) the author(s),
28  address(es), custodian(s), and any other recipient of the Document, and where not apparent, the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    relationships of the author(s), address(es), custodian(s), and any other recipient to each other; (d)

2    the subject matter of the information requested or the Document withheld; and (e) the nature of

3    the privilege asserted and the basis upon which it is claimed.

4        8.      The Time Period for Documents responsive to each Request shall be January 1,

5    2018 to the Present.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1 **REQUESTS FOR PRODUCTION**

2 **REQUEST FOR PRODUCTION NO. 1:**

3       Any and all DOCUMENTS and COMMUNICATIONS relied upon or considered by

4 Defendants in preparing, drafting, or reviewing any declaration relied on by Defendants, including

5 without limitation the Declaration of Sam Christ (Dkt. No. 45-1), Declaration of Emily Cohen

6 (Dkt. No. 45-2), Declaration of Darryl Dilworth (Dkt. No. 45-3), Declaration of Sam Dodge (Dkt.

7 No. 45-4), Declaration of Charles Hardiman (Dkt. No. 45-7), Declaration of Allison Horky (Dkt.

8 No. 45-8), and Declaration of Mark Mazza (Dkt No. 45-9).

9 **REQUEST FOR PRODUCTION NO. 2:**

10       Any and all DOCUMENTS and COMMUNICATIONS identified in any response to a

11 discovery request or other document filed or served by YOU.

12 **REQUEST FOR PRODUCTION NO. 3:**

13       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

14 identification and documentation of HOMELESS PERSONS or HOMELESS ENCAMPMENTS

15 in the City and County of San Francisco.

16 **REQUEST FOR PRODUCTION NO. 4:**

17       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

18 coordination, planning, preparation, conduct at, and execution of YOUR response to a

19 HOMELESS ENCAMPMENT, including but not limited to your participation and involvement in

20 SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

21 **REQUEST FOR PRODUCTION NO. 5:**

22       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any

23 encounters, interactions, or incidents involving YOUR employees and one or more HOMELESS

24 PERSONS or a HOMELESS ENCAMPMENT, including but not limited to when YOUR

25 EMPLOYEES have been dispatched to address HOMELESS PERSONS or a HOMELESS

26 ENCAMPMENT or have participated in or attended a SWEEP OPERATION or HSOC

27 ENCAMPMENT RESOLUTION.

28 **REQUEST FOR PRODUCTION NO. 6:**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the

2 Healthy Street Operations Center ("HSOC"), its operations, and YOUR participation in,

3 involvement, and coordination with the HSOC and it operations, including but not limited to

4 schedules, reports, plans, and summaries of HSOC ENCAMPMENT RESOLUTIONS.

5 **REQUEST FOR PRODUCTION NO. 7:**

6    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to SWEEP

7 OPERATIONS or HSOC ENCAMPMENT RESOLUTIONS that YOUR employees are

8 dispatched to, participate in, are involved in, or attend.

9 **REQUEST FOR PRODUCTION NO. 8:**

10    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any notice

11 or offer of shelter provided by YOU to a HOMELESS PERSON or a HOMELESS

12 ENCAMPMENT prior to YOUR participation, involvement, or attendance at a SWEEP

13 OPERATION or HSOC ENCAMPMENT RESOLUTION.

14 **REQUEST FOR PRODUCTION NO. 9:**

15    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

16 formal or informal policies, practices, and procedures for responding to or addressing HOMELESS

17 ENCAMPMENTS in the City and County of San Francisco and any and all DOCUMENTS AND

18 COMMUNICATIONS regarding or relating to encounters, interactions, dispatches, or incidents

19 between YOUR employees and HOMELESS PERSONS or HOMELESS PERSONS at a

20 HOMELESS ENCAMPMENT, including but not limited to your formal or informal policies,

21 practices, and procedures for (a) making offers of service or shelter to individuals present at

22 HOMELESS ENCAMPMENTS, (b) cleaning and resolving HOMELESS ENCAMPMENTS and

23 collecting, processing, removing, storing, and/or disposing of a HOMELESS PERSON'S property

24 and belongings (informally known as "bag and tag"), and (c) enforcing state and municipal laws

25 governing lodging and encampments on streets or sidewalks.

26 **REQUEST FOR PRODUCTION NO. 10:**

27    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any

28 complaint, inquiry, correspondence, action, request for information, investigation, claim,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                    PLAINTIFFS' FIRST SET OF
                     REQUESTS FOR PRODUCTION
                     CASE NO. 4:22-CV-05502-DMR

litigation, or proceeding regarding the (a) collection, confiscation, or destruction of a HOMELESS PERSON'S property, belongings, or items and/or (b) removal, displacement, or SWEEP OPERATION involving a HOMELESS PERSON.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the 2019 and 2022 Point-In-Time Counts.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS and COMMUNICATIONS regarding complaints, incidents, or correspondence, including but not limited to 311 calls, regarding HOMELESS PERSONS or HOMELESS ENCAMPMENTS, and any and all DOCUMENTS and COMMUNICATIONS regarding Your response, or lack thereof.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the number of shelter beds available in the County and City of San Francisco, including but not limited to information regarding daily shelter bed availability, the type of shelter available, and criterias for shelter.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to services or shelter beds offered, accepted, declined, requested, or provided, or the lack or unavailability of such services, as part of YOUR response to a HOMELESS ENCAMPMENT, including but not limited to SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to Coordinated Entry forms completed by HOMELESS PERSONS during YOUR response to a HOMELESS ENCAMPMENT, including but not limited to SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

encounter, interaction, dispatch, or incident involving San Francisco Police Department officers and a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT, including but not limited to when officers are dispatched to, participate in, or attend a SWEEP OPERATION or a HSOC ENCAMPMENT RESOLUTION—or otherwise interact with a HOMELESS PERSON while on patrol. DOCUMENTS responsive to this Request should include but are not limited to SFPD citation and arrest records, incident reports, complaints, incident tickets, and dispatch logs. For clarity, dispatch logs that are responsive to this Request should at a minimum include, but are not limited to, 915 (homeless complaints), 917 (suspicious person), 919 (person sitting/lying on a sidewalk), 920 (aggressive solicitor), and 800cr (mentally disturbed person) dispatches.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to YOUR enforcement operations, including but not limited to the issuance of a citation or arrest involving a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT pursuant to any legal provisions, including but not limited to California Penal Code § 647(e), California Penal Code § 148(a), California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F. Police Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S.F. Port Code §§ 2.9-2.10. DOCUMENTS responsive to this Request should include, but are not limited to YOUR policies, practices, and procedures, training materials, incident reports, and arrest and citation and dispatch databases.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to San Francisco Police Department's use, practice, or issuance of MOVE-ALONG orders to a HOMELESS PERSON or person at a HOMELESS ENCAMPMENT, including but not limited to dispatch logs, incident reports, and arrest and citation records.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to San Francisco Department Bulletin A19-080, "Legal Enforcement Options for Addressing Lodging and Illegal Encampments," including but not limited to alleged, reported, suspected, or confirmed

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

violations of or noncompliance with Bulletin A19-080 by San Francisco Police Department officers and the San Francisco Police Department's actions or response to such violations or noncompliance.

**REQUEST FOR PRODUCTION NO. 20:**

All videos, visual or audio recordings, body camera footage, or photographs, and all DOCUMENTS and COMMUNICATIONS referring or relating to such videos, visual or audio recordings, body camera footage, or photographs, relating to an encounter, interaction, incident, or dispatch involving a San Francisco Police Department officer involving a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT, including but not limited to (a) when officers are dispatched to, participate in, or attend a SWEEP OPERATION or HSOC ENCAMPMENT RESOLUTION or (b) when officers conduct enforcement operations, including issuing citations or arrests, pursuant to any legal provisions, including but not limited to California Penal Code § 647(e), California Penal Code § 148(a), California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F. Police Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S. F. Port Code §§ 2.9-2.10.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the removal, retrieval, storage, destruction, disposal, or damage of an UNHOUSED PERSON's belongings or property by YOUR employees, including but not limited to DPW bag and tag logs, summary logs, and other such records.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS and COMMUNICATIONS referring or relating to alleged, reported, suspected, or confirmed violations of or noncompliance with YOUR "Bag and Tag" Policy (16.05.08) by YOUR employees and the YOUR actions or response to such violations or noncompliance.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS documenting any accommodations offered to or made for HOMELESS PERSONS or HOMELESS PERSONS at a HOMELESS

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1  ENCAMPMENT who have a disability, including regarding appropriate offers of shelter or

2  additional time to move or collect property.

3  **REQUEST FOR PRODUCTION NO. 24:**

4      All COMMUNICATIONS sent or received by YOU discussing, regarding or related to

5  HOMELESS PERSONS, HOMELESS ENCAMPMENTS, SWEEP OPERATIONS, or HSOC.

6

7  Dated: December 21, 2022           By: */s/ Alfred C. Pfeiffer*

8                                    LATHAM & WATKINS LLP
                                  Alfred C. Pfeiffer, Jr., SBN 120965

9                                    Wesley Tiu, SBN 336580
                                  Kevin Wu, SBN 337101

10                                    Tulin Gurer, SBN 303077
                                  505 Montgomery Street, Ste. 2000

11                                    San Francisco, CA 94111
                                  Telephone: (415) 391-0600

12                                    al.pfeiffer@lw.com
                                  wesley.tiu@lw.com

13                                    kevin.wu@lw.com
                                  tulin.gurer@lw.com

14

15                                    LATHAM & WATKINS LLP
                                  Joseph H. Lee, SBN 248046

16                                    650 Town Center Drive, 20th Floor
                                  Costa Mesa, CA 92626

17                                    Telephone: (714) 540-1235
                                  joseph.lee@lw.com

18                                    LATHAM & WATKINS LLP
                                  Rachel Mitchell, SBN 344204

19                                    12670 High Bluff Drive
                                  San Diego, CA 92130

20                                    Telephone: (858) 523-5400
                                  rachel.mitchell@lw.com

21                                    LAWYERS' COMMITTEE FOR CIVIL

22                                    RIGHTS OF THE SAN FRANCISCO BAY
                                  AREA

23                                    Zal K. Shroff, MJP 804620*
                                  Elisa Della-Piana, SBN 226462

24                                    131 Steuart Street, Ste. 400
                                  San Francisco, CA 94105

25                                    Telephone: (415) 543-9444
                                  zshroff@lccrsf.org

26                                    edellapiana@lccrsf.org

27                                  *admitted pro hac vice*

28                                  ACLU FOUNDATION OF NORTHERN

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs. <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, AND SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT** <br><br> Hon. Judge Donna M. Ryu |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

**PLEASE TAKE NOTICE THAT,** pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Northern District of California (the "Local Rules"), Plaintiffs Coalition on Homelessness ("Coalition"), Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn (collectively, "Plaintiffs"), by and through undersigned counsel, request that Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco Department of Emergency Management, respond to the following Requests for Production ("Request" or the "Requests"). Documents, electronically stored information, and tangible things specified herein shall be produced to the offices of Latham & Watkins LLP c/o Alfred C. Pfeiffer, Jr., at 505 Montgomery Street, Suite 2000, San Francisco, California 94025, or otherwise agreed upon by the parties in writing, and within thirty (30) days from the date of service of these Requests, or such time as the parties may agree. Such productions shall be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

## **DEFINITIONS**

The following definitions (applicable whether the terms in question are capitalized or not) apply to this document as a whole and as to each of the following requests for production and shall be deemed incorporated therein:

1.      "Communication" means any instance in which any Person has had contact with any other Person including by any oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, any conversation, correspondence, agreement, note, e-mail, voicemail, messages, or other transfer of information, whether written, oral, electronic, or by any other means, and including any Document or other medium which abstracts, digests, records, incorporates, summarizes, describes, or transcribes any such Communication, or any subsequent review or discussion of such Communication, whether occurring at meetings or otherwise.

2.      "Document" has the meaning prescribed in the Federal Rules of Civil Procedure,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

including Rules 26 and 34. The term "Document" shall be interpreted in the broadest sense possible and includes Documents in any form, including by way of example and without limitation, originals and copies of letters, memoranda, notes, records, minutes, reports, notebooks, messages, emails, telegrams, ledgers, legal instruments, legal opinions to the extent that they are not protected by the attorney client privilege or attorney work product doctrines, agreements, manuals, procedures, graphs, rough drafts, secretarial notes, work pads, films or videos, photographs, computer disks and other electronic media, books, publications, advertisements, literature, brochures, announcements, press releases, and includes without limitation all tangible things which come within the meaning of the terms "writings and records" used in Federal Rule of Evidence 1001 and all electronically stored information, and includes data and data files, and underlying data or data files, whether in row or processed form. A draft or non-identical copy is a separate document within the meaning of this term. The term "Document" also includes the term "Thing" construed under the broadest possible construction under the Federal Rules of Civil Procedure.

3.    "Homeless Person," refers to persons who are both "unhoused," without a fixed residence, and "unsheltered," both unhoused and without physical shelter.

4.    "Homeless Encampment" refers to one or more Homeless Persons and/or their property present on public property.

5.    "Planters" means any sidewalk landscape containers installed on public streets, sidewalks, property, or other public spaces.

6.    "Person" includes both natural persons and entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business, or governmental entity. The acts "of" a Person are defined to include the acts of directors, officers, members, employees, agents, or attorneys acting on the Person's behalf.

7.    "Thing" has the meaning prescribed in the Federal Rules of Civil procedure, including Rules 26 and 34. The term "Thing" specifically includes, by way of example but not limitation, any disc, tape, or other electronic media storage device.

8.    To "Identify" or provide the "Identity" or "Identification" of a Person who is a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

natural Person means to state for that Person: the Person's full name, present or last known address(es), present or last known telephone number(s), present or last known employer and that employer's address, present or last known job title, and whether the Person is represented by counsel in connection with this litigation. To "Identify" or provide the "Identity" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address for its principal place of business, present or last known telephone number, type (e.g. corporation, partnership, trust), date and place of formation, registered agent, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

9.     "Sweep Operation" means any action taken by any Defendant to move Homeless Persons and their property off public property to another location. The definition shall be interpreted to include, but not be limited to, removals of unhoused individuals or their property from public property for sleeping or lodging in public, to make room for street cleaning, or in response to any police dispatches or patrols regarding unhoused individuals or where unhoused individuals are approached by law enforcement.

10.     "HSOC Encampment Resolution" means any Sweep Operation conducted by the Healthy Street Operations Center ("HSOC") to resolve, clear, or remove a Homeless Encampment.

11.     "APEC" means the Asia-Pacific Economic Cooperation Leaders' Week 2023 hosted by the City and County of San Francisco from November 11 through November 19, 2023.

12.     "APEC Security Zones" means (i) the area surrounding the Moscone Center, bounded by Second Street, Market Street, Fifth Street, and Harrison Street; (ii) the area surrounding the Fairmont Hotel, bounded by Pine Street, Stockton Street, Taylor Street, and Clay Street; and (iii) the area surrounding the Asian Art Museum, bounded by Hyde Street, Larkin Street, Fulton Street, and McAllister Street.

13.     "You" or "Your" means the City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management; the Mayor of San Francisco; and the Director of the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    Healthy Streets Operation Center; both separately and together, and without limitation, their

2    agents, employees, representatives, consultants, attorneys, or any other Person acting or purporting

3    to act on their behalf.

4                                    **INSTRUCTIONS**

5        1.    Each Request shall be answered pursuant to Federal Rules of Civil Procedure 26

6    and 32, and supplemented as required by Federal Rule of Civil Procedure 26(e). Rule 26(e)

7    requires Defendants to correct or supplement Defendants' response when necessary to reflect

8    events occurring and information becoming available subsequent to the serving of YOUR initial

9    response.

10       2.    All DOCUMENTS and COMMUNICATIONS produced in response to these

11   Requests shall be identified with the specific request number to which the DOCUMENTS and

12   COMMUNICATIONS correspond.

13       3.    These requests shall apply to all DOCUMENTS and COMMUNICATIONS in

14   YOUR possession, custody, or control, wherever located at the present time, or coming into

15   Defendants' possession, custody, or control prior to the date of the production.  If Defendants

16   know of the existence, past or present, of any DOCUMENTS or COMMUNICATIONS requested

17   below, but are unable to produce such DOCUMENTS or COMMUNICATIONS because they are

18   not presently in Defendants' possession, custody, or control, Defendants shall so state and shall

19   IDENTIFY such DOCUMENTS or COMMUNICATIONS, and the PERSON who has possession,

20   custody, or control of the DOCUMENTS or COMMUNICATIONS.

21       4.    If no DOCUMENTS or COMMUNICATIONS are response to a particular

22   Request, Defendants are to state in the response that no responsive DOCUMENTS or

23   COMMUNICATIONS exist.

24       5.    For purposes of these Requests: the singular shall be read to include the plural and

25   vice versa, the present tense shall be read to include the past tense and vice versa, the term "any"

26   shall be ready to include the term "all" and vice versa, and the term "and" shall be ready to include

27   the term "or" and vice versa.

28       6.    If any part of a DOCUMENT or COMMUNICATION is responsive to any Request

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                          PLAINTIFFS' SECOND SET OF
                           REQUESTS FOR PRODUCTION
                           CASE NO. 4:22-CV-05502-DMR

herein, produce the entire DOCUMENT OR COMMUNICATION.

7.     Where a privilege objection is asserted to any Request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available: (a) the type of Document for which the privilege is claimed; (b) the date of the Document; (c) the author(s), address(es), custodian(s), and any other recipient of the Document, and where not apparent, the relationships of the author(s), address(es), custodian(s), and any other recipient to each other; (d) the subject matter of the information requested or the Document withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed.

8.     The Time Period for Documents responsive to each Request shall be January 1, 2018 to the Present, unless otherwise specified.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    **REQUESTS FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 25:**

3        Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any and

4    all changes to shelter capacity relating to the City and County of San Francisco's hosting of

5    APEC.

6    **REQUEST FOR PRODUCTION NO. 26:**

7        Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any and

8    all changes to the type, quality, or location of shelter offered to HOMELESS PERSONS relating

9    to the City and County of San Francisco's hosting of APEC.

10   **REQUEST FOR PRODUCTION NO. 27:**

11       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any and

12   all changes to YOUR policies, procedures, or practices related to storage of shelter residents'

13   property or belongings, including the amount of available storage, relating to the City and

14   County of San Francisco's hosting of APEC.

15   **REQUEST FOR PRODUCTION NO. 28:**

16       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the

17   coordination, planning, preparation, and execution of any response—alone, in conjunction with

18   other law enforcement agencies or mutual aid organizations, or by other law enforcement

19   agencies or mutual aid organizations—to HOMELESS PERSONS or HOMELESS

20   ENCAMPMENTS, including but not limited to SWEEP OPERATIONS and removals of

21   HOMELESS ENCAMPMENTS in the APEC SECURITY ZONES, relating to the City and

22   County of San Francisco's hosting of APEC.

23   **REQUEST FOR PRODUCTION NO. 29:**

24       Any and all DOCUMENTS and COMMUNICATIONS regarding the presence, visibility,

25   or removal of HOMELESS PERSONS or HOMELESS ENCAMPMENTS relating to the City

26   and County of San Francisco's hosting of APEC.

27   **REQUEST FOR PRODUCTION NO. 30:**

28       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                                    PLAINTIFFS' SECOND SET OF
                                     REQUESTS FOR PRODUCTION
                                     CASE NO. 4:22-CV-05502-DMR

coordination, planning, preparation, and installation of barricades, boulders, or PLANTERS on public property relating to the City and County of San Francisco's hosting of APEC.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any SWEEP OPERATIONS or HSOC ENCAMPMENT RESOLUTIONS conducted in the two weeks prior to, or during, APEC, including but not limited to any and all notices of planned removal of property, incident reports, DPW bag and tag logs, and any other records documenting the removal of HOMELESS PERSONS or their property.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to offers of shelter made to HOMELESS PERSONS in the APEC SECURITY ZONES in the two weeks prior to or during APEC, including but not limited to DOCUMENTS and COMMUNICATIONS sufficient to show where offered shelter was located, what types of beds were offered, the operational rules and conditions of the shelter, and the duration of offered shelter.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any encounter, interaction, dispatch, call for service, or incident involving San Francisco Police Department officers, other law enforcement, or mutual aid organizations with a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT in the two weeks prior to, or during, APEC, including but not limited to when officers were dispatched to, participated in, or attended a SWEEP OPERATION or a HSOC ENCAMPMENT RESOLUTION—or otherwise interacted with a HOMELESS PERSON while on patrol, such as citation and arrest records, incident reports, complaints, incident tickets, body worn camera footage, and dispatch logs. At a minimum, dispatch logs including entries for 915 (homeless complaints), 917 (suspicious person), 919 (person sitting/lying on a sidewalk), 920 (aggressive solicitor), and 800cr (mentally disturbed person) dispatches shall be considered responsive to this Request.

*///*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1   **REQUEST FOR PRODUCTION NO. 34:**

2        Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any and

3 all changes to YOUR policies, procedures, or practices related to SWEEP OPERATIONS,

4 relating to the City and County of San Francisco's hosting of APEC.

5   **REQUEST FOR PRODUCTION NO. 35:**

6        Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any and

7 all changes to YOUR policies, procedures, or practices related to collecting, processing,

8 removing, storing, and/or disposing of a HOMELESS PERSON'S property, relating to the City

9 and County of San Francisco's hosting of APEC.

10   **REQUEST FOR PRODUCTION NO. 36:**

11        Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

12 shelter waitlist, including but not limited to the number of individuals on the shelter waitlist, in

13 the two weeks prior to and during APEC.

14

15

16   Dated: November 22, 2023         By: */s/ Alfred C. Pfeiffer*

17                                      LATHAM & WATKINS LLP

18                                      Alfred C. Pfeiffer, Jr., SBN 120965
                                   Wesley Tiu, SBN 336580

19                                    Kevin Wu, SBN 337101
                                   Tulin Gurer, SBN 303077

20                                    505 Montgomery Street, Ste. 2000
                                   San Francisco, CA 94111

21                                    Telephone: (415) 391-0600
                                   al.pfeiffer@lw.com

22                                    wesley.tiu@lw.com
                                   kevin.wu@lw.com

23                                    tulin.gurer@lw.com

24                                    LATHAM & WATKINS LLP
                                   Joseph H. Lee, SBN 248046

25                                    650 Town Center Drive, 20th Floor
                                   Costa Mesa, CA 92626

26                                    Telephone: (714) 540-1235
                                   joseph.lee@lw.com

27

28

1    LATHAM & WATKINS LLP
     Rachel Mitchell, SBN 344204
2    12670 High Bluff Drive
     San Diego, CA 92130
3    Telephone: (858) 523-5400
     rachel.mitchell@lw.com

4
     LAWYERS' COMMITTEE FOR CIVIL
5    RIGHTS OF THE SAN FRANCISCO BAY
     AREA
6    Zal K. Shroff, MJP 804620*
     Nisha Kashyap, SBN 301934
7    Andrew Ntim, SBN 347084
     131 Steuart Street, Ste. 400
8    San Francisco, CA 94105
     Telephone: (415) 543-9444
9    zshroff@lccrsf.org
     nkashyap@lccrsf.org
10   antim@lccrsf.org

11   *admitted pro hac vice

12   ACLU FOUNDATION OF NORTHERN
     CALIFORNIA
13   John Thomas H. Do, SBN 285075
     William S. Freeman, SBN 82002
14   39 Drumm Street
     San Francisco, CA 94111
15   Telephone: (415) 293-6333
     jdo@aclunc.org
16   wfreeman@aclunc.org

17   Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1
2
3
4

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

5
6
7
8
9

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

10
11
12
13

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

14

*Attorneys for Plaintiffs*

15

*Additional Counsel on Signature Page*

16

17

18

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

19
20
21
22
23
24
25
26
27
28

| COALITION ON HOMELESSNESS, et al., | Case No. 4:22-cv-05502-DMR |
|---|---|
| Plaintiffs. | **PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, AND SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |
| | Hon. Judge Donna M. Ryu |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1      **PLEASE TAKE NOTICE THAT,** pursuant to Rules 26 and 34 of the Federal Rules of

2    Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for

3    the Northern District of California (the "Local Rules"), Plaintiffs Coalition on Homelessness

4    ("Coalition"), Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez,

5    Teresa Sandoval, and Nathaniel Vaughn (collectively, "Plaintiffs"), by and through undersigned

6    counsel, request that Defendants City and County of San Francisco; San Francisco Police

7    Department; San Francisco Department of Public Works; San Francisco Department of

8    Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco

9    Department of Emergency Management, respond to the following Requests for Production

10    ("Request" or the "Requests"). Documents, electronically stored information, and tangible things

11    specified herein shall be produced to the offices of Latham & Watkins LLP c/o Alfred C. Pfeiffer,

12    Jr., at 505 Montgomery Street, Suite 2000, San Francisco, California 94025, or otherwise agreed

13    upon by the parties in writing, and within thirty (30) days from the date of service of these

14    Requests, or such time as the parties may agree. Such productions shall be made in accordance

15    with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

16                    **DEFINITIONS**

17        The following definitions (applicable whether the terms in question are capitalized or not)

18    apply to this document as a whole and as to each of the following requests for production and shall

19    be deemed incorporated therein:

20        1.      "Communication" means any instance in which any Person has had contact with

21    any other Person including by any oral or written utterance, question, comment, inquiry, notation,

22    or statement of any nature whatsoever, by and to whomever made, including, but not limited to,

23    any conversation, correspondence, agreement, note, e-mail, voicemail, messages, or other transfer

24    of information, whether written, oral, electronic, or by any other means, and including any

25    Document or other medium which abstracts, digests, records, incorporates, summarizes, describes,

26    or transcribes any such Communication, or any subsequent review or discussion of such

27    Communication, whether occurring at meetings or otherwise.

28        2.      "Document" has the meaning prescribed in the Federal Rules of Civil Procedure,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

including Rules 26 and 34. The term "Document" shall be interpreted in the broadest sense possible and includes Documents in any form, including by way of example and without limitation, originals and copies of letters, memoranda, notes, records, minutes, reports, notebooks, messages, emails, telegrams, ledgers, legal instruments, legal opinions to the extent that they are not protected by the attorney client privilege or attorney work product doctrines, agreements, manuals, procedures, graphs, rough drafts, secretarial notes, work pads, films or videos, photographs, computer disks and other electronic media, books, publications, advertisements, literature, brochures, announcements, press releases, and includes without limitation all tangible things which come within the meaning of the terms "writings and records" used in Federal Rule of Evidence 1001 and all electronically stored information, and includes data and data files, and underlying data or data files, whether in row or processed form. A draft or non-identical copy is a separate document within the meaning of this term. The term "Document" also includes the term "Thing" construed under the broadest possible construction under the Federal Rules of Civil Procedure.

3.    "Homeless Person," refers to persons who are both "unhoused," without a fixed residence, and "unsheltered," both unhoused and without physical shelter.

4.    "Homeless Encampment" refers to one or more Homeless Persons and/or their property present on public property.

5.    "Planters" means any sidewalk landscape containers, boulders, or barricades used for methods of sidewalk beautification or to prevent homeless encampments from forming.

6.    "Disability" means a physical or mental impairment that substantially limits a major life activity, a record of a physical or mental impairment that substantially limits a major life activity, or being regarded as having a physical or mental impairment that substantially limits a major life activity.

7.    "Person" includes both natural persons and entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business, or governmental entity. The acts "of" a Person are defined to include the acts of directors, officers, members, employees, agents, or attorneys acting on the Person's behalf.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

8.      "Thing" has the meaning prescribed in the Federal Rules of Civil procedure, including Rules 26 and 34. The term "Thing" specifically includes, by way of example but not limitation, any disc, tape, or other electronic media storage device.

9.      To "Identify" or provide the "Identity" or "Identification" of a Person who is a natural Person means to state for that Person: the Person's full name, present or last known address(es), present or last known telephone number(s), present or last known employer and that employer's address, present or last known job title, and whether the Person is represented by counsel in connection with this litigation. To "Identify" or provide the "Identity" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address for its principal place of business, present or last known telephone number, type (e.g. corporation, partnership, trust), date and place of formation, registered agent, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

10.      "Sweep Operation" means any action taken by any Defendant to move Homeless Persons and their property off of public property to another location. The definition shall be interpreted in the broadest way possible, and include, but not be limited to, removals of unhoused individuals or their property for the reason that they are sleeping or lodging on public property, to make room for street cleaning, or in response to any police dispatches or patrols regarding unhoused individuals or where unhoused individuals are approached by law enforcement.

11.      "HSOC Encampment Resolution" means any Sweep Operation conducted by the Healthy Street Operations Center ("HSOC") to resolve, clear, or remove a Homeless Encampment.

12.      "You" or "Your" means the City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management, London Breed, in her official capacity as Mayor; and Sam Dodge, in his official capacity as Director of the Healthy Streets Operation Center, both separately and together, and without limitation, their agents, employees, representatives, consultants, attorneys, or any other Person acting or purporting to act on their behalf.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1

## **INSTRUCTIONS**

2      1.      Each Request shall be answered pursuant to Federal Rules of Civil Procedure 26

3 and 32 and supplemented as required by Federal Rule of Civil Procedure 26(e). Rule 26(e) requires

4 Defendants to correct or supplement Defendants' response when necessary to reflect events

5 occurring and information becoming available subsequent to the serving of Your initial response.

6      2.      All DOCUMENTS and COMMUNICATIONS produced in response to these

7 Requests shall be identified with the specific request number to which the DOCUMENTS and

8 COMMUNICATIONS correspond.

9      3.      These requests shall apply to all DOCUMENTS and COMMUNICATIONS in

10 Your possession, custody, or control, wherever located at the present time, or coming into

11 Defendants' possession, custody, or control prior to the date of the production.  If Defendants

12 know of the existence, past or present, of any DOCUMENTS or COMMUNICATIONS requested

13 below, but are unable to produce such DOCUMENTS or COMMUNICATIONS because they are

14 not presently in Defendants' possession, custody, or control, Defendants shall so state and shall

15 Identify such DOCUMENTS or COMMUNICATIONS, and the Person who has possession,

16 custody, or control of the DOCUMENTS or COMMUNICATIONS.

17      4.      If no DOCUMENTS or COMMUNICATIONS are response to a particular request,

18 Defendants are to state in the response that no responsive DOCUMENTS or

19 COMMUNICATIONS exist.

20      5.      For purposes of these Requests, so as to provide the broadest possible construction

21 of the Requests: the singular shall be read to include the plural and vice versa, the present tense

22 shall be read to include the past tense and vice versa, the term "any" shall be ready to include the

23 term "all" and vice versa, and the term "and" shall be ready to include the term "or" and vice versa.

24      6.      If any part of a DOCUMENT or COMMUNICATION is responsive to any Request

25 herein, produce the entire DOCUMENT OR COMMUNICATION.

26      7.      Where a privilege objection is asserted to any Request or part thereof and

27 information is not provided on the basis of such assertion, the following information should be

28 provided in a privilege log served with the objection, if known or reasonably available: (a) the type

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    of Document for which the privilege is claimed; (b) the date of the Document; (c) the author(s),

2    address(es), custodian(s), and any other recipient of the Document, and where not apparent, the

3    relationships of the author(s), address(es), custodian(s), and any other recipient to each other; (d)

4    the subject matter of the information requested or the Document withheld; and (e) the nature of

5    the privilege asserted and the basis upon which it is claimed.

6         8.     The Time Period for Documents responsive to each Request shall be January 1,

7    2018 to the Present.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    **REQUESTS FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 37**

3    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

4    formal or informal policies, practices, or procedures for accommodating DISABILITIES during a

5    SWEEP OPERATION, including but not limited to YOUR formal or informal policies, practices,

6    or procedures for identifying and documenting whether a HOMELESS PERSON has a

7    DISABILITY and for identifying, documenting, and responding to requests for DISABILITY

8    accommodations made by HOMELESS PERSONS during a SWEEP OPERATION.

9    **REQUEST FOR PRODUCTION NO. 38:**

10    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

11    formal or informal policies, practices, or procedures for handling medication or medical devices

12    belonging to HOMELESS PERSONS during a SWEEP OPERATION, including but not limited

13    to YOUR formal or informal policies, practices, or procedures for identifying and documenting

14    whether a HOMELESS PERSON has medication or medical devices that should not be discarded.

15    **REQUEST FOR PRODUCTION NO. 39:**

16    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to training

17    provided to YOUR employees, including but not limited to HSOC employees, regarding or relating

18    to the provision of accommodations to HOMELESS PERSONS with DISABILITIES during

19    SWEEP OPERATIONS, in offering shelter, and in YOUR shelters.

20    **REQUEST FOR PRODUCTION NO. 40:**

21    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to training

22    provided to YOUR employees, including but not limited to HSOC employees, regarding or relating

23    to communicating with HOMELESS PERSONS with DISABILITIES during SWEEP

24    OPERATIONS.

25    **REQUEST FOR PRODUCTION NO. 41:**

26    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

27    formal and informal policies, practices, and procedures for documenting and responding to

28    requests for and the provision of DISABILITY accommodations in YOUR shelter system,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1  including but not limited to a description of what details are contained in records of the shelter

2  system and an IDENTIFICATION of who has authority to enter, maintain, or view records in the

3  system.

4  **REQUEST FOR PRODUCTION NO. 42:**

5      All DOCUMENTS and COMMUNICATIONS documenting any DISABILITY

6  accommodations requested by, offered to, or made for individuals staying in or seeking to stay in

7  shelters.

8  **REQUEST FOR PRODUCTION NO. 43:**

9      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any

10  complaints, inquiries, correspondence, requests for information, investigations, claims, litigation,

11  or proceedings regarding or relating to DISABILITY accommodations, including the lack of

12  DISABILITY accommodations, in shelters or during SWEEP OPERATIONS.

13  **REQUEST FOR PRODUCTION NO. 44:**

14      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

15  formal and informal policies, practices, and procedures for communicating information about the

16  DISABILITY accommodations available in specific shelters or shelter beds to YOUR employees

17  conducting a SWEEP OPERATION or a HSOC ENCAMPMENT RESOLUTION.

18  **REQUEST FOR PRODUCTION NO. 45:**

19      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the

20  number and/or percentage of HOMELESS PERSONS in the City and County of San Francisco

21  with one or more DISABILITIES, including but not limited to any data or information regarding

22  or relating to type of DISABILITY.

23  **REQUEST FOR PRODUCTION NO. 46:**

24      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

25  formal and informal policies, practices, and procedures for admission into the shelter system,

26  including but not limited to any criteria HOMELESS PERSONS must meet or any rules

27  HOMELESS PERSONS must follow to stay in each shelter.

28  **REQUEST FOR PRODUCTION NO. 47:**

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

2  formal and informal policies, practices, and procedures on allocating space in the shelter system

3  for SWEEP OPERATIONS, HSOC ENCAMPMENT RESOLUTIONS, and those who are on a

4  shelter waitlist, discharged from the hospital, or released from jail.

5  **REQUEST FOR PRODUCTION NO. 48:**

6    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

7  formal and informal policies, practices, and procedures for maintaining records and managing

8  the shelter system, including but not limited to a description of what details are contained in

9  records of the shelter system and an IDENTIFICATION of who has authority to enter, maintain,

10  or view records in the system.

11  **REQUEST FOR PRODUCTION NO. 50:**

12    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

13  formal and informal policies, practices, and procedures for determining daily availability of

14  shelter beds in the City and County of San Franscisco, including but not limited to the policies,

15  practices, and procedures referenced in YOUR response to Interrogatory Number 5 and all

16  COMMUNICATIONS between HSH Guest Placement and HSOC regarding shelter bed

17  availability for each HOMELESS PERSON at each HSOC ENCAMPMENT RESOLUTION.

18  **REQUEST FOR PRODUCTION NO. 51:**

19    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

20  formal and informal policies, practices, and procedures for using and maintaining a waitlist for

21  shelter for HOMELESS PERSONS, including but not limited to how HOMELESS PERSONS are

22  positioned on the waitlist, when and how HOMELESS PERSONS are notified about their position

23  on the waitlist, the amount of time between a HOMELESS PERSON reaching the top of the

24  waitlist and the offer of housing or shelter to said person, and the amount of time given to

25  HOMELESS PERSONS on the waitlist to decide whether to accept or reject a shelter or housing

26  offer.

27  **REQUEST FOR PRODUCTION NO. 52:**

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9    PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

2 formal or informal polices, practices, and procedures for conducting SWEEP OPERATIONS

3 including but not limited to HSOC ENCAMPMENT RESOLUTIONS, during inclement weather,

4 poor air quality, or other extreme outdoor emergencies, including but not limited to any and all

5 DOCUMENTS and COMMUNICATIONS regarding or relating to postponing or rescheduling

6 SWEEP OPERATIONS due to weather, air quality, or other extreme outdoor conditions.

7 **REQUEST FOR PRODUCTION NO. 53:**

8    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

9 formal or informal polices, practices, and procedures on when and how YOU determine and

10 designate HOMELESS PERSONS as refusing or declining shelter and the result of such

11 designation.

12  **REQUEST FOR PRODUCTION NO. 54:**

13    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to harms or

14 negative impacts, including adverse health impacts, on HOMELESS PERSONS resulting from or

15 related to the loss of personal belongings or the displacement of HOMELESS PERSONS such as

16 during SWEEP OPERATIONS.

17 **REQUEST FOR PRODUCTION NO. 55:**

18    Any and all DOCUMENTS AND COMMUNICATIONS regarding or relating to YOUR

19 coordination, planning, preparation, or assistance in installing PLANTERS on public property in

20 response to HOMELESS PERSONS,HOMELESS ENCAMPMENTS, or to respond to complaints

21 from residents neighborhood associations, businesses, business improvement districts, including

22 DOCUMENTS and COMMUNICATIONS from, by, and between the Department of Public

23 Works, San Francisco Police Department, any other agencies participating in the Healthy Streets

24 Operation Center (HSOC), members of the Board of Supervisors, and the Mayor's Office,

25 **REQUEST FOR PRODUCTION NO. 56:**

26    Any and all DOCUMENTS AND COMMUNICATIONS regarding or relating to

27 Department of Public Work's implementation or enforcement of "Order No: 179, 231" including

28 but not limited to alleged, reported, suspected, or confirmed violations of or noncompliance with

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1  "Order No: 179, 231" by residents, and the Department of Public Works actions or responses to

2  such violations or noncompliance, including whether or not PLANTERS used to address

3  HOMELESS PERSONS or HOMELESS ENCAMPMENTS violate Order No: 179,231.

4  **REQUEST FOR PRODUCTION NO. 57:**

5      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any San

6  Francisco Board of Supervisors Member's role in coordinating, planning, or assisting to track the

7  offering of shelter or services to HOMELESS PERSONS, including but not limited to

8  DOCUMENTS and COMMUNICATIONS from, by, and between the Department of Public

9  Works, San Francisco Police Department, and any other agencies participating in the Healthy

10  Streets Operation Center (HSOC).

11  **REQUEST FOR PRODUCTION NO. 58:**

12      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

13  formal and informal policies, practices, and procedures for identifying where and when to

14  dispatch staff to respond to and engage with HOMELESS PERSONS and HOMELESS

15  ENCAMPMENTS, including any criteria or basis used in deciding to conduct a SWEEP

16  OPERATION or HSOC Encampment Resolution.

17  **REQUEST FOR PRODUCTION NO. 59:**

18      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to San

19  Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-202 including but

20  not limited to alleged, reported, suspected, or confirmed violations of or noncompliance with San

21  Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-202 by San

22  Francisco Police Department officers and the San Francisco Police Department's actions or

23  response to such violations or noncompliance.

24  **REQUEST FOR PRODUCTION NO. 60:**

25      Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to training

26  offered on San Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-

27  202 and DPW's "Bag and Tag" policies.

28  **REQUEST FOR PRODUCTION NO. 61:**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to changes to

2  San Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-202 and

3  DPW's "Bag and Tag" policies.

4  **REQUEST FOR PRODUCTION NO. 62:**

5    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

6  formal and informal policies, practices, and procedures for activating body worn cameras prior to

7  engaging with HOMELESS PERSONS or a HOMELESS ENCAMPMENT, including during a

8  SWEEP OPERATION and HSOC ENCAMPMENT RESOLUTION.

9  **REQUEST FOR PRODUCTION NO. 63:**

10    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

11  formal or informal policies, practices, or procedures for offering shelter to HOMELESS

12  PERSONS during a SWEEP OPERATION.

13  **REQUEST FOR PRODUCTION NO. 64:**

14    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

15  specific offers of shelter to HOMELESS PERSONS during SWEEP OPERATIONS.

16  **REQUEST FOR PRODUCTION NO. 65:**

17    Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to YOUR

18  and San Francisco Recreation & Parks Department enforcement operations, including but not

19  limited to the issuance of a citation or arrest (and threats thereof) involving a HOMELESS

20  PERSON or a person at a HOMELESS ENCAMPMENT pursuant to any legal provisions,

21  including but not limited to California Penal Code § 647(e), California Penal Code §148(a),

22  California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F. Police

23  Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S.F. Port Code §§ 2.9-2.10. DOCUMENTS

24  responsive to this Request should include, but are not limited to policies, practices, and

25  procedures, training materials, incident reports, and arrest and citation and dispatch databases.

26  **REQUEST FOR PRODUCTION NO. 66:**

27    Any and all DOCUMENTS covered by the Court's Order on Ongoing Disclosures (Dkt.

28  129).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    **REQUEST FOR PRODUCTION NO. 67:**

2       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating YOUR

3 compliance with the Court's Preliminary Injunction (Dkt. 65). including but not limited to, any

4 training offered, any alleged, reported, suspected, or confirmed violations of or noncompliance

5 with the Preliminary Injunction, and YOUR response to such violations or noncompliance.

6    **REQUEST FOR PRODUCTION NO. 68:**

7       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

8 formal or informal policies, practices, or procedures for offering shelter to HOMELESS

9 PERSONS during a SWEEP OPERATION.

10    **REQUEST FOR PRODUCTION NO. 69:**

11       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

12 specific offers of shelter to HOMELESS PERSONS during SWEEP OPERATIONS.

13

14

15 Dated: December 19, 2023          By: *John Thomas H. Do*

16                        LATHAM & WATKINS LLP
                       Alfred C. Pfeiffer, Jr., SBN 120965

17                        Wesley Tiu, SBN 336580
                       Kevin Wu, SBN 337101

18                        Tulin Gurer, SBN 303077
                       505 Montgomery Street, Ste. 2000

19                        San Francisco, CA 94111
                       Telephone: (415) 391-0600

20                        al.pfeiffer@lw.com
                       wesley.tiu@lw.com

21                        kevin.wu@lw.com
                       tulin.gurer@lw.com

22

23                        LATHAM & WATKINS LLP
                       Joseph H. Lee, SBN 248046

24                        650 Town Center Drive, 20th Floor
                       Costa Mesa, CA 92626

25                        Telephone: (714) 540-1235
                       joseph.lee@lw.com

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
Zal K. Shroff, MJP 804620*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

*admitted pro hac vice

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

*Attorneys for Plaintiffs*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

PLAINTIFFS' THIRD SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR