**EXHIBIT F**

**TO**

**DECLARATION OF JOHN H. GEORGE IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN** *GRANTS PASS V JOHNSON*

1  LATHAM & WATKINS LLP
   Alfred C. Pfeiffer, SBN 120965
2  505 Montgomery Street, Ste 2000
   San Francisco, CA 94111
3  Telephone: (415) 391-0600
4  al.pfeiffer@lw.com

5  LAWYERS' COMMITTEE FOR CIVIL                ACLU FOUNDATION OF NORTHERN
   RIGHTS OF THE SAN FRANCISCO BAY AREA        CALIFORNIA
6  Zal K. Shroff, MJP 804620, admitted pro hac vice   John Thomas H. Do, SBN 285075
7  131 Steuart Street, Ste. 400                39 Drumm Street
   San Francisco, CA 94105                     San Francisco, CA 94111
8  Telephone: (415) 543-9444                   Telephone: (415) 293-6333
   zshroff@lccrsf.org                          jdo@aclunc.org
9
10 *Attorneys for Plaintiffs*

11 *Additional Counsel on Signature Page*

12                       **UNITED STATES DISTRICT COURT**

13                      **NORTHERN DISTRICT OF CALIFORNIA**

14                              **OAKLAND DIVISION**

15
16 COALITION ON HOMELESSNESS, et al.,          Case No. 4:22-cv-05502-DMR

                   Plaintiffs,                  **PLAINTIFFS' FIRST SET OF
17                                              INTERROGATORIES TO
           v.                                   DEFENDANTS CITY AND COUNTY OF
18                                              SAN FRANCISCO ET AL.**
   CITY AND COUNTY OF SAN FRANCISCO,
19 et al.,                                      Hon. Judge Donna M. Ryu

20                 Defendants.                  Date Action Filed: September 27, 2022

21
22
   **PROPOUNDING PARTY:**       **PLAINTIFFS COALITION ON HOMELESSNESS, et al.,**
23
   **RESPONDING PARTY:**        **DEFENDANTS CITY AND COUNTY OF SAN
24                               FRANCISCO, et al.,**
25
   **SET NUMBER:**              **ONE (Nos. 1-22)**
26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:22-CV-05502-DMR

**PLEASE TAKE NOTICE THAT,** pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Northern District of California (the "Local Rules"), Plaintiffs Coalition on Homelessness ("Coalition"), Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn (collectively, "Plaintiffs"), by and through undersigned counsel, request that Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco Department of Emergency Management, respond to the following interrogatories. The following interrogatories shall be answered individually, separately, and fully; in writing and under oath; in the manner prescribed by the Federal Rules and in accordance with the "DEFINITIONS" and "INSTRUCTIONS" contained herein. Answers to the interrogatories shall be served to the offices of Latham & Watkins LLP c/o Alfred C. Pfeiffer, Jr., at 505 Montgomery Street, Suite 2000, San Francisco, California 94025, or otherwise agreed upon by the parties in writing, and within thirty (30) days from the date of service of these interrogatories, or such time as the parties may agree.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. The definitions and requirements of Federal Rules of Civil Procedure 26, 33, and 37 are adopted and incorporated by reference. Unless the context clearly indicates otherwise, the following definitions apply to each of the Interrogatories herein:

1. "You," "Your," "Defendants" and "the City" mean Defendants City and County of San Francisco, San Francisco Police Department, San Francisco Department of Public Works, San Francisco Department of Homelessness and Supportive Housing, San Francisco Fire Department, and San Francisco Department of Emergency Management, named in the September 27, 2022 Complaint in this action, and any of their employees and former employees.

2. "Coalition" refers to the Plaintiff 501(c)(3) non-profit Coalition on Homelessness,

1  named in the September 27, 2022 Complaint in this action.

2      3. "Database" is used in its customary broad sense, and includes but is not limited to, any source or compilation of written, printed, typed, recorded, videotaped, filmed, transcribed, taped, electronically-stored or other matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, and includes, but is not limited to, all correspondence, emails, text messages, instant messages, records, drawings, calculations, memoranda, reports, financial statements, contracts, tabulations, studies, analyses, evaluations, work appointment books, diaries, comparisons, questionnaires, surveys, charts, graphs, books, laboratory notebooks, pamphlets, booklets, articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other recordings, magnetic tapes, discs, flash media, printouts, computer generated reports and printouts, other data compilations from which information can be obtained, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original, and includes all such documents that are in Your possession, custody or control, or to which You otherwise have access. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form.

    4. "Homeless," refers to Persons who are both "unhoused," without a fixed residence, and "unsheltered," both unhoused and without physical shelter.

    5. "Homeless Encampment" refers to one or more Homeless Persons and their property present on public property.

    6. "HSOC Encampment Resolution" means a Sweep Operation conducted by the Healthy Street Operations Center ("HSOC") or any coordinated action of two HSOC-involved agencies to resolve, clear, clean, move Homeless Persons, or remove a Homeless Encampment.

    7. "Identify" means to provide the specific information requested. When referring to a Person, "Identify" means providing the Person or entity's full name, present or last known address and primary contact information, and in the case of a natural person, the present or last known place of employment. Once a Person has been identified in accordance with this paragraph, only the name of that Person need be listed in response to subsequent discovery

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:22-CV-05502-DMR

responses regarding the identification of that Person, unless the Interrogatory specifically seeks more information.

8.  "Named Plaintiffs" refers to Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn, named in the September 27, 2022 Complaint in this case.

9.  "Person" means any natural person or any business, legal, or governmental entity or association.

10. "Sweep Operation" means any action taken by any Defendant to move Homeless Persons and their property off of public property to another location. The definition shall specifically include, but not be limited to, removals of unhoused individuals or their property for the reason that they are sleeping or lodging on public property, to make room for street cleaning, or in response to any police dispatches or patrols regarding unhoused individuals or where unhoused individuals are approached by law enforcement. This definition includes voluntary requests to relocate and temporary requests to relocate, and attempts to relocate individuals whether or not accompanied by any offer of shelter or services.

11. The following rules of construction shall apply to all requests as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well and vice versa; (c) the connectives "and" and "or" shall be construed either disjunctively or conjunctively; (d) the terms "all," "any," and "each" shall be construed as "all, any, every, and each;" and (e) the term "including" means "including but not limited to."

**INSTRUCTIONS**

1.  You are required to conduct a thorough investigation and respond to these Interrogatories based on all information in Your possession, custody, or control, including all information in the possession, custody, or control of Your attorneys, their agents, employees, representatives, or investigators and anyone acting on Your behalf.

2.  You are under a continuing duty to timely amend Your written responses to these

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:22-CV-05502-DMR

Interrogatories and to provide additional information if You learn that any such response is in some material respect incomplete or incorrect and the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process.

3. If You object to any of these Interrogatories, in part or in whole, state with specificity the grounds of Your objection. If You object to any Interrogatory in part, answer the unobjectionable portion of such Interrogatory and state with specificity the grounds of Your objection to the other portion. No part of an Interrogatory shall be left unanswered merely because an objection was interposed to another part of the same Interrogatory. If You object to any Interrogatory, the objection shall state with specificity all grounds for the objection. Any ground for objection not stated shall be waived.

4. If You object to any Interrogatory on the grounds of overbreadth, specifically state the manner in which it is overly broad and respond to the Interrogatory as narrowed to conform to such objection.

5. If You are unable to answer any of the following Interrogatories fully and completely, the reasons for Your inability to answer shall be separately stated in detail for each such Interrogatory or portion thereof. Answer each such Interrogatory to the fullest extent possible, specifying the knowledge available to You and state whatever information or knowledge You may have concerning the unanswered portions of the Interrogatory.

6. If, in answering these Interrogatories, You claim any ambiguity in interpreting a particular Interrogatory or a definition or instruction, such claim shall not be a basis for refusing to answer. Instead, You shall set forth as part of the answer the language deemed ambiguous and the interpretation utilized in the response to the Interrogatory.

7. The fact that an investigation is continuing or that discovery is not complete shall not be a justification for failing to answer each Interrogatory based on the knowledge or information that You have at the time You answer these Interrogatories. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by an Interrogatory, so state in Your answer.

8. If You incorporate by reference facts contained in other documents, You shall

identify such documents and attach complete copies to Your answers.

9. If You assert that any document(s) which concerns the matters inquired into by these Interrogatories has been lost, discarded, or destroyed, or is otherwise no longer in Your custody or control, You must set forth the contents of the document(s), the location of any copies of the document(s), the date of such destruction, the person authorizing such destruction and the person disposing of the document(s), if any.

10. The use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun, and the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the Interrogatory that which might otherwise be construed to be outside its scope.

11. Each Interrogatory shall be construed independently and not by reference to any other Interrogatory, and no Interrogatory shall limit the scope of any other Interrogatory.

12. Each Interrogatory is addressed to each of the municipal entity Defendants, including the City and County of San Francisco, San Francisco Police Department, San Francisco Department of Public Works, San Francisco Department of Homelessness and Supportive Housing, San Francisco Fire Department, and San Francisco Department of Emergency Management, named in the September 27, 2022 Complaint in this action, and any of their employees and former employees. Each municipal entity Defendant shall respond to each Interrogatory individually.

13. Failure to provide information in response to these Interrogatories shall constitute a waiver of Your right to rely on such evidence at any point in this litigation.

14. Any terms left undefined in these Interrogatories have their common dictionary meaning and shall be construed as necessary to bring within the scope of these Interrogatories any information and/or documentation which might otherwise be construed as outside their scope.

15. Unless otherwise stated, the time period covered by these Interrogatories is the time period beginning January 1, 2018 and continuing through the present.

///

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all applicable federal, state, and City laws, ordinances, and statutes You rely upon, have relied upon, recited, or cited as the basis for issuing or threatening arrest, citation, or fines to order Homeless Persons to move or to vacate Homeless Encampments during Sweep Operations or at any other interaction or engagement with Homeless Persons, and describe all facts, Databases, and information on which You rely to identify these laws and the factual circumstances under which each law is to be applied.

**INTERROGATORY NO. 2:**

Describe in detail and identify all Your policies that apply to Your interactions with Homeless Persons and their property during Sweep Operations or at a Homeless Encampment, including but not limited to the S.F. Police Code § 169, SFPD Police Department Bulletin, and DPW Procedures.

**INTERROGATORY NO. 3:**

Describe in detail how You monitor, assess, ensure, and enforce compliance with Your own policies regarding interactions with Homeless Persons and their property, including how You train personnel to follow Your policies, reporting and oversight protocols, and any internal responses and consequences You have established for personnel that do not follow Your policies, and identify all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 4:**

Describe in detail how You determine, track, monitor, and assess how many citations, arrests, fines, and move-along orders have been issued or threatened against Homeless Persons by Defendants, including all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 5:**

Describe in detail how You determine, track, monitor, and assess shelter bed availability and offers to Homeless Persons, including how you track, monitor and assess: how many shelter beds are available on a daily basis to be offered to Homeless Persons; what types of shelter are available on a daily basis, including congregate and non-congregate options; whether shelter is

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:22-CV-05502-DMR

offered to Homeless Persons; whether shelter offers are accepted by Homeless Persons; which of Your personnel receive this information; and all communications between Your personnel regarding shelter availability before and during Sweep Operations or in interacting with a Homeless Encampment, and identify all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 6:**

Describe in detail the basis for Your contention that only approximately 40% of Homeless Persons at HSOC Encampment Resolutions accept offers of shelter (Dkt. No. 45 at 17), and identify all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 7:**

Describe in detail all steps each of Your personnel, including San Francisco Police Department ("SFPD"), San Francisco Department of Public Works ("DPW"), San Francisco Fire Department ("SFFD"), San Francisco Department of Homelessness and Supportive Housing ("HSH"), and the Homeless Outreach Team ("HOT") members, take during the course of Sweep Operations when there is not sufficient available shelter to offer, including whether Your personnel remove Homeless Persons from Homeless Encampments in those instances, how these circumstances are documented, what documents record these circumstances and Your response to them, and identify all facts, Databases, and information on which You rely in making these determinations.

**INTERROGATORY NO. 8:**

Describe in detail all steps Your personnel, including SFPD, DPW, SFFD, and HOT team members, take during the course of Sweep Operations or at Homeless Encampments when Homeless Persons refuse to leave the site, including all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 9:**

Describe in detail all steps Your personnel, including SFPD, DPW, SFFD, and HOT team members, take during the course of Sweep Operations when interacting with Homeless Persons who have disabilities and/or special needs, including all steps personnel take to determine whether Homeless Persons with whom they interact have one or more disabilities or special

needs, and how personnel record, report or memorialize the existence of such disabilities or special needs, including all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 10:**

List and describe in detail every Sweep Operation You have conducted, including for each Sweep Operation the date, time, and location; the identity of all Your enforcement personnel participating in the Sweep Operation; the amount and timing of any prior notice given; the identity of any persons allegedly offered specific and available shelter, and which if any persons so offered shelter declined; and whether any property was destroyed or stored pursuant to Your Bag and Tag policy during the Sweep Operation, including but not limited to any information You have regarding each of the Sweep Operations specifically enumerated in the declarations and materials supporting Plaintiffs' Motion for Preliminary Injunction (*see* Dkt. Nos. 9-3 through 9-6).

**INTERROGATORY NO. 11:**

Describe in detail all complaints You have received about Your personnel's conduct at Sweep Operations, including all facts, Databases and information on which You rely.

**INTERROGATORY NO. 12:**

Describe in detail how You record, track, monitor, and assess Sweep Operations and Your interactions with Homeless Persons at Homeless Encampments outside of HSOC Encampment Resolutions, where Your personnel interact with or seek to move Homeless Persons in the following instances: police dispatches in response to complaints about Homeless Persons, regular police patrols, DPW dispatches to perform street cleaning, or any other informal interaction with Homeless Persons not planned in advance by HSOC, including all Databases You use to store this information.

**INTERROGATORY NO. 13:**

Describe in detail how Homeless Persons seeking shelter can obtain access to shelter outside of the context of HSOC Encampment Resolutions, including all steps needed to do so, and how long it takes to obtain a shelter bed by each different available means, and identify all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 14:**

Describe in detail how You allocate available shelter beds, including all criteria governing shelter eligibility for different kinds of shelter inventory (*e.g.*, navigation centers, transitional housing, congregate, non-congregate, semi-congregate), how You determine if Homeless Persons are eligible for shelter beds, how You determine a Homeless Person's level of need, and how You prioritize which Homeless Persons are provided available shelter beds, and identify all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 15:**

Describe in detail all facts, Databases, and information on which You rely for Your contention that, while conducting Sweep Operations, Your personnel identify, distinguish between, and sort out personal belongings Homeless Persons need for survival—personal belongings that should be bagged, tagged, and stored—from abandoned property, trash, and dangers to public health that should be destroyed (Dkt. No. 45-3, ¶ 6).

**INTERROGATORY NO. 16:**

List all facilities where property belonging to Homeless Persons has been or is stored, including the dates during which each facility has operated, the square footage devoted to storage of belongings, the amount of property stored at those facilities at any given time, and the amount of property successfully collected by unhoused people from these facilities, including all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 17:**

Describe in detail all facts, Databases, and information on which You rely to determine, monitor, or assess the proportion of property belonging to Homeless Persons that Your personnel destroys or discards, that is stored for later retrieval, and that is ultimately recovered by Homeless Persons who own the property, including what notice is given to unhoused people regarding property storage and property collection.

**INTERROGATORY NO. 18:**

List and describe in detail each instance in which Your personnel have treated property belonging to Homeless Persons in conformity with Your Bag and Tag policy, including the date,

time, and location at which the property was taken; the identity of all Your enforcement personnel involved in the taking, bagging, and tagging of property; the location to which the property was taken; how Your enforcement personnel determined the owner(s) of the property; and whether You continue to maintain possession of the property, and, if not, when and how You ceased to maintain possession of the property.

**INTERROGATORY NO. 19:**

Describe in detail all facts, Databases, and information on which You rely to assess whether written notice is provided to Homeless Persons at a Homeless Encampment prior to conducting a Sweep Operation, including how you determine how often such notice is provided, and how you record, track and assess whether notice is given.

**INTERROGATORY NO. 20:**

Describe in detail how You determine how many and what percent of Homeless Persons have been connected to shelter or permanent housing on a daily basis, and how many have refused or have not been able to be placed in shelter or permanent housing—both at HSOC Encampment Resolutions and also generally—including all facts, Databases, and information on which You rely.

**INTERROGATORY NO. 21:**

Describe in detail all steps You have taken to comply with the Court's Order on Motion for Preliminary Injunction, Dkt. No. 65, including any post-injunction changes to the instructions and training You provide to Your personnel, how Your personnel have been instructed to conduct Sweep Operations post-injunction, how You are monitoring Your post-injunction interactions with Homeless Persons and their property, and how these circumstances are documented, and identify all facts, Databases, and information on which You rely to ensure compliance with the Court's Order.

**INTERROGATORY NO. 22:**

Describe in detail how You searched for and identified documents responsive to Plaintiffs' discovery requests, including Plaintiffs' First Set of Requests for Production, disclosures made during the pendency of the motion for preliminary injunction, and disclosures

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFFS' FIRST SET OF
INTERROGATORIES
CASE NO. 4:22-CV-05502-DMR

to ensure compliance with the preliminary injunction, including (but not limited to) the identity of any document custodian, the sources and locations searched (e.g., e-mail accounts, computer drives, mobile devices, social media, audio and video recordings, office locations, and other physical or electronic storage), the methods used to search or filter for documents such as the use of search terms and temporal limits, and when the searches were performed.

Dated: February 10, 2023

By: */s/ Zal K. Shroff*  \_\_\_\_

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620*
Elisa Della-Piana, SBN 226462
Hadley Rood, SBN 348168
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

*admitted pro hac vice*

By: */s/ John Thomas H. Do*\_\_\_\_

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

By: */s/ Alfred C. Pfeiffer*  \_\_\_\_

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Al.Pfeiffer@lw.com
Wesley.Tiu@lw.com
Kevin.Wu@lw.com
Tulin.Gurer@lw.com

| | |
|---|---|
| 1 | |
| 2 | LATHAM & WATKINS LLP<br>Joseph H. Lee, SBN 248046 |
| 3 | Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626 |
| 4 | Telephone: (714) 540-1235<br>Joseph.Lee@lw.com |
| 5 | LATHAM & WATKINS LLP |
| 6 | Rachel Mitchell, SBN 344204<br>12670 High Bluff Drive |
| 7 | San Diego, CA 92130<br>Telephone: (858) 523-5400 |
| 8 | Rachel.Mitchell@lw.com |

*Attorneys for Plaintiffs*