1
2
3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

4

COALITION ON HOMELESSNESS, et al.,

Case No. 4:22-cv-05502-DMR

5
6

Plaintiffs.

v.

**DECLARATION OF**
**JOHN THOMAS H. DO IN**
**OPPOSITION OF DEFENDANTS'**
**MOTION TO STAY ALL**
**PROCEEDINGS**

7

CITY AND COUNTY OF SAN FRANCISCO,
et al.,

8
9

Defendants.

| | |
|---|---|
| **Judge:** | The Hon. Donna M. Ryu |
| **Hearing Date:** | February 8, 2024 |
| **Time:** | 1:00 p.m. |
| **Place:** | Courtroom 4 – 3rd Floor |
| | (via videoconferencing) |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### <u>DECLARATION OF JOHN THOMAS H. DO</u>

I, John Thomas H. Do, hereby declare as follows:

1. I am a Senior Staff Attorney with the American Civil Liberties Union Foundation of Northern California ("ACLU"). I am counsel of record for Plaintiffs Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn in the above-captioned action. I am a member in good standing of the State Bar of California and admitted to practice before this Court in the above-captioned matter. I have personal knowledge of the facts set forth herein.

2. Discovery in this matter is ongoing, and despite discovery requests being outstanding for more than a year, Defendants have been unable to produce the bulk of non-custodial documents and custodial communications. Most recently, on December 22, 2023, Defendants have proposed that if Plaintiffs are unsatisfied with the pacing of discovery, that "we ask the Court in the parties' January 10 case management statement to enter the parties' prior stipulated schedule." On January 5, Plaintiffs responded that we remain committed to completing discovery in a timely and expeditious manner and see no reason why the parties cannot meet the current schedule.

3. During the months of November and December 2023, the parties met and conferred regarding the City's operations in the lead up to and during the recent Asia-Pacific Economic Cooperation ("APEC") conference. Plaintiffs raised, among other issues, concerns regarding property destruction at resolutions. Having not resolved these concerns, Plaintiffs propounded additional discovery on preliminary injunction compliance during the APEC period. ECF 204-6 at 15-24 (Plaintiffs' Second Set of Requests for Production).

4. As part of my responsibilities, I will respond to media inquiries, including from the San Francisco Chronicle. When informed that the City claims there has been a reduction in tent encampments or increase in shelter and housing availability, I have attributed any alleged movement to the increased funding (e.g., Prop. C) for interim shelter and housing that was advocated for by the Plaintiff Coalition on Homelessness and the lawsuit which encourages the provision of appropriate services. All parties agree that the street is not an appropriate place for

1

unhoused people.  Safe, affordable housing is.  My statements in were in no way intended to, nor did they in fact, concede that the City is fully complying with the preliminary injunction.

5.  When asked to comment on the grant of certiorari in *Grants Pass*, I stated that one potential question the Supreme Court might reconsider is whether the Eighth Amendment has substantive limitations on what can be criminalized.  This was not, as the City contends, an admission that discovery regarding Defendants' conduct at encampment resolutions might become irrelevant.  Nothing could be further from the truth.  There are certainly other laws, federal and state, that may independently place limitations on what can be criminalized, in addition to the fact that the City's conduct at resolutions is relevant to Plaintiffs' other claims.

6.  Plaintiffs served requests specifically requesting policies, practices, and procedures regarding Defendants' provision of disability accommodations or handling of medical devices and medication during encampment resolutions, but Defendants objected on the basis that the requests were duplicative of Plaintiffs' prior requests related to planning for encampment resolutions.  Attached here as **Exhibit A** is Defendants' January 18, 2024 response to Plaintiffs' Third Set of Requests for Productions where a "duplicative" objection was raised for almost every request.

7.  Plaintiffs' Initial Disclosures (ECF 204-8) include potential witnesses who are unhoused or no longer employed by Plaintiff Coalition on Homelessness

8.  On Tuesday January 16, 2024, Defendants requested Plaintiffs' position on a stay of all proceedings and order to shorten time.  I wrote to the City asking to know the basis for their motions and whether the current orders on ongoing disclosures and the preliminary injunction would remain and be enforceable during the proposed stay.   The next day, January 17, 2024, the City did not expressly indicate whether the ongoing preliminary injunction related disclosures and productions would continue.  Attached here as **Exhibit B** is the email.  Following the case management conference that day, the parties held a telephonic meet and confer at 3:30 p.m.  During the meet and confer, Defendants confirmed that that their proposed stay was intended to stop the ongoing disclosures and productions for the preliminary injunction.  I indicated that Plaintiffs would oppose a complete stay. I proposed that the parties agree to extend the deadlines in the case scheduling order to accommodate any decision in *Grants Pass*.  The City rejected this proposal.

2

Plaintiffs agreed to stipulate to Defendants' proposal to shorten time to brief the motion and opposition to the stay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I executed this declaration on January 29, 2024 in San Francisco, California.

s/ *John Thomas H. Do*
John Thomas H. Do

*Counsel for Plaintiffs*