# Exhibit A

1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   EDMUND T. WANG, State Bar #278755
4  KAITLYN M. MURPHY, State Bar #293309
   MIGUEL A. GRADILLA, State Bar #304125
5  JOHN H. GEORGE, State Bar #292332
   ZUZANA S. IKELS, State Bar #208671
6  STEVEN A. MILLS, State Bar #328016
   Deputy City Attorneys
7  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
8  San Francisco, California 94102-4682
   Telephone:      (415) 554-4675 (Snodgrass)
9                  (415) 554-3857 (Wang)
                   (415) 554-6762 (Murphy)
10                 (415) 554-3870 (Gradilla)
                   (415) 554-4223 (George)
11                 (415) 355-3307 (Ikels)
                   (415) 355-3304 (Mills)
12 Facsimile:      (415) 554-4699
   E-mail:         wayne.snodgrass@sfcityatty.org
13                 edmund.wang@sfcityatty.org
                   kaitlyn.murphy@sfcityatty.org
14                 miguel.gradilla@sfcityatty.org
                   john.george@sfcityatty.org
15                 zuzana.ikels@sfcityatty.org
                   steven.mills@sfcityatty.org
16
   Attorneys for Defendants
17 CITY AND COUNTY OF SAN FRANCISCO, et al.

18                UNITED STATES DISTRICT COURT

19               NORTHERN DISTRICT OF CALIFORNIA

20 COALITION ON HOMELESSNESS; TORO          Case No. 4:22-cv-05502-DMR (LJC)
   CASTAÑO; SARAH CRONK; JOSHUA
21 DONOHOE; MOLIQUE FRANK; DAVID
   MARTINEZ; TERESA SANDOVAL;              **DEFENDANTS' RESPONSE TO PLAINTIFFS'**
22 NATHANIEL VAUGHN,                        **THIRD SET OF REQUESTS FOR**
                                           **PRODUCTION**
23          Plaintiffs,

24          vs.                            Trial Date:      October 1, 2024

25 CITY AND COUNTY OF SAN
   FRANCISCO, et al.,
26
            Defendants.
27

28

PROPOUNDING PARTY:    Plaintiffs COALITION ON HOMELESSNESS, ET AL.

RESPONDING PARTY:    Defendants CITY AND COUNTY OF SAN FRANCISCO, ET AL.

SET NUMBER:    THREE

Pursuant to Federal Rules of Civil Procedure, Rule 34, defendants CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants"), hereby respond to Plaintiffs COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN (collectively "Plaintiffs") Third Set of Requests for Production of Document as follows.

## PRELIMINARY STATEMENT

Discovery in this action is still proceeding.  Defendants have not completed their investigation of the facts relating to this action, or its discovery, legal research, and preparation for trial. Defendants' responses are based solely on information of which Defendants are currently aware and which is reasonably available.  By objecting and responding to Plaintiffs' requests, Defendants do not waive their rights to challenge the relevance, materiality, or admissibility of the requests and/or their responses thereto, and/or the documents produced by Defendants in response to the requests, or to object to the use of the requests, and/or Defendants' responses, and/or the documents produced by Defendants in response to the requests, in any subsequent proceeding or trial in this action.

## GENERAL OBJECTIONS

Each of the following objections is asserted with respect to each of the following requests.  The reiteration of specific objections with respect to a document request is not intended to waive any other of the general objections.

1.  Defendants object that the document requests are overly broad and unduly burdensome in that they seek documents that are in the possession, custody or control of Plaintiffs or are available publicly through sources that are equally available to Plaintiffs.

2. Defendants object to the document requests to the extent that they seek personal or private information concerning any individual or third party on the ground that such information, if disclosed, would invade the privacy interests of those individuals to an extent incommensurate with Plaintiffs' legitimate discovery needs.

3. Defendants object to the document requests to the extent that they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the document requests to the extent that production of all documents responsive thereto would be unreasonably difficult or expensive so as to render the process of providing a complete response unduly burdensome and oppressive.

5. Defendants object to the document requests to the extent they seek disclosure of any information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, common interest privilege and/or any other applicable privilege or protection. No such information or documents will be provided. The inadvertent production of any information or documents protected by such a privilege is not intended as a waiver of such privilege. At the time required by law or a Court order, Defendants will provide a privilege log identifying any otherwise responsive documents being withheld and the basis for such withholding if any such documents are withheld. Defendants object to identifying, and will not identify, any documents protected by the attorney-client privilege or attorney work product doctrine that were created after the date the initial complaint was filed in this action on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product. Defendants object to identifying, and will not identify, any documents reflecting internal communications between individuals working on behalf of the San Francisco City Attorneys' Office, on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product.

6. Defendants object to the document requests to the extent they prematurely seek expert opinion or reports at a time when no experts have been designated.

7. Defendants object to the document requests to the extent that the information sought is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

8.  Defendants object to the Request for Production of Documents as a whole to the extent that the instructions and definitions contained in the Request for Production of Documents purport to impose obligations on Defendants that exceed those obligations authorized by the Federal Rules of Evidence, Federal Rules of Civil Procedure or other statutes and rules governing discovery procedures.

9.  Defendants object that they have not concluded their investigation of the facts related to this action.  Accordingly, Defendants set forth responses herein based on such information and documentation as is presently known by them.  Defendants anticipate that further discovery and investigation may reveal additional information and/or documents.  Therefore, the following responses are provided without prejudice to Defendants' right to rely upon, raise or assert any subsequently discovered fact(s) or document(s), and otherwise to assert factual or legal contentions as additional fact(s) or document(s) are discovered, analyses are made and legal research is concluded.

10.  Defendants object to these requests to the extent that they seek electronically-stored information that is not reasonably accessible because of undue burden or expense.

11.  By agreeing to produce documents responsive to any particular request, Defendants do not intend to represent that there in fact exist any documents responsive to that request or that such documents are within Defendants' possession, custody or control.  Defendants will produce documents only to the extent they exist, can be located by a reasonably diligent search, are responsive and not privileged, and are within Defendants' possession, custody, or control.

12.  By objecting and responding to the Requests for Production of Documents, and each of the document Requests contained therein ("the Requests"), Defendants do not waive their rights to object to use or admission in evidence of the Requests, Defendants' responses thereto, or the documents produced by Defendants in response to the Requests, in any subsequent proceeding or trial in this or any other action.  Furthermore, by responding and producing documents, Defendants do not waive its rights to object on any ground whatsoever, at any time, to any demand for further responses to these Requests or for further responsive documents, or to any other discovery procedures involving or relating to the subject matter of these Requests.

13.  Defendants object to the document requests to the extent they seek confidential or proprietary information.  In addition, Defendants object to the document requests to the extent that

they seek information which is confidential pursuant to statutes, or designed to protect juvenile records.

14.  Defendants object to the definition of the terms "YOU" and "YOUR" insofar as they include attorneys for Defendants and anyone acting on attorneys' behalves and therefore call for attorney work product or attorney-client communications.

15.  Defendants object that the scope of these requests makes it unreasonable for Defendants to complete their production by January 18, 2024.  Defendants will continue their rolling production of responsive documents, and will keep plaintiffs apprised of the production's status.

Without waiving these objections, Defendants respond to the Request for Production of Documents, Set Three, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 37:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal or informal policies, practices, or procedures for accommodating DISABILITIES during a SWEEP OPERATION, including but not limited to YOUR formal or informal policies, practices, or procedures for identifying and documenting whether a HOMELESS PERSON has a DISABILITY and for identifying, documenting, and responding to requests for DISABILITY accommodations made by HOMELESS PERSONS during a SWEEP OPERATION.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFFD, DPW, and HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and

communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 4-7, 9, and 23-24 and on that basis Defendants are not required to search for and produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 38**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal or informal policies, practices, or procedures for handling medication or medical devices belonging to HOMELESS PERSONS during a SWEEP OPERATION, including but not limited to YOUR formal or informal policies, practices, or procedures for identifying and documenting whether a HOMELESS PERSON has medication or medical devices that should not be discarded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION,"

which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 4, 7, 9, 22, and 23, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 39**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to training provided to YOUR employees, including but not limited to HSOC employees, regarding or relating to the provision of accommodations to HOMELESS PERSONS with DISABILITIES during SWEEP OPERATIONS, in offering shelter, and in YOUR shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFFD, SFPD, HSH, and DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 4-9, 14, 16, and 23-24, and on that

basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 40**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to training provided to YOUR employees, including but not limited to HSOC employees, regarding or relating to communicating with HOMELESS PERSONS with DISABILITIES during SWEEP OPERATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFFD, SFPD, HSH, and DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 4-7, 9, 17, and 23-24 and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 41**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for documenting and responding to requests for and

the provision of DISABILITY accommodations in YOUR shelter system, including but not limited to a description of what details are contained in records of the shelter system and an IDENTIFICATION of who has authority to enter, maintain, or view records in the system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object and will not respond to this request on the ground that it seeks confidential and sensitive health information from third parties. This is not a class action and Plaintiffs' request seeks private medical information regarding nearly all homeless persons with disabilities in San Francisco. Such a request is not proportional to the needs of the case. Plaintiffs also "lack[] standing to bring suit to address the alleged violation of the constitutional rights of others." *McGhee v. San Mateo Cnty. Sheriff Dep't*, No. 23-CV-01521-HSG, 2023 WL 4331029, at *2 (N.D. Cal. July 3, 2023). Defendants object to this request as cumulative and duplicative of Request Nos. 8-9, 13-14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 42**:

All DOCUMENTS and COMMUNICATIONS documenting any DISABILITY accommodations requested by, offered to, or made for individuals staying in or seeking to stay in shelters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object and will not respond to this request on the ground that it seeks confidential and sensitive health information from third parties. This is not a class action and Plaintiffs' request seeks private medical information regarding nearly all homeless persons with disabilities in San Francisco. Such a request is not proportional to the needs of the case. Plaintiffs also "lack[] standing to bring suit to address the alleged violation of the constitutional rights of others." *McGhee v. San Mateo Cnty. Sheriff Dep't*, No. 23-CV-01521-HSG, 2023 WL 4331029, at *2 (N.D. Cal. July 3, 2023). Defendants object to this request as cumulative and duplicative of Request Nos. 8-9, 13-14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 43**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any complaints, inquiries, correspondence, requests for information, investigations, claims, litigation, or proceedings regarding or relating to DISABILITY accommodations, including the lack of DISABILITY accommodations, in shelters or during SWEEP OPERATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this

Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH and DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object and will not respond to this request on the ground that it seeks confidential and sensitive health information from third parties. This is not a class action and Plaintiffs' request seeks private medical information regarding nearly all homeless persons with disabilities in San Francisco. Such a request is not proportional to the needs of the case. Plaintiffs also "lack[] standing to bring suit to address the alleged violation of the constitutional rights of others." *McGhee v. San Mateo Cnty. Sheriff Dep't*, No. 23-CV-01521-HSG, 2023 WL 4331029, at *2 (N.D. Cal. July 3, 2023). Defendants object to this request as cumulative and duplicative of Request No. 10 and on that basis Defendants are not required to produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 44**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for communicating information about the DISABILITY accommodations available in specific shelters or shelter beds to YOUR employees conducting a SWEEP OPERATION or a HSOC ENCAMPMENT RESOLUTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from

disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object and will not respond to this request on the ground that it seeks confidential and sensitive health information from third parties. This is not a class action and Plaintiffs' request seeks private medical information regarding nearly all homeless persons with disabilities in San Francisco. Such a request is not proportional to the needs of the case. Plaintiffs also "lack[] standing to bring suit to address the alleged violation of the constitutional rights of others." *McGhee v. San Mateo Cnty. Sheriff Dep't*, No. 23-CV-01521-HSG, 2023 WL 4331029, at *2 (N.D. Cal. July 3, 2023). Defendants object to this request as cumulative and duplicative of Request Nos. 4-9, 13-14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 45**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the number and/or percentage of HOMELESS PERSONS in the City and County of San Francisco with one or more DISABILITIES, including but not limited to any data or information regarding or relating to type of DISABILITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object and will not respond to this request on the ground that it seeks confidential and sensitive health information from third parties. This is not a class action and Plaintiffs' request seeks private medical information regarding nearly all homeless persons with disabilities in San Francisco. Such a request is not proportional to the needs of the case. Plaintiffs also "lack[] standing to bring suit to address the alleged violation of the constitutional rights of others." *McGhee v. San Mateo Cnty. Sheriff Dep't*, No. 23-CV-01521-HSG, 2023 WL 4331029, at *2 (N.D. Cal. July 3, 2023).

**REQUEST FOR PRODUCTION NO. 46**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for admission into the shelter system, including but not limited to any criteria HOMELESS PERSONS must meet or any rules HOMELESS PERSONS must follow to stay in each shelter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad

because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as cumulative and duplicative of Request Nos. 4-5, 8-9, 13-14, and 23, and on that basis Defendants are not required to search for or produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 47**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures on allocating space in the shelter system for SWEEP OPERATIONS, HSOC ENCAMPMENT RESOLUTIONS, and those who are on a shelter waitlist, discharged from the hospital, or released from jail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness

or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 5, 7, 9, 13-14, and 23, and on that basis Defendants are not required to search for or produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 48**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for maintaining records and managing the shelter system, including but not limited to a description of what details are contained in records of the shelter system and an IDENTIFICATION of who has authority to enter, maintain, or view records in the system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as cumulative and duplicative of Request Nos. 3, 6, 8, 13-14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 49**:

Plaintiffs' requests did not include a Request No. 49.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

Intentionally left blank. Plaintiffs' requests did not include a Request No. 49.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for determining daily availability of shelter beds in the City and County of San Francisco, including but not limited to the policies, practices, and procedures referenced in YOUR response to Interrogatory Number 5 and all COMMUNICATIONS between HSH Guest Placement and HSOC regarding shelter bed availability for each HOMELESS PERSON at each HSOC ENCAMPMENT RESOLUTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as cumulative and duplicative of Request Nos. 2, 4, 6, 8-9, 13-14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for using and maintaining a waitlist for shelter for HOMELESS PERSONS, including but not limited to how HOMELESS PERSONS are positioned on the waitlist, when and how HOMELESS PERSONS are notified about their position on the waitlist, the amount of time between a HOMELESS PERSON reaching the top of the waitlist and the offer of

housing or shelter to said person, and the amount of time given to HOMELESS PERSONS on the waitlist to decide whether to accept or reject a shelter or housing offer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object and will not respond to this request on the ground that it seeks confidential and sensitive health information from third parties. This is not a class action and Plaintiffs' request seeks private medical information regarding nearly all homeless persons with disabilities in San Francisco. Such a request is not proportional to the needs of the case. Plaintiffs also "lack[] standing to bring suit to address the alleged violation of the constitutional rights of others." *McGhee v. San Mateo Cnty. Sheriff Dep't*, No. 23-CV-01521-HSG, 2023 WL 4331029, at *2 (N.D. Cal. July 3, 2023). Defendants object to this request as cumulative and duplicative of Request Nos. 2, 4, 6, 8-9, 13-14, and 23-24,  and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal or informal polices, practices, and procedures for conducting SWEEP OPERATIONS including but not limited to HSOC ENCAMPMENT RESOLUTIONS, during inclement weather, poor air quality, or other extreme outdoor emergencies, including but not limited to any and all DOCUMENTS and

COMMUNICATIONS regarding or relating to postponing or rescheduling SWEEP OPERATIONS due to weather, air quality, or other extreme outdoor conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFFD, SFPD, HSH, and DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 3-7, 9, and 24 and on that basis Defendants are not required to produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal or informal polices, practices, and procedures on when and how YOU determine and designate HOMELESS PERSONS as refusing or declining shelter and the result of such designation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this

Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as cumulative and duplicative of Request Nos. 5, 8-9, 13-14, and 23, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 54:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to harms or negative impacts, including adverse health impacts, on HOMELESS PERSONS resulting from or related to the loss of personal belongings or the displacement of HOMELESS PERSONS such as during SWEEP OPERATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." This request is not likely to lead to the discovery of admissible evidence. Plaintiffs' are seeking injunctive relief only and have alleged that

specific harms or damages are irrelevant. Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object and will not respond to this request on the ground that it seeks confidential and sensitive information from third parties.

**REQUEST FOR PRODUCTION NO. 55:**

Any and all DOCUMENTS AND COMMUNICATIONS regarding or relating to YOUR coordination, planning, preparation, or assistance in installing PLANTERS on public property in response to HOMELESS PERSONS, HOMELESS ENCAMPMENTS, or to respond to complaints from residents neighborhood associations, businesses, business improvement districts, including DOCUMENTS and COMMUNICATIONS from, by, and between the Department of Public Works, San Francisco Police Department, any other agencies participating in the Healthy Streets Operation Center (HSOC), members of the Board of Supervisors, and the Mayor's Office, [sic.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." This request is not likely to lead to the discovery of admissible evidence. Plaintiffs' complaint does not allege any concerns regarding planters requests nor are the implementation of planters relevant to the claims Plaintiffs allege.

**REQUEST FOR PRODUCTION NO. 56:**

Any and all DOCUMENTS AND COMMUNICATIONS regarding or relating to Department of Public Work's implementation or enforcement of "Order No: 179, 231" including but not limited to alleged, reported, suspected, or confirmed violations of or noncompliance with "Order No: 179, 231" by residents, and the Department of Public Works actions or responses to such violations or noncompliance, including whether or not PLANTERS used to address HOMELESS PERSONS or HOMELESS ENCAMPMENTS violate Order No: 179,231.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." This request is not likely to lead to the discovery of admissible evidence. Plaintiffs' complaint does not contain any allegations regarding planters nor are planters the basis of any of Plaintiffs' claims.

**REQUEST FOR PRODUCTION NO. 57:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any San Francisco Board of Supervisors Member's role in coordinating, planning, or assisting to track the offering of shelter or services to HOMELESS PERSONS, including but not limited to DOCUMENTS and COMMUNICATIONS from, by, and between the Department of Public Works, San Francisco Police Department, and any other agencies participating in the Healthy Streets Operation Center (HSOC).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants further object to this request on the grounds that it is overbroad and unduly burdensome because the requested information is irrelevant and not likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for identifying where and when to dispatch staff to respond to and engage with HOMELESS PERSONS and HOMELESS ENCAMPMENTS, including any criteria or basis used in deciding to conduct a SWEEP OPERATION or HSOC Encampment Resolution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to

have responsive information and its response is limited to DEM, HSH, and DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 3-4, 9, and 24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to San Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-202 including but not limited to alleged, reported, suspected, or confirmed violations of or noncompliance with San Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-202 by San Francisco Police Department officers and the San Francisco Police Department's actions or response to such violations or noncompliance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFPD. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications

regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to training offered on San Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-202 and DPW's "Bag and Tag" policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFPD and DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as cumulative and duplicative of Request No. 16-17, 19, 21-22, and 24, and on that basis Defendants are not required to search for or produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to changes to San Francisco Police Department Bulletins 18-137, 20-100, 23-007, 23-166, and 23-202 and DPW's "Bag and Tag" policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from

disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to DPW. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as cumulative and duplicative of Request No. 16-17, 19, 21-22, and 24, and on that basis Defendants are not required to search for or produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal and informal policies, practices, and procedures for activating body worn cameras prior to engaging with HOMELESS PERSONS or a HOMELESS ENCAMPMENT, including during a SWEEP OPERATION and HSOC ENCAMPMENT RESOLUTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFPD. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." This request is not likely to lead to the

discovery of admissible evidence. Plaintiffs' complaint does not allege any claims based on the SFPD's body worn camera policy. Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants further object to this request as cumulative and duplicative of Request No. 20 and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 63:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal or informal policies, practices, or procedures for offering shelter to HOMELESS PERSONS during a SWEEP OPERATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as

cumulative and duplicative of Request Nos. 4-9, 14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 64:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR specific offers of shelter to HOMELESS PERSONS during SWEEP OPERATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 3-9, 14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to YOUR and San Francisco Recreation & Parks Department enforcement operations, including but not limited to the issuance of a citation or arrest (and threats thereof) involving a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT pursuant to any legal provisions, including but not limited to

California Penal Code § 647(e), California Penal Code §148(a), California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F. Police Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S.F. Port Code §§ 2.9-2.10. DOCUMENTS responsive to this Request should include, but are not limited to policies, practices, and procedures, training materials, incident reports, and arrest and citation and dispatch databases.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to the Recreation and Parks Department. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "referring or relating to." Subject to and without waiving the foregoing objections, and as so interpreted, Defendants are willing to meet and confer with Plaintiffs regarding this request.

### REQUEST FOR PRODUCTION NO. 66:

Any and all DOCUMENTS covered by the Court's Order on Ongoing Disclosures (Dkt. 129).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies.

Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFPD, DPW, and HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Subject to and without waiving the foregoing objections, and as so interpreted, Defendants state as follows: Defendants will comply with the Court's orders, including those in ECF No. 129, while they are in effect.

**REQUEST FOR PRODUCTION NO. 67:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating YOUR compliance with the Court's Preliminary Injunction (Dkt. 65). including but not limited to, any training offered, any alleged, reported, suspected, or confirmed violations of or noncompliance with the Preliminary Injunction, and YOUR response to such violations or noncompliance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to SFFD, SFPD, DPW, and HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic.  Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as cumulative and duplicative of Request Nos. 4-8, 14, 16-19, and 21-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 68:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal or informal policies, practices, or procedures for offering shelter to HOMELESS PERSONS during a SWEEP OPERATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

This request is word-for-word identical to Request for Production No. 63. San Francisco incorporates its prior response here.

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 4-9, 14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 69:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR specific offers of shelter to HOMELESS PERSONS during SWEEP OPERATIONS.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

This request is word-for-word identical to Request for Production No. 64. San Francisco incorporates its prior response here.

Defendants incorporate into this response the preliminary statement and general objections set forth above. Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine—and will construe this Request not to seek any such privileged documents. Defendants object to this Request as overbroad because it seeks information from San Francisco without exhaustive reference to any division, department, or office. San Francisco has more than 150 divisions, departments, and agencies. Defendants have made a good faith effort to determine the divisions, departments, or offices likely to have responsive information and its response is limited to HSH. This Request is overbroad and not proportional to the needs of the case because it seeks "any and all" documents and communications regarding a broad topic. Defendants object to this Request as overly broad and vague and ambiguous, including the use of the phrases "regarding or relating to." Defendants object to this request as overbroad and unduly burdensome to the extent it relied on the defined term "SWEEP OPERATION," which would capture any interaction any City employee had with a person experiencing homelessness or that individual's property and provides no information or guidance about how the City is supposed to determine whether a particular individual is homeless. Defendants object to this request as cumulative and duplicative of Request Nos. 3-9, 14, and 23-24, and on that basis Defendants are not required to search for or produce any additional documents in response to this request.

Dated:  January 18, 2024

1

2                                        DAVID CHIU
                                         City Attorney
3                                        YVONNE R. MERÉ
                                         WAYNE SNODGRASS
4                                        EDMUND T. WANG
                                         KAITLYN MURPHY
5                                        MIGUEL A. GRADILLA
                                         JOHN H. GEORGE
6                                        ZUZANA S. IKELS
                                         STEVEN A. MILLS
7                                        Deputy City Attorneys

8

9                                  By:_____/s/ Kaitlyn Murphy_____
                                         KAITLYN MURPHY
10
                                         Attorneys for Defendants
11                                       CITY AND COUNTY OF SAN FRANCISCO; SAN
                                         FRANCISCO POLICE DEPARTMENT; SAN
12                                       FRANCISCO DEPARTMENT OF PUBLIC WORKS;
                                         SAN FRANCISCO DEPARTMENT OF
13                                       HOMELESSNESS AND SUPPORTIVE HOUSING;
                                         SAN FRANCISCO FIRE DEPARTMENT; SAN
14                                       FRANCISCO DEPARTMENT OF EMERGENCY
                                         MANAGEMENT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Pamela Cheeseborough, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

On January 18, 2024, I served the following document(s):

## DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

on the following persons at the locations specified:

Zal Kotval Shroff
Andrew Ntim
Nisha Kashyap
LAWYERS COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone:      415-543-9444
Facsimile:      415-543-0296
Email:      zshroff@lccrsf.org
        antim@lccrsf.org
        nkashyap@lccrsf.org

Wesley Tiu
Alfred Carroll Pfeiffer, Jr.
Kevin Wu
Tulin Gurer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:      415-391-0600
Email:      wesley.tiu@lw.com
        al.pfeiffer@lw.com
        kevin.wu@lw.com
        tulin.gurer@lw.com

John Thomas H. Do
William S. Freeman
ACLU FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone:      415-621-2493 [Do & Freeman]
Email:      jdo@aclunc.org
        wfreeman@aclunc.org

Rachel Mitchell
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone:      858-523-5400
Email:      rachel.mitchell@lw.com

[Counsel For Plaintiffs COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN]

Joseph Hyuk Lee
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:      714-540-1235
Facsimile:      714-755-8290
Email:      joseph.lee@lw.com

in the manner indicated below:

1

☒     **BY ELECTRONIC MAIL:**  Based on a court order or an agreement of the parties to accept electronic
       service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above.  Such

2      document(s) were transmitted *via* electronic mail from the electronic address:
       pamela.cheeseborough@sfcityatty.org ☒ in portable document format ("PDF") Adobe Acrobat or ☐ in Word

3      document format.

4

5
       I declare under penalty of perjury pursuant to the laws of the State of California that the
6   foregoing is true and correct.

7       Executed January 18, 2024, at San Francisco, California.

8

9                                                  _____

10                                                  Pamela Cheeseborough

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28