LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap, SBN 301934
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' UNOPPOSED ADMINISTRATIVE MOTION FOR LEAVE TO FILE STATEMENT OF RECENT DECISION** <br><br> **Judge:**     The Hon. Donna M. Ryu |

## I.  INTRODUCTION

Pursuant to Local Rule 7-11, Plaintiffs move for leave to submit this Statement of Recent Decision in support of their pending Motion to Enforce as to the Fourth Amendment claims ("Motion"). (Dkt. 130.) Attached as **Exhibit A** is a true and correct copy of *Tyson et al., v. City of San Bernardino*, No. 5:23-CV-01539, Dkt. 63 (C.D. Cal. Jan. 12, 2024), an opinion and order granting a preliminary injunction enjoining the City of San Bernardino "from conducting operations involving or related to the removal of unhoused people and/or their attended and/or unattended personal property from parks and other publicly accessible locations in the City." *Tyson*, No. 5:23-CV-01539, Dkt. 63 at 16.

## II.  LEGAL STANDARD

Courts permit submission of newly-released decisions after a motion has been heard where the decision involves highly similar factual allegations and addresses unsettled areas of law, or is "persuasive on an important issue," and is not cumulative of cases already submitted. *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 793, fn. 4 (N.D. Cal. 2015) (citing *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), aff'd, 495 F. App'x 830 (9th Cir. 2012)). The additional authority need not be controlling precedent. *Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 909. Parties may submit additional authority upon obtaining leave of court, and a motion filed under Rule 7-11 is the appropriate vehicle for seeking leave. *Id.* "While any motion seeking leave to file additional authority after a hearing should still avoid arguing the merits to the extent possible, it should concisely explain why the criteria . . . is satisfied." *Id.*

## III.  ARGUMENT

The *Tyson* preliminary injunction was issued on highly similar factual allegations and persuasively supports the relief Plaintiffs seek in the pending Motion. The *Tyson* plaintiffs—individuals experiencing homelessness and an association that serves individuals experiencing homelessness—alleged that the City of San Bernardino improperly seized and destroyed the personal property of people experiencing homelessness, and that the city failed to follow its policy

for the handling and storage of personal property during encampment cleanups. *Tyson*, No. 5:23-CV-01539, Dkt. 63 at 2, 4.

The plaintiffs sought a preliminary injunction enjoining the city from removing people and their property from encampments until the city submitted and the court approved a plan requiring lawful storage and documentation practices, training for city workers who interact with people with disabilities, and a self-evaluation of the city's programs and activities within one year. *Id.* at 4-5. The court granted the preliminary injunction, and stated it would consider vacating the injunction only if the city "crafts and presents a lawful revised Policy regarding homeless encampment clean up operations and if that revised Policy is approved by the Court." *Id.* at 15.

The *Tyson* decision supports the relief Plaintiffs seek in the pending Motion to address extensive evidence of property destruction in violation of the preliminary injunction. The *Tyson* court enjoined *all* property removal until the city can show the court that it will implement a policy that will not result in further constitutional violations. Plaintiffs similarly seek additional training, documentation, and compliance reporting to allow Plaintiffs and the Court to verify that San Francisco's bag and tag policy is being followed and that any violations are actively monitored and corrected. (*See* Dkt. 130 at 7; Dkt. 196 at 5.)

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs request leave to file this Statement of Recent Decision.

Dated: February 2, 2024                   Respectfully submitted,

By: /s/ Nisha Kashyap
Nisha Kashyap

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org

*Attorneys for Plaintiffs*

2