[Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:　August 7, 2024<br>Time:　　　　　1:30 PM<br>Place:　　　　　Courtroom 4, 3rd Floor<br>　　　　　　　　1301 Clay Street<br>　　　　　　　　Oakland, CA 94612<br><br>Trial Date:　　May 1, 2025 |


Pursuant to Local Rule 16-10(d), the parties submit this Joint Case Management Statement, reporting changes since the last Joint Case Management statement dated January 10, 2024 (Dkt. No. 201).

1. **JURISDICTION AND SERVICE**

Plaintiffs' Statement

The Court need not address Defendants' piecemeal standing argument in the context of a joint case management conference statement, but Plaintiffs briefly respond to correct Defendants' misreading and misapplication of *F.D.A. v. All for Hippocratic Medicine*, 602 U.S. 367 (2024).

"The Coalition on Homelessness unquestionably has standing to pursue all forms of relief sought through this lawsuit." Dkt. No. 128 at 5. Contrary to Defendants' overstatement, *Hippocratic Medicine* does not change that. Instead, *Hippocratic Medicine* affirmed that an "organization may have standing 'to sue on their own behalf for injuries they have sustained.'" *Id.* at 393 (*quoting Havens Realty Corp. v. Coleman*, 455 U. S. 363, 379 (1982)). The Coalition on Homelessness does not allege mere spending, but rather that Defendants' encampment practices directly interfere with the organization's "core" activities which can establish standing, as it did in *Havens Realty Corp*. *Hippocratic Medicine*, 602 U.S. at 395. Moreover an organization can assert standing on behalf of its members.

Plaintiffs will respond further to any briefing, but the Ninth Circuit dictates that the Court need not consider piecemeal standing arguments as long as one plaintiff has standing. Dkt. No. 128 at 5-6.

Defendants' Statement

Defendants maintain that both the Coalition on Homelessness and the Individual Plaintiffs lack standing to assert their claims and prayer for relief. Their lack of Article III standing prevents the Court from exercising jurisdiction over the action.

In particular, the Court previously found Plaintiff Coalition on Homelessness had standing through a diversion of resources theory when it denied Defendants' motion to dismiss the Individual Plaintiffs for lack of standing. (Dkt. No. 128). During the stay of these proceedings, the United States Supreme Court drastically restricted organizational standing based on a diversion of resources theory. Specifically, the Supreme Court clarified as a matter of law that "an organization that has not suffered

a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action. An organization cannot manufacture its own standing in that way." *F.D.A. v. All. for Hippocratic Medicine*, 144 S.Ct. 1540, 1563 (2024). This recent decision further demonstrates the Coalition on Homelessness's lack of standing to pursue the claims here.

Additionally, the Coalition on Homelessness cannot have standing for their Fourth Amendment claims (claims three and four) as a matter of law because "[t]o establish standing to challenge governmental intrusions under the Fourth Amendment, an individual must demonstrate their reasonable expectation of privacy in a place searched, or meaningful interference with their possessory interest in property seized." *U.S. v. Baker*, 58 F.4th 1109, 1116 (9th Cir. 2023) (citing *Lavan v. City of L.A.*, 693 F.3d 1022, 1027-1029 (9th Cir. 2012)). It is undisputed that the Coalition on Homelessness has no cognizable Fourth Amendment interest in the property allegedly seized. Furthermore, "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-134 (1978). The Coalition on Homeless therefore cannot raise Fourth Amendment claims on behalf of anyone else as a matter of law.

Plaintiffs' argue that the Court does not need to consider piecemeal standing arguments as long as one plaintiff has standing. But as the Defendants' note, Coalition on Homelessness does not have standing as a matter of law, and there has been no determination that any other individual plaintiff has standing to justify the Court's jurisdiction. At the time the stay was sought, most plaintiffs were housed. Resolving the Coalition on Homelessness' standing for each claim that it invokes will streamline litigation, including the scope of appropriate discovery in this case.

**3.    LEGAL ISSUES**

The parties agree Claims 1-4 in the Second Amended Complaint (Dkt. 135) should be dismissed in light of *City of Grants Pass v. Johnson*, 144 S.Ct. 2202 (2024) and that Claims 5-8 should remain, but disagree about the scope of *Grants Pass'* impact on Claims 9-13.

<u>Plaintiffs' Statement</u>

In light of *City of Grants Pass v. Johnson*, 144 S.Ct. 2202 (2024), Plaintiffs intend to move to amend the complaint to remove Claims 1-4 in the Second Amended Complaint and add claims

regarding the City's failure to provide shelter or housing in its encampment practices. But no other claims need to be modified or eliminated as those claims were not at issue in *Grants Pass*, nor do those claims rely on the Eighth Amendment theories that underly *Grants Pass*. Further, Plaintiffs do not agree that the property-related claims are only against the Department of Public Works. All other Defendant agencies are involved in the unconstitutional property destruction, which often occurs at multi-agency coordinated encampment sweeps, alleged in this action. The additional Defendants are called upon to help enforce or otherwise assist or direct DPW in its unlawful actions concerning the property-related claims.

Furthermore, Plaintiffs understand that the City has announced and is engaging in[1] additional enforcement regarding encampments and related property. Concerned that such enforcement may give rise to violations of law, Plaintiffs will raise any issues as appropriate.

Defendants' Statement

*City of Grants Pass v. Johnson*, 144 S.Ct. 2202 (2024) held that the enforcement of generally applicable laws regulating camping on public property does not constitute cruel and unusual punishment prohibited by the Eighth Amendment. In doing so, the Supreme Court substantially limited the legal issues at play in this lawsuit, eliminating Plaintiffs' claims that depend on allegations that City employees remove unhoused people from public space and/or arrest, cite, or fine someone for the associated conduct. *Grants Pass* requires the Court dismiss with prejudice claims 1-4 in their entirety. It also requires the Court dismiss with prejudice the portion of claims 9-13 that rely on a theory of liability predicated on San Francisco removing unhoused people from public spaces (claims 9-10), and/or arresting, citing, or fining individuals (claims 11-13).

Focusing this case on the property-based issues alleged in the Complaint also causes several of the named Defendants to drop out. Of the five City agencies named in the Complaint, only the Department of Public Works should remain. Dismissing the other four City agencies individually named has the effect of also eliminating Plaintiffs' thirteenth cause of action for conspiracy.

---

[1] "'Aggressive' San Francisco homeless camp sweeps begin," *available at* https://sfstandard.com/2024/07/30/san-francisco-aggressive-homeless-camp-sweeps-begin/ (last visited July 31, 2024).

Defendants oppose any effort to expand the claims in this case and remain committed to working with Plaintiffs to resolve any disputes Plaintiffs have about circumstances on the ground through the meet and confer process.

As described below in Section 4, in the event the parties are not able to reach an agreement and stipulate to which claims and parties should be dismissed with prejudice, San Francisco intends to file a motion to dismiss any amended pleading or a motion for judgment on the current pleadings so that, among other jurisdictional and legal defects, the Court can rule on the impact *Grants Pass* has on the operative complaint.

**4.     MOTIONS**

A.     Motions Since The Last CMC Statement and Order

*Defendants' Motion to Stay* (Dkt. No. 204): Defendants filed a Motion to Stay on January 17, 2024, which the Court granted in part on February 23, 2024, (Dkt. No. 222), staying the case until 30 days after the Supreme Court issued an opinion in *City of Grants Pass v. Johnson*, 144 S.Ct. 2202 (2024) but ordered Defendants to continue to provide all disclosures as ordered in the May 25, 2023 Order (Dkt. 129). The Supreme Court issued its opinion on June 28, 2024. The stay therefore expired July 28, 2024.

*Defendants' Appeal of the Preliminary Injunction* (Dkt. No. 88): Defendants filed a notice of appeal as to the preliminary injunction on January 23, 2023. On January 11, 2024, the Ninth Circuit issued an Opinion and a Memorandum disposition resolving the issues in Defendants' appeal. The Ninth Circuit then granted Defendants' motion to extend time to file a petition for panel rehearing and/or rehearing en banc on January 25, 2024. On July 8, 2024, the Ninth Circuit withdrew its prior opinions in light of the United States Supreme Court's decision in *City of Grants Pass v. Johnson*, 144 S.Ct. 2202 (2024) and filed a memorandum disposition replacing both withdrawn decisions. The memorandum disposition affirmed in part and vacated and remanded in part the preliminary injunction, holding that the preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment and affirmed as it related to Plaintiffs' claims under the Fourth Amendment enjoining the City from violating its "bag and tag" policy.

*Defendants' Administrative Motion to Relate.* On March 21, 2024, Defendants filed an administrative motion to relate this instant case with Jane Roe et al. v. City and County of San Francisco, Case no. 3;24-cv-01562-AMO. On March 27, 2024, the Court denied the motion.

### B. Pending Motions

*Plaintiffs' Motion to Enforce the Preliminary Injunction (as to the Fourth Amendment claim)* (Dkt. 130): The Court heard arguments on the motion to enforce and denied without prejudice the portions of the motion directed to compliance with the preliminary injunction as it pertained to Plaintiffs' Eighth Amendment claim. With regard to the Fourth Amendment claim, the Court ordered Defendants to submit declarations on training and number employees how engage with unhoused people (Dkts. 180, 193, and 196). The Court also asked the City whether it would voluntarily consider "simple, uniform and clear communications to be used by SFPD officers in their interactions with homeless individuals about their rights in the context of requests to relocate" and directed Judge Cisneros to determine the timing and format for discussing such communications with Defendants.

On February 2, 2024, Plaintiffs moved for leave to submit a Statement of Recent Decision in support of their pending Motion to Enforce as to the Fourth Amendment claims (Dkt. 130) concerning *Tyson et al., v. City of San Bernadino*, No. 5:23-cv-01539, Dkt. 63 (C.D. Cal. Jan. 12, 2024).

### C. Anticipated Motions

<u>Plaintiffs' Statement</u>

*Motion to Amend the Complaint:* As described below, Plaintiffs will seek leave to amend the Complaint.

*Discovery Motions*: Plaintiffs are committed to resolving discovery issues with the Defendants, but may need to bring motions to compel should the parties be unable to agree.

*Pre-Trial Motions*: Plaintiffs may file pre-trial motions, including a motion for summary judgment.

<u>Defendants' Statement</u>

*Motion for Judgment on the Pleadings*: The parties agree the Supreme Court's decision in *City of Grants Pass v. Johnson*, 144 S.Ct. 2202 (2024) impacts this lawsuit, but disagree about the scope of its impact. In the event that the parties cannot agree as to which claims should be dismissed with

prejudice given the change in law, Defendants intend to file a motion for judgment on the pleadings. Resolving the question of which claims remain streamlines the litigation for all parties because the motion can be decided based on the allegations in the complaint and without the additional facts and evidentiary support that would be necessary at summary judgment. As Defendants noted above, a motion for judgment on the pleadings can also resolve jurisdictional issues and other legal defects with Plaintiffs' claims.

*Periodic Discovery Order* (Dkt. 129): The Court issued an order regarding ongoing discovery to assess compliance with the Court's preliminary injunction on May 25, 2023. The order largely contained stipulated terms. By its own terms, document productions under the order are suspended if the preliminary injunction is stayed or overturned. The Ninth Circuit's order on the City's appeal of the preliminary injunction overturned the injunction as it relates to Plaintiffs' Eighth Amendment claims. The parties agree that the Ninth Circuit's order narrows the scope of the periodic discovery, but have not been able to reach a complete agreement on the extent of that narrowing. Defendants anticipate filing a discovery letter on the issue if the parties are not able to reach an agreement. The City's next periodic production is due Thursday August 8, 2024. Defendants are complying with the Periodic Discovery Order absent further guidance from the Court.

*Discovery-Based Motions*: In the event the parties are unable to reach an agreement, Defendants anticipate moving to increase the number of depositions, which is presently limited to 14 per side (ECF No. 74), in order to depose those witnesses who may appear at trial. Defendants are hopeful their proposal, described below in Section 8, regarding Supplemental Disclosures will help the parties resolve their disagreements on the issue of depositions.

*Pre-Trial Motions*: Defendants anticipate filing pre-trial motions, including a motion for summary judgment on the timeline set in the Court's case management order.

/ / /

/ / /

/ / /

/ / /

/ / /

## 5. AMENDMENT OF PLEADINGS

Plaintiffs' Statement

In light of *Grants Pass* and the City's new plans[2] on resolving encampments, Plaintiffs intend to amend the Complaint to remove Claims 1-4 and add claims regarding the City's failure to provide shelter or housing in its encampment practices. Plaintiffs otherwise reserve the right to seek leave pursuant to Fed. R. Civ. P. 15.

Defendants' Statement

Defendants successfully moved to dismiss Plaintiffs original and first amended complaint, and then filed an answer to the Second Amended Complaint on September 22, 2023. (Dkt. No. 189). Defendants would oppose a request for leave to file a Third Amended Complaint at this point, especially one that seeks to add new claims. The deadline to amend has long since passed and Plaintiffs have not met the standard to show why amendment is appropriate. (Dkt. Nos. 84, 128). Although Defendants have not yet seen any proposed amended complaint, any amendment that attempts to revive the claims eliminated by *Grants Pass* would also likely be futile. Should Plaintiffs file a third amended complaint Defendants reserve their right to file a motion to dismiss after seeing the proposed pleading.

## 8. DISCOVERY

The parties have served requests for productions and interrogatories, and have responded to such requests. Now that the stay issued on February 23, 2024 has expired, the parties intend to work diligently to resolve a number of disputes regarding the parties' document productions and will present any unresolved disputes to the Court as necessary. Additionally, in light of *Grants Pass*, the parties have been conferring whether any amendments to the Order Regarding Ongoing Discovery to Assess Compliance with the Court's Preliminary Injunction (Dkt. 129) are appropriate, and the parties will present any unresolved disputes to the Court as unnecessary.

/ / /

---

[2] "Mayor Breed says 'very aggressive' sweep of S.F. homeless encampments will launch in August," available at https://www.sfchronicle.com/sf/article/mayor-breed-says-aggressive-sweep-of-sf-19582134.php (last visited July 24, 2024)

1   Plaintiffs' Statement

2   *Document Production and Interrogatories.*  Prior to the issuance of the stay, Plaintiffs had
3   served Defendants with both requests for production and requests for responses to interrogatories, but,
4   Defendants' responses had been deficient.  Now that the stay has expired, Plaintiffs intend to confer
5   with Defendants regarding the status of their Defendants' discovery and work cooperatively to resolve
6   any issues.  Plaintiffs are also working diligently to respond to Defendants' discovery requests now
7   that the stay has lifted and are confident that it can be completed in the time allotted.  Plaintiffs do not
8   view *Grants Pass* as having changed the scope of discovery, particularly in light of Plaintiffs' non-
9   Eighth Amendment claims.

10   *Supplemental Initial Disclosures.*  Plaintiffs agree that the parties should file supplemental
11   disclosures. With discovery still ongoing, it would be premature to make decisions about trial
12   witnesses until document productions are substantially complete.  As such, Plaintiffs do not believe it
13   is appropriate for the parties to organize their witnesses on the supplemental disclosure into "will call"
14   or "may call" categories at this time.

15   *Depositions*.   Plaintiffs see no reason to deviate from the previously agreed upon number of
16   depositions and believe it is premature to identify of trial witnesses until document productions are
17   substantially complete.  Nonetheless, Plaintiffs are willing to continue to meet and confer with
18   Defendants regarding the number of depositions particularly following supplemental disclosures.

19   Defendants' Statement

20   *Discovery Letters.* The Court's order states that if the parties are not able to reach an agreement
21   through the meet and confer process, they should file a joint letter of no more than five pages no more
22   than five business days after the last meet and confer session. Defendants are committed to working
23   with Plaintiffs to resolve their disputes around Plaintiffs' deficient productions without the need to
24   resort to Court intervention, but in the event that a discovery letter is necessary, Defendants seek to
25   confirm that the parties are not limited to one letter covering each set of discovery.

26   *Supplemental Initial Disclosures*. All parties indicated they intend to file Supplemental
27   Disclosures now that the stay has lifted. The Initial Disclosures served in January 2023 each included
28   more than 50 trial witnesses. In order to allow all parties to prioritize discovery during the next four

months, Defendants ask that the Court order the parties to categorize their witnesses on the Supplemental Disclosures into "will call" and "may call" categories and that the Supplemental Disclosures be served no later than August 14, 2024, one week after the Case Management Conference.

*Depositions*. As described above in Section 4, Defendants may seek to modify the number of depositions, which is presently limited to 14 per side (ECF No. 74) to depose some or all of the more than 60 fact witnesses who have submitted declarations in support of Plaintiffs' motions already on file, and which Plaintiffs have incorporated into their discovery responses. Defendants hope that if the Court requires the parties to categorize the individuals in their Supplemental Disclosures into "will call" and "may call" categories this will help the parties reach a mutual resolution on the issue of depositions.

## 12. SETTLEMENT AND ADR

Plaintiffs' Statement

Plaintiffs remain open to further settlement discussions.

Defendants' Statement

The parties have spoken about the potential for further settlement discussions since the stay lifted. Defendants remain willing to engage in good faith settlement discussions, but do not believe an order to appear at a mandatory settlement conference at this point would be fruitful or an effective use of Magistrate Judge Cisneros' time.

## 14. NARROWING OF ISSUES

The parties are committed to determining whether certain issues can be narrowed by agreement.

Dated: July 31, 2024

                            DAVID CHIU
                            City Attorney
                            YVONNE R. MERÉ
                            WAYNE SNODGRASS
                            EDMUND T. WANG
                            KAITLYN MURPHY
                            MIGUEL A. GRADILLA
                            JOHN H. GEORGE
                            STEVEN A. MILLS
                            Deputy City Attorneys

                         By: */s/ Kaitlyn Murphy*

                            Attorneys for Defendants
                            CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

Dated: July 31, 2024

                         By: */s/ John Thomas H. Do\*\**

                            ACLU FOUNDATION OF NORTHERN CALIFORNIA
                            John Thomas H. Do, SBN 285075
                            William S. Freeman SBN 8202
                            39 Drumm Street San Francisco, CA 94111
                            Telephone: (415) 293-6333
                            jdo@aclunc.org
                            wfreeman@aclunc.org

                            Attorneys for Plaintiffs
                            COALITION ON HOMELESSNESS, TORO CASTAÑO, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, TERESA SANDOVAL, NATHANIEL VAUGHN

\*\* I, Kaitlyn Murphy, am the ECF user whose user ID and password authorized the filing of this document. Under Civil Local Rule 5-1(i)(3), I attest that all signatories to this document have concurred in the filing.

DATED: July 31, 2024                                     /s/ *Kaitlyn Murphy*

                                                                              Kaitlyn Murphy