UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 22-cv-05502-DMR <br><br> **ORDER ON SEALING MOTION** <br><br> Re: Dkt. Nos. 142, 171 |

Plaintiffs filed a motion to enforce the preliminary injunction. Defendants filed an administrative motion to file under seal portions of their opposition to that motion. [Docket No. 142 (Mot. to Seal).] Specifically, Defendants seek to seal "confidential information about offers of shelter San Francisco made to Plaintiffs and third parties," citing California Welfare and Institutions Code section 10850. *Id*. at 2. This information is pertinent to Plaintiffs' Eighth Amendment claim. Plaintiffs recently confirmed that the Eighth Amendment claim is no longer viable in light of the Supreme Court's ruling in *City of Grants Pass, Oregon v.* Johnson, 144 S. Ct. 2202 (2024). [*See* Docket No. 230 at 2.]

The evidence Defendants seek to seal pertains to a claim that is no longer at issue. The public's interest in disclosure of such information is therefore greatly diminished. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (discussing public policies regarding right of access to dispositive and non-dispositive materials). Accordingly, the motion is denied as moot. As a practical matter this means that the redacted versions will be viewable by the public, but the unredacted versions will not.

Going forward, if either side seeks to file information that arguably falls under California Welfare and Institutions Code section 10850, the parties shall first meet and confer regarding

1  whether that information should be filed under seal and shall file either a stipulation regarding

2  sealing and/or a joint motion to seal that satisfies the requirements of Civil Local Rule 79-5.

4  **IT IS SO ORDERED.**

5  Dated: August 5, 2024



Donna M. Ryu
Chief Magistrate Judge

2