DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-4675 (Snodgrass)
(415) 554-3857 (Wang)
(415) 554-6762 (Murphy)
(415) 554-3870 (Gradilla)
(415) 554-4223 (George)
(415) 355-3304 (Mills)
Facsimile: (415) 554-4699
E-mail: wayne.snodgrass@sfcityatty.org
edmund.wang@sfcityatty.org
kaitlyn.murphy@sfcityatty.org
miguel.gradilla@sfcityatty.org
john.george@sfcityatty.org
steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER MODIFYING ORDER REGARDING ONGOING DISCOVERY TO ASSESS COMPLIANCE WITH THE COURT'S PRELIMINARY INJUNCTION (DKT 129)**<br><br>Trial Date: May 1, 2025 |

Pursuant to Civil Local Rule 7-12, Defendants and Plaintiffs (collectively, the "Parties"), through their counsel of record, enter into the following stipulation.

**STIPULATION**

WHEREAS, on December 23, 2022, the Court issued the Order on Motion for Preliminary Injunction (Dkt. No. 65, "Preliminary Injunction");

WHEREAS, on May 25, 2023, the Court, pursuant to the Parties' stipulation, issued the Order Regarding Ongoing Discovery to Assess Compliance with the Court's Preliminary Injunction (Dkt. No. 129);

WHEREAS, on July 8, 2024, following issuance of the U.S. Supreme Court's opinion in *City of Grants Pass v. Johnson*, 144 S.Ct. 2202 (2024), the U.S. Court of Appeals for the Ninth Circuit vacated the Preliminary Injunction "insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment" and affirmed the Preliminary Injunction "on Plaintiffs' Fourth Amendment claims";

WHEREAS, the Parties have met and conferred regarding modifying the Order Regarding Ongoing Discovery to Assess Compliance with the Court's Preliminary Injunction in light of the modified Preliminary Injunction; and

WHEREAS, the Parties have agreed to modify the Order Regarding Ongoing Discovery to Assess Compliance with the Court's Preliminary Injunction;

THEREFORE, IT IS HEREBY AGREED AND STIPULATED, subject to the Court's approval, that:

1. The Order Regarding Ongoing Discovery to Assess Compliance with the Court's Preliminary Injunction (Dkt.No.129) is modified and superseded by this [Proposed] Order, which reflects the Parties' modifications.

IT IS SO STIPULATED.

Dated: August 7, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: s/ *John H. George*
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

Dated: August 7, 2024

By: **s/ *Nisha Kashyap*

JOHN THOMAS H. DO
WILLIAM S. FREEMAN
ACLU Foundation Of Northern California

ANDREW NTIM
NISHA KASHYAP
Lawyers' Committee for Civil Rights of the San Francisco Bay Area

ALFRED C. PFEIFFER, JR.
WESLEY TIU
KEVIN WU
TULIN GURER
JOSEPH H. LEE
RACHEL MITCHELL
Latham & Watkins LLP

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS, et al.

***Pursuant to L.R. 5-1(h)(3), the electronic signatory attests that each of the other Signatories have concurred in the filing of this document.*

**[~~PROPOSED~~] ORDER**

WHEREAS the Parties have met and conferred regarding the ongoing disclosures Plaintiffs seek to assess Defendants' compliance with the Court's Preliminary Injunction Order (Dkt. No. 65) as modified by the Ninth Circuit's July 8, 2024 Memorandum;

WHEREAS the Parties have agreed and stipulated to the following disclosures for this purpose to continue until the close of fact discovery,

WHEREAS this agreement is made without prejudice to Plaintiffs seeking additional discovery in the future,

THEREFORE, it is **ORDERED** as follows:

This Order supersedes the Order Regarding Ongoing Discovery to Assess Compliance with the Court's Preliminary Injunction (Dkt. No.129).

<u>NOTICE OF ONGOING OPERATIONS</u>

1. Defendants shall provide to Plaintiffs' counsel 72-hour advance notice of the date, time, and cross street location of any homeless encampment operation that is planned at least 72 hours in advance, involving two or more HSOC-participating agencies (including the San Francisco Police Department (SFPD), San Francisco Fire Department (SFFD), Department of Public Works (DPW), Department of Emergency Management (DEM), and Department of Homelessness and Supportive Housing (HSH)), and whenever Public Works posts a notice of planned removal of property or is required to do so as described in Section 4 of Public Works' current Bag and Tag policy. This notice requirement applies, without limitation, to HSOC encampment operations and to JFO operations.

2. If such an interagency homeless encampment operation is planned between 24 and 72 hours in advance, Defendants shall ensure that the agencies that plan or participate in these operations are made aware of this notice requirement, and that they will promptly notify Defendants' counsel of any such operations. Defendants' counsel in turn shall promptly notify Plaintiffs of any such operations.

3. Defendants shall provide to Plaintiffs' counsel 24-hour advance notice of the date, time, and cross street location of any regular encampment cleanings conducted by Hot Spot crews, as described in Section 4 of Public Works' current Bag and Tag policy.

4. Updated notice shall be provided if the City's schedule changes within the designated notice period.

ONGOING PERIODIC DOCUMENT DISCLOSURES

5. **SFPD Data:** On a periodic basis, Defendants shall produce summary citation and arrest data and individual incident reports, including the date, time and location of each incident, pertaining to enforcement of Cal. Penal Code§ 647(e), San Francisco Police Code §168, and San Francisco Police Code § 169 against unhoused individuals that include either of the following terms in the narrative section of the incident report: "property" or "tent." Defendants shall also produce summary citation and arrest data and individual incident reports pertaining to enforcement of Cal. Penal Code § 148(a) that include in the narrative section of the incident report the term "homeless" and either of the following terms: "property" or "tent." This stipulation expressly does not prohibit Plaintiffs from requesting incident reports for additional incidents beyond those set forth in this paragraph through ordinary fact discovery.

6. Defendants shall produce for each set of incident reports, upon request from Plaintiffs, bodycam footage related to 5 incidents, collectively totaling not more than 2 hours in length for each set. The Parties will meet and confer regarding Plaintiffs' request for bodycam footage as necessary to facilitate the request or if the total footage is longer than 2 hours in length. Defendants will make their best efforts to provide the requested footage as soon as practicable, but in any event no later than 28 days after the request. This stipulation expressly does not prohibit Plaintiffs from requesting additional bodycam footage for additional incidents or additional duration beyond the specific bodycam footage requests set forth in this paragraph through ordinary fact discovery.

7. **DPW Data:** On a periodic basis, Defendants shall produce bag and tag logs of unhoused individuals' personal property.

8. **Compliance/Training Documents:** Defendants shall produce promptly after they are issued any department bulletins, training materials, or similar documents or memoranda regarding compliance with the Court's Preliminary Injunction Section V.II. (Dkt. No. 65 at 50:14-15). This stipulation is independent of any obligation to document DPW's training on the bag and tag policy pursuant to the Court's Order on Plaintiffs' Motion to Enforce. (Dkt. No. 231 at 11:10-22.)

9. Unless otherwise provided for, all above document disclosures from the three prior weeks shall be provided by Defendants to Plaintiffs every three weeks, until the close of fact discovery. These periodic productions will be suspended if the injunction is stayed or overturned.

**IT IS SO ORDERED.**

Date: August 7, 2024

HONORABLE DONNA M. RYU
United States Chief Magistrate Judge