

August 19, 2024

August 19, 2024

<u>VIA ECF</u>
Hon. Donna M. Ryu, Chief United States Magistrate Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4—3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re:   *Coalition on Homelessness, et al. v. City and County of San Francisco, et al.*
              United States District Court Case No. 4:22-cv-05502-DMR

Dear Judge Ryu:

      The parties submit this joint letter in response to the Court's Order on Motion to Enforce The Preliminary Injunction Re: Fourth Amendment Claim ("Order"), Dkt. 231. The Order concluded additional training of DPW employees was necessary to comply with the preliminary injunction and ordered the parties to meet and confer on a joint proposal regarding the appropriate contents of future training for DPW employees "on the bag and tag policy, attendance, and frequency of such trainings," and "on how to document DPW's training on the bag and tag policy going forward, including the periodic submission of sworn declaration(s) describing training on the bag and tag policy to the court." Order at 11.

      After meeting and conferring by telephone, the parties have reached an agreement on the majority of components of future training, which are laid out in the attached Proposed Order. However, the parties reached an impasse on two issues: (1) Training on Pre-Removal Notices and (2) Training on the Limits on Personal Property. The parties lay out their competing positions on those two issues in this letter. The disputed areas also appear in the proposed order **in bold font.**

      Consistent with the Court's requirement for discovery letters: the case management deadlines are as follows: (1) fact and expert discovery cut-off: November 26 and December 24, 2024, respectively; (2) the last day to hear or file dispositive motions: December 19, 2024 and January 23, 2025, respectively; and (3) pretrial conference and trial dates: April 16, and May 1, 2025, respectively. Dkt. No. 223.

      **I.**      **<u>Training on Pre-Removal Notices</u>**

      *Plaintiffs' Proposal*:

      The parties agree that the training should include further information about the definitions of "pre-planned encampment resolutions," "regular encampment cleaning," and "routine cleaning operations" as those terms are used in the policy. Plaintiffs contend that training also should be provided on what pre-removal notice must be provided and how to ensure the appropriate pre-removal notice has been provided prior to proceeding with property removal.

      Under the policy, Defendants must provide 72 hours advance written notice for pre-planned encampment resolutions and 24 hours advance written notice for regular encampment cleanings, unless the site presents "imminent health or safety hazards." (Dkt. No. 62-1 at 3.)



Defendants have represented that the Homeless Outreach Team ("HOT") posts the requisite advance written notice, and that the Department of Public Works ("DPW") does not accompany the HOT when it posts the notice. Accordingly, to ensure compliance with the policy's notice requirements, DPW employees must be trained (1) on what appropriate pre-removal notice is, (2) how to ensure that such notice has been provided before they proceed with property removal, and (3) steps to take if notice has not been provided. Alternately, or in addition, the HOT members responsible for posting notice should be trained on compliance with the notice requirements and any requisite coordination with DPW. Defendants cannot evade their obligation to train on the notice requirements simply because a different City agency is responsible for posting the notice. All Defendants are bound by the policy including the HOT.

Plaintiffs disagree with Defendants' characterization of this proposal as "untethered" from the Court's order. Plaintiffs' Motion to Enforce was supported by evidence of violations of the notice requirement. *See e.g.*, Dkt. No. 130-0 (Verner-Crist Supp. Decl.) ¶ 10-11, Dkt. No. 130-24 (Adams Decl.) ¶ 4, 7, Dkt. No 130-23 (Murdock Decl.) ¶ 5, Dkt. No. 130-25 (Harding Decl.) ¶ 3, Dkt. No. 130-26 (Melendez Decl.) ¶ 8. The Court refused to consider Defendants' objections to Plaintiffs' evidence. Order at 5, FN 6.

Training on the pre-removal notice requirements of the policy is crucial because, in addition to the evidence of notice violations adduced in support of Plaintiffs' Motion to Enforce, notice violations appear to persist. Plaintiffs have identified recent examples of apparent notice violations for Defendants, including incidents associated with planned HSOC encampment resolutions, and are prepared to provide the Court with further details, if desired.[1]

***Defendants' Response:***

Plaintiffs' request involves more than training DPW employees on the current bag and tag policy. It involves imposing new obligations on DPW outside the policy to double check the work of other City departments. For this reason, the Court should reject Plaintiffs' proposal.

The Homeless Outreach ("HOT") Team—not DPW—posts on-site notices days in advance of an HSOC encampment resolution. DPW does not accompany HOT when they post the notices nor does DPW decide the location of the HSOC resolutions where the notices must be posted. Nevertheless, Plaintiffs seek to have the Court require DPW to train its employees on a new obligation—to ensure that the appropriate pre-removal notice has been posted at an HSOC resolution. The City objects to Plaintiffs' request to train DPW employees on an obligation that does not exist.

---

[1] Plaintiffs also are concerned by public statements made by City officials indicating that encampment resolutions are now intentionally taking place without notice. For example, Brandon Cunningham, the SFFD's incident commander told a reporter that, when the HSOC team finished its scheduled operation early, the team of officials decided to move down the street to continue clearing encampments. "'Aggressive' homeless camp sweeps begin in San Francisco," *available at* https://sfstandard.com/2024/07/30/san-francisco-aggressive-homeless-camp-sweeps-begin/ (last accessed on August 17, 2024). Plaintiffs reserve the right to further address violations of the notice requirements, as well as to challenge policies or practices—such as how Defendants interpret and implement the bag and tag policy—that deprive unhoused people in San Francisco of their constitutional due process rights.



The fact that DPW employees do not have obligation to verify whether HOT posted the pre-removal notice means Plaintiffs proposal for how to train DPW employees on this obligation should also be rejected because it is under-developed. Plaintiffs ask the Court to order DPW to train its employees on "how to ensure that such notice has been provided," without any explanation of what they propose the new policy should be. Without that information DPW lacks sufficient guidance to implement the order Plaintiffs seek, and granting Plaintiffs request would risk unfairly putting DPW in the position of having to guess at the meaning of a Court order.

Plaintiffs' request regarding pre-removal notice is also untethered from the Court's Order, which did not find any notice violations, and the core purpose of the preliminary injunction, which is to ensure compliance with the Fourth Amendment. The Court's concerns with DPW training related to the Fourth Amendment focused on three areas (1) how to distinguish unattended from abandoned, (2) how to distinguish co-mingled from not co-mingled, and (3) how much time to give people to remove their belongings. It did not find fault with the City's pre-removal notices. Order at 10. Tellingly, the Court's Order did not cite any of the five declaration excerpts Plaintiffs identify in this discovery letter as evidence in support of its holding that the City needed meet and confer regarding future training on the bag and tag policy. Order at 6. Therefore, detailed Court-ordered additional training on this issue is not appropriate regardless of whether the training is directed to DPW, HOT, or any other City department.

The Court also should disregard Plaintiffs' improper attempt to present support for their position (*supra* n.1), which was not included in the Motion to Enforce or the Court's Order, and their invitation to submit further evidence. To the extent Plaintiffs intend to present such evidence, it should be in a noticed motion that permits Defendants the ability to take discovery and appropriately respond.

The City is willing to stipulate to train its employees on the language of the bag and tag policy and explain that the HOT Team posts notices 72 hours before an encampment resolution, but the City is not willing to modify its policy as Plaintiffs suggest to require DPW employees to second guess other City departments.

## II.     Training on The Limits on Personal Property

*Plaintiffs' Proposal*:

The parties agree that there is no set limit on the amount of property that can be bagged and tagged under the policy and agree the training should make this clear. Defendants also acknowledge that DPW employees do not enforce limits regarding the amount of personal property an individual may have that may exist under any other laws. Given this, Plaintiffs contend the training also must make clear that DPW workers are not to limit the amount of attended personal property that an individual may retain or remove from an encampment. Such training is required because DPW workers recently have acted to restrict the amount of personal property an individual can remove from an encampment, and then discarded that property instead of storing it pursuant to the policy. Plaintiffs have raised concerns about this practice with Defendants, and are prepare to provide the Court with detailed examples, if desired.

*Defendants' Response:*

The City agrees to instruct DPW employees that there is no limit on the amount of items DPW will bag and tag. But the amount of property DPW will bag and tag is a separate matter from how many items a person can lawfully keep on the sidewalk. The City does not agree to Plaintiffs' further request that the City instruct employees not to make statements to individuals



about the amount of property they may store on a public right of way, or otherwise act to limit the amount of property individuals may store on public rights of way for four reasons.

First, like the dispute above regarding pre-removal notices, this is not one of the areas of concern the Court had around the bag and tag policy and was not briefed in the parties' Motion to Enforce filings. The Court's concerns with the training evidence the City submitted in response to the Motion to Enforce had no connection to the amount of property a person can keep on the sidewalk (as opposed to the amount DPW will bag and tag). Plaintiffs' request is instead based on the disputed claim that "DPW workers recently have acted to restrict the amount of personal property an individual can remove from an encampment." This allegation was not litigated in Plaintiffs' Motion to Enforce and it was not part of the Court's findings in its Order. It is untethered to the purpose of the revised training materials and is improper to use it as a basis to enjoin Defendants' training program.

Second, Plaintiffs' suggestion that there is no limit to the amount of property a person can store on the street is incorrect. Persons experiencing homelessness are subject to the same sidewalk clearance requirements and nuisance provisions as other San Francisco residents. There may very well be circumstances where it is unlawful for a person to store a large quantity of items on the street, but this is a fact-specific question. Ordering DPW to apply a blanket policy restricting speech in a fact-specific situation will confuse rather than clarify the issues.

Third, also like the dispute above regarding pre-removal notices, Plaintiffs proposal seeks not to provide additional training on the current bag and tag policy, but to modify the policy and impose a new obligation on DPW—an obligation for DPW employees not to speak about certain issues. Plaintiffs' proposal therefore goes beyond the scope of the Court's instructions and should be rejected.

Fourth, there is a risk that adding this kind of detail to the training will make the overall training less powerful. The bag and tag training should be set up to emphasize the key elements of the policy, including the three areas the Court raised. The more detailed content the Plaintiffs demand, the greater the risk that the critical issues get confused with minor ones. The City has already agreed to include ten of Plaintiffs' proposals for future training. In this context, there is a risk that a bloated presentation leads to employees coming away with less understanding than they could have received from a shorter more impactful training.

Very truly yours,

LAWYER'S COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

*/s/ Nisha Kashyap*

Nisha Kashyap

4



DAVID CHIU
City Attorney

*/s/ Kaitlyn Murphy*

Kaitlyn Murphy
Deputy City Attorney

*\*\*Pursuant to L.R. 5-1(h)(3), the electronic signatory attests that each of the other Signatories have concurred in the filing of this document.*