UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 22-cv-05502-DMR<br><br>**ORDER ON JOINT LETTER RE: TRAINING**<br><br>Re: Dkt. No. 237 |

On August 5, 2024, the court granted in part and denied in part Plaintiffs' motion to enforce the preliminary injunction with respect to their Fourth Amendment claims. *Coal. on Homelessness v. City & Cnty. of San Francisco*, No. 22-CV-05502-DMR, 2024 WL 3669475, at *7 (N.D. Cal. Aug. 5, 2024). In relevant part, the court concluded that "additional training of [Department of Public Works, "DPW"] employees is required to ensure Defendants follow the preliminary injunction with respect to the bag and tag policy."[1] *Id*. The court ordered the parties to meet and confer regarding the contents, frequency, and documentation of future training for DPW employees on the bag and tag policy and to submit a joint letter brief setting forth a joint training proposal, or separate proposals if the parties could not agree. *Id*.

The parties timely filed a joint letter in which they state they have agreed on "the majority of components of future training" and submitted a proposed order setting forth their joint training

---

[1] As described in the preliminary injunction order, the bag and tag policy sets forth the circumstances in which personal items may be "remov[ed] . . . from public property for temporary storage and retrieval" and provides that "all unattended personal property that is collected for storage will be bagged and tagged upon collection and taken to the Public Works Operations Yard for storage." *See Coal. on Homelessness v. City & Cnty. of San Francisco*, 647 F. Supp. 3d 806, 813-14 (N.D. Cal. 2022), *aff'd in part, vacated in part, remanded*, No. 23-15087, 2024 WL 3325655 (9th Cir. July 8, 2024).

1  proposal.  They state that they are at an impasse regarding two issues: training on "pre-removal
2  notices" and "the limits of personal property."  [Docket Nos. 237 (Jt. Letter), 237-1 (Proposed
3  Order re: Joint Training).]
4      With respect to training on pre-removal notices, Plaintiffs propose that the order on joint
5  training include a term requiring training "(1) on what appropriate pre-removal notice is, (2) how
6  to ensure that such notice has been provided before they proceed with property removal, and (3)
7  steps to take if notice has not been provided."  Proposed Order re: Joint Training at 2.  Defendants
8  argue that this request "involves imposing new obligations on DPW outside the policy to double
9  check the work of other City departments."  Jt. Letter 2.  Not so.  The bag and tag policy includes
10 the following provisions:

> For pre-planned encampment resolutions, HSOC or the San Francisco Homeless Outreach Team (SFHOT-ERT) will provide 72 hours advance written notice . . . [p]re-removal notice shall be provided in writing to individuals who are present and posted conspicuously on or near the personal property that will be removed.  For regular encampment cleaning conducted by the Hot Spots crews . . . HSOC/SFHOT-ERC will provide 24 hours advance written notice . . .

16 [Docket No. 143-15 at ECF p. 7.]  Given the policy's use of the terms "will" and "shall," advance
17 written notice of pre-planned encampment resolutions and regular encampment cleanings is
18 mandatory, not optional.  In other words, the policy requires advance written notice before DPW
19 removes personal property from encampments as part of pre-planned encampment resolutions and
20 regular encampment cleanings.  Accordingly, DPW must be trained on the bag and tag policy's
21 notice requirement, including training on what to do or not do if the responsible entities do not
22 satisfy the notice requirement.  The proposed order should include language to that effect.
23     As to training on "the limits of personal property," the parties "agree that there is no set
24 limit on the amount of property that can be bagged and tagged under the policy and agree the
25 training should make this clear."  Jt. Letter 3.  The parties shall revise the proposed order
26 regarding training to include a provision reflecting this point.  Plaintiffs' request that the training
27 "make clear that DPW workers are not to limit the amount of attended personal property that an
28 individual may retain or remove from an encampment" is denied on the ground that the bag and

2

tag policy does not address this specific issue. Moreover, Plaintiffs did not raise this issue in their motion to enforce and the parties have not had an opportunity to brief it to the court.

The parties shall submit a revised proposed order on their joint training proposal in accordance with this order by no later than September 3, 2024.

**IT IS SO ORDERED.**

Dated: August 26, 2024



Donna M. Ryu
Chief Magistrate Judge

3