[Counsel Identified on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br> **[PROPOSED] ORDER RE: JOINT BAG AND TAG POLICY TRAINING IN RESPONSE TO ORDER ON MOTION TO ENFORCE THE PRELIMINARY INJUNCTION RE: FOURTH AMENDMENT CLAIM (DKT. 231)** <br><br> **Judge:** The Hon. Donna M. Ryu |

**[PROPOSED] ORDER**

WHEREAS, pursuant to the Court's Order on Plaintiffs' Motion to Enforce the Preliminary Injunction (Dkt. No. 231), Plaintiffs and Defendants submitted a proposed order regarding future training on the bag and tag policy;

WHEREAS, on a number of issues, the parties reached agreement. Where the parties were unable to reach agreement, they set forth their separate proposals;

WHEREAS, the Court ruled on the parties' separate proposals and ordered the parties to submit a revised proposed order on their joint training proposal in accordance with the Court's order (Dkt. No. 239);

WHEREAS, Plaintiffs maintain the right to object or otherwise seek further relief regarding the bag and tag policy, the training and how Defendants implement the policy, including if Defendants' revised training does not comply with the proposals set forth herein, or otherwise violates the law or Constitution;

WHEREAS, Defendants preserve any appeal rights related to the Court's Order (Dkt. No. 231); and their agreement to include certain terms in future trainings in response to the Court is not an admission by Defendants that these terms were not already part of the bag and tag training prior to the Order or that the Court's Order was correctly decided.

THEREFORE, it is ORDERED as follows:

**A.     Contents of Training**

Future formal bag and tag training should include details on the following:

(i)     Information about the definitions of "pre-planned encampment resolutions," "regular encampment cleaning," and "routine cleaning operations" as those terms are used in the policy;

(ii)    the bag and tag policy's notice requirements, including what appropriate pre-removal notice is, the process by which DPW may be notified if appropriate pre-removal notice has been provided, and what steps to take if DPW is not notified that appropriate pre-removal notice has been provided;

(iii)   That there is no set limit on the amount of property that can be bagged and tagged under the policy;

(iv)   When and how to comply with the requirement to provide the owner or the owner's designee with a reasonable amount of time to collect and move their belongings out of the public right of way, taking into account any special needs that individuals may have and the volume of belongings;

(v)   2-3 hypothetical examples of how to distinguish between unattended personal property and abandoned property. The hypotheticals must be designed to assess comprehension of this part of the policy. Defendants will choose the hypothetical examples used, but will consider any proposed by Plaintiffs;

(vi)   2-3 hypothetical examples of how to determine whether personal property is co-mingled with items that are an immediate health or safety risk. The hypotheticals must be designed to assess comprehension of this part of the policy. Defendants will choose the hypothetical examples used, but will consider any proposed by Plaintiffs;

(vii)   The rules for storing bulky items, including that bulky items should be considered for bag and tag just as any other item, although they are only stored for 14 days, and examples of common bulky items, such as mattresses, personal carts, and folding tables;

(viii)   The requirement to advise the owner or owner's designee to separate any medications, medical devices, personal identification and legal documents, and the requirement to document this advisement via a signed written acknowledgement from the owner or owner's designee, including an example or sample written acknowledgment in the training;

(ix)   The requirement to photograph property when there is a dispute between the owner and staff concerning whether an item of property should be discarded, including the circumstances under which a photograph should be taken. The training need not include training on how to take a photograph;

(x)   Sections 2(b) and 5(B) of the bag and tag policy on involvement of SFPD;

(xi)   Post-removal notice requirements;

(xii)   An explanation of the Court's Preliminary Injunction and the importance of strict compliance with the policy.

**B.   Attendance at Training**

Defendants will require bag and tag training for all DPW Bureau of Street and Environmental Services (BSES) employees on the Zone, Hot Spot, Special Projects, and Reactionary teams, as well as the immediate supervisors of those teams.

**C.   Frequency of Training**

Within thirty days of a court ruling on the parties' training proposals, Defendants will make the required modifications to the formal PowerPoint training described above in Section A. Once such modifications are made, but no later than thirty (30) days after a court ruling on the parties' training proposals, Defendants agree to begin informal training on the modified content at no fewer than two Sup II and two Tailgate meetings per month. In addition, within sixty (60) days of making the modifications to the formal training, Defendants will train all employees identified under Section B. Attendance on the revised formal training. Following the initial training ninety (90) days after the court's ruling on the parties' training proposals, Defendants will require all employees identified under Section B. Attendance to attend a formal training quarterly.

**D.   Documentation of Training**

Defendants will produce to Plaintiffs in the normal course of discovery meeting minutes, training materials, and sign-in sheets for Sup II and Tailgate meetings. These documents will include the date and topic of training.

Defendants will provide the Court with a declaration twenty-one (21) days after the deadline to train all employees on the revised PowerPoint training, and thereafter periodic declarations every six months through trial. The declarations will include an updated copy of the PowerPoint training, any sign-in sheets, and any meeting minutes, and will identify the number of employees on each of the teams that DPW has agreed to train as described in "Attendance." The declaration also will include the average length of the PowerPoint trainings. Defendants reserve the right to object to the use of training documents produced after the close of fact discovery at

1 | trial.

2 | These requirements shall not affect the parties' rights to discovery in the normal course.

3 |

4 | Dated: September 3, 2024                              Respectfully submitted,

5 |                                                                           By: /s/ Nisha Kashyap

6 |
7 |                                                                           LAWYERS' COMMITTEE FOR CIVIL
                                                                              RIGHTS OF THE SAN FRANCISCO BAY
                                                                              AREA
8 |                                                                           Nisha Kashyap, SBN 301934
                                                                              131 Steuart Street, Ste. 400
9 |                                                                           San Francisco, CA 94105
10 |                                                                          Telephone: (415) 543-9444
                                                                              nkashyap@lccrsf.org
11 |
12 |                                                                          *Attorneys for Plaintiffs Coalition on*
                                                                              *Homelessness; Toro Castano; Sarah Cronk;*
13 |                                                                          *Joshua Donohoe; Molique Frank; David*
                                                                              *Martinez; Teresa Sandoval; Nathaniel Vaughn*
14 |

15 | Dated: September 3, 2024                              By: /s/ Kaitlyn Murphy

16 |                                                                          David Chiu, SBN 189542
                                                                              Yvonne R. Mere, SBN 173594
17 |                                                                          Wayne Snodgrass, SBN 148137
                                                                              Zuzana S. Ikels, SBN 208671
18 |                                                                          Edmund T. Wang, SBN 278755
19 |                                                                          John H. George, SBN 292332
                                                                              Kaitlyn Murphy, SBN 293309
20 |                                                                          Miguel A. Gradilla, SBN 304125
                                                                              City Hall, Room 234
21 |                                                                          1 Dr. Carlton B. Goodlett Place
                                                                              San Francisco, CA 94102-4682
22 |                                                                          Telephone: (415) 554-4223
23 |                                                                          *john.george@sfcityatty.rog*

24 |                                                                          *Attorneys for Defendants*
                                                                              *City and County of San Francisco; San Francisco*
25 |                                                                          *Police Department; San Francisco Department of*
                                                                              *Public Works; San Francisco Department of*
26 |                                                                          *Homelessness and Supportive Housing; San*
27 |                                                                          *Francisco Fire Department; San Francisco*
                                                                              *Department of Emergency Management; Mayor*
28 |                                                                          *London Breed; Sam Dodge*

1 **IT IS SO ORDERED.**

3 Date: _____   _____
                                  HONORABLE DONNA M. RYU
4                                 United States Magistrate Judge