```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3      Before The Honorable Donna M. Ryu, Magistrate Judge
 4
 5  COALITION OF HOMELESSNESS,    )
    et al.,                       )
 6                                )
            Plaintiffs,            )
 7                                )
    vs.                           )   No. C 22-05502-DMR
 8                                )
    CITY AND COUNTY OF SAN        )
 9  FRANCISCO, et al.,            )
                                  )
10          Defendants.           )
    _____)
11
12                                    Oakland, California
                                      Wednesday, August 7, 2024
13
14  TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 1:28 - 1:44 = 16 MINUTES
15
    APPEARANCES:
16
    For Plaintiffs:
17                            ACLU Foundation of Northern
                                California
18                            39 Drumm Street
                              San Francisco, California
19                              94111
                          BY: JOHN THOMAS H. DO, ESQ.
20                            WILLIAM S. FREEMAN, ESQ.
21
22
23
              (APPEARANCES CONTINUED ON THE NEXT PAGE.)
24
25
```

```
                                                                    2
 1  For Defendants:
                            San Francisco City Attorney's
 2                            Office
                            Fox Plaza
 3                          1390 Market Street
                            Sixth Floor
 4                          San Francisco, California
                              94102
 5                    BY:   JOHN H. GEORGE, ESQ.

 6                          San Francisco City Attorney's
                              Office
 7                          1 Dr. Carlton B. Goodlett
                              Place
 8                          Suite 234
                            San Francisco, California
 9                            94102
                      BY:   KAITLYN M. MURPHY, ESQ.
10
    Transcribed by:         Echo Reporting, Inc.
11                          Contracted Court Reporter/
                            Transcriber
12                          echoreporting@yahoo.com
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*Echo Reporting, Inc.*

3

1 <u>Wednesday, August 7, 2024</u>                                <u>1:28 p.m.</u>
2                    P-R-O-C-E-E-D-I-N-G-S
3                           --oOo--
4        THE CLERK:  Good afternoon.  The United States
5 District Court for the Northern District of California is
6 now in session, the Honorable Magistrate Judge Donna M. Ryu
7 is presiding.
8     I do have a brief housekeeping announcement.  Please
9 note that persons granted remote access to court proceedings
10 are reminded of the general prohibition against
11 photographing, recording, and rebroadcasting of court
12 proceedings, including those held by telephone or video
13 conference, see general order 58 at paragraph three,
14            "Any recording of a court proceeding
15            held by video or teleconference,
16            including screenshots or other visual
17            copying of a hearing, is absolutely
18            prohibited.  Violation of these
19            prohibitions may result in sanctions,
20            including removal of court-issued media
21            credentials, restricted entry to future
22            hearings, or any other sanctions deemed
23            necessary by the court."
24      Judge, do you want to just go in order?
25            THE COURT:  Yes, please.

4

1     THE CLERK:  Okay.  The first matter we're calling
2 is 22CV5502, Coalition on Homelessness, et al. versus The
3 City and County of San Francisco.
4     Counsel, could you please raise your hands?
5     Judge, I think this is everybody.
6     So, Counsel, could you please state your appearances,
7 please, starting with the Plaintiff.
8     MR. DO (via Zoom):  Good afternoon.  John Do for
9 the Plaintiffs.
10     THE COURT:  Mr. Do.
11     MR. FREEMAN (via Zoom):  Good afternoon, your
12 Honor.  William Freeman for the Plaintiffs.
13     THE COURT:  Mr. Freeman.
14     MS. MURPHY (via Zoom):  Your Honor, Kaitlyn Murphy
15 for Defendants.
16     THE COURT:  Ms. Murphy.
17     MR. GEORGE:  Good afternoon, your Honor.  John
18 George from the San Francisco City Attorney's Office on
19 behalf of Defendants.
20     THE COURT:  Mr. George.
21     Good afternoon to you all, and welcome back to the
22 District Court.
23     So I took a look at your CMC statement, and I -- what I
24 think is the most efficient way forward on the pleadings is,
25 instead of having dueling pleadings motions, I would like

1  the Plaintiffs to file a motion for leave to file an amended
2  complaint.  So instead of -- you know, I don't want to have
3  both of you file at the same time when we're getting at
4  essentially the same issues.  So let's do this in an orderly
5  way.
6      I think what will happen is, in the amended -- the
7  motion -- sorry, the proposed amended complaint, we won't
8  see claims one through four, we will see claims five through
9  eight.  There'll be maybe some skirmishes around nine
10 through 13.  And in the opposition, Defendants can raise all
11 the issues that they raised in -- of concern in their side
12 of the CMC statement.  So standing the appropriate
13 Defendants, the scope of claims.  I think those will all get
14 vetted in a more orderly way.
15     Now, to the extent that the Plaintiffs are going to ask
16 to add new parties, claims, or defenses as part of their
17 motion, I want to remind the Plaintiffs that the deadline
18 for that passed some time ago.  That was February 28th,
19 2023.  So the standard is different, and we're pretty far
20 down the road with -- at least with respect to claims -- new
21 claims, but make whatever arguments you want to make.  But I
22 just want to remind everybody that there is a legal
23 consequence of trying to do that after the deadline.
24     So -- but, obviously, if you want to do that, then the
25 Defense gets a chance to make their points on that as well.

1     So, Defendants, please hold off on filing any motion
2  for judgment on the pleadings until we have a new operative
3  complaint.  Since -- things have changed since you were last
4  in the District Court.
5          MS. MURPHY:  Understood.
6          THE COURT:  Okay.  Great.
7     Now, on to --
8          MR. DO:  Your Honor.
9          THE COURT:  Oh, Mr. Do.
10         MR. DO:  Yeah, may I address this, because I think
11 -- some new information that may inform what you just said.
12 Since our filing of the joint case management conference
13 statement, Plaintiffs would like to just dismiss straight up
14 claims one through four, and we are seeking -- we have
15 recently informed the City of our seeking to try to do that
16 by stipulation --
17         THE COURT:  Okay.
18         MR. DO:  -- and -- rather than pursuing amending
19 the complaint to add additional claims at this time.
20         THE COURT:  Okay.  So you will just -- all right.
21 You're going to stipulate to take out one through four.  So
22 my minute order will note that now --
23         MR. DO:  (Indiscernible).
24         THE COURT:  -- so you need some paperwork.
25     Mr. George, Ms. Murphy, are you okay with me just

1 noting that on the record that they're gone?
2     MS. MURPHY:  And we just ask they be dismissed
3 with prejudice.
4     THE COURT:  Okay.
5   Mr. Do?
6     MR. DO:  I think we would like to (indiscernible)
7 with regards to it is unnecessary to be with prejudice, and
8 that's why we're seeking to dismiss it under Rule 49, I
9 believe, if I get my rules correctly.
10    THE COURT:  Well, let me do this, one, I will have
11 you do a stipulation then.  Let's not hash that out on the
12 record.
13    MR. DO:  Sure.
14    THE COURT:  Let's have you go ahead and figure
15 that out and file whatever you want to file on that.  But I
16 get that one through four are going to be gone.  Are you
17 saying, Mr. Do, that the Plaintiffs do not need to file any
18 -- they're not going to -- you're not going to seek leave to
19 file any amended complaint.
20    MR. DO:  Not at this time.  And we're certainly
21 aware that to the extent that we're able to, we would have
22 to abide by Rule 15 and seek leave.
23    THE COURT:  Okay.  So I think that does mean that
24 the next move is the motion for judgment on the pleadings.
25   Mr. Do, do you agree?

1          MR. DO:  I believe so, yes.
2          THE COURT:  Okay.
3      So I take back what I said.  Things have changed.  We
4  now know what the Plaintiffs' position is.  We now have the
5  operative complaint.  There'll be a little tweak to that
6  with your stipulation.  So if you want to challenge the
7  pleadings through a motion for judgment on the pleadings,
8  then that's what you should do.
9      When do you think you'll have that on file?
10         MR. DO:  I recently made this request to the City
11 today, but I would imagine we would be able to do so by the
12 end of the week.
13         THE COURT:  Okay.  And how about the motion for
14 judgment on the pleadings?
15         MS. MURPHY:  Sorry, I thought that that was the
16 initial question.  Perhaps within 30 days.
17         THE COURT:  Okay.
18     All right.  Then, on discovery, both sides plan to
19 supplement their initial disclosures.  I think that should
20 happen by August 21st, so two weeks from now.  Any problem
21 with that on the Plaintiffs' side?
22         MR. DO:  No, your Honor.
23         THE COURT:  Okay.  And --
24         MS. MURPHY:  (Indiscernible) --
25         THE COURT:  -- Ms. Murphy, I saw you saying --

1  nodding yes, so I assume that's good with the Defense.
2       Okay.  On this issue of will call versus may call, I'm
3  not inclined to order that because I think that that is
4  requiring each side to make potentially binding statements
5  about -- and decisions on who's going to be at trial, and I
6  think it's not fair and it's premature.  So I wouldn't hold
7  either side to that.
8       That being said, I understand that, especially on the
9  Plaintiffs' side, there's a potentially long list of
10 potential trial witnesses, and the Defense is trying to wrap
11 their arms around that to prioritize their discovery.  I
12 would certainly expect the parties to have good faith
13 discussions about prioritization on an iterative basis.
14      So Plaintiffs do not have to show their hands
15 completely about, you know, who their trial witnesses are
16 going to be, but I think you could have something short of
17 that, either through a meet and confer discussion or just in
18 how you frame your supplemental disclosures.  So if there's
19 a lot of information about some, the facts that they know,
20 and you have very little about others, that's going to give
21 some indication to the Defense about who -- how they should
22 make their decisions on who to depose.
23      I leave it to you on how to accomplish that, but I
24 would certainly expect that level of cooperation, and I'll
25 hold off for another day whether the number of depositions

1  needs to be increased.  I don't know yet, and probably you
2  don't either, but I'm wanting you to at least go through
3  that -- the initial disclosure process and some discussion
4  to see if you can come up with a way to help prioritize
5  discovery so it can go more smoothly.
6       Mr. Do, any question about that?
7           MR. DO:  No, your Honor.  I think it makes sense
8  to go through the initial disclosure process and to have
9  those discussions through that format.  That makes sense is.
10          THE COURT:  Does the problem exist the other way
11 as well?  Are the Plaintiffs going to have a hard time
12 prioritizing a high number of potential Defense witnesses?
13          MR. DO:  The Defense has -- the City has
14 identified more than the currently allotted 14, but we are
15 comfortable with the deposition number right now.  But to
16 the extent that -- I agree that the conversations should
17 proceed both ways.
18          THE COURT:  Okay.
19          MS. MURPHY:  May I respond, your Honor?
20          THE COURT:  Yes, Ms. Murphy.
21          MS. MURPHY:  Certainly happy to go the route
22 you're describing.  I do think we're in a place right now,
23 though, where the City does feel fairly confident 14 isn't
24 going to be adequate.  The reason that the parties are
25 differently situated here is because of the number of

11

1 Plaintiffs and the nature of the 30(b)(6) depositions.  The
2 30(b)(6) depositions are not included in the same 14
3 limitation we have, which is why I suspect Plaintiffs don't
4 feel like they need more because they -- right, they're
5 suing a public entity.  There are -- it's either six or
6 seven Individual Plaintiffs in the case.  So, excluding the
7 Coalition, even if we just focused on the Individual
8 Plaintiffs, not the witness, we're already at half of the
9 14.
10     I'm happy to hold off on filing the motion, and I
11 understand you would want to see it differently, but I do
12 think the City is in a position where I don't think there's
13 a possible world where Plaintiffs' initial disclosures gets
14 us down to a number where 14 is an adequate number of
15 depositions.
16         THE COURT:  Okay.  What I would want you to do
17 before you file something is just to see if you could work
18 out some kind of plan, or at least proposals if they're
19 competing.  It may be, for example, that there's a lot of
20 fact witnesses that could be done very quickly.  So maybe
21 it's a higher number but fewer hours or things like that
22 that you might be able to agree on.  But I think it's too
23 early for me to decide.  You know how to get me if I need to
24 make an adjudication, but we'll see how that goes.
25     Okay.  Then on the joint discovery letters, on the

1 Defense side, you wanted me to confirm something about
2 limitations.  It's never a line that a judge wants to see.
3 How many of these, you know, can I file?  I think you're
4 saying, if there's a set of discovery, meaning a second set
5 for requests for production -- is that what you mean, Ms.
6 Murphy?
7          MS. MURPHY:  Yes.  And just for more context, I
8 think our goal here is to try to streamline the issues
9 before the Court.  So both sides have served a large number
10 of requests for production, discovery requests.  My hope is
11 that we'll continue in the meet and confer process to
12 prioritize, you know, "Here are the five or six that are
13 highest priority.  We would like to resolve them first."  My
14 worry was that if we're only allowed one discovery letter
15 for each set of discovery, we would have to hold off on
16 resolving those higher priority issues until we resolve the
17 entire set of -- I think sometimes it's 40 or 50.  And that
18 was my concern, that given the tight nature of the deadlines
19 in the case, I want to make sure we're making the most
20 efficient use of the time we have.
21          THE COURT:  I've never had this question come up
22 in quite this way.  I mean, I think it's -- so I guess the
23 answer is no, I don't have a rule where you only get one
24 letter for every set, because, of course, every set could be
25 different.  I mean, they could have a differing number of

1 requests.
2     But I appreciate that you're going to, first of all,
3 streamline and try to resolve things.  Second of all, try to
4 get at bigger, overarching issues, that may help if I
5 resolve them and sort of dictate what would happen in other
6 disputes.  Does that -- is that what you're asking or --
7         MS. MURPHY:  Yes.  Thank you.  And I appreciate
8 what I think is reading between the lines.  We certainly
9 don't have an interest in papering you needlessly with
10 discovery letters.  I just wanted to make sure that we
11 weren't in a position where the parties would be required to
12 hold any dispute until we had resolved every dispute.
13         THE COURT:  Right.  And, sometimes, there are some
14 that if they get cracked open and adjudicated and you get
15 judicial feedback on the answer, that -- that's going to
16 guide how your discussions are about other potential
17 disputes because you'll be able to figure out how they might
18 turn out if you had to put them before the Court, right?
19         MS. MURPHY:  Yes.
20         THE COURT:  Anything more on that question -- set
21 of questions around discovery disputes from either side?
22 Okay.
23         MR. DO:  No, your Honor.
24         THE COURT:  All right.  So other than setting your
25 next CMC, I've run through the agenda for the day from my

14

1  end.
2      Is there anything we should address from the
3  Plaintiffs' end?
4          MR. DO:  No, your Honor.
5          THE COURT:  And how about from the Defense?
6          MS. MURPHY:  No, your Honor.
7          THE COURT:  Okay.  Then let's just pick your next
8  CMC date.  I was going to give you December 4th at 1:30 by
9  Zoom, with your joint papers due November 27th.  I
10 understand that I may well be seeing you before then because
11 of the motion for judgment on the pleadings, but at least
12 you have a case management date in place.
13     Does that date work for the Plaintiffs' side?
14         MR. DO:  No objection there, your Honor.
15         THE COURT:  How about on the Defense?
16         MS. MURPHY:  Same.  Thank you.
17         THE COURT:  Does that -- do you want one earlier?
18 This is set at about the time that I normally do them, but I
19 know you've been away for a while and things are getting
20 kicked off again.  I would be prepared to set it a little
21 earlier if you want.
22         MS. MURPHY:  From the City, at least, I think this
23 is fine, as you mentioned, at least with the motion for
24 judgment on the pleadings.  You're likely to be seeing us
25 before that anyway.

```
                                                              15
 1            THE COURT:  Yeah.
 2      Mr. Do?
 3            MR. DO:  I think it's fine as it is, your Honor.
 4  Thank you.
 5            THE COURT:  Okay.  Great.  Then we have a plan.
 6  If there's nothing further, then we're concluded.  Thank you
 7  all.
 8            MS. MURPHY:  Thank you.
 9            MR. DO:  Thank you, your Honor.
10       (Proceedings adjourned at 1:44 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

16

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

*[signature]*

Echo Reporting, Inc., Transcriber

Friday, September 20, 2024