JOHN THOMAS H. DO (SBN 285075)
jdo@aclunc.org
WILLIAM S. FREEMAN (SBN 82002)
wfreeman@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
Facsimile: (415) 255-8437

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., | CASE NO. 4:22-cv-05502-DMR |
| Plaintiffs, | **PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | **Judge:** The Hon. Donna M. Ryu |
| | **Hearing Date:** October 24, 2024 <br> **Time:** 1:00 p.m. <br> **Courtroom:** 1301 Clay Street <br> Oakland, CA 94612 |
| | **Trial Date:** May 1, 2025 |

Pursuant to the Northern District of California Civil Local Rules 7-11 and 79-5, Plaintiffs hereby respectfully request that the Court issue an order sealing Exhibit B to the Declaration of Steven Mills In Support of Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Judgment on the Pleadings, Dkt. No. 250-3 ("Exhibit B").  Exhibit B consists of four pages of sensitive and confidential Coalition on Homelessness personnel records regarding certain Coalition personnel.  Plaintiffs do not seek to seal the other items identified by Defendants, including the footnote in Defendants' Reply, Dkt. No. 250, or portions of the deposition testimony of Sarah Cronk.

## I.     LEGAL STANDARD

Sealing of materials related to dispositive motions is warranted where the motion to seal is supported by "compelling reasons."  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  The Ninth Circuit has held that "compelling reasons" exist "sufficient to outweigh the public's interest in disclosure" when such "'court files might have become a vehicle for improper purposes', such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret."  *Id.*, *see also Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.d. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.").

## II.    ARGUMENT

Sealing the entire document is particularly appropriate here where Defendants provide an extensive confidential document to support the simple proposition on whether a person, another plaintiff, was employed by another plaintiff, Coalition on Homelessness. *Compare* Dkt. No. 250 at 8 n.11 *with* Ex. B.  Had the City met and conferred, as provided by L.R. 7-11(a), or "explored all reasonable alternatives to filing documents under seal," as provided by L.R. 79-5(a), the parties could have readily stipulated to this fact (regardless of its relevancy), attached a less sensitive document,  and/or avoided briefing on sealing at together.  Do Decl. at Para. 6.

Exhibit B consists of sensitive and confidential Coalition on Homelessness records regarding certain Coalition personnel, another plaintiff.  Such information implicates their expectation of

1  privacy regarding Human Resources/personnel records, and the disclosure of the information in such
2  documents could result in unnecessary embarrassment or injury should others use such records to
3  "gratify private spite, promote public scandal, or circulate libelous statements…" *Katakana*, 447
4  F.3d at 1179; *see also* Do Decl. at Para. 4 (citing possible impact on an individual's livelihood) and
5  Para. 6 (Exhibit B is a gratuitous, unnecessary filing).  Courts in this district have previously found
6  that compelling reasons exist to seal such types of records, particularly where corrective action plans
7  are involved.  For example, in *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *3
8  (N.D. Cal. Mar. 30, 2022), a Northern District of California judge sealed detailed correction action
9  and action plan form for Defendants' employees.  The court held that such documents "constitute
10  confidential employment records in which Defendants' employees have a reasonable expectation of
11  privacy" and disclosure of such information "could result in unnecessary embarrassment and injury
12  to those employees." *Id.*  The court further held that narrow redactions of personally-identifying
13  information was insufficient because the documents included "descriptions of issues that could still
14  permit others to readily ascertain their identities." *Id.*  These same concerns are implicated here.
15  The confidential personnel record at issue here cannot merely be redacted for personally-identifying
16  information, sinch the level of detail could permit individuals to readily ascertain the identity of the
17  individual.  And the level of detail in the corrective action plan could result in "unnecessary
18  embarrassment and injury to the employee." *Id.*  The need to seal the entirety of Exhibit B is even
19  more compelling here where Defendants have already disclosed the identify of the person connected
20  to the record.

21  **III.    CONCLUSION**

22      For the reasons described above, and for those set forth in the Declaration of John Thomas
23  H. Do, Plaintiffs respectfully request that the Court seal Exhibit B to the Declaration of Steven Mills
24  In Support of Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss for Lack of Subject
25  Matter Jurisdiction and Motion for Judgment on the Pleadings.

26

27  Dated:  October 16, 2024                    Respectfully submitted,

28                                              By: */s/* John Thomas H. Do

JOHN THOMAS H. DO
WILLIAM S. FREEMAN

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

*Attorneys for Plaintiffs*