[Counsel Identified on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER TO (1) MODIFY DEPOSITION LIMITS AND (2) EXTEND CASE SCHEDULE**   \*\*\*AS MODIFIED\*\*\* <br><br> **Trial Date:**   May 1, 2025 |

Pursuant to N. D. Cal. Civ. L. R. 6-2 and 7-12, Defendants and Plaintiffs (collectively, the "Parties"), through their counsel of record, enter into the following stipulation.

## RECITALS

1. The Parties share an interest in ensuring trial witnesses are deposed to enable the Parties prepare for trial and to preserve judicial efficiency during trial. Given that both sides included more than 50 individuals on their Supplemental Initial Disclosures, the Parties agree that the previously agreed limit of 14 depositions per side (ECF No. 74) will not permit them to prepare properly for trial, and they therefore desire to increase the number of depositions of non-expert witnesses while preserving certain limitations in order to meet their shared goals.

2. After an extensive meet-and-confer process, the Parties agree that it is necessary to amend the schedule set forth in the Second Amended Case Management and Pretrial Order for Court Trial (ECF No. 223) in order to complete document discovery and allow sufficient time to conduct depositions.

## STIPULATION

Subject to the Court's approval, it is hereby STIPULATED AND AGREED as follows:

1. This Stipulation and [Proposed] Order, when approved by the Court, shall supersede any inconsistent stipulations and orders regarding the number and scheduling of depositions by the Parties.

2. By Wednesday November 13, 2024, the Parties will exchange a list of the likely witnesses they will include in their pre-trial witness list.

   a. The likely witness list in this Paragraph does not prevent any party from producing a Further Supplemental Initial Disclosure.

   b. The likely witness list in this Paragraph does not need to include expert witnesses or fact witnesses that will be called only for purposes of rebuttal, but does need to include any individual who would need to be disclosed on a party's Initial Disclosures.

   c. The Parties will use their best efforts to include all relevant witnesses on the likely witness list described in this Paragraph. However, a party may not object to the trial testimony of a witness properly included on the opposing party's Initial Disclosures who was omitted from the opposing party's likely witness list based solely on the fact that the witness was excluded from the likely witness list. The Parties intend the procedure set out in Paragraph 5 to allow for the late deposition of any witnesses in this category.

3. The Parties will have 140 hours each to depose all non-expert witnesses. This includes time used for any 30(b)(6) depositions.

   a. Although the Parties anticipate that 140 hours will give them sufficient time, they are reaching this agreement before either Party has provided the list of likely trial witnesses contemplated in Paragraph 2.

   b. Time shall be counted as time on the record in the deposition.

      c. Except for 30(b)(6) depositions, each deposition shall count for a minimum of 4 hours regardless of the time used on the record unless the purpose of the deposition is solely to demonstrate that the witness noticed for deposition did not appear. The purpose of this provision is to prevent the total number of noticed or subpoenaed depositions for any side from exceeding 35.

      d. With respect to 30(b)(6) depositions, the 4 hour minimum shall apply to each set of depositions taken pursuant to a 30(b)(6) deposition notice (e.g., if two witnesses are designated for the topics in an individual 30(b)(6) notice, the 4 hour minimum shall apply to those two depositions collectively).

      e. Regardless of the 140 hour overall deposition limit, no single deposition of a fact witness can exceed 7 hours without Court approval. This limit does not apply to 30(b)(6) depositions.

4. In the event a Party is unable to depose all likely trial witnesses in 140 hours, the Parties will meet and confer to resolve the issue and agree upon an appropriate amount of time for the additional deposition(s) to ensure all individuals listed on the Parties' likely trial witness list in Paragraph 2 can be deposed. In the event the Parties are not able to resolve the issue, either party can seek Court intervention to further modify this stipulation subject to the Court's discovery order.

5. If a Party puts a witness on its pre-trial witness list who was included on the Party's Initial Disclosure, but was not included on the Party's likely witness list in Paragraph 2, the opposing Party shall have up to 7 hours on the record to depose that individual before trial regardless of whether the Party exhausted their 140 hours for depositions during fact discovery. Should the individual or a Party wish to further limit the length of any such deposition by motion or stipulation, this agreement shall not prejudice their ability to do so.

6. In response to discovery requests, the Parties each identified custodians for whom they would search for and produce custodial documents (e.g., emails, calendar entries, etc.). The Parties share a goal of producing these custodial documents sought through party discovery no less than one-week before the date of the custodian's deposition. The noticing Party reserves the

right to reschedule or hold open a custodian's deposition if the opposing Party later produces custodial documents for that witness requested through Party discovery that were not produced a week prior to the witness's deposition. To ensure the swift completion of the Parties' custodial review and production, the Parties agree to work to resolve all disputes regarding custodians and search terms by November 6, 2024 and, if unable to do so, meet and confer on that date to determine whether the parties are at an impasse pursuant to the Court's standing order regarding discovery disputes.

7. In order to permit the additional discovery agreed to by the Parties, the dates set forth in the existing case schedule should be modified by three and a half months. The Parties jointly propose the following schedule.

| Event | Current Case Schedule | Revised Case Schedule |
|---|---|---|
| Deadline for new facts to be offered at trial[1] | --- | 2/28/25 |
| Non-expert discovery completed | 12/10/2024 | 3/24/25 |
| Experts disclosed and reports provided | 12/10/2024 | 3/24/25 |
| Rebuttal experts disclosed and reports provided | 12/24/2024 | 4/7/25 |
| Deadline to complete all expert discovery | 1/10/2025 | 4/28/25 |
| Last day for hearing dispositive motions | 2/13/2025 | 5/22/25 |
| Pre-trial meet and confer | 3/18/2025 | 6/30/25 |
| Deadline to file a joint pre-trial statement | 3/28/2025 | 7/10/25 |
| Deadline to file evidentiary motions or motions in limine | 4/7/2025 | 7/17/25 |
| Pre-trial conference | 4/16/2025 | 7/31/25 |
| Trial | 5/1/2025 | 08/18/2025 |

---

[1] This deadline is intended to have the same effect as the deadline for completion of non-expert discovery with respect to new facts arising on or after this date to be offered at trial.

8. Good cause exists as the parties, despite diligently conducting discovery, have concluded that additional time is required to complete discovery due to the need to complete additional depositions, including the need to assess more than 50 individuals that each side included in their respective Supplemental Initial Disclosures, to resolve disputes over document production, and the holiday season.

9. Pursuant to Civil Local Rule 6-2(a), the Parties submit the attached declaration, which sets forth the reasons for requested enlargement of time and discloses all previous time modifications in this case.

Date: October 29, 2024            Respectfully submitted,

/s/ John Thomas H. Do

John Thomas H. Do, SBN 285075
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

*Attorneys for Plaintiffs*

Date: October 29, 2024            /s/ Kaitlyn Murphy

Kaitlyn Murphy, SBN 293309
Deputy City Attorney
CITY AND COUNTY OF SAN FRANCISCO

*Attorneys for Defendants*

**[PROPOSED] ORDER**   ***AS MODIFIED***

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED. The following case deadlines are ordered:

| Event | New Case Schedule |
|---|---|
| Deadline for new facts to be offered at trial | ~~2/28/25~~ 2/14/25 |
| Non-expert discovery completed | ~~3/24/25~~ 3/10/25 |
| Experts disclosed and reports provided | ~~3/24/25~~ 3/10/25 |
| Rebuttal experts disclosed and reports provided | ~~4/7/25~~ 3/24/25 |
| Deadline to complete all expert discovery | ~~4/28/25~~ 4/14/25 |
| Last day for hearing dispositive motions | ~~5/22/25~~ 5/8/25 |
| Pre-trial meet and confer | ~~6/30/25~~ 6/12/25 |
| Deadline to file a joint pre-trial statement, trial briefs, motions in limine, and other filings required by case management order | ~~7/10/25~~ 6/20/25 |
| Deadline to file ~~evidentiary motions or motions in limine~~, objections and oppositions required by case management order | ~~7/17/25~~ 6/30/25 |
| Pre-trial conference | ~~7/31/25~~ 7/9/25 |
| Trial | ~~8/18/2025~~ 7/28/25 |

Date: Oct. 31, 2024



HONORABLE DONNA M. RYU
United States Magistrate Judge

1