November 12, 2024

**VIA ECF**

Hon. Donna M. Ryu, Chief United States Magistrate Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

Re:   *Coalition on Homelessness, et al., v. City and County of San Francisco, et. al.*, Case No. 4:22-cv-05502-DMR

Dear Judge Ryu:

The parties submit this letter regarding a discovery dispute concerning Defendants' third-party subpoenas for all medical, psychiatric, radiological, and billing records related to the individual Plaintiffs from January 1, 2018 to present. The parties met and conferred by telephone on October 8, October 25, and November 7, 2024, and conferred by e-mail in the interim. Defendants agreed to withdraw subpoenas related to radiological records. Defendants also agreed to withdraw subpoenas related to billing records, based on an agreement by Plaintiffs to stipulate to the source of payment for any healthcare paid for by the City of San Francisco. The parties also agreed that any medical or psychiatric records would be designated Highly Confidential – Attorneys' Eyes Only. The parties were unable to reach agreement as to the scope of Defendants' subpoenas for medical records and psychiatric records. A copy of the relevant subpoenas served to Plaintiff Sarah Cronk are attached to this letter as **Exhibit A.**[1] The parties' respective positions are set forth below.

Upcoming case management deadlines are the case management conference (December 4, 2024), close of fact discovery (March 10, 2025), close of expert discovery (April 14, 2025), last day to hear dispositive motions (May 8, 2025), pretrial conference (July 9, 2025), and trial (July 28, 2025).

**MEDICAL RECORDS AND PSYCHIATRIC RECORDS**

**Plaintiffs' Position:** Defendants' request for the entirety of the individual Plaintiffs' medical and psychiatric history for nearly seven years is overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and intrudes heavily upon the individual Plaintiffs' privacy rights.

A party who is not the recipient of a third-party subpoena has standing to move to quash the subpoena based on a personal right or privilege regarding the documents.[2] *Bell v. U.S. Dep't of Interior*, No. 2:12-CV-01414 TLN, 2013 WL 4482907, at *2 (E.D. Cal. Aug. 19, 2013). Under Rule 45(d)(3),

---

[1] While the parties attempted to resolve their disputes, Defendants agreed not to serve subpoenas for the medical and psychiatric records of the six remaining individual Plaintiffs. However, it is the parties' understanding that Defendants intend to serve similar subpoenas for the remaining individual Plaintiffs.

[2] Motions to quash are timely if filed on or before the deadline for compliance. By agreement of the parties, Defendants extended the deadline for compliance to November 12, 2024. Pursuant to the Court's Standing Order, the parties submit this joint letter brief in lieu of a formal discovery motion.

courts *must* quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii).

It is axiomatic that the individual Plaintiffs have a privacy interest in their medical and psychiatric records. *Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (Ryu, J.). A party may waive their privacy interest in their health records if the party puts their contents at issue in the case, but any waiver is "limited to the private information that is relevant to the lawsuit." *Id.*; *see also Bell*, 2013 WL 4482907, at *2 ("The determination requires a balancing of plaintiff's privacy rights against defendants' need for the information. . . . the test is whether the privilege has been waived by putting the privileged information at issue.") (citation omitted).

*First*, Defendants have failed to demonstrate that the individual Plaintiffs have waived their privacy rights to the entirety of their medical and psychiatric records. With the exception of Plaintiffs Teresa Sandoval and David Martinez (who have ADA claims, either as an individual or as a member of the Coalition on Homelessness), Defendants argue that they are entitled to this broad swath of medical and psychiatric records because Plaintiffs allege in their state created danger claim that the City endangered their physical and mental health. Defendants have offered no authority for the proposition that a state-created danger claim makes the entirety of this private information relevant, and Plaintiffs are unaware of any.

Instead of submitting a request for all records untethered to any specific injury, Defendants remain free to use discovery tools to inquire as to the specific injuries the individual Plaintiffs allege, and then seek any records that exist related to those injuries.[3] In fact, Plaintiffs first received notice of these subpoenas one week after Defendants took Ms. Cronk's deposition. Nevertheless, Defendants made no effort to limit the requests "to the private information that is relevant to the lawsuit," such as any specific health harms or injuries which Ms. Cronk testified resulted from Defendants' conduct. *Bangoura*, 2012 WL 5349991, at *2. Similarly, even though Mr. Martinez has produced records related to his disability, right side congestive heart failure, Defendants erroneously contend that they are entitled to the entirety of his medical history, not just the records related to that condition. *See Canton v. U.S. Foods, Inc.*, No. 22CV04226TLTLJC, 2023 WL 4053798, at *6 (N.D. Cal. June 16, 2023) (permitting subpoena for medical records related to treatment of stress, but quashing request for all medical records as clearly overbroad and unsupported by "generalized speculation").

Plaintiffs' Final Proposed Compromise: Plaintiffs have proposed producing any medical or psychiatric records related to any healthcare Plaintiffs received for conditions, illnesses, symptoms, and/or health issues they allege resulted from Defendants' conduct. For Mr. Martinez and Ms. Sandoval, Plaintiffs further proposed producing any records related to the disabilities that are the basis for their disability-based claims. If Defendants identify further records they contend are relevant to Plaintiffs' claims, Defendants could serve a subpoena for those specific records.

*Second*, Defendants also have failed to demonstrate that they are entitled to the entirety of Plaintiffs' medical and psychiatric history for nearly seven years due to generic concerns about

---

[3] Plaintiffs do not concede that medical records are necessary for a state-created danger claim.

perception or credibility. Defendants contend they are entitled to these health records because Plaintiffs have put their own eyewitness testimony as the primary evidence of their claims. Defendants' argument is specious. A litigant's mere reliance on eyewitness testimony does not waive their privacy interests over the entirety of their medical history.

Plaintiffs' Final Proposed Compromise: Plaintiffs proposed limiting the subpoena to (1) neurological records, if any; (2) records related to substance use, if any; and (3) psychiatric records, if any. Plaintiffs also offered Defendants an opportunity to identify any additional categories of information related to specific instances where a plaintiff's perception or credibility was at issue. For example, Defendants stated that they sought medical records to assess Mr. Martinez's testimony that he did not leave his tent to attend a medical appointment. Defendants do not need the entirety of Mr. Martinez's medical and psychiatric history to do so; a summary of his appointment history would suffice.

Defendants rejected Plaintiffs' proposal—without making a counter-proposal—based on hypothetical concerns about the burden such limitations would place on the subpoena recipient. Those hypothetical concerns are misplaced and premature, particularly where it is the subpoena recipient's obligation to raise such objections. Plaintiffs disagree that medical providers would be unable to identify and produce only certain categories of health records. To the extent any burden on the subpoena recipients exists, it could be addressed through Plaintiffs' "first look" proposal that the subpoenaed records be produced directly to Plaintiffs, so that Plaintiffs may review and produce relevant records to Defendants. Further, Defendants' hypothetical concerns do not offset their failure to show that Plaintiffs have waived their privacy interest in nearly seven years of medical and mental health records, simply by serving as eyewitnesses in their own lawsuit.

For the reasons stated herein, Plaintiffs respectfully ask this Court to extend the deadline for compliance until a ruling from this Court on the parties' discovery dispute, and to issue an order quashing Defendants' third-party subpoenas.

**The City's Position:** Plaintiffs claim San Francisco injured their physical and mental health, without more detail. In response, San Francisco seeks psychological and medical records for the statutory period. It needs these records to defend against the generalized and non-specific claims Plaintiffs chose to pursue, as well as to interrogate the credibility of Plaintiffs' primary witnesses. Plaintiffs have not met their burden to prevent the City from seeking relevant information.

**None of the subpoenaed medical providers object to these requests.** Plaintiffs object based on a general privacy assertion. But Plaintiffs waived their privacy rights by putting their health at issue and giving evasive discovery responses that prevented the City from serving more targeted subpoenas. The City offered several strategies to resolve Plaintiffs' privacy concerns, which Plaintiffs declined. Under the circumstances, Plaintiffs' request to narrow the subpoenas does not provide the needed information and improperly shifts the burden of analyzing detailed medical records to the providers, who often have lay staff gather responsive records.

As its Final Proposed Compromise: the City seeks "any and all medical and psychiatric records related to the Individual Plaintiffs from September 27, 2020 to the present."

**Plaintiffs' limited search parameters exclude information San Francisco needs to defend itself, particularly from Plaintiffs' state-created danger claim.** A party waives their medical record privacy rights as to relevant information "if the party puts their contents at issue in the case." *Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012). Plaintiffs put their physical and mental health at issue by alleging San Francisco "severely jeopardize[s] their physical and mental health." (ECF No. 135 ¶ 310.) The City served an interrogatory asking Plaintiffs to identify each injury they sustained, and Plaintiffs responded: "Plaintiffs have been injured by Defendants' violation of the Fourth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act and related state protections." (ROG 6.) There is no way for San Francisco to narrow its subpoenas to target only the injuries at issue because it has no meaningful way to understand which injuries Plaintiffs contend are relevant. This makes the current case unlike those Plaintiffs cite where the complaint and discovery responses identify clearly the relevant injuries. Plaintiffs should not profit from their own evasive responses.

**The same is true of Plaintiffs' disability claims.** Two Plaintiffs assert disability claims: Sandoval and Coalition. In response to discovery seeking the physical, mental, and emotional impairments on which they rely, Plaintiffs responded: "Plaintiff David Martinez suffers from right side congestive heart failure. Plaintiff Teresa Sandoval is a double amputee who normally uses a wheelchair or prosthetics." (ROG 11.)[4] Sandoval's status as a double amputee may impact her medical care in a number of ways that are not obvious to a lay person, like the staff who compile medical records. A more precise way to determine which portions of her records relate to the disability she alleges would be to give her records—protected as AEO—to the parties' respective experts and have those physicians use their skill and expertise to identify which records are relevant. This is the same reason Plaintiffs' proposed "first look" protocol would be inadequate. An attorney lacks the skills necessary to analyze which portions of medical records are relevant, and to the extent Plaintiffs rely on expert guidance to decide which medical records to turn over, there is no additional privacy concerns with allowing the City's experts to do the same.

**Plaintiffs' full medical records also relate to their credibility.** For example, Martinez declared that on June 23, 2022—the day he alleges DPW wrongly discarded his things—he "had a doctor's appointment that I needed to leave for," (ECF No. 9-4 ¶ 4), yet in deposition stated he had never left his tent to seek medical attention. Both statements were made under oath. Martinez's medical records will help the City test the veracity of his statements, regardless of the reason he sought medical help. A plaintiffs' credibility is always important, but is especially import here, where Plaintiffs rely heavily on their own observations and produced scant evidence supporting their testimony.

**Asking medical providers to sort through the records and only produce a subset that hit on certain categories may result in the unintentional exclusion of relevant information.** As another example from Martinez: he testified that ████████████████████

---

[4] Martinez pled no ADA claim and cannot support Coalition's claim because he stated that he does not believe the City discriminated against him on the basis of any disability. (Dep. Tr. 301:11.) This dispute is another example of the unworkability of Coalition's claim to associational standing. *See also Ass'n of Am. Physicians & Surgs. v. United States FDA*, 13 F. 4th 531 (6th Cir. 2021) (finding that associational standing is inconsistent with Article III and Supreme Court jurisprudence).

[redacted] is relevant to the City's defense because the City's bag and tag policy permits destruction of items comingled with hazardous materials. Plaintiffs' proposal would unfairly shift the burden of identifying responsive records onto a non-party when the individuals most qualified to determine which portions of the Individual Plaintiffs' medical records are relevant to this case are the parties' medical experts. As with Sandoval's ADA claim, the determination about what prescribed medications can be used to treat may not be obvious to the staff who compiles records, especially when those same individuals do not have access to other relevant records in the case, such as the flyer related to Martinez. Plaintiffs' proposal would create more problems than it solves.

**San Francisco sought to accommodate Plaintiffs' privacy interests.** The City offered to treat these records as AEO, which other courts have found sufficient to protect a plaintiff's privacy. *See e.g., Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (ordering production of records but "to protect Plaintiff's privacy" ordering the materials "released under a protective order"). Plaintiffs accepted this offer, but did not withdraw their objection. Then the City narrowed the date range of its original subpoena (01/01/2018 to present) by more than 30 months to the timeframe beginning two years before Plaintiffs filed their complaint, and further offered to customize a narrower date range for any Plaintiff who agreed to limit their trial testimony to a shorter timeframe. *See e.g., Garedakis v. Brentwood Union Sch. Dist.*, No. 14CV04799PJHDMR, 2016 WL 1133715, at *3 (N.D. Cal. Mar. 23, 2016) (permitting production of psychological records from two years prior to the relevant date because such records are "relevant to identify other potential contributors to the emotional distress that [the plaintiff] attributes to Defendants in this case"). No Plaintiffs expressed an interest in limiting their testimony as such. It is only fair that the City be able to seek Plaintiffs' medical records for the same period of time that Plaintiffs may testify about at trial. Finally, the City further offered to narrow the categories of documents requested for any Plaintiff who had a specific medical treatment or condition unrelated to the case about which they had a heightened privacy interest. None of the Plaintiffs identified any such condition. It was Plaintiffs' burden to show Rule 45 requires modification of the subpoena. They have not done so given the relevance of the Individual Plaintiffs' medical records as well as the accommodations the City offered to protect their privacy.

*/s/ Nisha Kashyap*
Nisha Kashyap
Attorney for Plaintiffs

*/s/ Kaitlyn Murphy*
Kaitlyn Murphy
Attorney for Defendants