DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-3857 (Wang)
                     (415) 554-6762 (Murphy)
                     (415) 554-3870 (Gradilla)
                     (415) 554-4223 (George)
                     (415) 355-3304 (Mills)
Facsimile:      (415) 554-4699
E-mail:          edmund.wang@sfcityatty.org
                     kaitlyn.murphy@sfcityatty.org
                     miguel.gradilla@sfcityatty.org
                     john.george@sfcityatty.org
                     steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>       Plaintiffs,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>       Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:   December 4, 2024<br>Time:            1:30 p.m.<br>Place:           Courtroom 4 – 3rd Floor<br>                   1301 Clay Street<br>                   Oakland, CA 94612<br>                   [Via Zoom]<br><br>Trial Date:     July 28, 2025 |

1    Pursuant to Local Rule 16-10(d), the parties submit this Joint Case Management Statement,

2 reporting changes since the last Joint Case Management statement dated July 31, 2024 (ECF. No.

3 230).

4    **1.    Jurisdiction and Service**

5    The parties dispute the Court's jurisdiction over this matter.  Each party's position regarding

6 jurisdiction is set forth in their respective motion to dismiss and motion for judgment on the pleadings

7 filings.  *See* ECF Nos. 242, 247, 250.

8    **2.    Legal Issues**

9    The parties do not have any updates on legal issues since the last Case Management

10 Conference.  The parties' positions regarding pertinent legal issues are set forth in their respective

11 motion to dismiss and motion for judgment on the pleadings filings.  *See* ECF Nos. 242, 247, 250

12    **3.    Motions**

13    A.    Pending Motions

14    *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Judgment on the*

15 *Pleadings*:  On September 5, 2024, Defendants filed their Motion to Dismiss for Lack of Subject

16 Matter Jurisdiction and Motion for Judgment on the Pleadings.  ECF No. 242.  Plaintiffs opposed the

17 motion on September 26, 2024 (ECF No. 247) and Defendants filed a reply on October 9, 2024 (ECF

18 No. 250).  The Court held a hearing on October 24, 2024 and has not yet ruled on the motion.

19    *Discovery Dispute Regarding Medical Records Subpoena:*  On November 12, 2024, the parties

20 submitted a joint letter brief regarding a dispute concerning the Plaintiffs' medical records.  ECF No.

21 278.  The Court has not yet ruled on the discovery dispute.

22    B.    Anticipated Motions

23    Plaintiffs' Statement

24    *Discovery Motions*:  Plaintiffs are committed to resolving discovery issues with Defendants,

25 but may need to bring motions to compel should the parties be unable to agree.

26    *Pre-Trial Motions*:  Plaintiffs may file pre-trial motions, including a motion for summary

27 judgment, on the timeline set by the Court's scheduling order (ECF No. 264).

28

FURTHER JT CASE MANAGEMENT STATEMENT    1    n:\govlit\li2022\230239\01801051.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

1    Defendants' Statement

2    *Discovery Motions*:  Defendants are committed to resolving discovery issues without court

3    intervention, but may need to bring disputes to the Court should the parties be unable to agree.

4    *Pre-Trial Motions*:  Defendants anticipate filing pre-trial motions on the timeline set by the

5    Court's scheduling order (ECF No. 264), including a motion for summary judgment, which

6    Defendants expect will demonstrate the material difference between the declarations Plaintiffs

7    submitted in support of their motions and the facts that have emerged through Plaintiffs' depositions

8    and other discovery – a difference that has already led to the withdrawal of one declaration (*see* ECF

9    No. 257).

10   **4.     Amendment of Pleadings**

11   The parties disagree about whether Plaintiffs should be permitted to amend the Second

12   Amended Complaint in the event the Court grants any part of Defendants' Motion to Dismiss or

13   Motion for Judgment on the Pleadings.  Their respective positions are set forth in the parties' filings

14   related to that motion and in argument presented on October 24, 2024.  *See* ECF Nos. 242, 247, 250.

15   **5.     Discovery**

16   The parties have served requests for productions and interrogatories, and have responded to

17   such requests.  The parties have also taken and defended depositions.  The parties continue to work

18   diligently to resolve disputes regarding the parties' document productions and will present any

19   unresolved disputes to the Court as necessary.

20   Defendants' Statement

21   Defendants recently learned that Plaintiffs do not intend to produce a privilege log until

22   January 2025 at the earliest.  Defendants have been asking Plaintiffs for a log for several months but

23   have not received one.  Plaintiffs previously committed to producing an initial log for the non-parties

24   that they represent in September, but have not done so.  Plaintiffs' and the non-parties' privilege logs

25   are particularly important because, among other reasons, there is apparent disagreement about the

26   privileged or protected nature of several categories of documents, including draft declarations by non-

27   parties (especially those not represented by Plaintiffs' counsel), documents created by Plaintiffs'

28   investigators who have been identified as likely trial witnesses, and documents created by people who

FURTHER JT CASE MANAGEMENT STATEMENT          2          n:\govlit\li2022\230239\01801051.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

1  have observed the City's alleged conduct at issue in the case.  Defendants seek to resolve this issue

2  early enough in the litigation that they can obtain any improperly withheld documents before they

3  depose the relevant witnesses.  In order to resolve the anticipated disagreements about the scope of

4  privileges that apply to these materials with sufficient time to complete depositions and other

5  discovery impacted by the disputed documents, the parties need logs sooner than January 2025.

6  Defendants expect to produce their privilege log no later than this week.

7          Plaintiffs' Statement

8          Plaintiffs will continue to resolve disputes regarding the parties' document productions and

9  will present any unresolved disputes to the Court via joint letter briefs as appropriate.  Given

10 Defendants' statement above, Plaintiffs disagree with Defendants' characterization of the discovery

11 issues. During the parties' recent November 25th meet and confer call, Defendants identified certain

12 categories of documents over which Defendants anticipated a dispute regarding privilege. Based on

13 this information, Plaintiffs are working on a rolling privilege log based on Defendants' named

14 priorities and can provide a categorical privilege log by December 9th with sufficient information for

15 the Parties and the Court to resolve any remaining dispute. Given that the parties have not reached an

16 impasse, Plaintiffs will continue to meet and confer on this issue to identify ways to stipulate with

17 Defendants on the rolling production to even further expedite this process.

18     **6.     Settlement and ADR**

19     Plaintiffs' Statement

20     Plaintiffs remain open to further settlement discussions.

21     Defendants' Statement

22     Defendants remain willing to engage in good faith settlement discussions, but do not believe an

23 order to appear at a mandatory settlement conference at this point would be fruitful or an effective use

24 of time.

25     **7.     Narrowing of Issues**

26     The parties are committed to determining whether certain issues can be narrowed by

27 agreement.  Defendants believe their Motion to Dismiss for Lack of Jurisdiction and Motion for

28 Judgment on the Pleadings has the potential to substantially narrow the issues.

Dated:  November 27, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By:  s/*John H. George*
    JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT


Dated:  November 27, 2024

Andrew Ntim
Nisha Kashyap
LAWYERS COMMITTEE FOR CIVIL RIGHTS OF
THE SAN FRANCISCO BAY

John Thomas H. Do
William S. Freeman
ACLU FOUNDATION OF NORTHERN CALIFORNIA

Scout Katovich
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

Zoe Salzman
Vivake Prasad
Bianca Herlitz-Ferguson
Vasudha Talla
EMERY CELLI BRINCKERHOFF ABADY WARD &
MAAZEL LLP

By: s/*John Thomas H. Do*
    JOHN THOMAS H. DO

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS; TORO
CASTAÑO; SARAH CRONK; JOSHUA DONOHOE;
MOLIQUE FRANK; DAVID MARTINEZ; TERESA
SANDOVAL; NATHANIEL VAUGHN

FURTHER JT CASE MANAGEMENT STATEMENT          4          n:\govlit\li2022\230239\01801051.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

**ATTESTATION**

I, John H. George, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated:  November 27, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By: *John H. George*
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT