UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 22-cv-05502-DMR<br><br>**ORDER ON JOINT DISCOVERY LETTER RE: PLAINTIFFS' MEDICAL RECORDS**<br><br>Re: Dkt. Nos. 278, 279 |

The parties filed a joint discovery letter regarding their dispute about Defendants' subpoenas for "all medical, psychiatric, radiological, and billing records related to the individual Plaintiffs from January 1, 2018 to present." [Docket No. 278.] Plaintiffs object to the subpoenas, arguing that they seek information that "intrudes heavily upon" their privacy rights. *Id*. at 1. Defendants offer several bases for relevance for a narrowed subset of the requested records, including that the records are necessary to defend against Plaintiffs' state-created danger and disability discrimination claims. *Id*. at 4.

In this federal question case, privileges asserted in response to discovery requests are determined under federal law. Fed. R. Evid. 501. "Federal [c]ourts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Megargee v. Wittman*, No. CVF 06 0684 LJO WMW P, 2007 WL 2462097, at *2 (E.D. Cal. Aug. 27, 2007) (citations omitted). *See also Ragge v. MCA/Universal,* 165 F.R.D. 601, 604 n.3 (C.D. Cal. 1995) ("Although the right to privacy is not a recognized privilege, many courts have considered it in discovery disputes." (citing Schwarzer, Tashima & Wagstaff, California Practice Guide: Federal Civil Procedure Before Trial, § 11:76 (1994 revised)). Federal courts considering privacy objections to discovery have therefore applied a balancing test to determine whether the discovery should be produced. *See Breed v. U.S. Dist. Ct. for N. Dist. of Cal.,* 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the court's need for

ward files); *Nakagawa v. Regents of Univ. of Cal.*, No. C-06-2066 SI, 2008 WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008) ("[A] proper balance needs to be struck in an employment discrimination case between plaintiff's need to discover information about co-workers, and defendants' privacy rights in their employment files."); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) ("[B]y its very nature, litigation has the tendency to make public the sort of information that individuals would otherwise prefer to keep private . . . [n]onetheless, the initiation of a lawsuit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck.").

The court has now ruled on Defendants' motion to dismiss and dismissed Plaintiffs' state-created danger and disability discrimination claims for lack of standing with leave to amend. [*See* Docket No. 281.] As the state-created danger and disability discrimination claims are not currently part of the case and Plaintiffs have not yet filed a third amended complaint, it is not clear whether and to what extent the requested records are relevant. The joint discovery letter is therefore denied without prejudice. Plaintiffs' deadline to file a third amended complaint is December 18, 2024. Following that deadline, the parties shall promptly meet and confer regarding their dispute in light of the claims in any third amended complaint. If disputes remain after meeting and conferring, the parties shall submit a standalone joint letter in accordance with the court's Standing Order. Any joint letter must expressly address the privacy rights at issue and Defendants' purported need for the requested records. The parties may not incorporate by reference any prior submission.[1]

**IT IS SO ORDERED.**

Dated: December 4, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

---

[1] Plaintiffs ask to seal references to "confidential health and medical information" in the parties' joint letter. [Docket No. 279.] As the court does not reach the merits of the joint discovery letter, the administrative motion to file under seal is denied as moot. This means that the redacted versions will be viewable by the public, but the unredacted versions will not.