DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-3857 (Wang)
 (415) 554-6762 (Murphy)
 (415) 554-3870 (Gradilla)
 (415) 554-4223 (George)
 (415) 355-3304 (Mills)
Facsimile: (415) 554-4699
E-mail: edmund.wang@sfcityatty.org
 kaitlyn.murphy@sfcityatty.org
 miguel.gradilla@sfcityatty.org
 john.george@sfcityatty.org
 steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF JONATHAN VAING PURSUANT TO ORDER RE: JOINT BAG AND TAG TRAINING IN RESPONSE TO ORDER ON MOTION TO ENFORCE THE PRELIMINARY INJUNCTION RE: FOURTH AMENDMENT CLAIM (ECF NO. 241)**<br><br>Trial Date: July 28, 2025 |

Vaing Decl. In Response to Training Order
CASE NO. 4:22-cv-05502-DMR (LJC)

I, Jonathan Vaing, hereby declare:

1. I have personal knowledge of the matters stated herein, and if called and sworn as a witness could and would competently testify thereto.

2. I have been employed by the City and County of San Francisco since 1996. I work within the Department of Public Works ("DPW") as part of the Bureau of Street and Environmental Services ("BSES"), which is one of four bureaus in DPW underneath the Operations Division. My title is the Assistant Superintendent of BSES Operations. BSES is the DPW Bureau primarily concerned with cleaning streets, curbs, and other rights-of-way in the City.

3. I am informed and believe that the Court issued an order regarding the City's bag and tag training on September 4, 2024. Attached as **Exhibit A** is a true and correct copy of the bag and tag PowerPoint slide deck that BSES used for training at the time of the Court's order. The presentation contains 13 slides.

4. The City revised the bag and tag PowerPoint training following the Court's order. I participated in the revision process. Those revisions were complete by October 4, 2024. Attached as **Exhibit B** is a true and correct copy of the PowerPoint slide deck BSES has used for bag and tag trainings since October 4, 2024. The presentation includes 52 slides. The revised PowerPoint includes details about:

   a. The definitions of "pre-planned encampment resolutions," "regular encampment cleaning," and "routine cleaning operations" (Slides 6-7, 10-14);

   b. The policy's notice requirements, including what appropriate pre-removal notice is, the process by which DPW may be notified if appropriate pre-removal notice has been provided, and what steps to take if DPW is not notified that appropriate pre-removal notice has been provided (Slides 6-14);

   c. The fact that there is no set limit on the amount of property that can be bagged and tagged under the policy (Slide 39);

   d. When and how to comply with the requirement to provide the owner with a reasonable amount of time to collect and move their belongings (Slide 14);

e. Examples of how to distinguish between unattended personal property and abandoned property (Slides 29-32);

f. Examples of how to determine whether personal property is co-mingled with items that are an immediate health or safety risk (Slides 34-37);

g. The rules for storing bulky items and examples of common bulky items (Slide 41);

h. The requirement to advise the owner to separate any medications, medical devices, personal identification and legal documents, and the requirement to document this advisement, including an example written acknowledgment (Slides 42-43);

i. The requirement to photograph property when there is a dispute concerning whether an item of property should be discarded (Slides 4, 15, 38);

j. SFPD's involvement under Sections 2(b) and 5(B) of the bag and tag policy (Slides 4, 40, 42);

k. Post-removal notice requirements (Slides 44-49); and

l. An explanation of the Preliminary Injunction Order and the importance of strict compliance with the policy (Slides 2-3).

5. I am one of the presenters who led the trainings using the October 4, 2024 PowerPoint presentation in the past three months. The trainings on average lasted 60 minutes.

6. I have tracked the BSES employees who attended a bag and tag PowerPoint training from October 4, 2024 to today. From the individuals who are assigned to the teams Hot Spot, Reactionary, Special Projects, Zone (which includes Zones A-F), and BSES Supervisors, there are 107 active employees.

7. The list of active employees excludes individuals who are out on leave (e.g., FMLA, disability, etc.) and therefore who are not at work in order to receive the PowerPoint training. Across the referenced teams (Hot Spot, Reactionary, Special Projects, Zone, and BSES Supervisors), there are seven individuals out on leave who I did not consider active employees. If these individuals return to work, they will be trained using the revised bag and tag PowerPoint.

8. Attached as **Exhibit C** is a true and correct copy of a chart I created that tracks all 114 employees assigned to the referenced teams (Hot Spot, Reactionary, Special Projects, Zone, and BSES

Supervisors). This includes the 107 active employees and the seven employees on leave. The chart identifies the individual's City employee ID, their assigned team, and the date they received the revised bag and tag PowerPoint training.

9. The active employees on the following teams obtained one hundred percent compliance with the trainings: Hot Spot, Reactionary, Special Projects, Zone A, Zone C, Zone F, and BSES Supervisors. There were two active members of Zone B, three active members of Zone D, and three active members of Zone E who have yet to receive the revised PowerPoint training. I continue to work to ensure that these individuals are receive the PowerPoint training. In the interim, these individuals will not be assigned work related to dealing with HSOC encampments. Additionally, I personally provided a hard copy of the training PowerPoint training materials to the supervisors for each of these individuals and instructed the supervisor give the handout to these employees.

10. DPW has also made the decision to offer its revised bag and tag PowerPoint training to other BSES employees even if their day-to-day work does not involve implementing the bag and tag policy. For example, 100 percent of our active employees on the Alley Crew, Graffiti, and Swing teams have also received the current bag and tag PowerPoint training. Across all teams, approximately 181 BSES employees have received the revised version of the bag and tag PowerPoint presentation on the following dates: October 17, October 24, November 5, November 12 or 13, November 20 or 21, November 26 or 27, December 12, and December 18.

11. In addition to the hour-long bag and tag PowerPoint training, BSES also regularly discusses bag and tag it its weekly Supervisor II, or Sup II, meetings. Attached as **Exhibit D** is a true and correct copy the Sup II Meeting Minutes from September 3, 2024 through December 17, 2024, which reflect discussions of the bag and tag policy.

12. Attached as **Exhibit E** are sign-in sheets for the Sup II meetings referenced above. These sign-in sheets cover the timeframe of September 17, 2024 through December 17, 2024.

///

///

///

///

13. Attached as **Exhibit F** are true and correct copies of additional sign-in sheets for meetings where bag and tag issues were discussed from October 2024 through the present.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed December 24, 2024 in San Francisco, California.

*/s/ Jonathan C. Vaing*
JONATHAN VAING