1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  EDMUND T. WANG, State Bar #278755
   KAITLYN M. MURPHY, State Bar #293309
4  MIGUEL A. GRADILLA, State Bar #304125
   JOHN H. GEORGE, State Bar #292332
5  STEVEN A. MILLS, State Bar #328016
   Deputy City Attorneys
6  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
7  San Francisco, California 94102-4682
   Telephone:     (415) 554-3857 (Wang)
8                 (415) 554-6762 (Murphy)
                  (415) 554-3870 (Gradilla)
9                 (415) 554-4223 (George)
                  (415) 355-3304 (Mills)
10 Facsimile:     (415) 554-4699
   E-mail:        edmund.wang@sfcityatty.org
11                kaitlyn.murphy@sfcityatty.org
                  miguel.gradilla@sfcityatty.org
12                john.george@sfcityatty.org
                  steven.mills@sfcityatty.org
13
   Attorneys for Defendants
14 CITY AND COUNTY OF SAN FRANCISCO, et al.

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17  COALITION ON HOMELESSNESS; TORO          Case No. 4:22-cv-05502-DMR (LJC)
    CASTAÑO; SARAH CRONK; JOSHUA
18  DONOHOE; MOLIQUE FRANK; DAVID            **DEFENDANTS' ADMINISTRATIVE MOTION
    MARTINEZ; TERESA SANDOVAL;               TO SEAL DOCUMENTS SUBMITTED IN
19  NATHANIEL VAUGHN,                        SUPPORT OF DEFENDANTS' MOTION TO
                                             DISMISS THE THIRD AMENDED
20          Plaintiffs,                      COMPLAINT**

21          vs.                              Hearing Date:   February 13, 2025
                                             Time:           1:00 p.m.
22  CITY AND COUNTY OF SAN                   Place:          Courtroom 4 – 3rd floor
    FRANCISCO, et al.,                                       1301 Clay Street
23                                                           Oakland, CA 94612
            Defendants.                                      [Via Zoom]
24
                                             Trial Date:     July 28, 2025
25

26

27

28

1   Pursuant to Civil Local Rules 79-5 and 7-11, Defendants City and County of San Francisco;

2   San Francisco Police Department; San Francisco Department of Public Works; San Francisco

3   Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco

4   Department of Emergency Management (collectively the "City") move to file under seal portions of

5   the following documents submitted with Defendants' Notice of Motion and Motion to Dismiss the

6   Third Amended Complaint ("Motion"); the Declaration of Jason Adamek in Support of the Motion to

7   Dismiss the Third Amended Complaint; the Declaration of Sarah Locher in Support of the Motion to

8   Dismiss the Third Amended Complaint; the Declaration of Lisa Rachowicz in Support of the Third

9   Amended Complaint; and portions of Exhibits D and JJ to the Declaration of Steven Mills in Support

10  of Defendants' Motion to Dismiss. Specifically, San Francisco seeks to seal the following page and

11  line numbers:

12  •   The City's Motion: 17:5-6; 18:1; 18:3;

13  •   Declaration of Jason Adamek: 2:21-3:12;

14  •   Declaration of Sarah Locher: 2:4-6; 2:24-3:6;

15  •   Declaration of Lisa Rachowicz: 2:6;

16  •   Exhibit D (Contact Information only): 2-5; and

17  •   Exhibit JJ (Contact Information Column only): 2:13-14; 3:8-5:6; 5:13-14; 5:16-187;

18      6:9-10; 6:12-13.

19      A "compelling reasons" standard applies when considering motions to seal documents in

20  connection with dispositive motions. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)

21  (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Courts in this

22  circuit have found that protecting confidential health information satisfies both the good cause and

23  compelling interest standards. *See, e.g.*, *Doe v. Equipo Acad.*, No. 220CV01490KJDDJA, 2021 WL

24  1615552, at *3 (D. Nev. Apr. 26, 2021). Courts may also seal information that is irrelevant to the

25  Court's decision. *See Kamakana*, 447 F.3d at 1179 (acknowledging that the public's right to

26  information is lessened where documents are "unrelated or only tangentially related" to the merits of

27  the motion).

28

CCSF ADMIN MTN SEAL                          1                    n:\govlit\li2022\230239\01809920.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

1    The sealed portions of the Motion and Declarations in Support contain confidential information

2   about the issuance of government assistance as well as the housing status of Plaintiffs and third parties,

3   including third parties that the City understands are not represented by Plaintiffs in this case. The City

4   takes no position whether sealing these materials is appropriate, but files these documents under seal

5   conditionally because they contain information about third parties that the City has a statutory

6   obligation to keep confidential absent a court order. See Cal. Welf. & Inst. Code § 10850 ("all

7   applications and records concerning any individual made or kept by a public officer or agency in

8   connection with the administrative of this code relating to any form of public social services . . . for

9   which grants-in-aid are received by this state from the United States government shall be confidential"

10   and "a person shall not publish or disclose or permit or cause to be published or disclosed a list of

11   persons receiving public social services").

12    In order to comply with the Court's order at ECF No. 232 requiring a stipulation or joint

13   motion, the City initiated a meet and confer with Plaintiffs about sealing the protected information on

14   December 27, 2024. Given the timing of the motion, Plaintiffs were only able to stipulate to the

15   housing information of the named Plaintiffs and Mr. Castaño. The parties were not able to reach a

16   complete agreement as to the issuance of government assistance and housing information of Plaintiffs

17   and third-parties without additional authorization from those individuals given the timing. Because the

18   parties were not able to reach a complete agreement by the time the City was required to file, the City

19   files this motion out of an abundance of caution only for the information where there is no agreement,

20   and will continue to work with Plaintiffs on a solution as to the remaining information.

21    The City's request is narrowly tailored as it seeks to seal only the portion of its filing that

22   discloses statutorily protected information and not the filings in their entirety. Confidential information

23   of third parties that is irrelevant to this motion has also been redacted even from the under seal version

24   of Exhibits D and JJ.  Additionally, while the City understands that many of the phone numbers,

25   addresses, and email addresses are no longer current, the confidential information of third parties bears

26   little public interest. The City has identified compelling justifications for the documents over which it

27   attempts to retain confidentiality to be filed, and respectfully request the Court grant this motion to file

28   the unredacted filings under seal.

CCSF ADMIN MTN SEAL                    2                    n:\govlit\li2022\230239\01809920.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

1

2    Dated:  January 2, 2025

3                                                    DAVID CHIU
                                                     City Attorney
4                                                    YVONNE R. MERÉ
                                                     EDMUND T. WANG
5                                                    KAITLYN MURPHY
                                                     MIGUEL A. GRADILLA
6                                                    JOHN H. GEORGE
                                                     STEVEN A. MILLS
7                                                    Deputy City Attorneys

8

9                                              By:   s/Steven A. Mills
                                                     STEVEN A. MILLS
10

11                                                   Attorneys for Defendants
                                                     CITY AND COUNTY OF SAN FRANCISCO; SAN
12                                                   FRANCISCO POLICE DEPARTMENT; SAN
                                                     FRANCISCO DEPARTMENT OF PUBLIC WORKS;
13                                                   SAN FRANCISCO DEPARTMENT OF
                                                     HOMELESSNESS AND SUPPORTIVE HOUSING;
14                                                   SAN FRANCISCO FIRE DEPARTMENT; SAN
                                                     FRANCISCO DEPARTMENT OF EMERGENCY
15                                                   MANAGEMENT

16

17

18

19

20

21

22

23

24

25

26

27

28