# EXHIBIT L

# TO

# DECLARATION OF STEVEN A. MILLS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

1  LATHAM & WATKINS LLP
2  Alfred C. Pfeiffer, Jr., SBN 120965
   505 Montgomery Street, Ste 2000
3  San Francisco, CA 94111
   Telephone: (415) 391-0600
4  al.pfeiffer@lw.com

5  LAWYERS' COMMITTEE FOR CIVIL
6  RIGHTS OF THE SAN FRANCISCO BAY AREA
   Zal K. Shroff, MJP 804620, *pro hac vice*
7  131 Steuart Street, Ste. 400
   San Francisco, CA 94105
8  Telephone: (415) 543-9444
   zshroff@lccrsf.org
9
   AMERICAN CIVIL LIBERTIES UNION
10 FOUNDATION OF NORTHERN CALIFORNIA
11 John Thomas H. Do, SBN 285075
   39 Drumm Street
12 San Francisco, CA 94111
   Telephone: (415) 293-6333
13 jdo@aclunc.org

14 *Attorneys for Plaintiffs Coalition on Homelessness,*
15 *Toro Castaño, Sarah Cronk, Joshua Donohoe,*
   *Molique Frank, David Martinez, Teresa Sandoval,*
16 *Nathaniel Vaughn*

17 *Additional Counsel Appear on Signature Page*

18
19                    UNITED STATES DISTRICT COURT
20                   NORTHERN DISTRICT OF CALIFORNIA
21                           OAKLAND DIVISION

22 | COALITION ON HOMELESSNESS, et al., | CASE NO. 4:22-cv-05502-DMR |
   |---|---|
23 | Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |
24 | v. | |
25 | CITY AND COUNTY OF SAN FRANCISCO, et al., | |
26 | Defendants. | |
27
28

- Defendants have repeatedly ordered Troy Hawthorne to move from where he was living. For example, on April 6, 2023, Defendants ordered Mr. Hawthorne to move along. Plaintiffs refer to and incorporate by reference the Declaration of Troy Hawthorne (Dkt. 130-38).

- Defendants have ordered Krystal Erickson to move from where she was at. Plaintiffs refer to and incorporate by reference the Declaration of Krystal Erickson (Dkt. 130-39).

- Defendants have repeatedly ordered Abimola Myers to move from where she was living. For example, in or around January 2023, Defendants ordered Ms. Myer to move along and threatened her with a warrant check if she did not move. Plaintiffs refer to and incorporate by reference the Declaration of Abimola Myers (Dkt. 130-29).

- Peter Calloway has previously observed Defendants ordering unhoused individuals to move from where they were living. Plaintiffs refer to and incorporate by reference the Declaration of Peter Calloway (Dkt. 130-44).

- Defendants have previously ordered David Martin to move from where he was living. Plaintiffs refer to and incorporate by reference the Declaration of David Martin (Dkt. 130-29).

- Savannah Waltier has previously observed Defendants ordering unhoused individuals to move from where they were living. Plaintiffs refer to and incorporate by reference the Declaration of Savannah Waltier (Dkt. 130-49).

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 4:**

IDENTIFY every person experiencing homelessness whose property YOU contend SAN FRANCISCO unlawfully destroyed, including all facts on which you rely. The phrase "destroy" in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that the information sought by this Interrogatory is in the possession, custody, and control of Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "every person experiencing homelessness" who has been subject to Defendants' unlawful property destruction practices as overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have filed documents on the public docket identifying the persons experiencing homelessness whom Plaintiffs currently possess sufficient knowledge of the identities of and the unlawful acts of property destruction committed by Defendants against those persons.

Plaintiffs identify the following documents on the public docket: Declaration of Elisa Della-Piana, Exhibits 1-4, 41-50 (Dkt. 9), Declaration of Dajuan Rochelle (Dkt. 30-3), Declaration of Zal Shroff, Ex. 1-10 (Dkt. 50-1 to 50-10), Second Supplemental Declaration of Jennifer Friedenbach (Dkt. 76), Second Supplemental Declaration of Ian James (Dkt. 77), Second Supplemental Declaration of Christin Evans (Dkt. 78), Second Supplemental Declaration of Shanna Couper Orona (Dkt. 79), Supplemental Declaration of Dylan Verner-Christ (Dkt. 130-9), Supplemental Declaration of Jezzeille Murdock (Dkt. 130-23), Declaration of Kyle Adams (Dkt. 130-24), Declaration of Donovan Eugene Harding (Dkt. 130-25), Declaration of Carmen Melendez (Dkt. 130-26), Supplemental Declaration of Joshua Donohoe (Dkt. 130-27), Declaration of Andrew Berger (Dkt. 130-28), Declaration of Katelin Bagley-Adams (Dkt. 130-29), Declaration of Helen Hoffman (Dkt. 130-31), Declaration of Donovan Harding (Dkt. 130-33), Declaration of Henry Jones (Dkt. 130-34), Declaration of Corey Barkley (Dkt. 130-36), Declaration of Troy

1  Hawthorne (Dkt. 130-38), Declaration of Krystal Erickson (Dkt. 130-39), Declaration of Noah Van Harin (Dkt. 130-40), Declaration of Stephanie Garcia (Dkt. 130-41), Declaration of Abimola Myers (Dkt. 130-42), Declaration of Pauline Wise (Dkt. 130-43), Declaration of Peter Calloway (Dkt. 130-44), Declaration of David Martin (Dkt. 130-48), Declaration of Savannah Waltier (Dkt. 130-49), Declaration of Steven Garrett (Dkt. 130-51), Declaration of Jerry Cannon (Dkt. 130-52), Declaration of Maurie Moran (Dkt. 130-53), Declaration of Ronald Wilson (Dkt. 130-54).

To the extent Defendants document interactions with unhoused individuals pursuant to Defendants' Bag and Tag policy, those documents will identify additional information responsive to this Interrogatory.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 5**:

IDENTIFY every instance where YOU contend SAN FRANCISCO unlawfully destroyed property of a person experiencing homelessness, including YOU, including all facts on which you rely, such as the date, time, and location where the property was taken; the owner of the property; the identity of the employee who destroyed the property; and an inventory of the property destroyed and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory. The phrase "destroy" in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that the information sought by this Interrogatory is in the possession, custody, and control of Defendants and outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" of and "all

documents" that relate to Defendants' unlawful property destruction practices as overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have filed documents on the public docket identifying the persons experiencing homelessness whom Plaintiffs currently possess sufficient knowledge of the identities of and the unlawful acts of property destruction committed by Defendants against those persons. Plaintiffs further object that, to the extent that this Interrogatory seeks information about unlawful destruction of the property of a person experiencing homelessness, this Interrogatory is duplicative of Interrogatory No. 4.

Plaintiffs identify the following documents on the public docket: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9), Declaration of Dajuan Rochelle (Dkt. 30-3), Declaration of Zal Shroff, Ex. 1-10 (Dkt. 50-1 to 50-10), Second Supplemental Declaration of Jennifer Friedenbach (Dkt. 76), Second Supplemental Declaration of Ian James (Dkt. 77), Second Supplemental Declaration of Christin Evans (Dkt. 78), Second Supplemental Declaration of Shanna Couper Orona (Dkt. 79), Supplemental Declaration of Dylan Verner-Christ (Dkt. 130-9), Supplemental Declaration of Jezzeille Murdock (Dkt. 130-23), Declaration of Kyle Adams (Dkt. 130-24), Declaration of Donovan Eugene Harding (Dkt. 130-25), Declaration of Carmen Melendez (Dkt. 130-26), Supplemental Declaration of Joshua Donohoe (Dkt. 130-27), Declaration of Andrew Berger (Dkt. 130-28), Declaration of Katelin Bagley-Adams (Dkt. 130-29), Declaration of Helen Hoffman (Dkt. 130-31), Declaration of Donovan Harding (Dkt. 130-33), Declaration of Henry Jones (Dkt. 130-34), Declaration of Corey Barkley (Dkt. 130-36), Declaration of Troy Hawthorne (Dkt. 130-38), Declaration of Krystal Erickson (Dkt. 130-39), Declaration of Noah Van Harin (Dkt. 130-40), Declaration of Stephanie Garcia (Dkt. 130-41), Declaration of Abimola Myers (Dkt. 130-42), Declaration of Pauline Wise (Dkt. 130-43), Declaration of Peter Calloway (Dkt. 130-44), Declaration of David Martin (Dkt. 130-48), Declaration of Savannah Waltier (Dkt. 130-49), Declaration of Steven Garrett (Dkt. 130-51), Declaration of Jerry Cannon (Dkt. 130-52), Declaration of Maurie Moran (Dkt. 130-53), Declaration of Ronald Wilson (Dkt. 130-54).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

PLFS.' RESPONSE TO FIRST SET OF DEFS.' ROGS
NO. 4:22-cv-05502-DMR

Furthermore, Plaintiff David Martinez discloses information regarding unlawful destruction of his property in April of 2023. At or around mid-April 2023, Mr. Martinez temporarily left his belongings on the corner of 13th Street and South Van Ness Avenue during a visit to a shelter offered by the City. When he returned, shortly after accepting the shelter offer, all of his belongings had been summarily seized. An eye witness told Mr. Martinez that his belongings had been disposed of by the City. Mr. Martinez was unable to recover the following items: a cell phone, medication for his right-side congestive heart failure, a tent, a bed, a cot, clothing, a radio, food, pots and pans, a portable stove, his personal drawings, and paperwork.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 6**:

IDENTIFY each injury or damage YOU sustained as a result of the incidents alleged in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein.

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Interrogatory as unnecessary and irrelevant to the injunctive relief claims at issue in this case because Plaintiffs are not seeking monetary damages. Plaintiffs object to this Interrogatory as duplicative of Interrogatory No. 10 to the extent that the Interrogatory seeks information related to property destruction experienced by Plaintiffs and other unhoused individuals. Plaintiff also object to this Interrogatory as duplicative of Interrogatory No. 12 to the extent that the Interrogatory seeks information regarding Defendants'

failure to reasonably accommodate disabilities. Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have been injured by Defendants' violation of the Fourth, Eighth, and Fourteenth Amendments, the American with Disabilities Act and related state protections.

**INTERROGATORY NO. 7:**

IDENTIFY ALL facts that support YOUR allegation in Paragraph 329 of the First Amended Complaint that "a significant number of unhoused individuals served by Plaintiff Coalition on Homelessness, have physical or mental disabilities and have been injured by Defendants' discriminatory response to unhoused residents," including the name of each such unhoused individual; the alleged disability from which he/she/they suffer; evidence that individual has been served by the Coalition on Homelessness; and how Defendants have allegedly discriminated against that unhoused individual; and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "all facts" or "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information outside the possession, custody, and control of Plaintiffs. Plaintiffs also object to this Interrogatory to the extent that documents containing the information sought by this Interrogatory have already been filed in this case and are therefore part of the public record. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." Sloan & Co., 369 F. Supp. at 995. Further, Plaintiffs object to this Interrogatory on the grounds that membership lists and other identifying information, including medical records, are generally protected from disclosure under the First Amendment absent a heightened showing of necessity. *Grandbouche v. Clancy*, 825 F.2d 1463, 1467 (10th Cir. 1987) (requiring the party requesting a membership list to demonstrate that "the privilege must be overborne by the need for the requested information"); see

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiff Coalition on Homelessness has no information responsive to this Request because it is an entity and therefore cannot be cited, fined, or arrested as that term is used in the First Amended Complaint.

Plaintiff Toro Castano responds that on August 21, 2020, he was cited and detained by police officers for illegal camping at the intersection of 16th Street and Pond Street in San Francisco. Plaintiff Toro Castano refers Defendants to and incorporates into this Response by reference paragraphs 17 to 19 and Exhibit A of the Declaration of Toro Castano (Dkt. 9-4, at 6).

Plaintiff David Martinez responds that, for several years, he was regularly arrested due to being homeless and detained for 72 hours on multiple occasions. Mr. Martinez was told that the a reason for his arrests was his failure to carry identification, although his identification had been lost during sweeps conducted by Defendants. Until April of 2023, Mr. Martinez was not offered shelter by the City at any of these enforcement interactions.

Plaintiffs Sarah Cronk, Joshua Donohoe, Molique Frank, Teresa Sandoval, and Nathaniel Vaughn respond that, as of the date of the Response to this Interrogatory, they have not been previously cited, fined, or arrested as a result of being homeless.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 10**:

Please state all facts describing each incident where YOU contend SAN FRANCISCO destroyed YOUR property, including, but not limited to, the dates and location(s) of the incident(s), a full inventory of the property taken, the value of the property taken, whether you were present at the time the property was taken, whether notice was posted regarding the seizure, the identity of any City personnel involved in the incident(s), what if any steps you took to determine whether any of your property had been stored by the City, and the identity of any

witnesses to the incident(s) and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory. The phrase "destroy" in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent that documents containing the information sought have already been filed in this case and are therefore part of the public record. Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 5.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiff Coalition on Homelessness has no information responsive to this Request because it has not had its property destroyed by Defendants. Individuals Plaintiffs identify the following documents on the public docket: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9), Declaration of Toro Castano (Dkt. 50-5).

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 11**:

List all physical, mental, and emotional impairments that YOU rely on to support YOUR claim of disability or handicap in this action, if any.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent that

1  Plaintiffs' collection and review of documents and information in this matter is ongoing.
2  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,
3  information, and belief. Plaintiffs reserve the right to supplement or amend the response should
4  further investigation and/or discovery indicate that such supplementation or amendment is
5  necessary.

Dated: June 22, 2023

By: /s/ Joseph H. Lee

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620*
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org

*admitted pro hac vice

ACLU FOUNDATION OF NORTHERN

CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*