EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
600 Fifth Avenue
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION FOR CONSOLIDATED BRIEFING OR ENLARGEMENT OF TIME** <br><br> **Judge:**  The Hon. Donna M. Ryu |

## I.  INTRODUCTION

Pursuant to N. D. Cal. Civ. L.R. ("LR") 7-11, 6-1, and 6-3, Plaintiffs move to consolidate the briefing on Defendants' fourth motion to dismiss (Dkt. 295) with the forthcoming summary judgment briefing (Dkt. 264 at 4) or, in the alternative, for an enlargement of time to oppose the motion to dismiss.

Defendants' challenges to individual and associational standing are a procedurally improper attempt to seek reconsideration of the Court's December 4 order. Defendants' arguments on organizational standing are primarily factual and more properly adjudicated at summary judgment, when the Court will have the benefit of a complete factual record and can write a single order instead of two. Neither Plaintiffs nor the Court should be burdened with this improper motion now.

In the alternative, Plaintiffs request that the Court grant them two additional weeks to respond to a motion that is far lengthier than it should be and involves factual arguments and *nearly 40* exhibits.

Defendants consent to the enlargement of time, subject to the Court's approval, an additional one week for the City to file a reply, and continuance of the upcoming hearing to February 27, 2025. Salzman Decl. ¶ 4. They do not consent to consolidated briefing. *Id.*

## II.  PROCEDURAL HISTORY AND BACKGROUND

This is Defendants' fourth attempt to dismiss this matter. On January 12, 2023, the Court largely denied Defendants' first motion to dismiss and had the parties meet and confer to avoid future motion practice. Dkt. 84. In a second motion to dismiss, Defendants argued that certain plaintiffs lacked standing due to their shelter status, but did not challenge the Coalition on Homelessness' standing. Because the "Coalition on Homelessness unquestionably has standing to pursue all forms of relief sought through this lawsuit," the Court also denied this second attempt. Dkt. No. 128 at 5. On December 4, 2024, the Court ruled on Defendants' third motion to dismiss and their motion for judgment on the pleadings. Dkt. 281. The Court dismissed two of the individual plaintiffs, preserved four of the claims, and held that the Coalition had adequately pled

associational standing, but not organizational standing. *Id.* at 38. The Court granted leave to amend *only* to respond to the portions of Defendants' motion that the Court had granted. *See id.* at 36-37. Plaintiffs could not amend the allegations on associational standing or individual standing, because those were issues on which the Court declined to grant Defendants' motion. *Id.* at 37-38.

Defendants did not seek leave to move for reconsideration. *See* LR 7-9.

On December 18, 2024, Plaintiffs filed the Third Amended Complaint ("TAC"). Dkt. 288-289. Heeding the Court's urging at the conference to narrow the case and move it forward expeditiously, Plaintiffs did not seek to re-plead the dismissed claims or plaintiffs. Plaintiffs amended *only* "to cure the deficiencies in organizational standing identified by the Court," Dkt. 288 at 1, in light of the Supreme Court's decision in *Food and Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), which was issued after Plaintiffs' prior complaint.

On January 2, 2024, Defendants filed their fourth motion to dismiss the TAC in its entirety, (1) renewing and expanding on the arguments they had previously made to dismiss the remaining individual plaintiffs; (2) renewing and expanding on the arguments they had previously made to dismiss the Coalition's associational standing; and (3) making a primarily factual argument to attack the Coalition's organizational standing, using a cherry-picked sampling of still-ongoing discovery.

### III.    ARGUMENT

Defendants' arguments on the individual plaintiffs and associational standing are an improper motion for reconsideration; their arguments on organizational standing are premature in the midst of incomplete discovery.

<u>Defendants' Renewed Arguments on the Individual Plaintiffs and Associational Standing Are Improper</u>

Defendants' renewed attempts to dismiss the remaining individual plaintiffs and the Coalition's associational standing are a procedurally improper attempt to move for reconsideration of the Court's December 4 order.

The Court held "that Coalition has adequately pleaded associational standing for Claims 5-8." Dkt. 281 at 14. The Court declined to consider Defendants' arguments about the standing of the remaining individual plaintiffs' "because Coalition adequately pleads associational standing to pursue those claims." *Id.* at 38.

Because the Court did not rule in Defendants' favor on these arguments, Plaintiffs could not unilaterally amend the complaint on these issues and did not do so. *Id.* at 36-38. The allegations in the TAC about the remaining individual plaintiffs and the Coalition's associational standing are identical to these same allegations in the second amended complaint. *See* Dkt. 289-1.

Defendants did not seek leave to file a motion for reconsideration of the Court's December 4 order, as required. LR 7-9(a). Nor have Defendants even attempted to make the showing required for a motion for reconsideration. LR 7-9(b). For example, Defendants have not identified that "a material difference in fact or law exists" since the December 4 order. *Id.* The law has not changed. Plaintiffs' allegations on individual Plaintiffs and associational standing remain the same.

Defendants cannot disguise an impermissible motion for reconsideration by calling it a motion to dismiss. A recent case rejected similarly rehashed arguments in a motion to dismiss an amended complaint, where the defendant sought to "revisit" elements of the complaint "that the Court already found sufficiently pled." *Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2024 WL 1056013, at *5 (N.D. Cal. Mar. 11, 2024). The court held that the motion to dismiss amounted to "an impermissible de facto motion for reconsideration of the Court's previous order, which [the defendant] neither acknowledges nor properly briefs." *Id. See also, e.g.*, *Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1326–27 (N.D. Cal. 2015) (defendant's reiteration of arguments raised in its "previous motion [to dismiss], and rejected by the Court" amounted to "essentially, a procedurally improper motion for reconsideration."); *Lobo v. Air-India Ltd.*, No. 20-CV-08790-WHO, 2021 WL 5402555, at *3 (N.D. Cal. Apr. 6, 2021) (denying motion to dismiss amended complaint as to claims where the defendant raise[d] the same "exact argument again in what is essentially an impermissible motion for reconsideration"). The same is true here.

Defendants' sprinkling of selective quotes from discovery does not make the motion proper. *See Pardi*, 2024 WL 1056013, at *5 (denying motion to dismiss on counts the court previously found adequately pled even though the defendant cited new information allegedly undermining the court's prior decision). Here, Defendants cite only discovery that was produced before December 4 and an interrogatory response that does not contain new information about housing status or other facts and merely lists witnesses who may be offered. Dkt. 295-6.

Defendants cannot take multiple bites at the apple, re-trying the same arguments over and over to try to get an outcome they like better.[1] If there is a procedurally proper opportunity for Defendants to renew their challenges to individual and associational standing, it is at the summary judgment stage, not now.

Defendants' Organizational Standing Argument Relies on an Incomplete Record

Defendants' challenge to organizational standing is primarily factual, based on a cherry-picked sampling of the hundreds of thousands of documents produced in this case. It is made in the midst of ongoing discovery, as both parties continue to produce documents and take depositions. Salzman Decl. ¶¶ 6-7. Among the many depositions that have yet to occur, Defendants have not yet deposed the Executive Director (or any staff) of the Coalition on Homelessness and therefore there is still no record of her testimony (or anyone else's) on Plaintiffs' new allegations of organizational standing. Salzman Decl. ¶ 7.

The Court should not be burdened with deciding a purportedly evidence-based motion prior to the completion of discovery and prior to summary judgment, when the Court and the parties will have the benefit of a complete record to assess the merits of organizational standing. The conclusory nature of Defendants' factual arguments also demonstrates they are premature at best. *See, e.g.*, Dkt. 295 at 12 (arguing that "[i]t is apparent Coalition's central mission has always been advocacy against the City," based on a single document concerning the Coalition's decision to

---

[1] The Court already made clear, "[t]he general rule applicable to federal court suits with multiple plaintiffs is that once the court determines that one of the plaintiffs has standing, it need not decide the standing of the others." Dkt. No. 128 at 5 (internal citations and quotation marks omitted).

bring this very case, and citing that document to argue that it "belies a suggestion that the City interfered with any core activity," even though the two are not mutually exclusive).

The Court Should Exercise its Broad Discretion to Consolidate the Briefing

The Court has broad discretion to manage its docket and to consolidate motion practice in the interests of judicial efficiency. *See, e.g.*, *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad discretion in supervising the pretrial phase of litigation[.]").

Here, the Court should exercise that discretion to consolidate the briefing on Defendants' fourth motion to dismiss with the forthcoming summary judgment motions. This will eliminate the burden on the Court of having to rule on these issues twice and instead allow the Court to write one order instead of two. It will ensure the Court has the benefit of a complete factual record (including deposition testimony) to decide Defendants' fact-based arguments. It will allow the parties to focus their efforts now on timely completing discovery, including dozens of depositions, rather than engaging in procedurally improper and duplicative briefing.

While Defendants refused to consent to consolidating the briefing, they failed to identify any prejudice beyond conclusory allegations that fly in the face of the reality of the current schedule in this case, with summary judgment scheduled to be briefed less than three months after this motion. Salzman Decl. ¶ 8; Dkt. 264 at 4 (summary judgment due May 22, 2025).

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court consolidate the motion to dismiss briefing with the summary judgment briefing or, in the alternative, grant the parties' agreed-upon enlargement of time, extending Plaintiffs' time to respond to the motion to dismiss by two weeks, an additional one week for the City to file a reply, and continuance of the hearing to February 27, 2025.

Dated: January 7, 2025

Respectfully submitted,

By: */s/ Zoe Salzman*
Zoe Salzman

5

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
Vasudha Talla, SBN 316219
Vivake Prasad, *admitted pro hac vice*
Bianca Herlitz-Ferguson, *admitted pro hac vice*
600 Fifth Avenue
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com

*Attorneys for Plaintiffs*

6