EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
600 Fifth Avenue
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **DECLARATION OF ZOE SALZMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR CONSOLIDATED BRIEFING OR ENLARGEMENT OF TIME** <br><br> **Judge:** The Hon. Donna M. Ryu |

I, Zoe Salzman, declare as follows:

1. I am a partner in the law firm of Emery Celli Brinckerhoff Abady Ward & Maazel LLP, counsel for Plaintiffs in the above-captioned action. I make this declaration in support of Plaintiffs' Administrative Motion to Consolidate Briefing or for an Enlargement of Time.

2. Pursuant to Local Rules 7-11, 6-1, and 6-3, for all the reasons set forth in the accompanying motion papers, Plaintiffs move to consolidate the briefing on Defendants' fourth motion to dismiss (Dkt. 295) with the forthcoming summary judgment briefing (Dkt. 264 at 4) or, in the alternative, for an enlargement of time to oppose the motion to dismiss from January 16, 2025 to January 30, 2025.

3. The day after Defendants' fourth motion to dismiss was filed, on January 3, 2025, I emailed Defendants to request that they consent to consolidating the briefing on the motion with the forthcoming motion for summary judgment or, in the alternative, to a two-week enlargement of Plaintiffs' time to respond. I explained the basis for our proposal, including the arguments now set forth in the accompanying motion papers, and requested that, if Defendants did not agree, they explain why and identify any prejudice to Defendants from the proposed consolidation. I asked Defendants to respond by January 6, 2025.

4. On January 6, 2025, Defendants responded by email. Defendants refused to consent to Plaintiffs' proposal to consolidate the briefing. Defendants consented to Plaintiffs' proposal for an enlargement of time, subject to the Court's approval, an additional one week for the City to file a reply, and continuance of the hearing to February 27, 2025.

5. On January 7, 2025, in response to my follow-up email again asking Defendants to identify any prejudice from consolidated briefing, Defendants provided only conclusory assertions.

6. Due to the unanticipated volume of Defendants' motion, which both renews and expands on arguments that were previously rejected by the Court and makes factual arguments including nearly 40 exhibits, and due to the fact that it is made in the midst of ongoing discovery including document production and depositions, Plaintiffs will be prejudiced if the Court does

1

not grant the requested relief because we do not have sufficient time to adequately respond to the motion by January 16.

7. Discovery is currently incomplete and ongoing with both parties still producing documents and taking depositions. Among the many depositions that have yet to occur, Defendants have not yet deposed the Executive Director of the Coalition on Homelessness and therefore there is still no record of her testimony (or anyone else's) on Plaintiffs' new allegations of organizational standing.

8. Granting Plaintiffs' motion to consolidate the motion to dismiss briefing with the summary judgment briefing due by May 22, 2025 (Dkt. 264 at 4) will streamline the briefing for the Court and the parties and will not impact the schedule for the case. In the alternative, if the Court instead grants the parties' agreed-upon enlargement of time, the hearing on the motion to dismiss will be moved to February 27, 2025 and there will still be no effect on the other deadlines in the Case Management Plan.

9. Pursuant to Civil Local Rule 6-2, Plaintiffs provide the following previous time modifications in this case, whether by Stipulation or Court order:

   a. On July 26, 2023, upon the stipulation of the Parties, the Court issued an order extending the discovery deadlines and stated it would consider extending these deadlines further if the parties filed a joint proposed comprehensive schedule that demonstrated good cause by August 28, 2023 (Dkt. No. 160);

   b. On September 20, 2023, upon the stipulation of the Parties submitted on August 28, 2023, the Court further modified the case schedule (Dkt. No. 191);

   c. On February 23, 2024, the Court stayed the case until 30 days after the Supreme Court issued an opinion in City of Grants Pass v. Gloria Johnson, Case No. 23-175 and issued a second amended case management and pretrial order. (Dkt. Nos. 222-223); and

   d. On September 16, 2024, the Court issued an order to extend the case schedule to accommodate a motion briefing schedule. (Dkt. No. 244);

e.  On October 31, 2024, upon the stipulation of the Parties submitted on October 29, 2024, the Court further modified the case schedule (Dkt. No. 270).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in New York, New York on January 7, 2025.

Dated: January 7, 2025

                                                                                                             */s/ Zoe Salzman*
                                                                                                             Zoe Salzman