DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-3857 (Wang)
               (415) 554-6762 (Murphy)
               (415) 554-3870 (Gradilla)
               (415) 554-4223 (George)
               (415) 355-3304 (Mills)
Facsimile:     (415) 554-4699
E-mail:        edmund.wang@sfcityatty.org
               kaitlyn.murphy@sfcityatty.org
               miguel.gradilla@sfcityatty.org
               john.george@sfcityatty.org
               steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINSTRATIVE MOTION FOR CONSOLIDATED BRIEFING OR ENLARGEMENT OF TIME**<br><br>Trial Date:            July 28, 2025 |

**INTRODUCTION**

Defendants have a right to move to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and to have that issue resolved at the pleading stage before they undergo the further expense of defending a lawsuit against parties that lack standing. Defendants timely moved to dismiss the allegations in Plaintiffs' most recent complaint, working over the winter holidays to get their motion on file by January 2, 2025. Plaintiffs have the burden to show they have standing sufficient to vest this Court with jurisdiction at the moment they commenced this suit and cannot wait until summary judgment to collect the evidence they should have had at the outset. In a meritless effort to delay dismissal for lack of subject matter jurisdiction based on a new complaint, new allegations, and new jurisdictional facts, Plaintiffs once again misunderstand Article III standing and their own burdens. The law is clear, "the jurisdictional issue of standing can be raised at any time." *Ctr. for Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009) (citation omitted). Courts have "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst*., 555 U.S. 488, 499 (2009) (citation omitted). Despite these controlling rules, Plaintiffs invite the Court to ignore their apparent lack of standing through summary judgment, while forcing the parties to incur significant costs on discovery that would be obviated by a judicious resolution of Plaintiffs' lack of standing. The Court should decline their invitation for delay and decide these dispositive threshold issues on a proper motion to dismiss.

Plaintiffs filed their Third Amended Complaint ("TAC," ECF No. 289) on December 18, 2024. The TAC included new allegations related to Plaintiffs' standing. *See, e.g.,* ECF No. 289-1 ¶¶ 19-24. Although Plaintiffs state they amended the complaint "only to cure the deficiencies in organizational standing identified by the Court," ECF No. 296 at 2, the TAC shows they also added allegations related to associational standing. Specifically, Plaintiffs allege Coalition's membership includes "front line service providers, staff, and other advocates and volunteers." TAC ¶ 22. This allegation goes to their associational standing and was not in the Second Amended Complaint. *See, e.g.,* ECF No. 289-1 ¶ 22. Plaintiffs also declined to remove allegations related to their diversion of resources theory of standing, which the Court dismissed from the Second Amended Complaint. *See, e.g*., *id*. ¶¶ 168-78.

After Plaintiffs filed their TAC, Defendants timely moved to dismiss for lack of jurisdiction based on *new* allegations that undermine Plaintiffs' claim to standing as a matter of law and *new* facts that demonstrate Plaintiffs' claim to standing is futile. ECF No. 295. By way of limited background, Plaintiffs double-down on their claim to have organizational (not just associational) standing for its own claims based in part on allegations the Defendants hinder the Coalition on Homelessness' ability to obtain and retain membership, which Defendants believe is improper. TAC ¶ 23-24. None of that is cognizable and undermines Coalition's earlier claim to have standing on behalf of its members by calling into question who those members are in the first place. Plaintiffs' new allegation concerning the true scope of Coalition's sprawling membership demonstrates that Coalition fails to establish the requisite indicia of membership to even claim associational standing in the first place. But more to the point that jurisdiction is lacking, Coalition responded to verified jurisdictional discovery two days after it filed the TAC identifying ten members that support standing. ECF No. 295-6; Mills Decl. ¶ 4. That directly contradicts their assertion throughout this case that they have had thousands of members. None of the identified individuals are sufficient to support this Court's jurisdiction in this case because they are either housed or irrelevant to the standing inquiry all together as a matter of law.

Any suggestion that that the Defendants' motion is an improper motion for reconsideration is belied by law applicable to standing that authorize Courts to consider facts. It is also telling that Plaintiffs offers no explanation as to why a delay would allow them to satisfy their standing burden. The Defendants agreed in good faith to an extension of the briefing schedule to avoid motion practice. But Plaintiffs' failure to ensure their standing two and a half years into this case does not justify its use as a sword and shield. The motion for consolidated briefing should be denied.

## ARGUMENT

### I.  Plaintiffs' Motion Improperly Raises Substantive Argument.

Plaintiffs' arguments concerning reconsideration are improper as part of an administrative motion. Pursuant to Civil Local Rule 7-11, motions for administrative relief apply to "miscellaneous administrative matters." *See also Tuttle v. Sky Bell Asset Mgmt., LLC*, No. C-10-03588 WHA, 2011 WL 767741, at *2 (N.D. Cal. Feb. 28, 2011) (holding that "all parties shall not file motions concerning substantive matters disguised as motions concerning miscellaneous administrative matters"). To the

extent Plaintiffs are trying to make a case that Defendants filed an improper motion for reconsideration, this is not the vehicle. Any objections could be raised in a substantive motion or opposition to a substantive motion they complain about.

## II.     Defendants' Timely Motion To Dismiss Is Procedurally Proper.

Central to Plaintiffs' motion is their mistaken belief that the Defendants' motion is an untimely motion for reconsideration that must be converted to summary judgment. There is no dispute that the motion is timely pursuant to Federal Rules of Civil Procedure 15. Instead, Plaintiffs' erroneously argue without any support that the Defendants were prohibited from moving to dismiss for lack of standing and that the Defendants' motion must be converted to summary judgment. Pursuant to Federal Rule of Civil Procedure 12(h)(1), parties may raise standing objections at any time. *See United States v. Hays*, 515 U.S. 737, 742 (1995) (recognizing "standing is not subject to waiver"). Federal Rule of Civil Procedure 12(h)(3) is also unambiguous: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Friends of the Earth v. Sanderson Farms, Inc.*, No. 17-cv-03592-RS, 2019 WL 3457787, at *1 (N.D. Cal. July 31, 2019) ("Rule 12(h)(3) effectively prolongs the time for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction."). Plaintiffs offer no authority that evaluating *standing* on new allegations and new facts is improper reconsideration because none of the cases they cite turn on new standing allegations. *See, e.g.*, *Pardi v. Tricida, Inc.*, No. 21-cv-00076-HSG, 2024 WL 1056013 (N.D. Cal. Mar. 11, 2024) (evaluating sufficiency of a fraud claim); *Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1326-27 (N.D. Cal. 2015) (evaluating dismissal based on claims being impermissibly duplicative); *Lobo v. Air-India Ltd.*, No. 20-CV-08790-WHO, 2021 WL 5402555 (N.D. Cal. Apr. 6, 2021) (evaluating failure to identify contrary authority again concerning immunity); *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) (considering amendment of pretrial order).

Considering facts outside of the pleading is appropriate in light of the Court's independent obligation to ensure that standing exists. Indeed, as it has already done in this case, the Court "may review evidence beyond the complaint without converting" a factual attack "into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Murthy v. Missouri*, 603 U.S. 43, 58 (2024) ("Where, as here, the parties have taken discovery, the

plaintiff cannot rest on 'mere allegations,' but must instead point to factual evidence."). Furthermore, this should pose no obstacle to Plaintiffs opposing Defendants' attack on standing because any factual information is within their possession, custody, and control. As "the party opposing the motion" *plaintiffs* "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 & n.2 (9th Cir. 2003). Plaintiffs (like every other plaintiff faced with a factual challenge to standing in a motion to dismiss) can satisfy their burden through the competent showing, which should have been in their possession before they commenced suit. If Plaintiffs fail to do so, this case should be dismissed.

Plaintiffs' motion is an attempt to obtain the relief allowed by Rule 56(d) without any attempt to meet its requirements. *See* Fed. R. Civ. P. 56(d). Regardless, conversion is only applicable to Rule 12(b)(6) and Rule 12(c) motions—not Defendants' 12(b)(1) motion. *See* Fed. R. Civ. P. 12(d). Plaintiffs also grossly overstate the factual nature of the Defendants motion, which is narrow, and fail to identify a single fact that further discovery is necessary to reveal. Defendants argued that organizational standing fails as a matter of law and offered facts in the alternative. The remaining dispositive facts primarily include Plaintiffs' December 20, 2024 response to jurisdictional discovery and declarations showing that none of those individuals have standing. Notably, the Court already dismissed claims on the same showing and same legal standard. Plaintiffs also suggest that Defendants rely upon evidence that it had before the Court's last order. That is disingenuous. Defendants did not have the relevant evidence because Plaintiffs produced nearly 837,951 pages of discovery for the first time during the pendency of the last motion, and even if Plaintiffs had produced such a large amount of discovery before Defendants' filed their motion, Defendants review of any production that size would take time. Mills. Decl. ¶ 6. Plaintiffs failure to timely disclose information should not be a sword and shield.

### III.    Plaintiffs' Request Creates Substantial Prejudice And Encourages Judicial Waste.

Although Defendants are not required to show prejudice, Plaintiffs claim the Defendants "failed to identify any prejudice beyond conclusory allegations" is inaccurate and baseless. ECF No. 296 at 5. In truth, Defendants explained in a correspondence Plaintiffs did not attach to their motion that Plaintiffs' request adds to the significant prejudice the Defendants have already faced. Mills Decl.

¶ 2, Ex. A. Plaintiffs have consistently tried to litigate this action as a class action when it is not. Mills Decl. ¶ 3. Subsequent developments show they represent a mere ten individuals (four are current or former plaintiffs) and have no authority to accept service on behalf of the dozens of witnesses they have identified in this case. Mills Decl. ¶¶ 3-4; ECF Nos. 295-7, 295-8, 295-9, 295-42. Proceeding through the expense of fact and expert discovery needlessly exposes both sides to costs (and wastes limited public resources) if there is no jurisdiction. Mills Decl. ¶ 5. The parties are also actively disputing the scope of ESI, search terms, the relevance of facts to the remaining claims, the need for a site inspection, and Plaintiffs' categorical privilege assertions. *Id*. Any orders related to those disputes will be moot or void if there is no jurisdiction. And Plaintiffs' request would merely delay what should have been disclosed months ago and will presumably be disclosed in their opposition – the basis for each identified "member's" standing necessary to underpin Coalition's own associational standing.

## IV.   Defendants Take No Position On Plaintiffs' Good Cause For An Extension.

Plaintiffs make conflicting claims—both that the Defendants' motion is improper because it contains new arguments and that it is improper because it contains arguments included in the Defendants' prior motion to dismiss. In meet and confers, Defendants have sought to accommodate Plaintiffs request for additional time and agreed to an extension of the briefing schedule subject to the Court's approval, and in the alternative offered to shorten time if Plaintiffs believed that would be a judicious use of resources. Mills Decl. ¶ 2. Defendants are aware that the Court has already admonished the parties that further extensions are "very unlikely" because "There's been plenty of time at this point to be developing the case." Dec. 4, 2024 Hrg. Tr. 5:13-24. In light of the foregoing, Defendants take no position on Plaintiffs' claim that good cause exists for an extension.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court deny Plaintiffs' administrative motion for consolidated briefing.

Dated: January 8, 2025

>
> DAVID CHIU
> City Attorney
> YVONNE R. MERÉ
> EDMUND T. WANG
> KAITLYN MURPHY
> MIGUEL A. GRADILLA
> JOHN H. GEORGE
> STEVEN A. MILLS
> Deputy City Attorneys
>
>
> By:    s/Steven A. Mills
>        STEVEN A. MILLS
>
> Attorneys for Defendants
> CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

CASE NO. 4:22-cv-05502-DMR (LJC)            6            n:\govlit\li2025\230239\01811113.docx