DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR CONSOLIDATED BRIEFING OR ENLARGEMENT OF TIME**<br><br>Trial Date:       July 28, 2025 |

I, Steven A. Mills, declare as follows:

1. I am a Deputy City Attorney in the Office of the City Attorney for the City and County of San Francisco and am one of the attorneys of record for Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco Department of Emergency Management (collectively "Defendants"). I am a member in good standing of the bar of this Court. I have personal knowledge of the matters stated, and if called to testify, I can and will testify competently as to all matters set forth herein.

2. On Friday, January 3, 2025, at approximately 5:26 p.m. PST, counsel for Plaintiffs initiated a meet and confer about the City's pending Motion to Dismiss the Third Amended Complaint (the "Motion"). In the email, Plaintiffs sought to consolidate the Motion with summary judgment and an alternative extension to respond. On Monday, January 6, 2025, at approximately 4:28 p.m. PST, Defendants requested authority from Plaintiffs to support their claims that the Motion is improper, and explained that Defendants' Motion is proper under Federal Rule of Civil Procedure 12(h) and controlling Ninth Circuit Authority. In the same email, Defendants agreed to an extension of Plaintiffs time to respond to the Motion subject to the Court's approval, an additional one week for the City to file a reply, and a continuance of the hearing to February 27, 2025. On the same day, at approximately 6:56 p.m. PST, Plaintiffs provide authority and asked the Defendants to articulate prejudice that would result from any consolidation. Defendants promptly responded at approximately 9:44 a.m. PST on January 7, 2025. In that correspondence, Defendants explained that none of Plaintiffs' authority concerned standing, articulated clear reasons for why Defendants would be prejudiced, and proposed shortening the schedule to address Plaintiffs' concerns. A true and correct copy of the Parties' complete correspondence is attached hereto as **Exhibit A**.

3. Based upon the proceedings to date, Defendants believe that they will experience significant prejudice in addition to the prejudice already incurred if its motion is delayed. Plaintiffs have sought to litigate this case akin to a class action on behalf of the thousands of members it has claimed to have, when it is not. That has resulted in substantial discovery into sensitive non-party

information, including protected benefits information and law enforcement records, that would not have been proportional to a claim that ten members support standing. Plaintiffs also have not accepted service for dozens of individuals that they claim experienced property destruction and the Defendants have had to leverage investigators and process servers to try to identify and serve individuals. Those efforts are ongoing to avoid any prejudice to Defendants.

4. Furthermore, on December 20, 2024, just two days after Plaintiffs filed their Third Amended Complaint, Plaintiffs propounded responses to the City's interrogatories that identified ten individuals that they intend to rely upon to justify Coalition's standing. As shown in Defendants' pending Motion, three of those individuals are current plaintiffs whose standing has already been challenged, one is a former plaintiff that was dismissed for lack of standing, two are members that have been identified in the complaint since September 2022 and whose standing has already been challenged, two are members that Coalition appears to have obtained recently, one is an individual that appears to be housed and that has never been disclosed in this case to date, and the last is a declarant. The City has submitted evidence that none of these individuals have standing. If no individual has standing, Coalition's claim for associational standing fails. Under those circumstances, the case would be dismissed.

5. In addition to those enumerated issues and resulting prejudice, the parties have been meeting and conferring about the scope of appropriate ESI, search terms, the relevance of facts to the remaining claims, the need for a site inspection, and Plaintiffs' categorical privilege assertions (including as to the scope of individuals Plaintiffs claim to represent).  The parties also previously stipulated to 140 hours of deposition because, in large part, Plaintiffs designated so many witnesses in this case. Defendants believe this litigation would waste limited public resources if there is no standing over the claims. Discovery disputes would also be moot or potentially void if there is no jurisdiction.

6. Plaintiffs did not produce the vast majority of documents until September 2024. On September 12, 2024, plaintiffs produced approximately 837,951 pages of materials (close to 150,000 files). Plaintiffs' previous production amounted to approximately 200 files. The substantial production in September 2024 was during the pendency of the Defendants' motion to dismiss the Second

Amended Complaint for lack of subject matter jurisdiction. A document review for a production of that size takes considerable time. The balance of documents attached to the Motion are from the September 12, 2024 production.

7. In light of the foregoing, Defendants believe that resolution of its pending Motion without consolidation promotes efficiency and mitigates any waste of resources.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Francisco, California on January 8, 2025.

*/s/ Steven A. Mills*
STEVEN A. MILLS