# EXHIBIT A

# TO

# DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR CONSOLIDATED BRIEFING OR ENLARGEMENT OF TIME

## Mills, Steven (CAT)

| | |
|---|---|
| **From:** | Mills, Steven (CAT) |
| **Sent:** | Tuesday, January 7, 2025 9:44 AM |
| **To:** | 'Zoe Salzman'; George, John (CAT); Murphy, Kaitlyn (CAT); Gradilla, Miguel (CAT); Wang, Edmund (CAT) |
| **Cc:** | jdo@aclunc.org; nkashyap@lccrsf.org; skatovich@aclu.org; Vasudha Talla; Vivake Prasad; Bianca Herlitz-Ferguson; wfreeman@aclunc.org; antim@lccrsf.org |
| **Subject:** | RE: COH v. CCSF - defendants' improper motion |

Hi Zoe,

Thanks for providing some authority. We note that none of it concerns standing or the issues that we raised below concerning standing inquiries. The amendments to the Third Amended Complaint also are not as narrow as you suggest. Coalition broadened its constituency in its allegations, which relates directly to associational standing. One theory of standing can also undermine another. The organizational standing allegations also put Coalition's ability to build a membership base directly at issue—including who its active members can be—and can be resolved on the law for the reasons provided in our motion without a need to turn to the facts. We've also now moved on all of the individuals that have been identified through our jurisdictional discovery that was responded to following the order and that is well within precedent. "Where, as here, the parties have taken discovery, the plaintiff cannot rest on 'mere allegations', but must instead point to factual evidence." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024).

Deferring these issues does add to the substantial prejudice that the Defendants have already experienced in this case. Plaintiffs have sought to litigate it as a class action when it is not. That is now even more apparent that Coalition has verified under penalty of perjury that it represents just 10 people despite the dozens that have been proffered in this case and who Coalition is not accepting service on behalf of. Proceeding through the expense of fact and expert discovery needlessly exposes both sides to costs if there is no jurisdiction. And as you know, the parties are actively conferring about the scope of discovery, ESI, and privilege. Any orders related to those issues will be void if there is no jurisdiction.

We also note that Plaintiffs request for four weeks to brief these issues is also inconsistent with a position that this is reconsideration. If Plaintiffs believe that it can be quickly resolved in a shorter amount of time based on information they have in their custody and control to satisfy their burden, Defendants are amenable to seeking a shortened schedule. Otherwise we maintain our position that the Court needs to resolve threshold jurisdictional issues and is willing to accommodate Plaintiffs' request for additional time.

Thanks,

Steven

**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** Zoe Salzman <zsalzman@ecbawm.com>
**Sent:** Monday, January 6, 2025 6:56 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Wang, Edmund

(CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** jdo@aclunc.org; nkashyap@lccrsf.org; skatovich@aclu.org; Vasudha Talla <vtalla@ecbawm.com>; Vivake Prasad <VPrasad@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; wfreeman@aclunc.org; antim@lccrsf.org
**Subject:** RE: COH v. CCSF - defendants' improper motion

Steven,

The amended complaint only added allegations on organizational standing. It is therefore improper for the City to renew its arguments on individual and associational standing under the guise of a motion to dismiss. *See, e.g.*, *Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2024 WL 1056013, at *5 (N.D. Cal. Mar. 11, 2024) (holding motion to dismiss was "an impermissible de facto motion for reconsideration of the Court's previous order, which [the defendant] neither acknowledges nor properly briefs."); *Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1326–27 (N.D. Cal. 2015) (defendant's reiteration of arguments raised in its "previous motion [to dismiss], and rejected by the Court" amounted to "essentially, a procedurally improper motion for reconsideration."); *Lobo v. Air-India Ltd.*, No. 20-CV-08790-WHO, 2021 WL 5402555, at *3 (N.D. Cal. Apr. 6, 2021) (denying motion to dismiss amended complaint as to claims where the defendant raise[d] the same "exact argument again in what is essentially an impermissible motion for reconsideration"). Your fact arguments on organizational standing are also not appropriate, grossly distort the record, and unduly burden the Court at this stage, while discovery is ongoing and incomplete, including no depositions having been taken on the allegations of organizational standing.

Please respond to our question by Tuesday 11:00 am PST of any prejudice to defendants in consolidating this briefing with the summary judgment briefing when the Court will have the benefit of a complete record, as we intend to move the Court for that relief if you do not agree.

Thank you for your consent to the extension; we will inform the Court that you consent to this alternative relief.

Best,

Zoe

Zoe Salzman
Partner
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
phone: 212-763-5000
fax: 212-763-5001
zsalzman@ecbawm.com
www.ecbawm.com
Pronouns: She/Hers

This electronic message transmission contains information from the law firm of Emery Celli Brinckerhoff Abady Ward & Maazel LLP which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited.  If you have received this electronic transmission in error, please notify us by telephone (212-763-5000) or by electronic mail (zsalzman@ecbawm.com) immediately.

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Monday, January 6, 2025 7:28 PM
**To:** Zoe Salzman <zsalzman@ecbawm.com>; George, John (CAT) <John.George@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** jdo@aclunc.org; nkashyap@lccrsf.org; skatovich@aclu.org; Vasudha Talla <vtalla@ecbawm.com>; Vivake Prasad <VPrasad@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; wfreeman@aclunc.org;

antim@lccrsf.org
**Subject:** RE: COH v. CCSF - defendants' improper motion

Counsel,

Will you please provide us the authority supporting your claims that the motion is improper and untimely? We disagree with that characterization and understanding your authority will help us respond. There are new standing allegations in the complaint, standing can be raised at any time, and a court has an obligation to dismiss when it is apparent that it lacks standing. This is contemplated in Federal Rule of Civil Procedure 12(h) as well as controlling Ninth Circuit authority. The City's papers also contain authority that Courts can consider facts without converting a motion to dismiss for lack of standing. The Court already relied upon facts outside of the complaint in dismissing other claims and there was no conversion to summary judgment then.

With respect to timing, the motion was filed in the time required by Federal Rule of Civil Procedure 15. Following the new amendment, the City promptly assembled its papers over the holidays and raises dispositive information that was disclosed after the Court issued its order.

As a professional courtesy, we are willing to stipulate to an extension subject to the Court's approval, an additional one week for the City to file a reply, and continuance of the hearing to February 27 (the Court's next available date). If those terms are acceptable, please provide a stipulation.

   Thanks,

Steven

**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** Zoe Salzman <zsalzman@ecbawm.com>
**Sent:** Friday, January 3, 2025 5:26 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** jdo@aclunc.org; nkashyap@lccrsf.org; skatovich@aclu.org; Vasudha Talla <vtalla@ecbawm.com>; Vivake Prasad <VPrasad@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; wfreeman@aclunc.org; antim@lccrsf.org
**Subject:** COH v. CCSF - defendants' improper motion

Counsel,

Having reviewed your motion to dismiss, we believe your arguments on associational and individual standing are an improper and untimely motion for reconsideration of the Court's December 4 order. The Court did not rule in defendants' favor on these issues; there was therefore no basis for us to amend our allegations on these issues and we did not do so in the TAC; defendants failed to timely move for reconsideration of the Court's order and are therefore precluded from doing so now.

Your arguments attacking organizational standing (the sole issue in your motion that was actually the basis of amendment in the TAC) are an improperly premature and duplicative motion for summary judgment, made in the midst of discovery as the record is still being developed.

To avoid burdening the Court with this inappropriate motion, we propose instead that we agree to consolidate this briefing into the forthcoming summary judgment motion practice. That will be more efficient for the Court and for all of us and will allow the Court to decide these issues with the benefit of the complete discovery record. Given the current schedule and the Court's past practice, the Court is highly unlikely to decide this motion before the summary judgment briefing, so there is no prejudice to defendants in proceeding this way. Please let us know if you agree and if you think such a stipulation needs to provide for anything else. If you do not agree, please explain the basis for your refusal and whether, as an alternative, you would consent to a 2-week extension of our time to respond.

Given the timing concerns, please let us know your position by COB Monday January 6.

Regards,

Zoe Salzman
Partner
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
phone: 212-763-5000
fax: 212-763-5001
zsalzman@ecbawm.com
www.ecbawm.com
Pronouns: She/Hers

This electronic message transmission contains information from the law firm of Emery Celli Brinckerhoff Abady Ward & Maazel LLP which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited.  If you have received this electronic transmission in error, please notify us by telephone (212-763-5000) or by electronic mail (zsalzman@ecbawm.com) immediately.