United States District Court
Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   COALITION ON HOMELESSNESS, et al.,        Case No. 22-cv-05502-DMR

8                        Plaintiffs,
                                             **ORDER DENYING MOTION TO**
9           v.                               **DISMISS THIRD AMENDED**
                                             **COMPLAINT WITHOUT PREJUDICE**
10  CITY AND COUNTY OF SAN
    FRANCISCO, et al.,                       Re: Dkt. Nos. 293, 294, 295, 296
11
                         Defendants.
12

13          On December 4, 2024, the court held that Plaintiff Coalition on Homelessness

14  ("Coalition") adequately pleaded associational standing for the remaining claims challenging the

15  seizure and destruction of property. [Docket No. 281 (Order) at 9-14.]  The court declined to

16  address standing for most of the individual Plaintiffs,[1] citing *Leonard v. Clark*, 12 F.3d 885, 888

17  (9th Cir. 1993) ("The general rule applicable to federal court suits with multiple plaintiffs is that

18  once the court determines that one of the plaintiffs has standing, it need not decide the standing of

19  the others."); *accord Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567

20  F.3d 521, 523 (9th Cir. 2009) ("As a general rule, in an injunctive case this court need not address

21  standing of each plaintiff if it concludes that one plaintiff has standing.").  Order at 20.  The court

22  further held that the Coalition had not pleaded organizational standing and granted leave to amend.

23  Order at 18-20, 36-38.

24          Plaintiffs filed a third amended complaint to cure the deficiencies on organizational

25  standing. [Docket Nos. 289; 289-1 (redline showing amendments)].  Inexplicably, Defendants

26

27  _____

28  [1] The court did analyze standing for then-Plaintiffs Toro Castaño and Nathaniel Vaughn, holding
    that they lack standing for the property-based claims.  As reflected in the Third Amended
    Complaint, they are no longer named as Plaintiffs.

1   have filed a motion to dismiss that not only challenges organizational standing but also takes

2   another swing at associational and individual standing.  [Docket No. 295.]  This is unhelpful and

3   wastes court resources.  If Defendants want to test organizational standing, they may file a new,

4   standalone Rule 12 motion on that issue **by January 23, 2025**.  Associational standing made it

5   past the pleading stage.  If Defendants want to challenge associational or individual standing,

6   they will need to do so at summary judgment or trial.

7          Defendants' motion to dismiss is denied without prejudice, and the associated motions to

8   seal [Docket Nos. 293, 294] are denied as moot.  Plaintiffs' administrative motion to consolidate

9   briefing or for an enlargement of time [Docket No. 296] is denied as moot.

10

11          **IT IS SO ORDERED.**

12  Dated: January 9, 2025

13                                                    _____
14                                                    Donna M. Ryu
                                                      Chief Magistrate Judge

*United States District Court*
*Northern District of California*