EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
Vasudha Talla, SBN 316219
Vivake Prasad, *admitted pro hac vice*
Bianca Herlitz-Ferguson, *admitted pro hac vice*
600 Fifth Avenue
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' CONSOLIDATED ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** <br><br> **Judge:** The Hon. Donna M. Ryu |

## I.  INTRODUCTION

Pursuant to the Northern District of California Civil Local Rules 7-11 and 79-5, Plaintiffs hereby respectfully request that the Court issue an order sealing: (1) those documents (or specified portions thereof) enclosed with Defendants' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. 300), which are exhibits G through S to Defendants' Fifth Motion to Dismiss (Dkt. 301), and quotations from and descriptions of those exhibits in Defendants' Declaration and Memorandum of Law in support of the motion; and (2) Exhibits 5, 8, 10-12 to the Declaration of Jennifer Friedenbach in support of Plaintiffs' Opposition to Defendants' Fifth Motion to Dismiss.[1]

## II.  LEGAL STANDARD

Sealing materials related to dispositive motions is warranted where the motion to seal is supported by "compelling reasons." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Ninth Circuit has held that "compelling reasons" exist "sufficient to outweigh the public's interest in disclosure" when such "'court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* (cleaned up); *see also Grace v. Apple, Inc.*, No. 17 Civ.00551, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) (compelling reasons exist to seal "sensitive internal information the disclosure of which would cause competitive harm or that would raise security concerns"); *Sullivan v. Equifax Info. Servs. LLC*, No. 22 Civ. 00061, 2024 WL 4444387, at *2 (D. Ariz. Oct. 8, 2024) ("Sources of business information that might

---

[1] Plaintiffs file this consolidated motion in lieu of filing separate motions in opposition to Defendants' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. 300) and in support of Plaintiffs' Administrative Motion to File Under Seal. A stand-alone opposition to Defendants' Administrative Motion would have been due on January 30, 2025. Plaintiffs did not file a separate opposition due to an internal miscommunication; however, Defendants have not been prejudiced by the one-week delay caused by consolidating the briefing, because: (1) Plaintiffs' administrative motion to file documents under seal with Plaintiffs' opposition to Defendants' Fifth Motion to Dismiss concerns the same sealing issues and it is more efficient for the Court and the parties to address them together, and (2) Defendants take no position on whether the documents should be sealed.

harm a litigant's competitive standing may also constitute a compelling reason to seal.") (cleaned up).

### III. ARGUMENT

There are compelling reasons to seal each document (or specified portion thereof), as the documents all contain sensitive and confidential business records belonging to the Coalition on Homelessness that have the potential to become a vehicle for "improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Kamakana*, 447 F.3d at 1178-79. Specifically, all of the documents listed in Defendants' administrative motion concern the Coalition's confidential advocacy, legislative, and legal strategies.

Defendants' Exhibits G through J explicitly discuss legal strategies, legal considerations, and discussions with counsel regarding the Coalition's efforts to combat the City's sweeps against unhoused persons. Defendants' Exhibits K through S refer to or contain highly detailed business organizing plans and strategies, as well as assessments of those strategies: Exhibit K references Exhibit L, a confidential organizing document; Exhibit L lists specific organizing tactics aimed at certain public officials; Exhibit M contains assessments of the success of various organizing efforts; Exhibit N contains confidential information regarding the Coalition's organizing tactics with respect to its membership structure; Exhibit O contains frank and sensitive reflections on the success of organizing efforts with future organizing plans; Exhibit P is an evaluation and planning document with frank reflections on the success of prior organizing plans, and which sets forth a future organizing plan; Exhibit Q contains confidential information about individuals considered "core members" of the Coalition; Exhibit R contains confidential comments about a Coalition employee; and Exhibit S contains confidential organizing plans and strategies, including assessments of internal and external threats to those plans.

These documents comfortably fit within the "compelling reasons" standard. The disclosure of the Coalition's legal and advocacy strategies would cause competitive harm to the Coalition, especially if it fell into the hands of the Coalition's legal adversaries or advocacy targets. *See*

*Grace*, WL 12288173, at *3. This Court has previously granted motions to seal similarly confidential business and legal strategies under the compelling reasons standard. *See, e.g.*, *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17 Civ.00220, 2018 WL 11606328, at *2 (N.D. Cal. Apr. 20, 2018). In *Qualcomm*, the Court considered records that disclosed business strategy such as "information revealing Qualcomm's approach to licensing and acquisition of patents" as well as related legal strategies. *Id.* The Court concluded that disclosing the business strategies "could harm Qualcomm competitively" and that it was simply "common-sense to conclude that Qualcomm could be harmed by the disclosure of its legal strategies." *Id.; see also Ketayi, et al. v. Health Enrollment Grp., et al.*, No. 20 Civ.1198, 2023 WL 12007132, at *2 (S.D. Cal. June 28, 2023) (sealing various records containing "confidential business information that could harm the [party's] competitive standing"). The same rationale applies to Defendants' Exhibits G through S, which should be sealed to avoid such harms to the Coalition. Defendants' motion concedes that Defendants "have no position" that outweighs the Coalition's compelling interests in protecting its business and legal strategies. *See* Dkt. 300 at 3.

Plaintiffs' opposition to Defendants' motion to dismiss attaches exhibits to the Declaration of Jennifer Friedenbach, the Coalition's Executive Director, which should be sealed for the same reasons. Friedenbach Exhibits 5, 8, and 10-12 contain similarly sensitive internal business documents reflecting the Coalition's internal planning and strategy decisions. Exhibit 5 is an internal planning document for the Coalition's Free School, containing the names of Free School attendees; Exhibit 8 is an invoice documenting Coalition purchases related to its organizing and assistance programs for unhoused persons; and Exhibits 10-12 are the Coalition's internal, annual evaluations of their work and internal plans for their work in the next year (the same type of evaluation as Defendants' Exhibit P).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court seal the designated documents attached to both Defendants' and Plaintiffs' administrative motions.

Dated: February 6, 2025

Respectfully submitted,

By: /s/ Zoe Salzman
      Zoe Salzman

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
Vasudha Talla, SBN 316219
Vivake Prasad, *admitted pro hac vice*
Bianca Herlitz-Ferguson, *admitted pro hac vice*
600 Fifth Avenue
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com

*Attorneys for Plaintiffs*