# EXHIBIT A



CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

KAITLYN M MURPHY
Deputy City Attorney

Direct Dial: (415) 554-3867
Email: Kaitlyn.Murphy@sfcityatty.org

February 14, 2025

**VIA ECF**

Hon. Donna M. Ryu, Chief United States Magistrate Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

    Re:    *Coalition on Homelessness, et al., v. City and County of San Francisco, et. al.,*
              Case No. 4:22-cv-05502-DMR // Discovery Letter Regarding Drug Use

Dear Judge Ryu:

    The parties submit this letter brief regarding deposition questions about drug use. Defendants seek to question any witness who claims the City unlawfully discarded their property about drug use during the time period relevant to the complaint. Plaintiffs' counsel has instructed several witnesses not to answer these questions on the basis of the Fifth Amendment, relevance and/or privacy. The parties held a meet and confer on February 7, 2025 and confirmed they are at an impasse. The parties are able to provide the Court with transcripts upon request, but did not attach them to this letter in light of the Court's Standing Order. Plaintiffs requested that Exhibit 1 be attached to this letter, and believe it is permitted under ¶ 14 of the Court's Standing Order. Defendants disagree and object to the inclusion of Exhibit 1.

    Upcoming case management deadlines are close of fact discovery (March 10, 2025), close of expert discovery (April 14, 2025), last day to hear dispositive motions (May 8, 2025), pretrial conference (July 9, 2025), and trial (July 28, 2025).

**DEFENDANTS' POSITION:**

    Defendants final compromise position is that they be permitted to question any witness who claims the City wrongly discarded their property about whether the witness used or possessed any illicit substance during the time period Plaintiffs' claim relevant to this case. If these witnesses are not required to testify as such on the basis of a Fifth Amendment invocation, Defendants request a negative inference. If witnesses are not required to testify as such on the basis of relevance and privacy, Defendants request the Court prohibit Plaintiffs from offering any testimony or argument at trial that drugs and/or drug paraphernalia was not present with the items DPW allegedly discarded.

    Whether a person who alleges the City wrongly discarded their property was using drugs is relevant to Plaintiffs' claims because it has a tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Plaintiffs allege Defendants violated DPW's bag and tag policy. That policy permits DPW to discard drugs as well as items co-mingled with drugs. It identifies

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Page 2
February 14, 2025

"contraband, illegal items," and "items that present an immediate health or safety risk" as categories of property that can be discarded and do not need to be stored. As to items that pose an immediate health or safety risk, the policy states: "If personal belongings are co-mingled or littered with needles, human waste, or other health risks, staff may dispose of the entire pile of belongings and are not required to sort through and attempt to remove the health or safety risks."

Therefore, to prove DPW violated its policy by discarding a person's items, Plaintiffs will need to show those items were not co-mingled with drugs or drug paraphernalia. Alternatively, to defend against Plaintiffs claims Defendants can show that the property was co-mingled with drugs or drug paraphernalia. A person's substance use is therefore relevant because a person who uses drugs is more likely to have drugs and/or drug paraphernalia in their belongings and/or tent, meaning the City's decision to discard those items was consistent with—and not a violation of—the bag and tag policy. The specific drugs a person used impact the type of paraphernalia that the individual may have possessed (e.g., needles, burnt foil, glass pipe, etc.). See e.g., *Pauly v. Stanford Health Care*, No. 22-16655, 2024 WL 1155454, at *1 (9th Cir. Mar. 18, 2024) (evidence meets "the low bar for relevance" when it "logically advance[s] a material aspect" of a party's case); Fed. R. Civ. P. Rule 26(b)(1) (extending discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

Drugs and drug-related paraphernalia are common at encampments. In the week of November 26, 2022 through December 1, 2022 alone DPW's Hot Spot Team—the crew that staffs HSOC resolutions—collected 1,317 needles. (CCSF-COH_079493-CCSF-COH_079496.) Plaintiffs also testified about their own drug use in and around encampments. ████████ ████████████████████████████████████████████████████████████████ These facts show sufficient reason for Defendants to question whether an individual who claims Defendants wrongfully took their property was using drugs in the timeframe relevant to this case.

During the Plaintiffs' depositions referenced above, counsel objected to questions about drug use, but did not instruct the witness not to answer. However, counsel recently changed course and not only objected to the City's questions, but instructed the witnesses not to answer them. As examples:

- Non-party witnesses ████████████████████████ were instructed not to answer whether they had used any illegal substances form 2020 to the present. (████ Rough Tr. 29:25-30:8; ████ Tr. 43:20-44:4; ████ Rough Tr. 29:22-30:3).
- When asked what she bought with her $150,000 inheritance ████████ ████████ but Plaintiffs' counsel instructed her not to answer the follow-up questions of "what kind of drugs." (Rough Tr. 61-62.)

Page 3
February 14, 2025

- ███████████████████████████████████████████ between July of 2019 and today. (Tr. 38:24-41:5.)

While Plaintiffs are free to preserve their objection to these questions, there was no basis for them to instruct the witness not to answer. Instructions not to answer during a deposition are improper except in limited circumstances, "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)." Fed. R. Civ. Proc. Rule 30; *Doe v. Uber Techs., Inc.*, No. 19-CV-03310-JSC, 2022 WL 767088, at *2 (N.D. Cal. Mar. 11, 2022) (instructions not to answer for relevance or harassment are improper).

Any privacy interests the non-parties have in this information is lessened because of the two-tiered protective order. Defendants would not and have not objected to Plaintiffs designating this information Attorneys Eyes Only. Any Fifth Amendment invocations can be cured through an adverse inference. Refusing to allow the City to explore this issue would prejudice its defense because of its importance to whether or not the City could discard items consistent with its bag and tag policy. Given the significant protections in place and the fact that the question of drug use goes directly to the central issues in the case there is no basis for Plaintiffs to instruct the witness not to answer here.

The time period the Defendants seek here mirrors the time frame Plaintiffs claim is relevant. The City should not be restricted to asking whether an individual used drugs only on the day Defendants allegedly wrongly discarded their property or to only asking whether the individual stored drugs in their tent. Relevance is a low bar and while it is certainly *more* relevant if a person admits to using drugs on the day they allege the City discarded their property or if they admit to storing drugs in their tent on that day, a person who uses drugs at any point during the relevant timeframe still satisfies the relevance bar.

These witness' answers to questions regarding drug use may also be relevant for a second purpose—credibility and/or ability to perceive. For many witnesses there are documents showing they have a history of substance use or substance use disorder. ████████████████████████████████████████████████████ To the extent a witness' testimony regarding drug use now is different than statements they've previously made, that is information the Court should be able to consider when assessing the weight to give the witnesses' testimony. There is no concern the information would be misused for an improper purpose because this is a bench trial without a jury. Accordingly, the Court should clarify that Defendants are permitted to question any witness who claims the City wrongfully discarded their property about their use and/or possession of drugs and drug-related paraphernalia for the time period Plaintiffs' claim relevant to the case, or if these witnesses are not required to testify as such, the Court should prohibit Plaintiffs from offering any testimony or argument at trial that drugs and/or drug paraphernalia was not present with the items DPW allegedly discarded.

**PLAINTIFFS' POSITION:**

A deponent may refuse to answer deposition questions regarding drug use on Fifth Amendment grounds. *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir.1995). And a court "may not impose a sanction on a litigant that would make the assertion of his Fifth Amendment

Page 4
February 14, 2025

privilege 'costly'." *Swann v. City of Richmond,* 462 F.Supp.2d 709, 712 (E. D. Va. 2006), *citing Griffin v. California,* 380 U.S. 609, 614 (1965). In cases where the person asserting privilege is a *plaintiff*, courts adopt a balancing test and will deny a motion to compel testimony "unless assertion of the Fifth Amendment privilege would thwart 'discovery of issues at the heart of [the] lawsuit.'" *Swann,* 462 F.Supp.2d at 712, *quoting Wehling v. Columbia Broadcasting Sys.,* 608 F.2d 1084, 1086 (5th Cir. 1979). The balancing should be even more heavily weighted in favor of a *non-party* witness. And here, there were other ways to determine the presence of drugs in a person's tent—ways that the City chose not to pursue.

The only issue as to which drug use could conceivably be relevant is the question of whether drugs or drug paraphernalia were present and "co-mingled" with a person's other possessions during a specific "sweep." But whether a person has used drugs at any time during their life, or at any time during a six-year period, does not tend to prove the presence or absence of specific items at a specific place at a specific time. The City's contrary position is based solely on its claim that "drugs and drug-related paraphernalia are common at encampments," and the testimony of *other* persons about *their own* use. Based on this logic, the City now asks the Court to make the assertion of the privilege "costly" to *all Plaintiffs* by precluding them from using *any* evidence or argument to challenge the City's assertion that the witness's items must have been "co-mingled" with drugs, making the seizure legal under its "bag and tag" policy. The message to witnesses is simple: *testify about drug use at any time in your life, or forfeit any right to contest the City's taking of your possessions*. Such a heavy "cost" for the assertion of a privilege is unwarranted, and the order requested by the City should be denied.

Nor is drug use in general probative of credibility. "[W]hile a witness's drug use may be used to attack his ability to perceive the underlying events and testify lucidly at trial, it may not be used to attack general credibility." *Jarrett v. United States,* 822 F.2d 1438, 1446 (7th Cir.1987). Thus evidence of drug use should be limited to "specific instances" relating to specific events at issue in the case. *United States v. Holman,* 680 F.2d 1340, 1353 (11th Cir. 1982). In *Cuthbertson v. Excel Inds., Inc.,* 179 F.R.D. 599, 604 (D. Kas. 1998), the court held that general questions about a non-party witness's drug use were "clearly improper," and denied a motion to compel the witness to answer them, where "there was no evidence that the deponent had difficulty recollecting matters during the time period which is the subject of this dispute."

With each witness, the City elected not to ask simple, direct questions that would have been more probative than "have you ever used drugs?"

**Patrick Dubose**'s declaration (ECF 9-6 at 19-21) describes two sweeps in the Summer of 2021 and February 20222. He was asked in detail about each taking, but was *not* asked whether he had drugs or drug paraphernalia in his tent, or was under the influence of any substance, during either sweep. Instead, he was asked whether he had *ever* used illegal substances over a period of five years; whether he had "ever been accused" of doing so, and whether he had "ever been accused" of submitting a false statement to obtain a government benefit. *See* Exhibit 1.

**Henrick Delamora**'s declaration (ECF 9-6 at 14-16) concerns two sweeps in July 2019 and January 2020. He was asked, without objection, whether he had drugs or needles in his tent

Page 5
February 14, 2025

during the first sweep; he said no. (Delamora Tr. 114:3-6.) He was *not* asked about drugs or needles in his tent during the second sweep, and was *not* asked whether he was using drugs or under the influence of substances at the time of either sweep. Instead, he was repeatedly asked whether he had "ever" used drugs "between 2019 and today." *See* Exhibit 1.

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████ She was *not* asked whether drugs or needles were present in her tent during the second sweep. She was *not* asked whether she had taken or was under the influence of any substance during either sweep. She was asked, instead, whether she had "used any illegal substances from 2020 to the present." *See* Exhibit 1.

████████████████ testified concerning property seizure during several sweeps in 2017, 2024 and 2025. ████████████████████████████████████████████████████████████ She was *not* asked whether there were needles or drugs in her tents. She was *not* asked whether she had taken or was under the influence of any substances during any sweep. Instead, she was asked, "have you used any illegal substances from 2020 to today?" *See* Exhibit 1.

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████. *See* Exhibit 1.

    This summary proves that the "have you ever used" question was less probative than questions Defendants could have asked, but chose not to. As to credibility, Defendants do not offer a single example of a prior inconsistent statement. If Defendants had been truly interested in the witnesses' ability to perceive, they would have inquired about drug use proximate to the time of particular sweeps.

    Defendants here claim that "to prove DPW violated its policy by discarding a person's items, Plaintiffs will need to show those items were not co-mingled with drugs or drug paraphernalia." Whether that is a correct statement of the burden on this issue, Plaintiffs' witnesses have offered persuasive testimony on this issue. Defendants apparently lack evidence to rebut that testimony through their own witnesses or documents. Instead, they seek to avoid this proof problem by asking the Court to conclude that if a person used drugs at any time within a six-year period, then drugs were *likely* "co-mingled" inside a tent, and prohibiting Plaintiffs from offering *any* contrary evidence.

    Under *Griffin,* the issue preclusion sought by Defendants is unjustifiably "costly" where Defendants could have asked, but chose not to ask, whether drugs or paraphernalia were actually co-mingled with seized items. The order sought by Defendants should be denied.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Page 6
February 14, 2025

Very truly yours,

*/s/Kaitlyn M. Murphy*

David Chiu
City Attorney

Kaitlyn M Murphy
Deputy City Attorney

*Attorneys for Defendants*


*/s/ William S. Freeman*
William S. Freeman
ACLU of Northern California

*Attorneys for Plaintiffs*

# EXHIBIT 1

**Exhibit 1 to Defendants' February 14, 2025 Discovery Letter**

**Selected questions that Plaintiffs' non-party witnesses were instructed not to answer**

**Patrick Dubose**

Could you estimate your total financial assets? (Dubose 28:11) (privacy)

Have you used any illegal substances from 2020 to the present? (Dubose 30:1-2) (privacy)

Why did your ex-wife give you money (to buy a tent)? (Dubose 118:12) (no foundation, calls for speculation, privacy)

Have you ever been accused of possessing a controlled substance? (Dubose 175:18-19) (privacy)

Mr. Dubose have you ever been accused of possessing drug paraphernalia? (Dubose 176:3-4) (privacy)

Mr. Dubose have you when trying to get a government benefit, you know, like food stamps or General Assistance … have you ever submitted inaccurate or false information about yourself to get that benefit? (Dubose 176:12-16) (calls for speculation, privacy, Fifth Amendment)

Have you ever been accused of submitting inaccurate or false information about yourself to get any government benefit? (Dubose 177:14-15) (privacy, Fifth Amendment)

Have you ever lost a government benefit because you've been accused of submitting inaccurate or false information about yourself? (Dubose 178:2-4) (privacy, Fifth Amendment)

**Henrick Delamora**

Have you ever used illegal drugs? (Delamora 37:17) (privacy)

Have you used any illegal drugs between July of 2019 and today? (Delamora 38:1-2) (privacy)

Have you ever used heroin between July of 2019 and today? (Delamora 38:24-25) (privacy, Fifth Amendment)

Have you ever used cocaine between 2019 and today? (Delamora 38:23-39:1) (privacy)

Have you used fentanyl between 2019 and today? (Delamora 39:7) (privacy, Fifth Amendment)

Have you ever used methamphetamine between 2019 and today? (Delamora 40:15-16) (privacy)

Have you used any of those drugs between the time period of July 2019 and when you moved into a trailer in 2021? (Delamora 40:23-25) (privacy)

1

Has any police department ever arrested you for robbery? (Delamora 74:16-17) (relevance, personal privacy, Fifth Amendment)

**Sara Stephenson**

And have you used any illegal substances from 2020 to the present? (Stephenson 43:20-21) (relevance, privacy, Fifth Amendment)

**Pauline Wise**

What kind of drugs [did you buy in 2009]? (Wise 62) (privacy)