EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
Vasudha Talla, SBN 316219
Vivake Prasad, *admitted pro hac vice*
Bianca Herlitz-Ferguson, *admitted pro hac vice*
600 Fifth Avenue
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>**Judge:** The Hon. Donna M. Ryu |

## I. INTRODUCTION

Pursuant to the Northern District of California Civil Local Rules 7-11 and 79-5, Plaintiffs hereby respectfully request that the Court issue an order sealing: (1) those documents (or specified portions thereof) enclosed with Defendants' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. 307), which are Exhibit A to Defendants' Reply Brief in Support of Defendants' Notice of Motion and Partial Motion to Dismiss the Third Amended Complaint (Dkt. 308), and quotations from and descriptions of Exhibit A and other exhibits previously filed under seal in Defendants' Declaration and Reply Brief. The documents previously filed under seal are the subject of a pending sealing motion previously filed by Defendants (Dkt. 300).

## II. LEGAL STANDARD

Sealing materials related to dispositive motions is warranted where the motion to seal is supported by "compelling reasons." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "Compelling reasons" exist "sufficient to outweigh the public's interest in disclosure" when such "'court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* (cleaned up); *see also Grace v. Apple, Inc.*, No. 17 Civ.00551, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) (compelling reasons exist to seal "sensitive internal information the disclosure of which would cause competitive harm or that would raise security concerns"); *Sullivan v. Equifax Info. Servs. LLC*, No. 22 Civ. 00061, 2024 WL 4444387, at *2 (D. Ariz. Oct. 8, 2024) ("Sources of business information that might harm a litigant's competitive standing may also constitute a compelling reason to seal.") (cleaned up).

## III. ARGUMENT

There are compelling reasons to seal each document (or specified portion thereof), as the documents contain sensitive and confidential business records belonging to the Coalition on Homelessness that have the potential to become a vehicle for "improper purposes, such as the use

of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79.

Defendants' Exhibit A is an internal Coalition corporate manual which details the Coalition's organizing tactics and membership structure, including an internal assessment of the relative effectiveness of certain strategies. Exhibit A also explicitly discusses legal and direct services provided by the Coalition, as well as strategic limitations placed on those services. In addition, Defendants' Reply Brief quotes text from exhibits filed under seal to Defendants' Fifth Motion to Dismiss (Dkt. 301), which are currently the subject of a pending administrative sealing motion, briefed at Dkts. 300, 303, and 306.[1] As detailed in Plaintiffs' response to that prior sealing motion, those quotations also contain confidential legal and business strategies, relay information from counsel regarding those strategies, and include confidential comments about a Coalition member. *See* Dkt. 303 at 2.

All these documents meet the "compelling reasons" standard and should be sealed, for the same reasons argued in Plaintiffs' response to the pending sealing motion. *See* Dkt. 303. The disclosure of the Coalition's legal and advocacy strategies would cause competitive harm to the Coalition, especially if it fell into the hands of the Coalition's legal adversaries or advocacy targets. *See Grace*, WL 12288173, at *3. This Court has previously granted motions to seal similarly confidential business and legal strategies under the compelling reasons standard. *See, e.g.*, *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17 Civ.00220, 2018 WL 11606328, at *2 (N.D. Cal. Apr. 20, 2018) (holding that disclosing the business strategies "could harm Qualcomm competitively" and that it was simply "common-sense to conclude that Qualcomm could be harmed by the disclosure of its legal strategies"); *Ketayi, et al. v. Health Enrollment Grp., et al.*, No. 20 Civ.1198, 2023 WL 12007132, at *2 (S.D. Cal. June 28, 2023) (sealing various records containing "confidential business information that could harm the [party's] competitive standing").

---

[1] Specifically, Defendants' Reply brief quotes verbatim text from Exhibits B through S to the Coalition's Fifth Motion to Dismiss (Dkt. 301), which were filed under seal via an administrative motion (Dkt. 300).

Defendants' motion concedes that Defendants "have no position" that outweighs the Coalition's compelling interests in protecting its business and legal strategies. *See* Dkt. 307 at 2.

Finally, despite taking no position on whether Plaintiffs' confidential records should be sealed, Defendants' Reply brief to their pending sealing motion claims that that Plaintiffs' position is "internally inconsistent" because "unsealed portions of Plaintiffs' Opposition to Defendants' Motion to Dismiss also discuss Coalition's legal and advocacy strategies." Dkt. 306 at 2. This argument is a red herring. Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. 304, contains only high-level descriptions of the Coalition's legal and advocacy strategies. *See, e.g.*, Dkt. 304 at 13 ("the Coalition has always provided services and essential supplies to homeless people, in addition to the advocacy it engages in on their behalf"); *id.* at 22 ("the City's interference with the Coalition's efforts to train unhoused people on their legal rights, service navigation, community organizing, and outreach"); *id.* at 25 ("The Coalition advocates on a broad range of issues; it 'uses community organizing and advocacy to fight to prevent people from becoming homeless . . . presses for affordable housing in San Francisco to solve homelessness, and advocates to expand resources available to unhoused people including mental health treatment, emergency shelter, and basic necessities.'") (internal citation omitted). Unlike Defendants' quotations and the exhibits themselves, Plaintiffs' Opposition does not detail the substance of the Coalition's advocacy and legal strategies, its specific advocacy tactics and targets, assessments of which strategies work, and plans for future advocacy. Nor does it relay advice from counsel on those strategies. Plaintiffs' necessary inclusion of such high-level descriptions in briefing concerning the Coalition's standing to bring this lawsuit is not inconsistent with the position that the underlying documents detailing the Coalition's advocacy, legal strategies, targets, and plans (on many issues irrelevant to this lawsuit) should be sealed because their disclosure would harm the Coalition.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court seal the designated documents attached to Defendants' administrative motion.

1  Dated: February 20, 2025

2                          Respectfully submitted,

3                          By: */s/ Zoe Salzman*

4                               Zoe Salzman

5  EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

6  Zoe Salzman, *admitted pro hac vice*
Vasudha Talla, SBN 316219

7  Vivake Prasad, *admitted pro hac vice*

8  Bianca Herlitz-Ferguson, *admitted pro hac vice*
600 Fifth Avenue

9  New York, New York
Telephone: (212) 763-5000

10  zsalzman@ecbawm.com

11  *Attorneys for Plaintiffs*