March 6, 2025

**VIA ECF**

Hon. Donna M. Ryu, Chief United States Magistrate Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street, Oakland, CA 94612

Re:     Discovery Letter re: Plaintiffs' Deposition Time
         *Coalition on Homelessness, et al. v. City and County of San Francisco, et. al.*, Case No. 4:22-cv-05502-DMR

Dear Judge Ryu,

The parties write pursuant to the Court's Standing Order ¶ 14 regarding a dispute with Defendants regarding the remaining time available to Plaintiffs for depositions. The parties dispute how to apply the deposition protocol. On October 31, 2024, the Court approved the parties' stipulation to, *inter alia,* modify deposition limits. *See* Dkt. 264. Under ¶ 3 of the stipulation, the parties agreed that they "will have 140 hours each to depose all non-expert witnesses," and that "[e]xcept for 30(b)(6) depositions, each deposition shall count for a minimum of 4 hours regardless of the time used on the record…" This dispute concerns how this provision applies to five witnesses whose depositions were noticed by the City. After the City's examination concluded, Plaintiffs asked the witnesses what they refer to as "a handful of redirect questions."

Plaintiffs maintain that the four-hour minimum should apply to the City's questioning of these witnesses since the City noticed the depositions, but should not apply to Plaintiff's redirect examination of them. Instead, Plaintiffs argue the time for their redirect examination should be counted as the actual time used on the record. The City disagrees and maintains that the deposition protocol's four-hour minimum should apply equally to all parties who question a witness. At the close of depositions on Wednesday, March 5, Plaintiffs' calculations would leave them with approximately 27 hours (1,666 minutes) remaining and Defendants' calculations would leave Plaintiffs with approximately 8.1 hours (488 minutes) remaining.

On Wednesday February 26, 2025, Plaintiffs inquired into the deposition availability of City employee Shannon Ducharme. On Monday, March 3, the City objected to the request because it would have caused Plaintiffs to exceed the 140 hour time limit using the City's application of the deposition protocol. The parties met and conferred on March 4 and confirmed they are at an impasse. The following day on March 5, Plaintiffs took the following noticed depositions of City employees off-calendar pending resolution of the discovery dispute: Herbert Ruth, Samuel Peoples, and Sam Dodge (in his personal capacity). Plaintiffs also seek to notice the deposition of City employee Shannon Ducharme.

Upcoming case management deadlines: close of fact discovery (Mar. 10, 2025), close of expert discovery (Apr. 14, 2025), case management conference (Apr. 2, 2024), last day to hear dispositive motions (May 8, 2025), pretrial conference (July 9, 2025), and trial (July 28, 2025).

1

**Plaintiffs' Position:** Under the parties' stipulation, their negotiations, and the federal rules applicable to depositions, Plaintiffs' limited redirect examination of witnesses noticed or subpoenaed by Defendants should not trigger the 4-hour minimum as though they had noticed the depositions and conducted a full examination. Plaintiffs agree that the actual time consumed by their redirect should be counted towards their 140-hour deposition time limit.

Defendants asserted on March 3, 2025 that Plaintiffs used 6,878 minutes out of a maximum of 8,400 minutes, revealing for the first time that they had attributed four-hour minimums to Plaintiffs when Plaintiffs conducted a short redirect examination at the conclusion of five of the 24 depositions noticed or subpoenaed by Defendants.

| Deponent | Defendants' Position on Plaintiffs' Deposition Time | Actual Time of Plaintiffs' Re-Direct Examination |
|---|---|---|
| Sarah Cronk, Plaintiff | 240 minutes | 5 minutes estimated (2 pages of deposition testimony) |
| Carlos Wadkins, third-party witness | 240 minutes | 1 minute estimated (less than 1 page of deposition transcript) |
| Henrick Delamora, third-party witness | 240 minutes | 10 minutes on the record |
| Patrick Dubose, third-party witness | 240 minutes | 5 minutes estimated (2 pages of deposition transcript) |
| James Reem, third-party witness | 240 minutes | 1 minute on the record |
| **RE-DIRECT TOTAL** | **1,200 minutes (20 hours)** | **22 minutes** |

After deducting additional deposition time used on March 3 and 5, Defendants' position leaves Plaintiffs with only 488 minutes of deposition time (a little over 8 hours) to be split across three scheduled fact witness depositions (Herbert Ruth, Samuel Peoples, and Samuel Dodge in his personal capacity), two Rule 30(b)(6) witnesses (DiJaida Durden and Samuel Dodge), and one fact witness deposition requested but not scheduled (Shannon Ducharme). Plaintiffs have cancelled the scheduled depositions of Herbert Ruth, Samuel Peoples, and Samuel Dodge in his personal capacity, to preserve sufficient deposition time for the Rule 30(b)(6) witnesses.

The stipulation does not support Defendants' position. *See* Dkt. 264 at 2, ¶ 3. Each party has up to 140 hours to depose all non-expert witnesses, including time for any 30(b)(6) depositions. *Id.* Each "deposition" shall count for a minimum of 4 hours regardless of the time used on the record, except for Rule 30(b)(6) depositions. *Id.* at ¶ 3(c). The explicit purpose of the 4-hour minimum is to "prevent the total number of **noticed or subpoenaed** depositions for any side from exceeding 35." *Id.* (emphasis added). The stipulation does not state: (1) that a party's re-direct examination constitutes a "deposition," (2) a party's redirect examination during a deposition noticed by the other party triggers the 4-hour minimum, or (3) that a party effectively "cross-notices" a deposition by engaging in redirect. Moreover, the purpose of the 4-hour minimum—to prevent either side from noticing more than 35 depositions—would be preserved here. Plaintiffs have *noticed* 26 depositions of fact witnesses—inclusive of Samuel Peoples,

Herbert Ruth, and Sam Dodge in his personal capacity—and a Rule 30(b)(6) deposition (for which Defendants designated four different witnesses).[1]

The parties' negotiations provide no support for Defendants' position either. Neither side ever suggested re-direct questions during a deposition would trigger the 4-hour minimum. Defendants sought terms that would have provided a maximum amount of time per side to be used at each party's discretion, while Plaintiffs sought to protect against an excessive number of depositions by seeking the 4-hour minimum within an overall maximum number of hours.

Finally, Defendants' position is inconsistent with how re-direct examinations are treated under the Federal Rules of Civil Procedure. Re-direct examination by a defending attorney is not counted towards the ten-deposition limit under FRCP 30(a)(2)(A)(i) for the defending attorney's side. A deposition during which there are multiple re-directs and re-crosses does not count as multiple depositions (*e.g.*, if there are two re-directs and a re-cross in-between, it does not make that single session four depositions), and the deposition is ultimately charged to the party noticing the deposition even if there is redirect. Moreover, it is unclear how or why Plaintiffs would "notice" a deposition of one of the plaintiffs themselves by conducting a limited redirect of plaintiff Sarah Cronk on September 23, 2024 before the parties stipulated on deposition time.

None of Defendants' arguments bear force. There is no unfairness: Plaintiffs have been equally bound by the 4-hour minimum term and, as a result, at least 14 of Plaintiffs' noticed depositions counted as 4 hours each even though less time elapsed on the record. Defendants claim prejudice from foregoing redirect examination, but they could have sought clarity before a deposition if they were unsure or could have pursued renegotiation of the deposition protocol.[2] Defendants claim that Plaintiffs sought a transcript of "their own questions designed to elicit favorable testimony," but Plaintiffs asked only a handful of questions for five of the 24 depositions noticed by Defendants. Finally, Defendants did not offer realistic proposals: the first sought to penalize Plaintiffs by hamstringing the testimony Plaintiffs could offer at trial, so Plaintiffs responded by proposing that all issues of admissibility of deposition testimony be deferred to trial. The second proposal—limiting Plaintiffs to deposing Defendants' trial witnesses—was illusory: Plaintiffs seek depositions of Mr. Ruth (a general laborer that engages in HSOC resolutions); Mr. Peoples (a HSOC coordinator with personal knowledge of the types of homeless-related activities undertaken by DPW); and Ms. Ducharme (a DPH employee that has witnessed resolutions). Plaintiffs' deposition strategy should not constrained by Defendants' strategic choice to list high- or mid-level supervisors as trial witnesses instead of the employees that directly engage in HSOC resolutions and implement the bag and tag policy.

---

[1] Twenty of these fact witness depositions have been of Defendants' likely trial witnesses, and the remaining six deponents are squarely relevant: three DPW general laborers that work on HSOC resolutions (Israel Graham, Joel Martinez, Alvaro Castro); the supervisor in charge of the DPW yard and procedures (Edgar Garcia); an Assistant Superintended in charge of several DPW crews (Kenny Bruce); and another DPW supervisor (Corey Jackson).

[2] Defendants assert that they sought to renegotiate the 4-hour minimum term of the stipulation by requesting a meet-and-confer on January 10. Plaintiffs responded to Defendants' request for a meet-and-confer by leaving a voicemail for Defendants' counsel on January 16, 2025, and writing on January 17, 2025 to propose times for a meet-and-confer and to request a basis for changing this term. Plaintiffs did not receive a response.

*Plaintiffs' Final Compromise Position:* Plaintiffs proposed on March 5, 2025 that the actual time of their redirect examination be counted towards Plaintiffs' 140-hour limit; that Plaintiffs would not serve any additional deposition notices (permitting them to take the depositions of Herbert Ruth, Samuel Peoples, Samuel Dodge in his personal capacity, and Shannon Ducharme); and the parties address the admissibility of deposition testimony at trial.

**The City's Position:** The parties negotiated proposed changes to the traditional limits on depositions set forth in the Federal Rules of Civil Procedure. The negotiated deposition protocol gives each side 140 hours to complete depositions and includes an unusual term which sets a floor for how much time is counted against a party who questions a witness. Each fact witness deposition counts for a minimum of hours against the questioning party's 140-hour total. The protocol provides: "Except for 30(b)(6) depositions, each deposition shall count for a minimum of 4 hours *regardless of the time used on the record* unless the purpose of the deposition is solely to demonstrate that the witness noticed for deposition did not appear." ECF No. 264 at 3 (emphasis added). Plaintiffs do not dispute this was a provision they requested and it was part of the proposal both sides jointly submitted to the Court.

The parties agree that when attorneys for only one side question a witness, the four-hour minimum applies against the time for that side. They dispute however what happens when attorneys for both sides question a witness. This happened in five depositions: Sarah Cronk, Henrick Delamora, Carlos Wadkins, Patrick Dubose, and James Reem. Plaintiffs want the four-hour minimum for each of these depositions to apply against the City's time limit, but not their own. This request is inconsistent with the Court's order and the parties' bargain, and should be denied.

The deposition protocol states that each fact witness deposition counts for four hours regardless of how many questions are asked. The question then is against whom should the time count. It flows from the protocol that the time is counted against the questioning attorneys. This is not only the plain reading of the protocol, it is equitable. Plaintiffs obviously gained an advantage from questioning these five witnesses otherwise they would not have done so.

While the City does not know Plaintiffs' specific motivation for wanting to question these witnesses each is on Plaintiffs' likely trial witness list. Four are people who have experienced homelessness and the fifth is a former Coalition employee. One possibility is that Plaintiffs questioned these witnesses because Plaintiffs fear the witnesses would not appear at trial and so Plaintiffs wanted a transcript of their own questions designed to elicit favorable testimony in the event Plaintiffs need to move under Federal Rule of Evidence 804 that the witnesses be declared unavailable so Plaintiffs can rely on the deposition transcript as evidence at trial. If this is the case, the deposition time should be counted against them and they are effectively cross-noticing the deposition to preserve their own testimony for trial.

The City sought repeatedly to resolve this issue without the need for Court intervention. First, the City offered to permit Plaintiffs to ignore the four-hour minimum for the five depositions at issue and count only the time Plaintiffs actually used during those depositions if Plaintiffs agreed that they would not use the deponent's responses to Plaintiffs' questions as evidence at trial under FRE 804 in the event the witness does not appear. Plaintiffs' rejected the proposal and instead drafted their discovery letter. The City then tried a different approach and

4

offered its final compromise proposal (set out below) to give Plaintiffs additional time to complete the depositions they have pending for any deponent who is on the City's likely witness list. Plaintiffs again rejected the proposal and did not counter with any modified proposal of their own. Plaintiffs proposal in this letter is the same as their position at the parties' initial meet and confer.

To the extent Plaintiffs claim the four-hour minimum causes prejudice, it applies equally to all parties. The deposition protocol binds the City just as much as Plaintiffs. The City took depositions that ran fewer than four-hours, but was nevertheless responsible for the full four-hour minimum against its total allotment of 140 hours. And there were depositions Plaintiffs noticed where the City declined to ask a small number of its own questions to the witness because it judged that the benefit from those small number of questions was not worth the well-disclosed penalty of losing four hours of deposition time to do so. That Plaintiffs chose a different approach does not change the bargain the parties reached. Nor can Plaintiffs place the blame for the parties failure to identify their different interpretation of the deposition protocol on the City alone. The parties first identified their difference in interpretation on Monday March 3 when the City objected to Plaintiffs' request to for a deposition date of Shannon Ducharme on the basis that it would cause Plaintiffs to exceed their 140 limit, and then promptly provided Plaintiffs' with a deposition tracking chart once the parties discovered their dispute. Neither party shared their deposition calculations before that date. The City had no reason to believe Plaintiffs had a different interpretation of the deposition protocol. What Plaintiffs now seek to gain is exactly what they previously sought to prevent by requesting the four-hour minimum term in the protocol—a party being able to increase the number of deponents they can question by substituting a larger number of very short depositions for a smaller number of longer ones.

Plaintiffs would not be in the situation they find themselves if they had used their depositions to focus only on relevant deponents. Three of the outstanding depositions Plaintiffs seek—Herbert Ruth, Samuel Peoples, and Shannon Ducharme—are City employees who do not appear on the City's likely witness list, and two of them are not even on Plaintiffs' own likely witness list. Plaintiffs thus do not need these depositions to prepare for trial. Plaintiffs had the time they needed to conduct relevant discovery. The Court should not now grant them additional time to conduct irrelevant discovery.

*The City's Final Compromise Proposal*: Under the plain reading of the deposition protocol Plaintiffs should have four-hours of time counted against them for each of the five depositions at issue and would thus have 8.1 hours (488 minutes) remaining for all depositions. The City nevertheless offers the following final compromise proposal: The City offers Plaintiffs an additional eight hours (for a total of 16.0 hours or 968 minutes) to complete the depositions of the remaining deponents that appear on the City's likely witness list, which include (1) Plaintiffs' 30(b)(6) topics to the City and (2) the fact witness deposition of Sam Dodge. Under this proposal Plaintiffs would not be permitted to use the additional time to take the deposition of the following individuals who are not on the City's likely trial witness list: Herbert Ruth, Samuel Peoples, and Shannon Ducharme. To avoid any further confusion, Plaintiffs also would also not be permitted use any of the additional to ask "redirect" questions at the City's outstanding depositions.

Respectfully submitted,

/s/ *Vasudha Talla*
Attorney for Plaintiffs

Respectfully submitted,

/s/ *Kaitlyn Murphy*
Attorney for Defendants