| CITY AND COUNTY OF SAN FRANCISCO | OFFICE OF THE CITY ATTORNEY |
|---|---|
| DAVID CHIU<br>City Attorney | STEVEN MILLS<br>Deputy City Attorney<br>Direct Dial: (415) 355-3304<br>Email: steven.mills@sfcityatty.org |



**VIA ECF**  March 19, 2025

    Re:   *Coalition on Homelessness, et al., v. City and County of San Francisco, et. al.,*
           Case No. 4:22-cv-05502-DMR // ECF No. 331 - Outstanding Discovery

Dear Judge Ryu:

    Pursuant to ECF No. 331, the City identifies the following discovery disputes:

    **1. COH1511418**: The City filed this document on January 2 (ECF No. 293-21) and argued it justified dismissal of the case (ECF No. 294-3 at 20). Plaintiffs confirmed on January 3 that the motion was read yet failed to claw it back. Plaintiffs first clawed it back in the March 4 deposition of the ACLU investigator on their likely witness list. Plaintiffs then rescinded the clawback on March 11, and clawed it back a second time after the City sought to compel related RFA responses (*see* 2 below), which contain denials inconsistent with the document. The City cannot describe the document in more detail because of the clawback, but maintains it is critical for resolution of summary judgment for the reasons explained in the dismissal motion. Production and further testimony should be compelled since Plaintiffs waived any privilege.

    **2. RFAs:** Plaintiffs served responses on March 10, and the City challenged them the next day. RFA Nos. 23 and 24 relate directly to COH1511418 and would confirm the City's position on standing and the need for individual participation in this case at summary judgment. Plaintiffs own RFA requests were overbroad, vague, and lacked foundation. In good faith, Plaintiffs were invited to amend requests on March 14. Amendments were not provided until today.

    **3. Spoliation:** Coalition did not preserve Signal messages related to "sweep" observations. Coalition used Signal since at least 2020 to document "sweeps," and knew the messages were discoverable. The City diligently sought these materials and Plaintiffs represented on December 13, 2024 they would be produced. Messages were not produced until February 18. Plaintiffs finally confirmed on March 14 that the City's recourse is spoliation because there are no messages to compel. Plaintiffs requested that be by motion, and in good faith, the City agreed. While the destruction of highly relevant information about the events at issue is troubling, the adverse inference can wait to trial and other evidence can be relied upon for summary judgment.

    **4. Privilege Log:** Declarations from unhoused witnesses are central to Plaintiffs' case. The City seeks a log of related information since depositions show a pattern where witnesses blamed the person who helped them prepare their declaration for misrepresentations, or acknowledged they had no idea a declaration was filed. Only one declaration has been withdrawn and the witnesses generally cannot identify the preparer. Plaintiffs also produced handwritten copies of declarations on March 14 (four days after close of discovery) without justification for withholding them. A log is critical to ensure the City has been provided all information (especially given spoliation), will identify the individual that prepared a declaration, and will confirm circumstances identified by declarants in deposition. The City did not seek this information in advance of summary judgment and it can be resolved on a longer timeframe.

    **5. Melodie:** Coalition's member critical for standing at summary judgment testified on March 14 she has records to refresh her travel to LA. They were not produced despite RFPs.

    Respectfully submitted,
    */s/Steven Mills*
    Attorneys for Defendants