March 19, 2025

**VIA ECF**
Hon. Donna M. Ryu, Chief United States Magistrate Judge
United States District Court, Northern District of California
Re: *Coalition on Homelessness, et al. v. City and County of San Francisco, et. al.*, 22-cv-05502

Pursuant to Dkt. 331, Plaintiffs submit the following statement regarding discovery disputes:

(1)  Spoliation Sanctions: Defendants' proposed motion for spoliation sanctions is unsupported by the record. Several Coalition employees, members, and others used a Signal text message thread to alert each other of and request observers for forthcoming sweeps. No one has testified they used Signal to relay details of what occurred at a sweep or that Signal was chosen because of an auto-delete feature. Plaintiffs produced relevant Signal messages from August 2024 forward; messages prior to that date do not exist. Given that Plaintiffs produced over 1.5 million pages of documents, hundreds of Coalition employees' texts, and additional third-party witnesses' texts, Defendants cannot show that Signal messages were destroyed with a culpable state of mind or that they suffered prejudice from the non-disclosure of those texts. Even if warranted, adverse inferences will not be dispositive at summary judgment given likely disputes over material facts. If expedited briefing is ordered, Plaintiffs request 10 days for their opposition given the seriousness of the City's unwarranted attack.

(2)  COH1511418: This document, created by the ACLU's investigator and consisting of guidelines for collecting witness declarations, is attorney work product. Defendants filed the document *under seal* on January 2, 2025 in support of a motion to dismiss, Dkt. 293-21; the Court denied that motion within a week. Dkt. 298. Only when the document was presented at the investigator's deposition on March 4, 2025 did Plaintiffs realize its privileged nature. Plaintiffs clawed back the document. Although Plaintiffs initially offered to waive privilege over the document to avoid motion practice, it became clear that motion practice would not be avoided as Defendants also seek to reopen the investigator's deposition. Plaintiffs maintain the document is privileged. The document is not critical to discovery and not dispositive in summary judgment.

(3)  Privilege log: After a delay of nearly three months, Defendants demand a privilege log that carries minimal relevance, imposes significant burden, and will not affect summary judgment. In December 2024, faced with thousands of potentially privileged documents for review, Plaintiffs proposed that neither party log communications with counsel in advance of or during litigation. Plaintiffs informed Defendants on December 20 that they would not include such communications on a log in order to expedite production of the log. On January 17, 2025, Plaintiffs produced a privilege log. Defendants did not seek a meet-and-confer about the log or Plaintiff's December 20 email. On March 6, 2025, Defendants raised the issue of a privilege log for communications with declarants, several of whom are Plaintiffs or Coalition members. At this stage, the burden of preparing such a log is not justified; it cannot assist in summary judgment proceedings; and Defendants have sufficient material for witness impeachment based on alleged inaccuracies or discrepancies without need for a privilege log.

(4)  Requests for Admission: The parties' disputes about RFAs are not dispositive of summary judgment issues. Plaintiffs do not oppose a determination by the Court not to hear these disputes.

(5)  Third-Party Witness Melodie: This issue is included only because Defendants plan to include it in their filing. Melodie is an unhoused individual testifying about Coalition membership and property destruction by the City. The discovery sought by Defendants—years of daily notes and information about her mother—are far removed from the central issues in the case.

2

        Respectfully submitted,

        */s/ Vasudha Talla*
        Attorney for Plaintiffs