**VIA ECF**                                                                                    March 21, 2025

Hon. Donna M. Ryu, Chief Magistrate Judge
United States District Court, Northern District of California

Re:    *Coalition on Homelessness, et al., v. City and County of San Francisco, et. al.,*
       Case No. 4:22-cv-05502-DMR // ECF No. 337 – Signal Message Spoliation

Dear Judge Ryu:
       Pursuant to ECF No. 337, the Parties provide the following statements:

**City's Statement**: Plaintiffs' evidence comes largely from "sweep" observers, including
Coalition employees, volunteers, and investigators. *E.g.*, ECF Nos. 50-1, 130-9. Coalition trained
and instructed these observers to use Signal to communicate about "sweeps" and, since at least
2020, they—including trial witnesses Dylan-Verner Crist (ACLU investigator), Christin Evans
(volunteer), Jennifer Friedenbach, Carlos Wadkins, and Lukas Illa (Coalition employees)—used
Signal to do exactly that. Plaintiffs produced only 9 screenshots (marked confidential) of a
handful of Signal messages from 2024, but this tiny sample shows the critical nature of what's
missing because they discuss and refer to the very issues in this case: assessment of City bag and
tag records and Plaintiffs' claims; collaborations with press about alleged seizures; discussions
with homeless people and City employees; upcoming resolution details and calls to observe; and
a request to share content with counsel (showing the importance to this litigation).
Contemporaneous communications about observations (*e.g.*, texts, emails) have been critical to
evaluating and undermining declarations and allegations and Signal messages are likely no
different, especially as Signal was the *sole* channel by which all observers communicated. Even
information about who attended which resolution is critical as nearly every witness has been
unsure of which resolutions they observed and evidence that they attended resolutions at which
no property was unlawfully destroyed is strong evidence in the City's defense to *Monell* liability.
Coalition has no other record of attendance and Plaintiffs' observers' attendance is not readily
determined from another source. In short, although the Signal messages are largely lost, what is
known shows they would have been directly relevant to Plaintiffs' claims and many witnesses'
testimony in this case.

**Plaintiffs' Statement:** The Signal messages are not critical because their principal purpose was
to coordinate logistics for sweeps monitoring; there is no evidence that they were used to create
observation notes. *First*, the only deponents that testified to using Signal said it was used to alert
people to upcoming sweeps and to request observers. *See* Wadkins Tr. 169:20-23 (Signal was
"group chat where we could put potential sweep responders and send a message saying, you
know, there is going to be a sweep on this day.  Who can respond to it?"); Coalition 30(b)(6) Tr.
254:18-20 (Signal was "like a sweeps thread that we did provide in discovery that alerts people
to when we need help monitoring a sweep"); Friedenbach Tr. 148:19-24 ("I think the point of it
was to . . . if we need help with observing a sweep . . . to kind of say, Hey, there's there
happening there. Is anybody -- can anybody cover it, type situation. More of a scheduling.");
Castano Tr. 145:25-146:10 (people could report that "a sweep was going to take place" through
phone messages and "something having to do with Signal."). *Second*, the produced Signal
messages for the period after August 2024 contain no substantive details of what occurred at a
sweep, communicating only about logistics, the City's responses to Public Records Act requests
regarding bag and tag, or Twitter posts. *Finally*, no witness testified that Signal was chosen
because it had an auto-delete feature or that messages were intentionally deleted. Wadkins Tr.
170:1-10 (while "sometimes [Signal] messages disappear automatically depending on settings,"
he did not recall "those kinds of things" because he did not set up the chat). The City already has
hundreds of text messages and emails among Coalition employees, members, and third-party
witnesses containing sweep observations. The City has its own records and witnesses to establish
sweeps without unlawful property destruction, regardless of the presence of sweep observers.

Very truly yours,

*/s/ John H. George*
Attorneys for Defendants

**/s/ Vasudha Talla*
Attorneys for Plaintiffs

***Pursuant to L.R. 5-1(h)(3), the electronic
signatory attests that each of the other Signatories
have concurred in the filing of this document.*