DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**UNOPPOSED ADMINISTRATIVE MOTION REGARDING PAGE LIMITS FOR SUMMARY JUDGMENT BRIEFING**<br><br>Trial Date:        July 28, 2025 |

The City moves the Court for an order to exceed otherwise applicable page limits in connection with the upcoming summary judgment briefing pursuant to Civil Local Rules 7-11 and 7-12. Specifically, the City requests an order permitting any opening brief not to exceed forty (40) pages and any reply brief not to exceed twenty (20) pages. Plaintiffs take no position on the motion.

Any summary judgment motion is due on or before April 3, 2025. The City anticipates filing a summary judgment motion challenging both Plaintiffs' standing as well as the evidentiary basis for the claims alleged. Declaration of Kaitlyn Murphy ISO Admin Mtn ("Murphy Decl.") ¶ 3. Plaintiffs have not indicated whether they intend to file their own summary judgment motion. *Id*. at ¶ 4. Given the timeframe and claims at issue in the case and the volume of evidence, the City anticipates needing additional pages to adequately brief its motion. *Id*. at ¶ 3.

Additional pages are necessary because of the nature of the case. Plaintiffs allege claims across no fewer than five City departments challenging conduct over a period of years. Murphy Decl. ¶ 5. For example, one of the operations at issue in the case is conduct at HSOC resolutions, which generally occur twice per day, five days per week. In the timeframe since Plaintiffs filed their complaint on September 27, 2022, through the last day to present new facts on February 14, 2025, that would include at least 124 weeks, or approximately 1,240 such resolutions. *Id*. at ¶ 6. Document discovery was similarly voluminous spanning more than 250,000 documents, photographs, and videos totaling more than two million pages. *Id*. at ¶ 7. The number of witnesses in the case is also significant. The parties deposed more than 50 witnesses across approximately 280 hours of testimony. *Id*. at ¶ 8. The number of discrete legal issues to be briefed is also large. Plaintiffs' allege multiple theories of *Monell* liability and the City has asserted a number of defenses, including standing which will be briefed at summary judgment. *Id*. at ¶ 9. Accordingly, the City requires additional pages to brief its motion given the volume of arguments, documents, and deposition testimony relevant to summary judgment. *Id*. at ¶ 3.

The City has taken significant steps to plan the arguments and evidence that will be necessary to support its briefing and believes the over-length briefs are necessary to thoroughly address the issues in this case. Murphy Decl. ¶ 3. The City is working to streamline its requests and present its dispositive arguments to the Court in an efficient format while ensuring the Court has all of the

information it needs to decide the motions. The City also seeks to move for additional pages sufficiently in advance of the filing deadline in order to give the Court time to consider this request and to allow the City to plan its motion in response to the Court's order.

The City asked Plaintiff whether they would join the City's request. Murphy Decl. ¶ 10, Ex. A. Plaintiffs initially stipulated to the request. However, Plaintiffs changed their position after the City circulated a draft stipulation, stating:

> Although Plaintiffs previously agreed to join the City's request to extend page limits, we can no longer agree in light of the Court's last order and the judge's clear frustration with even agreed-upon attempts to deviate from her standing rules and prior orders. Should the City wish to proceed with its own motion to extend page limits, please note that Plaintiffs take no position on the request but would seek a corresponding extension if the City's request is granted.

*Id.*

This request is based on the accompanying declaration and accompanied by the attached Proposed Order.

Dated:  March 25, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: s/ *Kaitlyn Murphy*
KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.