DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  April 2, 2025<br>Time:          1:30 p.m.<br>Place:         Courtroom 4 – 3rd Floor<br>               1301 Clay Street<br>               Oakland, CA 94612<br>               [Via Zoom]<br><br>Trial Date:    July 28, 2025 |

Pursuant to Local Rule 16-10(d) and the Court's December 4, 2024 Order (ECF No. 285), the parties submit this Joint Case Management Statement, reporting changes since the last Joint Case Management statement dated November 27, 2024 (ECF. No. 280).

**1.     Jurisdiction and Service**

The parties dispute the Court's jurisdiction over this matter.  Each party's position regarding jurisdiction is set forth in their respective motion to dismiss filings (*see* ECF Nos. 301, 304, 308) and prior motion to dismiss briefs.  The Court's jurisdiction is also likely to be addressed in upcoming dispositive motion practice.

**2.     Legal Issues**

The parties do not have any updates on legal issues since the last Case Management Conference.  The parties' positions regarding pertinent legal issues are set forth in their respective motion to dismiss filings.  *See* ECF Nos. 301, 304, 308.

**3.     Motions**

A.     Pending Motions

*Partial Motion to Dismiss the Third Amended Complaint*:  Defendants, pursuant to the Court's January 9, 2025 Order Denying Motion to Dismiss Third Amended Complaint Without Prejudice (ECF No. 298), filed their Partial Motion to Dismiss the Third Amended Complaint on January 23, 2025.  ECF No. 301.  Plaintiffs opposed the motion on February 6, 2025 (ECF No. 304) and Defendants filed a reply on February 13, 2025 (ECF No. 308).  The Court took the Partial Motion to Dismiss hearing off calendar on February 24, 2025 (ECF No. 315) and has not yet ruled on the motion.  On March 20, 2025, the Court granted the parties' Stipulation for Leave to File a Statement of Recent Decision in light of the Ninth Circuit's decision to review *Arizona Alliance for Retired Americans v. Mayes*, 117 F.4th 1165 (9th Cir. 2024), en banc (ECF No. 338).  The parties remain available to provide supplemental briefing upon request.

B.     Anticipated Motions

Plaintiffs' Statement

*Pre-Trial Motions*:  Plaintiffs anticipate filing pre-trial motions on the timeline set by the Court's scheduling order (ECF No. 264).

Defendants' Statement

*Pre-Trial Motions*: Defendants anticipate filing pre-trial motions on the timeline set by the Court's scheduling order (ECF No. 264), including a motion for summary judgment (due April 3, 2025), which Defendants expect will address the Plaintiffs' lack of standing and the merits of their claims.

**4.     Discovery**

The last day for non-expert discovery in the case was March 10, 2025. Several depositions have occurred since March 10, 2025 pursuant to the Court's orders regarding the parties' discovery dispute letters regarding the deposition of Pauline Wise, questions about drug use, and the time remaining for depositions (ECF Nos. 326, 329).

The parties are engaged in discovery relating to experts, which ends on April 14, 2025.

Defendants' Statement

Plaintiffs withdrew deposition notices for several City employees pending the Court's resolution of the parties' dispute regarding the deposition time limits. Following the Court's Order, Defendants promptly provided deposition dates for these City employees and Plaintiffs were able to complete these depositions.

Defendants, both before and since the Court's Order regarding Ms. Wise's deposition, have requested Ms. Wise's availability from Plaintiffs in order to complete her deposition. Plaintiffs have not yet provided a date to complete Ms. Wise's deposition despite assuring Defendants on March 3, 2025 that they "are working to confirm a date for the continuation of that depo, and do not need to wait until a ruling to set a new date," and stating on March 20, 2025 that they would be providing a date early this week.

The parties also have a pending dispute related to the spoliation of Signal text messages. Defendants lodged with the Court on March 25, 2025 the limited number of non-spoliated messages that were produced to Defendants.

Plaintiffs' Statement

First, Plaintiffs' counsel have been working diligently to arrange for a date to complete Ms. Wise's deposition, and have encountered difficulty in doing so in light of what occurred at the last

session.  Plaintiffs will inform the City as soon as we have been successful in arranging a date.  The completion of this deposition is not critical to summary judgment or any other pending proceedings.

Second, last week Plaintiffs learned in depositions that the City would be changing its approach to clearing homeless encampments through a "new" model known as "Neighborhood Based Response Teams" beginning on March 24, 2025.  Today, on March 26, 2025, the City issued a press release announcing "a new street team response model" to homelessness and street conditions, where "neighborhood-based operations will address encampments and unsafe behavior with urgency across San Francisco, in compliance with all applicable legal requirements, while the Citywide Team will deploy resources to high-need areas, preventing displacement and public safety issues before they escalate."[1]  Plaintiffs have initiated a meet and confer process to seek limited discovery to assess the City's compliance with the preliminary injunction in light of this new model.

### 5. Settlement and ADR

The parties have been consistently engaged in settlement discussions with Judge Lisa Cisneros' assistance and continue to engage in settlement discussions with the Judge's assistance.  Defendants and Plaintiff Teresa Sandoval entered into a settlement agreement resolving Ms. Sandoval's claims and once she receives payment, she will file a dismissal of her case with prejudice pursuant to the terms of the settlement agreement.  *See* ECF No. 336.  Defendants and Plaintiff Molique Frank entered into a settlement agreement resolving Mr. Frank's claims and once he receives payment, he will file a dismissal of his case with prejudice pursuant to the terms of the settlement agreement.

### 6. Narrowing of Issues

The parties are committed to determining whether certain issues can be narrowed by agreement.  Defendants believe their Partial Motion to Dismiss the Third Amended Complaint has the potential to narrow the issues.

---

[1] The City's press release is available at: https://www.sf.gov/news-mayor-lurie-launches-integrated-neighborhood-street-teams-on-coordinated-response-to-street-conditions-as-part-of-the-breaking-the-cycle-directive.

Dated: March 26, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: s/John H. George
 JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

Dated: March 26, 2025

Andrew Ntim
Nisha Kashyap
LAWYERS COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY

John Thomas H. Do
William S. Freeman
ACLU FOUNDATION OF NORTHERN CALIFORNIA

Scout Katovich
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Zoe Salzman
Vivake Prasad
Bianca Herlitz-Ferguson
Vasudha Talla
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

By: s/Vivake Prasad
 VIVAKE PRASAD

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN

# **ATTESTATION**

I, John H. George, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: March 26, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: s/John H. George
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT