DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>   Plaintiffs,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**STIPULATION AND [PROPOSED] ORDER MODIFYING SEALING PROCEDURES**<br><br>Trial Date:    July 28, 2025 |
|---|---|

1  WHEREAS, Plaintiffs and Defendants (each a "party," and collectively the "Parties") wish to conserve the resources of the Court and to avoid filing multiple sealing motions, declarations, and proposed orders;

WHEREAS, the Parties anticipate that pre-trial motions in this action, including anticipated summary judgment briefing, will continue to involve Confidential or Highly Confidential information which may belong to the Parties as well as a limited set of associated non-parties;

WHEREAS, the Civil Local Rules in the District call for separate Administrative Motions to Seal or Administrative Motions to Consider Whether Another Party's Material Should Be Sealed depending on who the party is that designated materials Confidential or Highly Confidential, *see* Civil L.R. 79-5;

WHEREAS, substantial time can be required to prepare the administrative motions contemplated by Civil L.R. 79-5 due to the volume of Confidential or Highly Confidential information designated by the Parties and non-parties, and competing motions increase the number of filings on the docket for the Court to resolve;

WHEREAS, parties in other matters pending in this District have, with Court approval, stipulated to modifications of the sealing procedures set forth in the local rules to minimize the burdens of multiple sealing requests on the Parties, Court, and docket, *see, e.g.*, Stipulation and Order Modifying Sealing Procedures, *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714 (Sept. 26, 2022) (ECF No. No. 664) (adopting the parties' modified sealing procedure which involved filing an omnibus sealing motion after briefing on the underlying motions concluded); Stipulation and Order Regarding Omnibus Sealing Procedures, *In re Da Vinci Surgical Robot Antitrust Litigation*, Case No. 3:21-cv-03825 (June 7, 2024) (ECF No. 269) (same); Stipulated Order Modifying Sealing Procedures Relating to Plaintiffs' Motion for Sanctions, *In re Google Play Store Antitrust Litigation*, Case No. 3:20-cv-05671-JD (May 27, 2022) (ECF No. 264) (same);

WHEREAS, a modified sealing procedure in this case would conserve resources, reduce the number of administrative motions for resolution, and still ensure public access;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED SUBJECT TO THE COURT'S APPROVAL:

1. If a Party files a document that will include information that is designated Confidential or Highly Confidential, the Party may file the document in redacted or slip-sheet form and contemporaneously file an unredacted copy of the same document on the ECF docket, provisionally under seal, along with an interim sealing motion. The interim sealing motion will indicate that the documents are being provisionally filed under seal pursuant to this Stipulation and Order and will include the following information in table form:

| Document | Portion of Documents to be Sealed | Party Claiming Confidentiality |
|---|---|---|
|  |  |  |

Any interim sealing motion will not require a declaration or proposed order.

2. Any materials that are provisionally filed under seal shall be served on counsel for the opposing party concurrent with filing. To the extent any interim filing includes information designated by a non-party who is not represented by counsel in this case, the Party filing the underlying document sought to be sealed shall bear the responsibility of notifying each affected non-party regarding any of its confidential information that has been filed under seal and soliciting each affected non-party's request(s) for sealing or waiver(s) of confidentiality for inclusion in the omnibus sealing motion;

3. By April 29, 2025, each party claiming confidentiality over any information that has been filed shall file an omnibus administrative motion to seal that includes the contents, declaration, and proposed order typically contemplated by Civil L.R. 79-5 with particular references to the ECF docket entries. In addition, each party's omnibus motion shall document the date, time, and manner of any efforts to notify each affected non-party, and the date, time, and manner of that non-party's affirmative consent to seal or waive confidentiality.

4. By May 5, 2025, each party shall file any opposition to the omnibus sealing motion consistent with the procedures typically contemplated by Civil L.R. 79-5.

5. By May 9, 2025, each party shall file any reply to the omnibus sealing motion consistent with the procedures typically contemplated by Civil L.R. 79-5.

6. Within 21 days following the Court's order with respect to each party's omnibus sealing motion, the Party filing the underlying document sought to be sealed shall file the public-facing version of the document with any redactions pursuant to the Court's sealing order.

**IT IS SO STIPULATED AND AGREED.**

Dated: March 28, 2025
DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: *s/Steven Mills*
STEVEN A. MILLS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

Dated: March 28, 2025
By: **s/Bianca Herlitz-Ferguson*
BIANCA HERLITZ-FERGUSON

JOHN THOMAS H. DO
WILLIAM S. FREEMAN
ACLU Foundation Of Northern California

ANDREW NTIM
NISHA KASHYAP
Lawyers' Committee for Civil Rights of the San Francisco Bay Area

SCOUT KATOVICH
American Civil Liberties Union Foundation

ZOE SALZMAN
VIVAKE PRASAD
BIANCA HERLITZ-FERGUSON
VASUDHA TALLA
Emery Celli Brinckerhoff Abady Ward & Maazel LLP

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS, et al.

**Pursuant to L.R. 5-1(h)(3), the electronic signatory attests that each of the other Signatories have concurred in the filing of this document.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date:_____

_____
The Honorable Donna M. Ryu
UNITED STATES DISTRICT COURT