**REDACTED VERSION OF DOCUMENT PROVISIONALLY FILED UNDER SEAL**

DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**DECLARATION OF JASON ADAMEK**<br><br>Hearing Date:   May 8, 2025<br>Time:           1:00 p.m.<br>Place:          Courtroom 4 – 3rd floor<br>                1301 Clay Street<br>                Oakland, CA 94612<br><br>Trial Date:     July 28, 2025 |

DECL. ADAMEK
CASE NO. 4:22-cv-05502-DMR

n:\govlit\li2024\230239\01831783.docx

I, Jason Adamek, declare as follows:

1. I am the Director of the County Adult Assistance Programs for Respondent Human Services Agency of the City and County of San Francisco. I have held that position since 2016. I have personal knowledge of the matters stated, and if called to testify, I can and will testify competently as to all matters set forth herein.

2. San Francisco provides general assistance to indigent adults through the County Adult Assistance Programs ("CAAP"). CAAP provides various forms of benefits to indigent adults, including a linkage to employment options, a linkage to SSI benefits, and counseling services. In addition, for clients with housing, San Francisco offers a cash-only grant, from which recipients pay their own housing, utilities, and food costs. For unhoused recipients, San Francisco provides unhoused clients with a benefits package, known as the CAAP Benefit Package ("CBP"), which includes a combination of cash assistance plus in-kind benefits, including guaranteed access to shelter, utilities, and food. Providing in-kind benefits is not a reduction in aid. Instead, persons receiving the CBP grant receive benefits that have at least the same value as the cash-only grant. In San Francisco, the cash-only grant amount is currently $714 per month. The CBP grant amount includes $605 in in-kind benefits, plus a cash grant of $109 per month (which adds up to benefits worth $714 per month).

3. To be eligible for CAAP, clients must satisfy several criteria based on residency, income, and expenses. Generally, to apply for CAAP, a client must have San Francisco residency, meet certain income and asset criteria, and be an applicant or recipient of CalFresh and Medi-Cal benefits. If a client is not on CalFresh or Medi-Cal, the application for those benefits is automatically included with the CAAP application. If an applicant has a child or is pregnant, they are ineligible for CAAP benefits, and have to apply to CalWorks for government assistance, and can work directly with the San Francisco Department of Homelessness and Supportive Housing to seek shelter or housing available to families and pregnant people.

4. In order to keep getting CAAP benefits without interruption, clients need to complete the renewal process every six months, when clients are contacted to determine ongoing eligibility. Clients are mailed an appointment letter with the date, time, and type of renewal appointment to their address on file. CAAP then calls the client to complete a phone interview. Clients are also provided an

opportunity to use a lobby phone or have an in-person interview at 1235 Mission Street for scheduled appointments. Following the interview, clients receive a renewal packet that must be completed with required verifications. That information can be submitted by email, fax, mail, or the CAAP service counter.

5. Changes in eligibility status and non-compliance with programs can lead to the discontinuance of CAAP benefits. For instance, clients can be discontinued for failing to show up to required appointments, failing to participate in programs, and not submitting documentation. Under these circumstances, a client will receive a negligent failure, and three failures can lead to discontinuance. Clients are allowed to show good cause for any negligent failure, and if good cause is shown, the strike is removed from their record. By law, clients are given notice and opportunity to be heard before benefits are discontinued, and have rights to request a fair hearing on any discontinuance. Under certain circumstances, clients may continue to receive aid-paid pending while the fair hearing process continues. Clients are not precluded from reapplying to CAAP for reinstatement of benefits, even if their benefits have been discontinued.

6. CAAP recipients receiving the CBP sometimes request accommodations based on disabilities that they have or other reasons why they do not wish to stay in a shelter provided by the City. Currently, San Francisco's shelter providers evaluate those accommodation requests in the first instance. That process allows the shelters to offer accommodations to address the client's circumstances. If the client has a need that requires an accommodation and that accommodation cannot be provided at the client's assigned shelter, the City then attempts to find an alternative shelter placement for that individual, including with assistance from the Mayor's Office on Disability.

7. In connection with the preparation of this declaration, I looked into the benefit histories of several individuals that I understand have been disclosed as parties or witnesses in this case. Specifically, I looked into the histories of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ between 2020 and February 14, 2025. The search confirmed the following:

1   a. ███████████████████████████████
2      ███████████████████████████████
3      ██████████████████████
4   b. ███████████████████████████████
5      ███████████████████████████████
6      ████████████████████
7   c. ███████████████████████████████
8      ████████████
9   d. ███████████████████████████████
10     ██████████████████
11  e. ███████████████████████████████
12     ███████████████████████████████
13     ██████████████
14  f. ██████████████████████
15  g. ████████████████████████████
16     ██
17  h. ██████████████████████████
18  i. █████████████████████████
19  j. █████████████████████████████.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on April 2, 2025, in San Francisco, California.

_____
Jason Adamek