# EXHIBIT 17

## TO

## DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

c:\users\jgeorge\desktop\exhibit 2.docx

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

*Attorneys for Plaintiffs*
*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs. <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br> Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION** <br><br> Hon. Judge Donna M. Ryu <br><br> Date Action Filed: September 27, 2022 |

PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.

RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

SET NUMBER: One

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON HOMELESSNESS, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, AND TERESA SANDOVAL, collectively "Plaintiffs"), hereby respond to Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") First Request for Admission as follows:

**PRELIMINARY STATEMENT**

Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' Responses to the following Requests are made to the best of their present knowledge, information, and belief. The Responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Plaintiffs' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation.

1. Plaintiffs reserve the right to supplement or amend any responses should future investigation and/or discovery indicate that such supplementation is necessary. Plaintiffs' responses should be in no way considered prejudicial in relation to further discovery research, analysis, or production of evidence.

2. The following responses and objections are given without prejudice to Plaintiffs' right to rely on subsequently discovered or recalled information and evidence. Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Requests discovered or recalled subsequent to the date of these Responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

3. Plaintiffs' Responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

4. Plaintiffs' Responses are premised on the understanding that the Requests only seek information that is within Plaintiffs' possession, custody, and control.

5. Plaintiffs' Responses shall not prejudice their rights to produce or use any subsequently discovered evidence.

**GENERAL OBJECTIONS**

1.　　Plaintiffs object to each Request to the extent that they seek (a) information or documents that are not relevant to any party's claim or defenses in the action; (b) are not reasonably calculated to lead to the discovery of admissible evidence; (c) impose a burden disproportionate to the needs of the case; (d) seek information or documents beyond the scope of permissible discovery; (e) are unreasonably cumulative or duplicative; or (f) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

2.　　Plaintiffs object to the Request to the extent it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein, and is not reasonably calculated to lead to the discovery of admissible evidence.

3.　　Plaintiffs object to the Request to the extent it seeks disclosure of information that is publicly available, already in Defendants' possession, custody, or control, or otherwise available from sources to which Defendants have access.

4.　　Plaintiffs object to the Request to the extent that it purports to impose on Plaintiffs a duty to disclose information that Plaintiffs do not actually have in their possession, custody, or control. Subject to the objections herein, in responding to the Request, Plaintiffs will respond only as to information in their possession, custody, or control as of the date of this response. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control. Plaintiffs further object to the Request to the extent it seeks physical documents that were previously in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

5.　　Plaintiffs object to the Request to the extent that it requires Plaintiffs to make a legal conclusion or render an expert opinion.

6.　　Plaintiffs object to the Request to the extent it requires premature expert analysis or opinion.

7. Plaintiffs object to the Request to the extent it assumes facts that have not been established or are in dispute, including any Request that relies upon or incorporates assumptions in Defendants' theory of the case that have not been established and which Plaintiffs have not yet had an opportunity to investigate. Plaintiffs' responses should be in no way be considered as an admission of any factual assumption contained within the Request.

8. Plaintiffs object to the Request to the extent that it is premised on legal conclusions or otherwise assumes the validity of Defendants' legal claims or theories, all of which are disputed by Plaintiffs. Plaintiffs' responses should be in no way considered as an admission to the validity of any legal conclusion contained within the Request.

9. Plaintiffs object to the Request to the extent the information is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

10. Plaintiffs object to the Request to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Request in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

11. Based on Federal Rule of Civil Procedure 33(d), Plaintiffs objects to each Request that seeks information that can be derived from documents that will be produced, and where the burden to derive such information is substantially the same for Defendants as it is for Plaintiffs.

12. Plaintiffs object to the Request to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to a Request on the basis of any applicable privilege.

13.     Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of privilege, or any other doctrine against disclosure, or Plaintiffs' right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to demand that the parties in this action return or destroy any inadvertently disclosed information. Plaintiffs have not previously waived any applicable privilege and specifically state that they do not intend to do so through the disclosure of any information in response to the Request. In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving party will return the information to Plaintiffs and will be precluded from disclosing or relying upon such information or documents in any way.

14.     Plaintiffs' General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below, including Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and Responses. The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically herein.

## **OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1.     Plaintiffs object to Definitions and Instructions in the Request to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Plaintiffs object to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Request in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

3.     Plaintiffs object to the Instructions to the extent that they state that Plaintiffs'

purported failure to respond to the Request shall constitute a waiver of "all objections, including any and all claims of privilege, if any, in respect to these requests and the requests will be deemed admitted." Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Requests discovered or recalled subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

## RESPONSES TO REQUESTS FOR ADMISSION

1. Admit the Coalition on Homelessness does not have any records created on or before September 27, 2022 reflecting Sarah Cronk's membership in the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that documents (created on or before September 27, 2022) produced by Coalition on Homelessness thus far do not reference Sara Cronk's membership.  Otherwise, Denied.

2. Admit the Coalition on Homelessness does not have any records created on or before September 27, 2022 reflecting Joshua Donohoe's membership in the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that documents (created on or before September 27, 2022) produced by the Coalition on Homelessness thus far do not reference Joshua Donohue's membership.  Otherwise, Denied.

3. Admit the Coalition on Homelessness does not have any records created on or before September 27, 2022 reflecting David Martinez's membership in the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied. Records include:

https://www.facebook.com/NOonQandR/videos/665180890326189/?mibextid=rS40aB7S9Ucbxw6v&ref=sharing.

4. Admit that Sarah Cronk was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

5. Admit that Joshua Donohoe was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

6. Admit that David Martinez was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

7. Admit that Teresa Sandoval was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as

follows: Teresa Sandoval provided information on the City's treatment of unhoused people to the Coalition on Homelessness through other members like Couper Orona. Otherwise, Denied.

8. Admit that the ACLU of Northern California was a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request on the ground that (i) it seeks to harass, intimidate, annoy, or embarrass, and (ii) it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied

9. Admit that the Lawyer's Committee for Civil Rights of the San Francisco Bay Area was a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request on the ground that (i) it seeks to harass, intimidate, annoy, or embarrass, and (ii) it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

10. Admit that the Coalition on Homelessness terminated the employment of its member Toro Castano.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

11. Admit that Toro Castano falsely claimed to have spoken to a potential plaintiff for litigation related to the allegations against SAN FRANCISCO in this case.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that Toro Castano did not provide an email about a potential plaintiff for the litigation. Otherwise, Denied.

12. Admit that the Coalition on Homelessness has knowledge of false statements submitted by HOMELESS PERSONS in declarations that Plaintiffs have submitted in this litigation.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request (i) as argumentative, and (ii) to the extent that Plaintiffs have had the opportunity to correct declarations.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

13. Admit that the Coalition on Homelessness has knowledge of misleading statements submitted by HOMELESS PERSONS in declarations that Plaintiffs have submitted in connection with this litigation.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this request as (i) argumentative, (ii) vague as "misleading" is undefined, and (iii) to the extent that Plaintiffs have had the opportunity to correct declarations.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

14. Admit that the Coalition on Homelessness never filed a government claim with SAN FRANCISCO for the injuries it claims it suffered as an organization in the Third Amended Complaint.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General

Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

15. Admit that the Coalition on Homelessness' Board of Directors is required to approve any litigation brought by the Coalition on Homelessness.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

16. Admit that the Coalition on Homelessness' Board of Directors did not approve of the present litigation against Defendants to be brought on behalf of members of the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

17. Admit that the Coalition on Homelessness does not have written agreements with members prior to September 27, 2022 to represent those members in connection with this lawsuit.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this request as vague as to "written agreements."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted

18. Admit that HOMELESS PERSONS are not funding the present litigation against

Defendants brought by the Coalition on Homelessness on behalf of its members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

19. Admit that some of Coalition on Homelessness' counsel of record in these proceedings have made financial donations to the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request on the ground that (i) it seeks to harass, intimidate, annoy, or embarrass, (ii) it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses, and (iii) it is vague as to persons referenced and "made financial donations."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

20. Admit that the Coalition on Homelessness has observed instances where SAN FRANCISCO has complied with DPW Procedure No. 16-05-08 (REV 03) related to the handling of HOMELESS PERSONS' personal property.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this request extent that it seeks a legal conclusion.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows. Admitted, particularly following advocacy from the Coalition on Homelessness or from unhoused people.

21. Admit that the Coalition on Homelessness has informed HOMELESS PERSONS that personal property must always be bagged and tagged even though DPW Procedure No. 16-05-08 (REV 03) allows for property to be discarded under certain

circumstances.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this request (i) to the extent that it seeks a legal conclusion, and (ii) as being vague and confusing.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted the Coalition on Homelessness has informed HOMELESS PERSONS that personal property must be bagged and tagged pursuant to DPW's Bag and Tag Policy. Further Admitted that the terms of Procedure No. 16-05-08 (REV 03) allow for property to be discarded under certain circumstances. Otherwise, Denied.

22. Admit that the Coalition on Homelessness submitted government claims on behalf of HOMELESS PERSONS even though the Coalition on Homelessness did not know whether the property was properly discardable under the terms of DPW Procedure No. 16-05-08 (REV 03).

**RESPONSE:** Plaintiffs objects to this Request (i) as vague and ambiguous because of the use of the undefined term "properly discardable" without elaboration or specification, (ii) on the ground that it seeks a legal conclusion and would require the Coalition on Homelessness to formulate a legal conclusion in order to fully respond, and (iii) on the ground that the Request is argumentative to the extent it implies that the Coalition on Homelessness knows with absolute certainty whether property was properly discardable under the terms of DPW Procedure No. 16-05-08 (REV 03).

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

23. Admit that the Coalition on Homelessness advised declarants to omit bad facts from declarations submitted in connection with this litigation.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request (i) as vague and ambiguous because of the use of the undefined term "bad facts" without elaboration or

specification, and (ii) on the ground that the Request is argumentative to the extent it implies that Coalition on Homelessness advised declarants about their declarations in connection with this litigation.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

24. Admit that the Coalition on Homelessness advised declarants to not identify employees of SAN FRANCISCO in declarations submitted in connection with this litigation.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

25. Admit that HOMELESS PERSONS voluntarily abandon property during sweeps.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to the extent Plaintiffs lack sufficient knowledge or information to respond to this request. Plaintiffs further object to this request as vague as "voluntarily abandon" is undefined.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that homeless persons may leave behind property during sweeps. Otherwise, Denied.

26. Admit that HOMELESS PERSONS leave property behind in areas where an HSOC resolution has been noticed with the intention that property be discarded.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to the extent Plaintiffs lack sufficient knowledge or information to respond to this request.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as

follows: Admitted that homeless persons may leave property behind to be discarded in areas where an HSOC resolution has been noticed. Otherwise, Denied.

27. Admit that one of the Coalition on Homelessness' goals is to abolish sweeps altogether.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request as vague and ambiguous because of the use of the undefined term "abolish" and "sweeps" without elaboration or specification.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted only to the extent that "sweeps" entail the unlawful destruction of personal property. Otherwise, Denied.

28. Admit that tents are used by some HOMELESS PERSONS to conceal drug use.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to the extent Plaintiffs lack sufficient knowledge or information to respond to this request. Plaintiffs further objects to this Request (i) on the ground that it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses, (ii) as vague and ambiguous because of the use of the undefined term "used" and "conceal," and (iii) as argumentative to the extent it suggests that HOMELESS PERSONS uniquely use their homes to mainly conceal drug use.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that tents, like homes, can be used to keep property and maintain privacy around private behavior. Otherwise, Denied.

29. Admit that the Coalition on Homelessness furnished tents to HOMELESS PERSONS with knowledge that lodging on property without the permission of the owner is illegal pursuant to Section 647(e) of the California Penal Code.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request (i) as vague

and ambiguous because of the use of the undefined term "with knowledge" without elaboration or specification, (ii) on the ground that it seeks a legal conclusion and would require Plaintiff to formulate a legal conclusion in order to fully respond, and (iii) on the ground that the Request is argumentative to the extent it implies that the Coalition on Homelessness provided tents with the perfect knowledge that any tents would be use for the purpose of lodging on property without the permission of the owner in violation Section 647(e) of the California Penal Code.

Subject to the foregoing and without waiving these objections: Admitted to the extent Plaintiffs have furnished tents to homeless persons. Otherwise, Denied.

30. Admit that the Coalition on Homelessness has no written documentation to support its contention that SAN FRANCISCO has wrongfully discarded a Homeless Verification form as described in Paragraph 24 of the Third Amended Complaint.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

31. Admit that the Coalition on Homelessness does not have a membership list that identifies its members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.  Plaintiffs further object to the undefined term "membership list."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that the Coalition on Homelessness does not maintain a single, comprehensive list of members. Otherwise, Denied.

32. Admit that employee turnover within the Coalition on Homelessness has made it difficult to recruit members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted. Coalition on Homelessness denies that employee turnover is the sole or main reason for any difficulty in recruiting members.

33. Admit that it has been difficult for the Coalition on Homelessness to retain members as a result of the Coalition on Homelessness' own efforts to record the contact information of members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request as vague and ambiguous because of the use of the undefined term "own efforts to record the contact information of members."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

34. Admit that the Coalition on Homelessness is not storing its own personal property on the streets of San Francisco in a way that it will be subject to an HSOC resolution.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request (i) as vague and ambiguous because of the use of the undefined term "storing its own personal property on the streets," and (ii) argumentative to the extent it suggests that the Coalition on Homelessness has not had property destroyed in an HSOC resolution.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Coalition on Homelessness has provided Know You Rights material, flyers, Street Sheets, business cards, among other items to members and unhoused people subject to Sweeps. Otherwise, Denied.

Dated: March 10, 2025

By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap, SBN 301934
Andrew Ntim, SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, NY Reg. No. 4663308*
Vivake Prasad, NY Reg. No. 5669569*
Bianca Herlitz-Ferguson, NY Reg. No. 6164214*
One Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

*admitted pro hac vice*

*Attorneys for Plaintiffs*