# EXHIBIT 21

## TO

## DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

*Attorneys for Plaintiffs*
*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>               Plaintiffs.<br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>               Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD SET OF INTERROGATORIES**<br><br>Hon. Judge Donna M. Ryu<br><br>Date Action Filed: September 27, 2022 |

PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.

RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

SET NUMBER: Three

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON HOMELESSNESS, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, AND TERESA SANDOVAL, collectively "Plaintiffs"), hereby respond to Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN

FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") Third Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' responses to the following Interrogatories are made to the best of their present knowledge, information, and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Plaintiffs' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation.

2. Plaintiffs reserve the right to supplement or amend any responses should future investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs' responses should be in no way considered prejudicial in relation to further discovery research, analysis, or production of evidence.

3. The following responses and objections are given without prejudice to Plaintiffs' right to rely on subsequently discovered or recalled information and evidence. Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled subsequent to the date of these Responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

4. Plaintiffs' Responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

5. Plaintiffs' Responses are premised on the understanding that the Interrogatories only seek information that is within Plaintiffs' possession, custody, and control.

6. Plaintiffs' Responses shall not prejudice their rights to produce or use any subsequently discovered evidence.

## GENERAL OBJECTIONS

1. Plaintiffs object to each Interrogatory to the extent that they seek (a) information or documents that are not relevant to any party's claim or defenses in the action; (b) are not reasonably calculated to lead to the discovery of admissible evidence; (c) impose a burden disproportionate to the needs of the case; (d) seek information or documents beyond the scope of permissible discovery; (e) are unreasonably cumulative or duplicative; or (f) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

2. Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous, overbroad, and/or fail to state with reasonable particularity the type of information sought therein, and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to the Interrogatories to the extent that they seek disclosure of information that is publicly available, already in Defendants' possession, custody, or control, or otherwise available from sources to which Defendants have access.

4. Plaintiffs object to the Interrogatories to the extent that they purport to impose on Plaintiffs a duty to disclose information that Plaintiffs do not actually have in their possession, custody, or control. Subject to the objections herein, in responding to the Interrogatories, Plaintiffs will respond only as to information in their possession, custody, or control as of the date of this response. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession,

custody, or control. Plaintiffs further object to the Interrogatories to the extent they seek physical documents that were previously in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

5. Plaintiffs object to the Interrogatories to the extent that they require Plaintiffs to make a legal conclusion or render an expert opinion.

6. Plaintiffs object to the Interrogatories to the extent they require premature expert analysis or opinion.

7. Plaintiffs object to the Interrogatories to the extent they assume facts that have not been established or are in dispute, including any Interrogatory that relies upon or incorporates assumptions in Defendants' theory of the case that have not been established and which Plaintiffs have not yet had an opportunity to investigate. Plaintiffs' responses should be in no way be considered as an admission of any factual assumption contained within the Interrogatories.

8. Plaintiffs object to the Interrogatories to the extent that they are premised on legal conclusions or otherwise assume the validity of Defendants' legal claims or theories, all of which are disputed by Plaintiffs. Plaintiffs' responses should be in no way considered as an admission to the validity of any legal conclusion contained within the Interrogatories.

9. Plaintiffs object to the Interrogatories to the extent the information is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

10. Plaintiffs object to the Interrogatories to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

11. Based on Federal Rule of Civil Procedure 33(d), Plaintiffs objects to each Interrogatory that seeks information that can be derived from documents that will be produced, and where the burden to derive such information is substantially the same for Defendants as it is for Plaintiffs.

12. Plaintiffs object to the Interrogatories to the extent that they purport to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to an Interrogatory on the basis of any applicable privilege.

13. Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of privilege, or any other doctrine against disclosure, or Plaintiffs' right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to demand that the parties in this action return or destroy any inadvertently disclosed information. Plaintiffs have not previously waived any applicable privilege and specifically state that they do not intend to do so through the disclosure of any information in response to the Interrogatories. In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving party will return the information to Plaintiffs and will be precluded from disclosing or relying upon such information or documents in any way.

14. Plaintiffs' General Objections apply to each and every Interrogatory and are hereby incorporated by reference into each of the answers and objections set forth below, including Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and

Responses. The reassertion of, or reference to, a particular General Objection in a Response to an Interrogatory shall not be construed as a waiver of any General Objection not stated specifically herein.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1. Plaintiffs object to Definitions and Instructions in the Request to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2. Plaintiffs object to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

3. Plaintiffs also object to the defined term "IDENTIFY" insofar as it requests Plaintiffs identify a person's "current OR last known home AND business address" and "phone number" on the ground that it is overly broad and implicates privacy concerns.

4. Plaintiffs object to the Instructions to the extent that they state that Plaintiffs' purported "failure to provide information in response to these Interrogatories shall constitute a waiver" of Plaintiffs' "right to reply on such evidence at any point in this litigation." Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 19:**

For each injury that the COALITION ON HOMELESSNESS contends it suffered as an organization as a result of DEFENDANTS' property destruction alleged by PLAINTIFFS in this case, including but not limited to injuries to the "principal activities" identified in paragraph 24 of the Third Amended Complaint, state ALL facts on which the COALITION ON HOMELESSNESS relies and IDENTIFY ALL DOCUMENTS and PERSONS that RELATE to or support the COALITION ON HOMELESSNESS' response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 19 to the extent it requires Plaintiffs to identify "ALL DOCUMENTS" and facts that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973); *see also Krause v. Buffalo & Erie Cty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 375 (W.D.N.Y. 2006); *L&L Franchise, Inc. v. Tsai*, No. 06CV1155 JAH(POR), 2008 WL 11337594, at *2 (S.D. Cal. March 7, 2008); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12cv2079–GPC (KSC), 2014 WL 2919518, at *7 (S.D. Cal. June 27, 2014) (sustaining defendants' objections to production of discovery where documents requested were "from court records that are equally available to all

parties"). Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all documents and facts produced or identified by either party and third-party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs refer Defendants to and incorporate by reference in this response material submitted in connection with Plaintiffs' Opposition to Defendants' Fifth Motion to Dismiss, including but not limited to, Salzman Decl., Ex. 1 (Cronk Deposition), Ex. 2 (Donohoe Deposition), Ex. 3 (Martinez Deposition), Ex. 4 (Frank Deposition), Ex. 5 (Castano Deposition), Ex. 6 (Wadkins Deposition); Friedenbach Declaration, Exs. 7-9. Persons that relate to or support the Coalition on Homelessness's response include, but are not limited to, Coalition on Homelessness's staff and certain members, such as Jennifer Friedenbach, Lukas Illas, Christin Evans, Sarah Cronk, Joshua Donohoe, David Martinez, Toro Castano, and Carlos Wadkins.

**INTERROGATORY NO. 20:**

IDENTIFY each instance where the COALITION ON HOMELESSNESS' staff, employees, contractors, volunteers, or members observed DEFENDANTS comply with DPW Procedure No. 16-05-08 (REV 03) RELATED to the handling of personal property, including but not limited to the instances described by COALITION ON HOMELESSNESS as "now

doing sweeps by book" in COH01492478 attached hereto as Exhibit A and IDENTIFY ALL DOCUMENTS and PERSONS that RELATE to that instance.

**RESPONSE TO INTERROGATORY NO. 20**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 20 to the extent it requires Plaintiffs to identify "ALL DOCUMENTS" and "PERSONS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, and subpoena responses, including information regarding Defendants' unlawful property destruction and failure to comply with DPW Procedure No. 16-05-08 (REV 03), and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond that there are no additional DOCUMENTS or PERSONS that relate to the use of the phrase "now doing sweeps by book" as used in COH01492478. Please otherwise see declarations of

individuals who have observed sweeps and unhoused individuals who have experienced sweeps who had their belongings saved after advocacy.

**INTERROGATORY NO. 21:**

Please state ALL facts supporting PLAINTIFFS' contention that DEFENDANTS' training is deficient with respect to handling HOMELESS PERSONS' personal property, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 21 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, and subpoena responses, including information regarding Defendants' deficient training with respect to handling personal property, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the

response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all facts in documents and testimony in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 39, 43, 45, 47, 49, 51, 53, 219, 226, 237 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289); materials submitted in connection with Plaintiffs' Motion to Enforce, dated May 25, 2023 (Dkt. No. 130) and the parties submissions related to Dkt. 193-3, 231, 237, 239, 241, 292-1, 292-1; Declaration of Jonathan Vaing in Support of Defendants' Response to Court Order, (Dkt.193-3), Declaration of Jonathan Vaing, Ex. A (Dkt. 292-1), Declaration of Jonathan Vaing, Ex. B (Dkt. 292-2), and the deposition testimony of Khaled Shehadeh, Jonathan Vaing, Wayman Young, Darryl Dilworth, Brittany Brandon, Israel Graham, Arielle Piastunovich, Edgar Garcia, David Nakanishi, Mark Roubmanis, Leslie Fong, Pete Rincon, Mark Mazza, Alison Horky, Corey Jackson, Brandon Cunningham, Kenny Bruce, Joel Martinez, Alvaro Castro, Sgt. Hoang, and Defendants' Rule 30(b)(6) witnesses, as well as any relevant deposition testimony that may be forthcoming. Plaintiffs further direct Defendants to Rule 26 disclosures, including expert disclosures.

**INTERROGATORY NO. 22:**

IDENTIFY every instance where YOU contend a HOMELESS PERSON, including YOU, was unable to obtain property from the DPW storage yard, including all facts upon which you rely, such as the date, time, and location where property was taken, the owner of the property, the property that was taken, the reason the HOMELESS PERSON believed their property would be at the DPW storage yard, the date or dates the HOMELESS PERSON attempted to obtain property from the DPW storage yard, the efforts the HOMELESS PERSON

underwent to obtain property from the DPW storage yard, an inventory of any property that was obtained, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 22 to the extent it requires Plaintiffs to identify "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, and subpoena responses, including information regarding attempts to obtain property from the DPW storage yard, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all documents produced or identified by either party and third-party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

12
PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD SET OF INTERROG.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 140-41, 160-63 and pages 63 and 65 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289), as well as the following declarations, Castano Decl., Dkt. 9-4 at p. 5, ¶ 10; Martinez Decl., Dkt. 9-4, at p. 22, ¶ 10; Bryant Decl., Dkt. 9-6, at p. 4, ¶ 6; Jones Decl., Dkt. 9-6, at pp. 52-53, ¶ 8. Plaintiffs further direct Defendants to Rule 26 disclosures, including expert disclosures.

**INTERROGATORY NO. 23:**

Please state ALL facts supporting PLAINTIFFS' contention that Carla Short "has direct knowledge of, and has acquiesced in, DPW's custom and practice of property destruction" as alleged in Paragraph 47 of the Third Amended Complaint, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 23 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that the information in the possession, custody, and control of Defendants.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all facts and documents produced or

identified by either party and third party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: On September 7, 2021, Jennifer Friedenbach sent an email to Ms. Short inviting her to a webinar discussing the release of COH's report discussing property destruction and encampment resolutions to which Ms. Short responded on October 6, 2021. On January 26, 2022, Jennifer Friedenbach sent an email to Ms. Short sharing a video documenting property destruction and identifying a pattern of behavior by DPW staff at sweeps to which Ms. Short responded on January 27, 2022. Ms. Short received an email on June 24, 2022 from the Co-Chairs of the Latino Task Force Street Needs Assessment Committee with a needs assessment report documenting unlawful property destruction during sweeps in the Mission District.

**INTERROGATORY NO. 24:**

Please state ALL facts supporting PLAINTIFFS' contention that each DEFENDANT was deliberately indifferent to a pattern and practice of destroying the property of HOMELESS PEOPLE, including YOU, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 24 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and

because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, and subpoena responses, including information regarding the destruction of personal property, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all facts and documents produced or identified by either party and third-party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 210-237 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289). Please see declarations of individuals and identified records for those who have observed sweeps (including Ackerman, Cutler, Evans, Illas, Ioffee, Verner-Crist, and Wadkins) and unhoused individuals (including Plaintiffs) who have experienced sweeps, and associated exhibits and productions. Please also see the deposition testimony of Khaled Shehadeh, Jonathan Vaing, Wayman Young, Darryl Dilworth, Brittany Brandon, Israel Graham, Arielle Piastunovich, Edgar Garcia, David Nakanishi, Mark Roubmanis, Leslie Fong, Pete Rincon, Mark Mazza, Alison Horky, Corey Jackson, Brandon Cunningham, Kenny Bruce, Joel Martinez, Alvaro Castro, Sgt. Hoang, and Defendants' Rule 30(b)(6) witnesses, as well as any relevant deposition testimony that may be forthcoming.

**INTERROGATORY NO. 25:**

IDENTIFY each allegation in the Third Amended Complaint that RELATES to the particular instances of property destruction experienced by the PERSONS IDENTIFIED in the COALITION ON HOMELESSNESS' response to Interrogatory Number 17.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 25 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is and can be derived from documents within the possession, custody, and control of Defendants. Defendants already have access to information contained in the record related to this case, including the Third Amended Complaint.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 24, 32, 34, 36, 172, 179-181, 253, 241, 242, 247-248, 249 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289).

Dated: March 10, 2025

By:    */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
39 Drumm Street
San Francisco, CA 94111

| | |
|---|---|
| 1 | Telephone: (415) 293-6333 |
| | jdo@aclunc.org |
| 2 | wfreeman@aclunc.org |
| 3 | |
| | LAWYERS' COMMITTEE FOR CIVIL |
| 4 | RIGHTS OF THE SAN FRANCISCO BAY AREA |
| 5 | Nisha Kashyap, SBN 301934 |
| | Andrew Ntim, SBN 347084 |
| 6 | 131 Steuart Street, Ste. 400 |
| | San Francisco, CA 94105 |
| 7 | Telephone: (415) 543-9444 |
| | nkashyap@lccrsf.org |
| 8 | antim@lccrsf.org |
| 9 | |
| | EMERY CELLI BRINCKERHOFF ABADY |
| 10 | WARD & MAAZEL LLP |
| | Vasudha Talla, SBN 316219 |
| 11 | Zoe Salzman, NY Reg. No. 4663308* |
| | Vivake Prasad, NY Reg. No. 5669569* |
| 12 | Bianca Herlitz-Ferguson, NY Reg. No. 6164214* |
| | One Rockefeller Plaza, 8th Floor |
| 13 | New York, NY 10020 |
| | Telephone: (212) 763-5000 |
| 14 | vtalla@ecbawm.com |
| | zsalzman@ecbawm.com |
| 15 | vprasad@ecbawm.com |
| | bherlitz-ferguson@ecbawm.com |
| 16 | |
| 17 | *admitted pro hac vice |
| 18 | Attorneys for Plaintiffs |

17

PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD SET OF INTERROG.