EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO DEFER CONSIDERATION OF MOTION TO VACATE OR ENLARGEMENT OF TIME** <br><br> **Judge:** The Hon. Donna M. Ryu |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rules ("LR") 7-11, 6-1, and 6-3 Plaintiffs move to defer consideration of Defendants' motion to vacate or dissolve the preliminary injunction, Dkt. 353, until after the Court has decided Defendants' motion for summary judgment, Dkt. 350, with a briefing schedule on the motion to vacate to be set by the Court. Plaintiffs sought Defendants' position on this proposal today given the exigencies imposed by the two-week deadline to file an opposition to the motion to vacate; Defendants stated that they would respond in substance no later than Monday morning. Given the short timeframe imposed by the local rules for Plaintiffs to file an opposition to the motion to vacate, Plaintiffs must file this administrative motion today to obtain effective relief.

Without notice to the Court or to Plaintiffs, Defendants filed yesterday a motion to vacate or dissolve the preliminary injunction entered in this case. The motion to vacate appears to be a vehicle for Defendants to add pages to their motion for summary judgment after the Court set specific page limits. That is because the extended arguments Defendants raise in the motion to vacate the preliminary injunction—relating to Plaintiffs' standing—are duplicative of the arguments in their motion for summary judgment. Further, the relief sought in the motion to vacate is identical to the result obtained if this Court grants summary judgment in Defendants' favor.

Defendants' motion to vacate thus wastes judicial resources and serves as an improper attempt to obtain additional pages to advance arguments already raised in the motion for summary judgment, despite this Court limiting that brief to 32 pages. Dkt. 342. Moreover, Defendants failed to provide notice in either their March 25, 2025 administrative motion to extend page limits, Dkt. 341, or their portion of the March 26, 2025 Joint Case Management Conference Statement, Dkt. 343. Defendants thereby deprived Plaintiffs of the opportunity to make their position clear: a motion to vacate would be duplicative and burdensome, given the two-week response time for the summary judgment motion and five expert depositions scheduled over the next two weeks. Defendants similarly left the Court without this information when the Court considered Defendants' page request.

Plaintiffs seek to defer consideration of the motion to vacate until after the Court has ruled on Defendants' motion for summary judgment, at which point the motion to vacate may be moot or narrowed and the Court can set an appropriate briefing schedule.

In the alternative, Plaintiffs request that the Court enlarge the time for Plaintiffs to oppose the motion to vacate by two weeks from, April 17, 2025 to May 1, 2025; Defendants' reply be due on May 8, 2025 (prior to the summary judgment hearing); and the return date and any hearing set for May 22, 2025.

## II.  PROCEDURAL HISTORY AND BACKGROUND

On October 31, 2024, upon the stipulation of the Parties submitted on October 29, 2024, the Court modified the case schedule. Dkt. No. 270.

On March 25, 2025, Defendants filed an unopposed administrative motion regarding page limits for summary judgment briefing. Dkt. 341. Defendants argued that they needed 40 pages for their opening brief for summary judgment. *Id.* Defendants did not reference any forthcoming motion to dissolve or vacate the injunction. *Id.* When Defendants sought Plaintiffs' position on the request to extend page limits for summary judgment, Defendants did not tell Plaintiffs that they intended to file a motion to vacate or dissolve the preliminary injunction at the same time they planned to file a motion for summary judgment. Dkt. 341-2. Had Plaintiffs known that Defendants intended to file a motion to vacate the preliminary injunction, Plaintiffs would have asked how the motion to vacate differed from a motion for summary judgment, which would have influenced the position Plaintiffs took on Defendants' request to extend page limits. Declaration of Vasudha Talla dated April 4, 2025 ("Talla Decl.") at ¶ 5.

On March 26, 2025, the parties filed a joint further case management statement in advance of the case management conference scheduled for April 2, 2025. Dkt. 343. In that joint case management statement, Defendants did not mention they intended to file a motion to vacate or dissolve the preliminary injunction. *Id.* They stated only: "Pre-Trial Motions: Defendants anticipate filing pre-trial motions on the timeline set by the Court's scheduling order (ECF No. 264), including a motion for summary judgment (due April 3, 2025), which Defendants expect

*will address the Plaintiffs' lack of standing* and the merits of their claims." Dkt. 343 at 3 (emphasis added).

The Court then continued the case management conference from April 2, 2025 to May 8, 2025. Dkt. 345.

Defendants concurrently filed a motion for summary judgment, Dkt. 350, and a motion to vacate on April 3, 2025. Dkt. 353.

The day after Defendants' motion to vacate was filed, on April 4, 2025, Plaintiffs promptly emailed Defendants to request that they consent to consolidating the briefing on the motion with the forthcoming motion for summary judgment or, in the alternative, to a two-week enlargement of Plaintiffs' time to respond. Talla Decl. at ¶ 3. Plaintiffs explained the basis for their proposal, and requested that, if Defendants did not agree, they explain why and identify any prejudice to Defendants from Plaintiffs' proposal. *Id.* Given the exigencies, Plaintiffs asked Defendants to respond by the close of business on April 4, 2025. *Id.*

At approximately 4:20 p.m. today, Defendants emailed undersigned counsel to state that Defendants will respond in substance no later than Monday morning. *Id.* at ¶ 4.

### III.  ARGUMENT

**A. The Court Should Defer Consideration of Defendants' Motion to Vacate or Dissolve the Preliminary Injunction Until After the Court Decides the Motion for Summary Judgment.**

The Court has broad discretion to manage its docket and to consolidate motion practice in the interests of judicial efficiency. *See, e.g.*, *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad discretion in supervising the pretrial phase of litigation[.]").

The Court should exercise that discretion to defer consideration of Defendants' motion to vacate or dissolve the preliminary injunction. First, Defendants' motion to vacate duplicates legal arguments that are made in Defendants' motion for summary judgment and adds factual material to support those arguments. Defendants' motion for summary judgment argues that (1) the two

3

individual plaintiffs lack standing; (2) the Coalition on Homelessness lacks associational standing; (3) the Coalition on Homelessness lacks organizational standing; (4) the Section 1983 claims require individual participation as a matter of law; and (5) The Fourth Amendment claims require individual participation. Dkt. 350 at 5-19, 20-21, 25-26. But apparently dissatisfied with the 32 pages the Court granted them to make their summary judgment arguments, Defendants set forth the same arguments across even more pages in their motion to vacate. Dkt. 353 at 9-26. The motion to vacate is nothing more than an attempt to supplement the motion for summary judgment with additional legal authority and evidence that should have been included in the summary judgment motion. *See also* Dkt. No. 298 (denying duplicative motion as "unhelpful" and "waste" of resources).

Second, Plaintiffs will be prejudiced if the Court does not grant the requested relief because they do not have sufficient time to adequately respond to the motion to vacate by April 17, 2025. Talla Decl. at ¶ 8. Plaintiffs must respond within two weeks, by April 17, 2025, to Defendants' motion for summary judgment, which requires an extensive legal and factual showing. *Id.* Had Defendants provided any notice to Plaintiffs of their motion to vacate, Plaintiffs could have sought an extension of time or otherwise met-and-conferred with Defendants to avoid duplicative briefing. In addition, the parties must complete expert discovery by April 14, 2025. There are five depositions of expert witnesses scheduled between April 7 and April 14, 2025. *Id.*

Granting Plaintiffs' motion to defer consideration of the motion to vacate or dissolve the preliminary injunction until after the Court decides the motion for summary judgment will avoid a waste of judicial resources: depending on the Court's resolution of the summary judgment motions, determination of the motion to vacate may be unnecessary or the issues will be narrowed.

### B. In the Alternative, the Court Should Grant Plaintiffs Request for an Extension of Time.

If the Court denies Plaintiffs' request to defer consideration of the motion to vacate or dissolve the preliminary injunction, the Court should instead grant the request to enlarge time as follows: Plaintiffs would file their opposition on May 1, 2025, with Defendants' reply due May

4

8, 2025, and a hearing on the motion to dissolve on May 22, 2025. This schedule will more fairly allow Plaintiffs to respond while ensuring briefing is complete prior to the summary judgment hearing.

There should be no effect on the other deadlines in the operative Case Management Order. Pursuant to Civil Local Rule 6-2, Plaintiffs provide the following previous time modifications in this case, whether by Stipulation or Court order:

  a. On July 26, 2023, upon the stipulation of the Parties, the Court issued an order extending the discovery deadlines and stated it would consider extending these deadlines further if the parties filed a joint proposed comprehensive schedule that demonstrated good cause by August 28, 2023 (Dkt. No. 160);

  b. On September 20, 2023, upon the stipulation of the Parties submitted on August 28, 2023, the Court further modified the case schedule (Dkt. No. 191);

  c. On February 23, 2024, the Court stayed the case until 30 days after the Supreme Court issued an opinion in City of Grants Pass v. Gloria Johnson, Case No. 23-175 and issued a second amended case management and pretrial order. (Dkt. Nos. 222-223); and

  d. On September 16, 2024, the Court issued an order to extend the case schedule to accommodate a motion briefing schedule. (Dkt. No. 244);

  e. On October 31, 2024, upon the stipulation of the Parties submitted on October 29, 2024, the Court further modified the case schedule (Dkt. No. 270).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court defer consideration of Defendants' motion to vacate or dissolve the preliminary injunction until after the Court has decided Defendants' motion for summary judgment, with a briefing schedule on the motion to vacate to be set by the Court.

| | | |
|---|---|---|
| 1 | Dated: April 4, 2025 | Respectfully submitted, |
| 2 | | By: /s/ Vasudha Talla |
| 3 | | |
| 4 | | EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP |
| | | Vasudha Talla, SBN 316219 |
| 5 | | Zoe Salzman, *pro hac vice* |
| 6 | | Vivake Prasad, *pro hac vice* |
| | | Bianca Herlitz-Ferguson, *pro hac vice* |
| 7 | | 1 Rockefeller Plaza, 8th Floor |
| | | New York, NY 10020 |
| 8 | | Telephone: (212) 763-5000 |
| | | vtalla@ecbawm.com |
| 9 | | zsalzman@ecbawm.com |
| 10 | | vprasad@ecbawm.com |
| | | bherlitz-ferguson@ecbawm.com |
| 11 | | |
| 12 | | By: /s/ Nisha Kashyap |
| 13 | | LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO |
| 14 | | BAY AREA |
| | | Nisha Kashyap SBN 301934 |
| 15 | | Andrew Ntim SBN 347084 |
| | | 131 Steuart Street, Ste. 400 |
| 16 | | San Francisco, CA 94105 |
| | | Telephone: (415) 543-9444 |
| 17 | | nkashyap@lccrsf.org |
| 18 | | antim@lccrsf.org |
| 19 | | By: /s/ John Thomas H. Do |
| 20 | | AMERICAN CIVIL LIBERTIES UNION |
| | | FOUNDATION OF NORTHERN |
| 21 | | CALIFORNIA |
| 22 | | John Thomas H. Do, SBN 285075 |
| | | William S. Freeman SBN 82002 |
| 23 | | 39 Drumm Street |
| | | San Francisco, CA 94111 |
| 24 | | Telephone: (415) 293-6333 |
| | | jdo@aclunc.org |
| 25 | | wfreeman@aclunc.org |
| 26 | | |
| | | By: /s/ Scout Katovich |
| 27 | | |
| 28 | | AMERICAN CIVIL LIBERTIES UNION |

|   |   |
|---|---|
| 1 | Scout Katovich, *pro hac vice* |
| 2 | 425 California Street<br>Suite 700 |
| 3 | San Francisco, CA 94104<br>212-549-2500 |
| 4 | skatovich@aclu.org |
| 5 | *Attorneys for Plaintiffs* |

7

PLTS' ADMIN MOT. TO DEFER CONSIDERATION OF MOT. TO VACATE OR ENLARGEMENT OF TIME
CASE NO. 4:22-cv-05502-DMR