EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **DECLARATION OF VASUDHA TALLA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO DEFER CONSIDERATION OF MOTION TO VACATE OR ENLARGEMENT OF TIME** <br><br> **Judge:** The Hon. Donna M. Ryu |

I, Vasudha Talla, declare as follows:

1. I am an attorney in the law firm of Emery Celli Brinckerhoff Abady Ward & Maazel LLP, counsel for Plaintiffs in the above-captioned action. I make this declaration in support of Plaintiffs' Administrative Motion to Defer Consideration of Motion to Vacate or for an Enlargement of Time.

2. Pursuant to Local Rules 7-11, 6-1, and 6-3, for all the reasons set forth in the accompanying motion papers, Plaintiffs move to defer consideration of Defendants' motion to vacate or dissolve the preliminary injunction (Dkt. 353) until after the Court has decided Defendants' motion for summary judgment, with a briefing schedule on the motion to vacate to be set by the Court. In the alternative, Plaintiffs seek an enlargement of time to oppose the motion to vacate from April 17, 2025 to May 1, 2025.

3. Plaintiffs could not reach a stipulation regarding the relief requested in this administrative motion because of the exigencies of the local rules that require Plaintiffs to file an opposition to the motion to vacate in less than two weeks. Defendants filed their motion to vacate late yesterday evening, without notice to Plaintiffs. Plaintiffs promptly sought Defendants' position today, but after being told by Defendants that it would not be forthcoming until Monday morning, Plaintiffs must file this motion if they are to obtain effective relief.

4. The day after Defendants' motion to vacate was filed, on April 4, 2025, I emailed Defendants to request that they consent to consolidating the briefing on the motion with the forthcoming motion for summary judgment. I also asked for their position on an alternative remedy of a two-week enlargement of Plaintiffs' time to respond. I explained the basis for our proposal, including the arguments now set forth in the accompanying motion papers, and requested that, if Defendants did not agree, they explain why and identify any prejudice to Defendants from Plaintiffs' proposal. Given the exigencies, I asked Defendants to respond by the close of business on April 4, 2025.

5. At approximately 4:20 p.m. on April 4, 2025, Defendants responded: "We are considering your position and proposal and will respond in substance no later than Monday morning."

6. On March 25, 2025, Defendants filed an unopposed administrative motion regarding page limits for summary judgment briefing. Dkt. 341. Defendants argued that they needed 40 pages for their opening brief for summary judgment. *Id.* Defendants did not reference any forthcoming motion to dissolve or vacate the injunction. *Id.* When Defendants sought Plaintiffs' position on the request to extend page limits for summary judgment, Defendants did not tell Plaintiffs that they intended to file a motion to vacate or dissolve the preliminary injunction at the same time they planned to file a motion for summary judgment. Dkt. 341-2. Had Plaintiffs known that Defendants intended to file a motion to vacate the preliminary injunction, Plaintiffs would have asked how the motion to vacate differed from a motion for summary judgment, which would have influenced the position Plaintiffs took on Defendants' request to extend page limits.

7. On March 26, 2025, the parties filed a joint further case management statement in advance of the case management conference scheduled for April 2, 2025. Dkt. 343. In that joint case management statement, Defendants did not mention they intended to file a motion to vacate or dissolve the preliminary injunction. They stated only: "Pre-Trial Motions: Defendants anticipate filing pre-trial motions on the timeline set by the Court's scheduling order (ECF No. 264), including a motion for summary judgment (due April 3, 2025), which Defendants expect *will address the Plaintiffs' lack of standing* and the merits of their claims." Dkt. 343 at 3 (emphasis added).

8. The Court then continued the case management conference from April 2, 2025 to May 8, 2025. Dkt. 345.

9. Due to (a) the unanticipated volume of Defendants' motion to vacate, which both duplicates legal arguments that are made in Defendants' motion for summary judgment and adds factual material to support those arguments, (b) the need to respond to Defendants' motion for

summary judgment by April 17, 2025 with an extensive legal and factual showing, and (c) the need to complete expert discovery by April 14, 2025, including five depositions of expert witnesses scheduled between April 7 and April 14, Plaintiffs will be prejudiced if the Court does not grant the requested relief because we do not have sufficient time to adequately respond to the motion to vacate by April 17, 2025.

10. Granting Plaintiffs' motion to defer consideration of the motion to vacate or dissolve the preliminary injunction until after the Court decides the motion for summary judgment will avoid a waste of judicial resources: depending on the Court's resolution of the summary judgment motions, determination of the motion to vacate may be unnecessary or the issues will be narrowed.

11. In the alternative, if the Court instead grants the enlargement of time, Plaintiffs would file their opposition on May 1, 2025, with Defendants' reply due May 8, 2025, and a hearing on the motion to dissolve on May 22, 2025. There should be no effect on the other deadlines in the operative Case Management Order.

12. Pursuant to Civil Local Rule 6-2, Plaintiffs provide the following previous time modifications in this case, whether by Stipulation or Court order:

    a. On July 26, 2023, upon the stipulation of the Parties, the Court issued an order extending the discovery deadlines and stated it would consider extending these deadlines further if the parties filed a joint proposed comprehensive schedule that demonstrated good cause by August 28, 2023 (Dkt. No. 160);

    b. On September 20, 2023, upon the stipulation of the Parties submitted on August 28, 2023, the Court further modified the case schedule (Dkt. No. 191);

    c. On February 23, 2024, the Court stayed the case until 30 days after the Supreme Court issued an opinion in City of Grants Pass v. Gloria Johnson, Case No. 23-175 and issued a second amended case management and pretrial order. (Dkt. Nos. 222-223); and

      d.   On September 16, 2024, the Court issued an order to extend the case schedule to accommodate a motion briefing schedule. (Dkt. No. 244);

      e.   On October 31, 2024, upon the stipulation of the Parties submitted on October 29, 2024, the Court further modified the case schedule (Dkt. No. 270).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Oakland, California on April 4, 2025.

Dated: April 4, 2025

                                                   */s/ Vasudha Talla*
                                                   Vasudha Talla