1    DAVID CHIU, State Bar #189542
City Attorney
2    YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
3    EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
4    MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
5    STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
6    City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
7    San Francisco, California 94102-4682
Telephone:     (415) 554-3857 (Wang)
8                    (415) 554-6762 (Murphy)
                   (415) 554-3870 (Gradilla)
9                    (415) 554-4223 (George)
                   (415) 355-3304 (Mills)
10    Facsimile:      (415) 554-4699
E-mail:         edmund.wang@sfcityatty.org
11                    kaitlyn.murphy@sfcityatty.org
                   miguel.gradilla@sfcityatty.org
12                    john.george@sfcityatty.org
                   steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN THEOBALD, State Bar #328837
CONRAD METLITZKY KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:     (415) 343-7103 [Metlitzky]
                   (415) 343-7100 [Lanier &
                   Theobald]
Facsimile:      (415) 343-7101
E-mail:         wmetlitzky@conmetkane.com
                   jlanier@conmetkane.com
                   ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>       Plaintiffs,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>       Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO DEFER CONSIDERATION OF MOTION TO VACATE OR ENLARGEMENT OF TIME**<br><br>Trial Date:        July 28, 2025 |

Defts.' Opp. to Admin. Mot. to Defer MTV
CASE NO. 4:22-cv-05502-DMR (LJC)

n:\govlit\li2022\230239\01832750.docx

1

**INTRODUCTION**

2

3       The City's Motion to Vacate or Dissolve the Preliminary Injunction ("Motion to Vacate") is

4  procedurally proper and substantively supported.  Plaintiffs seek relief to which they are not entitled,

5  wrongly arguing the City has wasted judicial resources by filing a motion it had every right to file.  If

6  anything results in such a waste, it is the premature and unsupported requests for ill-defined relief in

7  Plaintiffs' Administrative Motion to Defer Consideration of Motion to Vacate or Enlargement of

   Time.  ECF No. 360.

8       Plaintiffs base their motion on several false premises.  First, Plaintiffs argue the Motion to

9  Vacate contains evidence that was not part of the Motion for Summary Judgement, and therefore the

10 Court must defer consideration of the former until after its decision on the latter.  Plaintiffs are wrong.

11 The Motion to Vacate relies only on a subset of the evidence submitted in support of the Motion for

12 Summary Judgment.  It does not attach any new documents or declarations.  In other words, the

13 evidence underlying the Motion for Summary Judgment that Plaintiffs are able to respond to on the

14 existing schedule exceeds the evidence supporting the Motion to Vacate that Plaintiffs contend they

15 cannot respond to on the same schedule.  Second, the jurisdictional arguments in both Motions are not

16 new.  They echo arguments the City has made for years, now supported by the factual record

17 developed through discovery and intervening Supreme Court decisions.  Plaintiffs previously implored

18 this Court to postpone consideration of these standing and mootness issues until after fact discovery

19 closed—*i.e.* right now.  *See* ECF No. 296.  The way to conserve resources is to hear both Motions on

20 their existing schedules given their similarities.  The Court should deny Plaintiffs' request to

21 indefinitely postpone the Motion to Vacate briefing and hearing.

22      Plaintiffs are also wrong that they will be prejudiced by the existing briefing schedule.

23 Plaintiffs rely on a conclusory declaration that notes the parties are engaged in expert discovery and

24 the Motion for Summary Judgment briefing.  These events cannot constitute prejudice, especially

25 where the evidence and arguments in both Motions are substantially similar, and where Plaintiffs

26 previously rejected proposed modifications to the case schedule that would have deferred dispositive

27 motions until after expert discovery.  The Court should deny Plaintiffs' administrative motion.

28

1

## BACKGROUND

2
3
4
5
6
7
8
9
10
11

On April 3, 2025, the last day to file dispositive motions, the City filed two motions, a Motion for Summary Judgment (ECF No. 350) and a Motion to Vacate or Dissolve the Preliminary Injunction (ECF No. 353). Both argue that the Court lacks jurisdiction because Plaintiffs cannot meet their burden to show standing and because Plaintiffs' claims are moot. The Motion for Summary Judgment relies on several declarations and exhibits, and the Motion to Vacate relies on a subset of the same. Each Motion contains jurisdictional arguments that the City has advanced throughout the litigation, now supported by new evidence developed through fact discovery and intervening Supreme Court decisions. *See, e.g.*, ECF Nos. 204, 242, 295, 301. Plaintiffs previously objected that these same arguments needed to be deferred through the close of fact discovery to summary judgment rather than being addressed on a motion to dismiss. ECF No. 296.

12
13
14
15
16
17
18
19
20
21

Less than a day after the City filed its Motions, on Friday, April 4, 2025, at 12:11 p.m., Plaintiffs' counsel emailed demanding the City withdraw what Plaintiffs claimed was an "inappropriate motion to vacate" or, alternatively, agree to provide a two-week extension to respond. Declaration of John H. George In Support of Defendants' Opposition to Plaintiffs' Administrative Motion, Ex. A. Plaintiffs demanded the City provide its position by 5:00 p.m. the same day—less than five hours after Plaintiffs' email. *Id.* At 4:19 p.m. the City responded that it was considering Plaintiffs' position and would respond less than a business day later, by Monday morning (April 7, 2025). *Id.* Instead of waiting for Defendants' substantive response or attempting to meet and confer, Plaintiffs filed the instant administrative motion, just two minutes after telling the City they would not wait until Monday for a response. *Id.*

22

## ARGUMENT

23
24
25
26
27
28

Parties may file a motion to vacate a preliminary injunction "at any time." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Plaintiffs do not dispute that the Motion to Vacate was appropriate, but move to defer the Court's consideration of the Motion until some unspecified time following the Court's ruling on Defendants' Motion for Summary Judgement. Alternatively, Plaintiffs seek an additional two weeks to oppose the Motion to Vacate, which would make the City's reply due the day of the summary judgment hearing, and attempt to set the Motion to

Vacate hearing when the Court is unavailable per the public calendar.  Plaintiffs' motion is based on their inaccurate assertion that the Motion to Vacate contains evidence not included in the Motion for Summary Judgment and a conclusory claim of "prejudice."  For these and the other reasons set out below, the Court should deny Plaintiffs' motion.

**I.     Plaintiffs Provide No Basis to Postpone the Motion to Vacate**

Plaintiffs make several arguments as to why the Court should defer consideration of the Motion to Vacate until after it decides the Motion for Summary Judgment.  ECF No. 360 at 3-5.  None justifies deferring consideration.  First, Plaintiffs argue the Motion to Vacate must be deferred because it "adds factual material" that was not in the Motion for Summary Judgment.  *Id.* at 3.  Plaintiffs are wrong, and provide no evidence to support their assertion.  As explained above, the Motion to Vacate relies on a subset of exhibits that were cited and attached to the Motion for Summary Judgment and does not attach any new documents or exhibits.

Plaintiffs also assert the Motion to Vacate duplicates the legal arguments made in the Motion for Summary Judgment.  While the Motions overlap in substance, this is a reason to keep the two motions on the same schedule, not stagger them.  Both Motions depend on similar arguments regarding Plaintiffs' lack of standing, although the City seeks different relief in each motion.  This similarity *supports* consideration of both Motions at the same time.  Addressing the arguments about Plaintiffs' lack of standing, each of which is supported by the same evidence, is significantly more efficient than indefinitely deferring consideration of the Motion to Vacate or holding multiple hearings on the same standing issues.  And although granting the Motion for Summary Judgment will moot the Motion to Vacate, that potential outcome does not justify deferring the Motion to Vacate until the outcome is known.  Plaintiffs' argument that deferred consideration is necessary because the City has tried to exceed the Motion for Summary Judgment page limit is baseless.  The City had the right to file the Motion to Vacate (*see Credit Suisse First Boston Corp.*, 400 F.3d at 1124), and each Motion, while based on a lack of jurisdiction and the same evidence, has a distinct legal standard and is properly a separate motion.  The Motion to Vacate also includes no more evidence or jurisdictional infirmities

than the Motion for Summary Judgment, and, regardless, Plaintiffs offer no authority for the proposition that a page-limit violation justifies deferred consideration (the City is aware of none).[1]

Finally, Plaintiffs argue the current briefing schedule prejudices them because "they do not have sufficient time to adequately respond" to the Motion to Vacate by the same day that their Motion for Summary Judgment opposition is due. Plaintiffs' only support for their claim is a conclusory statement from the declaration filed with their administrative motion. *See* ECF No. 360-1, ¶ 9. This is insufficient. The three remaining Plaintiffs are represented by three law firms and at least nine lawyers who have appeared in the case, as well as several more who have attended depositions. *See* ECF No. 360 at 7-8 (listing counsel of record). There is no showing that this significant and capable group of counsel cannot timely prepare a response and will be prejudiced by the four upcoming expert depositions and the oppositions to Defendants' Motions, which Plaintiffs acknowledge overlap in substance as to standing arguments. Moreover, Plaintiffs have the added benefit of being substantially privy to the City's standing arguments as they were raised in prior motions. Plaintiffs' contention that they are prejudiced is also belied by their refusal to entertain Defendants' earlier request to discuss a modification of the case schedule to engage in dispositive briefing after expert discovery. ECF No. 341-2 at 4 (email from Ms. Talla stating Plaintiffs "don't think a modification to the case schedule is necessary"). Even if Plaintiffs' conclusory claim of prejudice were supported, it is no basis to defer consideration of the Motion to Vacate until some unspecified future date following the Court's ruling on the Motion for Summary Judgment.

Neither of Plaintiffs' contentions—their incorrect assertion that the Motion to Vacate contains more factual material or their assertion of "prejudice"—support their extraordinary request to defer the properly-filed Motion to Vacate and its attendant briefing until some undefined date following the Court's summary judgment decision. The Court should accordingly deny Plaintiffs' administrative motion.

---

[1] Plaintiffs' grievance (ECF No. 360 at 1-2) that they were not notified in advance of the Motion to Vacate is also no basis to defer consideration and is inconsistent with Plaintiffs' conduct in this case. For example, Plaintiffs provided no notice to the Court or the City that they were going to file their May 25, 2023 Motion to Enforce the Preliminary Injunction, despite filing it just a few hours after the parties appeared at the May 25, 2023 Case Management Conference.

## II.     There Is No Substantial Harm or Prejudice to Justify an Extension

Plaintiffs did not demonstrate the requisite substantial harm or prejudice necessary to extend the briefing schedule.  Civil Local Rule 6-3 governs motion to enlarge time and requires the moving party to file "a declaration that: . . . [i]dentifies the substantial harm or prejudice that would occur if the Court did not change the time."  Civ. L.R. § 6-3(a)(3).  Plaintiffs' alternative request for an extension (ECF No. 360, § III.B.) does not contain any argument that Plaintiffs will be substantially harmed or prejudiced by not being granted the extension they seek.  Instead, Plaintiffs rely on the same inadequate and conclusory assertion of prejudice they put forward to justify deferred consideration. ECF No. 360 at 5; ECF No. 360-1, ¶ 9 (conclusory statement in declaration that "Plaintiffs will be prejudiced because we do not have sufficient time").  As set out above, Plaintiffs showing is inadequate and they do not explain why responding to the Motion to Vacate on the same schedule as the Motion for Summary Judgment will cause them substantial harm or prejudice.  For the same reasons, the Court should deny Plaintiffs' request to enlarge time.

### CONCLUSION

For the reasons set out above, Plaintiffs' administrative motion should be denied.

Dated:  April 7, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By:_____/s/ *John H. George*_____
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT


WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN THEOBALD
CONRAD METLITZKY KANE LLP

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT