# EXHIBIT 49

## To
## Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment

1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  EDMUND T. WANG, State Bar #278755
   KAITLYN M. MURPHY, State Bar #293309
4  MIGUEL A. GRADILLA, State Bar #304125
   JOHN H. GEORGE, State Bar #292332
5  STEVEN A. MILLS, State Bar #328016
   Deputy City Attorneys
6  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
7  San Francisco, California 94102-4682
   Telephone:      (415) 554-3857 (Wang)
8                  (415) 554-6762 (Murphy)
                   (415) 554-3870 (Gradilla)
9                  (415) 554-4223 (George)
                   (415) 355-3304 (Mills)
10 Facsimile:      (415) 554-4699
   E-mail:         edmund.wang@sfcityatty.org
11                 kaitlyn.murphy@sfcityatty.org
                   miguel.gradilla@sfcityatty.org
12                 john.george@sfcityatty.org
                   steven.mills@sfcityatty.org
13
   Attorneys for Defendants
14 CITY AND COUNTY OF SAN FRANCISCO, et al.

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17 COALITION ON HOMELESSNESS;              Case No. 4:22-cv-05502-DMR (LJC)
   SARAH CRONK; JOSHUA DONOHOE;
18 MOLIQUE FRANK; DAVID MARTINEZ;          **DEFENDANTS' RESPONSES TO**
   TERESA SANDOVAL                         **PLAINTIFFS' FIRST SET OF REQUESTS**
19                                         **FOR ADMISSION**

20          Plaintiffs,

21          vs.                            Trial Date:      July 28, 2025

22 CITY AND COUNTY OF SAN
   FRANCISCO, et al.,
23
            Defendants.

24

25

26

27

28

PROPOUNDING PARTY:    Plaintiffs COALITION ON HOMELESSNESS, ET AL.

RESPONDING PARTY:    Defendants CITY AND COUNTY OF SAN FRANCISCO, ET AL.

SET NUMBER:    ONE

Pursuant to Federal Rules of Civil Procedure, Rule 36, Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco"), hereby respond to Plaintiffs COALITION ON HOMELESSNESS, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, and TERESA SANDOVAL (collectively "Plaintiffs") First Set of Requests for Admission as follows:

## PRELIMINARY STATEMENT

Defendants' responses to the following Requests for Admission are made to the best of their present knowledge, information, and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Defendants' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation. Therefore, the following responses and objections are given without prejudice to Defendants' right to rely on subsequently discovered or recalled information and evidence. Defendants specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Requests discovered or recalled subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

## RESPONSES TO REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that between January 1, 2021 and June 30, 2021, DPW only logged no more than 195 items or bags of belongings.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to this request because the phrase "logged . . . items or bags of belongings" is vague and ambiguous. Defendants will interpret the phrase to mean items stored pursuant to DPW's bag and tag policy in effect at that time. Subject to the foregoing and as so interpreted: Admit.

**REQUEST FOR ADMISSION NO. 2**:

Admit that between January 1, 2021 and June 30, 2021, at least 1,200 people resided in encampments that were the location of HSOC Encampment Resolutions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

Defendants object that this request is directed to Department of Emergency Management and Department of Homelessness and Supportive Housing. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to the term "resided in" as vague and ambiguous. Defendants interpret the term "resided in" to mean persons that live in an encampment without current access to shelter or housing at the time of an HSOC resolution. Subject to the foregoing and as so interpreted, Defendants lack sufficient knowledge or information to respond to this request and deny it on that basis.

**REQUEST FOR ADMISSION NO. 3**:

Admit that there are no bag and tag forms for 89% of the HSOC Encampment Resolutions that took place in January and February 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to this request because the phrase "no bag and tag forms" is vague and ambiguous. Defendants will interpret this phase to refer to Homeless Property Information forms. Defendants further object to this request to the extent it exceeds the scope of what Federal Rule of Civil Procedure Rule 36 permits because Plaintiffs do not seek the admission of "the truth of any

matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either," and instead requests that Defendants perform a significant amount of data analysis given that typically ten HSOC resolutions occur per week. This is especially true where Plaintiffs have not identified the bates numbers of any documents on which they base their calculations. "In general, a responding party is not required to conduct extensive research" in order to respond to a discovery request. *Razo v. AT&T Mobility Servs., LLC*, No. 1:20-CV-172-NONE-HBK, 2021 WL 5989753, at *12 (E.D. Cal. Dec. 17, 2021). On that basis Defendants object and will not respond.

**REQUEST FOR ADMISSION NO. 4**:

Admit that, prior to September 2022, DPW discarded bulky items that were required to be stored under DPW's Bag and Tag Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to the extent the request supposes that the DPW bag and tag policy has always required DPW to store bulky items. It has not. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time. This request is also disproportionate to the needs of the case especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants will interpret this request to ask whether, on all occasions prior to September 2022 when DPW encountered bulky items, DPW discarded items that it was required to store under the Bag and Tag policy. Subject to the foregoing and as so interpreted: Denied.

**REQUEST FOR ADMISSION NO. 5**:

Admit that, prior to January 2023, DPW discarded bulky items that were required to be stored under DPW's Bag and Tag Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it

on that basis. Defendants further object to the extent the request supposes that the DPW bag and tag policy has always required DPW to store bulky items. It has not. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time. This request is also disproportionate to the needs of the case especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants will interpret this request to ask whether, on all occasions prior to January 2023 when DPW encountered bulky items, DPW discarded items that it was required to store under the Bag and Tag policy. Subject to the foregoing and as so interpreted: Denied.

**REQUEST FOR ADMISSION NO. 6**:

Admit that DPW discards non-perishable food that is required to be stored under DPW's Bag and Tag Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW has encountered non-perishable food would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1), especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025 in March 2025. Defendants will interpret this request to ask whether, on all occasions where DPW encountered non-perishable food that was required to be stored under DPW's Bag and Tag policy, DPW discarded those items. Subject to the foregoing and as so interpreted: Denied.

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 7**:

Admit that, prior to September 2022, You did not monitor DPW workers' compliance with DPW's Bag and Tag Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Subject to the foregoing and as so interpreted: Denied.

**REQUEST FOR ADMISSION NO. 8**:

Admit that DPW employees receive instructions from another City agency about how much time to provide Homeless Persons to remove their property before DPW begins clearing property at an HSOC encampment resolution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to the term "instructions" as vague and ambiguous. Defendants interpret the term "instructions" to mean to command someone else to do something as an official order. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW has been involved in providing homeless persons time to remove property would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Denied.

**REQUEST FOR ADMISSION NO. 9**:

Admit that, prior to November 2022, You posted 72-hour notices of HSOC Encampment Resolutions that misstated DPW's Bag and Tag Policy as to bulky items.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

Defendants object that this request is directed to Department of Homelessness and Supportive Housing. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to the extent the request supposes that the DPW bag and tag policy has always required DPW to store bulky items. It has not. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants also object to the extent the request supposes the 72-hour notices "state" the Bag & Tag Policy. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time. Defendants interpret this request to ask whether, on all occasions prior to November 2022, City employees posted notices that misstated DPW's Bag & Tag Policy as to bulky items. Subject to the foregoing and as so interpreted: Denied.

**REQUEST FOR ADMISSION NO. 10**:

Admit that DPW creates a CMMS report for each instance that DPW bags and tags the property of Homeless Persons.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW has bagged and tagged the property of a Homeless Person would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Admit.

**REQUEST FOR ADMISSION NO. 11**:

Admit that it is DPW's policy and standard procedure for DPW employees to attach photos of the items that are bagged and tagged to a CMMS report.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW has bagged and tagged property would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Admit.

**REQUEST FOR ADMISSION NO. 12**:

Admit that it is DPW's policy and standard procedure for DPW employees to attach photos of items that are discarded to a CMMS report.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW has discarded items would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Admit that in some circumstances DPW's policy and standard procedure is to attach photos of representative items that are discarded to CMMS reports. For example, when the Hot Spot Team discards items at an HSOC resolution they may take representative photos of the resolution, but need not photograph each item discarded.

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 13**:

Admit that it is DPW's policy and standard procedure for DPW employees to document in a CMMS report the reason property is discarded during a Sweep Operation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW has discarded items during an HSOC resolution would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Admit that DPW's policy and standard procedure is to document in CMMS the general reasons why items at an HSOC resolution are disacarded, but it is not DPW's policy and standard procedure to separately document the specific reason why each item at the HSOC resolution was discarded.

**REQUEST FOR ADMISSION NO. 14**:

Admit that DPW fails to post written notice when unattended items are bagged and tagged, as required by DPW's Bag and Tag Policy section (4)(b).

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW bagged and tagged property would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants

object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Denied.

**REQUEST FOR ADMISSION NO. 15**:

Admit that DPW does not provide Homeless Persons with written notice of whether and where they may pick up their property when DPW bags and tags the Homeless Persons' attended property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance where DPW has bagged and tagged attended property would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: DPW admits that its general practice is to provide oral notice of where and when a person may pick up their items from the DPW Storage yard when the items are attended and that its general practice is to leave written posted notice when the items are unattended. However, DPW denies that a person with attended property has never been provided written information on where and when to pick up their items.

**REQUEST FOR ADMISSION NO. 16**:

Admit that DPW does not provide Homeless Persons with a copy of the Homeless Property Information form when their property is bagged and tagged.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1)

especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Admit.

**REQUEST FOR ADMISSION NO. 17**:

Admit that DPW does not provide Homeless Persons with written notice regarding whether and where they may pick up their property when DPW bags and tags that property after Homeless Persons are issued citations or arrested.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants will interpret this request to ask whether, on all occasions where DPW bags and tags property after Homeless Persons are issued citations or arrested, the City does not provide that individual written notice of where they may pick up their property. Subject to the foregoing and as so interpreted: DPW admits that its general practice is to provide oral notice of where and when a person may pick up their items from the DPW Storage yard when the items are attended and that its general practice is to leave written posted notice when the items are unattended. However, DPW denies that a person with attended property has never been provided written information on where and when to pick up their items.

**REQUEST FOR ADMISSION NO. 18**:

Admit that You do not advise Homeless Persons to separate any medications, medical devices, personal identification or legal documents from items to be bagged and tagged, as required by DPW's Bag and Tag Policy section (2)(b).

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

Defendants object to this request as misstating the bag and tag policy to the extent it implies such advisement is required outside the context of an HSOC resolution. It is not. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit their response to procedure at the time they provide these responses. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 19**:

Admit that, prior to January 2025, You did not advise Homeless Persons to separate any medications, medical devices, personal identification or legal documents from items to be bagged and tagged, as required by DPW's Bag and Tag Policy section (2)(b).

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

Defendants object that this request is directed to the San Francisco Fire Department and Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object to this request as misstating the bag and tag policy to the extent it implies such advisement is required outside the context of an HSOC resolution. It is not. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Subject to the foregoing and so interpreted: Admit.

**REQUEST FOR ADMISSION NO. 20**:

Admit that You do not request Homeless Persons sign an acknowledgement indicating that You have provided an advisement to separate any medications, medical devices, personal identification or legal documents from items to be bagged and tagged, as required by DPW's Bag and Tag Policy section (2)(b).

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

Defendants object that this request is directed to Department of Public Works and the Fire Department. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object to this request as misstating the bag and tag policy to the extent it implies such advisement is required outside the context of an HSOC resolution. It is not. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit their response to procedure at the time they provide these responses. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 21**:

Admit that, prior to January 2025, You did not request Homeless Persons sign an acknowledgement indicating that You have provided an advisement to separate any medications, medical devices, personal identification or legal documents from items to be bagged and tagged, as required by DPW's Bag and Tag Policy section (2)(b).

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

Defendants object that this request is directed to Department of Public Works and the Fire Department. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object to this request as misstating the bag and tag policy to the extent it implies such advisement is required outside the context of an HSOC resolution. It is not. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Subject to the foregoing and as so interpreted: Admit.

**REQUEST FOR ADMISSION NO. 22**:

Admit that You do not have any signed copies of the "Advisement to Owner (or Designee)" depicted in Dkt. No. 292-2 at 44.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 23**:

Admit that DPW employees remove property from Homeless Encampments outside of the areas provided 72-hours' notice of an HSOC encampment resolution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to this request to the extent the request infers that such removal would violate the bag and tag policy. Defendants object to the term "remove" as vague and ambiguous. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants will interpret this request to ask whether, on all occasions where DPW employees disposed of property from Homeless Encampments, they do so outside of the areas provided a 72-hour notice. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 24**:

Admit that DEM and SFFD instructs DPW to remove property from Homeless Encampments outside of the areas provided 72-hours' notice of an HSOC encampment resolution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**:

Defendants object that this request is directed to the Department of Emergency Management, San Francisco Fire Department, and Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to the term "instructs" as vague and ambiguous. Defendants interpret the term "instructions" to mean to command someone else to do something as an official order.

Defendants object to the term "remove" as vague and ambiguous. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants will interpret this request to ask whether, on all occasions, DEM and SFFD instruct DPW to dispose of property from Homeless Encampments outside of the areas provided 72-hours' notice of an HSOC resolution. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 25**:

Admit that You conduct re-encampment prevention operations to remove Homeless Encampments.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**:

Defendants object that this request is directed to the Department of Emergency Management. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to operations at the time it provides these responses. Defendants object that the phrases "re-encampment prevention operations" and "remove" in this request are vague and ambiguous. Defendants will interpret the phrase "re-encampment prevention operations" to refer to current instances where HSOC returns to areas that have previously been outreached to offer shelter, make placements, conduct well-being checks, provide transportation, clean, and address ADA violations or other immediate health and safety concerns. Defendants will interpret the phrase "remove" to mean clean and address ADA violations or other immediate health and safety operations. Subject to the foregoing and as so interpreted: Admit.

/ / /

**REQUEST FOR ADMISSION NO. 26**:

Admit that You conduct re-encampment prevention operations without advance written notice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

Defendants object that this request is directed to the Department of Emergency Management. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object that this request has no timeframe and will limit its response to operations at the time it provides these responses. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants will interpret this request to ask whether, on all occasions prior, where the City has conducted a re-encampment prevention operation it did so without providing advance written notice. Defendants object that the phrase "re-encampment prevention operations" in this request is vague and ambiguous. Defendants will interpret the phrase "re-encampment prevention operations" to refer to current instances where HSOC returns to areas that have previously been outreached to offer shelter, make placements, conduct well-being checks, provide transportation, clean, and address ADA violations or other immediate health and safety concerns. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 27**:

Admit that You do not train DPW employees on how to determine whether a Homeless Person has special needs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object that the phrase "special needs" in this request is vague and ambiguous even as defined. Defendants will interpret the phrase "special needs" to refer to Section 2.b. in the DPW bag and tag policy which states: "In the case of regular encampment cleaning by the Hot Spots crews or routine cleaning operations (i.e., where individuals are allowed to return to a location

following cleaning and there is no permanent removal), staff will provide the owner or the owner's designee with a reasonable amount of time (approximately 30 minutes) to collect and move their belongings out of the public right of way, taking into account any special needs that individuals may have and the volume of belongings." Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants object that this request has no timeframe and will limit its response to the time it provides these responses in March 2025. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 28**:

Admit that the collective amount of the settlements that You have paid to individuals alleging that the City destroyed property taken from a Homeless Encampment exceeds $100,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

Defendants object that this request is directed to the San Francisco City Attorney's Office. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object that this request has not timeframe. Defendants will interpret this request to include all settlements on government claims or any type of lawsuit alleging property destruction since the City's charter was enacted. Subject to the foregoing and as so interpreted: Admit.

**REQUEST FOR ADMISSION NO. 29**:

Admit that You have engaged in widespread destruction of property belonging to unhoused people.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

Deny.

**REQUEST FOR ADMISSION NO. 30**:

Admit that SFPD's practice is to give DPW tents or tarps seized as evidence of a violation of Anti-Lodging Laws.

///

CCSF'S RESPONSES TO 1ST RFAs                    17                    n:\govlit\li2022\230239\01825617.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**:

Defendants object that this request is directed to San Francisco Police Department. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object that this request has no timeframe and will limit its response to DPW's policy and standard procedure at the time it provides these responses. Defendants further object to this request because the phrase "Anti-Lodging Laws" because Plaintiffs define it to refer to eleven different code sections. Defendants also object to this request because it seeks a general answer regarding conduct where there may be variation over time and responding for each instance would be disproportionate to the needs of the case in violation of Federal Rules of Evidence 36 and 26(b)(1) especially where Plaintiffs have not identified the bates number of any document regarding a specific instance of conduct they have in mind. Defendants will interpret this request to ask whether, on all occasions SFPD gives DPW tents or tarps seized as evidence of a violation of Penal code Section 647(e). Subject to the foregoing and as so interpreted: SFPD admits that it calls DPW to take custody of items that the arresting officer(s) seem evidence supporting an arrest for a violation of Penal Code Section 647(e). However, SFPD does not "give" tents or tarps to DPW.

**REQUEST FOR ADMISSION NO. 31**:

Admit that DPW is not required to seek SFPD permission to destroy tents or tarps seized as evidence of a violation of Anti-Lodging Laws.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants object that this request has no timeframe and will limit its response to DPW's policy and standard procedure at the time it provides these responses. Defendants further object to this request because the phrase "Anti-Lodging Laws" because Plaintiffs define it to refer to eleven different code sections. Defendants object that this request exceeds the bounds of Federal Rule of Civil Procedure 36 because it seeks information that is not within the scope of Rule 26(b)(1) since whether or not DPW is required to seek SFPD permission to destroy tents or tarps it bags and tags is irrelevant to the claims alleged. Because the information is irrelevant, asking Defendants to investigate

this request is also disproportionate to the needs of the case. On that basis Defendants object to responding.

**REQUEST FOR ADMISSION NO. 32**:

Admit that DPW is not required to notify SFPD of destruction of tents or tarps seized as evidence of a violation of Anti-Lodging Laws.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to this request because the phrase "Anti-Lodging Laws" because Plaintiffs define it to refer to eleven different code sections. Defendants object that this request exceeds the bounds of Federal Rule of Civil Procedure 36 because it seeks information that is not within the scope of Rule 26(b)(1) since whether or not DPW is required to notify SFPD when it destroys tents or tarps that DPW bagged and tagged is irrelevant to the claims alleged. Because the information is irrelevant, asking Defendants to investigate this request is also disproportionate to the needs of the case. On that basis Defendants object to responding.

**REQUEST FOR ADMISSION NO. 33**:

Admit that SFPD has never requested from the DPW Storage Yard a tent or tarp seized as evidence of a violation of Anti-Lodging Laws for use in a criminal prosecution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

Defendants object that this request is directed to San Francisco Police Department and the Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to this request because the phrase "Anti-Lodging Laws" because Plaintiffs define it to refer to eleven different code sections. Defendants object that this request exceeds the bounds of Federal Rule of Civil Procedure 36 because it seeks information that is not within the scope of Rule 26(b)(1) since whether or not SFPD has requested from the DPW Storage Yard tents or tarps seized as evidence of a violation of Anti-Lodging Laws for use in a criminal prosecution is irrelevant to the claims alleged. Because the

information is irrelevant, asking Defendants to investigate this request is also disproportionate to the needs of the case. On that basis Defendants object to responding.

**REQUEST FOR ADMISSION NO. 34**:

Admit that the San Francisco District Attorney's Office has never requested from the DPW Storage Yard a tent or tarp seized as evidence of a violation of Anti-Lodging Laws for use in a criminal prosecution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

Defendants object that this request is directed to the San Francisco District Attorney's Office and the Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to this request because the phrase "Anti-Lodging Laws" because Plaintiffs define it to refer to eleven different code sections. Defendants further object that this request seeks to impose on the District Attorney's exercise of prosecutorial discretion, attorney work product, and/or attorney client communications. Defendants object that this request exceeds the bounds of Federal Rule of Civil Procedure 36 because it seeks information that is not within the scope of Rule 26(b)(1) since whether or not the District Attorney has requested tents or tarps from DPW is irrelevant to the claims alleged. Because the information is irrelevant, asking Defendants to investigate this request is also disproportionate to the needs of the case. On that basis Defendants object to responding.

**REQUEST FOR ADMISSION NO. 35**:

Admit that, with the exception of evidence of violations of Anti-Lodging Laws, SFPD does not destroy evidence that SFPD seized because the evidence is soiled.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**:

Defendants object that this request is directed to San Francisco Police Department. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Defendants further object to this request because the phrase "Anti-Lodging Laws" because Plaintiffs define it to refer to eleven different code sections. Defendants object that this request is argumentative in that it requires the adoption of the assumption that SFPD destroys evidence

of violations of Anti-Lodging Laws, which it does not.  Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 36**:

Admit that, prior to October 2024, DPW's training materials incorrectly stated that items defined as bulky items under DPW's Bag and Tag Policy could be discarded.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it on that basis. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants further object that the phrase "prior to October 2024" is ambiguous and interpret it to refer to the timeframe immediately prior to October 2024. Defendants further object to the term "training materials" as vague and ambiguous because Plaintiffs do not identify which of DPW's training materials they intend to refer to and DPW has several kinds of training materials. Defendants also object to this request because it seeks a general answer regarding conduct that DPW performs regularly and where there may be variation over time. This especially true where Plaintiffs have not identified the bates numbers of any documents on which they base their calculations. "In general, a responding party is not required to conduct extensive research" in order to respond to a discovery request. *Razo v. AT&T Mobility Servs., LLC*, No. 1:20-CV-172-NONE-HBK, 2021 WL 5989753, at *12 (E.D. Cal. Dec. 17, 2021). Defendants will interpret this request to ask whether, on all occasions prior to October 2024, all of DPW's training materials incorrectly stated that items defined as bulky items under DPW's Bag and Tag Policy could be discarded. Subject to the foregoing and as so interpreted:  Deny.

**REQUEST FOR ADMISSION NO. 37**:

Admit that it is DPW's policy and standard procedure to document any corrective action taken on violations of DPW's bag and tag policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

Defendants object that this request is directed to Department of Public Works. All other department defendants lack sufficient knowledge or information to respond to this request and deny it

on that basis. Plaintiffs' definition of "Bag and Tag Policy" encompasses multiple revisions to the policy without differentiation. Defendants object that this request has no timeframe and will limit its response to DPW's policy and standard procedure at the time it provides these responses. Defendants further object to this request because the phrase "corrective action" is vague and ambiguous. Defendants will interpret "corrective action," to include any instruction to DPW employees that includes positive, neutral, or negative feedback on their implementation of the bag and tag policy. Subject to the foregoing and as so interpreted: Deny.

**REQUEST FOR ADMISSION NO. 38**:

Admit that the police officer depicted in the SF Standard Instagram video available at https://www.instagram.com/reel/C-Drzyrp-Pz/?utm_source=ig_embed&ig_rid=7b520572-4881-41e6-bdc7-6ae68943ba97 is an SFPD officer.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

2  Defendants lack sufficient information to admit or deny this request and on that basis deny the

3  request. The link Plaintiffs' provided it not publicly available and produces the following webpage

4  when entered into a browser:



23  **REQUEST FOR ADMISSION NO. 39**:

24  Admit that the individuals wearing San Francisco Public Works vests depicted in the SF

25  Standard Instagram video available at https://www.instagram.com/reel/C-Drzyrp-

26  Pz/?utm_source=ig_embed&ig_rid=7b520572-4881-41e6-bdc7-6ae68943ba97 are DPW employees.

27  / / /

28  / / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

Defendants lack sufficient information to admit or deny this request and on that basis deny the request. The link Plaintiffs' provided it not publicly available and produces the following webpage when entered into a browser:



1   Dated:  March 10, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By: */s/ Kaitlyn Murphy*
KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT

## PROOF OF SERVICE

I, HOLLY CHIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

On March 10, 2025, I served the following document(s):

### DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

on the following persons at the locations specified:

| | |
|---|---|
| Andrew Ntim<br>Nisha Kashyap<br>LAWYERS COMMITTEE FOR CIVIL RIGHTS<br>OF THE SAN FRANCISCO BAY<br>131 Steuart Street, Suite 400<br>San Francisco, CA 94105<br>Telephone:    415-543-9444<br>Facsimile:    415-543-0296<br>Email:    antim@lccrsf.org<br>        nkashyap@lccrsf.org | Scout Katovich<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>425 California Street, Suite 700<br>San Francisco<br>New York, CA 94104<br>Telephone:    212-549-2500<br>Email:    skatovich@aclu.org<br>[Pro Hac Vice Attorney] |
| John Thomas H. Do<br>William S. Freeman<br>ACLU FOUNDATION OF NORTHERN<br>CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone:    415-621-2493 [Do & Freeman]<br>Email:    jdo@aclunc.org<br>        wfreeman@aclunc.org | Zoe Salzman<br>Vivake Prasad<br>Bianca Herlitz-Ferguson<br>Vasudha Talla<br>EMERY CELLI BRINCKERHOFF ABADY<br>WARD & MAAZEL LLP<br>600 Fifth Avenue, Ste 10th Floor<br>New York, NY 10020<br>Telephone:    212-763-5000<br>Email:    zsalzman@ecbawm.com<br>        vprasad@ecbawm.com<br>        bherlitz-ferguson@ecbawm.com<br>        vtalla@ecbawm.com<br>[Pro Hac Vice Attorneys] |
| [Counsel For Plaintiffs COALITION ON<br>HOMELESSNESS; TORO CASTAÑO; SARAH<br>CRONK; JOSHUA DONOHOE; MOLIQUE<br>FRANK; DAVID MARTINEZ; TERESA<br>SANDOVAL; NATHANIEL VAUGHN] | |

in the manner indicated below:

☒    **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: holly.chin@sfcityatty.org ☒ in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed March 10, 2025 at San Francisco, California.

/s/*Holly Chin*
HOLLY CHIN