# EXHIBIT 140

To

Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment

# EXHIBIT 1

Case 4:22-cv-05502-DMR   Document 350-1   Filed 10/11/25   Page 2 of 9

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs*

*Additional Counsel Below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs. <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br> Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br> **SUPPLEMENTAL DECLARATION OF CHRISTIN EVANS IN SUPPORT OF THE REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> **Judge:** The Hon. Donna M. Ryu <br><br> **Hearing Date:** December 22, 2022 <br> **Time:** 1:00 p.m. <br> **Place:** Courtroom 4 – 3rd Floor <br> 1301 Clay Street <br> Oakland, CA 94612 |

LATHAM & WATKINS LLP
Wesley Tiu, SBN 336580
Kevin Wu, SBN 337101
Tulin Gurer, SBN 303077
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
wesley.tiu@lw.com
kevin.wu@lw.com
tulin.gurer@lw.com

LATHAM & WATKINS LLP
Joseph H. Lee, SBN 248046
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
joseph.lee@lw.com

LATHAM & WATKINS LLP
Rachel Mitchell, SBN 344204
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
rachel.mitchell@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
edellapiana@lccrsf.org

ACLU FOUNDATION OF NORTHERN CALIFORNIA
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
bgreene@aclunc.org

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EVANS SUPP. DECL. ISO REPLY ISO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 4:22-CV-05502-DMR

# SUPPLEMENTAL DECLARATION OF CHRISTIN EVANS

I, Christin Evans, hereby declare pursuant to 28 U.S.C. § 1746:

1. All facts set forth in this declaration are based upon my personal knowledge, and, if called upon to testify as to the truth of these facts, I could and would competently do so.

2. I am a volunteer with the Coalition on Homelessness ("COH" or "the Coalition"). As part of my volunteer work with the Coalition, I regularly monitor San Francisco's Healthy Streets Operation Center ("HSOC") encampment resolutions and have personally witnessed over 50 encampment resolutions.

3. I previously submitted a declaration regarding my observations of the City's encampment resolutions and treatment of unhoused people and their property. I submit this further supplemental declaration regarding my direct observations at HSOC encampment resolutions that took place in 2022. In a typical week, I try to observe one to two formal HSOC encampment resolutions or informal sweep operations (i.e. where SFPD or DPW remove unhoused people or their property in response to daily dispatches based on complaint and/or during the City's daily street cleaning operations). Below I have memorialized several sweeps of unhoused people from 2022, including three instances from after September 2022 when I understand this case was filed.

## Observations at HSOC and Other Encampment Resolutions

### A. March 14, 2022: Myrtle and Polk Streets

4. On March 14, 2022, I was conducting outreach in San Francisco around noon when I spoke with an unhoused individual who had just been swept by the City. He had been staying at Myrtle and Polk Streets. When this man spoke to us, he was desperate and exhausted. He had a disability and had difficulty walking, so he used a cane or a wheelchair for mobility. When we spoke with him, he was leaning against a pole to stand.

5. *Enforcement Without Shelter Offer:* The individual reported that he had not been offered shelter during the sweep. After speaking with the individual, I advocated directly with Mark Mazza of HSH for a shelter placement that day—and Mark Mazza eventually sent the Street Wellness Response Team (SWRT) to check in with him. However, Mark Mazza informed me

1

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EVANS SUPP. DECL. ISO REPLY ISO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 4:22-CV-05502-DMR

that he would likely be unable to offer the individual shelter because he was not able to move independently enough. Regardless, this advocacy took place after the sweep had already occurred and the individual had already been displaced without shelter.

6. *Property Destruction:* This individual reported to us that the City had thrown out his tent, his tarp, and his electric wheelchair.

### B. March 18, 2022: Shotwell and 25th

7. On March 18, 2022, I observed an HSOC encampment resolution. SFFD, SFPD, DPW, SFMTA, and HOT were all present and conducted the resolution. I arrived to the site at approximately 7:00 AM.

8. *Lack of Shelter Offers:* One couple was interested in shelter, but only one of them was present when the sweep began. I explained the situation to Mark Mazza, the HOT supervisor, who said that he could make a shelter offer to both of them if the other member of the couple returned within the next few hours. The man present at the time left to search for his partner. He returned before the sweep concluded, but his partner had not yet returned. No offer of shelter was extended to either of them on that day. I followed up with this couple via text and learned that they were denied shelter because there were no couple shelter spaces available for several weeks at the time the sweep occurred.

9. *Property Destruction:* At least one individual's belongings were taken during this sweep. One unhoused individual had momentarily stepped away from the site, but a housed neighbor told the SFFD captain and me that she knew the homeless man the items belonged to and that he planned to return. She asked if his items could be bagged and tagged. The SFFD captain refused, saying that, because the items were unattended, they would be disposed of by DPW. The housed neighbor asked again, and the captain allowed her to store some of the man's belongings in her garage. However, DPW still disposed of some of his personal belongings, including some shelving and containers of what appeared to be food.

10. I also witnessed the SFFD captain dragging a momentarily unattended tent out of an alley and throwing it into a DPW truck with the assistance of a DPW worker—with no apparent attempt to bag and tag the tent or anything inside it. The man who had left the sweep temporarily

2

to find his partner to try and secure shelter had the same experience. I watched as DPW disposed of several of his belongings in his absence.

### C. June 3, 2022: Embarcadero, Near the Ferry Building

11. On or about May 31, 2022, Mayor London Breed tweeted publicly calling for tents near the ferry building on the Embarcadero to be swept. I and other members of the Coalition connected with the individuals who were staying there in the following days. Approximately 12 individuals were camping in this area.

12. *Enforcement Without Shelter Offers:* We learned that members of HOT conducted outreach to individuals on the evening of Thursday, June 2, 2022. They took down names of individuals who were interested in a shelter bed, but they had no concrete offers to give. Nonetheless, DPW and SFPD conducted a sweep the next morning, Friday, June 3, 2022, at 5:30 AM. SFPD Officer Collins ordered everyone to leave the area. Individuals reported having their belongings taken by the City. HOT was not present, and no offers of shelter were actually given.

13. *Improper Notice:* When I followed up with the HOT team about this sweep operation, I was told by a member of HOT that they had originally planned to return on Saturday—not Friday—to post a formal notice of the resolution. However, no notice was posted, and the encampment was swept early on Friday morning without following this procedure.

### D. October 27, 2022: Baker & Fell

14. On October 27, 2022, I observed an HSOC encampment resolution scheduled to take place at Baker and Fell at 1:00 PM. I arrived at the location of the encampment resolution approximately five to ten minutes before the resolution began. When I arrived at the encampment, I observed 4 unhoused individuals who were present at the encampment. At least 21 City employees from the SFPD, DPW, HOT, SFFD, and SFMTA conducted this encampment resolution.

15. *Property Destruction:* During this operation, DPW employees discarded an individual's momentarily unattended tent and with survival belongings inside the tent. The belongings inside the tent included a tarp with clean linens, a backpack, and prescription medicine. I did not see the City attempt to bag and tag *any* of this property before throwing it into

indiscriminately into a dumpster truck.

E. **October 28, 2022: King Between 4th & 5th Street**

16. On October 28, 2022, I observed an HSOC encampment resolution scheduled to take place at King between 4th and 5th Street at 7:00 AM. I arrived at the location of the encampment resolution approximately five to ten minutes before it began at 7:20AM.

17. When I arrived at the encampment, I observed 4 unhoused individuals present. At least 16 City employees from SFPD, DPW, HOT, SFFD, SFMTA, DPH, and HSH conducted this encampment resolution.

18. *Police Operations Before Any Shelter Offers:* SFPD officers arrived at the encampment around 7:20 AM and began ordering unhoused individuals to pack up their belongings and prepare to leave the encampment. No City employees made any offers of shelter to the unhoused individuals prior to the SFPD officers beginning to conduct their enforcement operations.

19. *Lack of Shelter Offers:* I observed that HOT employees failed to offer shelter to 2 of the 4 unhoused individuals at the encampment. While one of the individuals had already left the area after being told to "move along" by SFPD, HOT deemed the second individual ineligible for shelter because HOT claimed that he arrived only after HOT had begun determining shelter needs. However, in reality, he had been ordered to leave the encampment by SFFD and SFPD while HOT was absent and before any shelter offer had been given. When he returned to the encampment after HOT had begun its initial assessments, HOT declared him ineligible to receive shelter that day.

20. *Property Destruction:* After one of the other individuals present accepted an offer of shelter, she set aside certain belongings that she learned she could not take with her into shelter for space reasons. Although she asked the SFFD commander not to discard these items and to store them instead, DPW employees instead began to throw out all of her belongings. I advocated for her items to be bagged and tagged, but DPW still threw out about half of her belongings, including a blue cart, some shelving, a tarp, and a blanket.

21. During this operation, I also experienced harassment from the SFFD commander,

identified as Patrick. He heckled me during the sweep, telling me to "stay in [my] lane" and calling the Coalition on Homelessness the "Worthless Coalition."

### F. November 6, 2022: Clayton and Fell Streets

22. I was contacted by two members of the public who informed me that a sweep had occurred the morning of November 6, 2022 at Clayton and Fell Streets. They reported that only DPW and SFPD were present.

23. *Noticing Issues:* I reviewed a photo of the notice that was posted at the site. It stated that it was notice posted on November 4 and indicated that the sweep would occur on November 8, 2022 at 240 Clayton Street. However, DPW and SFPD apparently came two days before the posted date, on November 6, 2022.

24. *Enforcement Without Shelter Offers:* I learned from the individuals onsite that there had been four tents when the sweep began, and that the residents of all the tents were forced to move by SFPD. However, no shelter offers were given to the individuals at the site because HOT was not present during the sweep.

I declare under penalty of perjury that the contents of this declaration are true and correct to the best of my knowledge, and that I executed this declaration on November 29, 2022 in San Francisco, California.

_____
Christin Evans

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EVANS SUPP. DECL. ISO REPLY ISO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 4:22-CV-05502-DMR