# EXHIBIT 65

# TO

# DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4   - - - - - - - - - - - - - - - - -
 5   COALITION ON HOMELESSNESS,       )
 6   et al.,                          )
 7                  Plaintiffs,       )
 8   vs.                              )  CASE NO.
 9   CITY AND COUNTY OF SAN           )  4:22-cv-05502-DMR
10   FRANCISCO, et al.,               )
11                  Defendants.       )
12   - - - - - - - - - - - - - - - - -
13     THIS TRANSCRIPT AND ITS EXHIBITS CONTAIN INFORMATION
14      SUBJECT TO A PROTECTIVE ORDER AND SHALL BE TREATED
15            AND USED ONLY IN ACCORDANCE THEREWITH
16
17              VIDEOTAPED DEPOSITION OF
18                  DYLAN VERNER-CRIST
19               TUESDAY, MARCH 4, 2025
20
21         BEHMKE REPORTING AND VIDEO SERVICES, INC.
22            BY:  SUZANNE I. ANDRADE, CSR NO. 10682
23               550 CALIFORNIA STREET, SUITE 820
24               SAN FRANCISCO, CALIFORNIA 94104
25                          (415) 597-5600
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10          Videotaped deposition of DYLAN VERNER-CRIST,
11  taken on behalf of Defendants, at 39 Drumm Street,
12  San Francisco, California, commencing at 10:02 A.M.,
13  TUESDAY, MARCH 4, 2024, before Suzanne I. Andreade,
14  Certified Shorthand Reporter No. 10682, pursuant to
15  Notice of Deposition.
16
17
18
19
20
21
22
23
24
25
```

```
 1  APPEARANCES OF COUNSEL:
 2  FOR PLAINTIFFS AND THE DEPONENT:
 3      EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
 4      BY:  VASUDHA TALLA, ATTORNEY AT LAW
 5      1 Rockefeller Plaza, 8th Floor
 6      New York, New York  10020
 7      Telephone:  (212) 763-5000
 8      Email:  vtalla@ecbawm.com
 9  -AND-
10      AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
11      NORTHERN CALIFORNIA
12      BY:  WILLIAM S. FREEMAN, ATTORNEY AT LAW
13      39 Drumm Street
14      San Francisco, California  94111
15      Telephone:  (415) 293-6393
16      Email:  wfreeman@aclunc.org
17
18  FOR DEFENDANTS:
19      CITY AND COUNTY OF SAN FRANCISCO
20      OFFICE OF THE CITY ATTORNEY
21      BY:  EDMUND WANG, DEPUTY CITY ATTORNEY
22      1390 Market Street, 7th Floor
23      San Francisco, California  94102
24      Telephone:  (415) 554-3857
25      Email:  edmund.wang@sfcityatty.org
```

```
 1   APPEARANCES - CONTINUED:
 2   ALSO PRESENT:
 3        JOSHUA HEADRICK, VIDEO OPERATOR
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1      A.   Might have some name in the vanti- -- this
 2   would be a guess, frankly.  Sorry.
 3      Q.   Do you know where it's stored --
 4      A.   Yes.
 5      Q.   -- like, in your file?
 6           Okay.  Is it only stored electronically?
 7      A.   Yes.
 8      Q.   Okay.  Is it stored in a shared drive or, like,
 9   locally in your computer?
10      A.   A shared drive.
11      Q.   And does it include any other individual's,
12   like, list of sweeps that they've observed, or is it
13   only yours?
14      A.   I believe it's just mine.
15      Q.   Okay.  And other than that list identifying all
16   the sweeps that you have observed, as we previously --
17   previously discussed, there is a written record for each
18   sweep that you've observed, right?
19      A.   Yes, there should be.
20      Q.   Okay.  It's either a declaration or some sort
21   of written note; is that right?
22      A.   Yes.
23      Q.   Okay.  Are you aware that you've been sort of
24   identified or listed as a likely trial witness in this
25   case?
```

1     A.    Yes.
2     Q.    Okay.  Do you intend -- sitting here today, as
3  far as you know now, do you plan or intend to testify at
4  trial about each and every sweep that you've observed
5  for this case?
6     A.    I don't know.
7     Q.    Is there any way today, as we're sitting here,
8  for me or the defendants to know which sweeps that
9  you've observed will be the subject of your testimony at
10 trial?
11    A.    I'm not sure what you mean by "any way."  You
12 could ask me, I guess.
13    Q.    Okay.  I -- you know, I can ask again.
14          I mean, do you -- do you have in your mind a
15 list of sweeps that you've observed that you plan or
16 intend to testify about at trial?
17    ATTORNEY TALLA:  Objection.  Ed, I'm going to
18 instruct him not to answer to the extent it reflects
19 communications or direction of counsel.
20    THE WITNESS:  I think it generally, yeah, reflects
21 communications from counsel.
22 BY ATTORNEY WANG:
23    Q.    Okay.  So you do have an idea of which sweeps
24 you have -- at least sitting here today, have some plan
25 or intention of testifying about, correct?

1  A.  There -- I would say there are instances from
2  sweeps that I have observed that I would expect to come
3  up.
4  Q.  I'm assuming maybe an objection will come.
5      But just to confirm, are you able to tell me
6  what those -- which sweeps you have in mind that you
7  expect to come up?
8  ATTORNEY TALLA:  Again, I'm going to object to the
9  extent that what he has in mind is a result of his
10 communications with counsel and a reflection of trial
11 counsel's strategy, and instruct him not to answer to
12 the extent it's based on that.
13 ATTORNEY WANG:  Okay.
14 THE WITNESS:  Yeah, it's from that.
15 BY ATTORNEY WANG:
16 Q.  Okay.  So you currently have an idea of which
17 sweeps will be the subject of your testimony at trial,
18 correct?
19 A.  Yes.
20 Q.  But you cannot tell me what those sweeps are
21 right now?
22 A.  Well, I could, but I've been directed not to.
23 Q.  Okay.
24 A.  I'm following my counsel's advice.
25 Q.  You will follow the advice of your counsel and

```
 1   not tell me --
 2        A.   Yes.
 3        Q.   -- which sweeps are going to be at issue in
 4   your trial testimony?
 5        A.   Yes.
 6        Q.   Okay.  This sort of list of sweeps or incidents
 7   that you expect to testify about at trial, is there a
 8   sort of written document or list sort of setting those
 9   out, or is it just what's in your head right now?
10        A.   I think there's nothing that explicitly says
11   this is the list of instances for trial.
12        Q.   Okay.  There's no subset of the list of all the
13   sweeps you've been to that sets forth the ones
14   that are -- you have in your mind you expect to testify
15   about at trial?
16        A.   Not in those terms.
17        Q.   Okay.  Is there any way that you can think of
18   for me or the defendants to know which sweeps you'll
19   testify about from reading your notes about each sweep?
20        A.   If you were to read my notes --
21        Q.   Correct.
22        A.   -- would you -- would you know?
23        Q.   Correct.
24             Is there something in your written notes that
25   would identify for me or for defendants whether it's a
```

```
 1   sweep that will be at issue at trial as part of your
 2   testimony?
 3        ATTORNEY TALLA:  Objection; vague.
 4        THE WITNESS:  Yeah.  I mean, that -- that is a hard
 5   question.  I would say my notes attempt to or give a
 6   plain description of what I observed.  And to the extent
 7   that they describe a plain and clear violation of the
 8   bag-and-tag policy, I'd say there's a likelihood that I
 9   would testify at trial about that.
10   BY ATTORNEY WANG:
11        Q.   Okay.  And you testified earlier that you don't
12   say in your written notes whether you think something is
13   a violation; you just describe the sort of facts and
14   surrounding circumstances; is that right?
15        A.   There may be exceptions to that, but my general
16   practice is to try to keep it just to the facts.
17        Q.   And did you witness something that you consider
18   a violation of DPW's bag-and-tag policy at each and
19   every sweep that you observed for this case?
20        A.   No.
21        Q.   And I know we just went over this, but just to
22   confirm.
23             If you saw something that you considered a
24   violation of DPW's bag-and-tag policy, you would have at
25   least described the facts and circumstances surrounding
```

```
 1  STATE OF CALIFORNIA    ) ss.
 2  COUNTY OF SAN MATEO    )
 3           I hereby certify that the witness in the
 4  foregoing deposition, DYLAN VERNER-CRIST, was by me duly
 5  sworn to testify to the truth, the whole truth and
 6  nothing but the truth, in the within-entitled cause;
 7  that said deposition was taken at the time and place
 8  herein named; and that the deposition is a true record
 9  of the witness's testimony as reported by me, a duly
10  certified shorthand reporter and a disinterested person,
11  and was thereafter transcribed into typewriting by
12  computer.
13           I further certify that I am not interested in
14  the outcome of the said action, nor connected with nor
15  related to any of the parties in said action, nor to
16  their respective counsel.
17           IN WITNESS WHEREOF, I have hereunto set my
18  hand this 13th day of March, 2025.
19  Reading and Signing was:
20  __X__ Requested  ____ Waived  ____ Not Requested
21
22                    [signature]
23
24          SUZANNE I. ANDRADE, CSR NO. 10682
25          STATE OF CALIFORNIA
```