# EXHIBIT 84

# TO

# DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                      OAKLAND DIVISION
 4
 5   - - - - - - - - - - - - - - - -
 6   COALITION ON HOMELESSNESS,       )
 7   et al.,                          )
 8              Plaintiffs,           )  CASE NO.
 9   v.                               )  4:22-cv-05502-DMR
10   CITY AND COUNTY OF SAN           )
11   FRANCISCO, et al.,               )
12              Defendants.           )
13   - - - - - - - - - - - - - - - -
14
15
16                       CONFIDENTIAL
17            REMOTE DEPOSITION OF JONATHAN VAING
18                WEDNESDAY, JANUARY 15, 2025
19
20
21          BEHMKE REPORTING AND VIDEO SERVICES, INC.
22              BY:  SUZANNE I. ANDRADE, CSR NO. 10682
23                  550 CALIFORNIA STREET, SUITE 820
24                  SAN FRANCISCO, CALIFORNIA  94104
25                                      (415) 597-5600
```

```
 1
 2
 3
 4
 5
 6
 7
 8       Remote deposition of JONATHAN VAING, taken
 9   on behalf of the Defendants, via videoconference,
10   with the witnesses located in San Francisco,
11   California, commencing at 10:01 A.M., WEDNESDAY,
12   JANUARY 15, 2025, before Suzanne I. Andrade,
13   Certified Shorthand Reporter No. 10682, pursuant
14   to Notice.
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   APPEARANCES OF COUNSEL (VIA VIDEOCONFERENCE):
 2   FOR THE PLAINTIFFS:
 3           LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF
 4           THE SAN FRANCISCO BAY AREA
 5           BY:  NISHA KASHYAP, ATTORNEY AT LAW
 6           131 Steuart Street, Suite 400
 7           San Francisco, California  94105
 8           Telephone:  (415) 543-9444
 9           Email:  nkashyap@lccrsf.org
10   - AND -
11           EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
12           BY:  VASUDHA TALLA, ATTORNEY AT LAW
13           600 Fifth Avenue, 10th Floor
14           New York, New York  10020
15           Telephone:  (212) 763-5075
16           Email:  vtalla@ecbawm.com
17   - AND -
18           AMERICAN CIVIL LIBERTIES UNION OF
19           NORTHERN CALIFORNIA
20           BY:  AMANDA YOUNG, ATTORNEY AT LAW
21           39 Drumm Street
22           San Francisco, California  94111
23           Telephone:  (415) 621-2493
24           Email:  ayoung@aclu.org
25
```

```
 1   APPEARANCES OF COUNSEL (VIA VIDEOCONFERENCE) - CONTINUED:
 2   FOR THE DEFENDANTS:
 3          CITY AND COUNTY OF SAN FRANCISCO
 4          OFFICE OF THE CITY ATTORNEY
 5          BY:  JOHN H. GEORGE, DEPUTY CITY ATTORNEY
 6          1390 Market Street, Seventh Floor
 7          San Francisco, California  94102
 8          Telephone:  (415) 554-4700
 9          Email:  john.george@sfcityatty.org
10
11   ALSO PRESENT:
12          KYLE FRIEND, VIDEOCONFERENCE TECHNICIAN
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1          Q.   Do you text with Ms. Durden?
 2          A.   Yes.
 3          Q.   How often?
 4          A.   Sometime daily, sometime two, three times a
 5     week.  Depends.
 6          Q.   Do you discuss the bag-and-tag policy with
 7     Ms. Durden?
 8          A.   Yes.
 9          Q.   What is discussed?
10          A.   She usually want to know the schedule, when am
11     I scheduling, where are we at on the training, how
12     often.
13          Q.   Anything else?
14          A.   No.
15          Q.   Do you discuss instances of noncompliance with
16     the bag-and-tag policy with Ms. Durden?
17          A.   Yes.
18          Q.   Are there any specific instances that you've
19     discussed with Ms. Durden?
20          A.   I don't remember specific.
21          Q.   If someone brought to your attention a specific
22     violation of the bag-and-tag policy, would you discuss
23     that with Ms. Durden?
24          A.   Yes.
25          Q.   Has Ms. Durden ever instructed you to take any
```

1     action to address a violation of the bag-and-tag policy?
2          A.   Yes.
3          Q.   What action did she instruct you to take?
4          A.   Take appropriate action as far as investigate,
5     gather the facts, and take corrective action.
6          Q.   And do you recall an instance where you took
7     corrective action to address a violation of the
8     bag-and-tag policy?
9          A.   Not specific, but yes.
10         Q.   So let me just make sure I understand your
11    answer.
12              So it's your testimony that you have taken
13    corrective action to address a violation of the
14    bag-and-tag policy, but you, sitting here today, can't
15    remember any specific instance; is that correct?
16         A.   Yes, that's correct.
17         Q.   And any corrective action that you took to
18    address the violation of the bag-and-tag policy, would
19    that be documented?
20         A.   Yes, it would be.
21         Q.   And how would it be documented?
22         A.   In most -- again, our policy is to document
23    what is that document you showed me earlier on the
24    counseling or reminder counseling or via e-mail.
25         Q.   Do you recall taking any corrective action,

```
 1    crew or the Reactionary crew?
 2         A.   Yes.
 3         Q.   And I believe, previously, we discussed the
 4    fact that 90 percent of the time, there's either a
 5    Supe I or a Supe II physically present with the laborers
 6    at the encampment resolution.  Is that correct?
 7         A.   Yes.
 8         Q.   Okay.  How do the supervisors communicate with
 9    the other members of the team?
10         A.   Verbally, in person.
11         Q.   Are the supervisors ever in contact during an
12    encampment resolution with people who are not physically
13    present at the resolution?
14         A.   Can you repeat that again, please.
15         Q.   Sure.
16              Are the supervisors ever in contact with
17    someone who is not physically present at the encampment
18    resolution?
19         ATTORNEY GEORGE:  Objection; form.
20         THE WITNESS:  I'm sorry.  I'm not understanding the
21    question.
22    BY ATTORNEY KASHYAP:
23         Q.   That's all right.
24              Say, for example, a supervisor has a
25    question --
```

```
 1    STATE OF CALIFORNIA          )
 2                                 ) ss.
 3    COUNTY OF SAN FRANCISCO      )
 4
 5        I, SUZANNE I. ANDRADE, Certified Shorthand Reporter
 6    for the State of California, License No. 10682, do hereby
 7    certify:
 8        That the testimony and proceedings were reported
 9    stenographically by me and later transcribed under my
10    direction by computer transcription; that the foregoing
11    is a true record of the proceedings taken at that time;
12    and that I am not a party to nor do I have any interest
13    in the outcome of that action herein contained.
14        IN WITNESS WHEREOF, I have hereunto set my hand
15    and affixed my signature this 27th day of January,
16    2025.
17
18        [signature]
19
20    SUZANNE I. ANDRADE, CSR NO. 10682
21    STATE OF CALIFORNIA
22
23
24
25
```