DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-3857 (Wang)
               (415) 554-6762 (Murphy)
               (415) 554-3870 (Gradilla)
               (415) 554-4223 (George)
               (415) 355-3304 (Mills)
Facsimile:     (415) 554-4699
E-mail:        edmund.wang@sfcityatty.org
               kaitlyn.murphy@sfcityatty.org
               miguel.gradilla@sfcityatty.org
               john.george@sfcityatty.org
               steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

[Additional Counsel on next page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**OMNIBUS ADMINISTRATIVE MOTION TO SEAL DOCUMENTS**<br><br>Trial Date:     July 28, 2025 |

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN THEOBALD, State Bar #328837
CONRAD METLITZKY KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:     (415) 343-7103 [Metlitzky]
               (415) 343-7100 [Lanier & Theobald]
Facsimile:     (415) 343-7101
E-mail:        wmetlitzky@conmetkane.com
               jlanier@conmetkane.com
               ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

**INTRODUCTION**

Pursuant to the Court's Order Modifying Sealing Procedures (ECF No. 347) and Civil Local Rules 79-5 and 7-11, Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management (collectively the "City") file this Omnibus Administrative Motion to Seal Documents filed in connection with Defendants' Motion for Summary Judgment (ECF No. 350), Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (ECF No. 366), and the City's Reply (ECF No. 369). Specifically, the City moves to seal the information identified in Appendix A to the instant motion.

**ARGUMENT**

Where, as here, a party seeks to seal documents attached to a dispositive motion, the party must show a "compelling reason" for sealing. *Katakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes', such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation omitted). Here, the City seeks to seal several types of information that courts have previously recognized satisfy the compelling reasons to remain sealed. The City moves to seal the minimum amount of information necessary to avoid the potential harm of publicly disclosing the information sought to be sealed.

**I.     Identities of Non-Parties Subject to Personnel Actions Should Remain Confidential**

Eight documents identified in Appendix A[1] contain identifying information (*e.g.*, names, home addresses, email addresses, employee ID numbers) of several non-parties who were disciplined by the Department of Public Works. The information identifying the non-parties should remain confidential because they have a privacy interest in such information and its disclosure could be misused and might cause harm to the non-parties. *See Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962-HSG,

---

[1] Exhibits 81, 142, and 144 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment; Exhibit 85, 86, 88, and 90 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment. *See* J, P, Q, R, S, T, U, and V in Appendix A.

2022 WL 1180216, at *3 (N.D. Cal. Mar. 30, 2022) (finding "compelling reasons to seal" "corrective action and action plan forms for Defendants' employees" because they constitute "employment records in which Defendants' employees have a reasonable expectation of privacy," disclosure of which "could result in unnecessary embarrassment and injury to those employees"); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *7 (S.D. Cal. Oct. 24, 2023) (finding "compelling reason" to seal portions of declaration "related to the job performance" of a "former employee of [defendant ]" because "[a] non-party employee risks loss of future income and potential embarrassment if this information is made publicly available"); *Amini v. Crestbrook Ins. Co.*, No. 2:21-CV-01377-LK, 2023 WL 2913751, at *1 (W.D. Wash. Apr. 12, 2023) (finding "compelling reasons" for sealing documents related to nonparty's employee personnel records due to the "'reputational and privacy interest' at stake in relation to these records, which outweigh the presumption of public access"); *Kalberer v. Am. Family Mut. Ins. Co.*, No. 2:13-cv-02278-JCM-NJK, 2014 WL 5780383, at *1 (D. Nev. Nov. 5, 2014) (agreeing "compelling reasons exist to seal" "personnel records of two non-party employees of Defendant" because "these non-party employees have a significant privacy interest in these records that outweights the public's interest to access to those documents"); *TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011) (finding "compelling reasons to seal" "two exhibits containing personnel records regarding [plaintiff's] employees and portions of other exhibits referring to the content of those personnel records").  The public's interest in the identities and personal information of the individuals identified in these records is also diminished here, where their identities and personal information are not relevant to the pending motion for summary judgment and the public will have access to the documents' substance.  As explained below, the home and email addresses of the individuals identified in the documents should remain confidential for the additional reason that such information is subject to abuse and courts regularly find there are compelling reasons to seal such information.

## II. Information in Criminal Incident Reports Identifying Non-Parties Should Remain Confidential

Five documents identified in Appendix A[2] are San Francisco Police Department criminal Incident Reports that contain identifying information about the non-party cited and, in two reports, the reported non-party victim. This information, which includes names, birthdates, addresses, driver's license numbers, height, weight, sex, and other specific personal information, should remain confidential. The City limits its request to the sensitive personal information and does not seek to seal the substance of the incident reports.

"The [California] constitutional right of privacy extends to protect defendants from unauthorized disclosure of criminal history records." *Westbrook v. Cnty. of Los Angeles*, 27 Cal. App. 4th 157, 165-66 (1994). "The dissemination of criminal history information significantly affects an individual's right to privacy as guaranteed by article I, section 1 of the California Constitution." *Housing Auth. v. Van de Kamp*, 223 Cal. App. 3d 109, 112 (1990) (citation omitted); *see also Loder v. Mun. Ct.*, 17 Cal. 3d 859, 872 (1976) ("The [California] Legislature has established multiple safeguards against the improper dissemination of arrest records."). These records also contain information from the CLETS database (*i.e.*, identification numbers). CLETS is "short for 'California Law Enforcement Telecommunications System'; the CLETS database 'is a confidential law enforcement database that allows police officers to access [several integrated databases containing] an individual's criminal history as well as driver's license and vehicle registration information.'" *Ellins v. City of Sierra Madre*, 244 Cal. App. 4th 445, 450 (2016) (quoting *Richardson v. City & Cnty. of San Francisco Police Comm'n*, 214 Cal. App. 4th 671, 674, fn. 1 (2013)). "[I]t is evident that CLETS data by their very nature include sensitive information that is highly regulated, such as in California Penal Code Section 11142." *Raiser v. San Diego Cnty.*, No. 19-cv-0751-GPC-KSC, 2021 WL 12328888, at *1 (S.D. Cal. Apr. 14, 2021) (citing *Ellins*, 244 Cal. App. 4th at 450).

Compelling reasons thus exist to seal these records. *See Garcia v. Cnty. of Riverside*, No. EDCS 13-0616 JGB (SPx), 2018 WL 3738640, at *2 (C.D. Cal. Mar. 8, 2018) (finding "compelling reasons" to seal documents "contain[ing] criminal history information and private identifying

---

[2] Exhibits 60, 61, 64, 96, and 98 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment. *See* E, F, G, M, and N in Appendix A.

information of individuals not party to th[e] litigation" because "public disclosure of such information could result in unnecessary harm or embarrassment to these unrelated third-parties"); *see also City & Cnty. of San Francisco v. Sessions*, 349 F. Supp. 3d 924, 943-44 (N.D. Cal. 2018) (finding "compelling reasons to seal" a "spreadsheet" that "contains partially redacted confidential criminal offender record information that could be reverse engineered with extraneous data if unsealed").

### III.  Non-Parties' Personal Information Should Remain Confidential

Nine documents identified in Appendix A[3] (as well as the incident reports and personnel documents) contain private information about non-parties, such as dates of birth, cell phone numbers, employee ID numbers, names, and irrelevant job-related information like benefits and workers compensation information.  None of the identifying information the City seeks to seal is relevant to the disposition of its motion, but its disclosure could result in misuse and erosion of the non-parties' privacy interests.  Courts regularly determine that compelling reasons exist to seal the type of personal information sought to be sealed.  *See Cross v. Cent. Contra Costa Transit Auth.*, No. 21-CV-01312-JST, 2024 WL 3658045, at *1 (N.D. Cal. July 22, 2024) (sealing, under compelling interest standard, dates of birth, home addresses, phone numbers, email addresses and driver's license numbers); *Xie v. De Young Props. 5418, LP*, No. 1:16-cv-01518-DAD-SKO, 2018 WL 3241068, at *3 (E.D. Cal. July 2, 2018) (sealing current and former addresses "to prevent the documents from becoming a 'vehicle for improper purposes'"); *Garcia v. Cnty. of Sacramento*, No. 2:23-CV-00899-DAD-CSK, 2024 WL 2209740, at *2 (E.D. Cal. May 16, 2024) (finding compelling reasons, including possible improper use, to redact the names of the non-party deputies whose actions were not relevant to case); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) ("There is a compelling reason for sealing, namely, the disclosure of the non-party employees' names would infringe on those individuals' privacy rights."); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of [former, nonparty employees' identities]

---

[3] Exhibit 38, 40, and 46 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment; Exhibits 55, 76, 79, 83, 87, and 107 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment.  *See* A, B, C, D, H, I, K, L, and O in Appendix A.

would infringe the privacy rights of those two individuals, which constitutes a compelling reason for sealing."); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) ("Employees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information[.]"); *see also* Fed. R. Civ. P. 5.2(a) (limiting birth date information in public filings).

### IV. The City Takes No Position Regarding the Propriety of Sealing Benefits Information

The documents identified in Appendix B contain information about public benefits received by Plaintiffs and certain non-parties. The City filed these documents conditionally under seal because they contain information the City has a statutory obligation to keep confidential absent a court order. *See* Cal. Welf. & Inst. Code § 10850. The City takes no position regarding the propriety of sealing these documents and has notified Plaintiffs of the City's non-position concerning the documents referring to their clients.

### CONCLUSION

For the reasons set forth above, the Court should grant the City's motion to seal.

/ / /

/ / /

/ / /

Dated: April 29, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By: s/John H. George
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT


WARREN METLITZKY
JESSICA ELAINE LANIER
CONRAD METLITZKY KANE LLP

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

# APPENDIX A

| | Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|---|
| A | Exhibit 38 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment<br><br>ECF No. 349-22 | Columns B, K, and L in each tabbed sheet | Identifies numerous non-parties' names and dates of birth |
| B | Exhibit 40 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment<br><br>ECF No. 349-23 | Columns B and K in each tabbed sheet | Identifies numerous non-parties' names |
| C | Exhibit 46 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment<br><br>ECF No. 349-28 | "Employees" Sheet:<br>• Column A<br>• Column B<br><br>Sheet 1:<br>• Column A<br><br>Sheet 2:<br>• Column A<br>• Column B<br>• Columns M – S | Contains irrelevant compensation and benefits information and identifies names and employee numbers of numerous DPW staff |
| D | Exhibit 55 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-10 | Cell phone numbers that appear on each page | Identifies cell phone numbers of several non-parties |
| E | Exhibit 60 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-11 | Contents of "CITED 1" fields:<br>• Name (Last, First, Middle)<br>• Home Address<br>• City<br>• State<br>• Date of Birth<br>• Age<br>• Race<br>• Sex<br>• Height<br>• Weight<br>• Hair Color<br>• Eye Color | Identifies non-party cited in San Francisco Police Department Criminal Incident Report |

| | Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|---|
| | | Address information in the "Other Information" field<br><br>Cited individual's name in the "NARRATIVE" section | |
| F | Exhibit 61 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-12 | Contents of "CITED 1" fields:<br>• Name (Last, First, Middle)<br>• Home Address<br>• City<br>• State<br>• Date of Birth<br>• Age<br>• Race<br>• Sex<br>• Height<br>• Weight<br>• Hair Color<br>• Eye Color<br>• SFNO<br>• ID Type/Jurisdiction/Number (all three fields)<br><br>Cited individual's name in the "NARRATIVE" section | Identifies non-party cited in San Francisco Police Department Criminal Incident Report |
| G | Exhibit 64 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-13 | Contents of "R/VICTIM 1" fields:<br>• Name (Last, First, Middle)<br>• DOB<br>• Age<br>• Race<br>• Sex<br>• Height<br>• Weight<br>• Hair Color<br>• Eye Color<br>• ID Type Juris. ID No.<br><br>Contents of "CITED 1" fields:<br>• Name (Last, First, Middle)<br>• Home Address<br>• City<br>• State<br>• Date of Birth<br>• Age | Identifies non-party victim and person cited in San Francisco Police Department Criminal Incident Report |

| Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|
| | • Race<br>• Sex<br>• Height<br>• Weight<br>• Hair Color<br>• Eye Color<br>• SFNO<br>• ID Type/Jurisdiction/Number (all three fields)<br><br>Victim's and cited individual's names in the "NARRATIVE" section | |
| H  Exhibit 76 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-15 | Pages CCSF-COH_079487 - CCSF-COH_079488:<br>• Names appearing under heading "SDI/WCU/DSW"<br><br>Page CCSF-COH_079501:<br>• Names appearing under heading "Personnel Issues" | Contains irrelevant workers compensation and other personnel information about non-party DPW employees |
| I  Exhibit 79 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-18 | Page CCSF-COH_075970:<br>• Staff name, Name, DOB in chart | Identifies numerous non-parties' names and dates of birth |
| J  Exhibit 81 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-20 | Page CCSF-COH_0437220:<br>• Recipient's name, address, and email<br><br>Pages CCSF-COH_0437231 - CCSF-COH_0437237:<br>• Investigative subject's name | Identifies non-party subject of personnel investigation and discipline |
| K  Exhibit 83 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-22 | Cell phone numbers that appear on each page | Identifies cell phone numbers of several non-parties |

| | Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|---|
| L | Exhibit 87 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-23 | Cell phone numbers that appear on each page | Identifies cell phone numbers of several non-parties |
| M | Exhibit 96 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-24 | Contents of "CITED 1" and "CITED 2" fields:<br>• Name (Last, First, Middle)<br>• Home Address<br>• City<br>• State<br>• Date of Birth<br>• Age<br>• Race<br>• Sex<br>• Height<br>• Weight<br>• Hair Color<br>• Eye Color<br>• SFNO<br>• ID Type/Jurisdiction/Number (all three fields)<br><br>Name of "C1" in "Other Information" field in "CITED 2" section.<br><br>Cited individuals' names in the "NARRATIVE" section | Identifies non-parties cited in San Francisco Police Department Criminal Incident Report |
| N | Exhibit 98 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-25 | Contents of "R/VICTIM 1" fields:<br>• Name (Last, First, Middle)<br>• DOB<br>• Age<br>• Race<br>• Sex<br>• Height<br>• Weight<br>• Hair Color<br>• Eye Color<br>• ID Type Juris. ID No. | Identifies non-party victim and person cited in San Francisco Police Department Criminal Incident Report |

| | Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|---|
| | | Contents of "CITED 1" fields:<br>• Name (Last, First, Middle)<br>• Home Address<br>• City<br>• State<br>• Date of Birth<br>• Age<br>• Race<br>• Sex<br>• Height<br>• Weight<br>• Hair Color<br>• Eye Color<br>• SFNO<br>• ID Type/Jurisdiction/Number (all three fields)<br><br>Victim's and cited individual's names in the "NARRATIVE" section | |
| O | Exhibit 107 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-31 | Name of caller and caller's friend | Identifies non-parties calling DPW |
| P | Exhibit 142 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-38 | Name of employee on pages:<br>• 123:7<br>• 123:10 | Identifies non-party subject of personnel investigation and discipline |
| Q | Exhibit 144 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-40 | Name of employees on pages:<br>• 172:9-10<br>• 172:23-25 | Identifies non-party subjects of personnel investigations and discipline |

| | Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|---|
| R | Exhibit 85 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment<br><br>ECF No. 368-8 | Names of DPW personnel identified in emails on pages CCSF-COH_075814 - CCSF-COH_075815 | Identifies non-party subject of personnel investigation and discipline |
| S | Exhibit 86 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment<br><br>ECF No. 368-9 | Name of DPW employee subject to counseling on pages CCSF-COH_070901 and CCSF-COH_070903 | Identifies non-party subject of personnel investigation and discipline |
| T | Exhibit 88 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment<br><br>ECF No. 368-10 | Page CCSF-COH_0437220:<br>• Recipient's name, address, and email<br><br>Page CCSF-COH_0437222:<br>• Appointee's name, address, and signature<br><br>Page CCSF-COH_0437224:<br>• Employee's name, employee ID, and position number<br><br>Page CCSF-COH_0437226:<br>• Employee's name and address<br><br>Pages CCSF-COH_0437231 - CCSF-COH_0437237:<br>• Investigative subject's name | Identifies non-party subject of personnel investigation and discipline |
| U | Exhibit 89 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment<br><br>ECF No. 368-11 | Page CCSF-COH_0437238:<br>• Recipient's name, address, and email<br><br>Page CCSF-COH_0437241:<br>• Appointee's name, address, and signature<br><br>Page CCSF-COH_0437242:<br>• Employee's name, employee ID, and position number | Identifies non-party subject of personnel investigation and discipline |

| | Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|---|
| | | Page CCSF-COH_0437244:<br>• Employee's name and address | |
| V | Exhibit 90 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment<br><br>ECF No. 368-12 | Page CCSF-COH_0437249:<br>• Recipient's name and address<br><br>Pages CCSF-COH_0437252 - CCSF-COH_0437261:<br>• Investigative subject's name<br><br>Page CCSF-COH_0437263:<br>• Employee's name, employee ID, and position number<br><br>Page CCSF-COH_0437266:<br>• Employee's name and address<br><br>Pages CCSF-COH_0437272 - CCSF-COH_0437281:<br>• Recipient's name, address, and email<br><br>Pages CCSF-COH_0437283 - CCSF-COH_0437288:<br>• Investigative subject's name | Identifies non-party subject of personnel investigation and discipline |

# APPENDIX B

| Document | Portion Identifying Benefit Recipient |
|---|---|
| Declaration of Jason Adamek<br><br>ECF No. 349-2 | Pages:<br>• 2:24-26 (excluding "David Martinez," and "Sarah Cronk, Joshua Donohoe"[4])<br>• 3:1-10;<br>• 3:14<br>• 3:18-19 |
| Declaration of Lisa Rachowicz<br><br>ECF No. 349-3 | Pages:<br>• 2:5-6<br>• 9-10 (excluding "David Martinez," and "Sarah Cronk (also known as Apple Cronk), Joshua Donohoe") |
| Declaration of Sarah Locher<br><br>ECF No. 349-4 | Pages:<br>• 2:4-6 (excluding "Sarah Cronk (also known as Apple Cronk), Joshua Donohoe, David Martinez")<br>• 2:8-10<br>• 2:23-28<br>• 3:1-10 |
| Exhibit 42 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment<br><br>ECF No. 349-25 | Spreadsheet cell numbers:<br>• AJ1664<br>• AJ1684<br>• AJ1757<br>• AJ1758<br>• AJ1817<br>• AJ2020 |
| Exhibit 146 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment<br><br>ECF No. 367-42 | Names on pages:<br>• 93:3, 12, 16, 19<br>• 96:16, 22<br>• 97:4, 13<br>• 99:1, 7, 9, 17:<br>• 103:5, 7<br>• 105:6, 14, 17<br>• 108:2, 7<br>• 111:3, 4<br>• 112:5, 6 (excluding "David Martinez")<br>• 133:5, 13, 18 |
| Exhibit 69 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment | Name and address of "Resident", handwriting in upper right corner |

---

[4] These three individuals have notified the City that they have no objection to their benefits and housing information being publicly filed.

| Document | Portion Identifying Benefit Recipient |
|---|---|
| ECF No. 368-5 | |