EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br><br> **Judge:** The Hon. Donna M. Ryu |

## INTRODUCTION

Pursuant to the Stipulation and Order Modifying Sealing Procedures (Dkt. 347) and Local Rules 7-11 and 79-5, Plaintiffs submit this omnibus administrative motion to file under seal the following materials in connection with Defendants' motion for summary judgment (Dkt. 350), Plaintiffs' opposition to Defendants' motion for summary judgment (Dkt. 366), and Defendants' reply in support of summary judgment (Dkt. 369).

## LEGAL STANDARD

Materials submitted in support of dispositive motions can be sealed where justified by "compelling reasons." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "[C]ompelling reasons" exist "sufficient to outweigh the public's interest in disclosure" when such "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (cleaned up); *see also Grace v. Apple*, Inc., No. 17 Civ.00551, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) (compelling reasons exist to seal "sensitive internal information the disclosure of which would cause competitive harm or that would raise security concerns"); *Sullivan v. Equifax Info. Servs. LLC*, No. 22 Civ. 00061, 2024 WL 4444387, at *2 (D. Ariz. Oct. 8, 2024) ("Sources of business information that might harm a litigant's competitive standing may also constitute a compelling reason to seal.") (cleaned up).

Courts also regularly allow parties to seal information consisting of confidential health and medication information deemed private by federal and California law that qualify for protection under Federal Rule of Civil Procedure 26(c). *See Heldt v. Guardian Life Ins. Co. of Am.*, No. 16-CV-885-BAS-NLS, 2018 WL 5920029, at *2 (S.D. Cal. Nov. 13, 2018) (finding that the "need to protect medical privacy qualifies as a 'compelling reason' to seal documents") (citing *Domingo v. Brennan*, 690 Fed. Appx. 928, 930 (9th Cir. 2017) (upholding sealing of documents *c*ontaining "sensitive medical information")). Finally, under Federal Rule of Civil Procedure 5.2(a), parties must redact certain personally identifying information, including the year of an individual's birth.

# ARGUMENT

Compelling reasons justify the sealing of each exhibit (or a specified portion thereof), as each exhibit contains (1) the sensitive and confidential personal, health, or medical information of an individual, or (2) business records belonging to the Coalition on Homelessness that have the potential "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Kamakana*, 447 F.3d at 1179.

## I. Sensitive Personal or Confidential Health Information

**Exhibits 2, 3, 12, 13, 14, and 15** to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment contain sensitive personal or confidential health and medical information. **Exhibit 2** (specifically the lines and pages set forth in the chart below) is the deposition transcript of Plaintiff Joshua Donohoe that sets forth sensitive personal, medical, and health information, including criminal history and substance use. **Exhibit 3** (specifically the lines and pages set forth in the chart below) is the deposition transcript of Plaintiff Sarah Cronk that similarly sets forth to sensitive personal, medical, and health information, including criminal history and substance use. **Exhibit 12** (specifically the lines and pages set forth in the chart below) is the deposition transcript of non-party Shana Couper Orona that discloses sensitive personally identifying information including current and former addresses at shelters, email address, and employment history. **Exhibit 13** (specifically the lines and pages set forth in the chart below) is the deposition transcript of non-party Melodie that discloses sensitive personally identifying information including current and former addresses, as well as medical and health information. **Exhibit 14** (specifically the lines and pages set forth in the chart below) is the deposition transcript of non-party Todd Bryant that discloses sensitive personally identifying information including name and addresses, as well as birth date protected from disclosure by Federal Rule of Civil Procedure 5.2(a). **Exhibit 15** (specifically the lines and pages set forth in the chart below) is the deposition transcript of non-party James Reem that discloses sensitive personally identifying information including former addresses.

**Exhibits 14 and 105** to the Declaration of Vasudha Talla in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment consist of sensitive personal or confidential health and medical information deemed private under federal law and California law. **Exhibit 14** (specifically the lines and pages set forth in the chart below) is the deposition transcript of non-party Melodie that discloses sensitive personally identifying information including current and former addresses, as well as medical and health information. **Exhibit 105** is the declaration of non-party Melodie that discloses sensitive personally identifying information including, current address, as well as medical and health information.

**Exhibit 66** to the Declaration of Steven Mills in support of Defendants' Reply in further support of Defendants' Motion for Summary Judgment is a deposition transcript of expert Chris Herring, Ph.D. that discloses sensitive personally identifying information of non-party Melodie. **Exhibit 74** is an email exchange containing confidential personal and health information of non-party Melodie.

Compelling reasons exist to seal health and medication information, especially where it infringes on the privacy rights of non-parties. "The need to protect medical privacy qualifies as a 'compelling reason' to seal documents." *See Heldt*, 2018 WL 5920029, at *2 (finding compelling reasons to seal declarations and exhibits containing plaintiff's medical information). That includes information about substance use and corresponding criminal history, disability status, and other health information.

Compelling reasons also exist to seal personally identifying information" including names, addresses, phone numbers, email addresses, and employee identification numbers particularly where such information is not material to the merits of a dispositive motion, as is the case here. In *UnifySCC v. Cody*, for example, the court found compelling reasons to seal names, addresses, phone numbers, email addresses, and employee identification numbers because they are "personally identifying information that can be used to obtain other sensitive information, such as an employee's income, leave status, exemption status, and vaccination status." No. 22-CV-01019-BLF, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023). In *Snapkeys, Ltd. v. Google LLC*, the

1  court found compelling reasons to seal "personally identifiable information of its current and
2  former employees, including their email addresses and telephone numbers" contained in exhibits
3  to declarations filed in support of a motion for summary judgment because such information was
4  not relevant to the merits of the motion. No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D.
5  Cal. May 14, 2021). Courts have also found compelling reasons to "keep personal information
6  confidential to protect an individual's privacy interest and to prevent exposure to harm or identity
7  theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at
8  *2 (N.D. Cal. Nov. 1, 2007). In *Nursing Home*, the Court held that "protection of the confidential
9  witnesses' private information is of particular importance, as such witnesses can be susceptible to
10 retaliation and harassment." *Id.* Such protection, together with the small amount of information
11 plaintiffs sought to redact, provided a compelling reason to seal the private information submitted
12 in connection with the parties' summary judgment motions, which included home addresses and
13 financial account information with little or no relevance to the material issues in the case. *Id.* Here,
14 the disclosure of the exact addresses, shelter history, and contact information are not germane to
15 the dispute and risk exposing these individuals to "harm or identity theft" if unsealed. *Nursing*
16 *Home Pension Fund*, 2007 WL 3232267, at *2.

17     Courts also recognize that nonparty privacy interests justify sealing their personally
18 identifying information, including confidential employment information. For example, in *Doe v.*
19 *City of San Diego*, the court found compelling reasons to seal an exhibit attached to deposition
20 testimony retrieved from a "personnel file" that "contains sensitive, personal information," as well
21 as several reports "replete with references to information from officer personnel files" containing
22 opinions "largely irrelevant to this action." No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *6
23 (S.D. Cal. May 14, 2014). For information that has "minimal relevance" and contain "sensitive
24 information," compelling reasons exist to maintain such information under seal. *Id.* at *7.

25     **II.     Confidential Legal, Business, and Organizational Strategies**

26     **Exhibit 7** to the Declaration of Steven Mills in Support of Defendants' Motion for
27 Summary Judgment is a Coalition meeting agenda for its #StoptheSweeps campaign that explicitly

28

discusses legal strategies, legal considerations, and discussions with counsel regarding the Coalition's efforts to combat the City's sweeps against unhoused persons. **Exhibit 67** to the Declaration of Steven Mills in Support of Defendants' Reply is an email from Jennifer Friedenbach that similarly explicitly discusses legal strategies, legal considerations, and discussions with counsel regarding the Coalition's efforts to combat the City's sweeps against unhoused persons.

**Exhibits 5, 6, 8, 9, 20, 22, 23, 24, 25, and 41** to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment refer to or contain highly detailed business organizing plans and strategies, as well as assessments of those strategies: **Exhibit 5** contains excerpts from the 30(b)(6) deposition of Jennifer Friedenbach, the Coalition's Executive Director, disclosing the Coalition's operating expenses and business strategies, as well as confidential information about a Coalition employee. **Exhibit 6** contains confidential information about the Coalition's internal operating rules and structure. **Exhibit 8** similarly contains confidential information about the Coalition's internal operations and strategy, as well as the names of various staff members. **Exhibit 9** contains frank and sensitive reflections on the success of organizing efforts with future organizing plans. **Exhibit 20** lists specific organizing tactics aimed at certain public officials. **Exhibit 22** contains information regarding the Coalition's organizing tactics with respect to its membership structure. **Exhibits 23 and 24** each contain an evaluation and planning document with frank reflections on the success of prior organizing plans and which sets forth a future organizing plan. **Exhibit 25** contains confidential organizing plans and strategies, including assessments of internal and external threats to those plans. **Exhibit 41** contains frank reflections on the success of prior organizing plans and which sets forth a future organizing plan.

**Exhibits 101, 102, 103, 104, 114, 115, 116, 117, 129, and 131** to the declaration of Vasudha Talla in support of Plaintiffs' opposition to Defendants' motion for summary judgment contain similarly sensitive internal business documents reflecting the Coalition's internal planning and strategy decisions. **Exhibit 101** reflects Coalition meeting notes that contain frank and sensitive reflections on the success of organizing efforts with future organizing plans. **Exhibit 102, 103, 104, and 129** are Coalition workplans each containing an evaluation and planning document

with frank reflections on the success of prior organizing plans and which sets forth a future organizing plan. **Exhibit 114** is a Coalition manual containing confidential information about the Coalition's internal operations and strategy, as well as the names of various staff members. **Exhibits 115, 116, 117, and 129** are each confidential business documents reflecting specific business expenses for one of the Coalition's publications.

These documents comfortably fit within the "compelling reasons" standard. The disclosure of the Coalition's legal and advocacy strategies would cause harm to the Coalition, especially if it fell into the hands of the Coalition's legal adversaries or advocacy targets. *See Grace*, WL 12288173, at *3. Compelling reasons support sealing "internal discussions among [Coalition's] personnel," as well as "email exchanges" that if disclosed "would compromise Coalition's process[es]." *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017). This Court has previously granted motions to seal similarly confidential strategies under the compelling reasons standard. *See, e.g.*, *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17 Civ.00220, 2018 WL 11606328, at *2 (N.D. Cal. Apr. 20, 2018). In *Qualcomm*, the Court considered records that disclosed an organization's strategy such as "information revealing Qualcomm's approach to licensing and acquisition of patents" as well as related legal strategies. *Id.* The Court concluded that disclosing the strategies "could harm [the organization] competitively" and that it was simply "common-sense to conclude that Qualcomm could be harmed by the disclosure of its legal strategies." *Id.*; *see also Ketayi, et al. v. Health Enrollment Grp., et al.*, No. 20 Civ.1198, 2023 WL 12007132, at *2 (S.D. Cal. June 28, 2023) (sealing various records containing "confidential business information that could harm the [party's] competitive standing"). The same rationale applies to Defendants' Exhibits 5, 6, 7, 8, 9, 20, 22, 23, 24, 25, and 41, which should be sealed to avoid such harm to the Coalition.

### III. Information Protected by the Welfare and Institution Code

The Declaration of Jason Adamek (specifically the lines and pages in the chart below), the Declaration of Lisa Rachowicz (specifically the lines and pages in the chart below), the Declaration of Sarah Locher (specifically the lines and pages in the chart below), Exhibit 146 to the Declaration

of Vasudha Talla (specifically the pages listed in the chart below), and Exhibit 69 of the Declaration of Steven Mills (specifically the information listed in the chart below) all contain information about non-parties' shelter history, shelter status, and receipt of public benefits. This information is protected under California law, specifically Welfare and Institutions Code § 10850 ("[A]ll applications and records concerning any individual made or kept by a public officer or agency in connection with the administration of this code relating to any form of public social services, including protective services provided through public social services agencies, for which grants-in-aid are received by this state from the United States government shall be confidential, and shall not be open to examination for any purpose not directly connected with the administration of that program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of that program. The disclosure of information that identifies, by name or address, an applicant for, or recipient of, these grants-in-aid to any committee or legislative body is prohibited, except as provided in subdivision (b).").

The non-parties referenced in these documents seek to keep this information confidential because of its sensitive personal nature. Defendants take no position regarding the propriety of sealing these documents.

**IV.    Chart of Documents to Be Sealed**

| Document | Portion of Document to be Sealed | Reason for Sealing |
|---|---|---|
| Defendants' Notice of Motion and Motion for Summary Judgment; Memorandum of Points And Authorities | Pages:<br>• 7:14-16<br>• 9:15-17<br>• 10:1-3<br>• 10:5-7<br>• 10:9-10<br>• 10:19<br>• 10:21-25<br>• 11:1<br>• 17:16-18<br>• 17:23-25<br>• 18:1<br>• 19:4-11 | Contains quotations from sealed documents listed below. |

| Document | Pages | Basis |
|---|---|---|
| Declaration of Jason Adamek in Support of Defendants Motion for Summary Judgment | Pages:<br>• 2:24-26<br>• 3:1-10<br>• 3:14<br>• 3:18-19 | Cal. Welf. & Inst. Code § 10850 |
| Declaration of Lisa Rachowicz in Support of Defendants Motion for Summary Judgment | Pages:<br>• 2:5-6<br>• 9-10 | Cal. Welf. & Inst. Code § 10850 |
| Declaration of Sarah Locher in Support of Defendants Motion for Summary Judgment | Pages:<br>• 2:4-6<br>• 2:8-10<br>• 2:23-28<br>• 3:1-10 | Cal. Welf. & Inst. Code § 10850 |
| Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 2:4-5<br>• 2:7-8<br>• 2:12<br>• 3:21-22<br>• 3:24<br>• 4:1<br>• 4:3-4<br>• 4:7-8<br>• 4:10-11<br>• 6:3-4 | Contains quotations from sealed documents listed below. |
| Exhibit 2 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 16:23-25<br>• 72:14-16<br>• 228:19-241:25<br>• 242:13-22 | Contains confidential, sensitive personally identifying and health information. |
| Exhibit 3 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 133:1-137:25 | Contains confidential, sensitive personally identifying and health information. |
| Exhibit 5 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 27:19-25<br>• 112:21-25 | Discloses confidential business expenses, business organizing plans, and strategies, and confidential personnel matters involving non-parties. |

| | | |
|---|---|---|
| Exhibit 6 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 7 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential legal strategies. |
| Exhibit 8 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 9 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 12 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 21:11<br>• 21:13<br>• 21:16<br>• 21:19<br>• 21:21-25<br>• 22:1<br>• 22:3<br>• 22:11<br>• 24:22-25<br>• 120:2-22<br>• 121:23-122:25<br>• 186:1<br>• 186:5<br>• 186:9<br>• 186:15<br>• 186:17<br>• 187:1 | Contains confidential, sensitive personally identifying and health information. |
| Exhibit 13 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 33:4-34:5<br>• 35:1-36:4<br>• 37:18-38:25<br>• 39:7-8<br>• 39:17-18<br>• 41:15-42:3 | Contains confidential, sensitive personally identifying information. |

| | | |
|---|---|---|
| Exhibit 14 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 23:14<br>• 24:3-4<br>• 24:6-7<br>• 24:9-10<br>• 24:25<br>• 25:3<br>• 25:9<br>• 25:25<br>• 26:3-4<br>• 26:6-7<br>• 26:14-17<br>• 26:19-27:8<br>• 27:13-14<br>• 27:21-22<br>• 28:2<br>• 29:9<br>• 182:13<br>• 182:18<br>• 182:24 | Contains confidential, sensitive personally identifying information. |
| Exhibit 15 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | Pages:<br>• 23:14-16<br>• 23:21-23:25<br>• 31:7-31:14 | Contains confidential, sensitive personally identifying information. |
| Exhibit 20 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 22 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 23 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 24 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 25 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |

| | | |
|---|---|---|
| Exhibit 41 to the Declaration of Steven Mills in Support of Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment | Pages:<br>• 5<br>• 6<br>• 12<br>• 13<br>• 14<br>• 15<br>• 18<br>• 19<br>• 20<br>• 23 | Contains quotations from sealed documents. |
| Exhibit 14 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment (Melodie) | Pages:<br>• 31:16-32:5<br>• 33:4-6<br>• 35:14-36:4<br>• 41:15-42:3<br>• 55:20-56:12<br>• 76:2-17<br>• 121:11-19<br>• 123:5-14<br>• 130:25-131:14 | Contains confidential, sensitive personal information. |
| Exhibit 101 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 102 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 103 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 104 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 105 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential, sensitive personal and health information. |

| | | |
|---|---|---|
| Exhibit 114 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 115 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business documents reflecting expenses. |
| Exhibit 116 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business documents reflecting expenses. |
| Exhibit 117 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business documents reflecting expenses. |
| Exhibit 129 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business documents reflecting expenses. |
| Exhibit 131 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | The entire document. | Contains confidential business organizing plans and strategies. |
| Exhibit 146 to Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment | Names on pages:<br>• 93:3, 12, 16, 19<br>• 96:16, 22<br>• 97:4, 13<br>• 99:1, 7, 9, 17:<br>• 103:5, 7<br>• 105:6, 14, 17<br>• 108:2, 7<br>• 111:3, 4<br>• 112:5, 6<br>• 133:5, 13, 18 | Cal. Welf. & Inst. Code § 10850 |
| Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment | Pages:<br>• 5:6-7<br>• 5:20-22<br>• 6:19-20<br>• 14:11<br>• 15:4-15 | Contains quotations from sealed documents listed below. |
| Declaration of Steven Mills in Support of Defendants' Reply to | Page<br>• 1:22 | Contains quotations from sealed documents listed below. |

| | | |
|---|---|---|
| Plaintiffs' Opposition to Motion for Summary Judgment | | |
| Exhibit 66 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment | Pages:<br>• 273:21 | Contains confidential personally identifying information of a non-party. |
| Exhibit 67 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment | The entire document. | Contains confidential legal strategies. |
| Exhibit 69 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment | Name and address of "Resident", handwriting in upper right corner | Cal. Welf. & Inst. Code § 10850 |
| Exhibit 74 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment | The entire document. | Contains confidential personally identifying and health information of a non-party. |

### V. Plaintiffs Have No Objection to the Following Exhibit Provisionally Filed Under Seal Being Filed on the Public Docket.

The following exhibit was provisionally filed under seal by Defendants. Plaintiffs do not seek to have the document sealed.

| Document |
|---|
| Exhibit 82 to the Declaration of Steven Mills in Support of Defendants' Reply to Plaintiffs' Opposition to Motion for Summary Judgment |

### VI. Information Designated Confidential by Non-Parties

Plaintiffs did not file any information designated confidential by a non-party who is not represented by counsel in this case. Plaintiffs are thus in compliance with the Court's order

13

modifying sealing procedures requiring documentation of the date, time, and manner of any effort to seek affirmative consent to seal or waive confidentiality. Dkt. No. 347.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court seal the designated documents filed in connection with Defendants' motion for summary judgment, Plaintiffs' opposition to Defendants' motion for summary judgment, and Defendants' reply in support of summary judgment.

Dated: April 29, 2025                           Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

By: */s/ Scout Katovich*

AMERICAN CIVIL LIBERTIES UNION
Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*