DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  May 8, 2025<br>Time:          1:00 p.m.<br>Place:         Courtroom 4 – 3rd Floor<br>               1301 Clay Street<br>               Oakland, CA 94612<br><br>Trial Date:    July 28, 2025 |

Pursuant to Local Rule 16-10(d) and the Court's March 28, 2025 Order (ECF No. 345), the parties submit this Joint Case Management Statement, reporting changes since the last Joint Case Management statement dated March 26, 2025 (ECF. No. 343).

**1.    Jurisdiction and Service**

The parties dispute the Court's jurisdiction over this matter.  Each party's position regarding jurisdiction is set forth in their respective motion to dismiss filings (*see* ECF Nos. 301, 304, 308), summary judgment filings (*see* ECF Nos. 349, 366, 368), and the City's Motion to Vacate or Dissolve the Preliminary Injunction. (ECF No. 352-01).

**2.    Legal Issues**

The parties do not have any updates on legal issues since the last Case Management Conference.  The parties' positions regarding pertinent legal issues are set forth in their respective motion to dismiss filings (s*ee* ECF Nos. 301, 304, 308), summary judgment filings (*see* ECF Nos. 349, 366, 368), and the City's Motion to Vacate or Dissolve the Preliminary Injunction (ECF No. 352-01).

**3.    Motions**

A.    <u>Pending Motions</u>

*Defendants' Partial Motion to Dismiss the Third Amended Complaint*:  Pursuant to the Court's January 9, 2025 Order Denying Motion to Dismiss Third Amended Complaint Without Prejudice (ECF No. 298), Defendants filed their Partial Motion to Dismiss the Third Amended Complaint on January 23, 2025.  ECF No. 301. Plaintiffs opposed the motion on February 6, 2025 (ECF No. 304) and Defendants filed a reply on February 13, 2025 (ECF No. 308). The Court took the Partial Motion to Dismiss hearing off calendar on February 24, 2025 (ECF No. 315) and has not yet ruled on the motion.  On March 20, 2025, the Court granted the parties' Stipulation for Leave to File a Statement of Recent Decision in light of the Ninth Circuit's decision to review *Arizona Alliance for Retired Americans v. Mayes*, 117 F.4th 1165 (9th Cir. 2024), en banc (ECF No. 338).

*Defendants' Motion for Summary Judgment*:  Defendants filed a Motion for Summary Judgment on April 3, 2025. (ECF No. 349-01). Plaintiffs opposed the motion on April 17, 2025. (ECF No. 366) and Defendants filed a reply on April 24, 2025. (ECF No. 368). The motion is set for oral argument on the same day as the upcoming Case Management Conference—May 8, 2025.

*Omnibus Sealing Motions*: Pursuant to the Stipulation and Order Modifying Sealing Procedures at ECF No. 347, the Parties filed their consolidated motions to seal concerning the summary judgment briefing on April 29, 2025. (ECF Nos. 370, 371). Any oppositions will be filed by May 5, 2025, before the Case Management Conference.

*Defendants' Motion to Vacate or Dissolve the Preliminary Injunction*: Defendants filed a Motion to Vacate or Dissolve the Preliminary Injunction, which the Court denied without prejudice and with leave to renew depending on the outcome of the Court's ruling on Defendants' summary judgment motion. (ECF No. 365).

B. <u>Anticipated Motions</u>

*Pre-Trial Motions*:  The parties anticipate filing pre-trial motions on the timeline set by the Court's scheduling order (ECF No. 264).

Defendants anticipate submitting any additional filings necessary to vacate or dissolve the injunction.

<u>Pre-Trial Filing Page Limit and Contents.</u>

1. <u>Motions *In Limine:*</u> Plaintiffs propose the parties each file an omnibus consolidated brief no longer than 25 pages on all motions *in limine* and an omnibus consolidated opposition brief no longer than 25 pages. Defendants propose a five page limit on each motion in limine and opposition, excluding declarations and exhibits, but not an omnibus page limit .

2. <u>*Daubert* Motions</u>*:* Plaintiffs propose the parties each file an omnibus *Daubert* motion with seven pages per expert, up to a maximum of 28 pages, and an omnibus consolidated opposition brief with seven pages per expert, up to a maximum of 28 pages. Plaintiffs' proposal will give the parties an equal number of pages per expert, whereas Defendants' proposal will give Defendants twice as much space to make their arguments because Defendants disclosed four experts and Plaintiffs disclosed two experts. Defendants accept the proposal Plaintiffs presented at the parties meet and confer—each side file an omnibus Daubert motion of up to 28 pages, without a per-expert limitation (which Plaintiffs only added after the parties' meet and confer). Plaintiffs proposal would give them (28 pages)

double the number of pages as Defendants (14 pages) because of the difference in the number of experts disclosed.

The parties also respectfully request the Court's guidance as to the content of the trial briefs contemplated by the Court's scheduling order (ECF No. 270), and any page limits.

**4.     Discovery**

Non-expert discovery closed on March 10, 2025. Expert discovery closed on April 14, 2025. The only outstanding deposition is the conclusion of the deposition of Pauline Wise consistent with the Court's March 4, 2025 order. (ECF Nos. 326). Defendants requested her availability on: January 31, February 28, March 19, April 4, and April 28. On April 29, Plaintiffs' counsel indicated they were unable to arrange for the continuation of Ms. Wise's deposition despite diligent efforts and they do not anticipate she will be called as a trial witness but, should that change, Plaintiffs will promptly notify Defendants of a proposed date for continuation of her deposition.

Defendants' Statement

The parties also have an outstanding discovery dispute related to alleged spoliation of text messages sent via the Signal app. (ECF No. 337). Defendants lodged with the Court on March 25, 2025 the limited number of non-spoliated messages that were produced.

Plaintiffs' Statement

As set forth in Plaintiffs' March 19, 2025 letter (ECF No. 334), Plaintiffs disagree with Defendants' characterization of the Signal messages. The Court has deferred any decision on granting Defendants leave to file a late spoliation motion regarding the Signal messages. ECF No. 340.

**5.     Settlement and ADR**

Defendants entered into separate settlement agreements resolving the claims of Ms. Teresa Sandoval, Mr. Molique Frank, and Mr. David Martinez. *See* ECF Nos. 336, 344, 348.  These Plaintiff will file notices of dismissal with prejudice once they receive payment pursuant to the terms of their settlement agreements.

The remaining parties reached an impasse in their settlement discussions despite the considerable assistance of Magistrate Judge Lisa Cisneros and will consider whether to resume settlement discussions following the Court's ruling on the summary judgment motion.

**6.    Narrowing Of Issues**

The parties are committed to determining whether certain issues can be narrowed by agreement. Defendants believe their Partial Motion to Dismiss the Third Amended Complaint and Motion for Summary Judgment will narrow the issues. As described below in Section 8, Defendants also request that the Court hold a further CMC on Wednesday June 4, 2025 in advance of the parties' June 20 pretrial document filing date to provide guidance to the parties —and potentially narrow—the scope of the trial and of the associated filings and motions.

**7.    Scheduling**

Defendants respectfully request the Court set a further Case Management Conference prior to the final pre-trial conference currently scheduled for July 9, 2025 at 1:00 p.m. for the purpose of streamlining any pretrial filings. Defendants request Wednesday, June 4, 2025 at 1:30 p.m. if that date is convenient for the Court. Plaintiffs have no objection to this request.

**8.    Trial**

The Court set this matter for a bench trial not to exceed eight days beginning on July 28, 2025. (ECF Nos. 223, 264), with a Pretrial Conference on July 9, 2025. The parties have met and conferred and are in the process of agreeing to a pretrial schedule for exchange of documents and information in advance of the parties' pretrial filings on June 20, 2025.

The parties respectfully request guidance from the Court about the anticipated daily trial schedule, especially given the scheduling order's indication that "Trial days likely will not all be contiguous." ECF No. 270. The parties would appreciate any additional information the Court can provide about whether the eight trial days are expected to be scheduled over a two-week period or longer.

Plaintiffs also respectfully request any additional guidance on the Court's preferences for methods of streamlining the presentation of evidence at trial, including the Court's approach to testimony via deposition designations and/or declaration. Defendants object to any trial testimony via declaration and propose that for testimony via deposition designation the parties (1) play the video of any designated deposition testimony where the video exists, or (2) read into the record any designated deposition testimony where no video exists. Regardless of the format the time it takes to introduce

such testimony should be counted against the party offering that testimony's total allotted trial time. Any alternative approach would unfairly prejudice Defendants because of the disproportionate number of City employees as compared to Coalition employees and would have the effect of enlarging Plaintiffs' trial time as compared to Defendants' trial time.

Defendants' Statement

Defendants ask for leave to modify the Court's Pretrial Order regarding exhibit lettering, which states Plaintiffs should use numbers and Defendants should use letters for their exhibit lists. (ECF No. 223, § 5.c.4). Defendants request the ability to use numbers (beginning at 500 to mark their trial exhibits given the volume of likely exhibits.

Plaintiffs' Statement

Plaintiffs have no objection to Defendants' request regarding modifying the Court's Pretrial Order regarding exhibit lettering.

### 9. Other Issues

Plaintiffs' Statement

The parties have a dispute about whether Defendants will produce documents relevant to their compliance with the Preliminary Injunction. Mere days after fact discovery closed in this case, Defendants suddenly announced a major change to the City's policy for addressing homelessness. On March 26, 2025, the City issued a press release announcing "a new street team response model" to homelessness and street conditions, where "neighborhood-based operations will address encampments and unsafe behavior with urgency across San Francisco, in compliance with all applicable legal requirements, while the Citywide Team will deploy resources to high-need areas, preventing displacement and public safety issues before they escalate."[1]  Because Defendants do not provide Plaintiffs advance notice of these new encampment operations, Plaintiffs have little opportunity to observe them. But the observations Plaintiffs have been able to conduct indicate that these operations are largely indistinguishable from HSOC operations.  In light of this major policy change, Plaintiffs

---

[1] The City's press release is available at: https://www.sf.gov/news-mayor-lurie-launches-integrated-neighborhood-street-teams-on-coordinated-response-to-street-conditions-as-part-of-the-breaking-the-cycle-directive.

asked Defendants to produce a specific set of documents calculated to assess whether or not Defendants' "new" model complies with the terms of the Preliminary Injunction—specifically the number and identity of City agencies participating in the "new" model, whether City operations are planned in advance and require advance written notice, and whether the City removes encampments and/or confiscates property during these operations. Contrary to Defendants' assertion, this is not a different request than the request Plaintiffs originally made by email on March 26; the topics listed here are covered by the documents Plaintiffs originally requested, and Plaintiffs' request remains unchanged. Nor are the training materials or email summaries the parties discussed during their meet and confer call additional requests; those documents are encompassed in Plaintiffs' original request for written materials that describe the City's new model and written materials that describe the City's operations to clear encampments, remove property, and bag and tag.

These documents—and the City's "new" model and operations—are relevant to whether Defendants are complying with the Preliminary Injunction. The parties have met and conferred about this matter, including via video conference on April 30. Defendants claim to still be ascertaining what documents exist, but maintain that, regardless of what documents exist, Plaintiffs are not entitled to any documents, because discovery has now closed, and have refused to agree to produce any documents. Plaintiffs also submitted a Public Records Act request, but have not received any indication from counsel or the City's public records custodian as to what if any documents the City will produce.

Plaintiffs are prepared to further brief this matter in a motion or letter for the Court, at the Court's direction.

Defendants' Statement

The Bag & Tag policy has not changed and remains in effect. Plaintiffs overstate the nature of the "changes" under the "new street team response model." Consistent with the existing Bag & Tag policy Plaintiffs agree is constitutional, DPW and SFPD are responding daily to 311 requests. These are not pre-planned operations. Staff respond daily based on reports submitted to 311. Plaintiffs have been provided notice to allow them to "monitor" DPW & SFPD daily responses to 311 requests. Defendants are informed and believe Plaintiffs have in fact "monitored" such daily responses. The

City is maintaining HSOC operations as it has done in the past, with operations now limited to two to three days per week. Plaintiffs continue to receive 72-hour notice of these HSOC operations. As Plaintiffs learned in deposition, DEM is coordinating a separate team of outreach workers in neighborhood zones to connect residents with City health and welfare services.

Contrary to Plaintiffs' claim, the City has not refused to produce the documents at issue here. Plaintiffs requested the City produce categories of documents at the April 30 meet and confer. The City stated it did not know whether each of the several categories of documents Plaintiffs' request exist and would speak with its clients. Although the City does not believe Plaintiffs have shown they are entitled to these documents for the reasons explained below, the City did not take a position on whether it would ultimately produce them. Instead, the City stated that it would respond to Plaintiffs the following week after having had an opportunity to speak with its clients about the requests. One party should not be permitted to shoehorn issues into a CMC statement before there is an impasse.

This is especially true where the information Plaintiffs request in their CMC statement is materially different than the documents Plaintiffs requested at the meet and confer. Plaintiffs now ask for three things: the "[1] number and identity of City agencies participating in the "new" model, [2] whether City operations are planned in advance and require advance written notice, and [3] whether the City removes encampments and/or confiscates property during these operations." ***The City is willing to provide Plaintiffs this information if that will end their inquiry***. But in their request to meet and confer Plaintiffs asked for a much more burdensome set of information. Plaintiffs requested in writing:

> 1. Any PPT presentations, playbooks, game scenarios, or other written material that describe the work undertaken by the Neighborhood-Based Response Teams, DPW, and SFPD, including: whether notice and of what kind (written, oral) will be provided in advance of the teams' activities, the role of the respective City agencies on these teams or on other activities relating to unhoused individuals, their belongings, or encampments, and the circumstances under which the DPW bag and tag policy will (or will not) be applied.
>
> 2. On a recurring basis, any daily or weekly written reports or written material describing if and when DPW and SFPD clear encampments, remove unhoused individuals' belongings outside of an HSOC encampment resolution (whether attended, unattended, or abandoned), and bag and tag property. This would include CMMS reports coded "encampment" or "bag and tag," SFPD incident reports relating to enforcement of Cal. Penal Code § 647(e), San Francisco Police Code §168, and San Francisco Police Code § 169 against unhoused individuals that include either of the following terms in the narrative section of

the incident report: "property" or "tent, and SFPD incident reports relating to enforcement of Cal. Penal Code § 148(a) that include in the narrative section of the incident report the term "homeless" and either of "property" or "tent."

And at the meet and confer Plaintiffs expended their request to seek: (3) any training materials related to this program and (4) any email summaries of the operations.

Plaintiffs had advance notice of this operation and the chance to depose two City witnesses about the program after the close of fact discovery. On March 21, 2025—five days before Plaintiffs argue this new model began—the City emailed Plaintiffs' counsel stating:

> Out of an abundance of caution and consistent with any potential obligation created by the Court's August 7, 2025 Order (ECF No. 235), Defendants provide the following notification to Plaintiffs: beginning on Monday, March 24, 2025 and continuing seven days per week, employees of multiple City agencies intend to meet at 1145 Market Street at or around 8:00 a.m. from which they will respond in real time to calls for service, including calls related to homelessness. Defendants do not concede that this notification is required and reserve all arguments regarding notifications.

The City has no obligation under the traditional rules of discovery to continue producing documents past the close of fact discovery. Plaintiffs do not argue otherwise. Nor are they arguing that the Court should re-open fact discovery. The only basis for their request is to monitor compliance with the preliminary injunction, but Plaintiffs have not provided any explanation for why the specific materials they request are necessary to monitor the only remaining portion of the preliminary injunction, which is compliance with the Bag & Tag policy based on the Court's Fourth Amendment findings (the Court excluded Fourteenth Amendment adequate notice from the Preliminary Injunction). *See* ECF No. 65 at 44 n.18 ("The question of adequate notice under the Fourteenth Amendment is not before the court at this time"). This is especially so where Plaintiffs already submitted a Public Records Request to DPW for documents related to this issue on April 24 and the deadline for the City to respond to their request had not yet expired. Plaintiffs' current request also ignores the Court's two prior orders regarding ongoing disclosures to monitor compliance with the Preliminary Injunction, each of which terminated the ongoing document productions *at the close of fact discovery*. ECF Nos. 129, 235. Plaintiffs now seek far more, and far different, information than they were ever entitled to under those orders, but with no justification.

Plaintiffs do not present any evidence that the City's current operations are inconsistent with the Bag & Tag policy. To be clear, although some of the City's operations around homelessness and public drug use have changed, the Bag & Tag policy remains in place and unrevised, and for that reason Plaintiffs have not shown they are entitled to the discovery sought after the close of fact discovery.

Dated: May 1, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: s/*Kaitlyn Murphy*
     KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

Dated: May 1, 2025

Andrew Ntim
Nisha Kashyap
LAWYERS COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY

John Thomas H. Do
William S. Freeman
ACLU FOUNDATION OF NORTHERN CALIFORNIA

Scout Katovich
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Zoe Salzman
Vivake Prasad

|   |   |
|---|---|
| 1 | Bianca Herlitz-Ferguson |
| 2 | Vasudha Talla<br>EMERY CELLI BRINCKERHOFF ABADY WARD &<br>MAAZEL LLP |
| 3 | By: s/*Nisha Kashyap* |
| 4 | NISHA KASHYAP |
| 5 | Attorneys for Plaintiffs<br>COALITION ON HOMELESSNESS; SARAH CRONK; |
| 6 | JOSHUA DONOHOE; MOLIQUE FRANK; DAVID<br>MARTINEZ; TERESA SANDOVAL |

FURTHER JT CASE MANAGEMENT STATEMENT    10    n:\govlit\li2025\230239\01838819.docx
CASE NO. 4:22-cv-05502-DMR (LJC)

# ATTESTATION

I, Kaitlyn Murphy, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: May 1, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: s/*Kaitlyn Murphy*
KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT