DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

[Additional Counsel on next page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Trial Date:    July 28, 2025 |

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN THEOBALD, State Bar #328837
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 343-7103 [Metlitzky]
            (415) 343-7100 [Lanier & Theobald]
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

## I. INTRODUCTION

Pursuant to Local Rule 79-5, Defendants hereby submit this response to Plaintiffs' Omnibus Administrative Motion to File Under Seal (ECF No. 371).

Plaintiffs fail to meet their burden to overcome the "strong presumption of access to judicial records," particularly with respect to Defendants' Exhibits 2, 3, 6, 7, 8, 9, 20 & 22 and Plaintiffs' Exhibits 105, 114, 115, 116, 117 & 129, as well as the portions of Defendants' briefing and declarations that reference the foregoing.[1] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

To seal "records attached to a dispositive motion," Plaintiffs must "articulate [] compelling reasons supported by specific factual findings" for doing so. *Kamakana,* 447 F.3d at 1178-79 (citation omitted). "Compelling reasons" exist "when such 'court files might have become a vehicle for improper purposes', such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation omitted). "The mere fact," however, "that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted). In "decid[ing] to seal certain judicial records," the Court cannot "rely[] on hypothesis or conjecture." *Id.* (citation omitted). "'Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning' will not suffice." *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220 LHK (NC), 2018 WL 11606328, *1 (N.D. Cal. Apr. 20, 2018) (quoting *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

While Plaintiffs broadly describe Defendants' Exhibits 6, 7, 8, 9, 20 & 22 and Plaintiffs' Exhibit 114, 115, 116, 117 & 129 as "internal" documents of Plaintiff Coalition on Homelessness, Plaintiffs fail to articulate how disclosure of such information would harm Coalition. The cases on which Plaintiffs' rely, which all concern the proprietary information and trade secrets of commercial businesses, are inapposite. And while Defendants' Exhibits 2, 3, and Plaintiffs' Exhibit 105 contain

---

[1] ECF No. 349-1, Defs.' Ntc of MSJ & MPA, at 7:14-16; 9:15-16; 10:1-2, 5-7, 9-10, 21-22; 17:16-18; 17:25-18:1; 19:4-6; ECF No. 349-5, Mills Decl. at 2:4-5, 7-8, 12; 3:21-22; 3:28-4:1; ECF No. 368-1, Defs.' Reply at 5:20-22, 6:19-20.

information about Joshua Donohoe, Sarah Cronk, and Melodie that may traditionally be considered private, Joshua Donohoe, Sarah Cronk, and Melodie have already taken steps toward publicly disclosing such information, including through voluntary interviews with reporters, belying any assertion of confidentiality or harm from disclosure.

## II.  ARGUMENT

### A.  Plaintiffs Fail To Articulate "Compelling Reasons" To Seal Defendants' Exhibits 6, 7, 8, 9, 20 & 22 and Plaintiffs' Exhibit 114, 115, 116, 117 & 129.

Plaintiffs describe these documents as containing Coalition's "internal operating rules and structure," "internal operations and strategy," "organizing tactics," "future organizing plans," and "frank reflections" and "assessments" on past organizing efforts. (ECF No. 371, Pls. Omnibus Admin. Mot. to Seal at 5.) Plaintiffs cite three cases,[2] arguing that their "rationale applies to," *inter alia*, Defendants' Exhibits 6, 7, 8, 9, 20 & 22, and Plaintiffs' Exhibits 114, 115, 116, 117 & 129. (ECF No. 371, Pls. Omnibus Admin. Mot. to Seal at 6.) These cases, however, are inapposite. In *Grace*, *Opperman*, and *Qualcomm*, documents were sealed because their disclosure could cause harm to a party's "competitive standing." That "rationale" is not applicable here. It is entirely unclear, and Plaintiffs fail to articulate, how Coalition—which is a "501(c)(3) non-profit" engaged in "community organizing and advocacy" and "providing services and resources to unhoused people" (ECF No. 289, TAC ¶ 19)—could be harmed "competitively" (or in any way at all) through the disclosure of the information at issue. Coalition is nothing like the businesses in *Grace*, *Opperman*, and *Qualcomm*, who are in commercial competition with other businesses. And there is nothing similar about the Coalition documents at issue here and the "trade secrets," such as "proprietary source code" and internal "review processes" for commercial products, at issue in *Grace*, *Opperman*, and *Qualcomm*.

While disclosure of Coalition's "internal operating rules and structure," "internal operations and strategy," "organizing tactics," "future organizing plans," and "frank reflections" and "assessments" on past organizing efforts, may "lead to . . . embarrassment," such embarrassment is an insufficient basis to seal dispositive filings. *Kamakana*, 447 F.3d at 1179 (citation omitted). Plaintiffs

---

[2] Plaintiffs cite *Grace v. Apple, Inc.*, No. 17-cv-00551, 2019 WL 12288173 (N.D. Cal. Aug. 22, 2019), *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2017 WL 1036652 (N.D. Cal. Mar. 17, 2017); and *Qualcomm*, 2018 WL 11606328.

have failed to meet their burden of overcoming the strong presumption of access to judicial records. *See Qualcomm*, 2018 WL 11606328, at *1. In *Qualcomm*, which Plaintiffs cite in their motion, the court denied a motion to seal "redacted statements" that "relate to the inner workings and composition of Qualcomm's 'Patent Review Boards', which attorneys use to inform their legal advice including patent prosecution decisions," because Qualcomm's declaration in support of sealing "d[id] not specify *what* harm would result from disclosure, or *how* harm would result." *Id*. (original emphasis).

Plaintiffs similarly fail to articulate what or how harm would result from disclosure of Coalition's "internal operating rules and structure," "internal operations and strategy," "organizing tactics," "future organizing plans," and "frank reflections" and "assessments" on past organizing efforts. There are also additional reasons for why certain of the exhibits at issue should not be sealed. With respect to Defendants' Exhibit 7, which Plaintiffs describe as a "Coalition meeting agenda for its #StoptheSweeps campaign," the face of the exhibit shows it was not an "internal" meeting but was rather open to—and in fact attended by—individuals outside of Coalition. Plaintiffs argue Defendants' Exhibit 8 contains, *inter alia*, "the names of various staff members." (ECF No. 371, Pls.' Omnibus Admin. Mot. to Seal at 5.) But Coalition posts the names of its staff, with photographs, publicly on its website. (*See* OUR TEAM, Coalition on Homelessness, https://www.cohsf.org/our-team/ (last visited May 1, 2025)). And such information can be easily redacted and does not support sealing the entire document. Defendants' Exhibit 22 is not an "internal" Coalition document and is not confidential—it is an email to non-parties outside of Coalition.

The Court should decline to seal Defendants' Exhibits 6, 7, 8, 9, 20 & 22 and Plaintiffs' Exhibit 114, 115, 116, 117 & 129, as well as the portions of Defendants' briefs and declarations that reference the foregoing.

### B. Plaintiffs Fail To Articulate "Compelling Reasons" To Seal Defendants' Exhibits 2 & 3, and Plaintiffs' Exhibit 105.

The information contained in Defendants' Exhibit 2 & 3 and Plaintiffs' Exhibit 105 concern Plaintiffs Joshua Donohoe and Sarah Cronk and alleged Coalition member Melodie, and is not "confidential." Plaintiffs argue Exhibit 2 and Exhibit 3, which are "deposition transcript[s]" of Joshua Donohoe and Sarah Cronk, "set[] forth sensitive personal, medical, and health information" including

"substance use." (ECF No. 371, Pls. Omnibus Admin Mot. to Seal, at 2.) Sarah Cronk and Joshua Donohoe, however, have already publicly disclosed such information in at least one news article and one news video available online. (*See* Natalia Gurevich, *SF programs for pregnant mothers with addiction show 'what is possible'*, S.F. Examiner, (Jul. 30, 2024), https://www.sfexaminer.com/news/health/these-sf-programs-help-pregnant-mothers-with-drug-addiction/article_890a16e4-4e37-11ef-8dcc-633758a69875.html; CBS News, *Formerly homeless San Francisco woman works toward a better life after pregnancy*, (Dec. 10, 2024), https://www.cbsnews.com/sanfrancisco/video/formerly-homeless-san-francisco-woman-works-toward-a-better-life-after-pregnancy/.). While the information at issue in these transcripts might ordinarily be confidential, the Individual Plaintiffs' voluntary disclosure of the same information to the public outside the context of this lawsuit prevents them from showing it should be sealed here.

The same is true of Exhibit 105. Plaintiffs argue Exhibit 105, which is a "declaration" of Melodie—who is one of the alleged Coalition members on which Plaintiffs rely for standing (*see* ECF No. 350-9, Mills Decl., Ex. 4, Pls.' Resp. to Rog No. 17)—"discloses sensitive personally identifying information." (ECF No. 371, Pls.' Omnibus Admin. mot. to Seal, at 3.) It is unclear, however, and Plaintiffs have not articulated, how a declaration drafted and signed in contemplation of public filing in this lawsuit could be "confidential." This is especially so where Melodie is not a traditional third-party and is instead one of the individuals on which Coalition rely to assert associational standing. Plaintiffs have not articulated compelling reasons for sealing the foregoing information.

The Court should decline to seal Defendants' Exhibits 2, 3, and Plaintiffs' Exhibit 105, as well as the portions of Defendants' briefs and declarations that reference the foregoing.

## III.   CONCLUSION

For the reasons set forth above, the Court should deny the Plaintiffs' motion to seal as to Defendants' Exhibits 2, 3, 6, 7, 8, 9, 20 & 22 and Plaintiffs' Exhibits 105, 114, 115, 116, 117 & 129, as well as the portions of Defendants' briefs and declarations that reference the foregoing.

/ / /

/ / /

Dated: May 5, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: s/Edmund T. Wang
EDMUND T. WANG

WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN THEOBOLD

CONRAD | METLITZKY | KANE LLP

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT