EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> **Judge:** The Hon. Donna M. Ryu |

# INTRODUCTION

Pursuant to the Stipulation and Order Modifying Sealing Procedures, Dkt. 347, and Local Rules 7-11 and 79-5, Plaintiffs submit this reply in support of Plaintiffs' Omnibus Administrative Motion to File Under Seal, Dkt. 371, in connection with Defendants' motion for summary judgment, Dkt. 350, 366, 369.

Plaintiffs have satisfied their burden, as they have articulated compelling reasons "sufficient to outweigh the public's interest in disclosure" as to each document or specified portion thereof. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). **Defendants' Exhibits 2 & 3** and **Plaintiffs' Exhibit 105** contain sensitive and confidential personal, health, or medical information. **Defendants' Exhibits 6, 7, 8, 9, 20 & 22** and **Plaintiffs' Exhibits 114, 115, 116, 117 & 129** contain business records belonging to the Coalition on Homelessness ("Coalition") that have the potential to "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179. Sealing is further justified because these documents "bear only tangentially on the . . . matters at the heart of this litigation." *Barnes v. Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015).

# ARGUMENT

**A. Compelling Reasons Justify Sealing the Sensitive and Confidential Personal, Health, and Medical Information in Defendants' Exhibits 2 & 3 and Plaintiffs' Exhibit 105.**

The information contained in **Defendants' Exhibits 2 and 3** and **Plaintiffs' Exhibit 105** is sensitive, confidential, and not material to the Court's resolution of Defendants' motion for summary judgment. Courts also regularly seal information consisting of confidential health and medication information deemed private under federal and California law. *See Heldt v. Guardian Life Ins. Co. of Am.*, No. 16-CV-885-BAS-NLS, 2018 WL 5920029, at *2 (S.D. Cal. Nov. 13, 2018) (finding that the "need to protect medical privacy qualifies as a 'compelling reason' to seal documents" (citing *Domingo v. Brennan*, 690 Fed. Appx. 928, 930 (9th Cir. 2017))).

The specific lines and pages of **Exhibit 2**, the deposition transcript of Plaintiff Joshua Donohoe, and specific lines and pages of **Exhibit 3**, the deposition transcript of Plaintiff Sarah Cronk, set forth sensitive personal, medical and health information, including criminal history and substance use. The nature, frequency, and extent of Plaintiffs' substance use and criminal activity is not relevant to, and certainly not dispositive of, Defendants' motion for summary judgment. The public's interest in those details is thus minimal. *See Barnes*, 2015 WL 1814293, at *2. Defendants concede that such material "might ordinarily be confidential." Dkt. 375, at 6. Their sole challenge to Plaintiffs' motion to seal the specific lines and pages at issue is their (false) claim that Plaintiffs have voluntarily discussed "the same information to the public outside of the context of this lawsuit" and should thus be prevented from sealing the information at issue here. *See id.* That argument fails for at least two reasons. First, Defendants mischaracterize the information at issue in **Exhibits 2** and **3**. Contrary to Defendants' assertion, the information sought to be sealed is not the "same information" discussed in the news article and news video cited. The deposition testimony at issue here is far more detailed, disclosing the specific manner, nature, and frequency of their respective drug use, addiction histories, and related incriminating activity. Second, even if the information sought to be sealed were the same—it is not—Defendants fail to cite a single case to support their contention that Plaintiffs' voluntary disclosure of some information in another forum vitiates their privacy interests here. Plaintiffs' privacy interests remain, and sealing is justified to prevent disclosure of information that has the potential to become "a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 591 (1978) (observing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through the publication of the painful details" (cleaned up)).

Similarly, compelling reasons justify sealing **Plaintiffs' Exhibit 105**, the declaration of non-party Melodie that discloses sensitive personally identifying information including her current address, as well as medical and health information. Notably, Defendants do not object to sealing Melodie's confidential, sensitive, personal information in **Plaintiffs' Exhibit 14**, an excerpt of

1  Melodie's deposition transcript. Defendants seek to draw a distinction without a difference
2  between sealing information in a deposition transcript and information in a declaration prepared
3  by the same witness. Melodie's privacy interests, however, are identical regardless of the format
4  of her testimony, and Defendants again cite no caselaw to the contrary. Courts regularly seal
5  declarations, in addition to deposition testimony. *See, e.g.*, *Clark v. InComm Fin. Servs., Inc.*, No.
6  EDCV 22-1839 JGB (SHKX), 2023 WL 11983779, at *2 (C.D. Cal. Dec. 1, 2023) (finding
7  compelling reasons to seal declarations.); *Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-
8  CV-1553 L (NLS), 2009 WL 2224596, at *7 (S.D. Cal. July 23, 2009) (sealing confidential
9  declarations that could result in "improper use" where other unsealed documents related to the
10 merits of the motion were not sealed and were "sufficient to put the motion and the Court's ruling
11 in context sufficiently to serve the public interest in understanding the judicial process"). The
12 information sought to be sealed here is not dispositive of Defendants' motion for summary
13 judgment. Sealing is justified to prevent disclosure of this information, which has the potential to
14 become "a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179.

**B. Compelling Reasons Justify Sealing Coalition on Homelessness's Business Records in Defendants' Exhibits 6, 7, 8, 9, 20 & 22 and Plaintiffs' Exhibits 114, 115, 116, 117 & 129**

First, **Defendants' Exhibit 7** should be sealed because it discloses confidential legal strategies and it is "common-sense to conclude that [Coalition] could be harmed by the disclosure of its legal strategies." *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17 Civ. 00220, 2018 WL 11606328, at *2 (N.D. Cal. Apr. 20, 2018). That a *limited* number of *chosen* invitees may have attended the meeting disclosing the legal strategies, as Defendants argue, does not alter the sensitive nature of the information nor the harm Coalition would be subject to if this information is made available to the public at large, as discussed below.

Second, **Defendants' Exhibits 6, 8, 9, 20** and **22** and **Plaintiffs' Exhibits 114, 115, 116, 117,** and **129** should be sealed because they contain "sensitive internal information the disclosure of which would cause competitive harm or that would raise security concerns." *Grace v. Apple, Inc.*, No. 17 Civ. 00551, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019); *see also Ketayi, et*

3

*al. v. Health Enrollment Grp., et al.*, No. 20 Civ. 1198, 2023 WL 12007132, at *2 (S.D. Cal. June 28, 2023) (sealing various records containing "confidential business information that could harm the [party's] competitive standing"). **Defendants' Exhibits 6, 8, 9, 20** and **22** refer to or contain highly detailed business organizing plans and strategies, as well as assessments of those strategies. **Plaintiffs' Exhibit 114** is a Coalition manual containing confidential information about the Coalition's internal operations and strategy, as well as the names of various staff members. **Plaintiffs' Exhibits 115, 116, 117,** and **129** are each confidential business documents reflecting specific business expenses for one of the Coalition's publications. None of these documents are dispositive for Defendants' motion for summary judgment, and they "bear only tangentially on the … matters at the heart of this litigation." *Barnes*, 2015 WL 1814293, at *2.

Coalition's status as a non-profit does not mean that it cannot be damaged by disclosure of its internal confidential strategy and decision-making, and Defendants provide no authority stating otherwise. Coalition, like many organizations, has political and professional adversaries that lobby against it, its goals, and its members. These opponents include government and private actors, such as landlords, as well as individuals and groups opposed to protecting the rights of homeless people. Disclosure of confidential, internal Coalition documents would give Coalition's opponents insight into its strategy and plans, impacting its competitive standing *vis-a-vis* other organizations—in the same way as for-profit corporations *vis-à-vis* their competitors—and subjecting it to reputational, political, and financial harm as a result. The distinction that Defendants seek to draw between for-profit businesses and non-profit organizations is without basis in law or common sense. Legal rights in this country do not depend on a party's wealth or for-profit status.

Defendants' remaining arguments lack merit. First, **Defendants' Exhibit 8**, reflecting Coalition's internal training manual, should remain sealed because it reflects sensitive internal business information that threatens Coalition for the aforementioned reasons. That document also identifies the names of employees that are otherwise irrelevant to this action. *See Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4-6 (S.D. Cal. May 14, 2014).

Second, contrary to Defendants' argument, **Defendants' Exhibit 22** is a confidential document. It is a private, candid email exchange between Coalition and an allied organization, not intended for, or distributed to, the public at large. Sealing is justified to prevent the judicial process from becoming "a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion as to all documents designated in Plaintiffs' omnibus motion to seal, Dkt. 371, including **Defendants' Exhibits 2, 3, 6, 7, 8, 9, 20 & 22** and **Plaintiffs' Exhibits 105, 114, 115, 116, 117 & 129**, as well as the respective portions of the Parties' briefs and declarations that reference the foregoing.

Dated: May 9, 2025

Respectfully submitted,

By: /s/ Vasudha Talla

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: /s/ Nisha Kashyap

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: /s/ John Thomas H. Do

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

By: /s/ Scout Katovich

AMERICAN CIVIL LIBERTIES UNION
Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*