May 23, 2025

**VIA ECF**
Hon. Donna M. Ryu, Chief United States Magistrate Judge
United States District Court, Northern District of California

Re: Discovery Letter re: Evidence Submitted In Opposition to Summary Judgment
*Coalition on Homelessness v. City and County of San Francisco*, No. 4:22-cv-05502-DMR

Dear Judge Ryu,

Pursuant to the Court's Standing Order ¶ 14 and instructions (Dkt. No. 382), the parties write regarding the dispute concerning evidence submitted in opposition to the City's summary judgment motion. The parties met and conferred, but reached an impasse as to whether Plaintiffs disclosed their contention that the events described in the following were unlawful: (1) Dkt. No. 366-1, Herring Decl. at ¶¶ 4-9; (2) Dkt. No. 366-3, Verner-Crist Decl.; (3) Dkt. No. 366-5, Illa Decl.; (4) Dkt. No. 366-8, Talla Ex. 2, Cronk Depo. at 111:16-112:16, 176:8-177:5, 181:8-182:9, 183:9-185:6, 186:3-15, 200:14-204:3, 209:2-212:1; (5) Dkt. No. 366-12, Talla Ex. 6, Donohoe Depo. at 99:16-100:8, 100:23-102:25, 119:15-124:14, 170:19-174:18; (6) Dkt. No. 366-21, Talla Ex. 15, Reem Depo. at 39:5-15, 116:21-24, 146:15-150:5, 161:16-168:25, 173:19-23; (7) Dkt. No. 366-22, Talla Ex. 16, Stephenson Depo. at 138:12-141:9, 149:5-16, 204:4-19; (8) Dkt. No. 366-23, Talla Ex. 17, Dubose Depo. at 68:6-70:14, 72:15-74:18, 76:25-78:10, 87:22-88:9, 138:1-23; (9) Dkt. No. 366-24, Talla Ex. 18, Stromer Depo. at 105:14-108:11, 115:15-117:10, 118:25-120:18; (10) Dkt. No. 366-25, Talla Ex. 19, Erickson Depo. at 95:16-98:20, 129:24-132:23; (11) Dkt. No. 366-78, Talla Ex. 72, VERNER-CRIST_00000866; (12) Dkt. No. 366-99, Talla Ex. 93, COH01528931; (13) Dkt. No. 366-100, Talla Ex. 94, Verner-Crist Sweep Notes; and (14) Dkt. No. 366-111, Talla Ex. 105, Melodie Decl. (COH01528905) at ¶ 6. Upcoming case management deadlines: pretrial conference (July 9, 2025) and trial (July 28, 2025).

**The City's Position:** Plaintiffs are withholding the full extent of their contentions from the City. With respect to Dr. Herring's declaration, the subject opinions and materials were not in his expert report. Fed. R. Civ. P. 26(a)(2). With respect to the other evidence, they concern allegedly unlawful incidents Plaintiffs did not properly disclose in discovery. The City propounded a contention interrogatory asking Plaintiffs to identify "every instance where [they] contend SAN FRANCISCO unlawfully destroyed property." Plaintiffs' initial and supplemental responses referred to filed declarations and two additional incidents. (Ex. 2 at pp. 20-22; Ex. 3 at pp. 4-5.) Plaintiffs opposition to summary judgment was the first time Plaintiffs contend that additional interactions were unlawful. (*See* Wang Decl. ¶ 3.) That is improper. Plaintiffs knew they had an obligation to amend their responses, and indeed, did so once—they simply *chose to withhold* the information on which they now seek to rely. Tellingly, Plaintiffs' supplemental response was incomplete when they served it. Many of the incidents on which Plaintiffs now seek to rely, including incidents allegedly experienced by plaintiffs and observed by their investigator, occurred *before* Plaintiffs' August 26, 2024 supplemental response, yet Plaintiffs omitted those incidents from their response. Having withheld certain contentions during discovery, Plaintiffs cannot now raise them at summary judgment. Fed. R. Civ. P. 26(e), 37(c)(1).

Plaintiffs are not excused from supplementing their responses about which interactions were *unlawful*. First, they did not "otherwise" "ma[k]e known" the missing information. Fed. R. Civ. P. 26(e). Neither documents nor depositions made known whether Plaintiffs contend the City "unlawfully destroyed property" during the events at issue. Documents concerning an incident disclose only that it occurred, not a party's contention about it. *See Moeller v. Taco Bell Corp.*, No. C 02-5849 PJH (JL), 2008 WL 11454816, at *2 (N.D. Cal. Aug. 28, 2008) (party "cannot reasonably rely solely on the document production option of FRCP 33(d) to respond to a contention interrogatory" (citing *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574 (M.D.N.C. 2002))). "[D]ocuments themselves rarely, if ever, reveal contentions of fact or law." *Elfindepan,*

206 F.R.D. at 576-77 and n. 5. Depositions are also no substitute for a clear and complete response to a contention interrogatory. *See Rovai v. Select Portfolio Serv'g, Inc.*, No. 14cv1738-BAS (MSB), 2019 WL 1330922, at *7 (S.D. Cal. Mar. 22, 2019) ("deposition testimony" "[wa]s not a substitute for a clear and complete answer to this interrogatory"); *Learning Tech. Partners v. Univ. of the Incarnate Word*, No. 14-cv-4322-PJH, 2016 WL 344881, at *3 (N.D. Cal. Jan. 28, 2016) (while "deposition testimony does attempt to re-insert Apex into the case, it cannot overcome plaintiff's failure to mention … Apex … in its interrogatory response.").

Second, the volume of likely *lawful* incidents here requires that Plaintiffs affirmatively tell the City which incidents Plaintiffs contend were unlawful. The City should not be forced to guess—amongst the hundreds of thousands of documents and 280 hours of depositions covering many thousands of interactions—which incidents were *unlawful*. Moreover, the City could not, and should not be required, to presume the unlawfulness of each incident disclosed in discovery (and certainly not after Plaintiffs once supplemented their interrogatory responses *without* disclosing other incidents upon which they would eventually rely). After all, Plaintiffs' concede the City can lawfully discard items and admit not all property destruction they observed was unlawful. (*See* Ex. 4, at 11.) Plaintiffs did not see unlawful property destruction at every "sweep," and just because they produced a document concerning a "sweep" does not mean they contend the "sweep" was unlawful; so the City cannot assume every or any incident Plaintiffs discussed is one they contend was unlawful. (*See* Ex. 5 (Illa), 151:13-16; Ex. 6 (Verner-Crist), 97:3-19, 134:11-20.) While documents and depositions may provide some information about what Plaintiffs observed, they do not disclose which of the incidents Plaintiffs contend was unlawful.

Third, an interrogatory response is critical because only Plaintiffs with their counsel can identify instances Plaintiffs contend violate the law. *See Moeller*, 2008 WL 11454816, at *2 ("Only plaintiff can identify its own contentions" (citation omitted)). This is especially so because many witnesses were third parties, so their opinions about the City's conduct say nothing about *Plaintiffs'* contentions. And just because a non-lawyer witness believed something was unlawful does not mean Plaintiffs and their counsel agree, especially where witnesses misunderstood, or had never read, the Bag & Tag policy. For example, Plaintiffs admit items soiled with body fluids can be discarded; yet many witnesses testified it was unlawful for DPW to discard such items. (*See* Ex. 5 (Illa), 157:5-17; Ex. 7 (Delamora), 183:14-184:4; Ex. 8 (Ackerman), 110:19-111:4, 111:13-113:3.) Even named plaintiffs have never read the Bag & Tag policy. (*See* Ex. 9, 25:10-12, 158:4-6; Ex. 10, 152:14-154:24, 156:3-6.) Multiple third parties confirmed the same. (*See, e.g.*, Ex. 11 (Melodie), 53:19-23; Ex. 12 (Erickson), 56:15-19; Ex. 13 (Dubose), 55:15-25.)

Fourth, Plaintiffs' argument the City should have relied on documents or depositions to learn which incidents Plaintiffs contend were unlawful is disingenuous. For example, Plaintiffs' investigator testified that he did not write in his reports whether any property destruction he observed was unlawful. (*See* Ex. 6, 97:8-19.) And when the City asked him to identify which of his observations would be at issue in trial, Plaintiffs' counsel instructed him *not* to answer. (*See id.* at 130:23-133:5.) As another example, Donohoe testified that the only instances of property destruction at issue were those contained in his then-existing declarations and interrogatory responses, while Cronk confirmed her interrogatory responses were complete—yet Plaintiffs now seek to rely on incidents they chose not to identify in their interrogatory responses. (Ex. 9, 205:7-12; Ex. 10, 84:16-85:12.) It was critical for Plaintiffs to further supplement their responses, especially since Plaintiffs' actions otherwise concealed that information.

Plaintiffs cannot meet their burden of proving their failure was "harmless" or "substantially justified." Fed. R. Civ. P. 37(c)(1); *see also Bookhamer v. Sunbeam Prod. Inc.*, No. C 09-6027 EMC (DMR), 2012 WL 4513872, at *2 (N.D. Cal. Oct. 1, 2012) (non-disclosing party has burden to prove exceptions to Rule 37 sanction). "Prejudice and surprise, the ability of the harmed party to cure the prejudice, the likelihood of disruption at trial, and willfulness in not timely disclosing evidence are all factors the Court may consider in determining 'harmlessness.'"

*Naser v. Met. Life Ins. Co.*, No. 10-cv-04475, 2013 WL 4017363, at *6 (N.D. Cal. July 31, 2013) (citation omitted)). Here, Plaintiffs' failure prejudiced and surprised the City. Not only does it take significant time and resources to investigate claims of unlawful property destruction, depositions were subject to time limits. By withholding instances of property destruction Plaintiffs contend were unlawful from the City, Plaintiffs deprived the City of a meaningful opportunity to investigate and depose witnesses. *See id.* (failure to supplement deprived a party of a "meaningful opportunity to depose" a witness). For example, less than a month before his deposition, Plaintiffs produced "Notes" by Plaintiffs' investigator for 43 "sweeps" on top of the 14 described in his declarations; but not all 43 were unlawful. (*See* Ex. 6, 134:11-20.) Had Plaintiffs identified the 23 of those 43 on which they now seek to rely, the City would have made different strategic choices about how to spend its time before, during, and after the deposition. *See Naser*, 2013 WL 4017363, at *6 (failure to supplement not harmless where harmed party "was forced to alter its deposition strategy"). Further, Plaintiffs' actions continue to impair the City's ability to prepare for trial and will disrupt trial. Trial is fast approaching. **Yet the City still does not know all of the incidents Plaintiffs contend were unlawful.** Plaintiffs still will not say whether any of the remaining 20 "sweeps" their investigator observed will be at issue at trial. The same for the other ***thirteen*** filings at issue in this letter. The City cannot defend against claims of unlawful property destruction without knowing what those claims are. And finally, as discussed above, Plaintiffs' failure to disclose all of their contentions was intentional.

Plaintiffs' failure to supplement their interrogatory responses was not substantially justified. Having supplemented once, there was no reason Plaintiffs could not further supplement to identify the instances of allegedly unlawful property destruction at issue here. Rather, Plaintiffs *chose to withhold* such information. For example, by at least their investigator's deposition, Plaintiffs *knew* which "sweeps" of his they would be using yet withheld that information. (*See* Ex. 6, 130:23-133:5.) Nor did Plaintiffs subsequently supplement their interrogatory responses with that information. Similarly, despite Cronk and Donohoe's testimony that the only instances of property destruction at issue were contained in their declarations and interrogatory responses (*see* Ex. 9, 205:7-12; Ex. 10, 84:16-85:12), Plaintiffs did not subsequently supplement their interrogatory responses with the additional incidents mentioned at their depositions. Instead, Plaintiffs let their (as it turns out, incomplete) interrogatory responses and their (as it turns out, misleading) testimony remain uncorrected. It was not until Plaintiffs opposed summary judgment that the City learned that (at least) 23 of the 43 "sweeps" their investigator observed and additional "sweeps" of Cronk and Donohoe's property, were also at issue. Plaintiffs withheld this information until they could use it without first exposing their contentions to fulsome investigation and/or examination. Such selective disclosure of their contentions is untenable.

**Plaintiffs' Position:** The City's motion is the latest in a series of frivolous disputes and appeals that waste resources and attempt to delay resolution of the merits of this case. Instead of rebutting evidence of constitutional violations—which the City chose not to investigate despite *years* to do so—the City baselessly accuses Plaintiffs of improper disclosure never raised during discovery. The City cites no support for prejudice by not having responses to contention interrogatories prior to depositions. The courts reject as unduly burdensome the City's position that a party must constantly supplement contention interrogatories with all anticipated testimony *prior* to a witness's deposition. Summary judgment was *not* the first time that Plaintiffs contended that interactions beyond those identified in their amended interrogatory responses were improper. Plaintiffs filed declarations for many of these witnesses and incidents as evidence of the City's Fourth and Fourteenth Amendment violations *over two years ago*. *See* Dkt. 9 at 7 (citing Dubose) & 14 n.6 (citing Cronk, Donohoe, Dubose); Dkt. 130 at 9-11 (citing Erickson). In fall 2024, Plaintiffs produced a likely trial witness list of individuals who would testify to *the City's* property destruction. *See* Declaration of Vasudha Talla ("Talla Decl.") Exs. 31, 32. Prior to any depositions, Plaintiffs responded to the City's premature and overbroad contention interrogatories, supplementing responses in August 2024 with Cronk's additional instance of property destruction. *See* Talla Decl. Ex. 30 at 19-22, 28 & Ex. 37 at 3-4. The City also received

3

notes, photographs, videos, and other documents detailing the property destruction *prior to depositions*. The City deposed *all* witnesses it now seeks to preclude; Plaintiffs cannot be faulted if the City failed to question them properly or use all time allotted.

**(1) Herring:** The City's own documents, identified by Bates number in ¶ 6 of Herring's declaration at Dkt. 366-1, formed the basis for his analysis in ¶¶ 4-9. Herring's report disclosed he had analyzed "shifts" in HSOC operations. *See* Dkt. 366-2 at 37-39, and in his deposition, Herring explained he reviewed January 2025 HSOC operations as another example of these shifts. Talla Decl. Ex 1 at 23:15-24:3; 161:9-162:3; 183:15-184:2.[1]

**(2), (11), (13) Verner-Crist:** Verner-Crist's declaration was taken directly from his notes of 23 sweeps he observed, all produced unredacted on February 7, 2025 and February 18, 2025, while his photos and videos were produced even earlier on January 29, 2025. *Compare, e.g.*, Dkt. 366-3 ¶¶ 4-12 *with* Talla Decl. Ex. 2 at 1-20; *id.* at ¶ 4 (Aug. 22, 2024 notes filed at Dkt. No. 366-100, Talla Ex. 94); *id.* at ¶ 6 (Aug. 6, 2024 video filed at Dkt. No. 366-78, Talla Ex. 72). Verner-Crist provided extensive detail of the *City's* improper conduct, including dates, times, locations, and names of DPW personnel, and the lack of notice and property destruction he witnessed— placing the City on clear notice of the specific incidents in which he observed violations of the bag and tag policy. *E.g.* Talla Decl. Exs. 2-24. The City faced not 1000s of incidents, but only 48, that it was free to investigate before, during, and after Verner-Crist's deposition by questioning him, reviewing internal DPW reports of HSOC resolutions and photographs, SFPD incident reports, photographs, and bodycam footage, photographs of posted notice, and bag and tag logs. It *chose* to ask Verner-Crist only about a few of his notes, and not to use the full seven hours of time it had. Dkt. 366-3; Talla Decl. ¶ 8 & Ex. 25 at 240:17-248:4. Verner-Crist testified that reading his notes made clear what he thought was a bag and tag violation, and what sweeps would be part of his trial testimony. *Id.* at 97:3-98:1, 133:17-138:4. The City *never asked* Verner-Crist to identify the sweeps or notes in which he observed a bag and tag violation or other questions to elicit that information. Talla Decl. Ex. 25. Instead, the City asked only one question seeking attorney work product protected information about what Verner-Crist's trial testimony would consist of. *Id.* at 131:14-21. Contrary to the City's claims of concealment, Verner-Crist testified no such list existed. *Id.* at 133:6-16. The City *never* challenged the limited privilege invocation, choosing instead to sandbag Plaintiffs with it now, on the eve of trial. Plaintiffs also deposed DPW supervisor Israel Graham regarding two incidents in Verner-Crist's declaration on August 6, 2024 and December 9, 2024, and confirmed he was depicted in the August 6, 2024 video filed at Dkt. No. 366-78. Talla Decl. Ex. 26 at 137:9-145:18, 157:4-159:5.

**(3) Illa:** Plaintiffs produced all Illa's notes of sweep observations, videos, and photos, including those corresponding to the three incidents described in their declaration; the City thereafter deposed Illa about those three incidents. Talla Decl. ¶ 10 & Ex. 27 at 117:7-18; 125:17-133:22; 134:3-140:6.

**(4) Cronk, (5) Donohoe:** During their depositions in *September* and *November* 2024, Cronk and Donohoe testified at length about instances where the *City* destroyed their property, its condition, and other factors relevant to the bag and tag policy. Talla Decl. Ex. 28 at 200:12-201:22, 203:14-204:3, 208:23-211:1 & Ex. 29 at 98:20-100:8, 185:14-190:16. Cronk also was clear when she lost property that was *not* the result of the City's conduct. *See, e.g.*, Talla Decl. Ex. 28 at 237:3-25. The City mischaracterizes Cronk's testimony at 84:16-85:12: she was never asked—nor testified that—the list of incidents in her interrogatory responses were the only instances of property destruction at issue. Plaintiffs also disclosed that they would rely on these incidents as evidence

---

[1] In violation of the Court's Standing Order for joint letters like this, the City includes a one-sided chart, Wang Decl. ¶ 3, that should be struck: this improper "reply" to Plaintiffs' objections had to be contained in its portion of this letter instead of inserting substantive arguments in a declaration to obtain more pages.

of City misconduct in the Third Amended Complaint ¶ 249; Cronk and Donohoe's declarations at Dkt. No. 9-4 at 10 and 14; and ***in the contention interrogatory responses 4, 5 and 10***. Talla Decl. Ex. 30 at 19-22, 28. The *only* instance of property destruction that was not covered by the declarations and written discovery is the April 2023 incident involving Donohoe, which he testified about at length in his deposition. Talla Decl. Ex. 29 at 174:1-178:22.

**(14) Melodie:** Melodie clearly identified that *the City* destroyed her property *improperly* not only during her deposition but also in her declaration, which was produced to the City prior to her deposition. Talla Decl. ¶¶ 21-22. The City deposed Melodie about the property destruction described in paragraph 6 of her declaration filed at Dkt. 366-111. Talla Decl. Ex. 35 at 72:10-86:22. Plaintiffs also disclosed in January 2025 that they would rely on Melodie as a likely trial witness to testify about "destruction of property." Talla Decl. Ex. 32 at 6.

**(6) Reem, (7) Stephenson, (8) Dubose, (9) Stromer, (10) Erickson:** These witnesses all testified during their depositions that *the City* destroyed their property *improperly*, including answering questions about their previously-disclosed declarations. Talla Decl. Exs. 38-42. The City has had Dubose's declaration about the City destroying his property since September 2022 (Dkt. 9-6), Erickson's declaration since May 2023 (Dkt. 130-39), and Stephenson's declaration prior to her deposition. Talla Decl. ¶ 17. Plaintiffs also disclosed in November 2024 that they would rely on these witnesses to testify about property destruction. Talla Decl. Ex. 31 at 3, 5-6.

**(12) SF Standard Video:** Produced on March 5, 2025, Plaintiffs presented the video to DPW workers that confirmed it depicted them destroying property. Talla Decl. ¶ 18; Ex. 33 (Castro) at 147:5-153:2, 154:1-162:11; Ex. 34 (Ruth) at 114:15-121:20, 122:25-135:12.

Supplementation of interrogatory responses is unnecessary in these circumstances. *Bookhamer v. Sunbeam Prods. Inc.*, No. 09-cv-6027, 2012 WL 4513872, at *1 (N.D. Cal. Oct. 1, 2012) ("[I]ncidental discovery, particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule 26(e)(1) duty as sufficiently as formal filing."); *Nuance Commc'ns, Inc. v. Abbyy Software House*, No. 08-cv-2912, 2012 WL 2838431, at *1 (N.D. Cal. July 10, 2012); *Arroyo v. Int'l Paper Co.*, 611 F. Supp. 3d 824, 831 (N.D. Cal. 2020); *cf. Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998). Nor can failure to supplement responses to contention interrogatories cut off Plaintiffs' proof; Plaintiffs received significant document production on the eve of the fact discovery cut off, were forced to take depositions after that date, and expert discovery continued into summary judgment. Talla Decl. ¶ 28. *Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir. 1982); Wright & Miller, Federal Prac. & Proc. § 2181 (3d ed.) (interrogatories often "answered early in the case before a party has completed its investigation and before it has a full understanding of the case. Invariably holding parties to that early understanding would be quite wrong."). That is especially true because the City's interrogatories are "overly broad and unduly burdensome," requiring "'every fact' or 'all facts' supporting identified allegations or defenses.'" *Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); *Zysman v. Zanett Inc.*, No. 13-cv-02813, 2014 WL 1320805, at *4 (N.D. Cal. Mar. 31, 2014). None of the City's cases—involving parties disclosing evidence after the close of discovery or only in snippets of deposition testimony or by reference to an undifferentiated mass of documents—comes close to Plaintiffs' repeated disclosures via detailed declarations, interrogatory responses, notes and videos, and depositions.

The City's thin claims of prejudice are baseless. Claims of surprise or bad faith are meritless given the many declarations and level of disclosure described above. *See Bookhamer*, 2012 WL 4513872, at *2. Contention interrogatories need not be answered before depositions are taken. *E.g. Evanston Police Pension Fund v. McKesson Corp.*, No. 18-cv-06525, 2021 WL 4851312 (N.D. Cal. Oct. 14, 2021) (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337-338 (N.D. Cal. 1985)). As for trial preparation, the City has had full discovery and will receive required pretrial disclosures—witness lists describing testimony and the trial exhibit list.

    /s/*Edmund T. Wang*
EDMUND T. WANG


    /s/*Vasudha Talla*
VASUDHA TALLA