DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

[Additional Counsel on next page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DECLARATION OF EDMUND T. WANG IN SUPPORT OF JOINT DISCOVERY LETTER REGARDING SUMMARY JUDGMENT EVIDENCE**<br><br>Trial Date:         July 28, 2025 |

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN THEOBALD, State Bar #328837
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:     (415) 343-7103 [Metlitzky]
               (415) 343-7100 [Lanier & Theobald]
Facsimile:     (415) 343-7101
E-mail:        wmetlitzky@conmetkane.com
               jlanier@conmetkane.com
               ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

I, EDMUND T. WANG, declare as follows:

1. I am a Deputy City Attorney in the Office of the City Attorney for the City and County of San Francisco and am one of the attorneys of record for Defendants City and County of San Francisco (the "City"); San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco Department of Emergency Management (collectively "Defendants"). I am a member in good standing of the bar of this Court. I have personal knowledge of the matters stated, and if called to testify, I can and will testify competently as to all matters set forth herein. I submit this declaration in support of the parties' Joint Discovery Letter.

2. The parties met and conferred about the issues in this Joint Discover Letter on May 16, 2025. In advance of the meet and confer, the City sent Plaintiffs a list of the evidence Plaintiffs submitted with their summary judgment opposition that the City contends was not properly disclosed and Plaintiffs provided their response. A true and correct copy of that correspondence is attached as **Exhibit 1.** The parties reached an impasse as to the evidence at issue in the Joint Discovery Letter.

3. This declaration is submitted pursuant to the Court's instruction at the May 8, 2025 hearing that "if Defendants say, 'This is the first time we saw this, and it was not until we got their opposition brief. We never heard about this before,' [the Court] would like to have a declaration to that effect from the defense." (5/8/2025 Hrg. Tr. at 8:4-9.) Defendants contend that Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 366) was the first time Plaintiffs contend the incidents allegedly shown by the below evidence were unlawful, and thus said evidence should be excluded for the reasons set forth in the City's Position in the Joint Discovery Letter. It is provided in the form of a chart that includes Plaintiffs' Position for the convenience of the Court:

| Dkt. No. | Evidence | Reasons Not Previously Disclosed | Plaintiffs' Response |
|---|---|---|---|
| 366-1 | Herring Decl. at ¶¶ 4-9 | Dr. Herring did not rely on these materials in his Rule 26 expert report and the opinions disclosed in his summary judgment declaration were also not disclosed in the report (Dkt. No. 366-2). | The City's own documents, identified by Bates number in ¶ 6 of Herring's declaration at Dkt. 366-1, formed the basis for his analysis in ¶¶ 4-9. Herring's report disclosed he had analyzed "shifts" in |

| | | | |
|---|---|---|---|
| | | The portions of Dr. Herring's deposition Plaintiffs cite disclosed only he Herring was conducting further analysis, but do did not disclose the conclusions he reached from that analysis, which is what Plaintiffs sought to admit in their summary judgment opposition. | HSOC operations. *See* Dkt. 366-2 at 37-39, and in his deposition, Herring explained he reviewed January 2025 HSOC operations as another example of these shifts. Talla Decl. Ex 1 at 23:15-24:3; 161:9-162:3; 183:15-184:2. |
| 366-3 | Verner-Crist Decl. (all paras.) | Mr. Verner-Crist's summary judgment declaration included descriptions of incidents dated 11/15/23, 12/4/23, 8/5/24, 8/6/24, 8/15/24, 10/23/24, 11/20/24, 11/21/24, 12/7/24, 12/9/24, 1/6/25, 1/7/25, 1/13/25, 1/14/25, 1/16/25, 2/4/25, 2/5/25, 2/8/25, 2/10/25, 2/11//25, 2/12/25, 2/13/25 and 2/14/25. These were not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5).<br><br>Mr. Verner-Crist's notes from these events produced in discovery do not state that Plaintiffs contend any of these events were unlawful and production of the notes does not indicate the content was unlawful especially where the City's discovery requests sought documents related to all property destruction, not just property destruction Plaintiffs contend was unlawful. (*See also* Ex. 6, at 97:3-19, 134:11-20.)<br><br>Mr. Verner-Crist's deposition transcript does not indicate that Plaintiffs' contend any of these events were unlawful nor could it because Mr. Crist is not a party. The same is true of | Verner-Crist's declaration was taken directly from his notes of 23 sweeps he observed, all produced to the City on February 7, 2025 and February 18, 2025, while his photos and videos were produced even earlier on January 29, 2025. *Compare, e.g.*, Dkt. 366-3 ¶¶ 4-12 *with* Talla Decl. Ex. 2 at 1-20; *id.* at ¶ 4 (Aug. 22, 2024 notes filed at Dkt. No. 366-100, Talla Ex. 94); *id.* at ¶ 6 (Aug. 6, 2024 video filed at Dkt. No. 366-78, Talla Ex. 72). Verner-Crist provided extensive detail of the *City's* improper conduct, including dates, times, locations, and names of DPW personnel, and the lack of notice and property destruction he witnessed—placing the City on clear notice of the specific incidents in which he observed violations of the bag and tag policy. *E.g.* Talla Decl. Exs. 2-24. The City faced not 1000s of incidents, but only 48, that it was free to investigate before, during, and after Verner-Crist's deposition by questioning him, reviewing internal DPW reports of HSOC resolutions and photographs, SFPD incident reports, photographs, and |

| | | | |
|---|---|---|---|
| | | Mr. Graham's deposition transcript. | bodycam footage, photographs of posted notice, and bag and tag logs. It *chose* to ask Verner-Crist only about a few of his notes, and not to use the full seven hours of time it had. Dkt. 366-3; Talla Decl. ¶ 8 & Ex. 25 at 240:17-248:4. Verner-Crist testified that reading his notes made clear what he thought was a bag and tag violation, and what sweeps would be part of his trial testimony. *Id.* at 97:3-98:1, 133:17-138:4. The City *never asked* Verner-Crist to identify the sweeps or notes in which he observed a bag and tag violation or other questions to elicit that information. Talla Decl. Ex. 25. Instead, the City asked only one question seeking attorney work product protected information about what Verner-Crist's trial testimony would consist of. *Id.* at 131:14-21. Contrary to the City's claims of concealment, Verner-Crist testified no such list existed. *Id.* at 133:6-16. The City *never* challenged the limited privilege invocation, choosing instead to sandbag Plaintiffs with it now, on the eve of trial. Plaintiffs also deposed DPW supervisor Israel Graham regarding two incidents in Verner-Crist's declaration on August 6, 2024 and December 9, 2024, and confirmed he was depicted in the August 6, 2024 video filed at Dkt. No. 366-78. Talla Decl. Ex. 26 at 137:9-145:18, 157:4-159:5 |
| 366-5 | Illa Decl. (all paras.) | Mx. Illa's summary judgment declaration included descriptions of incidents dated 5/21/24, | Plaintiffs produced all Illa's notes of sweep observations, videos, and photos, including those |

| | | | |
|---|---|---|---|
| | | 5/30/24, and 12/20/24. These were not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4).<br><br>Mx. Illa's notes from these events do not disclose hat Plaintiffs contend any of these events were unlawful and production of the notes does not indicate the content was unlawful especially where the City's discovery requests sought documents related to all property destruction, not just property destruction Plaintiffs contend was unlawful. (*See also* Ex. 5, at 151:13-16.)<br><br>Mx. Illa's deposition transcript does not indicate that Plaintiffs' contend any of these events were unlawful nor could it because they are not a party. | corresponding to the three incidents described in their declaration; the City thereafter deposed Illa about those three incidents. Talla Decl. ¶ 10 & Ex. 27 at 117:7-18; 125:17-133:22; 134:3-140:6. |
| 366-8 | Talla Ex. 2, Cronk Depo. at 111:16-112:16, 176:8-177:5, 181:8-182:9, 183:9-185:6, 186:3-15, 200:14-204:3, 209:2-212:1 | This exhibit references incidents dated Nov./Dec. 2017, Unknown 2018, Jan./Feb. 2019, Unknown 2019, Feb. 2022, April 2022, and May 2022. These were not the incidents disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5) or in Ms. Cronk's declaration, or in the Third Amended Complaint.<br><br>Ms. Cronk's deposition transcript did not disclose that Plaintiffs' contend any of these events were unlawful nor could it because Ms. Cronk has never read the Bag & Tag Policy. | During their depositions in *September* and *November* 2024, Cronk and Donohoe testified at length about instances where the *City* destroyed their property, its condition, and other factors relevant to the bag and tag policy. Talla Decl. Ex. 28 at 200:12-201:22, 203:14-204:3, 208:23-211:1 & Ex. 29 at 98:20-100:8, 185:14-190:16. Cronk also was clear when she lost property that was *not* the result of the City's conduct. *See, e.g.*, Talla Decl. Ex. 28 at 237:3-25. The City mischaracterizes Cronk's testimony at 84:16-85:12: she was never asked—nor testified that—the list of incidents in her interrogatory responses were the only instances of |

| | | | |
|---|---|---|---|
| | | | property destruction at issue. Plaintiffs also disclosed that they would rely on these incidents as evidence of City misconduct in the Third Amended Complaint ¶ 249; Cronk and Donohoe's declarations at Dkt. No. 9-4 at 10 and 14; and *in the contention interrogatory responses 4, 5 and 10*. Talla Decl. Ex. 30 at 19-22, 28. The *only* instance of property destruction that was not covered by the declarations and written discovery is the April 2023 incident involving Donohoe, which he testified about at length in his deposition. Talla Decl. Ex. 29 at 174:1-178:22 |
| 366-12 | Talla Ex. 6, Donohoe Depo. at 99:16-100:8, 100:23-102:25, 119:15-124:14, 170:19-174:18 | This exhibit references incidents dated Late Aug. 2022, 1/5/23, and April 2023. They were not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5). These were not the incidents disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5) or in Mr. Donohoe's declaration, or in the Third Amended Complaint.<br><br>Mr. Donohoe's deposition transcript did not disclose that Plaintiffs' contend any of these events were unlawful nor could it because Mr. Donohoe has never read the Bag & Tag Policy. | *See* above |
| 366-21 | Talla Ex. 15, Reem Depo. at 39:5-15, 116:21-24, 146:15-150:5, 161:16-168:25, 173:19-23 | This exhibit references incidents dated Dec./Jan. 2024, May/June 2024, and July 2024. They were not disclosed in response to the City's Interrogatory No. 5 | These witnesses all testified during their depositions that *the City* destroyed their property *improperly*, including answering questions about their previously-disclosed |

| | | | |
|---|---|---|---|
| | | (Ex. 2 at 20-22; Ex. 3 at 4-5).<br><br>Mr. Reem's deposition testimony did not disclose that Plaintiffs' contended these events were unlawful nor could it because he is not a Plaintiff.<br><br>Plaintiffs' likely trial witness list disclosure does not mention any of these events by date and does not distinguish between lawful property destruction and unlawful property destruction. | declarations. Talla Decl. Exs. 38-42. The City has had Dubose's declaration about the City destroying his property since September 2022 (Dkt. 9-6), Erickson's declaration since May 2023 (Dkt. 130-39), and Stephenson's declaration prior to her deposition. Talla Decl. ¶ 17. Plaintiffs also disclosed in November 2024 that they would rely on these witnesses to testify about property destruction. Talla Decl. Ex. 31 at 3, 5-6. |
| 366-22 | Talla Ex. 16, Stephenson Depo. at 138:12-141:9, 149:5-16, 204:4-19 | This exhibit references incidents dated 7/22/24 and 8/2/24. They were not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5).<br><br>Ms. Stephenson's deposition testimony did not disclose that Plaintiffs' contended these events were unlawful nor could it because she is not a Plaintiff. The same is true of Ms. Stephenson's declaration.<br><br>Disclosure of Ms. Stephenson's declaration in discovery is not sufficient to indicate that Plaintiffs contended the content of the declaration showed unlawful property destruction especially where the City's discovery requests sought documents related to all property destruction, not just property destruction Plaintiffs contend was unlawful.<br><br>Plaintiffs' likely trial witness list disclosure does | *See* above |

| | | | |
|---|---|---|---|
| | | not mention any of these events by date and does not distinguish between lawful property destruction and unlawful property destruction. | |
| 366-23 | Talla Ex. 17, Dubose Depo. at 68:6-70:14, 72:15-74:18, 76:25-78:10, 87:22-88:9, 138:1-23 | This exhibit references incidents dated Unknown in "the Marina," and Unknown at Masonic & Geary. These incidents were not the ones disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5), or in Mr. Dubose's declaration. (*See also* Ex. 13 at 127:5-8. Mr. Dubose's deposition testimony did not disclose that Plaintiffs' contended these events were unlawful nor could it because he is not a Plaintiff. The same is true of Mr. Dubose's declaration. Plaintiffs' likely trial witness list disclosure does not mention any of these events by date and does not distinguish between lawful property destruction and unlawful property destruction. | *See* above. |
| 366-24 | Talla Ex. 18, Stromer Depo. at 105:14-108:11, 115:15-117:10, 118:25-120:18 | This exhibit references an incident dated Feb. 2024. This was not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5). Ms. Stromer's deposition testimony did not disclose that Plaintiffs' contended this event was unlawful nor could it because she is not a Plaintiff. Plaintiffs' likely trial witness list disclosure does not mention this event and | *See* above |

| | | | |
|---|---|---|---|
| | | does not distinguish between lawful property destruction and unlawful property destruction. | |
| 366-25 | Talla Ex. 19, Erickson Depo. at 95:16-98:20, 129:24-132:23 | This exhibit references incidents dated Unknown at Dore Alley and Oct. 2022. These were not the incidents disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5), or in Ms. Erickson's declaration.<br><br>Ms. Erickson's deposition testimony did not disclose that Plaintiffs' contended these events were unlawful nor could it because she is not a Plaintiff. The same is true of her declaration.<br><br>Plaintiffs' likely trial witness list disclosure does not mention these events and does not distinguish between lawful property destruction and unlawful property destruction. | *See* above |
| 366-78 | Talla Ex. 72, Verner-Crist Video (VERNER-CRIST_00000866) | This exhibit references an incident dated 8/6/24. This was not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5). Production of this video during discovery did not disclose that Plaintiffs contend the events depicted were unlawful especially where the City's discovery requests sought documents related to all property destruction, not just property destruction Plaintiffs contend was unlawful.<br><br>The use of the video at Mr. Graham's deposition is not sufficient to put Defendants on notice that Plaintiffs' | Verner-Crist's declaration was taken directly from his notes of 23 sweeps he observed, all produced to the City on February 7, 2025 and February 18, 2025, while his photos and videos were produced even earlier on January 29, 2025. *Compare, e.g.*, Dkt. 366-3 ¶¶ 4-12 *with* Talla Decl. Ex. 2 at 1-20; *id.* at ¶ 4 (Aug. 22, 2024 notes filed at Dkt. No. 366-100, Talla Ex. 94); *id.* at ¶ 6 (Aug. 6, 2024 video filed at Dkt. No. 366-78, Talla Ex. 72). Verner-Crist provided extensive detail of the *City's* improper conduct, including dates, times, locations, and names of DPW personnel, and the |

Wang Decl. ISO Joint Disc. Ltr.  
CASE NO. 4:22-cv-05502-DMR (LJC)

8

n:\govlit\li2022\230239\01842845.docx

| | | | contended this event was unlawful. | lack of notice and property destruction he witnessed—placing the City on clear notice of the specific incidents in which he observed violations of the bag and tag policy. *E.g.* Talla Decl. Exs. 2-24. The City faced not 1000s of incidents, but only 48, that it was free to investigate before, during, and after Verner-Crist's deposition by questioning him, reviewing internal DPW reports of HSOC resolutions and photographs, SFPD incident reports, photographs, and bodycam footage, photographs of posted notice, and bag and tag logs. It *chose* to ask Verner-Crist only about a few of his notes, and not to use the full seven hours of time it had. Dkt. 366-3; Talla Decl. ¶ 8 & Ex. 25 at 240:17-248:4. Verner-Crist testified that reading his notes made clear what he thought was a bag and tag violation, and what sweeps would be part of his trial testimony. *Id.* at 97:3-98:1, 133:17-138:4. The City *never asked* Verner-Crist to identify the sweeps or notes in which he observed a bag and tag violation or other questions to elicit that information. Talla Decl. Ex. 25. Instead, the City asked only one question seeking attorney work product protected information about what Verner-Crist's trial testimony would consist of. *Id.* at 131:14-21. Contrary to the City's claims of concealment, Verner-Crist testified no such list existed. *Id.* at 133:6-16. The City *never* challenged the limited privilege |

| | | | invocation, choosing instead to sandbag Plaintiffs with it now, on the eve of trial. Plaintiffs also deposed DPW supervisor Israel Graham regarding two incidents in Verner-Crist's declaration on August 6, 2024 and December 9, 2024, and confirmed he was depicted in the August 6, 2024 video filed at Dkt. No. 366-78. Talla Decl. Ex. 26 at 137:9-145:18, 157:4-159:5. |
|---|---|---|---|
| 366-99 | Talla Ex. 93, SF Standard Video (COH01528931) | This exhibit references an incident dated 7/30/24. This was not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5).<br><br>Production of this video during discovery did not disclose that Plaintiffs contend the events depicted were unlawful especially where the City's discovery requests sought documents related to all property destruction, not just property destruction Plaintiffs contend was unlawful.<br><br>The use of the video at Messrs. Castro and Ruth's deposition is not sufficient to put Defendants on notice that Plaintiffs' contended this event was unlawful. | Produced on March 5, 2025, Plaintiffs presented the video to DPW workers that confirmed it depicted them destroying property. Talla Decl. ¶ 18; Ex. 33 (Castro) at 147:5-153:2, 154:1-162:11; Ex. 34 (Ruth) at 114:15-121:20, 122:25-135:12. |
| 366-100 | Talla Ex. 94, Verner-Crist Sweep Notes | This exhibit references an ncident dated 8/22/24. This was not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5).<br><br>Production of these notes during discovery did not disclose that Plaintiffs contend the events depicted were unlawful especially | Verner-Crist's declaration was taken directly from his notes of 23 sweeps he observed, all produced to the City on February 7, 2025 and February 18, 2025, while his photos and videos were produced even earlier on January 29, 2025. *Compare, e.g.*, Dkt. 366-3 ¶¶ 4-12 *with* Talla Decl. Ex. 2 at 1-20; *id.* at ¶ 4 (Aug. |

| | | | |
|---|---|---|---|
| | | where the City's discovery requests sought documents related to all property destruction, not just property destruction Plaintiffs contend was unlawful, and Mr. Verner-Crist testified he did not see unlawful property destruction at every "sweep" and did not indicate whether he saw something unlawful in his notes. (*See* Ex. 6, at 97:3-19, 134:11-20.) | 22, 2024 notes filed at Dkt. No. 366-100, Talla Ex. 94); *id.* at ¶ 6 (Aug. 6, 2024 video filed at Dkt. No. 366-78, Talla Ex. 72). Verner-Crist provided extensive detail of the *City's* improper conduct, including dates, times, locations, and names of DPW personnel, and the lack of notice and property destruction he witnessed—placing the City on clear notice of the specific incidents in which he observed violations of the bag and tag policy. *E.g.* Talla Decl. Exs. 2-24. The City faced not 1000s of incidents, but only 48, that it was free to investigate before, during, and after Verner-Crist's deposition by questioning him, reviewing internal DPW reports of HSOC resolutions and photographs, SFPD incident reports, photographs, and bodycam footage, photographs of posted notice, and bag and tag logs. It *chose* to ask Verner-Crist only about a few of his notes, and not to use the full seven hours of time it had. Dkt. 366-3; Talla Decl. ¶ 8 & Ex. 25 at 240:17-248:4. Verner-Crist testified that reading his notes made clear what he thought was a bag and tag violation, and what sweeps would be part of his trial testimony. *Id.* at 97:3-98:1, 133:17-138:4. The City *never asked* Verner-Crist to identify the sweeps or notes in which he observed a bag and tag violation or other questions to elicit that information. Talla Decl. Ex. 25. Instead, the City asked only one question seeking attorney |

Wang Decl. ISO Joint Disc. Ltr.
CASE NO. 4:22-cv-05502-DMR (LJC)

11

n:\govlit\li2022\230239\01842845.docx

| | | | |
|---|---|---|---|
| | | | work product protected information about what Verner-Crist's trial testimony would consist of. *Id.* at 131:14-21. Contrary to the City's claims of concealment, Verner-Crist testified no such list existed. *Id.* at 133:6-16. The City *never* challenged the limited privilege invocation, choosing instead to sandbag Plaintiffs with it now, on the eve of trial. Plaintiffs also deposed DPW supervisor Israel Graham regarding two incidents in Verner-Crist's declaration on August 6, 2024 and December 9, 2024, and confirmed he was depicted in the August 6, 2024 video filed at Dkt. No. 366-78. Talla Decl. Ex. 26 at 137:9-145:18, 157:4-159:5. |
| 366-111 | Talla Ex. 105, Melodie Decl. (COH01528905) at ¶ 6 | This exhibit references an incident dated July 2024. This was not disclosed in response to the City's Interrogatory No. 5 (Ex. 2 at 20-22; Ex. 3 at 4-5). Melodie's deposition testimony did not disclose that Plaintiffs' contended these events were unlawful nor could it because she is not a Plaintiff. The same is true of her declaration. | Melodie clearly identified that *the City* destroyed her property *improperly* not only during her deposition but also in her declaration, which was produced to the City prior to her deposition. Talla Decl. ¶¶ 21-22. The City deposed Melodie about the property destruction described in paragraph 6 of her declaration filed at Dkt. 366-111. Talla Decl. Ex. 35 at 72:10-86:22. Plaintiffs also disclosed in January 2025 that they would rely on Melodie as a likely trial witness to testify about "destruction of property." Talla Decl. Ex. 32 at 6. |

4. On May 23, 2023, Defendants served on Plaintiffs the City's First Set of Interrogatories to Plaintiffs.

5. On June 22, 2023, Plaintiffs served their Response to Defendants' First Set of Interrogatories. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' Response to

Defendants' First Set of Interrogatories, dated June 22, 2023. This was previously filed as Exhibit 19 the Declaration of Steven Mills in Support of the City's Motion for Summary Judgment ("Mills Decl.") at Dkt. No. 350-24.

6.  On August 26, 2024, Plaintiffs served a Supplemental Response to Defendants' First Set of Interrogatories. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiffs' Supplemental Response to Defendants' First Set of Interrogatories, dated August 26, 2024. This was previously filed as Exhibit 26 to the Mills Decl. at Dkt. No. 350-31.

7.  Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' Responses to Defendants' First Request for Admission, served on March 10, 2025. This was previously filed as Exhibit 17 to the Mills Decl. at Dkt. No. 350-22.

8.  On February 20, 2025, Defendants took the deposition of Coalition on Homelessness employee Lukas Illa. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the deposition of Lukas Illa.

9.  On February 7, 2025, and February 18, 2025, Plaintiffs produced 43 "Sweep Monitoring Notes" for HSOC resolutions and JFO operations allegedly observed by Plaintiffs' counsel ACLU of Northern California's investigator, Dylan Verner-Crist.

10. On March 4, 2025, Defendants took the deposition of Dylan Verner-Crist. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the deposition of Dylan Verner-Crist.

11. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the deposition of non-party Henrick Delamora, taken on January 17, 2025.

12. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the deposition of non-party and Coalition on Homelessness volunteer Larry Ackerman, taken on March 6, 2025.

13. On November 12, 2024, Defendants took the deposition of Plaintiff Joshua Donohoe. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the deposition of Joshua Donohoe. This was previously filed as Exhibit 2 to the Mills Decl. at Dkt. No. 349-2.

14. On September 23, 2024, Defendants took the deposition of Plaintiff Sarah Cronk. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the deposition of Sarah Cronk. This was previously filed as Exhibit 3 to the Mills Decl. at Dkt. No. 349-3.

15. On February 28, 2025, Defendants took the deposition of non-party Melodie. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the deposition of Melodie.

16. On February 10, 2025, Defendants took the deposition of non-party Krystle Erickson. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the deposition of Krystle Erickson.

17. On February 3, 2025, Defendants took the deposition of non-party Patrick Dubose. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the deposition of Patrick Dubose.

18. On January 22, 2025, Defendants took the deposition of Sarah Stephenson.

19. On February 7, 2025, Defendants took the deposition of non-party Elizabeth Stromer.

20. On February 27, 2025, Defendants took the deposition of non-party James Reem.

21. The last day for collecting new facts to be offered at trial was February 14, 2025. (*See* Dkt. No. 264, Stipulation and Order to (1) Modify Deposition Limits and (2) Extend Case Schedule \*\*\*As Modified\*\*\*.) The last day to complete non-expert discovery was March 10, 2025. (*See* Dkt. No. 264 Stipulation and Order to (1) Modify Deposition Limits and (2) Extend Case Schedule \*\*\*As Modified\*\*\*.)

22. Plaintiffs have not further supplemented their response to Defendants' Interrogatory No. 5 beyond their August 26, 2024 supplemental response.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct. Executed May 23, 2025, at San Francisco, California.

 */s/ Edmund T. Wang*
EDMUND T. WANG