**EXHIBIT 10**

# In The Matter Of:

*Coalition on Homelessness, et al. v.*
*City and County of San Francisco, et al.*

*Sarah A. Cronk*
*September 23, 2024*

*Behmke Reporting and Video Services, Inc.*
*550 California Street, Suite 820*
*San Francisco, California  94104*
*(415) 597-5600*

Original File 43357Cronk_nl.txt
**Min-U-Script®**

```
                                                                    1

 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3    - - - - - - - - - - - - - - - - - -

 4    COALITION ON HOMELESSNESS; TORO    )

 5    CASTANO; SARAH CRONK; JOSHUA       )

 6    DONOHOE; MOLIQUE FRANK; DAVID      )

 7    MARTINEZ; TERESA SANDOVAL;         )

 8    NATHANIEL VAUGHN,                  )

 9              Plaintiffs,              ) CASE NO.

10    v.                                 ) 4:22-cv-05502-DMR(LJC)

11    CITY AND COUNTY OF                 )

12    SAN FRANCISCO, et al.,             )

13              Defendants.              )

14    - - - - - - - - - - - - - - - - - -

15

16       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

17              PURSUANT TO PROTECTIVE ORDER

18         VIDEOTAPED DEPOSITION OF SARAH A. CRONK

19                MONDAY, SEPTEMBER 23, 2024

20

21             BEHMKE REPORTING AND VIDEO SERVICES, INC.

22                      BY:  MARY J. GOFF, CSR NO. 13427

23                      550 CALIFORNIA STREET, SUITE 820

24                      SAN FRANCISCO, CALIFORNIA  94104

25                                      (415) 597-5600
```

2

        Videotaped deposition of SARAH A. CRONK, taken on behalf of Defendants, at Lawyers' Committee for Civil Rights of the San Francisco Bay Area, 131 Steuart Street, Suite 400, San Francisco, California, commencing at 10:09 A.M., MONDAY, SEPTEMBER 23, 2024, before Mary J. Goff, California Certified Shorthand Reporter No. 13427 and WA CSR No. 21030779, pursuant to Notice.

```
                                                              3

 1   APPEARANCES OF COUNSEL:

 2   FOR PLAINTIFFS:

 3        LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE

 4        SAN FRANCISCO BAY AREA, CCRSF

 5        BY:  ANDREW NTIM, ATTORNEY AT LAW

 6        131 Steuart Street

 7        Suite 4000

 8        San Francisco, California  94105

 9        Telephone:  (415) 543-9444

10        Email:  antim@lccrsf.org

11

12   - AND -

13        ACLU FOUNDATION OF NORTHERN CALIFORNIA

14        BY:  WILLIAM S. FREEMAN, ATTORNEY AT LAW

15        39 Drumm Street

16        San Francisco, California  94111

17        Telephone:  (415)-621-2493

18        Email:  wfreeman@aclunc.org

19

20

21

22

23

24

25
```

```
                                                              4

 1   APPEARANCES OF COUNSEL (CONTINUED):
 2   FOR DEFENDANTS:
 3       OFFICE OF THE CITY ATTORNEY
 4       BY:   STEVEN MILLS, ATTORNEY AT LAW
 5             KAITLYN MURPHY, ATTORNEY AT LAW
 6       1390 Market Street
 7       Sixth Floor
 8       San Francisco, California  94102
 9       Telephone:  (415) 355-3304
10       Email:  steven.mills@sfcityattry.org
11               kaitlyn.murphy@sfcityattry.org
12
13   ALSO PRESENT:
14       VINNY BEZERRA, VIDEOGRAPHER
15
16
17
18
19
20
21
22
23
24
25
```

84

1  "Plaintiffs' Supplemental response to Defendants'
2  First Set of Interrogatories."
3          Again, is that your name at the top?
4      A   Yes.
5      Q   And is that your signature at the bottom?
6      A   Yes.
7      Q   And was it executed on September 5, 2024?
8      A   Yes.
9      Q   Have you seen this document before?
10     A   Yes.
11     Q   And did you sign this document in
12  connection with the responses that you just reviewed
13  at Exhibit 4?
14     A   Yes.
15     Q   Okay.  Thank you.
16         So, Ms. Cronk, was it your understanding
17  that you were verifying those responses under oath
18  when you signed the verification pages?
19     A   Yes.
20     Q   And that's the same oath that you took to
21  tell today?
22     A   Yes.
23     Q   And when you were signing that document,
24  did you understand that it was important to give
25  accurate information when you submitted those

85

1    discovery responses?
2        A    Yes.
3        Q    And did you get -- do your best to give
4    accurate answers when you verified those discovery
5    responses?
6        A    Yes.
7        Q    And did you know that you needed to be
8    complete in your discovery responses?
9        A    Yes.
10       Q    And did you do your best to be complete in
11   providing your discovery responses?
12       A    Yes.
13       Q    Thank you.
14            And, Ms. Cronk, what types of personal
15   devices do you have?
16       A    I have a phone and a tablet.
17       Q    And how long have you had that phone?
18       A    About a year.
19       Q    And what kind of phone do you have?
20       A    I don't know what kind of phone I have.
21   A -- something "1."  An Android phone.
22       Q    And did you purchase that phone for
23   yourself or were you able to obtain it using
24   benefits?
25       A    Actually, it was a -- it was a gift.

152

1  to "lodge in any building, structure, vehicle, or
2  place, whether public or private, without the
3  permission of the owner or person entitled to the
4  possession or in control of it" prior to the lawsuit
5  being filed in September of 2022?
6      A    Yes.
7      Q    And what type of steps would you take to
8  conform your -- your conduct to that requirement?
9      A    I would not sleep in other people's cars
10 or go inside of spaces that were privately owned.
11          I would basically try to remain hidden
12 and -- on property that was -- that was basically
13 uninhabited.
14     Q    Do you know what the phrase "bag and tag"
15 means?
16     A    Yes.
17     Q    And what does that mean to you?
18     A    I believe that means that if a City worker
19 is going to confiscate people's belongings off of
20 the street, that they need to put them in bags, tag
21 them so that they can find -- find the exact
22 property and bring it to a designated location where
23 the person is able to retrieve their property.
24     Q    Okay.  And setting aside any conversations
25 that you may have had with counsel, when did you

153

1  become -- first become familiar with that concept of
2  bagging and tagging, as you described it?
3       A    When I first -- the first time I heard
4  about it was through this lawsuit, actually.
5       Q    Okay.  So have you ever read the City's
6  Bag and Tag policy?
7       A    No.
8       Q    Has anyone ever told you about -- aside
9  from any conversations with your counsel, has
10 anybody on the street ever told you about the
11 contents of the City's Bag and Tag policy?
12      A    I was -- I was told by a friend that they
13 were supposedly supposed to be bagging and tagging.
14      Q    But has anybody ever instructed you on how
15 to comply with the Bag and Tag policy requirements
16 if you were to be leaving any property on the
17 street?
18           And again, that's outside of any
19 conversations that you had with counsel.
20      A    No.
21      Q    Okay.  Did anybody from Coalition on
22 Homelessness ever tell you how to bag -- or how to
23 store your property on public sidewalks to avoid it
24 being bagged and tagged?
25      A    To avoid it being?

154

1  Q    To avoid it being bagged and tagged.
2  A    Can you -- I'm sorry.  Can you rephrase
3  that or --
4  Q    Yeah.
5  A    -- restate it?
6  Q    We'll take a step back.
7       Have you had any conversations with
8  Coalition on Homelessness about the Bag and Tag
9  requirements?
10 A    No.
11 Q    Do you have any recollection of, like,
12 nonprofit organizations coming out to the streets
13 and telling unhoused individuals how to pack their
14 belongings to avoid it potentially being bagged and
15 tagged?
16 A    No.
17 Q    So outside of the context of this
18 litigation, is it fair to say that you had no
19 understanding of what the City's Bag and Tag policy
20 was?
21 A    Yes.
22 Q    And have you ever read that Bag and Tag
23 policy?
24 A    I have not.
25      Is it possible we could take a short

156

1            So before we went on the break we were
2    talking about the City's Bag and Tag policy.
3            Do you have any knowledge of the
4    Department of Public Works' policies with respect to
5    storing property at the yard?
6        A    No.
7        Q    Have you ever tried to go to the DPW yard
8    to see if they had property of yours that may have
9    been collected on a street?
10       A    No.
11       Q    Have you ever spoken with anybody else
12   about filing government claims against the City for
13   property destruction allegations?
14       A    No.
15       Q    Are you familiar with the small claims
16   process of bringing a small claims action against
17   the City in a court -- in a state court?
18       A    Vaguely.
19       Q    And have you spoken with anybody about
20   bringing a small claims action against the City in a
21   state court?
22       A    No.
23       Q    What is your vague kind of recollection --
24   or understanding of what the small claims process
25   is?

276

```
 1  STATE OF CALIFORNIA        )
 2  COUNTY OF SAN FRANCISCO    ) ss.
 3          I hereby certify that the witness in the
 4  foregoing deposition, SARAH A. CRONK, was by me duly
 5  sworn to testify to the truth, the whole truth, and
 6  nothing but the truth, in the within-entitled cause;
 7  that said deposition was taken at the time and place
 8  herein named; and that the deposition is a true
 9  record of the witness's testimony as reported by me,
10  a duly certified shorthand reporter and a
11  disinterested person, and was thereafter transcribed
12  into typewriting by computer.
13          I further certify that I am not interested in
14  the outcome of the said action, nor connected with,
15  nor related to any of the parties in said action,
16  nor to their respective counsel.
17          IN WITNESS WHEREOF, I have hereunto set my hand
18  this 1st day of October, 2024.
19  Reading and Signing was:
20  _x_ requested   ___waived   ___ not requested
21
22                      *Mary J. Goff* (signature)
23
24              MARY J. GOFF, CSR NO. 13427
25                  STATE OF CALIFORNIA
```