# EXHIBIT 30

Talla Declaration

1   LATHAM & WATKINS LLP
    Alfred C. Pfeiffer, Jr., SBN 120965
2   505 Montgomery Street, Ste 2000
    San Francisco, CA 94111
3   Telephone: (415) 391-0600
    al.pfeiffer@lw.com
4

5   LAWYERS' COMMITTEE FOR CIVIL
    RIGHTS OF THE SAN FRANCISCO BAY AREA
6   Zal K. Shroff, MJP 804620, *pro hac vice*
7   131 Steuart Street, Ste. 400
    San Francisco, CA 94105
8   Telephone: (415) 543-9444
    zshroff@lccrsf.org
9

10  AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF NORTHERN CALIFORNIA
11  John Thomas H. Do, SBN 285075
    39 Drumm Street
12  San Francisco, CA 94111
    Telephone: (415) 293-6333
13  jdo@aclunc.org

14  *Attorneys for Plaintiffs Coalition on Homelessness,*
15  *Toro Castaño, Sarah Cronk, Joshua Donohoe,*
    *Molique Frank, David Martinez, Teresa Sandoval,*
16  *Nathaniel Vaughn*

17  *Additional Counsel Appear on Signature Page*

18
                    **UNITED STATES DISTRICT COURT**
19
                   **NORTHERN DISTRICT OF CALIFORNIA**
20
                          **OAKLAND DIVISION**
21

22  COALITION ON HOMELESSNESS, et al.,      CASE NO. 4:22-cv-05502-DMR

23                       Plaintiffs,         **PLAINTIFFS' RESPONSE TO**
                                             **DEFENDANTS' FIRST SET OF**
24          v.                               **INTERROGATORIES**

25  CITY AND COUNTY OF SAN FRANCISCO,
    et al.,

26                       Defendants.
27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EXHIBIT _42_                    PLTF.
WITNESS _D. Martinez_          DEFT.
CONSISTING OF _35_ PAGES
DATE _10-15-2024_
BEHMKE REPORTING AND VIDEO SERVICES, INC.

PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.

RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

SET NUMBER: One

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON HOMELESSNESS, TORO CASTANO, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, TERESA SANDOVAL, AND NATHANIEL VAUGHN collectively "Plaintiffs"), hereby respond to Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' responses to the following Interrogatories are made to the best of their present knowledge, information, and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Plaintiffs' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation.

2.    Plaintiffs reserve the right to supplement or amend any Responses should future investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs' responses should be in no way considered prejudicial in relation to further discovery, research, analysis, or production of evidence.

3.    The following responses and objections are given without prejudice to Plaintiffs' right to rely on subsequently discovered or recalled information and evidence. Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled subsequent to the date of these Responses, including, without limitation, any information or documents obtained

1    in discovery or by further investigation of this matter.

2        4.      Plaintiffs' Responses are made solely for the purpose of and in relation to this

3    action. Each response is given subject to all appropriate objections (including, but not limited to

4    objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility).

5    All objections are reserved and may be interposed at any time.

6        5.      Plaintiffs' Responses are premised on the understanding that the Interrogatories

7    only seek information that is within Plaintiffs' possession, custody, and control.

8        6.      Plaintiffs' Responses shall not prejudice their rights to produce or use any

9    subsequently discovered evidence.

10                                   **GENERAL OBJECTIONS**

11        Each of the following objections is asserted with respect to each of the following

12   Interrogatories. The reiteration of specific objections with respect to an Interrogatory is not

13   intended to waive any other of the general objections.

14       **1.**     Plaintiffs object to each Interrogatory to the extent that they seek (a) information or

15   documents that are not relevant to any party's claim or defenses in the action; (b) are not reasonably

16   calculated to lead to the discovery of admissible evidence; (c) impose a burden disproportionate

17   to the needs of the case; (d) seek information or documents beyond the scope of permissible

18   discovery; (e) are unreasonably cumulative or duplicative; or (f) seek information that is obtainable

19   from some other source that is more convenient, less burdensome, or less expensive.

20       **2.**     Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous,

21   overbroad, and/or fail to state with reasonable particularity the type of information sought therein,

22   and are not reasonably calculated to lead to the discovery of admissible evidence.

23       **3.**     Plaintiffs object to the Interrogatories to the extent that they seek disclosure of

24   information that is publicly available, already in Defendants' possession, custody, or control, or

25   otherwise available from sources to which Defendants have access.

26       **4.**     Plaintiffs object to the Interrogatories to the extent that they purport to impose on

27   Plaintiffs a duty to disclose information that it does not actually have in its possession, custody, or

28   control. Subject to the objections herein, in responding to the Interrogatories, Plaintiffs will

1  respond only as to information in its possession, custody, or control as of the date of this response.

2  Plaintiffs' Responses and Objections shall not be construed as representations regarding the

3  existence or non-existence of specific information in its possession, custody, or control. Plaintiffs

4  further object to the Interrogatories to the extent they seek physical documents that were previously

5  in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

6      **5.**      Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to make

7  a legal conclusion or render an expert opinion.

8      **6.**      Plaintiffs object to the Interrogatories to the extent they require premature expert

9  analysis or opinion.

10      **7.**      Plaintiffs object to the Interrogatories to the extent they assume facts that have not

11  been established or are in dispute, including any Interrogatory that relies upon or incorporates

12  assumptions in Defendants' theory of the case that have not been established and which Plaintiffs

13  have not yet had an opportunity to investigate. Plaintiffs' responses should be in no way be

14  considered as an admission of any factual assumption contained within the Interrogatories.

15      **8.**      Plaintiffs object to the Interrogatories to the extent that they are premised on legal

16  conclusions or otherwise assume the validity of Defendants' legal claims or theories, all of which

17  are disputed by Plaintiffs. Plaintiffs' responses should be in no way considered as an admission to

18  the validity of any legal conclusion contained within the Interrogatories.

19      **9.**      Plaintiffs object to the Interrogatories to the extent the information is protected from

20  disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

21      **10.**      Plaintiffs object to the Interrogatories to the extent they purport to impose

22  requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of

23  Civil Procedure, the local rules of the Northern District of California, or any other applicable rule

24  or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements

25  of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and

26  any other applicable rule or law.

27      **11.**      Based on Federal Rule of Civil Procedure 33(d), Plaintiffs objects to each

28  Interrogatory that seeks information that can be derived from documents that will be produced,

1    and where the burden to derive such information is substantially the same for Defendants as it is

2    for Plaintiffs.

3        **12.**    Plaintiffs object to the Interrogatories to the extent that they purport to require

4    disclosure of information that is subject to any privilege or immunity, including, but not limited

5    to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege,

6    or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal

7    statute, or any other applicable federal or state rule or law. The absence of a specific objection on

8    the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to an

9    Interrogatory on the basis of any applicable privilege.

10        **13.**    Any inadvertent disclosure of any privileged information shall not be deemed or

11    construed to constitute a waiver of privilege, or any other doctrine against disclosure, or Plaintiffs'

12    right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to

13    demand that the parties in this action return or destroy any inadvertently disclosed information.

14    Plaintiffs have not previously waived any applicable privilege and specifically state that they do

15    not intend to do so through the disclosure of any information in response to the Interrogatories. In

16    the event of inadvertent disclosure of any information or inadvertent identification of documents

17    or communications that are privileged or otherwise immune from discovery, the receiving party

18    will return the information to Plaintiffs and will be precluded from disclosing or relying upon such

19    information or documents in any way.

20        **14.**    Plaintiffs' General Objections apply to each and every Interrogatory and are hereby

21    incorporated by reference into each of the answers and objections set forth below, including

22    Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and Responses. The

23    reassertion of, or reference to, a particular General Objection in a Response to an Interrogatory

24    shall not be construed as a waiver of any General Objection not stated specifically herein.

25                    **OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

26        **1.**    Plaintiffs object to the Definitions and Instructions in the Request to the extent they

27    are susceptible to more than one meaning or are inconsistent with the ordinary and customary

28    meaning of such words and phrases or the rules governing the permissible scope of discovery.

1      **2.**      Plaintiffs object to the Definitions and Instructions to the extent that they purport

2      to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal

3      Rules of Civil Procedure, the local rules of the Northern District of California, or any other

4      applicable rule or law. Plaintiffs will construe and answer the Interrogatories in accordance with

5      the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District

6      of California, and any other applicable rule or law.

7      **3.**      Plaintiffs also object to the defined term "IDENTIFY" insofar as it requests

8      Plaintiffs identify a person's "current OR last known home AND business address" and "phone

9      number" on the ground that it is overly broad and implicates privacy concerns.

10      **7.**      Plaintiffs object to the Instruction to the extent that they state that Plaintiffs'

11      purported "failure to provide information in response to these Interrogatories shall constitute a

12      waiver" of Plaintiffs' "right to reply on such evidence at any point in this litigation." Plaintiffs

13      specifically reserve the right to make use of, or to introduce at any hearing and at trial, information

14      and/or documents responsive to the following Interrogatories discovered or recalled subsequent to

15      the date of these responses, including, without limitation, any information or documents obtained

16      in discovery or by further investigation of this matter.

17      **RESPONSES TO INTERROGATORIES**

18      **INTERROGATORY NO. 1**:

19      IDENTIFY every instance where SAN FRANCISCO unlawfully "cited, fined, or arrested"

20      an individual, including YOU, because the individual was not first provided an offer of shelter,

21      including all facts on which you rely, such as the date and location of the event; the code section

22      involved; the identity of the person who was cited, fined, or arrested; the identity of the SAN

23      FRANCISCO employee who issued the citation or fine or effected the arrest; the citation, fine, or

24      arrest number; and any evidence that no offer of shelter was made prior to the citation being issued

25      and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this

26      Interrogatory. As used in this request the phrase "cited, fined, or arrested" has the same meaning

27      as YOU ascribed to it in Paragraph 5 of the First Amended Complaint.

28      **RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that the information sought by this Interrogatory is in the possession, custody, and control of Defendants, and outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" and "all documents" relating to San Francisco's unlawful citations, fines, and arrests as overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs understand that the San Francisco Police Department maintains business records for each citation, fine, and arrest. Those citation, fine, and arrest records typically document the date and location of the event, the code section involved; the identity of the person who was cited, fined, or arrested, the identity of the San Francisco employee who issued the citation or fine or effected the arrest, the citation, fine, or arrest number, and other facts relating to the incident. Plaintiffs do not have legal or logical access to Defendants' databases of citation, fine and/or arrest records. "[D]iscovery should not be used as a substitute for canvassing one's own files." *Houdry Process Corp. v. Com. Oil Refining Co.*, 24 F.R.D. 58, 62 (S.D.N.Y. 1959); see also Diaz v. Capital One, N.A., No.: 21cv526-DMS-LL, 2021 WL 5579202, at *2 (S.D. Cal. Nov. 30, 2021) (describing a denial of a party's motion to compel production of records where "he already had access to his own phone records").

The City and County of San Francisco's Office of the Chief Data Officer publishes citywide information datasets at https://datasf.org. A relevant publicly available and regularly updated dataset is the *Police Department Incident Reports: 2018 to Present*. The *Police Department Incident Reports: 2018 to Present* dataset includes "incident reports that have been filed as of January 1, 2018." The dataset is automatically updated at 10:00 AM PT. The dataset only includes aggregate high-level information regarding each incident report and does not contain any summary or narrative regarding each incident. Between January 1, 2018 to June 21, 2023, 5,761 incidents based on the following relevant codes have resolved with a citation or arrest:

| Relevant Code | Incident With Resolution of "Cite or Arrest" |
|---|---|
| **27199** – Lodging without Permission | 473 |
| **64002** – Civil Sidewalks, Citation | 447 |
| **64001** – Civil Sidewalks, Warning | 98 |
| **64003** – Civil Sidewalks – Booking | 56 |
| **64000** – Civil Sidewalks, Violation | 36 |
| **30080** -- Obstruction on Streets, Sidewalks | 86 |
| **27170** – Resisting, Delaying, or Obstructing Peace Officer Duties | 4,458 |
| **27172** – Resisting Peace Officer, Causing Their Serious Injury or Death | 89 |
| **19062** – Lodging in Park | 12 |
| **19075** – Loitering, Obstructing | 4 |
| **19060** – Obstruction Public Throughfare (or 647(c) PC) | 2 |

Plaintiffs respond that information regarding each instance where Defendants conducted an unlawful citation, fine, or arrest in violation of the Eighth Amendment and the prohibitions set out in *Martin v. Boise* is likely to be found within the Incident Reports for these 5,761 Incidents, which are currently in the possession, custody, and control of Defendants. Plaintiffs identify high-level aggregate information, including the incident date, time, year, date of week, report date, incident number, CAD number, incident code, resolution, intersection at COH00003640. Plaintiffs are unable to determine whether each Incident is responsive to this Interrogatory until they are able to review the Incident Report associated with each of those Incidents.

Defendants already have access to the information contained in the public record related to this case including declarations from Plaintiffs and supporting declarations from several impacted unhoused people, including information regarding unlawful citations, fines, and arrests. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973); *see also Krause v. Buffalo & Erie Cty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 375 (W.D.N.Y. 2006); *L&L Franchise, Inc. v. Tsai, No. 06CV1155 JAH(POR)*, 2008 WL 11337594, at *2 (S.D. Cal. March 7, 2008); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12cv2079–GPC (KSC), 2014 WL 2919518, at *7 (S.D. Cal. June 27, 2014) (sustaining defendants' objections to production of discovery where documents requested were

1  "from court records that are equally available to all parties").

2      Based on the additional information currently available to Plaintiffs and in their possession,

3  custody, and control, Plaintiffs are aware of the identifies and facts relating to the following

4  specific citations, fines, and/or arrests that were unlawfully conducted by Defendants in violation

5  of the Eighth Amendment and the prohibitions set out in *Martin v. Boise:*

6      • **Toro Castano:** Plaintiffs refer Defendants to and incorporate by reference into this

7      Response paragraphs 17 to 19 and Exhibit A of the Declaration of Toro Castano (Dkt. 9-4,

8      at 6).

9      • **Todd Bryant:** Plaintiffs refer Defendants to and incorporate by reference into this

10      Response paragraphs 14 to 23 of the Declaration of Todd Bryant (Dkt. 9-4, at 5-6).

11      • **Vincent Vetter:** Plaintiffs refer Defendants to and incorporate by reference paragraphs 8

12      to 11 of the Declaration of Vincent Vetter (Dkt. 9-6, at 84-85).

13      • **Unidentified Individuals:** Plaintiffs refer Defendant to and incorporate by reference into

14      this Response paragraph 11 and 18 of the Declaration of Shanna Orana Couper (Dkt. 9-4,

15      at 60-61).

16      Plaintiffs further refer to and incorporate the Coalition's 2021 *Beyond the Healthy Street*

17  *Operation Curtain: The True Story of San Francisco's Abusive Encampment Response* report,

18  available at: https://www.cohsf.org/wp-content/uploads/2021/10/HSOC-Report-Draft-10.6.pdf.

19      Plaintiffs' collection and review of documents and information in this matter is ongoing.

20  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

21  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

22  further investigation and/or discovery indicate that such supplementation or amendment is

23  necessary.

24  **INTERROGATORY NO. 2:**

25      For every instance YOU contend SAN FRANCISCO unlawfully "cited, fined, or arrested"

26  an individual, including YOU, because the individual was not first provided an offer of shelter,

27  state the outcome of the prosecution, including all facts on which you rely, such as the name of the

28  individual and whether the individual was ultimately convicted for the offense and any punishment

1  imposed and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this

2  Interrogatory. As used in this request the phrase "cited, fined, or arrested" has the same meaning

3  as YOU ascribed to it in Paragraph 5 of the First Amended Complaint.

4  **RESPONSE TO INTERROGATORY NO. 2:**

5        Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

6  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

7  the information sought by this Interrogatory is in the possession, custody, and control of

8  Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs further object

9  to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" and "all

10  documents" relating to San Francisco's unlawful citations, fines, and arrests as overbroad, unduly

11  burdensome, and not proportional.

12        Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

13  follows: Plaintiffs understand that the Defendants have possession, custody, and control as to

14  information and documents relating to the outcome of each prosecution, including whether an

15  individual was ultimately convicted and any punishment imposed, relating to a citation, fine, or

16  arrest unlawfully conducted by Defendants in violation of the Eighth Amendment and prohibitions

17  of *Martin v. Boise*. "[D]iscovery should not be used as a substitute for canvassing one's own files."

18  *Houdry Process Corp. v. Com. Oil Refining Co.*, 24 F.R.D. 58, 62 (S.D.N.Y. 1959).  Plaintiffs do

19  not have access to Defendants' records relating to the outcome of such prosecutions, and do not

20  have any additional information beyond what is already in Defendants' possession. Plaintiffs

21  further object to this Interrogatory to the extent it seeks physical documents that were previously

22  in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

23        Based on the information currently available to Plaintiffs and in their possession, custody,

24  and control, Plaintiffs do not have any additional information beyond what is already in

25  Defendants' possession as to the outcome of each prosecution, including whether an individual

26  was ultimately convicted for the offense and any punishment imposed, arising out of each citation,

27  fine, or arrest unlawfully conducted by Defendants that is referenced in Plaintiffs' Response to

28  Interrogatory No. 1.

1    Plaintiffs' collection and review of documents and information in this matter is ongoing.

2    Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

3    information, and belief. Plaintiffs reserve the right to supplement or amend the response should

4    further investigation and/or discovery indicate that such supplementation or amendment is

5    necessary.

6    **INTERROGATORY NO. 3:**

7    IDENTIFY every instance where YOU contend SAN FRANCISCO unlawfully caused an

8    individual, including YOU, to move under threat of citation or arrest without first providing that

9    individual an offer of shelter, including all facts on which you rely, such as the date and location

10   of the threat; the code section threatened; the identity of the person to whom the threat was made;

11   the name of the employee who issued the threat; and any evidence that no offer of shelter was

12   made prior to the threat being issued and IDENTIFY ALL DOCUMENTS that RELATE to or

13   support YOUR response to this Interrogatory. In this Request the term "move under threat of

14   citation or arrest" has the same meaning YOU ascribed to it in Paragraph 7 of the First Amended

15   Complaint.

16   **RESPONSE TO INTERROGATORY NO. 3:**

17   Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

18   Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

19   the information sought by this Interrogatory is in the possession, custody, and control of

20   Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs further object

21   to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" where San

22   Francisco's unlawfully caused an individual to "move under threat of citation or arrest without

23   first providing that individual an offer of shelter" (whether or not that purported offer was adequate

24   or realistic) as overbroad, unduly burdensome, not proportional, and not reasonably calculated to

25   lead to the discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the

26   extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as

27   overbroad, unduly burdensome, not proportional, and calls for information outside the possession,

28   custody, and control of Plaintiffs.

1    Information sought by this Interrogatory is available in all of the declarations of Plaintiffs

2   and other witnesses that have all been filed in the public record. Notwithstanding, based on the

3   information currently available to Plaintiffs and in their possession, custody, and control,

4   Defendants caused an individual to move under threat of citation or arrest in violation of the Eighth

5   Amendment and the prohibitions set out in *Martin v. Boise* in at least the following instances:

6   • Between 2019 and 2021, Defendants regularly threated Toro Castano with citation or arrest

7      if he did not move from the location he was at. Plaintiffs refer to and incorporate by

8      reference paragraphs 4 to 9 of the Declaration of Toro Castano (Dkt. 9-4, at 3-4). Between

9      October to November 2022, Defendants repeatedly threatened Toro Castano with citations

10     or arrest if he did not move from the location where he was living. For example, on October

11     31, 2022, Defendants ordered Mr. Castano to pack up and move. On November 4, 2022,

12     Defendants again ordered Mr. Castano to pack up and move. Plaintiffs refer to and

13     incorporate by reference paragraphs 3 to 9 of the Supplemental Declaration of Toro

14     Castano (Dkt. 50-5).

15  • Defendants have repeatedly threatened and harassed Molique Frank with citation or arrest

16     if he did not move from the location where he was living. Plaintiffs refer to and incorporate

17     by reference paragraphs 3 to 14 of the Declaration of Molique Frank (Dkt. 9-4, at 17-18).

18  • Defendants have repeatedly threatened and harassed David Martinez with citation or arrest

19     on at least a dozen occasions if he did not move from the location where he was living.

20     Plaintiffs refer to and incorporate by reference paragraph 3 of the Declaration of David

21     Martinez (Dkt. 9-4, at 20). On approximately June 23, 2022, Defendants also threatened

22     an unknown individual who sought to safeguard Mr. Martinez's belongings with citation

23     or arrest. Plaintiffs incorporate by reference paragraph 4 to 5 of the Declaration of David

24     Martinez (Dkt. 9-4, at 21).

25  • Defendants have repeatedly threatened and harassed Teresa Sandoval with citation or arrest

26     if she did not move from the location where she was living. Plaintiffs refer to and

27     incorporate by reference paragraph 3 of the Declaration of Teresa Sandoval (Dkt. 9-4, at

28     23).

- Between January 2019 to January 2020, Defendants repeatedly threatened and forced Nathaniel Vaughn to move from where he was living at least once a month. Plaintiffs refer to and incorporate by reference paragraph 4 of the Declaration of Nathaniel Vaughn (Dkt. 9-4, at 26).

- Defendants have repeatedly threatened and forced Todd Bryant to move from where he was living. For example, on or around January 3, 2019, near the women's drop-in shelter at Division Street and 13th Street, Defendants forced Todd Bryant to move four times in one day. Plaintiffs refer to and incorporate by reference paragraph 4, 19 to 20, and 23 of the Declaration of Todd Bryant (Dkt. 9-6, at 3-6).

- Defendants have harassed Shyhyene Brown at least twenty times in the time that she has been homeless. Plaintiffs refer to and incorporate by reference paragraphs 3 to 6 of the Declaration of Shyhyene Brown (Dkt. 9-6, at 8-9).

- Defendants have repeatedly threatened Jeffrey Conick with citation or arrest to force him to move from where he was living. Plaintiffs refer to and incorporate by reference paragraphs 3 to 4 of the Declaration of Jeffrey Connick (Dkt. 9-6, at 12).

- On January 8, 2020, Defendants threatened Henrick Delamora with citation and arrest if he did not drop his belongings and leave the area. Plaintiffs refer to and incorporate by reference paragraphs 6 to 8 of the Declaration of Henrick Delamora (Dkt. 9-6, at 15-16).

- Defendants have previously threatened Patrick Dubose with citation and arrest if he did not leave the area where he was at. Plaintiffs refer to and incorporate by reference paragraphs 4 to 5 of the Declaration of Patrick Dubose (Dkt. 9-6, at 19).

- Defendants have repeatedly threatened Heather Freehoffer with citation or arrest if she did move from the area where she was living. For example, in or around April 2019, Defendants threatened Ms. Freehoffer with an arrest if she did not pack up and leave. On or around September 15, 2020, Defendants ordered Ms. Freehoffer to pack up and leave the area. Plaintiffs refer to and incorporate by reference paragraphs 3 to 5 of the Declaration of Heather Freehoffer (Dkt. 9-6, at 22-23).

- Defendants have repeatedly threatened and harassed Robert Harrison with citation and

arrest if he did not move from the area where he was living. For example, on January 8, 2020, Defendants threatened to arrest Mr. Harrison if he did not leave the area. Plaintiffs refer to and incorporate by reference paragraphs 2 to 10 of the Declaration of Robert Harrison (Dkt. 9-6, at 24).

- Defendants have repeatedly threatened Jayson Hill with citation and arrest if he did not move from the area where he was living. Plaintiffs refer to and incorporate by reference paragraphs 4 to 10 of the Declaration of Jayson Hill (Dkt. 9-6, at 32-33).

- Defendants have repeatedly threatened and harassed Tricia Hurd with citation and arrest if she did not move from the area where she was living. Plaintiffs refer to and incorporate by reference paragraphs 3 to 6 of the Declaration of Tricia Hurd (Dkt. 9-6, at 47-48).

- Defendants have repeatedly threatened and harassed Timothy Jones with citation and arrest if he did not move from the area where he was living. Between 2018 and 2021, Mr. Jones was regularly harassed and threatened at least twelve times with citation and arrest. Plaintiffs refer to and incorporate by reference paragraphs 12 to 14 of the Declaration of Timothy Jones (Dkt. 9-6, at 53).

- Defendants have repeatedly threatened and harassed Jezzeille Murdock with citation and arrest if she did not move from where she was staying. For example, on January 17, 2023, Defendants threats Ms. Murdock if she did not depart from where she was staying on Mission Street between 15th Street and 16th Street. Plaintiffs refer to and incorporate by reference paragraph 2 and 5 of the Declaration of Jezzeille Murdock (Dkt. 9-6, at 55). Plaintiffs also refer to and incorporate by reference paragraphs 4 to 11 of the Supplemental Declaration of Jezeille Murdock (Dkt. 130-23).

- Defendants have repeatedly threatened and harassed Shanna Couper Orona with citation and arrest if she did not move from where she was staying. Plaintiffs refer to and incorporate by reference paragraphs 9 to 11 of the Declaration of Shanna Couper Orona (Dkt. 9-6, at 59-60).

- Defendants have repeatedly threatened and harassed Devon Partee with citation and arrest if he did not move from where he was living. Plaintiffs refer to and incorporate by

1    references paragraphs 4 to 8 of the Declaration of Devon Partee (Dkt. 9-6, at 64-65).

2    • Defendants have repeatedly threatened and harassed Audra Sparks with citation and arrest

3    if she did not move from where she was living. Plaintiffs refer to and incorporate by

4    references paragraphs 3 to 5 of the Declaration of Audra Sparks (Dkt. 9-6, at 67).

5    • Defendants have repeatedly threatened and harassed Nichelle Solis with citation and arrest

6    if he did not move from where he was living. Plaintiffs refer to and incorporate by

7    references paragraphs 3 to 10 of the Declaration of Nichelle Solis (Dkt. 9-6, at 70-71).

8    • Defendants have repeatedly threatened and harassed Victoria Solomon with citation and

9    arrest if she did not move from where she was living. Plaintiffs refer to and incorporate by

10    references paragraphs 3 to 11 of the Declaration of Victoria Solomon (Dkt. 9-6, at 81-82).

11    • Defendants have repeatedly threatened and harassed Vincent Vetter with citation and arrest

12    if he did not move from where he was living. Plaintiffs refer to and incorporate by

13    references paragraphs 3 to 7 of the Declaration of Vincent Vetter (Dkt. 9-6, at 83-84).

14    • On October 7, 2022, Defendants ordered Dajuan Rochelle to move and depart the area that

15    he was staying. Plaintiffs refer to and incorporate by reference paragraph 3 to 5 of the

16    Declaration of Dajuan Rochelle (Dkt. 30-3).

17    • Christin Evans has observed the following instances of unlawful threats of citation or arrest

18    and harassment committed by Defendants to force unhoused individuals to move: On June

19    3, 2022, Ms. Evans observed Defendants ordering unhoused individuals situated in the

20    Embarcadero, near the Ferry Building to move along. On October 28, 2022, Ms. Evans

21    observed Defendants ordering unhoused individuals situated on King Street between

22    Fourth and Fifth Streets to move along and leave the encampment. Ms. Evans further

23    learned that on November 6, 2022, Defendants forced unhoused individuals situated at or

24    around Clayton and Fell Streets to leave the area where they were staying. Plaintiffs refer

25    to and incorporate paragraphs 11 to 13 and 16 to 24 of the Supplemental Declaration of

26    Christin Evans (Dkt. 50-1).

27    • Ian James has observed the following instances of unlawful threats of citation or arrest and

28    harassment committed by Defendants to force unhoused individuals to move. On

November 17, 2022, Mr. James observed Defendants ordering unhoused individuals situated at an encampment at or around 12th Street and Howard to move along. Plaintiffs refer to and incorporate by reference paragraphs 13 to 15 of the Declaration of Ian James (Dkt. 50-2).

- Dylan Verner-Crist has also observed instances of unlawful threats of citation or arrest and harassment committed by Defendants to force unhoused individuals to move. Plaintiffs refer to and incorporate by reference the Declaration of Dylan Verner-Christ (Dkt. 50-3) and the Supplemental Declaration of Dylan Verner-Christ (Dkt. 130-9).

- Jennifer Friedenbach has observed the following instances of unlawful threats of citation or arrest and harassment committed by Defendants to force unhoused individuals to move: On November 18, 2022, Ms. Friedenbach observed Defendants ordering unhoused individuals at or near Valencia, McCoppin, and Otis Streets to pack up and move along. Plaintiffs refers to and incorporate by reference paragraphs 3 to 6 of the Supplemental Declaration of Jennifer Friedenbach (Dkt. 50-4).

- In or around mid-October 2022, Defendants threatened and harassed Darrah Reasor with citation and arrest if she did not move from where she was staying. Plaintiffs refer to and incorporate by reference paragraphs 2 to 8 of the Declaration of Darrah Reasor (Dkt. 50-6).

- In or around mid-October 2022, Defendants threatened and harassed JD Cobbs with citation and arrest if he did not move from where she was staying. Plaintiffs refer to and incorporate by reference paragraphs 2 to 8 of the Declaration of JD Cobbs (Dkt. 50-7).

- Throughout 2022, Defendants repeatedly threatened and harassed Joseph Williams with citation and arrest if he did not move from where he was staying. Plaintiffs refer to and incorporate by reference paragraphs 3 to 9 of the Declaration of Joseph Williams (Dkt. 50-8).

- Defendants have previously ordered Kyle Adams to move from the location where he was living. Plaintiffs refer to and incorporate by reference paragraphs 3 to 11 of the Declaration of Kyle Adams (Dkt. 130-24).

1     •   Defendants have previously ordered Donovan Eugene Harding to move from the location

2         he was staying. Plaintiffs refer to and incorporate by reference the Declaration of Donovan

3         Eugene Harding (Dkt. 130-25).

4     •   Defendants have previously ordered Carmen Melendez to move from the location Carmen

5         was living. Plaintiffs refer to and incorporate by reference the Declaration of Carmen

6         Melendez (Dkt. 130-26).

7     •   Joshua Donohoe has previously observed Defendants ordering unhoused individuals to

8         move from the location where he was living. Plaintiffs refer to and incorporate by reference

9         the Supplemental Declaration of Joshua Donohoe (Dkt. 130-27) and Second Supplemental

10       Declaration of Joshua Donohoe (Dkt. 130-35).

11     •   Defendants have repeatedly ordered Andrew Berger to move from where he was living.

12       For example, on January 27, 2023 and February 9, 2023, Defendants ordered Mr. Berger

13       to move along. Plaintiffs refer to and incorporate by reference the Declaration of Andrew

14       Berger (Dkt. 130-28).

15     •   Defendants have repeatedly ordered Katelin Bagley Adams to move from where she was

16       living. For example, on February 9, 2023, Defendants ordered Ms. Adams to move along.

17       Plaintiffs refer to and incorporate by reference the Declaration of Katelin Bagley Adams

18       (Dkt. 130-29).

19     •   Defendants have repeatedly ordered Henry Jones to move from where he was living. For

20       example, on February 6, 2023, Defendants ordered Mr. Jones to move along. Plaintiffs

21       refer to and incorporate by reference the Declaration of Henry Jones (Dkt. 130-34).

22     •   Defendants have repeatedly ordered Corey Barkley to move from where he was living. For

23       example, in or around February 2023, Defendants ordered Mr. Barkley to move along.

24       Plaintiffs refer to and incorporate by reference the Declaration of Corey Barkley (Dkt. 130-

25       36).

26     •   Defendants have repeatedly ordered Thomas Draper to move from where he was at. For

27       example, on March 30, 2023, Defendants ordered Mr. Draper to move along. Plaintiffs

28       refer to and incorporate by reference the Declaration of Thomas Draper (Dkt. 130-37).

1

- Defendants have repeatedly ordered Troy Hawthorne to move from where he was living. For example, on April 6, 2023, Defendants ordered Mr. Hawthorne to move along. Plaintiffs refer to and incorporate by reference the Declaration of Troy Hawthorne (Dkt. 130-38).

- Defendants have ordered Krystal Erickson to move from where she was at. Plaintiffs refer to and incorporate by reference the Declaration of Krystal Erickson (Dkt. 130-39).

- Defendants have repeatedly ordered Abimola Myers to move from where she was living. For example, in or around January 2023, Defendants ordered Ms. Myer to move along and threatened her with a warrant check if she did not move. Plaintiffs refer to and incorporate by reference the Declaration of Abimola Myers (Dkt. 130-29).

- Peter Calloway has previously observed Defendants ordering unhoused individuals to move from where they were living. Plaintiffs refer to and incorporate by reference the Declaration of Peter Calloway (Dkt. 130-44).

- Defendants have previously ordered David Martin to move from where he was living. Plaintiffs refer to and incorporate by reference the Declaration of David Martin (Dkt. 130-29).

- Savannah Waltier has previously observed Defendants ordering unhoused individuals to move from where they were living. Plaintiffs refer to and incorporate by reference the Declaration of Savannah Waltier (Dkt. 130-49).

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 4:**

IDENTIFY every person experiencing homelessness whose property YOU contend SAN FRANCISCO unlawfully destroyed, including all facts on which you rely. The phrase "destroy" in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that the information sought by this Interrogatory is in the possession, custody, and control of Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "every person experiencing homelessness" who has been subject to Defendants' unlawful property destruction practices as overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have filed documents on the public docket identifying the persons experiencing homelessness whom Plaintiffs currently possess sufficient knowledge of the identities of and the unlawful acts of property destruction committed by Defendants against those persons.

Plaintiffs identify the following documents on the public docket: Declaration of Elisa Della-Piana, Exhibits 1-4, 41-50 (Dkt. 9), Declaration of Dajuan Rochelle (Dkt. 30-3), Declaration of Zal Shroff, Ex. 1-10 (Dkt. 50-1 to 50-10), Second Supplemental Declaration of Jennifer Friedenbach (Dkt. 76), Second Supplemental Declaration of Ian James (Dkt. 77), Second Supplemental Declaration of Christin Evans (Dkt. 78), Second Supplemental Declaration of Shanna Couper Orona (Dkt. 79), Supplemental Declaration of Dylan Verner-Christ (Dkt. 130-9), Supplemental Declaration of Jezzeille Murdock (Dkt. 130-23), Declaration of Kyle Adams (Dkt. 130-24), Declaration of Donovan Eugene Harding (Dkt. 130-25), Declaration of Carmen Melendez (Dkt. 130-26), Supplemental Declaration of Joshua Donohoe (Dkt. 130-27), Declaration of Andrew Berger (Dkt. 130-28), Declaration of Katelin Bagley-Adams (Dkt. 130-29), Declaration of Helen Hoffman (Dkt. 130-31), Declaration of Donovan Harding (Dkt. 130-33), Declaration of Henry Jones (Dkt. 130-34), Declaration of Corey Barkley (Dkt. 130-36), Declaration of Troy

1  Hawthorne (Dkt. 130-38), Declaration of Krystal Erickson (Dkt. 130-39), Declaration of Noah

2  Van Harin (Dkt. 130-40), Declaration of Stephanie Garcia (Dkt. 130-41), Declaration of Abimola

3  Myers (Dkt. 130-42), Declaration of Pauline Wise (Dkt. 130-43), Declaration of Peter Calloway

4  (Dkt. 130-44), Declaration of David Martin (Dkt. 130-48), Declaration of Savannah Waltier (Dkt.

5  130-49), Declaration of Steven Garrett (Dkt. 130-51), Declaration of Jerry Cannon (Dkt. 130-52),

6  Declaration of Maurie Moran (Dkt. 130-53), Declaration of Ronald Wilson (Dkt. 130-54).

7          To the extent Defendants document interactions with unhoused individuals pursuant to

8  Defendants' Bag and Tag policy, those documents will identify additional information responsive

9  to this Interrogatory.

10         Plaintiffs' collection and review of documents and information in this matter is ongoing.

11  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

12  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

13  further investigation and/or discovery indicate that such supplementation or amendment is

14  necessary.

15  **INTERROGATORY NO. 5:**

16         IDENTIFY every instance where YOU contend SAN FRANCISCO unlawfully destroyed

17  property of a person experiencing homelessness, including YOU, including all facts on which you

18  rely, such as the date, time, and location where the property was taken; the owner of the property;

19  the identity of the employee who destroyed the property; and an inventory of the property

20  destroyed and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to

21  this Interrogatory. The phrase "destroy" in this request has the same meaning as used in Paragraph

22  8 of the First Amended Complaint.

23  **RESPONSE TO INTERROGATORY NO. 5:**

24         Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

25  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

26  the information sought by this Interrogatory is in the possession, custody, and control of

27  Defendants and outside the possession, custody, and control of Plaintiffs. Plaintiffs further object

28  to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" of and "all

1    documents" that relate to Defendants' unlawful property destruction practices as overbroad,

2    unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of

3    admissible evidence.

4      Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

5    follows: Plaintiffs have filed documents on the public docket identifying the persons experiencing

6    homelessness whom Plaintiffs currently possess sufficient knowledge of the identities of and the

7    unlawful acts of property destruction committed by Defendants against those persons. Plaintiffs

8    further object that, to the extent that this Interrogatory seeks information about unlawful

9    destruction of the property of a person experiencing homelessness, this Interrogatory is duplicative

10   of Interrogatory No. 4.

11      Plaintiffs identify the following documents on the public docket: Declaration of Elisa

12   Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9), Declaration of Dajuan Rochelle (Dkt. 30-3), Declaration

13   of Zal Shroff, Ex. 1-10 (Dkt. 50-1 to 50-10), Second Supplemental Declaration of Jennifer

14   Friedenbach (Dkt. 76), Second Supplemental Declaration of Ian James (Dkt. 77), Second

15   Supplemental Declaration of Christin Evans (Dkt. 78), Second Supplemental Declaration of

16   Shanna Couper Orona (Dkt. 79), Supplemental Declaration of Dylan Verner-Christ (Dkt. 130-9),

17   Supplemental Declaration of Jezzeille Murdock (Dkt. 130-23), Declaration of Kyle Adams (Dkt.

18   130-24), Declaration of Donovan Eugene Harding (Dkt. 130-25), Declaration of Carmen

19   Melendez (Dkt. 130-26), Supplemental Declaration of Joshua Donohoe (Dkt. 130-27), Declaration

20   of Andrew Berger (Dkt. 130-28), Declaration of Katelin Bagley-Adams (Dkt. 130-29), Declaration

21   of Helen Hoffman (Dkt. 130-31), Declaration of Donovan Harding (Dkt. 130-33), Declaration of

22   Henry Jones (Dkt. 130-34), Declaration of Corey Barkley (Dkt. 130-36), Declaration of Troy

23   Hawthorne (Dkt. 130-38), Declaration of Krystal Erickson (Dkt. 130-39), Declaration of Noah

24   Van Harin (Dkt. 130-40), Declaration of Stephanie Garcia (Dkt. 130-41), Declaration of Abimola

25   Myers (Dkt. 130-42), Declaration of Pauline Wise (Dkt. 130-43), Declaration of Peter Calloway

26   (Dkt. 130-44), Declaration of David Martin (Dkt. 130-48), Declaration of Savannah Waltier (Dkt.

27   130-49), Declaration of Steven Garrett (Dkt. 130-51), Declaration of Jerry Cannon (Dkt. 130-52),

28   Declaration of Maurie Moran (Dkt. 130-53), Declaration of Ronald Wilson (Dkt. 130-54).

1    Furthermore, Plaintiff David Martinez discloses information regarding unlawful
2    destruction of his property in April of 2023. At or around mid-April 2023, Mr. Martinez
3    temporarily left his belongings on the corner of 13th Street and South Van Ness Avenue during a
4    visit to a shelter offered by the City. When he returned, shortly after accepting the shelter offer, all
5    of his belongings had been summarily seized. An eye witness told Mr. Martinez that his belongings
6    had been disposed of by the City. Mr. Martinez was unable to recover the following items: a cell
7    phone, medication for his right-side congestive heart failure, a tent, a bed, a cot, clothing, a radio,
8    food, pots and pans, a portable stove, his personal drawings, and paperwork.

9    Plaintiffs' collection and review of documents and information in this matter is ongoing.
10   Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,
11   information, and belief. Plaintiffs reserve the right to supplement or amend the response should
12   further investigation and/or discovery indicate that such supplementation or amendment is
13   necessary.

14   **INTERROGATORY NO. 6:**

15   IDENTIFY each injury or damage YOU sustained as a result of the incidents alleged in
16   YOUR COMPLAINT.

17   **RESPONSE TO INTERROGATORY NO. 6:**

18   Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to
19   Definitions as though fully set forth herein.

20   Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to
21   Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent that
22   it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of
23   admissible evidence. Plaintiffs further object to this Interrogatory as unnecessary and irrelevant to
24   the injunctive relief claims at issue in this case because Plaintiffs are not seeking monetary
25   damages. Plaintiffs object to this Interrogatory as duplicative of Interrogatory No. 10 to the extent
26   that the Interrogatory seeks information related to property destruction experienced by Plaintiffs
27   and other unhoused individuals. Plaintiff also object to this Interrogatory as duplicative of
28   Interrogatory No. 12 to the extent that the Interrogatory seeks information regarding Defendants'

1  failure to reasonably accommodate disabilities. Subject to and without waiving any of the

2  foregoing objections, Plaintiffs respond as follows: Plaintiffs have been injured by Defendants'

3  violation of the Fourth, Eighth, and Fourteenth Amendments, the American with Disabilities Act

4  and related state protections.

5  **INTERROGATORY NO. 7:**

6      IDENTIFY ALL facts that support YOUR allegation in Paragraph 329 of the First

7  Amended Complaint that "a significant number of unhoused individuals served by Plaintiff

8  Coalition on Homelessness, have physical or mental disabilities and have been injured by

9  Defendants' discriminatory response to unhoused residents," including the name of each such

10 unhoused individual; the alleged disability from which he/she/they suffer; evidence that individual

11 has been served by the Coalition on Homelessness; and how Defendants have allegedly

12 discriminated against that unhoused individual; and IDENTIFY ALL DOCUMENTS that

13 RELATE to or support YOUR response to this Interrogatory.

14 **RESPONSE TO INTERROGATORY NO. 7:**

15     Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

16 Definitions as though fully set forth herein. Plaintiffs further object to this Interrogatory to the

17 extent it requires Plaintiffs to identify "all facts" or "all documents" that relate to or support the

18 Response as overbroad, unduly burdensome, not proportional, not reasonably calculated to lead to

19 the discovery of admissible evidence, and calls for information outside the possession, custody,

20 and control of Plaintiffs. Plaintiffs also object to this Interrogatory to the extent that documents

21 containing the information sought by this Interrogatory have already been filed in this case and are

22 therefore part of the public record. "It is well established that discovery need not be required of

23 documents of public record which are equally accessible to all parties." Sloan & Co., 369 F. Supp.

24 at 995. Further, Plaintiffs object to this Interrogatory on the grounds that membership lists and

25 other identifying information, including medical records, are generally protected from disclosure

26 under the First Amendment absent a heightened showing of necessity. *Grandbouche v. Clancy*,

27 825 F.2d 1463, 1467 (10th Cir. 1987) (requiring the party requesting a membership list to

28 demonstrate that "the privilege must be overborne by the need for the requested information"); see

1    also *NAACP v. Alabama*, 357 U.S. 449, 462 (1958).

2        Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

3    follows: On February 23, 2022, Defendants conducted a comprehensive Homeless Count and

4    Survey, commonly known as the Point-In-Time Count ("PIT Count"). A comprehensive report has

5    been produced at CCSF-COH_022651. During the PIT Count, Defendants identified 7,754

6    individuals as homeless living in the City and County of San Francisco. While the PIT Count is

7    generally regarded as an undercount, it offers a statistical snapshot of San Francisco's unhoused

8    population at a given time. During the PIT Count, San Francisco also collects self-reported

9    information from unhoused individuals related to health conditions and homelessness history. Of

10   the unhoused individuals surveyed, the PIT Count determined that 38% of individuals suffered

11   from Post-Traumatic Stress Disorder (PTSD), 36% of individuals suffered from psychiatric or

12   emotional conditions, 22% of individuals suffered from a chronic health problem, 21% of

13   individuals suffered from a physical disability, 13% suffer from a traumatic brain injury, and 8%

14   suffered from AIDS/HIV-related illnesses. All told, 39% of survey respondents reported having at

15   least one "disabling condition," defined by the Department of Housing and Urban Development,

16   as a "developmental disability, HIV/AIDS, or a long-term physical or mental impairment that

17   impacts a person's ability to live independently but could be improved by stable housing." These

18   statistics are corroborated by Plaintiff Coalition on Homelessness's own research. In September

19   2020, the Coalition published a research report titled, *The Revolving Door, A Street Level*

20   *Framework    For    A    New    System*,    available    at    https://www.cohsf.org/wp-

21   content/uploads/2020/11/Stop-the-Revolving-1.pdf. Surveys of unhoused individuals taken

22   between June and August 2020 showed that 60% of surveyed unhoused individuals reported

23   experiencing a mental health crisis within the last five years while one in three individuals reported

24   having a physical disability. Plaintiff Coalition on Homelessness serves the disabled unhoused

25   population that is represented in this statistical survey.

26        Given the prevalence of physical, mental, or other disabilities within the unhoused

27   population of San Francisco and the recurring nature of Defendants' unlawful practices, significant

28   numbers of unhoused people with physical or mental disabilities are injured by Defendants'

1    discriminatory response to unhoused individuals.

2        Plaintiffs identify the following Coalition on Homelessness members or individuals who

3    have been served by the Coalition who have submitted declarations on the public docket containing

4    evidence of Defendants' unlawful practices against individuals with disabilities: Audra Sparks,

5    Christin Evans, Corey Barkley, Couper Orona, David Martin, David Martinez, Jezzeille Murdock,

6    Joseph Williams, Patrick Dubose, Ronald Wilson, Teresa Sandoval, Todd Bryant, Tricia Hurd,

7    Troy Hawthorne, Cesar Espinoza-Perez, Dylan Verner-Crist, Emily Roche, Ian James, Julia

8    Vermeulen, Laketha Pierce, Larry Ackerman, and Savannah Waltier. Plaintiffs refer to and

9    incorporate by reference the declarations of those individuals named above.

10        Plaintiffs' collection and review of documents and information in this matter is ongoing.

11   Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

12   information, and belief. Plaintiffs reserve the right to supplement or amend the response should

13   further investigation and/or discovery indicate that such supplementation or amendment is

14   necessary.

15   **INTERROGATORY NO. 8:**

16        IDENTIFY EACH PERSON with knowledge of the facts supporting YOUR allegation in

17   Paragraph 329 of the First Amended Complaint that "a significant number of unhoused individuals

18   served by Plaintiff Coalition on Homelessness, have physical or mental disabilities and have been

19   injured by Defendants' discriminatory response to unhoused residents."

20   **RESPONSE TO INTERROGATORY NO. 8:**

21        Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

22   Definitions as though fully set forth herein.

23        Plaintiffs object to this Interrogatory to the extent it requires Plaintiffs to identify "each

24   person" as overbroad, unduly burdensome, not proportional, not reasonably calculated to lead to

25   the discovery of admissible evidence, and calls for information outside the possession, custody,

26   and control of Plaintiffs. Plaintiffs also object to the extent that documents containing the

27   information sought by this Interrogatory have already been filed in this case and are therefore part

28   of the public record. "It is well established that discovery need not be required of documents of

1    public record which are equally accessible to all parties." Sloan & Co., 369 F. Supp. at 995.

2    Further, Plaintiffs object to this Interrogatory as duplicative of Interrogatory No. 7.

3        Subject to and without waiving any of the foregoing objections, Plaintiffs responds as

4    follows: Plaintiffs respond that the following Coalition on Homelessness staff members have

5    information relating to the fact that a significant number of unhoused individuals have physical or

6    mental disabilities and have been subject to Defendants' unlawful practices: Jennifer Friedenbach,

7    Ian James, Carlos Wadkins, Javier Bremond, and Laketha Pierce. Plaintiffs further refer to and

8    incorporate Plaintiffs' response to Interrogatory No. 7.

9        Plaintiffs' collection and review of documents and information in this matter is ongoing.

10    Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

11    information, and belief. Plaintiffs reserve the right to supplement or amend the response should

12    further investigation and/or discovery indicate that such supplementation or amendment is

13    necessary.

14    **INTERROGATORY NO. 9:**

15        Please state ALL facts describing each occasion YOU contend YOU were "cited, fined, or

16    arrested" as a result of being homeless without first receiving an offer of shelter, including all facts

17    on which you rely, such as the dates and locations of the incident(s); the identity of any City

18    personnel involved in the incident(s); and the citation, fine, or arrest number. As used in this

19    request the phrase "cited, fined, or arrested" has the same meaning as YOU ascribed to it in

20    Paragraph 5 of the First Amended Complaint.

21    **RESPONSE TO INTERROGATORY NO. 9:**

22        Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

23    Definitions as though fully set forth herein.  Plaintiffs object to this Interrogatory on the basis that

24    any records of citations, fines, and arrests sought by this Interrogatory, including many or all of

25    the details requested, are in the possession, custody, and control of Defendants. Plaintiffs also

26    object to this Interrogatory to the extent that documents containing the information sought have

27    already been filed in this case and are therefore part of the public record. Finally, Plaintiffs object

28    that this Interrogatory is duplicative of Interrogatory No. 1.

1        Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

2    follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

3    because it is an entity and therefore cannot be cited, fined, or arrested as that term is used in the

4    First Amended Complaint.

5        Plaintiff Toro Castano responds that on August 21, 2020, he was cited and detained by

6    police officers for illegal camping at the intersection of 16th Street and Pond Street in San

7    Francisco. Plaintiff Toro Castano refers Defendants to and incorporates into this Response by

8    reference paragraphs 17 to 19 and Exhibit A of the Declaration of Toro Castano (Dkt. 9-4, at 6).

9        Plaintiff David Martinez responds that, for several years, he was regularly arrested due to

10   being homeless and detained for 72 hours on multiple occasions. Mr. Martinez was told that the a

11   reason for his arrests was his failure to carry identification, although his identification had been

12   lost during sweeps conducted by Defendants. Until April of 2023, Mr. Martinez was not offered

13   shelter by the City at any of these enforcement interactions.

14       Plaintiffs Sarah Cronk, Joshua Donohoe, Molique Frank, Teresa Sandoval, and Nathaniel

15   Vaughn respond that, as of the date of the Response to this Interrogatory, they have not been

16   previously cited, fined, or arrested as a result of being homeless.

17       Plaintiffs' collection and review of documents and information in this matter is ongoing.

18   Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

19   information, and belief. Plaintiffs reserve the right to supplement or amend the response should

20   further investigation and/or discovery indicate that such supplementation or amendment is

21   necessary.

22   **INTERROGATORY NO. 10:**

23       Please state all facts describing each incident where YOU contend SAN FRANCISCO

24   destroyed YOUR property, including, but not limited to, the dates and location(s) of the

25   incident(s), a full inventory of the property taken, the value of the property taken, whether you

26   were present at the time the property was taken, whether notice was posted regarding the seizure,

27   the identity of any City personnel involved in the incident(s), what if any steps you took to

28   determine whether any of your property had been stored by the City, and the identity of any

1    witnesses to the incident(s) and IDENTIFY ALL DOCUMENTS that RELATE to or support

2    YOUR response to this Interrogatory. The phrase "destroy" in this request has the same meaning

3    as used in Paragraph 8 of the First Amended Complaint.

4    **RESPONSE TO INTERROGATORY NO. 10:**

5         Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

6    Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent it

7    requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad,

8    unduly burdensome, not proportional, and calls for information outside the possession, custody,

9    and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent that documents

10   containing the information sought have already been filed in this case and are therefore part of the

11   public record. Plaintiffs further object to this Interrogatory to the extent it is duplicative of

12   Interrogatory No. 5.

13        Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

14   follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

15   because it has not had its property destroyed by Defendants. Individuals Plaintiffs identify the

16   following documents on the public docket: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50

17   (Dkt. 9), Declaration of Toro Castano (Dkt. 50-5).

18        Plaintiffs' collection and review of documents and information in this matter is ongoing.

19   Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

20   information, and belief. Plaintiffs reserve the right to supplement or amend the response should

21   further investigation and/or discovery indicate that such supplementation or amendment is

22   necessary.

23   **INTERROGATORY NO. 11:**

24        List all physical, mental, and emotional impairments that YOU rely on to support YOUR

25   claim of disability or handicap in this action, if any.

26   **RESPONSE TO INTERROGATORY NO. 11:**

27        Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

28   Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent that

1   documents containing the information sought have already been filed in this case and are therefore

2   part of the public record.

3          Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

4   follows: Plaintiff David Martinez suffers from right side congestive heart failure. Plaintiff Teresa

5   Sandoval is a double amputee who normally uses a wheelchair or prosthetics.

6          Plaintiffs' collection and review of documents and information in this matter is ongoing.

7   Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

8   information, and belief. Plaintiffs reserve the right to supplement or amend the response should

9   further investigation and/or discovery indicate that such supplementation or amendment is

10  necessary.

11  **INTERROGATORY NO. 12:**

12         IDENTIFY all reasonable accommodations YOU contend SAN FRANCISCO should

13  have, but failed to provide in order to support the claimed disability or handicap YOU allege, if

14  any, including the date the accommodation should have been provided, the basis for YOUR

15  contention that the accommodation was required, what, if any, information you provided to SAN

16  FRANCISCO about the handicap or disability, and the identity of any employee YOU spoke with

17  about this accommodation.

18  **RESPONSE TO INTERROGATORY NO. 12:**

19         Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

20  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent that

21  documents containing the information sought have already been filed in this case and are therefore

22  part of the public record.

23         Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

24  follows: The reasonable accommodations that Defendants must provide in accordance with the

25  ADA and state disability law in response to a claimed disability are necessarily fact-specific and

26  dependent on the context of the claimed disability. However, in general, there are a number of

27  reasonable accommodations that Defendants should take in response to a requested disability or

28  handicap. For example, if an individual identifies themselves as having a disability, Defendants

1  should provide individuals additional time to move their belongings before ordering them to move-

2  along or depart from an encampment. Likewise, Defendants should offer shelter that reasonably

3  accommodates any identified disabilities. For example, if an individual is physically disabled and

4  uses a wheelchair or prosthetics, Defendants should reasonably accommodate that disability by

5  offering a shelter bed that is not a top bunk or on the floor. Likewise, if an individual has a mental

6  disability, Defendants should reasonably accommodate that disability by offering that individual

7  non-congregate shelter. For example, in June 2022, instead of accommodating Teresa Sandoval's

8  physical disability by affording her additional time to move from where a sweep operation was

9  taking place, Defendants destroyed Ms. Sandoval's prosthetics. Likewise, in June 2022, instead of

10  accommodating David Martinez's physical disability, Defendants destroyed Mr. Martinez's

11  congestive heart failure medication. Plaintiffs refer to and incorporate the Declarations of David

12  Martinez (Dkt. No. 9-4, at 20) and Declaration of Teresa Sandoval (Dkt. No. 9-4, at 23).

13         Plaintiffs' collection and review of documents and information in this matter is ongoing.

14  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

15  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

16  further investigation and/or discovery indicate that such supplementation or amendment is

17  necessary.

18  **INTERROGATORY NO. 13**:

19         IDENTIFY each address where you had shelter or spent the night indoors, including the

20  dates when you had access to that shelter or indoor location.

21  **RESPONSE TO INTERROGATORY NO. 13:**

22         Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

23  Definitions as though fully set forth. Plaintiffs object to this Interrogatory on the basis that any

24  information about shelter stays sought by this Interrogatory, particularly for shelters owned and

25  operated by the Defendants, are in the possession, custody, and control of Defendants.

26         Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

27  follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

28  because it is an entity and has not had access to shelter.

1   Plaintiffs' collection and review of documents and information in this matter is ongoing.

2   Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

3   information, and belief. Plaintiffs reserve the right to supplement or amend the response should

4   further investigation and/or discovery indicate that such supplementation or amendment is

5   necessary.

6   **INTERROGATORY NO. 14:**

7   IDENTIFY each occasion where SAN FRANCISCO offered YOU shelter, including all

8   facts on which you rely, such as the date and location where San Francisco made the offer; the

9   identity of the employee who made the offer; the type of shelter offered; and the name or location

10   of the shelter offered.

11   **RESPONSE TO INTERROGATORY NO. 14:**

12   Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

13   Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

14   the term "offered" is vague and ambiguous. For example, asking an unhoused person if they are

15   interested in shelter without a firm offer of a specific shelter and a process for them to be admitted

16   to that specific shelter, is not a valid offer of shelter. Plaintiffs further object on the basis that any

17   information regarding shelter offers sought by this Interrogatory is in the possession, custody, and

18   control of Defendants.

19   Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

20   follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

21   because it is an entity and Defendants have not previously offered the Coalition on Homelessness

22   shelter. Individuals Plaintiffs refer to and identify the following documents on the public docket

23   as having responsive information: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9),

24   Declaration of Toro Castano (Dkt. 50-5). David Martinez further responds that he received an offer

25   of shelter in or around April 2023, and he is currently living in a shelter on the intersection of

26   McAllister and 44th Street in San Francisco, California. Plaintiffs further understand that

27   Defendants have possession, custody, and control as to information and documents relating to each

28   purported offer of shelter that Defendants make. "[D]iscovery should not be used as a substitute

1    for canvassing one's own files." *Houdry Process Corp. v. Com. Oil Refining Co.*, 24 F.R.D. 58,

2    62 (S.D.N.Y. 1959).

3        Plaintiffs' collection and review of documents and information in this matter is ongoing.

4    Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

5    information, and belief. Plaintiffs reserve the right to supplement or amend the response should

6    further investigation and/or discovery indicate that such supplementation or amendment is

7    necessary.

8    **INTERROGATORY NO. 15**:

9        For each occasion where YOU declined shelter offered by SAN FRANCISCO, state the

10   reason you declined shelter, including all facts on which you rely; and IDENTIFY ALL

11   DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

12   **RESPONSE TO INTERROGATORY NO. 15:**

13       Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

14   Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

15   the term "offered" is vague and ambiguous. For example, asking an unhoused person if they are

16   interested in shelter without a firm offer of a specific shelter and a process for them to be admitted

17   to that specific shelter, is not a valid offer of shelter. Plaintiffs object to this Interrogatory to the

18   extent that documents containing the information sought have already been filed in this case and

19   are therefore part of the public record.

20       Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

21   follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

22   because it is an entity and Defendants have not previously offered the Coalition on Homelessness

23   shelter. To the extent San Francisco offered shelter to Individual Plaintiffs, and individual

24   Plaintiffs subsequently declined that shelter (because it was not actually adequate or accessible,

25   only came under threat of unconstitutional property destruction, or for any other similar reason),

26   Individual Plaintiffs refer to and identify the following documents on the public docket as having

27   responsive information: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9), Declaration

28   of Toro Castano (Dkt. 50-5). Plaintiffs further understand that Defendants have possession,

1  custody, and control as to information and documents relating to each purported offer of shelter

2  that Defendants make and whether or not individuals accept or decline that shelter offer.

3  "[D]iscovery should not be used as a substitute for canvassing one's own files." *Houdry Process*

4  *Corp. v. Com. Oil Refining Co.*, 24 F.R.D. 58, 62 (S.D.N.Y. 1959).

5       Plaintiffs' collection and review of documents and information in this matter is ongoing.

6  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

7  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

8  further investigation and/or discovery indicate that such supplementation or amendment is

9  necessary.

10 **INTERROGATORY NO. 16:**

11      IDENTIFY each of YOUR criminal convictions from 2010 forward, including the state,

12 county, and city where YOU were convicted, the date of the conviction, the offense, the court

13 where the conviction was entered, and case number.

14 **RESPONSE TO INTERROGATORY NO. 16:**

15      Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

16 Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

17 the information sought by this Interrogatory related to "criminal convictions from 2010 forward"

18 occurring in the City and County of San Francisco is in the possession, custody, and control of

19 Defendants. Plaintiffs further object to the Interrogatory to the extent it calls for information

20 regarding any criminal convictions outside the City and County of San Francisco as entirely

21 irrelevant. Plaintiffs further object to this Interrogatory as seeking irrelevant, overbroad, unduly

22 burdensome information insofar as it seeks criminal convictions from "2010 forward" and is not

23 reasonably calculated to lead to the discovery of admissible evidence. *See, e.g.* Rule 609(a)-(b)

24 (limiting admissibility and use of criminal convictions at trial).

25      Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

26 follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

27 because it does not have any criminal convictions between 2010 to the present. Individual Plaintiffs

28 are not aware of any convictions for fraud, perjury, or other mendacity-related offenses.

1    Plaintiffs' collection and review of documents and information in this matter is ongoing.

2  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

3  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

4  further investigation and/or discovery indicate that such supplementation or amendment is

5  necessary.

6

7  Dated: June 22, 2023                              By: /s/ Joseph H. Lee

8                                                    LATHAM & WATKINS LLP
                                                     Alfred C. Pfeiffer, Jr., SBN 120965
9                                                    Wesley Tiu, SBN 336580
                                                     Kevin Wu, SBN 337101
10                                                   Tulin Gurer, SBN 303077
                                                     505 Montgomery Street, Ste. 2000
11                                                   San Francisco, CA 94111
                                                     Telephone: (415) 391-0600
12                                                   al.pfeiffer@lw.com
                                                     wesley.tiu@lw.com
13                                                   kevin.wu@lw.com
                                                     tulin.gurer@lw.com
14
                                                     LATHAM & WATKINS LLP
15                                                   Joseph H. Lee, SBN 248046
                                                     650 Town Center Drive, 20th Floor
16                                                   Costa Mesa, CA 92626
                                                     Telephone: (714) 540-1235
17                                                   joseph.lee@lw.com

18                                                   LATHAM & WATKINS LLP
                                                     Rachel Mitchell, SBN 344204
19                                                   12670 High Bluff Drive
                                                     San Diego, CA 92130
20                                                   Telephone: (858) 523-5400
                                                     rachel.mitchell@lw.com
21
                                                     LAWYERS' COMMITTEE FOR CIVIL
22                                                   RIGHTS OF THE SAN FRANCISCO BAY
                                                     AREA
23                                                   Zal K. Shroff, MJP 804620*
                                                     Elisa Della-Piana, SBN 226462
24                                                   131 Steuart Street, Ste. 400
                                                     San Francisco, CA 94105
25                                                   Telephone: (415) 543-9444
                                                     zshroff@lccrsf.org
26                                                   edellapiana@lccrsf.org

27                                                   *admitted pro hac vice

28                                                   ACLU FOUNDATION OF NORTHERN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*