# EXHIBIT 37

Talla Declaration

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim, SBN 347084
131 Steuart Street, Suite 400
San Francisco, CA  94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296
Email: nkashyap@lccrsf.org
Email: antim@lccrsf.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTANO; SARA CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Health Streets Operation Center (HSOC),<br><br>Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**<br><br>**Judge:**  The Hon. Donna M. Ryu |

PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.

RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON HOMELESSNESS, TORO CASTANO, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, TERESA SANDOVAL, AND NATHANIEL VAUGHN (collectively "Plaintiffs"), by and through their counsel of record, hereby provides this supplemental response and objections to Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") First Set of Interrogatories as follows:

## INCORPORATION OF PRELIMINARY STATEMENT AND GENERAL OBJECTIONS, AND OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference their preliminary statement and objections as set forth in their initial response to these First Set of Interrogatories as if fully set forth herein.

## SPECIFIC RESPONSES AND OBJECTIONS.

### INTERROGATORY NO. 3:

IDENTIFY every instance where YOU contend SAN FRANCISCO unlawfully caused an individual, including YOU, to move under threat of citation or arrest without first providing that individual an offer of shelter, including all facts on which you rely, such as the date and location of the threat; the code section threatened; the identity of the person to whom the threat was made; the name of the employee who issued the threat; and any evidence that no offer of shelter was made prior to the threat being issued and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory. In this Request the term "move under threat of

1  citation or arrest" has the same meaning YOU ascribed to it in Paragraph 7 of the First Amended
2  Complaint.

3  **SUPPLEMENTAL RESPONSE:**

4   Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to
5  Definitions and Instructions as though fully set forth herein. Plaintiffs object to this Interrogatory
6  on the basis that the information sought by this Interrogatory is in the possession, custody, and
7  control of Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs
8  further object to this Interrogatory to the extent it requires Plaintiffs to identify "every instance"
9  where San Francisco's unlawfully caused an individual to "move under threat of citation or arrest
10 without first providing that individual an offer of shelter" (whether or not that purported offer was
11 adequate or realistic) as overbroad, unduly burdensome, not proportional, and not reasonably
12 calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this
13 Interrogatory to the extent it requires Plaintiffs to identify "ALL DOCUMENTS" that relate to or
14 support the Response as overbroad, unduly burdensome, not proportional, and calls for information
15 outside the possession, custody, and control of Plaintiffs.

16  Subject to and without waiving any of the foregoing objections, Plaintiffs further respond
17 as follows: On an early morning in January 2023, Plaintiff Joshua Donohoe witnessed DPW
18 workers threaten several unhoused persons with citation or arrest on Erie Alley. Neither Mr.
19 Donohoe nor the unhoused residents on Erie Alley had seen a notice of the sweep several sweeps
20 conducted between January and March 2023. Mr. Donohoe also witnessed a separate sweep in
21 Erie Alley in the early morning of January or February 2023 where DPW workers were ordering
22 unhoused residents to move. Mr. Donohoe did not see any prior posting providing notice of the
23 sweep.

24  Plaintiffs' collection and review of documents and information in this matter is ongoing.
25 Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,
26 information, and belief. Plaintiffs reserve the right to supplement or amend the response should
27 further investigation and/or discovery indicate that such supplementation or amendment is
28

1  necessary.

2  **INTERROGATORY NO. 4:**

3  IDENTIFY every person experiencing homelessness whose property YOU contend SAN
4  FRANCISCO unlawfully destroyed, including all facts on which you rely. The phrase "destroy"
5  in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

6  **SUPPLEMENTAL RESPONSE:**

7  Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to
8  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that
9  the information sought by this Interrogatory is in the possession, custody, and control of
10 Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs further object
11 to this Interrogatory to the extent it requires Plaintiffs to identify "every person experiencing
12 homelessness" who has been subject to Defendants' unlawful property destruction practices as
13 overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the
14 discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the extent it
15 requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad,
16 unduly burdensome, not proportional, and calls for information outside the possession, custody,
17 and control of Plaintiffs.

18 Subject to and without waiving any of the foregoing objections, Plaintiffs further respond
19 as follows: On or around January 5, 2023, Plaintiff Sarah Cronk temporarily left her belongings at
20 her tent behind Target on Folsom Street and 13th Street for a few hours for the purpose of
21 attempting to obtain shelter. At this time, all of her items were all unsoiled and wrapped up in
22 anticipation of moving from this encampment into shelter. When she returned, she discovered that
23 all of her possessions were gone, without any property tags to identify that they had been bagged
24 and tagged. There had been no notice of the sweep beforehand. Eyewitnesses who were also living
25 at the encampment told Ms. Cronk that her possessions had been destroyed by the city. Some of
26 the items Ms. Cronk lost during this sweep included: clothing, phones, a laptop, art, tools, a cooler,
27 paint sets, markers, art supplies, blankets, cooking supplies, books, journals, sketch books,
28 costume wings, and the tarp she used for shelter.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 5:**

IDENTIFY every instance where YOU contend SAN FRANCISCO unlawfully destroyed property of a person experiencing homelessness, including YOU, including all facts on which you rely, such as the date, time, and location where the property was taken; the owner of the property; the identity of the employee who destroyed the property; and an inventory of the property destroyed and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory. The phrase "destroy" in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that the information sought by this Interrogatory is in the possession, custody, and control of Defendants and outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" of and "all documents" that relate to Defendants' unlawful property destruction practices as overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have filed documents on the public docket identifying the persons experiencing homelessness whom Plaintiffs currently possess sufficient knowledge of the identities of and the unlawful acts of property destruction committed by Defendants against those persons. Plaintiffs further object that, to the extent that this Interrogatory seeks information about unlawful destruction of the property of a person experiencing homelessness, this Interrogatory is duplicative of Interrogatory No. 4.

Subject to and without waiving any of the foregoing objections, Plaintiffs further respond as follows: On or around January 5, 2023, Plaintiff Sarah Cronk temporarily left her belongings at her tent behind Target on Folsom Street and 13th Street for a few hours for the purpose of attempting to obtain shelter. At this time, all of her items were all unsoiled and wrapped up in anticipation of moving from this encampment into shelter. When she returned, she discovered that all of her possessions were gone, without any property tags to identify that they had been bagged and tagged. There had been no notice of the sweep beforehand. Eyewitnesses who were also living at the encampment told Ms. Cronk that her possessions had been destroyed by the city. Some of the items Ms. Cronk lost during this sweep included: clothing, phones, a laptop, art, tools, a cooler, paint sets, markers, art supplies, blankets, cooking supplies, books, journals, sketch books, costume wings, and the tarp she used for shelter.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 10:**

Please state all facts describing each incident where YOU contend SAN FRANCISCO destroyed YOUR property, including, but not limited to, the dates and location(s) of the incident(s), a full inventory of the property taken, the value of the property taken, whether you were present at the time the property was taken, whether notice was posted regarding the seizure, the identity of any City personnel involved in the incident(s), what if any steps you took to determine whether any of your property had been stored by the City, and the identity of any witnesses to the incident(s) and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory. The phrase "destroy" in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent that documents containing the information sought have already been filed in this case and are therefore part of the public record. Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 5.

Subject to and without waiving any of the foregoing objections, Plaintiffs further respond as follows: On or around January 5, 2023, Plaintiff Sarah Cronk temporarily left her belongings at her tent behind Target on Folsom Street and 13th Street for a few hours for the purpose of attempting to obtain shelter. At this time, all of her items were all unsoiled and wrapped up in anticipation of moving from this encampment into shelter. When she returned, she discovered that all of her possessions were gone, without any property tags to identify that they had been bagged and tagged. There had been no notice of the sweep beforehand. Eyewitnesses who were also living at the encampment told Ms. Cronk that her possessions had been destroyed by the city. Some of the items Ms. Cronk lost during this sweep included: clothing, phones, a laptop, art, tools, a cooler, paint sets, markers, art supplies, blankets, cooking supplies, books, journals, sketch books, costume wings, and the tarp she used for shelter.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 14:**

IDENTIFY each occasion where SAN FRANCISCO offered YOU shelter, including all facts on which you rely, such as the date and location where San Francisco made the offer; the

identity of the employee who made the offer; the type of shelter offered; and the name or location of the shelter offered.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that the term "offered" is vague and ambiguous. For example, asking an unhoused person if they are interested in shelter without a firm offer of a specific shelter and a process for them to be admitted to that specific shelter, is not a valid offer of shelter. Plaintiffs further object on the basis that any information regarding shelter offers sought by this Interrogatory is in the possession, custody, and control of Defendants.

Subject to and without waiving any of the foregoing objections, Plaintiffs further respond as follows: Plaintiff Sarah Cronk received an offer of shelter in or around January 2023, and is currently living in a shelter at 1631 Hayes St, San Francisco, CA. Plaintiff Joshua Donohoe further responds that he also received an offer of shelter in or around January 2023, and is also currently living in a shelter at 1631 Hayes St, San Francisco, CA. Plaintiffs further understand that Defendants have possession, custody, and control as to information and documents relating to each purported offer of shelter that Defendants make. "[D]iscovery should not be used as a substitute for canvassing one's own files." *Houdry Process Corp. v. Com. Oil Refining Co.*, 24 F.R.D. 58, 62 (S.D.N.Y. 1959).

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

Dated: August 26, 2024

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF SAN FRANCISCO

By */s/ Nisha Kashyap*
Nisha Kashyap

*Attorneys for Plaintiffs*