UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 22-cv-05502-DMR <br><br> **ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Re: Dkt. Nos. 300, 303, 307, 349, 367, 368, 370, 371 |

The parties have filed six Administrative Motions to File Under Seal (Docket Nos. 303, 349, 367, 368, 370, 371) and two Administrative Motions to Consider Whether Another Party's Material Should be Sealed (Docket Nos. 300, 307) (collectively, the "Sealing Motions"), seeking to file under seal documents submitted in connection with briefing on Defendants' Partial Motion to Dismiss the Third Amended Complaint (Docket No. 301) and Motion for Summary Judgment (Docket No. 350).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption [in favor of public access to court records] by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("Compelling reasons" standard applies to motions that are "more than tangentially related to the underlying cause of action.").

The "compelling reasons" standard thus applies to the Motion to Dismiss and the Motion for Summary Judgment, as both are more than tangentially related to the merits of the case. *See Garrison v. Oracle Corp.*, No. 14-CV-04592-LHK, 2016 WL 7042988, at *2 (N.D. Cal. Feb. 22, 2016) ("Motions to dismiss are typically treated as dispositive motions and are more than

tangentially related to the underlying cause of action.") (citation omitted); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, No. 19-CV-07123-PJH, 2025 WL 885598, at *4 (N.D. Cal. Mar. 21, 2025) (finding the 'compelling reasons' sealing standard applies to documents filed in connection with defendants' summary judgment motion"). Furthermore, proposed redactions must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Assuming the case goes forward to trial, it is likely some of the materials that the parties seek to seal will be discussed. As the trial will be open to the public and given the "stringent burden" of meeting the "compelling reasons" standard, *Ctr. for Auto Safety*, 809 F.3d at 1096, the Court ORDERS the following:

1. The parties shall meet and confer and identify which portions of the documents that are the subject of the Sealing Motions truly warrant sealing under the "compelling reasons" standard. The court notes that not all of the parties' proposed redactions satisfy this requirement. For instance, several of the proposed redactions to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment are simply citations to exhibits. [*See, e.g.*, Docket No. 367-1 at 6:15, 6:20-21, 7:9-10, 7:13, 8:10-11, 8:25, 13:22, 18:19, 18:28, 20:22, 23:6, 24:16, 28:3-4.] While there may be a basis to redact parentheticals that disclose confidential information, mere citations to exhibit numbers and pin cites to pages and lines do no such thing. Moreover, much of the deposition testimony proposed to be sealed concerns issues that are likely to be discussed at trial. The parties should carefully consider whether sealing is in fact warranted.

2. No later than June 18, 2025, the parties shall jointly file a proposed order that lists the documents that they seek to be sealed in a table format similar or substantially similar to the example below:

| ECF No. | Document | Portion of Document to be Sealed | Party Claiming Confidentiality | "Compelling Reason" for Sealing | Court Ruling |
|---------|----------|----------------------------------|--------------------------------|--------------------------------|--------------|
|         |          |                                  |                                |                                |              |

**IT IS SO ORDERED.**

Dated: June 6, 2025

_____
Donna M. Ryu
Chief Magistrate Judge