UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 22-cv-05502-DMR<br><br>**ORDER MODIFYING THIRD AMENDED CASE MANAGEMENT AND PRETRIAL ORDER FOR COURT TRIAL** |

As discussed at the May 8, 2025, the court issues this order to modify provisions of the Third Amended Case Management and Pretrial Order for Court Trial (Docket No. 270) in response to issues raised by the parties in their most recent joint case management conference statement. [Docket No. 373.]

Section 5(c)(1) is modified to specify that the joint pretrial statement shall not exceed 25 pages.

Section 5(c)(2) is modified to provide further direction regarding trial briefs. Trial briefs shall not exceed 10 pages and shall present argument on the key controlling issues of law. By comparison, Section 5(c)(1)(c) requires that the joint pretrial brief include, "without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions, and any procedural or evidentiary issues."

Section 5(c)(2) and Section 5(d) are modified to specify limits and deadlines on motions in limine ("MILs"). The parties must meet and confer prior to filing an MIL. No more than five MILs may be filed per side. Oppositions shall be due June 27, 2025. Each MIL and opposition to an MIL shall not exceed four pages. Reply briefs are not permitted. Parties frequently misuse MILs. As an example of misuse, parties frequently attempt to exclude broad categories of

possible evidence. Such motions are routinely denied. Any MIL must specify the precise exhibits or proffered testimony the party seeks to exclude. MILs brought to re-litigate an issue will be denied as procedurally defective.

Section 5(c)(4) is modified to specify that both sides shall use numbered exhibits. Plaintiffs' exhibits shall start at 1. Defendants' exhibits shall start at 500.

*Daubert* motions and opposition briefs may not exceed seven pages each. Opening briefs shall be due by June 20, 2025, and oppositions shall be due by June 27, 2025. Reply briefs are not permitted.

The parties raised a dispute about accounting for trial time for testimony presented via deposition designation. [Docket No. 373 at 4-5.] After meeting and conferring, the parties shall explain in their joint pretrial statement which witnesses are likely to testify by deposition designation, and how long their testimony will be (either by length of video playback or by number of deposition pages). The court will decide whether and how to count the time after reviewing this information.

Plaintiffs request the ability to present direct testimony by declaration, followed by live cross-examination. Defendants oppose. [Docket No. 373 at 4-5.] At the May 8, 2025 hearing, Plaintiffs explained that this procedure will promote efficiency. Defendants responded that it makes more sense to conduct the entire examination through live testimony. If granted, Defendants request advance notice of the content of the declarations so they can make objections and prepare cross-examination. [Docket No. 383 at 73.] The court denies Plaintiffs' request because it will not likely make the trial process more efficient.

Dated: June 9, 2025

Donna M. Ryu
Chief Magistrate Judge