UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 22-cv-05502-DMR<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 301 |

Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco Department of Emergency Management (collectively, "the City") move pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative 12(b)(6), to dismiss the claims alleged in the third amended complaint (Docket No. 289, "TAC") to the extent they are based on the organizational standing of Plaintiff Coalition on Homelessness ("Coalition"). [Docket No. 301.] Plaintiffs oppose. [Docket No. 304.] This matter is suitable for determination without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, the City's motion to dismiss is granted.

**I.   BACKGROUND**

In its December 4, 2024 order granting in part and denying in part the City's motion to dismiss the Second Amended Complaint ("SAC"), the court held, among other things, that the SAC sufficiently pleaded Coalition's associational standing but not organizational standing to bring the remaining claims in this case. Those claims challenge the City's alleged improper seizure and destruction of unhoused individuals' personal property in violation of the Fourth and Fourteenth Amendments and the California Constitution. [Docket No. 281 ("Order re SAC") at 6-7, 25.]

1  Plaintiffs were granted leave to amend. *Id.* at 38.

2  On December 18, 2024, Plaintiffs filed the TAC. [Docket No. 289.] On January 2, 2025, the City filed a motion to dismiss the TAC on standing grounds (Docket No. 295), which was denied without prejudice because it improperly sought to relitigate issues of associational and individual standing the court had already allowed to proceed past the pleading stage. [Docket No. 298.][1] The City was granted leave to file a Rule 12 motion solely on the issue of Coalition's organizational standing. *Id.* On January 23, 2025, the City filed this motion to dismiss the TAC for lack of subject matter jurisdiction based on Coalition's organizational standing, pursuant to Rule 12(b)(1), or alternatively Rule 12(b)(6). [Docket No. 301 ("Mot.").] Plaintiffs filed an opposition on February 6, 2025 (Docket No. 304 ("Opp'n")), and the City filed a reply on February 13, 2025 (Docket No. 308 ("Reply")).

## II. DISCUSSION

The City argues that if the court does not dismiss Coalition's claims for lack of organizational standing, it should nevertheless grant the motion to dismiss under Rule 12(b)(6) due to Coalition's failure to state a claim "in Coalition's own right." Mot. at 8.

The court need not determine whether the TAC sufficiently pleads Coalition's organizational standing because even if it did, Coalition does not claim that the City unlawfully seized or destroyed its property in violation of the federal or state constitutions.[2] For this reason, Coalition cannot seek relief for claims based on its own injuries but may continue to pursue those claims in its representational capacity through associational standing.

"An organization may assert standing either on behalf of its members, which is referred to as associational standing, or directly on its own behalf, which is referred to as organizational

---

[1] Having determined that Coalition adequately pleaded associational standing, the court declined to address standing for the remaining individual Plaintiffs. Order re SAC at 20 (citing *Leonard v. Clark*, 12 F.3d 885, 888 (9th Cir. 1993) ("As a general rule, in an injunctive case this court need not address standing of each plaintiff if it concludes that one plaintiff has standing.")).

[2] The court already determined it has Article III jurisdiction because Plaintiffs sufficiently pleaded Coalition's associational standing. Order re SAC at 9-18. It therefore has authority to rule on whether Coalition can assert its own claim for violation of the Fourth and Fourteenth Amendments. *See One Fair Wage, Inc. v. Darden Restaurants Inc.*, 2023 WL 2445690 at *2 (9th Cir. 2023).

1 standing." *March For Our Lives Idaho, et al. v. McGrane*, 749 F. Supp. 3d 1128, 1136 (D. Idaho 2024) (citing *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 662 (9th Cir. 2021)). "The doctrine of associational standing permits an organization to 'sue to redress its members' injuries, even without a showing of injury to the association itself.'" *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1109 (9th Cir. 2003) (quoting *United Food & Com. Workers Union Local 751 v. Brown Grp.*, Inc., 517 U.S. 544, 552 (1996)). This court already determined that Coalition pleaded associational standing and may prosecute claims in its representative role. Order re SAC at 9-18.

However, even if Coalition were able to establish organizational standing to pursue claims directly on its own behalf, Coalition has not stated claims for unlawful seizure or deprivation of its own property and therefore those claims must be dismissed.

At least two courts reached the same conclusion under similar circumstances. In *Rios v. County of Sacramento*, plaintiff Sacramento Homeless Organizing Committee ("SHOC") and several individuals brought section 1983 claims asserting that unhoused individuals allegedly lost personal property when defendants expelled them from a vacant lot without giving them adequate notice or time to remove or reclaim their belongings. 562 F. Supp. 3d 999, 1008-09 (E.D. Cal. 2021). Plaintiffs pursued constitutional claims for unreasonable search and seizure in violation of the Fourth Amendment, denial of due process in violation of the Fourteenth Amendment, and corresponding violations of the California Constitution. *Id.* The court held that SHOC had organizational standing, but dismissed SHOC's claims for violation of the Fourth Amendment and Fourteenth Amendment and parallel state claims because SHOC itself did not allege it was the subject of any searches or seizures. *Id.* at 1015, 1018, 1021, 1024.

In *South Carolina State Conference of NAACP, et al. v. South Carolina Department of Juvenile Justice, et al.*, No. 22-cv-1338-JDA-PJG, 2024 WL 5153170 (D.S.C. Dec. 18, 2024), three civil rights advocacy organizations, including Justice 360 and Disability Rights, brought a lawsuit challenging the conditions of confinement in several juvenile detention facilities. The plaintiffs' § 1983 claims included several alleged violations of the Fourteenth Amendment. The court found that the plaintiffs plausibly alleged organizational standing for Justice 360 and associational standing for Disability Rights. *Id.* at *5-8. However, it dismissed the § 1983 claims based on

3

1  organizational (as opposed to associational) standing because the Plaintiff organizations "failed to
2  allege how their *own* Fourteenth Amendment rights have been violated." *Id.* at 11 (emphasis in
3  original).

4      During the pendency of this motion, the court held a hearing on Defendants' Motion for
5  Summary Judgment and asked Plaintiffs to argue this point. Plaintiffs identified several cases to
6  support its position that Coalition can pursue claims based on its organizational standing even where
7  the injury is to individuals and not to the organization itself. Plaintiffs' cases are distinguishable.
8  [*See* Docket No. 383 (5/8/25 Hr'g Tr.) at 17:4-22:14.] For starters, unlike *Rios* and *South Carolina*
9  *State Conference of NAACP*, none of Plaintiffs' cases analyze this issue; as such, they do not directly
10  support Plaintiffs' position. Moreover, with one exception,[3] the cases do not involve § 1983 claims
11  for unconstitutional seizure or deprivation of property. *See Al Otro Lado v. Mayorkas*, No. 23-cv-
12  1367-AGS-BLM, 2024 WL 4370577 (S.D. Cal. Sept. 30, 2024) (class action challenging alleged
13  government policy of turning away asylum applicants who failed to schedule appointments through
14  a specific smart phone app; court found organizational standing, then determined that the
15  organizational plaintiffs' injuries fall within the zones of interest protected by the relevant
16  immigration statutes before analyzing whether Plaintiffs stated claims under *United States ex rel.*
17  *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), the Administrative Procedures Act, and the Alien
18  Tort Statute); *March For Our Lives Idaho*, 749 F. Supp. 3d 1128 (two organizational plaintiffs
19  challenged the constitutionality of amendments to Idaho voting law that allegedly made it harder
20  for Idahoans to register and vote; court found organizational standing for one plaintiff before
21  analyzing each claim and granting summary judgment for defendant); *Republican Nat'l Comm. v.*
22  *N. Carolina State Bd. of Elections*, 120 F. 4th 390 (4th Cir. 2024) (national and state political parties
23  filed suit against the state elections board asserting state law claims stemming from the board's

---

[3] In *Yesue v. City of Sebastopol*, No. 22-cv-06474-KAW, 2024 WL 4876953 (N.D. Cal. Nov. 22, 2024), a non-profit organization and two individuals brought claims challenging a municipal ordinance that prohibited RV parking in certain locations and times. The lawsuit included alleged violations of the Fourth and Fourteenth Amendment. The court found organizational standing, then turned to analyze the merits of each claim. The court granted summary judgment in favor of the defendant on all claims without separately examining whether the organization itself had suffered violations of the law. The defendant did not appear to raise the issue raised by the City in this case; at any rate, the *Yesue* court did not need to analyze the question.

1  alleged non-compliance with the federal Help America Vote Act; court found organizational
2  standing before analyzing whether the district court had federal question jurisdiction and had
3  improperly remanded the case).

4        Plaintiffs also identified *Freedom Foundation v. International Brotherhood of Teamsters
5  Local 117*, No. 23-3946, 2024 WL 5252228 (9th Cir. Dec. 31, 2024), but it does not support their
6  position. 5/8/25 Hr'g Tr. at 18:4-12. Freedom Foundation, a non-profit organization, pursued
7  § 1983 claims against several unions asserting they violated public employees' First Amendment
8  rights against compelled speech and association by rejecting dues revocation forms mailed by the
9  organization on behalf of employees. *Freedom Found.*, 2024 WL 5252228 at *1. The Ninth Circuit
10 held that Freedom Foundation had organizational standing to assert claims against the unions. *Id.*
11 at *1-2. However, the court found that Plaintiff failed to state a § 1983 claim. *Id.* at *2. In so
12 holding, the court noted that Freedom Foundation's "alleged constitutional deprivation" -- the
13 unions' refusal to accept delivery of dues revocation forms sent by the organization -- did not amount
14 to state action. *Id.* Thus, contrary to Plaintiffs' characterization of the case, Freedom Foundation
15 was asserting a direct violation of its own constitutional rights.

16       In sum, the court finds that even if organizational standing exists, Coalition cannot pursue
17 its own claims against the City because it did not allege that the organization itself suffered an
18 unlawful seizure or deprivation of property without due process. Coalition admits it cannot amend
19 the TAC to cure this deficiency.[4] Because amendment is futile, Coalition's claims for violation of
20 its own rights are dismissed with prejudice.

21 //
22 //
23 //
24 //
25 //
26 //

---

[4] *See* Docket No. 301-3, Plaintiffs' Response to Interrogatory No. 10 at p. 28: "Plaintiff Coalition on Homelessness . . . has not had its property destroyed by Defendants."

United States District Court
Northern District of California

### III. CONCLUSION

The City's motion to dismiss the TAC is granted with respect to Coalition's claims that the organization itself suffered violations of the Fourth and Fourteenth Amendments and corresponding protections in the California Constitution. As previously determined, Coalition may pursue claims based on its associational standing.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
Donna M. Ryu
Chief Magistrate Judge