June 9, 2025

**VIA ECF**
Hon. Donna M. Ryu, Chief United States Magistrate Judge
United States District Court, Northern District of California

Re:   Plaintiffs' Letter re: Defendants' Trial Exhibit List
      *Coalition on Homelessness v. City and County of San Francisco*, 22-cv-05502

Dear Judge Ryu,

Ahead of the June 20 pre-trial deadline to file exhibit lists, motions *in limine*, and other pre-trial submissions, Dkt. 270 at 4, and in light of the Court's order earlier today, Dkt. 389, Plaintiffs request that the Court order the City to narrow its wildly overbroad and improper trial exhibit list—consisting of **4,255 exhibits (many of which each include hundreds or even thousands of pages)**—to include *only* those exhibits that the City actually intends to introduce at trial.

Plaintiffs write to the Court now for immediate relief as the volume of the City's exhibit list makes it impossible for us to review all 4,255 exhibits, meet and confer about motions *in limine* before June 20 (Dkt. 389), draft and file *motions in limine* by June 20 (Dkt. 270), and list objections to all defense exhibits by June 30 (*id.*).

*Background*

The parties previously agreed to exchange their proposed exhibit lists on June 2. On May 29, Defendants sought an extension to June 6, explaining that they needed additional time to narrow their list which then consisted of 10,000 exhibits. On May 30, Plaintiffs responded: "We will agree to your request to extend the deadline for your exhibit list to June 6 based on your representation that this will result in us getting a list from you with a workable number of exhibits. For the avoidance of doubt, by 'workable number,' we mean a number in the hundreds, not thousands."

By comparison, the Court's order limits Plaintiffs to 500 exhibits (because Defendants' exhibit numbering begins at 501, *see* Dkt. 389) and Plaintiffs' list contains just 433 exhibits.

Plaintiffs served their trial exhibit list on Monday, June 2 (as the parties originally agreed) to facilitate Defendants' narrowing of their exhibit list.

Plaintiffs heard nothing further from Defendants until the evening of June 6, when they served an exhibit list containing 4,255 exhibits, many of which are so-called "compilations" that lump together hundreds of documents. It appears that Defendants used the extension of time to move exhibits off their list and conceal them in these compilations instead.

*Defendants' Exhibit List Is Improper*

The purpose of a Joint Pretrial Order is to narrow the case for trial, so that both the opposing party and the Court have fair notice of the exhibits that are anticipated to be introduced and can prepare accordingly, including raising objections and issuing rulings. Defendants' list of 4,255 exhibits undercuts this purpose, is disproportionate to this case, radically exceeds the length of time the Court has allotted for trial, contains many exhibits that are patently inadmissible, and obfuscates the true number of exhibits by including thousands of pages under a single exhibit label. It is patently designed to obscure the City's *actual* trial exhibits, burden the Court, and prejudice Plaintiffs by leaving insufficient time to review exhibits individually, lodge objections, and prepare *in limine* motions if necessary. For example:

- Defendants' Trial Exhibits 4237, 4238, 4239, 4240, 4241, 4242, 4243, 4244 *each consist of tens of thousands of pages of text messages* to and from City employees. It appears the City just listed *all* or almost all of the text messages it produced for its witnesses, without any attempt to identify the messages it might actually use at trial. Many of these text messages have no conceivable relevance to the allegations and claims at issue, and many are otherwise inadmissible because of hearsay, prejudice, or other evidentiary problems. The City cannot contend that *all* text messages from an employee's phone should be admitted into evidence, nor that it is feasible for Plaintiffs to review each set of text messages individually before the June 20 deadline for the submission of exhibit lists and motions *in limine* or the June 30 deadline for objections to exhibits. The City must identify those text messages that it actually intends to admit as evidence.
- Defendants describe Trial Exhibits 1, 296, 1125, 1229 as "compilation placeholder(s)," together consisting of hundreds of pages of HSOC telephone meeting notes, HSOC notices, HSOC schedules, and HSOC "templates" (maps of the location of the scheduled resolution). In violation of the Court's order (Dkt. 270), these "compilations" contain multiple sponsoring witnesses, many of whom lack personal knowledge to support the purpose for which the compilations are being offered. Again, it appears the City has simply *dumped all documents* from these categories into its trial exhibit list. In addition to these "compilation placeholder" exhibits, the City has listed dozens of those same types of documents separately and individually on its exhibit list. Again, the City must identify those documents it actually intends to introduce at trial and list an appropriate sponsoring witness for each of these exhibits. Dkt. 270.
- Defendants' Trial Exhibits 1484 and 3888-3978 are hundreds of internal DPW reports called "CMMS" or "service order" reports, amounting to thousands of pages. The City's stated purpose for listing these exhibits is to "[s]how[] circumstances on the ground to which DPW needs to respond" and "[i]llustrate and document encampment or bag and tag interactions by DPW." Again, if the City intends to admit particular service order reports to show how it handled a particular incident, the City should narrow its exhibits to consist of those relevant reports only.
- The City has also claimed in several instances that it "reserve[s] the right to supplement any incidents that arise at trial with related email correspondence produced in litigation," a broad catchall that further broadens its exhibit list, violates

      the Court's requirements for exhibit lists, and denies Plaintiffs notice of the actual exhibits it intends to use at trial.
- Similarly, the City's exhibit list purports to add undisclosed witnesses, captured by vague descriptions such as "DPW employee, observer, or person experiencing homelessness if incident put at issue." Again, it is obvious that the City intends to deny Plaintiffs' notice of the exhibits and witnesses it actually intends to introduce, in order to sandbag us at trial.

    The Court should order Defendants to serve a narrowed exhibit list on or before June 15, to consist solely of the exhibits they actually intend to use at trial, no more than 1,000 exhibits total, without improper "compilation exhibits," or collections of all text messages or other categories.

                                                          Respectfully submitted,

                                                          /s/ *Vasudha Talla*
                                                          Vasudha Talla

                                                          *Counsel for Plaintiffs*