DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

[Additional Counsel on next page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SUBMIT CERTAIN EXHIBITS ELECTRONICALLY**<br><br>Trial Date:    July 28, 2025 |

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN THEOBALD, State Bar #328837
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:   (415) 343-7103 [Metlitzky]
             (415) 343-7100 [Lanier & Theobald]
Facsimile:   (415) 343-7101
E-mail:      wmetlitzky@conmetkane.com
             jlanier@conmetkane.com
             ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

The Court's pre-trial order requires the parties to each deliver to the Court "a bench binder with the party's exhibits, separated with label dividers" on Friday, June 20. ECF No. 270. Pursuant to Civil Local Rule 7-11, the City moves for an administrative order to permit the parties to file categories of trial exhibits electronically via thumb drive. Specifically, the City requests an order to file any of the following six categories of exhibits electronically[1]: (1) Video Files; (2) Native Excel Files; (3) CMMS Records or any other documents with active embedded links; (4) Cell Phone Records; (5) HSOC Notices and Templates; and (6) HSOC Schedules. Plaintiffs consent to the City's request as to categories (1) and (2) only. The City also seeks leave to submit the bench binders with the City's printed exhibits seven business days after the parties' dispute related to the City's exhibit list is resolved.

The City's request allows for the more orderly presentation of evidence by ensuring native files are available in the format in which they have the greatest readability and utility. It preserves the resources of the Court and the parties in terms of preparing and storing voluminous trial exhibits potentially spanning more than 340 binders, 40 banker's boxes, and costing tens of thousands of dollars to prepare. This is especially so where many of these exhibits may become unnecessary pending the outcome of the parties' meet and confer. Such administrative relief is well within the trial court's discretion to control the presentation of evidence under Federal Rule of Evidence 611.

## I. Electronic Production Aids Readability

Electronic production of video and excel files increases their readability. Video files are only viewable electronically and both parties' trial exhibit lists disclosed DPW's bag and tag logs, which are spreadsheets that contain one row for each bag and tag, with a separate tab for each month. *See e.g.* ECF No. 349-22; Murphy Decl. ¶ 10. It is easier to view multi-tabbed files natively. The trial exhibit lists include other larger-volume spreadsheets with so many columns that printing them on one page would make the text too small to read. *Id*.  The City previously submitted several such spreadsheets natively with its summary judgment motion for the same reason. *See e.g.*, ECF Nos. 349-25 (43 columns and 2383 rows), 349-26 (43 columns and 1,303 rows), and 349-57 (12 columns and 184,105

---

[1] The City would also not object to an order that the parties produce *all* trial exhibits (rather than only six categories) electronically.

rows). Electronic versions of these exhibits benefit the fact-finder, the parties, and the witnesses. Plaintiffs do not oppose the City's request as to these two categories of documents. Murphy Decl. ¶ 3-5, Ex. A.

## II. Electronic Production Aids Utility

The City's exhibit list is lengthy because Plaintiffs have not yet identified the full universe of the dates, time, and locations where they contend the City's conduct was unlawful. Instead, Plaintiffs take the position that at trial they should not be limited to the instances they disclosed in their written discovery responses, or even in their opposition to the City's summary judgment motion, and should instead be able to contend that any City interaction with a person experiencing homelessness was unlawful as long as any party produced any evidence about that interaction, regardless of whether Plaintiffs' ever registered their contention that the interaction was unlawful. The City objected to Plaintiffs' efforts to expand the scope of trial beyond what they disclosed in discovery, but because the City's objection on this issue is pending, the City must prepare for the worst-case scenario in which Plaintiffs are permitted to proceed via trial by ambush.

Under these circumstances the City's exhibit list includes several categories of recurring business records where the City knows that only some of each type of record will likely be admitted, but does not yet know *which* subset will be relevant. These include: (3) CMMS Records, (4) Cell Phone Records, (5) HSOC Notices and Templates, and (6) HSOC Schedules.

CMMS records are DPW's records of their work each time they respond to an encampment or bag and tag. Murphy Decl. ¶ 11. Cell phone records include text messages among members of the City teams who participate in HSOC operations and Joint Field Operations about those operations as well as photographs of the operations taken and shared on text threads. *Id*. at ¶ 12. The City's HSOC Notices are photographs–either attached to or as embedded images in–routine City emails sent to memorialize that written notice was posted 72-hours in advance of an HSOC operation. *Id*. at ¶ 13. And HSOC schedules are internal City records, typically in the form of an excel spreadsheet, of where HSOC operations are set to occur. *Id*. at ¶ 14. The City's exhibit list includes full or sizable sets of these business records during the relevant timeframe. Because it is unlikely that the City will need to admit the majority of the documents disclosed in this category, but it does not yet know which subset

those will be, it makes more sense for the Court to keep these records electronically given the volume of paper at issue.

CMMS records are also more useful electronically for the separate and independent reason that many of them contain embedded links. CMMS is an electronic database. The City produced tens of thousands of pages of CMMS entries covering the relevant time period. Many of those records include live URL links to photographs DPW took of the scene which are available for viewing online by clicking a link embedded in the CMMS report. Murphy Decl. ¶ 11.  This is a further reason for the Court to accept these exhibits via thumb drive.

### III.   Electronic Production Will Decrease The Burden on the Court

The City's motion would save the Court the burden of storing voluminous trial exhibit binders. Although the City does not have a final page count of its exhibit list, it conservatively estimates the page count easily eclipses 200,000 pages. Murphy Decl. ¶ 6.  The City received a quote estimating a production of that size production would encompass 170 three-inch binders. *Id*. at ¶ 7.  A legal-size banker's box can hold approximately 5,000 loose pages, and so the City's production would fill at least 40 boxes. *Id*. at ¶ 9.  The overwhelming driver of that page count is the six categories of documents identified in this motion. Allowing the City to submit these exhibits electronically would decrease the burden that the physical trial exhibit binders impose on chambers.

### IV.   Electronic Production For Large Volume Exhibits Is Cheaper

Electronic production also saves the parties and taxpayers money. The City received a quote to print trial exhibit binders with a price of $0.35 per color page of printing compared to $15 for each thumb drive. Murphy Decl. ¶ 8.  With a page count of 200,000, preparing binders containing full color would cost $70,000 per set. In contrast, putting these voluminous exhibits on $15 thumb drives obviates that cost.

### V.   A Continuance Of The Deadline To Provide The Court With A Bench Binder Of Exhibits Will Save Resources And Space

On June 11, 2025, the Court issued an order on the parties' letters regarding the City's exhibit list. ECF Nos. 394. In it, the Court ordered the parties to meet and confer in good faith on the issue but, if the parties were unable to resolve it, the parties are to "include their respective positions in their

joint pretrial statement." *Id*. With the size of the City's exhibit list in flux, it makes little sense for the Court to receive a copy of the exhibits as they exist now. Accordingly, the City asks for leave to submit its hard copy exhibit binder seven business days after the parties' dispute related to the City's exhibit list is resolved.[2] Doing so would conserve the parties' resources, as described above, and lessen the burden of exhibits the Court receives.

## VI. Attempts at a Stipulated Request

The City inquired whether Plaintiffs would join the City's request regarding electronically filed exhibits. Murphy Decl. ¶ 3-5, Ex. A.  Plaintiffs consented to the request as it relates to video files and excel files, but not as to the other four categories. *Id*.  Following the issuance of the Court's Order on the parties' letter briefs which required the parties to meet and confer in good faith on the issue, the City informed Plaintiffs it would amend its planned administrative motion to include a request that any exhibit binder not be due to the Court until seven business days after the parties' dispute related to the City's exhibit list is resolved. Plaintiffs did not agree to this request. *Id*.  The text of the parties' exchange, including Plaintiffs full statement of their position, is attached as Exhibit A to the Murphy Declaration.

## VII. Conclusion

The electronic submission of certain evidence in this case benefits the Court, the parties, and the taxpayers. Other courts have exercised that discretion to permit the electronic submission of trial exhibits. *See e.g., Est. of Clifford v. Placer Cnty*., No. 211CV02591MCECKD, 2018 WL 746475, at *3 (E.D. Cal. Feb. 6, 2018) ("The parties should be prepared to submit discovery documents and trial exhibits electronically"). Accordingly, the City requests the Court grant its administrative motion and permit the parties to submit the above-referenced six categories of exhibits electronically via thumb drive rather than in paper copy and that the Court delay the requirement that the parties produce their exhibit binders until after the Court-ordered meet and confer concludes.

---

[2] In the alternative, the City can provide the Court a full electronic set of its exhibits on June 20, followed by a set of binders seven business days after the dispute is resolved, should that be helpful to the Court.

Dated: June 11, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

By: *s/ Kaitlyn Murphy*
KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT