DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

[Additional Counsel on next page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING THE TIME FOR MOTION TO STAY HEARING**<br><br>Trial Date:    July 28, 2025 |

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN THEOBALD, State Bar #328837
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:      (415) 343-7103 [Metlitzky]
                (415) 343-7100 [Lanier & Theobald]
Facsimile:      (415) 343-7101
E-mail:         wmetlitzky@conmetkane.com
                jlanier@conmetkane.com
                ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

Pursuant to Civil Local Rule 6-3, Defendants City and County of San Francisco, San Francisco Police Department, San Francisco Department of Public Works, San Francisco Department of Homelessness and Supportive Housing, San Francisco Fire Department, and San Francisco Department of Emergency Management (collectively "San Francisco" or the "City") move to shorten the hearing date on the City's Motion to Stay Proceedings Pending Interlocutory Appeal ("Motion to Stay").  The City has filed the Motion to Stay to stay all proceedings, including trial, until the Ninth Circuit Court of Appeals resolves the City's interlocutory appeal of the Court's denial of the City's motion to dissolve the preliminary injunction.  Although the City filed its motion more than thirty-five days before trial, due to the Court's unavailability on July 24, 2025, the soonest available hearing date when following Civil Local Rule 7-2(a) is August 14, 2025—17 days after trial is scheduled to begin on July 28, 2025.  ECF No. 270.  The City requests the Court: (1) hear the City's Motion to Stay on Thursday, July 10, 2025 at 1 p.m.; and (2) order the City to file its reply on July 3, 2025, before the July 4 holiday instead of after, to provide sufficient time for the Court to review the briefs.  These are the only modifications the City seeks—Plaintiffs' opposition deadline remains the same.[1]

### I. Plaintiffs Refused to Stipulate to Shorten the Time for the Hearing

The City emailed Plaintiffs to notify them that it intended to file the Motion to Stay and asked if Plaintiffs would stipulate to the request to move the hearing from August 14, 2025 to July 10, 2025, with the City's reply due July 3, 2025[2] and Plaintiffs' opposition due on the existing due date (June 27, 2025).  Declaration of John H. George in Support of Administrative Motion for Order Shortening the Time for Motion to Stay Hearing ("George Decl."), ¶¶ 2-5.  Plaintiffs declined to stipulate and indicated they intend to oppose this motion.  *Id.*, ¶ 5.

### II. The City Will be Prejudiced If the Hearing is Not Moved to July 10, 2025

As set out more fully in the City's Motion to Stay, the City requests a stay of all proceedings, including trial, to avoid wasting enormous sums of taxpayer money and resources and burdening dozens of City employees by taking the case through trial when the Ninth Circuit is set to decide

---

[1] Under Civil Local Rule 7-3(a), Plaintiffs' opposition to the Motion to Stay is due June 27, 2025, 14 days after the Motion was filed.

[2] Because July 4, 2025 is a holiday, the City's reply is not due until July 7, 2025.  Civ. L.R. 7-3(c); Fed. R. Civ. P. 6(a)(1).

whether the case belongs in federal court at all. The Motion to Stay contends that the requested stay will not harm Plaintiffs, the City will suffer hardship without a stay, and the expected Ninth Circuit decision will decide one of the most fundamental questions in the case.[3] The City expects Plaintiffs to oppose the Motion to Stay.

Because trial is set to begin on July 28, 2025, the City will be prejudiced if the Motion to Stay is not heard until several weeks after trial begins. At that point, the costs (financial and otherwise) of trial preparation and trial will have largely been realized. Thus, without advancing the hearing to July 10, 2025, the City will be substantially harmed and prejudiced.

### III. Previous Time Modifications in the Case

The Court has made the previous time modifications in the case:

1. On July 26, 2023, upon the Parties' stipulation, the Court issued an order extending certain deadlines and stated it would consider extending them further if the parties filed a joint proposed comprehensive schedule that demonstrated good cause by August 28, 2023 (ECF No. 160);

2. On September 20, 2023, upon the Parties' August 28, 2023 joint filing, the Court further modified the case schedule (ECF No. 191);

3. On January 19, 2024, upon the Parties' stipulation, the Court shortened the briefing deadlines and hearing date for the City's motion to stay pending the Supreme Court's opinion in *City of Grants Pass v. Johnson* (ECF No. 208);

4. On February 23, 2024, the Court stayed the case until 30 days after the Supreme Court issued an opinion in *City of Grants Pass v. Johnson*, and issued the second amended case management and pretrial order (ECF Nos. 222-223);

5. On September 16, 2024, the Court issued an order to extend the case schedule to accommodate briefing for the City's motion for judgment on the pleadings (ECF No. 244); and

---

[3] The City provides this summary of its Motion to Stay pursuant to Civil Local Rule 6-3(a)(4)(ii). Because the City's motion is not a discovery dispute, Civil Local Rule 6-3(a)(4)(i) is inapplicable.

6. On October 31, 2024, upon the Parties' stipulation, the Court issued an order extending the case deadlines and issued the third amended case management and pretrial order (ECF Nos. 264, 270).

**IV.  Moving the Motion to Stay Hearing from August 14 to July 10 Will Not Affect the Case Schedule**

The upcoming case events are: pre-trial filings due June 20, 2025 and June 30, 2025; the pre-trial conference on July 9, 2025; and trial beginning on July 28, 2025. ECF No. 270. Advancing the hearing on the City's Motion to Stay from August 14, 2025 to July 10, 2025 and the reply deadline from July 7, 2025 to July 3, 2025 will not change those deadlines. Granting the City's Motion to Stay will, of course, affect the trial date, but changing the hearing and reply dates to brief the merits of that motion will not.

The City respectfully requests the Court grant this administrative motion and reschedule the hearing on the City's Motion to Stay from August 14, 2025 to July 10, 2025 at 1 p.m., and order the City to file its reply no later than July 3, 2025.

Dated: June 13, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By:  s/John H. George
JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT


WARREN METLITZKY
JESSICA ELAINE LANIER
CONRAD METLITZKY KANE LLP

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT