EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
Vasudha Talla, SBN 316219
Vivake Prasad, *admitted pro hac vice*
Bianca Herlitz-Ferguson, *admitted pro hac vice*
One Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com
vtalla@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

COALITION ON HOMELESSNESS, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 4:22-cv-05502-DMR

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO SUBMIT CERTAIN EXHIBITS ELECTRONICALLY**

**Judge:** The Hon. Donna M. Ryu

The City's Administrative Motion to Submit Certain Exhibits Electronically, Dkt. 395 ("Motion"), should be denied. The Motion is a transparent attempt to facilitate the City's submission of a wildly overbroad and improper trial exhibit list that consists of ***4,255 exhibits***, many of which are "compilations" with hundreds or even thousands of pages. It is not a coincidence that the categories of documents the City seeks to file electronically (CMMS records, cell phone records, HSOC Notices and Templates, and HSOC Schedules) are the very categories consisting of these patently improper "compilation" exhibits. *See* Motion at 2.[1]

The Court's pretrial order requires the parties to each deliver to the Court "a bench binder with the party's exhibits, separated with label dividers" on Friday, June 20. Dkt. 270. The parties must also meet and confer about motions *in limine* before June 20 (Dkt. 389), draft and file motions *in limine* by June 20 (Dkt. 270), and list objections to all defense exhibits by June 30 (*id.*).

The City's overbroad exhibit list, which includes exhibits the City concedes will have no purpose at trial, contravenes the Court's pretrial order. *See* Dkt. 270 (requiring the parties to file exhibit lists with a "statement describing the substance and purpose of each exhibit"). The purpose of a Joint Pretrial Order is to narrow the case for trial, so that both the opposing party and the Court have fair notice of the exhibits that are anticipated to be introduced and can prepare accordingly, including raising objections and issuing rulings. Defendants' list of 4,255 exhibits undercuts this purpose, is disproportionate to this case, radically exceeds the length of time the Court has allotted for trial, contains many exhibits that are patently inadmissible, and obfuscates the true number of exhibits by including thousands of pages under a single exhibit label. It is patently designed to obscure the City's *actual* trial exhibits, burden the Court, and prejudice Plaintiffs by leaving insufficient time to review exhibits individually, lodge objections, and prepare *in limine* motions if necessary.[2]

---

[1] As noted in Defendants' motion, Plaintiffs consent to electronically filed exhibits for videos and native Excel files.

[2] Plaintiffs raised concerns regarding the City's improper exhibit list in a letter to the Court on Monday, June 9. *See* Dkt. 392. After the City filed its own letter, Dkt. 393, the Court ordered the parties to meet and confer. Dkt. 394. The Order also directed that "[i]f the parties are unable fully

There is no justification for the City's improper exhibit list. The City concedes that it is unlikely to introduce many exhibits on its list—perhaps even "the majority" of them—at trial. *Id.* at Motion at 2 ("it is unlikely the City will need to admit the majority of the documents disclosed" in certain categories of its list). The City argues that an overbroad list is necessary because "Plaintiffs have not yet identified the full universe of the dates, time, and locations where they contend the City's conduct was unlawful." *Id.* This concern is exaggerated. Plaintiffs served the City with their own exhibit list more than two weeks ago, and the City is on notice of the full universe of incidents and related evidence that Plaintiffs will introduce at trial. Nothing prevents the City from preparing a properly tailored exhibit list in response.

Moreover, in the intervening time since the City filed its administrative motion, the Court rejected the City's argument that "Plaintiffs should be limited to "the instances they disclosed in their written discovery responses," Motion at 2. *See* Dkt. 400 at 30 ("Plaintiffs were not obligated to supplement their interrogatory responses to add these facts because all of them were made known to Defendants through discovery."). The same logic applies here: discovery and depositions ended months ago, Plaintiffs have filed an exhibit list indicating which evidence they will present at trial, and Defendants will face no prejudice from the standard requirement to prepare a reasonably limited exhibit list in response.

The City's resource concerns are of its own making and simply shift the costs and burden on to Plaintiffs and the Court. *See* Motion at 3 (claiming that the City's production would consist of 200,000 pages, "fill at least 40 boxes" and cost "$70,000 per set" to print). Permission to file over 4,000 exhibits electronically will burden Plaintiffs and the Court with the costly and time-consuming tasks of digitally storing and reviewing, physically printing, and assessing those exhibits for trial. A properly narrowed trial exhibit list is the only resolution that will decrease the burden on all parties.

---

resolve the issue after meeting and conferring, they shall include their respective positions in their joint pretrial statement." *Id.* The parties have met-and-conferred regarding Defendants' trial exhibit list and will do so again prior to the pretrial filing deadline of June 20.

Finally, the Court should also reject the City's request to file physical exhibits seven business days after the parties' dispute is resolved. This will not address the City's overbroad list, which is the root cause of the dispute. It will only further burden Plaintiffs and the Court.

The Court should deny the City's motion and order the City to revise its trial exhibit list in accordance with the pretrial order.

Dated: June 16, 2025

Respectfully submitted,

By: *<u>/s/ Zoe Salzman</u>*
Zoe Salzman

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Zoe Salzman, *admitted pro hac vice*
Vasudha Talla, SBN 316219
Vivake Prasad, *admitted pro hac vice*
Bianca Herlitz-Ferguson, *admitted pro hac vice*
600 Fifth Avenue
New York, New York
Telephone: (212) 763-5000
zsalzman@ecbawm.com

*Attorneys for Plaintiffs*