EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

COALITION ON HOMELESSNESS, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 4:22-cv-05502-DMR

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING THE TIME FOR MOTION TO STAY HEARING**

**Judge:** The Hon. Donna M. Ryu

## I. INTRODUCTION

On the eve of trial, Defendants seek a stay on the sole basis that the Ninth Circuit may address their procedurally-improper appeal. That is no basis to stay the trial, nor any basis to expedite hearing on Defendants' belated motion to stay. Defendants offer no explanation as to why they did not file this motion to stay six weeks ago along with their notice of appeal. *See* ECF No. 376. Defendants also omit any mention of Plaintiffs' motion to dismiss their procedurally-improper appeal, which has placed all merits briefing on their appeal on hold and, if granted, would mean that the Ninth Circuit would not issue the decision sought by Defendants. Defendants' unreasonable delay—and the resulting prejudice to Plaintiffs from being forced to brief oppositions to two motions alongside numerous pretrial deadlines—demonstrates that there is no good cause for shortening time.

## II. RELEVANT BACKGROUND

On December 4, 2024, the Court granted in part and denied in part Defendants' motion to dismiss and for judgment on the pleadings. ECF No. 281. The Court held that the Coalition on Homelessness ("Coalition") had sufficiently alleged associational standing, and rejected several of Defendants' arguments that Coalition could not raise Fourth Amendment claims vicariously or pursuant to an associational standing theory. *Id.* at 14. Defendants did not seek to certify an interlocutory appeal of the Court's jurisdictional rulings.

On April 3, 2025, Defendants filed their motion for summary judgment, as contemplated by the parties' joint case management statement. ECF No. 343. On the same day, and without any notice to the Court or Plaintiffs, Defendants filed a motion to vacate or dissolve the preliminary injunction on standing grounds. ECF No. 353. Defendants acknowledged that the motion to vacate the preliminary injunction relied "on a subset of the evidence submitted in support" of summary judgment, and that its arguments "overlap[ped] in substance" with the standing arguments advanced in their summary judgment motion. ECF No. 364 at 1, 3.

To avoid duplicative briefing, Plaintiffs immediately requested that the Court defer consideration of the City's motion to vacate until after a decision on the pending summary

judgment motion. *See* ECF No. 360. The Court did exactly that on April 8, 2025, when it denied without prejudice Defendants' motion to vacate the preliminary injunction. ECF No. 365. The Court elected "to preserve judicial and party resources by deferring the motion to vacate" and authorized Defendants to renew their motion to vacate after the Court issued its summary judgment decision. *Id.* As the Court explained in a later minute order, the April 8, 2025 denial without prejudice was issued "as a matter of case management." ECF No. 382.

After waiting a month after the Court issued its deferral, Defendants filed a notice of appeal on May 8, 2025, purporting to appeal the Court's decision to deny without prejudice its motion to vacate the preliminary injunction. ECF No. 376. Plaintiffs immediately moved to dismiss the appeal as procedurally improper, because the order on appeal was a case management order—not a final decision—and therefore clearly was not appealable. *Coalition on Homelessness, et al., v. City and County of San Francisco, et al.*, Case No. 25-3005, Dkt. No. 12.1 (May 16, 2025). Defendants opposed the motion to dismiss the appeal, and Plaintiffs filed their reply on June 3, 2025.

Defendants' Motion to Shorten Time and Motion for Stay both fail to mention Plaintiffs' pending motion to dismiss Defendants' appeal. Per Ninth Circuit Rule 27-11, Plaintiffs' motion to dismiss the appeal has stayed the appellate briefing schedule. Therefore, contrary to Defendants' assertion that a Ninth Circuit decision is "expected" (Mot. at 2), there is no indication of whether—let alone when—the Ninth Circuit will decide Defendants' appeal of this Court's case management order. If the Ninth Circuit grants Plaintiffs' motion and dismisses the appeal as procedurally improper, Defendants' appeal will *never* be decided.

On June 12, 2025, the Court denied Defendants' motion for summary judgment, allowing Plaintiffs' claims to proceed to trial. ECF No. 400. Defendants have not renewed their motion to vacate or dissolve the preliminary injunction, despite telling the Ninth Circuit that such a motion is subject to a "different standard" and, unlike a summary judgment motion, "*require[s]* . . . factual findings." Case No. 25-3005, Dkt. No. 14.1 at 12, 14 (May 27, 2025) (emphasis in original).

## III. ARGUMENT

Defendants' Motion to Shorten Time should be denied because Defendants are solely responsible for the delayed timing of their Motion to Stay. Defendants' Motion to Stay is predicated on their impermissible appeal of this Court's April 8, 2025 case management order. Setting aside the impropriety of the appeal, the Court issued the order that is now on appeal over two months ago. Defendants waited a month to file their procedurally improper appeal and then, inexplicably, waited *another six weeks* to seek a stay of proceedings on the basis of that appeal. Having dallied, Defendants now demand haste.

The natural consequence of Defendants' decision to wait until the eve of trial to seek a stay does not justify shortening time. *See Medtronic Vascular Inc. v. Advanced Cardiovascular Sys., Inc.*, No. C06-1066 PJH, 2007 WL 2903997, at *1 (N.D. Cal. Oct. 4, 2007) ("[Movant] is responsible for its own delay in bringing the [underlying motion], and the court finds that good cause is lacking for granting [movant's] motion to shorten time."); *see also Grateful Dead Prods. v. Sagan*, No. C 06-7727 (JW) PVT, 2007 WL 2155693, at *2 (N.D. Cal. July 26, 2007) ("Because there has been no showing that there was "good cause" for Plaintiffs' delay in filing their [underlying motion], an order shortening time is not warranted, particularly in light of the fact the motion appears to have no merit in any event.").

Further, the timing of Defendants' motions prejudices Plaintiffs. It is immaterial that Defendants do not seek to shorten Plaintiffs' time to oppose the motion to stay. Had Defendants filed a motion for a stay on May 8, 2025, alongside their appeal, Plaintiffs would have had the opportunity to brief their opposition during a 14-day period with no other substantive deadlines in the litigation. Instead, because of Defendants' unjustified delay, Plaintiffs are now forced to brief their oppositions to Defendants' Motion to Shorten Time and Motion for a Stay less than six weeks before trial and alongside critical pretrial deadlines. *See* ECF No. 270 (setting forth pretrial deadlines, including June 20, 2025 deadline for joint pretrial statement, trial brief, motions in limine, and *Daubert* motions and June 30, 2025 deadline for objections to witnesses, exhibits, and deposition excerpts); ECF No. 389 (setting June 27, 2025 deadline for oppositions

to motions in limine and *Daubert* motions). Plaintiffs should not be penalized for Defendants' dilatory tactics.

**IV. CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that the Court deny Defendants' Administrative Motion for an Order Shortening Time.

Dated: June 16, 2025

Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075

William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

By: */s/ Scout Katovich*

AMERICAN CIVIL LIBERTIES UNION
Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*