EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>           Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (RE: 402)**<br><br>**Judge:** The Hon. Donna M. Ryu |

Pursuant to Civil Local Rules 7-11 and 75-5(f), Plaintiffs submit this statement in support of Defendants' Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. 401, in connection with Defendants' Notice of Motion and Motion to Stay Proceedings Pending Interlocutory Appeal, Dkt. 402.

While there is "a strong presumption in favor of access" to judicial records, *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003), the Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "court records attached only to non-dispositive motions" because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135) (cleaned up). Parties moving to seal the documents attached to non-dispositive motions must, therefore, only satisfy the lower "good cause" standard of Rule 26(c). *Id.* at 1180. Courts within the Ninth Circuit regularly treat motions to stay as non-dispositive motions, particularly where "a motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief sought." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *6 (N.D. Cal. June 24, 2014) (finding that a motion to stay is non-dispositive and applying the good cause standard) (cleaned up). *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) ("[M]otion to stay was nondispositive."); *Evolutionary Intel., Inc. v. Facebook Inc.*, No. C 13-04202 SI, 2013 WL 12144122, at *1 (N.D. Cal. Dec. 10, 2013) ("Because defendant's motion to stay is a non-dispositive motion, the 'good cause' standard applies.").

Plaintiffs move to seal the following portion of the document subject to the administrative motion:

| Document | Portions of Document to be Sealed | Party Claiming Confidentiality |
|---|---|---|
| Defendants' Notice of Motion and Motion to Stay Proceedings Pending Interlocutory Appeal (Dkt. 402) | Pages:<br>• Page: 7:10 (listed incorrectly as 8:10-11 in Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. 401 at 1)<br>• Page: 7:15 relating to Brown (listed incorrectly as 8:15 in Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. 401 at 1)<br>• Page: 7:24 relating to Bryant (listed incorrectly as 8:24 in Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. 401 at 1) | Plaintiffs |

This information is protected under California law, specifically Welfare and Institutions Code § 10850 ("[A]ll applications and records concerning any individual made or kept by a public officer or agency in connection with the administration of this code relating to any form of public social services, including protective services provided through public social services agencies, for which grants-in-aid are received by this state from the United States government shall be confidential, and shall not be open to examination for any purpose not directly connected with the administration of that program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of that program. The disclosure of information that identifies, by name or address, an applicant for, or recipient of, these grants-in-aid to any committee or legislative body is prohibited, except as provided in subdivision (b)."). The non-parties referenced in these documents seek to keep this information confidential because of its sensitive personal nature. Courts within the Ninth Circuit have found that "legitimate interests in ensuring privacy of personal information outweigh the public's interest in access to court filings"

1 under the heightened compelling reasons standard to seal. *See Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (finding good cause to seal declarations containing personal information) (collecting cases). Defendants take no position regarding the propriety of sealing these documents.

For the foregoing reasons, the Court should grant the Defendants' Motion to Consider Whether Another Party's Material Should be Sealed.

Dated: June 20, 2025                                Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com