# EXHIBIT F TO

# JOINT PRETRIAL STATEMENT

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

*Attorneys for Plaintiffs Coalition on Homelessness,*
*Toro Castaño, Sarah Cronk, Joshua Donohoe,*
*Molique Frank, David Martinez, Teresa Sandoval,*
*Nathaniel Vaughn*

*Additional Counsel Appear on Signature Page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., | CASE NO. 4:22-cv-05502-DMR |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

- Defendants have repeatedly ordered Troy Hawthorne to move from where he was living. For example, on April 6, 2023, Defendants ordered Mr. Hawthorne to move along. Plaintiffs refer to and incorporate by reference the Declaration of Troy Hawthorne (Dkt. 130-38).

- Defendants have ordered Krystal Erickson to move from where she was at. Plaintiffs refer to and incorporate by reference the Declaration of Krystal Erickson (Dkt. 130-39).

- Defendants have repeatedly ordered Abimola Myers to move from where she was living. For example, in or around January 2023, Defendants ordered Ms. Myer to move along and threatened her with a warrant check if she did not move. Plaintiffs refer to and incorporate by reference the Declaration of Abimola Myers (Dkt. 130-29).

- Peter Calloway has previously observed Defendants ordering unhoused individuals to move from where they were living. Plaintiffs refer to and incorporate by reference the Declaration of Peter Calloway (Dkt. 130-44).

- Defendants have previously ordered David Martin to move from where he was living. Plaintiffs refer to and incorporate by reference the Declaration of David Martin (Dkt. 130-29).

- Savannah Waltier has previously observed Defendants ordering unhoused individuals to move from where they were living. Plaintiffs refer to and incorporate by reference the Declaration of Savannah Waltier (Dkt. 130-49).

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**<u>INTERROGATORY NO. 4</u>:**

IDENTIFY every person experiencing homelessness whose property YOU contend SAN FRANCISCO unlawfully destroyed, including all facts on which you rely. The phrase "destroy" in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that the information sought by this Interrogatory is in the possession, custody, and control of Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "every person experiencing homelessness" who has been subject to Defendants' unlawful property destruction practices as overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have filed documents on the public docket identifying the persons experiencing homelessness whom Plaintiffs currently possess sufficient knowledge of the identities of and the unlawful acts of property destruction committed by Defendants against those persons.

Plaintiffs identify the following documents on the public docket: Declaration of Elisa Della-Piana, Exhibits 1-4, 41-50 (Dkt. 9), Declaration of Dajuan Rochelle (Dkt. 30-3), Declaration of Zal Shroff, Ex. 1-10 (Dkt. 50-1 to 50-10), Second Supplemental Declaration of Jennifer Friedenbach (Dkt. 76), Second Supplemental Declaration of Ian James (Dkt. 77), Second Supplemental Declaration of Christin Evans (Dkt. 78), Second Supplemental Declaration of Shanna Couper Orona (Dkt. 79), Supplemental Declaration of Dylan Verner-Christ (Dkt. 130-9), Supplemental Declaration of Jezzeille Murdock (Dkt. 130-23), Declaration of Kyle Adams (Dkt. 130-24), Declaration of Donovan Eugene Harding (Dkt. 130-25), Declaration of Carmen Melendez (Dkt. 130-26), Supplemental Declaration of Joshua Donohoe (Dkt. 130-27), Declaration of Andrew Berger (Dkt. 130-28), Declaration of Katelin Bagley-Adams (Dkt. 130-29), Declaration of Helen Hoffman (Dkt. 130-31), Declaration of Donovan Harding (Dkt. 130-33), Declaration of Henry Jones (Dkt. 130-34), Declaration of Corey Barkley (Dkt. 130-36), Declaration of Troy

1   Hawthorne (Dkt. 130-38), Declaration of Krystal Erickson (Dkt. 130-39), Declaration of Noah

2   Van Harin (Dkt. 130-40), Declaration of Stephanie Garcia (Dkt. 130-41), Declaration of Abimola

3   Myers (Dkt. 130-42), Declaration of Pauline Wise (Dkt. 130-43), Declaration of Peter Calloway

4   (Dkt. 130-44), Declaration of David Martin (Dkt. 130-48), Declaration of Savannah Waltier (Dkt.

5   130-49), Declaration of Steven Garrett (Dkt. 130-51), Declaration of Jerry Cannon (Dkt. 130-52),

6   Declaration of Maurie Moran (Dkt. 130-53), Declaration of Ronald Wilson (Dkt. 130-54).

7          To the extent Defendants document interactions with unhoused individuals pursuant to

8   Defendants' Bag and Tag policy, those documents will identify additional information responsive

9   to this Interrogatory.

10         Plaintiffs' collection and review of documents and information in this matter is ongoing.

11  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

12  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

13  further investigation and/or discovery indicate that such supplementation or amendment is

14  necessary.

15  **INTERROGATORY NO. 5:**

16         IDENTIFY every instance where YOU contend SAN FRANCISCO unlawfully destroyed

17  property of a person experiencing homelessness, including YOU, including all facts on which you

18  rely, such as the date, time, and location where the property was taken; the owner of the property;

19  the identity of the employee who destroyed the property; and an inventory of the property

20  destroyed and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to

21  this Interrogatory. The phrase "destroy" in this request has the same meaning as used in Paragraph

22  8 of the First Amended Complaint.

23  **RESPONSE TO INTERROGATORY NO. 5:**

24         Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

25  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

26  the information sought by this Interrogatory is in the possession, custody, and control of

27  Defendants and outside the possession, custody, and control of Plaintiffs. Plaintiffs further object

28  to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" of and "all

documents" that relate to Defendants' unlawful property destruction practices as overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have filed documents on the public docket identifying the persons experiencing homelessness whom Plaintiffs currently possess sufficient knowledge of the identities of and the unlawful acts of property destruction committed by Defendants against those persons. Plaintiffs further object that, to the extent that this Interrogatory seeks information about unlawful destruction of the property of a person experiencing homelessness, this Interrogatory is duplicative of Interrogatory No. 4.

Plaintiffs identify the following documents on the public docket: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9), Declaration of Dajuan Rochelle (Dkt. 30-3), Declaration of Zal Shroff, Ex. 1-10 (Dkt. 50-1 to 50-10), Second Supplemental Declaration of Jennifer Friedenbach (Dkt. 76), Second Supplemental Declaration of Ian James (Dkt. 77), Second Supplemental Declaration of Christin Evans (Dkt. 78), Second Supplemental Declaration of Shanna Couper Orona (Dkt. 79), Supplemental Declaration of Dylan Verner-Christ (Dkt. 130-9), Supplemental Declaration of Jezzeille Murdock (Dkt. 130-23), Declaration of Kyle Adams (Dkt. 130-24), Declaration of Donovan Eugene Harding (Dkt. 130-25), Declaration of Carmen Melendez (Dkt. 130-26), Supplemental Declaration of Joshua Donohoe (Dkt. 130-27), Declaration of Andrew Berger (Dkt. 130-28), Declaration of Katelin Bagley-Adams (Dkt. 130-29), Declaration of Helen Hoffman (Dkt. 130-31), Declaration of Donovan Harding (Dkt. 130-33), Declaration of Henry Jones (Dkt. 130-34), Declaration of Corey Barkley (Dkt. 130-36), Declaration of Troy Hawthorne (Dkt. 130-38), Declaration of Krystal Erickson (Dkt. 130-39), Declaration of Noah Van Harin (Dkt. 130-40), Declaration of Stephanie Garcia (Dkt. 130-41), Declaration of Abimola Myers (Dkt. 130-42), Declaration of Pauline Wise (Dkt. 130-43), Declaration of Peter Calloway (Dkt. 130-44), Declaration of David Martin (Dkt. 130-48), Declaration of Savannah Waltier (Dkt. 130-49), Declaration of Steven Garrett (Dkt. 130-51), Declaration of Jerry Cannon (Dkt. 130-52), Declaration of Maurie Moran (Dkt. 130-53), Declaration of Ronald Wilson (Dkt. 130-54).

1    Furthermore, Plaintiff David Martinez discloses information regarding unlawful

2  destruction of his property in April of 2023. At or around mid-April 2023, Mr. Martinez

3  temporarily left his belongings on the corner of 13th Street and South Van Ness Avenue during a

4  visit to a shelter offered by the City. When he returned, shortly after accepting the shelter offer, all

5  of his belongings had been summarily seized. An eye witness told Mr. Martinez that his belongings

6  had been disposed of by the City. Mr. Martinez was unable to recover the following items: a cell

7  phone, medication for his right-side congestive heart failure, a tent, a bed, a cot, clothing, a radio,

8  food, pots and pans, a portable stove, his personal drawings, and paperwork.

9    Plaintiffs' collection and review of documents and information in this matter is ongoing.

10  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

11  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

12  further investigation and/or discovery indicate that such supplementation or amendment is

13  necessary.

14  **INTERROGATORY NO. 6:**

15    IDENTIFY each injury or damage YOU sustained as a result of the incidents alleged in

16  YOUR COMPLAINT.

17  **RESPONSE TO INTERROGATORY NO. 6:**

18    Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

19  Definitions as though fully set forth herein.

20    Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

21  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent that

22  it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23  admissible evidence. Plaintiffs further object to this Interrogatory as unnecessary and irrelevant to

24  the injunctive relief claims at issue in this case because Plaintiffs are not seeking monetary

25  damages. Plaintiffs object to this Interrogatory as duplicative of Interrogatory No. 10 to the extent

26  that the Interrogatory seeks information related to property destruction experienced by Plaintiffs

27  and other unhoused individuals. Plaintiff also object to this Interrogatory as duplicative of

28  Interrogatory No. 12 to the extent that the Interrogatory seeks information regarding Defendants'

failure to reasonably accommodate disabilities. Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have been injured by Defendants' violation of the Fourth, Eighth, and Fourteenth Amendments, the American with Disabilities Act and related state protections.

**INTERROGATORY NO. 7:**

IDENTIFY ALL facts that support YOUR allegation in Paragraph 329 of the First Amended Complaint that "a significant number of unhoused individuals served by Plaintiff Coalition on Homelessness, have physical or mental disabilities and have been injured by Defendants' discriminatory response to unhoused residents," including the name of each such unhoused individual; the alleged disability from which he/she/they suffer; evidence that individual has been served by the Coalition on Homelessness; and how Defendants have allegedly discriminated against that unhoused individual; and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "all facts" or "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information outside the possession, custody, and control of Plaintiffs. Plaintiffs also object to this Interrogatory to the extent that documents containing the information sought by this Interrogatory have already been filed in this case and are therefore part of the public record. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." Sloan & Co., 369 F. Supp. at 995. Further, Plaintiffs object to this Interrogatory on the grounds that membership lists and other identifying information, including medical records, are generally protected from disclosure under the First Amendment absent a heightened showing of necessity. *Grandbouche v. Clancy,* 825 F.2d 1463, 1467 (10th Cir. 1987) (requiring the party requesting a membership list to demonstrate that "the privilege must be overborne by the need for the requested information"); see

1     Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

2  follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

3  because it is an entity and therefore cannot be cited, fined, or arrested as that term is used in the

4  First Amended Complaint.

5     Plaintiff Toro Castano responds that on August 21, 2020, he was cited and detained by

6  police officers for illegal camping at the intersection of 16th Street and Pond Street in San

7  Francisco. Plaintiff Toro Castano refers Defendants to and incorporates into this Response by

8  reference paragraphs 17 to 19 and Exhibit A of the Declaration of Toro Castano (Dkt. 9-4, at 6).

9     Plaintiff David Martinez responds that, for several years, he was regularly arrested due to

10  being homeless and detained for 72 hours on multiple occasions. Mr. Martinez was told that the a

11  reason for his arrests was his failure to carry identification, although his identification had been

12  lost during sweeps conducted by Defendants. Until April of 2023, Mr. Martinez was not offered

13  shelter by the City at any of these enforcement interactions.

14     Plaintiffs Sarah Cronk, Joshua Donohoe, Molique Frank, Teresa Sandoval, and Nathaniel

15  Vaughn respond that, as of the date of the Response to this Interrogatory, they have not been

16  previously cited, fined, or arrested as a result of being homeless.

17     Plaintiffs' collection and review of documents and information in this matter is ongoing.

18  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

19  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

20  further investigation and/or discovery indicate that such supplementation or amendment is

21  necessary.

22  **INTERROGATORY NO. 10**:

23     Please state all facts describing each incident where YOU contend SAN FRANCISCO

24  destroyed YOUR property, including, but not limited to, the dates and location(s) of the

25  incident(s), a full inventory of the property taken, the value of the property taken, whether you

26  were present at the time the property was taken, whether notice was posted regarding the seizure,

27  the identity of any City personnel involved in the incident(s), what if any steps you took to

28  determine whether any of your property had been stored by the City, and the identity of any

1   witnesses to the incident(s) and IDENTIFY ALL DOCUMENTS that RELATE to or support

2   YOUR response to this Interrogatory. The phrase "destroy" in this request has the same meaning

3   as used in Paragraph 8 of the First Amended Complaint.

4   **RESPONSE TO INTERROGATORY NO. 10:**

5       Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

6   Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent it

7   requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad,

8   unduly burdensome, not proportional, and calls for information outside the possession, custody,

9   and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent that documents

10  containing the information sought have already been filed in this case and are therefore part of the

11  public record. Plaintiffs further object to this Interrogatory to the extent it is duplicative of

12  Interrogatory No. 5.

13      Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

14  follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

15  because it has not had its property destroyed by Defendants. Individuals Plaintiffs identify the

16  following documents on the public docket: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50

17  (Dkt. 9), Declaration of Toro Castano (Dkt. 50-5).

18      Plaintiffs' collection and review of documents and information in this matter is ongoing.

19  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

20  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

21  further investigation and/or discovery indicate that such supplementation or amendment is

22  necessary.

23  **INTERROGATORY NO. 11:**

24      List all physical, mental, and emotional impairments that YOU rely on to support YOUR

25  claim of disability or handicap in this action, if any.

26  **RESPONSE TO INTERROGATORY NO. 11:**

27      Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

28  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent that

should provide individuals additional time to move their belongings before ordering them to move-along or depart from an encampment. Likewise, Defendants should offer shelter that reasonably accommodates any identified disabilities. For example, if an individual is physically disabled and uses a wheelchair or prosthetics, Defendants should reasonably accommodate that disability by offering a shelter bed that is not a top bunk or on the floor. Likewise, if an individual has a mental disability, Defendants should reasonably accommodate that disability by offering that individual non-congregate shelter. For example, in June 2022, instead of accommodating Teresa Sandoval's physical disability by affording her additional time to move from where a sweep operation was taking place, Defendants destroyed Ms. Sandoval's prosthetics. Likewise, in June 2022, instead of accommodating David Martinez's physical disability, Defendants destroyed Mr. Martinez's congestive heart failure medication. Plaintiffs refer to and incorporate the Declarations of David Martinez (Dkt. No. 9-4, at 20) and Declaration of Teresa Sandoval (Dkt. No. 9-4, at 23).

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 13**:

IDENTIFY each address where you had shelter or spent the night indoors, including the dates when you had access to that shelter or indoor location.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth. Plaintiffs object to this Interrogatory on the basis that any information about shelter stays sought by this Interrogatory, particularly for shelters owned and operated by the Defendants, are in the possession, custody, and control of Defendants.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiff Coalition on Homelessness has no information responsive to this Request because it is an entity and has not had access to shelter.

1   Plaintiffs' collection and review of documents and information in this matter is ongoing.

2   Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

3   information, and belief. Plaintiffs reserve the right to supplement or amend the response should

4   further investigation and/or discovery indicate that such supplementation or amendment is

5   necessary.

6   **INTERROGATORY NO. 14:**

7   IDENTIFY each occasion where SAN FRANCISCO offered YOU shelter, including all

8   facts on which you rely, such as the date and location where San Francisco made the offer; the

9   identity of the employee who made the offer; the type of shelter offered; and the name or location

10  of the shelter offered.

11  **RESPONSE TO INTERROGATORY NO. 14:**

12  Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

13  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

14  the term "offered" is vague and ambiguous. For example, asking an unhoused person if they are

15  interested in shelter without a firm offer of a specific shelter and a process for them to be admitted

16  to that specific shelter, is not a valid offer of shelter. Plaintiffs further object on the basis that any

17  information regarding shelter offers sought by this Interrogatory is in the possession, custody, and

18  control of Defendants.

19  Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

20  follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

21  because it is an entity and Defendants have not previously offered the Coalition on Homelessness

22  shelter. Individuals Plaintiffs refer to and identify the following documents on the public docket

23  as having responsive information: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9),

24  Declaration of Toro Castano (Dkt. 50-5). David Martinez further responds that he received an offer

25  of shelter in or around April 2023, and he is currently living in a shelter on the intersection of

26  McAllister and 44th Street in San Francisco, California. Plaintiffs further understand that

27  Defendants have possession, custody, and control as to information and documents relating to each

28  purported offer of shelter that Defendants make. "[D]iscovery should not be used as a substitute

1  for canvassing one's own files." *Houdry Process Corp. v. Com. Oil Refining Co.*, 24 F.R.D. 58,

2  62 (S.D.N.Y. 1959).

3      Plaintiffs' collection and review of documents and information in this matter is ongoing.

4  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

5  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

6  further investigation and/or discovery indicate that such supplementation or amendment is

7  necessary.

8  **INTERROGATORY NO. 15**:

9      For each occasion where YOU declined shelter offered by SAN FRANCISCO, state the

10  reason you declined shelter, including all facts on which you rely; and IDENTIFY ALL

11  DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

12  **RESPONSE TO INTERROGATORY NO. 15:**

13      Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

14  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

15  the term "offered" is vague and ambiguous. For example, asking an unhoused person if they are

16  interested in shelter without a firm offer of a specific shelter and a process for them to be admitted

17  to that specific shelter, is not a valid offer of shelter. Plaintiffs object to this Interrogatory to the

18  extent that documents containing the information sought have already been filed in this case and

19  are therefore part of the public record.

20      Subject to and without waiving any of the foregoing objections, Plaintiffs respond as

21  follows: Plaintiff Coalition on Homelessness has no information responsive to this Request

22  because it is an entity and Defendants have not previously offered the Coalition on Homelessness

23  shelter. To the extent San Francisco offered shelter to Individual Plaintiffs, and individual

24  Plaintiffs subsequently declined that shelter (because it was not actually adequate or accessible,

25  only came under threat of unconstitutional property destruction, or for any other similar reason),

26  Individual Plaintiffs refer to and identify the following documents on the public docket as having

27  responsive information: Declaration of Elisa Della-Piana, Exhibit 1-4, 41-50 (Dkt. 9), Declaration

28  of Toro Castano (Dkt. 50-5). Plaintiffs further understand that Defendants have possession,

1    Plaintiffs' collection and review of documents and information in this matter is ongoing.

2    Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

3    information, and belief. Plaintiffs reserve the right to supplement or amend the response should

4    further investigation and/or discovery indicate that such supplementation or amendment is

5    necessary.

6

7    Dated: June 22, 2023              By: /s/ Joseph H. Lee

8                                      LATHAM & WATKINS LLP
                                       Alfred C. Pfeiffer, Jr., SBN 120965
9                                      Wesley Tiu, SBN 336580
                                       Kevin Wu, SBN 337101
10                                     Tulin Gurer, SBN 303077
                                       505 Montgomery Street, Ste. 2000
11                                     San Francisco, CA 94111
                                       Telephone: (415) 391-0600
12                                     al.pfeiffer@lw.com
                                       wesley.tiu@lw.com
13                                     kevin.wu@lw.com
                                       tulin.gurer@lw.com
14
                                       LATHAM & WATKINS LLP
15                                     Joseph H. Lee, SBN 248046
                                       650 Town Center Drive, 20th Floor
16                                     Costa Mesa, CA 92626
                                       Telephone: (714) 540-1235
17                                     joseph.lee@lw.com

18                                     LATHAM & WATKINS LLP
                                       Rachel Mitchell, SBN 344204
19                                     12670 High Bluff Drive
                                       San Diego, CA 92130
20                                     Telephone: (858) 523-5400
                                       rachel.mitchell@lw.com
21
                                       LAWYERS' COMMITTEE FOR CIVIL
22                                     RIGHTS OF THE SAN FRANCISCO BAY
                                       AREA
23                                     Zal K. Shroff, MJP 804620*
                                       Elisa Della-Piana, SBN 226462
24                                     131 Steuart Street, Ste. 400
                                       San Francisco, CA 94105
25                                     Telephone: (415) 543-9444
                                       zshroff@lccrsf.org
26                                     edellapiana@lccrsf.org

27                                     *admitted pro hac vice

28                                     ACLU FOUNDATION OF NORTHERN

CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim, SBN 347084
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296
Email: nkashyap@lccrsf.org
Email: antim@lccrsf.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTANO; SARA CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Health Streets Operation Center (HSOC),<br><br>Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**<br><br>**Judge:** The Hon. Donna M. Ryu |

1  necessary.

2  **INTERROGATORY NO. 4:**

3  IDENTIFY every person experiencing homelessness whose property YOU contend SAN

4  FRANCISCO unlawfully destroyed, including all facts on which you rely. The phrase "destroy"

5  in this request has the same meaning as used in Paragraph 8 of the First Amended Complaint.

6  **SUPPLEMENTAL RESPONSE:**

7  Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

8  Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

9  the information sought by this Interrogatory is in the possession, custody, and control of

10  Defendants and is outside the possession, custody, and control of Plaintiffs. Plaintiffs further object

11  to this Interrogatory to the extent it requires Plaintiffs to identify "every person experiencing

12  homelessness" who has been subject to Defendants' unlawful property destruction practices as

13  overbroad, unduly burdensome, not proportional, and not reasonably calculated to lead to the

14  discovery of admissible evidence. Plaintiffs further object to this Interrogatory to the extent it

15  requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad,

16  unduly burdensome, not proportional, and calls for information outside the possession, custody,

17  and control of Plaintiffs.

18  Subject to and without waiving any of the foregoing objections, Plaintiffs further respond

19  as follows: On or around January 5, 2023, Plaintiff Sarah Cronk temporarily left her belongings at

20  her tent behind Target on Folsom Street and 13th Street for a few hours for the purpose of

21  attempting to obtain shelter. At this time, all of her items were all unsoiled and wrapped up in

22  anticipation of moving from this encampment into shelter. When she returned, she discovered that

23  all of her possessions were gone, without any property tags to identify that they had been bagged

24  and tagged. There had been no notice of the sweep beforehand. Eyewitnesses who were also living

25  at the encampment told Ms. Cronk that her possessions had been destroyed by the city. Some of

26  the items Ms. Cronk lost during this sweep included: clothing, phones, a laptop, art, tools, a cooler,

27  paint sets, markers, art supplies, blankets, cooking supplies, books, journals, sketch books,

28  costume wings, and the tarp she used for shelter.

1     Plaintiffs' collection and review of documents and information in this matter is ongoing.

2 Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

3 information, and belief. Plaintiffs reserve the right to supplement or amend the response should

4 further investigation and/or discovery indicate that such supplementation or amendment is

5 necessary.

6 **INTERROGATORY NO. 5:**

7     IDENTIFY every instance where YOU contend SAN FRANCISCO unlawfully destroyed

8 property of a person experiencing homelessness, including YOU, including all facts on which you

9 rely, such as the date, time, and location where the property was taken; the owner of the property;

10 the identity of the employee who destroyed the property; and an inventory of the property

11 destroyed and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to

12 this Interrogatory. The phrase "destroy" in this request has the same meaning as used in Paragraph

13 8 of the First Amended Complaint.

14 **SUPPLEMENTAL RESPONSE:**

15     Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

16 Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

17 the information sought by this Interrogatory is in the possession, custody, and control of

18 Defendants and outside the possession, custody, and control of Plaintiffs. Plaintiffs further object

19 to this Interrogatory to the extent it requires Plaintiffs to identify "every instance" of and "all

20 documents" that relate to Defendants' unlawful property destruction practices as overbroad,

21 unduly burdensome, not proportional, and not reasonably calculated to lead to the discovery of

22 admissible evidence. Subject to and without waiving any of the foregoing objections, Plaintiffs

23 respond as follows: Plaintiffs have filed documents on the public docket identifying the persons

24 experiencing homelessness whom Plaintiffs currently possess sufficient knowledge of the

25 identities of and the unlawful acts of property destruction committed by Defendants against those

26 persons. Plaintiffs further object that, to the extent that this Interrogatory seeks information about

27 unlawful destruction of the property of a person experiencing homelessness, this Interrogatory is

28 duplicative of Interrogatory No. 4.

1  Subject to and without waiving any of the foregoing objections, Plaintiffs further respond

2  as follows: On or around January 5, 2023, Plaintiff Sarah Cronk temporarily left her belongings at

3  her tent behind Target on Folsom Street and 13th Street for a few hours for the purpose of

4  attempting to obtain shelter. At this time, all of her items were all unsoiled and wrapped up in

5  anticipation of moving from this encampment into shelter. When she returned, she discovered that

6  all of her possessions were gone, without any property tags to identify that they had been bagged

7  and tagged. There had been no notice of the sweep beforehand. Eyewitnesses who were also living

8  at the encampment told Ms. Cronk that her possessions had been destroyed by the city. Some of

9  the items Ms. Cronk lost during this sweep included: clothing, phones, a laptop, art, tools, a cooler,

10  paint sets, markers, art supplies, blankets, cooking supplies, books, journals, sketch books,

11  costume wings, and the tarp she used for shelter.

12  Plaintiffs' collection and review of documents and information in this matter is ongoing.

13  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

14  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

15  further investigation and/or discovery indicate that such supplementation or amendment is

16  necessary.

17  **INTERROGATORY NO. 10:**

18  Please state all facts describing each incident where YOU contend SAN FRANCISCO

19  destroyed YOUR property, including, but not limited to, the dates and location(s) of the

20  incident(s), a full inventory of the property taken, the value of the property taken, whether you

21  were present at the time the property was taken, whether notice was posted regarding the seizure,

22  the identity of any City personnel involved in the incident(s), what if any steps you took to

23  determine whether any of your property had been stored by the City, and the identity of any

24  witnesses to the incident(s) and IDENTIFY ALL DOCUMENTS that RELATE to or support

25  YOUR response to this Interrogatory. The phrase "destroy" in this request has the same meaning

26  as used in Paragraph 8 of the First Amended Complaint.

27

28

PLFS.' RESPONSE TO FIRST SET OF DEFS.' ROGS
CASE NO. 4:22-CV-05502-DMR

**SUPPLEMENTAL RESPONSE:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs. Plaintiffs further object to this Interrogatory to the extent that documents containing the information sought have already been filed in this case and are therefore part of the public record. Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 5.

Subject to and without waiving any of the foregoing objections, Plaintiffs further respond as follows: On or around January 5, 2023, Plaintiff Sarah Cronk temporarily left her belongings at her tent behind Target on Folsom Street and 13th Street for a few hours for the purpose of attempting to obtain shelter. At this time, all of her items were all unsoiled and wrapped up in anticipation of moving from this encampment into shelter. When she returned, she discovered that all of her possessions were gone, without any property tags to identify that they had been bagged and tagged. There had been no notice of the sweep beforehand. Eyewitnesses who were also living at the encampment told Ms. Cronk that her possessions had been destroyed by the city. Some of the items Ms. Cronk lost during this sweep included: clothing, phones, a laptop, art, tools, a cooler, paint sets, markers, art supplies, blankets, cooking supplies, books, journals, sketch books, costume wings, and the tarp she used for shelter.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

**INTERROGATORY NO. 14:**

IDENTIFY each occasion where SAN FRANCISCO offered YOU shelter, including all facts on which you rely, such as the date and location where San Francisco made the offer; the

1   identity of the employee who made the offer; the type of shelter offered; and the name or location

2   of the shelter offered.

3   **RESPONSE TO INTERROGATORY NO. 14:**

4     Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

5   Definitions as though fully set forth herein. Plaintiffs object to this Interrogatory on the basis that

6   the term "offered" is vague and ambiguous. For example, asking an unhoused person if they are

7   interested in shelter without a firm offer of a specific shelter and a process for them to be admitted

8   to that specific shelter, is not a valid offer of shelter. Plaintiffs further object on the basis that any

9   information regarding shelter offers sought by this Interrogatory is in the possession, custody, and

10  control of Defendants.

11    Subject to and without waiving any of the foregoing objections, Plaintiffs further respond

12  as follows: Plaintiff Sarah Cronk received an offer of shelter in or around January 2023, and is

13  currently living in a shelter at 1631 Hayes St, San Francisco, CA. Plaintiff Joshua Donohoe further

14  responds that he also received an offer of shelter in or around January 2023, and is also currently

15  living in a shelter at 1631 Hayes St, San Francisco, CA. Plaintiffs further understand that

16  Defendants have possession, custody, and control as to information and documents relating to each

17  purported offer of shelter that Defendants make. "[D]iscovery should not be used as a substitute

18  for canvassing one's own files." *Houdry Process Corp. v. Com. Oil Refining Co.*, 24 F.R.D. 58,

19  62 (S.D.N.Y. 1959).

20    Plaintiffs' collection and review of documents and information in this matter is ongoing.

21  Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge,

22  information, and belief. Plaintiffs reserve the right to supplement or amend the response should

23  further investigation and/or discovery indicate that such supplementation or amendment is

24  necessary.

25

26

27

28

PLFS.' RESPONSE TO FIRST SET OF DEFS.' ROGS
CASE NO. 4:22-CV-05502-DMR

1

2    Dated:  August 26, 2024                    LAWYERS' COMMITTEE FOR CIVIL
                                                RIGHTS OF SAN FRANCISCO
3

4                                               By */s/ Nisha Kashyap*
                                                   Nisha Kashyap
5

6                                                  *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL
Vasudha Talla, SBN 316219
Zoe Salzman, NY Reg. No. 4663308*
Vivake Prasad, NY Reg. No. 5669569*
Bianca Herlitz-Ferguson, NY Reg. No. 6164214*
600 Fifth Avenue, 10th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

*Attorneys for Plaintiffs*

*admitted pro hac vice*

*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs. <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br> Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES** <br><br> Hon. Judge Donna M. Ryu <br><br> Date Action Filed: September 27, 2022 |

PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.

RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

SET NUMBER: Two

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON

HOMELESSNESS, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID

MARTINEZ, AND TERESA SANDOVAL, collectively "Plaintiffs"), hereby respond to

1

Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE

DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN

FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN

FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF

EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") Second Set of

Interrogatories as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' responses to

the following Interrogatories are made to the best of their present knowledge, information, and

belief. The responses are at all times subject to such additional or different information as

discovery or further investigation may disclose and, while based on Plaintiffs' present state of

recollection, are subject to such refreshing of recollection, and such additional knowledge of

facts, as may result from discovery or further investigation.

2.      Plaintiffs reserve the right to supplement or amend any Responses should future

investigation and/or discovery indicate that such supplementation or amendment is necessary.

Plaintiffs' responses should be in no way considered prejudicial in relation to further discovery

research, analysis, or production of evidence.

3.      The following responses and objections are given without prejudice to Plaintiffs'

right to rely on subsequently discovered or recalled information and evidence. Plaintiffs

specifically reserve the right to make use of, or to introduce at any hearing and at trial,

information and/or documents responsive to the following Interrogatories discovered or recalled

subsequent to the date of these Responses, including, without limitation, any information or

documents obtained in discovery or by further investigation of this matter.

4.      Plaintiffs' Responses are made solely for the purpose of and in relation to this

action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

5.    Plaintiffs' Responses are premised on the understanding that the Interrogatories only seek information that is within Plaintiffs' possession, custody, and control.

6.    Plaintiffs' Responses shall not prejudice their rights to produce or use any subsequently discovered evidence.

## GENERAL OBJECTIONS

1.    Plaintiffs object to each Interrogatory to the extent that they seek (a) information or documents that are not relevant to any party's claim or defenses in the action; (b) are not reasonably calculated to lead to the discovery of admissible evidence; (c) impose a burden disproportionate to the needs of the case; (d) seek information or documents beyond the scope of permissible discovery; (e) are unreasonably cumulative or duplicative; or (f) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

2.    Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous, overbroad, and/or fail to state with reasonable particularity the type of information sought therein, and are not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiffs object to the Interrogatories to the extent that they seek disclosure of information that is publicly available, already in Defendants' possession, custody, or control, or otherwise available from sources to which Defendants have access.

4.    Plaintiffs object to the Interrogatories to the extent that they purport to impose on Plaintiffs a duty to disclose information that Plaintiffs do not actually have in their possession, custody, or control. Subject to the objections herein, in responding to the Interrogatories,

Plaintiffs will respond only as to information in their possession, custody, or control as of the date of this response. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control. Plaintiffs further object to the Interrogatories to the extent they seek physical documents that were previously in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

5.      Plaintiffs object to the Interrogatories to the extent that they require Plaintiffs to make a legal conclusion or render an expert opinion.

6.      Plaintiffs object to the Interrogatories to the extent they require premature expert analysis or opinion.

7.      Plaintiffs object to the Interrogatories to the extent they assume facts that have not been established or are in dispute, including any Interrogatory that relies upon or incorporates assumptions in Defendants' theory of the case that have not been established and which Plaintiffs have not yet had an opportunity to investigate. Plaintiffs' responses should be in no way considered as an admission of any factual assumption contained within the Interrogatories.

8.      Plaintiffs object to the Interrogatories to the extent that they are premised on legal conclusions or otherwise assume the validity of Defendants' legal claims or theories, all of which are disputed by Plaintiffs. Plaintiffs' responses should be in no way considered as an admission to the validity of any legal conclusion contained within the Interrogatories.

9.      Plaintiffs object to the Interrogatories to the extent the information is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

10.      Plaintiffs object to the Interrogatories to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule

or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

11.     Based on Federal Rule of Civil Procedure 33(d), Plaintiffs objects to each Interrogatory that seeks information that can be derived from documents that will be produced, and where the burden to derive such information is substantially the same for Defendants as it is for Plaintiffs.

12.     Plaintiffs object to the Interrogatories to the extent that they purport to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to an Interrogatory on the basis of any applicable privilege.

13.     Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of privilege, or any other doctrine against disclosure, or Plaintiffs' right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to demand that the parties in this action return or destroy any inadvertently disclosed information. Plaintiffs have not previously waived any applicable privilege and specifically state that they do not intend to do so through the disclosure of any information in response to the Interrogatories. In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving party will return the information to Plaintiffs and will be precluded from disclosing or relying upon such information or documents in any way.

14.     Plaintiffs' General Objections apply to each and every Interrogatory and are hereby incorporated by reference into each of the answers and objections set forth below, including Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and Responses. The reassertion of, or reference to, a particular General Objection in a Response to an Interrogatory shall not be construed as a waiver of any General Objection not stated specifically herein.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to Definitions and Instructions in the Request to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Plaintiffs object to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

3.     Plaintiffs also object to the defined term "IDENTIFY" insofar as it requests Plaintiffs identify a person's "current OR last known home AND business address" and "phone number" on the ground that it is overly broad and implicates privacy concerns.

4.     Plaintiffs object to the Instructions to the extent that they state that Plaintiffs' purported "failure to provide information in response to these Interrogatories shall constitute a waiver" of Plaintiffs' "right to reply on such evidence at any point in this litigation." Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled

subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 17:

IDENTIFY ALL members of the Coalition on Homelessness that the Coalition on Homelessness intends to offer to establish standing OR support any other part of the claims brought by the Coalition on Homelessness, including the facts that demonstrate the PERSON was a member of the Coalition on Homelessness, the specific claims in the COMPLAINT the PERSON is RELATED to, the dates when the PERSON was a HOMELESS PERSON in San Francisco, the dates the PERSON was a member of the Coalition on Homelessness, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

### RESPONSE TO INTERROGATORY NO. 17:

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 17 to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, including information regarding

unlawful property seizure and destruction, and Plaintiffs' document productions. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973); *see also Krause v. Buffalo & Erie Cty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 375 (W.D.N.Y. 2006); *L&L Franchise, Inc. v. Tsai, No. 06CV1155 JAH(POR)*, 2008 WL 11337594, at *2 (S.D. Cal. March 7, 2008); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12cv2079–GPC (KSC), 2014 WL 2919518, at *7 (S.D. Cal. June 27, 2014) (sustaining defendants' objections to production of discovery where documents requested were "from court records that are equally available to all parties"). Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "ALL members of the Coalition on Homelessness that the Coalition on Homelessness intends to offer to [ ] support any other part of the claims brought by the Coalition on Homelessness," as it calls for a response that is duplicative of Plaintiffs' likely trial witness list, which is already in the possession of Defendants.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. The Court's final deadline for the parties to disclose witnesses to be called at trial has not yet passed.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows:

Based on the information currently available to Plaintiffs and in their possession, custody, and control, the Coalition on Homelessness currently intends to offer the following members as witnesses to establish standing for all claims in the Third Amended Complaint (Dkt. No. 289):

- Toro Castaño: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of Toro Castaño, dated October 9, 2024; and Declarations of Toro Castaño, Dkts. 9-4, 50-5, 157-3 and 247-6.

- Sarah Cronk: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of Sarah Cronk, dated September 23, 2024; and Declarations of Sarah Cronk, Dkts. 9-4, 247-5.

- Joshua Donohoe: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of Joshua Donohoe, dated November 12, 2024; and Declarations of Joshua Donohoe, Dkts. 9-4, 247-3.

- David Martinez: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of David Martinez, dated October 15, 2024; and Declarations of David Martinez, Dkts. 9-4, 247-2.

- Melodie: Melodie has been unhoused and a member of the Coalition since around 2008. She has attended Coalition meetings for years. With the Coalition, she fought parking restrictions on streets where unhoused people park, attended public hearings, and gave public comment. She has assisted the Coalition with determining the needs of vehicle based unhoused people and has received assistance and resources from other Coalition members during sweeps.

- Todd Bryant: Plaintiffs refer Defendants to and incorporate by reference in this response the Declaration of Todd Bryant, Dkt. 9-6. Since 2017, Todd Bryant has assisted the

9

Coalition with determining the needs of street based unhoused people, attended the Coalition's actions, and was a contributor to media production.

- Shyhyene Brown: Plaintiffs refer Defendants to and incorporate by reference in this response the Declaration of Shyhyene Brown, Dkt. 9-6. Since 2016, Shyhyene Brown has contributed as a writer for the Coalition's Street Sheet and attended meetings.

- Shanna Couper Orona: Plaintiffs refer Defendants to and incorporate by reference in this response the Declarations of Shanna Couper Orona, Dkts. 9-6, 79. Since 2017, Shanna Couper Orona has attended Coalition meetings, assisted with policy development, distributed Coalition flyers/information, conducted outreach/recruited members.

- Sarah Stephenson: Since October 2023, Sarah Stephenson has assisted the Coalition with determining the needs of street based unhoused people, and distributed Coalition flyers/information. Ms. Stephenson has been staying in a Single Room Occupancy for approximately two months, and prior to that was unhoused since September 2023. She remains at risk of being subject to the City's practices.

- James Reem. Since 2024, James Reem, who is unhoused, has assisted the Coalition with determining the needs of street based unhoused people, distributed Coalition flyers/information, and served as a spokesperson for media.

**INTERROGATORY NO. 18:**

Please state ALL facts that support the Coalition on Homelessness' contention that, as a membership organization, it is entitled to invoke the Fourth Amendment, Fourteenth Amendment, and disability law rights of its individual members, including without limitation the members disclosed in response to Interrogatory Number 17, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 18 to the extent it requires Plaintiffs to identify "ALL facts" and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory as improper because it calls for a legal conclusion. While there are relevant predicate facts for standing which concern the Coalition's individual members, *see* Response to Interrogatory 17, whether the Coalition is entitled to invoke the Fourth and Fourteenth Amendment rights of its members is an issue of law for which an interrogatory is improper.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, including information regarding unlawful property seizure and destruction, and Plaintiffs' document productions.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 13, 19-22, 24-37, 92-94, 111-115, 133-141, 160-167, 179-181, 184, 197, 202-206, 210-211, 213, 215, 217-218, and 220-250 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289), in addition to all documents cited in Plaintiffs' response to Interrogatory 17.

1          Plaintiffs' collection and review of documents and information in this matter is ongoing.

2    Plaintiffs' response is made to the best of Plaintiffs' current knowledge, information, and belief.

3    Plaintiffs reserve the right to supplement or amend the response should further investigation

4    and/or discovery indicate that such supplementation or amendment is necessary.

5

6    Dated: December 20, 2024

7                                        By:    /s/ Zoe Salzman

8                                        EMERY CELLI BRINCKERHOFF ABADY
                                         WARD & MAAZEL LLP
9                                        Vasudha Talla, SBN 316219
                                         Zoe Salzman, NY Reg. No. 4663308*
10                                       Vivake Prasad, NY Reg. No. 5669569*
                                         Bianca Herlitz-Ferguson, NY Reg. No. 6164214*
11                                       600 Fifth Avenue, 10th Floor
                                         New York, NY 10020
12                                       Telephone: (212) 763-5000
                                         vtalla@ecbawm.com
13                                       zsalzman@ecbawm.com
                                         vprasad@ecbawm.com
14                                       bherlitz-ferguson@ecbawm.com

15

16                                       ACLU FOUNDATION OF NORTHERN
                                         CALIFORNIA
17                                       John Thomas H. Do, SBN 285075
                                         William S. Freeman, SBN 82002
18                                       39 Drumm Street
                                         San Francisco, CA 94111
19                                       Telephone: (415) 293-6333
                                         jdo@aclunc.org
20                                       wfreeman@aclunc.org

21                                       LAWYERS' COMMITTEE FOR CIVIL
                                         RIGHTS OF THE SAN FRANCISCO BAY
22                                       AREA
                                         Nisha Kashyap, SBN 301934
23                                       Andrew Ntim, SBN 347084
                                         131 Steuart Street, Ste. 400
24                                       San Francisco, CA 94105
                                         Telephone: (415) 543-9444
25                                       nkashyap@lccrsf.org
                                         antim@lccrsf.org
26

27                                       *admitted pro hac vice

28                                       Attorneys for Plaintiffs

                                         12
                    PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROG.

# VERIFICATION

### *Coalition on Homelessness, et al. v. City and County of San Francisco, et al.*
### United States District Court Case No. 4:22-cv-05502-DMR (LJC)

I,  Jennifer Friedenbach, declare as follows:

I am the Executive Director of Plaintiff Coalition on Homelessness. I have read and know the contents of **PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES** as they pertain to the Coalition on Homelessness and the Coalition's direct knowledge. These responses were prepared with the assistance of counsel and are true to the best of my knowledge, information, and belief at this time.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on December 20, 2024, at San Francisco, California.



_____

PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROG.

1  ACLU FOUNDATION OF NORTHERN
2  CALIFORNIA
   John Thomas H. Do, SBN 285075
3  William S. Freeman, SBN 82002
   39 Drumm Street
4  San Francisco, CA 94111
   Telephone: (415) 293-6333
5  jdo@aclunc.org
   wfreeman@aclunc.org
6

7  *Attorneys for Plaintiffs*
   *Additional Counsel Listed on Signature Page*
8

9
                    **UNITED STATES DISTRICT COURT**
10                 **NORTHERN DISTRICT OF CALIFORNIA**
                        **OAKLAND DIVISION**
11

12 | COALITION ON HOMELESSNESS, et al., | CASE NO. 4:22-cv-05502-DMR |
   |---|---|
13 | Plaintiffs. | **PLAINTIFFS' RESPONSES TO** |
   | v. | **DEFENDANTS' THIRD SET OF** |
14 | | **INTERROGATORIES** |
   | CITY AND COUNTY OF SAN | Hon. Judge Donna M. Ryu |
15 | FRANCISCO, et. al., | |
16 | Defendants. | Date Action Filed: September 27, 2022 |

17

18 PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.
19
20 RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

21 SET NUMBER: Three

22      Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON

23 HOMELESSNESS, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID

24 MARTINEZ, AND TERESA SANDOVAL, collectively "Plaintiffs"), hereby respond to

25 Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE
26
27 DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN

28 FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN

                                    1

FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") Third Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' responses to the following Interrogatories are made to the best of their present knowledge, information, and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Plaintiffs' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation.

2.      Plaintiffs reserve the right to supplement or amend any responses should future investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs' responses should be in no way considered prejudicial in relation to further discovery research, analysis, or production of evidence.

3.      The following responses and objections are given without prejudice to Plaintiffs' right to rely on subsequently discovered or recalled information and evidence. Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled subsequent to the date of these Responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

4.      Plaintiffs' Responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

5.      Plaintiffs' Responses are premised on the understanding that the Interrogatories only seek information that is within Plaintiffs' possession, custody, and control.

6.      Plaintiffs' Responses shall not prejudice their rights to produce or use any subsequently discovered evidence.

### GENERAL OBJECTIONS

1.      Plaintiffs object to each Interrogatory to the extent that they seek (a) information or documents that are not relevant to any party's claim or defenses in the action; (b) are not reasonably calculated to lead to the discovery of admissible evidence; (c) impose a burden disproportionate to the needs of the case; (d) seek information or documents beyond the scope of permissible discovery; (e) are unreasonably cumulative or duplicative; or (f) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

2.      Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous, overbroad, and/or fail to state with reasonable particularity the type of information sought therein, and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiffs object to the Interrogatories to the extent that they seek disclosure of information that is publicly available, already in Defendants' possession, custody, or control, or otherwise available from sources to which Defendants have access.

4.      Plaintiffs object to the Interrogatories to the extent that they purport to impose on Plaintiffs a duty to disclose information that Plaintiffs do not actually have in their possession, custody, or control. Subject to the objections herein, in responding to the Interrogatories, Plaintiffs will respond only as to information in their possession, custody, or control as of the date of this response. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession,

custody, or control. Plaintiffs further object to the Interrogatories to the extent they seek physical documents that were previously in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

5.      Plaintiffs object to the Interrogatories to the extent that they require Plaintiffs to make a legal conclusion or render an expert opinion.

6.      Plaintiffs object to the Interrogatories to the extent they require premature expert analysis or opinion.

7.      Plaintiffs object to the Interrogatories to the extent they assume facts that have not been established or are in dispute, including any Interrogatory that relies upon or incorporates assumptions in Defendants' theory of the case that have not been established and which Plaintiffs have not yet had an opportunity to investigate. Plaintiffs' responses should be in no way be considered as an admission of any factual assumption contained within the Interrogatories.

8.      Plaintiffs object to the Interrogatories to the extent that they are premised on legal conclusions or otherwise assume the validity of Defendants' legal claims or theories, all of which are disputed by Plaintiffs. Plaintiffs' responses should be in no way considered as an admission to the validity of any legal conclusion contained within the Interrogatories.

9.      Plaintiffs object to the Interrogatories to the extent the information is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

10.      Plaintiffs object to the Interrogatories to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

11.    Based on Federal Rule of Civil Procedure 33(d), Plaintiffs objects to each Interrogatory that seeks information that can be derived from documents that will be produced, and where the burden to derive such information is substantially the same for Defendants as it is for Plaintiffs.

12.    Plaintiffs object to the Interrogatories to the extent that they purport to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to an Interrogatory on the basis of any applicable privilege.

13.    Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of privilege, or any other doctrine against disclosure, or Plaintiffs' right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to demand that the parties in this action return or destroy any inadvertently disclosed information. Plaintiffs have not previously waived any applicable privilege and specifically state that they do not intend to do so through the disclosure of any information in response to the Interrogatories. In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving party will return the information to Plaintiffs and will be precluded from disclosing or relying upon such information or documents in any way.

14.    Plaintiffs' General Objections apply to each and every Interrogatory and are hereby incorporated by reference into each of the answers and objections set forth below, including Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and

Responses. The reassertion of, or reference to, a particular General Objection in a Response to an Interrogatory shall not be construed as a waiver of any General Objection not stated specifically herein.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.      Plaintiffs object to Definitions and Instructions in the Request to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      Plaintiffs object to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

3.      Plaintiffs also object to the defined term "IDENTIFY" insofar as it requests Plaintiffs identify a person's "current OR last known home AND business address" and "phone number" on the ground that it is overly broad and implicates privacy concerns.

4.      Plaintiffs object to the Instructions to the extent that they state that Plaintiffs' purported "failure to provide information in response to these Interrogatories shall constitute a waiver" of Plaintiffs' "right to reply on such evidence at any point in this litigation." Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

## RESPONSES TO INTERROGATORIES

PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD SET OF INTERROG.

**INTERROGATORY NO. 19:**

For each injury that the COALITION ON HOMELESSNESS contends it suffered as an organization as a result of DEFENDANTS' property destruction alleged by PLAINTIFFS in this case, including but not limited to injuries to the "principal activities" identified in paragraph 24 of the Third Amended Complaint, state ALL facts on which the COALITION ON HOMELESSNESS relies and IDENTIFY ALL DOCUMENTS and PERSONS that RELATE to or support the COALITION ON HOMELESSNESS' response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 19 to the extent it requires Plaintiffs to identify "ALL DOCUMENTS" and facts that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973); *see also Krause v. Buffalo & Erie Cty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 375 (W.D.N.Y. 2006); *L&L Franchise, Inc. v. Tsai, No. 06CV1155 JAH(POR)*, 2008 WL 11337594, at *2 (S.D. Cal. March 7, 2008); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12cv2079–GPC (KSC), 2014 WL 2919518, at *7 (S.D. Cal. June 27, 2014) (sustaining defendants' objections to production of discovery where documents requested were "from court records that are equally available to all

PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD SET OF INTERROG.

parties"). Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all documents and facts produced or identified by either party and third-party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs refer Defendants to and incorporate by reference in this response material submitted in connection with Plaintiffs' Opposition to Defendants' Fifth Motion to Dismiss, including but not limited to, Salzman Decl., Ex. 1 (Cronk Deposition), Ex. 2 (Donohoe Deposition), Ex. 3 (Martinez Deposition), Ex. 4 (Frank Deposition), Ex. 5 (Castano Deposition), Ex. 6 (Wadkins Deposition); Friedenbach Declaration, Exs. 7-9. Persons that relate to or support the Coalition on Homelessness's response include, but are not limited to, Coalition on Homelessness's staff and certain members, such as Jennifer Friedenbach, Lukas Illas, Christin Evans, Sarah Cronk, Joshua Donohoe, David Martinez, Toro Castano, and Carlos Wadkins.

**<u>INTERROGATORY NO. 20:</u>**

IDENTIFY each instance where the COALITION ON HOMELESSNESS' staff, employees, contractors, volunteers, or members observed DEFENDANTS comply with DPW Procedure No. 16-05-08 (REV 03) RELATED to the handling of personal property, including but not limited to the instances described by COALITION ON HOMELESSNESS as "now

doing sweeps by book" in COH01492478 attached hereto as Exhibit A and IDENTIFY ALL

DOCUMENTS and PERSONS that RELATE to that instance.

**RESPONSE TO INTERROGATORY NO. 20**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to

Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 20 to the extent

it requires Plaintiffs to identify "ALL DOCUMENTS" and "PERSONS" that relate to or support

the Response as overbroad, unduly burdensome, not proportional, and calls for information

outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that

is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and

because the information sought by this Interrogatory is in the possession, custody, and control of

Defendants. Defendants already have access to information contained in the public record related

to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations

from several impacted unhoused members of the Coalition, and subpoena responses, including

information regarding Defendants' unlawful property destruction and failure to comply with

DPW Procedure No. 16-05-08 (REV 03), and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is

ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current

knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the

response should further investigation and/or discovery indicate that such supplementation or

amendment is necessary.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond that

there are no additional DOCUMENTS or PERSONS that relate to the use of the phrase "now

doing sweeps by book" as used in COH01492478. Please otherwise see declarations of

individuals who have observed sweeps and unhoused individuals who have experienced sweeps who had their belongings saved after advocacy.

**INTERROGATORY NO. 21:**

Please state ALL facts supporting PLAINTIFFS' contention that DEFENDANTS' training is deficient with respect to handling HOMELESS PERSONS' personal property, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 21 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, and subpoena responses, including information regarding Defendants' deficient training with respect to handling personal property, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the

response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all facts in documents and testimony in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 39, 43, 45, 47, 49, 51, 53, 219, 226, 237 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289); materials submitted in connection with Plaintiffs' Motion to Enforce, dated May 25, 2023 (Dkt. No. 130) and the parties submissions related to Dkt. 193-3, 231, 237, 239, 241, 292-1, 292-1; Declaration of Jonathan Vaing in Support of Defendants' Response to Court Order, (Dkt.193-3), Declaration of Jonathan Vaing, Ex. A (Dkt. 292-1), Declaration of Jonathan Vaing, Ex. B (Dkt. 292-2), and the deposition testimony of Khaled Shehadeh, Jonathan Vaing, Wayman Young, Darryl Dilworth, Brittany Brandon, Israel Graham, Arielle Piastunovich, Edgar Garcia, David Nakanishi, Mark Roubmanis, Leslie Fong, Pete Rincon, Mark Mazza, Alison Horky, Corey Jackson, Brandon Cunningham, Kenny Bruce, Joel Martinez, Alvaro Castro, Sgt. Hoang, and Defendants' Rule 30(b)(6) witnesses, as well as any relevant deposition testimony that may be forthcoming. Plaintiffs further direct Defendants to Rule 26 disclosures, including expert disclosures.

**INTERROGATORY NO. 22:**

IDENTIFY every instance where YOU contend a HOMELESS PERSON, including YOU, was unable to obtain property from the DPW storage yard, including all facts upon which you rely, such as the date, time, and location where property was taken, the owner of the property, the property that was taken, the reason the HOMELESS PERSON believed their property would be at the DPW storage yard, the date or dates the HOMELESS PERSON attempted to obtain property from the DPW storage yard, the efforts the HOMELESS PERSON

11

underwent to obtain property from the DPW storage yard, an inventory of any property that was obtained, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 22 to the extent it requires Plaintiffs to identify "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, and subpoena responses, including information regarding attempts to obtain property from the DPW storage yard, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all documents produced or identified by either party and third-party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 140-41, 160-63 and pages 63 and 65 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289), as well as the following declarations, Castano Decl., Dkt. 9-4 at p. 5, ¶ 10; Martinez Decl., Dkt. 9-4, at p. 22, ¶ 10; Bryant Decl., Dkt. 9-6, at p. 4, ¶ 6; Jones Decl., Dkt. 9-6, at pp. 52-53, ¶ 8. Plaintiffs further direct Defendants to Rule 26 disclosures, including expert disclosures.

**INTERROGATORY NO. 23:**

Please state ALL facts supporting PLAINTIFFS' contention that Carla Short "has direct knowledge of, and has acquiesced in, DPW's custom and practice of property destruction" as alleged in Paragraph 47 of the Third Amended Complaint, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 23 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that the information in the possession, custody, and control of Defendants.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all facts and documents produced or

identified by either party and third party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: On September 7, 2021, Jennifer Friedenbach sent an email to Ms. Short inviting her to a webinar discussing the release of COH's report discussing property destruction and encampment resolutions to which Ms. Short responded on October 6, 2021. On January 26, 2022, Jennifer Friedenbach sent an email to Ms. Short sharing a video documenting property destruction and identifying a pattern of behavior by DPW staff at sweeps to which Ms. Short responded on January 27, 2022. Ms. Short received an email on June 24, 2022 from the Co-Chairs of the Latino Task Force Street Needs Assessment Committee with a needs assessment report documenting unlawful property destruction during sweeps in the Mission District.

**INTERROGATORY NO. 24:**

Please state ALL facts supporting PLAINTIFFS' contention that each DEFENDANT was deliberately indifferent to a pattern and practice of destroying the property of HOMELESS PEOPLE, including YOU, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 24 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and

14

because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, and subpoena responses, including information regarding the destruction of personal property, and Plaintiffs' document productions.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs otherwise identify all facts and documents produced or identified by either party and third-party subpoena recipients, produced or identified publicly available records, or associated with depositions in this case.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 210-237 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289). Please see declarations of individuals and identified records for those who have observed sweeps (including Ackerman, Cutler, Evans, Illas, Ioffee, Verner-Crist, and Wadkins) and unhoused individuals (including Plaintiffs) who have experienced sweeps, and associated exhibits and productions. Please also see the deposition testimony of Khaled Shehadeh, Jonathan Vaing, Wayman Young, Darryl Dilworth, Brittany Brandon, Israel Graham, Arielle Piastunovich, Edgar Garcia, David Nakanishi, Mark Roubmanis, Leslie Fong, Pete Rincon, Mark Mazza, Alison Horky, Corey Jackson, Brandon Cunningham, Kenny Bruce, Joel Martinez, Alvaro Castro, Sgt. Hoang, and Defendants' Rule 30(b)(6) witnesses, as well as any relevant deposition testimony that may be forthcoming.

**INTERROGATORY NO. 25:**

IDENTIFY each allegation in the Third Amended Complaint that RELATES to the particular instances of property destruction experienced by the PERSONS IDENTIFIED in the COALITION ON HOMELESSNESS' response to Interrogatory Number 17.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 25 to the extent it requires Plaintiffs to identify "ALL" facts and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is and can be derived from documents within the possession, custody, and control of Defendants. Defendants already have access to information contained in the record related to this case, including the Third Amended Complaint.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 24, 32, 34, 36, 172, 179-181, 253, 241, 242, 247-248, 249 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289).

Dated: March 10, 2025

By: ___/s/ John Thomas H. Do_____

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
39 Drumm Street
San Francisco, CA 94111

16

1    Telephone: (415) 293-6333
     jdo@aclunc.org
2    wfreeman@aclunc.org

3
     LAWYERS' COMMITTEE FOR CIVIL
4    RIGHTS OF THE SAN FRANCISCO BAY
     AREA
5    Nisha Kashyap, SBN 301934
     Andrew Ntim, SBN 347084
6    131 Steuart Street, Ste. 400
     San Francisco, CA 94105
7    Telephone: (415) 543-9444
     nkashyap@lccrsf.org
8    antim@lccrsf.org

9    EMERY CELLI BRINCKERHOFF ABADY
     WARD & MAAZEL LLP
10   Vasudha Talla, SBN 316219
     Zoe Salzman, NY Reg. No. 4663308*
11   Vivake Prasad, NY Reg. No. 5669569*
     Bianca Herlitz-Ferguson, NY Reg. No. 6164214*
12   One Rockefeller Plaza, 8th Floor
     New York, NY 10020
13   Telephone: (212) 763-5000
     vtalla@ecbawm.com
14   zsalzman@ecbawm.com
     vprasad@ecbawm.com
15   bherlitz-ferguson@ecbawm.com

16

17   *admitted pro hac vice

18   Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD SET OF INTERROG.

1

2
ACLU FOUNDATION OF NORTHERN
CALIFORNIA
3
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
4
39 Drumm Street
San Francisco, CA 94111
5
Telephone: (415) 293-6333
jdo@aclunc.org
6
wfreeman@aclunc.org

7
*Attorneys for Plaintiffs*
*Additional Counsel Listed on Signature Page*
8

9
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
10
**OAKLAND DIVISION**

11
COALITION ON HOMELESSNESS, et al.,          CASE NO. 4:22-cv-05502-DMR

12
                          Plaintiffs.         **PLAINTIFFS' RESPONSES TO**
                                              **DEFENDANTS' FIRST REQUEST**
           v.                                 **FOR ADMISSION**
13
CITY AND COUNTY OF SAN                        Hon. Judge Donna M. Ryu
14
FRANCISCO, et. al.,
                                              Date Action Filed: September 27, 2022
15
                          Defendants.

16
PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.
17
RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.
18
SET NUMBER: One
19
        Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON
20
HOMELESSNESS, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID
21
MARTINEZ, AND TERESA SANDOVAL, collectively "Plaintiffs"), hereby respond to
22
Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE
23
DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN
24
FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN
25
FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF
26
EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") First Request
27
for Admission as follows:
28

1

# PRELIMINARY STATEMENT

Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' Responses to the following Requests are made to the best of their present knowledge, information, and belief. The Responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Plaintiffs' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation.

1. Plaintiffs reserve the right to supplement or amend any responses should future investigation and/or discovery indicate that such supplementation is necessary. Plaintiffs' responses should be in no way considered prejudicial in relation to further discovery research, analysis, or production of evidence.

2. The following responses and objections are given without prejudice to Plaintiffs' right to rely on subsequently discovered or recalled information and evidence. Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Requests discovered or recalled subsequent to the date of these Responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

3. Plaintiffs' Responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

4. Plaintiffs' Responses are premised on the understanding that the Requests only seek information that is within Plaintiffs' possession, custody, and control.

5. Plaintiffs' Responses shall not prejudice their rights to produce or use any subsequently discovered evidence.

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

**GENERAL OBJECTIONS**

1.      Plaintiffs object to each Request to the extent that they seek (a) information or documents that are not relevant to any party's claim or defenses in the action; (b) are not reasonably calculated to lead to the discovery of admissible evidence; (c) impose a burden disproportionate to the needs of the case; (d) seek information or documents beyond the scope of permissible discovery; (e) are unreasonably cumulative or duplicative; or (f) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

2.      Plaintiffs object to the Request to the extent it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein, and is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiffs object to the Request to the extent it seeks disclosure of information that is publicly available, already in Defendants' possession, custody, or control, or otherwise available from sources to which Defendants have access.

4.      Plaintiffs object to the Request to the extent that it purports to impose on Plaintiffs a duty to disclose information that Plaintiffs do not actually have in their possession, custody, or control. Subject to the objections herein, in responding to the Request, Plaintiffs will respond only as to information in their possession, custody, or control as of the date of this response. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control. Plaintiffs further object to the Request to the extent it seeks physical documents that were previously in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

5.      Plaintiffs object to the Request to the extent that it requires Plaintiffs to make a legal conclusion or render an expert opinion.

6.      Plaintiffs object to the Request to the extent it requires premature expert analysis or opinion.

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

7.     Plaintiffs object to the Request to the extent it assumes facts that have not been established or are in dispute, including any Request that relies upon or incorporates assumptions in Defendants' theory of the case that have not been established and which Plaintiffs have not yet had an opportunity to investigate. Plaintiffs' responses should be in no way be considered as an admission of any factual assumption contained within the Request.

8.     Plaintiffs object to the Request to the extent that it is premised on legal conclusions or otherwise assumes the validity of Defendants' legal claims or theories, all of which are disputed by Plaintiffs. Plaintiffs' responses should be in no way considered as an admission to the validity of any legal conclusion contained within the Request.

9.     Plaintiffs object to the Request to the extent the information is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

10.     Plaintiffs object to the Request to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Request in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

11.     Based on Federal Rule of Civil Procedure 33(d), Plaintiffs objects to each Request that seeks information that can be derived from documents that will be produced, and where the burden to derive such information is substantially the same for Defendants as it is for Plaintiffs.

12.     Plaintiffs object to the Request to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to a Request on the basis of any applicable privilege.

13.     Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of privilege, or any other doctrine against disclosure, or Plaintiffs' right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to demand that the parties in this action return or destroy any inadvertently disclosed information. Plaintiffs have not previously waived any applicable privilege and specifically state that they do not intend to do so through the disclosure of any information in response to the Request. In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving party will return the information to Plaintiffs and will be precluded from disclosing or relying upon such information or documents in any way.

14.     Plaintiffs' General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below, including Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and Responses. The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically herein.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to Definitions and Instructions in the Request to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Plaintiffs object to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Request in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

3.     Plaintiffs object to the Instructions to the extent that they state that Plaintiffs'

purported failure to respond to the Request shall constitute a waiver of "all objections, including any and all claims of privilege, if any, in respect to these requests and the requests will be deemed admitted." Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Requests discovered or recalled subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

## RESPONSES TO REQUESTS FOR ADMISSION

1.  Admit the Coalition on Homelessness does not have any records created on or before September 27, 2022 reflecting Sarah Cronk's membership in the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that documents (created on or before September 27, 2022) produced by Coalition on Homelessness thus far do not reference Sara Cronk's membership.  Otherwise, Denied.

2.  Admit the Coalition on Homelessness does not have any records created on or before September 27, 2022 reflecting Joshua Donohoe's membership in the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that documents (created on or before September 27, 2022) produced by the Coalition on Homelessness thus far do not reference Joshua Donohue's membership.  Otherwise, Denied.

3.  Admit the Coalition on Homelessness does not have any records created on or before September 27, 2022 reflecting David Martinez's membership in the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.  Records include:

https://www.facebook.com/NOonQandR/videos/665180890326189/?mibextid=rS40aB7S9Ucbxw6v&ref=sharing.

4.  Admit that Sarah Cronk was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

5.  Admit that Joshua Donohoe was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

6.  Admit that David Martinez was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

7.  Admit that Teresa Sandoval was not a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

follows: Teresa Sandoval provided information on the City's treatment of unhoused people to the Coalition on Homelessness through other members like Couper Orona.  Otherwise, Denied.

      8.  Admit that the ACLU of Northern California was a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.  Plaintiffs further object to this Request on the ground that (i) it seeks to harass, intimidate, annoy, or embarrass, and (ii) it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied

      9.  Admit that the Lawyer's Committee for Civil Rights of the San Francisco Bay Area was a member in the Coalition on Homelessness when this lawsuit commenced on September 27, 2022.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request on the ground that (i) it seeks to harass, intimidate, annoy, or embarrass, and (ii) it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

      10. Admit that the Coalition on Homelessness terminated the employment of its member Toro Castano.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

      11. Admit that Toro Castano falsely claimed to have spoken to a potential plaintiff for litigation related to the allegations against SAN FRANCISCO in this case.

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that Toro Castano did not provide an email about a potential plaintiff for the litigation.  Otherwise, Denied.

    12. Admit that the Coalition on Homelessness has knowledge of false statements submitted by HOMELESS PERSONS in declarations that Plaintiffs have submitted in this litigation.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.  Plaintiffs further object to this Request (i) as argumentative, and (ii) to the extent that Plaintiffs have had the opportunity to correct declarations.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

    13. Admit that the Coalition on Homelessness has knowledge of misleading statements submitted by HOMELESS PERSONS in declarations that Plaintiffs have submitted in connection with this litigation.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this request as (i) argumentative, (ii) vague as "misleading" is undefined, and (iii) to the extent that Plaintiffs have had the opportunity to correct declarations.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

    14. Admit that the Coalition on Homelessness never filed a government claim with SAN FRANCISCO for the injuries it claims it suffered as an organization in the Third Amended Complaint.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

15. Admit that the Coalition on Homelessness' Board of Directors is required to approve any litigation brought by the Coalition on Homelessness.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

16. Admit that the Coalition on Homelessness' Board of Directors did not approve of the present litigation against Defendants to be brought on behalf of members of the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

17. Admit that the Coalition on Homelessness does not have written agreements with members prior to September 27, 2022 to represent those members in connection with this lawsuit.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this request as vague as to "written agreements."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted

18. Admit that HOMELESS PERSONS are not funding the present litigation against

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

Defendants brought by the Coalition on Homelessness on behalf of its members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.

19. Admit that some of Coalition on Homelessness' counsel of record in these proceedings have made financial donations to the Coalition on Homelessness.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request on the ground that (i) it seeks to harass, intimidate, annoy, or embarrass, (ii) it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses, and (iii) it is vague as to persons referenced and "made financial donations."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

20. Admit that the Coalition on Homelessness has observed instances where SAN FRANCISCO has complied with DPW Procedure No. 16-05-08 (REV 03) related to the handling of HOMELESS PERSONS' personal property.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.  Plaintiffs further object to this request extent that it seeks a legal conclusion.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows. Admitted, particularly following advocacy from the Coalition on Homelessness or from unhoused people.

21. Admit that the Coalition on Homelessness has informed HOMELESS PERSONS that personal property must always be bagged and tagged even though DPW Procedure No. 16-05-08 (REV 03) allows for property to be discarded under certain

circumstances.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this request (i) to the extent that it seeks a legal conclusion, and (ii) as being vague and confusing.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted the Coalition on Homelessness has informed HOMELESS PERSONS that personal property must be bagged and tagged pursuant to DPW's Bag and Tag Policy. Further Admitted that the terms of Procedure No. 16-05-08 (REV 03) allow for property to be discarded under certain circumstances. Otherwise, Denied.

22. Admit that the Coalition on Homelessness submitted government claims on behalf of HOMELESS PERSONS even though the Coalition on Homelessness did not know whether the property was properly discardable under the terms of DPW Procedure No. 16-05-08 (REV 03).

**RESPONSE:** Plaintiffs objects to this Request (i) as vague and ambiguous because of the use of the undefined term "properly discardable" without elaboration or specification, (ii) on the ground that it seeks a legal conclusion and would require the Coalition on Homelessness to formulate a legal conclusion in order to fully respond, and (iii) on the ground that the Request is argumentative to the extent it implies that the Coalition on Homelessness knows with absolute certainty whether property was properly discardable under the terms of DPW Procedure No. 16-05-08 (REV 03).

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

23. Admit that the Coalition on Homelessness advised declarants to omit bad facts from declarations submitted in connection with this litigation.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request (i) as vague and ambiguous because of the use of the undefined term "bad facts" without elaboration or

specification, and (ii) on the ground that the Request is argumentative to the extent it implies that Coalition on Homelessness advised declarants about their declarations in connection with this litigation.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

24. Admit that the Coalition on Homelessness advised declarants to not identify employees of SAN FRANCISCO in declarations submitted in connection with this litigation.

**RESPONSE:**

Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

25. Admit that HOMELESS PERSONS voluntarily abandon property during sweeps.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to the extent Plaintiffs lack sufficient knowledge or information to respond to this request.  Plaintiffs further object to this request as vague as "voluntarily abandon" is undefined.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that homeless persons may leave behind property during sweeps. Otherwise, Denied.

26. Admit that HOMELESS PERSONS leave property behind in areas where an HSOC resolution has been noticed with the intention that property be discarded.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to the extent Plaintiffs lack sufficient knowledge or information to respond to this request.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as

follows: Admitted that homeless persons may leave property behind to be discarded in areas where an HSOC resolution has been noticed.  Otherwise, Denied.

27. Admit that one of the Coalition on Homelessness' goals is to abolish sweeps altogether.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request as vague and ambiguous because of the use of the undefined term "abolish" and "sweeps" without elaboration or specification.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted only to the extent that "sweeps" entail the unlawful destruction of personal property.  Otherwise, Denied.

28. Admit that tents are used by some HOMELESS PERSONS to conceal drug use.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to the extent Plaintiffs lack sufficient knowledge or information to respond to this request. Plaintiffs further objects to this Request (i) on the ground that it seeks an admission or denial on a matter that is not relevant to any party's claims or defenses, (ii) as vague and ambiguous because of the use of the undefined term "used" and "conceal," and (iii) as argumentative to the extent it suggests that HOMELESS PERSONS uniquely use their homes to mainly conceal drug use.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that tents, like homes, can be used to keep property and maintain privacy around private behavior.  Otherwise, Denied.

29. Admit that the Coalition on Homelessness furnished tents to HOMELESS PERSONS with knowledge that lodging on property without the permission of the owner is illegal pursuant to Section 647(e) of the California Penal Code.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request (i) as vague

and ambiguous because of the use of the undefined term "with knowledge" without elaboration or specification, (ii) on the ground that it seeks a legal conclusion and would require Plaintiff to formulate a legal conclusion in order to fully respond, and (iii) on the ground that the Request is argumentative to the extent it implies that the Coalition on Homelessness provided tents with the perfect knowledge that any tents would be use for the purpose of lodging on property without the permission of the owner in violation Section 647(e) of the California Penal Code.

Subject to the foregoing and without waiving these objections: Admitted to the extent Plaintiffs have furnished tents to homeless persons. Otherwise, Denied.

30. Admit that the Coalition on Homelessness has no written documentation to support its contention that SAN FRANCISCO has wrongfully discarded a Homeless Verification form as described in Paragraph 24 of the Third Amended Complaint.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

31. Admit that the Coalition on Homelessness does not have a membership list that identifies its members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.  Plaintiffs further object to the undefined term "membership list."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted that the Coalition on Homelessness does not maintain a single, comprehensive list of members. Otherwise, Denied.

32. Admit that employee turnover within the Coalition on Homelessness has made it difficult to recruit members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Admitted.  Coalition on Homelessness denies that employee turnover is the sole or main reason for any difficulty in recruiting members.

33. Admit that it has been difficult for the Coalition on Homelessness to retain members as a result of the Coalition on Homelessness' own efforts to record the contact information of members.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein. Plaintiffs further object to this Request as vague and ambiguous because of the use of the undefined term "own efforts to record the contact information of members."

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Denied.

34. Admit that the Coalition on Homelessness is not storing its own personal property on the streets of San Francisco in a way that it will be subject to an HSOC resolution.

**RESPONSE:** Plaintiffs incorporate the foregoing Preliminary Statement and General Objections as though fully set forth herein.  Plaintiffs further object to this Request (i) as vague and ambiguous because of the use of the undefined term "storing its own personal property on the streets," and (ii) argumentative to the extent it suggests that the Coalition on Homelessness has not had property destroyed in an HSOC resolution.

Subject to the foregoing and without waiving these objections, Plaintiffs respond as follows: Coalition on Homelessness has provided Know You Rights material, flyers, Street Sheets, business cards, among other items to members and unhoused people subject to Sweeps. Otherwise, Denied.

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

1

2

3     Dated: March 10, 2025

4                                              By: ___/s/ John Thomas H. Do_____

5                                              ACLU FOUNDATION OF NORTHERN
                                               CALIFORNIA
6                                              John Thomas H. Do, SBN 285075
                                               William S. Freeman, SBN 82002
7                                              39 Drumm Street
                                               San Francisco, CA 94111
8                                              Telephone: (415) 293-6333
                                               jdo@aclunc.org
9                                              wfreeman@aclunc.org

10                                             LAWYERS' COMMITTEE FOR CIVIL
                                               RIGHTS OF THE SAN FRANCISCO BAY
11                                             AREA
                                               Nisha Kashyap, SBN 301934
12                                             Andrew Ntim, SBN 347084
                                               131 Steuart Street, Ste. 400
13                                             San Francisco, CA 94105
                                               Telephone: (415) 543-9444
14                                             nkashyap@lccrsf.org
                                               antim@lccrsf.org
15
                                               EMERY CELLI BRINCKERHOFF ABADY
16                                             WARD & MAAZEL LLP
                                               Vasudha Talla, SBN 316219
17                                             Zoe Salzman, NY Reg. No. 4663308*
                                               Vivake Prasad, NY Reg. No. 5669569*
18                                             Bianca Herlitz-Ferguson, NY Reg. No. 6164214*
                                               One Rockefeller Plaza, 8th Floor
19                                             New York, NY 10020
                                               Telephone: (212) 763-5000
20                                             vtalla@ecbawm.com
                                               zsalzman@ecbawm.com
21                                             vprasad@ecbawm.com
                                               bherlitz-ferguson@ecbawm.com
22

23
                                               *admitted pro hac vice
24
                                               Attorneys for Plaintiffs
25

26

27

28

PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

1    LATHAM & WATKINS LLP
     Alfred C. Pfeiffer, Jr., SBN 120965
2    505 Montgomery Street, Ste 2000
     San Francisco, CA 94111
3    Telephone: (415) 391-0600
     al.pfeiffer@lw.com
4

5    LAWYERS' COMMITTEE FOR CIVIL
     RIGHTS OF THE SAN FRANCISCO BAY AREA
6    Zal K. Shroff, MJP 804620, *pro hac vice*
7    131 Steuart Street, Ste. 400
     San Francisco, CA 94105
8    Telephone: (415) 543-9444
     zshroff@lccrsf.org
9

10   ACLU FOUNDATION OF NORTHERN
     CALIFORNIA
11   John Thomas H. Do, SBN 285075
     39 Drumm Street
12   San Francisco, CA 94111
     Telephone: (415) 293-6333
13   jdo@aclunc.org

14   *Attorneys for Plaintiffs*

15   *Additional Counsel Listed In Signature Block*

16

17                  **UNITED STATES DISTRICT COURT**

18                  **NORTHERN DISTRICT OF CALIFORNIA**

19                          **OAKLAND DIVISION**

20   COALITION ON HOMELESSNESS, et al.,          CASE NO. 4:22-cv-05502-DMR

21                          Plaintiffs.          **PLAINTIFFS' INITIAL DISCLOSURES**
                                                 **PURSUANT TO FED. R. CIV. P. 26(a)(1)**
22              v.

23   CITY AND COUNTY OF SAN FRANCISCO,           **Judge:**         The Hon. Donna M. Ryu
     et. al.,
24                                               **Action Filed:**  September 27, 2022
                            Defendants.          **Trial Date:**    Not Yet Set
25

26

27

28

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiffs by counsel provide the following initial disclosures.  Plaintiffs make these disclosures to the best of their ability, after reasonable efforts, based on documents and information currently available to it.  Plaintiffs reserve the right to supplement and/or amend these disclosures as discovery and investigation proceed.

At this time, plaintiffs are not able to identify every relevant document or individual who possesses discoverable information in support of their case.  Plaintiffs' initial disclosures are made without waiving in any way: (1) the right to object on the grounds of competency, privilege, relevancy, hearsay, or any other proper ground, to the use of such information, for any purpose, in this action or in any subsequent proceeding; (2) the right to object on any grounds to any other discovery request involving or relating to the subject matter of these disclosures; or (3) the right to supplement initial disclosures pursuant to Federal Rule 26(e)(1).

## I.     Individuals

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiffs identify the names of individuals, not including expert witnesses, who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses.  For all individuals below who are identified as current or former Coalition on Homelessness employees, Plaintiffs reserve all rights to safeguard confidential, attorney-client privileged, and/or attorney work-product information.  Plaintiffs demand that Defendants and their counsel refrain from contacting Coalition on Homelessness employees whether through counsel or otherwise.  All such communications should be directed to Plaintiffs' undersigned counsel.  Plaintiffs have not provided contact information for individuals currently employed by Defendants on the basis that Defendants possess that information.

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Christopher Herring | UCLA Social Sciences<br>273 Haines Hall<br>375 Portola Plaza<br>Los Angeles, CA 90095-1551<br>*[Contact through counsel]* | Assistant professor of sociology at UCLA with expertise in homelessness issues speaking to trends in City data showing property destruction and criminalization of involuntary homelessness, the harms associated with same, and any matter on which Professor Herring is qualified to opine on as an expert witness. |

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Jennifer Friedenbach | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Executive Director of COH with knowledge of organization and the harms caused to the organization and its members by property destruction and criminalization of involuntary homelessness. |
| Kelley Cutler | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Former COH employee and current volunteer who monitored property destruction and criminalization of involuntary homelessness. |
| Ian James | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Current COH employee who monitored property destruction and criminalization of involuntary homelessness and who has knowledge of the harms caused to the organization and its members. |
| Carlos Wadkins | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Same as above. |
| Javier Bremond | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Same as above. |
| Laketha Pierce | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Same as above. |
| Christin Evans | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | COH volunteer who monitored property destruction and criminalization of involuntary homelessness. |
| Larry Ackerman | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Same as above. |
| Julia Vermeulen | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Same as above. |
| Flo Kelly | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact through counsel]* | Same as above. |

2

LATHAM&WATKINS LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Savannah Waltier | Coalition on Homelessness 280 Turk Street San Francisco, CA 94102 *[Contact through counsel]* | Same as above. |
| Markus Alexander Harris | Coalition on Homelessness 280 Turk Street San Francisco, CA 94102 *[Contact through counsel]* | Same as above. |
| Jeremy Long | Coalition on Homelessness 280 Turk Street San Francisco, CA 94102 *[Contact through counsel]* | Same as above. |
| Emily Laroache | Coalition on Homelessness 280 Turk Street San Francisco, CA 94102 *[Contact through counsel]* | Same as above. |
| Dylan Verner-Crist | ACLU of Northern California 39 Drumm Street San Francisco, CA 94111 *[Contact through counsel]* | ACLU NorCal investigator who monitored property destruction and criminalization of involuntary homelessness. |
| Katie O'Neill | Lawyers' Committee for Civil Rights of the SF Bay Area 131 Steuart St., Suite 400, San Francisco, CA 94105 *[Contact through counsel]* | LCCRSF executive assistant who monitored property destruction and criminalization of involuntary homelessness. |
| Toro Castaño | Named Plaintiff *[Contact through counsel]* | Direct lived experience of property destruction and criminalization while homeless. |
| Sarah Cronk | Named Plaintiff *[Contact through counsel]* | Same as above. |
| Joshua Donohoe | Named Plaintiff *[Contact through counsel]* | Same as above. |
| Molique Frank | Named Plaintiff *[Contact through counsel]* | Same as above. |
| David Martinez | Named Plaintiff *[Contact through counsel]* | Same as above. |
| Teresa Sandoval | Named Plaintiff *[Contact through counsel]* | Same as above. |
| Nathaniel Vaughan | Named Plaintiff *[Contact through counsel]* | Same as above. |
| Damon Bennett | Lives in: Emeryville, CA Phone: 510-830-8307 | Former City employee with knowledge of the City's practices with respect to property destruction and criminalization of involuntary homelessness. |

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)
CASE NO. 4:22-CV-05502-DMR

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Andrinna Malone | Lives in: Fairburn, GA<br>Email:<br>kamjones1mom@gmail.com | Same as above. |
| Kaki Marshall | Lives in: Portland, OR<br>Email:<br>kaki.marshall@gmail.com | Same as above. |
| Todd Bryant | 172 6th Street, Apt. 506,<br>San Francisco, CA 94103<br>628-267-9931<br>bryantstyle49@gmail.com | Lived experience of property destruction and criminalization while homeless. |
| Shyhyene Brown | San Francisco, CA<br>628-758-1060 | Same as above. |
| Jeffery Connick | Dore Street<br>San Francisco, CA 94103 | Same as above. |
| Henrick Delamora | 669 Ellis St., Apt. 10,<br>San Francisco, CA 94109<br>415-524-6300<br>bowiemora29@gmail.com | Same as above. |
| Patrick Dubose | Geary Blvd. & Masonic Ave.,<br>San Francisco, CA 94117<br>408-706-3238<br>pdubose26@gmail.com | Same as above. |
| Heather Freehoffer | 669 Ellis St., Apt. 10,<br>San Francisco, CA 94109<br>415-879-0444 | Same as above. |
| Robert Harrison | 2266 Mission St.,<br>San Francisco, CA 94111<br>415-574-1671<br>harrisonrob41@yahoo.com | Same as above. |
| Jayson Hill | 480 Ellis St., Apt. 332,<br>San Francisco, CA 94102<br>559-902-8526<br>jch375@gmail.com | Same as above. |
| Andrew Howard | 106 6th Street<br>San Francisco, CA 94103<br>510-372-3999 | Same as above. |
| Tricia Hurd | San Francisco, CA<br>415-240-3549; 415-368-5689 | Same as above. |
| Timothy Jones | San Francisco, CA<br>415-424-7717 | Same as above. |

4

LATHAM&WATKINS LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Jezzeille Murdock | San Bruno Ave. between Alameda St. & 15th St., San Francisco, CA 94103 628-502-8528 justmeandfreedom@gmail.com | Same as above. |
| Shanna Couper Orona | 333 12th Street San Francisco, CA 94103 415-937-7293 couperuwnt4get1@gmail.com | Same as above. |
| Devon Partee | 480 Ellis St., Apt. 350, San Francisco, CA 94102 510-403-9315 | Same as above. |
| Audra Sparks | San Francisco, CA 628-666-3409 | Same as above. |
| Nichelle Solis | 480 Ellis St., Apt. 332, San Francisco, CA 94102 415-850-8678 nichelle.marie.solis@gmail.com | Same as above. |
| Victoria Solomon | 100 Diamond Street, San Francisco, CA 94114 victoriasolomon223@gmail.com | Same as above. |
| Vincent Vetter | 473 Ellis Street, San Francisco, CA 94102 415-685-6041 | Same as above. |
| Darrah Reasor | Erie St. & South Van Ness Ave., San Francisco, CA 94103 510-682-6518 darrahlynn420@gmail.com | Same as above. |
| JD Cobb | Erie St. & South Van Ness Ave., San Francisco, CA 94103 510-682-6518 tadowktown86@gmail.com | Same as above. |
| Joseph Williams | 17th St. & Hartford St. San Francisco, CA 94114 628-468-9791 | Same as above. |
| Dajuan Rochelle | San Francisco, CA 415-846-5132 rochelledajuan@gmail.com | Same as above. |
| Vejay Pacheco | Innes Ave. & 3rd St., San Francisco, CA 94124 415-524-9491 Vejaypacheco990@gmail.com | Same as above. |

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)
CASE NO. 4:22-CV-05502-DMR

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| London Breed | Employee of Defendants | City employee with knowledge of the Defendants' policies and practices with respect to property destruction and criminalization of involuntary homelessness. |
| Samuel Dodge | Employee of Defendants | Same as above. |
| William Scott | Employee of Defendants | Same as above. |
| Carla Short | Employee of Defendants | Same as above. |
| Mark Mazza | Employee of Defendants | Same as above. |
| Mary Ellen Carol | Employee of Defendants | Same as above. |
| Samuel Christ | Employee of Defendants | Same as above. |
| Emily Cohen | Employee of Defendants | Same as above. |
| Darryl Dilworth | Employee of Defendants | Same as above. |
| Charles Hardiman | Employee of Defendants | Same as above. |
| Allison Horky | Employee of Defendants | Same as above. |
| David Nakanishi | Employee of Defendants | Same as above. |
| Arielle Piastunovich | Employee of Defendants | Same as above. |
| David Lazar | Employee of Defendants | Same as above. |
| Sean Elsbernd | Employee of Defendants | Same as above. |
| Jeffrey Kositsky | Former Employee of Defendants | Same as above. |

## II.    Documents

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiffs identify the following categories and locations of documents as likely to contain information relevant to disputed matters in this case that Plaintiffs may use to support its claims or defenses.  These disclosures relate solely to documents within Plaintiffs' possession, custody, or control.  Plaintiffs reserve the right to use any relevant evidence in support of its claims, regardless of the categories listed below.

| Category | Location |
|---|---|
| All documents, exhibits, and attachments filed in support of Plaintiffs' Motion for Preliminary Injunction or referenced therein. | *See generally* Dkts. # 9, 49, 50. |
| All documents specifically identified or referenced in the Complaint | *See generally* Dkt. # 1 |
| San Francisco Homeless County & Survey Comprehensive Report 2019 | https://hsh.sfgov.org/wp-content/uploads/2020/01/2019HIRDReport_SanFrancisco_FinalDraft-1.pdf |
| San Francisco 2021 Sheltered Point-in-Time Count | https://hsh.sfgov.org/wp-content/uploads/2021/09/2021-Sheltered-PIT-Count.pdf |
| San Francisco Homeless Count and Survey: 2022 Comprehensive Report | https://hsh.sfgov.org/wp-content/uploads/2022/08/2022-PIT-Count-Report-San-Francisco-Updated-8.19.22.pdf |

| Category | Location |
|---|---|
| Review of the Healthy Streets Operations Center Report | https://sfcontroller.org/sites/default/files/Documents/Auditing/Review%20of%20the%20Healthy%20Streets%20Operations%20Center.pdf |
| City and County of San Francisco's Board of Supervisor's Policy Analysis Report | https://sfbos.org/sites/default/files/BLA.SCRT_.HSOC_.041922.pdf |
| 2022 Street Needs Assessment Report | https://www.kron4.com/wp-content/uploads/sites/11/2022/06/2022LTF.StreetAssessment_Plan.pdf |
| Small claims judgments against the City (September 8, 2021) | Dkt. # 9-9 |
| "Bag and Tag" logs from January-June 2021, January-September 2022. | Dkt. # 9-8 at 33-205; Dkt. # 50-12 |
| "Bag and Tag" log summaries from January 2021-August 2022 | Dkt. # 9-8 at 207-239 |
| "Bag and Tag" logs from 2016 to December 2020; July-September 2021 | In Defendants' custody and control |
| SFPD arrest and citation records at homeless encampments (2018-2022) | Dkt. # 9-8 at 251-395; Dkt. # 50-14 |
| Daily shelter allocation emails (January 2022-October 2022) | Dkt. # 9-8 at 400-446; Dkt. # 50-16; |
| Daily shelter allocation emails (2020-2021) | In Defendants' custody and control |
| HSOC Report January 1-February 28, 2021, August 30, 2021-November 8, 2022 | Dkt. # 9-8 at 451-458; Dkt. # 50-17 |
| HSOC Reports March 2019-July 2021 | In Defendants' custody and control |
| All records disclosed pursuant to this Court's order regarding interim reporting to Plaintiffs' counsel (Dkt. No. 34) | In Defendants' custody and control |
| All public records that will be provided to Plaintiffs in the future via records act requests regarding HSH shelter bed availability and allocation | In Defendants' custody and control |
| All public records that will be provided to Plaintiffs in the future via records act requests regarding HSOC schedules, reports, policies, and meetings | In Defendants' custody and control |
| All public records that will be provided to Plaintiffs in the future via records act requests regarding DPW bag and tag policies and records. | In Defendants' custody and control |
| All public records that will be provided to Plaintiffs in the future via records act requests regarding SFPD citations, arrests, and dispatches regarding homelessness. | In Defendants' custody and control |
| All public records produced in response to an anonymous records request submitted to SFPD on or about June 29, 2021 | In Defendants' custody and control (*see* responses to SFPD request no. P040194-962921) |
| *Stolen Belonging* film (Episode 3: City as Abuser) | https://www.youtube.com/watch?v=z-LHy9mZ30o |

## III.    Damages

The provisions of Fed. R. Civ. P. 26(a)(1)(A)(iii) are inapplicable because Plaintiffs do

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  not seek damages from Defendants in this action.

2  **IV.    Insurance**

3    The provisions of Fed. R. Civ. P. 26(a)(1)(A)(iv) are inapplicable because there are no

4  claims asserted against Plaintiffs in this action.

5  **V.    Certification**

6    Pursuant to Fed. R. Civ. P. 26(g)(1), the undersigned counsel for Plaintiffs certifies that

7  to the best of their knowledge, information, and belief, formed after an inquiry that is reasonable

8  under the circumstances, these Initial Disclosures are complete and correct as of the time

9  Plaintiffs make them.

10  Dated:  December 28, 2022     Respectfully submitted,

11

12          By: */s/ Alfred C. Pfeiffer, Jr.*

13          LATHAM & WATKINS LLP
        Alfred C. Pfeiffer, Jr., SBN 120965
        Wesley Tiu, SBN 336580

14          Kevin Wu, SBN 337101
        Tulin Gurer, SBN 303077

15          505 Montgomery Street, Ste 2000
        San Francisco, CA 94111

16          Telephone: (415) 391-0600
        al.pfeiffer@lw.com

17          wesley.tiu@lw.com
        kevin.wu@lw.com

18          tulin.gurer@lw.com

19          LATHAM & WATKINS LLP
        Joseph H. Lee, SBN 248046

20          650 Town Center Drive, 20th Floor
        Costa Mesa, CA 92626

21          Telephone: (714) 540-1235
        joseph.lee@lw.com

22

23          LATHAM & WATKINS LLP
        Rachel Mitchell, SBN 344204

24          12670 High Bluff Drive
        San Diego, CA 92130

25          Telephone: (858) 523-5400
        rachel.mitchell@lw.com

26

27          By: */s/ Zal K. Shroff*

28          LAWYERS' COMMITTEE FOR CIVIL
        RIGHTS OF THE SAN FRANCISCO BAY

8

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)
CASE NO. 4:22-CV-05502-DMR

AREA
Zal K. Shroff, MJP 804620, *pro hac vice*
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org
edellapiana@lccrsf.org


By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*
*Coalition on Homelessness, Toro Castaño, Sarah*
*Cronk, Joshua Donohoe, Molique Frank, David*
*Martinez, Teresa Sandoval, Nathaniel Vaughn*

9

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)
CASE NO. 4:22-CV-05502-DMR

## **Certificate of Service**

I am over eighteen years of age, not a party in this actions, and employed in the County of San Francisco, State of California.  My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-6538.  I am readily familiar with the practice of this office for collection and processing of correspondence for email delivery, and they are sent that same day in the ordinary course of business.

On December 28, 2022, I served the following document(s):

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

via email delivery to the persons and email addresses set forth below:

James M. Emery
Edmund T. Wang
Deputy City Attorneys, San Francisco City Attorney's Office
Email: jim.emery@sfcityatty.org
Email: edmund.wang@sfcityatty.org

Sophia Garcia
Legal Assistant, San Francisco City Attorney's Office
Email: sophia.garcia@sfcityatty.org

Pamela Cheeseborough
Legal Secretary, San Francisco City Attorney's Office
Email: pamela.cheeseborough@sfcityatty.org

*Attorneys for Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management; Mayor London Breed; Sam Dodge*

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 28, 2022, at Oakland, California

*/s/ Kevin Wu*
Kevin Wu

10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ACLU FOUNDATION OF NORTHERN
CALIFORNIA

2

John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002

3

39 Drumm Street

4

San Francisco, CA 94111
Telephone: (415) 293-6333

5

jdo@aclunc.org
wfreeman@aclunc.org

6

7

*Attorneys for Plaintiffs*

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**OAKLAND DIVISION**

11

COALITION ON HOMELESSNESS, et al.,

CASE NO. 4:22-cv-05502-DMR

12

Plaintiffs.

**PLAINTIFFS' FOURTH AMENDED INITIAL DISCLOSURES & AMENDED LIKELY TRIAL WITNESS LIST**

v.

13

CITY AND COUNTY OF SAN FRANCISCO, et. al.,

14

15

Defendants.

**Judge:**      The Hon. Donna M. Ryu

16

**Action Filed:**  September 27, 2022
**Trial Date:**    July 28, 2025

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiffs by counsel provide an amendment to the likely trial witness list and third amended initial disclosures dated January 24, 2025. Plaintiffs make these disclosures to the best of their ability, after reasonable efforts, based on documents and information currently available to it.  Plaintiffs reserve the right to supplement and/or amend these disclosures as discovery and investigation proceed.

Plaintiffs are not able to identify every relevant document or individual who possesses discoverable information in support of their case.  Plaintiffs' initial disclosures are made without waiving in any way: (1) the right to object on the grounds of competency, privilege, relevancy, hearsay, or any other proper ground, to the use of such information, for any purpose, in this action or in any subsequent proceeding; (2) the right to object on any grounds to any other discovery request involving or relating to the subject matter of these disclosures; or (3) the right to supplement initial disclosures pursuant to Federal Rule 26(e)(1).

Pursuant to the Parties' October 29, 2024 Stipulation, Dkt. No. 263, Plaintiffs identify in **bold** likely trial witnesses.  Plaintiffs reserve all rights to amend this list.

## I.    Individuals

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiffs identify the names of individuals, not including expert witnesses, who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses.  For all individuals below who are identified as current or former Coalition on Homelessness employees, Plaintiffs reserve all rights to safeguard confidential, attorney-client privileged, and/or attorney work-product information.  Plaintiffs demand that Defendants and their counsel refrain from contacting Coalition on Homelessness employees whether through counsel or otherwise.  All such communications should be directed to Plaintiffs' undersigned counsel.  Plaintiffs have not provided contact information for individuals currently employed by Defendants on the basis that Defendants possess that information.

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| **Jennifer Friedenbach** | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact Plaintiffs' counsel]* | Executive Director of COH with knowledge of the organization, the harms caused to the organization and its members by property destruction and displacement of unhoused people, including as described in declarations Dkt. ## 9-3, 50-4, 76. |
| **Lukas Illa** | Coalition on Homelessness<br>280 Turk Street<br>San Francisco, CA 94102<br>*[Contact Plaintiffs' counsel]* | COH employee who has observed property destruction, displacement of unhoused people, and the harms this caused to the organization and its members. |
| Kelley Cutler | *[Contact Plaintiffs' counsel]* | Former COH employee who has observed property destruction, displacement of unhoused people, and the harms this caused to the organization and its members. *See also* declaration Dkt. # 9-3. |
| Ian James | 504 Page Street<br>San Francisco CA 94117 | Same as above. *See also* declaration Dkt. # 9-3, 70-1, 77. |
| **Carlos Wadkins** | 633 27th Ave<br>San Francisco CA  94121<br>*[Contact Plaintiffs' counsel]* | Same as above.  *See also* declaration Dkt. # 9-3. |
| Javier Bremond | *[Contact Plaintiffs' counsel]* | Same as above. |
| **Christin Evans** | *[Contact Plaintiffs' counsel]* | Observations of property destruction and displacement of unhoused people.  See also declaration Dkt. # 9-3. |
| **Larry Ackerman** | *[Contact Plaintiffs' counsel]* | Same as above. |
| Flo Kelly | *[Contact Plaintiffs' counsel]* | Same as above. |
| Savannah Waltier | *[Contact Plaintiffs' counsel]* | Same as above. |
| **Dylan Verner-Crist** | *[Contact Plaintiffs' counsel]* | ACLU NorCal employee who monitored property destruction and displacement of unhoused people, including as described in declarations Dkt. ## 50-3, 130, 157-5 |
| Katie O'Neill | *[Contact Plaintiffs' counsel]* | LCCRSF employee who monitored property destruction and displacement of unhoused people. |
| **Karina Ioffee** | *[Contact Plaintiffs' counsel]* | Investigator who monitored property destruction and displacement of unhoused people. |

PLAINTIFFS' FOURTH AMENDED INITIAL DISCLOSURES & AMENDED LIKELY TRIAL WITNESS LIST
CASE NO. 4:22-CV-05502-DMR

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| **Toro Castaño** | *[Contact Plaintiffs' counsel]* | Member of the Coalition with knowledge regarding Coalition's standing; direct lived experience and observations of property destruction and displacement of unhoused people. *See also* Dkt. # 9-4. |
| **Sarah Cronk** | Named Plaintiff *[Contact through counsel]* | Same as above. *See also* declaration at Dkt. # 9-4. |
| **Joshua Donohoe** | Named Plaintiff *[Contact through counsel]* | Same as above. *See also* declaration at Dkt. # 9-4. |
| **Molique Frank** | Named Plaintiff *[Contact through counsel]* | Direct lived experience and observations of property destruction and displacement of unhoused people. *See also* Dkt. # 9-4. |
| **David Martinez** | Named Plaintiff *[Contact through counsel]* | Member of the Coalition with knowledge regarding Coalition's standing; direct lived experience and observations of property destruction and displacement of unhoused people. *See also* Dkt. # 9-4. |
| **Teresa Sandoval** | Named Plaintiff *[Contact through counsel]* | Direct lived experience and observations of property destruction and displacement of unhoused people. *See also* Dkt. # 9-4 |
| Nathaniel Vaughan | *[Contact through counsel]* | Same as above. *See also* declaration at Dkt. # 9-4. |
| **Damon Bennett** | Lives in: Emeryville, CA Phone: 510-830-8307 | Former City employee with knowledge of the City's practices with respect to property destruction and displacement of unhoused people. *See also* declaration at Dkt. # 9-5 |
| **Andrinna Malone** | Lives in: Fairburn, GA Email: kamjones1mom@gmail.com | Same as above. *See also* declaration at Dkt. # 50-9. |
| **Kaki Marshall** | Lives in: Portland, OR Email: kaki.marshall@gmail.com | Same as above. *See also* declaration at Dkt. # 50-9. |
| **Todd Bryant** | 172 6th Street, Apt. 506, San Francisco, CA 94103 628-267-9931 bryantstyle49@gmail.com | Member of the Coalition with knowledge of Coalition's standing; lLived experience of property destruction,  displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6. |
| **Shyhyene Brown** | San Francisco, CA 628-758-1060 | Member of the Coalition with knowledge of Coalition's standing; lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6. |

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Jeffery Connick | Dore Street<br>San Francisco, CA 94103 | Lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6. |
| **Henrick Delamora** | 669 Ellis St., Apt. 10,<br>San Francisco, CA 94109<br>415-524-6300<br>bowiemora29@gmail.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| **Patrick Dubose** | Geary Blvd. & Masonic Ave.,<br>San Francisco, CA 94117<br>408-706-3238<br>pdubose26@gmail.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| Heather Freehoffer | 669 Ellis St., Apt. 10,<br>San Francisco, CA 94109<br>415-879-0444 | Same as above. *See also* declaration at Dkt. # 9-6. |
| Robert Harrison | 2266 Mission St.,<br>San Francisco, CA 94111<br>415-574-1671<br>harrisonrob41@yahoo.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| Jayson Hill | 480 Ellis St., Apt. 332,<br>San Francisco, CA 94102<br>559-902-8526<br>jch375@gmail.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| Tricia Hurd | San Francisco, CA<br>415-240-3549; 415-368-5689 | Same as above. *See also* declaration at Dkt. # 9-6. |
| Timothy Jones | San Francisco, CA<br>415-424-7717 | Same as above. *See also* declaration at Dkt. # 9-6. |
| Jezzeille Murdock | San Bruno Ave. between<br>Alameda St. & 15th St.,<br>San Francisco, CA 94103<br>628-502-8528<br>justmeandfreedom@gmail.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| **Shanna Couper Orona** | 333 12th Street<br>San Francisco, CA 94103<br>415-937-7293<br>couperuwnt4get1@gmail.com | Member of the Coalition with knowledge regarding Coalition's standing; lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6. |
| Devon Partee | 480 Ellis St., Apt. 350,<br>San Francisco, CA 94102<br>510-403-9315 | Lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6. |
| Audra Sparks | San Francisco, CA<br>628-666-3409 | Same as above. *See also* declaration at Dkt. # 9-6. |

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Nichelle Solis | 480 Ellis St., Apt. 332, San Francisco, CA 94102 415-850-8678 nichelle.marie.solis@gmail.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| Victoria Solomon | 100 Diamond Street, San Francisco, CA 94114 victoriasolomon223@gmail.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| Vincent Vetter | 473 Ellis Street, San Francisco, CA 94102 415-685-6041 | Same as above. *See also* declaration at Dkt. # 9-6. |
| Darrah Reasor | Erie St. & South Van Ness Ave., San Francisco, CA 94103 510-682-6518 darrahlynn420@gmail.com | Same as above. *See also* declaration at Dkt. # 9-6. |
| JD Cobb | Erie St. & South Van Ness Ave., San Francisco, CA 94103 510-682-6518 tadowktown86@gmail.com | Same as above. *See also* declaration at Dkt. # 50-7. |
| Joseph Williams | 17th St. & Hartford St. San Francisco, CA 94114 628-468-9791 | Same as above. *See also* declaration at Dkt. # 50-7. |
| Dajuan Rochelle | San Francisco, CA 415-846-5132 rochelledajuan@gmail.com | Same as above. *See also* declaration at Dkt. # 50-7. |
| Vejay Pacheco | Innes Ave. & 3rd St., San Francisco, CA 94124 415-524-9491 Vejaypacheco990@gmail.com | Same as above. |
| Kyle Adams | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-24 |
| Donovan Harding | San Francisco, CA | Same as above. *See also* declaration at Dkt. ## 130-25, 130-33 |
| Carmen Melendez | San Francisco, CA | Same as above. *See also* declaration at Dkt. ## 130-26 |
| Andrew Berger | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-28 |
| Katelin Bagley-Adams | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-29, 130-30 |
| Helen Hoffman | San Francisco, CA | Same as above. *See also* declaration at Dkt. ## 130-31, 130-32 |
| Henry Jones | San Francisco, CA 415-542-6515 | Same as above. *See also* declaration at Dkt. # 130-34 |
| **Corey Barkley** | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-36 |

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Thomas Draper | San Francisco, CA 415-930-1705 | Same as above. *See also* declaration at Dkt. # 130-37 |
| **Krystle Erickson** | San Francisco, CA 415-200-8997, 628-249-2673 | Same as above. *See also* declaration at Dkt. # 130-39 |
| Abimbola Myers | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-42, 157-4 |
| **Pauline Wise** | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-43 |
| David Martin | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-48 |
| Steven Garrett | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-51 |
| Jerry Cannon | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-52 |
| Maurice Moran | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-53 |
| Ronald Wilson | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 130-54 |
| Tracey Luz | San Francisco, CA | Same as above. *See also* declaration at Dkt. # 157-2 |
| Andrew Douglass | San Francisco, CA | Destruction of personal property, lack of notice at sweeps, impacts of sweeps. |
| **Sarah Stephenson** | San Francisco, CA | Member of the Coalition with knowledge regarding Coalition's standing; destruction of personal property, lack of notice at sweeps, impacts of sweeps. |
| Shelsey Wiley | San Francisco, CA | Destruction of personal property, lack of notice at sweeps, impacts of sweeps. |
| Dante Wilson | San Francisco, CA | Same as above. |
| Garrett Washington | San Francisco, CA | Same as above. |
| William Skaggs | San Francisco, CA | Same as above. |
| **Elizabath Stromer** | San Francisco, CA (Bayshore Navigation Center) | Same as above. |
| **James Reem** | San Francisco, CA | Member of the Coalition with knowledge regarding Coalition's standing; destruction of personal property, lack of notice at sweeps, impacts of sweeps. |
| **Melodie** | San Francisco, CA | Same as above. |
| Jeremy Buffington | San Francisco, CA | Destruction of personal property, lack of notice at sweeps, impacts of sweeps. |

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| **Jimmy Don Wheeler** | Contact through counsel:<br>Rachel Robson<br>Associate \| **ALSTON & BIRD**<br>+1 415 243 1023 (O)<br>+1 425 922 7010 (M)<br>Rachel.Robson@alston.com | Same as above, in addition to knowledge of the City's practices with respect to property destruction and displacement of unhoused people as a participant in DPW sweeps. |
| **London Breed** | Employee of Defendants | City employee with knowledge of the Defendants' policies and practices with respect to property destruction and displacement of unhoused people. |
| **Samuel Dodge** | Employee of Defendants | Same as above. |
| **William Scott** | Employee of Defendants | Same as above. |
| **Carla Short** | Employee of Defendants | Same as above. |
| **Mark Mazza** | Employee of Defendants | Same as above. |
| **Mary Ellen Carol** | Employee of Defendants | Same as above. |
| **Samuel Christ** | Employee of Defendants | Same as above. |
| **Emily Cohen** | Employee of Defendants | Same as above. |
| **Darryl Dilworth** | Employee of Defendants | Same as above. |
| **Israel Graham** | Employee of Defendants | Same as above. |
| **Charles Hardiman** | Employee of Defendants | Same as above. |
| **Allison Horky** | Employee of Defendants | Same as above. |
| **David Nakanishi** | Employee of Defendants | Same as above. |
| **Arielle Piastunovich** | Employee of Defendants | Same as above. |
| **David Lazar** | Employee of Defendants | Same as above. |
| **Sean Elsbernd** | Employee of Defendants | Same as above. |
| **Irvin Huerta** | Employee of Defendants | Same as above. |
| **Ruth Hubert** | Employee of Defendants | Same as above. |
| **Larry Stringer** | Employee of Defendants | Same as above. |
| **Alejandro Tiffer** | Employee of Defendants | Same as above. |
| **Jonathan Vaing** | Employee of Defendants | Same as above. |
| **Jeffrey Kositsky** | Former Employee of Defendants | Same as above. |
| **Individuals at the San Francisco Department of Public Health** | Employee of Defendants | Same as above. |
| Individuals listed on Defendants' Initial Disclosures, Witness List, and Any Supplemental Disclosures; | | |

| Witness | Contact Information | Subject of Testimony |
|---|---|---|
| Declarants in this case | | |
| **Custodian of Documents** | | |

## II.    Certification

Pursuant to Fed. R. Civ. P. 26(g)(1), the undersigned counsel for Plaintiffs certifies that to the best of their knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, these Fourth Amended Witness Disclosures are complete and correct as of the time Plaintiffs make them.

Dated: February 14, 2025                    Respectfully submitted,


By: */s/ John Thomas H. Do*

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org


*Attorneys for Plaintiffs*

Coalition on Homelessness et al. v. City and County of San Francisco
Case No. 4:22-cv-05502-DMR
Plaintiffs' Amended Privilege Log
March 17, 2025

| DocumentID | Begin Bates | Treatment | Privilege Type | Privilege Description | Date/Time Sent | Email Subject | Email From | Email To | Email CC | Email BCC | File Name | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LW_COHSF_00334458 | COH01526984 | Withheld | Work Product Protection | Email; providing information for the purpose of obtaining legal advice; prepared in the course of litigation; regarding legal issues relating to administrative claims | 11/4/2022 10:44 | Admin Claim | Javier Bremond [jbremond@cohsf.org] | wheelerscricit@gmail.com | | | 0007199.msg | Bremond, Javier |
| LW_COHSF_00339135 | COH01526985 | Withheld | Attorney-Client Privilege; Work Product Protection | Attachment; providing information for the purpose of obtaining legal advice; requesting information to facilitate the provision of legal advice; prepared in the course of litigation; regarding legal issues relating to administrative claims | 3/1/2021 11:51 | Spreadsheet shared with you: "Admin Claim Tracker" | an James (via Google Sheets) drive-shares-dm-noreply@google.com] | cwadkins@cohsf.org | | | 0005786.msg | Wadkins, Carlos |
| LW_COHSF_00347356 | COH01526986 | Withheld | Work Product Protection | Document; reflecting legal advice; regarding legal issues relating to administrative claims | 10/7/2021 12:34 | Admin Claim and Small Claims Guide | Carlos Wadkins [cwadkins@cohsf.org] | Toro Castano [torocastano@gmail.com] | | | 0008153.msg | Wadkins, Carlos |
| LW_COHSF_00352199 | COH01212278 | Withheld | Attorney-Client Privilege; Work Product Protection | Email; requesting information to facilitate the provision of legal advice; regarding litigation or potential litigation | 5/14/2018 11:24 | quick urgent question re: tows + sweeps legal update | Elisa Della-Piana [edellapiana@LCCR.com] | Sam Lew' [slew@cohsf.org];Jennifer Friedenbach [jfriedenbach@cohsf.org];Kelley Cutler [kcutler@cohsf.org] | | | 0130020.msg | Friedenbach, Jennifer |
| LW_COHSF_00373576 | COH01526988 | Withheld | Work Product Protection | Email; prepared in the course of litigation; regarding legal issues regarding response to City encampment resolutions and sweeps against unhoused persons | 1/24/2023 12:24 | Re: In town this week if you're free? | Chris Herring [cherring@soc.ucla.edu] | Jennifer Friedenbach [jfriedenbach@cohsf.org] | | | 0023043.msg | Friedenbach, Jennifer |
| LW_COHSF_00417179 | COH01526989 | Withheld | Work Product Protection | Email; prepared in the course of litigation; regarding legal issues regarding response to City encampment resolutions and sweeps against unhoused persons | 1/24/2023 9:52 | Re: In town this week if you're free? | Chris Herring [cherring@soc.ucla.edu] | Jennifer Friedenbach [jfriedenbach@cohsf.org] | | | 0023083.msg | Friedenbach, Jennifer |
| LW_COHSF_00434969 | COH01526991 | Withheld | Attorney-Client Privilege | Letter; discussing a request for legal advice; providing information for the purpose of obtaining legal advice; regarding litigation or potential litigation | | | | | | | norely@gmail.com_2022060 1_172720.pdf | Friedenbach, Jennifer |
| LW_COHSF_00441723 | COH01526992 | Withheld | Attorney-Client Privilege; Work Product Protection | Email; prepared in the course of litigation; regarding litigation or potential litigation | 6/8/2020 7:21 | RE: Hastings lawsuit retainer between COH and BALA | Colleen Rivecca [crivecca@tndc.org] | Barry Zevin [barryzevin@gmail.com];Jennifer Friedenbach [jfriedenbach@cohsf.org] | Jesus Perez [jperez@cohsf.org];Barry Hillis [bhills@adobe.com];Joe Wilson [jwilson@hospitalityhouse.org];Sara Hofverberg [sarajhofverberg@gmail.com];Julia D'Antonio [juliavfd@yahoo.com];Jenise Standfield [jenise.standfield@gmail.com];Hadi Razzaq [hadi.razzaq@sfgov.org] | | 0082238.msg | Friedenbach, Jennifer |
| LW_COHSF_00444848 | COH01526993 | Withheld | Attorney-Client Privilege | Email; reflecting legal advice; requesting information to facilitate the provision of legal advice; regarding litigation or potential litigation | 5/9/2022 11:22 | RE: Disclosure Notice Regarding the Coalition on Homelessness Case Challenging | Novella Coleman [ncoleman@baylegal.org] | Jennifer Friedenbach [jfriedenbach@cohsf.org] | | | 0035792.msg | Friedenbach, Jennifer |
| LW_COHSF_00446481 | COH01526994 | Withheld | Attorney-Client Privilege; Work Product Protection | Email; providing legal advice; regarding litigation or potential litigation | 4/22/2021 16:26 | Documents attached | Jessica Berger [jberger@baylegal.org] | Jennifer Friedenbach' [jfriedenbach@cohsf.org] | | | 0058974.msg | Friedenbach, Jennifer |
| LW_COHSF_00446482 | COH01526995 | Withheld | Attorney-Client Privilege; Work Product Protection | Attachment; providing legal advice; regarding litigation or potential litigation | | | | | | | 2021.04.22 Analysis of City Response re DPW Policy Final Draft.pdf | Friedenbach, Jennifer |
| LW_COHSF_00446483 | COH01526996 | Withheld | Attorney-Client Privilege; Work Product Protection | Attachment; providing legal advice; providing information for the purpose of obtaining legal advice; regarding legal issues relating to homelessness policy | | | | | | | 2021.04.22 Analysis of City Response re CES_Final Draft.pdf | Friedenbach, Jennifer |
| LW_COHSF_00447154 | COH01526997 | Withheld | Attorney-Client Privilege; Work Product Protection | Email; providing legal advice; requesting information to facilitate the provision of legal advice; prepared in anticipation of litigation; regarding litigation or potential litigation | 6/5/2020 10:56 | Hastings lawsuit:  COH affirmative case statement | Mike Keys [MKeys@baylegal.org] | Jennifer Friedenbach [jfriedenbach@cohsf.org] | | | 0082374.msg | Friedenbach, Jennifer |
| LW_COHSF_00447155 | COH01526998 | Withheld | Attorney-Client Privilege; Work Product Protection | Attachment; providing information for the purpose of obtaining legal advice; prepared in anticipation of litigation; regarding litigation or potential litigation | | | | | | | affirmative case statement of facts.june 1.docx | Friedenbach, Jennifer |
| LW_COHSF_00448572 | COH01526999 | Withheld | Attorney-Client Privilege;Common Interest Doctrine | Email; requesting information to facilitate the provision of legal advice; regarding legal issues relating to homelessness policy | 10/1/2021 10:04 | Re: SIP hotel meeting FRIDAY 9/17 2-3 pm | Freddy Martin [freddy@sdaction.org] | jfriedenbach@cohsf.org;Andrea Henson [ajohnlaw19@gmail.com] | Jessica Lehman [jessica@sdaction.org];Sean Betouliere [sbetouliere@dralegal.org];Betty Traynor [btraynor@att.net];Rosa Lee Bichell [rbichell@dralegal.org];Claudia Center [ccenter@dredf.org];Christin Evans [christin@booksmith.com] | | 0048546.msg | Friedenbach, Jennifer |
| LW_COHSF_00449226 | COH01527000 | Withheld | Attorney-Client Privilege | Email; providing information for the purpose of obtaining legal advice; prepared in anticipation of litigation; regarding litigation or potential litigation | 6/7/2020 23:55 | Re: Hastings lawsuit retainer between COH and BALA | Barry Zevin [barryzevin@gmail.com] | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Jesus Perez [jperez@cohsf.org];Barry Hillis [bhills@adobe.com];Joe Wilson [jwilson@hospitalityhouse.org];Sara Hofverberg [sarajhofverberg@gmail.com];Collee n Rivecca [crivecca@tndc.org];Julia D'Antonio [juliavfd@yahoo.com];Jenise Standfield [jenise.standfield@gmail.com];Hadi Razzaq [hadi.razzaq@sfgov.org] | | 0082243.msg | Friedenbach, Jennifer |
| LW_COHSF_00452522 | COH01527001 | Withheld | Attorney-Client Privilege;Common Interest | Email; providing information for the purpose of obtaining legal advice; requesting information to facilitate the provision of legal advice; prepared in anticipation of litigation; regarding legal issues relating to homelessness policy | 9/8/2021 0:09 | Re: SIP hotel question | Jessica Lehman [jessica@sdaction.org] | Freddy Martin [freddy@sdaction.org] | Sean Betouliere [sbetouliere@dralegal.org];Betty Traynor [btraynor@att.net];Rosa Lee Bichell [rbichell@dralegal.org];Claudia Center [ccenter@dredf.org];jfriedenbach@ cohsf.org;Andrea Henson [ajohnlaw19@gmail.com] | | 0050145.msg | Friedenbach, Jennifer |
| LW_COHSF_00452828 | COH01527002 | Withheld | Attorney-Client Privilege; Work Product Protection | Email; discussing a request for legal advice; prepared in the course of litigation; regarding litigation or potential litigation | 1/24/2023 12:29 | Re: In town this week if you're free? | Chris Herring [cherring@soc.ucla.edu] | Jennifer Friedenbach [jfriedenbach@cohsf.org] | | | 0023039.msg | Friedenbach, Jennifer |
| LW_COHSF_00457034 | COH01527003 | Withheld | Attorney-Client Privilege | Email; providing information for the purpose of obtaining legal advice; regarding legal issues relating to homelessness policy | 2/4/2021 12:46 | Re: SF SIP Hotel Manual | Sydney Pickern [spickern@dredf.org] | Jennifer Friedenbach [jfriedenbach@cohsf.org] | | | 0064599.msg | Friedenbach, Jennifer |
| LW_COHSF_00462502 | COH01527004 | Withheld | Attorney-Client Privilege;Common Interest Doctrine | Email; providing legal advice; providing information for the purpose of obtaining legal advice; requesting information to facilitate the provision of legal advice; prepared in anticipation of litigation; regarding legal issues relating to homelessness policy | 9/23/2021 16:38 | RE: housing authority | Sean Betouliere [sbetouliere@dralegal.org] | Jessica Lehman [jessica@sdaction.org];jfriedenbach@cohsf. org;Thomas Zito [tzito@dralegal.org] | Claudia Center [ccenter@dredf.org];Rosa Lee Bichell [rbichell@dralegal.org];Freddy Martin [freddy@sdaction.org] | | 0049009.msg | Friedenbach, Jennifer |

Coalition on Homelessness et al. v. City and County of San Francisco
Case No. 4:22-cv-05502-DMR
Plaintiffs' Amended Privilege Log
March 17, 2025

| DocumentID | Begin Bates | Treatment | Privilege Type | Privilege Description | Date/Time Sent | Email Subject | Email From | Email To | Email CC | Email BCC | File Name | Custodian |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LW_COHSF_00482869 | COH01397330 | Withheld | Work Product Protection | Notes; reflecting legal advice; prepared in anticipation of litigation; regarding legal issues regarding response to City encampment resolutions and sweeps against unhoused persons | 4/30/2019 12:14 | legal meeting 4/19 | Jennifer Friedenbach [fbach4@yahoo.com] | Sam Lew [slew@cohsf.org];Jennifer Friedenbach [jfriedenbach@cohsf.org];Kelley Cutler [kcutler@cohsf.org];agarcia@cohsf.org | | | 0108341.msg | Friedenbach, Jennifer |
| LW_COHSF_00484027 | COH01527005 | Withheld | | Email; providing legal advice; regarding litigation or potential litigation | 6/14/2020 12:51 | FW: Hastings lawsuit | Stacey Leyton [sleyton@altshulerberzon.com] | jfriedenbach@cohsf.org | | | 0081495.msg | Friedenbach, Jennifer |
| LW_COHSF_00503733 | COH01527006 | Withheld | Attorney-Client Privilege; Work Product Protection | Email; discussing a request for legal advice; providing information for the purpose of obtaining legal advice; prepared in anticipation of litigation; regarding litigation or potential litigation | 6/5/2020 15:28 | Re: Hastings lawsuit retainer between COH and BALA | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Mike Keys [MKeys@baylegal.org] | | | 0082316.msg | Friedenbach, Jennifer |
| LW_COHSF_00505700 | COH01527007 | Withheld | Attorney-Client Privilege | Email; requesting information to facilitate the provision of legal advice; | 12/3/2021 9:11 | Re: LCCRSF Small Claims Appeal for Unhoused Individuals | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Kelley Cutler [kcutler@cohsf.org] | | | 0045014.msg | Friedenbach, Jennifer |
| LW_COHSF_00506834 | COH01527008 | Withheld | Attorney-Client Privilege | Email; requesting information to facilitate the provision of legal advice; | 10/25/2021 9:17 | Re: SF Hotels - Next Steps, Call | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Freddy Martin [freddy@sdaction.org] | jessica@sdaction.org | | 0047206.msg | Friedenbach, Jennifer |
| LW_COHSF_00512316 | COH01527010 | Withheld | Attorney-Client Privilege; Work Product Protection;Common Interest Doctrine | Document; discussing a request for legal advice; regarding litigation or potential litigation | | | | | | | Memo to Board (Updated) May 2020[1].docx | Friedenbach, Jennifer |
| LW_COHSF_00513306 | COH01527014 | Withheld | Attorney-Client Privilege | Email; providing legal advice; regarding litigation or potential litigation | 6/16/2020 16:45 | Re: Hastings lawsuit | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Stacey Leyton [sleyton@altshulerberzon.com] | | | 0081151.msg | Friedenbach, Jennifer |
| LW_COHSF_00515769 | COH01527015 | Withheld | Attorney-Client Privilege | Email; providing information for the purpose of obtaining legal advice; | 12/3/2021 8:23 | Re: LCCRSF Small Claims Appeal for Unhoused Individuals | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Kelley Cutler [kcutler@cohsf.org] | | | 0045019.msg | Friedenbach, Jennifer |
| LW_COHSF_00516193 | COH01527016 | Withheld | Attorney-Client Privilege; Work Product Protection | Email; prepared in anticipation of litigation; regarding litigation or potential litigation | 6/5/2020 11:41 | Re: Hastings lawsuit: COH affirmative case statement | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Mike Keys [MKeys@baylegal.org] | | | 0082363.msg | Friedenbach, Jennifer |
| LW_COHSF_00517301 | COH01527017 | Withheld | Attorney-Client Privilege | Email; prepared in anticipation of litigation; regarding litigation or potential litigation | 5/29/2022 13:04 | Re: Possible Legal Intervention in UC Hastings Lawsuit BY COH - Need vote by end of day Friday | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Barry Hills [bhills@adobe.com] | | | 0083142.msg | Friedenbach, Jennifer |
| LW_COHSF_00517778 | COH01527018 | Withheld | Attorney-Client Privilege | Email; requesting legal advice; | 3/23/2021 15:44 | Re: housing authority | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Jessica Lehman [jessica@sdaction.org] | Claudia Center [ccenter@dredf.org];Rosa Lee Bichell [rbichell@dralegal.org];Sean Betouliere [sbetouliere@dralegal.org];Freddy Martin [freddy@sdaction.org] | | 0049027.msg | Friedenbach, Jennifer |
| LW_COHSF_00517894 | COH01527019 | Withheld | Attorney-Client Privilege | Email; prepared in the course of litigation; regarding litigation or potential litigation | 6/7/2021 9:08 | Re: Update - re staffing: bay area legal aid | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Jessica Berger [jberger@baylegal.org] | | | 0055468.msg | Friedenbach, Jennifer |
| LW_COHSF_00523940 | COH01527023 | Withheld | Attorney-Client Privilege | Email; requesting legal advice; | 9/27/2021 9:06 | Re: housing authority | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Sean Betouliere [sbetouliere@dralegal.org] | Jessica Lehman [jessica@sdaction.org];Thomas Zito [tzito@dralegal.org];Claudia Center [ccenter@dredf.org];Rosa Lee Bichell [rbichell@dralegal.org];Freddy Martin [freddy@sdaction.org] | | 0048939.msg | Friedenbach, Jennifer |
| LW_COHSF_00524318 | COH01527024 | Withheld | Attorney-Client Privilege | Email; requesting information to facilitate the provision of legal advice; | 12/3/2021 7:59 | Re: LCCRSF Small Claims Appeal for Unhoused Individuals | Jennifer Friedenbach [jfriedenbach@cohsf.org] | tyler kyser [tkyser@cohsf.org];Carlos Wadkins [cwadkins@cohsf.org];Kelley Cutler [kcutler@cohsf.org] | | | 0045023.msg | Friedenbach, Jennifer |
| LW_COHSF_00528064 | COH01527025 | Withheld | Attorney-Client Privilege | Email; providing information for the purpose of obtaining legal advice; | 5/9/2022 10:59 | Re: Disclosure Notice Regarding the Coalition on Homelessness Case Challenging | Jennifer Friedenbach [jfriedenbach@cohsf.org] | Novella Coleman [ncoleman@baylegal.org] | | | 0035803.msg | Friedenbach, Jennifer |
| LW_COHSF_00528065 | COH01527026 | Withheld | Attorney-Client Privilege | Document; prepared in the course of litigation; regarding litigation or potential litigation | | | | | | | COH lccr consent 5.22.pdf | Friedenbach, Jennifer |
| LW_COHSF_00528066 | COH01527027 | Withheld | Attorney-Client Privilege | Email; discussing a request for legal advice; | | | | | | | ATT00002.bin | Friedenbach, Jennifer |
| LW_COHSF_00549111 | COH01527028 | Withheld | Attorney-Client Privilege | Email; prepared in the course of litigation; regarding litigation or potential litigation | 11/10/2022 15:31 | Questions regarding ADMIN CLAIM CLINICS flyer | Wayne Darko [wdarko@email.com] | organizing@cohsf.org | | | 0002659.msg | James, Ian |
| LW_COHSF_00550782 | COH01527029 | Withheld | Attorney-Client Privilege | Email; prepared in the course of litigation; regarding litigation or potential litigation | 10/21/2021 11:05 | Completed admin claim form for J. Armstrong | Madi Norman [mlnorman@berkeley.edu] | organizing@cohsf.org | Ian Buckman [ibuckman@berkeley.edu] | | 0004971.msg | James, Ian |
| LW_COHSF_00550783 | COH01527030 | Withheld | Work Product Protection | Document; prepared in the course of litigation; regarding litigation or potential litigation | | | | | | | Armstrong J form filled V2.pdf | James, Ian |
| LW_COHSF_00550784 | COH01527031 | Withheld | Work Product Protection | Draft document; prepared in anticipation of litigation; regarding legal issues relating to administrative claims | | | | | | | J Armstrong Attachment A.docx | James, Ian |
| LW_COHSF_00550785 | COH01527032 | Withheld | Work Product Protection | Document; prepared in the course of litigation; regarding legal issues relating to administrative claims | | | | | | | J Armstrong questionnaire.pdf | James, Ian |
| LW_COHSF_00550868 | COH01527033 | Withheld | Attorney-Client Privilege | Email; prepared in the course of litigation; regarding litigation or potential litigation | 11/22/2021 16:50 | Berkeley Law Homelessness Services Project: Administrative Claim | Ryan Campbell [rmcampbell@berkeley.edu] | organizing@cohsf.org | Ian Buckman [ibuckman@berkeley.edu] | | 0004757.msg | James, Ian |
| LW_COHSF_00550869 | COH01527034 | Withheld | Work Product Protection | Document; prepared in the course of litigation; regarding legal issues relating to administrative claims | | | | | | | O'Brien - Admin Claim Form.pdf | James, Ian |
| LW_COHSF_00550870 | COH01527035 | Withheld | Work Product Protection | Document; prepared in the course of litigation; regarding legal issues relating to administrative claims | | | | | | | O'Brien Questionnaire.pdf | James, Ian |
| LW_COHSF_00550871 | COH01527036 | Withheld | Work Product Protection | Document; prepared in anticipation of litigation; regarding legal issues relating to administrative claims | | | | | | | Claim Against the City and County of San Francisco - Joey O'Brien.docx.pdf | James, Ian |
| LW_COHSF_00551292 | COH01527037 | Withheld | Attorney-Client Privilege | Email; prepared in the course of litigation; regarding litigation or potential litigation | 10/18/2021 12:37 | Administrative Claim Form Submission | Michael Morizono [mbmorizono@berkeley.edu] | organizing@cohsf.org | Ian Buckman [ibuckman@berkeley.edu] | | 0004999.msg | James, Ian |