EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' MOTION IN LIMINE REGARDING SHELTER AVAILABILITY** <br><br><br> **Judge:** The Hon. Donna M. Ryu |

I.   **Fed. R. Evid. 402 and Fed. R. Civ. P. 37 Preclude the City from Offering Testimony regarding Shelter and Housing Programs**

The Court should exclude the testimony of ***eleven*** City witnesses in whole[1] or in part[2] and related exhibits[3] regarding the City's "shelter programs" or the **"nature and availability of the City's and HSH's shelter . . . offerings, shelter programs for Plaintiffs and other witnesses."** *E.g.*, Exhibit A at 1, 3 (Nakanishi; Rachowicz); *see* Dkt. 415-2. After *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024), the City flatly refused to respond to discovery on such issues as irrelevant. Having taken that position, the City cannot introduce evidence on hotly-disputed and highly-factual issues that Plaintiffs could not explore in discovery.

A.  **The City Refused Discovery on Shelter Post-*Grants Pass***

Prior to *Grants Pass*, the City's shelter programs, shelter availability, and offers were relevant to Plaintiffs' Eighth Amendment claim. *E.g.*, ECF No. 65. After *Grants Pass*, however, Defendants took the hard and fast position that discovery on these topics was irrelevant. Defendants refused to produce documents or supplement interrogatories seeking information regarding shelter offers, eligibility, availability, prioritization, and the coordinated entry system, asserting irrelevance. *E.g.*, Ex. B at 1 (refusing to respond to interrogatories related to "shelter eligibility" or prioritization); Ex. C at 3 (refusing to produce documents related to "Defendants' offer of shelter or "shelter availability"); Ex. D at 23, 25, 53, 55, 71 (refusing to supplement responses to shelter-related interrogatories because they are "no longer relevant or proportional

---

[1] Exhibit A at 2-4, Emily Cohen (how the City provides resources and services to the unhoused, including to Plaintiffs and other trial witnesses); Emily Schwartz (policies and practices with respect to encampment resolutions and other interactions with unhoused individuals); Lisa Rachowicz (shelter and storage offerings; shelter programs for Plaintiffs and other witnesses); Sarah Locher ("housing status and history of Plaintiffs and other witnesses").

[2] Exhibit A at 1-4: Arielle Piastunovich (among other topics, "shelter offers"); David Nakanishi (among other topics, "shelter and property programs"); Jason Adamek (among other topics "shelter benefits" available to homeless); Jose Torres and Pedro Rincon (among other topics, "offers of shelter provided to unhoused people during City operations"); Mark Mazza and Sam Dodge (among other topics, "shelter and storage programs").

[3] Plaintiffs have endeavored to identify within Defendants' trial exhibit list (4,255 exhibits long) all exhibits that should be excluded as improper, but given the number of exhibits there may be exhibits that have not yet been identified but should be excluded on this basis.

1

to the needs of the case"). Defendants also refused to produce Rule 30(b)(6) deponents to testify on shelter offers, arguing that they were "not relevant and not reasonably calculated to lead to the discovery of admissible evidence, in light of [*Grants Pass*]," and "not relevant to any claim remaining in the case." Ex. E at 8, 9, 21. Defendants did not assert that testimony on such topics would be relevant to a lack of deliberate indifference. Relying on Defendants' representations, Plaintiffs did not file motions to compel.

Two months before trial and after the close of fact discovery, Defendants amended their initial disclosures and trial witness list to add shelter-related topics to ***eleven*** witnesses' anticipated testimony, including the same topics that they had previously rejected as irrelevant to any remaining claim. *Compare* Ex. F (Rule 26 Initial Disclosures, dated Jan. 5, 2023), Ex. G (Second Supp. Disclosures, dated Nov. 12, 2024), and Ex. I (Amended Likely Trial Witness List, dated Dec. 13, 2024) *with* Ex. A (Trial Witness List, dated May 26, 2025).[4]

### B. Evidence on Shelter Availability Is Irrelevant

As the City itself has conceded, evidence related to shelter availability, offers, and the City's shelter system is not relevant to the remaining claims. *See* Fed. R. Evid. 402. Testimony relevant only to the dismissed Eighth Amendment claim should be excluded. *See, e.g., Williams v. Steglinski*, No. 1:12-CV-00786-SAB, 2016 WL 1183134, at *2 (E.D. Cal. Mar. 28, 2016) (excluding evidence relevant only to dismissed claims). Further, the Court has ruled that whether an individual resides on City streets in contravention of California law is "irrelevant to the standing inquiry." ECF No. 400 at 24.

Nor is shelter relevant to a lack of deliberate indifference. The relevant inquiry is whether the City is deliberately indifferent to the risk of "a particular constitutional injury." *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 411-12 (1997) (overturning deliberate indifference finding not based on the specific constitutional right at issue, but instead

---

[4] On the final business day before the close of fact discovery, Defendants served Third Supplemental Initial Disclosures that added—for the first time—"shelter and housing programs" to the subject matter for three trial witnesses: Piastunovich, Rachowicz, and Locher. *Compare* Ex. G at 5 (Second Supp. Disclosures,) *with* Exhibit H at 5 (Third Supp. Disclosures, dated Mar. 7, 2025). Due to the belated disclosure, Plaintiffs were unable to seek discovery on this topic.

on indifference to "unspecified constitutional rights" and "the public's welfare"). The relevant constitutional injury here is a violation of the Fourth and Fourteenth Amendments due to lack of notice, property destruction, and inadequate property retrieval process. Shelter availability is not relevant to whether the City is deliberately indifferent to destruction of unhoused people's property or the lack of notice or post-deprivation process. Availability of shelter may reduce the likelihood that property will be on the street, but it does not reduce the risk that the significant amount of property that *is* on the street will not be destroyed. *See* ECF No. 400 at 3-4 (how frequently the City receives calls related to encampments).

### C.  Rule 37 Precludes Shelter-Related Evidence.

Even if this evidence is tangentially related to the litigation (which it is not), Defendants' refusal to designate a 30(b)(6) deponent or produce discovery responses on shelter requires exclusion. "[W]hen a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence." *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 543 (D. Nev. 2008) (citation omitted); *see also* Fed R. Civ. P. 37(c)(1) (automatic, self-executing sanction of exclusion of evidence for failure to comply with Rule 26(a) or (e) unless failure was substantially justified or harmless). Further, Defendants' belated revision of their trial witness list after the close of fact discovery contravenes Rule 26(a)(1)(A)(1) and the parties' stipulation regarding trial witnesses. ECF No. 264 at 2; *e.g.*, *Aloe Vera of Am. Inc. v. United States*, No. 99-cv-01794, 2014 WL 3397139, at *4 (D. Ariz. July 11, 2014) (excluding testimony on subjects not listed in disclosures); *Commonwealth Cap. Corp. v. City of Tempe*, No. 09-cv-00274, 2011 WL 1325140, at *1–2 (D. Ariz. Apr. 7, 2011) (same).

Defendants' discovery violations are not substantially justified or harmless. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (describing four factor test). Defendants' disclosure *after the close of fact discovery* that it intended witnesses to testify about shelter and housing programs foreclosed Plaintiffs from pursuing discovery, including any Rule 30(b)(6) testimony, related to shelter. That discovery is critical because the availability and offers of shelter and housing in San Francisco is a highly disputed, fact-specific inquiry. *See* ECF

No. 65 at 12 (describing the multi-step process necessary to offer available shelter); *id.* at 37-42 (describing factual record necessary to determine whether San Francisco has sufficient shelter and whether it actually offers shelter during encampment resolutions). Had Plaintiffs known that Defendants intended to put their shelter programs, availability, and offers at issue, Plaintiffs would have sought discovery and deposition testimony about whether the City actually has shelter to offer individuals, the criteria and eligibility for shelter, and the process of shelter entry. Plaintiffs also would have sought the expert opinion of Dr. Chris Herring, who presented expert opinions on these topics several times in this case already. *See e.g.,* ECF No. 65 at 25-27 (summarizing Herring opinions related to shelter offers, availability, and access). There is no time to cure the prejudice given that trial is five weeks away. Defendants' repeated insistence that this information was irrelevant also undermines any contention that their prior refusal to produce it was substantially justified.

II.   **Testimony about Shelter Offers Not Based on Personal Knowledge Must Be Excluded**

The City also purports to offer the testimony of Locher, Adamek, Rachowicz, and Cohen regarding specific shelter offers and other services offered to Plaintiffs and unhoused trial witnesses. These City witnesses do not appear to have sufficient personal knowledge about Defendants' specific interactions with Plaintiffs and unhoused trial witnesses, including whether offers of shelter or services were made, whether they were rejected, and why. *See* ECF No. 350-3 (Rachowicz Decl.) at ¶¶ 5-6 (stating only that "I have been informed" of individuals' housing status without explaining how or by whom); Ex. J (Adamek Depo.) at 89:11-90:12 and ECF No. 366-152 (Adamek Depo.) at 93:15-18; 105:13-16 (he relied exclusively on information provided by another employee and did not know why particular individual's benefits were discontinued). Such testimony must be excluded. Fed. R. Evid. 602.

## CONCLUSION

For the foregoing reasons, evidence regarding shelter availability should be excluded.

Dated: June 20, 2025

Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

By: */s/ Scout Katovich*

AMERICAN CIVIL LIBERTIES UNION

Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*