# EXHIBIT B

| | |
|---|---|
| **From:** | George, John (CAT) |
| **To:** | Nisha Kashyap; Murphy, Kaitlyn (CAT) |
| **Cc:** | John Do; Joseph Lee (OC); Wesley Tiu (SF/SV); Rachel Mitchell (SD) |
| **Subject:** | RE: M&C re: Plts" Interrogatories |
| **Date:** | Monday, August 26, 2024 5:56:44 PM |
| **Attachments:** | image004.png |

Hi Nisha,

Thanks for resending your email. Defendants just served supplemental responses that supplement the responses to Rog Nos. 3, 6, 9, 11, 18, 21, and 22. We intend to supplement the response to Rog No. 19 as well, but did not want to delay the supplemental responses to the Rogs identified above. We did not agree to supplement the response to Rog No. 20 by August 26 and for the reasons we identified on our meet and confer and below, will not be supplementing that response.

Below we address the specific Rogs you have asked us to prioritize.

**Rog No. 3**  Please see Defendants' supplement to the response to Rog No. 3. To the extent this interrogatory seeks information beyond policies regarding the treatment of homeless persons' property, it seeks information not relevant to a claim in this action.

**Rog No. 6**  The "grid" referred to in the response to Rog No. 6 is the Client Log, excerpts of which have been provided as exhibits to various declarations submitted by Defendants (*see, e.g.*, ECF Nos. 45-17, 82-22, 82-23). The information sought by the interrogatory – the basis for shelter acceptance rates at HSOC resolutions – is not relevant to Plaintiffs' remaining claims.

**Rog No. 9**  Please provide the authority supporting your position that "special needs" is defined by the ADA as "a physical or mental impairment that substantially limits one or more major life activity, and including a record of having such an impairment or being regarded as having such an impairment."

**Rog No. 11**  Please see the supplemental response and the CMMS records Defendants produced last week.

**Rog No. 14**  As your email states, Rog No. 14 seeks information about the criteria for shelter eligibility and prioritization assessments. This information is not relevant to Plaintiffs' remaining claims.

Paragraphs 309-310 of Plaintiffs' SAC do not support Plaintiffs' claim that all information related to the availability of shelter beds is relevant. First, these allegations are made in support of Plaintiffs' state created danger claim, which, as the Court has already ruled, is entirely insufficient to justify the breath of Plaintiffs' discovery demands. ECF No. 222 at 8-10. Second, even if Plaintiffs' state created danger claim were viable, Plaintiffs SAC does not identify anyone, let alone a Plaintiff, who was intentionally put in grave danger by Defendants' alleged removal of them from a public space or destruction of their property. This is insufficient to demand the sweeping breath of records and information regarding shelter availability Plaintiffs demand. Even further afield is the demand for how shelter beds are allocated (*e.g.*, Rog No. 20). Plaintiffs' ADA allegations (paragraphs 322, 325)

cannot justify these broad demands either.  This claim is on behalf of a single individual and the Coalition, but neither allege they were denied shelter in violation of the ADA.  Theresa Sandoval only alleges property destruction (*see* paragraphs 250-251) and the Coalition has not identified how it has suffered any alleged violation of the ADA.

Please let us know if you would like to discuss.

Thanks,
John


**John H. George**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4223 Direct
www.sfcityattorney.org

**From:** Nisha Kashyap <nkashyap@lccrsf.org>
**Sent:** Friday, August 16, 2024 8:29 AM
**To:** George, John (CAT) <John.George@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee (OC) <Joseph.Lee@lw.com>; Wesley Tiu (SF/SV) <Wesley.Tiu@lw.com>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>
**Subject:** M&C re: Plts' Interrogatories

Good morning John and Kaitlyn,

As follow up to Monday's meet and confer call, attached is Plaintiffs' December 20th email to Defendants outlining outstanding deficiencies in Defendants' interrogatory responses.

While Plaintiffs reserve the right to seek additional responsive information at a later date, in Defendants' anticipated August 26th supplemental response, Plaintiffs expect that Defendants will prioritize addressing the deficiencies identified in the December 20th email for the following interrogatories: Nos. 3, 6, 9, 11, and 14.

We also understand that Defendants will be supplementing their responses to Nos. 18-22 by August 26th.

As we stated on the call, discovery related to the availability of shelter remain relevant to Plaintiffs' claims. *See e.g.*, SAC at ¶ 309 ("Defendants engage in these practices without ensuring that shelter and/or housing options are available to unhoused individuals.");

*see also* SAC ¶¶ 310, 322, 325. Thus we remain entitled to responses to interrogatories related to shelter availability, including No. 20, which seeks information related to Defendants' determination of how to allocate shelter beds. *See e.g.*, Defendants' Answer to SAC (Dkt. No. 138) at ¶ ("San Francisco admits it allocates sufficient shelter beds to HSOC to accommodate the number of homeless individuals the City reasonably expects to accept a shelter offer.").

Happy to discuss further as need be.

Thank you,
Nisha




**Nisha Kashyap** (she/her)
Program Director, Racial Justice
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.237
Fax: (415) 543-0296
www.lccrsf.org