# EXHIBIT E

1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  EDMUND T. WANG, State Bar #278755
   KAITLYN M. MURPHY, State Bar #293309
4  MIGUEL A. GRADILLA, State Bar #304125
   JOHN H. GEORGE, State Bar #292332
5  STEVEN A. MILLS, State Bar #328016
   Deputy City Attorneys
6  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
7  San Francisco, California 94102-4682
   Telephone:    (415) 554-3857 (Wang)
8                (415) 554-6762 (Murphy)
                 (415) 554-3870 (Gradilla)
9                (415) 554-4223 (George)
                 (415) 355-3304 (Mills)
10 Facsimile:    (415) 554-4699
   E-mail:       edmund.wang@sfcityatty.org
11               kaitlyn.murphy@sfcityatty.org
                 miguel.gradilla@sfcityatty.org
12               john.george@sfcityatty.org
                 steven.mills@sfcityatty.org
13
   Attorneys for Defendants
14 CITY AND COUNTY OF SAN FRANCISCO, et al.

15                      UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17 COALITION ON HOMELESSNESS; TORO          Case No. 4:22-cv-05502-DMR (LJC)
   CASTAÑO; SARAH CRONK; JOSHUA
18 DONOHOE; MOLIQUE FRANK; DAVID            **DEFENDANTS' RESPONSE TO PLAINTIFFS'
   MARTINEZ; TERESA SANDOVAL;               FIRST 30(b)(6) NOTICE OF DEPOSITION**
19 NATHANIEL VAUGHN,

20         Plaintiffs,                       Trial Date:        July 28, 2025

21         vs.

22 CITY AND COUNTY OF SAN
   FRANCISCO, et al.,
23
           Defendants.
24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants CITY AND COUNTY OF SAN FRANCISCO (the "City"), SAN FRANCISCO POLICE DEPARTMENT ("SFPD"), SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS ("DPW"), SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING ("HSH"), SAN FRANCISCO FIRE DEPARTMENT ("SFFD"), and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT ("DEM") (collectively, "Defendants") hereby object to Plaintiffs' First 30(b)(6) Notice to Defendants (the "Notice") as follows:

**GENERAL COMMENTS AND OBJECTIONS**

Defendants object to the Notice to the extent that Plaintiffs seek privileged and/or confidential information, including information encompassed by the attorney-client privilege, the attorney-work product privilege, the trade secret and/or proprietary information privileges and/or privacy privileges including constitutional privileges protecting privacy. Defendants further object to the Notice to the extent that it calls for legal conclusions and/or legal theories and other matters on which Defendants base or may base their claims or defenses.

Defendants further object to the Notice to the extent the identification of any documents and/or any other information is/are sought from persons other than Defendants or those subject to the direct control of the City. Defendants also object to the Notice to the extent that such requests seek information beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure.

Defendants do not represent by the following responses to the Notice that Defendants have completed their investigation of the matters addressed by the Notice. In addition, Defendants have not concluded their analysis of information gathered to date or trial preparation. Therefore, Defendants' responses are based solely upon information presently available to Defendants and their attorneys. Further, because Defendants' attorneys and investigators may have ascertained some of these responses, Defendants may not have direct knowledge of the information from which these responses were derived.

Defendants reserve the right to search further for additional facts and documents and to amend or supplement its responses to the Notice, if necessary.  Defendants further reserve the right to introduce such additional facts and documents in evidence at trial.

Subject to and without waiving the forgoing general comments and objections, which are incorporated by reference into each of the following responses, Defendants respond to the Notice as follows:  Defendants will not produce any witnesses on January 15, 2025. Defendants will meet and confer with Plaintiffs about mutually agreeable dates and times for the deposition(s) of Defendants' 30(b)(6) witness(es) subject to and consistent with the objections and responses to each topic as set forth below:

**RESPONSES AND OBJECTIONS TO EXAMINATION TOPICS**

**TOPIC NO. 1**

Your understanding of the mission, goals, and purposes of HSOC.

**RESPONSE TO TOPIC NO. 1**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "mission, goals, and purposes" is vague and ambiguous and overbroad in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object that this request is vague and ambiguous in that it is unclear whose "understanding" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants object that this topic seeks information that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. This topic is not relevant to any claim remaining in the case. Defendants invite Plaintiffs to meet and confer regarding the relevance of this topic.

**TOPIC NO. 2**

Your policies, practices, and procedures for deciding when and where to send or dispatch staff, including but not limited to police officers, to engage with Homeless Persons, to clean or clear

Homeless Encampments, to handle property belonging to Homeless Persons, or to conduct Sweep Operations or HSOC Encampment Resolutions, including Your policies, practices, and procedures for recording, tracking, analyzing, monitoring, or reporting dispatch of staff, including but not limited to police officers, to engage with Homeless Persons and their property.

**RESPONSE TO TOPIC NO. 2**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that the definition of "Sweep Operations" as including "any action" is vague and ambiguous and overbroad in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify responsive information. Defendants object that defining "HSOC Encampment Resolutions" as "including Joint Field Operations ('JFO')" is vague and ambiguous in that it is unintelligible. Defendants' response(s) concerning HSOC encampment resolutions concern HSOC encampment resolutions only and not JFO. Defendants object that "analyzing" and "monitoring" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object to the extent this topic seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, and procedures" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object to the extent this topic seeks information in the custody of third parties and not in the possession, custody, or control of Defendants. To the extent this topic seeks information concerning non-HSOC dispatch of calls for service by DEM, Defendants object that this

topic is unreasonably duplicative and/or cumulative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Defendants refer Plaintiffs to Plaintiffs' deposition of James Baird. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants object that this topic seeks information that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. This topic is not relevant to any claim remaining in the case. Defendants invite Plaintiffs to meet and confer regarding the relevance of this topic.

**TOPIC NO. 3**

Your policies, practices, procedures, and training for notifying and informing Homeless Persons of Sweep Operations and HSOC Encampment Resolutions, including but not limited to notices posted by the Homeless Outreach ("HOT") team.

**RESPONSE TO TOPIC NO. 3**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that the definition of "Sweep Operations" as including "any action" is vague and ambiguous and overbroad in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants object that defining "HSOC Encampment Resolutions" as "including Joint Field Operations ('JFO')" is vague and ambiguous in that it is unintelligible. Defendants' response(s) concerning HSOC encampment resolutions concern HSOC encampment resolutions only and not JFO. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and

vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object to the extent this topic seeks information in the custody of third parties and not in the possession, custody, or control of Defendants. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about HSOC's policies, practices, and procedures regarding providing notice of HSOC encampment resolutions since January 1, 2022.

**TOPIC NO. 4**

Your policies, practices, procedures, and training for monitoring Your compliance with notice requirements, including but not limited to notice requirements in "Bag and Tag" policies.

**RESPONSE TO TOPIC NO. 4**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that the term "notice requirements" is vague and ambiguous in that it fails to specify, identify, or explain the nature of the "requirements" that are the subject of this topic. Defendants object that "monitoring . . . compliance" is vague and ambiguous in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants object to the extent this topic seeks information that is protected by the attorney-client privilege and/or work product doctrine. Defendants object that "'Bag and Tag' policies" is vague and ambiguous in that it fails to specify or identify which policies are the subject of this topic. Defendants interpret "'Bag and Tag' policies as referring to DPW Procedure No. 16-05-08 (REV 03). Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object to the extent this topic seeks information in the

custody of third parties and not in the possession, custody, or control of Defendants. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about HSOC's policies, practices, and procedures for providing notice of HSOC encampment resolutions since January 1, 2022. Defendants will make a witness available at a mutually agreeable time and place to testify about the policy and procedures embodied in DPW Procedure No. 16-05-08 (REV 03), including Section 4 ("Notices") of DPW Procedure No. 16-05-08 (REV 03), and DPW's training thereon as of December 2024.

**TOPIC NO. 5**

Your policies, practices, procedures, and training on whether instructions for Homeless Persons with their belongings to move during Sweep Operations, including requests made by police officers, are voluntary or temporary, and where Homeless Persons with their belongings may relocate to after being instructed to move during Sweep Operations.

**RESPONSE TO TOPIC NO. 5**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that the definition of "Sweep Operations" as including "any action" is vague and ambiguous and overbroad in that it to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants object that "voluntary" and "temporary" are vague and ambiguous in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, and procedures" is being sought given the definition of "Your" includes

seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, in light of the U.S. Supreme Court's decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024). This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC; *see also* ECF No. 228, Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment."); ECF No. 281, Order on Mot. to Dismiss at 37 (dismissing Claims 1, 2, 3, and 4, and Claims 9, 10, 11, 12, and 13 "to the extent they rely on a theory of liability foreclosed by *City of Grants Pass*").

## TOPIC NO. 6

Your policies, practices, procedures, and training on "Bag and Tag" policies, including notifying and informing Homeless Persons of their rights to retrieve property that has been seized and stored.

### RESPONSE TO TOPIC NO. 6

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that "'Bag and Tag' policies" is vague and ambiguous in that it fails to specify or identify which policies are the subject of this topic. Defendants interpret "'Bag and Tag' policies as referring to DPW Procedure No. 16-05-08 (REV 03). Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about the policy and procedures embodied in DPW Procedure No. 16-05-08 (REV 03) and DPW's training thereon as of December 2024.

**TOPIC NO. 7**

Your policies, practices, procedures, and training for offering specific shelter to Homeless Persons in connection with Sweep Operations, and providing transportation to individuals to the shelter.

**RESPONSE TO TOPIC NO. 7**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "specific shelter" is vague and ambiguous in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants object that the definition of "Sweep Operations" as including "any action" is vague and ambiguous and overbroad in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify responsive information. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, in light of the U.S. Supreme Court's decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024). This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC; *see also* ECF No. 228, Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment."); ECF No. 281, Order on Mot. to Dismiss at 37

(dismissing Claims 1, 2, 3, and 4, and Claims 9, 10, 11, 12, and 13 "to the extent they rely on a theory of liability foreclosed by *City of Grants Pass*").

**TOPIC NO. 8**

Your policies, practices, and procedures for recording, tracking, analyzing, monitoring, or reporting shelter offers made in connection with Sweep Operations.

**RESPONSE TO TOPIC NO. 8**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "analyzing" and "monitoring" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object to the extent this topic seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants object that the definition of "Sweep Operations" as including "any action" is vague and ambiguous and overbroad in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, in light of the U.S. Supreme Court's decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024). This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC; *see also* ECF No. 228, Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment."); ECF No. 281, Order on Mot. to Dismiss at 37 (dismissing Claims 1, 2, 3, and 4, and Claims 9, 10, 11, 12, and 13 "to the extent they rely on a theory of liability foreclosed by *City of Grants Pass*").

**TOPIC NO. 9**

Your policies, practices, procedures, and training relating to seizing, removing, destroying, discarding, damaging, storing, or retrieving a Homeless Person's belongings or property, including Your policies, practices, and procedures for recording, tracking, analyzing, monitoring, or reporting Your handling of a Homeless Person's belongings or property.

**RESPONSE TO TOPIC NO. 9**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that "analyzing" and "monitoring" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object to the extent this topic seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about the policy and procedures embodied in DPW Procedure No. 16-05-08 (REV 03) and DPW's training thereon as of December 2024. Defendants will make a witness available at a mutually agreeable time and place to testify about DPW's policies, practices, and procedures for recording, tracking, and reporting service orders coded "Encampment" and "Bag and Tag" since January 1, 2022.

**TOPIC NO. 10**

Your policies, practices, procedures, and training relating to seizing, removing, destroying, discarding, damaging, storing, or retrieving a Homeless Person's belongings or property when the Homeless Person is cited or arrested, including Your policies, practices, and procedures for recording, tracking, analyzing, monitoring, or reporting Your handling of a Homeless Person's belongings or property when the Homeless Person is cited or arrested.

**RESPONSE TO TOPIC NO. 10**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that "cited or arrested" is vague and ambiguous and overbroad in that it fails to specify the nature of the citations or arrests that are the subject of this topic. Defendants object that "analyzing" and "monitoring" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object to the extent this topic seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about the policy and procedures embodied in DPW Procedure No. 16-05-08 (REV 03) and DPW's training thereon as of December 2024. Defendants will make a witness available at a mutually agreeable time and place to testify about DPW's policies, practices, and procedures for recording, tracking, and reporting service orders coded

"Encampment" and "Bag and Tag" since January 1, 2022. Defendants will make a witness available at a mutually agreeable time and place to testify about the policy and procedures embodied in SFPD DN 20-167, and DN 24-114, "Protocol for Processing Property Consistent with DPW's 'Bag & Tag' Policy," and SFPD's training thereon.

**TOPIC NO. 11**

Your policies, practices, procedures, and training relating to handling of Homeless Persons' belongings or property at the DPW Storage Yard, including but not limited to when a Homeless Person is cited or arrested. Your policies, practices, procedures, and training on whether to seize, discard, or store property belonging to Homeless Persons, including how You identify and treat abandoned property, trash, soiled, and hazardous items, Your response to disputes regarding seized, discarded, or stored property, and Your policies, practices, and procedures for recording, tracking, analyzing, monitoring, or reporting property that is seized, discarded, or stored.

**RESPONSE TO TOPIC NO. 11**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad in that it is compound and thus fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that "cited or arrested" is vague and ambiguous and overbroad in that it fails to specify the nature of the citations or arrests that are the subject of this topic. Defendants object that "analyzing" and "monitoring" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object to the extent this topic seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more

than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. None of Plaintiff's claims concern the "handling" of "property at the DPW Storage Yard." Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about the policies and procedures embodied in DPW Procedure No. 16-05-08 (REV 03), including Section 1.d ("Distinguishing between unattended and abandoned property"), Section 5 ("Procedure for collecting personal items storage"), Section 6 ("Temporary storage") and Section 7 ("Procedure for retrieval of personal items") of DPW Procedure No. 16-05-08 (REV 03), and DPW's training thereon as of December 2024. Defendants will make a witness available at a mutually agreeable time and place to testify about DPW's policies, practices, and procedures for recording, tracking, and reporting service orders coded "Encampment" and "Bag and Tag" since January 1, 2022. Defendants will not produce a witness to testify about the operations of the DPW Storage Yard.

**TOPIC NO. 12**

Your policies, practices, procedures, and training on whether to seize, discard, or store bulky items, including Your policies, practices, and procedures for recording, tracking, analyzing, monitoring, or reporting bulky items that are seized, discarded, or stored, and Your policies, practices, and procedures for notifying and informing Homeless Persons of whether bulky items will be seized and stored and for how long.

**RESPONSE TO TOPIC NO. 12**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "analyzing" and "monitoring" are vague and ambiguous and overbroad in that they fail to sufficiently describe the

nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants also object to the extent this topic seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that "bulky items" is vague and ambiguous in that fails to sufficiently describe the nature of the "items" that are the subject of this topic. Defendants interpret "bulky items" to have the same meaning as set forth in DPW Procedure No. 16-05-08 (REV 03). Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case. None of Plaintiff's claims concern "bulky items." Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about the policies and procedures embodied in DPW Procedure No. 16-05-08 (REV 03), including Section 6.c ("Storage of bulky items") of DPW Procedure No. 16-05-08 (REV 03), and DPW's training thereon as of December 2024. Defendants will make a witness available at a mutually agreeable time and place to testify about DPW's policies, practices, and procedures for recording, tracking, and reporting service orders coded "Encampment" and "Bag and Tag" since January 1, 2022.

**TOPIC NO. 13**

Your policies, practices, and procedures relating to training on any interaction with Homeless Persons, Sweep Operations, or handling the belongings of Homeless Persons, including compliance with San Francisco Police Department Bulletins 18-088, 18-089, 19-080, 18-137, 20-100, 23-007, 23-

166, 23-202, and 24-126, Executive Directives, and DPW's "Bag and Tag" policies, from January 1, 2018 to the present.

**<u>RESPONSE TO TOPIC NO. 13</u>**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "policies, practices, and procedures relating to training" is vague and ambiguous in that it fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants interpret this topic to concern Defendants' training. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that "Executive Directives" is vague and ambiguous in that it fails to specify or identify with reasonable particularity which Executive Directives are the subject of this topic. Defendants object that "'Bag and Tag' policies" is vague and ambiguous and overbroad in that it fails to specify or identify which policies are the subject of this topic. Defendants interpret "'Bag and Tag' policies" as referring to DPW Procedure No. 16-05-08 (REV 03). Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, in light of the U.S. Supreme Court's decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024), including information concerning SFPD DN 18-088, DN 18-089, DN 19-080, DN 18-137, DN 20-100, DN 23-007, DN 23-166, DN 23-202, and DN 24-126. This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC; *see also* ECF No. 228, Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment."); ECF No. 281, Order on Mot. to Dismiss at 37 (dismissing Claims 1, 2, 3, and 4, and Claims 9, 10, 11,

12, and 13 "to the extent they rely on a theory of liability foreclosed by *City of Grants Pass*").
Defendants object that this topic seeks information from a time period that is not relevant and not
reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs
of this case.

Subject to and without waiving these objections, Defendants respond: Defendants will make a
witness available at a mutually agreeable time and place to testify about the policies and procedures
embodied in DPW Procedure No. 16-05-08 (REV 03), and DPW's training thereon as of December
2024. Defendants will make a witness available at a mutually agreeable time and place to testify about
the policy and procedures embodied in SFPD DN 20-167, and DN 24-114, "Protocol for Processing
Property Consistent with DPW's 'Bag & Tag' Policy," and SFPD's training thereon. Defendants will
make a witness available at a mutually agreeable time and place to testify about HSOC's policies,
practices, and procedures for handling personal property during HSOC encampment resolutions since
January 1, 2022.

**TOPIC NO. 14**

Your policies, practices, and procedures for monitoring, reporting, and remedying
noncompliance with or errors in implementation of San Francisco Police Department Bulletins 18-088,
18-089, 19-080 18-137, 20-100, 23-007, 23-166, 23-202, and 24-126, Executive Directives, and
DPW's "Bag and Tag" policies, from January 1, 2018 to the present.

**RESPONSE TO TOPIC NO. 14**

Defendants object that this category fails to "describe with reasonable particularity the matters
for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "monitoring,
reporting, and remedying" are vague and ambiguous and overbroad in that they fail to sufficiently
describe the nature of the information that is being sought to allow Defendants to identify, educate,
and designate a representative. Defendants object that "Executive Directives" is vague and ambiguous
in that it fails to specify or identify with reasonable particularity which Executive Directives are the
subject of this topic. Defendants object that "'Bag and Tag' policies" is vague and ambiguous and
overbroad in that it fails to specify or identify which policies are the subject of this topic. Defendants
interpret "'Bag and Tag' policies" as referring to DPW Procedure No. 16-05-08 (REV 03). Defendants

also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, and procedures" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object to the extent this topic seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, in light of the U.S. Supreme Court's decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024), including information concerning SFPD DN 18-088, DN 18-089, DN 19-080, DN 18-137, DN 20-100, DN 23-007, DN 23-166, DN 23-202, and DN 24-126. This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC; *see also* ECF No. 228, Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment."); ECF No. 281, Order on Mot. to Dismiss at 37 (dismissing Claims 1, 2, 3, and 4, and Claims 9, 10, 11, 12, and 13 "to the extent they rely on a theory of liability foreclosed by *City of Grants Pass*"). Defendants object that this topic seeks information from a time period that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of this case.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about the policies and procedures embodied in DPW Procedure No. 16-05-08 (REV 03), and DPW's training thereon as of December 2024. Defendants will make a witness available at a mutually agreeable time and place to testify about the policy and procedures embodied in SFPD DN 20-167, and DN 24-114, "Protocol for Processing Property Consistent with DPW's 'Bag & Tag' Policy," and SFPD's training thereon.

**TOPIC NO. 15**

Your understanding of the harms or negative impacts, including adverse health impacts, on Homeless Persons related to the loss of personal belongings or displacement during Sweep Operations.

**RESPONSE TO TOPIC NO. 15**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "harms," "negative impacts," and "adverse health impacts" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "understanding" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. The Court dismissed Plaintiffs' claims "based on exposure to state-created danger" (ECF No. 281, Order on Mot. to Dismiss at 37), and they are no longer part of this case. *See generally* ECF No. 289, TAC. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

**TOPIC NO. 16**

Your policies, practices, procedures, and training for identifying, tracking, analyzing, monitoring, or responding to injuries or harm, including adverse health impacts, experienced by Homeless Persons during or due to Sweep Operations.

**RESPONSE TO TOPIC NO. 16**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "injures," "harm," and "adverse health impacts" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status

of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous and overbroad in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" as including seven entities, including one, the City and County of San Francisco that has more than 150 divisions, departments, and agencies. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. The Court dismissed Plaintiffs' claims "based on exposure to state-created danger" (ECF No. 281, Order on Mot. to Dismiss at 37), and they are no longer part of this case. *See generally* ECF No. 289, TAC. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

**TOPIC NO. 17**

Your policies, practices, procedures, and training regarding compliance with the Preliminary Injunction, Dkt. No. 65, including but not limited to, any training offered, any alleged, reported, suspected, or confirmed violations of or noncompliance with the Preliminary Injunction, and Your response to such violations or noncompliance.

**RESPONSE TO TOPIC NO. 17**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "any alleged, reported, suspected, or confirmed violations of or noncompliance" is vague and ambiguous and overbroad and unduly burdensome and harassing, particularly given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies, and fails to sufficiently describe the nature of the information that is being sought to allow Defendants to identify, educate, and designate a representative. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object that this topic is unduly burdensome and harassing, and responsive information can be obtained from some other source that is more convenient, less burdensome, and less expensive. More specifically, this topic seeks information that is already in the possession of Plaintiffs' counsel. Defendants refer Plaintiffs to Defendants' responses to Plaintiffs'

complaints regarding compliance with the Preliminary Injunction (ECF No. 65) during the course of this litigation, all papers related to Plaintiffs' Motion to Enforce the Preliminary Injunction (ECF No. 130), and all documents produced pursuant to the Order(s) Regarding Ongoing Discovery to Assess Compliance With The Court's Preliminary Injunction (ECF Nos. 129, 235). Defendants also object that this topic seeks information that is protected by the attorney-client privilege and/or work product doctrine. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See generally* ECF No. 289, TAC; ECF No. 281, Order on Mot. to Dismiss; *see also* ECF No. 228, Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment.").

**TOPIC NO. 18**

Your policies, practices, procedures, and training relating to accommodating disabilities and/or "special needs" in relation to Sweep Operations, including but not limited to identifying whether a Homeless Person has a disability and/or special need, responding to requests for disability and/or special needs accommodations made by Homeless Persons, and communicating information about disability and/or special needs accommodations available (including for specific shelters) to employees conducting Sweep Operations or HSOC Encampment Resolutions.

**RESPONSE TO TOPIC NO. 18**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "disabilities and/or 'special needs'" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the physical or mental impairment that is the subject of this topic. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has

more than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC. The Court dismissed Plaintiffs' claims "based on . . . disability discrimination" (ECF No. 281), and they are no longer part of this case, and information about individuals with disabilities broadly, which includes individuals beyond any member of the Coalition Plaintiffs have identified, is not proportional to the needs of the case.  This topic, including its request for information concerning SFPD DN 18-088, DN 18-089, DN 19-080, DN 18-137, DN 20-100, DN 23-007, DN 23-166, DN 23-202, and DN 24-126, is also irrelevant in light of the U.S. Supreme Court's decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024). *See also* ECF No. 228 , Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment."); ECF No. 281, Order on Mot. to Dismiss at 37 (dismissing Claims 1, 2, 3, and 4, and Claims 9, 10, 11, 12, and 13 "to the extent they rely on a theory of liability foreclosed by *City of Grants Pass*"). Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

**TOPIC NO. 19**

Your policies, practices, procedures, and training relating to accommodating disabilities and/or "special needs" when Homeless Persons seek to retrieve property from the DPW Storage Yard, including but not limited to identifying whether a Homeless Person has a disability and/or special need and responding to requests for disability and/or special needs accommodations made by Homeless Persons.

**RESPONSE TO TOPIC NO. 19**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "disabilities and/or 'special needs'" are vague and ambiguous and overbroad in that they fail to sufficiently

describe the nature of the physical or mental impairment that is the subject of this topic. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This topic is not relevant to any claim remaining in the case. The Court dismissed Plaintiffs' claims "based on . . . disability discrimination" (ECF No. 281), and they are no longer part of this case (*see generally* ECF No. 289, TAC), and information about individuals with disabilities broadly, which includes individuals beyond any member of the Coalition Plaintiffs have identified, is not proportional to the needs of the case. Moreover, none of Plaintiff's claims concern "retriev[ing] property from the DPW Storage Yard." Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

**TOPIC NO. 20**

Your policies, practices, procedures, and training relating to any complaints, inquiries, investigations, claims, litigation, or proceedings relating to treatment of people with disabilities, including the lack of disability accommodations, during Sweep Operations.

**RESPONSE TO TOPIC NO. 20**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "disability" and/or "disabilities" are vague and ambiguous and overbroad in that they fail to sufficiently describe the nature of the physical or mental impairment that is the subject of this topic. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status

of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants further object that this request seeks information protected by privileges, including the attorney work product privilege and the attorney client communication privilege. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This topic is not relevant to any claim remaining in the case. The Court dismissed Plaintiffs' claims "based on . . . disability discrimination" (ECF No. 281), and they are no longer part of this case (*see generally* ECF No. 289, TAC), and information about individuals with disabilities broadly, which includes individuals beyond any member of the Coalition Plaintiffs have identified, is not proportional to the needs of the case. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

**TOPIC NO. 21**

Your policies, practices, procedures, and training for handling medications, medical devices, personal identification and legal documents, and tents/coverings belonging to Homeless Persons during and after a Sweep Operation, including but not limited to Your policies, practices and procedures for identifying and documenting whether a Homeless Person has such property that should not be seized or discarded.

**RESPONSE TO TOPIC NO. 21**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150

divisions, departments, and agencies. Defendants will limit their response to DPW. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants further object that this request includes no time limitations. Defendants will respond as to the version of the bag and tag policy currently in use, DPW Procedure No. 16-05-08 (REV 03). This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC. The Court dismissed Plaintiffs' claims "based on . . . disability discrimination" (ECF No. 281). Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about the policy and procedures embodied in DPW Procedure No. 16-05-08 (REV 03), including Section 1 ("Identifying, collecting and storing personal property: unattended personal property") and Section 2 ("Identifying, collecting and storing personal property: attended property"), and DPW's training thereon as of December 2024.

**TOPIC NO. 22**

Your policies, practices, procedures, and training for conducting Sweep Operations, offering shelter, and handling property belonging to Homeless Persons during extreme temperatures, inclement weather, poor air quality, or other outdoor emergencies.

**RESPONSE TO TOPIC NO. 22**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "extreme temperatures, inclement weather, poor air quality, or other outdoor emergencies" is vague and ambiguous and overbroad in that it fails to sufficiently describe the nature of the weather, environmental condition, or alleged "danger" that is the subject of this topic. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose

"policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This topic is not relevant to any claim remaining in the case. *See generally* ECF No. 289, TAC. The Court dismissed Plaintiffs' claims "based on exposure to state-created danger," and they are no longer part of this case. ECF No. 281, Order on Mot. to Dismiss at 37. This topic is also irrelevant in light of the U.S. Supreme Court's decision in *City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202 (2024). *See also* ECF No. 228 , Mem. at 2 ("In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment."); ECF No. 281, Order on Mot. to Dismiss at 37 (dismissing Claims 1, 2, 3, and 4). Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

**TOPIC NO. 23**

Your policies, practices, procedures, and training for treatment of personal property of Homeless Persons who are offered shelter via Sweep Operations or HSOC Encampment Resolutions, including but not limited to limits on the amount or type of personal property a Homeless Person may bring into shelter, storage or destruction of personal property of Homeless Persons, and communications with Homeless Persons about shelter policies or requirements related to personal property.

**RESPONSE TO TOPIC NO. 23**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons" and the definition of "Sweep Operations" as incorporating the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants object that defining "HSOC Encampment Resolutions" as "including Joint Field Operations ('JFO')" is vague and ambiguous in that it is unintelligible. Defendants' response(s)

concerning HSOC encampment resolutions concern HSOC encampment resolutions only and not JFO. Defendants also object that this request is vague and ambiguous in that it is unclear whose "policies, practices, procedures, and training" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object to the extent this topic seeks information in the custody of third parties and not in the possession, custody, or control of Defendants. In particular this request seeks information best sought through third-party shelter providers. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See generally* ECF No. 289, TAC; ECF No. 281, Order on Mot. to Dismiss. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case. Defendants will limit their response to January 1, 2022 to the present.

Subject to and without waiving these objections, Defendants respond: Defendants will make a witness available at a mutually agreeable time and place to testify about DPW's policies, practices, and procedures during an HSOC resolution for handling personal property during HSOC encampment resolutions since January 1, 2022. Defendants will make a witness available at a mutually agreeable time and place to testify about the policies and procedures embodied in DPW Procedure No. 16-05-08 (REV 03), and DPW's training thereon as of December 2024.

**TOPIC NO. 24**

Your understanding of the number of Homeless Persons in the City and County of San Francisco with one or more disabilities, including but not limited to any records, data, or information regarding the type of disability.

**RESPONSE TO TOPIC NO. 24**

Defendants object that this category fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). More specifically, Defendants object that "disability" and/or "disabilities" are vague and ambiguous and overbroad in that they fail to sufficiently describe

the nature of the physical or mental impairment that is the subject of this topic. Defendants object that this topic is vague and ambiguous and overbroad given the definition of "Homeless Persons." City employees may not know the housing status of individuals they may encounter during the course of their duties. Defendants also object that this request is vague and ambiguous in that it is unclear whose "understanding" is being sought given the definition of "Your" includes seven entities, one of which is the City and County of San Francisco, which itself has more than 150 divisions, departments, and agencies. Defendants further object to the phrase "including but not limited to" as overbroad and vague and ambiguous. Defendants are not required to guess as to what further information Plaintiffs intended by the use of this phrase. Defendants object that this topic seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This topic is not relevant to any claim remaining in the case. The Court dismissed Plaintiffs' claims "based on . . . disability discrimination" (ECF No. 281), and they are no longer part of this case (*see generally* ECF No. 289, TAC), and information about individuals with disabilities broadly, which includes individuals beyond any member of the Coalition Plaintiffs have identified, is not proportional to the needs of the case. Defendants object that this topic is vague and ambiguous and overbroad as to time and not proportional to the needs of this case.

Dated:  January 6, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys


By:_____/s/*Edmund T. Wang*_____
EDMUND T. WANG

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT

**PROOF OF SERVICE**

I, HOLLY CHIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

On January 6, 2025, I served the following document(s):

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST 30(b)(6) NOTICE OF DEPOSITION**

on the following persons at the locations specified:

| | |
|---|---|
| Andrew Ntim<br>Nisha Kashyap<br>LAWYERS COMMITTEE FOR CIVIL RIGHTS<br>OF THE SAN FRANCISCO BAY<br>131 Steuart Street, Suite 400<br>San Francisco, CA 94105<br>Telephone:    415-543-9444<br>Facsimile:    415-543-0296<br>Email:    antim@lccrsf.org<br>              nkashyap@lccrsf.org | Scout Katovich<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>425 California Street, Suite 700<br>San Francisco<br>New York, CA 94104<br>Telephone:    212-549-2500<br>Email:    skatovich@aclu.org<br>[Pro Hac Vice Attorney] |
| John Thomas H. Do<br>William S. Freeman<br>ACLU FOUNDATION OF NORTHERN<br>CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone:    415-621-2493 [Do & Freeman]<br>Email:    jdo@aclunc.org<br>              wfreeman@aclunc.org | Zoe Salzman<br>Vivake Prasad<br>Bianca Herlitz-Ferguson<br>Vasudha Talla<br>EMERY CELLI BRINCKERHOFF ABADY<br>WARD & MAAZEL LLP<br>600 Fifth Avenue, Ste 10th Floor<br>New York, NY 10020<br>Telephone:    212-763-5000<br>Email:    zsalzman@ecbawm.com<br>              vprasad@ecbawm.com<br>              bherlitz-ferguson@ecbawm.com<br>              vtalla@ecbawm.com<br>[Pro Hac Vice Attorneys] |
| [Counsel For Plaintiffs COALITION ON<br>HOMELESSNESS; TORO CASTAÑO; SARAH<br>CRONK; JOSHUA DONOHOE; MOLIQUE<br>FRANK; DAVID MARTINEZ; TERESA<br>SANDOVAL; NATHANIEL VAUGHN] | |

in the manner indicated below:

☒    **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: holly.chin@sfcityatty.org ☒ in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed January 6, 2025, at San Francisco, California.

/s/*Holly Chin*
HOLLY CHIN