1  EMERY CELLI BRINCKERHOFF ABADY
   WARD & MAAZEL LLP
2  Vasudha Talla (SBN 316219)
3  1 Rockefeller Plaza, 8th Floor
   New York, New York
4  Telephone: (212) 763-5000
   vtalla@ecbawm.com
5
   *Attorney for Plaintiffs*
6

7                          UNITED STATES DISTRICT COURT
                           NORTHERN DISTRICT OF CALIFORNIA
8                          OAKLAND DIVISION
9

10 COALITION ON HOMELESSNESS, et al.,    Case No. 4:22-cv-05502-DMR

11             Plaintiffs,               **PLAINTIFFS' MOTION IN LIMINE
                                         REGARDING ALLEGED DRUG USE,
        v.                               ALLEGED BAD ACTS & ALLEGED
12 CITY AND COUNTY OF SAN FRANCISCO,    CRIMINAL HISTORY**
13 et al.,
                                         **Final Pretrial Conference:** July 9, 2025
14             Defendants.               **Time:** 1:00 p.m.
                                         **Trial Date:** July 28, 2025
15                                       **Courtroom:** Courtroom 4, 3rd Floor
16                                       **Judge:** The Hon. Donna M. Ryu

17

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on July 9, 2025 at 1:00 P.M. or as soon thereafter as the matter may be heard by the Honorable Judge Donna M. Ryu in Courtroom 4, 3rd Floor, United States District Court for the Northern District of California, Oakland Division, Plaintiffs shall and hereby do move the Court to exclude Defendants from introducing evidence regarding alleged drug use, alleged bad acts, and alleged criminal history at the upcoming July 28, 2025 trial.

**I.   THE COURT SHOULD EXCLUDE EVIDENCE OF IRRELEVANT ALLEGED DRUG USE**

The City should be precluded from offering deposition designations,[1] trial exhibits,[2] or related trial testimony regarding alleged drug use outside of the parameters established by the Court in its prior discovery ruling. *See* Dkt. 326. In ruling from the bench, the Court rejected the City's broad questioning of witnesses at depositions about prior drug use, and permitted only narrow questions to be asked:

> (1) existence of drugs in a particular tent or specific area that the deponent claims was subject to an unconstitutional disposal of property; (2) drug use one month before and one month after a specific alleged unconstitutional disposal of property; (3) drug use at the time a witness prepared, reviewed, or signed their declaration or on day of deposition.

Dkt. 326, at 1; *see also* Exhibit E, Mar. 4, 2025 Hrng. Tr. at 6:25-7:3; 7:15-17; 7:23-8:4. Further, the Court denied the City's request that the Court draw a negative inference as to all witnesses who invoked the Fifth Amendment in response to questions pertaining to drug use. Dkt. 326, at 1 ("Defendants' request for a negative inference as to all witnesses who invoked the Fifth

---

[1] Exhibit A, Sarah Cronk Depo. Tr. 131:23-133:6, 134:1-6, 134:19-135:6, 135:17-136:10, 136:14-137:11; Exhibit B, Joshua Donohoe Depo. Tr. 66:1-67:2, 72:8-73:13, 228:19-230:2, 230:18-231:17, 231:20-233:7, 233:22-235:10, 236:5-237:3, 237:24-239:12, 241:8-241:19, 242:17-242:22; Exhibit C, David Martinez Depo. Tr. 77:17-18, 77:22-78:16, 98:10-16; Exhibit D, Shyhyene Brown Depo. Tr. 85:15-87:1, 87:4-10.

[2] Defendants' Trial Exhibit ("DX") 1991, DX-2217, DX-4489, DX-4494. Plaintiffs have endeavored to identify within Defendants' trial exhibit list all exhibits that should be excluded as improper, but given the number of exhibits there may be additional exhibits or portions thereof that have not yet been identified but should be excluded on this basis—Plaintiffs' arguments apply equally to these as-yet-unidentified exhibits.

1

1  Amendment in response to questions about drug use is denied."); *see also* Exhibit E, Mar. 4, 2025
2  Hrng. Tr. at 8:11-18.
3       Despite the Court's ruling, the City seeks to introduce evidence outside of these parameters.
4  The deposition designations and trial exhibits are either not specific as to location or time period,
5  or contain information that pertains to a time period beyond one month before or one month after
6  an alleged unconstitutional disposal of property or date of declaration or deposition. Whether a
7  person has used drugs at any time during their life, or at any time during a six-year period, for
8  example, does not tend to prove the presence or absence of specific items at a specific place at a
9  specific time. Nor can drug use "be used to attack [a witness's] general credibility, but only his or
10 her ability to perceive the underlying events and testify lucidly at the trial." *Jarrett v. United States*,
11 822 F.2d 1438, 1446 (7th Cir.1987); *see also Cuthbertson v. Excel Inds., Inc.*, 179 F.R.D. 599, 604
12 (D. Kan. 1998) (holding that questions about a non-party witness's drug use were "clearly
13 improper" and denying a motion to compel); Exhibit E, Mar. 4, 2025 Hrng. Tr. at 6:16-22 ("So,
14 cases recognize that drug use in general is not probative of credibility or truthfulness unless there's
15 a showing that the witness was under the influence of drugs or was using drugs at the time of a
16 particular occurrence such that it may have affected that person's ability to perceive things
17 accurately or know what was going on."). Further, the probative value of this evidence is greatly
18 outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. For the foregoing reasons, the
19 Court should exclude the deposition designations and exhibits pertaining to drug use—preclude
20 questioning at trial—that fall outside of the three categories the Court identified in its March 4,
21 2025 order. Dkt. 326.

22  **II.    THE COURT SHOULD EXCLUDE EVIDENCE OF IRRELEVANT ALLEGED
23          PRIOR BAD ACTS OR ALLEGED CRIMINAL HISTORY**

24       Consistent with its overbroad and unfocused approach to the trial exhibit list, the City has
25  listed numerous SFPD incident reports that simply mention trial witnesses, regardless of age of
26  the incident or its relevance to the case. Like other irrelevant and harassing questioning by the
27  City at unhoused witnesses' depositions, the City plainly intends to intimidate certain witnesses
28  against testifying at trial by suggesting, if they testify, they will be subjected to hostile

questioning about their interactions with the criminal legal system. The Court should exclude the subset of SFPD incident reports that bear no relevance to the issues in the case or are otherwise barred by the Federal Rules of Evidence.[3]

*First*, several exhibits are entirely irrelevant to the case, reflecting only that a trial witness was questioned by law enforcement on an unrelated investigation or was reported as a potential victim.[4]

*Second*, several exhibits relate to investigations that did not result in arrests,[5] and there is no evidence that any of the arrests resulted in convictions. Therefore, these exhibits cannot be admitted under Fed. R. Evid. 609 because there is no evidence of a qualifying conviction.

*Third*, several exhibits involve arrests on issues irrelevant to the case[6] and that occurred over ten years ago.[7] Their only conceivable uses are to suggest that certain witnesses were alleged to have stolen items (irrelevant to any issue in the case), have a character for untruthfulness (impermissible under Fed. R. Evid. 608), or were involved in prior bad acts indicating that they have a propensity for violence or hostility or other bad acts (impermissible under Fed. R. Evid. 404). Permitting exhibits and questioning about a witness's involvement in the criminal legal system—unrelated to the core issues of property destruction and notice in this case—will waste time, prolong the trial, confuse the issues to be tried, and intimidate witnesses by raising questions about issues that have no relevance to the case. Fed. R. Evid. 403. The age

---

[3] DX-1985; DX-1986; DX-1987; DX-1988; DX-1989; DX-1990; DX-1991; DX-1992; DX-1993; DX-1994; DX-1995; DX-1996; DX-1997; DX-1998; DX-2001; DX-2002; DX-2003; DX-4489; DX-4492; DX-4494; DX-4495; DX-4496; DX-4497; DX-4498; DX-4501; DX-4504; DX- 4506. Plaintiffs have endeavored to identify all Defendants' trial exhibits that should be excluded on this basis, but to the extent there are other exhibits Plaintiffs have been unable to identify, this challenge applies to those as-yet-unidentified exhibits as well.

[4] *E.g.* DX-1993; DX-1995; DX-1998; DX-2001; DX-2002; DX-4497.

[5] *E.g.* DX-1996; DX-2003; DX-4495; DX-4496.

[6] *E.g.* DX-1997; DX-4492; DX-4498; DX-4501; DX-4504; DX-4506.

[7] *E.g.* DX-1985; DX-1986; DX-1987; DX-1988; DX-1989; DX-1990; DX-1991; DX-1992; DX-1994.

3

of the arrests—ranging as far back as 2012—underscores the irrelevance and undue prejudice of these exhibits.

## CONCLUSION

For the foregoing reasons, the Court should exclude evidence of irrelevant drug use and criminal history.

Dated: June 20, 2025                                    Respectfully submitted,

By: */s/ Vasudha Talla*
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street

4

San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

By: */s/ Scout Katovich*

AMERICAN CIVIL LIBERTIES UNION
Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*

5

PLAINTIFFS' MOTION IN LIMINE RE: ALLEGED DRUG USE, ALLEGED BAD ACTS & ALLEGED CRIMINAL HISTORY