DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE UNDISCLOSED INCIDENTS** <br><br> Hearing Date: July 9, 2025 <br> Time: 1:00 p.m. <br> Judge: Hon. Donna M. Ryu <br><br> Action Filed: September 27, 2022 <br> Trial Date: July 28, 2025 |

## I. INTRODUCTION AND RELEVANT BACKGROUND

There have been 2,382 HSOC resolutions since June 2020, 1,302 JFO operations since May 24, 2023, and 184,104 encampment-related 311 complaints since January 2020. Trial cannot be about all of these incidents; it would be unmanageable. Contention interrogatories "provide that process" to "whittle the case down" so that issues are "narrowed sufficiently to facilitate . . . an orderly trial." *AMEC Env't & Infrastructure, Inc. v. Geosyntec Consultants Inc.*, No. C 12-02973 TEH (LB), 2013 WL 3923459, at *4 (N.D. Cal. July 26, 2013). To that end, the City propounded a contention interrogatory, Interrogatory No. 5, requesting Plaintiffs identify "every instance where [they] contend SAN FRANCISCO **unlawfully destroyed** property of a person experiencing homelessness," and "all facts on which [they] rely" for their contention. (*See* Wang Decl., Ex. A at 20 (emphasis added).) Plaintiffs' response referred the City to previously-filed declarations, and described one additional incident involving David Martinez. (*Id.*, at 21-22.) On August 26, 2024, Plaintiffs supplemented their response, describing one more incident involving Sarah Cronk. (*Id.*, Ex. B at 4-5.) Plaintiffs' responses to the City's contention interrogatories, however, were incomplete and misleading about what would be at issue at trial. Plaintiffs' trial exhibit list shows that Plaintiffs intend to contend at trial that unlawful property destruction occurred at—at a minimum[1]—68 additional incidents that were not identified as unlawful in Plaintiffs' interrogatory responses. (*See* Wang Decl. ¶¶ 5-6, Exs. C-D.) The Court should bar Plaintiffs from asserting such undisclosed contentions at trial, and preclude Plaintiffs from presenting evidence or argument that unlawful property destruction occurred at any incident other than those disclosed in response to Interrogatory No. 5. Fed. R. Civ. P. 37(c).

## II. LEGAL STANDARD

Under Rule 26(e), "[a] party … who has responded to an interrogatory … must supplement or correct its disclosure or response: [¶] (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective

---

[1] These 68 incidents are the ones the City has been able to identify based on Plaintiffs' trial exhibit list. The City anticipates Plaintiffs will also present testimony claiming additional incidents on unidentified dates at undisclosed locations were unlawful. For example, Plaintiffs' witness list indicates David Martinez will testify about "sweeps" "as described in his deposition." (Wang Decl., Ex. E at 5.) At deposition, he testified he has potentially experienced thousands of incidents since 2018 but could not identify when they occurred. (*Id.*, Ex. F, Martinez Depo.,166:19-167:11; 187:8-194:18.) Plaintiffs described just three incidents in their interrogatory response. (*Id.*, Ex. A at 21-22.)

information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). And under Rule 37, when "a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). This is "a self-executing sanction." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). And "[t]he party facing sanctions"—here, Plaintiffs—"bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

### III.   ARGUMENT AND AUTHORITY

#### A.   Plaintiffs Withheld The Full Extent of Their Contentions From The City.

The documents and depositions in this case did not "otherwise" "ma[k]e known" Plaintiffs' contentions. Fed. R. Civ. P. 26. What event happened and whether Plaintiffs contend the event was unlawful are two different things. By failing to disclose the latter, Plaintiffs cannot now assert them at trial. *See Lawman v. City & Cnty. of San Francisco*, 159 F. Supp. 3d 1130 (N.D. Cal. 2016). In *Lawman*, an individual arrested for public intoxication at a hotel sued the City and County of San Francisco. The City moved for summary judgment on the arrestee's wrongful arrest claim on the grounds the City had probable cause to arrest him for trespassing. The arrestee argued the City "should not be permitted to seek summary judgment based on a trespassing theory of arrest" because the City "did not identify trespassing in their interrogatory response when asked to state all facts supporting their contention that Defendants had probable cause to arrest [him]." *Id*. at 1140. Rather than a "narrative response to the interrogatory, [the City] simply referred to a number of documents," including a "Public Intoxication Report." *Id*. The City argued the "Public Intoxication Report" referred to arrestee as "an intoxicated trespasser." *Id*. The Court rejected the City's argument, and "decline[d] to consider [the City]'s arguments on trespassing." *Id*. at 1140-41. The Court held the City's "interrogatory response listing various documents was not proper under Rule 33(d)," and found the documents did not put the arrestee on notice of the City's trespass theory. *Id*.

The Court's reasoning in *Lawman* is directly on point; except the City is now on the other side of the argument. Here, it is Plaintiffs who seek to rely on documents to make up for their failure to

2

fully identify the basis of their claims. Indeed, in *Lawman*, the City at least listed the relevant documents in its interrogatory response. Plaintiffs here did not even do that. Further, in *Lawman*, the Public Intoxication Report (identified in the City's interrogatory response) at least referred to the arrestee as a "trespasser," and described him as "refus[ing] to leave," but was still insufficient to provide notice of the City's trespass theory. Here, documents produced in discovery (which were not identified in Plaintiffs' interrogatory response) provide even less insight into Plaintiffs' contentions here than the Public Intoxication Report did about the City's contentions in *Lawman*. For example, Plaintiffs' trial exhibit list shows that they will contend at trial that there was unlawful property destruction at 33 incidents observed by Dylan Verner-Crist. There was no way the City could have determined Plaintiffs contend these incidents were unlawful from the documents produced by Plaintiffs. Verner-Crist admitted he did not witness unlawful property destruction at every "sweep" he observed; and testified he did not write in his reports whether what he observed was unlawful. (Wang Decl., Ex. G, Verner-Crist Depo. 97:3-19, 134:11-20.) If in *Lawman*, the Public Intoxication Report identified by the City was insufficient to put the arrestee on notice of the City's trespassing theory, then here, the unidentified documents, which Plaintiffs' witnesses admit do not disclose whether they observed anything unlawful, were certainly insufficient to put the City on notice of which instances of property destruction Plaintiffs contend was unlawful.

Like the City in *Lawman*, Plaintiffs here did not provide notice of the full extent of their contentions. *See also Moeller v. Taco Bell Corp.*, No. C 02-5849 PJH (JL), 2008 WL 11454816, at *2 (N.D. Cal. Aug. 28, 2008) (citation omitted) ("Only plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants."); *Learning Tech. Partners v. Univ. of the Incarnate Word*, No. 14-cv-4322-PJH, 2016 WL 344881, at *3 (N.D. Cal. Jan. 28, 2016) (finding while "30(b)(6) deposition testimony does attempt to re-insert Apex into the case, it cannot overcome plaintiff's failure to mention [ ] Apex . . . in its interrogatory response.")

### B. Plaintiffs' Incomplete Interrogatory Responses Were Neither Harmless Nor Substantially Justified.

Plaintiffs cannot meet their burden of proving their failure was "harmless" or "substantially

justified." Fed. R. Civ. P. 37(c)(1). By withholding the full extent of their contentions from the City, Plaintiffs deprived the City of a meaningful opportunity to investigate and depose witnesses and prepare for trial. *See Naser v. Met. Life Ins. Co.*, No. 10-cv-04475, 2013 WL 4017363, at *6 (N.D. Cal. July 31, 2013) (failure to supplement deprived a party of a "meaningful opportunity to depose" a witness and was not harmless where party "was forced to alter its deposition strategy"). For example, the City focused its deposition of Verner-Crist on the incidents in his previously-filed declarations, ECF Nos. 50-3, 130-9, because they were identified in Plaintiffs' interrogatory responses. (*See* Wang Decl., Ex. A, at 21 (listing "Dkt. 50-[3]" & "Dkt. 130-9").) Plaintiffs' trial exhibit list, however, shows they will contend at trial that unlawful property destruction occurred at 28 additional incidents observed by Verner-Crist. (*See* Wang Decl. ¶ 10.) Had Plaintiffs properly identified these 28 incidents in discovery, the City could have, and would have, focused its investigation and deposition on those more recent incidents.

And Plaintiffs' misleadingly incomplete interrogatory responses were plainly willful. Having supplemented once, there was no reason Plaintiffs could not do so again. Rather, Plaintiffs chose to withhold the full extent of their contentions. For example, Plaintiffs knew which "sweeps" observed by Verner-Crist they would contend were unlawful at trial yet withheld that information during his deposition. (*See* Wang Decl., Ex. G, Verner-Crist Depo. 130:23-133:5.) During summary judgment, Plaintiffs then relied on 23 additional incidents observed by Verner-Crist, which were not included in Plaintiffs' interrogatory responses. (*See* ECF No. 387.) Plaintiffs' trial exhibit list now shows that five more incidents observed by Verner-Crist, on top of the 23 disclosed during summary judgment, will also be at issue at trial. (*See* Wang Decl. ¶ 10.) And most telling, Plaintiffs still will not confirm the full universe of incidents of unlawful property destruction that will be part of their case in chief. Plaintiffs are engaged in an ongoing effort to ambush the City at trial. The Court should not allow it.

## IV.   CONCLUSION

The Court should preclude evidence or argument that unlawful property destruction occurred at any incident other than those disclosed in response to the City's Interrogatory No. 5.

DATED: June 20, 2025

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

**/s/*Edmund T. Wang*_____
EDMUND T. WANG

WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN D. THEOBALD
**CONRAD | METLITZKY | KANE LLP**

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al.

**Pursuant to L.R. 5-1, the e-filing attorney attests that each of the other Signatories have concurred in the filing of this document.*