**EXHIBIT E**

**TO**

**DECLARATION OF EDMUND T. WANG IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE UNDISCLOSED INCIDENTS**

I. **Plaintiffs' List of Trial Witnesses for their Case-in-Chief[1] [2]**

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Jennifer Friedenbach** * | (fact witness) Jennifer Friedenbach is the Executive Director of Plaintiff Coalition on Homelessness. She will testify regarding the organization's mission, structure, operations, activities, and membership. She will testify regarding her knowledge and observations of property destruction and lack of notice, as well as the impact of property destruction on the Coalition's members and homeless individuals caused by Defendants' practices, including as described in declarations Dkt. # 9-3, 50-4, 76,130-8, 304-10. She will also testify regarding her knowledge regarding individual members' membership and activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction caused by the City's practices. She will also testify regarding her interactions with City employees regarding the facts underlying the claims in this action. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 120 |

---

[1] All witnesses will testify live unless otherwise noted. Plaintiffs reserve the right to call at trial any witness listed by Defendants. This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial. The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes. Plaintiffs reserve the right to not call listed witnesses or to supplement this witness list in the future. Plaintiffs reserve the right to designate the deposition testimony of any witness who is unavailable for trial. Plaintiffs reserve the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserve the right to use deposition testimony on cross-examination.

[2] All witnesses denoted with an asterisk (*) may testify regarding the City's shelter and housing programs and availability and offers of shelter, to the extent that testimony on those issues is ruled admissible.

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Sarah Cronk*** | (fact witness) Sarah Cronk is a Plaintiff. She will testify regarding her membership in the Coalition. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices, including as described in her deposition and declaration Dkt. #247-5. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration Dkt. # 9-4. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 |
| **Joshua Donohoe*** | (fact witness) Joshua Donohoe is a Plaintiff. He will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices, including as described in his deposition and declaration Dkt. # 247-3. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his declarations Dkt. # 9-4, 130-27, 130-35. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Lukas Illa*** | (fact witness) Lukas Illa is an employee of Plaintiff Coalition on Homelessness. They will testify regarding the organization's mission, structure, operations, activities, and membership. They will testify regarding property destruction and lack of notice he observed, as well as threats or harms to the Coalition's members and homeless individuals caused by Defendants' practices, including as described in his deposition and declaration Dkt. # 366-5. They will also testify regarding their knowledge regarding individual members' activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction as a result of the City's practices. They will also testify regarding any emails or other exhibits introduced into evidence in which they are a sender or recipient. | 45 |
| **Carlos Wadkins*** | (fact witness) Carlos Wadkins is a former employee of Plaintiff Coalition on Homelessness. He will testify regarding the organization's mission, structure, operations, activities, and membership. He will testify regarding property destruction and lack of notice he observed, as well as threats or harms to the Coalition's members, and homeless individuals caused by Defendants' practices, including as described in his deposition and declarations Dkt. # 9-3, 304-9. He will also testify regarding his knowledge regarding individual members' activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction as a result of the City's practices. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Christin Evans*** | (fact witness) Christin Evans is a member of Plaintiff Coalition on Homelessness. She will testify regarding the organization's mission, structure, operations, activities, and membership. She will testify regarding property destruction and lack of notice she observed, as well as threats or harms to the Coalition's members and homeless individuals caused by Defendants' practices, including as described in her deposition and declarations Dkt. ## 9-3, 50-1, 78. She will also testify regarding her knowledge regarding individual members' activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction as a result of the City's practices. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 |
| **Dylan Verner-Crist*** | (fact witness) Dylan Verner-Crist is an investigator employed by the ACLU of Northern California. He will testify regarding property destruction and lack of notice he observed, as well as threats or harms to the Coalition, its members, and homeless individuals caused by Defendants' practices, including as described in his deposition and declarations at Dkt. ## 50-3, 130, 157-5, and 366-3. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 90 |
| **Karina Ioffee** | (fact witness) Karina Ioffee is an investigator retained by Plaintiffs' counsel. She will testify regarding property destruction and lack of notice she observed, as well as threats or harms to the Coalition, its members, and homeless individuals caused by Defendants' practices, including as described in her deposition. | 45 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Melodie*** | (fact witness) Melodie will testify regarding her membership in the Coalition. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 30 |
| **Todd Bryant*** | (fact witness) Todd Bryant will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 9-6. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 |
| **David Martinez*** | (fact witness) David Martinez will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 9-4. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 30 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Shanna Couper Orona*** | (fact witness) Shanna Couper Orona will testify regarding her membership in the Coalition and the Coalition's activities. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration at Dkt. # 9-6. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 30 |
| **Sarah Stephenson*** | (fact witness) Sarah Stephenson will testify regarding her membership in the Coalition. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 |
| **James Reem*** | (fact witness) James Reem will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Patrick Dubose*** | (fact witness) Patrick Dubose will testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 9-6. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 |
| **Corey Barkley*** | (fact witness) Corey Barkley will testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 130-36. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 |
| **Krystle Erickson*** | (fact witness) Krystle Erickson will testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration at Dkt. # 130-39. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 |
| **Elizabeth Stromer*** | (fact witness) Elizabeth Stromer will testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Jimmy Don Wheeler** | (fact witness) Jimmy Don Wheeler will testify regarding his knowledge and observations property destruction and threats or harms to unhoused individuals while a participant in Defendants' encampment removal practices, including as described in his deposition. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 30 |
| **Andrinna Malone** | (fact witness) Andrinna Malone is a former employee of Defendants who will testify regarding her knowledge of Defendants' practices with respect to property destruction, inability to store or retrieve property at the DPW yard, and displacement of unhoused people, including as described in her deposition and declaration at Dkt. # 50-9. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 30 |
| **Kaki Marshall** | (fact witness) Kaki Marshall is a former employee of Defendants who will testify regarding their knowledge of Defendants' practices with respect to property destruction and displacement of unhoused people, including as described in their deposition and declaration at Dkt. # 50-9. They will also testify regarding any emails or other exhibits introduced into evidence in which they are a sender or recipient. | 30 |
| **Christopher Herring*** | (expert witness) Christopher Herring is a Ph.D. sociologist. He will testify regarding his observations and his analysis of Defendants' practices, data, and documents relating to the Bag and Tag policy and its implementation, including whether and how Defendants' bag and tag property and the process of retrieval from the DPW storage yard, whether Defendants consistently provide notice pursuant to the Bag and Tag policy, and his resulting opinions. Dr. Herring will also testify regarding a survey he conducted of unhoused individuals in San Francisco regarding their experiences of notice, property destruction, and property retrieval, and his opinions arising from that survey. Dr. Herring will also testify as to his opinion regarding the recurring nature of homelessness. | 90 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Benjamin King** | (expert witness) Benjamin King is an Ph.D. epidemiologist. He will testify regarding his observations and his analysis of Defendants' practices and documents relating to the Bag and Tag policy and its implementation, including whether and how Defendants' bag and tag property and the manner in which health or safety risks are identified, documented, and addressed and his resulting opinions. He will also testify regarding how the Bag and Tag Policy and Defendants' training and procedures related to the Bag and Tag Policy align with best practices in the field of public health, occupational health, environmental science, and epidemiology, along with recommendations of how identification of health or safety risks should be identified, documented, and handled. He will also testify regarding the harms and impacts of sweeps. | 90 |
| **Jonathan Vaing** | (fact witness) Jonathan Vaing will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Mr. Vaing is a sender or recipient. | 60 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Edgar Garcia** | (fact witness) Edgar Garcia will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; the DPW storage yard, including its operation, the retrieval or inability to retrieve property stored there, and break-ins and other security failures there; and any emails or other exhibits introduced into evidence in which Mr. Garcia is a sender or recipient. | 30 |
| **Darryl Dilworth** | (fact witness) Darryl Dilworth will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Mr. Dilworth is a sender or recipient. | 30 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Brittany Brandon** | (fact witness) Brittany Brandon will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Ms. Brandon is a sender or recipient. | 30 |
| **Israel Graham** | (fact witness) Israel Graham will testify regarding DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Mr. Graham is a sender or recipient. | 30 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **David Nakanishi** | (fact witness) David Nakanishi will testify regarding the mission, goals, operations, and practices over time of the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. Mr. Nakanishi will also testify regarding the City agencies that are members of HSOC and their respective roles in operations involving homeless encampments and property. Mr. Nakanishi will also testify regarding his knowledge and observation of DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval). Mr. Nakanishi will also testify about Defendants' practices and policies concerning re-encampment prevention and shifting teams to unnoticed locations. He will also testify regarding any emails or other exhibits introduced into evidence in which Mr. Nakanishi is a sender or recipient. | 30 |
| **Mark Mazza** | (fact witness) Mark Mazza will testify regarding the mission, goals, and operations over time of the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. Mr. Mazza will also testify regarding the City agencies that are members of HSOC and their respective roles in operations involving homeless encampments and property. Mr. Mazza will also testify regarding his knowledge and observation of DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval). He will also testify regarding any emails or other exhibits introduced into evidence in which Mr. Mazza is a sender or recipient. | 30 |
| **Wayman Young** | (fact witness) Wayman Young will testify regarding SFPD's role in the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. Lt. Young will also testify regarding SFPD's Department Notices and practices regarding the enforcement of laws governing lodging and encampments on public property and the treatment of property of homeless individuals, and trainings on these policies and practices. | 30 |

| Witness | Subject of Testimony | Length of Testimony (in minutes) |
|---|---|---|
| **Brandon Cunningham** | (fact witness) Brandon Cunningham will testify regarding SFFD's role in the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. | 30 |
| **Shannon Ducharme** | (fact witness) Shannon Ducharme, as a DPH health worker, will testify regarding her observations and her knowledge regarding lack of notice, property destruction, and the impact of sweeps and the City's operations on her clients and unhoused individuals. She will also testify regarding her knowledge of the cycle of homelessness. | 30 |
| **Leslie St. Dre** | Authenticate documents where the parties cannot reach a stipulation. | 10 |

| Via Deposition Designation | | Length of Testimony (in pages) |
|---|---|---|
| **City and County of San Francisco (Rule 30(b)(6) designee DiJaida Durden)** | (fact witness) Subjects addressed in deposition designations | 282 lines (11.3 pages) |
| **City and County of San Francisco (Rule 30(b)(6) designee Jonathan Vaing)** | (fact witness) Subjects addressed in deposition designations | 801 lines (32 pages) |

| Via Deposition Designation | | Length of Testimony (in pages) |
|---|---|---|
| **City and County of San Francisco (Rule 30(b)(6) designee David Lazar)** | (fact witness) Subjects addressed in deposition designations | 1,507 lines (60.3 pages) |
| **City and County of San Francisco (Rule 30(b)(6) designee Samuel Dodge)** | (fact witness) Subjects addressed in deposition designations | 165 lines (6.6 pages) |
| **Jonathan Vaing** | (fact witness) Subjects addressed in deposition designations | 315 lines (12.6 pages) |
| **Mark Roumbanis** | (fact witness) Subjects addressed in deposition designations | 276 lines (11 pages) |
| **Kenny Bruce** | (fact witness) Subjects addressed in deposition designations | 720 lines (28.8 pages) |
| **Khaled Shehadeh** | (fact witness) Subjects addressed in deposition designations | 331 lines (13.2 pages) |
| **Corey Jackson** | (fact witness) Subjects addressed in deposition designations | 339 lines (13.6 pages) |
| **Samuel Peoples** | (fact witness) Subjects addressed in deposition designations | 656 lines (26.2 pages) |
| **Edgar Garcia** | (fact witness) Subjects addressed in deposition designations | 808 lines (32.3 pages) |

| Via Deposition Designation | | Length of Testimony (in pages) |
|---|---|---|
| **Darryl Dilworth** | (fact witness) Subjects addressed in deposition designations | 768 lines (30.7 pages) |
| **Brittany Brandon** | (fact witness) Subjects addressed in deposition designations | 683 lines (27.3 pages) |
| **Israel Graham** | (fact witness) Subjects addressed in deposition designations | 1,103 lines (44.1 pages) |
| **Herbert Ruth** | (fact witness) Subjects addressed in deposition designations | 1,374 lines (55 pages) |
| **Alvaro Castro** | (fact witness) Subjects addressed in deposition designations | 1,673 lines (67 pages) |
| **Joel Martinez** | (fact witness) Subjects addressed in deposition designations | 1,243 lines (49.7 pages) |
| **Arthur Cervantes** | (fact witness) Subjects addressed in deposition designations | 496 lines (19.8 pages) |
| **Wayman Young** | (fact witness) Subjects addressed in deposition designations | 1,026 lines (41 pages) |
| **Dennis Hoang** | (fact witness) Subjects addressed in deposition designations | 1,168 lines (46.7 pages) |
| **Leslie Fong** | (fact witness) Subjects addressed in deposition designations | 434 lines (17.3 pages) |
| **Brandon Cunningham** | (fact witness) Subjects addressed in deposition designations | 636 lines (25.4 pages) |
| **David Nakanishi** | (fact witness) Subjects addressed in deposition designations | 833 lines (33.3 pages) |
| **Mark Mazza** | (fact witness) Subjects addressed in deposition designations | 351 lines (14 pages) |
| **Arielle Piastunovich** | (fact witness) Subjects addressed in deposition designations | 1,064 lines (42.5 pages) |

| Via Deposition Designation | | Length of Testimony (in pages) |
|---|---|---|
| **Pedro Rincon** | (fact witness) Subjects addressed in deposition designations | 224 lines (9 pages) |
| **Allison Horky** | (fact witness) Subjects addressed in deposition designations | 1,421 lines (56.8 pages) |
| **Shannon Ducharme** | (fact witness) Subjects addressed in deposition designations | 1,710 lines (68.4 pages) |