DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101
E-mail:  wmetlitzky@conmetkane.com
         jlanier@conmetkane.com
         ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et. al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br>Plaintiffs, <br><br>vs. <br><br>CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE OBSERVER TESTIMONY REGARDING ALLEGED UNLAWFUL PROPERTY LOSS** <br><br>Judge:        Hon. Donna M. Ryu <br>Action Filed: September 27, 2022 <br>Trial Date:   July 28, 2025 |

Plaintiffs identify six Observers (Christin Evans, Jennifer Friedenbach, Lukas Illa, Karina Ioffee, Dylan Verner-Crist, and Carlos Wadkins) whose declarations, depositions, and documents report on incidents that third parties may have experienced. Plaintiffs' witness list also includes numerous other witnesses that may testify to their "observations" concerning third-party property. The City moves *in limine* to preclude Observers or other witnesses from establishing predicate violations, or a pattern or practice of violations, of all claims where the property owner does not testify at trial. To be clear, Observers and other witnesses can testify to what they personally observed to corroborate the claims of a testifying witness whose property was allegedly discarded unlawfully. But Observers' testimony about allegedly unlawful conduct concerning third-party property—for which they have no personal, only hearsay-derivative, knowledge—lacks foundation, is unduly prejudicial, and cannot establish a constitutional violation of the personal rights of another. Such testimony must be excluded.

**Personal Rights**: Parties may only "rely on constitutional rights which are personal to themselves." *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 459 (1958). As the constitutional rights at issue are personal and cannot be raised vicariously, *see Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017); *cf. Haitian Refugee C v. Gracey*, 809 F.2d 794, 809 (D.C. Cir. 1987) ("A litigant therefore could never have standing to challenge a statute solely on the ground that it failed to provide due process to third parties not before the court."), Observers and other witnesses must be excluded from testifying as primary sponsoring witnesses to alleged third-party property disposal. This "sharpens the presentation of issues" for "difficult constitutional questions." *Oregon Advocacy C v. Mink*, 322 F.3d 1101, 1109 (9th Cir. 2003).

**Foundation**: Observers lack foundation to testify as the primary sponsoring witness to the third-party property at issue. During encampment resolutions, Observers write notes, take photographs, advocate for people experiencing homelessness, and engage with City staff.[1] **But the Observers have no personal knowledge of**:

---

[1] At times, Coalition's advocacy veered into obstruction. *See, e.g.*, Theobald Decl. Exs G, H (Young Dep. 245:9–246:21 (individual associated with Coalition trespassing on private property); Nakanishi Dep. 85:4–86:25 (individual refusing services because of Coalition's advocacy)).

1

CASE NO. 4:22-CV-05502-DMR                                                                     Defs. MIL No. 2

(1) the ***state, condition, and usability*** of property on the street. *See, e.g.*, Theobald Decl. Exs. A, C, D, F (Verner-Crist Dep. 226: 4–8, 232:20–25; Ioffee Dep. 119:3–14, 188:24–189:1, 237:3–8, 257:7–25; Illa Dep. 127:16–17; Wadkins Dep. 85:5–7).

(2) the ***ownership and chain of custody*** of property on the street. *See, e.g.*, *id.* Exs. A, C, D, E (Ioffee Dep. 79:14–80:1, 81:19–23, 132:18–133:1, 164:6–10, 189:9–11, 238:2–3; Verner-Crist Dep. 159:4–16, 239:18–25; Illa Dep. 129:2–3, 183:22–24; Evans Dep. 197:5–8);.

(3) the ***contents*** of containers (such as suitcases and bags) on the street. *See, e.g.*, *id.* Exs. A, C, D, I (Verner-Crist Dep. 155:22–156:2; Illa Dep. 127:18–20; Ioffee Dep. 188:3–4, 188:15–23; 216:16–17, 226:20–23, 229:21–230:1, 262:15–17, Friedenbach Dep. 88:16–20, 121:6–16).

(4) whether unattended property had been ***abandoned*** or disposal was ***consented*** to by its putative owner. *See, e.g.*, *id.* Ex. C (Ioffee Dep. 131:6–9, 133:2–5, 164: 11–17, 182:20–183:5, 183:20–25, 189:12–19, 230:21–24, 238:4–7, 239:19–23).

This lack of foundation is fatal, as Plaintiffs must establish that any alleged seizure was unreasonable. *See Pavao v. Pagay*, 307 F.3d 915, 919 (9th Cir. 2002) ("In a civil case under 42 U.S.C. § 1983, however, the plaintiff carries the ultimate burden of establishing each element of his or her claim, including lack of consent."); *Smith v. City & Cnty. of Honolulu*, 887 F.3d 944, 950 (9th Cir. 2018) ("[Plaintiff] bore the burden at trial to prove that his detention was unreasonable."). Despite this lack of personal knowledge, Observers attempt to testify that certain incidents constitute *unlawful* property destruction. *See, e.g.*, Theobald Decl. Ex. A (Verner-Crist Dep. 146:17–160:3) (alleging unlawful property disposal when unsure who owned the property, whether the property was soiled or usable, or whether the owner consented to disposal). Not only are these legal conclusions improper, but such testimony with no foundation is inadmissible. Using a parade of Observers and other witnesses—who do not own the property at issue and who have little-to-no personal knowledge of the condition, usability, ownership, and contents of third-party property—cannot meet Plaintiffs' burden. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("It is not enough for a witness to tell all she knows; she must know all she tells."). Rather, the individual best situated to testify—**as Plaintiffs admit**—is the putative owner of that property. *See* Theobald Decl. Ex. B (Rule 30(b)(6) Dep. 283:22–284:2). Only the owner can establish foundation to their personal receipt of notice (or lack thereof) and the condition, usability, ownership, and contents of the property at issue.

**Hearsay**: ***At best***, Observers could offer hearsay (or more often hearsay within hearsay) that someone told them something about the property. *See, e.g.*, *id.* Exs. C, F (Wadkins Dep. 121:1–23

2

CASE NO. 4:22-CV-05502-DMR                                          Defs. MIL No. 2

(testifying that "neighbors" told him that someone told them that a tent was not abandoned); Ioffee Dep. 260:16–261:7 (testifying about "Debbie's" property based on information from "John")). Such hearsay cannot be used to establish the truth of any fact, including the possessory interest and other facts needed to establish the reasonableness of a predicate, or a pattern or practice, violation. *See United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175, 2016 WL 3903384, at *6 (N.D. Cal. July 19, 2016) ("[Fed. R. Evid. 602] would, however, prevent [a witness] from testifying to the subject matter of the hearsay statement, as he has no personal knowledge of it.").

**Prejudice**: Observer testimony on third-party property is further inadmissible as it is unfairly prejudicial, wastes the Court's time, and confuses essential issues. Testimony concerning third-party property of which Observers have no personal knowledge or possessory interest has little-to-no probative value. *See Eichman v. Fotomat Corp.*, 880 F.2d 149, 166 (9th Cir. 1989) (testimony without "first hand knowledge of the facts" has little probative value). And requiring Defendants to rebut voluminous[2] observations—without cross-examining the individual who allegedly suffered the property loss[3]—is unduly prejudicial. *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-CV-01846, 2016 WL 777924, at *5 (N.D. Cal. Feb. 29, 2016) (excluding under Rule 403 irrelevant, voluminous evidence of which plaintiff had no adequate opportunity to rebut).

Further underscoring the unworkability and prejudice of such observer testimony, Plaintiffs' exhibit list shows an intent to use Observers to testify about incidents concerning people that have experienced homelessness who Plaintiffs will not call at trial. For instance, Plaintiffs' Exhibits 114–117 concern an August 21, 2020 incident involving Toro Castaño. Yet, Evans is identified as the only sponsoring witness. *See also* Theobald Decl. Ex. E (Evans Dep. 216:4–21). Castaño, on the other hand, is no longer a Plaintiff or Plaintiffs' witness at trial, despite being deposed about this very incident. Were Plaintiffs to call Evans, and not Castaño, to testify to Castaño's alleged property loss, the City would be unable to cross examine Castaño on critical facts, such as: why he filed and settled a small

---

[2] Verner-Crist alone produced over 2,600 records related to purported observations.

[3] During meet and confers, Plaintiffs suggested that it was the City's burden to identify, locate, and call those individuals. However, to date, Plaintiffs have refused to identify which incidents they will rely upon at trial and failed to disclose all allegedly disaffected property owners on their initial disclosures. The City cannot divine to which incidents involving undisclosed third-party property the Observers will testify.

claim against the City for this exact incident and how he maintained his encampment, including where he kept Sharps needle boxes and how he stored perishable food (including cheese that he on at least one occasion used to spell out an expletive on the sidewalk across from a library). *See* Theobald Decl. Ex. J (Castaño Dep. 207:22–208:3, 252:5–253:5, 278:19–280:11). Backdooring information concerning third-party property through Observers and other witnesses is not only prejudicial, but it leads to waste and confusion if the City must somehow locate and hail into court the primary witness to rebut whatever nonprobative testimony a second-hand observer may offer. In all, permitting six Observers and others—who have no personal knowledge of the property at issue and who cannot assert constitutional rights on behalf of others—to testify to likely hundreds of alleged incidents would be nonprobative, prejudicial, and inordinately time-consuming.

For the reasons above, Observers and other witnesses must be excluded from testifying as primary sponsoring witnesses to the allegedly unlawful disposal of third-party property. At a minimum, the Court should preclude Observers' and second-hand witnesses' testimony about (i) allegedly unlawful conduct that lacks a particular date, time, and location (else the City cannot rebut such allegations) and (ii) instances where the putative owner was identified by Plaintiffs in discovery and could testify to their alleged property loss.

DATED: June 20, 2025

**\*Pursuant to L.R. 5-1(i)(3), the e-filing attorney attests that each of the other Signatories have concurred in the filing of this document.**

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

*/s/ Nathan D. Theobald\**
NATHAN D. THEOBALD

WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN D. THEOBALD
**CONRAD | METLITZKY | KANE LLP**

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al.

4

CASE NO. 4:22-CV-05502-DMR                                   Defs. MIL No. 2