DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br>    Plaintiffs, <br><br>    vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br>    Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE DISMISSED OR UNALLEGED CLAIMS** <br><br> Hearing Date:  July 9, 2025 <br> Time:           1:00 p.m. <br> Judge:          Hon. Donna M. Ryu <br><br> Action Filed:   September 27, 2022 <br> Trial Date:     July 28, 2025 |

This is not the same case Plaintiffs filed over two-and-a-half years ago. The initial thirteen causes of action have winnowed down to four; and eight initial plaintiffs down to three. Since the Court issued a preliminary injunction enjoining, *inter alia*, the City from "enforcing or threatening to enforce" laws regulating lodging on public property against "involuntarily homeless" individuals (ECF No. 65 at 50), the Supreme Court has affirmed the validity of enforcing such laws, regardless of the offender's access to, or the availability or adequacy of, shelter. *See City of Grants Pass, Oregon v. Johnson*, 603 U.S. 520 (2024). As a result, many of the issues that were at the heart of this case are no longer relevant. And the Court not only dismissed Plaintiffs' claims relating to the enforcement of laws prohibiting illegal lodging in light of *City of Grants Pass*, it also dismissed Plaintiffs' state-created danger claims, disability discrimination claims, and conspiracy claim. (*See* ECF No. 281 at 37-38.) The Court also dismissed two individual plaintiffs for lack of standing; while an additional three individual plaintiffs settled their claims. (*See* ECF No. 281 at 38; ECF Nos. 336, 344, 348.)

Plaintiffs' pretrial filings, however, show Plaintiffs intend go beyond their remaining claims, and seek to introduce evidence and argument relating to claims and theories that were dismissed or never alleged in the TAC, including evidence related to: (1) the San Francisco Police Department's ("SFPD") enforcement of, and/or threats to enforce, laws regulating lodging on public property, (2) City interactions with individuals with disabilities and the City's training on accommodating disabilities; (3) property destruction claims of dismissed plaintiffs; and (4) SFPD policies unrelated to encampments or unhoused people. Any such evidence or argument should be excluded because it is irrelevant; and the introduction of such evidence or argument would only cause undue prejudice, confuse the issues, mislead the factfinder, and waste time. Fed. R. Evid. 402, 403.

**Evidence Foreclosed by *City of Grants Pass***. The Court should exclude evidence or argument related to Plaintiffs' "theory of liability foreclosed by *City of Grants Pass*." (ECF No. 281 at 37.) Plaintiffs' claims under the Eighth Amendment and Fourth Amendment, as well as state law corollaries, related to the enforcement of illegal lodging laws, have been dismissed. (*See* ECF No. 281; *see also* ECF No. 288 (declining to amend the state law claims).) Plaintiffs' trial exhibit list and deposition designations, however, show that Plaintiffs nevertheless intend to introduce at trial evidence and argument concerning these dismissed claims. Plaintiffs' trial exhibit list includes various

1

versions of SFPD's policy for "Enforcement of Laws and Ordinances for Individuals Experiencing Homelessness Sitting, Lying, or Sleeping on Public Property, and SFPD "Arrest report[s]" related to illegal lodging (Wang Decl., Ex. A, Pl. Trial Ex. List, at Exs. 2, 5, 6, 7, 9, 126, 128, 209). Plaintiffs' deposition designations include testimony on these same issues. (*See id.*, Ex. B, Lazar 30(b)(6) Depo. 43:24-44:3, 44:6-16, 44:18-22, 139:12-13, 139:19-23, 141:10-142:3, 142:6, 142:8-9, 142:12-18, 143:3-10, 143:13-22, 143:25, 171:4-6, 172:15-173:11, 173:15-174:4, 174:7-9, 174:21-24, 176:12-23, 177:2-17, 177:21-24, 178:1-7; Ex. C, Hoang Depo. 35:10-36:16, 37:15-18, 73:1-16, 150:25-151:9, 152:6-153:4, 153:7-154:13, 154:16-155:8, 155:12-156:1, 156:8-9, 156:11-18, 156:21-25, 157:3-9; Ex. D, Young Depo. 95:21-97:15, 99:4-10, 99:13-14, 116:15-23, 157:11-22, 158:17-24, 264:19-22; Ex.E, Piastunovich Depo., 45:2-22.) Whether the City is "enforcing or threatening to enforce" illegal lodging against "involuntarily homeless" individuals may have once been relevant, but following *City of Grants Pass*, and the subsequent dismissal of Plaintiffs' related claims, these issues are no longer of consequence and should be excluded; allowing such evidence or argument would be unfairly prejudicial, confuse the issues, mislead the factfinder, and waste time. Fed. R. Evid. 402, 403.

**Evidence of Alleged Disability Discrimination**. The Court should exclude evidence or argument related to any alleged disability discrimination, including on DPW's policies regarding training around disabilities, and accommodations provided in any City shelter or housing. The Court dismissed Plaintiffs' disability discrimination claims, the Court barred discovery into disabilities, and Plaintiffs chose not to amend. (*See* ECF No. 281 at 37; ECF No. 282; ECF No. 289, at 85-89.) No plaintiff has standing to assert a disability discrimination claim. (*See* ECF No. 281, at 37.) Plaintiffs' trial exhibit list, however, indicates Plaintiffs will nevertheless seek to introduce evidence and argument of alleged disability discrimination during the City's enforcement of laws regulating lodging on public property. (*See* Wang Decl., Ex. A, Pl. Trial Ex. List, at Ex. 210 (listing an "[a]rrest report" for the purpose of showing an "unhoused person with serious medical condition").) Plaintiffs' deposition designations similarly include testimony on alleged disabilities and alleged efforts or lack of effort to accommodate alleged disabilities as well as DPW employee training on issues around disabilities. (*See id.*, Ex. F, Horky Depo. 65:4-11, 66:7-14, 92:22-93:2, 95:16-24, 97:13-98:21; Ex. E, Piastunovich Depo., 45:2-46:2; Ex. G, Graham Depo. 89:2-4; Ex. H, Brandon Depo., 253:7-16; Ex. I,

2

Ruth Depo. 109:2-10; Ex. J, Castro Depo., 48:11-21.) Relatedly, accommodations provided in City housing are irrelevant; indeed, some Plaintiffs testified in deposition they would not put any accommodations at issue. (*See* ECF No. 366-8, Cronk Depo., 71:20-25, 72:17-19; Ex. K, Cronk Depo. 254:11-14). Without any claim for disability discrimination, or plaintiff with standing for such a claim, evidence or argument concerning any alleged disability discrimination is irrelevant and should be excluded; allowing any such evidence or argument would be unfairly prejudicial, confuse the issues, mislead the factfinder, and waste the parties' and Court's time. Fed. R. Evid. 402, 403.

**Evidence Related to Dismissed Plaintiffs' Property**. The Court should exclude evidence or argument concerning the property destruction claims of dismissed plaintiffs, such as Toro Castaño and David Martinez. Although Plaintiffs have not disclosed Toro Castaño on their trial witness list, Plaintiffs' trial exhibit list shows that they nevertheless intend to introduce evidence and argument concerning his alleged property loss at trial.[1] Plaintiffs' trial exhibit list includes photographs and a video taken by Christin Evans for the purpose of "showing property destruction on 8/21/20." (*See* Ex. A, Pl. Trial Ex. List, at Exs. 114-117.) Left unsaid in Plaintiffs' trial exhibit list is that this "8/21/20" incident concerned Toro Castaño's alleged property. (*See* ECF No. 9-3, at 1-26, Evans Decl. ¶ 26 (describing the alleged destruction of Toro Castaño's property on 8/21/20); *see also* ECF No. 9-4, at 2-3, Castaño Decl. ¶¶ 12-16.) With respect to David Martinez, Plaintiffs' trial witness list indicates he will testify about alleged "property destruction, lack of notice, problems with retrieving seized property, . . . including as described in his deposition and declaration at Dkt. #9-4." (Ex. L at 5.) However, the Court dismissed all of Toro Castaño's claims; and David Martinez settled all of his. (ECF No. 281, at 37-38; ECF No. 348.) Allowing such evidence or argument of dismissed claims would be unfairly prejudicial, confuse the issues, mislead the factfinder, and waste the parties' and the Court's time. Fed. R. Evid. 402, 403. To the extent Plaintiffs try to revive the property destruction claims of other dismissed plaintiffs, any such evidence or argument should be excluded as well.

**Evidence of SFPD's Handling of Property Unrelated to Unhoused People**. The Court should exclude evidence or argument concerning how SFPD handles property unrelated to

---

[1] Indeed, during the meet and confer process, Plaintiffs confirmed they reserve the right to raise instances of non-compliance regarding Toro Castaño's property.

encampments, unrelated to the enforcement of illegal lodging, and unrelated to unhoused individuals. Plaintiffs' trial exhibit list and deposition designation show that Plaintiffs intend to present such evidence at trial. Plaintiffs' trial exhibit list includes Exhibit 162, which is SFPD General Order ("DGO") 6.02, Physical Evidence and Scene Preservation. (Wang Decl., Ex. A, Pl. Trial Ex. List, at Ex. 162.) But it is SFPD's "Protocol for Processing Property Consistent with DPW's 'Bag & Tag' Policy" that "outline[s] policy and procedures for processing property for removal or collection, or property subject to an incident of arrest of a homeless subject." (*Id.*, Ex. M, SFPD DN 24-140.) In contrast, DGO 6.02 applies outside the context of encampments and unhoused individuals, and to "evidence of a crime, *other than* illegal lodging." (*Id.*, Ex. M, at 1 (emphasis added); Ex. N, Lazar 30(b)(6) Depo. 69:21-70:6, 71:4-73:12.) Plaintiffs' deposition designations similarly show that Plaintiffs will seek to introduce evidence or argument concerning SFPD's handling of property unrelated to the enforcement of illegal lodging, to encampments, or to unhoused individuals. (*See id.*, Ex. B, Lazar 30(b)(6) Depo. 60:4-11, 62:1-2, 62:6, 62:13-15, 69:4-6, 69:10, 69:17, 127:11-12, 127:15-129:6; Ex. C, Hoang Depo. 45:19-22, 46:6-9, 92:4-9, 99:12-103:24; Ex. D, Young Depo. 173:18-21, 180:16-181:3, 228:3-5.) This case, however, concerns the alleged unlawful destruction of unhoused people's property. SFPD's policies and practices for handling of property unrelated to the enforcement of illegal lodging or unhoused individuals is irrelevant and inadmissible. Fed. R. Evid. 402. To the extent Plaintiffs intend to pursue a theory of liability based on how SFPD handles property unrelated to the enforcement of illegal lodging, to encampments, or unhoused individuals, that theory is not in their complaint; and Plaintiffs should be precluded from presenting any such theory at trial. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No.16-cv-01393-JST, 2022 WL 20403763, at *4 (N.D. Cal. May 3, 2022) (precluding party from presenting a theory not adequately disclosed in the complaint). Allowing such evidence or argument would be unfairly prejudicial, confuse the issues, mislead the factfinder, and waste the parties and the Court's time. Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from presenting the above-identified evidence or argument, including but not limited to the specific documents and testimony identified above, at trial.

| | |
|---|---|
| DATED: June 20, 2025 | Respectfully submitted, |
| | DAVID CHIU<br>City Attorney<br>YVONNE R. MERÉ<br>EDMUND T. WANG<br>KAITLYN MURPHY<br>MIGUEL A. GRADILLA<br>JOHN H. GEORGE<br>STEVEN A. MILLS<br>Deputy City Attorneys |
| | **/s/ Edmund T. Wang*<br>EDMUND T. WANG |
| | WARREN METLITZKY<br>JESSICA ELAINE LANIER<br>NATHAN D. THEOBALD<br>**CONRAD | METLITZKY | KANE LLP** |
| | Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al. |

*\*\*Pursuant to L.R. 5-1, the e-filing attorney attests that each of the other Signatories have concurred in the filing of this document.*