# EXHIBIT N

# TO

# DECLARATION OF EDMUND T. WANG IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE DISMISSED OR UNALLEGED CLAIMS

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                      OAKLAND DIVISION
 4
 5   - - - - - - - - - - - - - - - - -
 6   COALITION ON HOMELESSNESS,         )
 7   et al.,                            )
 8               Plaintiffs,            )
 9   vs.                                )  CASE NO.
10   CITY AND COUNTY OF SAN             )  4:22-cv-05502-DMR
11   FRANCISCO, et al.,                 )
12               Defendants.            )
13   - - - - - - - - - - - - - - - - -
14
15
16            30(b)(6) DEPOSITION OF DAVID LAZAR
17            RE: SAN FRANCISCO POLICE DEPARTMENT
18                   MONDAY, MARCH 3, 2025
19
20
21            BEHMKE REPORTING AND VIDEO SERVICES, INC.
22               BY:  SUZANNE I. ANDRADE, CSR NO. 10682
23                  550 CALIFORNIA STREET, SUITE 820
24                   SAN FRANCISCO, CALIFORNIA 94104
25                            (415) 597-5600
```

```
 1   APPEARANCES OF COUNSEL:
 2   FOR PLAINTIFFS:
 3       AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
 4       NORTHERN CALIFORNIA
 5       BY:  SCOUT KATOVICH, ATTORNEY AT LAW
 6            JOHN H. DO, ATTORNEY AT LAW
 7       39 Drumm Street
 8       San Francisco, California  94111
 9       Telephone:  (415) 293-6393
10       Email:  skatovich@aclu.org
11               jdo@aclunc.org
12
13   FOR DEFENDANTS AND THE DEPONENT:
14       CITY AND COUNTY OF SAN FRANCISCO
15       OFFICE OF THE CITY ATTORNEY
16       BY:  EDMUND WANG, DEPUTY CITY ATTORNEY
17       1390 Market Street, 7th Floor
18       San Francisco, California  94102
19       Telephone:  (415) 554-3800
20       Email:  edmund.wang@sfcityatty.org
21
22
23
24
25
```

```
 1  BY ATTORNEY KATOVICH:
 2      Q.   Does SFPD provide any documentation?
 3      A.   Not that I'm aware.
 4      Q.   Aside from evidence of illegal lodging, does
 5  SFPD discard any other crime evidence because it poses a
 6  health or safety risk?
 7      ATTORNEY WANG:   Quickly, just objection; beyond the
 8  scope, vague.
 9           Okay.  Go ahead.
10      THE WITNESS:   No.
11  BY ATTORNEY KATOVICH:
12      Q.   And aside from evidence of illegal lodging,
13  does SFPD allow any other crime evidence to be destroyed
14  by another City agency?
15      ATTORNEY WANG:   Same objections.
16           Go ahead.
17      THE WITNESS:   No.
18      ATTORNEY KATOVICH:   I'm going to introduce a
19  document into evidence.  This is actually a previously
20  marked exhibit, 1042.
21           (Previously marked Deposition Exhibit 1042 was
22            presented.)
23  BY ATTORNEY KATOVICH:
24      Q.   Take a moment to look this over and let me know
25  if it looks familiar to you.
```

```
 1       A.   (Examines document.)
 2            Yes.
 3       Q.   Is this the protocol on processing property
 4  consistent with DPW's bag-and-tag policy that's
 5  currently in force?
 6       A.   Yes.
 7       Q.   Who drafted this department notice?
 8       ATTORNEY WANG:  Objection to the extent it calls for
 9  attorney-client privileged information.
10            But go ahead.
11       THE WITNESS:  Yeah, well, usually -- well, I would
12  say that this is a partnership between the SFPD and this
13  City Attorney's Office.
14  BY ATTORNEY KATOVICH:
15       Q.   And who approved this notice?
16       A.   The Chief of Police signs off on all department
17  notices.
18       Q.   Do you see the date that this was published is
19  September 12th, 2024, correct?
20       A.   Yes.
21       Q.   Why was this department notice revised in
22  September of 2024?
23       ATTORNEY WANG:  Objection to the extent it -- I
24  advise you not to reveal any information, sort of,
25  communicated by our office to the department.
```

```
 1           But otherwise, if you can answer, go ahead.
 2       THE WITNESS:  I don't know.
 3   BY ATTORNEY KATOVICH:
 4       Q.   If you look at the first sentence of this
 5   department notice it says:  "The purpose of this
 6   Department Notice is to outline policy and procedures
 7   for processing property for removal or collection, or
 8   property subject to an incident of arrest of a homeless
 9   subject."
10           Does this notice apply to all property for
11   removal of collection regardless of who the owner of
12   that property is?
13       ATTORNEY WANG:  Objection; vague.
14           Go ahead.
15       THE WITNESS:  No.
16   BY ATTORNEY KATOVICH:
17       Q.   Whose property does it apply to?
18       A.   It applies to unhoused individuals.
19       Q.   How does SFPD determine whether a person whose
20   property they encounter for removal or collection is
21   unhoused?
22       A.   They -- they ask specific questions to an
23   individual.
24       Q.   And if, based on those questions, they
25   determine that a person is not unhoused, a different
```

```
 1   protocol or general order would apply to their property?
 2        A.   In most cases.
 3        Q.   In what cases would that not apply?
 4        A.   Well, a person could be housed but still set up
 5   an encampment.  They could have a tent, a structure, a
 6   tarp, a bunch of items and still be housed in an SRO or
 7   anywhere.  We would still follow this procedure because
 8   of the spirit of it.
 9        Q.   And so is it fair to say that this protocol
10   would apply to any property for removal or collection
11   found in an encampment?
12        A.   Yes.
13        Q.   Regardless of the individual owner's housing
14   status?
15        A.   Yes.
16        Q.   And this department notice also governs all
17   property of a homeless arrestee, correct?
18        A.   Yes.
19        Q.   And does this department notice also govern how
20   personal property that's evidence of a crime should be
21   handled?
22             ATTORNEY WANG:  Objection; vague, incomplete
23   hypothetical.
24             Go ahead.
25             THE WITNESS:  Not all evidence.
```

```
 1  BY ATTORNEY KATOVICH:
 2      Q.   What evidence does it govern?
 3      A.   I believe it just governs evidence other -- it
 4  only -- it only involves evidence of illegal lodging as
 5  reflected on the bottom paragraph of this notice that
 6  you've given me.
 7      Q.   And is that the paragraph that begins:
 8  "Officers seizing personal property that is evidence of
 9  a crime, other than illegal lodging, from an individual
10  who is arrested shall refer to DGO 6.02 and issue the
11  individual a property receipt"?
12      A.   Yes.
13      Q.   And that paragraph goes on to say that:
14  "Officers seizing personal property that is evidence of
15  an illegal lodging violation should note in the incident
16  report that the evidence was captured on BWC," correct?
17      A.   Yes.
18      Q.   And this protocol requires officers seizing --
19  officers enforcing an illegal lodging violation to
20  capture evidence of that violation on body-worn camera,
21  correct?
22      A.   Yes.
23      Q.   Why is that?
24      A.   Because we use the body-worn camera often to
25  capture evidence, capture statements, capture things
```

```
 1   STATE OF CALIFORNIA      )
 2                            ) ss.
 3   COUNTY OF SAN MATEO      )
 4              I hereby certify that the witness in the
 5   foregoing deposition, DAVID LAZAR, was by me duly sworn
 6   to testify to the truth, the whole truth and nothing but
 7   the truth, in the within-entitled cause; that said
 8   deposition was taken at the time and place herein named;
 9   and that the deposition is a true record of the
10   witness's testimony as reported by me, a duly certified
11   shorthand reporter and a disinterested person, and was
12   thereafter transcribed into typewriting by computer.
13              I further certify that I am not interested in
14   the outcome of the said action, nor connected with nor
15   related to any of the parties in said action, nor to
16   their respective counsel.
17              IN WITNESS WHEREOF, I have hereunto set my
18   hand this 13th day of March, 2025.
19   Reading and Signing was:
20   ____ Requested   ____ Waived   __X__ Not Requested
21
22          [signature: Suzanne Andrade]
23
24          SUZANNE I. ANDRADE, CSR NO. 10682
25          STATE OF CALIFORNIA
```