DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:   (415) 554-3857 (Wang)
             (415) 554-6762 (Murphy)
             (415) 554-3870 (Gradilla)
             (415) 554-4223 (George)
             (415) 355-3304 (Mills)
Facsimile:   (415) 554-4699
E-mail:      edmund.wang@sfcityatty.org
             kaitlyn.murphy@sfcityatty.org
             miguel.gradilla@sfcityatty.org
             john.george@sfcityatty.org
             steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' MOTION *IN LIMINE* NO. 4 – TEMPORAL SCOPE OF CLAIMS AND STALE EVIDENCE** <br><br> Hearing Date: July 9, 2025 <br> Time: 1:00 p.m. <br> Judge: Hon. Donna M. Ryu <br><br> Action Filed: September 27, 2022 <br> Trial Date: July 28, 2025 |

Coalition, in partnership with its counsel and various observers, intended to sue the City for years before actually commencing suit. Individual Plaintiffs and people that experienced homelessness contend the City has violated their rights for years, but the overwhelming majority never complained or commenced a lawsuit. Rules exist to decrease the risk of prejudice from faded memories and evidence. These rules have been ignored and the City now moves *in limine* pursuant to Federal Rules of Evidence 402 and 403 to exclude time-barred predicate acts, stale evidence, and evidence outside the Court ordered deadline for new facts to be admitted at trial.

I.      ARGUMENT

   A.      **Limiting Untimely Predicate Acts**

The Court should exclude Plaintiffs from relying on any predicate acts that are time-barred or procedurally defective because a claim has not been perfected. A statute of limitations "protect[s] defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). They also "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id*. (cleaned up).

At summary judgment, the Court determined that it "will not consider incidents prior to September 27, 2020 as predicate acts." ECF No. 400 at 31 n.19. The same result must be reached at trial. The statute of limitations for a Section 1983 claim is two years from accrual. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). All claims accrued when property was seized or a deprivation occurred. *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1279 (9th Cir. 2017); *Morgan v. Komers*, 151 F. App'x 546, 548 (9th Cir. 2005); *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019). Since the lawsuit commenced on September 27, 2022, instances prior to September 27, 2020 cannot serve as a predicate and should categorically be excluded.[1]

---

[1] *See, e.g.*, Declaration of Steven Mills ("Mills Decl."), Ex. A, Cronk Depo. 178:21-179:1; 183:9-14; 188:9-13; 192:4-6 [introducing new incidents from 2018-2020]; Ex. B, Donohoe Depo.

1

The Court should also exclude any predicate acts that are not identified in the operative Third Amended Complaint. ECF No. 289 ("TAC"). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). "[A] § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002); Fed. R. Civ. Proc. 3. "[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleading[.]" *Wasco Prods. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006). To the extent any predicate violation was not asserted in the TAC as a basis to support the claims asserted, no claim has been commenced, and the theory cannot be considered. *Id.* at 992; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000). The only timely predicate claims that are properly commenced before the Court concern Individual Plaintiffs Donohoe and Cronk. (TAC ¶¶ 34, 36, 249; Ex. G, Rog No. 25.) This precludes consideration of allegedly unlawful incidents raised by Melodie, Orona, Bryant, Stephenson, and Reem.[2]

### B.    Limiting Stale Pre-Litigation Incidents as Pattern and Practice Evidence

The Court should exclude all incidents that predate September 27, 2020 as pattern and practice evidence on the basis that their attenuated probative value is substantially outweighed by unfair prejudice to the City resulting from the introduction of stale claims that needlessly wastes time and confuses core issues. *See Lyons v. England*, 307 F.3d 1092, 1110 (9th Cir. 2002) ("The district court will sometimes be required to engage in Rule 403 balancing when determining the admissibility of evidence of time-barred acts"). While the City agrees the admissibility of pattern and practice evidence

---

137:11-138:13; 205:9-12 [identifying over 50 instances of property destruction since 2018 and limiting instances to those in written discovery and declarations]; Ex. C, Martinez Depo. 166:19-167:11; 187:8-194:18 [contemplating thousands of incidents since 2018 but refusing to provide information]; Ex. D, Orona Depo. 126:24-128:20; 133:14-18 [discussing incidents from ECF No. 9-6, 4-58;4-57]; Ex. E, Castano Depo. 296:10-13 [limiting instances to August 2020]; Ex. F, Bryant Depo. 79:2-85:12; 113:16-114:25 [clarifying timing of three incidents in Bryant Decl., ECF No. 9-6, 4-2 - 4-3, ¶¶ 9-20].

[2] *See, e.g.*, Mills Decl., Ex. H, Melodie Depo. 73:1-75:3; 99:5-100:22 [identifying sole incident at issue in July 2024]; Ex. D, Orona Depo. 126:24-128:20; 133:14-18 [identifying sole incidents at issue in around 2018]; Bryant Decl., ECF No. 9-6, 4-2 - 4-3, ¶¶ 9-20 [identifying four incidents]; Ex. I, Rog. No. 17 [confirming Stephenson and Reem were not members when the case commenced].

is distinct from the statute of limitations, the pervasive legislative judgment outlined above that safeguards a defendant from litigating against stale evidence does not evaporate. The record shows that memories have faded and that individuals cannot recall essential foundational information about claimed seizures, including the date they took place or the location. (*See, e.g.*, Mills Decl., Ex. D, Orona Depo. 126:24-128:20; 133:14-18; Ex. F, Bryant Depo. 79:2-85:12; 86:12-20; 109:7-20; 113:16-114:25.) In analyzing a claimed seizure (and in turn any resulting deprivation), parties "begin by identifying *when* the 'seizure' occurred." *Bella v. Chamberlain*, 24 F.3d 1251, 1255 (10th Cir. 1994) (emphasis added). The City's nuanced operations have been extensive. Records show 2,382 HSOC operations since June 2020 (CCSF-COH-573455), 1,302 JFO operations since May 24, 2023 (CCSF-COH-573456), and 184,104 311 complaints related to encampments since January 2020 (CCSF-COH-573454). Since the unreasonable passage of time here demonstrably shows loss of essential foundational evidence from witness for the City to fairly investigate charges against it, there is a concrete showing that mini-trials on incidents prior to September 2020 creates unfair prejudice.

      The age of the evidence also has limited probative value in a case for equitable relief. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "Past wrongs are not enough . . . ." *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1253 (9th Cir. 1984). Thus, to prevail at trial on the merits, Plaintiffs will have to show an immediate threat under policies and customs that exist in 2025. What happened nearly five years ago (if not earlier), is far less probative of facts on the ground in 2025.

      Moreover, the record shows there have been significant policy shifts. HSOC was created in 2018 to coordinate City agencies involved in addressing homelessness. (CCSF-COH_572510.) The Ninth Circuit subsequently decided *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), which substantially curtailed enforcement of valid anti-camping laws when no alternative shelter is available. *See City of Grants Pass v. Johnson*, 603 U.S. 520 (2024) (reversing *Martin*). As western cities grappled with *Martin*, COVID-19 emerged to unsettle typical health and safety standards. Indeed, Coalition acknowledges that the City's claimed property destruction was halted during the pandemic

as the City began looking for solutions to permit people to safely camp outside and open shelters. (Ex. J, Coalition Depo. 206:13-22.)

What's more, Plaintiffs' tether their claims to a theory that DPW employees have a pattern and practice of routinely violating DPW's Bag and Tag policy. The current Bag and Tag policy underlying the preliminary injunction was published in September 2022, and as Plaintiffs admit, included "expansive protection" for peoples' property. ECF No. 65 at 8 n.8; TAC ¶ 237 (recognizing Coalition negotiated policy). That the City took affirmative steps to promulgate policy to provide expansive protection to property belies any suggestion the City acquiesced in an unlawful custom. In turn, any violations under a different policy are far less probative of what was required of employees—especially where Plaintiffs again must demonstrate harm in 2025.

Based on the foregoing, the Court should categorically exclude Plaintiffs from relying on incidents that predate September 27, 2020. Because Plaintiffs have refused to identify which instances are at issue, the City cannot exhaustively identify them. Based on Plaintiffs' exhibit list, the City identifies the following incidents or related documents that should be excluded, in addition to other stale testimony already covered: Pl. Exs. 104-111; 114-117; 145; 172. Similarly, the Court should exclude former City employees Adrinna Malone, a former DPW laborer who "was moved off of encampment cleaning duties around late 2018 or early 2019" (ECF No. 50-9, Malone Decl. ¶ 3), and Kaki Marshall, whose tenure at HSH ended in August 2019 (ECF No. 50-10, Marshall Decl. ¶ 1), from testifying.

### C. Limiting Evidence Post-Dating The Deadline For New Facts

The Court should categorically exclude Plaintiffs from relying on any evidence post-dating the February 14, 2025 deadline for new facts to be offered at trial. (ECF No. 264.) Plaintiffs' Exhibits 74, 147, and 148 post-date the cutoff. Plaintiffs also questioned City employees Sam Dodge and Sam Peoples about operational changes that post-date the cutoff. They should categorically be excluded from questioning witnesses about operational changes at trial and using similar documents.

## II. CONCLUSION

For the foregoing reasons, the City requests that the Court grant the motion *in limine*.

4

| | |
|---|---|
| DATED: June 20, 2025 | Respectfully submitted, |
| | DAVID CHIU<br>City Attorney<br>YVONNE R. MERÉ<br>EDMUND T. WANG<br>KAITLYN MURPHY<br>MIGUEL A. GRADILLA<br>JOHN H. GEORGE<br>STEVEN A. MILLS<br>Deputy City Attorneys |
| | **/s/ Steven Mills*<br>STEVEN MILLS |
| | WARREN METLITZKY<br>JESSICA ELAINE LANIER<br>NATHAN D. THEOBALD<br>**CONRAD | METLITZKY | KANE LLP** |
| | Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al. |

*\*\*Pursuant to L.R. 5-1, the e-filing attorney attests that each of the other Signatories have concurred in the filing of this document.*