# EXHIBIT H

# TO

# DECLARATION OF STEVEN A. MILLS IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 4 TO TEMPORAL SCOPE OF STALE AND TIME-BARRED CLAIMS

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4   - - - - - - - - - - - - - - - - - -
 5   COALITION ON HOMELESSNESS,        )
 6   et al.,                           )
 7              Plaintiffs,            )
 8   vs.                               )  CASE NO.
 9   CITY AND COUNTY OF SAN            )  4:22-cv-05502-DMR
10   FRANCISCO, et al.,                )
11              Defendants.            )
12   - - - - - - - - - - - - - - - - - -
13    THIS TRANSCRIPT AND ITS EXHIBITS CONTAIN INFORMATION
14     SUBJECT TO A PROTECTIVE ORDER AND SHALL BE TREATED
15          AND USED ONLY IN ACCORDANCE THEREWITH
16
17            VIDEOTAPED DEPOSITION OF MELODIE
18               FRIDAY, MARCH 14, 2025
19
20
21         BEHMKE REPORTING AND VIDEO SERVICES, INC.
22             BY:  SUZANNE I. ANDRADE, CSR NO. 10682
23                 550 CALIFORNIA STREET, SUITE 820
24                 SAN FRANCISCO, CALIFORNIA  94104
25                             (415) 597-5600
```

```
 1  APPEARANCES OF COUNSEL:
 2  FOR PLAINTIFFS AND THE DEPONENT:
 3      AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
 4      NORTHERN CALIFORNIA
 5      BY:  JOHN H. DO, ATTORNEY AT LAW
 6           LARISSA GRIJALVA, ATTORNEY AT LAW
 7           (VIA TELECONFERENCE)
 8      39 Drumm Street
 9      San Francisco, California  94111
10      Telephone:  (415) 293-6393
11      Email:  jdo@aclunc.org
12              lgrijalva@aclunc.org
13
14  FOR DEFENDANTS:
15      CITY AND COUNTY OF SAN FRANCISCO
16      OFFICE OF THE CITY ATTORNEY
17      BY:  STEVEN MILLS, DEPUTY CITY ATTORNEY
18      1390 Market Street, 7th Floor
19      San Francisco, California  94102
20      Telephone:  (415) 355-3304
21      Email:  steven.mills@sfcityatty.org
22
23  ALSO PRESENT:
24       KYLE FRIEND, VIDEO OPERATOR
25
```

```
 1        Q.    So if this declaration was signed in September
 2   of 2024, is it fair to say that the incident may have
 3   been sometime in July?
 4        A.    Correct.
 5        Q.    Do you know the date of the incident?
 6        A.    Can I just bring up the document?
 7        ATTORNEY DO:   Melodie, you can ask to look at
 8   documents, sure.
 9        THE WITNESS:   Can I show him the document?
10        ATTORNEY DO:   You can, yes.
11        THE WITNESS:   Okay.
12              So this is my log of the incident on July 16th.
13   BY ATTORNEY MILLS:
14        Q.    Okay.  So what I'm going to do next is
15   introduce the next exhibit, which will be a copy of what
16   you just showed me.  Okay?
17        A.    All right.
18        ATTORNEY MILLS:   And this is going to be Exhibit
19   224.
20        THE REPORTER:   324.
21        ATTORNEY MILLS:   I'm sorry.  324.
22              (Deposition Exhibit 324 was marked for
23              identification.)
24        THE WITNESS:   Okay.  Now, are we going back and
25   forth?  Are we --
```

```
 1  BY ATTORNEY MILLS:
 2      Q.    We'll have the two declarations and the --
 3      A.    Okay.  So --
 4      Q.    -- picture.
 5      A.    So don't put this away yet?
 6      Q.    Don't put it away.
 7      A.    Okay.  Got it.
 8      Q.    Yeah.
 9      A.    Okay.
10      Q.    So, Melodie, I just handed you what is
11  Exhibit 324.
12            Is this a fair and accurate copy of the notes
13  that --
14      A.    Yes.
15      Q.    -- you have?
16            And are these notes in your phone?
17      A.    Uh-huh.
18      ATTORNEY DO:  That's a yes, Melodie?
19      THE WITNESS:  Yes.  Sorry.
20      ATTORNEY MILLS:  No worries.
21      ATTORNEY DO:  No worries.
22  BY ATTORNEY MILLS:
23      Q.    Okay.  So it says, at the very top here, 7
24  dash -- or dot 16 dot 24.
25      A.    Correct.
```

```
 1      Q.   So does that mean that this incident was on
 2   July 16th, 2024?
 3      A.   Absolutely.
 4      Q.   Do you know what time the incident was?
 5      A.   The incident happened at 9:31 a.m. on Toland
 6   Street at McKinnon.  Oh, just like it says.  Look, it
 7   says it right there.  Okay.
 8      Q.   Do you know how long after the incident you
 9   were typing this?
10      A.   I was typing it within a minute of it happening
11   so I would remember what he said and what happened.
12      Q.   Do you know if this was the green-stripe Dodge
13   RV, or was this the yellow Chevy van?
14      A.   It doesn't say.  Oh, the yellow.  It was the
15   yellow one.
16      Q.   And how do you know it was the yellow one?
17      A.   Because it says Y-e-l-T-r-k.  That's my -- my,
18   like, shorthand for the yellow camper.
19      Q.   Okay.  So where I'm saying in kind of the
20   middle of the photograph, it says:  Walk between car and
21   yellow truck up 2C --
22      A.   Up to coach door.
23           So should I just tell you what it says?
24      Q.   Yeah.  If you can read for me --
25      A.   Okay.
```

```
 1        A.   Ask me again.
 2        Q.   Yeah.  I'm going to do it, and then we'll get
 3   the answer out.
 4        A.   Sorry.
 5        Q.   So on September 11th, 2024, when you prepared
 6   the declaration with Dylan Verner-Crist, you did not
 7   lose any property that day?
 8        A.   Correct.
 9        Q.   Okay.  Great.
10             And then I conferred with counsel and
11   understand that an incident in January is not going to
12   be offered at trial.  So I won't ask questions on that
13   one.
14        ATTORNEY DO:  Yeah.  Specifically, we will not be
15   offering evidence of Melodie losing property that day
16   from a sweep.  Of course, the sweep did occur, which I
17   don't think the parties dispute.  But whether or not
18   Melodie lost property that day won't be subject to her
19   testimony.
20   BY ATTORNEY MILLS:
21        Q.   Okay.  So then, based off of that
22   representation, I won't ask questions about that
23   complicated event.
24        A.   Yeah.  I could tell you all about it.  It'd
25   take me a week.
```

1  Q.  And I don't want to take one of your weeks.  So
2  we'll -- we'll move on from that one.
3  A.  All right.  Well, no.  It would be -- that'd
4  be -- one, two, three -- that'd be five weeks' worth.
5  Q.  There you go.
6  ATTORNEY DO:  But, again, just to confirm, that is
7  different than whether or not Melodie is subject to
8  sweeps or whether or not an HSOC resolution occurred
9  that day.
10  ATTORNEY MILLS:  Okay.
11  ATTORNEY DO:  Which -- sorry.  Go ahead.
12  ATTORNEY MILLS:  And my understanding is that
13  there's no dispute that that was a noticed resolution
14  based off of our conversation.
15  ATTORNEY DO:  I believe there's no dispute that that
16  was a noticed resolution and, therefore, may be subject
17  of the trial but not specifically allegations about
18  Mel- -- about possible property destruction from
19  Melodie.
20  ATTORNEY MILLS:  Okay.  Thank you.
21  That's just lawyers being lawyers.  So we -- we
22  worked it out together.
23  THE WITNESS:  Okay.
24  ATTORNEY DO:  And as you said, you're saving us all
25  time.

```
 1  STATE OF CALIFORNIA    )
 2                         ) ss.
 3  COUNTY OF SAN MATEO    )
 4            I hereby certify that the witness in the
 5  foregoing deposition, MELODIE, was by me duly sworn to
 6  testify to the truth, the whole truth and nothing but
 7  the truth, in the within-entitled cause; that said
 8  deposition was taken at the time and place herein named;
 9  and that the deposition is a true record of the
10  witness's testimony as reported by me, a duly certified
11  shorthand reporter and a disinterested person, and was
12  thereafter transcribed into typewriting by computer.
13            I further certify that I am not interested in
14  the outcome of the said action, nor connected with nor
15  related to any of the parties in said action, nor to
16  their respective counsel.
17            IN WITNESS WHEREOF, I have hereunto set my
18  hand this 19th day of March, 2025.
19  Reading and Signing was:
20  __X__ Requested    ____ Waived    ____ Not Requested
21
22          [signature]
23
24          SUZANNE I. ANDRADE, CSR NO. 10682
25          STATE OF CALIFORNIA
```