# EXHIBIT I

# TO

# DECLARATION OF STEVEN A. MILLS IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 4 TO TEMPORAL SCOPE OF STALE AND TIME-BARRED CLAIMS

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL
Vasudha Talla, SBN 316219
Zoe Salzman, NY Reg. No. 4663308*
Vivake Prasad, NY Reg. No. 5669569*
Bianca Herlitz-Ferguson, NY Reg. No. 6164214*
600 Fifth Avenue, 10th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

*Attorneys for Plaintiffs*

*admitted pro hac vice*

*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs. <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et. al., <br><br> Defendants. | CASE NO. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES** <br><br> Hon. Judge Donna M. Ryu <br><br> Date Action Filed: September 27, 2022 |

PROPOUNDING PARTY: Defendants CITY AND COUNTY OF SAN FRANCISCO ET AL.

RESPONDING PARTY: Plaintiffs COALITION ON HOMELESSNESS ET AL.

SET NUMBER: Two

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs COALITION ON HOMELESSNESS, SARAH CRONK, JOSHUA DONOHOE, MOLIQUE FRANK, DAVID MARTINEZ, AND TERESA SANDOVAL, collectively "Plaintiffs"), hereby respond to

1

Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS, SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING, SAN FRANCISCO FIRE DEPARTMENT, and SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT (collectively "Defendants" or "San Francisco") Second Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs' investigation and discovery of facts is ongoing. Plaintiffs' responses to the following Interrogatories are made to the best of their present knowledge, information, and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on Plaintiffs' present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation.

2. Plaintiffs reserve the right to supplement or amend any Responses should future investigation and/or discovery indicate that such supplementation or amendment is necessary. Plaintiffs' responses should be in no way considered prejudicial in relation to further discovery research, analysis, or production of evidence.

3. The following responses and objections are given without prejudice to Plaintiffs' right to rely on subsequently discovered or recalled information and evidence. Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled subsequent to the date of these Responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

4. Plaintiffs' Responses are made solely for the purpose of and in relation to this

action. Each response is given subject to all appropriate objections (including, but not limited to objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

5. Plaintiffs' Responses are premised on the understanding that the Interrogatories only seek information that is within Plaintiffs' possession, custody, and control.

6. Plaintiffs' Responses shall not prejudice their rights to produce or use any subsequently discovered evidence.

## GENERAL OBJECTIONS

1. Plaintiffs object to each Interrogatory to the extent that they seek (a) information or documents that are not relevant to any party's claim or defenses in the action; (b) are not reasonably calculated to lead to the discovery of admissible evidence; (c) impose a burden disproportionate to the needs of the case; (d) seek information or documents beyond the scope of permissible discovery; (e) are unreasonably cumulative or duplicative; or (f) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

2. Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous, overbroad, and/or fail to state with reasonable particularity the type of information sought therein, and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to the Interrogatories to the extent that they seek disclosure of information that is publicly available, already in Defendants' possession, custody, or control, or otherwise available from sources to which Defendants have access.

4. Plaintiffs object to the Interrogatories to the extent that they purport to impose on Plaintiffs a duty to disclose information that Plaintiffs do not actually have in their possession, custody, or control. Subject to the objections herein, in responding to the Interrogatories,

Plaintiffs will respond only as to information in their possession, custody, or control as of the date of this response. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control. Plaintiffs further object to the Interrogatories to the extent they seek physical documents that were previously in Plaintiffs' possession, custody, or control, but were subsequently destroyed by Defendants.

5.    Plaintiffs object to the Interrogatories to the extent that they require Plaintiffs to make a legal conclusion or render an expert opinion.

6.    Plaintiffs object to the Interrogatories to the extent they require premature expert analysis or opinion.

7.    Plaintiffs object to the Interrogatories to the extent they assume facts that have not been established or are in dispute, including any Interrogatory that relies upon or incorporates assumptions in Defendants' theory of the case that have not been established and which Plaintiffs have not yet had an opportunity to investigate. Plaintiffs' responses should be in no way be considered as an admission of any factual assumption contained within the Interrogatories.

8.    Plaintiffs object to the Interrogatories to the extent that they are premised on legal conclusions or otherwise assume the validity of Defendants' legal claims or theories, all of which are disputed by Plaintiffs. Plaintiffs' responses should be in no way considered as an admission to the validity of any legal conclusion contained within the Interrogatories.

9.    Plaintiffs object to the Interrogatories to the extent the information is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

10.   Plaintiffs object to the Interrogatories to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule

or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

11. Based on Federal Rule of Civil Procedure 33(d), Plaintiffs objects to each Interrogatory that seeks information that can be derived from documents that will be produced, and where the burden to derive such information is substantially the same for Defendants as it is for Plaintiffs.

12. Plaintiffs object to the Interrogatories to the extent that they purport to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Plaintiffs do not object to an Interrogatory on the basis of any applicable privilege.

13. Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of privilege, or any other doctrine against disclosure, or Plaintiffs' right to object to the use of any information inadvertently disclosed. Plaintiffs reserve the right to demand that the parties in this action return or destroy any inadvertently disclosed information. Plaintiffs have not previously waived any applicable privilege and specifically state that they do not intend to do so through the disclosure of any information in response to the Interrogatories. In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving party will return the information to Plaintiffs and will be precluded from disclosing or relying upon such information or documents in any way.

14. Plaintiffs' General Objections apply to each and every Interrogatory and are hereby incorporated by reference into each of the answers and objections set forth below, including Plaintiffs' Objections to Definitions and Instructions, and Specific Objections and Responses. The reassertion of, or reference to, a particular General Objection in a Response to an Interrogatory shall not be construed as a waiver of any General Objection not stated specifically herein.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1. Plaintiffs object to Definitions and Instructions in the Request to the extent they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2. Plaintiffs object to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any other applicable rule or law. Plaintiffs will construe and answer the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of California, and any other applicable rule or law.

3. Plaintiffs also object to the defined term "IDENTIFY" insofar as it requests Plaintiffs identify a person's "current OR last known home AND business address" and "phone number" on the ground that it is overly broad and implicates privacy concerns.

4. Plaintiffs object to the Instructions to the extent that they state that Plaintiffs' purported "failure to provide information in response to these Interrogatories shall constitute a waiver" of Plaintiffs' "right to reply on such evidence at any point in this litigation." Plaintiffs specifically reserve the right to make use of, or to introduce at any hearing and at trial, information and/or documents responsive to the following Interrogatories discovered or recalled

subsequent to the date of these responses, including, without limitation, any information or documents obtained in discovery or by further investigation of this matter.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 17:**

IDENTIFY ALL members of the Coalition on Homelessness that the Coalition on Homelessness intends to offer to establish standing OR support any other part of the claims brought by the Coalition on Homelessness, including the facts that demonstrate the PERSON was a member of the Coalition on Homelessness, the specific claims in the COMPLAINT the PERSON is RELATED to, the dates when the PERSON was a HOMELESS PERSON in San Francisco, the dates the PERSON was a member of the Coalition on Homelessness, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 17 to the extent it requires Plaintiffs to identify "all documents" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, including information regarding

unlawful property seizure and destruction, and Plaintiffs' document productions. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973); *see also Krause v. Buffalo & Erie Cty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 375 (W.D.N.Y. 2006); *L&L Franchise, Inc. v. Tsai*, No. 06CV1155 JAH(POR), 2008 WL 11337594, at *2 (S.D. Cal. March 7, 2008); *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12cv2079–GPC (KSC), 2014 WL 2919518, at *7 (S.D. Cal. June 27, 2014) (sustaining defendants' objections to production of discovery where documents requested were "from court records that are equally available to all parties"). Plaintiffs further object to this Interrogatory to the extent it requires Plaintiffs to identify "ALL members of the Coalition on Homelessness that the Coalition on Homelessness intends to offer to [ ] support any other part of the claims brought by the Coalition on Homelessness," as it calls for a response that is duplicative of Plaintiffs' likely trial witness list, which is already in the possession of Defendants.

Finally, Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response to the Interrogatory is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary. The Court's final deadline for the parties to disclose witnesses to be called at trial has not yet passed.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows:

Based on the information currently available to Plaintiffs and in their possession, custody, and control, the Coalition on Homelessness currently intends to offer the following members as witnesses to establish standing for all claims in the Third Amended Complaint (Dkt. No. 289):

- Toro Castaño: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of Toro Castaño, dated October 9, 2024; and Declarations of Toro Castaño, Dkts. 9-4, 50-5, 157-3 and 247-6.

- Sarah Cronk: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of Sarah Cronk, dated September 23, 2024; and Declarations of Sarah Cronk, Dkts. 9-4, 247-5.

- Joshua Donohoe: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of Joshua Donohoe, dated November 12, 2024; and Declarations of Joshua Donohoe, Dkts. 9-4, 247-3.

- David Martinez: Plaintiffs refer Defendants to and incorporate by reference in this response the transcript of the deposition of David Martinez, dated October 15, 2024; and Declarations of David Martinez, Dkts. 9-4, 247-2.

- Melodie: Melodie has been unhoused and a member of the Coalition since around 2008. She has attended Coalition meetings for years. With the Coalition, she fought parking restrictions on streets where unhoused people park, attended public hearings, and gave public comment. She has assisted the Coalition with determining the needs of vehicle based unhoused people and has received assistance and resources from other Coalition members during sweeps.

- Todd Bryant: Plaintiffs refer Defendants to and incorporate by reference in this response the Declaration of Todd Bryant, Dkt. 9-6. Since 2017, Todd Bryant has assisted the

Coalition with determining the needs of street based unhoused people, attended the Coalition's actions, and was a contributor to media production.

- Shyhyene Brown: Plaintiffs refer Defendants to and incorporate by reference in this response the Declaration of Shyhyene Brown, Dkt. 9-6. Since 2016, Shyhyene Brown has contributed as a writer for the Coalition's Street Sheet and attended meetings.

- Shanna Couper Orona: Plaintiffs refer Defendants to and incorporate by reference in this response the Declarations of Shanna Couper Orona, Dkts. 9-6, 79. Since 2017, Shanna Couper Orona has attended Coalition meetings, assisted with policy development, distributed Coalition flyers/information, conducted outreach/recruited members.

- Sarah Stephenson: Since October 2023, Sarah Stephenson has assisted the Coalition with determining the needs of street based unhoused people, and distributed Coalition flyers/information. Ms. Stephenson has been staying in a Single Room Occupancy for approximately two months, and prior to that was unhoused since September 2023. She remains at risk of being subject to the City's practices.

- James Reem. Since 2024, James Reem, who is unhoused, has assisted the Coalition with determining the needs of street based unhoused people, distributed Coalition flyers/information, and served as a spokesperson for media.

**INTERROGATORY NO. 18:**

Please state ALL facts that support the Coalition on Homelessness' contention that, as a membership organization, it is entitled to invoke the Fourth Amendment, Fourteenth Amendment, and disability law rights of its individual members, including without limitation the members disclosed in response to Interrogatory Number 17, and IDENTIFY ALL DOCUMENTS that RELATE to or support YOUR response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiffs incorporate their Preliminary Statement, General Objections, and Objections to Definitions as though fully set forth herein. Plaintiffs object to Interrogatory No. 18 to the extent it requires Plaintiffs to identify "ALL facts" and "ALL DOCUMENTS" that relate to or support the Response as overbroad, unduly burdensome, not proportional, and calls for information outside the possession, custody, and control of Plaintiffs.

Plaintiffs further object to this Interrogatory as improper because it calls for a legal conclusion. While there are relevant predicate facts for standing which concern the Coalition's individual members, *see* Response to Interrogatory 17, whether the Coalition is entitled to invoke the Fourth and Fourteenth Amendment rights of its members is an issue of law for which an interrogatory is improper.

Plaintiffs further object to this Interrogatory on the basis that it calls for information that is more appropriate for, convenient, and less burdensome to obtain by deposition testimony, and because the information sought by this Interrogatory is in the possession, custody, and control of Defendants. Defendants already have access to information contained in the public record related to this case, including deposition testimony, declarations from Plaintiffs, supporting declarations from several impacted unhoused members of the Coalition, including information regarding unlawful property seizure and destruction, and Plaintiffs' document productions.

Subject to and without waiving any of the foregoing objections, Plaintiffs refer Defendants to and incorporate by reference in this response paragraphs 13, 19-22, 24-37, 92-94, 111-115, 133-141, 160-167, 179-181, 184, 197, 202-206, 210-211, 213, 215, 217-218, and 220-250 of Plaintiffs' Third Amended Complaint, dated December 18, 2024 (Dkt. 289), in addition to all documents cited in Plaintiffs' response to Interrogatory 17.

Plaintiffs' collection and review of documents and information in this matter is ongoing. Plaintiffs' response is made to the best of Plaintiffs' current knowledge, information, and belief. Plaintiffs reserve the right to supplement or amend the response should further investigation and/or discovery indicate that such supplementation or amendment is necessary.

Dated: December 20, 2024

By:    /s/ Zoe Salzman

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, NY Reg. No. 4663308*
Vivake Prasad, NY Reg. No. 5669569*
Bianca Herlitz-Ferguson, NY Reg. No. 6164214*
600 Fifth Avenue, 10th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

ACLU FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman, SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap, SBN 301934
Andrew Ntim, SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

*admitted pro hac vice

*Attorneys for Plaintiffs*

# **VERIFICATION**

*Coalition on Homelessness, et al. v. City and County of San Francisco, et al.*
**United States District Court Case No. 4:22-cv-05502-DMR (LJC)**

I, Jennifer Friedenbach, declare as follows:

I am the Executive Director of Plaintiff Coalition on Homelessness. I have read and know the contents of **PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES** as they pertain to the Coalition on Homelessness and the Coalition's direct knowledge. These responses were prepared with the assistance of counsel and are true to the best of my knowledge, information, and belief at this time.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on December 20, 2024, at San Francisco, California.

