DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br>  Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br>  Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT THAT THE CITY'S WRITTEN BAG AND TAG POLICY IS UNLAWFUL** <br><br> Hearing Date: July 9, 2025 <br> Time: 1:00 p.m. <br> Judge: Hon. Donna M. Ryu <br><br> Action Filed: September 27, 2022 <br> Trial Date: July 28, 2025 |

One of the few things the parties agreed on when this case was filed was that the City's written Bag & Tag policy ("Policy") is lawful. And yet, for the first time after the close of fact discovery, Plaintiffs produced two expert reports criticizing the Policy as written. The City also anticipates, based on their trial witness list and deposition designations, Plaintiffs may elicit testimony from fact witnesses criticizing conduct consistent with the Policy—such as DPW not providing advance written notice before "routine cleaning operations or when responding to 311 service requests" or failing to provide an "advisement concerning medications, medical devices, and personal identification" at any time other than during a bag and tag that takes place during an HSOC encampment resolution. (Murphy Decl,. ¶ 5 Ex. C [Policy §§ 4a, 2b-c].) This evidence would be inappropriate because the Policy requires no such notice or advisement. The City moves *in limine* pursuant to FRE 401 to prevent the admission of evidence or argument at trial that San Francisco needs to modify its written Policy to comply with either the Federal or California Constitutions as irrelevant in light of Plaintiffs' admission. Because criticisms of the Policy make no fact of consequence more or less probable, the testimony should also be excluded under FRE 403 since its only purpose is to confuse the issues and waste time, thereby unfairly prejudicing the City.

Plaintiffs' initial complaint alleged the City's customs and practices failed to align with its written Policy. ECF No. 1 ¶ 8 ("The City's destructive conduct is in clear violation of its own written policies"). Their Third Amended Complaint contains word-for-word the same allegation. ECF No. 289 ¶ 8. Plaintiffs have never alleged the City's Policy was unlawful. They affirmatively admitted it was constitutional in December 2022.[1] (Murphy Decl., ¶ 3, Ex. A [12/22/22 Hrg. Tr. 8:16-20]); ECF No. 65 at 42; ECF No. 400 at 4. In reliance on Plaintiffs early and clear admission, the City focused

---

[1] The admission also applies to state law claims. (Murphy Decl., Ex. B (5/8/25 Hrg. Tr. 6:11-16).)

discovery on the specific circumstances where Plaintiffs allege the City's custom and practice fell short of its written Policy.

Plaintiffs then submitted two expert reports the day fact discovery closed: one from epidemiologist Ben King and one from sociologist Christopher Herring. Both used their reports not just to opine whether the City's practices complied with its Policy, but to criticize the Policy itself.

Plaintiffs retained King to provide his "expert opinion on the policies and practices of the city and County of San Francisco . . . including the City's 'Bag and Tag Policy' (REV 003). (Murphy Decl., ¶ 6, Ex. D [Report at ¶ 1]). One of his explicit opinions is that "a revised 'Bag and Tag' policy is necessary . . ." *Id*. at ¶ 2. This directly conflicts with Plaintiffs' judicial admissions.[2]

Herring also offers opinions that challenge the written Policy. He criticizes the location of DPW's Storage Yard, 2323 Cesar Chavez Street, opining it is "not easily accessible to downtown or by public transit." (Murphy Decl., ¶ 7, Ex. E (Herring Tr. at 251:4-8)). This opinion is irrelevant because the Policy sets the location of the storage yard at 2323 Cesar Chavez Street and references the address three times. (*Id.* at ¶ 5, Ex. C (§§ 5.e, 6, 7). Herring's opinion is therefore also contrary to Plaintiffs' judicial admission and irrelevant.

Forcing the City to spend time defending against aspersions like those in Plaintiffs' expert reports is a waste of resources because these opinions cannot support Plaintiffs' claim. It also forces the City to reallocate time it would otherwise spend responding to Plaintiffs' claims which are actually at issue. For example, if the Court permits Plaintiffs to have Herring testify he believes the location of the storage yard is problematic, the City would need to spend precious time cross-examining him on the fact that he could not give a distance at which he would consider the storage yard "easily accessible," (Murphy Decl., ¶ 7, Ex. E [Herring Tr. at 251:9-19]), that he did not map how long it

---

[2] The City moves in a separate *Daubert* motion to exclude the entirety of King's opinion.

2

would in fact take to get to the storage yard using public transit from any location where he knows an encampment exists, (*id*. at 252:8-16), and that maps routing a person from an encampment location in Herring's report to 2323 Cesar Chavez showed the yard is accessible in 30 minutes on public transit. (Murphy Decl., ¶¶ 8-11, Exs. F-I [Herring Dep. Exs. 363-366]). That the City *could* refute this opinion via cross-examination does not matter to the prejudice. The damage to the City's trial time is done. The City should not be forced to refute irrelevant criticisms when that time could be better spent rebutting Plaintiffs' relevant allegations.

This problem is not limited to experts. Many of Plaintiffs' witnesses complained about not receiving/observing written notice, but the Policy does not require advance written notice for all operations. It does not require advance written notice for "routine cleaning operations or when responding to 311 service requests." (Murphy Decl., ¶ 5, Ex. C [Policy §§ 4a].)[3] Plaintiffs even seek to enter similar evidence through their deposition designations, designating a portion of DPW employee Ruth's testimony where he confirms he has never issued an advisement form, (*Id.* at ¶ 18, Ex. P [Ruth Dep. Tr. 83:17-25]), yet ignoring that under the Bag & Tag Policy it is the HSOC Staff, and not DPW, who has that responsibility to issue the advisement in the narrow circumstances where is applies. (*Id.* at ¶ 5, Ex. C [Policy § 2b-c].) In light of the Policy, Plaintiffs' designation only serves to confuse, not clarify, the relevant facts.

Plaintiffs made a judicial admission that neither the Federal nor State law require any more from the City's Policy.[4] That was their tactical choice and one they must stand by. "Factual assertions

---

[3] The witnesses themselves likely do not know whether their complaints amount to a violation of the Policy because many—including one of the ACLU's own investigators—have never read it. (Murphy Decl., ¶¶ 12-17, Exs. J-O [Erickson Dep. Tr. 56:15-19; Ioffee Dep. Tr. 28:9-21; Melodie Dep. Tr. 53:19-23; Bryant Dep. Tr. 57:4-19; Dubose Dep. Tr. 55:18-24; Martinez Dep. Tr. 127:18-19]). This is another reason why a Court order directing counsel not to seek to elicit irrelevant testimony preserves judicial resources.

[4] In contrast, the City has consistently argued the Policy exceeds the Constitutional mandate and provides more process and protections than the law requires.

in pleadings . . . unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (cleaned up) ("Under federal law, stipulations and admissions in the pleadings are generally binding" and "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."). Plaintiffs cannot "raise new arguments or assertions that conflict with [their] earlier admissions, nor may [they] walk back [their] deliberate litigation decisions" in this way. *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2022 WL 1987858, at *5 (N.D. Cal. June 6, 2022). Rules 401 and 402 prohibit the admission of evidence that does not make any fact of consequence more or less likely. In light of Plaintiffs' admissions, any testimony or argument criticizing the written Policy is irrelevant and should be excluded. Precisely because it is irrelevant, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time. District courts have "broad discretion in deciding what evidence is relevant, reliable, and helpful to the trier of fact." *Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001); *see also Freeman v. City of Santa Ana*, 68 F.3d 1180, 1185 (9th Cir. 1995), *as amended* (Dec. 29, 1995) ("[t]he decision to exclude evidence is reviewed for an abuse of discretion"). The Court should use that discretion to preclude evidence or argument that criticizes the written Policy as opposed to evidence or argument that criticizes the City's alleged failure to comply with the written Policy.

Whatever complaints Plaintiffs have about the Policy as written they are irrelevant to the claims actually alleged. Accordingly, the City requests the Court grant its motion *in limine* and exclude either party from offering argument or evidence that any portion of the Bag & Tag Policy fails to adequately protect Plaintiffs' rights.

|     |     |     |
| --- | --- | --- |
| DATED: June 20, 2025 | | Respectfully submitted, |

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

*/s/ Kaitlyn Murphy*
KAITLYN MURPHY

WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN D. THEOBALD
**CONRAD | METLITZKY | KANE LLP**

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al.

*\*\*Pursuant to L.R. 5-1(h)(3), the electronic signatory attests that each of the other Signatories have concurred in the filing of this document.*