**EXHIBIT D**

**TO**

**DECLARATION OF KAITLYN MURPHY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT THAT THE CITY'S WRITTEN BAG AND TAG POLICY IS UNLAWFUL**

<i>Coalition on Homelessness, et al. v. City and County of San Francisco, et al.</i>, 22-cv-5022 (N.D. Cal.)<br>
Expert Report of Ben King, PhD MPH<br>
March 10, 2025<br>
Confidential – Subject to Protective Order

# Expert Report of Ben King, PhD MPH

*Coalition on Homelessness, et al. v. City and County of San Francisco, et al.*, 22-cv-5022 (N.D. Cal.)
Expert Report of Ben King, PhD MPH
March 10, 2025
Confidential – Subject to Protective Order

## I. Introduction

1. I was asked to provide my expert opinion on the policies and practices of the City and County of San Francisco related to homeless encampment removal operations, and the City's policies and practices related to seizing and discarding items, including the City's "Bag and Tag Policy" (Rev 003), documentation of those operations, and the training provided to the City's Department of Public Works ("DPW") employees. I was also asked to review other policy and procedure documents and deposition transcripts. I was also asked to observe several City encampment removal operations in person to assess how those operations reflected the City's policies and practices.

2. Based on my review of the materials provided to me and my observations of encampment removal operations in February 2025, my opinions are: (a) the City's existing "Bag and Tag" policy and training material lack clear definitions and objective standards for the factors that are used to justify disposal of property, do not provide a standardized process for evaluating public health and safety risks in the field, vests untrained city workers with an excessively discretionary role, and fails to align with public health principles; (b) my in-person observations confirmed that these deficiencies in the "Bag and Tag" policy and training result in City workers making superficial and inappropriate assessments of whether property is an "immediate health and safety risk"; (c) the CMMS reports prepared by City workers do not contain sufficient details about the property being assessed for disposal and the reasons for disposal to conclude that the property was appropriately evaluated and did, in fact, present an immediate health or safety risk; (d) a revised "Bag and Tag" policy is necessary that incorporates clearly defined health and safety risk criteria, mandatory assessments by trained public health personnel, and improved training for City personnel.

3. In rendering these opinions, I was given documents provided by counsel, described in Appendix A to this report. I also used my extensive background and expertise in the field of public health as the foundation for my opinions.

4. My analyses and opinions contained in this report are based upon the information available to date. To the extent that additional information becomes available to me, I reserve the right to supplement or revise my opinions accordingly.

5. The opinions that I express in this Report are true and are based upon methodologies commonly used in my profession. I am being compensated at the rate of $300.00 per hour. The compensation I receive for my time does not depend on my opinions or conclusions provided.

## II. Education and Qualifications

6. I earned a Doctorate in Epidemiology, Human Genetics, and Environmental Sciences in 2018, providing me with a strong foundation in the study of disease patterns, environmental exposures, and population health. My expertise spans clinical epidemiology,