**EXHIBIT E**

**TO**

**DECLARATION OF KAITLYN MURPHY IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE
OR ARGUMENT THAT THE CITY'S WRITTEN BAG AND TAG POLICY
IS UNLAWFUL**

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3                   OAKLAND DIVISION

4

5    - - - - - - - - - - - - - - - - -

6    COALITION ON HOMELESSNESS; SARAH )

7    CRONK; JOSHUA DONOHOE; MOLIQUE   )

8    FRANK; DAVID MARTINEZ; TERESA    )

9    SANDOVAL,                        )

10            Plaintiffs,             )

11   vs.                             )  CASE NO:

12   CITY AND COUNTY OF SAN          )  4:22-cv-05502-DMR

13   FRANCISCO; et al.               )

14            Defendants.            )

15   - - - - - - - - - - - - - - - - -

16                   CONFIDENTIAL

17         REMOTE VIDEOTAPED DEPOSITION OF

18               CHRIS HERRING, PH.D.

19              MONDAY, APRIL 14, 2025

20

21         BEHMKE REPORTING AND VIDEO SERVICES, INC.

22           BY: JOHN FAHRENWALD, CA CSR 14369, RPR

23               550 CALIFORNIA STREET, SUITE 820

24               SAN FRANCISCO, CALIFORNIA 94104

25                      (415) 597-5600

1    were not attempting to go and retrieve their belongings

2    among other reasons.  And so I was trying to explain that

3    phenomenon specifically with these reports here.

4        Q.   I'm going to ask about page 51 of your report

5    where you say that the DPW storage yard is not easily

6    accessible to downtown or by public transit.  Let me know

7    when you get there.

8        A.   Yes, I'm here.

9        Q.   How far could the DPW storage yard be from

10   downtown for you to consider it easily accessible by public

11   transit?

12            MS. KASHYAP:  Objection.  Form.

13            THE WITNESS:  I don't have a given distance.  But

14   as with, you know, the placement of, say, homeless shelters

15   and other city services that the City provides, they are

16   concerned with accessibility in a way that leads them to,

17   you know, place these in areas that are downtown where the

18   population is located.  For instance, somewhere like in the

19   Tenderloin or south of Market or along a Muni or BART stop.

20       Q.   (BY MS. MURPHY:) As you sit here today do you have

21   an opinion about how long it could take someone to get to

22   the DPW storage yard on public transit for you to admit that

23   the storage yard was easily accessible to that person?

24            MS. KASHYAP:  Objection.  Form.

25            THE WITNESS:  Yeah.  Yeah.  I -- I don't know,

1   depending on, you know, where the person is at or their

2   accessibility.  But, again, I was referencing the fact that

3   according to the point in time counts, most of the unhoused

4   folks are located in the downtown areas of the city, and

5   this was not there, and reflecting the reports of the many

6   people I spoke with and my own field work experience in the

7   past.

8       Q.   (BY MS. MURPHY:) Did you actually map out how long

9   it would take using public transit to get to the DPW storage

10  yard from any location in San Francisco?

11          MS. KASHYAP:  Objection.  Form.

12          THE WITNESS:  No.  I did not map out the various

13  parts that someone could come from the city to go to the DPW

14  yard.  Again, it was reported based on what I heard several

15  times by many individuals I spoke with both now and in my

16  past research.

17      Q.   (BY MS. MURPHY:) I'd like to mark as Exhibit 362 a

18  Muni map for San Francisco effective September 2024.  Let me

19  know when you've got it open.

20          (Exhibit 362 was marked for identification.)

21          Does Exhibit 362 appear to be a map of public

22  transit routes in San Francisco effective September 2024?

23      A.   Yes.

24      Q.   Did you look at Exhibit 362 in coming to your

25  opinions in this case?

```
 1   STATE OF ARIZONA  ) ss.

 2   COUNTY OF PIMA     )

 3             I, the undersigned, a Certified Shorthand

 4   Reporter of the State of California, do hereby certify:

 5             That the foregoing proceedings were taken before

 6   me via videoconferencing at the time and place herein set

 7   forth; that any witnesses in the foregoing proceedings,

 8   prior to testifying, were duly sworn; that a verbatim record

 9   of the proceedings was made by me using machine shorthand

10   which was thereafter transcribed under my direction; that

11   the foregoing transcript is a true record of the testimony

12   given.

13             I further certify I am neither financially

14   interested in the action nor a relative or employee of any

15   attorney or party to this action.

16             IN WITNESS WHEREOF, I have this date subscribed my

17   name.

18             Dated:  April 16, 2025.

19   Read and sign was:

20   __X__ Requested  ____ Waived  ____ Not Requested

21

22

23

24             JOHN FAHRENWALD CA CSR 14369

25             STATE OF CALIFORNIA
```