DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants

CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

COALITION ON HOMELESSNESS;
SARAH CRONK; JOSHUA DONOHOE;

     Plaintiffs,

     vs.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

     Defendants.

Case No. 4:22-cv-05502-DMR (LJC)

**DEFENDANTS CITY AND COUNTY OF SAN
FRANCISCO, ET AL.'S MOTION TO
EXCLUDE EXPERT TESTIMONY OF
BENJAMIN KING, PH.D. MPH**

Date:        July 9, 2025
Time:        1:00 p.m.
Judge:       Hon. Donna M. Ryu

Action Filed:    September 27, 2022
Trial Date:      July 28, 2025

A fundamental premise of this litigation is that the City's Bag & Tag policy—which Plaintiffs helped create—comports with the Constitution. (*See* ECF No. 65 at 42.) Indeed, the Court issued a preliminary injunction *requiring* the City to comply with its Bag & Tag policy. (*See* ECF No. 65.) And the parties have spent nearly three years litigating whether the City has complied with its Bag & Tag policy and the Fourth and Fourteenth Amendments.

Plaintiffs' expert Dr. Benjamin King's opinions have nothing to add to the task at hand. Rather, King's four opinions attack the City's Bag & Tag policy itself. But Plaintiffs already "acknowledge that the policy itself [is] constitutional." (ECF No. 65 at 42.) King's opinions, which essentially recommend the City adopt a different Bag & Tag policy from the one Plaintiffs helped create, have no connection to Plaintiffs' "claim that the City *violates* the policy" and the Constitution. (*Id.* (emphasis added).) Moreover, the "methodology" he employs to develop his opinions amounts to nothing more than applying his general qualifications to the City's Bag & Tag policy and the City's evidence. King, however, fails to connect his experience to this case in any meaningful way. And regardless of his qualifications, King is not entitled to usurp the Court's role as ultimate factfinder, which is all his opinions do here. King is an epidemiologist and assistant professor of public health who has worked for years with homeless advocacy organizations on issues facing those without permanent shelter. While his work may help shape the discourse on how policymakers might address the multifaceted challenges homelessness presents, the opinions he seeks to offer the Court here are irrelevant and unreliable. They also do not help the Court address the sole question at issue—whether the City's practices around unhoused people's property comport with the Fourth and Fourteenth Amendments, and their California counterparts. Accordingly, King's opinions are inadmissible, and the Court should exclude them.

## BACKGROUND

King's report offers four opinions. First, that "the City's existing 'Bag and Tag' policy and training material lack clear definitions and objective standards for the factors that are used to justify disposal of property, do not provide a standardized process for evaluating public health and safety risks in the field, vests untrained city workers with an excessively discretionary role, and fails to align with public health principles". (Declaration of Miguel A. Gradilla (Gradilla Decl.), Ex. A, King Report

1

1   (Report) at ¶ 2.) Second, that his "in-person observations confirmed that these deficiencies in the 'Bag
2   and Tag' policy and training result in City workers making superficial and inappropriate assessments
3   of whether property is an 'immediate health and safety risk.'" (*Id.*) Third, that "the CMMS reports
4   prepared by City workers do not contain sufficient details about the property being assessed for
5   disposal and the reasons for disposal to conclude that the property was appropriately evaluated and
6   did, in fact, present an immediate health or safety risk". (*Id.*) And fourth, that "a revised 'Bag and Tag'
7   policy is necessary that incorporates clearly defined health and safety risk criteria, mandatory
8   assessments by trained public health personnel, and improved training for City personnel." (*Id.*) The
9   Court should exclude all four of his opinions.

## LEGAL STANDARD

11   Federal Rule of Evidence 702 provides that expert opinion is admissible only if (1) the witness
12   is "qualified as an expert by knowledge, skill, experience, training, or education"; (2) the "scientific,
13   technical, or other specialized knowledge will help the trier of fact to understand the evidence or to
14   determine a fact in issue"; (3) "the testimony is based on sufficient facts or data"; (4) "the testimony is
15   the product of reliable principles and methods"; and (5) "the expert's opinion reflects a reliable
16   application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Further, courts
17   must ensure that expert testimony "both rests on a reliable foundation and is relevant to the task at
18   hand." *See Daubert v. Merrell Dow Pharms., Inc.* ("Daubert I"), 509 U.S. 579, 597 (1993). Plaintiffs
19   here have the burden of establishing that King's testimony is admissible by a preponderance of the
20   evidence. *Id.* at 592 n.10; *see also Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir.
21   1996). They cannot make this showing.

## ARGUMENT

### I.   King's Opinions Are Irrelevant.

24   Expert opinions are relevant only if "the knowledge underlying [them has] a valid connection
25   to the *pertinent inquiry*." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014)
26   (emphasis added). Further, expert testimony is relevant if it "logically advances a material aspect of
27   the proposing party's case." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir.
28   1995). Here, King's opinions do not advance a "material aspect" of Plaintiffs' case, nor do they have a

"valid connection" with the pertinent inquiry. The only remaining issues in the case "challenge the City's alleged improper seizure and destruction of unhoused individuals' personal property in violation of the Fourth and Fourteenth Amendment and the California Constitution." (ECF No. 391 at 1.) Plaintiffs agree that the Bag & Tag policy, which Coalition helped draft, is constitutional.[1] (ECF Nos. 65 at 42; 289 at ¶ 237.) Yet King's opinions critique the Bag & Tag policy and related training for purportedly lacking "clear definitions and objective standards", which he asserts leads to "inappropriate assessments" of whether property constitutes an immediate health and safety risk. (Report at ¶¶ 2, 19.) He also concludes that the City's records documenting workers cleanup work at encampments contained in CMMS reports are insufficiently detailed and calls for a revamped Bag & Tag policy. (*Id.* at ¶ 2.)

Not one of King's opinions address a "pertinent inquiry" before the Court. No one disputes that the City's Bag & Tag policy is constitutional. The only issue before the Court is whether the City's *practices* are constitutional. That King believes the City should have adopted a different policy that conforms with his view of public health standards has nothing whatever to do with that question.

Further, the Court should not accept King's assumption and insistence that specialized knowledge is needed to interpret the Bag & Tag policy's plain meaning. The Bag & Tag policy is meant to be a tool for frontline City sanitation workers. King's academic, highly technical parsing is immaterial. Plaintiffs' counsel and other advocates helped draft the Bag & Tag policy (ECF No. 289 at ¶ 237) and nothing on the face of the policy suggests that it is couched in such stringent, technical terms or can only be applied by "qualified public health personnel" as King (without analysis) opines. (Ex. A ¶ 68.) And King's opinion that a new Bag & Tag Policy is required is entirely beside the point. (Report at ¶¶ 2, 66-69.) This opinion on its face does not address a "pertinent inquiry" and is therefore inappropriate and irrelevant.

Courts routinely exclude expert testimony as irrelevant where it does not address the pertinent question at hand. *Eline v. Town of Ocean City, MD*, 7 F.4th 214, 223 (4th Cir. 2021) (affirming the district court's exclusion of an expert as irrelevant where that expert's opinions did not address the

---

[1] Defendants move in a separate motion *in limine* to exclude evidence or argument that the Bag & Tag policy in unlawful.

1  question at hand); *United States v. Garcia*, No. 18-cr-00466-BLF, 2021 WL 4691310, at *12 (N.D.

2  Cal. Oct. 7, 2021) (excluding expert opinions as irrelevant to the issues in the case); *In re Twitter, Inc.*

3  *Sec. Litig.*, No. 16-cv-05314-JST, 2020 WL 9073168, *8 (N.D. Cal. April 20, 2020) (excluding an

4  expert's testimony on a subject on relevance grounds because the Court excluded evidence and

5  argument the expert's testimony was responsive to). The Court should do so here too.

6  **II.    King's Opinions Are Unreliable.**

7       Expert testimony is "reliable if the knowledge underlying it has a reliable basis in the

8  knowledge and experience of the relevant discipline." *City of Pomona*, 750 F.3d at 1044. All four of

9  King's opinions are unsupported by reliable bases and should be excluded.

10      **A.    King's Opinions Do Not Apply a Reliable Methodology.**

11      "[R]eliability becomes more, not less, important" when faced with an "'experienced-based'

12  expert opinion" that is "perhaps not subject to routine testing, error rate, or peer review type analysis,

13  like science-based expert testimony." *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir.

14  2020). An expert cannot rely on general qualifications to qualify as an expert. *Id.* at 900. "If the

15  witness is relying solely or primarily on experience, then the witness must explain how that experience

16  leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that

17  experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee note (2000). At his

18  deposition, King summarized his methodology for all four of his opinions as follows:

19          So the method of the opinion, as I mentioned earlier, was in the -- in the -- you know, with the background of experience in the fields and the appropriate methodologies as
20          the background that I mentioned previously, contrasting that with the observed language, record, descriptions in depositions of process, and how those differed from
21          my own experience and my own understanding of the terminology, the procedures that are commonly recommended. *So I would say that the methodology is really just in*
22          *contrasting what I reviewed with my own understanding and experience.*

23  (Gradilla Decl., Ex. B, King Tr. (King Tr.) 155:1-12) (emphasis added); see also (King Tr. 156:19-

24  158:14). King's explanation of his methodology amounts to his measuring the facts and evidence in

25  this case against a subjective standard of his own devising (which he does not spell out in his report)

26  that is grounded only in his general qualifications. Such an approach to developing expert testimony

27  will not do.

28

As the court in *United States v. Cerna* explained, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." No. CR 08-0730 WHA, 2010 WL 11627594, *6 (N.D. Cal. Dec. 17, 2010) (quoting *Gen. Elec. v. Joiner*, 522 U.S. 136, 146 (1997)). It further explained that courts should exclude expert opinions where "there is simply too great an analytical gap between the data and the opinion proffered." *Id.* (cleaned up). There, the court excluded a law enforcement officer's opinions because there was no way to tell whether they were "rooted in something more than his 'say so'" and, despite the expert's repeated invocation of his "training and experience," "[t]here was no objective factual foundation on which to test the opinions." *Id.* at *6-*7, *11.

So too here. For example, King asserts that the Bag & Tag policy's "co-mingled" definition is deficient. (Report at ¶¶ 26-28.) He declares that "a process of mitigation or remediation of health risks posed is recommended" and that City workers are not required to separate contaminated from non-contaminated items. (Report at ¶¶ 27-28.) However, he does not tie his critique to any data or other source other than himself. "Without such information or explanation of the methodology that [the expert] applied to reach these conclusions, [the expert's] conclusions are grounded in nothing more than his say so." *Siqueiros v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2022 WL 74182, at *14 (N.D. Cal. Jan. 7, 2022); *see also Perry v. Schwarzenegger*, 704 F.Supp.2d 921, 948 (N.D. Cal. 2010) (rejecting expert testimony where he gave no explanation for his methodology and connected his testimony to data "only by the *ipse dixit*").

In short, King does not root the methodology of any of his opinions to anything other than his "say so" making his opinions unreliable. All four of his opinions should therefore be excluded.

**B.      King's Opinions Invade the Role of the Court in This Case.**

King's opinions also are unreliable because they invade the role of the factfinder. As one glaring example, King concludes that City workers "were not conducting meaningful health and safety risk assessments before discarding property" and that the "lack of systematic evaluation resulted in the destruction of personal property." (Report at ¶ 39.) In another example, he categorically concludes that the CMMS reports are insufficiently detailed. (Report at ¶¶ 48-49.) These opinions do not help the factfinder understand factual evidence but rather reach conclusions on the Court's behalf. As the court

in *Cerna* explained, "expert testimony is only appropriate where 'untrained laymen' would be unable to intelligently comprehend the fact evidence and determine the particular issue without the guidance of an expert." 2010 WL 11627594, at *4; *see also United States v. Brown*, 871 F.3d 532, 539 (7th Cir. 2017) (cleaned up) ("But an expert's role is to help the trier of fact to understand the evidence, not to draw conclusions *for* the fact finder when no help is needed."). *In re Twitter, Inc.* illustrates this principle well. There the court did not permit an expert to present testimony based on his "review of internal Twitter documents and deposition testimony" because that would usurp the factfinder's role. *In re Twitter*, 2020 WL 9073168 at *9. The court further explained that Plaintiffs had "not shown that [the expert] has any specialized knowledge or expertise that would permit him to draw conclusions from these documents that a jury could not." *Id.*

Here, King's conclusions that City workers destroy personal property without first assessing it and that the CMMS reports are insufficiently detailed do not require specialized knowledge. King asserts that the CMMS reports, among other things, lack transparency, contain insufficient detail about the handling of personal property, and do not contain enough information about how health and safety risk determinations were made. (Report at ¶¶ 48-49.) However, King offers no methodology for his review of these records other than his assertion that he reviewed them. These documents speak for themselves and understanding them does not require King's purported expertise. Courts have excluded expert opinions that purport to "interpret" documents for the fact finder. For example, in *Pooshs v. Phillip Morris USA, Inc*, the court did not permit a public health expert to testify "as a summarizer" of documents or offer "testimony purporting to 'interpret' what the authors of those documents had in mind when they wrote them." 287 F.R.D. 543, 551-53 (N.D. Cal. 2012). King should not be allowed to "interpret" CMMS records that contain factual details about what happened at a given cleanup event. The parties will present plenty of evidence, including CMMS reports, for the factfinder to determine whether for a specific instance personal property was properly discarded. In other words, King's opinions do not help the Court "intelligently comprehend" the evidence, no specialized knowledge is needed for the Court to understand the evidence presented, and the Court should exclude King's opinions. *Cerna*, 2010 WL 11627594, at *4; *In re Twitter*, 2020 WL 9073168 at *9.

1      Similarly, King's various assertions throughout his report that the Bag & Tag policy should

2  adhere to OSHA's HAZWOPER guidance would amount to an impermissible legal conclusion. (*See,*

3  *e.g.*, Report at ¶¶ 23, 24, 30, 31.)  *In re Twitter* is again helpful. There the court did not allow an expert

4  to testify about "whether any SEC rule or regulation requires the disclosure of any metric at issue"

5  because such testimony "would amount to an impermissible legal conclusion." *Id.* at *9. So too here.

6  King's assertion that the Bag & Tag policy should incorporate OSHA's HAZWOPER guidance, which

7  King's report notes is codified in the Code of Federal Regulations, would also amount to an improper

8  legal conclusion as it did in *In re Twitter.*

9      The Court should prevent King from usurping its role and exclude King's opinions.

10  **C.    King's Opinion That a New Bag & Tag Policy Is Required Must Also Be Excluded as Unreliable, and Because He's Not Qualified to Provide Such an Opinion.**

11      King explained that his fourth opinion that a new Bag & Tag policy is required is a

12  "summation in some ways or a byproduct of the prior three opinions." (King Tr. 152:20-153:17.)

13  Since those three opinions are unreliable for the reasons detailed above, his fourth opinion necessarily

14  is also unreliable and must be excluded. Further, because King has no experience drafting policies

15  such as the Bag & Tag policy and fails to explain how his experience and knowledge allow him to

16  offer the opinion that an entirely new policy is required, he is unqualified to offer it and the Court

17  should exclude it. (King Tr. 268:8-13); *In re Twitter*, 2020 WL 9073168 at *11.

18                                   **CONCLUSION**

19      For the foregoing reasons, the Court should exclude King's opinions and testimony, including

20  those set forth in the Report, in full.

21      / / /

22      / / /

23      / / /

7

1   DATED: June 20, 2025                      Respectfully submitted,

2                                             DAVID CHIU
                                              City Attorney
3                                             YVONNE R. MERÉ
                                              EDMUND T. WANG
4                                             KAITLYN MURPHY
                                              MIGUEL A. GRADILLA
5                                             JOHN H. GEORGE
                                              STEVEN A. MILLS
6                                             Deputy City Attorneys

7
                                              **/s/ MIGUEL A. GRADILLA
8                                             MIGUEL A. GRADILLA

9
                                              WARREN METLITZKY
10                                            JESSICA ELAINE LANIER
                                              NATHAN D. THEOBALD
11                                            **CONRAD | METLITZKY | KANE LLP**

12

13                                            Attorneys for Defendants CITY AND COUNTY
                                              OF SAN FRANCISCO, et al.
14

15
    **Pursuant to L.R. 5-1, the e-filing attorney attests that each of the other Signatories have concurred in
16  the filing of this document.

17

18

19

20

21

22

23

24

25

26

27

28