DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
                    (415) 554-6762 (Murphy)
                    (415) 554-3870 (Gradilla)
                    (415) 554-4223 (George)
                    (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:        edmund.wang@sfcityatty.org
                    kaitlyn.murphy@sfcityatty.org
                    miguel.gradilla@sfcityatty.org
                    john.george@sfcityatty.org
                    steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:        wmetlitzky@conmetkane.com
                    jlanier@conmetkane.com
                    ntheobald@conmetkane.com

Attorneys for Defendants

CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF NO. 289)** <br><br> Trial Date:          July 28, 2025 |

Defendants City and County of San Francisco, et al. (collectively "San Francisco" or "Defendants") hereby respond to the Third Amended Complaint ("Complaint") filed on December 18, 2024, by Plaintiffs Coalition On Homelessness, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, and Teresa Sandoval, as follows:

## INTRODUCTION

1.      Responding to paragraph 1 of the Complaint, denied.

2.      Responding to paragraph 2 of the Complaint, denied.

3.      Responding to paragraph 3 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

4.      Responding to paragraph 4 of the Complaint, San Francisco admits it established an interagency task force called the Healthy Streets Operation Center ("HSOC"), that agencies including SFPD, DPW, DEM and HSH have participated in HSOC, and that Mayor Breed has celebrated the HSOC program, praised its success, and sought additional funding for it. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

5.      Responding to paragraph 5 of the Complaint, denied.

6.      Responding to paragraph 6 of the Complaint, San Francisco denies it is punishing residents who have nowhere to go. The remaining allegations of this paragraph state legal conclusions to which no response is required.

7.      Responding to paragraph 7 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers

that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

8.      Responding to paragraph 8 of the Complaint, denied.

9.      Responding to paragraph 9 of the Complaint, denied.

10.     Responding to paragraph 10 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

11.     Responding to paragraph 11 of the Complaint, denied.

12.     Responding to paragraph 12 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

13.     Responding to paragraph 13 of the Complaint, San Francisco admits the identity of the eight plaintiffs in this action. San Francisco denies the remaining allegations of this paragraph.

**JURISDICTION AND VENUE**

14.     Responding to paragraph 14 of the Complaint, admitted, however San Francisco denies this Court has subject matter jurisdiction because Plaintiffs lack standing and their claims are moot.

15.     Responding to paragraph 15 of the Complaint, San Francisco denies Plaintiffs are entitled to the relief they seek.

16.     Responding to paragraph 16 of the Complaint, Francisco denies the Court has jurisdiction over this case because Plaintiffs lack Article III standing.

17. Responding to paragraph 17 of the Complaint, San Francisco states that to the extent Plaintiffs have standing and cognizable claims, venue is proper in this district.

18. Responding to paragraph 18 of the Complaint, San Francisco admits that the conduct about which Plaintiffs complain occurred in the City and County of San Francisco. The remaining allegations in this paragraph contain legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the remaining allegations in this paragraph.

## PARTIES

19. Responding to paragraph 19 of the Complaint, San Francisco admits the existence of Plaintiff Coalition on Homelessness. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

20. Responding to paragraph 20 of the Complaint, San Francisco admits former Mayor Breed opposed this measure. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

21. Responding to paragraph 21 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

22. Responding to paragraph 22 of the Complaint, San Francisco states that Plaintiffs' theory of organizational harm to the Coalition on Homelessness was dismissed with prejudice by the Court's Order Granting Defendants' Partial Motion to Dismiss the Third Amended Complaint at ECF No. 391 and thus no response is required. To the extent the remaining allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco

denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

23.    Responding to paragraph 23 of the Complaint, San Francisco states that Plaintiffs' theory of organizational harm to the Coalition on Homelessness was dismissed with prejudice by the Court's Order Granting Defendants' Partial Motion to Dismiss the Third Amended Complaint at ECF No. 391 and thus no response is required. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

24.    Responding to paragraph 24 of the Complaint, San Francisco states that Plaintiffs' theory of organizational harm to the Coalition on Homelessness was dismissed with prejudice by the Court's Order Granting Defendants' Partial Motion to Dismiss the Third Amended Complaint at ECF No. 391 and thus no response is required. To the extent the remaining allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations. San Francisco denies Plaintiffs have standing for the claims asserted.

25.    Responding to paragraph 25 of the Complaint, San Francisco admits the existence of Plaintiff Molique Frank, but lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

26.    Responding to paragraph 26 of the Complaint, San Francisco denies any San Francisco employee ever harassed or assaulted Plaintiff Frank. San Francisco admits it settled a small claims action with Plaintiff Frank without an admission of liability, and therefore Plaintiff Frank lacks standing. San Francisco denies it participated in any unlawful conduct.

27.    Responding to paragraph 27 of the Complaint, San Francisco admits that it provided Plaintiff Frank housing during COVID-19 and that the City has sunsetted some of its COVID-19 specific policies now that the state of emergency has lifted. San Francisco denies that it evicted Mr.

Frank or any other resident in his building; when the Good Cohort Winter Shelter program closed in October 2022, all qualified residents, including Mr. Frank, were offered transfers to an alternative site. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

28.     Responding to paragraph 28 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

29.     Responding to paragraph 29 of the Complaint, San Francisco admits the existence of Plaintiff Teresa Sandoval and denies that any City and County of San Francisco employee harassed Plaintiff Sandoval or took "personal" property in violation of the City's bag and tag policy. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

30.     Responding to paragraph 30 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

31.     Responding to paragraph 31 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

32.     Responding to paragraph 32 of the Complaint, San Francisco denies that any employee of the City and County of San Francisco harassed Plaintiff Martinez or that any City employee unlawfully threatened him. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

33.     Responding to paragraph 33 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

34.     Responding to paragraph 34 of the Complaint, San Francisco admits the existence of Plaintiff Sarah Cronk and Plaintiff Joshua Donahoe and denies that any City and County of San Francisco employee harassed or unlawfully disturbed them or took their property in violation of the City's bag and tag policy. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

35.     Responding to paragraph 35 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

36.     Responding to paragraph 36 of the Complaint, San Francisco admits the existence of Plaintiff Joshua Donohoe and denies that any City and County of San Francisco employee harassed, threatened, or unlawfully disturbed Plaintiff Donohoe or took his property in violation of the City's bag and tag policy. San Francisco denies that Mr. Donohoe is homeless and lives in a tent; since February 2023, Mr. Donohoe has had a place at the Ellis Semi-Congregate Shelter. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

37.     Responding to paragraph 37 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

38.     Responding to paragraph 38 of the Complaint, San Francisco admits that the City and County of San Francisco is a municipal corporation organized under the laws of the State of California and denies the remaining allegations in this paragraph.

39.     Responding to paragraph 39 of the Complaint, San Francisco admits it established an interagency task force called the Healthy Streets Operation Center ("HSOC"). San Francisco denies the remaining allegations in this paragraph.

40.     Responding to paragraph 40 of the Complaint, admitted.

41.     Responding to paragraph 41 of the Complaint, San Francisco admits that Mayor Breed has celebrated the City's practices, that she has invested, sought additional funding for, and praised HSOC. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

42.     Responding to paragraph 42 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To

the extent that the allegations do not reflect the extrinsic document's full content and context, San

Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

43.    Responding to paragraph 43 of the Complaint, San Francisco admits Mr. Sam Dodge is

the director of HSOC and denies the remaining allegations in this paragraph.

44.    Responding to paragraph 44 of the Complaint, San Francisco admits the San Francisco

Police Department ("SFPD") is an agency of the City and County of San Francisco. To the extent the

allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San

Francisco avers that the extrinsic document is the best source of its full content and context. San

Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced

extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full

content and context, San Francisco denies the allegations. San Francisco denies the remaining

allegations in this paragraph.

45.    Responding to paragraph 45 of the Complaint, San Francisco admits that Mr. William

Scott is the Chief of Police. To the extent Plaintiffs allege Chief Scott is the final decision maker for

the SFPD, this paragraph contains mere characterizations of the Complaint, which do not require a

response. San Francisco denies the remaining allegations in this paragraph.

46.    Responding to paragraph 46 of the Complaint, San Francisco admits that the San

Francisco Department of Public Works ("DPW") is an agency of the City and County of San

Francisco and denies the remaining allegations in this paragraph.

47.    Responding to paragraph 47 of the Complaint, San Francisco admits that Ms. Carla

Short is the Interim Director of DPW. To the extent Plaintiffs allege Ms. Short is the final decision

maker for DPW, this paragraph contains mere characterizations of the Complaint, which do not

require a response. San Francisco denies the remaining allegations in this paragraph.

48.    Responding to paragraph 48 of the Complaint, San Francisco admits that the San

Francisco Department of Homelessness and Supportive Housing ("HSH") is an agency of the City and

County of San Francisco and that the Homeless Outreach Team ("HOT") assists other City agencies.

San Francisco denies the remaining allegations in this paragraph.

49.    Responding to paragraph 49 of the Complaint, denied.

50.     Responding to paragraph 50 of the Complaint, San Francisco admits that the San Francisco Fire Department ("SFFD") is an agency of the City and County of San Francisco that participates in HSOC resolutions and denies the remaining allegations in this paragraph.

51.     Responding to paragraph 51 of the Complaint, San Francisco admits SFFD participates in HSOC resolutions and denies the remaining allegations in this paragraph.

52.     Responding to paragraph 52 of the Complaint, San Francisco admits that the San Francisco Department of Emergency Management ("DEM") is an agency of the City and County of San Francisco, which houses HSOC and employs its director, and hosts meetings regarding HSOC resolutions. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

53.     Responding to paragraph 53 of the Complaint, San Francisco admits that Mary Ellen Carol is the Director of DEM, that Director Carol has spoken publicly about HSOC resolutions, and that she supervises HSOC. To the extent Plaintiffs allege Director Carol is the final decision maker for DEM, this paragraph contains mere characterizations of the Complaint, which do not require a response. San Francisco denies the remaining allegations in this paragraph.

**HISTORICAL AND FACTUAL BACKGROUND**

54.     Responding to paragraph 54 of the Complaint, San Francisco admits San Francisco is experiencing the national homelessness crisis and that there are persons experiencing homelessness in San Francisco. The City and County of San Francisco admits that like many social ills the homelessness crisis disproportionately impacts residents of color. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To

the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

55.    Responding to paragraph 55 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

56.    Responding to paragraph 56 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

57.    Responding to paragraph 57 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

58.    Responding to paragraph 58 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

59.    Responding to paragraph 59 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic

documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

60.    Responding to paragraph 60 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

61.    Responding to paragraph 61 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

62.    Responding to paragraph 62 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

63.    Responding to paragraph 63 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

64.     Responding to paragraph 64 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

65.     Responding to paragraph 65 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

66.     Responding to paragraph 66 of the Complaint, San Francisco admits that the Police and Port Code sections cited in this paragraph are validly enacted laws. The remaining allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

67.     Responding to paragraph 67 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations. San Francisco admits that like most cities, Black and Brown communities are overrepresented in San Francisco's homeless population. San Francisco denies the remaining allegations in this paragraph.

68.     Responding to paragraph 68 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

69.     Responding to paragraph 69 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

70.     Responding to paragraph 70 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

71.     Responding to paragraph 71 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

72.     Responding to paragraph 72 of the Complaint, San Francisco states that the allegations regarding a "prudent investment" is Plaintiffs' opinion, to which no response is required. The remaining allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content

and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

73.    Responding to paragraph 73 of the Complaint, denied.

74.    Responding to paragraph 74 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

75.    Responding to paragraph 75 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

76.    Responding to paragraph 76 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

## FACTUAL ALLEGATIONS

77.    Responding to paragraph 77 of the Complaint, San Francisco admits it lacks sufficient shelter to accommodate all persons experiencing homelessness in the City. San Francisco denies it conducts "sweeps." San Francisco conducts regular homeless outreach operations across the City.

78.    Responding to paragraph 78 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic

documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

79.    Responding to paragraph 79 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

80.    Responding to paragraph 80 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

81.    Responding to paragraph 81 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

82.    Responding to paragraph 82 of the Complaint, San Francisco admits that since March 2020, on-demand access to shelter has been limited, and San Francisco admits its 311 waitlist was discontinued after March 2020. San Francisco denies the remaining allegations in this paragraph.

83.    Responding to paragraph 83 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily

adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

84.    Responding to paragraph 84 of the Complaint, San Francisco admits that prior to March 2020, at times, not all persons in line for one-night shelter stays were accommodated. San Francisco lacks information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

85.    Responding to paragraph 85 of the Complaint, San Francisco admits it closed the 311 waitlist after the start of the COVID-19 pandemic, and as of the date of this answer the 311 waitlist remains closed. San Francisco admits that since April 2020, opportunities for self-referral to shelter remain limited; self-referral to shelter is available through San Francisco's inclement weather responses, the interfaith winter shelter program, and at sites that accept self-referral (e.g., Dolores Adult Shelter, BVHM, Hamilton Pregnant Person Pilot, and Oasis Family Shelter Program). Shelter self-referrals have also been available through the Tenderloin Linkage Center and through SFHOT outreach activities. San Francisco denies the remaining allegations in this paragraph.

86.    Responding to paragraph 86 of the Complaint, San Francisco admits on-demand access to shelter is generally not available to all who seek it. Shelter is available to those who request it through SFHOT outreach activities. Family shelter is available through Family Access Points, and beds are regularly available in family congregate shelter. San Francisco denies the remaining allegations in this paragraph.

87.    Responding to paragraph 87 of the Complaint, denied.

88.    Responding to paragraph 88 of the Complaint, denied.

89.    Responding to paragraph 89 of the Complaint, San Francisco admits that SF Police Code Section 168 was enacted in 2010, and that SF Park Code Section 3.13 was also enacted. These codes are the best source of their contents. San Francisco denies the remaining allegations in this paragraph.

90.    Responding to paragraph 90 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic

documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

91.    Responding to paragraph 91 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

92.    Responding to paragraph 92 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

93.    Responding to paragraph 93 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

94.    Responding to paragraph 94 of the Complaint, San Francisco admits it maintains written policies consistent with applicable federal, state, and local standards. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

95.    Responding to paragraph 95 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent

that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

96.    Responding to paragraph 96 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

97.    Responding to paragraph 97 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

98.    Responding to paragraph 98 of the Complaint, admitted. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

99.    Responding to paragraph 99 of the Complaint, San Francisco admits that the HSOC Director is a city employee and directs HSOC's daily operations. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

100.    Responding to paragraph 100 of the Complaint, San Francisco denies that HSOC conducts "sweeps."  HSOC conducts homeless outreach operations. San Francisco admits HSOC at

times coordinates with other City departments on various projects. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

101.    Responding to paragraph 101 of the Complaint, San Francisco states that HSOC is a compassionate, service-based response to homelessness. The remaining allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

102.    Responding to paragraph 102 of the Complaint, denied. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

103.    Responding to paragraph 103 of the Complaint, San Francisco admits HSOC focuses on connecting unhoused people with services. San Francisco admits a significant number of individuals who receive shelter offers at HSOC outreach operations decline those shelter offers. There are many reasons an individual might decline a shelter offer. San Francisco maintains approximately 11,000 supportive housing units. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do

not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

104.    Responding to paragraph 104 of the Complaint, this paragraph comprises argument to which no response is required. To the extent any allegation in this paragraph requires a response, San Francisco denies it. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

105.    Responding to paragraph 105 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

106.    Responding to paragraph 106 of the Complaint, San Francisco admits that an HSOC homeless outreach operation typically extends for two hours or more. San Francisco admits the City identifies the location for an HSOC outreach operation in advance. San Francisco admits that its participating agencies typically coordinate daily. San Francisco denies the remaining allegations in this paragraph.

107.    Responding to paragraph 107 of the Complaint, San Francisco admits that some encampment resolutions occur in the morning. San Francisco admits that DPW provides individuals at an encampment resolution with time to pack and move their belongings when moving is necessary. San Francisco denies the remaining allegations in this paragraph.

108.    Responding to paragraph 108 of the Complaint, San Francisco admits that SFHOT members extend shelter offers to unhoused individuals at HSOC outreach operations. HOT members are first on scene to lead with services, offering shelter and CE Assessments.

109.    Responding to paragraph 109 of the Complaint, denied.

110.     Responding to paragraph 110 of the Complaint, San Francisco admits that SFHOT outreach workers offer shelter and services to unhoused individuals at an encampment. San Francisco denies the remaining allegations in this paragraph.

111.     Responding to paragraph 111 of the Complaint, San Francisco admits that DPW workers clean in and around encampment resolutions and in some instances that may involve power washing the street and/or sidewalk. San Francisco denies the remaining allegations in this paragraph.

112.     Responding to paragraph 112 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution, that DPW discards items from encampment resolutions consistent with its bag and tag policy, and that to do so DPW may bring specialized vehicles to the resolution. San Francisco denies the remaining allegations in this paragraph.

113.     Responding to paragraph 113 of the Complaint, denied.

114.     Responding to paragraph 114 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

115.     Responding to paragraph 115 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

116.     Responding to paragraph 116 of the Complaint, San Francisco admits that DPW differentiates between trash an unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco

denies that DPW consistently finishes its operations around 9:30 a.m. San Francisco denies the remaining allegations in this paragraph.

117.    Responding to paragraph 117 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies that it engages in "sweeps" or that SFPD routinely threaten unhoused individuals. San Francisco denies the remaining allegations in this paragraph.

118.    Responding to paragraph 118 of the Complaint, denied.

119.    Responding to paragraph 119 of the Complaint, denied.

120.    Responding to paragraph 120 of the Complaint, San Francisco admits that SFHOT members offer shelter to all unhoused persons at an HSOC outreach operation. San Francisco denies the remaining allegations in this paragraph.

121.    Responding to paragraph 121 of the Complaint, San Francisco admits there are occasions when the available shelter beds do not align with an individual's needs, for example, when the individual is not able to manage activities of daily living ("ADLs"), is incontinent, or if only top bunks are available. San Francisco denies the remaining allegations in this paragraph.

122.    Responding to paragraph 122 of the Complaint, denied.

123.    Responding to paragraph 123 of the Complaint, denied.

124.    Responding to paragraph 124 of the Complaint, denied.

125.    Responding to paragraph 125 of the Complaint, San Francisco admits the City has more persons experiencing homelessness than it does shelter beds. San Francisco denies the remaining allegations in this paragraph.

126.    Responding to paragraph 126 of the Complaint, San Francisco denies there are no opportunities for individuals to request access to shelter.

127.    Responding to paragraph 127 of the Complaint, denied.

128.    Responding to paragraph 128 of the Complaint, San Francisco admits it allocates sufficient shelter beds to HSOC to accommodate the number of homeless individuals the City reasonably expects to accept a shelter offer. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

129.    Responding to paragraph 129 of the Complaint, denied.

130.    Responding to paragraph 130 of the Complaint, San Francisco admits its policy requires an offer of shelter or housing prior to ordering the permeant removal of a tent or encampment. San Francisco denies the remaining allegations in this paragraph.

131.    Responding to paragraph 131 of the Complaint, San Francisco admits its HSOC homeless outreach operations occur more often than bi-weekly, offering shelter and services to hundreds of unhoused people each year. San Francisco denies the remaining allegations in this paragraph.

132.    Responding to paragraph 132 of the Complaint, San Francisco admits that HSOC's participating agencies generally coordinate daily, review past homeless outreach operations, and discuss future operations. San Francisco denies the remaining allegations in this paragraph.

133.    Responding to paragraph 133 of the Complaint, San Francisco states that its written Bag and Tag Policies speak for themselves (See Dkt No. 62-1). To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

134.    Responding to paragraph 134 of the Complaint, San Francisco admits its policies provide for 72-hour notice of HSOC homeless outreach operations. San Francisco states that the notes

of an HSOC meeting speak for themselves. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

135. Responding to paragraph 135 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution, that DPW discards items from encampment resolutions consistent with its bag and tag policy, and that to do so DPW may bring specialized vehicles to the resolution. San Francisco denies the remaining allegations in this paragraph.

136. Responding to paragraph 136 of the Complaint, denied. DPW discards items from encampment resolutions consistent with its bag and tag policy.

137. Responding to paragraph 137 of the Complaint, denied. DPW discards items from encampment resolutions consistent with its bag and tag policy.

138. Responding to paragraph 138 of the Complaint, denied. DPW discards items from encampment resolutions consistent with its bag and tag policy.

139. Responding to paragraph 139 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

140. Responding to paragraph 140 of the Complaint, San Francisco states that DPW does maintain a "bag and tag" policy and that DPW employees do bag and tag property consistent with that policy. San Francisco denies the remaining allegations in this paragraph.

141. Responding to paragraph 141 of the Complaint, denied.

142. Responding to paragraph 142 of the Complaint, San Francisco denies that it conducts any "sweeps." San Francisco admits that it conducts homeless outreach outside of its HSOC operations. San Francisco denies the remaining allegations in this paragraph.

143.    Responding to paragraph 143 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco admits that it receives calls for service regarding homeless individuals on a daily basis and denies that it threatens unhoused or homeless individuals to arrest or cite them for being homeless when no services are offered or available. Many calls for service entail unhoused persons occupying private property, which does not always implicate SFPD Bulletin No. 10-080. San Francisco denies the remaining allegations in this paragraph.

144.    Responding to paragraph 144 of the Complaint, San Francisco admits that SFPD enforces lawful statutes, ordinances, and codes across the City at all hours, but denies the remaining allegations in this paragraph.

145.    Responding to paragraph 145 of the Complaint, denied. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

146.    Responding to paragraph 146 of the Complaint, San Francisco admits DPW performs street cleaning in different neighborhoods across San Francisco on a daily basis and that this work brings them into contact with tourists and residents, including persons experiencing homelessness. San Francisco denies the remaining allegations in this paragraph.

147.    Responding to paragraph 147 of the Complaint, this paragraph states a mere characterization of the facts to which no response is required. To the extent a response is required, San Francisco denies the allegations.

148.    Responding to paragraph 148 of the Complaint, San Francisco denies that they do not keep "appropriate records" of their activity. The remaining allegations in paragraph state a mere

characterization of the facts to which no response is required. To the extent a response is required, San Francisco denies the allegations.

149.    Responding to paragraph 149 of the Complaint, denied.

150.    Responding to paragraph 150 of the Complaint, denied.

151.    Responding to paragraph 151 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

152.    Responding to paragraph 152 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

153.    Responding to paragraph 153 of the Complaint, San Francisco denies that either SFPD or DWP engage in unlawful "sweep operations."

154.    Responding to paragraph 154 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies that SFPD engages in widespread enforcement of quality of life offenses or criminalizes homelessness.

155.    Responding to paragraph 155 of the Complaint, denied. Additionally, for the dispatches that did occur during the referenced time period, the majority are logged as either Gone or Arrival or Unable to Locate, indicating contact with an individual likely did not occur.

156.     Responding to paragraph 156 of the Complaint, San Francisco admits that SFPD cited or arrested an individual under California Penal Code section 647(e) at least 360 times during the referenced period, but denies that each of those individuals was unhoused.

157.     Responding to paragraph 157 of the Complaint, San Francisco cited or arrested fewer than 2,652 individuals for a violation of California Penal Code section 148(a) during the referenced time period. Additionally, San Francisco denies that all of those individuals were unhoused.

158.     Responding to paragraph 158 of the Complaint, an Francisco admits that the previous paragraphs do not contain citations for a violation of San Francisco Park Code or Penal Code sections 370 or 372, but deny Plaintiffs' description of those statutes as quality of life offenses targeting unhoused individuals.

159.     Responding to paragraph 159 of the Complaint, denied.

160.     Responding to paragraph 160 of the Complaint, denied.

161.     Responding to paragraph 161 of the Complaint, San Francisco admits that DPW crew use bag and tag logs when property is collected and stored pursuant to department policy. San Francisco denies the remaining allegations in this paragraph.

162.     Responding to paragraph 162 of the Complaint, San Francisco admits the amount of property logged by DPW during the time at issue, but denies that it ever removed individuals during an encampment resolution.

163.     Responding to paragraph 163 of the Complaint, denied.

164.     Responding to paragraph 164 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best source of its full content and context. Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

165.     Responding to paragraph 165 of the Complaint, San Francisco admits that the City Attorney's Office receives government claim forms, including claim forms for individual alleging the City destroyed their property. San Francisco admits that the City has settled some of these claims and

that the collective amount of those settlements exceeds $100,000 since the City was founded. San Francisco denies liability for the claims alleged in these actions. San Francisco denies the remaining allegations in this paragraph.

166.    Responding to paragraph 166 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco further states that after the small claims actions to which Plaintiffs refer were appealed and then settled, the underlying small claims court judgments were rendered void. San Francisco disputes the allegations Plaintiffs made in these claims.

167.    Responding to paragraph 167 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

168.    Responding to paragraph 168 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

169.    Responding to paragraph 169 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

170.    Responding to paragraph 170 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

171.    Responding to paragraph 171 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

172.    Responding to paragraph 172 of the Complaint, San Francisco denies that HSOC resolutions displace individuals in large numbers on a daily basis. San Francisco lacks sufficient

information to determine the truth of the remaining allegations in this paragraph and deny them on that basis.

173.     Responding to paragraph 173 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

174.     Responding to paragraph 174 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

175.     Responding to paragraph 175 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

176.     Responding to paragraph 176 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

177.     Responding to paragraph 177 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

178.     Responding to paragraph 178 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

179.     Responding to paragraph 179 of the Complaint, San Francisco recognizes the existence of Plaintiff Coalition on Homelessness. San Francisco lacks sufficient information to determine the truth of the remaining allegations in this paragraph and deny them on that basis.

180.     Responding to paragraph 180 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

181.     Responding to paragraph 181 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies it participated in any unlawful conduct.

182.     Responding to paragraph 182 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

183.     Responding to paragraph 183 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

184.    Responding to paragraph 184 of the Complaint, San Francisco denies it engaged in any unlawful conduct during the encampment resolutions identified in this paragraph.

185.    Responding to paragraph 185 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

186.    Responding to paragraph 186 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

187.    Responding to paragraph 187 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

188.    Responding to paragraph 188 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

189.    Responding to paragraph 189 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

190.    Responding to paragraph 190 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

191.    Responding to paragraph 191 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

192.    Responding to paragraph 192 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

193.    Responding to paragraph 193 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis. San Francisco denies they participated in any unlawful conduct.

194.    Responding to paragraph 194 of the Complaint, San Francisco lacks sufficient information to determine the truth of the allegations in this paragraph and deny them on that basis.

195.     Responding to paragraph 195 of the Complaint, San Francisco admits that there are some unhoused individuals in San Francisco living with a disability. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks sufficient information to determine the truth of the remaining allegations in this paragraph and deny them on that basis.

196.     Responding to paragraph 196 of the Complaint, San Francisco denies it fails to provide reasonable accommodations as required by state or federal disability law. San Francisco denies they participated in any unlawful conduct.

197.     Responding to paragraph 197 of the Complaint, San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

198.     Responding to paragraph 198 of the Complaint, San Francisco admits DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

199.     Responding to paragraph 199 of the Complaint, San Francisco lacks sufficient information to determine what Coalition on Homelessness volunteers observed. San Francisco denies it participated in any unlawful conduct. San Francisco admits that DPW differentiates between trash and unattended property at an encampment resolution and that DPW discards items from encampment resolutions consistent with its bag and tag policy. San Francisco denies the remaining allegations in this paragraph.

200.     Responding to paragraph 200 of the Complaint, denied.

201.     Responding to paragraph 201 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of its full content and context. San Francisco does not necessarily adopt

the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

202.    Responding to paragraph 202 of the Complaint, denied.

203.    Responding to paragraph 203 of the Complaint, San Francisco lacks sufficient information to determine how unhoused individuals use their property. San Francisco denies the any remaining allegations in this paragraph.

204.    Responding to paragraph 204 of the Complaint, the allegations in this paragraph of the Complaint purport to describe or quote extrinsic documents. San Francisco avers that the extrinsic documents are the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

205.    Responding to paragraph 205 of the Complaint, San Francisco admits that it discards certain items in public spaces consistent with DPW policies. San Francisco denies it participated in any unlawful conduct. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

206.    Responding to paragraph 206 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph. San

1  Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that

2  basis, denies the allegations.

3      207.    Responding to paragraph 207 of the Complaint, to the extent the allegations in this

4  paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers

5  that the extrinsic document is the best source of its full content and context. San Francisco does not

6  necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To

7  the extent that the allegations do not reflect the extrinsic document's full content and context, San

8  Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph. San

9  Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that

10 basis, denies the allegations.

11     208.    Responding to paragraph 208 of the Complaint, San Francisco denies that encampment

12 resolutions expose individuals to violent crime. The remaining allegations in this paragraph purport to

13 describe or quote an extrinsic document. San Francisco avers that the extrinsic document is the best

14 source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or

15 opinions expressed in the referenced extrinsic document. To the extent that the allegations do not

16 reflect the extrinsic document's full content and context, San Francisco denies the allegations.

17     209.    Responding to paragraph 209 of the Complaint, denied.

18     210.    Responding to paragraph 210 of the Complaint, San Francisco denies it has a custom

19 and practice of criminalizing homelessness, or of exposing individuals to serious dangers that impact

20 their health, or that it carries out its activities without appropriately addressing the needs of unhoused

21 individuals who are disabled. The remaining allegations in this paragraph contain legal contentions or

22 conclusions, which do not require a response. To the extent a response is required, San Francisco

23 denies the allegations in this paragraph.

24     211.    Responding to paragraph 211 of the Complaint, San Francisco admits that SFPD, DPW,

25 HSH, DEM, and SFFD participate in HSOC resolutions. San Francisco denies the remaining

26 allegations in this paragraph.

27     212.    Responding to paragraph 212 of the Complaint, denied. San Francisco denies it

28 participated in any unlawful conduct.

213.    Responding to paragraph 213 of the Complaint, denied. San Francisco denies it participated in any unlawful conduct.

214.    Responding to paragraph 214 of the Complaint, San Francisco admits its HOT team members make shelter offers to homeless individuals. San Francisco denies the remaining allegations in this paragraph.

215.    Responding to paragraph 215 of the Complaint, San Francisco admits that DPW, SFPD. and SFFD participate in HSOC resolutions. San Francisco denies the remaining allegations in this paragraph.

216.    Responding to paragraph 216 of the Complaint, San Francisco admits that the Department of Emergency Management ("DEM") coordinates multi-agency operations to perform outreach and offer housing and other services to the unhoused population. San Francisco further admits that DEM hosts daily and weekly HSOC meetings with, inter alia, the listed departments to plan future HSOC operations. San Francisco denies this paragraph's remaining allegations.

217.    Responding to paragraph 217 of the Complaint, San Francisco admits that Samuel Dodge takes an active role in coordinating HSOC operations. San Francisco denies this paragraph's remaining allegations.

218.    Responding to paragraph 218 of the Complaint, San Francisco admits that Mayor Breed has expressly called for law enforcement to remove unhoused individuals from public property and that Mayor Breed has made public statements that the City does not have enough affordable housing or shelter to meet its needs. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

219.    Responding to paragraph 219 of the Complaint, denied. San Francisco denies they participated in any unlawful conduct.

220.    Responding to paragraph 220 of the Complaint, San Francisco denies it has engaged in any unconstitutional conduct and admit that the City and County of San Francisco regularly engaged with advocates to collaborate on modifications to City policy.

221.    Responding to paragraph 221 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotations attributed to City employees and therefore denies them. San Francisco denies the remaining allegations in this paragraph.

222.    Responding to paragraph 222 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies it participated in any unlawful conduct.

223.    Responding to paragraph 223 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotations attributed to City employees and therefore denies them. San Francisco denies the remaining allegations in this paragraph.

224.    Responding to paragraph 224 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotation attributed to a former City employee and therefore denies the remaining allegations in this paragraph.

225.    Responding to paragraph 225 of the Complaint, San Francisco denies a "categorical failure" of the bag and tag policy. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

226.    Responding to paragraph 226 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotation attributed to a former City employee and therefore denies it. San Francisco denies the remaining allegations in this paragraph.

227.    Responding to paragraph 227 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

228.    Responding to paragraph 228 of the Complaint, San Francisco lacks sufficient information to verify the accuracy of the quotation attributed to a former City employee and therefore denies it. San Francisco denies the remaining allegations in this paragraph.

229.    Responding to paragraph 229 of the Complaint, San Francisco responds that the referenced document speaks for itself. San Francisco denies the remaining allegations in this paragraph.

230.    Responding to paragraph 230 of the Complaint, San Francisco responds that the referenced documents speak for themselves. San Francisco denies the remaining allegations in this paragraph.

231.    Responding to paragraph 231 of the Complaint, San Francisco responds that the referenced document speaks for itself. San Francisco denies the remaining allegations in this paragraph.

232.    Responding to paragraph 232 of the Complaint, to the extent the allegations in this paragraph purport to describe or quote extrinsic documents, San Francisco avers that the extrinsic documents are the best source of their full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic documents' full content and context, San Francisco denies the allegations.

233.    Responding to paragraph 233 of the Complaint, San Francisco admits that initial daily HSOC shelter allocations are typically assigned at approximately 8:30 each morning, and those initial allocations are adjusted as necessary to accommodate any unanticipated need. San Francisco denies the remaining allegations in this paragraph.

234.    Responding to paragraph 234 of the Complaint, the referenced documents speak for themselves. San Francisco denies HSOC received no shelter allocation on October 30, 2020. San Francisco denies the remaining allegations in this paragraph.

235.    Responding to paragraph 235 of the Complaint, San Francisco denies that it enforces its sit/lie/sleep laws against an individual without offering them shelter. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

236.    Responding to paragraph 236 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the allegations in this paragraph.

237.    Responding to paragraph 237 of the Complaint, San Francisco denies that DPW's bag and tag policy has not been updated since prior to 2021 or that DPW has not performed training on the current bag and tag policy. San Francisco admits that DPW enforces its bag and tag policy. San Francisco also denies that it had "repeated property destruction practices." San Francisco admits it has entered into settlement agreements to resolve certain small claims action regarding property. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. San Francisco does not necessarily adopt the truth of the facts or opinions expressed in the referenced extrinsic document. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco denies the remaining allegations in this paragraph.

238.    Responding to paragraph 238 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

239.    Responding to paragraph 239 of the Complaint, San Francisco denies that it unlawfully destroyed Plaintiff Vaughn's property and admit the City settled a small claims action with Plaintiff Vaughn while the action was on appeal. The settlement on appeal of his claim vacated the small claims court judgment in his favor and any factual findings of the small claims court. San Francisco denies it participated in any unlawful conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

240.    Responding to paragraph 240 of the Complaint, San Francisco denies it threatened Plaintiff Vaughn and lack information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

241.    Responding to paragraph 241 of the Complaint, San Francisco admits that it enforces the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff Castaño's property. San Francisco denies the remaining allegations in this paragraph.

242.    Responding to paragraph 424 of the Complaint, San Francisco admits the settled a small claims action with Plaintiff Castaño while is action was on appeal. The settlement on appeal of his claim vacated the small claims court judgment in his favor and any factual findings of the small claims court. San Francisco denies it participated in any unlawful conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

243.    Responding to paragraph 243 of the Complaint, San Francisco admits that it enforces the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff Frank's property. San Francisco also denies its employees assaulted Plaintiff Frank. San Francisco denies the remaining allegations in this paragraph.

244.    Responding to paragraph 244 of the Complaint, San Francisco admits it settled a small claims action with Plaintiff Frank. San Francisco denies it participated in any unlawful conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

245.    Responding to paragraph 245 of the Complaint, San Francisco admits that it enforces the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff Sandoval's property. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

246.    Responding to paragraph 246 of the Complaint, San Francisco denies that it has engaged in any unlawful conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

247.    Responding to paragraph 247 of the Complaint, San Francisco admits that it enforces the Department of Public Work's bag and tag policy and deny that it unlawfully destroyed Plaintiff Martinez's property. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

248.    Responding to paragraph 248 of the Complaint, San Francisco denies that its employees unlawfully engaged with Mr. Martinez. San Francisco lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

249.    Responding to paragraph 249 of the Complaint, San Francisco denies that its employees unlawfully engaged with Ms. Cronk or Mr. Donohoe on the dates alleged. San Francisco lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

250.    Responding to paragraph 250 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

251.    Responding to paragraph 251 of the Complaint, denied. San Francisco denies they participated in any unlawful conduct.

252.    Responding to paragraph 252 of the Complaint, denied. San Francisco denies they participated in any unlawful conduct.

253.    Responding to paragraph 253 of the Complaint, denied. San Francisco denies they participated in any unlawful conduct.

254.    Responding to paragraph 254 of the Complaint, San Francisco denies they participated in any unlawful conduct. This paragraph contains legal contentions or conclusions, which do not

require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

**First Cause of Action**

**Property Destruction: Unreasonable Search and Seizure
Under the Fourth Amendment to the U.S. Constitution
Pursuant to 42 U.S.C. § 1983**

**(All Plaintiffs Against Defendants City of San Francisco, SFPD, and DPW)**

255. Responding to paragraph 255 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

256. Responding to paragraph 256 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

257. Responding to paragraph 257 of the Complaint, denied.

258. Responding to paragraph 258 of the Complaint, denied.

259. Responding to paragraph 259 of the Complaint, denied.

260. Responding to paragraph 260 of the Complaint, San Francisco states that Plaintiffs' theory of organizational harm to the Coalition on Homelessness was dismissed with prejudice by the Court's Order Granting Defendants' Partial Motion to Dismiss the Third Amended Complaint at ECF No. 391 and thus no response is required. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations. San Francisco denies its conduct harms Plaintiffs or that Plaintiffs have standing for the claims alleged.

**Second Cause of Action**

**Property Destruction: Unreasonable Search and Seizure
Under Article I, § 13 of the California Constitution**

**(All Plaintiffs Against Defendants City of San Francisco, SFPD, and DPW)**

261. Responding to paragraph 261 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

262.    Responding to paragraph 262 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

263.    Responding to paragraph 263 of the Complaint, denied.

264.    Responding to paragraph 264 of the Complaint, San Francisco denies its conduct harms Plaintiffs or that Plaintiffs have standing for the claims alleged. San Francisco states that Plaintiffs' theory of organizational harm to the Coalition on Homelessness was dismissed with prejudice by the Court's Order Granting Defendants' Partial Motion to Dismiss the Third Amended Complaint at ECF No. 391 and thus no response is required. This paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

### Third Cause of Action

### Violation of Procedural Due Process
### Under the Fourteenth Amendment to the U.S. Constitution
### Pursuant to 42 U.S.C. § 1983

### (All Plaintiffs Against All Defendants)

265.    Responding to paragraph 265 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

266.    Responding to paragraph 266 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

267.    Responding to paragraph 267 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

268.    Responding to paragraph 268 of the Complaint, denied.

269.    Responding to paragraph 269 of the Complaint, denied.

270.    Responding to paragraph 270 of the Complaint, San Francisco states that Plaintiffs' theory of organizational harm to the Coalition on Homelessness was dismissed with prejudice by the

Court's Order Granting Defendants' Partial Motion to Dismiss the Third Amended Complaint at ECF No. 391 and thus no response is required. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations. San Francisco denies its conduct harms Plaintiffs or that Plaintiffs have standing for the claims alleged.

**Fourth Cause of Action**

**Violation of Procedural Due Process**
**Under Article I, §§ 7(a), 15 of the California Constitution**

**(All Plaintiffs Against All Defendants)**

271.    Responding to paragraph 271 of the Complaint, this paragraph contains mere characterizations of the Complaint, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

272.    Responding to paragraph 272 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

273.    Responding to paragraph 273 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph.

274.    Responding to paragraph 274 of the Complaint, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, San Francisco denies the allegations in this paragraph. San Francisco denies its conduct harms Plaintiffs or that Plaintiffs have standing for the claims alleged. San Francisco states that Plaintiffs' theory of organizational harm to the Coalition on Homelessness was dismissed with prejudice by the Court's Order Granting Defendants' Partial Motion to Dismiss the Third Amended Complaint at ECF No. 391 and thus no response is required.

**ANSWER TO PRAYER**

San Francisco denies each and every legal conclusion and factual assertion in Plaintiffs' prayer for relief, and further deny that Plaintiffs are entitled to any of the relief sought.

**SEPARATE AFFIRMATIVE DEFENSES**

San Francisco alleges on information and belief the following affirmative defenses. San Francisco does not waive, but does not need to enumerate specifically its defenses that identify Plaintiffs' failure to meet their prima facie case, such as failure to state a claim or a lack of proximate cause. *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1030, 1088 (9th Cir. 2002). By setting forth these affirmative defenses, San Francisco does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs with Plaintiffs. Moreover, nothing stated in any of these affirmative defenses is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations.

San Francisco presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. San Francisco reserves the right to assert additional defenses in the event that discovery indicates that it would be appropriate.

Except where otherwise stated, each affirmative defense listed below is a defense to every cause of action Plaintiffs' allege.

**FACTUAL ALLEGATIONS SUPPORTING AFFIRMATIVE DEFENSES**

In addition to the specific allegations included below, San Francisco incorporates each of the following allegations into each Affirmative Defense stated below.

Homelessness is one of the most obvious social problems in San Francisco, apparent on sidewalks and streets throughout the City. The solutions for homelessness are unfortunately anything but obvious or simple. Like cities throughout California and the Western United States, San Francisco has a significant and persistent population of persons experiencing homelessness.

Unlike many other cities, and despite the significant and complicated challenges, San Francisco assists persons experiencing homeless in myriad ways – free shelter, healthcare, permanent housing, groceries, and prepared meals, just to name a few. These lifesaving and compassionately-provided resources are not dispensed by a faceless City bureaucracy. They are offered by hundreds of employees within City departments who are defendants in this lawsuit, many of whom have dedicated years if not decades to providing care and help in incredibly challenging circumstances.

Far from "criminalizing homelessness," San Francisco allocates more than $670 million annually to its Department of Homelessness and Supportive Housing ("HSH"), which, along with many other departments, provides a range of services-first resources to prevent homelessness, alleviate the suffering of the homeless, and help people start a new life with the support of permanent housing. The following are just some of those many services:

- **Coordinated entry** is the "front door" for connecting households experiencing homelessness to the resources needed to resolve their housing crisis. Last year, HSH's Coordinated Entry program conducted 8,743 assessments.

- **San Francisco's Homeless Outreach Team** ("SFHOT") provides citywide outreach seven days a week, connecting individuals living outside with available and appropriate resources, through outreach, engagement, and case management. SFHOT works collaboratively with DPH's Street Medicine team to address medical and behavioral health needs of people experiencing homelessness. During the 2021 fiscal year, SFHOT made 1,652 shelter placements through this citywide outreach work. In addition, SFHOT made approximately 1,000 placements in coordination with HSOC encampment resolutions. Specialized outreach teams also provide services-first alternatives to law enforcement for 911 calls or 311 calls from the public.

- HSH's **temporary shelter** inventory includes navigation centers, transitional housing, cabins, trailers, Shelter-in-Place hotels, other forms of congregate, non-congregate, and semi-congregate shelters, stabilization beds, and safe sleep sites.

- HSH's **Problem Solving Program** focuses on clients who do not require ongoing support, but who can benefit from a timely intervention, such as a one-time flexible grant to help resolve their homelessness or to reconnect with a support network.

- HSH's **Homelessness Prevention Program** aims to help people from becoming homeless by providing critical financial support. Last year, the Homelessness Prevention Program disbursed $4.7 million to households needing assistance with back rent, future rent, and/or move-in costs.

- HSH devotes more than half of its annual budget to **supportive housing**, offering permanent solutions to homelessness. Last year, HSH moved 2,057 households into supportive housing and maintained approximately 11,000 households in existing permanent supportive housing. And HSH acquired six sites for permanent supportive housing, which will provide 625 additional units with over 1,100 bedrooms. HSH's newest supportive housing project at 1064 Mission Street offers 256 units of supportive housing, with on-site services and a culinary job training and education program.

- HSH's **Housing Ladder Program** offers opportunities for tenants in supportive housing, when appropriate, to move up the "ladder" to subsidized housing using lower levels of support services. Last year, HSH opened the Abigail Hotel on McAllister Street as a new Housing Ladder site.

Healthy Streets Operation Center ("HSOC") encampment engagements are one of the many ways that City employees connect with and provide services to people experiencing homelessness in San Francisco. The goals of HSOC engagements are to (1) conduct outreach to clients, (2) offer services and housing to clients, (3) remove hazardous or abandoned tents, structures, and vehicles, and (4) clean and secure the site. HSOC engagements, which are planned and conducted by across multiple departments, including SFPD, DPW, DEM, DPH, and/or SFFD, generally occur several times a week.

Before an HSOC resolution, SFHOT outreach workers conduct outreach at each of the encampments with an upcoming engagement. SFHOT staff provide the occupants of the encampment verbal notice of the upcoming engagement, assess them for housing and interest in shelter or other services, explain the process for accessing shelter, explain what to expect on the day of the resolution, and post written notices in and around the encampment.

During HSOC engagements, San Francisco offers encampment occupants shelter and provides them additional time to pack up and move their belongings. SFHOT outreach workers assigned to staff HSOC resolutions arrive first and remind encampment occupants of the timeframe and process and – as discussed with encampment occupants the weekend prior – offers to connect them to various services, including shelter.

SFHOT workers inform encampment occupants that shelter is available, and if an individual is interested, they take their information, including their preference for any specific shelter or type of shelter. If an encampment occupant is interested in shelter, HSH confirms they are not already housed or sheltered in a San Francisco-supported programs. SFHOT workers regularly encounters encampment occupants who already have City-provided housing, but choose to live in an encampment or maintain a tent or other structure in an encampment to house their belongings.

Unfortunately, a significant proportion of people who are offered shelter do not accept it. Some are not interested in the specific shelter available and refuse, others refuse by not responding to SFHOT workers at all or not providing basic personal information necessary to determine their eligibility and placement needs or preferences. For those encampment occupants who want a shelter placement, and do not already have one, SFHOT coordinates with HSH to provide it. Once provided, HSOC often drives people to the shelter or, in some cases, arranges for a taxi to do so.

Following outreach by SFHOT, DPW cleans the area and disposes of trash and other debris. DPW stores and discards items left behind consistent with its policy and procedure for the removal and temporary storage of personal items collected from public property, known as its "Bag and Tag" policy. All parties agree this policy as written satisfies the requirements of the State and Federal Constitutions.

Despite the many HSOC engagements and other encounters between unsheltered homeless people and City employees, including law enforcement, a tiny percentage resulted in citations or arrests for violation of any sit/lie laws. In fact, in all of 2022 and 2023 so far, San Francisco has enforced Penal Codes 647(e), 370, and 372, and S.F. Police Code 168 and 169 fewer than two dozen times. This record of minimal enforcement reflects the reality that HSOC, and San Francisco's homeless services generally, are overwhelming directed at outreach and the provision of free shelter and related services.

The Individual Plaintiffs' experiences reflect this reality.

Plaintiffs, who have benefited from the City's many and costly services, now seek to substitute their policy preferences for those of San Francisco's voters, elected officials, and department professionals. Plaintiffs and their counsel have been explicit that the goal of this suit is to force the

City to end HSOC engagements and spend billions of taxpayer dollars to build housing for every homeless person in the City, including those who have no intention of accepting it. For example, Plaintiffs' counsel stated to KQED that "the aim of the suit is to shift away from enforcement toward building affordable housing."[1]

The San Francisco *Chronicle*, based on comments from the director of Plaintiff the Coalition on Homelessness, reported that "[t]he ultimate goal of the lawsuit is to push the city to instead spend billions on affordable housing to provide shelter for everyone."[2]  The same article quoted Plaintiff Coalition's director:  "We hope to accomplish a dramatic shift from a city that responds to homelessness with sweeps, with confiscation of property, with criminalizing folks for being poor to a city that is instead addressing the issue at its core through the provision of housing."

Plaintiffs' individual declarations have made also their intentions clear. For example, Plaintiff Martinez stated that "San Francisco is such a nice city, with so much money. There are plenty of buildings and lots lying vacant that have not been developed. The City should be turning its resources towards building affordable housing so no one else has to become homeless in the first place."  ECF No 9-4 at 22. Litigation is not the appropriate venue for Plaintiffs to pursue their lobbying goals.

## FIRST AFFIRMATIVE DEFENSE
### (Standing)

The Complaint, and all claims asserted therein, are barred in whole or in part because Plaintiffs lack standing to assert the claims and/or seek the requested relief. The Individual Plaintiffs are all either housed, have rejected adequate offers of shelter, or have alternative places to store personal property, and therefore no longer have standing to pursue their claims and any threat that they will be harmed in the future is conjecture and not sufficiently concrete to support standing. Plaintiffs failed to failed to comply or exhaust the claim presentation requirements of the California Government Claims Act, and their deadline to comply expire; or, alternatively, any redress from their government claims was resolved or addressed through administrative and state court proceedings. Plaintiff Coalition on

---

[1] https://www.kqed.org/news/11926891/unhoused-san-francisco-residents-sue-city-over-displacement-rights-violations

[2] https://www.sfchronicle.com/sf/article/S-F-sued-over-homeless-camp-sweeps-as-advocates-17471443.php

1  Homelessness lacks standing because it failed to show its members have standing, that the interests at

2  stake in this litigation are connected to its organizational purpose, and that neither its claims or the

3  relief requested requires participation of its members. To the extent any element of standing is

4  "prudential," San Francisco objects that any prudential label is irreconcilable with separation of

5  powers.

### SECOND AFFIRMATIVE DEFENSE
(Estoppel)

8  By reason of Plaintiffs' own acts and omissions Plaintiffs are estopped from seeking any

9  recovery from San Francisco based on the allegations set forth in the complaint. Plaintiffs repeatedly

10  rejected offers of shelter and services from San Francisco. San Francisco relied on these statements

11  and was prejudiced by such reliance.

12  Many of the Plaintiffs, as well as unhoused individuals on whose behalf the Coalition on

13  Homelessness allegedly brings their claims in this lawsuit, also separately filed claims against the City

14  and County of San Francisco in small claims court based on alleged destruction of property. On the

15  appeal, those individuals were represented by the same counsel who is litigating on Plaintiffs' behalf

16  in this action. Many of the claims were dismissed, for failure to exhaust the administrative remedies,

17  some were settled and by doing so, Plaintiffs' waived and released all of their claims against the City

18  and County of San Francisco, including those asserted in this lawsuit. San Francisco relied on these

19  statements and was prejudiced by such reliance.

20  Plaintiffs are also estopped from contending that any written policy is unconstitutional because

21  they expressly waived that position and San Francisco and the Court relied upon it.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

24  As a separate and affirmative defense to the complaint and to each and every allegation set

25  forth therein, San Francisco alleges that the complaint and each cause of action therein are barred by

26  the doctrine of unclean hands. Plaintiffs have engaged in inequitable behavior related to the subject

27  matter of their claims. Specifically, many Plaintiffs repeatedly rejected offers of adequate shelter from

28

San Francisco, pursued the identical claims in state court proceedings, which were either dismissed, settled, or resolved, or engaged in criminal activity during the incidents at issue.

### FOURTH AFFIRMATIVE DEFENSE
#### (Waiver)

The Complaint, and all claims asserted therein, are barred in whole or in part to the extent Plaintiffs waived such claims. Many of the Plaintiffs and other unhoused individuals separately filed claims against the City and County of San Francisco in small claims court based on unverifiable assertions of destruction of property. On the appeal in the state court proceedings, those individuals were represented by the same counsel in this action. The claims were either dismissed, settled and/or resolved, and certain individual plaintiffs signed a release and waiver of their claims against the City and County of San Francisco. Plaintiffs therefore have waived further claims against the City, including its constituent agencies and departments, yet used the same factual assertions to support their claims in this litigation.

### FIFTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

San Francisco alleges that the complaint is barred by the statute of limitations. The statute of limitations on Plaintiffs' claims is two years, yet the allegations in the complaint cover a longer timeframe. The Coalition on Homelessness' claims and factual assertions are also restricted in time and scope based on *Hastings College of the Law v. City and County of San Francisco,* Case No. 4:20-cv-03033-JST. The Coalition on Homelessness dismissed its claims on October 7, 2020, which cutoff all claims, underlying facts and/or disputes related to events occurring before that date, including those Plaintiffs allege in this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE
#### (Res Judicata & Collateral Estoppel)

To the extent any of the allegations in the Complaint have been previously litigated, those allegations and/or the Complaint, and each cause of action therein, are barred by the doctrine of *res judicata* and collateral estoppel. Many of the Plaintiffs including the unhoused individuals on whose behalf of the Coalition on Homelessness brings their claims in this lawsuit, separately filed claims

against the City and County of San Francisco in small claims court based on alleged destruction of property. To the extent those claims have been resolved in favor of the City and County of San Francisco, Plaintiffs cannot rely on them as support for their claims in this litigation. Plaintiff Coalition on Homelessness, moreover, asserted identical claims in *Hastings College of the Law v. City and County of San Francisco,* Case No. 4:20-cv-03033-JST, and, to the extent the COH raises concerns or claims related to the Tenderloin neighborhood, it must be raised in that forum rather than through this lawsuit.

### SEVENTH AFFIRMATIVE DEFENSE
(Separation of Powers)

The Complaint, and all claims asserted therein, are barred to the extent the relief Plaintiffs seek would vest the judiciary with the power, right, or ability to expend public funds and/or deprive San Francisco's legislative branch of the right to exercise its discretion to expend public funds. The powers of the federal judiciary are limited to those the Constitution provides. A city's response to housing, homelessness, budget allocation, democratically approved taxes, and associated community ills are complex policy decisions left to the legislative and executive branches. San Francisco is absolutely immune from its legislative actions. Plaintiffs prayers for injunctive relief impermissibly seeks to upset that balance, interfere with local government, and transfer powers provided to the other branches of government to the federal judiciary.

### EIGHTH AFFIRMATIVE DEFENSE
(Improper Allocation of Funds)

This court lacks jurisdiction over the subject matter of this action, which is to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions. Plaintiffs' prayer for injunctive relief would require this type of prohibited reallocation. San Francisco is absolutely immune from its legislative actions.

1

### NINTH AFFIRMATIVE DEFENSE
(State Law Provides Remedy)

2

3

The Complaint is barred because state law provides a remedy for the alleged destruction of

personal property by a government employee. *See Hudson v. Palmer*, 468 U.S. 517 (1984). Plaintiffs'

4

Complaint seeks to maintain a federal cause of action that concern property loss. However, these

5

causes of action are not cognizable as federal claims because California law provides meaningful post

6

deprivation remedies for property loss, and requires a plaintiff to first exhaust the administrative

7

remedies, which have not occurred.

8

### TENTH AFFIRMATIVE DEFENSE
(Defendants Not Proper Parties)

9

10

Defendants are not separate and distinct legal entities and thus not proper parties to this

11

litigation. Defendants San Francisco Police Department, San Francisco Department of Public Works,

12

San Francisco Department of Homelessness and Supportive Housing, San Francisco Fire Department,

13

and San Francisco Department of Emergency Management are not a properly joined as defendants

14

because they do not have the power to sue or be sued, and are not an independent public corporation.

15

(*See Bauer v. County of Ventura* (1955) 45 Cal.2d 276, 288-289; *compare* Gov. Code, §§ 23000,

16

23004(a); *see also* San Francisco Charter, Art. I, Section 1.101 [confers right of City to sue and be

17

sued] and Art. IV, Section 4.102 [does not confer right to sue or be sued on departments].) Nor can

18

Plaintiffs recover any relief from these departments that it could not recover from its claims directly

19

against Defendant City and County of San Francisco.

20

### ELEVENTH AFFIRMATIVE DEFENSE
(Moot)

21

22

Plaintiffs' Complaint is moot. Each of the Individual Plaintiffs, and the individuals the

23

Coalition on Homelessness seeks to base a claim on, are currently housed, were offered housing by

24

San Francisco, or have alternative storage available to them such that they are not risk of any

25

immediate harm. Additionally, to the extent the Coalition on Homelessness has standing at all, it

26

encouraged and then represented unhoused individuals to bring separately filed claims against the City

27

in small claims court based on identical facts. The resolution of those small claim actions moots any

28

claims based on the same or related conduct in this litigation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs consented to the seizure of property or abandoned the property at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Claim Splitting)

Plaintiffs engaged in claim splitting which bars their claims and the relief they seek.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs released their claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Real Part In Interest)

Plaintiffs are not the real party in interest for the claims they seek to invoke.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims for injunctive relief are barred by the doctrine of latches or, alternatively, any injunctive relief should be denied to the extent Plaintiffs delayed in seeking injunctive relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedies At Law)

Plaintiffs' prayer for injunctive relief is barred because Plaintiffs have adequate remedies at law and the failure to seek damages infringes on Defendants' Seventh Amendment right to a jury trial. *See O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Seizure Not Unreasonable)

Plaintiffs cannot carry their burden to establish their property-based claims, including that any seizure of property was unreasonable and unjustified. To the extent Defendants have any burden to show a seizure was reasonable, each seizure alleged was reasonable.

1    **NINETEENTH AFFIRMATIVE DEFENSE**

2    **(Political Question Doctrine)**

3    Plaintiffs' claims or prayer for relief are barred by the political question doctrine to the extent

4    they involve disputes that are deemed to be more appropriate for resolution by the legislative branches

5    or lack clear legal standards for judicial resolution.

6    **TWENTIETH AFFIRMATIVE DEFENSE**

7    **(Assumption of Risk)**

8    San Francisco alleges that Plaintiffs had full knowledge of the risks involved in the

9    activity in which they were engaged at the time of the incident set forth in the complaint herein; that

10    Plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place

11    mentioned in said complaint; and that the loss or damage, if any, sustained by the them was caused by

12    said risks that were accepted and voluntarily assumed by them. This is especially true for Plaintiffs

13    who rejected multiple offers of shelter from San Francisco and those who continued to store their

14    items on public property even when housed.

15    **PRAYER**

16    WHEREFORE, San Francisco prays for judgment as follows:

17    1.    The Plaintiffs take nothing from San Francisco by way of this action;

18    2.    The Complaint be dismissed with prejudice and judgment entered in favor of the San

19    Francisco;

20    3.    San Francisco be awarded costs of suit, attorneys' fees and any other relief which the

21    Court deems proper.

Dated:  June 23, 2025

1

2

3

4

5

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

6

7

By:_____/s/*Kaitlyn M. Murphy*_____
KAITLYN MURPHY

8

9

10

11

12

13

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT

14

15

16

WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN THEOBALD
CONRAD | METLITZKY | KANE LLP

17

18

19

20

21

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT

22

23

24

25

26

27

28