EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL**<br><br>**Judge:** The Hon. Donna M. Ryu |

## I. INTRODUCTION

On the eve of trial, Defendants seek a belated and improper stay from both this Court and the Ninth Circuit. Defendants offer no explanation for why they failed to file this motion six weeks ago, when they filed their notice of appeal. Their stay request merely rehashes arguments on standing that this Court has already rejected multiple times. Defendants' unjustified delay—and the resulting prejudice to Plaintiffs, who have now been forced to respond to two stay motions in two courts simultaneously while also meeting numerous pretrial deadlines—demonstrate that there is no good cause to grant a stay.

Each of the relevant stay factors—harm to the non-moving party, hardship to the moving party, and judicial economy—strongly weighs against staying these proceedings. Plaintiffs will face significant harm if a stay is granted just weeks before trial. While Defendants argue that the preliminary injunction eliminates any harm, Plaintiffs have submitted multiple declarations attesting to the City's continued violations of the injunction—which can only be cured by final relief. If this Court were to postpone trial, Plaintiffs risk losing contact with critical unhoused witnesses, a population that is uniquely vulnerable and difficult to reach. They also face the prospect of increasingly stale evidence, which not only plays in Defendants' favor and enhances defenses they have already raised here but also may require Plaintiffs to seek new discovery. By contrast, Defendants will suffer no undue hardship; ordinary litigation costs and time commitments do not justify the extraordinary relief of a stay. Finally, at this advanced stage, substantial judicial resources have already been invested in preparing for trial. Judge Ryu—who has overseen this litigation for three years—is retiring in January 2026. If trial were delayed and discovery reopened, it is conceivable that a new judge unfamiliar with the facts and lengthy procedural history would be drawn, resulting in even further delay.

A stay would not preserve judicial economy; it would squander the considerable efforts already expended.

//

//

## II.     RELEVANT BACKGROUND

On September 27, 2022, seven Individual Plaintiffs and the Coalition on Homelessness ("Coalition") filed a complaint against the Defendants for its ongoing unlawful conduct that harms unhoused residents of San Francisco. ECF No. 1. The live claims are for unreasonable seizure and destruction of property without due process in violation of the Fourth and Fourteenth Amendments. ECF No. 135 at 36, 45-47, 49-51. This court granted a preliminary injunction based on Plaintiffs' showing of a likelihood of success on its claim that Defendants seize and destroy personal property in violation of the Fourth Amendment. ECF No. 65. Among other prescriptions, the City is to abide by its own "Bag and Tag" policy regarding unhoused people's property. *Id.* at 50. The City filed a motion to dismiss for lack of jurisdiction and judgment on the pleadings. ECF No. 242. On December 4, 2024, the Court granted in part and denied in part Defendants' motion to dismiss and for judgment on the pleadings. ECF No. 281. The Court held that Coalition had sufficiently alleged associational standing, and rejected Defendants' arguments that Coalition could not raise Fourth Amendment claims vicariously or pursuant to an associational standing theory. *Id.* at 14. Defendants did not seek to certify an interlocutory appeal of the Court's jurisdictional rulings.

On April 3, 2025, Defendants filed their motion for summary judgment. ECF No. 343. On the same day, and without any notice to the Court or Plaintiffs, Defendants filed a motion to vacate or dissolve the preliminary injunction on standing grounds. ECF No. 353. To avoid duplicative briefing, Plaintiffs immediately requested that the Court defer consideration of the City's motion to vacate until after a decision on the pending summary judgment motion. ECF No. 360. The Court did exactly that on April 8, 2025, when it denied without prejudice Defendants' motion to vacate the preliminary injunction. ECF No. 365. As the Court explained in a later minute order, the April 8, 2025, denial without prejudice was issued "as a matter of case management." ECF No. 382.

After waiting a month after the Court issued its deferral, Defendants filed a notice of appeal on May 8, 2025, purporting to appeal the Court's decision to deny without prejudice its

motion to vacate the preliminary injunction. ECF No. 376. Plaintiffs immediately moved to dismiss the appeal as procedurally improper, because the order on appeal was a case management order—not a final decision—and therefore clearly was not appealable. *Coalition on Homelessness v. City and Cnty. of S.F.*, Case No. 25-3005, Dkt. No. 12.1 (9th Cir. May 16, 2025). The Ninth Circuit motions panel denied the motion to dismiss without prejudice to Plaintiffs, renewing their jurisdictional arguments in their merits briefing. Defendants' opening brief in the appeal is due on July 11, 2025, with Plaintiffs' answering brief due August 11, 2025.

On June 12, 2025, the Court denied Defendants' motion for summary judgment, allowing Plaintiffs' claims to proceed to trial. ECF No. 400 ("MSJ Order"). Trial is scheduled to begin on July 28, 2025. ECF No. 270.

### III.     LEGAL STANDARD

In deciding whether a stay is warranted, the district court must consider "the competing interests which will be affected by the granting or refusal to grant a stay" including, "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

It is the moving party's burden to prove these factors support a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Indeed, if there is even a "fair possibility" that the stay will "work damage to some one [sic] else," the moving party "must make out a clear case of hardship or inequity in being required to go forward . . . ." *Landis*, 299 U.S. at 255. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). The court must also "balance the length of the stay against the strength of the justification given for it." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

//

IV. **ARGUMENT**

A. **Plaintiffs will be harmed if the case is stayed**

Plaintiffs will be harmed by a stay for three main reasons: (1) a stay is inappropriate on the eve of trial; (2) a stay risks the loss of access to witnesses and staleness of evidence; and (3) a stay will harm Plaintiffs' clients and unhoused individuals, who will continue to suffer as the City violates the preliminary injunction.

*First*, courts have found that a stay is rarely appropriate when a case is on the eve of trial. *See Doe 1 v. Nielsen*, No. 18-cv-02349-BLF, 2019 WL 1473463, at *1 (N.D. Cal. Jan. 3, 2019) (stay would be "inappropriate" because plaintiffs are "in limbo" and the case is on the eve of trial); *Pipe Restoration Techs. v. Pipeline Restoration Plumbing*, No. SACV 13-00499-CJC (RNBx), 2015 WL 13918253, at *2 (C.D. Cal. Feb. 13, 2015) ("[A] stay would prejudice Plaintiffs at this stage of the proceedings" because parties "have been litigating this case for nearly two years and trial is set to commence in less than two months.") Here, trial is set to commence in just six weeks, and this case has an extensive, almost three-year, pre-trial litigation history with a huge volume of trial preparation that has already been undertaken. Courts deny a stay "when the litigation is at a later stage, such as when the case has been set for trial and the discovery phase has been completed." *See Robert Bosch Healthcare Systs. v. ExpressMD Sols.*, No. C 12-00068 JSW, 2013 WL 752474, at *3 (N.D. Cal. Feb. 27, 2013) (citing *Agar Corp. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997)). Furthermore, courts are less likely to grant a stay when the amount of time of the stay is indefinite. *See Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF, 2022 WL 1693679, at *3 (N.D. Cal. May 26, 2022) ("[T]he indefinite nature of the proposed stay weighs against its imposition."); *Levya v. Certified Grocers of Cal.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time . . . ."). Here, there is no estimate of how long a stay would last. The Ninth Circuit could take months, years, or even longer if the City sought review *en banc*, to resolve the City's (procedurally inappropriate)

appeal of the case management order on the motion to dissolve or vacate the preliminary injunction.

*Second*, Plaintiffs will be harmed by a stay because prolonging the trial schedule will likely result in witnesses becoming unavailable and evidence becoming stale. Courts have recognized that a complete stay of all proceedings "increase[s] the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts . . . ." *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997); *see also Roule v. Petraeus*, No. C 10-04632 LB, 2012 WL 2367873, at *5 (N.D. Cal. June 21, 2012) (stay would be harmful due to "persuasive common-sense argument that memories fade and witnesses become unavailable over time," especially "[g]iven the glacial pace of the case so far, further delays would likely harm [plaintiff]."); *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2014 WL 12705057, at *4 (N.D. Cal. Oct. 22, 2014) ("Some evidence, such as memory of percipient witnesses, will diminish or weaken during the pendency of a stay. Other evidence could be lost or damaged."). For witnesses who are housing insecure, there is a significant risk that they may become unreachable or unavailable during a stay, even a short one. During litigation, multiple Coalition members have even died, including Andrew Howard, who provided a declaration in this case and was on Plaintiffs' list of initial disclosures. *See* ECF No. 9-6, Ex. 4-40; ECF No. 366-7, Ex. 1 (Friedenbach Dep.) at 171:11-16. As another example, Melodie, one of Plaintiffs' key witnesses and a long-time member of Coalition, has been unhoused in San Francisco since 2008, and is particularly vulnerable as someone living in a vehicle on the street. *See* ECF No. 366 at 18:14-19.[1] Additionally, several of Plaintiffs' witnesses have serious medical issues that make them especially vulnerable, such as James Reem, who has had his medications taken from him multiple times by the City. *See* ECF No. 366-21, Ex. 15 (Reem) at 38:4-15.

---

[1] To the extent the City argues that Melodie has access to the Monarch, the City reduced the shelter's lease to one year, from five years, and has included a final payment. Resolution to Execute a Lease of Real Property through March 31, 2026, 153-25, City and County of San Francisco (2025) *available at* https://sfgov.legistar.com/LegislationDetail.aspx?ID=7158853&GUID=A67BDFC3-B903-47E6-9742-0963EFC758F7. It is set to close on March 31, 2026. *Id.*

Moreover, the City has already sought to exclude evidence as "stale," *see* MIL # 4, and thus irrelevant and prejudicial; delay only serves to enhance the City's defenses and arguments on this point. The parties also agreed that neither would introduce new facts postdating February 14, 2025; this agreement was made in light of the parties' expectation that trial would proceed in Summer 2025. ECF No. 264 at 6. But if trial were to be delayed, *millions* of pages of relevant documents, over *sixty* depositions, and a substantial amount of discovery may need to be redone to reflect facts reasonably contemporaneous with the rescheduled trial. By staying this case, Plaintiffs' substantial investment of resources in discovery would be a waste.

*Third*, Plaintiffs need permanent injunctive relief to prevent harm to Plaintiffs' clients and unhoused witnesses, whose rights continue to be violated due to the City's ongoing noncompliance with the preliminary injunction. Plaintiffs have submitted numerous declarations of witnesses that describe the ongoing violations of the "Bag and Tag" policy that occurred after the preliminary injunction went into effect in December 2022. *See, e.g.*, ECF No. 366 at 2:1-9 (the City has a common practice of roving encampment clearings to discard property without any advance notice), 6:5-24 (the City fails to provide a meaningful opportunity to retrieve property), 7:21-8:22 (the City's training and supervision are inadequate); ECF No. 366-3, Verner-Crist Decl.; ECF No. 366-4, Exs. for Verner-Crist Decl.; ECF No. 366-5, Illa Decl. Furthermore, the Court found that there was sufficient evidence of property destruction, and a substantial likelihood of risk of future injury to Plaintiffs and unhoused people. MSJ Order at 23, 26, 29, 38-39. Although Defendants argue that the preliminary injunction prevents any harm to Plaintiffs, Plaintiffs' clients and witnesses have continued to suffer harm because of the City's ongoing violations of that injunction. A stay would only delay Plaintiffs' ability to obtain final relief from this Court and would prolong their, and other unhoused individuals', exposure to the continued risk of property destruction caused by the City's ongoing noncompliance.

**B.     Defendants will not suffer hardship or inequity**

Defendants argue that they will suffer hardship from the "significant costs of trial." Motion to Stay ("Br.") at 11:14-17. However, the Ninth Circuit has squarely held that "being

required to defend a suit," including by "proceed[ing] toward trial," "does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *See Lockyer*, 398 F.3d at 1112; *cf. Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 735 n.20 (9th Cir. 2017) (Mere "litigation expense, even substantial and unrecoverable costs, does not constitute irreparable injury.").

Furthermore, because the City delayed in seeking this stay until the eve of trial, the hardship to the City is a problem of their own making. *See, e.g.*, *Suber v. VVP Servs.*, No. 2:23-cv-02932-SPG (AGMx), 2023 WL 8143876, at *11 (C.D. Cal. Oct. 25, 2023) (denying motion to stay because the movants would not suffer hardship from when they "only filed . . . . motion to stay after Defendants had already filed a motion to dismiss . . . . keep[ing] Defendants in a stalling pattern."); *cf. Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020) ("That the government's asserted harm is largely self-inflicted 'severely undermines' its claim for equitable relief." (citation omitted)). Defendants' Motion to Stay is predicated on their jurisdictionally improper appeal of this Court's April 8, 2025, case management order. Setting that aside, the Court issued the order that is now on appeal over two months ago. Defendants waited a month to file their procedurally improper appeal and then, inexplicably, waited *another six weeks* to seek a stay of proceedings on the basis of that appeal. This delay in filing a stay weighs against the Defendants' claim of prejudice. *See Calvary Chapel*, 2022 WL 1693679, at *3 (finding it "notable" that the County Defendants "have not until now sought a full stay of this action," since the Defendants "never sought a full stay of this case until . . . a year-and-a-half into the case").

Additionally, courts have denied stays pending appeal when the stay seemed to primarily serve as a delaying function, as it does here. *See, e.g.*, *Lahoti v. Vericheck, Inc.*, No. C06-1132JLR, 2008 WL 11451888, at *2 (W.D. Wash. Jan. 28, 2008) (denying motion for a stay pending appeal because it "lacks a reasonable legal and factual foundation and appears to be little more than a delay tactic"); *Dunbar v. Twentieth Century Fox Television,* No. CV 22-1075-DMG (JCx), 2025 WL 576584, at *3 (C.D. Cal. Feb. 10, 2025) ("[C]ertification for interlocutory

appeal and a stay pending appeal on the eve of trial would delay rather than advance the ultimate termination of the litigation.").

### C. Staying the case will waste judicial resources

Finally, staying this case would waste judicial resources by throwing aside the entire pretrial and trial schedule. This case was filed almost three years ago, and was already stayed for six months while the Court awaited the *Grants Pass* decision. ECF No. 222. The City has moved to dismiss this case numerous times, and this motion to stay is yet another attempt to derail this case. Had Defendants filed a motion for a stay on May 8, 2025, alongside their appeal, Plaintiffs would have had the opportunity to brief their opposition during a 14-day period with no other substantive deadlines in the litigation. Instead, because of Defendants' unjustified delay, Plaintiffs have now been forced to oppose Defendants' Motion for a Stay less than six weeks before trial, while also meeting substantial pretrial deadlines and opposing Defendants' parallel stay motion in the Ninth Circuit. *See* ECF No. 270 (setting June 20, 2025, deadline for joint pretrial statement, trial brief, motions *in limine*, and *Daubert* motions and June 30, 2025, deadline for objections to witnesses, exhibits, and deposition excerpts); ECF No. 389 (setting June 27, 2025, deadline for oppositions to motions *in limine* and *Daubert* motions). Defendants' timing unduly prejudices Plaintiffs and has wasted Plaintiffs' time and this Court's judicial resources in the pre-trial phase.

Furthermore, Defendants argue that the Ninth Circuit decision could "very well decide the case should be dismissed for want of jurisdiction." Br. at 11:13-14. Not so. Even if the Ninth Circuit concludes that it has jurisdiction over Defendant's interlocutory appeal (which is doubtful), the Ninth Circuit at best has jurisdiction only over this Court's decision to defer decision on the motion to dissolve the preliminary injunction, not the entire case. *See Gon v. First State Ins. Co.*, 871 F.2d 863, 866–67 (9th Cir. 1989) (explaining that "review of denials of motions to modify or dissolve injunctions are generally limited to the 'new matter' presented by the motion"). The Ninth Circuit is also unlikely to rule in the City's favor on the merits. This Court's rulings on associational standing and individual standing rest on black letter law and its

application of that law to highly-contested facts to find sufficient evidence to go to trial. In filing this motion to stay, the Defendants are trying to skirt the normal judicial process by going to the Ninth Circuit before this Court even has the chance to make proper factual findings on the jurisdictional issues. Disrupting the current schedule and postponing trial to facilitate that improper appellate approach would be a far greater waste of judicial resources than simply proceeding forward in the normal course.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay.

Dated: June 27, 2025                                      Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

9

|   |   |
|---|---|
| 1 |  |
| 2 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
| 3 | John Thomas H. Do, SBN 285075 |
| 4 | William S. Freeman SBN 82002 |
|   | 39 Drumm Street |
| 5 | San Francisco, CA 94111 |
| 6 | Telephone: (415) 293-6333 |
|   | jdo@aclunc.org |
| 7 | wfreeman@aclunc.org |
| 8 | By: */s/ Scout Katovich* |
| 9 | AMERICAN CIVIL LIBERTIES UNION |
| 10 | Scout Katovich, *pro hac vice* |
|   | 425 California Street |
| 11 | Suite 700 |
| 12 | San Francisco, CA 94104 |
|   | 212-549-2500 |
| 13 | skatovich@aclu.org |
| 14 | *Attorneys for Plaintiffs* |