EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

COALITION ON HOMELESSNESS, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 4:22-cv-05502-DMR

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE UNDISCLOSED INCIDENTS**

**Judge:** The Hon. Donna M. Ryu

The City's Motion in Limine No. 1 ("Br."), Dkt. 422, attempts to relitigate an issue already decided by the Court and should be denied as "procedurally defective." Dkt. 389 at 2. The City does not even acknowledge the Court's prior ruling on this exact issue, much less explain why it thinks it is entitled to burden the Court and Plaintiffs with relitigation in the face of the Court's order expressly forbidding such motions in limine. Even if considered on the merits, the City's argument fails for the same reason that the Court already rejected it: Plaintiffs disclosed during discovery the evidence of improper property destruction they intend to present at trial, and therefore, supplementation of interrogatory responses was unnecessary. Dkt. 400 at 29-30 & 41 n.26 ("MSJ Order"). The City had a full and fair opportunity during discovery to depose all Plaintiffs' trial witnesses and—both during discovery and in the several months since its close—to investigate their claims of property destruction and prepare a defense to those claims. The City's hyperbolic claim that trial could involve thousands of incidents, Br. at 1:1-2, is unsupported by Plaintiffs' pretrial filings. At bottom, the City's main complaint is that it should not be required to mount a defense to the substantial volume of evidence necessary to prove *Monell* liability for a custom of unconstitutional conduct. That is not a basis to preclude timely-disclosed and relevant evidence at trial.

## I. LEGAL STANDARD

"Plaintiffs were not obligated to supplement their interrogatory responses to add these facts because all of them were made known to Defendants through discovery." MSJ Order at 30; *see also Bookhamer v. Sunbeam Prods. Inc.*, No. 09-cv-6027, 2012 WL 4513872, at *1 (N.D. Cal. Oct. 1, 2012) ("[I]ncidental discovery, particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule 26(e)(1) duty as sufficiently as formal filing."); *Nuance Commc'ns, Inc. v. ABBYY Software House,* No. 08-cv-2912, 2012 WL 2838431, at *1 (N.D. Cal. July 10, 2012); *Arroyo v. Int'l Paper Co.*, 611 F. Supp. 3d 824, 831 (N.D. Cal. 2020).

Failure to supplement responses to contention interrogatories cannot be used to cut off a party's proof. *See Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir. 1982); Wright & Miller, Federal Prac. & Proc. § 2181 (3d ed.) (interrogatories often "answered early in the case before a

party has completed its investigation and before it has a full understanding of the case. Invariably holding parties to that early understanding would be quite wrong.”).

Under Fed. R. Civ. P. Rule 37(c)(1), the party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). Nondisclosure is harmless if it does not prejudice the other party. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## II. PLAINTIFFS DISCLOSED ALL INCIDENTS OF PROPERTY DESTRUCTION IN DISCOVERY

The City does not even attempt to claim that there was a failure to disclose trial exhibits or trial witnesses in discovery. Br. at 2-3. Rather, the City raises the same claim it lost before—that “documents and depositions” did not make known to the City whether a particular incident of property destruction was “unlawful.” *Id.* at 2. As the Court has already found, that is wrong. “The court disagrees with the City’s contention that the facts with which it takes issue are new and undisclosed, and that Plaintiffs were required to supplement their interrogatory responses. The City learned about all of their challenged facts through depositions and documents produced during discovery.” MSJ Order at 29-30.

The incidents listed in the City’s declaration supporting its motion in limine were disclosed in discovery. *Compare* Dkt. 422-1, Wang Decl. at ¶¶ 6, 10 *with* Declaration of Vasudha Talla (“Talla Decl.”) at Ex. A (Plaintiffs’ Trial Exhibit List) & at ¶¶ 3-4.[1] In addition to providing dozens of witness declarations, Wang Decl. at ¶ 3, in fall 2024 Plaintiffs produced a likely trial witness list of those individuals who would support claims of *the City’s* property destruction and to avoid the “ambush” the City now claims. *See* Talla Decl. at Ex. B; *see also* Ex. C. In addition to sworn declarations, the City also received notes, photographs, videos, and other documents detailing the

[1] The declaration of Vasudha Talla dated June 27, 2025, is filed in support of Plaintiffs’ Opposition to Motion in Limine No. 1. All exhibits are attached to the declaration.

property destruction *prior to depositions*. Fact witness depositions continued until March 21, 2025, while the last expert witness was deposed on April 14, 2025. Talla Decl. at ¶ 7.

As for the ACLU investigator, Dylan Verner-Crist, as the Court already found all his notes, photos and videos were produced and "[t]he City also deposed Verner-Crist on March 4, 2025—two weeks after Plaintiffs had produced the last tranche of notes—and had the opportunity to question him about them. Thus, for the reasons stated above, Plaintiffs were not required to supplement their interrogatory responses per Rule 26(e)(1)." MSJ Order at 41 n.26.

The City's interrogatories were also "overly broad and unduly burdensome," requiring "'every fact' or 'all facts' supporting identified allegations or defenses.'" *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-cv-2416, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); *Zysman v. Zanett Inc.*, No. 13-cv-02813, 2014 WL 1320805, at *4 (N.D. Cal. Mar. 31, 2014). Courts reject those types of interrogatories as inapposite. *E.g.*, *Zysman*, 2014 WL 1320805, at *4. *Lawman v. City & Cnty. of San Francisco*, 159 F. Supp. 3d 1130, 1140–41 (N.D. Cal. 2016); Br. at 2-3. There, the City failed entirely to disclose a defense it raised for the first time at summary judgment, depriving the plaintiff of taking discovery on that defense. Here, the City cannot credibly claim that it was unaware that Verner-Crist's notes would be used to support claims of unlawful property destruction and that it should investigate those incidents and depose him about them. None of the City's other cases—involving party's disclosing an entirely new defense after the close of discovery or only snippets of deposition testimony or reference to an undifferentiated mass of documents—comes close to the level of disclosure Plaintiffs made here. *Contra* Br. at 3.

## III. THE CITY HAS SUFFERED NO PREJUDICE

Given Plaintiffs' disclosures, the Court need not assess whether nondisclosure was substantially justified or harmless. Even if considered, the City's thin claims of prejudice are baseless. First, the City was never entitled to responses to contention interrogatories prior to the deposition of Verner-Crist or other fact witnesses. Courts have repeatedly held that contention interrogatories need not be answered before depositions are taken. *E.g. Evanston Police Pension Fund v. McKesson Corp.*, No. 18-cv-06525, 2021 WL 4851312 (N.D. Cal. Oct. 14, 2021) (citing

*In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 337-338 (N.D. Cal. 1985)). As the Court already held, the City was given what it was entitled to prior to depositions: in his notes, Verner-Crist provided extensive detail of the *City's* improper conduct, including dates, times, locations, and names of DPW personnel, and the lack of notice and property destruction he witnessed—placing the City on clear notice of the specific incidents in which he observed violations of the bag and tag policy. MSJ Order at 41 n. 26. The City was free to investigate these incidents before, during, and after Verner-Crist's deposition. It largely did not, asking Verner-Crist only about a January 6, 2025 sweep in his declaration, and not even using the full seven hours of time it had available to them. Dkt. 366-3; Talla Decl. ¶ 8 & Ex. D at 240:17-248:5.

Second, the City's claims of surprise or bad faith are meritless given the many declarations and forms of disclosure described above. *See Bookhamer*, 2012 WL 4513872, at *2. Plaintiffs did not withhold any information during Verner-Crist's deposition. The City *never asked* Verner-Crist to identify the sweeps or notes in which he observed a bag and tag violation or the many other questions that would have elicited that information. Ex. D at 97:3-98:1, 134:23-136:20, 137:18-138:4. Instead, the City asked only one question seeking attorney work product about what Verner-Crist's trial testimony would consist of. *Id.* at 131:14-21. Contrary to the City's claims of concealment, Verner-Crist testified no such list existed. *Id.* at 133:6-16. The City *never* challenged the limited privilege invocation, choosing instead to litigate it (and lose it) on summary judgment and now improperly try to resurrect it, on the eve of trial.

Finally, as the City concedes, Plaintiffs have listed trial exhibits and dates of sweeps that will be used for the "purpose" of contending unlawful property destruction occurred. Wang Decl. ¶ 10. That Plaintiffs did not use all these incidents at summary judgment makes no difference. Summary judgment did not require Plaintiffs to file *all* evidence they will present at trial, only that they presented sufficient evidence to demonstrate the existence of a genuine dispute of material fact.

//

//

**CONCLUSION**

The Court should deny Defendants' Motion in Limine No. 1 as procedurally defective or, in the alternative, for the same reasons it already ruled against the City on this. MSJ Order at 30.

Dated: June 27, 2025

Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

wfreeman@aclunc.org

By: /s/ *Scout Katovich*

AMERICAN CIVIL LIBERTIES UNION
Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*