EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor
New York, New York
Telephone: (212) 763-5000
vtalla@ecbawm.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 REGARDING TEMPORAL SCOPE OF CLAIMS AND STALE EVIDENCE** <br><br> Final Pretrial Conference: July 9, 2025 <br> Time: 1:00 p.m. <br> Trial Date: July 28, 2025 <br> Courtroom: Courtroom 4, 3rd Floor <br> Judge: Hon. Donna M. Ryu <br><br> **Judge:** The Hon. Donna M. Ryu |

The Court should deny the City's Motion in Limine No. 4 ("Br."), Dkt. 426, regarding temporal scope of claims and stale evidence because it improperly seeks to relitigate issues already decided by this Court. Dkt. 389 at 2. If considered on the merits it is overbroad and unsupported by caselaw.

## I. PLAINTIFFS' PREDICATE ACTS ARE TIMELY AND PROPERLY RAISED

*First*, Plaintiffs will not use incidents prior to September 27, 2020 as "predicate acts" for purposes of *Monell* liability. Dkt. 400 ("MSJ Order") at 30-31 n.19. As the Court has already found, the constitutional violations alleged by Sarah Cronk and Joshua Donohoe between September 27, 2020 and September 27, 2022 may serve as "predicate acts." *Id.*

*Second*, as the Court held, incidents of property destruction experienced by Cronk, Donohoe, and others prior to September 27, 2020, are still relevant as evidence of the City's pattern and practice. MSJ Order at 30-31 n.19. And incidents of property destruction post-dating the complaint involving Melodie, Todd Bryant, Sarah Stephenson, and James Reem show that Coalition members have standing for injunctive relief, *see* MSJ Order at 14-18, go to the existence of a custom, and demonstrate the irreparable harm necessitating injunctive relief. *Id.* at 28-29.

*Third*, the City concedes that Plaintiffs' *Monell* claims are supported by predicate acts involving Cronk and Donohoe that were pled in the Third Amended Complaint ("TAC"). Br. at 2:11-3. For the same reason, Martinez's allegations in the TAC of property destruction between September 2021 and September 2022 can also serve as predicate acts. TAC, Dkt. 289 at ¶¶ 32, 247. Based on these alleged predicate acts, Plaintiffs' *Monell* claim was properly commenced. Additional predicate acts involving Melodie and Todd Bryant may also be considered: these are not independent "claims" that must be commenced in the complaint, but simply serve as additional evidence of the properly-commenced *Monell* claim. The standard for complaints is notice pleading, Fed. R. Civ. P. 8(a), not an exhaustive recitation of all evidence that will be admitted at trial. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). If necessary, pleadings can also be conformed to the evidence during or after trial, where as here, the City knows this evidence will be used and has suffered no prejudice. *Galindo v. Stoody Co.*, 793 F.2d 1502,

1513 (9th Cir. 1986) (citing Fed. R. Civ. P. 15(b)); *Wroth v. City of Rohnert Park*, No. 17-cv-05339, 2020 WL 13890301, at *3 (N.D. Cal. June 11, 2020) (prejudice in the Rule 15(b) context "means a lack of opportunity to prepare to meet the unpleaded issue").

Unlike the plaintiffs in *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (9th Cir. 2000), who did not allege a discriminatory impact theory of liability until summary judgment, thereby depriving defendants of the ability to develop evidence to defend against the theory, Plaintiffs' *Monell* allegations were squarely pled in the initial pleading and the City had a full opportunity to develop evidence to challenge Todd Bryant's allegations. Dkt. 9-6 at 4-4, ¶¶ 21-22 (Bryant declaration filed on Sept. 27, 2022 describing property destruction in December 2021). The Court has already rejected the City's attempts to eliminate evidence that the City learned about through discovery. *See* MSJ Order at 29-30.

The holding in *Wasco Products, Inc. v. Southwall Technologies, Inc.*, upon which the City relies, is also inapposite. 435 F.3d 989, 990 (9th Cir. 2006). *Wasco* addresses what allegations must be pled in a complaint to assert a tolling defense. Here there is no issue of late filing after the limitations period expired or a tolling defense, making *Wasco*'s holding as to what elements of a civil conspiracy claim must be pled in the complaint is irrelevant here.

## II.  EVIDENCE PREDATING SEPTEMBER 27, 2020 IS RELEVANT AND ADMISSIBLE.

The Court has already ruled that evidence predating September 27, 2020 is "still admissible evidence of custom and deliberate indifference." Dkt. 400 at 30-31 n.19. The City's Rule 403 challenge to this testimony fails for the same reasons. Br. at 2:16-3:13; *Lyons v. England*, 307 F.3d 1092, 1108, 1111-1112 (9th Cir. 2002) (trier of fact could consider evidence of "pre-limitations discriminatory detail assignment scheme" from 1991 to 1995 in assessing defendants' liability for denials of promotions in 1996 and 1997). *First*, there is no undue prejudice. Challenges to a witness's ability to recall dates and locations are appropriate for cross-examination and go to weight, not admissibility. That is especially so given the difficult circumstances in which unhoused witnesses live. The City has had years and multiple sources of information—including witness

declarations and depositions, several types of City records, and the Stolen Belongings documentary—to investigate and challenge witness testimony.

*Second*, as the Court already recognized, evidence pre-dating September 2020 is relevant to prove a "widespread" and "longstanding" custom for *Monell* liability. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997); *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). Plaintiffs' exhibits cited by the City all fulfill this purpose. Br. at 4:15. PX-104, PX-111, and PX-145 are City records from February 2017, January 2020 and June 2022 by a City employee documenting property destruction and problems at the DPW Yard. Contradicting the City's claims of insufficient foundation, PX-105 to PX-110, PX-114 to PX-117 are photographs and videos taken by Christin Evans on *specific* dates in March, June, and August 2020 evidencing property destruction. PX-172 is an excerpt from the Stolen Belongings documentary presented to Bryant at his deposition and depicting the location where his property was taken on a *specific* date in 2019. Plaintiffs will *also* present evidence of "immediate threat under policies and customs that exist in 2025," Br. at 3:19, but the two types of evidence are not mutually exclusive.

*Third*, the City claims "significant policy shifts" occurred but identifies no substantive change in terms of the BTP or other relevant policy that would affect practice. Br. at 3:21-4:2. And even if there was a change in policy, that is not dispositive to the critical question: whether the City's practices violate the Fourth and Fourteenth Amendments. The legal standards applicable to that question have undisputedly *not* changed since 2018 (when HSOC was created), and all testimony of witnesses alleging property destruction will be evaluated under those standards.

*Fourth*, Adrinna Malone and Kaki Marshall are former City employees that witnessed and reported unconstitutional property destruction to City officials (including then-Head of DPW Mohammed Nuru, Jeff Kositsky, and Sam Dodge), demonstrating notice to the City of constitutional violations, deliberate indifference, and failure to train. Br. at 4:15-19; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015) (abuse of discretion to exclude evidence of prior constitutional violations in *Monell* case because such evidence was "critical" and could show the defendant had notice but failed to stop unconstitutional practices); *Hunter v. City of*

*Sacramento*, 652 F.3d 1225,1233 (9th Cir. 2011) (prior violations admissible to prove deliberate indifference). Incidents of prior wrongdoing are also admissible under Federal Rule of Evidence 404(b), to prove the City's "intent," "knowledge," and "absence of mistake." *Velazquez*, 793 F.3d at 1028. Many of the City's witnesses have held their jobs since before 2020 and can testify about the City's practices then, including rebutting (if they can) the testimony of Marshall and Malone. *See, e.g.*, Ex. A, Dodge 30(b)(6) Dep. 41:5-13 (since 2018); Ex. B, Vaing Dep. 19:4-10 (since 2020); Ex. C, Garcia Dep. 21:20-21 (since 2015).[1]

Finally, any risk of undue prejudice is significantly reduced at a bench trial compared to a jury trial. *See, e,g.*, *United States v. Musleh*, 106 F. App'x 850, 856 (4th Cir. 2004) ("We have held, however, that this rule of exclusion is relaxed significantly in the context of a bench trial.").

### III. PLAINTIFFS' EXHIBITS 74, 147, AND 148 ARE RELEVANT AND ADMISSIBLE

PX-147 and 148 are CMMS reports are dated March 7, 2024 and March 11, 2024 and do not post-date the February 14, 2025 deadline for new facts to be offered at trial." Br. at 4:21-22. PX- 74 is from the City Attorney's office, and reflects the culmination of the City's discussions that occurred prior to February 14, 2025 regarding changes in practices that occurred prior to February 14, 2025. *See* Ex. D, Dodge Dep. 12:22-13:24; 51:14-52:15; 57:4-10 (describing meetings that took place during Mayor Lurie's "transition" and after he took office). In addition, as Defendants concede, current practices, in 2025, are relevant to equitable relief. Br. at 3:14-20.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion in Limine No. 4.

Dated: June 27, 2025                                      Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*

---

[1] All exhibits are attached to the Declaration of Vasudha Talla, dated June 27, 2025.

1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

By: */s/ Scout Katovich*

AMERICAN CIVIL LIBERTIES UNION
Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*