# Exhibit C

```
 1                 UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                       OAKLAND DIVISION
 4    - - - - - - - - - - - - - - -
 5    COALITION ON HOMELESSNESS,    )
 6    et al.,                       )
 6              Plaintiffs,         )
 7    v.                            )  CASE NO.
 8    CITY AND COUNTY OF SAN        )  4:22-cv-05502-DMR
 9    FRANCISCO, et al.,            )
10              Defendants.         )
11    - - - - - - - - - - - - - - -
12
13
14            30(b)(6) REMOTE DEPOSITION OF
15                     JONATHAN VAING
16    RE:  SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS
17              WEDNESDAY, MARCH 5, 2025
18                PAGES 1 - 229; VOLUME 1
19
20
21         BEHMKE REPORTING AND VIDEO SERVICES, INC.
22              BY:  SHANNA GILBERT, CSR NO. 12951
23                550 CALIFORNIA STREET, SUITE 820
24                 SAN FRANCISCO, CALIFORNIA 94104
25                              (415) 597-5600
```

```
 1    -- unless there are SFPD officers present?
 2         MR. GEORGE:  Objection; form.
 3         THE WITNESS:  Yes.
 4    BY MS. KASHYAP:
 5         Q.   And is it DPW policy that DPW workers cannot
 6    remove property from an unattended encampment unless
 7    there are SFPD officers present?
 8         MR. GEORGE:  Objection; form.
 9         THE WITNESS:  Repeat that one more time, please.
10    BY MS. KASHYAP:
11         Q.   Sure.
12         Is there a DPW policy that DPW workers cannot remove
13    property from an encampment that is unattended unless
14    there are SFPD officers present?
15         MR. GEORGE:  Same objection.
16         THE WITNESS:  Cannot, no.
17    BY MS. KASHYAP:
18         Q.   So the policy is if there is an unattended
19    encampment, DPW workers are permitted to remove property
20    from that encampment.  But if it is an attended
21    encampment, DPW workers may clean around it, but are not
22    permitted to remove property from it unless there is
23    SFPD officers present?
24         MR. GEORGE:   Objection; form.
25         THE WITNESS:   Yes, that's correct.
```

```
 1   scanned after it's completed when an item is bagged and
 2   tagged.
 3        The version of that form that has the signature of
 4   the person whose property was returned to them, the
 5   second version of that form is not scanned and stored on
 6   the shared drive; is that right?
 7        A.   Not that I know of.
 8        Q.   And at the yard is property bagged and tagged
 9   at the request of the police department stored any
10   differently than other bagged and tagged property?
11        A.   No.
12        Q.   And someone who owns property that was bagged
13   and tagged at the request of the police department can
14   still come and pick up that property within 90 days like
15   any other bagged and tagged property; is that right?
16        A.   That's correct.
17        Q.   And is it also true that tents that are bagged
18   and tagged as evidence of anti-lodging are also stored
19   no differently than any other bagged and tagged property
20   at the yard?
21        MR. GEORGE:   Objection; form.
22        THE WITNESS:   Yes.
23   BY MS. KASHYAP:
24        Q.   And so similarly someone who owned that tent
25   that was stored as evidence of illegal lodging could
```

```
 1   come pick that tent up within 90 days like any other
 2   bagged and tagged property?
 3        MR. GEORGE:  Objection; form.
 4        THE WITNESS:  Yes.
 5   BY MS. KASHYAP:
 6        Q.   After 90 days that bagged and tagged tent that
 7   was evidence of illegal lodging can be discarded like
 8   any other bagged and tagged property; is that correct?
 9        A.   Yes.
10        Q.   Has the San Francisco Police Department ever
11   asked DPW to retrieve a tent that was stored as evidence
12   of anti-lodging?
13        MR. GEORGE:  Objection; form.
14        THE WITNESS:  Repeat that, please.
15   BY MS. KASHYAP:
16        Q.   Sure.
17        Has the San Francisco Police Department ever asked
18   DPW to retrieve a tent that was stored as evidence of
19   anti-lodging?
20        MR. GEORGE:  Same objection.
21        THE WITNESS:  Retrieve as mean pick it up from the
22   police station?
23   BY MS. KASHYAP:
24        Q.   What I'm asking is has the San Francisco Police
25   Department ever asked DPW to give the police department
```

```
 1   back a tent that is being stored as evidence of
 2   anti-lodging from the storage yard?
 3        MR. GEORGE:  Objection; form.
 4        THE WITNESS:  No, not that I'm aware of.
 5   BY MS. KASHYAP:
 6        Q.   And same question but for the San Francisco
 7   District Attorney's Office, has the District Attorney's
 8   Office ever asked DPW to give the District Attorney's
 9   Office back a tent that is being stored as evidence of
10   anti-lodging at the DPW storage yard?
11        MR. GEORGE:  Objection; form, assumes facts not in
12   evidence.
13        THE WITNESS:  Not that I'm aware of.
14   BY MS. KASHYAP:
15        Q.   Mr. Vaing, is there a hazmat zone in the
16   storage yard?
17        A.   Yes.
18        Q.   And is there any policy on what goes in the
19   Hazmat zone?
20        MR. GEORGE:  Objection; scope.
21        THE WITNESS:  Yes.
22   BY MS. KASHYAP:
23        Q.   And what is that policy?
24        A.   We have area with signs and posted note where
25   the policy is if you pick up a car battery or oil,
```