1

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

2

Vasudha Talla (SBN 316219)
1 Rockefeller Plaza, 8th Floor

3

New York, New York

4

Telephone: (212) 763-5000
vtalla@ecbawm.com

5

6

*Attorney for Plaintiffs*

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

9

10

COALITION ON HOMELESSNESS, et al.,

Case No. 4:22-cv-05502-DMR

11

Plaintiffs,

12

v.

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' *MOTION IN LIMINE*
NO. 2 TO EXCLUDE OBSERVER
TESTIMONY REGARDING
UNLAWFUL PROPERTY LOSS**

CITY AND COUNTY OF SAN FRANCISCO,
et al.,

13

Defendants.

14

15

Final Pretrial Conference: July 9, 2025
Time: 1:00 p.m.

16

Trial Date: July 28, 2025
Courtroom: Courtroom 4, 3rd Floor

17

Judge: Hon. Donna M. Ryu

18

**Judge:** The Hon. Donna M. Ryu

19

20

21

22

23

24

25

26

27

28

The Court should deny the City's Motion in Limine No. 2 ("Br."), Dkt. 424, which seeks to exclude relevant, admissible testimony central to Plaintiffs' claims. All of the City's arguments go to the weight to be provided by this Court, sitting as trier of fact, rather than admissibility. At bottom, the City seeks to cut off Plaintiffs' proof of numerous instances of property destruction—essential to a *Monell* claim arising from a custom of unconstitutional conduct—simply because it deems it too burdensome to contest those claims through cross-examination. Br. at 3, 3 n.2.

## I.    THE CITY'S MOTION IS PROCEDURALLY DEFECTIVE

The City's attempt to "re-litigate" the Court's prior decisions on standing is "procedurally defective" and the motion should be denied on that basis alone. Dkt. 389 at 2. The Court has twice-rejected the City's Fourth Amendment "personal rights" argument and its argument that associational standing requires the personal participation of Coalition members. Br. at 1; Dkt. 400 ("MSJ Order") at 17-18; *id.* at 32 (citing Dkt. 281 at 13). The Court should reject the City's attempt to convert its standing arguments into an evidentiary rule.

## II.   THE CITY'S FOUNDATION AND HEARSAY OBJECTIONS DO NOT JUSTIFY EXCLUDING EYEWITNESS TESTIMONY

**Observers and Eyewitnesses Do Not Lack Foundation to Testify**. The City confuses foundation to testify under the evidentiary rules with whether Plaintiffs can present sufficient evidence to establish constitutional violations. Br. at 1:21-2:26. Observers who personally witnessed property destruction and other relevant events possess the foundation to testify. *See* Fed. R. Evid. 602 (personal knowledge "includes opinions and inferences grounded in observations and experience"); *Great Am. Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F.Supp.2d 1084, 1089 (N.D.Cal. 2009); *In re Akins*, 640 B.R. 721, 727 (Bankr. E.D. Cal. 2022) (personal knowledge includes "events perceived by the witness through one of the five senses") (citation omitted).

Even assuming that all the issues identified by the City are relevant to the City's burden to show that an exception to the warrant requirement applies, Br. at 2:1-9 ("state, condition, and usability," "ownership and chain of custody," "contents"), those issues can be drawn out on cross-examination of observers and ultimately go to the weight, not the admissibility, of that evidence

1

1  in proving a constitutional violation.[1] Br. at 2-3. And even if the Court finds that the testimony of

2  certain observers did not establish a constitutional violation, the City does not explain why a

3  blanket exclusion of *all* eyewitness testimony concerning *all* incidents of property destruction

4  would be justified. *Contra* Br. at 1:11; *see also* MSJ Order at 38:14-20; Dkt. 366 at 3:14-20. In

5  this bench trial, the Court is capable of weighing the evidence and determining whether these

6  issues are probative of or "fatal" to Plaintiffs' claims. The City cites no evidentiary rule that

7  precludes observers from offering testimony based on their personal observations. Plaintiffs may

8  use a combination of observer testimony, testimony from unhoused witnesses, testimony from City

9  employees, and City records, among other evidence, together to prove that the seizure of a

10  particular property was unreasonable or that the City engages in a custom of unreasonable property

11  destruction.

12      **Observer Testimony Is Not Hearsay**. The City's claim that all observer testimony is

13  hearsay is false. *First*, testimony about events an eyewitness personally observed is definitionally

14  not hearsay. *See, e.g.*, Dkt. 424-6, Evans Dep. 216:4-21 (observer witnessed City destroy Toro

15  Costano's MacBook and tent). *Second*, to the extent observers testify about what an unhoused

16  person told them about their own property during or in the immediate aftermath of a sweep, that

17  testimony falls under the hearsay exception for an excited utterance under Rule 803(2). *See, e.g.*,

18  *Rogovich v. Schriro*, No. 00-cv-1896, 2008 WL 2757362, at *11 (D. Ariz. July 14, 2008)

19  (comments which were spontaneous and made without the opportunity for reflection fell under the

20  exception); *Altamirano v. City of Tucson*, No. 15-cv-00169, 2021 WL 753719, at *5 (D. Ariz. Feb.

21  _____

22  [1] "[T]he onus is on *the City* to demonstrate the applicability of an exception to the Fourth
Amendment's prohibition on warrantless seizures," Dkt. 400 at 17-18 (emphasis added), that

23  would allow it to destroy, for example, a television that may not work or an unhoused person's
walker because they do not "need" it. In any case, none of the examples the City cites concerning

24  lack of knowledge about the "state, condition and usability" of property absolutely precludes a
Fourth Amendment claim, and all illustrate the type of cross-examination available to the City.

25  *See, e.g.*, Br. at 2:1-2 (Dkt. 424-2, Verner-Crist Dep. 226: 4–8 (witness did not know if a seized
television worked); *id.* at 232: 22-25 (witness was not sure if an unhoused person who "walked

26  with some difficulty" *needed* her walker); Dkt. 424-4, Ioffee Dep. 119:3-14 (witness testified that
backpacks which were thrown away "don't look like trash to me"); *id.* at 237:3-8 (witness did not

27  know if the brakes on a bicycle worked); Dkt. 424-5, Illa Dep. 127:5-24 (witness did not know the
contents of a box or condition of a mattress forcibly seized)).

28

26, 2021) (statement given hours after traumatic event qualified as excited utterance because declarant was still "under the stress of excitement"). Rule 803(4)'s exception for statements in furtherance of medical treatment applies to statements made to Shannon Ducharme, a City health worker, by unhoused patients as part of a needs and treatment assessment. *See, e.g.*, *United States v. Latu*, 46 F.4th 1175, 1179 (9th Cir. 2022) (admitting statements which were "made for—and [were] reasonably pertinent to—medical diagnosis or treatment"); Ex. A, Ducharme Dep. 11:19-25, 35:6-36:12.[2] Hearsay within hearsay may also be admitted where each statement qualifies for a hearsay exception, such as an excited utterance. *See* Fed. R. Evid. 805.

At a minimum, the possibility that various hearsay exceptions may apply depending on the declarant, the statement, and the witness, requires the Court to consider hearsay exceptions on a case-by-case basis at trial instead of issuing a blanket exclusion. *Spearman Corp. Marysville Div. v. Boeing Co.*, No. 20-cv-13, 2023 WL 2356126, at *2 (W.D. Wash. Mar. 3, 2023) (holding that a hearsay dispute over multiple different statements "requires an individualized analysis," and declining "to make a blanket ruling," in favor of hearing objections on a case-by-case basis). *Johnson v. Fred Meyer Stores, Inc.*, No. 04-cv-0008, 2007 WL 9697954, at *2 (D. Alaska Oct. 1, 2007), *amended*, No. 04-cv-0008, 2007 WL 9697981 (D. Alaska Oct. 5, 2007) (same).

Finally, the Ninth Circuit has held that Rule 807 provides judges a "fair degree of latitude" and "flexibility" to admit statements that would otherwise be hearsay. *See U.S. v. Valdez–Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994). This is especially true in a bench trial. *See, e.g.*, *Att'y Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009) ("[A] judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation."). The Court should exercise this discretion here, where both the volume of incidents and nature of the Coalitions' constituency render individual participation impractical.

**<u>Observer Testimony Is Probative, Not Prejudicial.</u>** The Court has already found that observer testimony about property destruction is relevant. *See* MSJ Order at 29 (citing testimony offered "to support [Plaintiffs'] claim of systemic constitutional violations" by both "housed and

---

[2] All exhibits are attached to the declaration of Vivake Prasad dated June 27, 2025.

unhoused" individuals who "witnessed items being taken unlawfully by the City."). There is no undue prejudice to the City to defend against these facts, all of which were disclosed in discovery, and the Court has already rejected the City's position on this issue. MSJ Order at 30 (Plaintiffs not obligated to supplement their interrogatory responses because relevant facts disclosed during discovery); *contra* Br. at 3 n.3. The City's claims that there are hundreds or thousands of incidents that they must rebut, Br. at 3 n.2, 4:9, is belied by examining Plaintiffs' pretrial submissions: there are seven "observer" witnesses, many of whom submitted declarations detailing specific sweeps observed; all of whom were deposed regarding the incidents they would testify about; and whose relevant photographs and videos (and sometimes notes) are contained on Plaintiffs' exhibit list. *See* Dkt. 433 at 1 n.1 (listing observer witnesses); *see, e.g.*, Dkt. 416 at PX-227 to PX-306 (notes, photographs, and videos taken by Dylan Verner-Crist depicting sweeps on particular dates); *id.* at PX-315 to PX-325 (photographs and videos taken by Karina Ioffee and Lukas Illa depicting sweeps on specific dates).

## CONCLUSION

The Court should deny Defendants' Motion in Limine No. 2.

Dated: June 27, 2025

Respectfully submitted,

By: */s/ Vasudha Talla*

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Vasudha Talla, SBN 316219
Zoe Salzman, *pro hac vice*
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
vtalla@ecbawm.com
zsalzman@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

By: */s/ Nisha Kashyap*

LAWYERS' COMMITTEE FOR CIVIL

4

RIGHTS OF THE SAN FRANCISCO
BAY AREA
Nisha Kashyap SBN 301934
Andrew Ntim SBN 347084
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
nkashyap@lccrsf.org
antim@lccrsf.org

By: */s/ John Thomas H. Do*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
William S. Freeman SBN 82002
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
wfreeman@aclunc.org

By: */s/ Scout Katovich*

AMERICAN CIVIL LIBERTIES UNION
Scout Katovich, *pro hac vice*
425 California Street
Suite 700
San Francisco, CA 94104
212-549-2500
skatovich@aclu.org

*Attorneys for Plaintiffs*

5