DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
               (415) 554-6762 (Murphy)
               (415) 554-3870 (Gradilla)
               (415) 554-4223 (George)
               (415) 355-3304 (Mills)
Facsimile:   (415) 554-4699
E-mail:      edmund.wang@sfcityatty.org
             kaitlyn.murphy@sfcityatty.org
             miguel.gradilla@sfcityatty.org
             john.george@sfcityatty.org
             steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:      wmetlitzky@conmetkane.com
             jlanier@conmetkane.com
             ntheobald@conmetkane.com

Attorneys for Defendants

CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT OPINIONS OF DR. F. RAMZI ASFOUR (ECF No. 421)** <br><br> Date:        July 9, 2025 <br> Time:       1:00 p.m. <br> Judge:      Hon. Donna M. Ryu <br><br> Action Filed:   September 27, 2022 <br> Trial Date:     July 28, 2025 |

The Bag & Tag policy, which Plaintiffs acknowledge is constitutional, expressly allows City workers to discard "[i]tems that present an immediate health or safety risk." (Declaration of Miguel Gradilla (Gradilla Decl.), Ex. 1, Bag & Tag Policy at CCSF-COH_000386; ECF. No. 400 at 4.) Accordingly, testimony that illustrates the nature and degree of health and safety risks posed by homeless encampments is pertinent to a key question at the heart of this case. Dr. Asfour, a respected infectious disease expert, offers his opinions to illustrate for the Court the infectious disease risks present at homeless encampments. (ECF No. 421-2 at 6 (Asfour Report (Report)).) Such risks affect not only campers but also City staff who work at encampments or at the DPW Storage Yard. *Id.* Defendants offer these opinions based on Dr. Asfour's decades of experience to help the Court understand some of the health and safety risks presented by the facts at issue in this case, which are relevant to the Fourth and Fourteenth Amendment issues set for trial (including state law analogs). The Court should deny Plaintiffs' motion to exclude Dr. Asfour's opinions because Plaintiffs do not contest his expert qualifications, his opinions are plainly relevant to material issues in this case, and his opinions, which are based on his extensive knowledge and experience, are reliable.

## ARGUMENT

"Once [an expert] is qualified, Rule 702 permits [him] to testify as long as '(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.'" *Zavislak v. Netflix, Inc.*, No. 5:21-cv-01811-EJD, 2024 WL 2884649, at *12 (N.D. Cal. June 7, 2024) (quoting Fed. R. Evid. 702). "This multifactor inquiry is flexible, and 'Rule 702 should be applied with a 'liberal thrust' favoring admission.'" *Id.* citing *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (citing Fed. R. Evid. 702). Plaintiffs do not challenge Dr. Asfour's qualifications—they only attack the relevance and

reliability of his opinions. (ECF No. 421 at 3-6.) Accordingly, Plaintiffs concede that Dr. Asfour is qualified to offer his opinions.

## I.    Dr. Asfour's Opinions Are Relevant.

To be relevant, "the knowledge underlying [expert opinions must have] a valid connection to the pertinent inquiry," *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014), and "logically advance[] a material aspect of the proposing party's case," *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

Here, the Court must consider whether Defendants acted reasonably under the circumstances in deciding what to immediately discard, including items discarded under section 3 of the Bag & Tag policy, which allows City workers to discard items that present "an immediate health or safety risk." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1030 (9th Cir. 2012) ("The question then becomes whether the City, in seizing [Appellees'] property, acted reasonably under the Fourth Amendment."); (Gradilla Decl., Ex. 1 at CCSF-COH_000386).

In his Report, Dr. Asfour summarizes the subject of his opinions as follows:

> My opinion relates to the infectious disease risks of homeless encampments and considers the infections that may be transmitted by *items present* at such encampments, including discarded needles, food, and food waste found in the encampments, the absence of sanitary facilities, clean running water, human waste, the potential for infestations, and the close quarters that some of the unhoused people are residing in. My opinion, as an infectious diseases and infection prevention expert, also relates to the *storage of items* potentially contaminated by or containing biohazardous items.
> Report at 6 (emphasis added).

That is, Dr. Asfour's opinions directly relate to the health and safety risks that items at homeless encampments present, and inform the Court about what is reasonable under those particular circumstances faced by City workers. (*See, e.g.*, Gradilla Decl., Ex. 2, Excerpts of Asfour Deposition Transcript (Asfour Tr.) 42:23-45:1) (summarizing Dr. Asfour's opinions related to the risks of various infectious diseases that unhoused persons face, risks related to the storage and handling of items found

in encampments, and risks to the broader community). Dr. Asfour's opinions therefore directly address questions about health and safety concerns at homeless encampments and are relevant.

In their motion Plaintiffs erect a strawman, and later attack it, by suggesting that the City may be arguing that "intentional property destruction is a valid means of furthering an objective of eliminating 'diseased' homeless encampments." (ECF No. 421 at 3.) The City makes no such argument. Plaintiffs then further confuse issues by noting that Dr. Asfour is not offering opinions related to handling individual items. (ECF No. 421 at 4.) They say, without citation to any authority, that any opinions by Dr. Asfour about "risks" (rather than about individual items) does not help resolve the issues in the case. (ECF No. 421 at 4.) This argument misses the mark entirely. In determining whether expert testimony is relevant "courts must determine 'whether [the proffered testimony] in the case is sufficiently tied to the facts of the case" such that it will aid in resolving a factual dispute. *Zavislak*, 2024 WL 2884649, at *15. Here, Dr. Asfour's opinions "logically advance[] a material aspect of" the City's case because he explains what infectious disease risks different items commonly present at homeless encampments pose. (Report at 10-17); *Daubert*, 43 F.3d at 1315.

Moreover, Dr. Asfour's opinions are also relevant to the required balancing of interests and hardships in the event the Court grants injunctive relief. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) ("the district court has a 'duty . . . to balance the interests of all parties and weigh the damage to each.'"). His opinions speak to the infectious disease risks present at encampments, including risks faced by City workers and by storing items found at encampments in the DPW Storage Yard, and must be accounted for when examining any injunction.

This is in sharp contrast to Plaintiff's expert Dr. Benjamin King's proffered opinions, which essentially attack the current Bag & Tag policy and even recommend that the City adopt an entirely different policy. Unlike Dr. Asfour's opinions, King's opinions are irrelevant because they do not address the task at hand (determining reasonableness under the circumstances) and so should be

3

excluded. (*See generally* ECF No. 429.) Courts have excluded expert opinions in similar

circumstances on relevance grounds where an expert sought to attack a policy itself rather than its

application. *See, e.g.*, *Shirley v. Wash. St. Dep't of Fish and Wildlife*, 3:23-cv-05077-DGE, 2025 WL

1384803, at *4 (W.D. Wash. May 13, 2025) (excluding an expert's proffered opinions regarding the

efficacy of COVID-19 vaccines and the role of natural immunity as irrelevant where the vaccine

mandate was not at issue but rather how the defendant applied it to its employees).

Accordingly, Dr. Asfour's opinions are relevant to the issues in the case.

## II.    Dr. Asfour's Opinions Are Reliable and Plaintiffs' Complaints Address the Weight but Not Admissibility of Dr. Asfour's Opinions.

Plaintiffs attack Dr. Asfour's opinions related to the risk of infectious transmission to City

workers and the local community from encampments and unhoused peoples' belongings by asserting

that they are unsupported by the scientific literature or data in this case. (ECF No. 421 at 4-6.) In other

words, they argue that because the scientific literature Dr. Asfour considered and information in the

case does not, in their view, *definitively* point to a known transmission of infectious disease, his

opinions are unreliable. *Id.* These critiques, however, miss the mark as Plaintiffs incorrectly seem to

believe that *Daubert* mandates definitive certainty. No such requirement exists.

As the Ninth Circuit has explained when discussing how courts should evaluate the reliability

of medical expert opinions, "[l]ack of certainty is not, for a qualified expert, the same thing as

guesswork." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). As the court there explained,

"[t]estimony by physicians may or may not be scientific evidence," recognizing that although

"medicine is scientific" it is "not entirely a science." *Id.* The court went on to explain that some courts

have concluded that a doctor's experience may be a good reason to admit his testimony and that

excluding a doctor's testimony because he had not cited medical literature constituted abuse of

discretion. *Id.* at 566. Further, the court reiterated that "[w]hen an expert meets the threshold

4

1    established by Rule 702 as explained in *Daubert,* the expert may testify and the jury decides how

2    much weight to give that testimony." *Id.* at 565.

3         Here, it is undisputed that Dr. Asfour is a qualified infectious disease doctor; again, Plaintiffs

4    do not challenge his qualifications. Dr. Asfour's methodology (reviewing the relevant scientific

5    literature, considering the relevant case materials, and applying his professional experience to reach

6    his conclusions) (Asfour Tr. 52:23-53:11, 61:24-62:6), has been accepted as reliable in the Ninth

7    Circuit. *See, e.g.*, *Wendell*, 858 F.3d at 1233-34 (finding reversible error in excluding expert testimony

8    where expert was an experienced doctor who based his opinions on review of documents relevant in

9    the case, his education, training and experience, knowledge of the pertinent literature, and knowledge

10   of the disease at issue). Far from guesswork, Dr. Asfour's approach to developing his opinions was

11   sound. He conducted a literature review tailored for this case (Asfour Tr. 68:3-4), reviewed documents

12   and facts specific to this case (Asfour Tr. 56:9-19), and combined that with his own experience to

13   develop his opinions (Asfour 52:23-53:11). This is a perfectly allowable methodology. *Wendell*, 858

14   F.3d at 1233-34. That Plaintiffs would like Dr. Asfour to point to a specific instance of disease

15   transmission in the literature or data is inapposite. Their complaints go to the weight the Court should

16   give Dr. Asfour's opinions, not their admissibility. *Primiano*, 598 F.3d at 565.

17
18
19                                        **CONCLUSION**

20         For the foregoing reasons, the Court should deny Plaintiffs' motion to exclude Dr. Asfour's

21   opinions and testimony.

22
23   DATED: June 27, 2025                                    Respectfully submitted,

24
25
26
27
28
                                               5

1   DAVID CHIU
    City Attorney
2   YVONNE R. MERÉ
    EDMUND T. WANG
3   KAITLYN MURPHY
    MIGUEL A. GRADILLA
4   JOHN H. GEORGE
    STEVEN A. MILLS
5   Deputy City Attorneys

6   **/s/ Miguel A. Gradilla_____
    MIGUEL A. GRADILLA
7

8   WARREN METLITZKY
    JESSICA ELAINE LANIER
9   NATHAN D. THEOBALD
    **CONRAD | METLITZKY | KANE LLP**
10

11  Attorneys for Defendants CITY AND COUNTY
    OF SAN FRANCISCO, et al.
12

13

14  **Pursuant to L.R. 5-1, the e-filing attorney attests that each of the other Signatories have concurred in the filing of this document.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6