DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:   (415) 554-3857 (Wang)
             (415) 554-6762 (Murphy)
             (415) 554-3870 (Gradilla)
             (415) 554-4223 (George)
             (415) 355-3304 (Mills)
Facsimile:   (415) 554-4699
E-mail:      edmund.wang@sfcityatty.org
             kaitlyn.murphy@sfcityatty.org
             miguel.gradilla@sfcityatty.org
             john.george@sfcityatty.org
             steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants

CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXPERT WITNESS OPINION OF DR. TIMUR DURRANI**<br><br>Hearing Date:   July 9, 2025<br>Time:           1:00 p.m.<br>Judge:          Hon. Donna M. Ryu<br><br>Action Filed:   September 27, 2022<br>Trial Date:     July 28, 2025 |

I. **INTRODUCTION AND RELEVANT BACKGROUND**

Dr. Timur Durrani is a medical doctor and Clinical Professor of Medicine and Pharmacy in the Department of Medicine, Division of Occupational and Environmental and Climate Medicine, and the School of Pharmacy at the University of California at San Francisco (UCSF). For nearly two decades he has specialized in treating and preventing injuries associated with environmental and occupational hazards.

Defendants requested he provide his opinion "about the dangers and/or hazards, including but not limited to health-related dangers, City workers face in conducting street cleaning and property removal, particularly of encampments and related places of human habitation in public spaces." ECF No. 423-2 (Durrani report) at 1. Dr. Durrani did just that, reviewing relevant scientific literature and applying his extensive experience and knowledge to the facts of this case to conclude that City workers face several risks when cleaning homeless encampments and removing property from them. Dr. Durrani identified several specific risks facing City workers following his analysis: infectious biological material, physical injury, chemical exposure, thermal exposure, violence, and animal exposure. *Id.* at 4-7. Dr. Durrani supported these conclusions with specific citations to evidence, including deposition transcripts, and citations to relevant published scientific studies. *Id.*

Plaintiffs do not challenge Dr. Durrani's qualifications to offer his opinions about the risks City workers face, but contend his opinions are neither relevant nor reliable, and thus seek to exclude them. Plaintiffs are wrong about each. Because a key question in this case—the reasonableness of the alleged seizures—requires examination of all the facts and circumstances confronting City workers accused of unlawfully seizing property, Dr. Durrani's opinions about some of those very facts and circumstances is directly relevant. Plaintiffs complain Dr. Durrani's report does not contain an explanation of why his opinions are relevant, but nothing requires such an explanation and Plaintiffs ignore that their own experts' reports offer no such explanation. Plaintiffs' contention that Dr. Durrani's opinions about risks facing City workers might also apply to other manual laborers does nothing to diminish the relevance of the opinions to this case.

Plaintiffs' arguments that Dr. Durrani's opinions must be excluded as unreliable are equally baseless and amount to little more than disagreements with his conclusions. Dr. Durrani has opined that City workers face several identified risks, but Plaintiffs contend that because these risks have not materialized (or materialized enough times), there is no support for his opinions. This is akin to arguing that until the *Titanic* sank, the opinion that the *Titanic* was at risk of sinking was unreliable. Plaintiffs' argument that Dr. Durrani's opinions lack evidentiary support similarly displays Plaintiffs' disagreement with the strength of his conclusions. These arguments go to the weight of Dr. Durrani's opinions, not their admissibility.

This Court should deny Plaintiffs' motion to exclude Dr. Durrani's testimony.

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 provides that expert opinion is admissible if (1) the witness is "qualified as an expert by knowledge, skill, experience, training, or education"; (2) the "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on sufficient facts or data"; (4) "the testimony is the product of reliable principles and methods"; and (5) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Further, courts must ensure that expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

## III.   ARGUMENT

### A.   Dr. Durrani's Opinions Are Relevant to Plaintiffs' Fourth and Fourteenth Amendment Claims and the Relief Sought

Dr. Durrani's opinions are relevant. Plaintiffs allege the City seizes property in violation of the Fourth Amendment. To determine whether a seizure was unlawful, the Court will need to determine whether the City employee's "conduct was 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1186 (9th Cir. 1995) (citation omitted). Dr. Durrani's opinions about the risks DPW employees face when cleaning encampments and handling items found in them *are*

facts and circumstances bearing on whether seizure was reasonable. His opinions are thus directly relevant to the primary issues in this case.

Plaintiffs have also accused DPW of "exploit[ing] language in the [bag and tag policy] that allows it to discard 'personal belongings [that] are co-mingled or littered with needles, human waste or other health risks' to trash everything, including items that do *not* fall within this category." ECF No. 366 at 4. And Plaintiffs' proposed expert, Dr. King, plans to testify that DPW workers do not actually face risks when cleaning encampments. *See, e.g.*, ECF No. 429-2, ¶ 24 (asserting blood and feces are not inherently infectious); ¶ 25 (criticizing policy for allowing disposal of unused needles). Dr. Durrani's opinions about the risks DPW employees face bear directly on these allegations and accusations. His opinions are also directly relevant to the required balancing of interests and hardships in the event the Court must grant injunctive relief (the remedy Plaintiffs seek). *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009) ("the district court has a 'duty . . . to balance the interests of all parties and weigh the damage to each'" when assessing whether the balance of equities tip in favor a plaintiff seeking injunctive relief). Dr. Durrani's opinions show the risks to City workers tasked with cleaning encampments and must be accounted for when considering any injunction.

Although Dr. Durrani's opinions provide more than background or context to the issues in this case, even if that were all his opinions provided, they would satisfy Rule 702's requirement that the expert's testimony "help the trier of fact to understand the evidence or to determine a fact in issue;" *i.e.* be relevant to the case. Fed. R. Evid. 702(a); *see Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, No. 09-CV-3032-EFS, 2012 WL 12951706, at *7 (E.D. Wash. June 27, 2012) ("While the identified portions of Dr. Vistnes' report are not directly applicable to the issue of whether the PCI regulations create an excessive burden on interstate commerce, the Court finds that these statements are relevant and helpful because they help provide background and context."); *Merrill v. M.I.T.C.H. Charter Sch. Tigard*, No. CIV. 10-219-HA, 2011 WL 1457461, at *4 (D. Or. Apr. 4, 2011) (finding expert's testimony about gender stereotyping was relevant in employment case because "Doctor Halpert provides a context within which the jury can evaluate the [parties'] actions or statements").

3

1    Plaintiffs argue Dr. Durrani's opinions are irrelevant for two reasons.  Both are wrong.  First,
2  Plaintiffs criticize Dr. Durrani for not explaining (in his report or deposition) "how his opinions relate
3  to any element of the Fourth or Fourteenth Amendment claims."  ECF No. 423 at 3.  This criticism, for
4  which Plaintiffs cite no authority, is baseless.  An expert is not required to "explain how his opinions
5  relate" (*id.*) to any disputed elements in his report, which would likely be an improper legal
6  opinion.  *See* Fed. R. Civ. P. 26(a)(2)(B) (identifying what an expert report must include, but making
7  no mention of explaining relevance).  Tellingly, neither of Plaintiffs' proposed experts include the
8  explanation of how their opinions relate to any Fourth or Fourteenth Amendment elements that
9  Plaintiffs demand of Dr. Durrani.  Should the Court accept this argument, it should exclude Plaintiffs'
10 experts' opinions for the same reason.

11   Plaintiffs next argue that because the risks facing DPW workers that Dr. Durrani identifies
12 could apply to "*many* jobs involving manual labor," Dr. Durrani's opinions about those risks are
13 irrelevant.  ECF No. 423 at 4.  This argument is no basis to exclude Dr. Durrani's opinions.  The fact
14 that other workers may also face the same type of risk a DPW worker faces when cleaning an
15 encampment does not change the fact that DPW workers actually face that risk.  Plaintiffs provide no
16 explanation as to why a risk must be unique to DPW workers to be relevant here.  Such a requirement
17 is illogical.  Testimony can be relevant to multiple issues simultaneously without detracting from the
18 relevance to any particular issue.

19      **B.     Dr. Durrani's Opinions Are Reliable**

20   Plaintiffs' criticisms of the reliability of Dr. Durrani's opinions are no more than fodder for
21 cross examination.  Each "goes to weight, not admissibility" of Dr. Durrani's opinions.  *In re JUUL*
22 *Labs, Inc., Mktg. Sales Pracs. & Prods. Liab. Litig.*, 609 F. Supp. 3d 942, 975 (N.D. Cal. 2022).

23   Plaintiffs repeatedly contend that, because some of the identified risks have not *materialized*
24 and resulted in documented harm, Dr. Durrani's opinions that these risks *exist* are unreliable.  ECF No.
25 423 at 5 (no records "showing actual disease transmission"); 6 (animals in encampments have *only*
26 bitten non-City workers); 5 fn.1 (records *only* "document needle sticks, but not infection").  Plaintiffs'
27 motion conflates two concepts, the risk of harm (the subject of Dr. Durrani's opinions) and whether

28

4

that harm has occurred. Just because a specific harm has not materialized does not mean the risk of that harm does not exist. Plaintiffs' arguments—which attack the degree and severity of risk—are clearly directed at the weight of Dr. Durrani's conclusions. This is quintessential material for cross examination, not exclusion. *See In re JUUL Labs, Inc.*, 609 F. Supp. 3d at 975 (finding criticisms of expert's opinion that vaping products were "two to four times 'more addictive than cigarettes'" went to weight, not admissibility of testimony).

Plaintiffs also assert several of Dr. Durrani's opinions must be excluded because they are "pure conclusions without any evidentiary support." ECF No. 423 at 4. In fact, Plaintiffs just disagree with the strength of the evidence supporting Dr. Durrani's conclusions. For example, Plaintiffs argue there is no evidence to support Dr. Durrani's opinion that DPW workers face infectious disease risk because the paper he relies on *only* found increased disease transmission among unhoused people, and did not specifically examine the risk to other people who come into close physical contact with the unhoused. *Id.* at 4-5. This criticism is baseless, and no reason to exclude Dr. Durrani's testimony. Dr. Durrani is opining on the risk of transmissible infectious diseases, which does not change based on a person's housing status. Plaintiffs' argument that the study did not specifically address the risk to people who spend considerable time cleaning encampments is one for trial. So too is their argument that the study supporting Dr. Durrani's opinion regarding chemical exposure examined encampments in Las Vegas. ECF No. 423 at 5. Where the study occurred and whether its conclusions are applicable here are mere disagreements with Dr. Durrani, not grounds to conclude his opinion lacked any methodology or connection to evidentiary support. The same is true for the remainder of the opinions Plaintiffs seek to exclude as unreliable—Plaintiffs simply disagree with his conclusions, which are undoubtedly harmful to Plaintiffs' case. ECF No. 423 at 6 (arguing 11 documented animal bites insufficient to show risk of animal bites; arguing incident of unhoused person spraying mace in DPW worker's face insufficient to show risk of violence; arguing multiple encampment fires insufficient to show risk of thermal injuries). At bottom, Plaintiffs' motion resembles a rebuttal report that notes areas of disagreement. It is no basis to exclude his opinions.

### C. Dr. Durrani's February 25 Observation is No Basis to Exclude His Opinions

Finally, Plaintiffs wrongly argue that Dr. Durrani's opinions must be excluded because he observed an encampment resolution on February 25, 2025, after the last day for new facts to be offered at trial, but before his expert report was due (March 10, 2025) and before the expert discovery cutoff date (April 14, 2025). Plaintiffs cite no authority to support their demand that Dr. Durrani's opinions be excluded on this basis. That alone is sufficient to deny their motion. Moreover, well-established law contradicts Plaintiffs' position—that the inadmissibility of information post-dating February 14 renders inadmissible Dr. Durrani's opinions citing that information. *See United States v. W.R. Grace*, 504 F.3d 745, 763 (9th Cir. 2007) ("[A]n expert reasonably may rely on inadmissible evidence in forming an opinion or delivering testimony."); *San Bernardino Cnty. v. Ins. Co. of State of Pa.*, No. CV 21-01978 PSG (AS), 2024 WL 1137959, at *11 (C.D. Cal. Feb. 27, 2024) (permitting expert to offer opinions based on inadmissible settlement agreement "since experts can rely on inadmissible evidence"). Even if Dr. Durrani's February 25 observations could be a basis to exclude his opinions (they are not), Plaintiffs greatly exaggerate his opinions' reliance on the observations. Plaintiffs contend Dr. Durrani's February 25 observations are "central to his opinions" (ECF No. 423 at 7), but, in fact, he cites his observations twice, each time to confirm an undisputed point that is supported by other evidence. *See* ECF No. 423-2 (Durrani report) at 5 (relying on DPW records and deposition transcripts, as well as February 25 observation to confirm presence of human waste at encampments); 4 (citing observation for undisputed facts that DPW workers climb in and out of truck beds and walk on sidewalks wet with liquid cleaning solutions). Dr. Durrani's February 25 observations are no basis to exclude his opinions.

### IV. CONCLUSION

For the above reasons, the Court should deny Plaintiffs' motion to exclude Dr. Durrani's opinions.

6

| | |
|---|---|
| DATED: June 27, 2025 | Respectfully submitted,<br><br>DAVID CHIU<br>City Attorney<br>YVONNE R. MERÉ<br>EDMUND T. WANG<br>KAITLYN MURPHY<br>MIGUEL A. GRADILLA<br>JOHN H. GEORGE<br>STEVEN A. MILLS<br>Deputy City Attorneys<br><br>**/s/ *John H. George*<br> JOHN H. GEORGE<br><br>WARREN METLITZKY<br>JESSICA ELAINE LANIER<br>NATHAN D. THEOBALD<br>**CONRAD \| METLITZKY \| KANE LLP**<br><br>Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al. |

**Pursuant to L.R. 5-1, the e-filing attorney attests that each of the other Signatories have concurred in the filing of this document.