DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br>    Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br>    Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS OPINIONS OF DR. KATHY PEZDEK (ECF No. 420)** <br><br> Hearing Date: July 9, 2025 <br> Time: 1:00 p.m. <br> Judge: Hon. Donna M. Ryu <br><br> Action Filed: September 27, 2022 <br> Trial Date: July 28, 2025 |

## I. INTRODUCTION

Dr. Kathy Pezdek is an expert in human memory with considerable trial experience. She will offer expert testimony on four principles of memory, based on scientific research and literature, that, as shown by the record, likely affected the reliability of trial witnesses' memory of events, and which are not likely to be fully known to the factfinder. Dr. Pezdek will "offer[] scientific evidence concerning the fallibility of event memory in general, focusing on four major principles that characterize cognitive processing and memory for events." (Wang Decl., Ex. A, Pezdek Rep. ¶ 31.) Such testimony meets the requirement of Federal Rules of Evidence 702. It is undisputed that Dr. Pezdek is well-qualified to offer her opinions. And Plaintiffs also do not attack the scientific basis for the memory principles about which Dr. Pezdek will testify. Plaintiffs argue only that "[t]he Court should exclude Dr. Pezdek's opinion testimony because it is irrelevant and will be unhelpful to the trier of fact." (ECF No. 420, Pl. Mot. at 4:20-21.) Plaintiffs' arguments fail. Dr. Pezdek's expert testimony regarding the science of memory will help the factfinder evaluate the reliability of eyewitnesses' accounts of alleged incidents of unlawful property destruction, which is a material aspect of the City's defense in this case where often the only evidence of an alleged incident of unlawful property destruction is vague and otherwise uncorroborated eyewitness accounts. Such testimony is relevant and helpful to the factfinder and meets the requirements of Rule 702. *See, e.g.*, *Rubalcava v. Perez*, No. 20-CV-04191-BLF, 2024 WL 3012808, at *4 (N.D. Cal. June 14, 2024) (allowing expert to "testify[] regarding the science of memory . . . so that the jury may apply those principles when making their own determinations whether to credit particular eyewitness testimony").

## II. RELEVANT BACKGROUND

Kathy Pezdek, Ph.D., is an expert on human memory and factors that affect the accuracy of memory. (*See* Wang Decl., Ex. A, Pezdek Rep. at ¶¶ 1-5; Ex. B, Pezdek CV.) Her qualifications—which Plaintiffs do not dispute—are set out in full in her *curriculum vitae*. (*Id.*, Ex. B, Pezdek CV.) In short, Dr. Pezdek has a Ph.D. (1975) in Psychology from the University of Massachusetts, Amherst; and is a tenured Professor of Psychology at Claremont Graduate University, in Claremont, California, where she has been on the faculty for more than four decades. (*Id.*) Dr. Pezdek has conducted numerous experiments and authored and co-authored numerous scholarly articles in peer-reviewed

1

journals, as well as chapters in books and textbooks, related to eyewitness memory and the factors that affect the accuracy of eyewitness memory for people and events. (*Id*.) She also teaches graduate courses on these topics. (*Id*.) Dr. Pezdek has also testified as a qualified expert about eyewitness memory in numerous cases. (*Id*., Ex. A, Pezdek Rep. at ¶ 4; Ex. C, Pezdek Depo. 51:17-23.)[1]

Here, Dr. Pezdek reviewed case materials, including a large number of depositions and declarations of potential trial witnesses, and relevant scientific literature, and from that review identified "four major principles" related to "memory for events," shown by the scientific literature, that "(a) determine how event memories are constructed and remembered, and (b) are consistent with information [she] ha[d] reviewed regarding eyewitness accounts in this case." (Wang Decl., Ex. A at ¶¶ 6, 9.) These four principles of memory are (1) Memory is a Constructive Process; (2) Event Memory is a Schema-Driven Process; (3) Memory for Gist Persists Longer than Memory for Detail; and (4) Inattentional Blindness. (*Id*. at ¶ 9.) According to Dr. Pezdek, science and research show that "[a] common impression that people have regarding how memory works is wrong. Memory does not work like a camera or video recorder." (*Id*. at ¶ 10.) The four principles of memory identified by Dr. Pezdek are four ways in which the "commonly held 'memory as camera' model of memory is incorrect and far too simple," and which are applicable to the eyewitness accounts in this case.

Dr. Pezdek's expert testimony will describe and explain these four memory principles, including relevant scientific literature, for the factfinder to help them "in making realistic assessments about the kinds of things that people are likely to remember well or not." (Wang Decl., Ex. C, Pezdek Depo. 60:19-61:4, 184:4-18; *see also generally* Ex. A, Pezdek Rep. ¶¶ 10-30.) Dr Pezdek will not opine that City witnesses are more advantaged in their memory over others. (*Id*., Ex. C, 49:22-50:4.) Dr. Pezdek will not opine on the truthfulness or reliability of the testimony of any particular witness in this case. (*Id*. at 60:10-15.) Dr. Pezdek acknowledges that "[e]verything in my report is a principle of

---

[1] Plaintiffs' assertion in their motion that "Dr. Pezdek has never before testified in a civil case" (ECF No. 420 at 2) is false. Plaintiffs asked Dr. Pezdek if she had ever testified in a civil case. (Wang Decl., Ex. C, Pezdek Depo., 48:4-7 ("Q. And in your history as a testifying witness, are there any other cases that you've testified in that are civil cases, not criminal?").) And Dr. Pezdek told them, "Yes, there are. Yes." (*Id*. at 48:8.) And in any event, whether Dr. Pezdek has testified in a civil case before (she has) is immaterial. The same rules of evidence, including Federal Rule of Evidence 702, apply in civil and criminal matters. *See, e.g.*, Fed. R. Evid. 1101(b).

memory that would apply to the general population." (*Id*., at 29:2-6, 33:7-10 (as corrected by errata).) And Dr. Pezdek will not opine about the credibility of any specific witness. (*Id*. at 63:18-22 (as corrected by errata).)

### III. LEGAL STANDARD

Federal Rule of Evidence 702 governs expert testimony, and "should be applied with a 'liberal thrust' favoring admission." *Messick v. Novartis Pharms. Corp*., 747 F.3d 1193, 1196 (9th Cir. 2014) (citation omitted). Under Rule 702, an expert must be "qualified as an expert by knowledge, skill, experience, training, or education." Rule 702 further requires "[e]xpert testimony must be both relevant and reliable." *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001) (citing *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 597 (1993)); *see also* Fed. R. Evid. 702. "The relevancy bar is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" *Messick*, 747 F.3d at 1196 (citation omitted). Relevancy encompasses Rule 702's requirement that "the evidence or testimony 'assist the trier of fact to understand the evidence or determine a fact in issue.'" *Daubert*, 509 U.S. at 591 (quoting Fed. R. Evid. 702). "The reliability threshold requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Messick*, 747 F.3d at 1197 (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999)). Reliability concerns "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id*. (quoting *Daubert*, 509 U.S. at 492-93). "Remaining issues regarding the correctness of [an] opinion, as opposed to its relevancy and reliability, are a matter of weight, not admissibility." *Id*. at 1199 (citation omitted).

### IV. ARGUMENT AND AUTHORITY

Plaintiffs do not challenge Dr. Pezdek's qualifications or the scientific basis of her opinions. Nor could they. (*See* Wang Decl., Ex. A, Pezdek Rep. at pp. 6-13, n.2-13; Ex. B, Pezdek CV; *see also, e.g*., *Trulove v. D'Amico*, No. 16-cv-050 YGR, 2018 WL 1090248, at *4 (N.D. Cal. Feb. 27, 2018) (finding "Pezdek offers a sound scientific basis for her testimony").) Rather, Plaintiffs argue only that Dr. Pezdek's opinion testimony "is irrelevant and will be unhelpful to the trier of fact." (ECF No. 420, Pl. Mot. at 4:20-21.) Neither contention has any merit.

3

CASE NO. 4:22-cv-05502-DMR (LJC)                    Defs.' Opp. to Mot. to Exclude Dr. Pezdek

### A.     Dr. Pezdek's Expert Testimony Is Relevant.

Testimony about memory principles that likely affect the reliability of eyewitness testimony is plainly relevant. *See Trulove*, 2018 WL 1090248, at *4 (refusing to exclude Dr. Pezdek's testimony, finding it, inter alia, "is relevant to the jury's evaluation of the eyewitness testimony"); *see also Rubalcava*, 2024 WL 3012808, at *3 (finding expert "opinions regarding the science of eyewitness identification, principles of memory, and memory contamination" "provide scientific knowledge that will help the jury understand the witness testimony and determine which witness testimony to credit"). Even in the 1994 case Plaintiffs cite excluding Dr. Pezdek,[2] the Ninth Circuit found her expert testimony "was no doubt relevant to [defendant's] defense." *United States v. Rincon*, 28 F.3d 921, 925 (9th Cir. 1994). Indeed, Dr. Pezdek's expert testimony concerning memory principles is particularly probative here, where often the only evidence of an alleged incident of unlawful property destruction is bare eyewitness testimony that is not corroborated by documents, photographs, or other evidence giving it independent reliability, and is unverifiable and nearly unfalsifiable due to lack of detail regarding the date and/or place of the incident.[3] Faced with such vague and unsupported testimony, the factfinder's evaluation of the reliability of that testimony will be critical. *Cf. People v. McDonald*, 37 Cal.3d 351, 362, 375-76 (1984), *overruled on other grounds*, *People v. Mendoza*, 23 Cal. 4th 896 (2000) (finding it was error to exclude expert testimony on "various psychological factors that could have affected" eyewitness identification where "no other evidence connected defendant with the crime" at issue and "the crucial factor in the case was the accuracy of the eyewitness identifications").

Plaintiffs cite *United States v. Sims*, 617 F.2d 1371 (1980) for the proposition that expert testimony regarding reliability of eyewitness identifications is strongly disfavored. (*See* ECF No. 420, Pl. Mot. at 5:3-5 (citations omitted).) Their argument should be rejected. That was over 40 years ago,

---

[2] The reasons Dr. Pezdek was excluded in *United States v. Rincon*, 28 F.3d 921, are inapplicable here, as explained *infra* Section IV.B.

[3] *See, e.g.*, Wang Decl., Ex. D, 8/24/23 Hrg. Tr. 42:14-18 (crediting statement of "Declarant Wise" in her declaration, ECF No. 130-43, that at the beginning of February 2023 a DPW worker took her jewelry from a nightstand and put it in his pocket); *see also* ECF No. 130-43, Wise Decl. ¶ 6 (Wise recounting, in the same declaration, "a different sweep" that "late February" 2023 where DPW "took [her] laptop, tablet, and phone—I had just purchased"). *But see* Wang Decl., Ex. E, Wise Depo., 38:2-39:18 (Wise testifying in January 2025 she has never had a "tablet"; has not had a laptop in "probably 10 years"; and has not had a phone for "three years"). Wise has since been removed from Plaintiffs' witness list. *See* ECF No. 415-1, Pl. Trial Witness List.

4

CASE NO. 4:22-cv-05502-DMR (LJC)                                    Defs.' Opp. to Mot. to Exclude Dr. Pezdek

predating even *Daubert*, 409 U.S. 579 (1993). Times change. As a court in this district recently noted in *Rubalcava*, 2024 WL 3012808, at *3 (collecting cases), "[n]umerous district courts have admitted expert testimony on eyewitness identification in civil rights cases arising out of a wrongful criminal conviction"—nevermind in criminal cases. (*See also* Wang Decl., Ex. F, Pezdek Rep. App'x A (listing cases in which Dr. Pezdek testified from Jan. 2021 to the date of her expert report); Ex. C, Pezdek Depo., 44:10-16, 47:7-16, 48:5-8.) Dr. Pezdek's testimony about the four memory principles likely at play under the circumstances here, which undisputedly has a sound scientific basis, and which apply to even "honest people," will help the factfinder "make a determination as to which kinds of memories are more likely to be—to reflect what actually happened and which ones are not." (*Id.* at 184:4-18.)

### B. Dr. Pezdek's Expert Testimony Will Assist The Trier Of Fact.

Dr. Pezdek's testimony about four memory principles that could have affected the reliability of witnesses' memory of events will help the factfinder evaluate the reliability of trial testimony. This satisfies the requirements of Rule 702. *See Rubalcava*, 2024 WL 3012808, at *4 (finding expert "testimony regarding the principles of memory and memory contamination will aid the [factfinder] in evaluating the conflicting witness testimony and satisfies the other requirements of Rule 702").

The four memory principles about which Dr. Pezdek will testify are not—as Plaintiffs contend—"common knowledge." Plaintiffs cite *United States v. Labansat*, 94 F.3d 527 (9th Cir. 1996). Plaintiffs miss the mark. As an initial matter, *Labansat* did not address admissibility; the issue in *Labansat* was whether "reasonably competent counsel would have required the assistance of [an eyewitness identification] expert for a paying client." *Id*. at 530. Moreover, the memory issue in *Labansat* was simply that the identifications "were not made until several months" after the event at issue. *Id*. It is in that context that the Ninth Circuit found "[i]t is unlikely a reasonably competent attorney would have incurred the expense of hiring an eyewitness identification expert," noting "[i]t is common knowledge that memory fades with time." *Id*. That is not what Dr. Pezdek will be addressing here in this trial.

The four memory principles about which Dr. Pezdek will testify go beyond the general premise that memories fade over time. Dr. Pezdek will explain various ways—ways that are "likely to account for memory of the potential witnesses in this case"—in which the "common impression that people

5

CASE NO. 4:22-cv-05502-DMR (LJC)                               Defs.' Opp. to Mot. to Exclude Dr. Pezdek

have regarding how memory works," the "'memory as camera' model," "*is wrong*"; namely, that memory is constructed, not recorded; that memory construction and recall is schema driven; that memory for specific details become less accurate over time even while gist memory remains relatively accurate and unchanged; and that even relevant aspects of events are frequently unnoticed when attention is focused elsewhere. (Wang Decl., Ex. A, Pezdek Rep. at ¶¶ 6, 10 (emphasis added).) *Labansat* is thus inapposite. *See Rubalcava*, 2024 WL 3012808, at *4 (finding "unpersuasive Plaintiff's argument that all testimony regarding memory is subject to exclusion because it is common knowledge that memories fade" and admitting expert "testimony regarding the science of memory" that "goes beyond the general premise that memories fade over time").

Plaintiffs' reliance on *Rincon*, fails for the same reason. There, the risk of confusing or misleading the jury outweighed the probative value of Dr. Pezdek's testimony because "the factors about which Dr. Pezdek was to testify" were "conveyed" by the district court in a "comprehensive jury instruction." *Rincon*, 28 F.3d at 925. As explained above, it is unlikely the factors affecting memory about which Dr. Pezdek will testify here are otherwise known. *Rincon* is further distinguishable because concerns of confusing or misleading the factfinder are far diminished here where the Court will be the factfinder. *See, e.g.*, *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) ("[I]n a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial.").

Plaintiffs also appear to argue Dr. Pezdek will not be helpful because she will usurp the factfinder's role to determine credibility by opining that City witnesses' testimony is more reliable than Plaintiffs' witnesses' testimony; yet Plaintiffs also appear to argue in the same breath that Dr. Pezdek will not be helpful because she acknowledges that the memory principles about which she will opine are equally applicable to the City's witnesses as Plaintiffs' witnesses. ((ECF No. 420, Pl. Mot. at 1:24-2:4, 2:16-19.) It is unclear how both assertions can be true. In any event, neither has any merit.

Dr. Pezdek testified she will not opine that any particular witness's testimony is more or less reliable than any other witness's testimony. (*See* Wang Decl., Ex. C, Pezdek Depo., 29:2-6, 33:7-10 (as corrected by errata), 49:22-50:4, 60:10-15, 63:18-22 (as corrected by errata).) Rather, as Plaintiffs' acknowledge, Dr. Pezdek is clear that the memory principles about which she will opine are generally

6

applicable, to anyone and everyone, including the City's witnesses, depending on the circumstances. And Dr. Pezdek will not opine that any particular witness's testimony should be disregarded. Rather, Dr. Pezdek will explain the "specific principles most likely to have affected event memory in this case." (Wang Decl., Ex. A, Pezdek Rep. ¶ 31.) This is admissible. *See Rubalcava*, 2024 WL 3012808, at *5 (finding opinions regarding decreased likelihood of accurate eyewitness identification was admissible). Plaintiffs apparently fear that given the circumstances and nature of their witnesses' testimony, the factfinder will more likely find that the subject memory principles say more about the unreliability of their witnesses' memories than the City's witnesses'. That may be—and the City expects that to be[4]—but a party cannot exclude testimony just because it will be unfavorable to them.

That Dr. Pezdek evenhandedly acknowledges that the memory principles about which she will opine are generally applicable does not make her opinions any less useful. Dr. Pezdek will testify about "the science of memory . . . so that the [factfinder] may apply those principles when making their own determinations whether to credit particular eyewitness testimony." *Rubalcava*, 2024 WL 3012808, at *4. The fact that her testimony may help the Court evaluate all witnesses only makes her opinions more helpful, not less. And Dr. Pezdek's opinions are not rendered unhelpful just because the City may also elicit additional evidence of unreliability. While the City may provide the Court "example[s] of *how*" witnesses' memories "were inconsistent and thus unreliable," Dr. Pezdek's testimony is "categorically different" and "would [] inform[] the [factfinder] of *why*" their memories may be "inherently unreliable. This would [be] a scientific, professional perspective that no one else [will] offer[] to the [factfinder]." *Ferensic v. Birkett*, 501 F.3d 469, 476-77 (6th Cir. 2007).

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to exclude Dr. Pezdek.

---

[4] Plaintiffs' case is built almost entirely on the testimony of Coalition employees, longtime volunteers, its attorneys' agents, and unhoused individuals, who all have a long history with, and have experienced numerous, encampment resolutions. (*See, e.g.*, Wang Decl., Ex. G, Illa Depo., 116:15-117:2 (testifying he has observed "25 to 40" resolutions on behalf of Coalition); Ex. H, Verner-Crist Depo., 16:12-17:24 (indicating he has "observed" over 43 resolutions); Ex. I, D. Martinez Depo., 166:19-167:11, 187:8-194:18 (testifying he has potentially experienced thousands of incidents since 2018 but could not identify when they occurred).) As to these categories of witnesses, Dr. Pezdek's opinions about schema, the persistence of gist over details, and the tendency to not notice salient aspects of an event when attention is focused elsewhere, will be particularly helpful for the factfinder.

| | | |
|---|---|---|
| 1 | DATED: June 27, 2025 | Respectfully submitted, |
| 2 | | DAVID CHIU |
| 3 | | City Attorney<br>YVONNE R. MERÉ |
| 4 | | EDMUND T. WANG<br>KAITLYN MURPHY |
| 5 | | MIGUEL A. GRADILLA<br>JOHN H. GEORGE |
| 6 | | STEVEN A. MILLS<br>Deputy City Attorneys |
| 7 | | |
| 8 | | */s/ Edmund T. Wang*<br>EDMUND T. WANG |
| 9 | | |
| 10 | | WARREN METLITZKY<br>JESSICA ELAINE LANIER |
| 11 | | NATHAN D. THEOBALD<br>**CONRAD \| METLITZKY \| KANE LLP** |
| 12 | | |
| 13 | | Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al. |