DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile: (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101
E-mail:    wmetlitzky@conmetkane.com
           jlanier@conmetkane.com
           ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING ALLEGED DRUG USE, ALLEGED BAD ACTS & ALLEGED CRIMINAL HISTORY (ECF No. 419)**<br><br>Hearing Date: July 9, 2025<br>Time: 1:00 p.m.<br>Judge: Hon. Donna M. Ryu<br><br>Action Filed: September 27, 2022<br>Trial Date: July 28, 2025 |

## I. Testimony Regarding Drugs Or Drug Paraphernalia

Plaintiffs' motion to exclude deposition excerpts from four witnesses (Cronk, Donohoe, Martinez, and Brown) and four trial exhibits (DX 1991, 2217, 4489, 4494) concerning drug use should be denied because it mischaracterizes the Court's Order and the evidence.

As an initial matter, the March 4, 2025 Court Order Plaintiffs cite does not define the scope of what is admissible at trial. The Order addressed a narrower set of *discovery* issues raised in a joint letter regarding "the limits of acceptable deposition questioning of *non-party declarant witnesses*." ECF No. 310 (emphasis added). The Order did not address whether testimony already given in completed depositions would be admissible at trial, nor did it address the admissibility of any documentary evidence. *Id*. The Order concerned only the depositions of third-parties that had not yet occurred and set parameters for questions the City could ask non-party witnesses going forward. ECF No. 326 ("Defendants may ask. . ."); ECF No. 419-6 at 5:6-14. Those limited rulings do not apply here. Each of the designations Plaintiffs challenge occurred *before* March 4, and none are from true non-parties: two are designations of the remaining Individual Plaintiffs, not "non-party declarants," and Coalition relies on the remaining two (Martinez and Brown) as "members" to claim associational standing. ECF No. 326; Murphy Decl. ¶ 3.[1] Each should be treated as party testimony.

But even if the March 4 Order applied to these depositions and exhibits, which it does not, the subject matter of the testimony nonetheless falls within what the Court explicitly permitted. The Court allowed questioning about drug use and/or paraphernalia, inter alia, "in a tent or specific area" that was the subject of allegedly unlawful property destruction or "drug use one month before or after" each instance of alleged unlawful property destruction. ECF No. 326. The referenced designations from Cronk's transcript include questions about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 419-2 at 131:23-133:6; 134:1-6; 134:19-135:6 135:17-136:10; 136:14-137:11. The Court already found this

---

[1] Plaintiffs' discovery letter leading to the March 4 Order did not cite these designations when it expressly identified other testimony it found relevant. If the Court is inclined to now limit admissible trial testimony on this basis, it should re-open the depositions of these four individuals so the City can re-phrase its questions within the confines of the Order that post-dated these depositions. Further, if the Court prohibits the City from asking about drug use connected to undated allegations, it should similarly preclude Plaintiffs from soliciting testimony about the same undated allegations at trial.

timeframe relevant, crediting Cronk's testimony that she experienced 30 encampment resolutions in the five years prior to her deposition (2019-2024), even though she did not know the dates of each resolution. ECF No. 400 at 2.  It would be impossible for the City to tailor its questions to one month before or after a date Plaintiffs did not disclose, especially where Cronk's testimony reveals ▇▇▇▇▇▇▇▇▇ during the two-year period.

The same is true of the City's questions to Donohoe, Cronk's partner. The designations concern his knowledge of ▇▇▇▇▇▇▇▇▇ when they camped together (ECF No. 419-3 at 233:22-235:10; 236:5-237:3); her ▇▇▇▇▇▇▇▇▇ (*id*. at 66:1-67:2); Donohoe's ▇▇▇▇▇▇▇▇▇ between 2018 and 2023 (*id*. at 228:19-230:2; 230:18-231:17; 231:20-233:7; 233:22-235:10; 237:24-239:12), and Donohoe's observations of ▇▇▇▇▇▇▇▇▇ when they camped together. *Id*. at 241:8-241:19.[2] All of these timeframes overlap with the timeframes these witnesses allege they experienced property destruction. Plaintiffs do not disclaim their intent to offer at trial evidence of property destruction during the timeframe about which the City questioned these witnesses. Murphy Decl. ¶ 4. The City's designations are therefore a proper defense.

Evidence of Martinez's drug use is also relevant for the additional purpose of credibility—not because a person who uses drugs is inherently less credible, but because a trier of fact can find a person who lied under oath about any topic is less credible. Ninth Circuit Model Civil Jury Instruction 1.14. Martinez testified under oath the only drug he used from 2018 to 2024 was marijuana. Murphy Decl. ¶ 5, Ex. A (Dep. Tr.) at 79:18-20. He expressly denied using methamphetamines. *Id*. at 79:21-80:1; 80:12-20. Yet, Donohoe also testified under oath that ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇—which is where Donohoe lived in 2022. ECF No. 419-3 at 234:23-25; 241:8-241:19. Martinez also ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ in 2024. ECF No. 419-20 at 98:10-16.[3] One of

---

[2] Donohoe's testimony about ▇▇▇▇▇▇▇▇▇ (food and clothes) is relevant to whether he lawfully owned (and therefore had a possessory interest in) the items he claims the City discarded, which included clothing and food. ECF No. 419-3 at 242:17-242:22; ECF No. 9-4 (Donohoe Decl. ¶ 5).

[3] Martinez did not produce any medical records from the date he alleges the City unlawfully destroyed his property in June 2022 (when camping with Donohoe) even though he testified under oath that he left that day to go to a doctor's appointment. ECF No. 9-4 (Martinez Decl.) ¶ 4.

the four trial exhibits Plaintiffs seek to exclude is the medical record underpinning this testimony. Murphy Decl. Ex. C (DX-2217). Under these circumstances the trier of fact should be permitted to draw their own conclusions about whether to discredit the whole of Martinez's testimony based on these inconsistencies.[4]

Plaintiffs' motion as to Brown should be denied for the additional reason that the testimony does not mention her drug use. Brown testified ▬▬▬▬▬▬▬▬▬▬ during 2015-2017. ECF No. 419-5 at 85:15-87:1; 87:4-10. She also claims to have experienced property destruction in this timeframe. *See* ECF No. 9-6 [Brown Decl. ¶ 4]; Murphy Decl. ¶ 6, Ex. B. The presence of ▬▬▬ around Brown's tent is relevant to whether her items were co-mingled regardless of why the ▬▬▬ were there. The referenced testimony does not implicate Brown's privacy interests because it does not concern drug use by her (or anyone in particular) and therefore is outside the Court's March 4 Order. ECF No. 419-6 at 6:23-25.[5]

The Court should also deny the motion as to the remaining three exhibits Plaintiffs seek to exclude, which are police records where individuals on Plaintiffs' trial witness list possessed methamphetamines (DX-1991), heroin (DX-4494), and drug paraphernalia (DX-4489). Murphy Decl. Ex. D at 25, 127, 121. Any prejudicial effect from this evidence cannot substantially outweigh its probative value given how central the presence of drug paraphernalia is to the assessment of whether alleged property destruction was lawful. This is especially so in a bench trial where the risk the trier of fact will misuse evidence for an improper purpose is lower than in a jury trial. *See United States v. Crosby*, 75 F.3d 1343, 1348 (9th Cir. 1996) (reversing conviction after "crucial" evidence excluded under FRE 403); *Harris v. Rivera,* 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) ("in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than a jury trial").

---

[4] The remaining references to the Martinez deposition refer to a prior felony conviction admissible for purposes of impeachment under FRE 609. ECF No. 419-4 at 77:17-18; 77:22-78:16.

[5] If the Court grants the City's separate Motion in Limine No. 4 regarding temporal scope, the City agrees the cited portion of Brown's testimony would be irrelevant and should be excluded because of its age. *See* ECF No. 426.

Plaintiffs' citations are irrelevant because neither case involved a case where the presence of drugs was a defense to the claim alleged. *Jarrett v. U.S.*, 822 F.2d 1438, 1446 (7th Cir. 1987); *Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 604 (D. Kan. 1998).

## II.    Adverse Inferences From Fifth Amendment Invocations

Plaintiffs reference the City's prior request the Court impose an adverse inference where a non-party invoked their Fifth Amendment rights. Plaintiffs identify no specific excerpts to which they contend this applies. To the extent issues regarding invocation arise at trial, the Court should follow its prior order and consider whether an adverse inference is appropriate "on a case-by-case-basis" since there is "no one-size-fits-all answer" to the question. ECF No. 419-6 at 8; ECF No. 326.

## III.    SFPD Incident Reports

Plaintiffs move to exclude a string cite of 27 SFPD Incident Reports on the City's exhibit list. Murphy Decl. Ex. D. The City cannot address the merits of each in a four-page reply, but doing so is unnecessary because whether each report should be admitted is a fact-specific question to be addressed in the context of the witness's examination. Plaintiffs agree that each report references an individual on their witness list. The City does not yet know what testimony Plaintiffs will elicit from these individuals and therefore whether the reports will be necessary to rebut or impeach that testimony on cross-examination. For example, six reports concern the same witness's interactions with SFPD prior to his alleged property destruction, which occurred in the context of a citation for illegal lodging. Murphy Decl. Ex. D at 2-24 (DX-1985-1990). To the extent the witness testifies that he was unfamiliar with how to interact with the police during the arrest at issue, these reports rebut that assertion. Another exhibit concerns an individual who asked City workers to inspect a bag on the street she believed contained a health hazard, which may be relevant to rebut or impeach her testimony around property destruction on direct examination. *Id.* at 36. (DX-1993). Reports older than 10 years are not automatically excludable under Rule 404(b)(2) and not all of these reports concern alleged unlawful conduct by the trial witness. *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). Plaintiffs cite no case where a Court applied the blanket preemptive exclusion they invite here and the Court should reject such an irregular approach.

4

| | |
|---|---|
| DATED: June 27, 2025 | Respectfully submitted,<br><br>DAVID CHIU<br>City Attorney<br>YVONNE R. MERÉ<br>EDMUND T. WANG<br>KAITLYN MURPHY<br>MIGUEL A. GRADILLA<br>JOHN H. GEORGE<br>STEVEN A. MILLS<br>Deputy City Attorneys<br><br>*/s/ Kaitlyn Murphy\*\**<br>KAITLYN MURPHY<br><br>WARREN METLITZKY<br>JESSICA ELAINE LANIER<br>NATHAN D. THEOBALD<br>**CONRAD \| METLITZKY \| KANE LLP**<br><br>Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al. |

*\*\*Pursuant to L.R. 5-1(i)(3), the electronic signatory attests that each of the other Signatories have concurred in the filing of this document.*