DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101
E-mail:    wmetlitzky@conmetkane.com
           jlanier@conmetkane.com
           ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING SHELTER AVAILABILITY (ECF NO. 418)**<br><br>Hearing Date: July 9, 2025<br>Time: 1:00 p.m.<br>Judge: Hon. Donna M. Ryu<br><br>Action Filed: September 27, 2022<br>Trial Date: July 28, 2025 |

For two years, this case centered around the City's offers of shelter. Plaintiffs Cronk and Donohoe benefited from City programs and are now permanently housed. Coalition's identified "members" are also housed or have rejected housing available to them. As a result, Plaintiffs lack standing and cannot prove their case on the merits. Plaintiffs' Motion in Limine Regarding Shelter Availability ("Motion") now attempts to exclude properly-disclosed facts and witnesses that prove jurisdiction is lacking and that they have no claim. The Motion ignores the years' worth of disclosures by the City as well as Plaintiffs' strategic decisions to withdraw depositions concerning testimony they now complain they need. To the extent any testimony or evidence casts doubt on the Court's jurisdiction, "[s]tanding cannot be waived," *Hartman v. Summers*, 120 F.3d 157, 159 (9th Cir. 1997), and courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). There is no basis for excluding the limited information at issue and the Motion must be denied.

**I.  Plaintiffs' Motion Distorts Disclosures And Rule 37 Sanctions Are Improper.**

Sanctions under Rule 37(c)(1) are not justified. Plaintiffs' Motion claims that the City refused to provide *any* discovery on shelter post-*Grants Pass*. These claims are false: The City produced the information they claim they do not have. What's more, Plaintiffs strategically declined to depose known witnesses.

As a threshold issue, the City provided extensive responsive information *prior* to *Grants Pass* concerning shelter and housing programs. On December 21, 2022, Plaintiffs served RFPs concerning shelter and housing programs. Mills Decl., Ex. A. On January 5, 2023, the City made its first disclosure identifying individuals with information relevant to Plaintiffs' claims and designated employees with relevant information according to City department consistent with the initial complaint. Mills Decl., Ex. B; *see also* ECF No. 1 ¶¶ 40-51. By January 23, 2023, the City agreed to search for and produce shelter and housing information. Mills Decl., Ex. C. On March 13, 2023, the City provided timely responses to Plaintiffs' interrogatories seeking information about the types of shelter available, including guaranteed shelter through the CAAP. Mills Decl., Ex. D.

Because of the volume of ESI, the parties engaged in extensive negotiations related to search terms and custodians. Stipulated custodians spanned departments and included relevant records from

HSH, DPW, DPH, DEM, SFPD, SFFD, and the Mayor's office. Mills Decl., Ex. E. When the Court stayed proceedings on February 23, 2024, the case was pending for 514 days and the City already made at least three productions of 227,334 bates pages of custodial documents in response to negotiated search terms on May 23, 2023, November 7, 2023, and January 17, 2024. Mills Decl. ¶ 19. An additional 34,803 bates pages were produced on October 2, 2024 and October 7, 2024. *Id.*

The City's good faith efforts to provide Plaintiffs with relevant information continued after *Grants Pass* was decided. Following the decision, the City took the reasonable position that a fishing expedition into *all* offers of shelter, *any* shelter protocol, and *all* documents concerning shelter eligibility and assessments was no longer relevant nor proportional to the needs of the case. The City's position was particularly justifiable in light of the extensive volume of information the City already produced. Even then, the City continued to meet and confer about the scope of responsive information and produced records such as client data from the ONE system maintained by HSH for Plaintiffs, members of the Coalition, and individuals identified as trial witnesses that show individuals' interactions with the City (e.g., DX's 2029-60), and entire CAAP files. Mills Decl. ¶ 20. In a further show of good faith, the City invited Plaintiffs to continue to identify documents that they believed they needed and produced documents responsive to requests, including protocol and policy documents related to the City's shelter system. Mills Decl., Ex. F.

Remarkably, Plaintiffs' Motion fails to mention their own strategic choice not to depose individuals that the City made available for testimony that Plaintiffs now complain about. For instance, Plaintiffs object that Sarah Locher will testify about the housing status of Plaintiffs and witnesses, and that Lisa Rachowicz will testify about the related shelter programs. Yet, the City timely disclosed both witnesses in disclosures, and both individuals submitted multiple *written* declarations related to the scope of their testimony in motions Plaintiffs' opposed. ECF Nos. 142-4; 242-5, 242-6, 295-3, 295-4, 350-3, 350-4; Mills Decl., Exs. G-I. Based on these disclosures and declarations, Plaintiffs knew these two witnesses had information concerning City interactions with unhoused individuals in the HSH shelter system and noticed their depositions. Mills Decl., Exs. J-K. Instead of deposing them, Plaintiffs withdrew notices and deposed individuals no party disclosed. Mills Decl. ¶ 21 & Exs. L-M. Their new feigned ignorance about the relevance of shelter is also unreasonable

because Plaintiffs deposed other City employees about the availability of shelter.[1] Plaintiffs' regret concerning their strategic choices about who to depose does not justify sanctioning the City.

For the reasons above, the City's disclosures were sufficient. Notably, before now, Plaintiffs never complained otherwise. Nor did they bring to the Court any timely discovery dispute after the close of discovery or claim lack of notice opposing summary judgment. Plaintiffs' concern arises now only after the City sought exclusion of evidence Plaintiffs did not include in supplemental disclosures concerning the foundational incidents at issue. Unlike Plaintiffs, there is no dispute the City made timely and *supplemental* disclosures. As Plaintiffs' authority recognizes, "supplementation is unnecessary when information has been 'otherwise made known to the other parties during the discovery process or in writing.'" *Aloe Vera of Am. Inc. v. United States*, No. CV-99-01794-PHX-JAT, 2014 WL 3397139, at *4 (D. Ariz. July 11, 2014) (citing Fed. R. Civ. Proc. 26(e)). "Courts apply the disclosure rules with an eye toward 'common sense,'" to ensure parties are "on notice" of information at issue. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617 (D. Nev. 2020). The City's disclosures were sufficient, and even if the Court disagrees, any non-disclosure is harmless given the extensive written disclosures made in good faith throughout litigation and Plaintiffs' strategic choices to ignore them.

## II.   Evidence Of Housing Status Is Relevant.

Plaintiffs' contention that the City "has conceded [] evidence related to shelter availability, offers, and the City's shelter system is not relevant to the remaining claims" strains credulity.[2] Since this case's inception, the City has repeatedly argued that Plaintiffs' housing status defeats jurisdiction because it informs the likelihood of any harm to them. Even the Motion concedes the "[a]vailability of shelter may reduce the likelihood that property will be on the street." ECF No. 418 at 3. This is directly related to the requirement for standing that a "high degree of immediacy" is necessary where

---

[1] *See, e.g.*, Mills Decl., Ex. N, Piastunovich Depo. 95:25-97:2, 137:25-138:15, 139:1-7; Ex. O, Dodge 30(b)(6) Depo. 51:5-15, 140:1-141:15; Ex. P, Nakanishi Depo. 41:17-43:22, 184:24-186:17. This included testimony from Jason Adamek concerning CAAP's guaranteed shelter beds mentioned in his declarations filed in the same motions. Ex. Q, Adamek Depo. 31:3-10, 32:2-21, 36:5-22.

[2] To be clear, the City agrees that the adequacy of shelter is not a prerequisite to enforcement following *Grants Pass*. The City also agrees that the overall adequacy of its shelter system is no longer at issue. These are the subject of the City's third motion *in limine*.

"the acts necessary to make the injury happen are at least partly within the plaintiff's own control." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 n.2 (1992). And whether a person was voluntarily homeless is also relevant. Plaintiffs' standing burden at trial requires them to show that they will be injured even if they comply with the law since courts must "assume that [litigants] will conduct their activities within the law and so avoid . . . exposure to the challenged course of conduct." *United States v. Sanchez-Gomez*, 584 U.S. 381, 391 (2018) (citation omitted). In relying on *Lavan v. City of L.A.*, 693 F.3d 1022 (9th Cir. 2012), which did not concern standing, the Court's summary judgment order did not erase these requirements. To the extent the Court disagrees, prudence counsels in favor of allowing the record to be developed at trial with final determinations made in findings of fact and conclusions of law. That approach fully develops the record for appellate review.

Moreover, the limited evidence of Plaintiffs' housing status and the City's practice of offering shelter is relevant on the merits to the extent it disproves the immediacy of harm, bears on the reasonableness of the City's conduct, and disproves deliberate indifference. On the merits Plaintiffs must show a "real or immediate threat" they "will be wronged again." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). Yet Plaintiffs concede shelter reduces the likelihood that property will be stored outside. It is also relevant to (1) reasonableness, which requires balancing interests, *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015), and (2) deliberate indifference, which looks to alternatives considered and "other measures" taken. *See Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1143 n.3 (9th Cir. 2020). City witnesses must be permitted to testify to practices of offering housing at operations, as well as the particular housing status of Plaintiffs and Coalition's identified members. Plaintiffs do not contend this information was not produced. The motion must be denied.

### III.   Meritless Objections Concerning Foundation Should Be Deferred.

Finally, Plaintiffs seek categorical exclusion of Locher, Adamek, Rachowicz, and Cohen based on speculation that these witnesses lack personal knowledge. This request is premature as the City has not had an opportunity to lay a foundation. The City can and will do so at trial.

### IV.   CONCLUSION

For the foregoing reasons, the City requests that the Court deny the motion *in limine*.

| | |
|---|---|
| DATED: June 27, 2025 | Respectfully submitted,<br><br>DAVID CHIU<br>City Attorney<br>YVONNE R. MERÉ<br>EDMUND T. WANG<br>KAITLYN MURPHY<br>MIGUEL A. GRADILLA<br>JOHN H. GEORGE<br>STEVEN A. MILLS<br>Deputy City Attorneys<br><br>*/s/Steven Mills\*\**<br>STEVEN MILLS<br><br>WARREN METLITZKY<br>JESSICA ELAINE LANIER<br>NATHAN D. THEOBALD<br>**CONRAD \| METLITZKY \| KANE LLP**<br><br>Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al. |

*\*\*Pursuant to L.R. 5-1(i)(3), the e-filing attorney attests that each of the other Signatories have concurred in the filing of this document.*