**EXHIBIT A**

**TO**

**DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING SHELTER
AVAILABILITY (ECF NO. 418)**

1  LATHAM & WATKINS LLP
   Alfred C. Pfeiffer, Jr., SBN 120965
2  505 Montgomery Street, Ste 2000
   San Francisco, CA 94111
3  Telephone: (415) 391-0600
4  al.pfeiffer@lw.com

5  LAWYERS' COMMITTEE FOR CIVIL
   RIGHTS OF THE SAN FRANCISCO BAY AREA
6  Zal K. Shroff, MJP 804620, *pro hac vice*
7  131 Steuart Street, Ste. 400
   San Francisco, CA 94105
8  Telephone: (415) 543-9444
   zshroff@lccrsf.org
9
   ACLU FOUNDATION OF NORTHERN CALIFORNIA
10 John Thomas H. Do, SBN 285075
11 39 Drumm Street
   San Francisco, CA 94111
12 Telephone: (415) 293-6333
   jdo@aclunc.org
13
14 *Attorneys for Plaintiffs*

15 *Additional Counsel on Signature Page*

16                    **UNITED STATES DISTRICT COURT**

17                 **NORTHERN DISTRICT OF CALIFORNIA**

18                         **OAKLAND DIVISION**

19

20 COALITION ON HOMELESSNESS, et al.,          Case No. 4:22-cv-05502-DMR

                    Plaintiffs.                **PLAINTIFFS' FIRST SET OF**
21                                             **REQUESTS FOR PRODUCTION TO**
                                               **DEFENDANTS CITY AND COUNTY OF**
22       v.                                    **SAN FRANCISCO, SAN FRANCISCO**
                                               **POLICE DEPARTMENT, SAN**
23 CITY AND COUNTY OF SAN FRANCISCO,           **FRANCISCO DEPARTMENT OF**
   et al.,                                     **PUBLIC WORKS, SAN FRANCISCO**
24                                             **DEPARTMENT OF HOMELESSNESS**
                    Defendants.                **AND SUPPORTIVE HOUSING, SAN**
25                                             **FRANCISCO FIRE DEPARTMENT,**
                                               **AND SAN FRANCISCO DEPARTMENT**
26                                             **OF EMERGENCY MANAGEMENT**
27
                                               Hon. Judge Donna M. Ryu
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1      **PLEASE TAKE NOTICE THAT,** pursuant to Rules 26 and 34 of the Federal Rules of

2   Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for

3   the Northern District of California (the "Local Rules"), Plaintiffs Coalition on Homelessness

4   ("Coalition"), Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez,

5   Teresa Sandoval, and Nathaniel Vaughn (collectively, "Plaintiffs"), by and through undersigned

6   counsel, request that Defendants City and County of San Francisco; San Francisco Police

7   Department; San Francisco Department of Public Works; San Francisco Department of

8   Homelessness and Supportive Housing; San Francisco Fire Department; and San Francisco

9   Department of Emergency Management, respond to the following Requests for Production

10  ("Request" or the "Requests"). Documents, electronically stored information, and tangible things

11  specified herein shall be produced to the offices of Latham & Watkins LLP c/o Alfred C. Pfeiffer,

12  Jr., at 505 Montgomery Street, Suite 2000, San Francisco, California 94025, or otherwise agreed

13  upon by the parties in writing, and within thirty (30) days from the date of service of these

14  Requests, or such time as the parties may agree. Such productions shall be made in accordance

15  with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

16                                        **<u>DEFINITIONS</u>**

17       The following definitions (applicable whether the terms in question are capitalized or not)

18  apply to this document as a whole and as to each of the following requests for production and shall

19  be deemed incorporated therein:

20       1.       "Communication" means any instance in which any Person has had contact with

21  any other Person including by any oral or written utterance, question, comment, inquiry, notation,

22  or statement of any nature whatsoever, by and to whomever made, including, but not limited to,

23  any conversation, correspondence, agreement, note, e-mail, voicemail, messages, or other transfer

24  of information, whether written, oral, electronic, or by any other means, and including any

25  Document or other medium which abstracts, digests, records, incorporates, summarizes, describes,

26  or transcribes any such Communication, or any subsequent review or discussion of such

27  Communication, whether occurring at meetings or otherwise.

28       2.       "Document" has the meaning prescribed in the Federal Rules of Civil Procedure,

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

2                    PLAINTIFFS' FIRST SET OF
                     REQUESTS FOR PRODUCTION
                     CASE NO. 4:22-CV-05502-DMR

1 including Rules 26 and 34. The term "Document" shall be interpreted in the broadest sense possible

2 and includes Documents in any form, including by way of example and without limitation,

3 originals and copies of letters, memoranda, notes, records, minutes, reports, notebooks, messages,

4 emails, telegrams, ledgers, legal instruments, legal opinions to the extent that they are not protected

5 by the attorney client privilege or attorney work product doctrines, agreements, manuals,

6 procedures, graphs, rough drafts, secretarial notes, work pads, films or videos, photographs,

7 computer disks and other electronic media, books, publications, advertisements, literature,

8 brochures, announcements, press releases, and includes without limitation all tangible things

9 which come within the meaning of the terms "writings and records" used in Federal Rule of

10 Evidence 1001 and all electronically stored information, and includes data and data files, and

11 underlying data or data files, whether in row or processed form. A draft or non-identical copy is a

12 separate document within the meaning of this term. The term "Document" also includes the term

13 "Thing" construed under the broadest possible construction under the Federal Rules of Civil

14 Procedure.

15       3.      "Homeless Person," refers to persons who are both "unhoused," without a fixed

16 residence, and "unsheltered," both unhoused and without physical shelter.

17       4.      "Homeless Encampment" refers to one or more Homeless Persons and/or their

18 property present on public property.

19       5.      "Move-Along" refers to any action taken by any Defendant to require a Homeless

20 Person and their property to move off of public property to another location under threat of the

21 issuance of a citation or arrest.

22       6.      "Person" includes both natural persons and entities, without limitation, including

23 all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other

24 legal, business, or governmental entity. The acts "of" a Person are defined to include the acts of

25 directors, officers, members, employees, agents, or attorneys acting on the Person's behalf.

26       7.      "Thing" has the meaning prescribed in the Federal Rules of Civil procedure,

27 including Rules 26 and 34. The term "Thing" specifically includes, by way of example but not

28 limitation, any disc, tape, or other electronic media storage device.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

8.      To "Identify" or provide the "Identity" or "Identification" of a Person who is a natural Person means to state for that Person: the Person's full name, present or last known address(es), present or last known telephone number(s), present or last known employer and that employer's address, present or last known job title, and whether the Person is represented by counsel in connection with this litigation. To "Identify" or provide the "Identity" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address for its principal place of business, present or last known telephone number, type (e.g. corporation, partnership, trust), date and place of formation, registered agent, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

9.      "Sweep Operation" means any action taken by any Defendant to move Homeless Persons and their property off of public property to another location. The definition shall be interpreted in the broadest way possible, and include, but not be limited to, removals of unhoused individuals or their property for the reason that they are sleeping or lodging on public property, to make room for street cleaning, or in response to any police dispatches or patrols regarding unhoused individuals or where unhoused individuals are approached by law enforcement.

10.     "HSOC Encampment Resolution" means any Sweep Operation conducted by the Healthy Street Operations Center ("HSOC") to resolve, clear, or remove a Homeless Encampment.

11.     "You" or "Your" means the City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management, London Breed, in her official capacity as Mayor; and Sam Dodge, in his official capacity as Director of the Healthy Streets Operation Center, both separately and together, and without limitation, their agents, employees, representatives, consultants, attorneys, or any other Person acting or purporting to act on their behalf.

## **INSTRUCTIONS**

1.      Each Request shall be answered pursuant to Federal Rules of Civil Procedure 26 and 32, and supplemented as required by Federal Rule of Civil Procedure 26(e). Rule 26(e)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    requires Defendants to correct or supplement Defendants' response when necessary to reflect

2    events occurring and information becoming available subsequent to the serving of Your initial

3    response.

4        2.    All DOCUMENTS and COMMUNICATIONS produced in response to these

5    Requests shall be identified with the specific request number to which the DOCUMENTS and

6    COMMUNICATIONS correspond.

7        3.    These requests shall apply to all DOCUMENTS and COMMUNICATIONS in

8    Your possession, custody, or control, wherever located at the present time, or coming into

9    Defendants' possession, custody, or control prior to the date of the production. If Defendants

10   know of the existence, past or present, of any DOCUMENTS or COMMUNICATIONS requested

11   below, but are unable to produce such DOCUMENTS or COMMUNICATIONS because they are

12   not presently in Defendants' possession, custody, or control, Defendants shall so state and shall

13   Identify such DOCUMENTS or COMMUNICATIONS, and the Person who has possession,

14   custody, or control of the DOCUMENTS or COMMUNICATIONS.

15       4.    If no DOCUMENTS or COMMUNICATIONS are response to a particular request,

16   Defendants are to state in the response that no responsive DOCUMENTS or

17   COMMUNICATIONS exist.

18       5.    For purposes of these Requests, so as to provide the broadest possible construction

19   of the Requests: the singular shall be read to include the plural and vice versa, the present tense

20   shall be read to include the past tense and vice versa, the term "any" shall be ready to include the

21   term "all" and vice versa, and the term "and" shall be ready to include the term "or" and vice versa.

22       6.    If any part of a DOCUMENT or COMMUNICATION is responsive to any Request

23   herein, produce the entire DOCUMENT OR COMMUNICATION.

24       7.    Where a privilege objection is asserted to any Request or part thereof and

25   information is not provided on the basis of such assertion, the following information should be

26   provided in a privilege log served with the objection, if known or reasonably available: (a) the type

27   of Document for which the privilege is claimed; (b) the date of the Document; (c) the author(s),

28   address(es), custodian(s), and any other recipient of the Document, and where not apparent, the

1    relationships of the author(s), address(es), custodian(s), and any other recipient to each other; (d)

2    the subject matter of the information requested or the Document withheld; and (e) the nature of

3    the privilege asserted and the basis upon which it is claimed.

4          8.    The Time Period for Documents responsive to each Request shall be January 1,

5    2018 to the Present.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS and COMMUNICATIONS relied upon or considered by Defendants in preparing, drafting, or reviewing any declaration relied on by Defendants, including without limitation the Declaration of Sam Christ (Dkt. No. 45-1), Declaration of Emily Cohen (Dkt. No. 45-2), Declaration of Darryl Dilworth (Dkt. No. 45-3), Declaration of Sam Dodge (Dkt. No. 45-4), Declaration of Charles Hardiman (Dkt. No. 45-7), Declaration of Allison Horky (Dkt. No. 45-8), and Declaration of Mark Mazza (Dkt No. 45-9).

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS and COMMUNICATIONS identified in any response to a discovery request or other document filed or served by YOU.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR identification and documentation of HOMELESS PERSONS or HOMELESS ENCAMPMENTS in the City and County of San Francisco.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR coordination, planning, preparation, conduct at, and execution of YOUR response to a HOMELESS ENCAMPMENT, including but not limited to your participation and involvement in SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any encounters, interactions, or incidents involving YOUR employees and one or more HOMELESS PERSONS or a HOMELESS ENCAMPMENT, including but not limited to when YOUR EMPLOYEES have been dispatched to address HOMELESS PERSONS or a HOMELESS ENCAMPMENT or have participated in or attended a SWEEP OPERATION or HSOC ENCAMPMENT RESOLUTION.

**REQUEST FOR PRODUCTION NO. 6:**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the

2  Healthy Street Operations Center ("HSOC"), its operations, and YOUR participation in,

3  involvement, and coordination with the HSOC and it operations, including but not limited to

4  schedules, reports, plans, and summaries of HSOC ENCAMPMENT RESOLUTIONS.

5  **REQUEST FOR PRODUCTION NO. 7:**

6    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to SWEEP

7  OPERATIONS or HSOC ENCAMPMENT RESOLUTIONS that YOUR employees are

8  dispatched to, participate in, are involved in, or attend.

9  **REQUEST FOR PRODUCTION NO. 8:**

10    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any notice

11  or offer of shelter provided by YOU to a HOMELESS PERSON or a HOMELESS

12  ENCAMPMENT prior to YOUR participation, involvement, or attendance at a SWEEP

13  OPERATION or HSOC ENCAMPMENT RESOLUTION.

14  **REQUEST FOR PRODUCTION NO. 9:**

15    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR

16  formal or informal policies, practices, and procedures for responding to or addressing HOMELESS

17  ENCAMPMENTS in the City and County of San Francisco and any and all DOCUMENTS AND

18  COMMUNICATIONS regarding or relating to encounters, interactions, dispatches, or incidents

19  between YOUR employees and HOMELESS PERSONS or HOMELESS PERSONS at a

20  HOMELESS ENCAMPMENT, including but not limited to your formal or informal policies,

21  practices, and procedures for (a) making offers of service or shelter to individuals present at

22  HOMELESS ENCAMPMENTS, (b) cleaning and resolving HOMELESS ENCAMPMENTS and

23  collecting, processing, removing, storing, and/or disposing of a HOMELESS PERSON'S property

24  and belongings (informally known as "bag and tag"), and (c) enforcing state and municipal laws

25  governing lodging and encampments on streets or sidewalks.

26  **REQUEST FOR PRODUCTION NO. 10:**

27    Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any

28  complaint, inquiry, correspondence, action, request for information, investigation, claim,

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

litigation, or proceeding regarding the (a) collection, confiscation, or destruction of a HOMELESS

PERSON'S property, belongings, or items and/or (b) removal, displacement, or SWEEP

OPERATION involving a HOMELESS PERSON.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the 2019

and 2022 Point-In-Time Counts.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS and COMMUNICATIONS regarding complaints, incidents,

or correspondence, including but not limited to 311 calls, regarding HOMELESS PERSONS or

HOMELESS ENCAMPMENTS, and any and all DOCUMENTS and COMMUNICATIONS

regarding Your response, or lack thereof.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the number

of shelter beds available in the County and City of San Francisco, including but not limited to

information regarding daily shelter bed availability, the type of shelter available, and criterias for

shelter.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to services

or shelter beds offered, accepted, declined, requested, or provided, or the lack or unavailability of

such services, as part of YOUR response to a HOMELESS ENCAMPMENT, including but not

limited to SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to

Coordinated Entry forms completed by HOMELESS PERSONS during YOUR response to a

HOMELESS ENCAMPMENT, including but not limited to SWEEP OPERATIONS and HSOC

ENCAMPMENT RESOLUTIONS.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   encounter, interaction, dispatch, or incident involving San Francisco Police Department officers

2   and a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT, including but not

3   limited to when officers are dispatched to, participate in, or attend a SWEEP OPERATION or a

4   HSOC ENCAMPMENT RESOLUTION—or otherwise interact with a HOMELESS PERSON

5   while on patrol. DOCUMENTS responsive to this Request should include but are not limited to

6   SFPD citation and arrest records, incident reports, complaints, incident tickets, and dispatch logs.

7   For clarity, dispatch logs that are responsive to this Request should at a minimum include, but are

8   not limited to, 915 (homeless complaints), 917 (suspicious person), 919 (person sitting/lying on a

9   sidewalk), 920 (aggressive solicitor), and 800cr (mentally disturbed person) dispatches.

10  **REQUEST FOR PRODUCTION NO. 17:**

11       Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to YOUR

12  enforcement operations, including but not limited to the issuance of a citation or arrest involving

13  a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT pursuant to any legal

14  provisions, including but not limited to California Penal Code § 647(e), California Penal Code §

15  148(a), California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F.

16  Police Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S.F. Port Code §§ 2.9-2.10.

17  DOCUMENTS responsive to this Request should include, but are not limited to YOUR policies,

18  practices, and procedures, training materials, incident reports, and arrest and citation and dispatch

19  databases.

20  **REQUEST FOR PRODUCTION NO. 18:**

21       Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to San

22  Francisco Police Department's use, practice, or issuance of MOVE-ALONG orders to a

23  HOMELESS PERSON or person at a HOMELESS ENCAMPMENT, including but not limited to

24  dispatch logs, incident reports, and arrest and citation records.

25  **REQUEST FOR PRODUCTION NO. 19:**

26       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to San

27  Francisco Department Bulletin A19-080, "Legal Enforcement Options for Addressing Lodging

28  and Illegal Encampments," including but not limited to alleged, reported, suspected, or confirmed

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                                          PLAINTIFFS' FIRST SET OF
                                            REQUESTS FOR PRODUCTION
                                            CASE NO. 4:22-CV-05502-DMR

1  violations of or noncompliance with Bulletin A19-080 by San Francisco Police Department

2  officers and the San Francisco Police Department's actions or response to such violations or

3  noncompliance.

4  **REQUEST FOR PRODUCTION NO. 20:**

5       All videos, visual or audio recordings, body camera footage, or photographs, and all

6  DOCUMENTS and COMMUNICATIONS referring or relating to such videos, visual or audio

7  recordings, body camera footage, or photographs, relating to an encounter, interaction, incident,

8  or dispatch involving a San Francisco Police Department officer involving a HOMELESS

9  PERSON or a person at a HOMELESS ENCAMPMENT, including but not limited to (a) when

10  officers are dispatched to, participate in, or attend a SWEEP OPERATION or HSOC

11  ENCAMPMENT RESOLUTION or (b) when officers conduct enforcement operations, including

12  issuing citations or arrests, pursuant to any legal provisions, including but not limited to California

13  Penal Code § 647(e), California Penal Code § 148(a), California Penal Code § 370, California

14  Penal Code § 372, S.F. Police Code § 97(b), S.F. Police Code §§ 168-169, S.F. Park Code §§ 3.12-

15  3.13, and S. F. Port Code §§ 2.9-2.10.

16  **REQUEST FOR PRODUCTION NO. 21:**

17       Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the

18  removal, retrieval, storage, destruction, disposal, or damage of an UNHOUSED PERSON's

19  belongings or property by YOUR employees, including but not limited to DPW bag and tag logs,

20  summary logs, and other such records.

21  **REQUEST FOR PRODUCTION NO. 22:**

22       Any and all DOCUMENTS and COMMUNICATIONS referring or relating to alleged,

23  reported, suspected, or confirmed violations of or noncompliance with YOUR "Bag and Tag"

24  Policy (16.05.08) by YOUR employees and the YOUR actions or response to such violations or

25  noncompliance.

26  **REQUEST FOR PRODUCTION NO. 23:**

27       All DOCUMENTS and COMMUNICATIONS documenting any accommodations

28  offered to or made for HOMELESS PERSONS or HOMELESS PERSONS at a HOMELESS

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1 | ENCAMPMENT who have a disability, including regarding appropriate offers of shelter or

2 | additional time to move or collect property.

3 | **REQUEST FOR PRODUCTION NO. 24:**

4 |  All COMMUNICATIONS sent or received by YOU discussing, regarding or related to

5 | HOMELESS PERSONS, HOMELESS ENCAMPMENTS, SWEEP OPERATIONS, or HSOC.

6 |

7 | Dated: December 21, 2022       By: _/s/ Alfred C. Pfeiffer_

8 |            LATHAM & WATKINS LLP
           Alfred C. Pfeiffer, Jr., SBN 120965

9 |            Wesley Tiu, SBN 336580
           Kevin Wu, SBN 337101

10 |            Tulin Gurer, SBN 303077
           505 Montgomery Street, Ste. 2000

11 |            San Francisco, CA 94111
           Telephone: (415) 391-0600

12 |            al.pfeiffer@lw.com
           wesley.tiu@lw.com

13 |            kevin.wu@lw.com
           tulin.gurer@lw.com

14 |

15 |            LATHAM & WATKINS LLP
           Joseph H. Lee, SBN 248046

16 |            650 Town Center Drive, 20th Floor
           Costa Mesa, CA 92626

17 |            Telephone: (714) 540-1235
           joseph.lee@lw.com

18 |            LATHAM & WATKINS LLP
           Rachel Mitchell, SBN 344204

19 |            12670 High Bluff Drive
           San Diego, CA 92130

20 |            Telephone: (858) 523-5400
           rachel.mitchell@lw.com

21 |

22 |            LAWYERS' COMMITTEE FOR CIVIL
           RIGHTS OF THE SAN FRANCISCO BAY
           AREA

23 |            Zal K. Shroff, MJP 804620*
           Elisa Della-Piana, SBN 226462

24 |            131 Steuart Street, Ste. 400
           San Francisco, CA 94105

25 |            Telephone: (415) 543-9444
           zshroff@lccrsf.org

26 |            edellapiana@lccrsf.org

27 |            *_admitted pro hac vice_

28 |            ACLU FOUNDATION OF NORTHERN

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12        PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALIFORNIA
John Thomas H. Do, SBN 285075
Brandon L. Greene, SBN 293783
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org
bgreene@aclunc.org

*Attorneys for Plaintiffs*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
CASE NO. 4:22-CV-05502-DMR