**EXHIBIT C**

**TO**

**DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING SHELTER AVAILABILITY (ECF NO. 418)**

DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
Deputy City Attorney
MEREDITH B. OSBORN, State Bar # 250467
Chief Trial Deputy
JAMES M. EMERY, State Bar #153630
EDMUND T. WANG, State Bar #278755
RYAN C. STEVENS, State Bar #306409
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4628 (Emery)
               (415) 554-3857 (Wang)
Facsimile:     (415) 554-4699
E-mail:        jim.emery@sfcityatty.org
               edmund.wang@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Healthy Streets Operation Center (HSOC),<br><br>Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**<br><br>Trial Date:        None set. |

PROPOUNDING PARTY:     Plaintiffs COALITION ON HOMELESSNESS, ET AL.

RESPONDING PARTY:      Defendants CITY AND COUNTY OF SAN FRANCISCO, ET AL.

SET NUMBER:            ONE

Pursuant to Federal Rules of Civil Procedure, Rule 34, defendants CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; LONDON BREED, in her official capacity as Mayor; and SAM DODGE, in his official capacity as Director of the Healthy Streets Operation Center (HSOC) (collectively "Defendants"), hereby respond to Plaintiffs COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN (collectively "Plaintiffs") First Set of Requests for Production of Document as follows.

## PRELIMINARY STATEMENT

Discovery in this action is still proceeding. Defendants have not completed their investigation of the facts relating to this action, or its discovery, legal research, and preparation for trial. Defendants' responses are based solely on information of which Defendants are currently aware and which is reasonably available. By objecting and responding to Plaintiffs' requests, Defendants do not waive its rights to challenge the relevance, materiality, or admissibility of the requests and/or its responses thereto, and/or the documents produced by Defendants in response to the requests, or to object to the use of the requests, and/or Defendants' responses, and/or the documents produced by Defendants in response to the requests, in any subsequent proceeding or trial in this action.

## GENERAL OBJECTIONS

Each of the following objections is asserted with respect to each of the following requests. The reiteration of specific objections with respect to a document request is not intended to waive any other of the general objections.

///

///

1. Defendants object that the document requests are overly broad and unduly burdensome in that they seek documents that are in the possession, custody or control of Plaintiffs or are available publicly through sources that are equally available to Plaintiffs.

2. Defendants object to the document requests to the extent that they seek personal or private information concerning any individual or third party on the ground that such information, if disclosed, would invade the privacy interests of those individuals to an extent incommensurate with the Plaintiffs' legitimate discovery needs.

3. Defendants object to the document requests to the extent that they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the document requests to the extent that production of all documents responsive thereto would be unreasonably difficult or expensive so as to render the process of providing a complete response unduly burdensome and oppressive.

5. Defendants object to the document requests to the extent they seek disclosure of any information that is shielded from disclosure by the attorney-client privilege, the attorney work product doctrine, common interest privilege and/or any other applicable privilege or protection.  No such information or documents will be provided.  The inadvertent production of any information or documents protected by such a privilege is not intended as a waiver of such privilege.  At the time required by law or a Court order, Defendants will provide a privilege log identifying any otherwise responsive documents being withheld and the basis for such withholding if any such documents are withheld.  Defendants object to identifying, and will not identify, any documents protected by the attorney-client privilege or attorney work product doctrine that were created after the date the initial complaint was filed in this action on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product.  Defendants object to identifying, and will not identify, any documents reflecting internal communications between individuals working on behalf of the San Francisco City Attorneys' Office, on the ground that such identification would be unduly burdensome and oppressive, and would itself reveal attorney work product.

6. Defendants object to the document requests to the extent they prematurely seek expert opinion or reports at a time when no experts have been designated.

7. Defendants object to the document requests to the extent that the information sought is protected from disclosure by the Federal Rules of Evidence or Federal Rules of Civil Procedure.

8. Defendants object to the Request for Production of Documents as a whole to the extent that the instructions and definitions contained in the Request for Production of Documents purport to impose obligations on Defendants that exceed those obligations authorized by the Federal Rules of Evidence, Federal Rules of Civil Procedure or other statutes and rules governing discovery procedures.

9. Defendants object that they have not concluded its investigation of the facts related to this action. Accordingly, Defendants set forth responses herein based on such information and documentation as is presently known by it. Defendants anticipate that further discovery and investigation may reveal additional information and/or documents. Therefore, the following responses are provided without prejudice to Defendants' right to rely upon, raise or assert any subsequently discovered fact(s) or document(s), and otherwise to assert factual or legal contentions as additional fact(s) or document(s) are discovered, analyses are made and legal research is concluded.

10. Defendants object to these requests to the extent that they seek electronically-stored information that it is not reasonably accessible because of undue burden or expense.

11. By agreeing to produce documents responsive to any particular request, Defendants do not intend to represent that there in fact exist any documents responsive to that request or that such documents are within Defendants' possession, custody or control. Defendants will produce documents only to the extent they exist, can be located by a reasonably diligent search, are responsive and not privileged, and are within Defendants' possession, custody, or control.

12. By objecting and responding to the Requests for Production of Documents, and each of the document Requests contained therein ("the Requests"), Defendants do not waive their rights to object to use or admission in evidence of the Requests, Defendants' responses thereto, or the documents produced by Defendants in response to the Requests, in any subsequent proceeding or trial in this or any other action. Furthermore, by responding and producing documents, Defendants do not waive its rights to object on any ground whatsoever, at any time, to any demand for further responses to these

1  Requests or for further responsive documents, or to any other discovery procedures involving or
2  relating to the subject matter of these Requests.

3        13. Defendants object to the document requests to the extent they seek confidential or
4  proprietary information. In addition, Defendants object to the document requests to the extent that
5  they seek information which is confidential pursuant to statutes, or designed to protect juvenile
6  records.

7        14. Defendants object to the definition of the terms "YOU" and "YOUR" insofar as they
8  include attorneys for Defendants and anyone acting on attorneys' behalves and therefore call for
9  attorney work product or attorney-client communications.

10       15. Defendants object that the scope of these requests make it unreasonable for Defendants to
11 complete their production by January 23, 2023. Defendants will continue their rolling production of
12 responsive documents, and will keep plaintiffs apprised of the production's status.

13       Without waiving these objections, Defendants respond to the Request for Production of
14 Documents, Set One, as follows:

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

Any and all DOCUMENTS and COMMUNICATIONS relied upon or considered by Defendants in preparing, drafting, or reviewing any declaration relied on by Defendants, including without limitation the Declaration of Sam Christ (Dkt. No. 45-1), Declaration of Emily Cohen (Dkt. No. 45-2), Declaration of Darryl Dilworth (Dkt. No. 45-3), Declaration of Sam Dodge (Dkt. No. 45-4), Declaration of Charles Hardiman (Dkt. No. 45-7), Declaration of Allison Horky (Dkt. No. 45-8), and Declaration of Mark Mazza (Dkt No. 45-9).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defendants object that this Request calls for privileged attorney-client communications and opinion work product. E.g., *Sporck v. Peil*, 759 F.2d 312, 317-18 (3d Cir. 1985); *Kalter v. Keyfactor, Inc.*, No. 21-CV-1707-L-DDL, 2022 WL 16985062, at *3 (S.D. Cal. Nov. 16, 2022).

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 2**:

Any and all DOCUMENTS and COMMUNICATIONS identified in any response to a discovery request or other document filed or served by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous. Defendants object that this Request calls for privileged attorney-client communications and opinion work product. In response to this Request, Defendants will produce documents identified in their Rule 26(f) disclosure.

**REQUEST FOR PRODUCTION NO. 3**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR identification and documentation of HOMELESS PERSONS or HOMELESS ENCAMPMENTS in the City and County of San Francisco.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting HSH's and/or HSOC's identification and documentation of homeless persons or homeless encampments in San Francisco.

**REQUEST FOR PRODUCTION NO. 4**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR coordination, planning, preparation, conduct at, and execution of YOUR response to a HOMELESS ENCAMPMENT, including but not limited to your participation and involvement in SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting San Francisco's response to homeless encampments.

**REQUEST FOR PRODUCTION NO. 5**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any encounters, interactions, or incidents involving YOUR employees and one or more HOMELESS PERSONS or a HOMELESS ENCAMPMENT, including but not limited to when YOUR EMPLOYEES have been dispatched to address HOMELESS PERSONS or a HOMELESS ENCAMPMENT or have participated in or attended a SWEEP OPERATION or HSOC ENCAMPMENT RESOLUTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.  In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting encounters between homeless persons and employees of the City and County of San Francisco.

**REQUEST FOR PRODUCTION NO. 6**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the Healthy Street Operations Center ("HSOC"), its operations, and YOUR participation in, involvement, and coordination with the HSOC and it operations, including but not limited to schedules, reports, plans, and summaries of HSOC ENCAMPMENT RESOLUTIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence  Defendants object that this Request calls for privileged attorney-client communications and opinion work product.  In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting HSOC operations.

**REQUEST FOR PRODUCTION NO. 7**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to SWEEP OPERATIONS or HSOC ENCAMPMENT RESOLUTIONS that YOUR employees are dispatched to, participate in, are involved in, or attend.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting an engagement with a homeless person in which an employee of the City and County of San Francisco asks the homeless person to move themselves and their property off of public property to another location.

**REQUEST FOR PRODUCTION NO. 8**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any notice or offer of shelter provided by YOU to a HOMELESS PERSON or a HOMELESS ENCAMPMENT prior to YOUR participation, involvement, or attendance at a SWEEP OPERATION or HSOC ENCAMPMENT RESOLUTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product. Defendants object that this request seeks documents that violate the privacy rights of third parties.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting notice or offers of shelter to homeless persons in advance of an HSOC encampment resolution or an engagement with a homeless person in which an employee of the City and County of San Francisco asks the homeless person to move themselves and their property off of public property to another location.

///

**REQUEST FOR PRODUCTION NO. 9**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to YOUR formal or informal policies, practices, and procedures for responding to or addressing HOMELESS ENCAMPMENTS in the City and County of San Francisco and any and all DOCUMENTS AND COMMUNICATIONS regarding or relating to encounters, interactions, dispatches, or incidents between YOUR employees and HOMELESS PERSONS or HOMELESS PERSONS at a HOMELESS ENCAMPMENT, including but not limited to your formal or informal policies, practices, and procedures for (a) making offers of service or shelter to individuals present at HOMELESS ENCAMPMENTS, (b) cleaning and resolving HOMELESS ENCAMPMENTS and collecting, processing, removing, storing, and/or disposing of a HOMELESS PERSON'S property and belongings (informally known as "bag and tag"), and (c) enforcing state and municipal laws governing lodging and encampments on streets or sidewalks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting San Francisco's policies, practices, or procedures for addressing homeless encampments, including (a) making offers of service or shelter, (b) cleaning and resolving homeless encampments, (c) collecting, processing, removing, storing, and/or disposing of a homeless person's property and belongings (informally known as "bag and tag"), and (d) enforcing state and municipal laws governing lodging and encampments on streets or sidewalks.

**REQUEST FOR PRODUCTION NO. 10**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any complaint, inquiry, correspondence, action, request for information, investigation, claim, litigation, or proceeding regarding the (a) collection, confiscation, or destruction of a HOMELESS PERSON'S property,

belongings, or items and/or (b) removal, displacement, or SWEEP OPERATION involving a HOMELESS PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

To the extent responsive documents are potentially relevant and discoverable, they are entirely duplicative of other production requests in this set.

**REQUEST FOR PRODUCTION NO. 11**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the 2019 and 2022 Point-In-Time Counts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents they are able to identify after a reasonable search generated in connection with the 2022 Point-In-Time Count.

**REQUEST FOR PRODUCTION NO. 12**:

Any and all DOCUMENTS and COMMUNICATIONS regarding complaints, incidents, or correspondence, including but not limited to 311 calls, regarding HOMELESS PERSONS or HOMELESS ENCAMPMENTS, and any and all DOCUMENTS and COMMUNICATIONS regarding Your response, or lack thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

///

///

**REQUEST FOR PRODUCTION NO. 13**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the number of shelter beds available in the County and City of San Francisco, including but not limited to information regarding daily shelter bed availability, the type of shelter available, and criteria for shelter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search sufficient to demonstrate daily shelter bed availability and type of shelter available.

**REQUEST FOR PRODUCTION NO. 14**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to services or shelter beds offered, accepted, declined, requested, or provided, or the lack or unavailability of such services, as part of YOUR response to a HOMELESS ENCAMPMENT, including but not limited to SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search sufficient to demonstrate shelter beds offered, accepted, declined, requested, or provided in connection with a HSOC encampment resolution or an engagement with a homeless person in which an employee of the City and County of San Francisco asks the homeless person to move themselves and their property off of public property to another location.

**REQUEST FOR PRODUCTION NO. 15**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to Coordinated Entry forms completed by HOMELESS PERSONS during YOUR response to a HOMELESS ENCAMPMENT, including but not limited to SWEEP OPERATIONS and HSOC ENCAMPMENT RESOLUTIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged Coordinated Entry forms they are able to identify after a reasonable search completed by homeless persons since January 1, 2022 during an HSOC encampment resolution or during an engagement with a homeless person in which an employee of the City and County of San Francisco asks the homeless person to move themselves and their property off of public property to another location.

**REQUEST FOR PRODUCTION NO. 16**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to any encounter, interaction, dispatch, or incident involving San Francisco Police Department officers and a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT, including but not limited to when officers are dispatched to, participate in, or attend a SWEEP OPERATION or a HSOC ENCAMPMENT RESOLUTION—or otherwise interact with a HOMELESS PERSON while on patrol. DOCUMENTS responsive to this Request should include but are not limited to SFPD citation and arrest records, incident reports, complaints, incident tickets, and dispatch logs. For clarity, dispatch logs that are responsive to this Request should at a minimum include, but are not limited to, 915 (homeless complaints), 917 (suspicious person), 919 (person sitting/lying on a sidewalk), 920 (aggressive solicitor), and 800cr (mentally disturbed person) dispatches.

///

///

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search that constitute citation records, incident reports, and dispatch logs coded as 915, 917, 919, 920, or 800cr reflecting police interactions with a homeless person.

**REQUEST FOR PRODUCTION NO. 17**:

Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to YOUR enforcement operations, including but not limited to the issuance of a citation or arrest involving a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT pursuant to any legal provisions, including but not limited to California Penal Code § 647(e), California Penal Code § 148(a), California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F. Police Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S.F. Port Code §§ 2.9-2.10. DOCUMENTS responsive to this Request should include, but are not limited to YOUR policies, practices, and procedures, training materials, incident reports, and arrest and citation and dispatch databases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting a citation to or arrest of a homeless person pursuant to California Penal Code § 647(e), California Penal Code § 148(a), California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F. Police Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S.F. Port Code §§ 2.9-2.10. To the extent this request calls for policies and practices, it is duplicative of Request No. 9. The request for incident reports is duplicative of Request No. 16.

**REQUEST FOR PRODUCTION NO. 18**:

Any and all DOCUMENTS and COMMUNICATIONS referring to or relating to San Francisco Police Department's use, practice, or issuance of MOVE-ALONG orders to a HOMELESS PERSON or person at a HOMELESS ENCAMPMENT, including but not limited to dispatch logs, incident reports, and arrest and citation records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search constituting dispatch logs, incident reports, or arrest and citation records when an employee of the City and County of San Francisco required a homeless person and their property to move off of public property to another location under threat of citation or arrest.

**REQUEST FOR PRODUCTION NO. 19**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to San Francisco Department Bulletin A19-080, "Legal Enforcement Options for Addressing Lodging and Illegal Encampments," including but not limited to alleged, reported, suspected, or confirmed violations of or noncompliance with Bulletin A19-080 by San Francisco Police Department officers and the San Francisco Police Department's actions or response to such violations or noncompliance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting officers' compliance or noncompliance with Department Bulletin A19-080.

**REQUEST FOR PRODUCTION NO. 20**:

All videos, visual or audio recordings, body camera footage, or photographs, and all DOCUMENTS and COMMUNICATIONS referring or relating to such videos, visual or audio recordings, body camera footage, or photographs, relating to an encounter, interaction, incident, or dispatch involving a San Francisco Police Department officer involving a HOMELESS PERSON or a person at a HOMELESS ENCAMPMENT, including but not limited to (a) when officers are dispatched to, participate in, or attend a SWEEP OPERATION or HSOC ENCAMPMENT RESOLUTION or (b) when officers conduct enforcement operations, including issuing citations or arrests, pursuant to any legal provisions, including but not limited to California Penal Code § 647(e), California Penal Code § 148(a), California Penal Code § 370, California Penal Code § 372, S.F. Police Code § 97(b), S.F. Police Code §§ 168-169, S.F. Park Code §§ 3.12-3.13, and S. F. Port Code §§ 2.9-2.10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged recordings and photographs created since January 1, 2022 they are able to identify after a reasonable search depicting: (1) an SFPD officer at an HSOC encampment resolution; or (2) an SFPD officer requiring a homeless person and their property to move off of public property to another location under threat of citation or arrest.

**REQUEST FOR PRODUCTION NO. 21**:

Any and all DOCUMENTS and COMMUNICATIONS regarding or relating to the removal, retrieval, storage, destruction, disposal, or damage of an UNHOUSED PERSON's belongings or property by YOUR employees, including but not limited to DPW bag and tag logs, summary logs, and other such records.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search constituting DPW bag and tag logs, summary logs, and photographs depicting DPW's disposition of homeless persons' property.

**REQUEST FOR PRODUCTION NO. 22**:

Any and all DOCUMENTS and COMMUNICATIONS referring or relating to alleged, reported, suspected, or confirmed violations of or noncompliance with YOUR "Bag and Tag" Policy (16.05.08) by YOUR employees and the YOUR actions or response to such violations or noncompliance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search reflecting DPW employees' compliance or noncompliance with Public Works Procedures Manual 16.05.08.

**REQUEST FOR PRODUCTION NO. 23**:

All DOCUMENTS and COMMUNICATIONS documenting any accommodations offered to or made for HOMELESS PERSONS or HOMELESS PERSONS at a HOMELESS ENCAMPMENT who have a disability, including regarding appropriate offers of shelter or additional time to move or collect property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

In response to this Request, Defendants will produce nonprivileged documents created since January 1, 2022 they are able to identify after a reasonable search that document accommodations offered to a homeless person at a homeless encampment who has a disability.

**REQUEST FOR PRODUCTION NO. 24**:

All COMMUNICATIONS sent or received by YOU discussing, regarding or related to HOMELESS PERSONS, HOMELESS ENCAMPMENTS, SWEEP OPERATIONS, or HSOC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Defendants object this request is overbroad, excessively burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendants object that this Request calls for privileged attorney-client communications and opinion work product.

To the extent responsive documents are relevant and discoverable, they are entirely duplicative of other requests in this set.

Dated: January 23, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
JAMES M. EMERY
EDMUND T. WANG
Deputy City Attorneys

By: James M. Emery
JAMES M. EMERY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; MAYOR LONDON BREED; SAM DODGE

# PROOF OF SERVICE

I, Pamela Cheeseborough, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

On January 23, 2023, I served the following document(s):

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

on the following persons at the locations specified:

Elisa Marie Della-Piana
Zal Kotval Shroff
LAWYERS COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone:    415-543-9444
Facsimile:    415-543-0296
Email:        edellapiana@lccr.com
              zshroff@lccrsf.org

Brandon Lashawn Greene
John Thomas H. Do
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone:    702-606-3068 [Green]
              415-621-2493 [Do]
Email:        bgreene@aclunc.org
              jdo@aclunc.org

Joseph Hyuk Lee
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:    714-540-1235
Facsimile:    714-755-8290
Email:        joseph.lee@lw.com

Wesley Tiu
Alfred Carroll Pfeiffer, Jr.
Kevin Wu
Tulin Gurer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:    415-391-0600
Email:        wesley.tiu@lw.com
              al.pfeiffer@lw.com
              kevin.wu@lw.com
              tulin.gurer@lw.com

Rachel Mitchell
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone:    858-523-5400
Email:        rachel.mitchell@lw.com

[Counsel For Plaintiffs COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN]

in the manner indicated below:

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: pamela.cheeseborough@sfcityatty.org ☐ in portable document format ("PDF") Adobe Acrobat or ☐ in Word document format.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed January 23, 2023, at San Francisco, California.

                                                s/Pamela Cheeseborough
                                                  Pamela Cheeseborough