**EXHIBIT O**

**TO**

**DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING SHELTER AVAILABILITY (ECF NO. 418)**

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                       OAKLAND DIVISION
 4
 5   - - - - - - - - - - - - - - - - -
 6   COALITION ON HOMELESSNESS;      )
 7   et al.,                         )
 8                  Plaintiffs,      )
 9   vs.                             ) CASE NO.
10   CITY AND COUNTY OF SAN          ) 4:22-cv-05502-DMR
11   FRANCISCO, et al.,              )
12                  Defendants.      )
13   - - - - - - - - - - - - - - - - -
14
15              REMOTE 30(b)(6) DEPOSITION OF
16                     SAMUEL B. DODGE
17       RE:  THE CITY AND COUNTY OF SAN FRANCISCO
18                 MONDAY, MARCH 10, 2025
19
20
21         BEHMKE REPORTING AND VIDEO SERVICES, INC.
22            BY:  SUZANNE I. ANDRADE, CSR NO. 10682
23                550 CALIFORNIA STREET, SUITE 820
24                SAN FRANCISCO, CALIFORNIA 94104
25                               (415) 597-5600
```

```
 1   APPEARANCES OF COUNSEL (VIA VIDEOCONFERENCE):
 2   FOR PLAINTIFFS:
 3        LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE
 4        SAN FRANCISCO BAY AREA
 5        BY:  NISHA KASHYAP, ATTORNEY AT LAW
 6        131 Steuart Street, Suite 400
 7        San Francisco, California 94105
 8        Telephone:  (415) 543-9444
 9        Email:  nkashyap@lccrsf.org
10
11
12   ALSO FOR PLAINTIFFS:
13        AMERICAN CIVIL LIBERTIES UNION FOUNDATION
14        NORTHERN CALIFORNIA
15        BY:  JOHN H. DO, ATTORNEY AT LAW
16        39 Drumm Street
17        San Francisco, California 94111
18        Telephone:  (415) 293-6393
19        Email:  jdo@aclunc.org
20
21
22
23
24
25
```

```
 1   APPEARANCES OF COUNSEL - CONTINUED (VIA VIDEOCONFERENCE):
 2   FOR DEFENDANTS AND THE DEPONENT:
 3        CITY AND COUNTY OF SAN FRANCISCO
 4        OFFICE OF THE CITY ATTORNEY
 5        BY:  STEVEN MILLS, DEPUTY CITY ATTORNEY
 6        1390 Market Street, Sixth Floor
 7        San Francisco, California 94102
 8        Telephone:  (415) 554-3800
 9        Email:  steven.mills@sfcityatty.org
10
11
12   ALSO PRESENT:
13        ANDREW KOUMAS, ZOOM TECHNICIAN
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   that are willing to accept it voluntarily, right, and
 2   the other kind of well-being assessment and offers of
 3   help and other services.
 4       Q.   Thank you, Mr. Dodge.
 5            To your knowledge, prior to your time as HSOC
 6   director, was it true that sheltering options were not
 7   offered, in general, during re-encampment prevention?
 8       ATTORNEY MILLS:   Objection; calls for speculation,
 9   outside the topics designated in the deposition notice.
10   BY ATTORNEY KASHYAP:
11       Q.   You can answer.
12       A.   No, it's not my experience that there was, you
13   know, no offer; offers will not be made, no.  My
14   experience was they're always try to offer everything
15   that they could.
16       Q.   Mr. Dodge, if you could please scroll down to
17   page 3 of this PDF.
18       A.   This one (indicating)?
19       Q.   Sorry.  This is page 2.  I think one more.
20   There, that timeline at the bottom.
21            Does this correctly state the timeline of a
22   resolution?
23       ATTORNEY MILLS:   Objection; vague and ambiguous,
24   calls for speculation, outside the scope of the timeline
25   designated.
```

1          Mr. Dodge, is there a limit on the amount of
2    property that a person can take with them to shelter?
3          ATTORNEY MILLS:  Objection; vague and ambiguous,
4    outside the scope of the deposition notice, vague as to
5    time.
6          THE WITNESS:  There's been different approaches over
7    time.  You know, when we start the Navigation Center
8    process, we really were bringing every -- everything in,
9    and we were just loading up Public Works trucks of all
10   the things and had a number of storage containers at the
11   facility so people could sort through their items
12   piecemeal and discard and get to a place where they
13   could accept permanent housing in SROs and other kinds
14   of small apartment -- efficiency apartments that we have
15   for the City.
16         And over time, it's -- and more recently in
17   this period, many of the City-funded shelter programs
18   have a much more limited capacity for storage for all
19   their guests.  So it's common that different shelters
20   will have a sort of three-large-garbage-bag policy,
21   two-bag policy.  Again, it sort of depends on the
22   different programs.
23         And the outreach workers are pretty
24   knowledgeable.  There is available homeless storage
25   programs in the City of San Francisco on Sixth Street

```
 1   and Bryant, other areas.  So...
 2   BY ATTORNEY KASHYAP:
 3        Q.   Thank you.
 4             And if an individual has accepted shelter but
 5   has excess belongings, what happens to that additional
 6   property?
 7        ATTORNEY MILLS:  Objection; incomplete hypothetical,
 8   calls for speculation.
 9        THE WITNESS:  Oftentimes, when we're placing people
10   into shelter, they tell us that they want to discard
11   sort of the materials that they've been using for
12   makeshift structures.  People, you know, obviously have
13   been given some notice and opportunity to store or gift
14   the tents or other, you know, large materials to others.
15   But that's -- generally, people want to discard.
16   BY ATTORNEY KASHYAP:
17        Q.   Are individuals ever required to discard their
18   remaining items in order to enter shelter?
19        ATTORNEY MILLS:  Objection; vague, ambiguous,
20   incomplete hypothetical, outside the scope of the
21   deposition notice.
22   BY ATTORNEY KASHYAP:
23        Q.   You can answer.
24        A.   As I sit here today, I'm not aware of that.  I
25   know that there is some feelings among some
```

```
 1  STATE OF CALIFORNIA          )
 2                               ) ss.
 3  COUNTY OF SAN FRANCISCO      )
 4           I hereby certify that the witness in the
 5  foregoing deposition, SAMUEL B. DODGE, was by me duly
 6  sworn to testify to the truth, the whole truth and
 7  nothing but the truth, in the within-entitled cause;
 8  that said deposition was taken at the time and place
 9  herein named; and that the deposition is a true record
10  of the witness's testimony as reported by me, a duly
11  certified shorthand reporter and a disinterested person,
12  and was thereafter transcribed into typewriting by
13  computer.
14           I further certify that I am not interested in
15  the outcome of the said action, nor connected with nor
16  related to any of the parties in said action, nor to
17  their respective counsel.
18           IN WITNESS WHEREOF, I have hereunto set my
19  hand this 12th day of March, 2025.
20  Reading and Signing was:
21  ___ Requested    ___ Waived    _X_ Not Requested
22
23  [signature]
24
25  SUZANNE I. ANDRADE, CSR NO. 10682
```