DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-3857 (Wang)
              (415) 554-6762 (Murphy)
              (415) 554-3870 (Gradilla)
              (415) 554-4223 (George)
              (415) 355-3304 (Mills)
Facsimile:    (415) 554-4699
E-mail:       edmund.wang@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              john.george@sfcityatty.org
              steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants

CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE;<br><br>      Plaintiffs,<br><br>      vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>      Defendants. | Case No. 4:22-cv-05502-DMR (LJC)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' WITNESS LIST**<br><br>Date:      July 9, 2025<br>Time:     1:00 p.m.<br>Judge:    Hon. Donna M. Ryu<br><br>Action Filed:   September 27, 2022<br>Trial Date:    July 28, 2025 |

Defendants submit the following objections to Plaintiffs' proposed witnesses.

I.      **Plaintiffs' List of Trial Witnesses for their Case-in-Chief**[i][ii]

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Jennifer Friedenbach\*** | (fact witness) Jennifer Friedenbach is the Executive Director of Plaintiff Coalition on Homelessness. She will testify regarding the organization's mission, structure, operations, activities, and membership. She will testify regarding her knowledge and observations of property destruction and lack of notice, as well as the impact of property destruction on the Coalition's members and homeless individuals caused by Defendants' practices, including as described in declarations Dkt. # 9-3, 50-4, 76,130-8, 304-10. She will also testify regarding her knowledge regarding individual members' membership and activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction caused by the City's practices. She will also testify regarding her interactions with City employees regarding the facts underlying the claims in this action. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 120 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "the likelihood that members and unhoused individuals will face sweeps and property destruction caused by the City's practices," (2) "her interactions with City employees regarding the facts underlying the claims in this action," or (3) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Executive Director of COH with knowledge of the organization, the harms caused to the organization and its members by property destruction and displacement of unhoused people, including as described in declarations Dkt. ## 9-3, 50-4, 76." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Sarah Cronk*** | (fact witness) Sarah Cronk is a Plaintiff. She will testify regarding her membership in the Coalition. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices, including as described in her deposition and declaration Dkt. #247-5. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration Dkt. # 9-4. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "her current and former housing and benefits status, the likelihood she will face sweeps and property destruction as a result of the City's practices," (2) her knowledge of "lack of notice, problems with retrieving seized property, other threats or harms to unhoused individuals caused by the City's practices," or (3) testimony regarding "any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Member of the Coalition with knowledge regarding Coalition's standing; direct lived experience and observations of property destruction and displacement of unhoused people."<br><br>To preserve the issue for appellate review, Defendants further object that no complaint filed in these proceedings identified the individual as a member in the Coalition on Homelessness. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Joshua Donohoe*** | (fact witness) Joshua Donohoe is a Plaintiff. He will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices, including as described in his deposition and declaration Dkt. # 247-3. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his declarations Dkt. # 9-4, 130-27, 130-35. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "his current and former housing and benefits status, the likelihood he will face sweeps and property destruction as a result of the City's practices," (2) his knowledge of "lack of notice, problems with retrieving seized property, other threats or harms to unhoused individuals caused by the City's practices," or (3) testimony regarding "any emails or other exhibits introduced into evidence in which he is a sender or recipient."

The initial disclosure only stated: ""Member of the Coalition with knowledge regarding Coalition's standing; direct lived experience and observations of property destruction and displacement of unhoused people."

To preserve the issue for appellate review, Defendants further object that no complaint filed in these proceedings identified the individual as a member in the Coalition on Homelessness. |
| **Lukas Illa*** | (fact witness) Lukas Illa is an employee of Plaintiff Coalition on Homelessness. They will | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "the |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| | testify regarding the organization's mission, structure, operations, activities, and membership. They will testify regarding property destruction and lack of notice he observed, as well as threats or harms to the Coalition's members and homeless individuals caused by Defendants' practices, including as described in his deposition and declaration Dkt. # 366-5. They will also testify regarding their knowledge regarding individual members' activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction as a result of the City's practices. They will also testify regarding any emails or other exhibits introduced into evidence in which they are a sender or recipient. | | organization's mission, structure, operations, core activities, and membership," (2) "lack of notice", (3) "threats or harms to the Coalition, its members, and homeless individuals," (4) "individual members' activities with the Coalition," (5) "the likelihood that members and unhoused individuals will face sweeps and property destruction" in the future, or (6) testimony regarding "any emails or other exhibits introduced into evidence in which they are a sender or recipient." <br><br> The initial disclosure only stated: "COH employee who has observed property destruction, displacement of unhoused people, and the harms this caused to the organization and its members." <br><br> Defendants further object to the use of Mx. Illa to establish the Coalition on Homelessness' standing in this case because Mx. Illa was not an employee with personal knowledge prior to the commencement of these proceedings. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **arlos Wadkins*** | (fact witness) Carlos Wadkins is a former employee of Plaintiff Coalition on Homelessness. He will testify regarding the organization's mission, structure, operations, activities, and membership. He will testify regarding property destruction and lack of notice he observed, as well as threats or harms to the Coalition's members, and homeless individuals caused by Defendants' practices, including as described in his deposition and declarations Dkt. # 9-3, 304-9. He will also testify regarding his knowledge regarding individual members' activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction as a result of the City's practices. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "lack of notice he observed," (2) "the likelihood that members and unhoused individuals will face sweeps and property destruction caused by the City's practices," or (3) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Former COH employee who has observed property destruction, displacement of unhoused people, and the harms this caused to the organization and its members. *See also* declaration Dkt. # 9-3." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Christin Evans*** | (fact witness) Christin Evans is a member of Plaintiff Coalition on Homelessness. She will testify regarding the organization's mission, structure, operations, activities, and membership. She will testify regarding property destruction and lack of notice she observed, as well as threats or harms to the Coalition's members and homeless individuals caused by Defendants' practices, including as described in her deposition and declarations Dkt. ## 9-3, 50-1, 78. She will also testify regarding her knowledge regarding individual members' activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction as a result of the City's practices. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "the organization's mission, structure, operations, core activities, and membership," (2) "lack of notice she observed," (3) "threats or harms to the Coalition, its members, and homeless individuals caused by Defendants' practices," (4) "her knowledge regarding individual members' activities with the Coalition, and the likelihood that members and unhoused individuals will face sweeps and property destruction as a result of the City's practices," or (5) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Observations of property destruction and displacement of unhoused people. See also declaration Dkt. # 9-3." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Dylan Verner-Crist*** | (fact witness) Dylan Verner-Crist is an investigator employed by the ACLU of Northern California. He will testify regarding property destruction and lack of notice he observed, as well as threats or harms to the Coalition, its members, and homeless individuals caused by Defendants' practices, including as described in his deposition and declarations at Dkt. ## 50-3, 130, 157-5, and 366-3. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 90 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "lack of notice," (2) "threats or harms to the Coalition, its members, and homeless individuals," or (3) testimony regarding "any emails or other exhibits introduced into evidence in which he is a sender or recipient."<br><br>The initial disclosure only stated: "ACLU NorCal employee who monitored property destruction and displacement of unhoused people, including as described in declarations Dkt. ## 50-3, 130, 157-5."<br><br>Defendants object to any testimony "threats or harms to Coalition" to the extent the Court has dismissed Coalition's organizational claims. Dkt. No. 391. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Karina Ioffee** | (fact witness) Karina Ioffee is an investigator retained by Plaintiffs' counsel. She will testify regarding property destruction and lack of notice she observed, as well as threats or harms to the Coalition, its members, and homeless individuals caused by Defendants' practices, including as described in her deposition. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "lack of notice," or (2) "threats or harms to the Coalition, its members, and homeless individuals."<br><br>The initial disclosure only stated: "Investigator who monitored property destruction and displacement of unhoused people."<br><br>Defendants object to any testimony "threats or harms to Coalition" to the extent the Court has dismissed Coalition's organizational claims. Dkt. No. 391. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Melodie*** | (fact witness) Melodie will testify regarding her membership in the Coalition. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 30 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood she will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient." <br><br> The initial disclosure only stated: "Member of the Coalition with knowledge regarding Coalition's standing; destruction of personal property, lack of notice at sweeps, impacts of sweeps." <br><br> Defendants object to Melodie testifying to any incident of alleged property destruction outside of her deposition based on Plaintiffs' counsel's representation during the deposition that Melodie will only be offered for the single incident concerning destruction of storage boxes; see MIL No. 1. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Todd Bryant\*** | (fact witness) Todd Bryant will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 9-6. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood he will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient."

The initial disclosure only stated: "Member of the Coalition with knowledge of Coalition's standing; lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6."

To preserve the issue for appellate review, Defendants further object that no complaint filed in these proceedings identified the individual as a member in the Coalition on Homelessness. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **David Martinez\*** | (fact witness) David Martinez will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 9-4. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 30 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood he will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient."<br><br>The initial disclosure only stated: "Member of the Coalition with knowledge regarding Coalition's standing; direct lived experience and observations of property destruction and displacement of unhoused people. *See also* Dkt. # 9-4."<br><br>To preserve the issue for appellate review, Defendants further object that no complaint filed in these proceedings identified the individual as a member in the Coalition on Homelessness. Defendants further object to reliance on Mr. Martinez to establish "the likelihood he will face sweeps and property destruction" because Mr. Martinez has settled his claims. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Shanna Couper Orona*** | (fact witness) Shanna Couper Orona will testify regarding her membership in the Coalition and the Coalition's activities. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration at Dkt. # 9-6. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 30 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood she will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Member of the Coalition with knowledge regarding Coalition's standing; lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Sarah Stephenson\*** | (fact witness) Sarah Stephenson will testify regarding her membership in the Coalition. She will also testify regarding her current and former housing and benefits status, and the likelihood she will face sweeps and property destruction as a result of the City's practices. She will also testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood she will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Member of the Coalition with knowledge regarding Coalition's standing; destruction of personal property, lack of notice at sweeps, impacts of sweeps."<br><br>To preserve the issue for appellate review, Defendants further object that no complaint filed in these proceedings identified the individual as a member in the Coalition on Homelessness. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **James Reem*** | (fact witness) James Reem will testify regarding his membership in the Coalition. He will also testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood he will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient."<br><br>The initial disclosure only stated: "Member of the Coalition with knowledge regarding Coalition's standing; destruction of personal property, lack of notice at sweeps, impacts of sweeps."<br><br>To preserve the issue for appellate review, Defendants further object that no complaint filed in these proceedings identified the individual as a member in the Coalition on Homelessness. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Patrick Dubose*** | (fact witness) Patrick Dubose will testify regarding his current and former housing and benefits status, and the likelihood he will face sweeps and property destruction as a result of the City's practices. He will also testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 9-6. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood he will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient." The initial disclosure only stated: "Lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 9-6." Defendants further object to any testimony concerning "the likelihood he will face sweeps and property destruction as a result of the City's practices" because Mr. Dubose is not identified as a member to support the Coalition on Homelessness' standing or claims. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Corey Barkley\*** | (fact witness) Corey Barkley will testify regarding his knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in his deposition and declaration at Dkt. # 130-36. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood he will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient."<br><br>The initial disclosure only stated: "Lived experience of property destruction, displacement of unhoused people, and the impact of sweeps. *See also* declaration at Dkt. # 130-36." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|----------------------|----------------------------------|------------------------|
| **Krystle Erickson\*** | (fact witness) Krystle Erickson will testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition and declaration at Dkt. # 130-39. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood she will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Lived experience of property destruction, displacement of unhoused people, and the impact of sweeps.<br>Same as above. *See also* declaration at Dkt. # 130-39." |
| **Elizabeth Stromer\*** | (fact witness) Elizabeth Stromer will testify regarding her knowledge and observations of property destruction, lack of notice, problems with retrieving seized property, and other threats or harms to unhoused individuals caused by the City's practices, and the impact of sweeps, including as described in her deposition. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 45 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "current and former housing and benefits status," (2) "the likelihood she will face sweeps and property destruction," in the future, or (3) testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient."<br><br>The initial disclosure only stated: "Destruction of personal property, lack of notice at sweeps, impacts of sweeps." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Jimmy Don Wheeler** | (fact witness) Jimmy Don Wheeler will testify regarding his knowledge and observations property destruction and threats or harms to unhoused individuals while a participant in Defendants' encampment removal practices, including as described in his deposition. He will also testify regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient. | 30 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "testimony "regarding any emails or other exhibits introduced into evidence in which he is a sender or recipient."<br><br>The initial disclosure only stated: "Destruction of personal property, lack of notice at sweeps, impacts of sweeps, in addition to knowledge of the City's practices with respect to property destruction and displacement of unhoused people as a participant in DPW sweeps." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Andrinna Malone** | (fact witness) Andrinna Malone is a former employee of Defendants who will testify regarding her knowledge of Defendants' practices with respect to property destruction, inability to store or retrieve property at the DPW yard, and displacement of unhoused people, including as described in her deposition and declaration at Dkt. # 50-9. She will also testify regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient. | 30 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) an "inability to store or retrieve property at the DPW yard," or (2) "testimony "regarding any emails or other exhibits introduced into evidence in which she is a sender or recipient." <br><br> The initial disclosure only stated: "Former City employee with knowledge of the City's practices with respect to property destruction and displacement of unhoused people. *See also* declaration at Dkt. # 50-9." |
| **Kaki Marshall** | (fact witness) Kaki Marshall is a former employee of Defendants who will testify regarding their knowledge of Defendants' practices with respect to property destruction and displacement of unhoused people, including as described in their deposition and declaration at Dkt. # 50-9. They will also testify regarding any emails or other exhibits introduced into evidence in which they are a sender or recipient. | 30 | Subject of testimony exceeds Plaintiffs' initial disclosures, which did not address: (1) "testimony "regarding any emails or other exhibits introduced into evidence in which they are a sender or recipient." <br><br> The initial disclosure only stated: "Former City employee with knowledge of the City's practices with respect to property destruction and displacement of unhoused people. *See also* declaration at Dkt. # 50-9." |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Christopher Herring\*** | (expert witness) Christopher Herring is a Ph.D. sociologist. He will testify regarding his observations and his analysis of Defendants' practices, data, and documents relating to the Bag and Tag policy and its implementation, including whether and how Defendants' bag and tag property and the process of retrieval from the DPW storage yard, whether Defendants consistently provide notice pursuant to the Bag and Tag policy, and his resulting opinions. Dr. Herring will also testify regarding a survey he conducted of unhoused individuals in San Francisco regarding their experiences of notice, property destruction, and property retrieval, and his opinions arising from that survey. Dr. Herring will also testify as to his opinion regarding the recurring nature of homelessness. | 90 | Defendants object to the extent Plaintiffs seek to provide further facts or opinions beyond those disclosed in Herring's expert report. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Benjamin King** | (expert witness) Benjamin King is an Ph.D. epidemiologist. He will testify regarding his observations and his analysis of Defendants' practices and documents relating to the Bag and Tag policy and its implementation, including whether and how Defendants' bag and tag property and the manner in which health or safety risks are identified, documented, and addressed and his resulting opinions. He will also testify regarding how the Bag and Tag Policy and Defendants' training and procedures related to the Bag and Tag Policy align with best practices in the field of public health, occupational health, environmental science, and epidemiology, along with recommendations of how identification of health or safety risks should be identified, documented, and handled. He will also testify regarding the harms and impacts of sweeps. | 90 | Defendants object to the extent Plaintiffs seek to provide further facts or opinions beyond those disclosed in Herring's expert report. |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Jonathan Vaing** | (fact witness) Jonathan Vaing will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Mr. Vaing is a sender or recipient. | 60 | |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Edgar Garcia** | (fact witness) Edgar Garcia will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; the DPW storage yard, including its operation, the retrieval or inability to retrieve property stored there, and break-ins and other security failures there; and any emails or other exhibits introduced into evidence in which Mr. Garcia is a sender or recipient. | 30 | Not included in Plaintiffs' initial disclosures |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Darryl Dilworth** | (fact witness) Darryl Dilworth will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Mr. Dilworth is a sender or recipient. | 30 | |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Brittany Brandon** | (fact witness) Brittany Brandon will testify regarding the DPW Bureau of Street Environment Services (BSES), including its structure and crews, current and former supervisors and personnel; DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Ms. Brandon is a sender or recipient. | 30 | Not included in Plaintiffs' initial disclosures |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Israel Graham** | (fact witness) Israel Graham will testify regarding DPW's operations as they relate to homeless encampments and property; current and former DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval); current and former trainings on the Bag and Tag Policies and attendance; DPW's monitoring of compliance with the Bag and Tag Policies; DPW's investigation and discipline of instances of noncompliance with the Bag and Tag Policies; DPW's involvement in HSOC and its interaction with other City agencies with respect to homeless encampments and property; and any emails or other exhibits introduced into evidence in which Mr. Graham is a sender or recipient. | 30 | |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **David Nakanishi** | (fact witness) David Nakanishi will testify regarding the mission, goals, operations, and practices over time of the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. Mr. Nakanishi will also testify regarding the City agencies that are members of HSOC and their respective roles in operations involving homeless encampments and property. Mr. Nakanishi will also testify regarding his knowledge and observation of DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval). Mr. Nakanishi will also testify about Defendants' practices and policies concerning re-encampment prevention and shifting teams to unnoticed locations. He will also testify regarding any emails or other exhibits introduced into evidence in which Mr. Nakanishi is a sender or recipient. | 30 | |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---------|---------------------|----------------------------------|------------------------|
| **Mark Mazza** | (fact witness) Mark Mazza will testify regarding the mission, goals, and operations over time of the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. Mr. Mazza will also testify regarding the City agencies that are members of HSOC and their respective roles in operations involving homeless encampments and property. Mr. Mazza will also testify regarding his knowledge and observation of DPW Bag and Tag Policies and practices and their implementation (including pre- and post-seizure notice and property retrieval). He will also testify regarding any emails or other exhibits introduced into evidence in which Mr. Mazza is a sender or recipient. | 30 | |
| **Wayman Young** | (fact witness) Wayman Young will testify regarding SFPD's role in the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. Lt. Young will also testify regarding SFPD's Department Notices and practices regarding the enforcement of laws governing lodging and encampments on public property and the treatment of property of homeless individuals, and trainings on these policies and practices. | 30 | Not included in Plaintiffs' initial disclosures |

| Witness | Subject of Testimony | Length of Testimony (in minutes) | Defendants' Objections |
|---|---|---|---|
| **Brandon Cunningham** | (fact witness) Brandon Cunningham will testify regarding SFFD's role in the Healthy Streets Operation Center, including its operations as they relate to homeless encampments and property. | 30 | Not included in Plaintiffs' initial disclosures |
| **Shannon Ducharme** | (fact witness) Shannon Ducharme, as a DPH health worker, will testify regarding her observations and her knowledge regarding lack of notice, property destruction, and the impact of sweeps and the City's operations on her clients and unhoused individuals. She will also testify regarding her knowledge of the cycle of homelessness. | 30 | Not included in Plaintiffs' initial disclosures |
| **Leslie St. Dre** | Authenticate documents where the parties cannot reach a stipulation. | 10 | Not included in Plaintiffs' initial disclosures |

| Via Deposition Designation | | Length of Testimony (in pages) | Defendants' Objections |
|---|---|---|---|
| **City and County of San Francisco (Rule 30(b)(6) designee DiJaida Durden)** | (fact witness) Subjects addressed in deposition designations | 282 lines (11.3 pages) | |
| **City and County of San Francisco (Rule 30(b)(6) designee Jonathan Vaing)** | (fact witness) Subjects addressed in deposition designations | 801 lines (32 pages) | |
| **City and County of San Francisco (Rule 30(b)(6) designee David Lazar)** | (fact witness) Subjects addressed in deposition designations | 1,507 lines (60.3 pages) | |
| **City and County of San Francisco (Rule 30(b)(6) designee Samuel Dodge)** | (fact witness) Subjects addressed in deposition designations | 165 lines (6.6 pages) | |
| **Jonathan Vaing** | (fact witness) Subjects addressed in deposition designations | 315 lines (12.6 pages) | |

| Via Deposition Designation | | Length of Testimony (in pages) | Defendants' Objections |
|---|---|---|---|
| **Mark Roumbanis** | (fact witness) Subjects addressed in deposition designations | 276 lines (11 pages) | Not included in Plaintiffs' initial disclosures |
| **Kenny Bruce** | (fact witness) Subjects addressed in deposition designations | 720 lines (28.8 pages) | Not included in Plaintiffs' initial disclosures |
| **Khaled Shehadeh** | (fact witness) Subjects addressed in deposition designations | 331 lines (13.2 pages) | Not included in Plaintiffs' initial disclosures |
| **Corey Jackson** | (fact witness) Subjects addressed in deposition designations | 339 lines (13.6 pages) | Not included in Plaintiffs' initial disclosures |
| **Samuel Peoples** | (fact witness) Subjects addressed in deposition designations | 656 lines (26.2 pages) | Not included in Plaintiffs' initial disclosures |
| **Edgar Garcia** | (fact witness) Subjects addressed in deposition designations | 808 lines (32.3 pages) | Not included in Plaintiffs' initial disclosures |
| **Darryl Dilworth** | (fact witness) Subjects addressed in deposition designations | 768 lines (30.7 pages) | |
| **Brittany Brandon** | (fact witness) Subjects addressed in deposition designations | 683 lines (27.3 pages) | Not included in Plaintiffs' initial disclosures |
| **Israel Graham** | (fact witness) Subjects addressed in deposition designations | 1,103 lines (44.1 pages) | |
| **Herbert Ruth** | (fact witness) Subjects addressed in deposition designations | 1,374 lines (55 pages) | |
| **Alvaro Castro** | (fact witness) Subjects addressed in deposition designations | 1,673 lines (67 pages) | Not included in Plaintiffs' initial disclosures |
| **Joel Martinez** | (fact witness) Subjects addressed in deposition designations | 1,243 lines (49.7 pages) | Not included in Plaintiffs' initial disclosures |
| **Arthur Cervantes** | (fact witness) Subjects addressed in deposition designations | 496 lines (19.8 pages) | Not included in Plaintiffs' initial disclosures |
| **Wayman Young** | (fact witness) Subjects addressed in deposition designations | 1,026 lines (41 pages) | Not included in Plaintiffs' initial disclosures |

| Via Deposition Designation | | Length of Testimony (in pages) | Defendants' Objections |
|---|---|---|---|
| **Dennis Hoang** | (fact witness) Subjects addressed in deposition designations | 1,168 lines (46.7 pages) | Not included in Plaintiffs' initial disclosures |
| **Leslie Fong** | (fact witness) Subjects addressed in deposition designations | 434 lines (17.3 pages) | Not included in Plaintiffs' initial disclosures |
| **Brandon Cunningham** | (fact witness) Subjects addressed in deposition designations | 636 lines (25.4 pages) | Not included in Plaintiffs' initial disclosures |
| **David Nakanishi** | (fact witness) Subjects addressed in deposition designations | 833 lines (33.3 pages) | |
| **Mark Mazza** | (fact witness) Subjects addressed in deposition designations | 351 lines (14 pages) | |
| **Arielle Piastunovich** | (fact witness) Subjects addressed in deposition designations | 1,064 lines (42.5 pages) | |
| **Pedro Rincon** | (fact witness) Subjects addressed in deposition designations | 224 lines (9 pages) | Not included in Plaintiffs' initial disclosures |
| **Allison Horky** | (fact witness) Subjects addressed in deposition designations | 1,421 lines (56.8 pages) | |
| **Shannon Ducharme** | (fact witness) Subjects addressed in deposition designations | 1,710 lines (68.4 pages) | Not included in Plaintiffs' initial disclosures |

1

2    DATED: June 30, 2025                          Respectfully submitted,

3                                                  DAVID CHIU
                                                   City Attorney
4                                                  YVONNE R. MERÉ
                                                   EDMUND T. WANG
5                                                  KAITLYN MURPHY
                                                   MIGUEL A. GRADILLA
6                                                  JOHN H. GEORGE
                                                   STEVEN A. MILLS
7                                                  Deputy City Attorneys

8
                                                   */s/ Kaitlyn Murphy*
9                                                  KAITLYN MURPHY

10
                                                   WARREN METLITZKY
11                                                 JESSICA ELAINE LANIER
                                                   NATHAN D. THEOBALD
12                                                 **CONRAD | METLITZKY | KANE LLP**

13

14                                                 Attorneys for Defendants CITY AND COUNTY
                                                   OF SAN FRANCISCO, et al.
15

16
_____

17   [i] All witnesses will testify live unless otherwise noted. Plaintiffs reserve the right to call at trial any
     witness listed by Defendants. This witness list is contingent on the Court's rulings before and after
18   trial and the development of the evidence at trial.  The listing of a witness is not a concession that the
     witness may be properly called by another party in all parts of the trial or for all purposes.  Plaintiffs
19   reserve the right to not call listed witnesses or to supplement this witness list in the future.  Plaintiffs
     reserve the right to designate the deposition testimony of any witness who is unavailable for trial.
20   Plaintiffs reserve the right to offer deposition testimony in lieu of in person testimony insofar as
     permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserve the right
21   to use deposition testimony on cross-examination.
     [ii] All witnesses denoted with an asterisk (*) may testify regarding the City's shelter and housing
22   programs and availability and offers of shelter, to the extent that testimony on those issues is ruled
     admissible.
23

24

25

26

27

28