EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Zoe Salzman, *pro hac vice*
Vasudha Talla, SBN 316219
Vivake Prasad, *pro hac vice*
Bianca Herlitz-Ferguson, *pro hac vice*
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 763-5000
zsalzman@ecbawm.com
vtalla@ecbawm.com
vprasad@ecbawm.com
bherlitz-ferguson@ecbawm.com

*Attorneys for Plaintiffs*

*Additional Counsel Appear on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE,<br><br>            Plaintiffs.<br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT,<br><br>            Defendants. | CASE NO. 4:22-cv-05502-DMR<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' TRIAL WITNESS LIST**<br><br>Final Pretrial Conference: July 9, 2025<br>Time: 1:00 p.m.<br>Trial Date: July 28, 2025<br>Courtroom: Courtroom 4, 3rd Floor<br>Judge: Hon. Donna M. Ryu |

Pursuant to the Court's Third Amended Case Management and Pretrial Order For Court Trial (ECF No. 270), Plaintiffs submit the following objections to Defendants' Trial Witness List. Plaintiffs reserve the right to remove objections from this chart in light of the Court's rulings and/or the presentation of evidence at trial.

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| Via Live Testimony | | | |
| Allison Horky (DPH) | The City's policies and practices with respect to encampment resolutions and other interactions with unhoused individuals. | 15 | |
| Arielle Piastunovich (HSH) | The dates and locations of encampment resolutions and the City's practice of posting notices; shelter offers and outreach; lack of deliberate indifference; knowledge of Plaintiffs and likely witness. | 30 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "shelter offers and outreach."

The November 12, 2024 initial disclosure stated only: "Encampment resolutions and other interactions with unhoused individuals."

Only on March 7, 2025, the last business day before the close of fact discovery and after Plaintiffs already deposed Ms. Piastunovich, did Defendants update their initial disclosures to add the following topic: "shelter and housing programs."

Defendants also took the position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this |

2

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | issue and are now precluded from introducing trial testimony about it.<br><br>Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Arthur Cervantes (DPW) | DPW's recordkeeping using CMMS database and authentication of CMMS records; training on CMMS database. | 30 | |
| Brandon Cunningham (SFFD) | Conduct of HSOC and JFO operations; conditions in the field; lack of deliberate indifference. | 20 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Brittany Brandon (DPW) | City's training on and compliance with the bag and tag policy with an emphasis on Hot Spot, Zone, Alley Crews, and Sup II meetings; discipline related to bag and tag policy; DPW organizational structure; conditions in the field; lack of deliberate indifference. | 90 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Carla Short (DPW) | City's training on and compliance with the bag and tag policy, including changes to the policy over time; discipline related to bag and tag policy; DPW organizational structure; lack of deliberate indifference. | 120 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Carolos Wadkins (Former CoH Employee) | Lack of standing; Coalition's operations and membership; Coalition's surveillance of City operations and training on the same; Coalition's understanding of the bag and tag policy; alleged | 75 | Pursuant to stipulation, Defendants agreed that evidence concerning "organizational harms" is irrelevant. |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
|  | organizational harms; alleged property destruction; relationship with Plaintiffs' disclosed expert Chris Herring. |  |  |
| Darryl Dilworth (DPW) | City's training on and compliance with the bag and tag policy with an emphasis on Hot Spot Team and JFO; conditions in the field; DPW organizational structure; discipline related to bag and tag policy; lack of deliberate indifference. | 90 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| David Nakanishi (DEM) | City's encampment resolutions and other interactions with unhoused individuals, including but not limited to HSOC and JFO missions, operations, policies, protocols, and practices; community engagement; City's compliance with bag and tag policy and notice requirements; shelter and property programs; lack of deliberate indifference; knowledge of Plaintiffs and likely witness. | 90 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "City's compliance with bag and tag policy and notice requirements; shelter and property programs." 

Defendants' November 12, 2024 initial disclosures and the March 7, 2025 initial disclosures stated only: "Encampment resolutions and other interactions with unhoused individuals."

Defendants also took the position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it.

Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | topics of anticipated trial testimony. |
| Edgar Garcia (DPW) | City's training on and compliance with the bag and tag policy, including changes to the policy over time with an emphasis on Special Projects and Reactionary crews; Sup II meetings; practices at the DPW Storage Yard including storage and retrieval of property; DPW organizational structure; discipline related to bag and tag policy; lack of deliberate indifference. | 60 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Emily Cohen (HSH) | Context and perspective on how the City provides resources and services to the unhoused and unsheltered, including resources and services offered to and/or accepted by Plaintiffs and other trial witnesses; lack of deliberate indifference. | 45 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "Context and perspective on how the City provides resources and services to the unhoused and unsheltered, including resources and services offered to and/or accepted by Plaintiffs and other trial witnesses."<br><br>The November 12, 2024 initial disclosure stated only: "Encampment resolutions and other interactions with unhoused individuals and San Francisco's efforts to address homelessness."<br><br>Only on March 7, 2025, the last business day before the close of fact discovery, did Defendants update their initial disclosures to include the following topic: "San |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | Francisco's efforts to address homelessness."<br><br>Defendants also took the position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it.<br><br>Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Emily Schwartz (HSH) | The City's policies and practices with respect to encampment resolutions and other interactions with unhoused individuals. | 15 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "The City's ***policies and practices*** with respect to encampment resolutions and other interactions with unhoused individuals."<br><br>Defendants' November 12, 2024 initial disclosures and March 7, 2025 initial disclosures stated only: "Encampment resolutions and other interactions with unhoused individuals." |
| Forrest Vickery (Expert) | Opinions and analysis disclosed in expert report including conclusions and findings following his financial analysis of Plaintiff Coalition on Homelessness. | 30 | Based on the parties' stipulation, Defendants agreed to withdraw Mr. Vickery as a witness. |
| Heather Grives | The City's policies and | 15 | Subject of testimony |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| (DEM) | practices to dispatch in response to requests related to homelessness or street conditions. | | exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "street conditions." <br><br> Defendants' November 12, 2024 initial disclosures and March 7, 2025 initial disclosures stated only: "DEM dispatch related to homelessness" |
| Israel Graham (DPW) | City's training on and compliance with the bag and tag policy with an emphasis on Hot Spot Team and JFO; conditions in the field; lack of deliberate indifference. | 30 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| James Baird (DEM) | DEM's practices regarding data and analytics including 311. | 15 | Subject of testimony is irrelevant to remaining issues in the case. |
| Jason Adamek (HSA) | City's County Adult Assistance Program ("CAAP"), including but not limited to the shelter and financial benefits available to persons experiencing or at risk of homelessness, policies and protocols related to the issuance of benefits, and benefits information related to Plaintiffs and likely witnesses. | 30 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "the shelter and financial benefits available to persons experiencing or at risk of homelessness, policies and protocols related to the issuance of benefits, and benefits information related to Plaintiffs and likely witnesses." <br><br> Defendants' November 12, 2024 initial disclosures and March 7, 2025 initial disclosures stated only: "County Adult Assistance Programs (CAAP)." <br><br> Defendants also took the |

7

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it. <br><br> To the extent that the witness offers testimony about the circumstances surrounding Plaintiffs and likely witnesses' use of shelter, financial, or other benefits or offers of shelter, the witness lacks personal knowledge. |
| Jennifer Friedenbach (Plaintiff) | Lack of standing; Coalition's operations and membership; Coalition's surveillance of City operations and training on the same; alleged organizational harms; alleged property destruction; relationship with Plaintiffs' disclosed expert Chris Herring; development of City bag and tag policy. | 90 | Pursuant to stipulation, Defendants agreed that evidence concerning "organizational harms" is irrelevant. |
| Jonathan Vaing (DPW) | City's development of, training on, and compliance with the bag and tag policy including changes to the policy over time; discipline related to bag and tag policy; Sup II meetings; DPW organizational structure; discipline related to the bag and tag policy; lack of deliberate indifference. | 120 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Jose Torres (SF HOT) | Notice provided in advance of HSOC resolutions; offers of shelter provided to unhoused people during City operations. | 15 | |
| Joshua Donohoe (Plaintiff) | Lack of standing; alleged instances of property destruction; alleged membership in Coalition; circumstances on the ground. | 60 | |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| Kathy Pezdek (Expert) | Opinions and analysis disclosed in expert report, with special emphasis on the following opinions: (i) memory is a construction process that does not conclude with the end of an event, (ii) memory is a schema-driven process, (iii) gist memory persists longer than memory for specific events, and (iv) the degree to which inattentional blindness impacts the creation and retention of a memory. | 30 | Plaintiffs object to the extent Defendants seek to provide further facts or opinions beyond those disclosed in Pezdek's expert report. Plaintiffs further object to Pezdek for the reasons set forth in their *Daubert* motion. |
| Khaled Shehadeh (DPW) | City's training on and compliance with the bag and tag policy with an emphasis on Zone and JFO; conditions in the field; lack of deliberate indifference. | 15 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Lisa Rachowicz (HSH) | The nature and availability of the City's and HSH's shelter and storage offerings; shelter programs for Plaintiffs and other witnesses; lack of deliberate indifference. | 30 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "nature and availability of the City's and HSH's shelter and storage offerings; shelter programs for Plaintiffs and other witnesses."<br><br>The November 12, 2024 initial disclosures stated only: "Encampment resolutions and other interactions with unhoused individuals."<br><br>Only on March 7, 2025, the last business day before the close of fact discovery, did Defendants update their initial disclosures to include the following topic: "shelter and housing programs." |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | Defendants also took the position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it.<br><br>Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony.<br><br>To the extent that the witness offers testimony about the circumstances surrounding Plaintiffs and likely witnesses' use of shelter, financial, or other benefits or offers of shelter, the witness lacks personal knowledge. |
| Lt. Wayman Young (SFPD) | SFPD role in HSOC resolutions and other operations; SFPD HSOC officers conduct and role during HSOC resolutions, JFO operations, and responding to encampment-related 311 complaints; lack of deliberate indifference. | 30 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Mark Mazza (DEM) | City's encampment resolutions and other interactions with unhoused individuals, including but not limited to HSOC and JFO missions, operations, policies, protocols, and practices; community engagement; City's compliance with bag and tag policy and notice requirements; shelter and property programs; lack of deliberate indifference; knowledge of Plaintiffs and | 90 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "City's compliance with bag and tag policy and notice requirements; shelter and property programs."<br><br>Defendants' November 12, 2024 initial disclosures and March 7, |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | likely witness. | | 2025 initial disclosures stated only: "Encampment resolutions and other interactions with unhoused individuals."<br><br>Defendants also took the position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it.<br><br>Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Mark Roumbanis (DPW) | City's training on and compliance with the bag and tag policy, including changes to the policy over time; Sup II meetings; practices at DPW Storage Yard including storage and retrieval of property; lack of deliberate indifference. | 15 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Nicole Delagarza (DPW) | City's training on and compliance with the bag and tag policy; conditions in the field; lack of deliberate indifference. | 15 | Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Pedro Rincon (SFHOT) | Notice provided to residents of encampments in advance of HSOC resolutions; offers of shelter provided to unhoused people during City operations. | 30 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "offers of shelter provided to unhoused people during City operations."<br><br>Defendants' November |

11

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | 12, 2024 initial disclosures and March 7, 2025 initial disclosures stated only: "Encampment resolutions and other interactions with unhoused individuals." <br><br>Defendants also took the position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it. |
| Ramzi Asfour (Expert) | Opinions and analysis disclosed in expert report, including that conditions in homeless encampments create a high risk of outbreak of infectious diseases and pose a public health risk not only to the homeless population and to city workers but to individuals residing in homeless encampments. | 30 | Plaintiffs object to the extent Defendants seek to provide further facts or opinions beyond those disclosed in Asfour's expert report. Plaintiffs further object to Asfour for the reasons set forth in their *Daubert* motion. |
| Sam Dodge (DEM) | City's encampment resolutions and other interactions with unhoused individuals, including but not limited to HSOC and JFO missions, operations, policies, protocols, and practices; community engagement; City's compliance with bag and tag policy and notice requirements; shelter and property programs; lack of deliberate indifference; knowledge of Plaintiffs and likely witness. | 90 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address "shelter and property programs." <br><br>Defendants' November 12, 2024 initial disclosures and March 7, 2025 initial disclosures stated only: "Encampment resolutions and other interactions with unhoused individuals." <br><br>Defendants also took the position that shelter was |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it.<br><br>Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony. |
| Sarah Cronk (Plaintiff) | Lack of standing; alleged instances of property destruction; alleged membership in Coalition; circumstances on the ground. | 60 | |
| Sarah Locher (HSH) | Authenticate, sponsor, and explain ONE system data; housing status and history of Plaintiffs and other witnesses; lack of deliberate indifference. | 30 | Subject of testimony exceeds Defendants' initial disclosures dated November 12, 2024, which did not address: "Authenticate, sponsor, and explain ONE system data; housing status and history of Plaintiffs and other witnesses."<br><br>The November 12, 2024 initial disclosures stated only: "Encampment resolutions and other interactions with unhoused individuals."<br><br>Only on March 7, 2025, the last business day before the close of fact discovery, did Defendants update their initial disclosures to include the following topics: "shelter and housing programs; data and analytics."<br><br>Defendants also took the |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | position that shelter was irrelevant post-*Grants Pass* and refused to provide discovery on this issue and are now precluded from introducing trial testimony about it.<br><br>Testimony on "lack of deliberate indifference" is vague, calls for a legal conclusion, and does not provide fair notice of topics of anticipated trial testimony.<br><br>To the extent that the witness offers testimony about the circumstances surrounding Plaintiffs and likely witnesses' use of shelter, financial, or other benefits or offers of shelter, the witness lacks personal knowledge. |
| Timur Durrani (Expert) | Opinions and analysis disclosed in expert report including opinions that City workers face danger and hazards (including but not limited to health-related dangers) in conducting street cleaning and property removal of encampments. | 30 | Plaintiffs object to the extent Defendants seek to provide further facts or opinions beyond those disclosed in Durrani's expert report. Plaintiffs further object to Durrani for the reasons set forth in their *Daubert* motion. |
| Google LLC | Authenticate documents where the parties cannot reach a stipulation. | 10 | |
| Leslie St Dre | Authenticate documents where the parties cannot reach a stipulation. | 10 | |
| City Custodian of Records | Authenticate documents where the parties cannot reach a stipulation. | 10 | |
| Via Deposition Designation | | | |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| Sarah Cronk* (Plaintiff, Alleged Coalition Member) | Subjects addressed in deposition designations | | Testimony regarding alleged drug use is irrelevant, unduly prejudicial, and outside the scope of the Court's prior discovery ruling at Dkt. 326.<br><br>Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Joshua Donohoe* (Plaintiff, Alleged Coalition Member) | Subjects addressed in deposition designations | | Testimony regarding alleged drug use is irrelevant, unduly prejudicial, and outside the scope of the Court's prior discovery ruling at Dkt. 326.<br><br>Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Jennifer Friedenbach (Employee of Coalition) | Subjects addressed in deposition designations | | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Coalition on Homeless 30(b)(6) (Plaintiff) | Subjects addressed in deposition designations | | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, |

*Defendants preserve their position that these individuals are not members of the Coalition on Homelessness.

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
| | | | objections, counter-designations, and objections to counter-designations. |
| Lucas Illa (Employee of Coalition) | Subjects addressed in deposition designations | | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| | | | |
| Dylan Verner-Crist (ACLU Investigator) | Subjects addressed in deposition designations | | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Karina Ioffee (ACLU Investigator) | Subjects addressed in deposition designations | | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Toro Castano* (Alleged Coalition Member) | Subjects addressed in deposition designations | | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| David Martinez* (Alleged Coalition Member) | Subjects addressed in deposition designations | | Testimony regarding alleged drug use is irrelevant, unduly prejudicial, and outside the scope of the Court's prior discovery ruling at Dkt. 326. |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
|  |  |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Melodie* (Alleged Coalition Member) | Subjects addressed in deposition designations |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Todd Bryant* (Alleged Coalition Member) | Subjects addressed in deposition designations |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Shyhyene Brown* (Alleged Coalition Member) | Subjects addressed in deposition designations |  | Testimony regarding alleged drug use is irrelevant, unduly prejudicial, and outside the scope of the Court's prior discovery ruling at Dkt. 326.

Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Shanna Couper Orona* (Alleged Coalition Member) | Subjects addressed in deposition designations |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and |

| Full Name | Subject of Testimony | Anticipated Length (In Minutes) | Plaintiffs' Objections |
|---|---|---|---|
|  |  |  | objections to counter-designations. |
| Sarah Stephenson* (Alleged Coalition Member) | Subjects addressed in deposition designations |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| James Reem* (Alleged Coalition Member) | Subjects addressed in deposition designations |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Larry Ackerman (Alleged Coalition Volunteer) | Subjects addressed in deposition designations |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |
| Christin Evans (Alleged Coalition Volunteer) | Subjects addressed in deposition designations |  | Additional objections and Counter-designations are set forth in the parties' chart of deposition designations, objections, counter-designations, and objections to counter-designations. |

Dated: June 30, 2025

Respectfully submitted,

By: /s/ Vasudha Talla

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Zoe Salzman, pro hac vice
Vasudha Talla

18

|   |   |
|---|---|
| 1 | Vivake Prasad, *pro hac vice* |
| 2 | Bianca Herlitz-Ferguson, *pro hac vice*<br>One Rockefeller Plaza, 8th Floor |
|   | New York, NY 10020 |
| 3 | Telephone: (212) 763-5000 |
|   | zsalzman@ecbawm.com |
| 4 | vtalla@ecbawm.com |
|   | vprasad@ecbawm.com |
| 5 | bherlitz-ferguson@ecbawm.com |
| 6 | By: */s/ Nisha Kashyap* |
| 7 | LAWYERS' COMMITTEE FOR CIVIL |
|   | RIGHTS OF THE SAN FRANCISCO BAY |
| 8 | AREA |
|   | Nisha Kashyap SBN 301934 |
| 9 | Andrew Ntim SBN 347084 |
|   | Chloë Dominique Smith SBN 352170 |
| 10 | 131 Steuart Street, Ste. 400 |
|   | San Francisco, CA 94105 |
| 11 | Telephone: (415) 543-9444 |
|   | nkashyap@lccrsf.org |
| 12 | antim@lccrsf.org |
| 13 | By: */s/ John Thomas H. Do* |
| 14 | AMERICAN CIVIL LIBERTIES UNION |
|   | FOUNDATION OF NORTHERN CALIFORNIA |
| 15 | John Thomas H. Do, SBN 285075 |
|   | William S. Freeman SBN 82002 |
| 16 | Larissa Grijalva SBN 352930 |
|   | 39 Drumm Street |
| 17 | San Francisco, CA 94111 |
|   | Telephone: (415) 293-6333 |
| 18 | jdo@aclunc.org |
|   | wfreeman@aclunc.org |
| 19 |   |
| 20 | By: */s/ Scout Katovich* |
| 21 | AMERICAN CIVIL LIBERTIES UNION |
|   | Scout Katovich, *pro hac vice* |
| 22 | 425 California Street |
|   | Suite 700 |
| 23 | San Francisco, CA 94104 |
|   | 212-549-2500 |
| 24 | skatovich@aclu.org |
| 25 | *Attorneys for Plaintiffs Coalition on Homelessness,*<br>*Sarah Cronk, Joshua Donohoe* |
| 26 |   |
| 27 |   |
| 28 |   |

**ATTESTATION**

I, Vasudha Talla, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: June 30, 2025     By: */s/ Vasudha Talla*