DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-3857 (Wang)
            (415) 554-6762 (Murphy)
            (415) 554-3870 (Gradilla)
            (415) 554-4223 (George)
            (415) 355-3304 (Mills)
Facsimile:  (415) 554-4699
E-mail:     edmund.wang@sfcityatty.org
            kaitlyn.murphy@sfcityatty.org
            miguel.gradilla@sfcityatty.org
            john.george@sfcityatty.org
            steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile:  (415) 343-7101
E-mail:     wmetlitzky@conmetkane.com
            jlanier@conmetkane.com
            ntheobald@conmetkane.com

Attorneys for Defendants

CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **DEFENDANTS' OMNIBUS MOTION TO SEAL IN CONNECTION WITH PRE-TRIAL FILINGS (ECF NO. 417)** <br><br> Action Filed:  September 27, 2022 <br> Trial Date:    July 28, 2025 |

Pursuant to the Court's Order on the Parties Inquiry to the Courtroom Deputy (ECF No. 417) and Civil Local Rules 79-5 and 7-11, Defendants City and County of San Francisco; San Francisco Police Department; San Francisco Department of Public Works; San Francisco Department of Homelessness and Supportive Housing; San Francisco Fire Department; San Francisco Department of Emergency Management (collectively the "City") file this Omnibus Administrative Motion to Seal Documents filed in connection the parties pre-trial filings, including Plaintiffs' Motions in Limine Regarding Shelter Availability (ECF No. 418) and Plaintiffs' Motion in Limine to Exclude Expert Testimony from Dr. Timur Durrani (ECF No. 423). The City moves to seal only the page and line numbers of the record identified below in Appendix A. All of the evidence the City seeks to seal protects the rights of non-parties, not the City itself. The evidence Appendix A references includes (1) excerpts from the deposition transcript of City employee Jason Adamek discussing City benefits provided to non-parties deposed in this case and (2) San Francisco Fire Department records regarding a violent encounter that discloses the address and name of non-parties in crisis who do not appear on either parties' witness trial witness. While the City takes no position on whether the Court should seal the benefits information in the Adamek deposition, the remaining records justify sealing under both the good cause and compelling reasons standard because they contain name and address information for non-parties that need not be disclosed.

## LEGAL STANDARD

Where a party seeks to seal documents attached to a dispositive motion, the party must show a "compelling reason" for sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).[1] "In general, 'compelling reasons' sufficient to outweigh the public's

---

[1] The Court Order requested the parties to address what in the briefs meets the "compelling reasons standard to justify sealing." (Dkt. 417.) Courts in the Ninth Circuit, however, apply the "good cause" standard when evaluating motions to seal in connection with non-dispositive motions. *See, e.g., Open Text S.A. v. Box, Inc.*, No. 13–cv–04910–JD, 2014 WL 7368594, at *1 (N.D. Cal. Dec. 26 2014). Since *motions in limine* are "not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed" the good cause standard likely applies to the Court's consideration of the present motion as to the *motions in limine*. *Surgical Instrument Serv. Co., Inc. v. Intuitive Surgical, Inc.*, No. 21-cv-03496-AMO, 2024 WL 5093068, at *1 (N.D. Cal. Dec. 11, 2024) (quoting *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013)). Further, because the *Daubert* motions here are not submitted in connection with a pending dispositive motion, the "good cause" standard likely also applies to the Court's evaluation of the motions to seal in connection with the *Daubert* motions here. *Cf. Open Text S.A.*, 2014 WL 7368594, at *1 (explaining that the "compelling reasons" standard applies to *Daubert* motions filed in

interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes', such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation omitted).  Here, the City seeks to seal several types of information that courts previously recognized satisfy the compelling reasons standard to remain sealed.

## ARGUMENT

**I.     The City Takes No Position Regarding the Propriety of Sealing Benefits Information Contained in ECF No. 418-11.**

Exhibit J to the Declaration of Nisha Kashyap in support of Plaintiffs' Motion in Limine Regarding Shelter Availability contains excerpts from the deposition of City employee Jason Adamek. ECF No. 418-11. Mr. Adamek works for the San Francisco Human Services Agency and in that capacity is involved with providing benefits, shelter, and other services to those in need. Plaintiffs' counsel questioned Mr. Adamek about services and benefits offered to and accepted by specifically named individuals. The under-seal portion of Mr. Adamek's transcripts only includes the names of specific non-parties who have *not* consented to the City disclosing their shelter and benefits status. Declaration of Kaitlyn Murphy In Support of Omnibus Motion ("Murphy Decl.") ¶ 4. Where a Plaintiff or non-party has consented to public disclosure of their benefits information the City has not sought to seal their names in the transcript. *See e.g.,* ECF No. 418-11 at 90:3-4; 90:7-8. Although the City has a statutory obligation to keep information about an identified individual's benefits status confidential absent a court order, it takes no position regarding the propriety of issuing such an order here. *See* Cal. Welf. & Inst. Code § 10850.  The City has notified Plaintiffs that it takes no position on the question of whether the Court should order the information contained in ECF No. 418-11 to remain under seal. Murphy Decl. ¶ 4.

**II.    Non-Parties Personal Information Including Their Names And Addresses Should Remain Confidential as Reflected in ECF No. 423-5.**

Exhibit D to the Declaration of Scout Katovich filed in support of Plaintiffs' Motion in Limine to Exclude Defendants' Expert Witness Opinions of Dr. Timur Durrani contains information from a

---

connection with a pending motion for summary judgment). Regardless, sealing the requested information is proper under either the good cause or compelling reasons standard.

San Francisco Fire Department ("SFFD") record regarding an assault on emergency medical services provider who was dispatched to a call on February 4, 2024. ECF No. 423-5. The record describes a non-party in crisis and identifies her address and the name of her boyfriend. None of the non-parties referenced in the SFFD record appear on a party's trial witness list. Murphy Decl. ¶ 6. Neither the address of the medical call nor the names of the residents are relevant to the pending motion in limine and their disclosure could result in misuse and erosion of the non-parties' privacy interests given the sensitivity of the medical services provided. Compelling reasons exist to seal the name and address information of such non-parties under these circumstances. *See Cross v. Cent. Contra Costa Transit Auth.*, No. 21-CV-01312-JST, 2024 WL 3658045, at *1 (N.D. Cal. July 22, 2024) (sealing, under compelling interest standard, home addresses); *Xie v. De Young Props. 5418, LP*, No. 1:16-cv-01518-DAD-SKO, 2018 WL 3241068, at *3 (E.D. Cal. July 2, 2018) (sealing current and former addresses "to prevent the documents from becoming a 'vehicle for improper purposes'"); *Garcia v. Cnty. of Sacramento*, No. 2:23-CV-00899-DAD-CSK, 2024 WL 2209740, at *2 (E.D. Cal. May 16, 2024) (finding compelling reasons to redact the names of the non-parties not relevant to case); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) ("There is a compelling reason for sealing, namely, the disclosure of the non-party employees' names would infringe on those individuals' privacy rights."); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of [former, nonparty employees' identities] would infringe the privacy rights of those two individuals, which constitutes a compelling reason for sealing."); *Garcia v. Cnty. of Riverside*, No. EDCS 13-0616 JGB (SPx), 2018 WL 3738640, at *2 (C.D. Cal. Mar. 8, 2018) (finding "compelling reasons" to seal documents "contain[ing] . . . private identifying information of individuals not party to th[e] litigation" because "public disclosure of such information could result in unnecessary harm or embarrassment to these unrelated third-parties"); *City & Cnty. of San Francisco v. Sessions*, 349 F. Supp. 3d 924, 943-44 (N.D. Cal. 2018) (finding "compelling reasons to seal" a "spreadsheet" that "contains partially redacted" information that could be reverse engineered with extraneous data if unsealed").

The City's request is narrowly tailored because it moves to seal the minimum amount of information necessary to avoid the potential harm of publicly disclosing the information sought to be sealed. Accordingly, there is no less restrictive alternative to preserve the privacy rights at issue here.

## CONCLUSION

For the reasons set forth above, the Court should grant the City's motion to seal.

DATED: July 1, 2025

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

*/s/ Kaitlyn Murphy*
KAITLYN MURPHY

WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN D. THEOBALD
**CONRAD | METLITZKY | KANE LLP**

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al.

# APPENDIX A

| Murphy Decl. Ex. | Document | Portion to be Sealed | Reason for Sealing |
|---|---|---|---|
| 1 | Exhibit J to the Declaration of Nisha Kashyap in support of Plaintiffs' Motion in Limine Regarding Shelter Availability<br><br>ECF No. 418-11 | Transcript Page 89:24 (only before "I'm probably") | Privacy, Cal. Welf. & Inst. Code § 10850 – Identifies non-party benefits information |
| 1 | Exhibit J to the Declaration of Nisha Kashyap in support of Plaintiffs' Motion in Limine Regarding Shelter Availability<br><br>ECF No. 418-11 | Transcript Page 90:1-2 | Privacy, Cal. Welf. & Inst. Code § 10850 – Identifies non-party benefits information |
| 1 | Exhibit J to the Declaration of Nisha Kashyap in support of Plaintiffs' Motion in Limine Regarding Shelter Availability<br><br>ECF No. 418-11 | Transcript Page 90:5-6 | Privacy, Cal. Welf. & Inst. Code § 10850 – Identifies non-party benefits information |
| 2 | Exhibit D to the Declaration of Scout Katovich's in Support of Plaintiffs' Motion in Limine to Exclude Defendants' Expert Witness Opinions of Dr. Timur Durrani<br><br>ECF No. 423-5 | Under the "Event Description" column on the third page of Exhibit D, for event date 02/04/2023, the address, names, and the badge (star) number mentioned therein. | Identifies non-parties' names and personal information |