UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 22-cv-05502-DMR <br><br> **ORDER RE DEPOSITION DESIGNATIONS AND EXHIBITS** |

## I.   DEPOSITION DESIGNATIONS

In the parties' joint pretrial order (Docket No. 415, JPTO), Plaintiffs and Defendants represent that they want to introduce the testimony of numerous witnesses via deposition designation. To that end, they collectively designate nearly 1200 pages of deposition testimony. Defendants estimate that each page is the equivalent of two minutes of trial time. This equals roughly 40 hours of trial testimony. This is on top of the parties' request for "at least" 70 hours of live testimony, for a total of 110 hours. At five hours of testimony per day, this adds up to 22 trial days. At the outset of the case, the parties requested "5-7 full trial days," and the court gave them eight days. [Docket No. 74 at 9; Docket No. 85 at 1.] The case subsequently narrowed, likely by more than half. In short, the parties' current requested trial time is grossly out of proportion to the limits the court intends to set at the July 9, 2025 pretrial conference.

The deposition designations appear to be an attempt to bypass these limits. Many of the deponents are also listed as anticipated live witnesses. The parties have not explained why testimony by deposition is justified under the circumstances. Federal Rule of Civil Procedure 32(a)(4)(E) provides:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> (A) that the witness is dead;
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

Federal Rule of Evidence 804(a) further explains that

> A declarant is considered to be unavailable as a witness if the declarant:
>
> (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;
>
> (2) refuses to testify about the subject matter despite a court order to do so;
>
> (3) testifies to not remembering the subject matter;
>
> (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or
>
> (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:
>
> (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or
>
> (B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

The exceptions in Federal Rule of Evidence 804(b)(2), (3), and (4) likewise are predicated on the witness's unavailability. Fed. R. Evid. 804(b) ("The following are not excluded by the rule against hearsay *if the declarant is unavailable as a witness* . . .") (emphasis added).

Many of these witnesses are clearly available, as they appear on the parties' lists of witnesses they intend to call live. At any rate, the parties have not shown the witnesses whose testimony they

2

wish to admit through deposition are unavailable such that they cannot testify in person at trial. There is a "longstanding presumption that live testimony is clearly preferable to deposition testimony[.]" *Phoenix Techs. Ltd. v. VMware, Inc.*, No. 15-CV-01414-HSG, 2017 WL 8069609, at *1 (N.D. Cal. June 7, 2017).

In this case, the court wants to hear live testimony whenever possible.  Therefore, with the exception of the Rule 30(b)(6) witness testimony designated by each side, the court expects the parties to present live trial testimony unless a party can demonstrate that the witness is unavailable within the meaning of Federal Rule of Civil Procedure 32(a)(4)(E) and Federal Rule of Evidence 804(a).  *See Forbes v. Cnty. of Orange*, 633 F. App'x 417, 418 (9th Cir. 2016) (district court did not err in denying request to introduce deposition testimony at trial for failure to show "exceptional circumstances" that justify use of the deposition in lieu of live testimony); *Valentine v. Torres-Quezada*, No. 22-CV-01520-JSW, 2024 WL 4175130, at *2 (N.D. Cal. Sept. 12, 2024) (allowing testimony by deposition where witness was more than 100 miles from the courthouse and thus unavailable under Federal Rule of Civil Procedure 32(a)(4)); *Woodall v. Walt Disney Co.*, No. 20-CV-03772-CBM-E, 2025 WL 746153, at *1-3 (C.D. Cal. Feb. 25, 2025) (denying motion for order permitting deposition designations at trial where party was not diligent in attempting to procure deponents' appearance at trial by subpoena in accordance with Federal Rule of Civil Procedure 32(a)(4)(D)).

The parties may designate 30(b)(6) testimony in accordance with Federal Rule of Civil Procedure 32(a)(3).  The parties have already submitted the written deposition transcripts with those designations.  By July 21, 2025, they shall also submit the corresponding video excerpts, if available.

## II.    EXHIBITS

### A.    Stipulation of Admissibility

In the JPTO, "[t]he parties stipulate to the admissibility of any exhibit listed in the Joint Pretrial Statement without an objection from a party and jointly move the Court to pre-admit them." JPTO at 8.  The court orders the following:

1. The parties shall meet and confer and create a joint exhibit list identifying the exhibits for which the parties seek pre-admission.
2. Exhibits for which there is a stipulation of admissibility shall be labeled with the

3

prefix "JX0001," "JX0002," etc. The parties may adjust the numbering (i.e., "JX###" instead of "JX####") as appropriate.

3. Joint exhibits shall be removed from the parties' respective exhibit lists. The parties do not need to re-number their exhibits and may use placeholders for the removed exhibits.

No later than July 21, 2025, the parties shall file the joint exhibit list and provide chambers copies of the joint exhibit list and the joint exhibits in both hard copy and electronic form. The parties need not file the joint exhibits at this time. At the close of trial, the parties will be responsible for filing all admitted exhibits on the docket.

**B.      Disclosure of Witnesses and Exhibits to be Used During Direct and Cross-Examination**

The court has reviewed the parties' proposal regarding the disclosure of the order of evidence. JPTO at 19. The court proposes the following, to be discussed at the July 9, 2025 final pretrial conference:

1. The parties shall disclose witnesses and exhibits to be admitted through the direct examination of a witness no later than 9:00 a.m. two business days before the witness is to be called.
2. The parties shall disclose exhibits to be admitted through the witness's cross-examination no later than 6:00 p.m. two business days before the witness is to be called. The parties are not required to disclose exhibits used strictly for impeachment purposes or to refresh recollection.
3. The parties shall meet and confer and make a good faith effort to narrow, if not eliminate, their objections to exhibits.
4. In the event the parties are standing on some or all objections and cannot resolve all disputes regarding a particular exhibit, they shall email the court, copying all counsel, at DMRPO@cand.uscourts.gov with their objections no later than 9:00 p.m. two business days before the witness is to be called. If the objection is to a portion of the document as opposed to the document as a whole, the objecting party must

4

specifically identify the disputed portion of the document. The parties' email shall also include electronic copies of the exhibits at issue.

**IT IS SO ORDERED.**

Dated: July 2, 2025

_____
Donna M. Ryu
Chief Magistrate Judge