DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
EDMUND T. WANG, State Bar #278755
KAITLYN M. MURPHY, State Bar #293309
MIGUEL A. GRADILLA, State Bar #304125
JOHN H. GEORGE, State Bar #292332
STEVEN A. MILLS, State Bar #328016
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-3857 (Wang)
           (415) 554-6762 (Murphy)
           (415) 554-3870 (Gradilla)
           (415) 554-4223 (George)
           (415) 355-3304 (Mills)
Facsimile: (415) 554-4699
E-mail:    edmund.wang@sfcityatty.org
           kaitlyn.murphy@sfcityatty.org
           miguel.gradilla@sfcityatty.org
           john.george@sfcityatty.org
           steven.mills@sfcityatty.org

WARREN METLITZKY, State Bar #220758
JESSICA ELAINE LANIER, State Bar #303395
NATHAN D. THEOBALD, State Bar #328837
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101
E-mail:    wmetlitzky@conmetkane.com
           jlanier@conmetkane.com
           ntheobald@conmetkane.com

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION ON HOMELESSNESS; SARAH CRONK; JOSHUA DONOHOE; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 4:22-cv-05502-DMR (LJC) <br><br> **REPLY TO OPPOSITION TO MOTION TO STAY PENDING INTERLOCUTORY APPEAL** <br><br> Hearing Date: August 14, 2025 <br> Time: 1:00 p.m. <br> Place: Courtroom 4 – 3rd floor <br> 1301 Clay Street <br> Oakland, CA 94612 <br><br> Trial Date: July 28, 2025 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
INTRODUCTION .....................................................................................................................1
      I.     A Stay Will Not Harm Plaintiffs..................................................................................2
     II.    San Francisco Need Not Show Harm, But Will Suffer Harm Without A Stay .......4
    III.   The Issues on Appeal Are Fundamental to the Case ................................................4

# TABLE OF AUTHORITIES

**State Cases**

*Clinton v. Jones*
　520 U.S. 681 (1997)...............................................................................................................3

*Roule v. Petraeus*
　No. C 10-04632 LB, 2012 WL 2367873 (N.D. Cal. June 21, 2012)..........................................3

**Federal Cases**

*Biberovic v. Culver City*
　805 F. App'x 531 (9th Cir. 2020).............................................................................................5

*Chapman v. Pier 1 Imports (U.S.) Inc.*
　631 F.3d 939 (9th Cir. 2011) ..................................................................................................5

*CMAX, Inc. v. Hall*
　300 F.2d 265 (9th Cir. 1962) ..............................................................................................2, 5

*Doe #1 v. Nielsen*
　No. 18-CV-02349-BLF, 2019 WL 1473463 (N.D. Cal. Jan. 3, 2019) .........................................2

*Fed. Trade Comm'n v. Lending Club Corp.*
　No. 18-CV-02454-JSC, 2020 WL 4898136 (N.D. Cal. Aug. 20, 2020) ......................................4

*Gon v. First State Ins. Co.*
　871 F.2d 863 (9th Cir. 1989) ..................................................................................................5

*Landis v. N. Am. Co.*
　299 U.S. 248 (1936)...............................................................................................................4

*Lockyer v. Mirant Corp.*
　398 F.3d 1098 (9th Cir. 2005) ................................................................................................4

*Nationwide Biweekly Admin., Inc. v. Owen*
　873 F.3d 716 (9th Cir. 2017). .................................................................................................4

*Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc.*
　No. SACV 13 00499 CJC (RNBX), 2015 WL 13918253 (C.D. Cal. Feb. 13, 2015) ..................2

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Sols.*
　No. C 12-00068 JSW, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013).........................................2

*Trump v. CASA, Inc.*
　No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025) .......................................................1, 3

**Federal Statutes**

42 U.S.C. §§ 12101 et seq. (Americans with Disabilities Act) .....................................................5

**Rules**

Fed. R. Civ. P. 32(a)(4)...............................................................................................................3

Fed. R. Evid. 804 .......................................................................................................................3

# INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Stay proceedings Pending Appeal (ECF No. 439, "Opp.") confirms that a stay is warranted here.

First, a stay will not harm Plaintiffs. Plaintiffs agree that Sarah Cronk, Joshua Donohoe, and each of the identified Coalition on Homelessness members supporting Coalition's standing are housed. They therefore are not at risk of property destruction on public rights of way. In fact, Plaintiffs do not contend that either Individual Plaintiff or identified Coalition member will specifically be harmed by a stay. Instead, they rely on inapposite cases and claim a stay will harm unhoused people who are neither parties nor Coalition members. But this Court cannot grant relief to these non-parties and they therefore cannot be harmed by proceedings being stayed. *See Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *1 (U.S. June 27, 2025) (holding federal courts do not have authority to grant equitable relief to non-parties). And even if they could the existing injunction already provides relief during the stay.

Second, because there is no harm to Plaintiffs from a stay, the City need not demonstrate that it will be harmed. Regardless, the City will be harmed without a stay. If San Francisco must proceed through trial in a case where jurisdiction is lacking, it will unnecessarily burden and redirect staff away from their critical work (including aiding the unhoused) and direct limited public funds away from productive programs to needless litigation, harming the City and those it serves. Plaintiffs improperly dismiss these harms as purely monetary losses. They are anything but.

Finally, the Ninth Circuit is set to decide whether this case can even be maintained in federal court. That decision will necessarily clarify the relevant issues, and may dispose of the case entirely. Plaintiffs complain regarding this motion's timing amongst other pretrial filings are irrelevant. Because a stay is likely to simplify the issues, it is warranted.

This Court should stay proceedings pending resolution of the City's appeal.

# ARGUMENT

Courts examine three factors to determine whether to grant a stay of proceedings: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, each weighs in favor of staying this case while the Ninth Circuit considers the City's appeal of the denial of the motion to vacate the preliminary injunction.

## I. A Stay Will Not Harm Plaintiffs

It is undisputed that the two Individual Plaintiffs (Cronk and Donohoe) and every Coalition member on whom it relies for its standing have housing. Plaintiffs provide no basis to conclude any of these individuals will be subject to the alleged misconduct Plaintiffs seek to prevent through a permanent injunction (unlawful property destruction on the street), especially where the preliminary injunction already provides the same. Instead, Plaintiffs resort to speculation and hypothetical "harms" without evidentiary support.

Plaintiffs' first argument about why a stay harms them does not even attempt to identify any harm. Instead, Plaintiffs resort to several general statements about what other courts have done in situations unlike that here. Opp. at 4; *see Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc.*, No. SACV 13 00499 CJC (RNBX), 2015 WL 13918253, at *2 (C.D. Cal. Feb. 13, 2015) (denying stay because "the stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for review was filed in the USPTO"); *Doe #1 v. Nielsen*, No. 18-CV-02349-BLF, 2019 WL 1473463, at *1 (N.D. Cal. Jan. 3, 2019) (denying stay where "[plaintiff] refugees are currently 'in limbo' in Vienna, Austria," about to be deported to Iran and government sought indefinite stay based on lapse of DOJ funding); *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Sols.*, No. C 12-00068 JSW, 2013 WL 752474, at *3-4 (N.D. Cal. Feb. 27, 2013) (granting stay).

Plaintiffs next argue that a stay will harm them because witnesses might become unavailable. But Plaintiffs do not identify any particular witness or explain why a stay will make them more likely to be unavailable. Nor do Plaintiffs attempt to explain why if "even a short [stay]" means (unidentified) witnesses will become unavailable, the same witnesses will not be just as "unreachable or unavailable" during the scheduled trial dates. Regardless, each of the formerly or presently unsheltered people on Plaintiffs' trial witness list have been deposed and if any becomes actually

unavailable, their deposition testimony can be used at trial. *See* Fed. R. Civ. P. 32(a)(4); Fed. R. Evid. 804. Here, the requested stay is finite, nothing like the years-long or indefinite stays in the cases Plaintiffs cite. *See Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (stay for multiple presidential terms "would increase the danger of prejudice resulting from the loss of evidence"); *Roule v. Petraeus*, No. C 10-04632 LB, 2012 WL 2367873, at *4-5 (N.D. Cal. June 21, 2012) (denying indefinite stay).

Plaintiffs' contention that "*millions* of pages of relevant documents, over *sixty* depositions, and a substantial amount of discovery may need to be redone to reflect facts reasonably contemporaneous with the rescheduled trial" conveniently ignores the evidence Plaintiffs actually intend to introduce at trial. Opp. at 6. Far from introducing millions of pages of documents and sixty depositions, Plaintiffs' trial exhibit list contains 443 items, many of which are already several years old. *See* ECF No. 416 (containing exhibits from as far back as 2016, with many from 2020-2023). Moreover, the evidence Plaintiffs intend to offer regarding alleged violations of the *Plaintiffs*' rights is already years-old. Cronk and Donohoe allege that the most recent unlawful destruction of their property occurred in January 2023. Coalition concedes its property was never destroyed and, as for its identified members, the most recent alleged unlawful destruction of their property occurred in July 2024, with most occurring years ago. If anything, now that the pre-trial briefing is complete, a stay gives the parties more time to prepare their examinations, statements, and arguments for trial, focusing and streamlining the presentation of evidence.

Likely recognizing the lack of harm to Plaintiffs—the *only* parties entitled to relief—Plaintiffs invoke potential harms to "Plaintiffs' clients and unhoused witnesses." Opp. at 6. Harm to these unspecified non-parties, even if it existed, is irrelevant. This is not a class action. This case is not about, and cannot obtain relief for, non-parties. *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *11 (U.S. June 27, 2025) (relief is only available to "*the plaintiffs before the court*"). Accepting Plaintiffs' extension of relief to non-parties impermissibly "circumvent[s] Rule 23's procedural protections" and "create[s] [a] *de facto* class action[] at will." *Id.* at *10 (citation omitted). Even then, the existing preliminary injunction, which the City does not move to stay, will remain in effect.

## II. San Francisco Need Not Show Harm, But Will Suffer Harm Without A Stay

Because Plaintiffs have failed to demonstrate that they will be harmed by a stay, the City is not required to demonstrate harm. "Under *Landis*, a party seeking a stay need make such a showing of hardship and inequity only if the party opposing the stay first demonstrates that there is a fair possibility that a stay will cause it injury." *Fed. Trade Comm'n v. Lending Club Corp.*, No. 18-CV-02454-JSC, 2020 WL 4898136, at *2 (N.D. Cal. Aug. 20, 2020) (cleaned up).

Nonetheless, San Francisco will be harmed if forced to litigate a case through trial in which the court lacks jurisdiction. The City faces an historic budget shortfall and has had to lay off employees and cut back on services. Plaintiffs do not dispute this. Nor do Plaintiffs dispute that over two dozen City employees are expected to be called at trial and must spend considerable time away from work—often providing the very homeless support services Plaintiffs demand—to prepare and testify. Forcing the City to burden employees and remove them from critical work providing vital services, as well as pulling resources from already-cash strapped programs to continue litigating, harms the City and those it serves. Fewer services and missed days providing services cannot be undone, even if the City ultimately succeeds at trial. Plaintiffs wrongly dismiss these harms as merely litigation expenses, which they are plainly not. The cases Plaintiffs rely on, which found litigation expenses are insufficient to show harm, are therefore inapposite. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 735 n.20 (9th Cir. 2017).

Plaintiffs' attempt to blame the City for its caution in seeking a stay (Opp. at 7-8), is baseless. The City hoped to avoid facing trial in less than a month in a case where jurisdiction is lacking. But, the Court only recently addressed the Individual Plaintiffs' and a Coalition member's standing. Far from delaying, the City waited for the Court to provide its rationale for denying the motion to vacate and immediately sought a stay once the City had the benefit of the Court's order. The City should not be penalized for attempting to avoid unnecessarily or prematurely seeking a stay.

## III. The Issues on Appeal Are Fundamental to the Case

The final factor—the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay—also weighs strongly in favor of a stay here. Plaintiffs do not dispute that the question of jurisdiction is

on appeal at the Ninth Circuit.  Instead they incorrectly contend the case could somehow survive even if the Ninth Circuit determines there is no jurisdiction.  Not so.  The Ninth Circuit, when it determines a district court lacks jurisdiction, consistently remands with instructions to dismiss the action.  *See, e.g.*, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011) ("We therefore vacate the district court's grant of summary judgment, and remand with instructions to dismiss Chapman's ADA claim for lack of jurisdiction."); *Biberovic v. Culver City*, 805 F. App'x 531, 532 (9th Cir. 2020) ("We accordingly vacate the district court's judgment and remand with instructions to dismiss without prejudice for lack of jurisdiction.").  Plaintiffs' authority, which did not concern any jurisdictional arguments, does not hold otherwise.  *See Gon v. First State Ins. Co.*, 871 F.2d 863, 866–67 (9th Cir. 1989).

Plaintiffs' complaints about the timing of the City's motion and the fact that it came amidst other case deadlines (Opp. at 8) have nothing to do with the relevant question—whether a stay will "simplify[] or complicat[e] . . . issues, proof, and questions of law."  *CMAX*, 300 F.2d at 268.  Here, a stay unquestionably will do so.  In fact, it may dispose of the action entirely.  This factor therefore weighs in favor of a stay.

## CONCLUSION

The Court should stay all proceedings until 14 days after the Ninth Circuit resolves the City's appeal.

DATED: July 7, 2025                                    Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
STEVEN A. MILLS
Deputy City Attorneys

*/s/ John H. George*
JOHN H. GEORGE

[Signature block continued on next page.]

1
2
3
4

WARREN METLITZKY
JESSICA ELAINE LANIER
NATHAN D. THEOBALD
**CONRAD | METLITZKY | KANE LLP**

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, et al.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28