# EXHIBIT 81

## To
## Declaration of Vasudha Talla in Opposition to Defendants' Motion for Summary Judgment



**Carla Short, Director** ⏐ Director's Office

carla.short@sfdpw.org ⏐ T. 628.271.3078 ⏐ 49 South Van Ness Ave. Suite 1600, San Francisco, CA 94103

**Via Certified Mail (7020-2450-0001-2152-6067) and E-mail Delivery:**

December 12, 2024



EXHIBIT _1205_    PLTF DEFT.
WITNESS _M, Koumbanis_
CONSISTING OF _9_    PAGES
DATE _02-13-2025_
BEHMKE REPORTING AND VIDEO SERVICES, INC.

**Bureau of Street Environmental Services ("BSES")**
**Class: 7514 General Laborer**
**Laborers, Local 261**

### NOTICE OF RELEASE FROM TEMPORARY PROVISIONAL APPOINTMENT

Dear    ,

You are hereby released from your Temporary Provisional ("TPV") appointment as a classification 7514 General Laborer with Public Works ("SFPW" or "Department"), Bureau of Street Environmental Services ("BSES").

As stated on the Notice to Provisional Appointee, as a provisional employee, you acquired no guaranteed right or preference to permanent Civil Service employment. (Attachment: 1) Further, provisional employees serve at the pleasure of the Appointing Officer. Therefore, regardless of the anticipated or last date of employment, your employment may be terminated at any time by the Appointing Officer with or without cause.

Through a thorough investigation it was determined that you violated the City and Department's Bag and Tag Policy when on August 6, 2024, you removed and kept a tin of baseball cards which belonged to a member of the public and was slated to be thrown away. The Bag and Tag Policy provides clear language that:

*"Under no circumstances may staff take or keep for themselves unattended personal items for their own use or allow non-City personnel to take unattended property for their own use…"*

In addition to your dismissal, the Department will be implementing Future Employment Restrictions on you. The restriction is a one (1) year Departmentwide restriction requiring proof of one-year satisfactory experience outside of Public Works. You may appeal the Department's intention but must do so with the Civil Service Commission. Details on how to file an appeal are provided in the attached Notice of Future Employment Restrictions. Please note, you will not be appealing your dismissal, as that is a final action and is at the discretion of the Appointing

London N. Breed, Mayor ⏐ sfpublicworks.org ⏐ @sfpublicworks

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

CCSF-COH_437220
CCSF-COH_437220

Docusign Envelope ID: C94C8987-C366-4BF3-963C-22FFCF8DD5AE

Officer. You would only be appealing the restriction.

Therefore, this letter serves to inform you that you are released from your appointment as of the close of business December 12, 2024.

All City property issued to you must be immediately returned to your supervisor.

If you have health benefits questions, please call Health Services at (628) 652-4700 or visit their website at https://sfhss.org.  If you have San Francisco Employees' Retirement System (SFERS) or Deferred Compensation questions, please call SFERS Member Services at (415) 487-7000 or visit their website at https://mysfers.org.

The City's Employee Assistance Program (EAP) is available to former employees, up to 30 days past the former employee's separation date.  Attached is the EAP brochure. (Attachment 4).

Additionally, any accrued vacation pay will be paid out to you within 30 days of your separation date.

Respectfully,

Carla Short
Director, San Francisco Public Works

Attachments: (1) Notice to Provisional Appointee – two (2) pages; (2) Separation Report – two (2) pages; (3) Notice of Future Employment Restrictions – three (5) pages; (4) EAP Brochure – two (2) pages.

cc:     Karen Hill, Human Resources Director, SFPW *
        Christine Cayabyab, Employee & Labor Relations Manager, SFPW*
        DiJaida Durden, Deputy Director, Operations Division, SFPW*
        Jonathan Vaing, Acting Superintendent, BSES, SFPW*
        Mark Roumbanis, Assistant Superintendent, BSES, SFPW*
        Personnel File

        *electronic copy only

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

CCSF-COH_437221
CCSF-COH_437220



**Carla Short, Director** ׀ Director's Office

carla.short@sfdpw.org ׀ T. 628.271.3078 ׀ 49 South Van Ness Ave. Suite 1600, San Francisco, CA 94103

## INVESTIGATIVE REPORT

TO:          Christine Cayabyab
             Employee and Labor Relations Manager
             San Francisco Public Works

FROM:        Jesse Franklin
             Senior Employee and Labor Relations Analyst
             San Francisco Public Works

DATE:        December 10, 2024

SUBJECT:     ███████████ 7514 General Laborer, San Francisco Public Works,
             Bureau of Street Environmental Services.

### I.    Summary of Complaint

On or around October 4, 2024, a reporter with Pro Publica, emailed the Department of Public
Works (Department of DPW), asking why, on August 6, 2024, a DPW employee would take and
keep a homeless member of the public's tin of baseball cards that were slated to be thrown away.
Included in the email were several photos showing the DPW employee with the tin of baseball
cards, and later placed on the center console of his Department vehicle.

On October 8, 2024, the allegations of misconduct was forwarded to the Employee and Labor
Relations Unit for investigation.

After a brief internal review of the photos taken by Pro Publica it was determined that the
employee who may have removed the tin of cards from a pile of refuse was ███████████
███████

### II.    Subject of Investigation

On January 20, 2024, ██████ was hired by DPW as a Temporary Provisional (TPV)
classification 7514 General Laborer with the Bureau of Street Environmental Services (BSES).

███████ **Previous Disciplinary Actions**

██████ has no prior disciplinary actions.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                         CCSF-COH_437231
                                                                  CCSF-COH_437220

### III.    Allegations Requiring Investigation

It has alleged that on August 4, 2024, ▮ removed a tin of baseball cards from a homeless encampment removal. The tin was allegedly slated to be thrown away when ▮ took them for himself. The allegations requiring investigation include:

- Did any DPW employees fail to follow the Bag and Tag Policy when cleaning a homeless encampment on August 6, 2024?
- Did ▮ remove a tin of baseball cards from a pile of refuse and then keep them for himself in violation of the Departments Bag and Tag Policy?

### IV.    Background

As a classification 7514 General Laborer, ▮ is assigned to the Reactionary crew who primarily respond to requests to clear and clean homeless encampments via service order requests that are assigned using the Departments computerized maintenance management system (CMMS). ▮ regular work schedule is Monday through Friday from 8 a.m. until 5 p.m.

The bag and tag procedure provides a systematic way for city employees to collect, store, and make personal belongings retrievable when found unattended or abandoned in public spaces. It was designed to ensure that items are handled respectfully and transparently, and that individuals can recover their belongings. The emphasis of this policy is on clear documentation, categorization of personal property, and preservation of items not deemed as hazardous or trash.

Employees with BSES can be assigned to assist with the clearance and cleaning of homeless encampments. Each instance of clearance must be accompanied by a relevant open Service Request (SR or SO) and number. Department employees are responsible for determining what items must be labeled and stored under the City's Bag and Tag program, and what items are not eligible for storage. Any items not eligible for storage are treated as refuse and thrown away.

The Bag and Tag Policy identifies a non-exhaustive list of items such as: unattended personal items – such as medication, tents, luggage, bedding, backpacks, personal papers, and operational wheelchairs as items to be kept and stored. These items are stored for up to ninety (90) days and may be retrieved by the unhoused during that time.

The Bag and Tag Policy requires employees to discard items that present an immediate health or safety risk such as: knives, needles, chemicals, items soiled by infectious materials: human waste, bodily fluids, and moldy or mildewed items. The policy provisions say that belongings co-mingled with any of the items in the previous list must also be discarded.

Given its highly visible nature, the procedure also significantly shapes public perception of how the city addresses homelessness. Bag and Tag has faced scrutiny from homelessness advocacy groups, such as the Coalition on Homelessness, who argue that the execution of the Bag and Tag procedures can be inconsistent, and at times, detrimental to those who rely on the few personal belongings they have.

The Bag and Tag Policy prohibits any employee from taking or keeping for themselves any personal items for their own use or allowing non-City personnel to take unattended property for their own use.

## V. DOCUMENTS REVIEWED AND POLICIES REVIEWED

- Exhibit 1 - Equitable, Fair, and Respectful Workplace Policy
- Exhibit 2 - San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of Personal Item Collected from Public Property
- Exhibit 3 - 7514 – General Laborer Job Description
- Exhibit 4 - Service Order # 240491049
- Exhibit 5 - ▇▇▇ Incident Report
- Exhibit 6 - February 6, 2024, Bag and Tag Tailgate Training
- Exhibit 7 - July 2, 2024, Bag and Tag Tailgate Training
- Exhibit 8 - August 21, 2024, Bag and Tag Tailgate Training
- Exhibit 9 - September 26, 2024, Bag and Tag Tailgate Training
- Exhibit 10 - Martinez Incident Report
- Exhibit 11 - SR 240491049 Case Comments

### Equitable, Fair, and Respectful Workplace Policy

*"All City employees and City officers are expected to abide by the values and standards below and in this Respect Policy generally of interpersonal behavior, communication, and professionalism:*

*Work honestly, earnestly, collegially and collaboratively with employees and others."*

### San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of Personal Items Collected from Public Property (REV 03) in the relevant part states:

*When Public Works receive a service request and/or request from San Francisco Police Department to collect personal items from the street or sidewalk, Public Works staff must follow the "bag and tag" procedures to collect and store the items.*

*"Public Works staff adheres to this policy when removing personal items from public property for temporary storage and retrieval. These procedures are commonly known as "bag and tag." These rules apply to Public Works staff when they are working on City property, as well as when working with another agency or on property under the jurisdiction of another agency (i.e., Caltrans). This policy applies to both attended and unattended property, but it does not apply to the removal of abandoned property from the public right of way.*

*Upon inspection by street cleaning staff, unattended personal items - such as medication, tents, luggage, bedding, backpacks, personal papers, and operational wheelchairs - will be collected and stored for up to 90 days for retrieval. Only items listed below under "Items That Will Be Discarded" will be discarded immediately. All other items will be removed and stored. Staff will place a Post- Removal Notice in the*

CCSF-COH_437233
CCSF-COH_437220

*area from which the items were removed stating how, where and when the items may be retrieved. (See Section IV below regarding Notices).*

*Temporarily unattended property is different from abandoned property, which may be immediately discarded. In determining if property is abandoned, staff should evaluate the facts and circumstances surrounding the items. Unattended property is not abandoned if it is accompanied by signs of ownership - for example, an unattended tent that is filled with personal belongings, or items that are being stored in an orderly manner (i.e., packed up, wrapped, or covered). In addition, if there is a third-party present who states s/he has been designated to watch or secure the items during the owner's temporary absence, the items are not considered abandoned.*

*By contrast, abandoned items are unaccompanied by objective indications of ownership, for example, an empty or broken tent sitting by itself on a sidewalk with no other belongings, a bag of clothes open and strewn across a sidewalk, or items that are broken, disheveled, surrounded by trash or show other signs of neglect. This policy does not apply to abandoned property.*

*<u>Under no circumstances may staff take or keep for themselves unattended personal items for their own use or allow non-City personnel to take unattended property for their own use</u>…*

*…Note: <u>Staff may discard any attended items the owner affirmatively states that he or she does not want[1].</u> "*

## VI.   TIMELINE OF INTERVIEWS INTERVIEWED

The following SFPW employees were interviewed regarding this investigation:

- October 16, 2024, ▮▮▮▮ ▮▮▮ Jr., 7514 General Laborer
- October 23, 2024, Joel Martinez, 7514 General Laborer

## VII.   Witness Interviews

### ▮▮▮▮▮▮ Jr. (Respondent)

I interviewed ▮▮▮ on Wednesday, October 16, 2024. Present for the interview were me, ▮▮▮ Juan Rivera, Shop Steward for Laborers, Local 261, and Edgar Garcia, 7281 Street Environs Operations Supervisor, with BSES.

During the interview, ▮▮▮ relayed that on August 6, 2024, he arrived late to the encampment cleanup. By the time he arrived, all the individual's items had been sorted between what was to be kept as bag and tag and what was to be thrown away. ▮▮▮ lead, Joel Martinez (Martinez) instructed ▮▮▮ to discard all the refuse. ▮▮▮ saw the tin of baseball cards, opened it, and

---

[1] Emphasis added to most relevant part of the policy.

CCSF-COH_437234
CCSF-COH_437220

then decided to keep it. ████ believed that since it was to be thrown away, there would be no harm in keeping them.

████ claimed that he did as he was instructed and had no part in deciding what was to be bagged and tagged and what was to be thrown away. ████ said he did not try to mark the baseball card tin and cards as refuse in an attempt to keep them for himself.

### **Joel Martinez (Witness)**

I interviewed Martinez on Wednesday, October 23, 2024. Present for the interview were me, Martinez, Juan Rivera, Shop Steward for Laborers, Local 261, and Edgar Garcia, 7281 Street Environs Operations Supervisor, with BSES.

Martinez recalled the events of August 6, 2024, and explained that the related Service Request (SR) was for an individual who was being cited by San Francisco Police (SFPD or PD). SFPD called in the SR as a bag and tag because the individual, Carlos, was receiving a citation and his tent was going to be bagged and tagged. Martinez spoke to Carlos in Spanish to confirm that Carlos was to have his tent bagged but was free to take the remainder of his belongings. According to Martinez, Carlos took what he wanted and told Martinez to throw the rest away. The tin of baseball cards was among the items that Carlos did not take and requested to be discarded.

Martinez further described the condition of the tent, which had many bottles of what appeared to be urine in them, as well as drug paraphernalia. Martinez made the call to still bag and tag the tent because of the presence of the media. Martinez believed that according to the Bag and Tag Policy, he had justification to discard the tent due to both the presence of bodily fluid and drug paraphernalia.

Martinez claimed to have documented his conversation with Carlos regarding the items to be discarded and requested the Department review the notes and pictures that accompanied to completed CMMS SR.

### **VIII.   Evidentiary Standard**

This investigation will apply a preponderance of the evidence standard to reach the findings of fact. For purposes of the report, a preponderance of the evidence means the greater weight of the evidence, i.e., that the evidence on one side outweighs, preponderates over or is more than, the evidence on the other side. When the investigator reaches a factual finding that could constitute a violation of City policy, the investigator will review the factual finding against the relevant City policy. Based on that review, the investigator will reach a finding as to whether, based on the preponderance of the evidence, a policy violation is more likely than not occurred.

### **IX.   Analysis and Discussion**

CCSF-COH_437235
CCSF-COH_437220

### A. ████ **Violated the City's Bag and Tag Policy When Removing an Item That Was to be Discarded.**

The San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of the Personal Items Collected From Public Property provides a simple directive relevant to this case:

"Under no circumstances may staff take or keep for themselves unattended personal items for their own use or allow non-City personnel to take unattended property for their own use."

There is no question that ████ removed the tin of baseball cards from the pile of items that were to be discarded. The journalist who contacted the Department provided photographic evidence of ████ having the tin in his assigned City vehicle. ████ himself returned the tin of baseball cards to the Department upon hearing of the journalist's complaint. During ████ Weingarten interview, ████ confirmed that he had taken the cards but offered the defense that they were to be thrown away anyway so he may as well keep them.

While this made sense to ████ it was directly a violation of the Bag and Tag Policy. This provision of the policy is clear, and its purpose is to prevent situations like these. To have an employee keep for themselves one of the few possessions the unhoused may have opens the door to liability and potential lawsuit for the Department. The clarity of the policy is to prevent any abuse of this type.

Department records indicate that since ████ hire date on January 20, 2024, he was trained on the Bag and Tag procedure on February 6, 2024, and July 2, 2024. After taking the tin of baseball cards, ████ again received Bag and Tag training on August 21, 2024, and September 26, 2024.

### X.    **Factual and Policy Findings/Conclusion**

Based on the investigation, this investigator finds:

- DPW staff violated the Department's Bag and Tag Procedure when performing bag and tag on August 6, 2024 – **Unsubstantiated**.
- ████ violated Procedure 16.05.08 Removal and Temporary Storage of Personal Items Collected From Public Property – **Substantiated**.

Martinez, acting as the Lead Worker on August 6, 2024, performed his duties in line with expectations and the Bag and Tag Policy. How municipalities clear and clean up homeless encampments has become a national topic and friction. Member of the media and advocates of the unhoused have become regular fixtures of the scenes where DPW employees are tasked with clearing encampments. In this case, the investigation found that only ████ violated the City's Bag and Tag Policy. All other City workers involved in this clean up performed their duties in accordance with the Bag and Tag Policy.

Attachment(s)

EXHIBIT 1: Equitable, Fair, and Respectful Workplace Policy

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Investigatory Report

Page **7** of **7**

Exhibit 2: San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of
Personal Item Collected from Public Property
Exhibit 3: 7514 – General Laborer Job Description
Exhibit 4: Service Order # 240491049
Exhibit 5:     Incident Report
Exhibit 6: February 6, 2024, Bag and Tag Tailgate Training
Exhibit 7: July 2, 2024, Bag and Tag Tailgate Training
Exhibit 8: August 21, 2024, Bag and Tag Tailgate Training
Exhibit 9: September 26, 2024, Bag and Tag Tailgate Training
Exhibit 10: Martinez Incident Report
Exhibit 11: SR 240491049 Case Comments

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY