**REDACTED**

# EXHIBIT 74

# TO

# DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**DOCUMENT SEALED PURSUANT TO ECF NO. 509**

| | |
|---|---|
| **From:** | Mills, Steven (CAT) |
| **To:** | "John Do" |
| **Cc:** | Vivake Prasad; Bill Freeman; Andrew Ntim; Nisha Kashyap; Scout Katovich; Zoe Salzman; Bianca Herlitz-Ferguson; Wang, Edmund (CAT); George, John (CAT); Gradilla, Miguel (CAT); Vasudha Talla; Murphy, Kaitlyn (CAT); Larissa Grijalva |
| **Subject:** | RE: CoH v CCSF - Melodie and service of subpoena |
| **Date:** | Monday, March 3, 2025 7:59:06 AM |
| **Attachments:** | image012.png<br>image018.png<br>image020.png |

Thanks, John. I am in the office and can meet you on the 7th Floor at 9:00 to use the breakout room for a meet and confer.

**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

**From:** John Do <JDo@aclunc.org>
**Sent:** Sunday, March 2, 2025 8:13 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Larissa Grijalva <LGrijalva@aclunc.org>
**Subject:** Re: CoH v CCSF - Melodie and service of subpoena

Hi Steven,

I disagree with the characterizations below but I am confirming my availability at 9am Monday. I am available to meet at your Fox Plaza location if you'd like to meet and confer in person. I will otherwise call you at that time.

Regards,
John

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Saturday, March 1, 2025 5:57 PM
**To:** John Do <JDo@aclunc.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John

(CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Larissa Grijalva <LGrijalva@aclunc.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoena

Hi John,

Since your email admits that Melodie will not comply with the valid subpoena, we will cancel the deposition on that basis and seek intervention from the Court. I will be available Monday at 9:00 am to meet and confer since I reserved my time for her deposition. Given the non-compliance, the apparent likelihood that an impasse is imminent, and the rapid close of fact discovery, I propose streamlining a joint discovery letter on Monday for the Court's potential consideration on Tuesday.

Documents produced by the Coalition show that her existence has been known for years and that the last minute disclosure two and a half years into the litigation is unreasonable. The fact that you verbally consulted a physician Friday afternoon after you agreed to the deposition date and failed to confer earlier in the week highlights the delay. None of her physicians have been disclosed as fact witnesses either. This is prejudicial because additional discovery will now be needed into Melodie's ability to recall anything on her own and we are left with no information to do so given the delay.

Thanks,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Saturday, March 1, 2025 4:00 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Larissa Grijalva <LGrijalva@aclunc.org>
**Subject:** Re: CoH v CCSF - Melodie and service of subpoena

Hi Steven,

███████████████████████████████ I wrote to you immediately afterwards. Any suggestion that there was a delay is unfounded. Given your desire for additional written support, we anticipate being able to provide that early next week.

We offered March 3 as you requested but with our proposal that the deposition be conducted by written questions. We have subsequently engaged in meet and confers and offered competing proposals. We'd like to continue to meet and confer telephonically. If we are at an impasse, we can then prepare for court intervention.

Melodie will not appear for a traditional deposition on Monday but remains available both before and after March 10 with appropriate accommodations, including on some dates you proposed last week.

I can meet and confer at 9am or 4pm on Monday and much of Tuesday.

Regards,
John

---

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Friday, February 28, 2025 6:26 PM
**To:** John Do <jdo@aclunc.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Larissa Grijalva <LGrijalva@aclunc.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoena

Thanks for your email, John. Our plan is to appear at Monday's deposition because the subpoena is valid, the Court reporter has already been arranged, and a motion to quash or for a protective has not been timely filed. I'm happy to have a conversation on the record about these issues and will be prepared to proceed with the deposition if that is what the witness prefers. If you seek to suspend it at the time that it has been set, we can discuss next steps then since the Court did order an appearance on Tuesday for other discovery matters.

I'd also like to note that I was in your office today and interacted with you. My door was also open in the break room as I sat for 45 minutes during the break. I also spoke with Larissa following the deposition about seeing each other on Monday in connection with this very deposition when I left for the weekend. So this request after the close of business on Friday reflects a pattern of delayed response.

The record shows that we attempted to identify Melodie's name on January 7, 2025 and to secure contact information after she was disclosed for the first time nearly 2.5 years into litigation. Again, there was no follow up and we had to circle back on January 14, 2025 because there was no way for us to serve an individual that had been deficiently identified even though Coalition had her email all along. With no response, I tried a third time on January 24. Rather than acknowledge the existing email chain, you sent a response to a different email on January 29, indicating that you would only provide her name pursuant to a protective order even though a protective order has existed in this case. When you finally provided her name on January 30, you designated it AEO, preventing the City from being able to engage in discovery. A confidentiality challenge was raised that day to avoid prejudice to the City. We similarly tried to set Melodie's deposition on February 7 because discovery is coming to a rapid close. When we finally did meet and confer as to the designation, I responded with a proposal on February 11. You still have not accepted the terms of that proposal. Even this week, you wanted to meet and confer on Tuesday, represented you would call me Wednesday, and it is now Friday after the close of business.

We are trying to be cooperative but these delays are extremely prejudicial and your proposal still underscores a need for live testimony. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, claimed that she has capacity on the record when an email was put before her, and was speculating about when Melodie was in LA. Live testimony has been extremely important in this case because essential witnesses and plaintiffs have completely disclaimed allegations presented in their declarations. Today's deposition of Couper was yet another example and tethered her credibility to multiple plaintiffs' claims. Your proposal is not a substitute for necessary live testimony.



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** John Do <jdo@aclunc.org>
**Sent:** Friday, February 28, 2025 5:26 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim

<antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoena

Hi Steven,

We've considered your proposal below, but it unfortunately will still lead to undue trauma.

Traditional depositions and your proposal would still allow for repeated, successive, intrusive, every-changing questioning that will overwhelm Melodie and unfairly obscure her competent testimony. The need to make quick decisions will do the same. While frequent breaks are to be expected with any witness, your proposal of real time may actually lead to further distraction and distress. Questions by written deposition, on the other hand, will allow Melodie more time and notice to engage in a deposition and decrease the possibility of needing to end a deposition due to the trauma.

Depositions by written questions is further appropriate given the limited nature of her testimony and the alternative avenues of evidence for it. Melodie is being offered to support the Coalition's standing, as one of multiple Coalition members. And multiple Coalition staff and members have confirmed her long standing membership. The City's own deponents have engaged her and are aware of her affiliation with the Coalition. We have provided a declaration and can agree to certain bounds of her testimony. We can even provide another declaration in advance to address the issues you raised. For example, I believe Melodie traveled to Los Angeles to visit her ill mother and can verify as much.

Given this, we'd propose deposition by written questions where we can meet and confer on the number of questions and hours to be counted. The deposition should be limited to her membership and the specific past property destruction referenced in her declaration. Her live responses can be recorded by the court reporter and videographer and we could be amendable to a limited amount of follow up questions.

Please postpone Melodie's deposition to consider our latest proposal and to complete this interactive meet and confer process. If needed, we can reschedule the deposition to after March 10. I am available for a telephonic meet and confer on Tuesday.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 Drumm St., San Francisco, CA 94111
415-293-6333 | jdo@aclunc.org | he/him

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Wednesday, February 26, 2025 6:26 PM
**To:** John Do <jdo@aclunc.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoena

Hi John,

Thanks for following up. I was under the impression that we were going to speak this morning by phone and I did not hear from you. I appreciate your clarification about Melodie's capacity. Have you also been able to confirm if she has a guardian following Ms. Friedenbach's deposition?

We are sympathetic to Melodie's claimed limitations and remain amenable towards working towards a timely solution. However, your proposal is not workable and does not allow for the City to conduct a full examination. "Parties have a justified desire to take the oral deposition of a key witness rather than rely on a written deposition." *Ali v. Ebay, Inc.*, No. 17-cv-06589-BLF, 2018 WL 3368389 (N.D. Cal. July 10, 2018); *Sec. & Exch. Comm'n v. Wu*, 2016 WL 4943000, at *4 (N.D. Cal. Sept. 16, 2016) ("A written deposition is no substitute for an oral deposition."). Someone is still going to be asking Melodie questions, and as your email notes, the questioning in a deposition is dynamic. Melodie's vague declaration says that she "has been swept by the City several times. I have lost property during these sweeps" with zero details about those circumstances. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no way for us to prepare questions given the broad claims she is putting at issue.

In order to provide the City the full examination that it is entitled to while accounting for any claimed limitations, we propose the following: (1) the deposition will count for no more than four hours of time on the record, however, the City will be allowed up to seven hours so Melodie can take as many breaks as necessary; (2) Melodie will be allowed to take notes during the deposition and will provide them following the deposition; and (3) the City will not object to Plaintiffs' counsel providing Melodie with real time during the deposition so long as she does not have access to chat features or messaging during the deposition.

The Coalition has put Melodie's claims at issue by designating her as a member to support its standing in this case. That means the City is entitled to question her about her history with homelessness in San Francisco, including the times that she was purportedly living in LA. If the Coalition is willing to drop Melodie as a member to justify its standing, we are willing to consider reasonable limits to the scope of questioning. As counsel for Melodie, you know best what she intends to testify too since none of her allegations have been disclosed prior to this recent

declaration despite discovery responses being provided in 2023 and 2024.

Thanks,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** John Do <jdo@aclunc.org>
**Sent:** Wednesday, February 26, 2025 4:43 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoena

Steven,

Good to see you yesterday. To follow up on our brief discussion yesterday, Melodie has the capacity to be a witness. Neither a disability nor a reasonable accommodation request changes that. ███████████████████████████████████████████████, repeated, successive, changing questions, including on sensitive topics, can lead to distress and overstimulation. This accommodation is integral in her being able to fully participate in the deposition process. And it is appropriate given that Melodie is a non-party witness in this case who has already provided a declaration.

To be clear, despite the name, a deposition by written question is live testimony which allows you to test Melodie's contentions. This is not akin to responding to interrogatories. Rather, you would provide the questions in advance and we would make objections. You can then elect to change your questions or retain them as is. The court reporter will read your questions and show any exhibits in person to the witness. The court reporter would then record the witness' responses.

Please let us know if you would consider our request. Thank you.

Regards,

John



**JOHN THOMAS H. DO**
SENIOR ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 Drumm St., San Francisco, CA 94111
415-293-6333 | jdo@aclunc.org | he/him

---

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Monday, February 24, 2025 10:41 PM
**To:** John Do <jdo@aclunc.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoena

Thanks, John. We will proceed with noticing Melodie's deposition for March 3 at the ACLU's office unless an alternative location is preferred. You informed me that the basis for the request would be outlined in writing last week and still have not provided one. We have no medical information about Melodie's claimed disabilities. Breaks can be taken to accommodate her in person. To the extent she would like to take notes, that is acceptable as well. We just ask that they be produced following the deposition. Without anything more on her impairments, we have no basis to assess a request for additional accommodations to overcome the presumption that oral deposition is appropriate.

We also note that live testimony is appropriate to determine the veracity of these claims as well so we can understand her ability to recall any events. If you believe she has no capacity at all to sit for a deposition or to be represented in this case, then we would expect that she would not have been identified as a witness. Your email does not address that concern so we construe the response as an admission that she does have capacity to do so.

I will be at your office for the Coalition 30(b)(6) and am happy to discuss during one of the breaks if you will physically be in the office. We can also plan for a time if you think further discussion is warranted.

Thanks,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** John Do <jdo@aclunc.org>
**Sent:** Monday, February 24, 2025 7:46 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoena

Steven,

Melodie is available for a deposition on March 3. As I raised last week, we request that the City conduct the deposition by written questions to accommodate her disability. I am available most of tomorrow to meet and confer if desired.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 Drumm St., San Francisco, CA 94111
415-293-6333 | jdo@aclunc.org | he/him

---

**From:** John Do <jdo@aclunc.org>
**Sent:** Thursday, February 20, 2025 9:46 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>;

Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas - NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION [SPO 6.2]

Hi Steven,

As I said on the phone today, the City's 30(b)(6) deposition designations are helpful for scheduling this deposition. We just received those today. I will follow up shortly on availability. Thank you.



**JOHN THOMAS H. DO**
SENIOR ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 Drumm St., San Francisco, CA 94111
415-293-6333 | jdo@aclunc.org | he/him

---

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Thursday, February 20, 2025 9:43 PM
**To:** John Do <jdo@aclunc.org>; Vasudha Talla <vtalla@ecbawm.com>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas - NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION [SPO 6.2]

Hi John,

We will proceed with noticing Melodie's deposition for March 3 since March 5 didn't appear to be available. Will this be done at the ACLU or LCCR?

Thanks,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu

(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** Mills, Steven (CAT)
**Sent:** Tuesday, February 18, 2025 8:22 AM
**To:** 'John Do' <jdo@aclunc.org>; 'Vasudha Talla' <vtalla@ecbawm.com>
**Cc:** 'Vivake Prasad' <vprasad@ecbawm.com>; 'Bill Freeman' <wfreeman@aclunc.org>; 'Andrew Ntim' <antim@lccrsf.org>; 'Nisha Kashyap' <nkashyap@lccrsf.org>; 'Scout Katovich' <skatovich@aclu.org>; 'Zoe Salzman' <zsalzman@ecbawm.com>; 'Bianca Herlitz-Ferguson' <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas - NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION [SPO 6.2]

Hi John,

Do you have an update on Melodie's capacity to sit for a deposition and her availability? We'd like to finalize her availability this week.

Thanks,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** Mills, Steven (CAT)
**Sent:** Tuesday, February 11, 2025 1:48 PM
**To:** 'John Do' <jdo@aclunc.org>; 'Vasudha Talla' <vtalla@ecbawm.com>
**Cc:** 'Vivake Prasad' <vprasad@ecbawm.com>; 'Bill Freeman' <wfreeman@aclunc.org>; 'Andrew Ntim' <antim@lccrsf.org>; 'Nisha Kashyap' <nkashyap@lccrsf.org>; 'Scout Katovich' <skatovich@aclu.org>; 'Zoe Salzman' <zsalzman@ecbawm.com>; 'Bianca Herlitz-Ferguson' <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas - NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION [SPO 6.2]

Hi John,

Thanks for meeting with me yesterday to discuss Melodie. I'm following up on the proposal as I understand it:

- The AEO designation will be changed to confidential so the City can do all necessary discovery.
- While the designation is going from AEO to confidential, we limit disclosure of the last name to a need to know basis, including by not sharing it with plaintiffs or other non-party witnesses to the extent it can be avoided. That does not preclude the City from conducting an investigation into information related to Melodie.
- For purposes of deposition and court proceedings, the parties would refrain from using Melodie's last name to the extent possible in front of her. This is based on your representation that she has trauma associated with her last name and has generally disclaimed its use.

To the extent this fairly reflects the proposal, the City is amenable to accepting the conditions. We'd just reserve our right to renew the challenge if the proposal does not appear to be workable in practice or the need for further public disclosure becomes necessary.

██████████████████████████████████████████████████████████
████████████████████████████████████████████. I understood that you were going to look into that so we can set her deposition without delay.

Kind regards,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** Mills, Steven (CAT)
**Sent:** Friday, February 7, 2025 8:26 AM
**To:** 'John Do' <jdo@aclunc.org>; Vasudha Talla <vtalla@ecbawm.com>

**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas - NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION [SPO 6.2]

Thanks, John. I can do Monday at 10:30. You can call me at my direct line (415) 355-3304.

On a related note, is Melodie available for depo on March 3, 5, or 7? And will her depo be at the ACLU?



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** John Do <jdo@aclunc.org>
**Sent:** Thursday, February 6, 2025 12:54 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas - NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION [SPO 6.2]

Steven,

I am available on Monday at 11 or Tuesday at 10:30 to discuss this. Please let me know which time works for you.

Regards,
John

**JOHN THOMAS H. DO**
SENIOR ATTORNEY



**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 Drumm St., San Francisco, CA 94111
415-293-6333 | jdo@aclunc.org | he/him

---

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Thursday, January 30, 2025 3:40 PM
**To:** John Do <jdo@aclunc.org>; Vasudha Talla <vtalla@ecbawm.com>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas - NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION [SPO 6.2]

NOTICE OF CHALLENGE TO CONFIDENTIAL DESIGNATION

Counsel,

Pursuant to Paragraph 6.2 of the Parties' Stipulated Protective Order, Defendants are providing written notice that they are challenging the Highly Confidential - AEO confidentiality designation of Melodie's full name. It does not appear that the information justifies an AEO designation or a confidentiality designation.

As a threshold issue, Coalition designated Melodie as a member witness in written discovery and did not provide any privacy objections when her full name was disclosed. Nor did Coalition bring this case on behalf of Roe or Doe members in the complaint. Melodie also appears to be a public figure. Her name Melodie and a photo is posted on the Street Sheet maintained by the Coalition on Homelessness here: https://www.streetsheet.org/evicted-by-sfmta-when-living-in-your-car-is-illegal/. She has also disclosed extensive information about her identity publicly, including that she has experienced a traumatic brain injury, her age, and where she went to school. https://baynewsrising.org/2015/07/28/when-no-place-to-park-means-no-place-to-live/. It also appears that Melodie has public cases in San Francisco. (See SFSC CUD07621262.)

The only basis that has been offered to justify the designation is a stated preference. However, a "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is only appropriate where disclosure "would create a substantial risk of serious harm that could not be avoided by less restrictive means." The stated preference does not satisfy this standard.

The designation also is unworkable and prejudicial. It precludes Defendants from conducting any discovery with third parties concerning Melodie's claims. It also precludes Defendants from knowing the true identity of Melodie to identify information that will refute her claims. We note no claims have been disclosed in written discovery either.

Unless Plaintiffs have a different position, we will take the non-response to the balance of the Defendants' email below as a concession that Plaintiffs withheld responsive contact information that should have been provided in disclosures weeks ago (if not when this case was first commenced to support Coalition's claim to associational standing).

Defendants are available to meet and confer, as required by the Protective Order, on 2/3, 2/5, 2/10, or 2/11 before noon. Please let us know if any of those work for a call to discuss Plaintiffs' positions with respect to this designation.

Thanks,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** John Do <jdo@aclunc.org>
**Sent:** Thursday, January 30, 2025 12:16 PM
**To:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; George, John (CAT) <John.George@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas

Steven,

Case 4:22-cv-05502-DMR    Document 521-33    Filed 10/20/25    Page 17 of 19

In a separate email, we have provided Melodie's name. We have given it as soon as we could. Please know Melodie prefers and chooses to be called Melodie.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 Drumm St., San Francisco, CA 94111
415-293-6333 | jdo@aclunc.org | he/him

---

**From:** Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>
**Sent:** Wednesday, January 29, 2025 7:32 PM
**To:** John Do <jdo@aclunc.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; George, John (CAT) <John.George@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>
**Subject:** RE: CoH v CCSF - Melodie and service of subpoenas

Hi John,

The protective order is already in place. If you believed that the information was confidential, you could have designated the full name when the first and second disclosures in this case were made, or informed us of this issue when we first submitted our inquiry on January 7. Please provide it without delay or provide times to meet and confer this week so we can promptly present this issue to the Court if needed. We reserve the right to make any challenge under the protective court order for the name to be public since the basis for withholding it has not been established. No Doe or Roe members were identified in the complaint as members of the Coalition and Melodie has never been disclosed in preexisting written discovery. Coalition also never objected in the course of written discovery that names were confidential so that has been waived as to all members it claims to represent.

Can you also confirm that Melodie is the same individual identified in COH01298801? ██████████████████████████████████████ The email address should have also been disclosed consistent with Plaintiffs' obligations under Rule 26 if the individuals are the same. We will also need to conduct discovery into her capacity given the stated concerns with memory in the email. That alone underscores why withholding the full name is inappropriate since any name has to be identified on a subpoena for records.

With no information about this person, we also do not understand your request for additional notice. Please provide additional context for consideration and why further notice is necessary two and a half years after this lawsuit commenced and after an ADA claim has been dismissed. We believe this should not delay prompt disclosure of Melodie's full name consistent with plaintiffs' pre-existing discovery obligations.

Thanks,

Steven



**Steven Mills**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 355-3304 Direct
www.sfcityattorney.org

---

**From:** John Do <jdo@aclunc.org>
**Sent:** Wednesday, January 29, 2025 5:04 PM
**To:** Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Vasudha Talla <vtalla@ecbawm.com>; Mills, Steven (CAT) <Steven.Mills@sfcityatty.org>; George, John (CAT) <John.George@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** Vivake Prasad <vprasad@ecbawm.com>; Bill Freeman <wfreeman@aclunc.org>; Andrew Ntim <antim@lccrsf.org>; Nisha Kashyap <nkashyap@lccrsf.org>; Scout Katovich <skatovich@aclu.org>; Zoe Salzman <zsalzman@ecbawm.com>; Bianca Herlitz-Ferguson <bherlitz-ferguson@ecbawm.com>
**Subject:** CoH v CCSF - Melodie and service of subpoenas

Hi Kaitlyn and Steven,

We can accept service for Melodie. We can share her full name under the protective order under separate cover.

Please be aware that Melodie is known to defendants. Her vehicle, around the corner of Toland and McKinnon, was recently broken into and subject to an encampment resolution on 1/22. She and other Coalition members have requested reasonable accommodations for her in light of her current circumstances, including her disability.

At minimum, she has requested additional time so that her belongings and vehicle are not taken. David Nakanishi is aware.

We do not know of a future sweep for the area, but ask that you confirm if one is forthcoming.  Thank you.

Regards,

John



**JOHN THOMAS H. DO**
SENIOR ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 Drumm St., San Francisco, CA 94111
415-293-6333 | jdo@aclunc.org | he/him