**REDACTED**

# EXHIBIT 88

## TO

## DECLARATION OF STEVEN MILLS IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**DOCUMENT SEALED PURSUANT TO ECF NO. 509**



**Carla Short, Director** | Director's Office
carla.short@sfdpw.org | T. 628.271.3078 | 49 South Van Ness Ave. Suite 1600, San Francisco, CA 94103

<u>**Via Certified Mail**</u> **(7020-2450-0001-2152-6067) and E-mail Delivery:** ▉

December 12, 2024



**Bureau of Street Environmental Services ("BSES")**
**Class: 7514 General Laborer**
**Laborers, Local 261**

### NOTICE OF RELEASE FROM TEMPORARY PROVISIONAL APPOINTMENT

Dear ▉

You are hereby released from your Temporary Provisional ("TPV") appointment as a classification 7514 General Laborer with Public Works ("SFPW" or "Department"), Bureau of Street Environmental Services ("BSES").

As stated on the Notice to Provisional Appointee, as a provisional employee, you acquired no guaranteed right or preference to permanent Civil Service employment. (Attachment: 1) Further, provisional employees serve at the pleasure of the Appointing Officer. Therefore, regardless of the anticipated or last date of employment, your employment may be terminated at any time by the Appointing Officer with or without cause.

Through a thorough investigation it was determined that you violated the City and Department's Bag and Tag Policy when on August 6, 2024, you removed and kept a tin of baseball cards which belonged to a member of the public and was slated to be thrown away. The Bag and Tag Policy provides clear language that:

*"Under no circumstances may staff take or keep for themselves unattended personal items for their own use or allow non-City personnel to take unattended property for their own use…"*

In addition to your dismissal, the Department will be implementing Future Employment Restrictions on you. The restriction is a one (1) year Departmentwide restriction requiring proof of one-year satisfactory experience outside of Public Works. You may appeal the Department's intention but must do so with the Civil Service Commission. Details on how to file an appeal are provided in the attached Notice of Future Employment Restrictions. Please note, you will not be appealing your dismissal, as that is a final action and is at the discretion of the Appointing

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

CCSF-COH_437220

Officer. You would only be appealing the restriction.

Therefore, this letter serves to inform you that you are released from your appointment as of the close of business December 12, 2024.

All City property issued to you must be immediately returned to your supervisor.

If you have health benefits questions, please call Health Services at (628) 652-4700 or visit their website at https://sfhss.org. If you have San Francisco Employees' Retirement System (SFERS) or Deferred Compensation questions, please call SFERS Member Services at (415) 487-7000 or visit their website at https://mysfers.org.

The City's Employee Assistance Program (EAP) is available to former employees, up to 30 days past the former employee's separation date. Attached is the EAP brochure. (Attachment 4).

Additionally, any accrued vacation pay will be paid out to you within 30 days of your separation date.

Respectfully,

DocuSigned by:
*[signature]*
073CF73A4EA6486
Carla Short
Director, San Francisco Public Works


Attachments: (1) Notice to Provisional Appointee – two (2) pages; (2) Separation Report – two (2) pages; (3) Notice of Future Employment Restrictions – three (5) pages; (4) EAP Brochure – two (2) pages.


cc:  Karen Hill, Human Resources Director, SFPW *
     Christine Cayabyab, Employee & Labor Relations Manager, SFPW*
     DiJaida Durden, Deputy Director, Operations Division, SFPW*
     Jonathan Vaing, Acting Superintendent, BSES, SFPW*
     Mark Roumbanis, Assistant Superintendent, BSES, SFPW*
     Personnel File

     *electronic copy only*

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

CCSF-COH_437221

City and County of San Francisco  Department of Human Resources

# Notice to Provisional Appointee

**Name of Appointee:** [redacted]

**Street Address:** [redacted]

**Job Code (Class) and Title:** 7514 General Laborer

**Date Issued:** January 5, 2024

**City:** Oakland   **State:** CA   **Zip:** 94621

**Department:** San Francisco Public Works

**Appointment Type** (Check One)
- ● Temporary Provisional (TPV)
- ○ Limited Tenure (LT)
- ○ Non-Civil Service (NCS)

**Work Schedule** (Check One)
- ● Full-Time Regularly Scheduled
- ○ Part-Time Regularly Scheduled
- ○ School-Term, Full-Time Regularly Scheduled
- ○ School-Term, Part-Time Regularly Scheduled

**Anticipated Last Day of Employment:** Janaury 19 2027
Month / Day / Year

## Important Information

As a provisional appointee you acquire no guaranteed right or preference for permanent Civil Service employment. Your provisional appointment is also time limited and may end by operation of the applicable Civil Service Rule. An appointment may, however, be extended by the Human Resources Director for additional time periods as allowed by Civil Service Rules.

Aside and apart from the time limitation above, in the absence of collective bargaining language to the contrary, your employment may be terminated at any time by the Appointing Officer. Further, you may be displaced by an eligible from a Civil Service list at any time. Your appointment may, therefore, be terminated prior to the anticipated last day of employment noted above.

Please sign this form below acknowledging that you have received a copy of this notice.

**Signature of Appointee:** [redacted]

**Date:** 1/6/2024 | 9:24:49 AM PST

cc: Employee's Personnel Folder

DHR 6-19 (Revised 6/8/00)                **See Reverse Side**

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                CCSF-COH_437222

# INSTRUCTIONS

## Notice to Provisional Appointee (Including Limited Tenure And Non-Civil Service Appointments)

1. The Notice to Provisional Appointee must be completed whenever a provisional, limited tenure, and non-civil service employee is appointed, has the appointment extended, or has a change in work schedules.

2. The original copy of the Notice to Provisional Appointee must be given to the employee and a copy placed in the employee's personnel folder in the department.

## CIVIL SERVICE COMMISSION RULES

Refer to applicable Civil Service Commission Rules for provisions regarding provisional, limited tenure, and non-civil service appointments.

<u>Civil Service Commission Rules, Volume I</u>
    Provisional Appointee:    CSC Rules 14.5 and 14.9
    Limited Tenure Appointee:    CSR Rules 14.7 and 14.9
    Non-Civil Service Appointee:    CSC Rules 14.6 and 14.9

<u>Civil Service Commission Rules, Volume II</u>
  Police Department Uniformed Personnel
    Provisional Appointee:    CSC Rules 214.5 and 214.8

<u>Civil Service Commission Rules, Volume III</u>
  Uniformed Ranks of the S.F. Fire Department
    Provisional Appointee:    CSC Rules 314.5 and 314.9
    Limited Tenure Appointee:    CSC Rules 314.7 and 314.9
    Non-Civil Service Appointee:    CSC Rules 314.6 and 314.9

<u>Civil Service Commission Rules</u>
  Municipal Transportation Agency Service – Critical
    Provisional Appointee:    CSC Rules 414.5 and 414.9
    Limited Tenure Appointee:    CSC Rules 414.7 and 414.9
    Non-Civil Service Appointee:    CSC Rules 414.6 and 414.9

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY    CCSF-COH_437223

**City and County of San Francisco**
Carol Isen
Human Resources Director



**Department of Human Resources**
Connecting People with Purpose
www.sfdhr.org

## SEPARATION REPORT

INSTRUCTIONS: Please complete the Separation Report to:

1. Document internal departmental processes. Please do not send to DHR.
2. Document that the employee separation is not a complete separation from City service, Separation Report must be completed by the sending department and submitted to the receiving department to be attached to the AP ESR.
3. To process a layoff. Please send to the DHR layoff coordinator.
4. To administer a settlement agreement involving the separation of the employee-submit documentation to your Client Services Representative. (Reference TER_RZA)*

Date of Request: 12/12/2024

Department Contact: Jesse Franklin       Email: jesse.franklin@sfdpw.org       Phone: (415) 818-2154

### SECTION I: PERSONAL AND JOB INFORMATION

Name (Last, First, M.I.): [redacted]                            Employee I.D [redacted]

Job Code: 7514       Job Title: General Laborer

Position Number: [redacted]       Hourly Rate: $43.0500   Step: 5   Effective Date: 12/13/2024

Empl. Class: TPV                 Work Schedule: Full-Time

Is the employee serving a probationary period at the time of the separation?   ☐ Yes   ☑ No

Is this a complete separation from City and County Service?   ☑ Yes   ☐ No

If no, continuing in:
Department Code: (Select One)   Status: ____   Job Code: ____   Effective Date: ____

Is employee granted leave pursuant to Civil Service Rule 120.31?   ☐ Yes   ☑ No

If no, is employee a transfer?   ☑ No   ☐ Yes, type of Transfer: (Select One)

### SECTION II: SEPARATION INFORMATION

☐ Resignation
  ☐ Satisfactory Services (TER_RSS)       ☐ Unsatisfactory Services (TER_RUS)
                                              (Form DHR 1-13 must be on file)

By the appointee: I hereby freely and voluntarily resign from the above position. I request approval of this resignation as of the effective date with the full understanding that once approved, I may acquire another position in this class only as provided in the rules of the Civil Service Commission (see employee copy and CSC Rules 114&119).

_____
Employee Signature                                                Date

☐ Lay-off
  ☐ Involuntary Leave (PCS_LIL)        ☐ Elective Involuntary Leave (PCS_EIL)
  ☐ Involuntary Lay-off (PCS_LIO)      ☐ Voluntary Lay-off (PCS_LVO)
  ☐ (PV & EX Only): (Select One)

Reason for lay-off: (Select One)

Employee acknowledges receipt of the DHR information leaflet.

_____
Employee Signature                                                Date

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                    CCSF-COH_437224

# SEPARATION REPORT

## DEPARTMENT USE ONLY

☑ Termination

 ☐ Settlement Agreement (TER_RZA)
 *(Separation Report and Settlement Agreement must be forwarded to Client Services Rep.)

 ☐ Release from appointment: (Select One)

 ☐ Release from probation: (Select One)

 ☐ Dismissal: (Select One)

 ☑ Terminated for cause (TFC) (TPV, NCS, & Exempts only)

 ☐ Automatic Resignation (ARS)

 ☐ Never Reported to Work (DSH)

 ☐ Death of an employee (DEA)

 ☐ Other (Specify): _____

☐ Retirement: (Select One)

## DEPARTMENT CERTIFICATION

*The Appointing Officer/Authorized Designee named below hereby certifies that the information provided on this Separation Report is accurate, complete, and in compliance with applicable CCSF rules and policies.*

[DocuSigned signature]
073CF73A4EA6486...

Appointing Officer/Authorized Designee Signature    628.271.3078
   Telephone

Name/Title: Carla Short/Director

Department Number: 90   Department Name: Public Works

Personnel File Forwarded?   ☐ Yes   ☑ No

Forwarded to:
 Department: _____   Contact: _____

---

## DHR USE ONLY

Action Pending?   ☐ Yes   ☐ No

Analyst Name      Telephone

☐ SR Ref Number: _____   Holdover Canvass: _____

Reference Number used for layoff actions: _____

Page 2   Revised September 2022

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY    CCSF-COH_437225

City and County of San Francisco
Carol Isen
Human Resources Director



Department of Human Resources
Connecting People with Purpose
www.sfdhr.org

# NOTICE OF FUTURE EMPLOYMENT RESTRICTIONS

| | |
|---|---|
| [redacted] | 12/12/2024 |
| Employee Name | Mailing Date |
| [redacted] | DPW/BSES |
| Street Address | Department/Division |
| [redacted] | TPV |
| City    State    Zip | Type of Appointment |

This notice is to inform you that a future employment restriction is being imposed along with your separation action, or with the action of automatic resignation, reported to the Department of Human Resources separating you from your position in Class **7514** Title **General Laborer**, effective **12/13/2024**, for the reasons outlined in the attached document(s).

The items checked below are the restrictions made by the department on your future employability for positions covered by the San Francisco civil service system:

- [ ] No Restrictions on Employment
- [ ] Permanent Restriction
- [✔] Conditional Restriction

- [ ] Citywide     [✔] Department(s): **DPW**
- [ ] DOT/SAPP    [ ] Job Code(s): _____
- [ ] Cancel Current Examination & Eligibility Status

Conditional restrictions may be lifted by proving you have satisfactorily met the following requirements:

| | Requirement Type | Description: | Level of Measurement: | Measurement Value: |
|---|---|---|---|---|
| | CER: Certification | | | |
| x | EXP: Work Experience | Satisfactory Work Experience Outside of PW | Years | 1 |
| | LIC: Licensure | | | |
| | SAP: Substance Abuse Program | | | |
| | Other: | | | |

In addition to the noted conditional restrictions, you are also restricted from specific attributes of a job class and/or department until you satisfactorily prove you meet the requirements to lift the restriction(s) as noted below:

| Future Employment Restrictions | Description: | Level of Measurement: | Measurement Value: |
|---|---|---|---|
| 001: Vehicle/Heavy Machinery | | | |
| 002: Vulnerable Populations | | | |
| 003: Face to Face Contact w/Public | | | |
| 004: Contact w/Animals | | | |
| 005: Signing/Approving City Docs | | | |
| 006: Financial Instruments | | | |
| 007: Confidential/Privileged Information | | | |
| 008: IT Infrastructure | | | |
| 009: Means of Entry to Living Spaces | | | |
| 010: Pharmaceutical/Drug Inventory | | | |
| 011: CDC Defined Toxins | | | |
| 012: Weapons/Explosives | | | |
| 013: City Property Valued > $100 | | | |

One South Van Ness Avenue, 4th Floor • San Francisco, CA 94103-5413 • (415) 557-4800

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                               CCSF-COH_437226

| | |
|---|---|
| 014: Electronic Voting Systems | |

You may request a hearing before the Civil Service Commission on your future employability with the City and County of San Francisco. The Civil Service Commission has the authority to remove restrictions or impose additional restrictions on your future employability. You may request a hearing for review of any restrictions on your future employability with the Civil Service Commission within __20__ calendar days of the mailing date of this notice or from the date of separation, whichever is later. The request must be submitted in writing to the Executive Officer, Civil Service Commission, 25 Van Ness Avenue, Suite 720, San Francisco, CA 94102 by __1/2/2025__. Requests received after this date will not be considered and your right to a hearing will be forfeited. If you do not request a hearing or file an appeal, the Human Resources Director will take final administrative action to confirm the restriction(s) in effect on the date of separation (Note: Future Employment Restriction(s) effective immediately).

If this matter is subject to the Code of Civil Procedures (CCP) Section 1094.5, the time by which judicial review must be sought is set forth in CCP Section 1094.6. (SEE BELOW)

List #: _____    Rank #: _____    ☐ Pending    ☑ Final    **Status of Action**

DSW: 235190

Emp Organization: Laborers, Local 261

*DocuSigned by:* [signature]

**SIGNATURE**

METHOD OF SERVICE:

☐ Hand Delivered

☑ Certified Mail    7020-2450-0001-2152-6067

Carla Short
**NAME**
Director of Public Works
**TITLE**

**INFORMATION FOR FORMER EMPLOYEE FOLLOWING SEPARATION**

1. This document serves as an official notice of future employment restrictions imposed with the Notice of Automatic Resignation from Employment to the former employee or with a Separation Action that is subject to the provisions of a collective bargaining agreement, to the Civil Service Commission, and the Department of Human Resources.
2. A separated employee may request a hearing before the Civil Service Commission only for review of any restrictions on their future employability with the City and County of San Francisco.
3. Such appeals or requests for hearing must be in writing and received from the employee or the employee's representative by the date specified on this notice, or within twenty (20) calendar days from the mailing date of this notice, or the effective date of the separation, whichever is later. The request must be submitted to the Executive Officer, Civil Service Commission, 25 Van Ness Avenue, Suite 720, San Francisco, CA 94102.
4. An employee who requests a hearing within the time limits is entitled to:
    a. Representation by an attorney or authorized representative of the employee's own choice.
    b. Notification of date, time, and place of hearing at a reasonable time in advance.
    c. Inspection by the employee's attorney or authorized representative of those records and materials on file with the Civil Service Commission which relate to the restrictions on future employability.
5. Any interested party may request that the hearing be continued or postponed.
6. The decision of the Civil Service Commission is final and not subject to reconsideration.
7. In the absence of a timely request for a hearing as provided above, no later request for a hearing will be considered.

DHR 1-13e (Revised 10-2017)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                                                    CCSF-COH_437227

**DEPARTMENT INSTRUCTIONS FOR COMPLETING FORM DHR 1-13E**

- Refer to related provisions of appropriate collective bargaining agreements
- Refer to CSC Rule 122, Article VI: Absence From Duty Without Leave (Misc)
- Refer to CSC Rule 222, Article IV: Absence From Duty Without Leave (UPPD)
- Refer to CSC Rule 322, Article VI: Absence From Duty Without Leave (UPFD)

**Use this form when:**

The appointing officer or Human Resources Director has taken action of automatic resignation on an employee on the basis of abandonment of position, regardless of employment status; and/or the separation action is subject to the provisions of the collective bargaining agreement.

Complete the information on the top section of the form: Name, Address, City, State, Zip, Mailing Date, Department/Division, Type of Appointment, Type of Separation.

In the first paragraph of the notice, enter the Class Number, Title and effective date of the separation.

If there are no restrictions imposed with the separation, the box *"no restrictions on future employability,"* must be checked to indicate this action, and attach applicable documents, e.g., a settlement agreement.

Indicate the restrictions on future employability by checking the appropriate boxes. If the restrictions are conditional, you must complete the section on the requirements needed to lift the restrictions, including the level of measurement (entry, journey, etc.) and values (length of time in months, years, etc.) of the requirements.

If Future Employment Restrictions are included, complete that section including details on the requirements needed to lift the restrictions. Attach a copy of all separation-related letters and supporting documentation. Documentation must provide justification and the rationale for the imposed restrictions.

The separated employee may request a hearing for review of any restrictions on future employability. Indicate the date by which the appeal must be filed in the space provided. Consistent with the separation action, count twenty (20), or thirty (30), calendar days from the mailing date of the notice or the effective date of release, whichever is applicable. When counting the days, count the day after the mailing date as the first day.

Complete the information on the bottom section of the form: Rank, List#, DSW#, and Employee Organization. Check the method of service used and tracking # if applicable.

Indicate status of action:
- Select "Pending" if Notice of Future Employment Restrictions is subject to the provisions of a collective bargaining agreement
- Select "Final" if the status is not subject to the provisions of a collective bargaining agreement, or to update a previously reported "Pending" action.

Type in the name and title of the appointing officer. The appointing officer must sign the form.

Send the *original* Notice of Future Employment Restrictions along with the *original* Notice of Automatic Resignation from Employment (DHR 1-48a) to the employee. Make two sets of copies of the notices; send one set of *copy* to DHR - Client Services along with the *original* Separation Report (DHR Form 1-67); and retain the other set of *copy* in the Official Employee Personnel Folder.

Reminder: Imposed restrictions on future employability are effective immediately, and must be reported to DHR – Client Services concurrent with the departmental notice to separate the employee. This will enable timely and appropriate updates to DHR systems and other dependent programs, such as exams, adoptions of eligible lists, citywide recruitments, and certifications/referrals.

DHR 1-13e (Revised 10-2017)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

CCSF-COH_437228

Docusign Envelope ID: C94C8987-C366-4BF3-963C-22FFCF8DD5AE

## Questions?

**EAP is here for City & County employees.**

Call to schedule an appointment:
(800) 795-2351

EAP appointments are available
8:00AM–5:00PM
Monday through Friday

EAP office location:
1145 Market Street
1st Floor
San Francisco, CA 94103

The EAP office is easily accessible by public transportation:

BART: Civic Center station
MUNI streetcar: F line to Civic Center
MUNI Metro train: Take the J, K, L, M, N, T or S train to Civic Center
MUNI bus: 5, 6, 9, 14, 19, 21, 71

HSS website:
www.myhss.org

**Health Service System**
CITY & COUNTY OF SAN FRANCISCO

---

1145 MARKET STREET
2ND FLOOR
SAN FRANCISCO, CA 94103

# Employee Assistance Program (EAP)






BRIEF, SOLUTION-FOCUSED COUNSELING, GROUP WORKSHOPS, AND OTHER BEHAVIORAL HEALTH SERVICES – CONFIDENTIAL, VOLUNTARY AND FREE.

**Health Service System**
CITY & COUNTY OF SAN FRANCISCO

---

**Take advantage of confidential counseling, group workshops, and other EAP services.**

- Confidential counseling for individuals, couples and families
- Anger management
- Stress management
- Parenting
- Separation and divorce
- Dealing with difficult people
- Work/life balance
- Substance abuse and addiction
- Crisis intervention
- Communication and conflict resolution
- Violence prevention
- Behavioral health referrals

Confidential, voluntary EAP services are available to City & County of San Francisco employees, their family members and significant others. Most of our services are free.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                                      CCSF-COH_437229

# Employee Assistance Program: Counseling, Consultation and Workshops

## What EAP Does

EAP provides confidential, voluntary, no-cost behavioral health services to City & County of San Francisco employees and their family members. EAP is staffed by licensed, experienced therapists. Our services include:

- Short-term, solution-oriented counseling for individuals, couples and families
- Supervisory consultation
- Group workshops
- Critical incident debriefing and trauma response
- Mediation and conflict resolution
- Violence prevention
- Resources and referrals

According to California state law, the interactions you have with EAP are completely confidential. (The only exceptions are if a life is in danger or a child is being abused.)

## Individual Counseling: Watch for Early Warning Signs

Everyone has a time when challenges at work or in our personal lives become difficult to cope with. Emotional stress can have a significant negative impact on physical health, family and social relationships and work performance. Consider making an appointment with EAP if you are experiencing these early warning signs:

- Difficulty sleeping
- Increased anger, anxiety, or panic attacks
- Chronic sadness or depression
- Inability to concentrate
- Feeling overwhelmed or isolated
- Escalating conflicts with family, friends, or co-workers
- Overeating, or lack of appetite
- Reliance on alcohol and/or drugs

Your first appointment with an EAP counselor usually takes place within 48 hours. EAP provides free short-term counseling; you may access up to six EAP sessions per year. If you need additional services, your EAP counselor will assist you in taking advantage of behavioral health benefits, including those covered by your medical plan.

## Group Workshops: Tools for Navigating Life Challenges

Life changes, whether positive or negative, require us to adapt and expand our coping and communication skills. Free EAP group workshops offer City employees the opportunity to share, learn and grow, with the goal of becoming more flexible and knowledgeable individuals at all stages of life. Typical EAP workshops include:

- Active Parenting (ages 2-12 and teens)
- Managing Anger Effectively
- Dealing With Difficult People
- Bullying in the Workplace
- Managing Emotions
- Handling Holiday Stress
- Smoking Cessation
- Advancing Your Supervisory Skills
- Creating a Meaningful Retirement

For a calendar of EAP group workshops, visit myhss.org/events/seminars.html.

## Critical Incident Debriefing and Trauma Response

Even emotionally resilient people may experience strong reactions when exposed to traumatic events, such as a death in the line of duty or a co-worker's suicide. EAP critical incident debriefing and trauma response helps support people as they process complex emotions. It also assists in a quicker return to regular routine, and reduces the likelihood of post-traumatic stress disorder. Debriefing allows the individual or group to talk about the experience and how it has affected them, offers healthy coping strategies and provides information about other behavioral health services that are available. Debriefing typically takes place within 72 hours of the critical incident. There is no cost for this service. Please call EAP immediately if an individual or team in your department can benefit from Critical Incident Debriefing.

## Mediation/Conflict Resolution

Mediation takes place when a neutral party works with conflicting individuals to encourage reconciliation and compromise. EAP typically provides mediation services to help resolve conflicts between co-workers, or a manager and employee. The EAP mediator will help the individuals involved develop a shared understanding and work together to identify potential solutions. There is no cost for EAP mediation services. Please call EAP to schedule.

## Violence Prevention for City Employees Who Work With the Public

EAP provides a Non-Violent Crisis Intervention training for City employees who may come into contact with disruptive or potentially violent members of the public. The workshop teaches proven techniques for the prevention and safe management of disruptive or threatening behavior. It increases confidence and effectiveness in handling potentially dangerous situations, and reduces the risk of injury and liability. Hands-on exercises offer practice in defusing an explosive situation by reacting appropriately to early warning signs. There is a $100 per person fee for this full-day workshop, which includes training materials. Call EAP for upcoming dates.

## Behavioral Health Resources and Referrals

You do not need to receive counseling from EAP to benefit from our services. EAP has a lending library of resources for self-learning on a wide variety of behavioral health topics. EAP can also offer support and advice on how to access behavioral health services, including therapists, counseling and residential rehabilitation for alcohol or chemical dependency, offered through your medical plan or community agencies. EAP encourages you to take advantage of these benefits as needed, so you can stay healthy and stress-free at work and in your personal life.

**Contact EAP: (800) 795-2351**



**Carla Short, Director** | Director's Office
carla.short@sfdpw.org | T. 628.271.3078 | 49 South Van Ness Ave. Suite 1600, San Francisco, CA 94103

# INVESTIGATIVE REPORT

TO: Christine Cayabyab
Employee and Labor Relations Manager
San Francisco Public Works

FROM: Jesse Franklin
Senior Employee and Labor Relations Analyst
San Francisco Public Works

DATE: December 10, 2024

SUBJECT: ███████████ 7514 General Laborer, San Francisco Public Works, Bureau of Street Environmental Services.

---

## I.  Summary of Complaint

On or around October 4, 2024, a reporter with Pro Publica, emailed the Department of Public Works (Department of DPW), asking why, on August 6, 2024, a DPW employee would take and keep a homeless member of the public's tin of baseball cards that were slated to be thrown away. Included in the email were several photos showing the DPW employee with the tin of baseball cards, and later placed on the center console of his Department vehicle.

On October 8, 2024, the allegations of misconduct was forwarded to the Employee and Labor Relations Unit for investigation.

After a brief internal review of the photos taken by Pro Publica it was determined that the employee who may have removed the tin of cards from a pile of refuse was ███████████ ███████████.

## II.  Subject of Investigation

On January 20, 2024, ███████ was hired by DPW as a Temporary Provisional (TPV) classification 7514 General Laborer with the Bureau of Street Environmental Services (BSES).

███████ **Previous Disciplinary Actions**

███████ has no prior disciplinary actions.

London N. Breed, Mayor | sfpublicworks.org | @sfpublicworks

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                                        CCSF-COH_437231

### III. Allegations Requiring Investigation

It has alleged that on August 4, 2024, ▬▬▬ removed a tin of baseball cards from a homeless encampment removal. The tin was allegedly slated to be thrown away when ▬▬▬ took them for himself. The allegations requiring investigation include:

- Did any DPW employees fail to follow the Bag and Tag Policy when cleaning a homeless encampment on August 6, 2024?
- Did ▬▬▬ remove a tin of baseball cards from a pile of refuse and then keep them for himself in violation of the Departments Bag and Tag Policy?

### IV. Background

As a classification 7514 General Laborer, ▬▬▬ is assigned to the Reactionary crew who primarily respond to requests to clear and clean homeless encampments via service order requests that are assigned using the Departments computerized maintenance management system (CMMS). ▬▬▬ regular work schedule is Monday through Friday from 8 a.m. until 5 p.m.

The bag and tag procedure provides a systematic way for city employees to collect, store, and make personal belongings retrievable when found unattended or abandoned in public spaces. It was designed to ensure that items are handled respectfully and transparently, and that individuals can recover their belongings. The emphasis of this policy is on clear documentation, categorization of personal property, and preservation of items not deemed as hazardous or trash.

Employees with BSES can be assigned to assist with the clearance and cleaning of homeless encampments. Each instance of clearance must be accompanied by a relevant open Service Request (SR or SO) and number. Department employees are responsible for determining what items must be labeled and stored under the City's Bag and Tag program, and what items are not eligible for storage. Any items not eligible for storage are treated as refuse and thrown away.

The Bag and Tag Policy identifies a non-exhaustive list of items such as: unattended personal items – such as medication, tents, luggage, bedding, backpacks, personal papers, and operational wheelchairs as items to be kept and stored. These items are stored for up to ninety (90) days and may be retrieved by the unhoused during that time.

The Bag and Tag Policy requires employees to discard items that present an immediate health or safety risk such as: knives, needles, chemicals, items soiled by infectious materials: human waste, bodily fluids, and moldy or mildewed items. The policy provisions say that belongings co-mingled with any of the items in the previous list must also be discarded.

Given its highly visible nature, the procedure also significantly shapes public perception of how the city addresses homelessness. Bag and Tag has faced scrutiny from homelessness advocacy groups, such as the Coalition on Homelessness, who argue that the execution of the Bag and Tag procedures can be inconsistent, and at times, detrimental to those who rely on the few personal belongings they have.

Investigatory Report
▇▇▇▇▇▇▇
Page **3** of **7**

The Bag and Tag Policy prohibits any employee from taking or keeping for themselves any personal items for their own use or allowing non-City personnel to take unattended property for their own use.

## V.  DOCUMENTS REVIEWED AND POLICIES REVIEWED

- Exhibit 1 - Equitable, Fair, and Respectful Workplace Policy
- Exhibit 2 - San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of Personal Item Collected from Public Property
- Exhibit 3 - 7514 – General Laborer Job Description
- Exhibit 4 - Service Order # 240491049
- Exhibit 5 - ▇▇▇▇▇▇▇▇▇▇▇▇▇▇
- Exhibit 6 - February 6, 2024, Bag and Tag Tailgate Training
- Exhibit 7 - July 2, 2024, Bag and Tag Tailgate Training
- Exhibit 8 - August 21, 2024, Bag and Tag Tailgate Training
- Exhibit 9 - September 26, 2024, Bag and Tag Tailgate Training
- Exhibit 10 - Martinez Incident Report
- Exhibit 11 - SR 240491049 Case Comments

### Equitable, Fair, and Respectful Workplace Policy

*"All City employees and City officers are expected to abide by the values and standards below and in this Respect Policy generally of interpersonal behavior, communication, and professionalism:*

*Work honestly, earnestly, collegially and collaboratively with employees and others."*

### San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of Personal Items Collected from Public Property (REV 03) in the relevant part states:

*When Public Works receive a service request and/or request from San Francisco Police Department to collect personal items from the street or sidewalk, Public Works staff must follow the "bag and tag" procedures to collect and store the items.*

*"Public Works staff adheres to this policy when removing personal items from public property for temporary storage and retrieval. These procedures are commonly known as "bag and tag." These rules apply to Public Works staff when they are working on City property, as well as when working with another agency or on property under the jurisdiction of another agency (i.e., Caltrans). This policy applies to both attended and unattended property, but it does not apply to the removal of abandoned property from the public right of way.*

*Upon inspection by street cleaning staff, unattended personal items - such as medication, tents, luggage, bedding, backpacks, personal papers, and operational wheelchairs - will be collected and stored for up to 90 days for retrieval. Only items listed below under "Items That Will Be Discarded" will be discarded immediately. All other items will be removed and stored. Staff will place a Post- Removal Notice in the*

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

CCSF-COH_437233

*area from which the items were removed stating how, where and when the items may be retrieved. (See Section IV below regarding Notices).*

*Temporarily unattended property is different from abandoned property, which may be immediately discarded. In determining if property is abandoned, staff should evaluate the facts and circumstances surrounding the items. Unattended property is not abandoned if it is accompanied by signs of ownership - for example, an unattended tent that is filled with personal belongings, or items that are being stored in an orderly manner (i.e., packed up, wrapped, or covered). In addition, if there is a third-party present who states s/he has been designated to watch or secure the items during the owner's temporary absence, the items are not considered abandoned.*

*By contrast, abandoned items are unaccompanied by objective indications of ownership, for example, an empty or broken tent sitting by itself on a sidewalk with no other belongings, a bag of clothes open and strewn across a sidewalk, or items that are broken, disheveled, surrounded by trash or show other signs of neglect. This policy does not apply to abandoned property.*

<u>*Under no circumstances may staff take or keep for themselves unattended personal items for their own use or allow non-City personnel to take unattended property for their own use*</u>...

...*Note:* <u>*Staff may discard any attended items the owner affirmatively states that he or she does not want*[1].</u>"

## VI. TIMELINE OF INTERVIEWS INTERVIEWED

The following SFPW employees were interviewed regarding this investigation:

- October 16, 2024, ▌, 7514 General Laborer
- October 23, 2024, Joel Martinez, 7514 General Laborer

## VII. Witness Interviews

▌

I interviewed ▌ on Wednesday, October 16, 2024. Present for the interview were me, ▌ Juan Rivera, Shop Steward for Laborers, Local 261, and Edgar Garcia, 7281 Street Environs Operations Supervisor, with BSES.

During the interview, ▌ relayed that on August 6, 2024, he arrived late to the encampment cleanup. By the time he arrived, all the individual's items had been sorted between what was to be kept as bag and tag and what was to be thrown away. ▌ lead, Joel Martinez (Martinez) instructed ▌ to discard all the refuse. ▌ saw the tin of baseball cards, opened it, and

---
[1] Emphasis added to most relevant part of the policy.

then decided to keep it. ▮▮▮▮ believed that since it was to be thrown away, there would be no harm in keeping them.

▮▮▮▮ claimed that he did as he was instructed and had no part in deciding what was to be bagged and tagged and what was to be thrown away. ▮▮▮▮ said he did not try to mark the baseball card tin and cards as refuse in an attempt to keep them for himself.

### Joel Martinez (Witness)

I interviewed Martinez on Wednesday, October 23, 2024. Present for the interview were me, Martinez, Juan Rivera, Shop Steward for Laborers, Local 261, and Edgar Garcia, 7281 Street Environs Operations Supervisor, with BSES.

Martinez recalled the events of August 6, 2024, and explained that the related Service Request (SR) was for an individual who was being cited by San Francisco Police (SFPD or PD). SFPD called in the SR as a bag and tag because the individual, Carlos, was receiving a citation and his tent was going to be bagged and tagged. Martinez spoke to Carlos in Spanish to confirm that Carlos was to have his tent bagged but was free to take the remainder of his belongings. According to Martinez, Carlos took what he wanted and told Martinez to throw the rest away. The tin of baseball cards was among the items that Carlos did not take and requested to be discarded.

Martinez further described the condition of the tent, which had many bottles of what appeared to be urine in them, as well as drug paraphernalia. Martinez made the call to still bag and tag the tent because of the presence of the media. Martinez believed that according to the Bag and Tag Policy, he had justification to discard the tent due to both the presence of bodily fluid and drug paraphernalia.

Martinez claimed to have documented his conversation with Carlos regarding the items to be discarded and requested the Department review the notes and pictures that accompanied to completed CMMS SR.

## VIII. Evidentiary Standard

This investigation will apply a preponderance of the evidence standard to reach the findings of fact. For purposes of the report, a preponderance of the evidence means the greater weight of the evidence, i.e., that the evidence on one side outweighs, preponderates over or is more than, the evidence on the other side. When the investigator reaches a factual finding that could constitute a violation of City policy, the investigator will review the factual finding against the relevant City policy. Based on that review, the investigator will reach a finding as to whether, based on the preponderance of the evidence, a policy violation is more likely than not occurred.

## IX. Analysis and Discussion

### A. ▬▬▬ Violated the City's Bag and Tag Policy When Removing an Item That Was to be Discarded.

The San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of the Personal Items Collected From Public Property provides a simple directive relevant to this case:

"Under no circumstances may staff take or keep for themselves unattended personal items for their own use or allow non-City personnel to take unattended property for their own use."

There is no question that ▬▬▬ removed the tin of baseball cards from the pile of items that were to be discarded. The journalist who contacted the Department provided photographic evidence of ▬▬▬ having the tin in his assigned City vehicle. ▬▬▬ himself returned the tin of baseball cards to the Department upon hearing of the journalist's complaint. During ▬▬▬ Weingarten interview, ▬▬▬ confirmed that he had taken the cards but offered the defense that they were to be thrown away anyway so he may as well keep them.

While this made sense to ▬▬▬ it was directly a violation of the Bag and Tag Policy. This provision of the policy is clear, and its purpose is to prevent situations like these. To have an employee keep for themselves one of the few possessions the unhoused may have opens the door to liability and potential lawsuit for the Department. The clarity of the policy is to prevent any abuse of this type.

Department records indicate that since ▬▬▬ hire date on January 20, 2024, he was trained on the Bag and Tag procedure on February 6, 2024, and July 2, 2024. After taking the tin of baseball cards, ▬▬▬ again received Bag and Tag training on August 21, 2024, and September 26, 2024.

### X.    Factual and Policy Findings/Conclusion

Based on the investigation, this investigator finds:

- DPW staff violated the Department's Bag and Tag Procedure when performing bag and tag on August 6, 2024 – **Unsubstantiated**.
- ▬▬▬ violated Procedure 16.05.08 Removal and Temporary Storage of Personal Items Collected From Public Property – **Substantiated**.

Martinez, acting as the Lead Worker on August 6, 2024, performed his duties in line with expectations and the Bag and Tag Policy. How municipalities clear and clean up homeless encampments has become a national topic and friction. Member of the media and advocates of the unhoused have become regular fixtures of the scenes where DPW employees are tasked with clearing encampments. In this case, the investigation found that only ▬▬▬ violated the City's Bag and Tag Policy. All other City workers involved in this clean up performed their duties in accordance with the Bag and Tag Policy.

Attachment(s)

EXHIBIT 1: Equitable, Fair, and Respectful Workplace Policy

Exhibit 2: San Francisco Public Works Procedure 16.05.08 Removal and Temporary Storage of Personal Item Collected from Public Property
Exhibit 3: 7514 – General Laborer Job Description
Exhibit 4: Service Order # 240491049
Exhibit 5: ███████ Incident Report
Exhibit 6: February 6, 2024, Bag and Tag Tailgate Training
Exhibit 7: July 2, 2024, Bag and Tag Tailgate Training
Exhibit 8: August 21, 2024, Bag and Tag Tailgate Training
Exhibit 9: September 26, 2024, Bag and Tag Tailgate Training
Exhibit 10: Martinez Incident Report
Exhibit 11: SR 240491049 Case Comments

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY                                    CCSF-COH_437237